**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2-18-mn-2873-RMG<br><br>This Document Relates to:<br>*City of Camden, et al. v. 3M Company,*<br>Case No. 2:23-cv-03147-RMG |

**JOINDER OF CALIFORNIA STATE WATER RESOURCES CONTROL BOARD AND CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION TO STATES' AND SOVEREIGNS' OMNIBUS OPPOSITION AND SUBSET OF SOVEREIGNS' SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, FOR CERTIFICATION OF SETTLEMENT CLASS AND FOR PERMISSION TO DISSEMINATE CLASS NOTICE**

## JOINDER

The California State Water Resources Control Board ("State Water Board") and California Department of Corrections and Rehabilitation ("CDCR") hereby join in the States' and Sovereigns' Omnibus Opposition ("Omnibus Opposition"), as well as the Subset of Sovereigns' Supplemental Opposition ("Supplemental Opposition"), to Plaintiffs' Motion for Preliminary Approval of Class Settlement, for Certification of Settlement Class and for Permission to Disseminate Class Notice.[1] The State Water Board and CDCR are putative class members that would be harmed by the proposed settlement ("Settlement").

As noted in the Omnibus Opposition[2] and Supplemental Opposition[3], the Settlement raises numerous concerns and has significant shortcomings, including (but not limited to) the following:

1. The Settlement contains an overbroad indemnity clause that could shift billions of dollars of 3M's liability onto class members and ultimately California and other states' taxpayers.

2. The Settlement's release provisions are ambiguous and overbroad.

3. Preliminary approval of the Settlement may be accompanied by an antisuit injunction that should not stay cases brought by various states pending in state and federal courts that seek a broad array of public costs and damages outside the ambit of the proposed class action.

4. The Settlement does not give putative class members reasonable time to evaluate their claims, evaluate their indemnity obligations, decide whether to opt out, or submit their claims forms—all of which impair the rights of public water suppliers across the country.

---

[1] The Omnibus Opposition and Supplemental Opposition were both filed on July 26, 2023, in Civil Action No. 2:23-cv-03147-RMG and are available at docket numbers 37 and 38. The State Water Board and CDCR join in each Opposition in its entirety, and all attachments to each Opposition are hereby incorporated by reference.

[2] The Omnibus Opposition is attached as Exhibit 1 to this Joinder. All attachments thereto, at docket number 37, are hereby incorporated by reference.

[3] The Supplemental Opposition is attached as Exhibit 2 to this Joinder. All attachments thereto, at docket number 38, are hereby incorporated by reference.

1

5. The Settlement creates an unduly protracted payment schedule that extends past 2035 and that shifts large amounts of 3M's insolvency risk onto all class members.

6. The Settlement amount pales in comparison to the PFAS-related damages 3M has caused in California alone.

7. The Settlement likely violates the Eleventh Amendment by expressly including certain state-owned water systems.

8. The moving plaintiffs' claims are neither typical nor representative of the putative class; instead, they skew heavily towards water providers with detections of well-recognized PFAS compounds and they do not include a single claim brought by a state agency.

Further, given the number of issues and the limited time that the State Water Board and CDCR have had to review the Settlement, they expressly reserve their right to raise further objections. The State Water Board and CDCR raised these concerns with Plaintiffs' counsel and informed counsel they would be filing this Joinder, but as of July 26, 2023, have not received a response.[4]

Both the State Water Board and CDCR are putative class members under Section 5.1 of the proposed Settlement. Section 5.1 defines the "Settlement Class" as:

Every Active Public Water Systems in the United States of America that—

(a) has one or more Impacted Water Sources as of the Settlement Date; or

(b) does not have one or more Impacted Water Sources as of the Settlement Date, and

    (i)  is required to test for certain PFAS under UCMR-5 [the Fifth Unregulated Contaminant Monitoring Rule adopted by U.S. EPA], or

    (ii)  serves more than 3,300 people, according to SDWIS [Safe Drinking Water

---

[4] See Declaration of S. Snyder, attached as Exhibit 3.

Information System].

The State Water Board functionally controls and provides funding for public water systems covered by Section 5.1. Under section 116686 of the California Health and Safety Code, the State Water Board appoints administrators, under specified conditions, to operate failing public water systems that are often in rural communities whose residents already face disproportionate, adverse environmental conditions. (Declaration of Andrew Altevogt ("Altevogt Decl"[5]), ¶ 2.) Administrators appointed under section 116686 (hereafter, "Administrators") have powers and duties similar to court-appointed receivers to take over failing public water systems, but by California law, Administrators can apply for state grant funding for operations, maintenance, improvements, and even the cost of the administration itself. (*Id.*) This funding is not available to public water systems that are not under the control of an Administrator. (*Id.*) Access to these funds is crucial in many instances to facilitate the provision of safe and affordable drinking water. (*Id.*).

