# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**JOINT STATUS REPORT FOR APRIL 5, 2019 STATUS CONFERENCE**<br><br>**This Document relates to<br>ALL CASES** |

Pursuant to this Court's Case Management Order No. 2, co-lead counsel for Plaintiffs and Defendants provide this joint status report in advance of the status conference scheduled for April 5, 2019.

1. **A summary of discovery conducted since the last status conference**: Pursuant to this Court's instructions in CMO 1, all discovery proceedings in these actions are stayed. Therefore, no discovery has been conducted since the last status conference.

2. **Updates on related federal cases not yet transferred to this district**:

The following cases have been tagged to this MDL, with the JPML having issued Conditional Transfer Orders, but are the subject of pending motions to vacate the Conditional Transfer Orders.

   a. *State of New York v. 3M Company et al.*, 18-cv-01317 (N.D.N.Y.): Plaintiff State of New York opposed transfer of this action to the MDL. Briefing on Plaintiff's Motion to Vacate the Conditional Transfer Order is complete and the motion was submitted (without oral argument) at the JPML's hearing on March 28, 2019. A decision regarding transfer is expected shortly.

b. *State of Ohio v. 3M Company et al.*, 19-cv-120 (N.D.Ohio): Plaintiff State of Ohio opposed transfer of this action to the MDL. Briefing on Plaintiff's Motion to Vacate the Conditional Transfer Order is complete and the motion was submitted (without oral argument) at the JPML's hearing on March 28, 2019. A decision regarding transfer is expected shortly.

c. *Schaap et al. v. 3M Company et al.*, 19-cv-00105 (D. New Mexico): Plaintiffs opposed transfer of this action to the MDL. Briefing on Plaintiffs' Motion to Vacate the Conditional Transfer Order will be complete by April 3, 2019. The JPML's next scheduled hearing date is May 30, 2019.

d. *Teune v. 3M Company et al.*, 19-cv-00162 (D. New Mexico): Plaintiffs opposed transfer of this action to the MDL. Briefing on Plaintiffs' Motion to Vacate the Conditional Transfer Order will be complete by April 16, 2019. The JPML's next scheduled hearing date is May 30, 2019.

e. *Town of East Hampton v. 3M Company et al.*, 19-cv-00642 (E.D.N.Y.): Plaintiff opposed transfer of this action to the MDL. Briefing on Plaintiff's Motion to Vacate the Conditional Transfer Order will be complete by April 8, 2019. The JPML's next scheduled hearing date is May 30, 2019.

In addition, co-lead counsel are aware of the following cases involving the United States and military use of AFFF fire suppressants:

Suffolk County commenced an action against the United States on February 14, 2019, *County of Suffolk v. United States of America*, Docket No. 2:19-cv-00906 (SJF) (AKT), pending in the United States District Court, Eastern District of New York. The United States was served on March 11, 2019 and there has been no initial conference or exchange of discovery. This case

involves a military facility also involved in multiple cases already pending in this MDL. Co-lead counsel understand that Suffolk County filed a notice of potential tag-along for this case on March 27, 2019.

Co-lead counsel are also aware that the State of New Mexico and two Colorado municipal water districts recently commenced actions against the United States based on use of AFFF at military facilities within their jurisdictions. *See State of New Mexico, et al. v. United States, et al.*, No. 1:19-cv-00178 (D. New Mexico); *Security Water District, et al. v. United States*, No. 1:19-cv-00649 (D. Colo.). These cases involve military facilities that are also the subject of multiple cases pending in this MDL. In addition, there are two cases pending against the U.S. Navy in Pennsylvania related to alleged PFAS contamination from AFFF use at military facilities; these cases are currently on appeal to the Third Circuit and involve the same bases at issue in the cases in this MDL transferred from the Eastern District of Pennsylvania. *See Giovanni v. U.S. Dep't of the Navy*, No. 17-2473 (3d Cir.); *Palmer v. U.S. Dep't of the Navy*, No. 17-3196 (3d Cir.).

The United States is additionally aware of *Fiattraone et. al v. United States*, No. 2:18-cv-00345 (E.D. Wash.), *B&B Investments v. United States*, No. 2:18-cv-00347 (E.D. Wash), *HB54B, INC dba Moose Creek Lodge v. United States*, No. 18-cv-00039 (D. Alaska), *United States v. New Mexico Environment Department*, No. 1:19-cv-0046 (D. New Mexico), and *Penna et. al. v. United States*, No. 1:16-cv-1545 (Fed. Cl.), and the United States is monitoring the District of Massachusetts for a possible additional filing, the week following the April 5, 2019, status conference. The United States will separately address the appropriateness of consolidated and coordinated treatment for its military-use litigation, which does not involve the other defendants in this MDL.

