**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

|  |  |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**CASE MANAGEMENT ORDER NO. 3**<br><br>**This Order Relates to All Actions.** |

## Applicability and Scope of Order

1. Scope:   This Case Management Order ("CMO") is intended to conserve judicial resources, eliminate duplicative services by all counsel and co-counsel, eliminate duplicative discovery, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of this litigation.  Consistent with this Court's CMO No. 1, dated January 2, 2019, this Order and, unless otherwise specified, any subsequent pretrial orders or CMOs issued in this multidistrict litigation ("MDL"), shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its order entered on December 7, 2018, and any tag-along actions transferred to this Court by the JPML pursuant to Rules 7.1 and 7.2 of the Rules of Procedure of the Panel, after the filing of the final transfer order by the Clerk of the Court, and all related actions originally filed in this Court or transferred or removed to this Court and assigned thereto as part of *In re: Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2873.  These cases, which have been consolidated by the Court pursuant to CMO No. 1, will be referred to as the "MDL proceedings."  The provisions of this Order, and any subsequent pretrial order or CMO

issued in the MDL proceedings, shall supersede any inconsistent provisions of the Court's Local Rules. The consolidation of these cases, including certain of these cases that may be directly filed into this MDL, does not constitute a waiver of any party's rights under *Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). This CMO shall not be construed to affect the governing law or choice-of-law rules in any case subject to the CMO.

2. Application to All Parties and Counsel: This Order and all subsequent pretrial orders or CMOs shall be binding on all parties and their counsel in all cases currently pending, or subsequently transferred to, removed to, or pending in the MDL proceedings and shall govern each case in the MDL proceedings unless this Order explicitly states that it relates only to specific cases.

3. Transferor CMO Superseded: Except as otherwise provided herein, any order entered in a transferor court, or by this Court in any action consolidated in these MDL proceedings, before the action became part of the MDL proceedings, is vacated to the extent it relates to scheduling or discovery, and scheduling and discovery shall be governed by this and subsequent orders entered in this proceeding.

4. Amendment and Exceptions: This Order may be amended by the Court on its own motion, and any party may apply at any time to this Court for a modification or exception to this Order.

## Appointment of Additional Plaintiffs' and Defendants' Committee Members

5. The Court is committed to developing the future generation of diverse MDL leadership by providing competent candidates with opportunities for substantive participation now.

2

The Court reviewed the proposed committee members' applications, submitted by Co-Lead Counsel for Plaintiffs and Defendants in response to CMO No. 2.

6. The Court appoints the following attorneys to the Plaintiffs' Executive Committee ("PEC"):

Gregory A. Cade
Law Offices of Environmental Litigation Group, P.C.
2160 Highland Ave. South
Birmingham, AL 35205

Christina Cossich
Cossich, Sumich, Parsiola & Taylor LLC
8937 Highway 23
Belle Chasse, LA 70037

Gale D. Pearson
Pearson, Randall & Schumacher, PA
310 South Fourth Ave., Suite 5010
Minneapolis, MN 55415

Carl Solomon
Solomon Law Group, LLC
P.O. Box 1866
Columbia, SC 29202

7. The Court appoints the following attorneys to the Defendants' Coordination Committee:

Jillian C. Kirn
Greenberg Traurig, LLP
1717 Arch St., Suite 400
Philadelphia, PA 19103

Amanda S. Kitts
Nelson Mullins Riley & Scarborough LLP
1320 Main St., 17th Fl.
Columbia, SC 29201

Elizabeth Knauer
Sive, Paget & Riesel P.C.
560 Lexington Ave., 15th Fl.
New York, NY 10022

Liam J. Montgomery
Williams & Connolly LLP
725 12th St. N.W.
Washington, DC 20005

Lyn P. Pruitt
Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.
425 W. Capitol Ave., Suite 1800
Little Rock, AR 72201

Daniel L. Ring
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, IL 60606

J. Liat Rome
Williams & Connolly LLP
725 12th St. N.W.
Washington, DC 20005

8. These appointments to committee positions are for a period of one year. Each appointee must apply for continued service thereafter.

