**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG |
| | **CASE MANAGEMENT ORDER NO. 5** |
| | **This Order Relates to All Actions.** |

## Applicability and Scope of Order

1.    The Court hereby issues the following Case Management Order ("CMO") to govern the form, procedure, and schedule for the completion and service of Plaintiff Fact Sheets ("PFS") and Defense Fact Sheets ("DFS") and the execution of authorizations for the release of certain records in the specified cases set forth below.

2.    This Order applies to (a) all actions transferred to In Re: Aqueous Film-Forming Foams (AFFF) Products Liability Litigation ("MDL 2873") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order of December 7, 2018; (b) all related actions originally filed in or removed to this Court; and (c) any "tag-along" actions transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the Panel, subsequent to the filing of the final transfer order by the Clerk of this Court (collectively, "Member Actions").

3.    All information disclosed on any PFS, the PFS itself, and all related documents (including health care records and information) produced therewith or pursuant to an executed authorization or any supplements shall be treated as responses to Interrogatories under Fed. R. Civ. P. 33 and can be used for any purpose and in any manner that answers to interrogatories can be used pursuant to the Federal Rules of Civil Procedure, subject to the confidentiality provisions of

1

Paragraph 4.  A Defendant's responses to questions in the DFS or any supplements shall be treated as responses to Interrogatories under Fed. R. Civ. P 33 and can be used for any purpose and in any manner that answers to interrogatories can be used pursuant to the Federal Rules of Civil Procedure, subject to the confidentiality provisions of Paragraph 4.

4.     All information disclosed on a DFS or PFS, the DFS and PFS itself, and all related documents (including health care records and information) produced therewith or pursuant to an executed authorization shall be treated as marked confidential and treated as "Confidential Information" pursuant to the terms of the Protective Order, except that any documents specifically designated as "Highly Confidential Information" shall be treated as such pursuant to the Protective Order.

5.     Unless otherwise agreed by the parties, there shall be no additional discovery propounded on plaintiffs required to respond to a PFS, including depositions of plaintiffs, until cases have been selected for further proceedings by further Order of this Court.  This limitation on discovery does not limit the requirement that Plaintiffs supplement PFS responses and does not limit or restrict requests for supplemental or additional authorizations consistent with this Order. Defendants are still assessing the discovery that they intend to serve on State or sovereign plaintiffs who have brought suit, and Defendants may elect to utilize a form of Fact Sheet or traditional discovery (interrogatories and document demands under Fed. R. Civ. P. 33 and 34, respectively). The parties will continue to meet and confer on this issue with the State or sovereign Plaintiffs reserving all rights to oppose.  The State/Sovereign Plaintiffs are still assessing the discovery that they intend to serve on Defendants, and the State/Sovereign Plaintiffs may elect to utilize a form of Fact Sheet or traditional discovery (interrogatories and document demands under Fed. R. Civ. P. 33 and 34, respectively).  The parties will continue to meet and confer on this issue with the

Defendants reserving all rights to oppose. In addition, the PEC has determined to address discovery of the federal government entities/agencies separately from the DFS process set forth herein and thus the federal government entities are not required to respond to DFS set forth in this Order. Further, this paragraph does not otherwise apply to the federal government entities/agencies.

## Plaintiff Fact Sheets

6.     The form PFSs that shall be used in MDL 2873 and all Member Actions (except for those in paragraph 5, above) are attached hereto as Exhibits 1, 2, 3, and 8.

    a.     Exhibit 1 is a Plaintiff Fact Sheet intended for individual Plaintiffs asserting personal injury claims;

    b.     Exhibit 2 is a Plaintiff Fact Sheet intended for individual Plaintiffs asserting property damage claims;

    c.     Exhibit 3 is a Plaintiff Fact Sheet intended for individual Plaintiffs asserting medical monitoring claims only; and

    d.     Exhibit 8 is a Plaintiff Fact Sheet intended for Plaintiff water authorities, districts, or other water suppliers and for any municipality or other local or county government pursuing claims related to alleged contamination of water supplies within or impacting their jurisdictions, as well as for other Plaintiffs, but only to the extent they represent the interests of such entities in Member Actions.

7.     In accordance with the schedule set forth below, every Plaintiff, except as provided in Paragraph 5, shall:

    a.     Complete and sign the appropriate PFS;

      b.      Serve the completed PFS upon Liaison Counsel for Defendants and the PEC designee in the manner described in the "Service" Section below;

      c.      Produce to Liaison Counsel for Defendants all responsive, non-privileged documents in his, her, or its possession, custody, or control that are requested in the PFS; and

      d.      For individual Plaintiffs, provide duly executed Records Authorizations referenced below.

8.      **Additional PFS For New or Amended Claims:** If an Individual Plaintiff seeks to add a new personal injury claim, a new property damage claim, or a new medical monitoring claim or seeks to amend his or her Complaint in such a manner that would otherwise make an additional PFS applicable, that Plaintiff must complete the applicable PFS as otherwise required by this Order.

9.      **Substantial Completion of PFS:** In completing the PFS, every Plaintiff is required to provide Defendants with a PFS that is substantially complete in all respects. For a PFS to be "substantially complete in all respects," the responding Plaintiff shall endeavor to answer every question contained in the PFS to the best of his, her, or its ability and leave no blanks, even if the Plaintiff can only answer the question in good faith by indicating "not applicable," "N/A," or "I don't know" or similar words.

10.      **Continuing Duty to Supplement:** Each Plaintiff shall remain under a continuing duty to supplement the information provided in his, her, or its PFS throughout the litigation, in a manner consistent with the provisions of Fed. R. Civ. P. 26(e).

11.      The questions in the PFS shall be answered without objection.

**Plaintiff Fact Sheet Deficiency Dispute Resolution Process**

**Deficient PFS**

12.    **Phase I: Deficiency Letter**

a.    If a Defendant deems a PFS deficient, Defendants' Liaison Counsel shall notify Plaintiff's attorney of record (identified in the PFS) of the purported deficiencies in writing via email and allow such Plaintiff twenty-eight (28) days to respond to the alleged deficiency, and to the extent Plaintiff disagrees and/or objects to any alleged deficiency, Plaintiff shall so advise Defendants no later than the expiration of the 28 day period to respond to any alleged deficiencies.

b.    Defendants' Liaison Counsel's email communication shall identify the case name, docket number, and the deadline for a response and include sufficient detail regarding the alleged deficiency(ies), and a courtesy copy of the email shall be sent via email to the PEC's designee at AFFF-MDL.PFS.deficiency@DouglasAndLondon.com.

c.    To the extent Defendants seek further clarification of Plaintiff's response to any alleged deficiency, Defendants shall seek a meet and confer, and Plaintiff and Defendants shall meet and confer within the fourteen (14) days of Plaintiff's communication of any disputes with respect to any alleged deficiencies.

13.    **Phase II: Motion to Compel**

a.    Following the meet and confer period, should the Plaintiff: (i) fail to cure the alleged stated deficiency(ies); (ii) fail to assert objections to same; (iii) fail to respond to or participate in the meet and confer process; or (iv) otherwise fail to provide responses (including the requested documents and/or signatures), and absent agreement of the parties to further extend the period for meeting and conferring, at any time following expiration of the fourteen (14) day

5

meet and confer period, Defendant may then file a Motion to Compel the allegedly deficient discovery information.

b.      Any such Motion to Compel filing shall be via ECF, with a courtesy copy via email to Plaintiff's attorney of record and via email to the PEC's designee at AFFF-MDL.PFS.MotionCompel@DouglasAndLondon.com.

c.      Any motion to compel pursuant to this CMO need not be noticed for presentment as required by Local Rule 7.1.

d.      Any response to such a motion shall be filed and served within fourteen (14) days following the date of service.  Reply Briefs are discouraged per Local Rule 7.07, but any reply shall be filed and served within seven (7) days following the date of service of the response.

e.      Absent an Order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

**Failure to Serve an Executed PFS**

14.     Each Plaintiff may request one extension of twenty-one (21) days to serve a completed PFS, which Defendants shall not unreasonably withhold.  Such requests must be made in writing via email to Defendants' Liaison Counsel before the expiration of the deadline, with a courtesy copy the PEC's designee at AFFF-MDL.PFS.extension@DouglasAndLondon.com.

