# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Order Relates To**<br>Case No. 2:24-cv-03439-RMG<br>Case No. 2:24-cv-04284-RMG |

Before the Court is Defendant Illinois Union Insurance Company's motion for leave to file motion to stay the Wisconsin direct action claims against it based on arbitration agreement. (Dkt. No. 6276).

Illinois Union's proposed motion to stay two cases in this MDL: *Donald Bouvet, et al. v. 3M Co., et al.*, 2:24-cv-03439-RMG and *City of Wausau v. AG Chems. Ams., Inc., et al.*, 2:24-cv-04284-RMG. Like many cases in this MDL, the plaintiffs in those cases seek recovery from certain manufacturers of AFFF. Those cases, however, also name liability insurers of certain manufacturers as defendants and seek a determination of coverage for their claims pursuant to Wisconsin's direct action statute. As to Illinois Union, the plaintiffs in both *Bouvet* and *City of Wausau* allege that Illinois Union issued excess umbrella liability insurance policies to BASF, which is one of the manufacturing defendants. Illinois Union contends that the policies at issue in *Bouvet* and *City of Wausau* contain broad arbitration clauses that warrant a stay. (Dkt. No. 6276 at 2).

Illinois Union did not consult with Defense Co-Lead Counsel before filing its motion for leave to file. (*Id.* at 3. "Illinois Union has not sought consent from Co-Lead Counsel for Defendants to file its motion to stay."). Case Management Order No. 2.A. requires consultation with Co-Lead

1

Counsel before seeking leave of the Court to file a motion. (*See* Dkt. No. 48 at 19; Dkt. No. 130 at 1). Illinois Union's failure to consult is, alone, a basis to deny its motion for leave to file.

Illinois Union, in a reply in support of its motion for leave, attached correspondence with Co-Lead Counsel for Defendants where Illinois Union requested the consent of Co-Lead Counsel to file its proposed motion to stay. (Dkt. No. 6355-1). Co-Lead Counsel for Defendants did not consent to the filing of Illinois Union's motion. (*Id.*)

There are currently several thousand member cases in this MDL. In each of those cases, the parties are engaging in litigation through the auspices of Court-appointed lead counsel and subject to protocols agreed to by lead counsel and ordered by the Court. Those protocols include, among other things, brining a motion under the authority of lead counsel. Adhering to the protocols is necessary to ensure that these centralized proceedings are efficient and consistent—qualities that benefit all parties in the MDL and that the transferee Court is required to promote. 28 U.S.C. § 1407. Allowing any Defendant in this MDL to conduct motion practice outside the auspices of Lead Counsel would derail the centralized proceeding contemplated by § 1407 and impede each party's opportunity to participate in an organized and efficient resolution.

Defendant's motion for leave to move to stay (Dkt. No. 6276) is **DENIED**.

**AND IT IS SO ORDERED.**

      s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 15, 2025
Charleston, South Carolina