IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) |  MDL No. 2:18-mn-2873-RMG<br><br>**PRELIMINARY STATEMENT OF DEFENSES BY THE UNITED STATES OF AMERICA**<br><br>**This Document Relates to All Actions** |

**PRELIMINARY STATEMENT OF DEFENSES
BY THE UNITED STATES OF AMERICA**

Defendant United States of America identifies the following defenses, noting that some are jurisdictional and must be resolved as threshold matters:

**GENERAL DENIAL**

The United States denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. The United States further denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or omission on the part of The United States or anyone acting on their behalf. The United States reserve its rights to assert cross-claims and/or third-party claims.

**JURISDICTIONAL DEFENSES AND IMMUNITY TO SUIT**

The United States has identified two threshold issues for factual discovery regarding the claims against it in this multi-district litigation. Both issues are jurisdictional, affect a substantial number of claims, including potentially all claims, and assert the federal government's immunity to suit.

1

**The Discretionary Function Exception, 28 U.S.C. § 2680(a)**: The United States will assert that tort claims based on conduct by the United States Air Force are barred by the discretionary function exception, as the Air Force did not violate any mandatory and specific directives regarding its choice of fire suppressant AFFF, its use and disposal of fire suppressant AFFF, or its environmental response to AFFF-related contamination; and the Air Force's decisions are susceptible to policy analysis. The United States will additionally assert that tort claims based on the conduct of the United States National Guard Bureau are barred by the discretionary function exception because the Bureau did not violate any mandatory and specific directives regarding its choice of fire suppressant AFFF, its use of fire suppressant AFFF in training activities, or its environmental response to AFFF-related contamination; and the Bureau's decisions are susceptible to policy analysis. Further, to the extent that the non-training use and disposal of AFFF fire suppressants on state National Guard sites were conducted by or were the responsibility of federal employees, the United States will assert those actions are also protected by the discretionary function exception.

**CERCLA Challenges, 42 U.S.C. § 9613(h) ("113(h)")**: The United States will assert that many claims against it are precluded as challenges to CERCLA response actions.

The United States welcomes discovery on those two jurisdictional issues, to the extent authorized and relevant to the claims against it. Those that implicate sovereign immunity are not affirmative defenses; rather, the burden lies with Plaintiffs to prove that the Court has subject-matter jurisdiction. However, the United States should not be subject to other party discovery.[1]

---

[1] The Fourth Circuit and the Supreme Court have both repeatedly emphasized the importance of limited, jurisdictional discovery to determine the government's immunity to suit. *See, e.g.*, *Seaside Farm Inc. v. United States*, 842 F.3d 853, 860-61 (4th Cir. 2016) (holding that threshold jurisdictional issues must be resolved before other discovery because the value of immunity declines as the litigation proceeds); and *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("[W]e have repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in the litigation.").

**ADDITIONAL JURISDICTIONAL DEFENSES**

The United States has identified additional jurisdictional defenses to one or more claims. They include, without limitation:

1. The Federal Tort Claims Act's jurisdictional administrative claim requirement, 28 U.S.C. § 2675;

2. The Federal Tort Claims Act's jurisdictional requirement to name the correct federal defendant, 28 U.S.C. § 1346 (b)(1); 28 U.S.C. 2679(a);

3. The Federal Tort Claim's Act's jurisdictional requirement to identify a wrongful action by a federal government employee while acting in the scope of employment, 28 U.S.C. §§ 1346(b)(1), 2671;

4. The Federal Tort Claims Act's jurisdictional requirement to identify analogous private liability under state law, 28 U.S.C. §§ 1346(b), 2674;

5. The Federal Tort Claims Act's jurisdictional bar on the imposition of liability premised upon strict liability, no fault liability, absolute liability, or alleged non-delegable duties, 28 U.S.C. § 1346(b)(1) , 2401(b), 2671-2680;

6. The Federal Tort Claims Act's jurisdictional bar on money damages in excess of the sum certain set forth in Plaintiff's administrative claim, 28 U.S.C. § 2675(b);

7. The Federal Tort Claims Act's jurisdictional bar on punitive damages and pre-judgment interest, 28 U.S.C. § 2674;

8. The Federal Tort Claims Act's jurisdictional bar on equitable relief, 28 U.S.C. § 1346(b)(1);

9. The Federal Tort Claims Act's statutory bar on award of attorneys' fees, 28 U.S.C. § 2678;

10. The Federal Tort Claims Act's statutory bar on claims based on interference with contract rights, 28 U.S.C. § 2680(h);

11. The Federal Tort Claims Act's statutory bar on claims based on libel, slander, misrepresentation, and deceit, 28 U.S.C. § 2680(h);

