RECEIVED USDC
CLERK, CHARLESTON, SC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA** 2019 SEP 27  PM 1: 50
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG **ORDER** **This Order Relates to** **Case No. 2:19-cv-02123-RMG** |

Before the Court is the State of New York's motion to remand its claims to New York

state court. (Dkt. No. 230.) For the reasons set forth below, the motion is denied.

**I.    Background**

In February 2019, the State of New York ("New York") brought claims against 3M

Company, Tyco Fire Products L.P., Chemguard, Inc., Buckeye Fire Equipment Company and

National Foam, Inc. ("Defendants") alleging that the aqueous film-forming foam ("AFFF") and

related products designed, manufactured, marketed and sold by Defendants contaminated New

York groundwater with the chemical compounds perfluorooctanoic acid/perfluorooctanoate

("PFOA") and perfluorooctane sulfonic acid/perfluorooctane sulfonate ("PFOS"), resulting in

New York incurring costs to investigate, monitor, remediate and otherwise respond to the

resulting public health risk and harm to New York's natural resources. (2:19-cv-02123-RMG,

Dkt. No. 1-1 ¶¶ 1-4.)  New York alleges that the AFFF products designed or manufactured by

Defendants, containing PFOS/PFOA, were stored or used at sites throughout New York,

including certain civilian airports. (*Id.* at 30.)  New York brought four causes of action for public

nuisance, strict products liability for defective design, strict products liability for failure to warn, and restitution. (*Id.* ¶¶ 131-57.)

In June 2019, Defendants Tyco Fire Products L.P. and Chemguard, Inc. ("Tyco/Chemguard") removed the action to the District Court for the Northern District of New York on the basis of the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (*Id.* Dkt. No. 1.) The Judicial Panel on Multidistrict Litigation (the "Panel") then transferred this matter under 28 U.S.C. § 1407 into these multidistrict litigation proceedings, finding that transfer serves the convenience of the parties and witnesses and promotes just and efficient litigation. (*Id.* Dkt. No. 19.) New York initially opposed the transfer, but then withdrew its opposition. Shortly thereafter, New York brought the instant motion to remand this action to the New York Supreme Court in Albany County.

## II.    **Legal Standard**

As the parties that invoked the Court's jurisdiction, Tyco/Chemguard bear the burden of establishing that the case was properly removed from state court. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Bennett v. Bally Mfg. Corp.*, 785 F. Supp. 559, 560 (D.S.C. 1992).   The Court should strictly construe removal jurisdiction because it "raises significant federalism concerns." *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)); *see also S.C. v. Boehringer Ingelheim Roxane, Inc.*, No. 3:07-cv-00665-CMC, 2007 WL 1232156, at *1 (D.S.C. Apr. 26, 2007).  Doubts as to the Court's jurisdiction should weigh in favor of remanding to state court. *Mulcahey*, 29 F.3d at 151.

## III.    **Discussion**

The federal officer removal statute authorizes removal to federal court of any civil action or criminal prosecution commenced in state court against "any officer (or any person acting

2

under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Thus, a private defendant, such as a government contractor, who seeks to remove a case under § 1441(a)(1) must show (1) that it was a "person acting under" a federal officer, *see e.g.*, *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007); *Ripley v. Foster Wheeler LLC*, 841 F.3d 207, 209 (4th Cir. 2016); (2) that it has a "colorable federal defense," *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999); and (3) that the charged conduct was carried out for or in relation to the asserted official authority, *see* 28 U.S.C. § 1442(a)(1). "In imposing these requirements, the statute aims to protect the Federal Government from interference with its 'operations,' primarily by providing 'a federal forum for a federal defense.'" *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 254 (4th Cir. 2017) (quoting *Watson*, 551 U.S. at 147).

