IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>CASE MANAGEMENT ORDER NO. 8<br><br>This Order Relates to All Actions |

**PROTOCOL FOR PRIVILEGED INFORMATION**

**I.     PURPOSE AND LIMITATIONS**

1.     **Scope.** This Order governs claims of all Plaintiffs and Defendants in this MDL (the "Parties") that may be asserted in the course of producing documents at trial in this MDL or in any individual action consolidated into this MDL for pretrial purposes, that responsive or relevant documents or information, or portions thereof (i.e., redactions), are subject to and protected from discovery by a recognized privilege, including attorney-client privilege, attorney work-product privilege, common interest protection, deliberative process privilege, an established immunity, or other similar privileges or immunities ("Privileged Information"). A party producing documents shall hereafter be referred to as a "Producing Party" and a party receiving the documents shall hereafter be referred to as a "Receiving Party." This Order supplements the Stipulated Protective Order and Order Establishing Protocol for Document Collection and Production that have been entered by the Court in this MDL, and those Orders are incorporated herein by reference. *See* Dkt. 99, Att. A & Att. B.

2.     **Limitations.** This Order is not intended to expand beyond the Federal Rules of Civil Procedure or common law any Party's obligations concerning the investigation, preservation,

1

searching, review, or production of potentially responsive or relevant documents or information in response to discovery requests that are propounded by another Party in this MDL, or preparation of privilege logs. Nor is this Order intended to limit any Party's rights to propound discovery requests, to inquire about another Party's claims over Privileged Information, to contest such claims, or to contest, challenge, or otherwise raise deficiencies with a privilege log that is produced in this MDL.

3. **No Waiver of Assertions or Objections.** Neither this Order nor any of the provisions described herein is a waiver of any Party's right to assert or object to a claim that any responsive or relevant documents, information, or portions thereof in this MDL, or in any action consolidated into this MDL, qualify as Privileged Information; or to seek further protection from the Court before withholding or producing documents, information, portions thereof, or a privilege log that any Party believes may not be adequately protected by the provisions of this Order.

4. **Application to Non-Parties.** This Order shall apply with the same force and effect as to any non-party upon whom discovery is propounded or who appears for deposition in this MDL.

## II. PRIVILEGE LOGS

5. **Privilege Logs in Other Litigation.** To the extent that a Receiving Party propounds discovery requests in this MDL seeking re-production of documents or information that a Producing Party has produced in other litigation, and to the extent that a Producing Party has produced or served a privilege log in such other litigation, a Producing Party shall produce in this MDL the privilege log corresponding to the subject production that was produced or served in other litigation. However, the Producing Party has both the right and the obligation to amend privilege log entries as necessary.

6. **Exemption from Privilege Logging.** For purposes of this Order, the following Privileged Information need not be included in a privilege log that is prepared for and produced in this MDL. For the avoidance of doubt, the provisions of this Paragraph 2 do not preclude individual parties from negotiating further exemptions.

    a.    Privileged information created after the document production cutoff date agreed to between a particular Defendant and the Plaintiffs' Executive Committee.

    b.    Privileged communications to, from, or among the Parties' outside legal counsel—or in the case of governmental entities, government litigation counsel—relating to this MDL, any individual action consolidated into this MDL, or other similar litigation;

    c.    Work product of outside counsel and/or government litigation counsel relating to this MDL, any individual action consolidated into this MDL, or other similar litigation;

    d.    Privileged communications regarding litigation holds or preservation, collection, or review relating to this MDL, any individual action consolidated into this MDL, or other similar litigation. The foregoing does not preclude a Party from seeking discovery of non-privileged information regarding such matters.

7. **Required Information on Privilege Logs.** Subject to the exceptions identified in Paragraph II.2 and 6, a Producing Party shall identify in a privilege log each document or communication, or portion thereof that is being withheld or redacted pursuant to a claim of Privileged Information. With respect to each document, or portion thereof, that is withheld or redacted, a Producing Party's privilege log shall state:

    a.    A unique document number/identifier, which need not be formatted as, or consecutive with, Bates numbers of produced documents (*e.g.*, "DefPriv 00001") (for the

avoidance of doubt, if a redacted document is logged, the log will contain the production Bates number);

    b.    The file format of the original document (e.g., MSG, DOCX, PDF, etc.), to the extent the information is available in the metadata if stored as electronically stored information ("ESI");

    c.    The existence and identity of any attachments to the document;

    d.    Author(s) and addressee(s);

    e.    Person(s) to whom a copy (Cc) was furnished;

    f.    Persons(s) to whom a blind copy (Bcc) was furnished;

    g.    The date the document was sent or last modified;

    h.    Subject or title of the document, to the extent that it does not reveal Privileged Information; if the disclosure would reveal information that is itself Privileged Information, then the field shall state "See privilege description.";

    i.    An identifier for each type of privilege being asserted (*e.g.,* "ACP" for attorney-client privilege, "WP" for work product, or other descriptions as necessary based on the specific privilege being claimed);

    j.    A description of the exact basis, legal or otherwise, for the Producing Party's claim that such document or portion thereof is subject to a claim of privilege or immunity from discovery. Should the subject or title of the document itself reveal Privileged Information, this description shall describe the subject matter of the document in a non-privileged manner;

    k.    Custodian(s) of the document if available, and otherwise a description of the source of the document.

8. **Separate Entries for Attachments.** If an attachment to a document or communication is also being withheld on the grounds of privilege, in addition to being identified as required by Paragraph II.3.(c.), such attachment(s) shall be identified in the privilege log as a separate document in the immediate sequence of the initial document. For purposes of clarity, families of documents should be logged together in sequence.

