**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG<br><br>**This Document Relates to<br>Case No. 2:19-cv-02607-RMG** |

**STATE OF NEW YORK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
FOR PERMISSION TO SEEK LEAVE TO AMEND AND ITS MOTION FOR LEAVE
TO AMEND**

                                                    LETITIA JAMES
                                                    Attorney General
                                                    State of New York
                                                    *Attorney for Plaintiff*

*By*: Brendan McGrath
Matthew J. Sinkman
Philip Bein
Assistant Attorneys General

1

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................................3

FACTUAL AND PROCEDURAL BACKGROUND....................................................................4

    I.    New York's Amended Complaint ..............................................................................4

    II.   New York's Notice of Claim against the United States under the Federal Tort Claims Act ..................................................................................................................5

STANDARD OF REVIEW .............................................................................................................6

ARGUMENT...................................................................................................................................7

    I.    The State Should Be Allowed to Move to File a Second Amended Complaint in this Action..................................................................................................................7

    II.   New York's Proposed Second Amended Complaint Sets Forth Proper and Well-Pled Claims for Relief Against the United States....................................................7

    III.  No Reasonable Basis Exists for Denying New York's Motion for Leave to Amend ...........9

CONCLUSION..............................................................................................................................10

**PRELIMINARY STATEMENT**

Plaintiff State of New York (the "State" or "New York") submits this memorandum of law in support of its motion, filed pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure ("F.R.C.P."), for an order granting the State permission to seek leave to amend and granting the State leave to file a Second Amended Complaint that would add the United States as a defendant. A copy of the State's proposed Second Amended Complaint ("SAC") is attached in redlined and clean versions as Exhibits A and B, respectively, to the Declaration of Brendan McGrath ("McGrath Decl."), dated January 17, 2020, annexed hereto. This is the first and only request by the State to amend its pleading, which the State previously amended as of right under New York law prior to effecting service.

New York brought this action against six manufacturers of aqueous film-forming foam ("AFFF") containing the toxic chemicals perfluorooctanoic acid/perfluorooctanoate ("PFOA"), perfluorooctane sulfonic acid/perfluorooctane sulfonate ("PFOS"), and other chemicals that transform into PFOS or PFOA (collectively, "PFOA/S"), and two manufacturers of PFOA/S whose PFOA/S was incorporated into the other manufacturers' AFFF products. As alleged in the Amended Complaint, the eight manufacturers are liable to the State for costs it has incurred and will incur to protect public health and the environment from discharges of AFFF products containing PFOA/S at the sites listed in the Amended Complaint. Through its Amended Complaint, New York seeks to recover its costs in investigating, monitoring, and remediating PFOA/S contamination from AFFF discharged to the State's waters and land and damages for injuries to State natural resources, and seeks an injunction requiring defendants to, among other things, perform remedial work.

New York now seeks permission for leave to amend its complaint in this action to add claims for similar relief against the United States of America ("United States"). New York seeks to assert claims under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), against the United States based on the negligent conduct of the U.S. Department of Defense, the U.S. Air Force, the U.S. National Guard Bureau, and the Air National Guard of the United States by employees, agents, and those acting under the direction or supervision of the United States. These acts or omissions resulted in discharges of these AFFF products containing PFOA/S into groundwater, and onto lands, in and around MacArthur Airport in Ronkonkoma ("MacArthur Airport") and Defense Fuel Support Point in Verona ("Verona").

New York's proposed claims against the United States are meritorious and cause no prejudice to any party or proposed party. The claims arise out of the same facts and circumstances as those in New York's Amended Complaint against the manufacturers of AFFF products and PFOA/S products, relate to two of the same locations in New York, and seek similar relief. The parties in this action have just begun discovery, and at this early stage, the United States retains its rights and abilities to fully participate in discovery and defend themselves on New York's proposed claims. Moreover, the United States is already a named party in a number of cases in the MDL, including *State of New York v. 3M Company et al.* (Case No. 2:19-cv-01022-RMG). Consequently, this Court should freely give leave to New York to file its proposed SAC in this action.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.     New York's Amended Complaint

Through its Amended Complaint, New York alleges that six AFFF manufacturers and the two manufacturers whose PFOA/S the AFFF manufacturers incorporated into their AFFF products, designed, manufactured, marketed, and sold AFFF products that were discharged into

4

the environment at or from sites throughout New York. *See* Amended Complaint at ¶ 2. New York also alleges that such discharges pose an unacceptable risk to public health and the environment in the State, including to New York's fish and other wildlife, due to the presence of the toxic chemical compounds PFOA/S in AFFF products sold by these manufacturers. *See id.* at ¶¶ 3, 14. In the Amended Complaint, New York alleges that such discharges occurred at or from eighteen sites located in the State, including MacArthur Airport and Verona. *See id.* at ¶ 6.

