IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCT LIABILITY LITIGATION | ) ) ) ) ) MDL No. 2:18-mn-2873-RMG |

**AGREEMENT AND STIPULATED ORDER FOR
EXCEPTIONS TO CASE MANAGEMENT ORDER NO. 4**

Whereas, Defendant National Foam, Inc. ("National Foam") represents that it has no insurance coverage at present and desires to reduce its costs of complying with outstanding discovery in MDL 2873; and

Whereas, the Plaintiffs' Executive Committee ("PEC") on behalf of all Plaintiffs in MDL 2873 ("Plaintiffs") seeks to expedite document production of ESI and other papers from National Foam; and

Whereas, National Foam and the PEC, the "Parties", through their respective counsel, agree to a primarily "no-eyes-on" document production as to relevancy while National Foam still performs a privilege review for ESI it will be producing should this Agreement become a Stipulated Order permitting certain exceptions from the requirements in Case Management Order No. 4 ("CMO #4") and corresponding Attachment B Protective Order (Doc. 99) for ESI produced pursuant to this process, which will apply to all the parties in MDL 2873,

WHEREFORE, IT IS STIPULATED AND AGREED as follows:

The Parties have agreed on an ESI production process (the "Process"). To the extent that any of the below provisions are inconsistent with either CMO #4 or the Protective Order (Doc. 99), the below provisions shall control all documents produced pursuant to this Stipulated Order. All ESI produced by National Foam pursuant to the Process will be subject to the following terms:

1

1.  At the time of production, National Foam will identify all documents and ESI being produced as "Highly Confidential" pursuant to CMO #4 and the Protective Order without regard to the provisions of the Protective Order requiring that such designations only be made on a good faith basis. The Parties agree to this exception of CMO #4 and the Protective Order since National Foam will not be conducting a substantive review of the produced documents. . For the avoidance of doubt, the only party afforded an exception to CMO #4 and allowed to over-designate documents and ESI as "Highly Confidential" by this agreement is National Foam.

2.  Any party in MDL No. 2873, including the Plaintiffs will maintain all documents and ESI produced pursuant to the Process as Highly Confidential and not use the documents or ESI for any purpose outside of the purposes identified in the Protective Order for documents bearing a Highly Confidential designation, until or unless any party in MDL No. 2873, including the Plaintiffs or PEC exercises its right to contest the Highly Confidential designation on any document and the challenge is resolved either by agreement of the Parties or another party in MDL No. 2873, or ruling by the Court.

3.  Until documents or ESI are de-designated , access to the documents and ESI is limited to attorneys and staff at outside counsels' firms and their consultants who execute the Acknowledgement and Agreement to be Bound by the Protective Order pursuant to CMO #4 and agree to be subject to the restrictions of this CMO. This obligation shall extend to other parties in MDL No. 2873.

4.  Any party in MDL No. 2873, including the Plaintiffs, may challenge such confidentiality designations in accordance with the terms of CMO #4 and the Protective Order (Doc. 99).

5. National Foam shall have the right to identify any document, file, or other form of ESI produced pursuant to the Process as both being irrelevant to the matters in dispute in this MDL and containing trade secret or other confidential information and to "claw back" such ESI or documents from the production. After Plaintiffs or another party in MDL No. 2873 identify a particular document, file, or other ESI for intended use pursuant to Paragraph 3, National Foam shall have 14 days to seek claw back of the particular document pursuant to this paragraph; this latter requirement does not apply to documents, files, and other ESI produced pursuant to the Process that have not been identified for use by Plaintiffs pursuant to Paragraph 4, which may be clawed back at any time.

6. National Foam shall have the right to identify any such documents or ESI as subject to the requirements of the Order Establishing Protocol for Document Collection and Production Attachment A to CMO #4 and to require the redaction of the information set forth in that Order; in that event, National Foam shall provide Plaintiffs or other parties to MDL No. 2873 with a redacted version of the subject documents or ESI with the same production Bates number(s) and Plaintiffs or other party to MDL No. 2873 shall destroy any unredacted copies or versions of the document that they possess, after final resolution of any appropriate challenge thereto.

7. Federal Rule of Evidence 502(d) protection for privileged information produced pursuant to the Process:

   a. Pursuant to Federal Rule of Evidence 502(d), production or disclosure pursuant to the Process of the substance or content of documents, materials, or other information that is protected by the attorney-client privilege, work-product protection, or any other privilege or protection shall not amount to waiver of the privilege and/or protection in this MDL, or in any other federal or state proceeding.

3

b. If any party to MDL No. 2873 identifies a document, material, or other information in the documents and ESI produced pursuant to the Process that reasonably appears to be protected by any privilege or other protection, they shall promptly notify National Foam in writing or email. If National Foam determines that the document, material, or other information is privileged or otherwise protected, it shall make such an assertion in writing within 14 days of receipt of notification. Once the privilege or protection is asserted, the parties shall follow the process discussed in Federal Rule of Civil Procedure 26(b)(5)(B). Failure to assert the privilege or protection within 14 days of receipt of notification shall amount to waiver of any privilege or protection only of the document, material, or other information identified in the notification, subject to Federal Rule of Evidence 502(a).

c. For any document, material, or other information produced or disclosed during discovery, and not identified pursuant to section (b) of this Paragraph, National Foam shall assert any claim of privilege or protection in writing (including by email) within 14 days after another party to MDL No. 2873, including Plaintiffs, identify the material for use pursuant to Paragraph 4 of this CMO. Once the privilege or protection is asserted, the parties shall follow the process discussed in Federal Rule of Civil Procedure 26(b)(5)(B). Failure to assert the privilege or protection shall amount to waiver of the privilege or protection only of the document, material, or other information used, subject to Federal Rule of Evidence 502(a).

d. Unless waived under sections (b) or (c), at any time, a party that produces any document, material, or other information that it believes to be protected by the

attorney-client privilege, work-product protection, or any other privilege or protection may assert the privilege or protection in writing. Once the privilege or protection is asserted in writing, the parties shall follow the process discussed in Federal Rule of Civil Procedure 26(b)(5)(B).

SO STIPULATED,

/s/ *Michael A. London*
Michael A London
Douglas and London PC
59 Maiden Lane 6th Floor
New York, NY 10038
P: (212)-566-7500
F: (212)-566-7501
mlondon@douglasandlondon.com

Paul J. Napoli
Napoli Shkolnik PLLC
1301 Avenue Of The Americas 10th Floor
New York, NY 10019
P: (212)-397-1000
F: (646)-843-7603
pnapoli@napolilaw.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue Suite 1100
Dallas, TX 75219
P: (214)-521-3605
ssummy@baronbudd.com

*Co-lead Counsel for Plaintiffs*

/s/*Keith E. Smith*
Keith E. Smith
Greenberg Traurig, L.L.P.
1717 Arch Street, Ste 400
Philadelphia, PA 19103
P: (215) 988-7800
smithkei@gtlaw.com

*Counsel for Defendant, National Foam, Inc.*

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 13, 2020
Charleston, South Carolina

5