**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | MDL NO. 2:18-MN-2873-RMG  **DEFENDANT AMEREX CORPORATION'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES**  **This Document Relates to All Actions.** |

Defendant Amerex Corporation ("Amerex"), by and through undersigned counsel, and pursuant to the Court's instructions at the June 21, 2019, and July 26, 2019 status conferences, hereby respond to all Complaints filed by all Plaintiffs and pending in the MDL in which Amerex has been named as a defendant and to any other Complaint filed by any other Plaintiff against Amerex that becomes subject to the administration of this MDL (hereinafter all such complaints or amended complaints filed against Amerex are referred to collectively as "Complaint" or "Complaints" and the plaintiffs in those Complaints are referred to collectively as "Plaintiffs"), as follows:

GENERAL DENIAL & RESERVATION OF RIGHTS

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Amerex denies each and every allegation set forth in Plaintiffs' Complaints, the Complaints as a whole, and each and every cause of action alleged in the Complaints. Amerex demands strict proof of those causes of action by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Amerex also denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted; denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all;

and denies that Plaintiffs are entitled to relief of any type, by reason of any act, breach, or omission on the part of Amerex or anyone acting on its behalf.

Amerex further reserves its rights to assert cross-claims and/or third-party claims.

## AFFIRMATIVE DEFENSES

Amerex asserts the following affirmative defenses in response to the allegations in each of the Complaints filed in the above-captioned actions:

1. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Amerex.

2. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks personal jurisdiction over Amerex, and the Complaint should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3. Plaintiffs' claims are barred or limited for lack of standing.

4. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

5. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

6. The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

7. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Amerex is entitled to immunity from suit under the government contractor defense. *See Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

8. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

9. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiffs are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae*.

10. Plaintiffs' claims are not ripe and/or have been mooted.

11. Plaintiffs' claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

12. Plaintiffs may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

13. Plaintiffs may be barred by the doctrines of estoppel, quasi-estoppel and/or waiver from all forms of relief sought in the Complaint.

14. Plaintiffs' Complaint is barred by and/or the relief requested is unavailable under the doctrines of consent, ratification, unclean hands, unjust enrichment, failure to mitigate damages, release, assumption of the risk, balancing of relative hardships and other equitable doctrines.

15. Plaintiffs may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

16. Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

17. Any injuries and/or damages sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms,

3

corporations, or entities over whom Amerex had no control or right of control and for whom Amerex is not responsible.

18. Amerex denies, to the extent the actions alleged may have occurred, that any entity or person engaging in the activities alleged was acting as the agent or servant of Amerex, or at the instruction or subject to the control of Amerex with regard to any of the actions described in the Complaint. Accordingly, Amerex is not liable for any acts or omissions of such third parties as a matter of law.

19. Any injuries and/or damages sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

20. Plaintiffs' claims are or may be barred, in whole or in part, to the extent that Amerex's products were unforeseeably misused or altered.

21. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

22. Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

23. Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

24. Plaintiffs cannot recover against Amerex, because they had the last clear chance to avoid their alleged injuries and damages.

25. Plaintiffs' recovery is reduced or precluded by the doctrines of offset, setoff, and/or recoupment. Amerex is entitled to a set-off or credit in the amount of any settlement or

compromise reached by Plaintiffs with any other person or entity for any of Plaintiffs' alleged damages.

26. Plaintiffs' claims are or may be barred, in whole or in part, because Amerex used proper methods in designing, testing, and manufacturing its products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

27. Plaintiffs' claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

28. Plaintiffs' claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Amerex that are the subject of Plaintiffs' claims. Amerex is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

29. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

30. Plaintiffs' claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without

limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

31. Plaintiffs' claims are or may be barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

32. Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, because Plaintiffs did not provide Amerex reasonable notice of any alleged breach.

33. Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

34. Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Amerex, and in the event that Amerex is found to be liable to Plaintiffs, Amerex will be entitled to indemnification, contribution, and/or apportionment.

35. Amerex asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its right to a proportionate reduction or elimination of any damages found against Amerex based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

36. Plaintiffs' claims against Amerex are barred or limited by the economic loss rule.

37. Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

38. Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

39. Plaintiffs' claims against Amerex are or may be barred, in whole or in part, under the firefighter/fireman's rule and/or public duty doctrine.

40. Plaintiffs' claims are or may be barred in whole or in part under the free public services doctrine or municipal cost recovery rule.

41. Plaintiffs' claims are or may be barred for lack of proximate causation between any alleged act or omission of Amerex and the claims, damages, and harm alleged in the Plaintiffs' Complaint.

42. Plaintiffs' claims for trespass or nuisance are or may be barred in whole or in part because any alleged trespass or nuisance was unintentional, unforeseen, a necessity, and/or de minimus and therefore non-compensable.

43. Plaintiffs' claims are or may be barred in whole or in part because there was not an alternative feasible design for the products at issue.

44. Plaintiffs' claims are or may be barred in whole or in part due to a lack of privity between the Plaintiffs and Amerex.

45. Plaintiffs' claims against Amerex are barred, in whole or in part, because Amerex's acts and omissions, if any, were legally authorized.

46. During the Amerex activities referenced by Plaintiffs in their Complaints, Amerex was operating in compliance within all applicable industry and government standards and regulations, consistent with industry custom and the applicable standard of care, and/or were reasonable as a matter of law.

47. Plaintiffs have not pled a violation of any law or contract authorizing the recovery of attorneys' fees, and therefore any such recovery is barred.

48. Plaintiffs' claims for punitive or exemplary damages are or may be barred or limited to the extent they violate Amerex's due process and other constitutional rights under the U.S. Constitution, applicable state constitution(s), and other applicable federal and state law.

49. Plaintiffs failed to plead the applicable elements to their stated causes of action. Therefore, their Complaint must be dismissed.

50. Plaintiffs failed to plead facts sufficient to state a claim to relief that is plausible on its face, as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Therefore, their Complaint must be dismissed.

51. Amerex reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

52. Amerex adopts by reference any additional applicable defense pled by any other defendants not otherwise pleaded herein.

53. Amerex adopts by reference any additional applicable defense asserted by other defendants prior to transfer in any case transferred to this MDL.

Amerex does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitutes an admission that Amerex is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Amerex reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer

or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

This 27th day of February, 2020.

/s/ Paul A. Dominick
Paul A. Dominick (Fed ID No. 0577)
Alexandra H. Austin (Fed ID No. 12496)
Nexsen Pruet, LLC
205 King Street, Suite 400
Charleston, South Carolina 29401
T: (843) 720.1734
F: (843) 414.8203
pdominick@nexsenpruet.com
aaustin@nexsenpruet.com

Jennifer A. Simon
Georgia Bar No. 636946
Kazmarek Mowrey Cloud Laseter LLP
1230 Peachtree Street, Suite 900
Atlanta, GA 30309
T: (404) 812-0126
F: (404) 812-0845
jsimon@kmcllaw.com

J. Alan Truitt (TRU009)
D. Bart Turner (TUR053)
Kazmarek Mowrey Cloud Laseter LLP
3008 7th Avenue South
Birmingham, AL 35233
T: (205) 777-7972
atruitt@kmcllaw.com
bturner@kmcllaw.com

*Attorneys for Defendant Amerex Corporation*