**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> **This Document Relates to** <br> **Case No. 2:18-cv-03489-RMG** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF NEW JERSEY AMERICAN WATER COMPANY, INC.'S MOTION FOR LEAVE TO AMEND COMPLAINT[1]**

**PRELIMINARY STATEMENT**

Plaintiff New Jersey American Water Company, Inc. ("NJAW"), submits this memorandum of law in support of their Motion for Leave to Amend the Complaint, filed pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. A copy of Plaintiff's proposed First Amended Complaint is attached in redlined and clean versions as Exhibits A and B respectively, as well as a Declaration from T. Roe Frazer II. This is the first and only request by Plaintiff to amend the Complaint, and the current defendants have not answered the complaint.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The initial complaint filed by NJAW, a drinking water provider, sought relief for the presence of certain Polyfluoroalkyl substances or "PFAS" chemicals found in the public water supply systems owned and operated by NJAW throughout the State of New Jersey and in the ground and surface waters that serve as supply sources for those systems. NJAW named

---

[1] In compliance with this Court's prior case management orders, Co-Lead Counsel in this action has authorized the filing of this motion. NJAW's counsel, Mr. Frazer, also conferred with Lead Defense Counsel for the original Defendants, and they voiced no objections to the addition of defendants.

Defendants The 3M Company (f/k/a Minnesota Mining and Manufacturing Co.), Angus Fire, The Ansul Company, Buckeye Fire Equipment Co., Buckeye Fire Protection Company, Chemguard, National Foam, Inc., Tyco Fire Products, LP, and John Doe Defendants 1-50 (collectively "Defendants").

Plaintiff moves for leave to amend its complaint to add as Defendants seven companies—all of whom are already named defendants in several cases filed in or transferred to this MDL: E.I. DuPont De Nemours and Co. ("DuPont"); Corteva, Inc.; DuPont de Nemours Inc. f/k/a DowDuPont, Inc.; The Chemours Company and The Chemours Company, FC, LLC (together, "Chemours"); Dyneon LLC; and Kidde-Fenwal, Inc. These seven entities are referred to herein as the "Added Defendants," and clearly fall within the John Doe defendants described in NJAW's first complaint. Consistent with Plaintiff's Complaint, the Amended Complaint alleges that the Added Defendants are liable for manufacturing and/or selling PFAS to manufacturers of aqueous film forming foams ("AFFF") (also named Defendants) for use in their AFFF products.

Plaintiff's proposed claims against the Added Defendants are meritorious and will cause no prejudice to any party or proposed party. The claims arise out of the facts and circumstances alleged in Plaintiff's original Complaint against the AFFF manufacturers and seek similar relief. This Court has recently granted several motions to amend complaints to add substantially the same defendants which Plaintiff seeks to add here. Dkt. No. 127 (Order Granting State of New York's Motion to Amend Complaint); *see also* Dkts. 152-153 (orders granting plaintiff the Town of Barnstable's and plaintiff the Emerald Coast Utilities Authority's motions to amend complaints). NJAW respectfully requests the Court to do the same here.

II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) (2) provides that "[t]he court should freely give leave

2

[to amend] when justice so requires." This Rule "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Circ. 2006) (en banc). Moreover, a plaintiff "ought to be afforded an opportunity to test his claim on the merits" when the "underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, the Federal Rules' "mandate" that leave should be "freely give[n]," is "to be heeded." *Id.*

It is well settled in this Circuit that leave to amend should be denied "*only when* the amendment would prejudice the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (*quoting Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original); *see also Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602-03 (4th Cir. 2010) (the "district court may deny a motion to amend to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile."). Further, "[d]elay alone is an insufficient reason to deny leave to amend." *Edwards*, 178 F.3d at 242.

Finally, this Court has allowed the addition of parties with various different deadlines depending on the circumstances surrounding the parties. Specifically, two Case Management Orders are applicable to the Added Defendants. First, pursuant to Case Management Order 3.C, the deadline to add a new party where the parties have entered into a Tolling Agreement is thirty (30) days from the expiration or termination of the Tolling Agreement, but that deadline shall not extend beyond September 30, 2020. *See* Dkt. No. 354 (Case Management Order No. 3.C). Plaintiff has entered into a Tolling Agreement with both E.I. DuPont De Nemours and Co. ("DuPont") and

3

The Chemours Company and The Chemours Company, FC, LLC (together, "Chemours"). Second, pursuant to Case Management Order No. 3, the Court will consider, for good cause, newly discovered evidence as to the joinder of a party. *See* Dkt. 72, ¶ 31 (Case Management Order No. 3). NJAW has reviewed evidence and information that justifies the addition of Defendants DuPont de Nemours Inc. f/k/a DowDuPont, Inc.; Corteva, Inc.; Dyneon LLC; and Kidde-Fenwal, Inc.

### III. ARGUMENT

The Amended Complaint would add defendants that are already being sued in MDL No. 2873. The allegations against the Added Defendants track the allegations against the current defendants. Plaintiff's proposed amendments are not prejudicial to any present defendant in this MDL or to the Added Defendants, are not futile, are not brought in bad faith, and will not cause undue delay. Thus, the Court should grant Plaintiff's motion for leave to amend its complaint.

The proposed causes of action are grounded in New Jersey law and are already pleaded against the current defendants in this case. As to all Added Defendants, Plaintiff has included allegations in the Amended Complaint consistent with the already-pleaded causes of action for strict products liability for abnormally dangerous activity, failure to warn, and design defect; negligence; both private and public nuisance; fraudulent conveyance; and violation of the New Jersey Spill Act. *See* Frazer Decl., Ex. B (Amended Complaint) at ¶¶ 78 - 133.

NJAW's proposed Amended Complaint presents no undue prejudice to the Added Defendants. The proposed Added Defendants— all already named in individual cases in this MDL—have a full and fair opportunity to present facts and evidence supporting their defenses, and the Amended Complaint would not require any alteration to any discovery deadlines or prolong resolution of this matter. All of the Added Defendants are already defending claims similar to the claims brought by other public water supplier plaintiffs. The allegations in Plaintiff's

Amended Complaint are neither futile nor prejudicial.

### IV. CONCLUSION

For the reasons stated above, the Court should grant Plaintiff's motion to amend its complaint in this action.

Dated: March 18, 2020

                                        Respectfully submitted,

                                        /s/ T. Roe Frazer II
                                        T. Roe Frazer II
                                        **FRAZER PLC**
                                        30 Burton Hills Boulevard, Suite 450
                                        Nashville, Tennessee 37215
                                        (615) 647-0990
                                        roe@frazer.law