# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**Case Management Order No. 11**<br><br>**This Order relates to<br>ALL CASES** |

## REMOTE DEPOSITIONS

Pursuant to Fed. R. Civ. P. 30(b)(4), the Court hereby authorizes the use of remote depositions as follows:

1.　In an effort to enable the parties to proceed with discovery efficiently and with due regard for the health and safety of witnesses, court reporters/videographers, counsel, and parties during the ongoing COVID-19 pandemic, the Court sets forth herein certain provisions for conducting depositions remotely during this period. The Court and parties agree that the preference is to return to traditional in-person or partially in-person depositions where and when appropriate under applicable federal, state, and local orders or guidance, but given that conditions may vary for some time, the following provisions will govern until otherwise agreed between the Plaintiffs' Executive Committee and Defense Coordinating Committee or lifted or modified by the Court. Nothing in this Order precludes individual parties from raising objections as to particular depositions, but the goal is for depositions to proceed when scheduled using these procedures. The Court and parties may revisit these procedures and the parties shall continue to meet and confer based on developments in the conditions applicable to particular depositions that may allow for depositions to proceed in-person or partially in-person in some places or with other limitations

1

(including partial live attendance limited to only examining and defending counsel and necessary staff).  While the agreements herein shall presumptively control for all depositions going forward per the terms of this Order, any objections as to a particular deposition should be brought to the Court's attention promptly if the relevant parties are not able to reach agreement and shall not be a means to delay a deposition. All depositions for cases filed in *In re: Aqueous Film-Forming Foams Products Liability Litigation,* MDL-2873, may be noticed to take place remotely via video or internet video conference technology. A deposition taken remotely pursuant to this Case Management Order shall be deemed to have been taken "before" an appropriate officer despite the court reporter not being in the same physical location as the witness and, to the extent permitted by the law of the state in which the witness is located, the witness may be sworn in remotely with the same effect as an oath sworn to in person.

2.     Prior to issuing notice for any fact witness deposition to be conducted remotely, counsel for the relevant party seeking the deposition and counsel for the witness shall confer so as to identify the witness name sought for deposition and the intent to take the deposition under a remote format.  All remote fact witness deposition notices shall advise the planned location of the witness (city and state shall be sufficient identification for this purpose, with due regard for maintaining the privacy associated with home addresses), the court reporter, and the witnesses' counsel who will attend remotely.  Notices for depositions to be taken pursuant to Fed. R. Civ. Pro. 30(b)(6) may be issued without the advance meet and confer process for fact witness depositions with the expectation that the parties shall confer in compliance with this Order following such a notice to implement the provisions of this Order with a resulting amended notice as may be appropriate.  As noted above, while this CMO contemplates 100% remote participation at depositions with the witness, his/her the defending attorneys, the examining attorneys, and any

observing attorneys all in different locations (not physically present with the witness), to the extent that it becomes feasible and safe in the coming weeks, months, or years the parties will endeavor to move to a partial remote format and, when appropriate and safe, a traditional deposition format. Under a partial remote format, each side shall be permitted the same number of participants at the deposition location with the witness. For example, if the witness has one lawyer to defend the deposition an equal number of lawyers or support staff shall be permitted to be present on behalf of the examining parties. The parties shall meet and confer to identify appropriate conditions that would enable an equal number of lawyers and/or designees/representatives for the party taking the deposition to be present as well as the party defending the deposition. If, however, the parties are unable to reach agreement, then the matter shall be brought to the Court for resolution no later than fourteen (14) days in advance of any such deposition.

3.   If the witness and counsel defending the witness propose to be present in the same location (i.e., same room) during the deposition (subject to any applicable health restrictions in the local jurisdiction), this proposed arrangement shall be disclosed to the requesting or noticing counsel as soon as practicable within fourteen (14) days[1] of the initial request to deponent's counsel for a deposition and, in any event, no later than twenty-one (21) days in advance of the confirmed deposition date as reflected in a formal deposition notice in compliance with this Order.[2]

---

[1] All references to "days" in this Order shall be "calendar" days, unless otherwise agreed by the parties.

[2] To the extent there are any depositions currently scheduled or noticed where the timelines set forth herein are not feasible, counsel shall confer, to the extent they have not already done so, as soon as possible to address the provisions of this protocol to enable the depositions to proceed as scheduled and the PEC has been advised that for all currently scheduled depositions through July 16 (with the exception of Chemours) the witness and defending counsel will all be in separate locations.

4. In order to aid the planning for the remote deposition, counsel who plan to attend or log in to the Remote Platform (whether as an observer, dial-in listener, or otherwise) shall be required to advise the court reporting service three (3) days in advance of the deposition. This requirement shall be plainly set forth in all Deposition notices. The court reporting service shall provide a list of participants to noticing counsel and defending counsel prior to the deposition. At the time of deposition, any persons attending (via any means) the deposition remotely shall advise as to their physical location (city and state), including the plaintiff's lawyers, the defense lawyers, and any other persons who are in attendance in accordance with the Protective Order governing this case (CMO No. 4, Dkt. No. 99).

5. All deposition notices shall explain how those participating in the deposition may access the remote platform being utilized (*e.g.*, Zoom) (the "Remote Platform"), provided, however, that detailed instructions for use of the Remote Platform may be provided after the notice has been served, but no later than ten (10) days before the date of the deposition, absent agreement between the noticing party and counsel representing the witness.[3] If not already available through the Remote Platform, it is contemplated that a telephonic conference line number shall also be provided and utilized during the deposition so that participants may participate by telephone. To avoid interruptions and excessive background noise, the Remote Platform vendor may also establish a separate access or conference line that is for listening/viewing only but that will otherwise remain muted throughout the deposition.

