# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>Case Management Order No. 12<br><br>This Order relates to<br>ALL CASES |

**CASE MANAGEMENT ORDER NO. 12**
**(Tolling of Claims Against Certain Defendants)**

1. This Order amends the deadline by which a case pending in, or pending transfer into, this MDL as of August 6, 2019, needs to make a motion to add a new party where the parties have previously entered into an agreement to toll the applicable statute of limitations pursuant to CMO 3E.

2. CMO 3E provided that any such motion to add new parties must be filed by September 25, 2020 without prior leave of Court.

3. This Order shall also govern the stipulated agreement entered into by the Plaintiffs' Executive Committee ("PEC"), on behalf of all plaintiffs in this consolidated action ("Plaintiffs"), and Defendants Angus International Safety Group Ltd., Johnson Controls International plc, Johnson Controls Fire Protection, LP, Central Sprinkler LLC, Tyco International Management Company, LLC, Tyco Fire & Security US Holdings LLC, Tyco Fire and Security (US) Management, LLC, Johnson Controls US Holdings LLC, JIH S.à.r.l., Johnson Controls Luxembourg European Finance S.à.r.l., Tyco International Finance S.A., Tyco International Holding S.à.r.l., Tyco Fire & Security S.à.r.l., Tyco Fire & Security Finance S.C.A., and Fire Products GP Holding, LLC (the "Stipulating Defendants") to toll any present

1

and future claims against the Stipulating Defendants in this MDL for a period of eighteen (18) months from the entry of this Order, subject to the following terms and conditions:

4. **Effective Date**. This Tolling Agreement shall be effective as of the date entered by the Court. The PEC and Stipulating Defendants agree that, in the event this Order is submitted before the September 25, 2020 deadline to amend complaints pursuant to CMO 3E (Dkt. 764) but is not entered until after that deadline has passed, the Stipulating Defendants shall not use that fact to argue that Plaintiffs waived the right to amend their complaints under CMO 3E (Dkt. 764) to add any of the Stipulating Defendants.

5. **Agreement to Voluntarily Dismiss Filed Claims.** The PEC agrees that Plaintiffs shall voluntarily dismiss without prejudice any pending claims filed against the Stipulating Defendants in this MDL.

6. **Agreement to Forego Filing New Claims**. The PEC agrees to temporarily forego its ability to amend its complaints to add the Stipulating Defendants pursuant to CMO 3E, pursuant to this Agreement as of the Effective Date.

7. **Agreement to Toll All Claims for a Period of Eighteen Months**. In exchange for the PEC's agreement to either dismiss or temporarily forego any claims against Stipulating Defendants, the Stipulating Defendants agree that any and all statutes of limitations, statutes of repose, contractual limitations on actions or suit, or other limitations period imposed by any jurisdiction within the United States, whether based upon applicable laws or equitable concepts of timeliness, laches, or waiver, shall be tolled, suspended, and stayed for eighteen (18) months following the entry of this Order (the "Tolling Period") with respect to any current or prospective plaintiff's right to assert or prosecute claims against the Stipulating Defendants in this MDL.

Nothing in this Order shall be construed, however, as reviving any claims that have already expired.

8. **Extensions**. The PEC and Stipulating Defendants may further extend the period of tolling set forth in Paragraph 7, in which case they shall jointly petition the Court for entry of a supplemental CMO memorializing such extension.

9. **Expiration of Tolling Period.** Unless otherwise agreed to by the PEC and the Stipulating Defendants, the running of all applicable statutes of limitations, statutes of repose, contractual limitations on actions or suit, or other limitations periods shall recommence upon the expiration of the Tolling Period.

10. **Bankruptcy, Suspected Insolvency, or Inability to Satisfy Judgment or Award of Named Parties.** Notwithstanding the Tolling Period set forth above, any plaintiff, upon providing notice consistent with Paragraph 16 of this Order, may immediately add claims against one or more of the Stipulating Defendants in any case in this MDL under the following circumstances:

   a. For Angus International Safety Group, Ltd., upon either:
      i. the initiation of bankruptcy proceedings by National Foam, Inc.; or
      ii. the plaintiff's reasonable belief that National Foam Inc.'s financial condition could impact its ability to satisfy a future judgment rendered against it in the MDL.
   b. For all other Stipulating Defendants, upon either:
      i. the initiation of bankruptcy proceedings by Tyco Fire Products, LP;
      ii. the initiation of bankruptcy proceedings by Chemguard, Inc.;

    iii.   the plaintiff's reasonable belief that Tyco Fire Products, LP's financial condition could impact its ability to satisfy a future judgment rendered against it in the MDL; or

    iv.   the plaintiff's reasonable belief that Chemguard Inc.'s financial condition could impact its ability to satisfy a future judgment rendered against it in the MDL.

11. **Effect of Bellwether Selection.** Any case in this MDL that is selected to serve as a Bellwether case for purposes of discovery and/or trial may, but is not required to, add claims against the Stipulating Defendants effective the date that either the PEC or plaintiffs' counsel in the case provide the Stipulating Defendants with notice of the selection consistent with Paragraph 16 of this Order.

12. **Relation Back; Waivers/Defenses**. Where a case is filed in this MDL during the Tolling Period but claims are later added against Stipulating Defendants upon the expiration of the Tolling Period or under the conditions set forth above in Paragraphs 10 and 11, those claims shall relate back to the date the case was originally filed in the state court or district court that first initiated the action. Nothing in this Tolling Agreement shall be deemed a waiver of any arguments or defenses existing as of the entry of this Order, including but not limited to any prior defenses based on the timeliness of the claims such as defenses based on statutes of limitation and statutes of repose, as well as any defenses pursuant to Federal Rule of Civil Procedure 12(b), including defenses based on subject matter or personal jurisdiction, which defenses the Court expressly preserves for the Stipulating Defendants. Any prior depositions taken and written discovery and documents exchanged prior to entry of this Order may be used by Plaintiffs and the Stipulating Defendants in any subsequent case against the Stipulating Defendants. Any

discovery taken in this MDL against the Stipulating Defendants during the Tolling Period may be used in any subsequent case against the Stipulating Defendants as if that case was pending at the time of the discovery.

13. **Discovery Obligations.** The Stipulating Defendants agree to continue following their preservation obligations as of the date of reasonable anticipation of litigation and will continue to meet their preservation obligations as if they were named parties in this MDL. Nothing in this Order shall prevent the PEC from obtaining discovery from the Stipulating Defendants pursuant to the Federal Rules of Civil Procedure, and the Stipulating Defendants agree to produce responsive and discoverable facts, documents, information, materials and witnesses, including witnesses that can serve as corporate representatives under Federal Rule of Civil Procedure 30(b)(6), as if they were named parties in this MDL.

14. **Waiver/Acceptance of Service**. Should Plaintiffs add one or more of the Stipulating Defendants to any cases in this MDL following the expiration of the Tolling Period or under the conditions set forth in Paragraphs 10 and 11 above, counsel of record shall waive and accept service on behalf of those Stipulating Defendants.

15. **Substantive Court Decisions**. In the event they are added to any case in this MDL following expiration of the Tolling Period or under the conditions set forth above in Paragraphs 10 and 11, the PEC and the Stipulating Defendants agree not to relitigate issues that have been previously decided in that suit by the Court; and agree to be bound by decisions rendered by the Court, including with respect to the government contractor defense.

16. **Notice**. Notice under this Order shall be given both via electronic mail and in writing addressed to counsel of record for the subject plaintiff and/or Stipulating Defendant.

**AND IT IS SO ORDERED**.

September 3, 2020  
Charleston, South Carolina

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge