UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                                          MDL No. 2873


**TRANSFER ORDER**


**Before the Panel:**[*] Defendants E.I. du Pont de Nemours and Company and The Chemours Company (collectively, DuPont) move under 28 U.S.C. § 1407(c) to transfer the action listed on Schedule A (*NJAW I*) to the District of South Carolina for inclusion in MDL No. 2873. Plaintiff New Jersey-American Water Company, Inc., opposes the motion.

MDL No. 2873 involves allegations that aqueous film-forming foams (AFFFs) used at airports, military bases, or other locations to extinguish liquid fuel fires caused the release of perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA) into local groundwater and contaminated drinking water supplies. When we centralized this docket, we denied a motion by 3M to extend the scope of the MDL to encompass not just cases involving AFFFs, but all cases relating to 3M's manufacture, management, disposal, and sale of per- or polyfluoroalkyl substances (PFAS, an umbrella term that includes PFOS and PFOA). *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1396 (J.P.M.L. 2018). Plaintiff argues that transfer of *NJAW I* is inappropriate because it does not involve allegations regarding AFFFs, but instead alleges that plaintiff's Penns Grove water system was contaminated by PFOA discharged from a DuPont manufacturing facility (the Chambers Works). Plaintiff in *NJAW I* asserts a single claim under the New Jersey Spill Compensation and Control Act (the Spill Act).

Were we to view *NJAW I* in isolation, we might agree with plaintiff's characterization of that action as unrelated to MDL No. 2873. But plaintiff filed a second complaint (*NJAW II*) that was transferred, without opposition, to MDL No. 2873. That action initially asserted products liability and nuisance claims against eight defendants, all of which were AFFF manufacturers and none of which was DuPont. *See* Compl., *New Jersey-Am. Water Co., Inc. v. 3M Co.*, C.A. No. 2:18-03489 (D.S.C. Nov. 8, 2018), ECF No. 1. In March 2020, though, plaintiff amended its complaint in *NJAW II* to, *inter alia*, add DuPont as a defendant and to add a claim under the Spill Act. DuPont raised concerns with plaintiff and the court in *NJAW I* that plaintiff was pursuing a duplicative claim in the MDL. In response, plaintiff again amended its complaint in *NJAW II*. This time, plaintiff: (a) restricted its claims against DuPont to AFFF product liability theories; (b) removed from the complaint a list of all of plaintiff's water supply systems (which included the Penns Grove system) and substituted a statement that "[s]ome but not all of NJAW's water systems have been contaminated with Defendants' products;" and (c) removed the Spill Act claim. *See* Second Am.

---

[*] Judge David C. Norton took no part in the decision of this matter.

2:18-mn-02873-RMG    Date Filed 10/05/20    Entry Number 885    Page 2 of 4
Case MDL No. 2873   Document 691   Filed 10/05/20   Page 2 of 4

-2-

Compl. at ¶¶ 7 & 9, *New Jersey-Am. Water Co., Inc. v. 3M Co.*, C.A. No. 2:18-03489 (D.S.C. May 26, 2020), ECF No. 56.

Plaintiff argues that, as amended, *NJAW I* and *NJAW II* do not overlap, and thus do not share common factual questions that would merit transferring *NJAW I* to the MDL. Specifically, plaintiff contends that its most recent amended complaint makes clear that *NJAW II* does not assert claims relating to the Penns Grove water supply system. It does nothing of the sort. Merely stating that "[s]ome but not all" of plaintiff's water supplies were contaminated by PFAS stemming from AFFFs leaves open the possibility that "[s]ome" includes the Penns Grove water supply system. Thus, in two separate actions, plaintiff is seeking (or potentially seeking) recovery for PFAS contamination of *the same water supply*; in one action from PFAS discharged by the Chambers Works; in the other from PFAS incorporated into AFFF products.

We previously declined a motion by DuPont to transfer eight actions pending in the Eastern District of New York to MDL No. 2873. *See* Order Denying Transfer, MDL No. 2873 (J.P.M.L. Mar. 27, 2020), ECF No. 620. Those actions involved plaintiff water authorities that allegedly obtained water from a common aquifer. None of those plaintiffs asserted contamination from AFFF sources, and none was pursuing a separate action relating to AFFF contamination in the MDL. In contrast, plaintiff here is asserting two actions that relate to PFAS contamination of, potentially, the same water supply. Plaintiff could have asserted all of these claims in the same action, but instead chose to split these claims across two actions. It would be inefficient for these actions to proceed separately and potentially prejudicial to the parties.

Accordingly, after considering the argument of counsel, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2873, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of South Carolina was an appropriate Section 1407 forum for actions in which plaintiffs allege that AFFF products used at airports, military bases, or certain industrial locations caused the release of PFOS and/or PFOA into local groundwater and contaminated drinking water supplies. The actions in the MDL share factual questions concerning the use and storage of AFFFs; the toxicity of PFAS and the effects of these substances on human health; and these substances' chemical properties and propensity to migrate in groundwater supplies. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d at 1394. For the reasons stated, *NJAW I* necessarily shares common questions of fact with *NJAW II*, which has been litigated in MDL No. 2873 for nearly two years.

-3-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry           Nathaniel M. Gorton
Matthew F. Kennelly

**IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION**                                    MDL No. 2873

## SCHEDULE A

<u>District of New Jersey</u>

NEW JERSEY-AMERICAN WATER COMPANY, INC. v. E. I. DU PONT DE NEMOURS & COMPANY, ET AL., C.A. No. 1:18−02767