**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| **IN RE: AQUEOUS FILM-FORMING** | ) | **MDL No. 2:18-mn-2873-RMG** |
| **FOAMS PRODUCTS LIABILITY** | ) | |
| **LITIGATION** | ) | **CASE MANAGEMENT ORDER NO. 13** |
| | ) | |
| | ) | **This Order Relates to All Actions** |
| | ) | |

## INITIAL BELLWETHER SELECTION AND PROTOCOLS

The Court hereby issues the following Case Management Order ("CMO") to govern initial aspects of the Bellwether process and protocols for certain types of cases in this complex MDL. The presence of various different types of cases, claims, and parties in this MDL requires different Bellwether processes for the different case types that will proceed on different schedules and therefore be governed by subsequent CMOs. The first bellwether category shall be selected from Water Provider cases.[1]

To address the complexities of these cases in general, the Court will implement a two-tier process for each category of Bellwether Case. Additional categories of bellwether cases and the process and timing for selection, Core Discovery (as defined below), and bellwether trial pool selection will be governed by subsequent case management orders. Tier One will consist of identifying and selecting "Bellwether Discovery Pool Cases." Bellwether Discovery Pool Cases will be selected by the parties and undergo additional discovery (beyond the Plaintiff Fact Sheet

---

[1] The "Water Provider cases" include cases involving public water providers (i.e., municipal/city/county providers) and also privately owned or held water providers, but they do not include cases where the United States is a named defendant, which cases are excluded from the Water Provider Bellwether Discovery Pool.

("PFS") and Defense Fact Sheet ("DFS") processes and the general liability discovery of defendants that is currently proceeding), which shall be referred to as "Core Discovery."

This CMO shall address how Water Provider Cases will be selected into the Bellwether process and the scope of Core Discovery in those cases. The Court will address in a subsequent CMO (i) the selection, scope, and timing of Core Discovery for cases other than the Water Provider Cases, and (ii) procedures and timing for litigating those Water Provider Bellwether Discovery Pool Cases that, pursuant to paragraph G below, are selected for a smaller pool as Bellwether Trial Pool Cases (Tier Two of the bellwether selection process).

A.      In order for a Water Provider Plaintiff to be eligible for selection as a Bellwether Discovery Pool Case, its complaint must have been filed and served on all named defendants on or before December 24, 2020, and that Water Provider Plaintiff must have served a substantially complete PFS pursuant to CMO 5 by January 5, 2021 and have any deficiencies cured by January 22, 2021, or objections to same served. To the extent the parties dispute the sufficiency of a PFS as of January 22, 2021, the parties agree that they will bring that dispute to the Court's attention for resolution on an expedited basis.

B.      The parties shall meet and confer and attempt to agree on the cases that will comprise these "Water Provider Bellwether Discovery Pool Cases." There shall be a total of 12 cases in this Pool.

1.      Plaintiffs (by the Plaintiffs' co-lead counsel or their designated Water Provider Bellwether Leadership Committee) and Defendants (by the Defense Coordinating Committee ("DCC")) shall select the agreed Water Provider Bellwether Discovery Pool cases by February 24, 2021. Each agreed designation shall include the following information: (1) Plaintiff's counsel information, (2) list of all defendants

in the case (and counsel information), (3) a list of parties that have and have not waived *Lexecon* rights (4) a brief summary of the alleged AFFF exposure and site location(s), (5) the proposed Bellwether Plaintiff's Complaint, and (6) the Defendants' statements of affirmative defenses,

2.    In the event the parties cannot agree on any or all 12 selections, Plaintiffs (by the Plaintiffs' co-lead counsel or their designated Water Provider Bellwether Leadership Committee) and Defendants shall each propose to the Court a slate of Water Provider cases equal to two fewer than the number of cases remaining to be selected, with each side in no event proposing more than seven cases and no fewer than two cases.  By way of example, if the parties agree on ten of the twelve possible cases, the DCC and the PEC shall each propose two cases to the Court, and the Court may select two cases from those four possibilities in order to make a total pool of 12 Water Provider Bellwether Discovery Pool cases unless the Court finds neither side's proposals representative, in whole or in part, and directs the Parties to further confer or address the Court's concerns with the selections proposed by one or both sides, or decides to use the 10 cases agreed upon by the parties (as set forth in this example) , or fashion such other relief the Court deems warranted under the circumstances.  By way of further example, if the parties agree on nine of the twelve possible cases, the DCC and the PEC shall each propose three cases to the Court, and the Court may select three cases from those six possibilities in order to make a total pool of 12 Water Provider Bellwether Discovery Pool cases unless the Court finds neither side's proposals representative, in whole or in part, and directs the Parties to further confer or address the Court's concerns with the selections

