**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>This filing relates to<br>ALL CASES |

**AGREEMENT AND STIPULATED ORDER FOR
EXCEPTIONS TO CASE MANAGEMENT ORDER NO. 4
(BUCKEYE PROJECT FILES)**

WHEREAS, the Plaintiffs' Executive Committee ("PEC") on behalf of all Plaintiffs in MDL 2873 ("Plaintiffs") seeks to expedite document production of certain ESI and other papers from Buckeye Fire Equipment Company ("Buckeye"); and

WHEREAS, Buckeye maintained a sub-set of documents consisting of foam project files that were kept in folders in hard copy format at a specific Buckeye location, which Buckeye had scanned for review and eventual production in this litigation (the "Project Files"); and

WHEREAS, said Project Files consist to a large degree of information such as specifications, pricing information, and communications related to the same that would largely fall within the "Highly Confidential" category of this Court's Protective Order (Doc. 99), the standard search term and review process could result in the fragmentation of the folders as they are normally kept, and it would take a significant amount of time and expense to review and process these documents using the normal process, including the review and designation of each document; and

WHEREAS, Buckeye and the PEC (the "Parties") through their respective counsel, agree to a primarily "no-eyes-on" document production as to relevancy while Buckeye still performs a privilege review for ESI and documents it will be producing should this Agreement become a Stipulated Order permitting certain exceptions from the requirements in Case Management Order No. 4 ("CMO #4") and corresponding Attachment B Protective Order (Doc. 99) for ESI produced pursuant to this process which will apply to all the parties in MDL 2873.

WHEREFORE, IT IS STIPULATED AND AGREED as follows:

The Parties have agreed on an ESI production process for the Project Files (the "Process"). To the extent that any of the below provisions are inconsistent with either CMO 4 or the Protective Order (Doc. 99), the below provisions shall control the Project File documents being produced pursuant to this Stipulation Order. All such ESI produced by Buckeye pursuant to the Process will be subject to the following terms:

1. At the time of production, Buckeye will designate all Project Files and ESI being produced as "Highly Confidential" pursuant to CMO #4 and the Protective Order without regard to the provisions of the Protective Order requiring that such designations only be made on a good faith basis. The Parties agree to this exception of CMO #4 and the Protective Order since Buckeye will not be conducting a substantive review of all the Project Files. For the avoidance of doubt, the only party afforded an exemption to CMO #4 and allowed to over-designate documents and ESI as "Highly Confidential" by this agreement is Buckeye.

2. Any party in MDL No. 2873, including the Plaintiffs will maintain all documents and ESI produced pursuant to the Process as Highly Confidential and not use the documents or ESI for any purpose outside of the purposes identified in the Protective Order for documents bearing a Highly Confidential designation, until or unless any party in MDL No. 2873, including the Plaintiffs or PEC exercises it right to contest the Highly Confidential designation on any document and the challenge is resolved either by agreement of the Parties or another party in MDL No .2873, or ruling by the Court.

3. Any party in MDL No. 2873, including the Plaintiffs, may challenge such confidentiality designations in accordance with the terms of CMO #4 and the Protective Order (Doc. 99).

4. In addition to the Highly Confidential designation marker and bates number, Buckeye will also include a designation on each document produced from the Project Files identifying the name of the folder where the document was kept.

5. Federal Rule of Evidence 502(d) provides protection for privileged information produced pursuant to the Process:

   a. Pursuant to Federal Rule of Evidence 502(d), production or disclosure pursuant to the Process of the substance or content of documents, materials, or other information that is protected by the attorney-client privilege, work-product protection, or any other privilege

or protection shall not amount to waiver of the privilege and/or protection in this MDL, or in any other federal or state proceeding.

b. If any party to MDL No. 2873 identifies a document, material, or other information in the documents and ESI produced pursuant to the Process that reasonably appears to be protected by any privilege or other protection, they shall promptly notify Buckeye in writing or email. If Buckeye determines that the document, material, or other information is privileged or otherwise protected, it shall make such an assertion in writing within 14 days of receipt of notification. Once the privilege or protected is asserted, the parties shall follow the process discussed in Federal Rule of Civil Procedure 26(b)(5)(B). Failure to assert the privilege or protection within 14 days of receipt of notification shall amount to waiver to any privilege or protection only of the document, material, or other information identified in the notification, subject to Federal Rule of Evidence 502(a).

c. For any document, material, or other information produced or disclosed during discovery, and not identified pursuant to section (b) of this Paragraph, Buckeye shall assert any claim of privilege or protection in writing (including by email) within 14 days after another party to MDL No. 2873, including Plaintiffs, identify the material for use pursuant to Paragraph 4 of this CMO. Once the privilege or protection is asserted, the parties shall follow the process discussed in Federal Rule of Civil Procedure 26(b)(5(B). Failure to assert the privilege or protection shall amount to waiver of the privilege or protection only of the document, material, or other information used, subject to Federal Rule of Evidence 502(a).

d. Unless waived under sections (b) or (c), at any time, a party that produces any document, material, or other information that it believes to be protected by the attorney-client privilege, work-product protection, or any other privilege or protection may assert the privilege or protection in writing. Once the privilege or protection is asserted in writing, the parties shall follow the process discussed in Federal Rule of Civil Procedure 26(b)(5)(B).

SO STIPULATED,

| | |
|---|---|
| _/s/ Michael A. London_____ | _/s/ Michael L. Carpenter_ |
| Michael A. London | Michael L. Carpenter |
| Douglas and London PC | Gray, Layton, Kerson, Solomon, Furr & Smith, P.A. |
| 59 Maiden Lane 6th Floor | 516 S. New Hope Road |
| New York, NY 10038 | Gastonia, NC 28054 |
| P: (212) 566-7500 | P: (704) 865-4400 |
| F: (212) 566-7501 | F: (704) 866-8010 |
| mlondon@douglasandlondon.com | mcarpenter@gastonlegal.com |

Paul J. Napoli
Napoli Shkolnik PLLC
1301 Avenue Of The Americas 10th Floor
New York, NY 10019
P: (212) 397-1000
F: (212) 646-843-7603
pnapoli@napolilaw.com

*Counsel for Defendant Buckeye Fire Equipment Company*

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue Suite 1100
Dallas, TX 75219
P: (214) 521-3605
ssummy@baronbudd.com

*Co-lead Counsel for Plaintiffs*

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

February 2, 2021
Charleston, South Carolina