# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> **Case Management Order No. 11A** <br><br> **This Order relates to ALL CASES** |

## REMOTE DEPOSITIONS – DOCUMENTS USED TO PREPARE FOR TESTIMONY

1.  This Order amends Case Management Order 11, which established a protocol for the conduct of remote depositions in this multidistrict litigation during the ongoing COVID-19 pandemic, solely for the purpose of addressing the disclosure of certain documents used to prepare witnesses for deposition testimony.

2.  Subject to any agreements of counsel for the witness and noticing counsel, to the extent practicable, at least 48 hours prior to the scheduled start of a 30(b)(6) deposition, deponent's counsel shall provide to Plaintiff Liaison Counsel and Defense Liaison Counsel or their designees copies of all documents used by the 30(b)(6) witness to educate himself or herself and which form a basis for his or her knowledge on the topics noticed for deposition, or bates-number references of such documents provided that the documents had been previously produced. To the extent that the total production of such new documents not previously produced exceeds 500 pages, deponent's counsel shall, to the extent feasible and practicable, provide such documents at least 72 hours prior to the scheduled start to a 30(b)(6). Counsel shall supplement the applicable lists of documents or production of documents should additional documents subject to production herein be identified after these deadlines but prior to the deposition. Plaintiff Liaison Counsel and

Defense Liaison Counsel or their designees will be responsible for any further distribution of such documents or lists of bates-number references to their respective sides, as may be permitted or limited under the Protective Order.

3. To the extent that any witness testifies at deposition that his or her recollection as to the subject matter of any question by examining counsel was refreshed by a document that he or she reviewed in advance of the deposition, examining counsel may request a copy of such document from counsel for the witness. To the extent the witness is able to reasonably identify the document that refreshed his or her recollection, counsel for the witness shall provide a copy of such document to examining counsel prior to the close of the deposition.

4. Other documents selected by counsel for a witness to review in preparation for a deposition constitute the work product of counsel for the witness. Such documents need not be disclosed except as may be required under the governing law for attorney work product.

5. To further the efficient and timely management of issuance of deposition notices, counsel receiving a request for specific individual's deposition shall provide the location of the deponent (i.e., city and state of the witness and counsel) within 48 hours of the request for the information from noticing counsel (following agreement on the date for the deposition). Should any such locations change following issuance of notice, counsel shall promptly advise noticing counsel of same.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

February 8, 2021  
Charleston, South Carolina