**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE:  AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG <br><br> **DEFENDANT MINE SAFETY APPLIANCES COMPANY, LLC'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF ADDITIONAL DEFENSES** <br><br> **This Document Relates to:** <br> **2:21-cv-00373-RMG** |

Defendant Mine Safety Appliances Company, LLC ("MSA"), by and through undersigned counsel, hereby makes the following General Denial and Preliminary Statement of Additional Defenses in response to the State of Michigan Complaint filed in the above-captioned action and any future Complaints against MSA (the "Complaints").  Defendant MSA may assert these defenses in response to the claims asserted in the above-captioned case, subject to further factual development and the possible identification of additional defenses, or a determination that one or more of the defenses set forth below may not apply.  This General Denial and Preliminary Statement does not waive MSA's right to separately Answer the State of Michigan Complaint, file a motion, otherwise respond to the Complaint, or assert any cross-claims, counterclaims, and/or third-party claims, in accordance with any scheduling order set by the Court.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant MSA denies generally and specifically each and every allegation in Plaintiffs' Complaint pertaining to MSA, and the whole thereof, and each and every alleged cause of action alleged therein against MSA, and MSA demands strict proof of same by a preponderance of the evidence and/or by clear and convincing

evidence as required by law. MSA specifically denies as untrue manufacturing, distributing, releasing to the environment, or arranging for disposal of AFFF containing regulated per- and polyfluoroalkyl substances ("PFAS") compounds. MSA further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted against this Defendant. MSA additionally denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all, or are entitled to legal or equitable relief of any type, by reason of any act, breach, violation or omission on the part of MSA or anyone acting on its behalf. MSA reserves its right to assert counterclaims, cross-claims and/or third-party claims.

## <u>ADDITIONAL DEFENSES</u>

MSA asserts the following additional defenses in response to the allegations in the State of Michigan Plaintiffs' Complaint filed in the above-captioned action. MSA asserts the following defenses without assuming any burden of proof of such defenses that would otherwise rest on Plaintiffs. Further, notwithstanding the enumeration of specific defenses set forth below, MSA reserves unto itself all of those defenses set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, and such other defenses, affirmative or otherwise, as may prove through discovery to apply.

1.   The Complaint fails to state a claim upon which relief can be granted against MSA.

2.   Plaintiffs' claims are barred or limited for lack of standing.

3.   Plaintiffs' claims are barred or limited due to the abstention doctrine.

4.   Plaintiffs' claims are barred or limited due to the primary jurisdiction doctrine.

5.   Plaintiffs' claims are barred or limited due to the exhaustion doctrine.

6. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks personal jurisdiction over MSA, and the Complaint should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

7. The Court has no authority under the United States Constitution to award the relief requested.

8. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

9. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of repose or rules of repose.

10. Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

11. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

12. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

13. Plaintiffs' claims are barred, in whole or in part, by the applicable doctrines of accord and satisfaction, consent, license, permit, acquiescence, release, settlement, and/or waiver.

14. Plaintiffs failed to join necessary or indispensable parties.

15. Plaintiffs' claims are barred, in whole or in part, for failure to mitigate damages.

16. Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

17. Plaintiffs' claims are barred, in whole or in part, because MSA is entitled to immunity from suit under the government-contractor defense.

3

18.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not the real party in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of citizens and/or customers and claims brought as *parens patriae*.

19.     The Complaint should be dismissed against MSA because MSA never manufactured, sold, or distributed any Mil-Spec AFFF.

20.     The Complaint should be dismissed against MSA because MSA never manufactured, sold, or distributed any AFFF containing regulated per- and polyfluoroalkyl substances compounds.

21.     Plaintiffs' claims are barred, in whole or in part, under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

22.     Any injuries and/or damages sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom MSA had no control or right of control and for whom MSA is not responsible.

23.     Plaintiffs' claims are barred, in whole or in part, because there is no proximate causation between any alleged act, violation, omission or breach by MSA and Plaintiffs' alleged damages.

24.     MSA has complied with all applicable state and federal laws and regulations in the operation of its business described in the State of Michigan Complaint, including but not limited to the Natural Resources and Environmental Protection Act ("NREPA") if and to the extent applicable to MSA.

25.     Plaintiffs' claims are barred, in whole or in part, because MSA's conduct was in accordance with the applicable standards of care under all laws, regulations, industry practice, and state-of-the-art knowledge, and MSA's activities in accordance with such standards were reasonable as a matter of law.  MSA at all times acted reasonably, in good faith, and with the skill, prudence, and diligence of others in the industry at the time.

26.     Plaintiffs' claims are barred, in whole or in part, because any product(s) manufactured and sold by MSA are, and have always been, consistent with available technological, medical, scientific, and industrial state-of-the-art standards, and have complied with all applicable governmental requirements and regulations.

27.     Plaintiffs' claims are barred, in whole or in part, because any alleged levels of environmental contamination did not exceed any applicable laws or regulatory standards at the relevant times.

