**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG **STATUS REPORT, GENERAL DENIAL, AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES BY DEFENDANT MINE SAFETY APPLIANCES COMPANY, LLC IN PLACE AND INSTEAD OF NAMED DEFENDANT MSA SAFETY, INC.** This Document Relates to: Civil Action No. **2:21-cv-00366-RMG** |

**STATUS REPORT, GENERAL DENIAL, AND PRELIMINARY STATEMENT OF
AFFIRMATIVE DEFENSES BY DEFENDANT MINE SAFETY APPLIANCES
COMPANY, LLC IN PLACE AND INSTEAD OF NAMED DEFENDANT MSA
SAFETY, INC.**

## PRELIMINARY STATEMENT

Defendant Mine Safety Appliances Company, LLC ("Defendant"), in place and instead of named Defendant MSA Safety, Inc., and by and through its undersigned counsel, hereby provides notice of the following affirmative defenses that Defendant may assert in response to the Complaint filed by personal injury plaintiffs in *Mauldin, et al. v. 3M Company, et al.*, Case No. 2:21-cv-00366-RMG (the "Plaintiffs") which is pending in MDL No. 2:18-mn-2873-RMG (the "Complaint"). Defendant files this General Denial and Preliminary Statement of Affirmative Defenses ("Statement") pursuant to the order the Court made during the October 4, 2019 conference, and in accordance with Paragraph 4(d) of the Joint Status Report submitted on September 27, 2019. This Statement does not constitute a responsive pleading and does not waive Defendant's right to separately answer in response to the Complaint. Failure to deny or otherwise respond to allegations in the Complaint shall not be construed as an admission of their truth. Defendant also reserves its right to file a motion to dismiss the Complaint, in whole or in part, under Rule 12 of the Federal Rules of Civil Procedure, as well as any other available

- 1 -

procedural and substantive provisions, and Case Management Order No. 2A. (Dkt. 130). This Statement is based upon Defendant's investigation to date, and Defendant reserves the right to amend or supplement this Statement and its defenses if and when new information is learned, and/or to serve a pleading when directed to do so by the Court.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant denies generally and specifically each and every allegation set forth in the Complaint, and each and every alleged cause of action therein, and Defendant demands strict proof thereof as required by applicable law. Defendant specifically denies as untrue the allegation(s) that Plaintiffs suffered harm, injuries and/or damages caused by exposure to per- and polyfluoroalkyl substances ("PFAS"), Class B firefighting foams including aqueous film-forming foams ("AFFF") (collectively "Foam"), and/or "protective clothing specifically designed for firefighters" and any associated safety equipment or material (collectively "Turnouts")[1] that were "manufactured, designed, sold, supplied and/or distributed by" Defendant (PFAS, Foam and Turnouts hereinafter collectively referred to as "Products") as alleged in the Complaint. *See e.g*., Complaint ¶¶ 2, 6. Defendant also specifically denies that its manufacture, distribution, marketing, release to the environment, testing and/or disposal of any Products caused Plaintiffs' alleged injuries or damages. Defendant further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could or should be granted. Defendant further denies that Plaintiffs have sustained any cognizable injury, or suffered any recoverable damages in any sums alleged, or any sums at all, or are entitled to relief of any type by reason of any alleged act, breach, conduct or omission on Defendant's part, or anyone acting on its behalf. Defendant reserves its right to assert cross-claims and/or third-party claims, in accordance with the Federal Rules of Civil Procedure.

---

[1] To the extent entities related to Defendant manufactured Turnouts, such Turnouts were manufactured from materials supplied by other companies. Defendant specifically denies that it added or used PFAS in its manufacture of any alleged Turnouts.

## SEPARATE AND AFFIRMATIVE DEFENSES

Defendant asserts the following defenses in response to the allegations in the Complaint. Defendant asserts these defenses without assuming any burden of proof of such defenses that would otherwise rest on Plaintiffs. Further, notwithstanding the enumeration of specific defenses set forth below, Defendant reserves unto itself all of those defenses set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, and such other defenses, affirmative or otherwise, as may prove through discovery to apply.

