UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>This Document relates to:<br>ALL CASES |

### DEFENDANT CARRIER GLOBAL CORPORATION'S AND DEFENDANT RAYTHEON TECHNOLOGIES CORPORATION'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES

Defendants Carrier Global Corporation ("Carrier") and Raytheon Technologies Corporation ("Raytheon"), by undersigned counsel, hereby respond to all Complaints in which Carrier and Raytheon have been named as parties as follows:

### GENERAL DENIAL & RESERVATION OF RIGHTS

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Carrier and Raytheon deny each and every allegation set forth in Plaintiffs' Complaints, the Complaints as a whole, and each and every cause of action alleged in the Complaints. Carrier and Raytheon demand strict proof of those causes of action by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Carrier and Raytheon also deny that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted; deny that Plaintiffs have sustained damages in any sums alleged, or any sums at all; and deny that Plaintiffs are entitled to relief of any type, by reason of any act, breach, or omission on the part of Carrier and Raytheon or anyone acting on their behalf.

-2-

Carrier and Raytheon further reserve their rights to assert cross-claims and/or third-party claims, in accordance with the Federal Rules of Civil Procedure, at the time of the filing of Carrier's and Raytheon's answers in individual cases.

## **AFFIRMATIVE DEFENSES**

Carrier and Raytheon assert the following affirmative defenses in response to the allegations in each of the Complaints filed in the above-captioned actions:

1. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Carrier and Raytheon.

2. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks personal jurisdiction over Carrier and Raytheon, and the Complaint should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3. Plaintiffs' claims are barred or limited for lack of standing.

4. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

5. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

6. The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

7. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Carrier and Raytheon are entitled to immunity from suit under the government contractor defense. *See Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

8. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

9. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiffs are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae*.

10. Plaintiffs' claims are not ripe and/or have been mooted.

11. Plaintiffs' claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

12. Plaintiffs may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

13. Plaintiffs may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

14. Plaintiffs may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

15. Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

16. Any injuries and/or damages sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Carrier and Raytheon had no control or right of control and for whom Carrier and Raytheon are not responsible.

17. Any injuries and/or damages sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

18. Plaintiffs' claims are or may be barred, in whole or in part, to the extent that Carrier's and Raytheon's products were unforeseeably misused or altered.

19. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

20. Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

21. Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

22. Plaintiffs' claims are or may be barred, in whole or in part, because Carrier and Raytheon used proper methods in designing, testing, and manufacturing their products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

23. Plaintiffs' claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

24. Plaintiffs' claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Carrier and Raytheon that are the subject of Plaintiffs' claims. Carrier and Raytheon are not responsible or

liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

25. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

26. Plaintiffs' claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

27. Plaintiffs' claims are or may be barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

28. Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, because Plaintiffs did not provide Carrier and Raytheon reasonable notice of any alleged breach.

29. Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

30. Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Carrier and Raytheon, and in the event that Carrier and Raytheon are found to be liable to Plaintiffs, Carrier and Raytheon will be entitled to indemnification, contribution, and/or apportionment.

31. Carrier and Raytheon assert their rights to allocation or apportionment of fault pursuant to applicable state law, as well as their rights to a proportionate reduction of any damages found

against Carrier and Raytheon based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

32. Plaintiffs' claims against Carrier and Raytheon are barred or limited by the economic loss rule.

33. Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

34. Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

35. Plaintiffs' Complaint is barred, in whole or in part, because Carrier and Raytheon are not liable as successors in interest for the acts of their corporate predecessors in interest.

36. Plaintiffs' Complaint is barred, in whole or in part, because Carrier and Raytheon are not liable for the acts of other parties taken after Kidde-Fenwal, Inc.'s divestiture of the National Foam business.

37. Carrier and Raytheon reserve the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

38. Carrier and Raytheon adopt by reference any additional applicable defense pleaded by any other defendants not otherwise pleaded herein.

39. Carrier and Raytheon adopt by reference any additional applicable defense asserted by Carrier and Raytheon prior to transfer in any case transferred to this MDL.

-6-

Carrier and Raytheon do not admit or acknowledge that they bear the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitutes an admission that Carrier and Raytheon are liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Carrier and Raytheon reserve their rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any the defendants in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

Respectfully submitted,

DEFENDANTS CARRIER GLOBAL
CORPORATION AND RAYTHEON
TECHNOLOGIES CORPORATION,

By their attorneys,

*/s/ Jonathan I. Handler*
Jonathan I. Handler
jihandler@daypitney.com
Keith H. Bensten
kbensten@daypitney.com
DAY PITNEY LLP
One Federal Street, 29th Floor
Boston, Massachusetts 02110
T: (617) 345-4600
F: (617) 345-4745

John W. Cerreta
jcerreta@daypitney.com
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut
T: (860) 275-0665
F: (860) 881-2517

Date: March 12, 2021

-8-

.

-9-

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was electronically filed with this Court's CM/ECF system on March 12, 2021 and was therefore served automatically on all counsel of record in this matter.

*/s/ Jonathan I. Handler*
Jonathan I. Handler