**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> **DEFENDANT PBI PERFORMANCE PRODUCTS, INC.'S GENERAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES** <br><br> **This filing relates to case #** <br><br> **2:21-cv-00366-RGM** |

By request of the Court, Defendant PBI Performance Products, Inc.("PBI"), through undersigned counsel, hereby provides notice of the following affirmative defenses that PBI may assert in response to the Complaint ("Complaint") filed by personal injury plaintiffs in the *Mauldin, et al v. 3M Company, et al.*, Case No. 2:21-cv-00366, and pending in the MDL ("Plaintiffs"), subject to further factual development and the potential identification of additional defenses. This Preliminary Statement of Affirmative Defenses is not intended to constitute a responsive pleading to the Complaint. Failure to deny or otherwise respond to allegations in the Complaint shall not be construed as an admission of their truth. PBI files this statement pursuant to the Court's order at the October 4, 2019 conference, and in accordance with Paragraph 4.d. of the Joint Status Report submitted on September 27, 2019. Pursuant to the Court's Order, PBI further reserves its right to seek to file a motion under the Federal Rule of Civil Procedure Rule 12 to dismiss the Complaint, in whole or in part, pursuant to this Court's Case Management Order No. 2A. PBI further reserves the right to amend or supplement this Preliminary Statement of Affirmative Defenses, and/or serve a pleading when so directed by the Court.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), PBI denies generally and specifically each and every allegation set forth in Plaintiffs' Complaint, and the whole thereof, and each and every alleged cause of action therein, and PBI demands strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. PBI further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. PBI further denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or omission on the part of PBI or anyone acting on its behalf. PBI reserves its rights to assert cross-claims and/or third-party claims.

## STATEMENT OF AFFIRMATIVE DEFENSES

1. The Complaint, and each cause of action or count alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted against PBI.

2. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks personal jurisdiction over PBI, and the Complaint should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, repose, and/or the equitable defenses of laches.

4. The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

5. PBI denies any liability, but in the event PBI is found to have any liability to any Plaintiff, PBI is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; or (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; or (3) the equitable share of the

liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaint.

6. PBI asserts its rights to a proportionate reduction of any damages found against PBI based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

7. Plaintiffs' recovery of damages are or may be barred and/or diminished to the extent a Plaintiff has or will receive payment(s) for such damages from various collateral sources.

8. Plaintiffs lack standing to bring some or all of these claims.

9. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

10. Plaintiffs' claims may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

11. Plaintiffs' claims may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

12. Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged damages in the Complaint were proximately caused by others, including intervening and/or superseding acts or omissions.

13. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

14. To the extent Plaintiffs' alleged injuries occurred during the scope and course of their employment, Plaintiffs' exclusive remedy and right to recovery in this matter is under the applicable state or federal workers' compensation laws.

15. Plaintiffs' claims are barred, in whole or in part, under the firefighter/fireman's rule and/or public duty doctrine.

16. Any costs alleged to be incurred in the future may not be recovered as they are remote, speculative, and contingent.

17. The relief that Plaintiffs seek, in whole or in part, violates PBI's constitutional due process rights.

18. Some or all of the claims made by Plaintiffs are barred by PBI's compliance with all applicable state and federal laws, regulations and orders.

19. Plaintiffs' claims are not ripe and/or have been mooted.

20. Some or all of Plaintiffs' claims and/or requested forms of relief may be barred by the doctrines of res judicata and collateral estoppel.

21. Plaintiffs' claims are barred, in whole or in part, because there was no alternative feasible design for the products at issue during the relevant time period.

22. To the extent that Plaintiffs have received or may receive some or all of the requested relief from a governmental agency, PBI asserts its entitlement to an appropriate set-off or reduction of any judgment against it.

23. Plaintiffs' claims are barred by the economic loss rule.

24. The claims and/or damages alleged in the Complaints are or may be barred, in whole or in part, by the doctrine of avoidable consequences and by Plaintiffs' failure to mitigate their damages.

25. Plaintiffs' claims are or may be barred, in whole or in part, under the doctrines of contributory negligence and/or comparative fault, and/or other applicable common-law or statutory doctrine.

26. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of assumption of risk.

27. PBI denies any negligence, culpable conduct or liability on its part but, if PBI ultimately is found liable for any portion of Plaintiffs' alleged damages, PBI shall only be liable for its equitable share of Plaintiffs' alleged damages.

28. PBI is entitled to all the procedural, substantive, and other protections, caps, and limitations provided by applicable state statutes and other state and federal laws regarding Plaintiffs' claims for compensatory and punitive damages.

29. Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and other applicable provisions of the Constitution and of any other state whose laws may apply.

