**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**CASE MANAGEMENT ORDER 4.A**<br><br>**This Order relates to**<br>**ALL CASES** |

To enable the flow of discovery material and adequately protect material that is entitled to be kept confidential, and to promote compliance with Judge Richard Gergel's Special Instructions and the District of South Carolina's Local Civil Rules, the parties jointly enter this Amended Protective Order pursuant to Fed. R. Civ. P. 26(c).

**Purposes and Limitations.** The parties anticipate producing documents and information to each other that contain confidential, proprietary, or sensitive information. The parties are willing to provide these documents to each other for inspection and review under a protective order containing the hereinafter stated terms and conditions. By entering this Amended Protective Order, the Court is not ordering that any confidential and/or proprietary information that is sought by any party in their requests for production and inspection is, or is not, subject to the disclosure and discovery process.

It is hereby ORDERED as follows:

1.       This Order shall apply to Documents, Information, and other tangible things exchanged by the parties to this action or by third parties in discovery in this matter as further set forth below.  Nothing in this Order creates a presumption or implies that material or information designated by a party as "confidential" actually constitutes protected information under applicable law, and such

1

determination may be made at a later time by this Court.

2. **Definitions.** As used in this Amended Protective Order, these terms have the following meanings:

a. **"Action"** refers to this consolidated multi-district litigation captioned *In re: Aqueous Film-Forming Foams Products Liability Litigation*, Civil Action No. 18-mn-2873.

b. **"Producing Party"** or **"Designating Party"** is the party or non-party producing Documents or Information and/or designating Documents or Information as Confidential, Highly Confidential, Export Control, and/or Department of Defense Distribution Statement F Information.

c. **"Receiving Party"** is a party or non-party receiving or having access to Documents or Information.

d. **"Challenging Party"** is the party that challenges a particular designation of Documents or Information as Confidential, Highly Confidential, or Export Control Information pursuant to Section 11 of this Amended Protective Order.

e. **"Confidential Information"** means Documents, Information, and any other material designated as Confidential in accordance with this Order unless (a) the party which designated the material or information withdraws the confidential designation, or (b) the Court has determined that the material or information does not constitute confidential material or information.

A party may only designate a Document or Information Confidential if it has a good-faith basis to believe that the Document or Information is, constitutes, or contains Information that is confidential under statute, rule, or other applicable law,

including Documents, Information, or other tangible things that are confidential, proprietary, or commercially sensitive business or financial information, trade secrets, information that is not publicly available, Confidential Health Information, or information that otherwise meets the standard for protection set forth in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.  Notwithstanding the foregoing, a Producing Party may not designate as confidential any documents that have been made publicly available, including through unsealed court filings, public EPA dockets, and/or other similar means by which information was placed in the public domain.

     f.    **"Highly Confidential Information"** means Documents, Information, and any other material designated as highly confidential in accordance with this Order unless (a) the party which designated the material or information withdraws the highly confidential designation, or (b) the Court has determined that the material or information does not constitute highly confidential material or information.

A party may only designate a Document or Information Highly Confidential if it has a good-faith basis to believe that (a) the Document or Information is, constitutes, or contains Information that is confidential under statute, rule, or other applicable law, including Documents, Information, or other tangible things that are confidential, proprietary, or commercially sensitive business or financial information, trade secrets, Confidential Health Information, or information that otherwise meets the standard for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure; and (b) (i) the Document or Information could provide its Competitor(s) with an advantage (economic) or (ii) the document, if released would cause harm to the interests of a governmental entity. If Document(s) and/or Information are not designated as "Highly Confidential," then they

may be shown to a Competitor(s). Further, only Document(s) and/or Information designated as "Highly Confidential" pursuant to section (b)(i) of this paragraph are not permitted to be shown to a Competitor(s).

g.    **"Export Control Information"** means Documents, Information, and any other material designated as export control in accordance with this Order unless (a) the party that designated the material or information withdraws the export control designation, or (b) the Court has determined that the material or information does not constitute export control material or information.

