# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) MDL No. 2:18-mn-2873-RMG<br><br>**CASE MANAGEMENT ORDER NO. 17**<br><br>**This Order Relates to All Actions.** |

## Procedure Governing Motions to Seal

1. This Case Management Order ("CMO") governs the procedure by which a party may seek leave of Court to file a document under seal. This CMO governs sealing procedure in both global and member case litigation.

2. The "public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). For "a right of access to a document to exist under either the First Amendment or the common law, the document must be a 'judicial record,'" which is a record that "play[s] a role in the adjudicative process, or adjudicate[s] substantive rights." *In re U.S. for an Ord. Pursuant to 18 U.S.C. § 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). This qualified right of access is derived from both common law and the First Amendment. "The common law presumes a right to inspect and copy judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). This presumption may be rebutted "if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The First Amendment right of access is more difficult to overcome, but applies to

documents only if "the place and process have historically been open to the press and general public" and "public access plays a significant positive role in the functioning of the particular process in question." *Baltimore Sun v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989). To determine if the First Amendment's protection applies, the district court must "employ the 'experience and logic' test, asking: (1) whether the place and process have historically been open to the press and general public, and (2) whether public access plays a significant positive role in the functioning of the particular process in question." *Id*. at 291 (internal quotation marks omitted). If the First Amendment right of access does apply, "access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180. Moreover, when faced with a motion to seal, the district court must consider the type of motion or filing to which the judicial record is related. For instance, because dispositive motions "serve[ ] as a substitute for trial" they are subject to the "more rigorous First Amendment standard"; therefore, filings on a dispositive motion can be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180. Rule 26 of the Federal Rules of Civil Procedure provides that the district court may "for good cause" protect a party from revealing trade secrets or confidential information. Fed. R. Civ. P. 26(c)(1)(G). But, once a document that had been produced under the parties' discovery confidentiality order is attached to a dispositive motion, the discovery document should be unsealed absent some overriding interest in keeping it sealed. *See Rushford*, 846 F.2d at 252. This is because "the authority granted to a court under Rule 26(c) to require special handling of information gathered during discovery is constrained by the public's right of access to

judicial records." *Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08-cv-0918, 2010 WL 1418312, at *7 (M.D.N.C. Apr. 2, 2010). Indeed, "[t]here is a highly-developed body of case law governing the handling of discovery documents and other materials filed with courts under seal in civil cases." *Level 3 Comms, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 576 (E.D. Va. 2009). At bottom, the "reasons for granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents." *Rushford*, 846 F.2d at 254.

3. In light of the foregoing, any party seeking to seal a document in this MDL, whether the document is an exhibit or portion of a legal brief, must adhere to Local Rule 5.03 D.S.C. and the Court's procedure, as follows:

A. The movant shall file on the public docket, 2:18-mn-2873, a "Motion to Seal" with memorandum. The memorandum must identify *with specificity*:

(i) the motion or filing, with docket citation, to which the document at issue is relevant (*i.e.*, the document sought to be sealed is "Exhibit A to Defendant's Reply in Support of Motion to Dismiss for Lack of Personal Jurisdiction filed at Dkt. No. 100"),

(ii) the documents or portions thereof sought to be sealed,

(iii) the reasons why sealing is necessary,

(iv) an explanation for each document or group of documents why less drastic alternatives (such as redaction) would not afford adequate protection, and

(v) argument on all factors that govern sealing under the controlling law, such as those referenced in Paragraph 2.

Conclusory statements or rote recitation of the law will result in the Motion to Seal's immediate dismissal without prejudice with leave to refile. *See, e.g.*, *In re Knight Publ'g Co.*, 743 F.2d 231, 235-36 (4th Cir. 1984). The memorandum need not provide a factual background; instead, it must succinctly identify the controlling law and apply it to each document or group of documents at issue. The movant shall endeavor to limit the memorandum to 8 pages in length, which may be reasonably exceeded if voluminous documents or groups of documents are at issue.

B. The Motion to Seal shall be accompanied by four Exhibits filed on the public docket:

(i) a non-confidential and descriptive index of the documents sought to be sealed,

(ii) counsel's certification of compliance with Local Rule 5.03 D.S.C and CMO No. 17,

(iii) a placeholder sheet stating, "Confidential Documents Contemporaneously Submitted to the Court for *In Camera* Review in Compliance with CMO No. 17," and

(iv) a proposed order.

C. Immediately after filing the Motion to Seal, the movant shall submit to the Court, via email to gergel_ecf@scd.uscourts.gov *and* blaise_niosi@scd.uscourts.gov:

(i) a cover letter stating that the enclosed documents are submitted for *in camera* review pursuant to the Motion to Seal filed on 2:18-mn-2783 at Dkt. No. [XX] on [date],

(ii) the documents sought to be sealed, which shall be clearly labeled to correspond with the index filed pursuant to Paragraph B(i), and

(iii) the proposed order in Word Document format.

D.      A Motion to Seal must be filed in compliance with CMO No. 2.A, which requires that Co-Lead Counsel sign the motion or that the movant otherwise first move for and obtain leave of Court. Failure to comply with CMO No. 2.A will result in the Motion to Seal's immediate dismissal without prejudice with leave to refile.

E.      A Motion to Seal must be filed in compliance with Local Rule 7.02 D.S.C., which requires that the motion contain an affirmation by movant's counsel that he or she conferred or attempted to confer in good faith with opposing counsel prior to bringing the Motion to Seal. Failure to comply with Local Rule 7.02 D.S.C. will result in the Motion to Seal's immediate dismissal without prejudice with leave to refile.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 12, 2021
Charleston, South Carolina