

**EXHIBIT A**

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
o. 843.216.9000  f. 843.216.9450

**Fred Thompson III**
*Licensed in SC*
direct: 843.216.9118
fthompson@motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

May 18, 2021
**Via Electronic Mail**
Blaise N. Barber, Esq. (Blaise_Niosi@scd.uscourts.gov)
U.S. District Court for the District of South Carolina
J. Waties Waring Judicial Center
83 Meeting Street
Charleston, South Carolina 29401

Dear Blaise,

  On behalf of the PEC, I write to request a discovery conference with the Court regrading a discovery dispute that has arisen between Plaintiffs and Defendant Dynax ("Dynax").

  As the Court is aware, pursuant to CMO 13, Dynax was one of the minority of Defendants who elected to file motions to dismiss for lack of jurisdiction under Fed. R. Civ 12(b)(2). As noted in the Joint Submission Regarding Water Provider Bellwether Discovery Pool Cases [ECF No. 1222], the vast majority of Defendants preserved their right to file these motions at a later date, if ever. Nevertheless, Dynax, filed six motions to dismiss in the Bellwether Discovery Pool Cases. These motions to dismiss were filed in the following Bellwether Discovery Pool Cases: *Ayer*, *Bakman*, *Dayton*, *Emerald Coast*, *Sioux Falls* and *City of Stuart*.

  In light of these motions, the bellwether plaintiffs served jurisdictional discovery, which was not a prior focus of the general liability already discovery being undertaken. Specifically, the bellwether plaintiffs with pending motions served written jurisdictional discovery in each of these six cases subject to the Dynax motions to dismiss. On May 5, 2021, Dynax served responses to this written discovery. One area of inquiry covered by the jurisdictional discovery pertains to Dynax's overall volume and sales of its fluorosurfactants, which, Plaintiffs submit is relevant to the jurisdictional analysis, and which Plaintiffs believe they should have access to in advance of filing their oppositions.

  In particular, Plaintiffs' Interrogatory No. 8 requests that Dynax identify every AFFF manufacturer to which it has sold its products and the annual dollar value associated with those sales. In response to this Interrogatory, Dynax referred Plaintiffs to its March 17, 2021, Defense Fact Sheet ("DFS"). Of note, questions three and four of the DFS seek information relating to Dynax's volume of sales and dollar value of such sales.

  In responding to these two questions in its DFS, Dynax referred Plaintiffs to Exhibits A and B of the DFS. (Attached hereto as Exs. A and B). However, Dynax failed to actually produce Exhibits A and B to its DFS until just yesterday afternoon despite the DFS being



www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

produced in March. Indeed, nearly one month ago, on April 20, 2021, Plaintiffs sent a deficiency notice to Dynax's counsel underscoring that these Exhibits had not been produced as part of the DFS. Now that Plaintiffs are finally in possession of Exhibits A and B, Plaintiffs are in the process of reviewing Exhibits A and B, however, even a cursory glance at them suggests that Plaintiff will need to seek witness testimony related to these Exhibits as neither exhibit contains any citations identifying where the data was derived and/or from whom it was derived, and thus it is not possible to test the accuracy of the data contained therein. In fact, the certification that accompanies the Exhibits, although signed by Dynax President and Founder, Eduard Kleiner, PhD, notes specifically that the information contained in the exhibits is *not* based on personal knowledge.

Foreseeing that Plaintiffs may need deposition testimony from Dynax regarding sales volume and dollar values, on May 10, 2021, Plaintiffs served a Fed. R. Civ. P. 30(b)(6) notice of deposition ("NOD") on Dynax seeking testimony regarding *inter alia*, volume and sales data. In response to Plaintiffs request for a meet and confer with Dynax's counsel in regard to the NOD, Dynax's counsel requested that Plaintiff withdraw the NOD and indicated its position that in order to obtain a deposition on these topics, Plaintiff would be required to seek leave of Court.[1] Because Plaintiffs believe that sales information is relevant to the jurisdictional analysis, and

