May 30, 2021

Sandra Elaine & Edward Camarda
342 Westlake Terrace Dr.
Conroe, TX 77304

RECEIVED USDC
CLERK, CHARLESTON, SC

2021 JUN -3 PM 1:27

The Honorable Robin L. Blume
Clerk of Court, U.S. District Court
For the District of South Carolina
Charleston Federal Courthouse
85 Broad St.
Charleston SC 29401

RE: W1210 County Rd B., Marinette, WI
Campbell v. Tyco Fire Products LP Class Action Settlement

Dear Judge Blume:

On May 24, 2021 we called in to listen to the Fairness Hearing, but we did not speak. After listening, we do have some concerns that we would like to express.

We own the W1210 County Rd B, Marinette WI property, which is located outside of the original plume area (now the extended area). Our son James Kessel lives on this property. Our property ownership gives us the opportunity to make a property damage claim in this class action settlement. James has lived in the house for over 12 years and raised his two daughters there. His decision concerning the personal injury settlement is complex as he now has serious life-lasting medical issues. He is also concerned about his family's health and well-being relating to this PFAs contamination.

But the focus of this letter is concern about the testing for the PFAs and compounds which involves most if not all class members. Our experience with the testing of our property:

In Dec 2019 we had our water tested for PFAs contamination. It was a frustrating and worrisome experience trying to find out how to make the testing happen. The DNR took our concerns to JCI/Tyco with no success. JCI/Tyco refused our request saying we were outside of the original plume area. If we wanted the testing done, we would have to make the arrangements and pay all costs. I contacted Northern Lake, a lab doing this type of testing in our area. We paid the $350 fee and received the test a couple of days later. At this point the testing was only for about 18 compounds. We received the alarming results December 27, 2019.

Results: PF0A: 39, PFOS: 28.5 and others: >90 ppt.

The DNR reviewed the results, contacted JCI/Tyco to alert them to our extremely high levels of PFAs. They requested a POET System for our well and JCI/Tyco refused the request. The DNR told me they would pay for the system. In January 2020, the system was installed. They continue to pay for quarterly testing and upkeep as of this date. JCI/Tyco refuses to cover this cost.

In Feb. 2021, JCI/Tyco offered to do testing to include a greater number of compounds in the extended plume area. Since we are in the extended area and our sample included a limited number of compounds, I contacted JCI/Tyco to request an updated test. They refused saying we were outside of the original plume area. I emailed Mr. Bilott explaining my experience. He eventually instructed me to go to the website for further information.

On March 5, 2021, I received a call from JCI/Tyco, offering to do the updated testing I had requested on Feb. 15th. We were told Arcadis would be doing the testing. The testing date was set for March 10, 2021. We received the results at the end of March. Results stated: "Our water was below WDHS recommended enforcement standards for per- and PFAs substances."

PFAs: 0.73, PFOs: 0.47, total <24 ppt with most compounds listed at extremely low or almost non-detectable. They stated the samples were taken in front of the water filtration system.

We were concerned with the discrepancy in the results of our original test and JCI/Tyco's test, so we ordered a retest. Northern Lake sent the test along with the blank field test, again at our expense, $530. The test was completed May 13th and results sent to us on May 27th. The samples were taken in front of the water filtration system.

Results: PFOA: 13.4, PFOS: 16 along with others total: >49 ppt. The results were quite different from the Arcadis result. This is very alarming. We need an explanation of these differences. We are concerned that other property owners/class members who had their wells tested by JCI/Tyco's Arcadis only, may also need to retest to assure accuracy.

This discrepancy poses a question as to which test result will be used to calculate our property settlement. Our original test reflected much higher numbers, >90 ppt. As property owners the level of PFAs/PFOs will have to be disclosed when we try to sell this property. If we are asked directly if the levels were ever above WDHS recommended enforcement standard, I am sure we will have to disclose this information. This could greatly affect the value of this property and that of other property owners in the future; the consequences of the negligent actions of JCI/Tyco.

In closing, we have concern that the JCI/Tyco testing results may be inaccurate. Other members may need new testing to verify their levels of PFAs in their personal wells. Again, we agree that the separation of the property settlements and personal injury are important to the fairness of the settlement. While we are concerned about property issues, we are especially concerned about JCI/Tyco's intentions in settling this case fairly and whether they will continue to support those who are experiencing medical issues now and for those in the future.

Thank you for your consideration.

Sincerely,

*Sandra Elaine Camarda* / *Edward Camarda*

Sandra Elaine Camarda
Edward W. Camarda

Cc: Robert A. Bilott, Esq.
    Joseph G. Petrosinelli, Esq.




Edward Camarder
342 Westlake Terrace Dr.
Conroe, TX 77304

RECEIVED USDC
CLERK, CHARLESTON, SC
2021 JUN -3 PM 1: 27

The Honorable Robin L. Blume
Clerk of Court, U.S. District Court
For the District of South Carolina
Charleston Federal Courthouse
85 Broad St.
Charleston, SC 29401