**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) MDL No. 2:18-mn-2873-RMG ) ) **CASE MANAGEMENT ORDER** ) **NO. 18.A** ) ) **This Order Relates to All Actions.** ) ) ) |

### Appointment of Special Master

1. Before the Court is the Plaintiffs' Executive Committee's ("PEC") unopposed motion for appointment of a Special Master. (Dkt. No. 1615.) The motion is granted.

2. The PEC requests appointment of a Special Master to assist in managing Common Benefit Fund submissions, which are plaintiffs' counsel's time and expense records submitted monthly pursuant to CMO No. 3. The PEC specifically requests appointment of Mr. John W. Perry, Jr.

3. The Court hereby appoints as Special Master John W. Perry, Jr. of Perry, Balhof, Mengis & Burns, L.L.C.

4. Rule 53(b) provides that, before appointing a Special Master, the Court must give the parties notice and opportunity to be heard. Fed. R. Civ. P. 53(b)(1). The Court provided such notice and opportunity in CMO No. 18. (Dkt. No. 1618.)

5. Rule 53(a) requires the Court to consider the fairness in imposing the likely expense on the parties and must protect against unreasonable expense or delay. Fed. R. Civ. P. 53(a)(3). The Court has considered these factors and finds that the appointment and use

of the Special Master will materially advance this aspect of the litigation, thereby achieving future cost-savings to the parties.

6. Rule 53(b) provides that the Court "may issue the [appointment] order only after the master files an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455[.]" Fed. R. Civ. P. 53(b)(3)(A). The Court has reviewed Mr. Perry's affidavit and *curriculum vitae*. (Dkt. Nos. 1615-1, 1615-2.) The Court finds, on the basis of the affidavit, that there is no ground for disqualification as contemplated by Rule 53(a)(2) or 28 U.S.C. § 455.

7. Rule 53(a) provides that the Court may appoint a Special Master to "perform duties consented to by the parties" Fed. R. Civ. P. 53(a)(1)(A). Rule 53(b) further dictates the contents of the appointing order, including the particular scope of the Special Master's duties. Fed. R. Civ. P. 53(b)(2). The Court orders and directs that the Special Master must proceed with all reasonable diligence to accomplish his duties. The Court further finds that the Special Master's appointed duties and responsibilities are as follows: He shall assist in the management and oversight of the Common Benefit Fund time and expense submissions provided by the PEC and associated with plaintiffs' counsel. This includes assisting the PEC in its yearly PEC re-application process. He shall file all orders, reports, or recommendations on the record. He shall electronically preserve all materials that he considers in formulating his recommendations. He may communicate *ex parte* with the Court, the parties, the attorneys, or anyone else he deems necessary and appropriate in the performance of his duties. He has explicit and implicit authority to perform all functions designed to accomplish these duties.

8. Rule 53(c) provides for the available scope of a Special Master's authority. Fed. R. Civ. P. 53(c)(1)-(2). The Court finds that the Special Master's authority is to regulate all proceedings, take all appropriate measures to perform the assigned duties fairly and efficiently, and if conducting an evidentiary hearing, to exercise the appointing Court's power to come, take and record evidence. The Special Master may by order impose on a party any non-contempt sanction provided by Rules 37 or 45, and may recommend a contempt sanction against a party and sanctions against a non-party.

9. Rule 53(f) provides the action and standard of review on the Special Master's findings. Upon review, the Court will decide *de novo* the Special Master's recommended findings of fact or conclusions of law to which there is an objection, unless the parties stipulate otherwise. A party may file an objection, or may move to modify to adopt any order, report, or recommendation from the Special Master, within 21 days of it being served. The Court will set aside the Special Master's rulings on a procedural matter for abuse of discretion.

10. Rule 53(g) provides that the Court must fix the master's compensation on the basis and terms stated in the appointing order, which the Court may thereafter adjust after notice and opportunity to be heard. Fed. R. Civ. P. 53(g)(1). This Rule further provides that the Special Master's compensation must be paid by a party, the parties, or a fund or subject matter of the action. Fed. R. Civ. 53(g)(2). The Court hereby fixes the Special Master's compensation at the rate of $645 per hour, plus reasonable expenses. The Court further finds that he may employ assistants at his discretion, the cost of which he will be reimbursed. These fees and expenses shall be paid as an expense from the PEC operating account upon its receipt of the Special Master's invoice(s).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

June 8, 2021  
Charleston, South Carolina