# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM- FORMING FOAMS PRODUCTS LIABILITY LITIGATON** | MDL NO. 2:18-mn-2873-RMG<br><br>This Document Relates to:<br>*Emerald Coast Utilities Authority v. 3M Company et al.,*<br>2:18-cv-03488-RMG |

<u>**DEFENDANT DYNAX CORPORATION'S RESPONSES TO PLAINTIFF EMERALD COAST UTILITIES AUTHORITY'S FIRST SET OF INTERROGATORIES (JURISDICTIONAL DISCOVERY)**</u>

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Dynax Corporation ("Defendant" or "Dynax") hereby responds and objects to Plaintiff's First Set of Interrogatories (the "Interrogatories"). The responses set forth below are provided in good faith and are based upon information Dynax has gathered to date. Dynax may, and reserves the right to, supplement these responses with different or additional information in the future.

<u>**OBJECTIONS TO PLAINTIFF'S INSTRUCTIONS AND INTERROGATORIES**</u>

1.     Dynax objects to Plaintiff's Instructions and Interrogatories in full because Dynax did not make or sell AFFF, PFOS, or PFOA and Plaintiff's Interrogatories seek to impose an undue burden upon Dynax which is not proportional to the needs of this case or "the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* F.R.C.P. 26 (b)(1).

2.      Dynax objects to Plaintiff's Instructions and Interrogatories to the extent they attempt to impose duties and obligations on Dynax that exceed those imposed or authorized by the Federal Rules of Civil Procedure, the Local Rules of this Court, agreements between the Parties, or the Court's orders, including, but not limited to, the extent to which they exceed the permissible scope of discovery, and/or seek to impose duties of responding and/or supplementation different from or in excess of those imposed by the applicable rules, agreements, and orders.

3.      Dynax objects to Plaintiff's Instructions and Interrogatories to the extent they request information that is protected from discovery pursuant to the attorney-client privilege, work product doctrine, or any other applicable privilege under state or federal law.

4.      Dynax objects to each and every Instruction and Interrogatory that seeks third-party private, confidential, trade secret, or proprietary information, which information has been maintained in confidence and is subject to contractual or court-ordered limitations on disclosure.

5.      Dynax objects to each and every Instruction and Interrogatory to the extent that it seeks information that is equally obtainable by Plaintiffs from another source, including publicly available information and documents already produced in this litigation.

6.      Dynax objects to each and every Instruction and Interrogatory to the extent that it seeks information beyond applications relevant to aqueous film-forming foam or "AFFF." Dynax further objects to each and every Instruction and Interrogatory as overbroad, unduly burdensome, not relevant to the claims or defenses in this case, and not proportional to the needs of the case, to the extent it seeks information from outside of the United States. Except where otherwise indicated, Dynax's responses will be limited to information about Dynax's

fluorosurfactants which may have been used in the United States in aqueous film-forming foam applications.

7.     Dynax objects to Plaintiff's Instruction defining the term "IDENTIFY" as overly broad and unduly burdensome to the extent it seeks to have Dynax provide information that is not within Dynax's possession, custody, or control and/or attempts to impose on Dynax obligations beyond those which are required under the Federal Rules of Civil Procedure.  Dynax further objects to Plaintiff's definition of "IDENTIFY" to the extent that it seeks to impose obligations on Dynax which are not proportional to the needs of this litigation.

8.     Dynax's responses to these Interrogatories are based upon its good faith interpretation of the Interrogatories. Should a different interpretation of any Interrogatory be asserted, Dynax reserves the right to add to, modify, or otherwise amend these responses.

9.     Dynax's responses to these Interrogatories are based only upon facts known at this time. Discovery in this MDL is ongoing, and during the course of subsequent discovery, Dynax may become aware of supplemental, additional, or other responsive information. Dynax reserves the right to update, amend, or supplement these responses. In addition, these Interrogatories are made without prejudice to Dynax's right to present further additional or other evidence or contentions in a motion for summary judgment, at trial, or otherwise, based upon information hereafter identified, obtained, or developed.

10.     In furnishing these responses, Dynax does not admit or concede the relevance, materiality, or admissibility in evidence of any Interrogatory, any information included in response thereto, or any document disclosed. All objections to the use, at trial or otherwise, of any document or piece of information disclosed in response to the Interrogatories are expressly reserved.

