**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Document relates to**<br><br>*Campbell v. Tyco Fire Products LP et al.,*<br>**No. 2:19-cv-00422-RMG** |

**ORDER TO ADMINISTER SETTLEMENT
RESOLVING CLASS CLAIMS OF SETTLING CLASS MEMBERS**

Upon the Motion of Napoli Shkolnik, PLLC and Taft Stettinius Hollister LLP ("Co-Lead Class Counsel"), with the consent of Tyco Fire Products LP, Chemguard, Inc., ChemDesign Products, Inc. (collectively, "Defendants") (Dkt. No. 1911), and for good cause shown, the Court hereby Orders as follows:

1.      This Order is entered to enable the administration of the settlement of class claims for exposure and property damage as further identified in the Motion and as further described in the Fourth Amended Class Action Settlement Agreement approved by this court on August 4, 2021 (the "Agreement"). Consistent therewith, the Campbell Fire Foam Class Settlement Fund (the "Class Fund"), and any sub-accounts, shall be established as a qualified settlement fund within the meaning of Treasury Regulation Section 1.468B-1, pursuant to this Court's continuing subject matter jurisdiction over the underlying matter and consistent with Treas. Reg. Section 1.468B-1(c)(1). The Court consents to take continuing jurisdiction over the Class Fund pursuant to Treas. Reg. Section 1.468B-1(c)(1).

2.      All interim and final class settlement payments to be made to or held for the benefit of settling, qualified Class Members as further identified in the Agreement and the Motion will remain under the jurisdiction of this Court.

3.      Those Class Members who qualify for compensation as to class claims for exposure and/or property damage within the meaning of the terms of the Agreement are to be paid with funds deposited by Defendants through the Class Fund.  Defendants will have no liability regarding the activities of the Class Fund because Defendants' liability to settling, qualified Class Members as to such class claims will terminate with payments by Defendants into the Class Fund.

4.      David R. Cohen. Esq., whom this Court previously appointed as the Settlement Administrator (the "Settlement Administrator"), shall continue to serve pursuant to the terms, conditions, and restrictions of the Motion to Administer Settlements Resolving Cases and Claims of Settling Class Members and  shall have the authority to conduct any and all activities necessary to administer this Class Fund, including all its sub-accounts, as described in the Motion; to be consistent with, and subject to the terms of the Agreement, and shall serve as the "administrator" within the meaning of Treas. Reg. Section 1.468B-2(k)(3).

5.      The Garretson Resolution Group, Inc. d/b/a Epiq Mass Tort ("Epiq") is also approved by this Court to assist the Settlement Administrator to perform his duties as further described in the Agreement, which includes but is not limited to assisting with the management of the Class Fund, addressing the bifurcation of the Total Class Settlement Amount to account for attorneys' fees and expenses awarded pursuant to this Court's August 4, 2021 Order

concerning Class Counsel Fees and Expenses, and following Case Management Order No. 3 with respect to AFFF MDL Common Benefit Holdback Assessments.

6.    No bond is required, provided that all monies received by the Class Fund, which includes all principal and interest earned thereon, is deposited according to the terms and conditions of the Motion, and held and/or invested by Citibank, N.A. (the "Bank"), for the benefit of and titled in the legal name of the Class Fund, and invested in accordance with the Motion, and consistent with the terms of the Agreement. The Bank shall be responsible for all investment related decisions, following the instructions of the Settlement Administrator, or Epiq, if directed by the Settlement Administrator, pursuant to these terms and conditions, such that a principal preservation driven investment policy is implemented.  Notwithstanding the foregoing, the Bank shall not be permitted to distribute any income or principal from the Class Fund except upon instructions of the Settlement Administrator, or Epiq if directed by the Settlement Administrator, and/or, if requested, upon the order of this Court following motion of Co-Lead Class Counsel.  The Settlement Administrator retains the right to remove the Bank, with or without cause, in his sole and absolute discretion.  The Settlement Administrator may designate a replacement bank following consultation with Co-Lead Class Counsel.  In the event of such replacement, the terms and conditions of the Motion and this Order shall apply to any such replacement bank or banks.

7.    The Settlement Administrator is authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee.

8.      The Settlement Administrator is authorized, upon final distribution of all monies constituting the Total Class Settlement Amount, less deductions (as that term is defined in the Agreement), including all income earned thereon, received into, and disbursed out of the Class Fund, to take appropriate steps to wind down the Class Fund and thereafter, is to be discharged from any further responsibility with respect to the Class Fund, without further Order from this Court.

9.      The Settlement Administrator shall take all such actions to open accounts with the Bank consistent with this Order, including directing Epiq as his agent to obtain the requisite Federal Employer Identification Number for the Class Fund.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 13, 2021
Charleston, South Carolina