# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> CASE MANAGEMENT ORDER NO. 16C <br><br> This Order Relates to All Actions |

## SECOND AMENDED PROTOCOL FOR INITIAL BRIEFING OF DISPOSITIVE MOTIONS ON THE GOVERNMENT CONTRACTOR DEFENSE

This Case Management Order supplements and amends CMO 16B and the procedure by which the parties will brief dispositive motions on the government contractor defense.

1. On or before November 5, 2021, Defendants shall file one omnibus brief that is not to exceed 50 pages in length. Defendants are strictly limited to providing argument and record evidence relating only to the first factor of demonstrating government contractor immunity, as provided by *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988) and its progeny.

2. On or before November 15, 2021, three subgroups of Defendants that consist of (1) 3M, (2) Telomer-Based AFFF Manufacturers, and (3) Non-AFFF Manufacturing Defendants may file one supplemental brief each, not to exceed 15 pages in length, only if:

   a. The supplementing Defendant group does not duplicate any argument or record evidence already provided in the omnibus brief;

   b. The supplementing Defendant group provides only argument and/or record evidence directly relating to the first *Boyle* factor; and

   c. The supplemental brief is approved by the Defendants' Coordination Committee ("DCC"), as evidenced by the DCC's certification that (1) the supplemental brief does

1

not duplicate any argument or record evidence already presented in the omnibus brief and (2) the record presented on the supplemental brief directly relates only to the first *Boyle* factor. Should the DCC refuse to so certify, the supplementing Defendant may promptly seek leave of Court to file its supplemental brief.

3. On or before December 22, 2021:
    a. Plaintiffs shall file either
        i. One omnibus response in opposition to Defendants' omnibus motion or
        ii. One combined omnibus response in opposition to Defendants' omnibus motion / cross motion for summary judgment, which shall also be strictly limited to providing argument and record evidence relating only to the first factor of demonstrating government contractor immunity, as provided by *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988) and its progeny.
    b. In either case, Plaintiffs' brief as set forth in paragraph 3(a) above shall not exceed 50 pages in length.
    c. Plaintiffs may also file one response in opposition, not to exceed 15 pages in length, to each of Defendants' supplemental briefs, subject to the same strictures as set forth in paragraphs 2(a)-(b) above.

4. On or before January 28, 2022,
    a. Defendants may file either:
        i. One omnibus reply brief in support of Defendants' omnibus motion for summary judgment that is not to exceed 20 pages in length or
        ii. If Plaintiffs filed an omnibus motion / cross motion, then one combined omnibus reply in support of Defendants' omnibus motion for summary

      judgment / response to Plaintiffs' cross motion for summary judgment that is not to exceed 50 pages in length.

5. Should Plaintiffs file a combined omnibus response and cross motion for summary judgment as described in Paragraph 3(a)(ii) above, on or before February 28, 2022, Plaintiffs may file one reply brief in support of Plaintiffs' cross-motion for summary judgment that is not to exceed 20 pages in length.

**AND IT IS SO ORDERED.**

                                  s/ Richard Mark Gergel
                                  Richard Mark Gergel
                                  United States District Judge

October 22, 2021
Charleston, South Carolina