# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**CASE MANAGEMENT ORDER NO. 21**<br><br>This Order Relates to All Actions. |

**Joint Sampling Protocol**

This Case Management Order establishes the procedures for Tier 2 sample collection, handling, and analytical testing ("Sampling" or "Sample") of environmental media, including but not limited to Sampling performed pursuant to Federal Rule of Civil Procedure 34(a)(2) and/or Federal Rule of Civil Procedure 45 or by any agreement of the parties to this litigation or other third parties. With respect to non-parties to the litigation, this Protocol does not supplant the requirements of Federal Rules of Civil Procedure 34 and 45 for third-party subpoena and party notice requirements.

1. Any party seeking to Sample (the "Requesting Party") environmental media at or near an allegedly PFAS-impacted area relevant to claims in this litigation ("Site") shall at least ten days prior to the desired sampling event serve written notice ("Notice") to designees for each of the PEC and the DCC.

2. The Notice shall include a general description of the area(s) of the Site that Requesting Party intends to Sample and the total number of samples the Requesting Party intends to take, broken out by each type of media that the Requesting Party intends to Sample.

3. As necessary, the parties shall work together in good faith to provide each other notice of and to accommodate any site-specific restrictions that exist at a particular site or any

location within a site where sampling is to take place, including without limitation the property owner's existing and applicable security, health, and safety protocols, and site-specific security obligations.

4. On the agreed Sampling date, the Parties shall conduct the split sampling, as follows.

    a) As to water samples:

        i. The Parties shall divide a single sample into multiple containers, The samples shall be handled by the same person. As necessary, the technician may collect more than one split sample for a particular sampling event, not to exceed three such samples.

        ii. The Parties shall each also create identical field and, in the instance that non-dedicated equipment is used, equipment blanks at each sampling location by placing certified PFAS-free water into the same containers each side is using for the sampling itself.

    b) As to soil samples:

        i. The parties shall each obtain a core sample at the same location(s), at a separation determined by the technician on site. As necessary, the technician may collect more than one split sample for a particular sampling event, not to exceed three such samples.

        ii. As with water samples, the soil samples shall be handled by the same person.

        iii. The Parties shall each also create identical field and, in the instance that non-dedicated equipment is used, equipment blanks at each sampling location by placing certified PFAS-free water into the same containers each side is using for the sampling itself.

5. The Parties shall maintain chain of custody records for all Samples taken. During each Sampling event, the technician shall mark all bottles from the split sampling event with the date/time/location of the Sample and then execute a chain of custody document containing: (1) who took the sample, put the sample in the bottle, placed the lid on the bottle, and handed the sealed bottle to the other party (if applicable), and (2) who received the sample from the other

party (if applicable).  The Parties shall exchange such chain of custody documents at the time the Sampling event is taken.

6.       Site-specific restrictions allowing, the parties may, but are not required to, have an observer present during sampling.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 2, 2021
Charleston, South Carolina