# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL NO: 2:18-mn-2873-RMG<br><br>**GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES OF DEFENDANT THE DOW CHEMICAL COMPANY**<br><br>This filing relates to<br>*Tibbetts v. 3M Company, et al.*<br>Case No.: 2:22-cv-00373-RMG |

Defendant The Dow Chemical Company ("Defendant") lists the following affirmative defenses it plans to raise at this time in response to the Original Petition for Damages ("Complaint") filed in this MDL.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses in response to the claims in each of Plaintiff's/Petitioner's Complaints:

1. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Defendant.

2. The court in which the action was filed, or which Plaintiff/Petitioner has designated as the "Home Venue," lacks personal jurisdiction over Defendant, and the Complaint should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3. Plaintiff's/Petitioner's claims are barred or limited for lack of standing.

4.  The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

5.  The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

6.  The Complaint, and each cause of action or count alleged therein, fails to join all necessary and indispensable parties for a just adjudication of Plaintiff's claims.

7.  The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Defendant is entitled to immunity from suit under the government contractor defense. *See Boyle v. United Technologies Corp.,* 487 U.S. 500 (1988).

8.  The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

9.  The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiff/Petitioner is not the real party in interest or lacks capacity to bring his claims, including claims indirectly maintained on behalf of citizens and/or customers and claims brought as *parens patriae.*

10.  Plaintiff's/Petitioner's claims are not ripe and/or have been mooted.

11.  Plaintiff's/Petitioner's claims are or may be barred, in whole or in part, to the extent he has failed to exhaust administrative remedies.

12.  Plaintiff's/Petitioner's claims may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

13.  Plaintiff's/Petitioner's may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

14. Plaintiff's/Petitioner's claims may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

15. Plaintiff's/Petitioner's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

16. Any injuries and/or damages sustained by Plaintiff/Petitioner may have been caused or contributed to by the negligence or actual conduct of Plaintiff/Petitioner and/or other persons, firms, corporations, or entities over whom Defendant had no control or right of control and for whom Defendant is not responsible.

17. Any injuries and/or damages sustained by Plaintiff/Petitioner is barred by the doctrines of intervening cause and/or superseding cause.

18. Plaintiff's/Petitioner's claims are or may be barred, in whole or in part, to the extent that the products Plaintiff/Petitioner alleged were used on premises owned by Defendant were unforeseeably misused, altered or changed in their condition by others for whom Defendant is not responsible.

19. Plaintiff's/Petitioner's alleged injuries and/or damages were caused by activities of, conditions created by, negligence of or other conduct of independent contractors or subcontractors, for which Defendant has no legal liability or responsibility.

20. Plaintiff's/Petitioner's claims are barred, in whole or in part, to the extent that they arose from acts or conditions constituting appropriate business operations and conforming to the state of the art or prevailing customs, standards or industry practices at the relevant time.

21. Plaintiff's/Petitioner's claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

22. Plaintiff's/Petitioner's claims based on any theory of strict liability, or liability without fault, constitute a deprivation of Defendant's property without due process of law in violation of the Constitution of the United States of America and other applicable provisions of the Constitution of any other state whose laws may apply.

23. Plaintiff's/Petitioner's claims are subject to all defenses that could be asserted if Plaintiff's/Petitioner's claims were properly made by an individual on whose behalf or for whose alleged damages Plaintiff/Petitioner seeks to recover.

24. Plaintiff's/Petitioner's claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

25. Plaintiff's/Petitioner's claims are or may be barred, in whole or in part, because Defendant used proper methods in designing, testing, and manufacturing its products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

26. Plaintiff's/Petitioner's claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

27. Plaintiff's/Petitioner's claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in

actions by Defendant that are the subject of Plaintiff's/Petitioner's claims. Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

28.     Plaintiff's/Petitioner's claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

29.     Plaintiff's/Petitioner's claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiff's/Petitioner's claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

30.     To the extent Plaintiff/Petitioner alleges any claim for breach of warranty, those claims are or may be barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

31.     To the extent Plaintiff/Petitioner alleges any claim for breach of warranty, those claims are or may be barred, in whole or in part, because Plaintiff/Petitioner did not provide Defendant reasonable notice of any alleged breach.

