# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) MDL No. 2:18-mn-2873-RMG ) ) ) **ORDER** ) ) **This Order Relates to All Cases** ) ) ) ) |

Before the Court is the Plaintiff Executive Committee's ("PEC") motion to compel Defendant 3M Company ("3M") to produce the custodial file of Lewis Lehr. (Dkt. No. 2174.) 3M responded and the PEC replied. (Dkt. Nos. 2214, 2232.) For the reasons set forth below, the motion is denied without prejudice.

## I. Background

The PEC moves to compel the custodial file of former 3M employee Lewis Lehr. 3M asserts that it conducted multiple and extensive searches for the file, and no such documents exist.

## II. Legal Standard

Generally, parties to a civil litigation "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information is relevant if it has any tendency to make a fact of consequence to the action more or less probable than it would be otherwise. Fed. R. Evid. 401. The district court may broadly construe rules enabling discovery, but it "must limit the frequency of extent of discovery otherwise allowed" if it determines that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; if the requesting party "had had ample

opportunity to obtain the information by discovery in the action"; or if it is otherwise "outside the scope permitted by Rule 26(b)(1)." Fed R. Civ. P. 26(b)(2). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. V. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1993). A transferee court presiding over a multi-district litigation has broad discretion to manage such a docket containing voluminous cases. *See, e.g., In re Guidant Corp. Implantable Defibrillators Prod Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007).

## III. Discussion

Lewis Lehr was 3M's CEO from 1979 to 1986 and a member of its board of directors from 1974 to 1991. The PEC "request[ed] that 3M add Lewis Lehr as a custodian and produce Mr. Lehr's documents accordingly." 3M responded that it "agrees to the PEC's request regarding Lewis Lehr, and will conduct a reasonable search in accordance with our agreements regarding document discovery of 3M in this MDL, including but not limited to our understandings with the PEC regarding the multiple rounds of agreed search terms for purposes of document discovery." 3M thereafter notified the PEC that "[a]fter a reasonable investigation, 3M has not identified a custodial file, nor documents associated with a custodial file (whether hard copy or electric), for Lewis Lehr whose employment tenure ended at 3M in 1986, aside from a single nonresponsive lab notebook.[1] As you are aware, some documents referring to Mr. Lehr are in 3M's production, but we have not identified a further collection of documents associated with Mr. Lehr as a document custodian to review for responsive documents." (Dkt. No. 2214-1.) 3M has otherwise produced over 756,797 documents.

---

[1] A lab notebook issued to Lehr in 1947 relating to his then-work as a chemical engineer in the 3M tape lab, which 3M determined was unresponsive to PFAS issues.

The PEC infers that Lehr's custodial file must exist and is being withheld by 3M because (1) there is evidence that during Lehr's tenure, 3M was aware of the harmfulness of and potential litigation arising from its PFAS product, (2) there is evidence that Lehr was aware of those risks and directed some action be taken, and (3) 3M produced approximately 29,209 documents from Lehr's tenure, some of which reference Lehr. The PEC further asserts that if the Lehr custodial file does not currently exist, 3M had an obligation, but failed, to preserve it. (But, to be clear, the relief sought by the PEC is compelling production of the file, not sanctioning 3M for its spoliation.)

3M does not dispute that the Lehr file is relevant. Instead, 3M states that it conducted repeat thorough searches for the Lehr file—including by interviewing current and former employees, searching off-site document archives, retracing the custodial origin or other produced documents, and searching Lehr's successor's documents—and did not locate it. More specifically, and a bit differently, 3M did not identify any electronic documents for which Lehr was the custodian and did not identify any paper documents "that could be identified as having been part of Mr. Lehr's" file. (Dkt. No. 2214 at 2.) The PEC was notified and asked 3M to conduct additional searches, which 3M undertook, and still found no custodial file. 3M now argues that it met its burden of conducting reasonable searches and cannot be compelled to produce documents it does not possess.

Faced with a similar dispute, one court implemented an "incremental approach" in which the defendant submitted a sworn affidavit addressing issues such as whether it denies that the documents ever existed or whether the employee took all of the documents with him upon termination or destroyed them himself. *See Osucha v. Alden State Bank*, C/A No. 17-cv-1026-LJV, 2020 WL 3055790, at *3 (S.D.N.Y. June 9, 2020). Here, the Court has been given "no reason to question the veracity of defendant's response to plaintiff's request" and otherwise "cannot order

defendant to produce documents that do not exist." *Feuer v. United States of America*, C/A No. 5:04-cv-3027-JAR-KGS (D. Kan. July 12, 2005) at Dkt. No. 66 at 14.  Where a party asserts it is not withholding documents and the "only reply is to in essence broadly claim this cannot be true," there is "no basis to grant" a motion to compel under Rule 26 because the "court simply cannot compel [parties] to produce documents they do not possess." *Brown-Thomas v. Hynie*, C/A No. 1:18-cv-02191-JMC, 2021 WL 651014, at *7 (D.S.C. Feb. 19, 2021).

The PEC's motion is denied without prejudice.  The PEC may renew its motion to compel if or when it can demonstrate that the Lehr custodial file exists, but is not being produced.

### IV.     Conclusion

For the foregoing reasons, the PEC's motion to compel (Dkt. No. 2174) is **DENIED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 5, 2022
Charleston, South Carolina