Since January 2020, the State Water Board has begun the process for appointing an Administrator to operate 16 public water systems. (Altevogt Decl., ¶ 4.) It has completed the process for six of these systems, which now have Administrators running them. (*Id.*) The State Water Board anticipates that more than 100 additional public water systems will be candidates for appointment of an Administrator within the next 5 years, which will require even greater funding and oversight from the State Water Board. (Altevogt Decl., ¶ 6.)

Through its appointment of Administrators to operate public water systems and its funding of those systems, the State Water Board, in its capacity as Administrator of public water system class members, meets the criteria for being a member of the "Settlement Class" as defined in

---

[5] The Declaration of A. Altevogt is attached as Exhibit 4 hereto.

Section 5.1. The State Water Board effectively directs operations of those public water systems, and anticipates that some of them will be subject to randomized testing for PFAS under UCMR-5. (Altevogt Decl., ¶¶ 4-6.) Consequently, the State Water Board, as Administrator of public water systems within the class definition, is a putative class member under Section 5.1, (b)(i).

CDCR is also a putative class member as defined by the Settlement. CDCR operates public water systems covered by Section 5.1., including the 13 public water systems listed in Exhibit H of the Settlement, along with 6 others. (Declaration of David Lewis ("Lewis Decl."[6]) ¶¶ 2-3.) CDCR understands that under UCMR-5, it must monitor for 29 PFAS at 14 of the public water systems that it operates that serve more than 3,300 people, and that UCMR-5 may apply to the 5 remaining systems it operates if they are randomly selected for testing by U.S. EPA. (Lewis Decl., ¶ 4.) Moreover, contrary to the suggestion in the Settlement and Exhibit H, CDCR's public water systems are not excluded from the Settlement as state-owned facilities because CDCR may independently bring lawsuits (meaning it is able to sue in its own name), and also may independently be sued. (Lewis Decl., Exhs. B and C.) Therefore, CDCR also meets the criteria for being a member of the "Settlement Class" under Section 5.1.

The Settlement also fails to address potential cost impacts to CDCR and the State Water Board due to compliance with additional PFAS regulations and from PFAS clean-up. On March 14, 2023, U.S. EPA announced the proposed National Primary Drinking Water Regulation ("NPDWR") for six PFAS, which will require all public water systems to monitor and sample for PFAS compounds. (Lewis Decl., ¶ 5; Altevogt Decl., ¶ 5.) The proposed PFAS NPDWR does not require any actions until it is finalized. U.S. EPA anticipates finalizing the regulation by the end of 2023. CDCR is not yet aware of the costs to comply with this regulation, or how it may

---

[6] The Declaration of D. Lewis is attached as Exhibit 5 hereto.

otherwise impact operations. (Lewis Decl., ¶ 5.) Similarly, the State Water Board expects that once U.S. EPA adopts the PFAS NPDWR, more public water systems (including those for which the State Water Board appoints Administrators) will detect PFAS in their water supplies, and will need financial assistance from the State Water Board to fund PFAS clean-up. (Altevogt Decl., ¶¶ 5-8.) As noted above and explained further in the Omnibus Opposition, the Settlement would unreasonably require CDCR and the State Water Board to make opt-out decisions without knowing the cost and impact of compliance with the PFAS NPDWR, where the Settlement already does not clarify the amounts that CDCR and the State Water Board might recover.

Because of the gross deficiencies in the proposed Settlement, putative class members State Water Board and CDCR join in the Omnibus Opposition and Supplemental Opposition, and respectfully request that this Court deny the Plaintiffs' Motion.

Dated: July 26, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
ROBERT W. BYRNE (SBN 213155)
Senior Assistant Attorney General
SARAE T. SNYDER (SBN 341482)
JANELLE M. SMITH (SBN 231801)
Deputy Attorneys General
ANNADEL A. ALMENDRAS (SBN 192064)
Supervising Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Telephone: (415) 510-3367
Fax: (415) 703-5480
Email: Annadel.Almendras@doj.ca.gov

/s/ *Annadel A. Almendras*
ANNADEL A. ALMENDRAS
Supervising Deputy Attorney General
*Attorneys for the California State Water Resources Control Board and California Department of Corrections and Rehabilitation*

5