3. **Updates on any related state cases**:

In Pennsylvania, there are 22 actions pending in the Courts of Common Pleas, representing roughly 678 individual plaintiffs (many of the complaints name multiple plaintiffs) and three municipal water authority providers. In all but one of these actions, pursuant to state court rules, no complaint has been filed yet. When complaints have been filed, these cases would be removable on diversity jurisdiction grounds and co-lead counsel understand that these plaintiffs would like to be part of the MDL because they intend to and do base their claims on the alleged use of AFFF, possibly through direct-filing in the District of South Carolina. Co-lead counsel have discussed with counsel for plaintiffs in these cases an efficient way to consider making these cases part of the MDL, including through a potential direct-filing order while preserving claims and all defenses, and all *Lexecon* rights for the parties. This issue is discussed in further detail below.

On February 8, 2019, the State of New York filed a second complaint related to alleged AFFF usage in the state, *State of New York v. The 3M Company et al*, in the Supreme Court of the State of New York, County of Albany. This complaint has not been served.

Also in February 2019, Ridgewood Water commenced a related action against several defendants in this MDL and Honeywell International Inc., *Ridgewood Water v. The 3M Company et al.*, currently pending in the Superior Court of New Jersey, Bergen County. The complaint has been served on some Defendants but no other action has been taken.

On January 17, 2019, the United States filed, *United States v. New Mexico Environment Department* in the New Mexico Court of Appeals. This action corresponds to the federal litigation in *United States v. New Mexico Environment Department*, No. 1:19-cv-0046 (D. New Mexico).

4. **Any issues that the parties wish to raise to the Court (including, if parties have differing views on issues raised to the Court, their respective positions on these issues)**:

a. Direct Filing Order for Pre-existing Pennsylvania Praecipe Cases: The Parties are meeting and conferring regarding a proposed direct-filing order permitting filing of the pre-existing Pennsylvania praecipe cases in this MDL, and will submit their proposed order to the Court by April 19, 2019.

b. Direct Filing of Complaints: More broadly, the Parties are also meeting and conferring regarding a proposed direct-filing order for future complaints, whether a Master Complaint would be appropriate, and other matters related to Defendants' responsive pleadings. The Parties will submit a proposed order regarding direct filing of complaints by April 19, 2019.

c. Defendant County of Suffolk plans to refile its motions to dismiss previously filed in *Isaac Green et al. v. The 3M Company et al.*, 2:17-cv-02566 (E.D.N.Y.); *Brandon Py et al. v. The 3M Company et al.*, 2:18-cv-03230 (E.D.N.Y.); and *Diane Singer et al. v. The 3M Company et al.*, 2:17-cv-06962 (E.D.N.Y.) in accordance with CMO 2 and subject to any other orders by the Court.

d. Certain plaintiffs wish to seek leave to add the United States as a defendant in certain pending cases.

e. The Parties are meeting and conferring regarding a Protective Order and other orders, as discussed further in the Proposed Scheduling Order the Parties will be submitting in advance of the status conference.

f. Per CMO 2, Plaintiffs' Liaison and Co-Lead Counsel will be prepared to discuss Judge Fallon's Pretrial Order #6 from the Vioxx MDL.

g. The United States is concerned about the defense structure presented in Case Management Order No. 2, and specifically the language in paragraphs 18, 25(a) and (f), 27, and 28.

The United States is a sovereign entity with unique interests that must be represented by the Attorney General through his designees, as provided by 28 U.S.C. §§ 510, 516, 517 and 518. Therefore, the United States cannot accede to the assignment of certain responsibilities to liaison counsel or committee, because only the Attorney General's designees can perform functions, such as representing the United States and its agencies before the Court and outside counsel, conducting discovery for the United States, introducing evidence on behalf of the United States, submitting motions that represent the United States' positions, and negotiating stipulations or settlements that involve the United States. Additionally, the United States only asserts its sovereign immunity through the Attorney General's designees. The United States timely raised this objection at the February 25, status conference, Tr. 21:9-22:22, and the United States has notified both Plaintiffs' and Defendants' counsel of its continuing concerns. If there is any disagreement or need for further clarity on the authority to represent the United States and its agencies in litigation, the United States would welcome the opportunity to brief the issue and submit proposed amendments to the Case Management Order.

Notwithstanding the above concerns, the United States recognizes and appreciates the Court's efforts to avoid duplication and organize discovery. The United States has no objection to serving on the Defendants' Coordination Committee, and the United States has no objection to having liaison counsel perform administrative functions, such as maintaining a document depository and centralizing communications among counsel. On the contrary, the United States appreciates liaison counsel's work in that regard and remains committed to coordination. Indeed,

the United States is currently developing a coordinated voluntary disclosure of information from its agencies.

   h.  The State of New York is concerned with the plaintiffs' committee structure presented in CMO No. 2. The New York State Office of the Attorney General is, by statute, legal counsel for the State of New York and its agencies and departments. As described during the February 25, 2019, status conference, and by letter of March 15, 2019, *see* 2:18-mn-02873-RMG, ECF No. 44, as a sovereign state, New York is generally precluded from referring its representation to outside counsel for the functions identified in CMO No. 2, particularly paragraph 13.