9. These designations are of a personal nature. Accordingly, the Court looks to these counsel to undertake personal responsibility to perform the designated functions and, should they become unable to do so, the Court reserves the discretion to replace counsel on their request or on the Court's own motion.

### Communication with the Court

10. Unless otherwise ordered by the Court, all substantive communications with the Court shall be in writing with copies to Lead and Liaison Counsel for both Plaintiffs and Defendants. Where the communication relates to a specific case or cases, copies shall also be provided to primary counsel for plaintiff(s) and defendant(s) in such cases. All substantive communications with the Court from any plaintiff or counsel for plaintiff must first be sent to Plaintiffs' Co-Lead Counsel before being submitted to the Court.

## Plaintiffs' Counsels' Time and Expense Submissions

11. Reimbursement for costs and/or fees for services of all plaintiffs' counsel performing functions in accordance with this Order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing. The following Time and Expense Guidelines are to be utilized by any counsel seeking fees and/or expense reimbursement.

12. **General Guidelines**

    a. All time and expenses submitted must be incurred only for work authorized by Plaintiffs' Co-Lead Counsel or Liaison Counsel. Such authorization should be memorialized in writing contemporaneous to the current time and expense submission.

    b. These standards and procedures are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL 2873.

    c. Time and expense submissions must be submitted via the forms that may be obtained from Plaintiffs' Liaison Counsel.

    d. Plaintiffs' Liaison Counsel has retained, and the Court approves the retention of, Jeremy S. Betsill, CPA, of the accounting firm of Dixon Hughes Goodman LLP, to assist and provide accounting services to Plaintiffs' Liaison Counsel, the PEC, and the Court in the MDL proceedings.

    e. Dixon Hughes Goodman LLP will assist in compiling submissions and provide reports to Plaintiffs' Co-Lead and Liaison Counsel, who shall submit them to the Court every six weeks. These reports shall include both time and expenses, and

will summarize, with back-up detail, the submissions of all firms. Submission of time and expense records to Dixon Hughes Goodman LLP and the Court shall be considered as if filed under seal.

f.  Time and expense submissions must be submitted timely, every six weeks, to Jeremy S. Betsill, CPA. at an email address to be provided, and to Plaintiffs' Liaison Counsel at AFFFMDLTIME@motleyrice.com.

g.  Failure to submit time and expense submissions, following a two-week grace period and a once-only thirty-day extension that may be granted only by Liaison Counsel, shall preclude further common benefit work and shall exclude that month's time from proper submission, absent written approval of the Co-Lead Counsel and/or by order of the Court.

h.  An attorney's failure to secure authority to incur common benefit time and expenses, or failure to maintain and timely provide such records or to provide sufficient description of the activity, may be grounds to deny the recovery of attorney's fees or expenses in whole or part.

i.  The first time and expense submission is due on **June 15, 2019** and shall include all time through May 31, 2019. Thereafter, time and expense records shall be submitted for the preceding month and shall be due on the third Monday of the following month.[1]

---

[1] For example, a time and expense submission for June 2019 shall be due on August 19, 2019; for August 2019 shall be due on September 16, 2019; and for September 2019 shall be due on October 21, 2019.

6

13. **Time Reporting Guidelines**

   a. Only time spent on matters common to all claimants in MDL 2873 will be considered in determining fees. No time spent on developing or processing any case for an individual client (claimant) will be considered or should be submitted, absent written approval by at least two (2) Plaintiffs' Co-Lead Counsel.

   b. All time must be accurately and contemporaneously maintained. Time shall be kept according to these guidelines and specifically in accordance with the Litigation Task Definitions (Attachment A). All counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the hours, location and particular activity (such as "conduct deposition of A.B."). Again, failure to maintain such records or insufficient description of the activity may result in a forfeiture of fees.

   c. All time for each firm shall be maintained in tenth-of-an-hour increments. Failure to do so may result in time being disallowed.

   d. All time shall be submitted with a summary report form indicating the total member firm time, broken down by each named time-keeper and Litigation Task Definition of the time spent during the preceding month, as well as the accumulated total of all time incurred by the firm during the reporting period. This summary report form may be obtained from Plaintiffs' Liaison Counsel. The summary report form shall be certified by a senior partner of the firm attesting to the accuracy and correctness of the submission.