15.     **Phase I: Notice of Non-Compliance.** Should any Plaintiff fail to serve an executed PFS within the time required in this CMO or any extension that was granted, Defendant(s) shall send a Notice of Non-Compliance letter via email to that Plaintiff's attorney of record, with a courtesy     copy     via     email     the     PEC's     designee     at     AFFF-MDL.PFS.noncompliance@DouglasAndLondon.com.  The Notice of Non-Compliance shall specify a fourteen (14) day period in which Plaintiff shall (1) tender an executed and completed

PFS, (2) if he or she has in fact tendered an executed fact sheet, inform the Defendant of the date on which it was served, or (3) meet and confer with Defendants regarding any claimed good cause for failure to do so within the time required.

16.    **Phase II: Motion for Dismissal**

      a.    Following delivery of the Notice of Non-Compliance and expiration of the fourteen (14) day period identified in Paragraph 15, Defendant(s) may immediately move the Court to dismiss the cases on the list without prejudice subject to reinstatement if the Plaintiff serves a completed PFS as further described in Paragraphs 22-26 below or on such terms as the Court may otherwise impose, with a courtesy copy via email to Plaintiff's attorney of record and via email to the PEC's designee at AFFF-MDL.PFS.noncompliance.motion@DouglasAndLondon.com. Defendant shall have the right, but not the obligation, to group multiple delinquent PFS recipients in a single motion to dismiss grouped by the pertinent Plaintiff's law firm.

      b.    Any motion to dismiss pursuant to this CMO need not be noticed for presentment as required by Local Rule 7.1.

      c.    Any response to such a motion shall be filed and served within fourteen (14) days following the date of service. Failure to tender a completed PFS as required by this Order within the time provided for the response shall result in dismissal of the Plaintiff's complaint without prejudice absent further Order of the Court. On good cause shown, and with completed PFS tendered with a motion, a plaintiff may move to reinstate a dismissed claim within fourteen (14) days of a dismissal.

      d.    Absent an Order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

7

### Records Authorizations for Individual Plaintiffs

17.    **Medical Authorizations - Non-Mental Health:** Each Plaintiff who completes an Individual Plaintiff Personal Injury Fact Sheet in accordance with the preceding paragraphs of this Order shall also serve an original signed Authorization to Release Health Information for each (non-mental health) medical provider (including insurers and pharmacies) listed in the PFS. The Health Information Authorization that shall be used is attached hereto as Exhibit 4 and shall be served on Defendants' Liaison Counsel in accordance with the provisions of this Order.

18.    **Medical Authorizations - Mental Health:** Each Plaintiff who completes an Individual Plaintiff Personal Injury Fact Sheet PFS in accordance with the preceding paragraphs of this Order and who (a) also asserts or alleges a psychiatric injury, condition, or other type of mental health damage, and (b) has undergone specific medical treatment or counseling related to such injury or a similar injury, condition, or damage shall, in addition to the above-referenced Medical Authorization–Non-Mental Health, serve an original signed Mental Health Records Authorization from each mental health care provider identified in the PFS related to such claimed condition, treatment, and/or damage. The Mental Health Records Authorizations that Plaintiffs shall complete in such cases is attached as Exhibit 5 and shall be served on Defendants' Liaison Counsel in accordance with the provisions of this Order.

19.    **Water Company/Utility Records Authorizations:** Each Plaintiff who completes any PFS identified in Exhibits 1, 2, or 3 hereto (i.e., Individual Personal Injury, Individual Property Damage, or Individual Medical Monitoring) shall also serve an Authorization for Release of Customer Records as to each water provider listed in the PFS. The Water Company/Utility Records Authorization to be used is attached hereto as Exhibit 6 and shall be served on Defendants' Liaison Counsel in accordance with the provisions of this Order.

8

### Additional Records Authorizations

20.    **"Special" Authorizations:**    If any health care provider or other custodian of records:  (a) requires a specific form of authorization that is different than the authorizations referenced in and attached to this Order; (b) requires an updated or more recently-executed authorization than those already provided by a Plaintiff; (c) requires a notarized authorization; or (d) requires an original signature, then Defendants' Liaison Counsel shall notify Plaintiff's counsel of record of such requirement(s) by email, and the referenced Plaintiff shall, within twenty one (21) days of such notice having been given, either serve an executed authorization or object in writing.  In the event of an objection, the general reasons must be stated in writing, and the parties shall meet and confer in a good faith effort to resolve such objection(s).  Following such efforts, any remaining disputed issues may be brought before the Court for resolution in accordance with Paragraphs 12-13, above regarding Motions to Compel as to deficiencies in PFS responses or as the Court may otherwise direct for resolution of such disputes.

21.    **Requests for Additional Authorizations:**    In the event that any Defendant seeks any additional authorization(s) from any Plaintiff, either (a) as a result of such Defendant having discovered specific medical providers, mental health providers (if applicable), water providers, or other custodians of relevant records that were not previously identified by such Plaintiff; or (b) in order to obtain documents in addition to those for which production is expressly provided in the above-referenced authorizations, Defendants' Liaison Counsel shall submit such additional authorization request(s) to Plaintiff's counsel after which the referenced Plaintiff shall, within twenty one (21) days, either serve an executed authorization or object to the same.  In the event of an objection, the general reasons must be stated in writing, and the parties shall meet and confer in a good faith effort to resolve such objection(s).  Following such efforts, any remaining disputed

9

issues may be brought before the Court for resolution in accordance with Paragraphs 12-13, above regarding Motions to Compel as to deficiencies in PFS responses or as the Court may otherwise direct for resolution of such disputes.

## Service of PFS

22.    Each Plaintiff in the actions pending in this MDL as of the entry of this Order shall have ninety-eight (98) days from the date of this Order to serve and produce to Defendants' Liaison Counsel a completed PFS, signed and dated authorizations, and all responsive, non-privileged documents requested in the PFS that are in his, her, or its possession, custody, or control.

23.    Each Plaintiff in actions filed in or transferred to this MDL after the entry of this Order shall, within ninety-eight (98) days of the filing or transfer of the case to the MDL, serve and produce to Defendants' Liaison Counsel a completed PFS, signed and dated authorizations, and all responsive, non-privileged documents requested in the PFS that are in his, her, or its possession, custody, or control.

24.    Each Plaintiff who is required to complete an additional PFS pursuant to Paragraph 8 shall, within sixty-three (63) days of the amendment or assertion of a new claim necessitating the additional PFS, serve and produce to Defendants' Liaison Counsel the completed PFS which shall then be subject to the provisions for deficiencies and motions as set forth in this CMO.

25.    Plaintiffs shall serve the completed PFS and authorizations upon Defendants by submitting them via email to afffmdlpfsservice@nelsonmullins.com.  This shall constitute effective service of the PFS upon Defendant(s).  A copy of the completed PFS shall be submitted to the PEC via email at AFFF-MDL.PFS@DouglasAndLondon.com.

26.    The Lead and/or Liaison Counsel for Plaintiffs and Defendants or their respective designees shall meet and confer in a good faith effort to resolve any other disputes not specifically

addressed above regarding the production of documents and/or the completion or service of a PFS and/or authorization(s) or completion and service of any DFS. After such meet-and-confer efforts have been attempted in good faith, counsel for a party may bring any remaining dispute(s) before the Court via motion practice as set forth in Paragraphs 12-13.

**Defense Fact Sheet**

27.    **The Defense Fact Sheet ("DFS") Form:** The form DFS that shall be used in MDL 2873 and all Member Actions (except for those in paragraph 5, above) is attached hereto as Exhibit 9.

28.    In accordance with the schedule set forth in Paragraph 30, below, every Defendant except federal government entities/agencies shall:

        a.    Complete and sign a DFS;

        b.    Serve the completed DFS as described in Paragraph 32; and

        c.    Produce to the designee of the Plaintiffs' Executive Committee all responsive, non-privileged documents in its possession, custody, or control that are requested in the DFS.

29.    The questions in the DFS shall be answered without objection.

30.    Each Defendant in the actions pending in this MDL as of the entry of this Order shall have ninety-eight (98) days from the date of entry of this Order to serve a DFS applicable to the Sites currently at issue in this MDL as defined and identified pursuant to the Court's Order of July 29, 2019, Dkt. #161 and Exhibit 9. For any Sites so identified after the date of entry of this Order, each Defendant shall have ninety-eight (98) days from the date of the PEC's identification of a new Site alleged in a Complaint to serve a DFS applicable to that Site.