12. All other jurisdictional exceptions to the Federal Tort Claims Act, 28 U.S.C. § 2680;

13. The unavailability of a jury trial under the Federal Tort Claims Act, 28 U.S.C § 2402;

14. Claims that fall under the exclusive jurisdiction of the Court of Federal Claims, 28 U.S.C. § 1491; *see* 28 U.S.C. § 1346(a)(2);

15. Claims that are not actionable against the federal government under the Clean Water Act (CWA), 33 U.S.C. § 1251 *et seq.*; Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901 *et seq.*; and Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601 *et seq.*;

16. The RCRA and Clean Water Act claims should be dismissed to the extent that the statutory notice requirements were not satisfied, *see* 33 U.S.C. § 1365; 42 U.S.C. § 6972;

17. The RCRA claims should be dismissed to the extent that the alleged AFFF-related contamination does not constitute hazardous waste or solid waste under 42 U.S.C. § 6903;

18. The CERCLA cost recovery claims should be dismissed to the extent that the alleged AFFF-related contamination does not involve hazardous substances as defined under 42 U.S.C. § 9601(14), *see also* 42 U.S.C. §, 9607;

19. The CERCLA cost recovery claims should be dismissed to the extent that plaintiffs fail to demonstrate the existence of a release or threatened release that has caused the plaintiffs to incur response costs that were necessary and consistent with the National Contingency Plan, *see* 42 USC 9607(4)(a);

20. The Clean Water Act claims should be dismissed to the extent that any alleged discharges were in compliance with applicable permits, *see* 33 U.S.C. § 1342(k);

21. The Clean Water Act claims should be dismissed to the extent that plaintiffs fail to demonstrate that the United States violated (A) an effluent standard or limitation under the CWA or (B) an order issued by the EPA Administrator or a State with respect to such a standard or limitation, *see* 33 USC 1365(a)(1);

22. The claims against the Federal Aviation Administration are barred, in whole or in part, by prior written agreements.

## ADDITIONAL DEFENSES

23. The United States is entitled to an offset against damages for all amounts otherwise received by Plaintiffs from the United States from any sources, and also from all collateral sources;

24. Claims are barred, in whole or in part, by the applicable statute of limitations, *see e.g.*, 28 U.S.C. §§ 2675(a), 2401(b);

25. Claims are barred, in whole or in part, by the applicable statute of repose;

26. Failure to plead facts sufficient to constitute a claim upon which relief may be granted;

27. Failure to plead facts sufficient to establish subject matter jurisdiction;

28. Lack of standing;

29. Claims are not ripe and/or have been mooted;

30. Plaintiffs are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae*;

31. Failure to join necessary parties;

32. Plaintiffs were owed no duty;

33. Any alleged duty was not breached;

34. The injuries and damages alleged by Plaintiffs were not proximately caused by any negligent or wrongful act of omission of any officer, agent, or employee of the United States;

35. Plaintiffs did not suffer any damages;

36. The Doctrine of State of the Art;

37. The Good Samaritan Doctrine;

38. Failure to mitigate damages;

39. Contributory or comparative negligence;

40. Contribution and indemnification;

41. Assumption of risk;

42. Claims are barred by consent, explicit or implied;

43. Claims are barred by the economic loss rule;

44. The doctrine of laches;

45. The doctrine of unclean hands;

46. The doctrines of estoppel and/or waiver;

47. The doctrines of *res judicata* and collateral estoppel;

48. The doctrines of intervening cause and/or superseding cause;

49. The doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

50. The doctrine of license;

51. In the event that any case directly filed with this Court were to include claims against the United States under the Federal Tort Claims Act, the Court lacks venue if the requirements of 28 U.S.C. §1402(b) are not met.

52. The United States reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

The United States does not admit or acknowledge that they bear the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pleaded in the alternative and none constitutes an admission that the United States is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. The United States reserves all rights with respect to defenses and responsive pleadings, including its right to: (1) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (2) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (3) rely upon any other

defenses that may become apparent during fact or expert discovery or investigation, (4) to amend this document to assert any such defenses, and (5) the right to assert cross-claims and third-party claims.

          Respectfully submitted,

          J. PATRICK GLYNN
          Director
          CHRISTINA M. FALK
          Assistant Director
          Torts Branch, Civil Division
          United States Department of Justice

By:   /s/ Sam Shirazi
       SAM SHIRAZI
       Trial Attorney
       Environmental Torts, Civil Division
       United States Department of Justice
       175 N Street NE
       Washington, D.C. 20002
       Telephone: (202) 532-0222
       E-mail: sam.shirazi@usdoj.gov

August 29, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all known counsel of record.

Dated: August 29, 2019                                              /s/ Sam Shirazi