Here, Tyco/Chemguard is a "person" under § 1442(a)(1), which includes "companies, associations, firms [and] partnerships." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 812 (3d Cir. 2016). The phrase "acting under" is "broad" and should be "liberally construed" in favor of the removing Defendant. *Watson*, 551 U.S. at 147. When a private entity is involved, the phrase "acting under" is interpreted to "contemplate a relationship where the government exerts some 'subjection, guidance, or control.'" *Sawyer*, 860 F.3d at 255 (quoting *Watson*, 551 U.S. at 151). "[C]ourts have unhesitatingly treated the 'acting under' requirement as satisfied where a contractor seeks to remove a case involving injuries arising from equipment that it *manufactured for the government*." *Sawyer*, 860 F.3d at 255 (emphasis in original). New York alleges that Tyco/Chemguard defectively designed AFFF products containing PFOS/PFOA, which were then "stored and/or used" at various sites across the state, including certain civilian airports. The complaint does not allege how the AFFF products arrived to the sites, but New York's argument

3

for remand is primarily that because Tyco/Chemguard sold a portion of the AFFF products to civilian airports and a portion to the U.S. military, that Tyco/Chemguard were not "acting under" a federal officer when it designed the AFFF products. Designing AFFF products to military specifications ("MilSpec") promulgated by the Department of Defense, including that the products contain the chemical class to which PFOS/PFOA belong, as Tyco/Chemours allege, may constitute "acting under" the military's guidance. The Court should reject a "narrow, grudging interpretation of the [federal officer removal] statute, recognizing that one of the most important reasons for removal is to have the validity of the defense of official immunity tried in federal court." *Acker*, 527 U.S. at 431.

Second, and relatedly, Tyco/Chemguard have a "colorable" federal defense of government contractor immunity. To assert government contractor immunity to tort liability, Tyco/Chemguard must demonstrate that "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988). "Removal need not be justified as to all claims asserted in the plaintiffs' complaint; rather, the defense need only apply to one claim to remove the case." *Sawyer*, 860 F.3d at 257. Tyco/Chemguard demonstrate this colorable defense where they contend that the AFFF products were manufactured according to MilSpec, which included specifications for the chemical class that includes PFOS/PFOA. The defense need not be "clearly sustainable" to justify removal as merely "colorable." *Acker*, 527 U.S. at 432 ("We therefore do not require the officer virtually to 'win his case before he can have it removed.'").

4

Last, Tyco/Chemguard sufficiently demonstrate that they "engag[ed] in government-directed conduct causally related to the plaintiff['s] claims." *Sawyer*, 860 F.3d at 254. To satisfy this "causation requirement" of removal on the basis of the federal officer statute, non-governmental corporate defendants such as Tyco/Chemguard "must demonstrate that the acts for which they are being sued . . . occurred *because of* what they were asked to do by the Government." *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 137 (2d Cir. 2008) (emphasis in original). This is met where there is a "causal nexus between the allegedly tortious conduct and asserted official authority," which "has been interpreted broadly." *Brady v. XE Servs LLC*, No. 5:09-CV-449-BO, No. 5:09-CV-450-BO, 2010 WL 11566021, at *2 (E.D.N.C. May 18, 2010). For this, the Court looks to whether Tyco/Chemguard demonstrated that their alleged acts "occurred *while* [they] were performing their official duties." *Isaacson*, 517 F.3d at 137-38 (emphasis in original). New York's claims arise out of use of AFFF products that it claims Tyco/Chemguard designed, and for which the military imposes MilSpec standards. The Court should "credit the [removing defendant's] theory of the case" and finds that the causation element of federal officer removal is satisfied here. *Acker*, 527 U.S. at 432.

Because the elements of § 1442(a)(1) are satisfied, entitling Tyco/Chemguard to have removed New York's tort claims and Tyco/Chemguard's federal defense to federal court, New York's motion to remand must be denied.

## IV.    **Conclusion**

For the foregoing reasons, the State of New York's motion to remand (Dkt. No. 230) is **DENIED**.

    **AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 27, 2019
Charleston, South Carolina