9. **Logging By Email Thread Permitted.** To the extent a Producing Party withholds email communications or messages that are included within one individual email thread, and each email communication or message within the individual thread is subject to the same claim of privilege, the Producing Party may include only a single privilege log entry for multiple email messages contained in the same email thread. The email message that will be logged will be the most inclusive thread. Unique communications not contained in the same thread must be logged or produced. If the most inclusive email in a thread is redacted in its entirety as privileged, but earlier emails in the thread are responsive and not privileged, then the unredacted portion of the thread must be produced.

10. **Use of Technology to Generate Privilege Logs.** To aid and facilitate the preparation of privilege logs, a Producing Party may use technological tools and/or software to assist in populating the required fields set forth in Paragraph II.3. For the avoidance of doubt, this Paragraph contemplates, but is not limited to, extracts of ESI metadata associated with a withheld document and/or coding applied to a withheld document via an industry standard electronic document review database. A Producing Party's use of such technology in no way excuses that Party's obligation to comply with the standards imposed by this Order.

11. **Privilege Log File Type.** Except as provided in Paragraph II.1. concerning privilege logs produced or served in prior litigation, to facilitate the efficient and economical

analysis and potential challenge of any privilege log, a Producing Party shall format and produce or serve privilege logs in this MDL in a Microsoft Excel file, Microsoft Word file, or such other file that permits electronic sorting and searching. Transmission of a privilege log in a Microsoft Excel, Microsoft Word, or sort-capable electronic file is subject to the transmittal method set forth in Paragraph III.8., below.

12.     **Production and Transmittal Method.**  A Producing Party shall produce and transmit privilege logs in this MDL via email attachment to afffmdlprivlog@duffyandyoung.com and AFFFProduction@napolilaw.com. At the time of such production and transmittal, a Producing Party may apply industry standard metadata removal software to scrub internal and/or hidden metadata that may be contained or embedded in the Microsoft Excel, Microsoft Word, or other sort-capable electronic file that the Producing Party produces as a privilege log.

13.     **Timeframe for Producing Privilege Logs.**  For any production made after the date of entry of this Order, a Producing Party shall produce a privilege log with respect to each particular production no later than 63 days from the date upon which the production was made. For productions made prior to the date of entry of this Order, a Producing Party shall produce a privilege log with respect to those productions no later than 63 days from the date of entry of this Order. For good cause shown, these deadlines may be subject to revision by agreement of the Parties and/or permission of the Court.

14.     **Amending Privilege Logs**.  Should a Producing Party serve an amended or modified version of an existing privilege log (including an amended or modified version of a log contemplated in Part II.1 above), that Party shall serve either an accompanying cover letter detailing the amendments and/or a tracked changes version of the amended or modified privilege log.

### III.  CONTESTING PRIVILEGE ASSERTIONS AND PRIVILEGE LOGS

15. **Right to Contest.** A Receiving Party may contest, challenge, or otherwise assert deficiencies (such a Receiving Party thereby becoming a "Contesting Party") to a Producing Party's claim that Privileged Information is protected from discovery or subject to inclusion on a Producing Party's privilege log, including such privilege logs produced in this MDL in accordance with Paragraph II.1 in accordance with Paragraph III.2 below. Nothing in this Order shall limit a Contesting Party's right to raise such contests, challenges, or deficiencies, regardless of whether they are made on grounds related or unrelated to the document, fact, or circumstances of a Producing Party's claim.

16. **Meet and Confer and Contest Procedures.** Following a Producing Party certifying that its document productions are "substantially complete," a Contesting Party shall set forth in writing its contest(s) to, or asserted deficiency(ies) in, the privilege log(s) of a Producing Party. The Contesting Party shall identify the documents, information, and/or privilege log entries contested, and shall articulate supporting reason(s). Contests or asserted deficiencies not communicated by the later of (1) 30 days prior to the earliest deadline for completion of fact discovery applicable to the production to which the contested log pertains, or (2) 30 days after receipt of the log, shall be waived.

The Producing Party shall have no more than 21 calendar days to respond in writing to the contest(s), challenge(s), or deficiency(ies) set forth by the Contesting Party. Within 14 calendar days of a Producing Party's written response, the Parties shall meet and confer about whether a resolution can be reached as to each of the Contesting Party's challenges. In the event a dispute remains and the Parties are at impasse despite good faith efforts, either Party may file an appropriate motion or application for relief, as provided by the District of South Carolina Local

7

Rules and the Court's Case Management Orders and procedures for asserting motions. Such a Motion need not be noticed for presentment under District of South Carolina Local Rule 7.1. For good cause, the Producing and Contesting Parties and/or the Court may modify the timelines set forth in this provision.

17. **Burden of Proof.** The Producing Party shall have the burden of demonstrating that the documents or information withheld from discovery or disclosure are properly withheld as qualifying as Privileged Information.

### IV. MODIFICATION AND SEPARATE AGREEMENTS

18. **Modification Permitted.** This Order may be modified at any time by the Court on its own motion or, for good cause shown as demonstrated on motion of a Party or non-party, or by agreement of the Parties with the Court's approval.

19. **Further Conferral and Agreements Permitted.** This Order does not prevent the Parties from negotiating additional, or separate, agreements regarding claims over Privileged Information, privilege logs, and contests thereto.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

November 1, 2019
Charleston, South Carolina