New York has brought this action as *parens patriae* and representative of all residents and citizens of the State, as trustee and guardian of the State's natural resources, on its own behalf in its sovereign and proprietary capacities, and pursuant to its statutory role to protect public health and the environment. *See id.* at ¶¶ 5, 15-18. Through its Amended Complaint, New York has asserted causes of action against the six AFFF manufacturers and two PFOA/S manufacturers in public nuisance, strict products liability for defective design and failure to warn, and restitution. *See id.* at ¶¶ 81-107. Among other things, New York seeks to recover its costs incurred and to be incurred in investigating, monitoring, remediating, and otherwise responding to injuries and/or threats to its public health and environment caused by the manufacturers' AFFF products; damages from harm to the State's natural resources; and an order requiring the manufacturers to perform investigative and remedial work in response to the threats and/or injuries they have caused. *See id.* at ¶ 4.

On May 20, 2019, the Court lifted a stay of all discovery proceedings that had previously applied to actions in this MDL. *See* MDL No. 2873, Case Management Order No. 4, Doc. No. 99, at ¶ 1. Discovery has only just begun in this case and the United States, as a defendant in multiple cases, has been involved in that process.

## II.     New York's Notice of Claim against the United States under the Federal Tort Claims Act

On April 25, 2018, prior to filing the Complaint, New York served a notice of claim upon agencies of the United States for damages and related relief pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675(a). *See* SAC" at ¶ 123. The notice alleges harm to the State's drinking water sources, to its public health, and to New York's natural resources. The notice alleges that such harms are due to the negligent acts and/or omissions of the U.S. Department of Defense (including the Air National Guard), other federal agencies, and/or their employees or agents that caused AFFF containing PFOA/S to enter the environment. New York, through its notice, alleges that these acts and/or omissions constitute "run-of-the-mill" negligence that is not protected by the discretionary function exemption to the federal government's waiver of sovereign immunity as set forth in 28 U.S.C. § 2680(a). The United States denied this claim on July 18, 2019. *See* McGrath Decl. at ¶ 3.

## STANDARD OF REVIEW

F.R.C.P. 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court explained that a plaintiff "ought to be afforded an opportunity to test his claim on the merits" when the "underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *See also* 3 *Moore's Federal Practice* (3d) § 12.34[5], at 12-17 (most courts conform to the teaching of *Foman v. Davis* by not denying a motion to amend without "substantial reason" to do so). The Supreme Court further instructed that the Federal Rules' "mandate" that leave should be "freely give[n]," is "to be heeded." *Id.* In the Fourth Circuit, the law is "'well settled' that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (*quoting*

6

*Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original). "Delay alone is an insufficient reason to deny leave to amend." *Id.*

## ARGUMENT

### I. The State Should Be Allowed to Move to File a Second Amended Complaint in this Action

The State of New York respectfully seeks leave of the Court to file a motion to further amend the Amended Complaint to add the United States as a defendant. In Case Management Order ("CMO") No. 3.B, the Court set a deadline of September 4, 2019 for moving to amend a case to add new parties. Prior to that deadline, the State had already named the United States as a defendant in another case filed by the State. *See* Case No. 2:19-cv-01022-RMG, ECF No. 53. When that deadline passed, this case had not yet been transferred to the MDL. *See* Case No. 2:19-cv-02607-RMG, ECF No. 9. The State submits that moving to amend the State's Amended Complaint herein to add the United States should be allowed because this party was previously added as a defendant by the State in the MDL and because the State would not have been able to seek leave of this Court to further amend this Amended Complaint prior to the Court obtaining jurisdiction over the matter. In addition, having been made a party to the State's other case, the United States would suffer no prejudice from allowing the State to move to amend this complaint.

### II. New York's Proposed Second Amended Complaint Sets Forth Proper and Well-Pled Claims for Relief Against the United States

The Amended Complaint proposes to add the United States, upon allegations that form the basis of legitimate and viable causes of action against this new defendant. The proposed amendment is not futile, is not brought by undue delay or bad faith, and would not cause undue prejudice to any present defendant to this action or to the new defendant that New York hereby seeks to add. Consequently, the Court should grant New York's motion for leave to amend the

7

Complaint. The proposed causes of action are well-grounded under New York law. The Amended Complaint sets forth well-pled causes of action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), in negligence and public nuisance. *See* SAC at ¶¶ 116-129. The FTCA is an express waiver of sovereign immunity by the federal government that allows monetary compensation to be awarded when injuries are caused by negligent actions of government employees that do not implicate policy concerns. *See*, *e.g.*, *Dalehite v. United States*, 346 U.S. 15, 30 (1953). New York will allege negligent acts and/or omissions by DOD and its employees, agents, and those acting under their direction or supervision at MacArthur and Verona that caused injury to New York. *See* SAC at ¶¶ 83-88. As a result of these negligent acts, the State will seek cost recovery and natural resources damages, among other things, owing to the breach of duty to exercise reasonable care by the DOD and/or its employees or agents in the use, storage, and handling of AFFF containing PFOA/S at these sites. *See id*. at ¶ 120. The various acts of negligence by DOD employees and/or agents and/or those acting under their direction and supervision also demonstrate that the United States is liable in damages for creating and maintaining a public nuisance. *See id*. at ¶¶ 124-129.