---

[3] Because of the need for review and preparation, including potential security/cyber-security review by various parties, including the United States, any changes the particular software used in the Remote Platform (e.g., from Zoom to some other platform) will require a further meet and confer and cannot be changed without ample time for review and consultation. The ten (10) day notice period in paragraph 5 is not sufficient for a change in the software or platform but is intended solely to govern provision of the logistical details for a particular deposition.

4

6.     Subject to the terms of this Order, from the date of the entry of this Order, that a deposition is noticed to take place remotely shall not be grounds to quash the same.

7.     Any depositions noticed to take place remotely and which are recorded remotely may be admitted at trial with the same effect of one recorded in-person. All video recording should be captured by the best technological means available and can be done via remote capture thru a court reporting or conference vendor if necessary. Only the videographer or court reporting service shall be permitted to capture video and no other participants shall make any recordings (video or audio) of the deposition.

8.     Subject to any agreements of counsel for the witness and noticing counsel, and to aid in the efficient conduct of depositions, to the extent practicable, at least five (5) calendar days prior to a deposition, all examining counsel shall provide to deponent's counsel a copy of all documents, including deposition exhibits or bates-number references of same about which examining counsel expects to examine a deponent. Such advance copies or identification of deposition exhibits shall also be provided to the Plaintiff and Defense Liaison Counsel, who will be responsible for any further distribution to their respective sides. Additional documents not included in the advance notice can be used at a deposition but full copies of the document shall be provided to the witness and counsel through the remote deposition technology or otherwise. Consistent with Local Rule 30.04(H), if the documents are provided (or otherwise identified) at least five (5) days before the deposition, then the witness and the witness's counsel do not have the right to discuss the documents privately during the deposition. If the documents have not been so provided or identified, then counsel and the witness may have a reasonable amount of time to discuss the documents before the witness answers questions concerning the documents. For such additional exhibits not disclosed in advance, access to the full copy of the deposition exhibit

5

electronically via iPad, tablet, laptop, or other computer screen, shall be deemed to equate to hardcopy access. That a witness was provided with electronic copy of an exhibit shall not be a basis to object to the admissibility of that exhibit at trial. The court reporter shall maintain the official record of exhibits introduced via any means during a remote deposition.

9. During the deposition examination, no attorney shall be permitted to communicate with the witness in any manner not recorded in the same manner as the deposition itself (*i.e.*, no text or email to witness). However, the witness's counsel may communicate with the witness telephonically or otherwise during breaks, consistent with the Federal Rules of Civil Procedure and Local Rule 30.04.[4]

10. The parties shall work cooperatively to implement technology that will allow for the remote depositions permitted herein. To this end, it shall be the examining attorneys', the defending attorney's, and the witness's responsibility to be fully familiar with the Remote Platform and any other technology necessary to the deposition. Defending lawyers and the witness shall spend whatever time is necessary in advance of the deposition to ensure that the witness is fully fluent in the use of the technology, which shall include testing by Golkow or other retained vendor of the witness's internet or WiFi bandwidth for uploading and downloading. The purpose is to avoid unnecessary delays during the taking of the depositions. Each attorney will therefore be required to spend sufficient time, in advance of the scheduled deposition, to be sure that the witness and the attorney taking or defending the deposition understands how to use the technology. In consultation with defending counsel, the examining attorneys (*i.e.,* attorneys providing the

---

[4] No counsel present live with a witness shall engage in any improper signaling or non-verbal communication designed to influence an answer of a witness. If examining counsel reasonably suspects such conduct, it can be the subject of inquiry during the deposition and may be raised with the Court as necessary.

technology) will arrange, if necessary, to have the vendor providing the remote services[5] available to the witness and his or her attorney and staff, well in advance of the scheduled depositions, to help explain and facilitate this process in order to ensure depositions proceed as seamlessly as possible.  Moreover, any required technology supplements shall be provided to the witnesses in advance of the deposition, by way of example, a portable WiFi hotspot (to the extent the witness does not have WiFi at his/her home), a portable WiFi camera  (to the extent the witness does not have a computer with a camera), an additional monitor for ease of viewing depositions exhibits, a suitable background for video-recording of the deposition if not otherwise available, and any other technology the witness might require for the remote deposition.  Any costs for additional technology or related equipment required to conduct the deposition shall be paid in advance by the examining attorney on behalf of examining's attorney's client(s).  Such technology shall be coordinated with the vendor providing the Remote Platform.

11. The Plaintiffs' Co-Lead Counsel or their designees and Defense Co-Leads or their designees shall be responsible for coordination and sequencing of any questioning of deponents on behalf of plaintiffs and defendants, respectively.  To the extent the Plaintiffs' Co-Lead Counsel (or their designees) and/or Defense Co-Leads (or their designees) have any disputes with any individual party or counsel for plaintiffs or defendants over coordination of such questioning that cannot be resolved internally, any such disputes can be addressed with the Court in advance of a particular deposition, even if it requires Court intervention before a regularly scheduled status conference.  If disputes emerge at or during a deposition that cannot otherwise be resolved through

---

[5] The PEC has advised the DCC and the Court that Golkow has been retained by the PEC to provide remote deposition technology, court reporting and videography for remote depositions in this MDL.  Golkow has further advised the DCC that it uses the Zoom platform to conduct remote depositions.  The DCC is not bound to use Golkow but shall confer with the PEC well in advance of any use of alternative vendors to effectuate depositions under this protocol.

coordination with the Plaintiffs' Co-Lead Counsel or its lead examiner at the deposition or its designees or the Defense Co-Leads or their designees, the relevant parties may raise such disputes with the Court.

**SO ORDERED:**

**Dated: June  19th  , 2020**                                                                 s/Richard M. Gergel
                                                                                                                   **Richard Mark Gergel**
                                                                                                                   **United States District Judge**