proposed by one or both sides, or decides to use the 9 cases agreed upon by the parties (as set forth in this example), or fashion such other relief the Court deems warranted under the circumstances. Each side, the Plaintiffs and the Defendants, shall propose Water Provider cases that are representative of the Water Provider cases pending in the MDL.

3.    As to the cases that are not agreed to (if any), by no later than February 26, 2021, each side shall submit simultaneous briefing to the Court explaining why the cases they have selected are representative of the Water Provider cases pending in the MDL, and include Plaintiff's counsel information, list of all defendants in the case, whether a *Lexecon* waiver has been secured from all parties in the case (and if not who has not yet agreed), a brief summary of the alleged AFFF exposure and site location(s), the proposed Water Provider Bellwether Plaintiff's causes of action/claims, and whether a Rule 12(b)(1) or 12(b)(2) motion is contemplated, and, if so, which Defendants propose to file such a motion.  From the parties' submissions, the Court may select from the proposed cases as described in this paragraph A such that there is a Bellwether Water Provider Discovery Pool of twelve cases.  If, however, the Court finds for any reason that the cases proposed by the parties are not representative, in whole or in part, or otherwise is not persuaded that the cases are appropriate selections for the discovery pool, the Court will issue such further order as may be warranted at that time based on the submissions of the parties or such other matter as the Court may view as appropriate for the selection of the cases to be in a Bellwether Water Provider Discovery Pool.

4.  For the avoidance of doubt, if a party waives *Lexecon* as to a specific case in the Water Provider Bellwether Discovery Pool, such waiver will not apply to any other case in the MDL.

5.  Should the Court determine that it requires additional nominations from the parties in order to select twelve representative Water Provider Bellwether Discovery Pool cases, the parties shall promptly meet and confer to propose any replacement case(s) and submit such replacement case(s) to the Court. In the event such additional submissions are necessary, the parties shall meet and confer as to whether to extend the deadlines set forth below for these specific additional cases, as may be necessary or as directed by the Court in its discretion. As to any Water Provide Discovery Pool Cases previously identified (whether based on the agreed list submitted by PEC and Defendants per paragraph 1 or as selected by the Court based on submissions made per paragraph 3, the schedule set forth below shall govern all such cases and will not be delayed pending selection of any additional cases for the Water Provider Discovery Pool.

C.  A party may file objections to the cases proposed for the Water Provider Bellwether Discovery Pool, by Plaintiff and Defendant leadership under Paragraphs B(1) and (2), by filing specific objections within 10 days of submission. Plaintiff and Defendant leadership may file a response to any such objection within 5 days thereafter. The Court shall retain the final authority to approve cases for the Water Provider Bellwether Discovery Pool, but will give deference to cases jointly recommended pursuant to Paragraph B(1).

D.  If a Water Provider Bellwether Discovery Pool Case nominated or agreed to by the PEC pursuant to paragraph B is dismissed on or before March 31, 2021, the PEC may nominate a

5

replacement case within seven days of dismissal.  If Defendants do not agree to the new selection as representative, Defendants may submit briefing explaining why the nominated case is not representative and asking the Court to require the PEC to nominate an alternative case should the Court agree.

E.       If a Water Provider Bellwether Discovery Pool Case nominated by the DCC pursuant to paragraph B is dismissed on or before March 31, 2021, the DCC may select a replacement case within seven days of dismissal.  If Plaintiffs do not agree to the new selection as representative, Plaintiffs may submit briefing explaining why the nominated case is not representative and asking the Court to require Defendants to nominate an alternative case should the Court agree.  Unless otherwise agreed by the parties, if the PEC or a Water Provider Plaintiff dismisses a Water Provider Bellwether Discovery Pool Case nominated or agreed to by the DCC pursuant to paragraph B after March 31, 2021 (so long as the dismissal is not due to settlement), the DCC may de-designate a Water Provider Bellwether Discovery Pool Case nominated or agreed to by the PEC from consideration as a trial pool selection by the September 3, 2021 deadline identified in paragraph G below.  The PEC reserves the right to seek relief from the Court on such a de-designation on good cause shown.