28.     Plaintiffs' claims are barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by MSA that are the subject of Plaintiffs' claims.  MSA is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

29.     Any injuries and/or damages alleged by Plaintiffs are barred by the doctrines of intervening cause, independent cause, and/or superseding cause.

30.     In the event that MSA is found to be liable to the State of Michigan Plaintiffs, which MSA denies, MSA will be entitled to indemnification, contribution, and/or apportionment.

31.     Plaintiffs' claims are barred, in whole or in part, by contributory and/or comparative negligence.

32.     Plaintiffs' claims are barred, in whole or in part, because MSA has not caused or contributed to an imminent and substantial endangerment to health or the environment.

33.     Plaintiffs' claims are barred, in whole or in part, because the harm is divisible and attributable to others, either fully or in part.

34.     Plaintiffs' claims fail because the relief sought will not redress the alleged harm.

35.     Plaintiffs' claims fail because if the relief sought includes medical monitoring such is inappropriate and/or otherwise barred under applicable law.

36.     Plaintiffs' claims for punitive damages are not recoverable against MSA under applicable law.

37.     Plaintiffs' claims are barred or limited under the doctrine of federal preemption, including, without limitation, displacement, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

38.     Plaintiffs' claims are barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

39.     Plaintiffs' claims are barred, in whole or in part, because they lack privity with MSA.

40.     MSA had no duty to warn of possible dangers that were not known at the time of the complained-of conduct or when Plaintiffs' alleged exposure(s), if any, occurred.

41. Plaintiffs' warranty claims, if any, are barred or limited because Plaintiffs did not provide MSA reasonable notice of any alleged breach.

42. Plaintiffs' claims against MSA are barred or limited by the economic loss doctrine.

43. Plaintiffs' claims are barred, in whole or in part, to the extent they cannot establish that the alleged injuries were caused by exposure to any regulated PFAS compounds from any product(s) manufactured by MSA.

44. Plaintiffs' claims are barred, in whole or in part, to the extent that they cannot establish that PFAS compounds have been reliably established, through scientific means, to be capable of causing their alleged injuries.

45. Plaintiffs' claims are barred, in whole or in part, because they conflict with federal and state statutory schemes that comprise a comprehensive regulatory policy governing PFAS.

46. Plaintiffs' claims are barred, in whole or in part, to the extent that the sole and exclusive remedy for the underlying damages or injuries at issue is under applicable workers' compensation laws.

47. Plaintiffs' claims are barred, in whole or in part, by the doctrine of election of remedies.

48. Plaintiffs' claims are barred, in whole or in part, based on product misuse, unforeseeable use, and/or product alterations.

49. Plaintiffs' claims are barred, in whole or in part, because MSA neither knew, nor should have known, that any of the PFAS compounds to which Plaintiffs were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the then-prevailing state of the medical, scientific, technical, and/or industrial knowledge available to MSA.

50.     MSA is or may be entitled to an allocation or appointment of fault pursuant to applicable state law, as well as a proportionate reduction of any damages found against MSA based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

51.     Plaintiffs have not suffered a concrete and particularized injury under either state or federal law.

52.     MSA asserts any and all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

53.     MSA adopts by reference any additional applicable defense pleaded by any other Defendants not otherwise pleaded herein.

54.     MSA adopts by reference any additional applicable defense asserted by Defendants prior to transfer in any case transferred to this MDL.

55.     Each and every preceding defense is pled in the alternative and does not constitute an admission that MSA is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

MSA reserves the right to assert additional defenses based upon information learned during the course of this litigation and/or through discovery.

Dated:  March 8, 2021

BARNES & THORNBURG LLP
*Attorneys for Defendant Mine Safety Appliances Company, LLC*


*/s/ Charles M. Denton*
Charles M. Denton (MI P33269)
Anthony C. Sallah (MI P84136)
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, MI 49503
P: (616) 742-3930; F: (616) 742-3999
cdenton@btlaw.com
asallah@btlaw.com

Sarah E. Johnston
2029 Century Park East
Suite 300
Los Angeles, CA 90067
310-284-3798 (phone)
F 310-284-3894 (fax)
sjohnston@btlaw.com

-and-

James L. Stengel (NY Bar ID 1800556)
Orrick, Herrington & Sutcliffe, LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: +1 212 506 5000
Facsimile: +1 212 506 5151
jstengel@orrick.com

Jennifer B. Jones (PA Bar ID 82291)
Orrick, Herrington & Sutcliffe, LLP
2029 Century Park East
Suite 300
Los Angeles, CA 90067
310-284-3798 (phone)
F 310-284-3894 (fax)
Jennifer.jones@orrick.com

9

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 8, 2021 a copy of the foregoing document was electronically filed with the CM/ECF system, which will send notice of electronic filing to all counsel of record who has consented to electronic notification.

BARNES & THORNBURG LLP

Dated:  March 8, 2021

*/s/ Charles M. Denton*

Charles M. Denton (MI P33269)
*Attorney for Defendant Mine Safety
Appliances Company, LLC*