1. The Complaint should be dismissed against Defendant to the extent that Defendant did not manufacture, sell, or distribute the Products that allegedly injured Plaintiffs.

2. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to state or constitute a claim upon which relief may be granted against Defendant.

3. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks personal and/or subject matter jurisdiction over Defendant, and the Complaint must therefore be dismissed under Rule 12(b)(1) and/or 12(b)(2) of the Federal Rules of Civil Procedure.

4. The Court has no authority under the United States Constitution to award the relief requested.

5. Plaintiffs lack standing to bring any of the claims or causes of action asserted in the Complaint.

6. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

7. Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) or rule(s) of repose.

8. The Complaint, and each alleged claim or cause of action contained therein, fails to join necessary and/or indispensable parties.

9. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

10. Plaintiffs' claims are not ripe.

11.     Plaintiffs' claims are moot.

12.     Plaintiffs' claims are barred to the extent they have failed to exhaust administrative remedies.

13.     Plaintiffs' claims are barred by the doctrine of unclean hands.

14.     Plaintiffs' claims are barred by the doctrines of estoppel and/or waiver.

15.     Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16.     Plaintiffs' claims are barred to the extent that Defendant is entitled to immunity from suit under the government-contractor defense.

17.     Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated purchaser, sophisticated user, sophisticated intermediary, and/or knowledgeable user doctrines or other similar or related doctrines available under applicable law.

18.     Any injuries and/or damages sustained by Plaintiffs have been caused or contributed to by the negligence and/or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Defendant had no control or right of control and for whose conduct Defendant is not responsible.

19.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

20.     Plaintiffs' Complaint should be dismissed to the extent that Defendant did not design, manufacture, market, sell, distribute, or advertise the Products, and/or is not the successor to any corporation that may have designed, manufactured, marketed, sold, advertised, or distributed the Products.

21.     Any injuries and/or damages sustained by Plaintiffs are barred by the doctrines of intervening cause, independent cause, and/or superseding cause.

22.     Plaintiffs' claims are barred, in whole or in part, because Defendant's Products were unforeseeably misused or altered.

23.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of election of remedies.

24.     Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

25.     Plaintiffs' claims fail to the extent the relief sought includes medical monitoring because such relief is inappropriate and/or otherwise barred under applicable law.

26.     Plaintiffs' claims are barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

27.     To the extent Plaintiffs' alleged injuries occurred during the scope and course of their employment, Plaintiffs' exclusive remedy and right to recovery in this matter is under the applicable state or federal workers' compensation laws.

28.     Plaintiffs' claims are barred, in whole or in part, because Defendant reasonably and justifiably relied on the manufacturers of the Products and/or materials and/or chemicals contained in the Product(s) in question to design, test, manufacture and provide information about their Products, materials and/or chemicals in conformity with (i) all applicable federal, state and/or local regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the Products, materials and/or chemicals  were manufactured and tested.

29.     Plaintiffs' claims are barred, in whole or in part, because Defendant's conduct was in accordance with the applicable standards of care under all laws, regulations, standards, specifications, industry practice, and state-of-the-art knowledge, and Defendant's activities in accordance with such standards were reasonable as a matter of law.  Defendant at all times acted reasonably, in good faith, and with the skill, prudence, and diligence of others in the industry at the time.

30.     Plaintiffs' claims are barred, in whole or in part, because any Product(s) manufactured and sold by Defendant are, and have always been, consistent with available technological, medical, scientific, and industrial state-of-the-art standards, and have complied with all applicable governmental requirements and regulations.

31.     Plaintiffs' claims are barred, in whole or in part, because any alleged levels of contamination and/or exposure did not exceed any applicable laws or binding regulatory standards at the relevant times.