30. Plaintiffs' operative Complaint fails to state a claim, in whole or in part, upon which the liability of PBI can be predicated on the acts or omissions of a third-party, who was not an agent or employee of PBI and for whose acts or omissions PBI is not legally responsible, or any other theory of vicarious liability.

31. PBI cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from any harm allegedly caused by acts or omissions of PBI.

32. Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which PBI cannot be held responsible.

33. Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any product(s) manufactured by PBI.

34. Plaintiffs' claims are or may be barred, in whole or in part, because any alleged levels of contamination (if any) did not exceed any applicable laws or binding regulatory standards at the relevant times.

35. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by exposure to PFOA or PFOS from any product(s) attributable to PBI.

36. Plaintiffs' claims are barred, in whole or in part, to the extent that the damages alleged in the Complaint were caused or contributed to, in whole or in part, by the negligence, carelessness, fault, culpable conduct, and/or want of care attributable to others over whom PBI neither had nor exercised any control.

37. Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than PBI, and in the event that PBI is found to be liable to Plaintiffs, PBI will be entitled to indemnification, contribution, and/or apportionment.

38. Plaintiffs' claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

39. PBI asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its right to a proportionate reduction of any damages found against PBI based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

40. Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have

been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages.

41. Plaintiffs' claims are barred, in whole or in part, because PBI did not owe a legal duty to Plaintiffs or, if they owed such a duty, did not breach and/or fully discharged that duty.

42. Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, PBI exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

43. Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of PBI proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

44. Plaintiffs' claims are barred, in whole or in part, because to the extent PBI owed any cognizable duty to warn, PBI adequately discharged any such duty.

45. Plaintiffs' claim for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

46. Plaintiffs' purported exposure to PBI's products, if any, was too removed, indefinite, de minimus and insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage or loss to Plaintiffs.

47. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that PFOA and/or PFOS has been reliably established, through scientific means, to be capable of causing their alleged injuries.

48. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that they were exposed to a sufficient concentration or amount of PFOA and/or PFOS, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing their alleged injuries.

49. Plaintiffs' claims are barred, in whole or in part, because PBI acted reasonably and in good faith.

50. Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

51. Plaintiffs' claims are or may be barred to the extent that PBI's products were unforeseeably misused or altered.

52. Plaintiffs' claims are or may be barred because PBI used proper methods in designing, testing, and manufacturing their products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

53. Plaintiffs' claims are or may be barred to the extent that any warranties were disclaimed and/or limited by applicable provisions of the Uniform Commercial Code (UCC).

54. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of federal preemption, including pursuant to any applicable statutes, regulations or guidance.

55. Plaintiffs' warranty claims, if any, are or may be barred because Plaintiffs did not provide PBI reasonable notice of any alleged breach.

56. Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

57. PBI did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

58. Plaintiffs have failed to adequately plead and/or allege that PBI acted with the requisite state of mind to warrant an award of punitive damages.

59. PBI complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the Complaint, and, therefore, to the extent that consideration is given to Plaintiffs' claims, punitive damages are unwarranted in law and fact.

60. Punitive damages are not available because all conduct and activities of PBI related to matters alleged in the Complaint conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

61. PBI adopts by reference any additional applicable defense pleaded by any other Defendants not otherwise pleaded herein.

PBI does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitutes an admission that PBI is liable to any Plaintiff, that Plaintiffs have been or will be injured or damaged in any way, or that any Plaintiff is entitled to any relief whatsoever. PBI reserves its right to (a) rely on any and all defenses and presumptions set forth in or arising from any rule or law or statute of any state whose substantive law might control the relevant action; (b) rely upon any other applicable defenses set forth in any Answer or disclosure of affirmative defenses of any other defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), except to the extent that they would impose liability on PBI; (c) rely upon any other defenses that may become apparent during fact or expert discovery in this matter; and (d) supplement these defenses with any additional defenses that subsequently become apparent or available during discovery in this matter or at trial.

This the 2nd day of April, 2021

Respectfully Submitted,

/s/ Peter J. Van Zandt
Peter J. Van Zandt
LEWIS BRISBOIS BISGAARD & SMITH LLP
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone:  415.262.8579
Facsimile:  415.434.0882
Peter.VanZandt@lewisbrisbois.com

*Attorneys for Defendant*
*PBI Performance Products, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF on this 2nd day of April 2021, and was thus served electronically upon all counsel of record.

This the 2nd day of March, 2021

                                            LEWIS BRISBOIS BISGAARD & SMITH LLP

                                            /s/ Peter J. Van Zandt
                                            Peter J. Van Zandt (CA Bar #152321)
                                            Attorneys for Defendant
                                            PBI Performance Products, Inc.