A party may only designate a Document or Information "Export Control Information" if it has a good-faith basis to believe that the Document or Information is subject to United States' export control law and regulations.  The regulatory obligations with regard to such documents are specified, respectively, in the Export Administration Regulations ("EAR") at 15 C.F.R. Parts 730-772, and the International Traffic in Arms Regulations ("ITAR") at 22 C.F.R. Parts 120-130. Except as to documents that have already been produced in other litigation and are being re-produced in this litigation, when a Producing Party produces Document(s) that it believes to be subject to an Expert Control designation, the Producing Party will likewise simultaneously provide a description log to the Receiving Party that provides the basis(es) upon which the Document(s) is subject to a claim of ITAR and/or EAR and which precisely identifies such Document(s) bastes number.

h.    A **"Competitor"** shall mean any manufacturer of or manufacturer (included its affiliates) involved in the sale of fire suppression products including aqueous film-forming foam ("AFFF"), fluorosurfactants that may be used in the manufacture of AFFF, or hardware or systems (including system components) that may accompany or be used in

4

conjunction with AFFF.

  **i.**  **"Documents"** includes all materials within the scope of Rule 34(a) of the Federal Rules of Civil Procedure.

  **j.**  **"Information"** includes all materials within the scope of Documents, exhibits, evidence or things used at trial, depositions or other proceedings; any testimony, whether given at trial or a deposition; and any other means of presenting, producing or revealing information.

  **k.**  **"Department of Defense Distribution Statement F Information"** includes all documents, information, and materials that components of the Department of Defense mark with Distribution Statement F, in accordance with Department of Defense Instruction 5200.48 (March 6, 2020). Department of Defense Distribution F Information is dissemination-list controlled, and the dissemination list for these documents, information, and materials was created specifically for this litigation, to protect sensitive or controlled but unclassified technical material that could affect national security and that is subject to export control analysis. Department of Defense Distribution Statement F Information is by definition Export Control Information, although the United States is not required to produce the log described in paragraph 2(f) above.

  **3.**  **Access to Confidential Information.** All "Confidential Information" produced in discovery, if any, shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation of this Action, consistent with the restrictions on use of "Confidential Information" contained in this Order. Access to any Confidential Information shall be limited to:

  **a.**  Judges, court reporters, court personnel, videographers, and special masters

5

at trial, hearings, arguments, depositions and any other judicial proceedings in this Action.

**b.**     The parties and counsel of record for the parties in this Action, including the outside and in-house counsel of the parties, and the attorneys, secretaries, paralegals, assistants, and other employees in the same firm/company of such counsel, in all cases only to the extent reasonably necessary to render professional services in this Action. Where relevant, no Confidential Information may be disclosed to any class member other than the named Plaintiffs.

**c.**     Messenger, copy, and other clerical services vendors not employed by a party or its counsel of record, only to the extent reasonably necessary to assist the parties and counsel of record for the parties in rendering professional services in this Action.

**d.**     The insurers or indemnitors of the defendants or any agents retained by the insurers or indemnitors including independent claims management personnel.

**e.**     Subject to paragraph 5 below, witnesses during depositions, hearings and trial testimony in this Action, either during deposition or trial testimony or to the extent reasonably necessary to prepare such persons to testify, and counsel for such persons to the extent not included in Section 3(b)

**f.**     Subject to paragraph 5 below, consultants or experts retained for the purpose of assisting counsel of record in this Action, including consulting and testifying experts, jury/trial consultants, and mock jurors or focus group members.

**g.**     Subject to paragraph 5 below, third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving Documents or Information or maintaining database programs for handling Documents or Information for this Action.

**h.**     Other persons who may be designated by written consent of the Producing Party or pursuant to Court order so long as said persons agree to be bound as set forth in this Order, including paragraph 5 herein.

**4.**     **Access to Highly Confidential Information.**     All "Highly Confidential Information" produced in discovery, if any, shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation of this Action, consistent with the restrictions on use of "Highly Confidential Information" contained in this Order. Access to any Highly Confidential Information shall be limited to:

**a.**     Judges, court reporters, court personnel, videographers, and special masters at trial, hearings, arguments, depositions and any other judicial proceedings in this Action.

**b.**     Counsel of record for the parties in this Action, including the outside counsel of the parties and the attorneys, secretaries, paralegals, assistants, and other employees in the same firm/company of such counsel, and the in-house counsel of the parties who do not directly advise on business issues and the secretaries, paralegals, assistants, and other employees of such counsel, litigation counsel for insurers and indemnitors handling this litigation, and for all governmental entities, counsel in the governmental entity's department of law or justice and the secretaries, paralegals, assistants and other employees of such department, in all cases only to the extent reasonably necessary to render professional services in this Action.