---

[1] Plaintiffs anticipate that Dynax will argue that leave of Court is required because we anticipate that Dynax's counsel will claim that Dr Kleiner is the only person at Dynax who can provide this testimony, and that Dr. Kleiner was deposed once previously as a Fed. R. Civ. 30(b)(6) witness. However, this argument lacks merit. First, Dr. Kleiner was not previously deposed on the topics of sales data and volume, which is squarely relevant here because Dynax elected to claim that jurisdiction is lacking. Because of these motions and claim, Plaintiffs now have the obligation to demonstrate that jurisdiction is proper, which requires having an understanding of the volume of sales sold generally nationwide, the volume of sales sold to MIL-Spec AFFF manufacturers whose primary customers are U.S. military bases and U.S. airports, and the extent to which sales were directed at defendants within jurisdictions for which Dynax claims jurisdiction is improper. Clearly, the more regular and anticipated such sales are within each of the foregoing categories, the more likely that stream of commerce jurisdiction is proper. Second, there is no particular reason that the witness needs to be Dr. Kleiner given that, as noted above, the certification that accompanied Exhibits A and B specifically indicated that Dr. Kleiner does *not* have personal knowledge of the information contained in Exhibits A and B. As such, whomever the witness would be should be prepared on the Fed. R. Civ. P. 30(b)(6) topics of sales data and volume, and there is no reason that it needs to be Dr. Kleiner. Finally, the PEC anticipates that Dynax's counsel will oppose another Fed. R. Civ. P 30(b)(6) deposition, and will argue that this akin to Defendants' request to re-depose Perimeter Solutions' witness, Mitch Hubert. This argument is equally unpersuasive as: (1) this is a situation where new evidence has been adduced that was not available at the time of Dr. Kleiner's prior deposition, that is, Exhibits A and B, which have just been provided and thus Dr. Kleiner could not previously have been deposed on this evidence; (2) this deposition is necessary in response to actions taken by Dynax's counsel, i.e., the filing of jurisdictional motions to dismiss; and (3) is relevant to all the bellwether cases (not only those with pending Dynax motions to dismiss) as part of market share analysis, and related to product identification issues in the bellwether cases.

MT. PLEASANT, SC | PROVIDENCE, RI | HARTFORD, CT | WASHINGTON, DC | NEW YORK, NY
MORGANTOWN, WV | CHARLESTON, WV | KANSAS CITY, MO | PHILADELPHIA, PA | CHERRY HILL, NJ



"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

because Dynax will not produce a witness on these topics without Court intervention,[2] Plaintiffs now seek guidance from the Court with regard to same.

Finally, as the Court is likely aware, Plaintiffs' oppositions to Dynax's motion to dismiss are presently due on May 25, 2021. However, because we have just received Exhibits A and B to the DFS, Plaintiffs need an opportunity to review same and assess the need for any questioning related to these Exhibits. As noted, Plaintiffs have served a NOD seeking a witness, which the PEC presumed would be easily produced, to testify regarding sales data. However, this request now requires judicial intervention, because Dynax's counsel would not agree to produce such a witness without Plaintiff seeking judicial intervention. In light of the foregoing, Plaintiffs will also likely be filing a motion for an extension of time to respond to Dynax's motions to dismiss so as to allow a review of Exhibits A and B, an assessment of whether supplementation is required, and to allow the parties and/or the Court to resolve the issue of whether Plaintiffs are entitled to question a witness on these topics as part of their jurisdictional discovery efforts, and in specifically in regard to Exhibits A and B of the DFS, which were just produced yesterday.

As usual, we thank the Court for its time and courtesies.

Respectfully submitted,

*/s/ Fred Thompson, III*

Motley Rice LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
P: (843) 216-9000
Fax: 843-216-9440
fthompson@motleyrice.com

*Plaintiffs' Liaison Counsel*

cc:   Michael A. London, Esq. (Plaintiff Co-Lead Counsel)
      Scott Summy, Esq. (Plaintiff Co-Lead Counsel)
      Paul Napoli, Esq. (Plaintiff Co-Lead Counsel)

---

[2] The Parties met and conferred by email on Friday, Sunday, and Monday, and by telephone today, and remain at impasse with regard to whether the PEC is entitled to seek a witness to provide context and background information relating to Exhibits and B.

MT. PLEASANT, SC | PROVIDENCE, RI | HARTFORD, CT | WASHINGTON, DC | NEW YORK, NY
MORGANTOWN, WV | CHARLESTON, WV | KANSAS CITY, MO | PHILADELPHIA, PA | CHERRY HILL, NJ



"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

Wesley Bowden, Esq. (Plaintiffs' Counsel)
Addie Ries, Esq. (Counsel for Defendant Dynax Corporation)
Michael Olsen, Esq. (Defense Co-Lead Counsel)
Joseph Petrosinelli, Esq. (Defense Co-Lead Counsel)
David Dukes, Esq. (Defense Liaison Counsel)
Brian Duffy, Esq. (Defense Liaison Counsel)