11.    Dynax's objections to Plaintiff's Instructions and Interrogatories are hereby incorporated by reference in its response to every Interrogatory as if fully set forth therein.

**OBJECTIONS TO PLAINTIFF'S DEFINITIONS**

12.    Dynax objects to Plaintiff's definition of the term "DOCUMENT" to the extent it seeks information that is not relevant and/or proportional to the needs of the litigation and/or seeks information from individuals who are not subject to the control of Dynax. Dynax further objects to the extent the definition seeks more than is required under the Federal Rules of Civil Procedure and the applicable Orders in this case. Dynax further objects to the definition of "DOCUMENT" to the extent that it seeks information that is protected from discovery pursuant to the attorney-client, work-product, or any other applicable privilege under state or federal law. Dynax will answer this discovery using the term "DOCUMENT" as defined by Federal Rule of Civil Procedure 34(a) and consistent with the applicable Orders entered in this litigation.

13.    Dynax objects to Plaintiff's definition of the term "ELECTRONIC RECORDS" to the extent it seeks information that is not relevant and/or proportional to the needs of the litigation and/or seeks records from individuals who are not subject to the control of Dynax. Dynax further objects to the extent the definition seeks more than is required under the Federal Rules of Civil Procedure and the applicable Orders in this case. Dynax further objects to the definition of "ELECTRONIC RECORDS" to the extent that it seeks information that is protected from discovery pursuant to the attorney-client, work-product, or any other applicable privilege under state or federal law. Dynax will answer this discovery using the term "ELECTRONIC RECORDS" as defined by Federal Rule of Civil Procedure 34(a) and consistent with the applicable Orders entered in this litigation.

14.    Dynax objects to Plaintiff's definition of the term "COMMUNICATION(S)" to the extent it seeks information that is not relevant and/or proportional to the needs of the litigation and/or seeks information regarding individuals who are not subject to the control of Dynax. Dynax further objects to the extent the definition seeks more than is required under the Federal Rules of Civil Procedure and the applicable Orders in this case. Dynax further objects to the definition of "COMMUNICATION(S)" to the extent that it seeks information that is protected from discovery pursuant to the attorney-client, work-product, or any other applicable privilege under state or federal law.

15.    Dynax objects to Plaintiff's definition of the term "INTERNAL COMMUNICATION(S)" to the extent it seeks information that is not relevant and/or proportional to the needs of the litigation. Dynax further objects to the extent the definition seeks more than is required under the Federal Rules of Civil Procedure and the applicable Orders in this case. Dynax further objects to the definition of "INTERNAL COMMUNICATION(S)" to the extent that it asks for information that is protected from discovery pursuant to the attorney-client, work-product, or any other applicable privilege under state or federal law.

16.    Dynax objects to Plaintiff's definition of "RELATING TO" and "CONCERNING" to the extent it relates to information that is not relevant and/or proportional to the needs of the litigation. Dynax further objects to the definition of "RELATING TO" and "CONCERNING" as overly broad and unduly burdensome to the extent it seeks to impose on Dynax obligations beyond those which are required under the Federal Rules of Civil Procedure.

17.     Dynax objects to Plaintiff's definition of the terms "YOU," "YOUR," and "DEFENDANT" as overly broad and unduly burdensome because it includes individuals and entities not parties to this suit and not under the control of Dynax. Dynax further objects to this definition as it seeks to impose on Dynax discovery obligations beyond those required under the Federal Rules of Civil Procedure.

18.     Dynax objects to Plaintiff's definition of "ADVERSE EFFECT(S)" as overly broad, unduly burdensome, and not relevant and/or proportional to the needs of the litigation to the extent it seeks information about "possible" effects, which are speculative. If Dynax responds to any Interrogatories that include this term, Dynax does not concede or adopt any implication, suggestion, or assertion that an alleged causal relationship, increased risk, association, or other similar relationship exists, nor that Plaintiff has suffered injury or damage of any kind whatsoever.

19.     Dynax objects to Plaintiff's definitions of "AFFF" and "AFFF PRODUCT(s)" because they are vague, ambiguous, overbroad, not stated with reasonable particularity, and call for both speculation and expert opinion. In accordance with the common definitions of these terms, "AFFF" and "AFFF products" shall be construed to mean aqueous film-forming foam sold in the United States. Dynax never manufactured AFFF for sale or any product containing AFFF.