32.     To the extent Plaintiff/Petitioner alleges any claim for breach of warranty, those claims are or may be barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

33.     Plaintiff's/Petitioner's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendant, and in the

event that Defendant is found to be liable to Plaintiff/Petitioner, Defendant will be entitled to indemnification, contribution, and/or apportionment.

34.     Defendant asserts its rights to allocation or apportionment of fault pursuant to applicable state law, as well as its rights to a proportionate reduction of any damages found against Defendant based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff/Petitioner.

35.     Plaintiff's/Petitioner's claims against Defendant are barred or limited by the economic loss rule.

33.     Plaintiff/Petitioner may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on his part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's/Petitioner's failure to mitigate damages, if any.

34.     Plaintiff's/Petitioner's Complaint is barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

35.     Plaintiff/Petitioner may have alleged an injury that, as a matter of law, does not support a recovery in tort.

36.     To the extent that Plaintiff/Petitioner has split his claims, Plaintiff's/Petitioner's claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

37.     Plaintiff's/Petitioner's claims are barred, in whole or in part, because Defendant did not owe a legal duty to Plaintiff/Petitioner or, if it owed such a duty, did not breach and/or fully discharged that duty.

38. Plaintiff's/Petitioner's claims are barred, in whole or in part, because, at all relevant times, Defendant exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

39. Plaintiff's/Petitioner's claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendant proximately caused the purported injuries and damages allegedly sustained by Plaintiff/Petitioner.

40. Plaintiff's/Petitioner's claims are barred, in whole or in part, because to the extent Defendant owed any cognizable duty to warn, Defendant adequately discharged any such duty.

41. Plaintiff's/Petitioner's claim for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

42. The relief that Plaintiff/Petitioner seeks, in whole or in part, violates Defendant's due process rights.

43. Defendant denies any negligence, culpable conduct, or liability on its part but, if Defendant ultimately is found liable for any portion of Plaintiff's/Petitioner's alleged damages, Defendant shall only be liable for its equitable share of Plaintiff's/Petitioner's alleged damages.

44. Defendant denies any liability, but in the event Defendant is found to have any liability to Plaintiff/Petitioner, Defendant is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the complaint; (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the complaint; or (3) the equitable share of the liability of any person or entity that heretofore has

received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the complaint.

45. Defendant cannot be held jointly and severally liable for the acts or omissions of third parties because its acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of Defendant.

46. Plaintiff's/Petitioner's claims are barred, in whole or in part, for failing to link any of his alleged exposure to any product(s) manufactured by Defendant.

47. Plaintiff's/Petitioner's claims are barred, in whole or in part, to the extent Plaintiff/Petitioner cannot establish that his alleged injuries were caused by exposure to PFOA from any product(s) attributable to Defendant.

48. Plaintiff's/Petitioner's claims are barred, in whole or in part, to the extent that Plaintiff/Petitioner cannot establish that PFOA has been reliably established, through scientific means, to be capable of causing his alleged injuries.

49. Plaintiff's/Petitioner's claims are barred, in whole or in part, to the extent that Plaintiff/Petitioner cannot establish that he was exposed to a sufficient concentration or amount of PFOA, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing his alleged injuries.

50. Any damages Plaintiff/Petitioner may have suffered were not reasonably foreseeable by Defendant at the time of the conduct alleged.

51. Plaintiff's/Petitioner's claim is barred, in whole or in part, because Defendant neither knew, nor should have known, that any of the substances to which Plaintiff/Petitioner was allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge

available to Defendant at all times relevant to the claims or causes of action asserted by Plaintiff/Petitioner.

53. Defendant is entitled to all of the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiff's/Petitioner's claims for compensatory and punitive damages.

53. The Complaint fails to state a claim upon which punitive or exemplary damages may be awarded.

54. Defendant did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

55. Plaintiff/Petitioner has failed to adequately plead and/or allege that Defendant acted with the requisite state of mind to warrant an award of punitive damages.

56. Defendant has complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the complaint, and, therefore, to the extent that consideration is given to Plaintiff's/Petitioner's claims, punitive damages are unwarranted in law and fact.