   As described in its March 15 letter, New York is presently a defendant in this MDL in *City of Newburgh v. United States et al.*, No. 2:18-cv-03358-RMG, and has been advised by the Defendants' Co-Lead Counsel that New York should coordinate with the Plaintiffs' Executive Committee. New York does not object to coordinating with the Plaintiffs' Committee for administrative purposes and for facilitating communications among counsel. However, New York, as a potential plaintiff in this MDL in *State of New York v. 3M Company et al.*, No. 1:18-cv-01317 (N.D.N.Y.), intends to seek the creation of a separate states' committee in the event that *State of New York* is transferred to this MDL. New York is appreciative of the Court's efforts to organize and streamline this MDL.

   i.  Defendants' Co-Lead Counsel submit the following additional designees for leadership positions within their respective committees. Resumes for the proposed designees will be submitted directly to Chambers.

    (1) To the Manufacturer Defendants' branch of the Defense Coordination Committee:

Lyn Pruitt
Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
(501) 688-8869
lpruitt@mwlaw.com
*Counsel for 3M Company*

Daniel L. Ring
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 701-8520
dring@mayerbrown.com
*Counsel for 3M Company*

Amanda Kitts
Nelson Mullins Riley & Scarborough LLP
Meridian, 1320 Main Street, 17th Floor
Columbia, SC 29201
(803) 255-9594
Amanda.Kitts@nelsonmullins.com
*Counsel for Tyco Fire Products L.P. and Chemguard Inc.*

Liam Montgomery
Williams & Connolly LLP
725 12th St. NW
Washington, DC 20005
(202) 434-5030
lmontgomery@wc.com
*Counsel for Tyco Fire Products L.P. and Chemguard Inc.*

J. Liat Rome
Williams & Connolly LLP
725 12th St. NW
Washington, DC 20005
(202) 434-5634
lrome@wc.com
*Counsel for Tyco Fire Products L.P. and Chemguard Inc.*

Jillian Kirn
Greenberg Traurig LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103
(215) 988-7880
kirnj@gtlaw.com

*Counsel for National Foam, Inc.*

(2) To the branch of the Defense Coordination Committee led by the Port Authority of New York and New Jersey:

> Elizabeth Knauer
> Sive Paget & Riesel, P.C.
> 560 Lexington Ave., 15th Fl
> New York, NY 10022
> (646) 378-7272
> eknauer@sprlaw.com
> *Counsel for the Port Authority of New York and New Jersey*

    j.    Buckeye Fire Equipment Company would like to discuss entry by the Court of the stipulations of dismissal with tolling agreement previously entered into between Defendant Buckeye Fire Equipment Company and the Plaintiffs in certain pending cases from the District Court for the District of Colorado.

    k.    Conference Dates for Next Six Months.

Dated: March 29, 2019                              Respectfully submitted,

                                                          /s/ Brian C. Duffy

| | |
|---|---|
| Michael A London | Joseph G. Petrosinelli |
| Douglas and London PC | Williams & Connolly LLP |
| 59 Maiden Lane | 725 Twelfth Street, N.W. |
| 6th Floor | Washington, DC 20005 |
| New York, NY 10038 | P: (202) 434-5547 |
| P: (212)-566-7500 | F: (202) 434-5029 |
| F: (212)-566-7501 | jpetrosinelli@wc.com |
| mlondon@douglasandlondon.com | |
| | |
| Paul J. Napoli | Michael A. Olsen |
| Napoli Shkolnik PLLC | Mayer Brown LLP |
| 1301 Avenue Of The Americas | 71 South Wacker Drive |
| 10th Floor | Chicago, IL 60606 |
| New York, NY 10019 | P: (312) 701-7120 |
| P: (212)-397-1000 | F: (312) 706-8742 |
| F: (646)-843-7603 | molsen@mayerbrown.com |
| pnapoli@napolilaw.com | |
| | *Co-lead Counsel for Defendants* |

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
P: (214)-521-3605
ssummy@baronbudd.com

*Co-lead Counsel for Plaintiffs*

Fred Thompson , III
Motley Rice LLC
28 Bridgeside Boulevard
Mt Pleasant, SC 29464
P: (843)-216-9000
F: (843)-216-9440
Email: fthompson@motleyrice.com

*Liaison Counsel for Plaintiffs*

Brian C. Duffy
Duffy & Young LLC
96 Broad Street
Charleston, SC 29401
P: (843) 720-2044
F: (843) 720-2047
bduffy@duffyandyoung.com

David E. Dukes
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
P: (803) 255-9451
F: (803) 256-7500
david.dukes@nelsonmullins.com

*Co-liaison Counsel for Defendants*