14. **Expense Reporting Guidelines**

    a.  Advanced costs will be deemed as either "Shared" or "Held."

           i.  Shared Costs are costs that will be paid out of a separate Plaintiffs' Executive Committee MDL 2873 Fund (the "PEC MDL 2873 Fund") account to be established by Plaintiffs' Liaison Counsel and to be funded by all members of the PEC and others as determined by the PEC. The PEC MDL 2873 Fund account will be administered by Dixon Hughes Goodman LLP and Wells Fargo bank, which will make disbursements upon written approval by a total of two (2) of Co-Lead Counsel and/or Liaison Counsel.

          ii.  Held Costs are those that will be carried by each attorney in MDL 2873, to be reviewed by the Fee Committee, as discussed below, and approved at the appropriate time by the Fee Committee, Special Master and/or the Court.

    b.  Each member of the PEC will contribute to the PEC MDL 2873 Fund at times and in amounts sufficient to cover the administration of the MDL. The timing and amount of each assessment will be determined by Co-Lead Counsel, in conjunction and consultation with the PEC. All such assessments may be subject to final accounting at an appropriate time.

    c.  Shared Costs: Shared Costs are costs incurred for the common benefit of the MDL as a whole. No client-related costs can be considered as Shared Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify to be submitted

and paid directly from the MDL account. All Shared Costs must be approved by Plaintiffs' Liaison Counsel prior to payment.

    i.  Shared Costs include:

        1.  Court, filing and service costs;

        2.  Deposition and court reporter costs;

        3.  Document Depository: creation, operation, staffing, equipment and administration;

        4.  Plaintiffs' Liaison Counsel administrative matters (e.g., expenses for equipment, technology, courier services, long distance, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.);

        5.  PEC group administration matters such as meetings and conference calls;

        6.  Legal and accountant fees;

        7.  Expert witness and consultant fees and expenses;

        8.  Printing, copying, coding, scanning (out-of-house or extraordinary firm cost);

        9.  Research by outside third-party vendors/consultants/attorneys;

        10. Common witness expenses including travel;

        11. Translation costs;

        12. Bank or financial institution charges; and

        13. Investigative services.

9

ii. Plaintiffs' Liaison Counsel shall prepare and be responsible for distributing to the appropriate plaintiffs' counsel and the PEC reimbursement procedures and the associated forms. Request for payments should include sufficient information to allow Plaintiffs' Liaison Counsel and the CPA to account properly for costs and to provide adequate detail to the Court. All requests shall be subject to review and approval by Plaintiffs' Liaison Counsel.

d. Held Costs: Held Costs are costs incurred for the global benefit of MDL 2873. Held costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general. No specific client-related costs can be considered as Held Costs. Held Cost records shall be submitted to Plaintiffs' Liaison Counsel on a six-week interval schedule, promulgated by Plaintiffs' Liaison Counsel and the CPA. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the PEC and the Court for future reimbursement:

   i. Telefax charges;

   ii. Postage, shipping, courier, certified mail;

   iii. Printing and photocopying (in-house);

   iv. Computerized research, such as with Lexis/Westlaw;

   v. Telephone: long distance (actual charges only); and

   vi. Attorney travel (following the travel expense guidelines set below) for depositions or court matters, including:

1. Airfare;

2. Reasonable ground transportation;

3. Hotel;

4. Reasonable meals and entertainment;

5. Reasonable other (parking);

6. Car rental, cabs, etc.; and

7. Secretarial and clerical overtime.

e. <u>Travel Limitations</u>: Except in extraordinary circumstances approved by Plaintiffs' Liaison Counsel or the PEC, all travel reimbursements are subject to the following limitations:

   i. Airfare: Only the lowest-priced available coach air fare at time of booking (either at restricted coach rates or rates which allow the reservation to rebooked without surcharge and other agency fees) for a reasonable itinerary will be reimbursed. Notwithstanding the foregoing, first class airfare will be allowed for cross-country flights that are in excess of four hours non-stop flight time or business class for international flights.

   ii. Hotel: Hotel room charges will be reimbursed up to the greater of (a) $300 per night excluding taxes, or (b) the average available room rate of the Hyatt, Hilton, and Marriott hotels in that city.

   iii. Meals: Meal expenses must be reasonable.

   iv. Cash Expenses: Miscellaneous cash expenses for which receipts generally are not available (gratuities, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip if the expenses are properly itemized.