31.     Any Defendant may request one extension of twenty-one (21) days to serve a completed DFS, which the Plaintiff shall not unreasonably withhold.  Such requests must be made in writing via email to the Plaintiff's counsel before the expiration of the deadline.

32.     All completed DFS and responsive records and materials will be (a) served directly on the designee of the Plaintiffs' Executive Committee at AFFF-MDL.DFS@DouglasAndLondon.com and (b) served upon Liaison Counsel for Defendants at DFScourtesy@duffyandyoung.com.  Service of the DFS and responsive records and materials is complete upon service on the designee of the Plaintiffs' Executive Committee at AFFF-MDL.DFS@DouglasAndLondon.com.  Production of a completed DFS and responsive records and materials of a specific Site may be requested by a given plaintiff or his/her/its counsel upon written request to the Defense Liaison Counsel for production of same after having first requested a copy from the designee of the Plaintiffs' Executive Committee.

33.     **Deficient DFS**

a.     If a Plaintiff deems a DFS deficient, the PEC's designee shall notify Defendant's attorney of record (identified in the DFS) of the purported deficiencies in writing via email and allow such Defendant an additional twenty-eight (28) days to respond to the alleged deficiency, and to the extent Defendant disagrees and/or objects to any alleged deficiency, Defendant shall promptly so advise Plaintiffs no later than the expiration of the 28 day period to respond to any alleged deficiencies.

b.     The PEC's designee's email communication shall identify the case name, docket number, and the deadline for a response and include sufficient detail regarding the alleged deficiency(ies), and a courtesy copy of the email shall be sent via email to the Defendants' Liaison Counsel at DFSdeficiency@duffyandyoung.com.

c.    To the extent Plaintiffs seek further clarification of Defendant's response to any alleged deficiency, Plaintiffs shall seek a meet and confer, and Defendant and Plaintiffs shall meet and confer within the fourteen (14) days of Defendant's communication of any disputes with respect to any alleged deficiencies.

d.    Following the meet and confer period, should the Defendant: (i) fail to cure the stated deficiency(ies); (ii) fail to assert objections to same; (iii) fail to respond to or participate in the meet and confer process; or (iv) otherwise fail to provide responses (including the requested documents and/or signatures), and absent agreement of the parties to further extend the period for meeting and conferring, at any time following expiration of the fourteen (14) day meet and confer period, Plaintiff may then file a Motion to Compel the allegedly deficient discovery information.

e.    Any such filing shall be via ECF, with a courtesy copy via email to Defendant's attorney of record and via email to the Defendants' Liaison Counsel at DFSdeficiency@duffyandyoung.com.

f.    Any motion to compel pursuant to this CMO need not be noticed for presentment as required by Local Rule 7.1.

g.    Any response to such a motion shall be filed and served within fourteen (14) days following the date of service.  Reply Briefs are discouraged per Local Rule 7.07, but any reply shall be filed and served within seven (7) days following the date of service of the response.

h.    Absent an Order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

34.    **Failure to Serve a DFS**

a.    Should any Defendant fail to serve an executed DFS within the time required in this CMO or any extension that was granted, Plaintiff(s) shall send a Notice of Non-

13

Compliance letter via email to that Defendant's attorney of record, with a courtesy copy via email the Defendants' Liaison Counsel at DFSdeficiency@duffyandyoung.com.  The Notice of Non-Compliance shall specify a fourteen (14) day period in which Defendant shall (1) tender an executed and completed DFS, (2) if Defendant has in fact tendered an executed fact sheet, inform the Plaintiff of the date on which it was served, or (3) meet and confer with Plaintiff regarding any claimed good cause for failure to do so within the time required.

    b.  Following delivery of the Notice of Non-Compliance and expiration of the fourteen (14) day period identified in Paragraph 34, Plaintiff(s) may immediately move the Court to compel service of the DFS, with a courtesy copy via email to Defendant's attorney of record and via email to the Defendants' Liaison Counsel at DFSdeficiency@duffyandyoung.com. Plaintiffs shall have the right, but not the obligation, to group multiple delinquent DFS recipients in a single Motion to Compel grouped by the pertinent Defense law firm.

    c.  Any motion to compel pursuant to this CMO need not be noticed for presentment as required by Local Rule 7.1.

    d.  Any response to such a motion shall be filed and served within fourteen (14) days following the date of service.  Failure to tender a completed DFS as required by this Order within the time provided for the response shall result in the motion being granted against the Defendant.

    e.  Absent an Order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

  35.  **Substantial Completion of DFS:**  In completing the DFS, every Defendant is required to provide Plaintiffs with a DFS that is substantially complete in all respects.  For a DFS to be "substantially complete in all respects," the responding Defendant shall endeavor to answer

every question contained in the DFS to the best of its ability and leave no blanks, even if the Defendant can only answer the question in good faith by indicating "not applicable," "N/A," or "I don't know" or similar words.

36.    **Continuing Duty to Supplement:**    Each Defendant shall remain under a continuing duty to supplement the information provided in its DFS throughout the litigation, in a manner consistent with the provisions of Fed. R. Civ. P. 26(e).

### Notice in Future Cases

37.    In any action that is (a) filed in or transferred to this Court after this Order is entered and (b) consolidated with this action for pretrial purposes, the Clerk shall include a statement in the initial notice to counsel that Case Management Orders No. 1, No. 2, No. 3, No. 4 and this Order, as well as any amendments to those Orders, govern all cases in the MDL proceedings and can be viewed on the Court's MDL website.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 7, 2019
Charleston, South Carolina

15

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: Aqueous Film-Forming Foams (AFFF) Products Liability Litigation | MDL No. 2873 |

# EXHIBIT 1

# TO CASE MANAGEMENT ORDER NO. 5
# RE: INDIVIDUAL PLAINTIFF PERSONAL INJURY FACT SHEET

*IN RE: Aqueous Film-Forming Foams (AFFF)*
*Products Liability Litigation*

In completing this Plaintiff Fact Sheet, you are under oath, subject to the penalties of perjury, and must provide information that is true and correct to the best of your knowledge.  If you are filling this form out on behalf of someone who has died, is incapacitated, or is a minor, the questions relate to the deceased person, incapacitated person, or minor asserting claims in the lawsuit.  You" or "Your" shall refer to either the plaintiff who is seeking recovery for alleged personal injury/bodily injury or the person responding to the question below, depending on context of the question.   Where information is requested, you are required to provide to the defendant the information available to you, including information available to you in a representative capacity if you are completing this Plaintiff Fact Sheet for another (*e.g.*, for an incapacitated adult or minor).  If you cannot recall all the details requested, please provide as much information as you can.  Materials prepared by your attorneys for use in the litigation (Attorney Work Product) are not required to be produced. You must complete the Plaintiff Fact Sheet in accordance with the requirements and guidelines set forth in the applicable Case Management Order.  To the extent that any response requires additional space, please insert additional space or information or attach a continuation sheet referencing the question at issue. **ALL ASPECTS OF THIS PLAINTIFF FACT SHEET ARE DESIGNATED AS CONFIDENTIAL AND COVERED BY THE PROTECTIVE ORDER.**

## I. CASE INFORMATION

1.  **Caption:** _____**Date:** _____

2.  **Docket No.:** _____

3.  **Plaintiff's attorney's name, law firm, address, phone, and email:**

_____

_____

_____

_____

_____

_____

_____

1

## II. PLAINTIFF INFORMATION

4. **Name of Plaintiff:** _____

5. **Date and Place of Birth:** _____

6. **Current Height and Weight:** _____

7. **Gender:** _____

8. **If Currently Married:**

   a. Spouse's Name: _____

   b. Spouse's Occupation: _____

9. Are you making a loss of consortium claim in this case? ❑ Yes ❑ No

10. If you are completing this Fact Sheet in a representative capacity (on behalf of the estate of a deceased person, an incapacitated adult, or a minor), state:

   a. Your name and address: _____
   _____

   b. Your relationship to the deceased or the incapacitated/minor Plaintiff:
   _____
   _____

   c. Deceased Plaintiff's date of death and cause of death stated on the death certificate (if applicable):
   _____
   _____

11. Current and Prior Residences since 1970:

| Current or Prior Address | Dates Lived At This Address | Did You Own or Rent/Lease this Property? | Source of Water (Municipal or Private Well) |
|---|---|---|---|
| | | ❑ Own ❑ Rent/Lease | |
| | | ❑ Own ❑ Rent/Lease | |
| | | ❑ Own ❑ Rent/Lease | |
| | | ❑ Own ❑ Rent/Lease | |
| | | ❑ Own ❑ Rent/Lease | |

12. Have you ever served in a branch of the military?     ❑ Yes ❑ No

    If yes, please provide the following additional information:

        a.  Which branch of service?  _____

| Duty Station | Rank(s) | Date | General Description of Duties |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

        b.  Did your duties at any time include use of, training in use of, or exposure to firefighting foams? ❑ Yes ❑ No

           If yes, describe the product(s) used, date(s) and frequency of use, the manner of use or training in use, and any instructions provided and protective equipment utilized:

           _____

           _____

           _____

        c.  Date of discharge:  _____

13. Have you ever been employed, trained as, or volunteered as a firefighter? ❑ Yes ❑ No

    If yes, please provide the following additional information:

        a.  Which fire departments and fire stations did you work/volunteer at, with the corresponding dates of service for each?