Moreover, New York, through this Amended Complaint, may proceed with its claim because it has complied with the FTCA's statutory notice prerequisites to filing a court claim. Prior to bringing this claim, the State presented a written claim to the federal government in April 2018 in accordance with 28 U.S.C. § 2675(a). *See* SAC at ¶ 123. The United States denied New York's claim by letter dated July 18, 2019. *Id*. As such, this application is timely made. *See* 28 U.S.C. § 2401(b).

Additionally, for the reasons above, the proposed Amended Complaint against the United States is not futile. Notably, the proposed causes of action against the United States arise out of

the same facts and circumstances as in New York's Complaint against the defendant manufacturers. New York's new allegations relate to similar allegations about injuries from AFFF products, pertain to two of the same sites, and seek the same relief as in the Complaint.

## III.        No Reasonable Basis Exists for Denying New York's Motion for Leave to Amend

There is no undue prejudice to the United States by virtue of allowance of the amendment. Indeed, at this stage, there has been only minimal discovery, and the United States has participated in that discovery. Thus, the United States has had and will continue to have a full and fair opportunity to present facts and evidence supporting any defenses, and the proposed amendment would not require any alteration to any discovery deadlines or prolong resolution of this matter. Moreover, with this amendment of the complaint, there is no undue delay, bad faith or dilatory motive on the State's part, and there are no repeated failure to cure deficiencies by amendments previously allowed. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

As mentioned above, the United States is already defending similar claims in this MDL proceeding brought against it by a number of parties, including the State of New York, in connection with its activities at military sites around the State. *See State of New York v. 3M Co., et al.*, 2:19-cv-01022-RMG (D.S.C). In that case, the State of New York asserts the same causes of action against the United States that are in the proposed Second Amended Complaint submitted with this motion: negligence and public nuisance. *See* SAC at ¶ 116-129; Am. Compl. 2:19-cv-01022-RMG, ECF No. 53. The only difference is that those claims are now extended to two additional sites: Verona and MacArthur (which are already included in this action against the Manufacturing Defendants). As detailed in the proposed Second Amended Complaint, AFFF products were used at Verona and MacArthur Airport since at least the 1980s and 2007, respectively. *See* SAC at ¶¶ 84-88. Just as at the other sites listed in the State's other action against the United States in the MDL (2:19-cv-01022-RMG), the proposed Second Amended

Complaint alleges that DOD negligently caused spills, leaks, and/or other discharges of AFFF and PFOA/S at both Verona and MacArthur and that these negligent acts have created a public nuisance.

Other plaintiffs in the MDL have also made claims against the United States that are similar to the claims made by the State here.  In *City of Newburgh v. United States of America et al.*, Case No. 2:18-cv-03358-RMG (D.S.C.), it is alleged that the United States and its agencies are liable under various federal environmental laws due to the federal government's conduct at Stewart Air Base in New York that caused unlawful discharges of AFFF product from the site and the contamination of nearby drinking water supplies by PFOA/S.  Similarly, *County of Suffolk v. United States*, 2:19-cv-01181-RMG (D.S.C.), involves various claims against the United States military under federal law, including the FTCA, in addition to claims under New York and common law, arising from the federal government's negligent conduct at Gabreski Airport in New York.

## CONCLUSION

For the reasons stated above, the Court should give the State permission to seek leave to amend the Amended Complaint and should grant leave to amend.

Dated:  January 17, 2020
       Albany, NY

Respectfully submitted,

LETITIA JAMES
Attorney General of the State of New York

*Attorney for Plaintiff the State of New York*

By:  */s/ Brendan McGrath*

    Brendan McGrath
    Matthew J. Sinkman
    Philip Bein
    Assistant Attorneys General

    Environmental Protection Bureau
    New York State Office of
    the Attorney General
    The Capitol
    Albany, New York 12224
    Brendan.McGrath@ag.ny.gov
    Matthew.Sinkman@ag.ny.gov
    Philip.Bein@ag.ny.gov
    (518) 776-2400
    (212) 416-8446