F.       The parties shall conduct Core Discovery on the Water Provider Bellwether Discovery Pool Cases from February 25, 2021 through August 6, 2021 (for all agreed to cases) and from March 8, 2021 through August 13, 2021 for any case the Court selects.  The parties shall meet and confer to determine the anticipated number of depositions and written discovery requests applicable in each selected case, bearing in mind that this phase is Tier One Core Discovery and the parties will have the opportunity to conduct further Tier Two discovery if the case is ultimately selected as Bellwether Trial Pool Case.  By March 15, 2021, the parties shall submit a joint report

informing the Court of the agreements or disagreements (if any) on these parameters, which the Court will resolve as necessary.[2]  In each Water Provider Bellwether Discovery Pool case, there shall be a presumptive limit of seven depositions taken by Defendants, and four depositions taken by Plaintiff(s) as to each defendant in a particular case.  Depositions of third-parties shall not count against the limits.  In depositions of Defendants in Water Provider Bellwether Discovery Pool Cases, plaintiffs' counsel shall endeavor not to ask questions that are duplicative of questions asked of the same deponents in depositions already taken during general liability discovery. The parties also may serve case-specific written discovery, provided, however, that such discovery shall not duplicate written discovery propounded during general liability discovery by the PEC, including but not limited to PFSs and DFSs.  The parties are reminded that they have a continuing obligation to supplement the PFS and DFS.

G.       If a Defendant plans to file a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) or 12(b)(2), this will be identified to the Court whether the case is agreed to or if it is one of the party's nominations.  If the case is selected, any such motion shall be filed within 21 days of a case being selected as a Bellwether Discovery Pool Case unless the Court orders otherwise.  Otherwise, all named non-moving Defendants shall file an answer to each operative complaint within 28 days of a case being selected as a Bellwether Discovery Pool Case.

H.       Following the close of Tier One Core Discovery on August 6, 2021 or August 13, 2021, and, by no later than September 3, 2021, the parties shall submit simultaneous briefs informing the Court of the parties' positions as to which Water Provider Bellwether Discovery

---

[2] Notwithstanding this requirement to meet and confer on discovery parameters, Core Discovery can start on February 25, 2021 for agreed cases or on the next business day after the Court issues an order selecting any other cases.  Should the Court select non-agreed cases after March 8, 2021, the parties shall meet and confer to amend the dates in this CMO to provide for sufficient time for discovery prior to selection of cases for the Water Provider Bellwether Trial Pool.

Pool Cases should be selected by the Court for inclusion in the Tier Two Water Provider Bellwether Trial Pool.  No later than seven days prior to the submission of this briefing, the parties shall meet and confer and attempt to come to agreement on any cases that should be included, and any such cases should be clearly identified by each party in its brief.  The Court will select Water Provider Bellwether Trial Pool cases from these submissions with the final number of such cases being dependent on the number of cases remaining in the Water Provider Bellwether Discovery Pool at that time.

I.      Within 90 days of the Water Provider Bellwether Discovery Pool cases being selected (i.e., by no later than May 25, 2021), the parties shall meet and confer regarding a proposed schedule and structure for the Tier Two Water Provider Bellwether Trial Pool cases that will be selected by the Court in accordance with paragraph G, above.  This schedule and structure shall include: (i) case-specific expert discovery deadlines, (ii) deadlines for any additional case-specific fact discovery that may reasonably be necessary, (iii) pre-trial dispositive motion and *Daubert* briefing, and (iv) trial.  The parties shall meet and confer on these issues, and submit to the Court a proposed CMO.  To the extent agreement is not reached the parties will submit their points of agreement and disagreement on these issues.

J.      A more detailed schedule for final pretrial matters, including witness and exhibit lists, motions *in limine*, and deposition designations, will be the subject of a subsequent CMO.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 28, 2020
Charleston, South Carolina

8