32.     Plaintiffs' claims are barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Defendant that are the subject of Plaintiffs' claims. Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

33.     Plaintiffs' purported exposure to Defendant's Product(s), if any, was too removed, indefinite, de minimis and insufficient to establish a reasonable degree of probability that any such Product caused any alleged injury, damage or loss to Plaintiffs.

34.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction.

35.     Plaintiffs' claims are barred, in whole or in part, under the doctrine of federal preemption, including, without limitation, displacement, express preemption, conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

36.     Plaintiffs' claims are barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the Uniform Commercial Code.

37.     Defendant did not own, control or release the Product(s) that allegedly caused some or all of the injuries and/or damages alleged in the Complaint.

- 6 -

38.     The continuing tort doctrine is inapplicable to one or more of the Plaintiffs' causes of action.

39.     Plaintiffs' injuries and/or damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendant, and in the event that Defendant is found to be liable to Plaintiffs, Defendant will be entitled to indemnification, contribution, and/or apportionment.

40.     Defendant asserts its rights to allocation, set off, or apportionment of fault pursuant to applicable state law, as well as its right to a proportionate reduction of any damages found against Defendant based on the negligence or conduct of any settling co-defendant, tortfeasor, responsible third party, and/or Plaintiffs.

41.     Plaintiffs' claims against Defendant are barred or limited by the economic loss rule.

42.     Plaintiffs failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate their damages.

43.     Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, license, permit, acquiescence, release, settlement, and/or waiver.

44.     Plaintiffs' claims against Defendant are barred, in whole or in part, under the firefighter/fireman's rule and/or public duty doctrine.

45.     Plaintiffs' claims are barred, in whole or in part, under the free public services doctrine or municipal cost recovery rule.

46.     Plaintiffs' claims are barred because the benefits of Defendant's Products outweighed the risks, if any, of the alleged harms.

47.    Plaintiffs' claims are barred for lack of proximate causation between any alleged act or omission of Defendant and the claims, injuries, damages and/or harms alleged in the Complaint.

48.    Plaintiffs' claims are barred, in whole or in part, because there was no alternative feasible design for the Products at issue during the relevant time period.

49.    Plaintiffs' claims are barred, in whole or in part, because there is no privity between the Plaintiffs and Defendant.

50.    To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

51.    Plaintiffs' claims are barred, in whole or in part, because Defendant did not owe a legal duty to Plaintiffs or, if they owed such a duty, did not breach and/or fully discharged that duty.

52.    Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, Defendant exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

53.    Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendant proximately caused the purported injuries and/or damages allegedly sustained by Plaintiffs.

54.    Plaintiffs' claims are barred, in whole or in part, because to the extent Defendant owed any cognizable duty to warn Plaintiffs under California law or regulations promulgated thereunder, Defendant adequately discharged such duty.

55.    Plaintiffs' claim for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

56.    The Complaint fails to state a claim upon which punitive or exemplary damages may be awarded.

57.    California Civil Code sections 1431 through 1431.5, commonly known as "Proposition 51," provides that each defendant's liability for non-economic damages shall be

several and not joint, and Defendant asserts that it is only liable for the amount of non-economic damages, if any, allocated to it in direct proportion to its percentage of fault, if any, under applicable law.

58.     Plaintiffs' claims for punitive or exemplary damages are barred or limited to the extent they violate Defendant's due process and equal protection rights under the United States Constitution and applicable state law, to the extent they violate the excessive fines provisions of the United States Constitution and applicable state law, to the extent they place an impermissible burden on interstate commerce, to the extent they violate the Contract Clause of Article I, Section 10, and to the extent they violate the constitutional prohibition against vague and overbroad laws.