**c.**     Subject to paragraph 5 below, personnel of a party necessary to assist with the litigation who agree to not disclose any information to other personnel and to use the information disclosed solely for the purpose of assisting with the litigation may have access to "Highly Confidential Information" dated prior to January 1, 2006, to the extent necessary

7

to assist with the litigation.

      **d.**    Messenger, copy, and other clerical services vendors not employed by a party or its counsel of record, only to the extent reasonably necessary to assist the parties and counsel of record for the parties in rendering professional services in this Action.

      **e.**    Subject to paragraph 5 below, witnesses during depositions and trial testimony in this Action.

      **f.**    Subject to paragraph 5 below, persons noticed for depositions or designated as trial witnesses in this Action to the extent reasonably necessary to prepare such persons to testify.

      **g.**    Subject to paragraph 5 below, consultants or experts retained for the purpose of assisting counsel of record in this Action, including consulting and testifying experts, jury/trial consultants, and mock jurors or focus group members.

      **h.**    Subject to paragraph 5 below, third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving Documents or Information or designing database programs for handling Documents or Information for this Action.

      **i.**    Other persons who may be designated by written consent of the Producing Party or pursuant to Court order so long as said persons agree to be bound as set forth in this Order, including paragraph 5 herein.

      **5.**    **<u>Access to Export Control Information.</u>** All "Export Control Information" produced in discovery shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation of this Action, consistent with the restrictions on use of "Export Control Information" contained in this Amended Protective Order and under

applicable United States law.  Export Control Information shall not be disclosed to any individual who is not a U.S. Person or stored on cloud servers or any media physically located outside of the United States.  By entering into this Amended Protective Order, the parties and their counsel hereby give their assurances that they will implement practices and controls to ensure that access to Export Control Information is restricted to "U.S. persons" in compliance with the International Traffic in Arms Regulations and Export Administration Regulations.

6.        **Signing Exhibit A.**    Before disclosing Confidential or Highly Confidential Information to any person listed in paragraphs 3(e)-(h) or paragraphs 4(e)-(h), the party proposing such disclosure must provide a copy of this Amended Protective Order to such person, who must sign the attached Exhibit A. That party must retain a signed copy on file for inspection by the Court. If the person to whom disclosure is contemplated refuses to sign Exhibit A and is a witness being deposed or compelled to testify pursuant to a subpoena, notice, or other order of this Court, then the parties will work cooperatively to seek a ruling on the issue by the Court prior to the person's scheduled testimony. While awaiting a ruling on the issue by the Court, no one may disclose Confidential Information or Highly Confidential information to the person at issue.

7.        **Access to Department of Defense Distribution Statement F Information.**    All Department of Defense Distribution Statement F Information may only be disseminated or disclosed in this Action to U.S. persons, as defined by 22 C.F.R. § 120.15 who also fall into one of the following categories:

   a.        Judges, court reporters, court personnel, videographers, and special masters at trial, hearings, arguments, depositions and any other judicial proceedings in the Action;

   b.        Counsel of record for the parties in this Action;

9

**c.**    Attorneys, secretaries, paralegals, assistants, and other employees in the same firm/company/governmental legal department of such counsel of record, only to the extent reasonably necessary to render professional services in the Action;

**d.**    One in-house attorney for each party – including, for governmental entities being represented in the Action by outside counsel, an attorney for the entity's department of law or justice – provided the in-house attorney is not involved in product development or competitive decisionmaking;

**e.**    Document services and copy vendors not employed by a party or its counsel of record, only to the extent reasonably necessary to assist counsel of record for the parties in rendering professional services in the Action;

**f.**    Subject-matter experts retained on a testifying or consulting basis for the parties in the Action and their staff, but only to the extent that a document falls into their subject-matter expertise and only to the extent reasonably necessary to render professional services in the Action;

**g.**    Persons noticed for deposition or who are expected to testify at a hearing in the Action only to the extent that they may receive a subject document on which they are expected to be questioned; and

**h.**    Employees of the U.S. Department of Justice and contractors of the U.S. Department of Justice to the extent reasonably necessary to assist in rendering professional services for the Action;

**provided that** the individuals in categories (c)-(g) must sign Exhibit B to this Order and provide a copy to counsel of record for the relevant party providing them with the Department of Defense

Distribution Statement F Information.  Each counsel of record who intends to distribute or disclose Department of Defense Distribution Statement F Information to individuals in categories (c)-(g) must send to the U.S. Department of Justice attorneys appearing in this Action a written communication stating which party or parties they represent; that they will keep the signed Exhibit Bs for each individual receiving Department of Defense Distribution Statement F Information; and that, if they withdraw from the case, they will ensure the signed Exhibit Bs are transferred to the next counsel of record.  If the U.S. Department of Justice, the U.S. Department of Defense, and/or any of its component organizations believe an improper dissemination has occurred, the federal agency may request to see and must be given no later than the conclusion of the Action any requested signed Exhibit Bs.