20.     Dynax objects to Plaintiff's definition of "ENVIRONMENTAL EFFECT(S)" as overly broad, unduly burdensome, and not relevant and/or proportional to the needs of the litigation to the extent it seeks information about "possible" effects, impacts, alternations, and/or changes, which are speculative. Dynax will construe the term "ENVIRONMENTAL EFFECT(S)" to mean any known, actual detrimental change or alteration to an

environmental resource. Dynax will not consider the presence alone of a particular chemical, material, or compound to be an "ENVIRONMENTAL EFFECT." If Dynax responds to any Interrogatories that includes this term, Dynax does not concede or adopt any implication, suggestion, or assertion in the Interrogatories that an alleged causal relationship, increased risk, association, or other similar relationship exists, nor that Plaintiff has suffered injury or damage of any kind whatsoever.

21.    Dynax objects to Plaintiff's definition of "HUMAN HEALTH EFFECT(S)" as overly broad, unduly burdensome, and not relevant and/or proportional to the needs of the litigation to the extent it seeks information about "possible" effects, impacts, alternations, changes, ailments, sicknesses, and/or diseases, which are speculative. Dynax will construe the term "HUMAN HEALTH EFFECT(S)" to mean any known, actual changes to physical health, ailments, sicknesses, or diseases relating to humans and human fetal development. Dynax does not consider the presence alone of a particular chemical, material, or compound to be "HUMAN HEALTH EFFECT(S)." If Dynax responds to any Interrogatories that includes this term, Dynax does not concede or adopt any implication, suggestion, or assertion that an alleged causal relationship, increased risk, association, or other similar relationship exists, nor that Plaintiff has suffered injury or damage of any kind whatsoever.

22.    Dynax objects to Plaintiff's definition of "MANUFACTURING DEFENDANTS" as overly broad and unduly burdensome to the extent it seeks to have Dynax provide information that is not within Dynax's possession, custody, or control. Dynax further objects to the term "MANUFACTURING DEFENDANTS" as overly broad, vague, and ambiguous in that it improperly lumps together two different types of defendants, specifically

7

(1) defendants that "currently or formerly produced or manufactured AFFF," and (2) defendants that "currently or formerly produced or manufactured PFAS that were incorporated into any AFFF or AFFF PRODUCT." Dynax further objects to this definition to the extent it seeks information that is not relevant and/or proportional to the needs of this litigation.

23.     Dynax objects to Plaintiff's definition of "PFAS" as overly broad, unduly burdensome, and seeks information that is not relevant and/or proportional to the needs of the litigation to the extent it includes chemicals not at issue in this litigation. Dynax further objects to the definition of "PFAS" as overly broad and unduly burdensome to the extent it seeks to have Dynax provide information that is not within Dynax's possession, custody, or control. Dynax further objects that the term "PFAS" includes thousands of diverse chemicals which are not at issue in this litigation. Dynax will construe the term "PFAS" to refer to the per- and polyfluoroalkyl substances identified in Plaintiff's complaint.

24.     Dynax objects to Plaintiff's definition of "PFOA" as overly broad and unduly burdensome to the extent it seeks to have Dynax provide information that is not within Dynax's possession, custody, or control. Dynax will construe the term "PFOA" to refer to perfluorooctanoic acid, in accordance with its generally accepted definition.

25.     Dynax objects to Plaintiff's definition of "PFOS" as overly broad and unduly burdensome to the extent it seeks to have Dynax provide information that is not within Dynax's possession, custody, or control. Dynax will construe the term "PFOS" to refer to perfluorooctanesulfonic acid, in accordance with its generally accepted definition.  Dynax further objects to all Interrogatories which include the term "PFOS" because PFOS molecules are created by the electrofluorination process and Dynax's fluorosurfactants do not include

any molecules created by the electrofluorination process. Accordingly, Dynax's fluorosurfactants have never contained PFOS or substances which may break down into PFOS.

26.    Dynax objects to Plaintiff's definition of "PFOA/PFOS-CONTAINING PRODUCTS" as overly broad and unduly burdensome to the extent it seeks information that is not relevant to Plaintiff's claims or Dynax's defenses. Dynax further incorporates by reference its foregoing objections to Plaintiff's definitions of PFOS and PFOA.  Dynax further objects to the extent Plaintiff's definition includes any compound that "breaks down into PFOA or PFOS" because, as it relates to PFOA, this phrase calls for speculation and/or assumptions that are not supported by scientific evidence.