57. Punitive damages are not available because all conduct and activities of Defendant related to matters alleged in the Complaint conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

58. Punitive damages are not available because Defendant neither knew nor should have known that the substances to which Plaintiff/Petitioner was allegedly exposed was hazardous or constituted a reasonable or foreseeable risk of physical harm, and Defendant therefore lacked

9

notice that its conduct was unlawful or subject to punishment and an award of punitive damages would violate Defendant's constitutional right to due process.

59. Plaintiff's/Petitioner's claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the Unites States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and other applicable provisions of the Constitution of any other state whose laws may apply.

60. Plaintiff's/Petitioner's claims are barred, in whole or in part, to the extent that the alleged injuries, disabilities, losses and damages, if any, were due to preexisting conditions, for which Defendant had no control and for which Defendant cannot be held responsible or liable.

61. Defendant reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

62. Defendant adopts by reference any additional applicable defense pleaded by any other Defendants not otherwise pleaded herein.

63. Defendant adopts by reference any additional applicable defense asserted by Defendants prior to transfer in any case transferred to this MDL.

64. Plaintiff's/Petitioner's claims against Defendant are barred and/or preempted by La. R.S. 9:2771 and 9:2772 as well as La. C.C. Art. 3500.

65. Defendant avers that any product liability claims against it are governed by the negligence standard existing prior to *Weber v. Fidelity & Casualty Ins. Co. of N Y.*, 259 La. 599, 250 So.2d 754 (1971).

66. Alternatively, Defendant affirmatively avers the affirmative defenses of La. R.S. 9:2800.51 et seq., the Louisiana Products Liability Act.

67. If Plaintiff's/Petitioner's have heretofore settled or should hereafter settle for any of the alleged injuries and damages with any parties, then Defendant is entitled to a credit for any such settlement. Defendant further pleads all defenses entitled to it based on any past or future settlement with Plaintiff/Petitioner including, but not limited to, accord and satisfaction.

68. Defendant denies that Plaintiff/Petitioner has valid claims against Defendant under the Louisiana Unfair Trade Practices and Consumer Protection Law, the Louisiana Medical Assistance Programs Integrity Act, the Louisiana Antitrust Statute and for common law fraud, negligent misrepresentation and unjust enrichment. However, if such claims are found to exist, Defendant pleads all applicable defenses under the Louisiana Unfair Trade Practices Act, the Louisiana Medical Assistance Programs Integrity Act, the Louisiana Antitrust Statute and to common law fraud, misrepresentation, and unjust enrichment.

69. Plaintiff's/Petitioner's claims against Defendant under the Louisiana Unfair Trade Practices and Consumer Protection Law and the Louisiana Medical Assistance Programs Integrity Act are barred in whole or in part to the extent that the Acts: (i) do not allow (or did not allow at the time the conduct was alleged herein) for recovery by indirect purchasers; and (ii) do not govern conduct that was primarily interstate in nature.

70. Plaintiff's/Petitioner's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Defendant in judicial, legislative, or administrative proceedings of any kind or at any level of government.

71. Defendant does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitute an admission that Defendant is liable to Plaintiff/Petitioner, that Plaintiff/Petitioner has been or will be injured or damaged in any way, or that Plaintiff/Petitioner is entitled to any relief whatsoever. Defendant reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

## **GENERAL DENIAL**

72. Pursuant to the Federal Rules of Civil Procedure, Defendant denies every single allegation in Plaintiff's/Petitioner's Original Petition for Damages

Dated: April 4, 2022                                   Respectfully Submitted,

By: /s/ *Andrew D. Carpenter*
Andrew D. Carpenter, MO Bar #47454
Brent D. Dwerlkotte, MO Bar #62864
**SHOOK, HARDY & BACON, LLP**
2555 Grand Blvd.
Kansas City, MO
(816) 474-6550
acarpenter@shb.com

*Counsel for Defendant The Dow Chemical Company*

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was electronically filed with this Court's CM/ECF system on April 4, 2022, and accordingly served automatically upon all counsel of record for this matter.

*/s/ Andrew D. Carpenter*
Andrew D. Carpenter

13