11

v. Rental Automobiles: Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed.

vi. Mileage: Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently 58 cents per mile).

f. Non-Travel Limitations:

i. Long Distance and Cellular Telephone: Long distance and cellular telephone charges must be documented. Plaintiffs' Liaison Counsel and/or the CPA may request copies of the telephone bills submitted with notations as to which charges relate to the litigation.

ii. Shipping, Courier, and Delivery Charges: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

iii. Postage Charges: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

iv. Telefax Charges: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

v. In-House Photocopy: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 15 cents per page.

vi. Secretarial and Clerical Overtime: An itemized description of the task and time spent must be submitted for secretarial and clerical time. All such overtime must be approved before submission by Plaintiffs' Liaison Counsel or the PEC.

vii. Computerized Research: Expenses for computerized legal research, such as with Lexis/Westlaw, should be in the exact amount charged to the firm for these research services.

15. Procedures to be Established by Plaintiffs' Liaison Counsel:

a. Plaintiffs' Co-Lead Counsel and Liaison Counsel have established forms and procedures to implement compliance with these time and expense reporting requirements. These forms may be obtained from Plaintiffs' Liaison Counsel. The form shall be certified by a senior partner at the firm, attesting to the accuracy and correctness of the submission.

b. Questions regarding the guidelines or procedures should be directed to Plaintiffs' Liaison Counsel or Jeremy S. Betsill, CPA.

## Common Benefit Holdback Assessment and Guidelines

16. The Court recognizes that the Plaintiffs' Co-Lead Counsel may raise funding necessary to prosecute the common issues on behalf of all plaintiffs in the MDL by seeking funding from members of the PEC to pay for certain shared common benefit costs and expenses. The Court also recognizes that the PEC pursuing common legal issues, discovery, and administration benefits all cases in the MDL, and that a reasonable holdback from successfully resolved cases may be appropriate to reimburse incurred common benefit costs expenses and to compensate attorneys and their firms for providing common benefit legal work.

17. The governing principles of the common benefit doctrine are derived from the United States Supreme Court's common benefit doctrine as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia*, *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in *inter alia*, *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977); *In re MGM Grand Hotel Fire Litigation*, 660 F. Supp. 522, 525-29 (D. Nev. 1987); *In re Vioxx Prod. Liab. Litig.*, MDL No. 1657 (E.D. La. Aug. 4, 2005, amended May 3, 2007; Feb. 1, 2008; Sep. 15, 2008; Apr. 10, 2008; and Oct. 31, 2008); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 582 F.3d 524 (3d. Cir. 2009); *In re Am. Med. Sys., Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 12-md-02325 (S.D.W. Va. Oct. 4, 2012); *In re C.R. Bard Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 10-md-02187 (S.D.W. Va. Oct. 4, 2012); *In re Boston Sci.,*