           _____

        b.  Did your duties at any time include use of, training in use of, or exposure to firefighting foams? ❑ Yes ❑ No

If yes, describe the product(s) used, date(s) and frequency of use, the manner of use or training in use, and any instructions provided and protective equipment utilized:

_____

_____

_____

14. Have you ever worked in a facility that handled per- or polyfluoroalkyl substances ("PFAS," an umbrella term that includes, among other substances, perfluoroooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA)) or products containing PFAS?

❑ Yes  ❑ No  ❑ Unsure

If yes, describe the product(s) used, date(s) and frequency of use, the manner of use or training in use, and any instructions provided and protective equipment utilized:

_____

_____

15. Other than the present lawsuit, have you in the past five years been a Plaintiff in any lawsuit or made any claim related to any alleged bodily injury or illness (including for disability or worker's compensation)?

❑ Yes  ❑ No  ❑ Unsure

If yes, explain where and when the lawsuit or claim was filed or submitted, the injuries claimed, the names of the adverse parties involved, and the outcome or disposition of the lawsuit or claim:

_____

_____

_____

_____

## III. ALLEGED EXPOSURE

16. State (a) all sites or locations where you claim to have been exposed to PFAS; (b) the source or sources of the PFAS to which you were exposed; and (c) the approximate dates of the alleged exposure including, if known, start and end dates or indication that the alleged exposure is "continuing":

| Site/Location of Exposure to PFAS | Source(s) of PFAS | Approximate Dates (Start Date, End Date or Continuing) |
|---|---|---|
|  |  |  |

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

17. **Have the sites/locations or sources listed above been tested for the presence of any PFAS?**
❑ Yes  ❑ No ❑ Unsure

   If yes, attach to this form or provide copies of the test results, referencing this question. If you cannot provide test results, please identify all entities that have performed any such testing if known.

18. **Do you have any documents or other information identifying the specific products you were exposed to and how those products reached the site/location where you were exposed** *(i.e.* photos of product labels at the site, invoices, shipping labels, identity of witnesses, etc.)? ❑ Yes  ❑ No

   If yes, attach to this form or provide copies of any documents you have, referencing this question.

   If you have other information that is responsive to this question, that is not contained in actual documents, identify that responsive information below.

   _____
   _____
   _____
   _____
   _____

19. **Identify whether you have used on a daily basis (for at least one year prior to filing your lawsuit during any time period since 1970) any of the following sources of drinking water and list the dates you used each source:**

| | Ever Used (Y/N/unsure)? | When used/ Frequency of Use | Where obtained |
|--|--|--|--|
| **Municipal Water** | | | |
| **Private Well** | | | |

5

| | | | |
|---|---|---|---|
| **Bottled Water** | | | |
| **Water at Place of Employment** | | | |

20. If you identified use of a private well in the question above, has a Point of Entry Treatment (POET) system been installed on that well or the property?

  ☐Yes ☐ No ☐ Unsure

  If yes, state the date of installation, who installed it, and any results of testing for PFAS since the POET was installed:

  _____

  _____

  _____

21. Have you ever used a water filter (other than a POET system) at your home for your drinking water? ☐Yes ☐ No ☐ Unsure

  If yes, state the dates used, the contaminant(s) the filter was intended to capture (*e.g.* PFAS, Heavy metals, VOCs, nitrates), the type and manufacturer of the filter, and who furnished/paid for the filter:

  _____

  _____

  _____

22. Have you ever participated in a bottled water replacement program? ☐Yes ☐ No

  If yes, state the dates you participated, who sponsored and ran the program, and who furnished or paid for the water you received from the program:

  _____

  _____

  _____

23. Have you ever had your blood, serum, or any other tissue tested for the presence of any PFAS? ☐Yes ☐ No ☐ Unsure

  If yes, attach to this form or provide copies of the test results, referencing this question.

  For any test for which you do not provide complete documentation, summarize the type of test(s), the dates and locations of the test(s), the test provider, and the for each PFAS detected:

| Type of Test | Approximate Date of Test | Test Provider (Doctor, Hospital, or Clinic) | Results |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## IV. DISEASE OR INJURY ATTRIBUTED TO PFAS EXPOSURE

24. Identify the injuries/damages which you claim to suffer that you allege resulted from exposure to PFAS:

_____

_____

_____

25. Identify the following for each healthcare provider, clinic, and/or hospital with whom you have treated or consulted for the injuries/damages identified in the question above:

| Name and Specialty | Address | Approximate Dates of Treatment | Reason for Treatment |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

26. Other than the healthcare providers identified above, please identify all persons whom you believe possess information concerning your alleged exposures or condition(s). For each person, please state their name, address, relationship to you, and the information you believe they possess:

_____

7

_____

_____

_____

## V.  HEALTH AND FAMILY HISTORY

**27. Do you currently smoke or chew tobacco?  ❑Yes  ❑ No**

a.  (If yes) How much? _____/day For how long? _____ yrs.

b.  What brand do/did you smoke or chew (or type if other than cigarettes)?

_____

**28. Have you ever smoked or chewed tobacco?  ❑Yes  ❑ No**

a.  (If yes) How much? _____ /day    Approximate dates? _____

b.  What brand do/did you smoke or chew (or type if other than cigarettes)?

_____

## VI. WAGES, EARNINGS, OUT-OF-POCKET COSTS, AND OTHER ECONOMIC LOSS

**29. Are you claiming damages for lost wages or earnings:  ❑Yes  ❑ No**
**If yes, for what time period:** _____

**If yes, what was your range of annual wages during and immediately before this time:**
_____

**30. Are you claiming damages for out-of-pocket costs, loss of business, lost profits or other economic loss, including loss or diminished value of livestock or any agricultural business?  ❑Yes  ❑ No**

**If yes, please provide a brief description of the nature of the damages, costs or loss incurred and/or claimed:**

_____

_____

_____

**31. Other than for any alleged injuries and required surveillance or related sequelae as a result of those injuries that you identified in response to Question 24, are you seeking to obtain medical monitoring?  ❑Yes  ❑ No**

## AUTHORIZATIONS

Provide SIGNED ORIGINAL copies of the records authorization forms that you are required to provide under the Case Management Order governing plaintiff fact sheets and records authorizations.

## RECORDS

Provide those records in your possession which you used and/or relied upon to complete this PFS form and/ or which support and/or relate to your claimed injuries, diseases, and/or damages described herein.

## VERIFICATION

I declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Plaintiff Fact Sheet and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.