59.     Plaintiffs' claims are barred to the extent they involve alleged advertising, public statements, lobbying, or other activities, by the First Amendment to the U.S. Constitution and the applicable provisions of any State whose constitutions and laws may apply.  In addition, any alleged statements attributed to Defendant are protected as commercial speech and the *Noerr-Pennington* doctrine provides protection for alleged statements in any judicial, legislative, or administrative proceedings.

60.     Defendant is entitled to all the procedural, substantive and other protections, caps, and limitations provided by applicable state statutes and/or other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

61.     Defendant did not engage in any conduct which would warrant or form a valid basis for an award of punitive or exemplary damages.

62.     Plaintiffs have failed to adequately plead and/or allege that Defendant acted with the requisite state of mind to warrant an award of punitive or exemplary damages.

63.     Defendant has complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the Complaint, and, therefore, to the extent that consideration is given to Plaintiffs' claims, punitive damages are unwarranted in law and fact.

64. Punitive damages are not available because all conduct and activities of the Defendant alleged in the Complaint conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant time period.

65. Punitive damages are not available because Defendant neither knew nor should have known that the substances to which Plaintiffs allegedly were exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm, and Defendant therefore lacked notice that its conduct was unlawful or subject to punishment and an award of punitive or exemplary damages would violate Defendant's constitutional right to due process.

66. Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the Unites States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and other applicable provisions of the Constitution of any other state whose laws may apply.

67. The relief that Plaintiffs seek, in whole or in part, violates Defendant's due process rights.

68. The constitutional guarantee of due process under the United States Constitution and various state constitutions prevents the retroactive imposition of liability for alleged acts and/or omissions that were in compliance with applicable state and federal laws and regulations at the time such alleged acts and/or omissions occurred.

69. Plaintiffs' claims fail substantively to the extent they rely on market share liability, concert of action, alternative liability, enterprise liability, civil conspiracy, or any other form of collective liability.

70. To the extent that Plaintiffs seek injunctive relief, monetary damages, and/or any other form of relief based on market share liability, concert of action, alternative liability, enterprise liability, civil conspiracy, or any other form of collective liability such that Plaintiffs are not required to identify the specific party whose acts or omissions actually or proximately

caused Plaintiffs' alleged injury, imposition of such injunctive relief, monetary damages, and/or other relief violates due process under the United States Constitution and state constitutions.

71.    Defendant denies any negligence, culpable conduct, or liability on its part but, if ultimately found liable for any portion of Plaintiffs' alleged damages, Defendant shall only be liable for its equitable share of Plaintiffs' alleged damages.

72.    Defendant denies any liability, but in the event it is found to have any liability to Plaintiffs, Defendant is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and/or expenses alleged in the Complaint; (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaint.

73.    Defendant cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct, and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of Defendant.

74.    Plaintiffs' claims are barred, in whole or in part, because the harm is divisible and attributable to others, either fully or in part.

75.    Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any Product(s) sold or distributed by Defendant.

76.    Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by exposure to PFAS from any Product(s) sold, distributed or otherwise attributable to Defendant.

77.    Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that PFAS has been reliably established, through scientific means, to be capable of causing Plaintiffs' alleged injuries.

78.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that they were exposed to a sufficient concentration or amount of PFAS, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing Plaintiffs' alleged injuries.

79.     Plaintiffs' claims are barred, in whole or in part, because Defendant acted reasonably and in good faith.

80.     Plaintiffs' claims are barred, in whole or in part, because they conflict with federal and state statutory schemes that comprise a comprehensive regulatory policy governing PFAS.

81.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek to retroactively impose liability for conduct that was not actionable at the time it occurred, and Defendant may not be held liable under retroactive theories not requiring proof of fault or causation.

82.     Any damages Plaintiffs may have suffered were not reasonably foreseeable by Defendant at the time of the alleged conduct.

83.     Plaintiffs' claims are barred, in whole or in part, because Defendant neither knew, nor should have known, that any of the substances to which Plaintiffs allegedly were exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Defendant at all times relevant to the claims or causes of action asserted by Plaintiffs.