8. **Filing Confidential Information or Export Control Information or Highly Confidential or Department of Defense Distribution Statement F Information with the Court.**

Pursuant to Judge Richard Gergel's Special Instructions and the District of South Carolina's Local Civil Rules, the parties may seek to restrict public access to Confidential Information, Export Control Information, Highly Confidential, and Department of Defense Distribution Statement F Information contained in Documents filed with the Court. Any request to restrict access must comply with the requirements of the District of South Carolina's Local Civil Rules and Judge Richard Gergel's Special Instructions.  The parties agree to redact Confidential Information,  Export Control Information, Highly Confidential and Department of Defense Distribution Statement F Information from any Document filed with the Court; except that if the filing party seeks to have the Court review Confidential Information, Export Control Information, Highly Confidential, or Department of Defense Distribution Statement F Information contained within the Document, then the Document shall be filed under seal pursuant to the District of South Carolina's Local Civil Rules, with the portion of the Document that the filing

party seeks to have the Court review remaining unredacted. Any Party may from time to time initiate a review any Document(s) or Information(s) filed under seal and to unseal for the public record any Document for(s) which a prior confidentiality designation has since been lifted since the time of the under seal filing.

9.    **Designating Information as Confidential, Highly Confidential, Export Control, or Department of Defense Distribution Statement F Information.** The parties may only designate Documents Confidential, Highly Confidential, Export Control and/or Department of Defense Distribution Statement F if they have a good-faith basis to believe that the Documents are Confidential. Highly Confidential, Export Control and/or Department of Defense Distribution Statement Information, as the case may be, under statute, rule, or other applicable law and subject to paragraph 2 above.

With respect to documents that are produced in TIFF format, the designation of confidentiality shall be made by including the words "CONFIDENTIAL - SUBJECT TO AFFF MDL PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL, SUBJECT TO AFFF MDL PROTECTIVE ORDER" and/or "EXPORT CONTROL – SUBJECT TO AFFF MDL PROTECTIVE ORDER" or "DEPARTMENT OF DEFENSE DISTRIBUTION STATEMENT F – SUBJECT TO AFFF MDL PROTECTIVE ORDER" in the document in a manner reasonably calculated to be observed by anyone who obtains possession of the electronic document.  The addition of any designation pursuant to this Order shall not be deemed an alteration of the document.  With respect to documents that are produced in native format, the designation of confidentiality shall be made by including the words "CONFIDENTIAL - SUBJECT TO AFFF MDL PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO AFFF MDL PROTECTIVE ORDER" and/or "EXPORT CONTROL – SUBJECT TO AFFF MDL PROTECTIVE ORDER" or "DEPARTMENT OF DEFENSE

DISTRIBUTION STATEMENT F – SUBJECT TO AFFF MDL PROTECTIVE ORDER" on a cover sheet produced in TIFF format along with the native file and may include, at the Producing Party's discretion, the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and/or "EXPORT CONTROL" or "DEPARTMENT OF DEFENSE DISTRIBUTION STATEMENT F" in the file name of the native file as produced. If a party adds a designation to the file name for documents produced in Native Format pursuant to the Document Production Protocol entered in this litigation, then such additions will not be considered an alteration of the file.

To the extent that any Defendant reproduces documents from other litigation(s), all such documents clearly marked as being "Confidential" and subject to a protective order in such litigation will be deemed designated as "Confidential" in this Action; all such documents clearly marked "Export Control Information" will be deemed designated as "Export Control" in this Action; and all such documents clearly marked "Highly Confidential" will be deemed designated as "Highly Confidential" in this Action. Nothing in this Amended Protective Order shall permit a party to designate any portion of Documents or Information produced from other litigation(s) as "Confidential," "Export Control Information," or "Highly Confidential" or to reassert/assert a Confidential, Highly Confidential, or Export Control claim over such Documents or Information from other litigation(s) if:

   a.    The Documents or Information from the other litigation(s) were not already designated as either "Confidential," "Highly Confidential," or "Export Control" under the protective order in the other litigation(s);

   b.    The confidentiality or Export Control designation for such Documents or Information from other litigation(s) had been withdrawn by the prior Producing Party during the other litigation in which it was produced; or

c.    A Court overseeing another litigation(s) in which such Documents or Information was/were originally produced overruled the confidentiality or Export Control designation for such Document or Information previously.