27.    Dynax objects to Plaintiff's definition of "TOXICOLOGICAL EFFECT(S)" as overly broad and unduly burdensome to the extent it seeks information about "possible" effects, impacts, changes, and/or alterations, which are speculative. Dynax will construe the term "TOXICOLOGICAL EFFECT(S)" to mean any known, actual changes and/or alterations relating to the toxicity, poisonousness, and/or harm of chemicals or substances to living organisms. If Dynax responds to any Interrogatories that includes these terms, Dynax does not concede or adopt any implication, suggestion, or assertion that an alleged causal relationship, increased risk, association, or other similar relationship exists, nor that Plaintiff has suffered injury or damage of any kind whatsoever.

28.    Dynax's foregoing objections to Plaintiff's definitions are hereby incorporated by reference in its response to every Interrogatory which includes these defined terms (or variants thereof) as if fully set forth therein.

**FURTHER OBJECTIONS AND RESPONSES TO INTERROGATORIES**

1.      Identify each PERSON who has supplied information used in answering these interrogatories and specify the interrogatories for which each PERSON is responsible.

**RESPONSE:**

Dynax objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege. Subject to and without waiving this objection, Dynax responds that these responses were prepared by counsel based upon documents and information gathered with the assistance of Dynax.

2.      State whether YOU have ever conducted business in Florida, including but not limited to whether YOU maintained an office, a mailing address, or owned real property.

**RESPONSE:**

Dynax objects to this interrogatory as vague regarding the meaning of having "conducted business in" Florida.  Subject to and without waiving this objection, Dynax responds that it has never maintained an office, a mailing address, or owned real property in the State of Florida.

3.      State whether YOU have ever shipped or allowed YOUR products to be shipped to the State of Florida.

**RESPONSE:**

Dynax objects to this interrogatory insofar as it is asking about activities beyond Dynax's control.  Subject to and without waiving this objection, Dynax responds that it has never shipped any products to customers in the State of Florida.

4.    Identify all of YOUR employees responsible for the sale and/or delivery of YOUR products in the State of Florida. "IDENTIFY" for purposes of this interrogatory means to state 1) sales to END USERS in Florida, 2) employees in Florida, and 3) facilities or real property located in Florida.

**RESPONSE:**

Dynax states that it has never sold or delivered any products to customers in the State of Florida.

5.    Identify every warehouse, distribution center, and/or common carrier YOU utilize(d) to ship YOUR products to YOUR customers.

**RESPONSE:**

Dynax objects to this interrogatory as irrelevant insofar as it asks for information about facilities outside the State of Florida.  Subject to and without waiving this objection, Dynax states that it has never utilized a warehouse or distribution center in the State of Florida to ship products to its customers.

6.    State whether YOU restrict the sale of YOUR products from any state, and if so, identify which state and the method by which YOU accomplish such restriction.

**RESPONSE:**

Dynax objects to this interrogatory as irrelevant insofar as it asks for information about states other than the State of Florida. Dynax further objects to this interrogatory as vague. Subject to and without waiving these objections, Dynax states that it has not affirmatively sought to restrict sales of its products to the State of Florida, but has never sold or attempted to sell any products there.

7.    State whether YOU have ever registered a trade or service mark within the State of Florida.

**RESPONSE:**

Dynax states that it has never registered a trade or service mark with the State of Florida.

8.    Identify every AFFF manufacturer YOU have sold YOUR products to and the annual dollar value associated with those sales.

**RESPONSE:**

Dynax objects to this interrogatory insofar as it asks for information about states other than the State of Florida. Subject to and without waiving this objection, Dynax directs Plaintiff to its Fact Sheet dated March 17, 2021.

12

9.    Identify each and every brand and/or product type of AFFF in which YOUR products are incorporated, and state whether those brands and/or product types of AFFF are sold in Florida.

**RESPONSE:**

Dynax objects to this interrogatory insofar as it asks for information about states other than the State of Florida, and because it calls for information not in Dynax's care, custody or control. Subject to and without waiving these objections, Dynax states that once it sells its fluorosurfactants to AFFF manufacturers, it does not determine whether or how the AFFF manufacturer uses its fluorosurfactant in its AFFF formulas or where any AFFF product that may contain its fluorosurfactants may be sold.

10.    State whether YOUR products are incorporated into any Mil-Spec AFFF appearing on the Qualified Products List and if so, identify each such product and the years it appeared on the QPL.