14

*Corp., Pelvic Repair Sys. Prod. Liab. Litig.,* MDL No. 12-md-0236 (S.D.W. Va. Oct. 4, 2012); *In re Coloplast Corp., Pelvic Repair Sys. Prod. Liab. Litig.,* MDL No. 12-md-02387 (S.D.W. Va. Oct. 4, 2012); *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.,* MDL No. 12-md-02327 (S.D.W. Va. Oct. 4, 2012); *In re Avandia Marketing, Sales Practices and Prod. Liab. Litig.,* MDL No. 07-md-01871 (E.D. Pa. Oct. 19, 2012); *In re E.I. DuPont De Nemours and Company C-8 Pers. Injury Litig.,* MDL No. 13-md-02433 (S.D. Ohio Aug. 5, 2013, amended Sep. 6, 2013); *In re Cook Med. Inc. Pelvic Repair Sys. Prod. Liab. Litig.,* MDL No. 13-md-02440 (S.D.W. Va. Oct. 28, 2013); *In re Testosterone Replacement Therapy Prod. Liab. Litig.,* (N.D. Ill. Nov. 25, 2014); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices and Prod. Liab. Litig.,* MDL No. 14-mn-02502 (D.S.C. Jan. 22, 2015); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* MDL No. 10-md-02179 (E.D. La. Oct. 2, 2015); *In re Neomedic, Pelvic Repair Sys. Prod. Liab. Litig.,* MDL No. 14-md-02511 (S.D.W. Va. Dec. 22, 2015); *In re Invokana (Canaglifozin) Prod. Liab. Litig.,* MDL No. 16-md-02750 (D.N.J. Mar. 21, 2017); *In re Benicar (Olmesartan) Prod. Liab. Litig.*, MDL No. 15-md-2606 (D.N.J. Aug. 15, 2017); and *In re Proton-Pump Inhibitor Prod. Liab. Litig. (No. II)* MDL No. 17-md-02789 (D.N.J May 8, 2018).

18. Common benefit work product includes all work performed for the benefit of all plaintiffs or groups/categories of plaintiffs as determined appropriate by the Court and/or its designees, by and through a Fee Committee[2] and/or the appointment of a Special Master at the appropriate time. Common benefit work many include work on pre-trial

---

[2] At the appropriate time, a Fee Committee shall be appointed to make recommendations to this Court and/or a Court-appointed Special Master on the issue of how any funds received in the MDL 2873 common benefit expense fund and MDL 2873 common benefit fee fund shall be distributed.

matters, discovery, trial preparation, a potential settlement process, and all other work that advances this litigation to conclusion.

19. To this end, the Court shall impose a holdback assessment of 6% allotted for common benefit attorneys' fees and 3% allotted for reimbursement of permissible common benefit costs and expenses from any settlement(s) or judgment(s) paid by defendant(s).

20. Defendants are, therefore, directed to withhold this amount from any and all amounts paid to plaintiffs and their counsel and to pay the assessment directly into the interest-bearing accounts that will be established by a future order.[3]

21. This holdback assessment may be subject to modification depending on the future course of litigation and is included in this CMO to put all litigants and counsel on notice of the holdback.[4]

## **Electronic Filing**

22. The parties are expected to follow the District of South Carolina's policies and procedures on Electronic Case Filing and the procedures outlined in paragraphs 4 through

---

[3] At the appropriate time, a future CMO will direct the creation and establishment of two interest-bearing accounts to receive and disburse funds collected from the 3% and 6% holdback as directed by the Fee Committee, Special Master and/or by future Court order. This future CMO will also set forth further directives related to the two accounts, including identification of an Administrator, duties of the Administrator, and how the funds will be placed into the two accounts related to these funds.

[4] Attorneys who have appeared on behalf of plaintiffs for cases that are pending in MDL 2873 remain solely responsible for filings, pleadings, and responding to court-permitted discovery. The PEC is in no way responsible for the attorney-client relationship and the duties and responsibilities each individual attorney or law firm owe to their client(s) in prosecution of their individual case.

16

7 of CMO No. 1. All counsel of record are directed to take the steps necessary to be registered as electronic filers in the District of South Carolina.[5]

23. All documents, except for discovery documents that shall not be filed, shall be electronically filed in the master MDL docket and spread only to the appropriate cases, as explained in CMO No. 1. Electronic case filing of a document, other than an initial pleading, in the master docket shall be deemed to constitute proper service on all parties.

24. Discovery and other documents not filed with the Court shall be served by electronic mail on the appropriate Lead and Liaison Counsel and other appropriate counsel, as set forth in an order to follow.

## Direct Filing

25. In order to eliminate delays associated with transfer to this Court of cases filed in or removed to other federal district courts, any plaintiff whose case would be subject to transfer to these MDL proceedings may file his or her case directly in the District of South Carolina, in accordance with the procedures in this Order.