_____
Signature of Plaintiff


_____
Print Name


_____
Date

9

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: Aqueous Film-Forming Foams (AFFF) Products Liability Litigation | MDL No. 2873 |

# EXHIBIT 2

# TO CASE MANAGEMENT ORDER NO. 5
# RE: INDIVIDUAL PLAINTIFF PROPERTY DAMAGE FACT SHEET

*IN RE: Aqueous Film-Forming Foams (AFFF)*
*Products Liability Litigation*

In completing this Plaintiff Fact Sheet, you are under oath, subject to the penalties of perjury, and must provide information that is true and correct to the best of your knowledge. For the purposes of this Plaintiff Fact Sheet, "you" and "your" refer to either the plaintiff who is seeking property damage or the person responding to the question below, depending on context of the question. Where information is requested, you are required to provide to the defendant the information available to you, including information available to you in a representative capacity if you are completing this Plaintiff Fact Sheet for another (*e.g.*, for an incapacitated adult or minor). If you cannot recall all the details requested, please provide as much information as you can. Materials prepared by your attorneys for use in the litigation (Attorney Work Product ) are not required to be produced. You must complete the Plaintiff Fact Sheet in accordance with the requirements and guidelines set forth in the applicable Case Management Order. To the extent that any response requires additional space, please insert additional space or information or attach a continuation sheet referencing the question at issue. **ALL ASPECTS OF THIS PLAINTIFF FACT SHEET ARE DESIGNATED AS CONFIDENTIAL AND COVERED BY THE PROTECTIVE ORDER.**

## I. CASE INFORMATION

1. **Caption:** _____    **Date:** _____

2. **Docket No.:** _____

3. **Plaintiff's attorney name, law firm, address, phone, and email:**

   _____

   _____

   _____

   _____

   _____

   _____

## II. PLAINT1FF INFORMATION

4. **Name of plaintiff:** _____

5. **Spouse's name (if currently married):** _____

6. **If you are completing this Fact Sheet in a representative capacity (on behalf of the estate of a deceased person, an incapacitated adult, or a minor), state:**

   a. **Your name and address:** _____

   _____

1

b.  Your relationship to the deceased or the incapacitated/minor plaintiff:

_____

c.  Deceased Plaintiff's date of death (if applicable):

_____

7.  If in the past five years you have been a plaintiff in any lawsuit or have made any claim (apart from the present lawsuit) relating to any alleged damage to the property at issue in this action or seeking recovery of other economic loss damages, explain where and when the lawsuit or claim was filed or submitted, the nature of the damages claimed, the names of the adverse parties involved, and the outcome or disposition of the lawsuit or claim:

_____

_____

_____

_____

_____

## II. PROPERTY DAMAGE OR OTHER ECONOMIC LOSS

8.  Identify the addresses of all properties in connection with which you are seeking property damages, as well as the type of property (*e.g.*, single-family, apartment building, townhouse, office building) and the use of the property (*e.g.*, residential, commercial, agricultural, recreational).

| Address | Type | Use |
|---------|------|-----|
|         |      |     |
|         |      |     |
|         |      |     |
|         |      |     |
|         |      |     |
|         |      |     |

9.  For each of the properties listed above, state the nature of the alleged PFAS contamination (e.g. groundwater, well or municipal water, soil, pipes/fixtures, etc.).

| Address | Nature of PFAS Contamination |
|---------|------------------------------|
|         |                              |
|         |                              |

2

| Address | Nature of PFAS Contamination |
|---|---|
|  |  |
|  |  |
|  |  |

10. For each of the properties listed above, identify the source or sources of the PFAS which you claim to have caused the alleged contamination; and the approximate dates of the alleged exposure including, if known, start and end dates or indication that the alleged exposure is "continuing":

| Address | Source(s) of PFAS | Approximate Dates (Start Date, End Date or Continuing) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

11. Has the air, soil, or water (whether ground water, well water, or other drinking water) of any of the properties listed above or the sources of PFAS listed above been tested for the presence of any PFAS? ❑Yes ❑ No ❑Unsure

   If yes, attach to this form or provide copies of the test results, referencing this question. If you do not have copies of test results, please identify all entities that have conducted any such testing, if known.

12. Do you have any documents or other information identifying the specific products that you claim to have caused the alleged contamination and/or indicating how those products reached the property or properties at issue *(i.e.* photos of product labels at the site, invoices, shipping labels, identity of witnesses, etc.)? ❑Yes ❑ No

   If yes, attach to this form or provide copies of those documents, referencing this question.

   If you have other information that is responsive to this question, that is not contained in actual documents, identify that responsive information below.

3

_____

_____

_____

_____

_____

13. **Are you claiming damages for diminished value of real property?**  ❑ Yes  ❑ No

14. **Are you seeking any compensation for out of pocket expenses (for sampling, Point of Entry Treatment (POET), other filters, bottled water, other remediation/mitigation, etc.), for business interruption losses, or for other economic losses?**  ❑ Yes  ❑ No

    **If yes, please identify the type of expense and approximate value being sought:**

    _____

    _____

    _____

    _____

    _____

### RECORDS

Provide those records in your possession which you used and/or relied upon to complete this PFS form and provide those records in your possession which reflect the following:

1. Any appraisals of the properties for which you seek recovery within the last 5 years.

2. Any initial listing price and final sale price of the properties within the last 5 years.

4

## VERIFICATION

I declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Plaintiff Fact Sheet and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

_____
Signature of Plaintiff


_____
Print Name


_____
Date

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

IN RE: Aqueous Film-Forming Foams (AFFF)
Products Liability Litigation

MDL No. 2873

# EXHIBIT 3

# TO CASE MANAGEMENT ORDER NO. 5
# RE: INDIVIDUAL PLAINTIFF MEDICAL
# MONITORING FACT SHEET

*IN RE: Aqueous Film-Forming Foams (AFFF)*
*Products Liability Litigation*

In completing this Plaintiff Fact Sheet, you are under oath, subject to the penalties of perjury, and must provide information that is true and correct to the best of your knowledge. "You" or "Your" shall refer to either the plaintiff who is seeking medical monitoring or the person responding to the question below, depending on context of the question. Where information is requested, you are required to provide to the defendant the information available to you, including information available to you in a representative capacity if you are completing this Plaintiff Fact Sheet for another (*e.g.*, for an incapacitated adult or minor). If you cannot recall all the details requested, please provide as much information as you can. You must complete the Plaintiff Fact Sheet in accordance with the requirements and guidelines set forth in the applicable Case Management Order. Materials prepared by your attorneys for use in the litigation (Attorney Work Product) are not required to be produced. To the extent that any response requires additional space, please insert additional space or information or attach a continuation sheet referencing the question at issue. **ALL ASPECTS OF THIS PLAINTIFF FACT SHEET ARE DESIGNATED AS CONFIDENTIAL AND COVERED BY THE PROTECTIVE ORDER**.

## I. CASE INFORMATION

1.  **Caption:** _____    **Date:** _____

2.  **Docket No.:** _____

3.  **Plaintiff's attorney's name, law firm, address, phone, and email:**

    _____

    _____

    _____

    _____

    _____

    _____

    _____

## II. PLAINTIFF INFORMATION

4.  Name of plaintiff: _____

5.  Date and place of birth: _____

6.  Gender: _____

7.  Spouse's Name (if currently married): _____

8.  If you are completing this Fact Sheet in a representative capacity (for an incapacitated adult or a minor), state:

    a.  Your name and address: _____

        _____

    b.  Your relationship to the plaintiff: _____

        _____

9.  Current and Prior Residences since 1970:

| Current or Prior Address | Dates Lived At This Address | Did You Own or Rent/Lease this Property? | Source of Water (Municipal or Private Well) |
|---|---|---|---|
| | | ❑ Own ❑ Rent/Lease | |
| | | ❑ Own ❑ Rent/Lease | |
| | | ❑ Own ❑ Rent/Lease | |
| | | ❑ Own ❑ Rent/Lease | |
| | | ❑ Own ❑ Rent/Lease | |

10. Are you are making a claim for medical monitoring in whole or in part because you are or were ever employed, trained as, or volunteered as a civilian or military firefighter? ❑ Yes ❑ No

If yes, did your duties at any time include use of, training in use of, or exposure to firefighting foams? ❑Yes ❑ No

If you answered yes to both of the above questions, please provide the following additional information:

        a.  Which fire departments and fire stations did you work/volunteer at, with the corresponding dates of service for each?