84.     Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which Defendant cannot be held responsible.

85.     Plaintiffs' claims for strict liability are barred because of the principles embodied in Section 402A of the Restatement (Second) of Torts and its comments.

86.     Plaintiffs' claims are barred, in whole or in part, because Defendant reasonably and justifiably relied on customers and/or suppliers and others to provide the particular

specifications and modifications, including the inclusion or addition of PFAS, in the Products being purchased from Defendant. Defendant delivered a final Product that may, or may not, have contained PFAS as specified by the customer or supplier.

87. Plaintiffs' claims may be governed by arbitration clauses and may be subject to arbitration.

88. Defendant reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

89. Defendant adopts and incorporates by reference any additional applicable defenses pleaded by any other defendant not otherwise pleaded herein.

90. Defendant adopts and incorporates by reference any additional applicable defenses asserted by any other defendant prior to transfer of any case transferred to this MDL.

## **RESERVATION OF RIGHTS**

Defendant does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative, and none constitutes an admission that Defendant is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.

Defendant reserves its right to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or Statement of Affirmative Defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the MDL), (iii) rely upon any other defenses that may become

apparent during fact or expert discovery, and (iv) to amend this Statement to assert any such defenses.

Dated:  March 8, 2021

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN (CA Bar No. 57117)
BRANDON P. RAINEY (CA Bar No. 272341)
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA  94596
Tel: (925) 210-2800
Fax: (925) 945-1975
Emails:  cglynn@glynnfinley.com
         brainey@glynnfinley.com

By   /s/ Brandon P. Rainey
    Attorneys for Defendants Mine Safety
    Appliances Company, LLC and Globe
    Manufacturing Company, LLC, in place and
    instead of named Defendant MSA Safety,
    Inc.

ORRICK, HERRINGTON & SUTCLIFFE LLP
JAMES L. STENGEL (NY Bar No. 1800556)
51 West 52nd Street
New York, NY  10019-6142
Tel: (212) 506-5000
Fax: (212) 506-5151
JENNIFER B. JONES (PA Bar No. 82291)
2121 Main Street
Wheeling, WV 26003-2809
Tel: (304) 231-2500
Fax: (304) 231-2501
Emails:  jstengel@orrick.com
         jennifer.jones@orrick.com

By   /s/ James L. Stengel
    Attorneys for Defendants Mine Safety
    Appliances Company, LLC and Globe
    Manufacturing Company, LLC, in place and
    instead of named Defendant MSA Safety,
    Inc.

- 14 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF on this 8th day of March 2021, and was thus served electronically upon all counsel of record.

Dated:  March 8, 2021

GLYNN & FINLEY LLP
CLEMENT L. GLYNN
BRANDON P. RAINEY
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA  94596
Tel: (925) 210-2800
Fax: (925) 945-1975
Emails:      cglynn@glynnfinley.com
                  brainey@glynnfinley.com

By___/s/ Brandon P. Rainey_____
Attorneys for Defendants Mine Safety Appliances
Company, LLC and Globe Manufacturing
Company, LLC, in place and instead of named
Defendant MSA Safety, Inc.

ORRICK, HERRINGTON & SUTCLIFFE LLP
JAMES L. STENGEL (NY Bar No. 1800556)
51 West 52nd Street
New York, NY  10019-6142
Tel: (212) 506-5000
Fax: (212) 506-5151
JENNIFER B. JONES (PA Bar No. 82291)
2121 Main Street
Wheeling, WV 26003-2809
Tel: (304) 231-2500
Fax: (304) 231-2501
Emails:      jstengel@orrick.com
                  jennifer.jones@orrick.com

By___/s/ James L. Stengel_____
Attorneys for Defendants Mine Safety Appliances
Company, LLC and Globe Manufacturing
Company, LLC, in place and instead of named
Defendant MSA Safety, Inc.