10.    **Designating Deposition Transcripts as Confidential, Highly Confidential, Export Control, or Department of Defense Distribution Statement F.** All depositions or portions of depositions taken in this action and any Documents, things, or exhibits used at those depositions may be designated as "Confidential" or "Highly Confidential" and/or "Export Control Information" or "Department of Defense Distribution Statement F" pursuant to the terms of this Amended Protective Order. To designate deposition exhibits or transcripts as Confidential or Highly Confidential and/or Export Control or Department of Defense Distribution Statement F Information, a party must make a "line and page" designation either on the record at the deposition, or by written notice to the other parties within 21 calendar days of receipt of the transcript of the deposition from the court reporter. Unless otherwise agreed, depositions and Documents, things, or exhibits used at those depositions shall be treated as "Highly Confidential" during the 21-calendar-day period following receipt of the transcript from the court reporter. The failure of a party to make the above-required designation either on the record at the deposition or in writing within 21 days of its receipt of the deposition transcript shall result in the transcript and exhibits not being deemed either "Confidential," "Highly Confidential", "Export Control," or "Department of Defense Distribution Statement F Information," subject to paragraph 11 below.

11.    **Contesting Designation of Documents.** If any party believes that any Document or Information designated Confidential, Highly Confidential and/or Export Control Information does not constitute Confidential, Highly Confidential and/or Export Control Information, then that Challenging Party may challenge that designation by notifying the Designating Party in writing, identifying the

14

Documents or Information contested, and articulating the reason(s) for challenging the designation.  The parties shall promptly confer in good faith and use their best efforts to resolve any challenge to a designation. If the parties are unable to resolve the dispute within fourteen (14) days of the notice to the Designating Party of such challenge, or the Designating Party does not respond within such time, then the Challenging Party may request resolution of the dispute by the Court. The Designating Party shall have the burden of showing that the Documents or Information are Confidential, or Highly Confidential, or Export Control Information.

12.    **Inadvertent Failure to Designate Documents, Information or Things.**  Any party who inadvertently fails to identify Documents as Confidential or Highly Confidential and/or Export Control or Department of Defense Distribution Statement F Information shall have ten (10) business days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced Documents with the appropriate confidentiality and/or Export Control or Department of Defense Distribution Statement F Information designation. Any party receiving such inadvertently unmarked Documents shall make reasonable efforts to retrieve the original versions of such Documents from any person to whom they were provided that would not be entitled to receive the Documents or Information under this Amended Protective Order; provided, however, that any party who had received such inadvertently unmarked Documents shall have no liability for having received or shared any such Documents or Information contained within such documents prior to receipt of their proper designation as Confidential, Highly Confidential, Export Control, or Department of Defense Distribution Statement F Information as provided herein, and subject to the Receiving Party's right to challenge any such Confidential, Highly Confidential or Export Control Information designation under the terms of this Amended Protective Order. Such inadvertent or unintentional disclosure will not on its own be deemed

15

a waiver in whole or in part of the Producing Party's claim of Confidentiality or Export Control or Department of Defense Distribution Statement F status, either as to specific Documents or Information disclosed or on the same or related subject matter. Within a reasonable time of receipt of such notice, the Receiving Parties will mark the Documents and all copies "Confidential" or "Highly Confidential" and/or "Export Control" or "Department of Defense Distribution Statement F," as the case may be, and treat the document as Confidential Information or Highly Confidential and/or Export Control or Department of Defense Distribution Statement F Information, as they case may be, under the terms of this Order, and subject to the Receiving Parties' right to challenge any such designation under the terms of this Amended Protective Order. Notice of inadvertent or erroneous disclosure will be deemed to apply to all copies of the Document or Information disclosed.