**RESPONSE:**

Dynax objects to this interrogatory insofar as it asks for information about states other than the State of Florida, and because it calls for information not in Dynax's care, custody or control. Subject to and without waiving these objections, Dynax believes that its products have been incorporated into numerous Mil-Spec AFFF products appearing on the QPL. However, because Dynax does not determine whether or how the AFFF manufacturer uses Dynax's fluorosurfactants in its AFFF formulas or where any AFFF product that may contain its

fluorosurfactants may be sold, Dynax lacks sufficient information to answer the remainder of this Interrogatory.

11.    State whether YOU design, customize or modify any product (including its labeling or packaging) YOU sell for use within the State of Florida.

**RESPONSE:**

Dynax states that it has never sold any products to customers in the State of Florida and does not design, customize, or modify any of its products for use in the State of Florida.

12.    Identify every trade show YOU or any of YOUR employees has attended in Florida.

**RESPONSE:**

Dynax objects to this interrogatory insofar as it seeks information about activities of Dynax's employees outside of the course and scope of their employment for Dynax.  Subject to and without waiving this objection, Dynax states that neither Dynax nor any employee acting on behalf of Dynax has ever attended a trade show in Florida.

13.    Identify every trade publication in which YOUR company has appeared as an advertiser.

**RESPONSE:**

Dynax objects to this interrogatory on the grounds that it does not relate to Dynax's contacts with the State of Florida.  Subject to and without waiving this objection, Dynax states that it does not direct any advertisements specifically to the citizens, residents, or businesses of Florida.  Dynax further states pursuant to Rule 33(d) that it has already produced to Plaintiff copies of the documents from which the answer to this interrogatory may be ascertained.

14.     Identify any COMMUNICATIONS between YOU and the Florida's governmental agencies regarding whether PFOA, PFOS, and/or PFAS pose a risk to human health if found in drinking water.

**RESPONSE:**

Dynax states that it has not had any communications with the State of Florida's governmental agencies regarding whether PFOA, PFOS, and/or PFAS pose a risk to human health if found in drinking water.

15.     Identify any COMMUNICATIONS between YOU and the Florida's governmental agencies regarding whether AFFF and/or AFFF PRODUCT(S) pose a risk to human health.

**RESPONSE:**

Dynax states that it has not had any communications with the State of Florida's governmental agencies regarding whether AFFF or any AFFF products pose a risk to human health.

16.     State whether the technical data sheets or material safety data sheets for any product YOU sell that contains a warning specific to the State of Florida (Ex. California Safe Drinking Water & Toxic Enforcement Act - Proposition 65).

**RESPONSE:**

Dynax states that its technical data sheets and material safety data sheets do not contain any warnings specific to the State of Florida.  Dynax further states pursuant to Rule 33(d) that it has already produced to Plaintiff the technical data sheets and material safety data sheets from which the answer to this interrogatory can be ascertained.

17.     State whether YOU directly or indirectly provide comments regarding proposed regulation of AFFF, AFFF Products, and/or **PFOA/PFOS-CONTAINING PRODUCTS** for proposed regulations within the State of Florida.

**RESPONSE:**

Dynax objects to this interrogatory as vague.  Subject to and without waiving this objection, Dynax states that it has never communicated with the State of Florida's governmental agencies regarding proposed regulation of AFFF, AFFF products, or products containing PFOA or PFOS.

18.    Identify YOUR efforts to propose, draft, modify, affect, stop, or otherwise influence any ordinance regulation, legislation, policy, or law in the State of Florida related to PFOA, PFOS, and/or PFAS.

**RESPONSE:**

Dynax objects to this interrogatory as vague.  Subject to and without waiving this objection, Dynax states that it has never communicated with the State of Florida's governmental agencies regarding any ordinance, regulation, legislation, policy, or law related to PFOA, PFOA, or other PFAS.

19.    Identify YOUR efforts to propose, draft, modify, affect, stop, or otherwise influence any federal regulation, federal legislation, federal policy, or federal law related to PFOA, PFOS, and/or PFAS.

**RESPONSE:**

Dynax objects to this interrogatory on the grounds that it does not relate to Dynax's contacts with the State of Florida.  Dynax further objects to this interrogatory as vague.  Subject to and without waiving these objections, Dynax states pursuant to Rule 33(d) that it has already produced to Plaintiff copies of any documents from which the answer to this interrogatory may be ascertained.