26. Any complaint that is directly filed in the MDL proceedings must be a "Single-Plaintiff Complaint." A "Single-Plaintiff Complaint" is a complaint filed: (1) by an individual plaintiff; (2) by a plaintiff and family member plaintiffs; or (3) on behalf of the estate of a deceased individual, together with any family members and/or beneficiaries of such estate. Multi-plaintiff complaints, or complaints joining two or more plaintiffs other than as expressly provided above, may not be directly filed into the MDL proceedings without prior Court approval.

---

[5] *See* ECF Multidistrict Litigation Attorney Registration Form, *available at* https://www.scd.uscourts.gov/mdl-2873/forms.asp.

27. Each complaint filed directly in the MDL proceedings must comply with the Federal Rules of Civil Procedure, allege the current state of residence of the plaintiff(s), and identify a "Home Venue," defined as the proper venue of origin where the claim(s) could have otherwise been brought pursuant to 28 U.S.C. § 1391.

28. No reference in this Order to actions filed originally or directly in the United States District Court for the District of South Carolina shall constitute a waiver of any party's contention that jurisdiction or venue is improper or that the action should be dismissed or transferred. The fact that a case was filed directly in the MDL proceedings also shall have no impact on the choice of law to be applied in the case.

29. At the conclusion of pretrial proceedings, should the parties agree both that a case filed directly in the MDL proceedings should be transferred and on the district to which it should be transferred, the parties shall jointly advise the Court of the district to which the case should be transferred at the appropriate time. Should the parties disagree as to the district to which a case should be transferred, nothing in this Order precludes any party from filing a motion to transfer pursuant to 28 U.S.C. § 1404(a) or § 1406 at the conclusion of pretrial proceedings.

## Additional Parties

30. Any motion to add a new party to a case currently in, or pending transfer into, these MDL proceedings (as of the date of this Order) shall be made by June 7, 2019.

31. Any motion to add a new party to a case subsequently transferred into these MDL proceedings shall be made within sixty (60) days of the case being transferred; however, the Court will consider, for good cause, newly discovered evidence as to the joinder of a party after sixty (60) days from transfer have elapsed.

18

32. Except as otherwise set forth herein, no party may be added to a case absent leave of Court or stipulation of the parties.

## Motions Practice

33. Except as otherwise provided herein, all motions and briefs shall conform to Local Civil Rules 7.04 through 7.07 D.S.C. All counsel must comply with Local Civil Rule 7.02 D.S.C. when filing motions. All motions on behalf of plaintiffs or the PEC must be signed by Plaintiffs' Co-Lead Counsel.

34. To be heard at a regularly-scheduled status conference, a non-dispositive[6] motion not otherwise subject to the provisions for discovery disputes, as will be set forth in a future order, must be submitted or filed and served at least fourteen (14) days before the status conference, with any response to be filed at least seven (7) days before the status conference. Any such motion filed and served less than fourteen (14) days before a status conference shall not be heard at the upcoming status conference, absent order of the Court.

35. Nothing in the preceding paragraph is intended to preclude any party from raising discovery issues not yet the subject of a motion by including those issues in the joint status report, submitted in advance of a status conference pursuant to CMO No. 2, and discussing such issues with the Court during a regularly scheduled status conference.

36. Briefing schedules for dispositive motions shall be established separately.

---

[6] For purposes of this Order, motions to exclude testimony of experts pursuant to Rule 702 of the Federal Rules of Evidence, as interpreted by the U.S. Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ("*Daubert* motions"), are excluded from this provision. A separate briefing schedule will be set for *Daubert* motions.

## Coordination with State Court Proceedings

37. In order to achieve the full benefits of the MDL proceedings, this Court intends to coordinate with state courts presiding over any related cases, and the parties will similarly coordinate discovery and other appropriate pretrial proceedings with any related state court litigations to the greatest extent possible.

38. The parties will coordinate discovery activities and avoid unnecessary duplication and inconsistency by, at a minimum: (a) conferring with state court attorneys in order to submit consistent proposed case management orders, protective orders, discovery plans, and discovery protocols (including as to electronic production, the form of production, and the number and scope of custodial searches); (b) the PEC providing access to a common document repository for discovery from common defendants to state court attorneys who agree to be bound by the protective order entered by this Court, as set forth in a future order, and to pay any assessments approved by this Court; (c) cross-noticing, by defendants, of depositions of defense witnesses and providing for participation of counsel in state court actions at such depositions; (d) making reasonable efforts to ensure that, absent agreement, no witness will have to give more than a single deposition; (e) timely communicating to Plaintiffs' and Defendants' Co-Lead and Liaison Counsel regarding relevant developments in, and opportunities for coordinating with, any related state court proceedings; and (f) keeping the Court informed of such activities through regular joint status reports.