            _____

b. Describe the firefighting foam product(s) used, date(s) and frequency of use, the manner of use or training in use, and any instructions provided and protective equipment utilized:

_____

_____

_____

## III. ALLEGED EXPOSURE

11. State (a) all sites or locations where you claim to have been exposed to PFAS; (b) the source or sources of the PFAS to which you claim you were exposed; (c) the specific PFAS-containing product(s) that you allege gave rise to your exposure; and (d) the approximate dates of the alleged exposure including, if known, start and end dates or indication that the alleged exposure is "continuing":

| Site/Location of Exposure to PFAS | Source(s) of PFAS | Approximate Dates (Start Date, End Date or Continuing) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

12. Have the sites/locations or sources listed above been tested for the presence of any PFAS? ❑ Yes  ❑ No  ❑ Unsure

    **If yes, attach to this form or provide copies of the test results, referencing this question.**

13. Do you have any documents or other information identifying the specific products you were exposed to and how those products reached the site/location where you were exposed (i.e. photos of product labels at the site, invoices, shipping labels, identity of witnesses, etc.)? ❑Yes  ❑ No

    **If yes, attach to this form or provide copies of those documents, referencing this question.**

    **If you have other information that is responsive to this question, that is not contained in actual documents, identify that responsive information below.**

_____

_____

3

_____

_____

_____

_____

14. Identify whether you have consumed  on a regular basis (for at least one year prior to filing your lawsuit during any time period since 1970) any of the following sources of drinking water and list the dates you used each source:

| | Ever Used (Y/N/unsure)? | When used (Approx dates) | Where obtained |
|---|---|---|---|
| **Municipal Water** | | | |
| **Private Well** | | | |
| **Bottled Water** | | | |
| **Water at Place of Employment** | | | |

15. If you identified use of a private well in the question above, has a Point of Entry Treatment (POET) system been installed on that well or the property? ☐ Yes ☐ No

If yes, state the date of installation, who installed it, and any results of testing for PFAS since the POET was installed:

_____

_____

16. Have you ever used a water filter (other than a POET system) at your home for your drinking water? ☐☐ Yes ☐ No

If yes, state the dates used, the contaminant(s) the filter was intended to capture (*e.g.* PFAS, Heavy metals, VOCs, nitrates), the type and manufacturer of the filter, and who furnished/paid for the filter:

_____

_____

17. Have you ever participated in a bottled water replacement program? ☐ Yes ☐ No

If yes, state the dates you participated, who sponsored and ran the program, and who furnished or paid for the water you received from the program:

_____

_____

4

**18. Have you ever had your blood, serum, or any other tissue tested for the presence of any PFAS?** ☐Yes ☐ No ☐Unsure

**If yes, attach to this form or provide copies of the test results, referencing this question.**

## RECORDS

Provide those records in your possession which you used and/or relied upon to complete this PFS form .

## VERIFICATION

I declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Plaintiff Fact Sheet and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

_____
Signature of Plaintiff

_____
Print Name

_____
Date

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

IN RE: Aqueous Film-Forming Foams (AFFF)
Products Liability Litigation

MDL No. 2873

# EXHIBIT 4

# TO CASE MANAGEMENT ORDER NO. 5
# RE: AUTHORIZATION TO RELEASE HEALTH
# INFORMATION (NON-MENTAL HEALTH)

## LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION
**(Pursuant to the Health Insurance Portability and Accountability Act "HIPAA," the HIPAA Privacy Rule, and relevant state law)**

TO: _____

Patient Name: _____

DOB: _____

SSN: _____

I, _____, hereby authorize you to release and furnish to _____, copies of the following information:

\* All medical records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records received by other physicians. Said medical records shall include all information regarding AIDS and HIV status.

\* All autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports.

\* All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/ histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.

\* All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.

\* All billing records including all statements, itemized bills, and insurance records.

\* The undersigned does not authorize the disclosure of "psychotherapy notes" as such term is defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501.

\* All employment or insurance records.

\* All workers' compensation claims or records, including any report of injury, all treatment records, and evidence of any benefits received/paid.

1. To my medical provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive and additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

2. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

3. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire in one year.

4. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign his form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicated above.

5. A notarized signature is <u>not</u> required. CFR 164.508. A copy of this authorization may be used in place of an original.

Print Name: _____ (plaintiff/representative)

Signature: _____   _____ (Dated)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

IN RE: Aqueous Film-Forming Foams (AFFF)
Products Liability Litigation

MDL No. 2873

# EXHIBIT 5

# TO CASE MANAGEMENT ORDER NO. 5 RE: AUTHORIZATION TO RELEASE HEALTH INFORMATION (MENTAL HEALTH)

## LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION
**(Pursuant to the Health Insurance Portability and Accountability Act "HIPAA," the HIPAA Privacy Rule, and relevant state law)**

TO: _____

Patient Name: _____

DOB: _____

SSN: _____

I, _____, hereby authorize you to release and furnish to _____, copies of the following information:

* All mental health records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records received by other physicians. Said mental health records shall include all information regarding AIDS and HIV status.

* All autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports.

* All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.

* All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.

* All billing records including all statements, itemized bills, and insurance records.

* "Psychotherapy notes" as defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501.

* All employment or insurance records.

* All workers' compensation claims or records, including any report of injury, all treatment records, and evidence of any benefits received/paid.

1. To my mental healthcare provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive and additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my mental health, medical, or physical condition at a deposition or trial.**

2. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

3. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire in one year.

4. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign his form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicated above.

5. A notarized signature is <u>not</u> required. CFR 164.508. A copy of this authorization may be used in place of an original.

Print Name: _____ (plaintiff/representative)

Signature: _____  _____ (Dated)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

IN RE: Aqueous Film-Forming Foams (AFFF)
Products Liability Litigation

MDL No. 2873

# EXHIBIT 6

# TO CASE MANAGEMENT ORDER NO. 5
# RE: WATER & UTILITY COMPANY RECORDS
# AUTHORIZATION

2:18-mn-02873-RMG    Date Filed 08/07/19    Entry Number 205    Page 43 of 61

## AUTHORIZATION FOR RELEASE OF CUSTOMER RECORDS

TO:    _____

      *(Water Company/Utility Name)*

      _____

      *(Address)*

      _____

      (City)

CUSTOMER:    _____ (the "Customer")

ADDRESS:    _____

                    _____

     I, _____, request and authorize the above-named company/utility to release the information specified below to the organizations named on this request for the purposes of damages or claim evaluation or litigation.

Information Requested:

    1.    Any and all communications or correspondence with the Customer which specifically references PFOA, PFOS, or other perfluorochemicals;

    2.    Any and all documents relating to water service provided to the Customer, including any and all documents regarding quantity/volume of water provided or consumed;

    3.    Any and all documents relating to account billing and/or payments received from the Customer;

    4.    Any and all documents that reflect or refer to the account number or other identifying information associated with the account of the Customer or the Customer's address given above; and

    5.    Any other records concerning the file/account of the Customer.

Authorization:

     I certify that this request has been made voluntarily. I understand that I may revoke this authorization at any time, except to the extent that action has already been taken to comply with it. This consent will automatically expire within one year of the date of execution below, but in any event if revoked in writing by the Customer.

-1-

<u>Other Conditions</u>:

A copy of this authorization or my signature thereon may be used with the same effectiveness as an original.

<u>Release To</u>:

**Brian C. Duffy**
Duffy & Young LLC
96 Broad Street
Charleston, SC 29401
843-720-2044
Fax: 843-720-2047
Email: bduffy@duffyandyoung.com

**David Eidson Dukes**
Nelson Mullins Riley and Scarborough
1320 Main Street
17th Floor
Columbia, SC 29201
803-255-9451
Fax: 803-256-7500
Email: david.dukes@nelsonmullins.com

<u>Important</u>:

Copies of <u>any and all</u> documents or information provided to the law firm listed above must also be sent to the following:

**Fred Thompson, III**
MOTLEY RICE LLC
50 Clay Street
Suite 1
Morgantown, WV 26501
843-216-9000
Email: fthompson@motleyrice.com