13.     **<u>No Waiver of Any Privilege Upon Inadvertent Production.</u>** The parties have agreed that, in discovery in this lawsuit, they do not intend to disclose information subject to a claim of attorney-client privilege or attorney work product protection. Inadvertent or mistaken production of documents or electronically stored information ("ESI") (collectively "Inadvertently Produced Documents") subject to work-product or attorney-client privilege, shall not constitute a waiver of the privilege, provided that the Producing Party shall notify the Receiving Party in writing as set forth herein. In the event that a party inadvertently or mistakenly produces Inadvertently Produced Documents, the Producing Party shall, within fourteen (14) days of discovery of the inadvertent mistake or disclosure, notify the other party in writing of the inadvertent or mistaken disclosure including a description of the Information that was produced (including the format of the production – e.g. paper, ESI) and the date(s) the Information was produced. The Producing Party may, in the notice, request a "clawback" of Inadvertently Produced Documents. A Receiving Party is under a good faith obligation to promptly alert the Producing Party if Information that is produced, disclosed, exhibited,

or communicated by a Producing Party appears to be privileged or protected either on its face or in light of facts known to the Receiving Party. If the Producing Party claims that only a portion of a document, electronically stored information or tangible thing produced constitutes Inadvertently Produced Documents, the Producing Party shall provide a new copy of the Information with the allegedly privileged information or protected portions redacted. The party receiving such clawback notice shall immediately and diligently act to retrieve the Inadvertently Produced Documents, and all copies, including any loaded to databases, and return them to the Producing Party or destroy them as agreed between the parties. All notes or other work product of the Receiving Party reflecting the contents of such materials shall be destroyed and not used. No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them unless otherwise ordered by the Court.  The Receiving Party may, after receipt of the Producing Party's notice of the inadvertent or mistaken production, move the Court to dispute the claim of privilege.  If the Receiving Party elects to file a motion, the Receiving Party may retain possession of the Inadvertently Produced Documents as well as any notes or other product of the Receiving Party reflecting the contents of such materials pending the resolution by the Court of the motion but shall segregate and not use them or further disclose them to any person pending resolution of the motion.  If the Receiving Party's motion is denied, the Receiving Party shall promptly comply with the immediately preceding provisions of this paragraph.

      **14.**       **<u>Legal Process for Designated Information.</u>**  Subject to paragraph 16 below, if Confidential Information, Highly Confidential Information and/or Export Control Information or Department of Defense Distribution Statement F Information of a Producing Party is sought from a Receiving Party by a discovery request, subpoena, order, or other form of legal process from or by any

person, court, or administrative or legislative body, then the party receiving the discovery request, subpoena, order, or other form of legal process must not, except to the extent required by applicable law, provide or otherwise disclose such documents or information until 30 days – for Department of Defense Distribution Statement F Information, 60 days – after giving counsel for the Producing Party notice in writing, accompanied by a copy of the discovery request, subpoena, order or other form of legal process. If the Producing Party objects to disclosure, then the party to whom the discovery request, subpoena, order or other form of legal process is directed agrees not to make any disclosure in response to it until the resolution of the objection by the appropriate court.

15.     **Storage and Transmittal.**  To avoid security risks inherent in certain current technologies and to facilitate compliance with the terms of this Amended Protective Order, all persons with access to Confidential Information, Highly Confidential Information, Export Control Information, Department of Defense Distribution Statement F Information are prohibited from storing or transmitting any Confidential Information, Highly Confidential Information, Export Control Information, or Department of Defense Distribution Statement F Information in or via any online service (other than counsel or a parties' own firm/corporate email system) that is managed or maintained by any third party other than a litigation support service provider that uses (i) a secure document hosting facility, (ii) encrypted web-enabled software, (iii) secure sharing and collaboration among only authorized users, and (iv) does not employ public cloud computing services. Notwithstanding the foregoing provisions of this paragraph, the parties may temporarily store and/or transmit files with Confidential Information, Highly Confidential Information, Export Control Information, or Department of Defense Distribution Statement F Information to persons authorized to receive Confidential Information, Highly Confidential Information, Export Control Information, or Department of Defense Distribution Statement F Information as email attachments, via secure FTP,

Dropbox and/or Box.com, and/or by way of a third-party vendor that the parties agree may be used for encrypted and secure, domestic transmissions, provided that for any such transmissions the parties take all reasonable steps to protect Confidential Information, Highly Confidential Information, Export Control Information, or Department of Defense Distribution Statement F Information from being disclosed to unauthorized third parties. The use of a third-party vendor may include short-term, incidental storage of files for the sole purpose of transmitting them, provided that the files are promptly deleted upon transmission.    The parties may agree in writing to make mutual accommodations under this paragraph.