20.    Identify all channels YOU established or utilize to provide advice to YOUR customers and potential customers regarding YOUR products in the State of Florida.

**RESPONSE:**

Dynax objects to this interrogatory as vague.  Subject to and without waiving this objection, Dynax states that it has never sold any products to customers in the State of Florida.

21.    State how YOU advertise YOUR products to customers and potential customers, identifying with specificity any DOCUMENTS YOU use to advertise.

**RESPONSE:**

Dynax objects to this interrogatory on the grounds that it does not relate to Dynax's contacts with the State of Florida.  Subject to and without waiving this objection, Dynax states that it does not direct any advertisements specifically to the citizens, residents, or businesses of Florida.  Dynax further states pursuant to Rule 33(d) that it has already produced to Plaintiff copies of the documents from which the answer to this interrogatory may be ascertained.

22.    Identify any distributors, suppliers, or retailers through whom YOU sell YOUR products and identify the volume of sales through those channels.

**RESPONSE:**

Dynax objects to this interrogatory on the grounds that it does not relate to Dynax's contacts with the State of Florida.  Subject to and without waiving this objection, Dynax states that it does not sell its products through distributors, suppliers, or retailers.

23.     Identify any contracts and/or agreements containing choice-of law clause(s) that select the State of Florida as the governing law.

**RESPONSE:**

Dynax objects to this interrogatory as vague and overbroad.  Subject to and without waiving these objections, Dynax states that it is unaware of any contracts or agreements for the sale of Dynax's products that contains a choice-of law clause that selects the law of the State of Florida as the governing law.  Dynax further states pursuant to Rule 33(d) that it has already produced to Plaintiff copies of the documents from which the answer to this interrogatory may be ascertained.

24.     Identify any and all contracts and/or agreements containing forum selection clause(s) that select the State of Florida as the chosen forum for any disputes concerning the contract.

**RESPONSE:**

Dynax objects to this interrogatory as vague and overbroad. Subject to and without waiving these objections, Dynax states that it is unaware of any contracts or agreements for the sale of Dynax's products that contains a forum selection clause that selects the State of Florida as the chosen forum for any disputes concerning the contract. Dynax further states pursuant to Rule 33(d) that it has already produced to Plaintiff copies of the documents from which the answer to this interrogatory may be ascertained.

25.     Identify any and all contracts and/or agreements executed and/or negotiated in the State of Florida.

**RESPONSE:**

Dynax objects to this interrogatory as vague and overbroad. Subject to and without waiving these objections, Dynax states that it is unaware of any contracts or agreements for the sale of Dynax's products that were executed or negotiated in the State of Florida.

This the 5th day of May, 2021.

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.

By:    /s/ Addie K.S. Ries
        Addie K.S. Ries
         S.C. State Bar No. 103016
         N.C. State Bar No. 31759
        Kirk G. Warner
         N.C. State Bar No. 16238
        Clifton L. Brinson
         N.C. State Bar No. 34331
        Post Office Box 2611
        Raleigh, North Carolina 27602-2611
        Telephone:    (919) 821-1220
        Facsimile:    (919) 821-6800
        Email:    aries@smithlaw.com
                kwarner@smithlaw.com
                cbrinson@smithlaw.com

*Attorneys for Dynax Corporation*

## CERTIFICATE OF SERVICE

I certify that on May 5, 2021, a copy of the foregoing was served via electronic mail upon the following individuals:

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219-4281
ssummy@baronbudd.com

Philip F. Cossich Jr.
Cossich, Sumich, Parisola & Taylor LLC
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
bpcossich@cossichlaw.com

*Counsel for Plaintiff Emerald Coast Utilities Authority*

Jessica L. Pahl
Anna J. Hrom
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
jphal@wc.com
ahrom@wc.com

*Bellwether Liaison Counsel for Defendants*

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.

By:    /s/Addie K.S. Ries
        Kirk G. Warner
          N.C. State Bar No. 16238
        Clifton L. Brinson
          N.C. State Bar No. 34331
        Addie K.S. Ries
          N.C. State Bar No. 31759
          S.C. State Bar No. 103016
        Post Office Box 2611
        Raleigh, North Carolina 27602-2611
        Telephone:    (919) 821-1220
        Facsimile:    (919) 821-6800
        kwarner@smithlaw.com
        cbrinson@smithlaw.com
        aries@smithlaw.com

        *Attorneys for Dynax Corporation*