39. The Court retains the power to enforce these coordination and cooperation requirements, including through protective orders precluding or narrowing duplicative discovery.

## Preservation

40. All parties and their counsel are reminded of their duty, consistent with the Federal Rules of Civil Procedure, to take reasonable measures to preserve documents, electronically stored information, and information and items that are potentially relevant.

## Status Conference on May 17, 2019

41. The next status conference in this matter will be held on **May 17, 2019 at 9:00 A.M.**

42. Plaintiffs' Co-Lead Counsel and Defendants' Co-Lead Counsel must confer and submit a joint status report five (5) business days before the status conference, as noted in CMO No. 2.[7]

## Notice in Future Cases

43. In any action that is (a) filed in or transferred to this Court after this Order is entered and (b) consolidated with this action for pretrial purposes, the Clerk shall include a statement in the initial notice to counsel that Case Management Orders No. 1, No. 2 and this Order govern all cases in the MDL proceedings and can be viewed on the Court's MDL website.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 24, 2019
Charleston, South Carolina

---

[7] The joint status report should be submitted via email.

# Attachment A

## Litigation Task Code Definitions

The Litigation Code Set is intended for use in all adversarial matters including litigation, binding arbitrations, and regulatory/administrative proceedings. The following definitions elaborate on the intended scope of each phase and task and should guide attorneys in coding time.

### Case Assessment, Development and Administration

Focuses on the case as a whole, the "forest" rather than the "trees".

**Fact Investigation/Development.** All actions to investigate and understand the facts of a matter. Covers interviews of client personnel and potential witnesses, review of documents to learn the facts of the case (but not for document production), work with an investigator, and all related communications and correspondence.

**Analysis/Strategy.** The thinking, strategizing, and planning for a case, including discussions, writing, and meetings on case strategy. Also includes initial legal research for case assessment purposes and legal research for developing a basic case strategy. Most legal research will be under the primary task for which the research is conducted. Once concrete trial preparation begins, use "Other Trial Preparation and Support."

**Experts/Consultants.** Identifying and interviewing experts and consultants (testifying or non-testifying), working with them, and developing expert reports. Does not include preparing for expert depositions, see "Expert Discovery" or time spent with experts/consultants during trial preparation and trial, see "Expert Witnesses."

**Document/File Management.** A narrowly defined task that comprises only the processes of creating and populating document and other databases or filing systems. Includes the planning, design, and overall management of this process. Work of outside vendors in building litigation support databases should be an Expense.

**Budgeting.** Covers developing, negotiating, and revising the budget for a matter.

**Settlement/Non-Binding ADR** All activities directed specifically to settlement. Encompasses planning for and participating in settlement discussions, conferences, and hearings and implementing a settlement. Covers pursuing and participating in mediation and other non-binding Alternative Dispute Resolution (ADR) procedures. Also includes pre-litigation demand letters and ensuing discussions.

**CLE.** Continuing Legal Education related specifically to this matter.

**Other Case Assessment, Development and Administration.** Time not attributable to any other overall task. Specific use in a given matter often may be pre-determined jointly by the client and law firm.

## Pre-Trial Pleadings and Motions

Covers all pleadings and all pretrial motions and procedures other than discovery.

**Pleadings.** Developing (researching, drafting, editing, filing) and reviewing complaints, answers, counter-claims and third party complaints. Also embraces motions directed at pleadings such as motions to dismiss, motions to strike, and jurisdictional motions.

**Preliminary Injunctions/Provisional Remedies.** Developing and discussing strategy for these remedies, preparing motions, affidavits and briefs, reviewing opponent's papers, preparing for and attending court hearing, preparing witnesses for the hearing, and effectuating the remedy.