DATE: _____    _____

                                    Customer

-2-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

IN RE: Aqueous Film-Forming Foams (AFFF)
Products Liability Litigation

MDL No. 2873

# EXHIBIT 8

# TO CASE MANAGEMENT ORDER NO. 5
# RE: WATER PROVIDER PLAINTIFF FACT SHEET

*IN RE: Aqueous Film-Forming Foams (AFFF)*
*Products Liability Litigation*

This Plaintiff Fact Sheet is to be completed by each Plaintiff in any action transferred to or originally filed in this multi-district litigation that has been brought by or on behalf of one or more public or private water suppliers, including municipalities or other local or county government entities pursuing claims related to alleged contamination of water supplies within or impacting their jurisdictions. This Fact Sheet does not include States that are plaintiffs in this MDL. For the purposes of this Plaintiff Fact Sheet, "you" and "your" refer to the public or private entity that is the Plaintiff; the Plaintiff's divisions, departments, officers, directors, agents, employees, and/or representatives; any public or private water suppliers that Plaintiff purports to represent in this litigation, and any municipality or other local or county government pursuing claims related to alleged contamination of water supplies within or impacting their jurisdictions, as well as for other Plaintiffs, but only to the extent they represent the interests of such entities in Member Actions. In completing this Plaintiff Fact Sheet, you are under oath, subject to the penalties of perjury, and must provide information that is true and correct to the best of your knowledge.  If you cannot recall all the details requested, please provide as much information as you can.  Materials prepared by your attorneys for use in the litigation (Attorney Work Product) are not required to be produced. You must complete the Plaintiff Fact Sheet in accordance with the requirements and guidelines set forth in the applicable Case Management Order.  To the extent that any response requires additional space, please insert additional space or information or attach a continuation sheet referencing the question at issue. **ALL ASPECTS OF THIS PLAINTIFF FACT SHEET ARE DESIGNATED AS CONFIDENTIAL AND COVERED BY THE PROTECTIVE ORDER**.

## I. CASE INFORMATION

1.  **Caption:** _____Docket No.: _____

## II. PLAINTIFF INFORMATION

2.  **Plaintiff's Name:** _____

   **(If Plaintiff has operated or existed under other names during the time periods alleged in the complaint, please also identify any prior names.)**

3.  **Plaintiff's Address:**_____

4.  **Identify whether Plaintiff is ❑ a public utility or ❑ an investor-owned utility.**

5.  **If the Plaintiff is not a water provider, but Plaintiff is filing on behalf of a water provider: Specify the names and addresses of all public or investor-owned utilities that Plaintiff purports to represent in this lawsuit (as well as any prior names), and state Plaintiff's relationship to those utilities.**

1

_____

_____

_____

_____

_____

## PLEASE COMPLETE PARTS III AND IV SEPARATELY

## FOR EACH WATER PROVIDER

## III. WATER PROVIDER INFORMATION

6. Identify all geographic regions or communities where the water system currently operates to provide water to customers.

_____

_____

_____

**Attach or provide GIS files, maps, or other data or documentation describing the water system's wells and distribution systems.**

7. State the number of metered accounts currently served by the water system.

_____

_____

8. State the water system's current maximum and average daily demand (MGD) by month over the past three (3) years.

_____

_____

_____

_____

_____

_____

_____

_____

2

9. Identify and describe below the water system's current treatment system(s), including any existing method for treating water that is capable of removing PFAS contamination.

_____

_____

_____

_____

10. Identify and describe all water resources and/or water supplies that the water system has used at any time since either January 1, 2000 or the date you claim contamination began, whichever is earlier, that you contend contributed to the contamination, including the geographic location of the water resource or water supply (*e.g.*, wells, surface water), the dates each well or water resource was available to be used, and the manner in which it entered the water distribution system.

_____

_____

_____

_____

_____

_____

_____

**Attach or provide documentation reflecting the information requested in the above question.**

11. Identify and describe all water resources and/or water supplies not described above that are actually or potentially available to the water system currently, including the geographic location of the water resource or water supply (e.g. wells, surface water).

_____

_____

_____

_____

_____

_____

## III. ALLEGED CONTAMINATION

12. As to your claims against the Defendants, state the location or locations where you claim that the water system allegedly contains any per- or polyfluoroalkyl substances ("PFAS," an umbrella term that includes, among other substances, perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA)); the sites which you claim to be the source

3

of the PFAS (if attributed in whole or in part to the use of or disposal of AFFF at some site, identify the site); the specific PFAS-containing products whose use or disposal you claim gave rise to the presence of PFAS (if known); and the time period during which PFAS was allegedly contained in the water system (approximate start, end date, or continuing if applicable):

| Site/Location of PFAS | Source(s) of PFAS | Product | Approximate Dates (Start Date, End Date or Continuing) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

13. As to the time period listed in your response to question 12, provide the test results and test data for all tests that you have conducted or of which you are aware of any water for the presence of PFAS or other contaminants. Include the results of all testing of the water in your water system, any storage system used by your water system, any endpoint of your water system (including homeowner or commercial taps), or any water supply or other water resource used or available for use by your water system. Specify: (a) the test date, (b) the location, depth, and description of the water tested, (c) the person or entity who conducted the test, (d) the level of any PFAS and/or other contaminants that were detected, and (e) what treatment the water received, if any, before testing.

<u>Please attach to this form or provide copies of all testing data and results.</u>

| Date | Location/Water Tested | Test Provider | Test Results (substance in PPT or "Not detected") | Treatment |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

4

| | | | | |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

14. **Do you have any documents or other information identifying the specific products that you claim to have caused the alleged contamination** *(i.e.* photos of product labels at the site, invoices, shipping labels, identity of witnesses, etc.)? ☐ Yes  ☐ No

   <u>If yes</u>: Do you have any documents or other information identifying the specific location where these products were allegedly used? ☐ Yes  ☐ No

   <u>If yes to either/both of the above questions, attach to this form or provide copies of those documents, referencing this question.</u>

   If you have other information that is responsive to this question, that is not contained in actual documents, identify that responsive information below.

   _____

   _____

   _____

   _____

   _____

15. **Do you possess information that there are or are you aware of any other sources of PFAS other than use or disposal of AFFF that have contaminated or may be contaminating your water supply?** ☐ Yes  ☐ No

   <u>If yes</u>: Identify any such sources or attach or provide documents identifying such sources.

5

_____
_____
_____
_____
_____
_____

## IV. REMEDIATION

16. Have any steps been taken to mitigate the claimed impact of any water allegedly containing any PFAS (*e.g.*, installation of any treatment or remediation systems, including GAC, reverse osmosis, ion exchange systems, discontinuing use of wells, drilling of additional or new wells, securing alternative water sources, providing bottled water, point of entry or other treatment or filter systems to customers)? ❑ Yes ❑ No ❑ Unsure

If yes, describe steps taken to mitigate the claimed impact of any water allegedly containing any PFAS, the dates on which such efforts were undertaken, and what parties took and paid for those mitigating steps.

_____
_____
_____
_____
_____

17. Do you or others currently plan to take any steps in the future to mitigate the claimed impact of any water allegedly containing any PFAS? ❑ Yes ❑ No ❑ Unknown

If yes, describe all such steps, the dates on which such efforts are to be undertaken, and what parties will take and pay for those mitigating steps.

_____
_____
_____
_____
_____

18. **Have you obtained any recovery or reimbursement of funds for investigation, testing, or remediation from any other entities (public or private) in connection with the alleged presence of PFAS in that water system?** ☐ Yes ☐ No

**If yes, please identify any such recoveries or attach or provide document sufficient to identify them, and attach or provide any documents reflecting efforts to obtain such recovery or reimbursement.**

_____

_____

_____

_____

## DOCUMENTS

Provide all the documents and records in your possession which you used and/or relied upon to complete this PFS form, including but not limited to those documents specifically requested in the above questions.

## VERIFICATION

On behalf of the Plaintiff, I declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Plaintiff Fact Sheet and verified that all of the information provided is true, correct, and complete based on the information known or reasonably available to the Plaintiff.

_____

Signature

_____

Print Name and Title/Relationship to Plaintiff

_____

Date

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

IN RE: Aqueous Film-Forming Foams (AFFF)
Products Liability Litigation

MDL No. 2873

# EXHIBIT 9

# TO CASE MANAGEMENT ORDER NO. 5
# RE: DEFENDANT FACT SHEET

*IN RE: Aqueous Film-Forming Foams (AFFF)*
*Products Liability Litigation*

The purpose of this fact sheet is for Defendant(s) to provide specific information applicable to the locations at which plaintiffs allege in the relevant Complaint(s) that the AFFF products that gave rise to their claims were used (the "Sites"), as memorialized in the list provided by the Plaintiff(s) on August 2, 2019 or in subsequent supplements to that list. You are expected to serve one Defendant Fact Sheet ("DFS") for each Site so identified and referenced in a Complaint naming you as a defendant. For the avoidance of doubt, if multiple Plaintiffs assert claims arising out of the same Sites, only one DFS need to be completed by an individual Defendant named in the relevant Complaint or Complaints for such Sites. The DFS is not meant to be a substitute for general discovery of a Defendant but rather to assist in gathering facts and information relevant to case specific and plaintiff-specific claims that cannot be obtained or has not already been obtained through Master MDL discovery demands.