16.    **Use of Designated Information.**    Confidential Information, Highly Confidential Information Export Control Information, and Department of Defense Distribution Statement F Information shall be maintained in confidence by counsel for the parties and by the parties themselves and may be used only for the purpose of this Action, and no other purpose. Confidential Information, Highly Confidential Information, Export Control Information, and Department of Defense Distribution Statement F Information must not be used for any business, competitive, legal, or any other purpose unrelated to this Action without the express written consent of counsel for Producing Party or by order of the Court.  Nothing in this Amended Protective Order limits any party to this action from disclosing or otherwise using:

a.    its own Documents or Information produced or disclosed in this action;

b.    any Documents or Information produced or disclosed in this action not subject to this Amended Protective Order and not designated as "Confidential" or "Highly Confidential" and/or "Export Control" or "Department of Defense Distribution Statement F"; or

c.    Documents or Information that are not otherwise Confidential, Highly

19

Confidential, Export Control, or Department of Defense Distribution Statement F that a party already possessed or that it obtained by proper means from other sources.

17.    **Confidential Health Information**: The Parties desire to ensure the privacy of patient/insured/member medical records, patient/insured/member claims information, and other information that the Parties have determined might contain sensitive personal health information ("Confidential Health Information"). Confidential Health Information is intended to encompass any patient health information protected by any state or federal law, including, but not limited to, "Protected Health Information," as defined below, and the Parties agree that any Confidential Health Information whether contained in documents produced in this litigation or otherwise shall be deemed "Confidential" and, as such, subject to the terms of this Amended Protective Order.

**Protected Health Information.** Protected Health Information, as used herein, has the same scope and definition as set forth in 45 C.F.R. §160.103. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts or oral communications that are based on or derived from Protected Health Information, regardless of form or format, to the extent that they identify or reasonably could be expected to identify an individual. Protected Health Information also

includes information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member:

    i. names;

    ii. all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

    iii. all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age to a level of detail greater than in years, and date of death;

    iv. telephone numbers;

    v. fax numbers;

    vi. electronic mail addresses;

    vii. social security numbers;

    viii. medical record numbers;

    ix. health plan beneficiary numbers;

    x. account numbers;

    xi. certificate/license numbers;

    xii. vehicle identifiers and serial numbers, including license plate numbers;

    xiii. device identifiers and serial numbers;

    xiv. web universal resource locators ("URLs");

    xv. internet protocol ("IP") address numbers;

    xvi. biometric identifiers, including finger and voice prints;

    xvii. full face photographic images and any comparable images;

    xviii. any other unique identifying number, characteristic, or code;

    xix.   any other information that the Producing Party knows could be used alone or in combination with other information to identify an individual who is subject of the information; and

    xx.   Family health or social information.

"Confidential Health Information" does not include any document or information in which the Producing Party has redacted the identifiers listed above and does not have actual knowledge that the information could be used alone or in combination with other information to identify an individual who is the subject of the information.  A Producing Party may, but is not required to, perform such redactions before producing documents that originally contained "Confidential Health Information," but a Producing Party may not redact information that is relevant to any claim or defense in the Litigation.

**18.**     <u>**Personally Identifiable Information**</u>: The Parties also seek to ensure that any person who receives and stores Personally Identifiable Information in connection with this Proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Personally Identifiable Information, and to prevent unpermitted use or disclosure of any Personally Identifiable Information they may receive from any person in connection with this Proceeding.  Personally Identifiable Information includes information that contains the following identifiers of an individual:

    i.   social security numbers;

    ii.   account numbers;

    iii.   certificate/license numbers;

    iv.   vehicle identifiers and serial numbers, including license plate numbers;

    v.   device identifiers and serial numbers;

    vi.   medical record numbers;

vii.    health plan beneficiary numbers;

viii.   web universal resource locators ("URLs");

ix.    internet protocol ("IP") address numbers;

x.    biometric identifiers, including finger and voice prints;

xi.    full face photographic images and any comparable images; and

xii.    any other unique identifying number, characteristic, or code.

Personally Identifiable Information concerning a party or third-party shall be designated as "Confidential."

**19.    Designated Information Produced by a Non-Party.**    Any non-party who may be called upon to make discovery herein or provide deposition or other testimony pursuant to subpoena or other formal or informal discovery device is entitled to avail itself of the provisions and protections of this Amended Protective Order. All material designated by the non-party as Confidential Information or Highly Confidential Information and/or Export Control Information will be treated in the same manner as any Confidential Information or Highly Confidential Information and/or Export Control Information (as the case may be) produced by the parties.