**Court Mandated Conferences.** Preparing for and attending hearings and conferences required by court order or procedural rules (including Rule 16 sessions) other than settlement conferences. Dispositive Motions. Developing and discussing strategy for or opposing motions for judgment on the pleadings and motions for complete or partial summary judgment, preparing papers, reviewing opponent's papers, defensive motions (e.g., motion to strike affidavit testimony, Rule 56(f) motion), and preparing for and attending the hearing.

**Other Written Motions/Submissions.** Developing, responding to, and arguing all motions other than dispositive motions, pleadings, and discovery, such as motions to consolidate, to bifurcate, to remand, to stay, to compel arbitration, for MDL treatment and for change of venue.

**Class Action Certification and Notice.** Proceedings unique to class action litigation and derivative suits such as class certification and notice.

## Discovery

Includes all work pertaining to discovery according to court or agency rules.

**Written Discovery.** Developing, responding to, objecting to, and negotiating interrogatories and requests to admit. Includes mandatory meet-and-confer sessions. Also covers mandatory written disclosures as under Rule 26(a).

**Document Production.** Developing, responding to, objecting to, and negotiating document requests, including the mandatory meet-and-confer sessions to resolve objections. Includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing requested privilege lists. (While a general review of documents produced by other parties falls under this task, coding and entering produced documents into a data base is "Document/File Management"

and reviewing documents primarily to understand the facts is "Fact Investigation/Development."

**Depositions.** All work concerning depositions, including determining the deponents and the timing and sequence of depositions, preparing deposition notices and subpoenas, communicating with opposing or other party's counsel on scheduling and logistics, planning for and preparing to take the depositions, discussing deposition strategy, preparing witnesses, reviewing documents for deposition preparation, attending depositions, and drafting any deposition summaries.

**Expert Discovery.** Same as "Depositions," but for expert witnesses.

**Discovery Motions.** Developing, responding to, and arguing all motions that arise out of the discovery process. Includes the protective order process.

**Other Discovery.** Less frequently used forms of discovery, such as medical examinations and on-site inspections.

## Trial Preparation and Trial

Commences when lawyer and client determine that trial is sufficiently likely and imminent so that the process of actually preparing for trial begins. It continues through the trial and post-trial proceedings in the trial court. Once trial begins, lawyers who appear in court presumptively should bill their court time to "Trial and Hearing Attendance." Litigation work outside the courtroom during this phase (e.g., evenings, weekends and the time of other attorneys and support personnel), should continue to be classified using "Other Trial Preparation and Support."

**Fact Witnesses.** Preparing for examination and cross-examination of non-expert witnesses.

**Expert Witnesses.** Preparing for examination and cross-examination of expert witnesses.

**Written Motions/Submissions.** Developing, responding to and arguing written motions during preparation for trial and trial, such as motions in limine and motions to strike proposed evidence. Also includes developing other written pre-trial and trial filings, such as jury instructions, witness lists, proposed findings of fact and conclusions of law, and trial briefs.

**Other Trial Preparation and Support.** All other time spent in preparing for and supporting a trial, including developing overall trial strategy, preparing opening and closing arguments, establishing an off-site support office, identifying documents for use at trial, preparing demonstrative materials, etc.

**Trial and Hearing Attendance.** Appearing at trial, at hearings and at court-mandated conferences, including the pre-trial conferences to prepare for trial. For scheduling conferences that are denominated as "Pre-Trial Conferences", but not directed toward conduct of the trial, use "Court Mandated Conferences."

**Post-Trial Motions and Submissions.** Developing, responding to and arguing all post-verdict matters in the trial court, such as motions for new trial or j.n.o.v., for stay pending appeal, bills of costs, and requests for attorney's fees.

**Enforcement.** All work performed in enforcing and collecting judgments and asserting or. addressing defenses thereto.

<u>Appeal</u>

Covers all work on appeal or before a reviewing body.

**Appellate Motions and Submissions.** Developing, responding to and arguing motions and other filings before a reviewing body, such as motions and other filings for stay pending appeal.

**Appellate Briefs.** Preparing and reviewing appellate briefs.

**Oral Argument.** Preparing for and arguing an appeal before a reviewing body.