In completing this information, you are under oath, subject to the penalties of perjury, and must provide information that is true and correct to the best of your knowledge. If you cannot provide all the details requested, please provide as much information as you can. If the requested information does not apply to you, you may answer, "N/A." If the requested information is not obtainable after a reasonable search, you may answer, "I don't know." If the requested information is readily ascertainable from documents provided with this DFS, you may respond by referring to those documents. To the extent you have already provided information or documents responsive to the questions in this DFS in response to master discovery demands, you may respond by referring to such information or documents. Materials prepared by your attorneys for use in the litigation (Attorney Work Product) are not required to be produced. You must complete the DFS in accordance with the requirements and guidelines set forth in the applicable Case Management Order. To the extent that any response requires additional space, please insert additional space or information or attach a continuation sheet referencing the question at issue.

## General

1.  Name of the Person Completing this DFS:
    a.  Title or Position: _____
    b.  Work Address: _____
    c.  Year(s) of employment for the Defendant: _____

2.  Name of Defendant: _____

3.  Identify the specific Site(s) to which this DFS applies:

    _____

    _____

1

## Investigation, Remediation, Site Ownership and Operation

4. Beginning in 1960 through the present, identify each contractor who you hired for investigation of soil, groundwater, surface water and/or drinking water with respect to contamination or potential contamination by AFFF at the Site, and detail as specified below. If none, answer "N/A." Please produce documents in your possession reflecting the work performed by any such contractor identified below.

| Contractor | Dates | Site or Location | Summary Nature of Investigation |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

5. Beginning in 1960 through the present, identify each contractor who you hired for remediation, cleanup and/or restoration relating to AFFF at the Site, including but not limited to replacement of soil, groundwater, surface water and/or drinking water contaminated or potentially contaminated by AFFF, and provide detail as specified below. If none, answer "N/A." Please produce documents in your possession reflecting the work performed by any such contractor identified below.

| Contractor | Dates | Site or Location | Summary of Remediation and/or Cleanup |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

6. Provide final results and data in your possession for all tests that were conducted to identify the presence of or quantify the amount of PFAS at the Site. If the requested information is

2

within your knowledge but omitted from the attached documents or is not legible from the attached documents, please also summarize that information in the table below.

| Date | Test Provider | Test Results (substance in PPT or "Not detected") | Site or Location |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

7.    For Sites other than manufacturing facilities, did you own, lease, or operate facilities at the Site?   ❏ Yes ❏ No

    a.   If yes, for each of the following parties in this MDL (and their alleged affiliates or predecessor entities), state whether you believe that the alleged presence of PFAS in the soil, groundwater, surface water and/or water system at issue in each Site identified in Question 3 to the corresponding PFS can be attributed to their products, including the locations where you believe their products were used, when you believe their products were used there, and attach or provide documentation you have about the purchase or usage of AFFF at those locations to the extent not already produced in response to Master Discovery.

        ❏ Tyco Fire Products, LP. _____

        _____

3

❑ Chemguard, Inc. _____

❑ 3M Company. _____

❑ Buckeye Fire Equipment Company. _____

❑ National Foam, Inc. _____

❑ E. I. du Pont De Nemours and Company _____

❑ Other AFFF Manufacturing Defendants (specify names) or other defendants.

Please attach to this form copies of all documents in your possession on which the above information is based.

**b.** If yes, have any steps been taken (by you or others) to mitigate the claimed impact of any soil, ground water, surface water, or drinking water containing PFAS at the Site? ❑ Yes ❑ No

4

If yes, describe steps taken to mitigate the impact of any water containing any PFAS for each Site identified in Question 3 , the dates on which such efforts were undertaken, and what parties took and paid for those mitigating steps.

_____

_____

_____

_____

_____

_____

c.  If yes, do you or others currently plan to take any steps in the future to mitigate the claimed impact of any soil, groundwater, surface water or drinking water allegedly containing PFAS at the Site? ❑ Yes ❑ No

If yes, describe all such steps, the dates on which such efforts are to be undertaken, and what parties will take and pay for those mitigating steps.

_____

_____

_____

_____

_____

_____

8.    If you answered yes to Question 7, identify any entity not named as a defendant in actions associated with the Site who may be obligated to satisfy or reimburse you for all or part of any alleged losses incurred to date or in the future in connection with the claims associated with the Site and state whether you have obtained recovery from any such entity:

_____

_____

_____

_____

9.    If you answered yes to Question 7, identify any entity not named as a defendant in actions associated with the Site who may be in whole or part responsible for AFFF and/or PFAS contamination in connection with the claims associated with the Site and state whether you have obtained recovery from any such entity:

_____

_____

_____

_____

_____

**Product Identification**

10.   Beginning in 1960 through the present, for each Site identified in Question 3, provide the following information:

    **a.**   Do you have documents that reflect sales, delivery, and/or tracking of any AFFF products by you or by a distributor to the Site(s)? ❑ Yes ❑ No.

        If yes, please produce such documents to the extent not already produced in response to master discovery. If produced in response to master discovery, please so indicate here: _____

    **b.**   For each AFFF product for which you have documentation of sales or delivery to the Site, please provide any applicable Material Safety Data Sheets ("MSDS") to the extent not already produced in response to master discovery. If produced in response to master discovery, please so indicate here: _____.

11.   Beginning in 1960 through the present, for each Site identified in Question 3 in which your AFFF product(s) was sold or distributed (based on your response to Question 10(a)),

    **a.**   State whether AFFF product(s) were sold directly or via a distributor agent and if the sold through a distributor, produce any applicable contracts or agreements with any such distributor(s) to the extent not produced in response to master discovery

    **b.**   Provide invoices and/or purchase orders and/or bills of lading for the sale of AFFF product(s) to the extent not produced in response to master discovery demands.

12.   Beginning in 1960, for each Site in Question 3, identify each distributor(s), if any, that was not a part of the Defense Logistics Agency ("DLA") or other United States government distribution system, who provided AFFF to each Site identified in Question 3, and, if unknown, identify the distributor(s), if any, who serviced the geographical area(s) identified in the corresponding Plaintiff Fact Sheet, if known. If you have provided information concerning distributors of your AFFF in response to master discovery, please so indicate here:_____:

| Distributor | Site or Location | Dates | Geographic Area (if applicable) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

13.  Beginning in 1960 through the present, for each Site identified in Question 3, identify each other entity (*e.g.* wholesalers, equipment suppliers, sales agents, or independent contractors), that was not a part of the DLA or other United States government distribution system, who was in any way involved in the sale and/or distribution of your AFFF, if known, and detail as specified below:

| Agent | Site or Location | Dates | Geographic Area (if applicable) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

14.  For each of the locations identified in Question 3 where there is alleged exposure to AFFF or PFAS, and/or where AFFF and/or PFAS has been alleged to have contaminated soil, groundwater, surface water and/or a drinking water source, list the brand name and product ID of the product(s) that was used or disposed at or near that location, if known, the time period during which the AFFF product(s) was utilized, and the date you learned or discovered that the source contained PFAS:

| Location of PFAS | Source of PFAS (if known) | Product Name and ID (if known) | Time Period (if known) | Date of Discovery (if known) |
|---|---|---|---|---|
| | | | | |
| | | | | |

| | | | | |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## DOCUMENTS

Provide all documents specifically requested in the above questions and/or used to respond to the above questions.

## CERTIFICATION

I am an authorized agent of the Defendant identified below, and I hereby certify that the matters stated herein are not the personal knowledge of the undersigned; that the facts stated herein have been assembled by authorized employees and counsel to such Defendant; and that the undersigned is informed that the facts stated therein are true. I further certify in my capacity as an authorized agent of the Defendant identified below that the responses herein are true and complete to the best of the Defendant's knowledge, based upon a reasonable diligent search and analysis of the information available to the Defendant and its counsel, and that the requested documentation has been provided.

_____
Signature

_____
Print Name

_____
Defendant's Name

_____
Title

_____
Date