**20.    Non-Termination.** The duty to treat Confidential Information, Highly Confidential Information, Export Control Information, and Department of Defense Distribution Statement F Information as set forth in this Amended Protective Order survives the completion of this case. At the conclusion of this Action by settlement, jury verdict, judgment order, or otherwise, each party so requested must either return all Confidential Information, Highly Confidential Information, Export Control Information, and Department of Defense Distribution Statement F Information to counsel for the party that produced it; or must destroy it. The return or destruction of Confidential Information, Highly Confidential Information, Export Control Information, and Department of Defense Distribution Statement F Information under this paragraph will include, without limitation, all copies and duplicates

thereof. The parties will certify, within 90 days of receipt of a written request for certification, or such other time frame agreed among the parties, that all Confidential Information, Highly Confidential Information, Export Control Information, and Department of Defense Distribution Statement F Information required to be returned or destroyed has been so returned or destroyed. Unless otherwise ordered by the Court, this Paragraph does not apply to (a) copies of pleadings or other papers that have been filed with the Court and that contain Confidential Information or Highly Confidential Information and/or Export Control Information or Department of Defense Distribution Statement F Information; (b) their work product; (c) official deposition, trial or other Court transcripts and exhibits thereto. The terms and provisions of this Order will continue to apply to any such materials retained by counsel.

21.    **Non-Waiver of Objections.**  Neither this Amended Protective Order nor any of  the provisions described herein is a waiver of any party's right to object to the admissibility or discoverability of any Documents or Information; or to seek further protection from the Court before producing Documents or Information that any party believes may not be adequately protected by the provisions of this Amended Protective Order, or to seek leave to refuse production of such Documents or Information.

22.    **Modification Permitted.** This Amended Protective Order may be modified at any time by the Court on its own motion or, for good cause shown, on motion of a party or non-party or by agreement of the Parties with the Court's approval.

**AND IT IS SO ORDERED.**

April 16, 2021

Charleston, South Carolina                            s/ Richard Mark Gergel

Richard Mark Gergel

United States District Judge

24

# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH CAROLINA

## EXHIBIT A

## Acknowledgment and Agreement To Be Bound by Protective Order

_____declares that:

I reside at_____.  I am currently employed

by_____, located at_____,

and my current job title is

_____.

I have read and understand the terms of the Protective Order (Dkt. ) entered in this  action. I understand and agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I will not divulge any information, documents, or copies of Confidential Information, Highly Confidential Information, or Export Control Information obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I will not copy or use such information or documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 90 days after final termination of this action, I will return to the attorney from whom I have received them any documents in my possession that are Confidential Information, Highly Confidential Information, or Export Control Information and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the above Court for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
Signature                                     Date

**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**


**EXHIBIT B**


**Acknowledgment and Agreement To Receive Department of**
**Defense Distribution Statement F Information**

_____declares that:

    I reside at_____.  I am currently employed

by_____, located at_____,

and my current job title is

_____.

    I have read and understand the terms of the Amended Protective Order entered in this

Action. I understand and agree to comply with and be bound by the provisions of the Amended

Protective Order. I understand that any violation of the Amended Protective Order may subject me

to sanctions by the Court.

    I will not divulge any information, documents, or copies of Department of Defense

Distribution Statement F Information obtained pursuant to such Amended Protective Order, or the

contents of such documents, to any person other than those specifically authorized by the Amended

Protective Order. I will not copy or use such information or documents except for the purposes of

this action and pursuant to the terms of the Amended Protective Order.

    As soon as practical, but no later than 90 days after final termination of this action, I will

return to the attorney from whom I have received them any documents in my possession that are

Department of Defense Distribution Statement F Information and all copies, excerpts, summaries,

notes, digests, abstracts, and indices relating to such documents.

    I declare that I am a U.S. person, as defined by 22 C.F.R. § 120.55.

I further declare that I fall into one of the categories identified in subparagraphs 7(c)-(g) of Case Management Order 4.A.

I understand that a copy of this agreement will be retained by the counsel of record who provided me with the Department of Defense Distribution Statement F Information.

I submit myself to the jurisdiction of the above Court for the purpose of enforcing or otherwise providing relief relating to the Amended Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____        _____
Signature                                        Date