

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

1320 Main Street, 17th Floor
Columbia, SC 29201
T: 803.799.2000  F: 803.256.7500
nelsonmullins.com

Amanda S. Kitts
T: 803.255.9594  F: 803.255.9127
amanda.kitts@nelsonmullins.com

April 29, 2022

*Via CM/ECF and E-mail (gergel_ecf@scd.uscourts.gov; blaise_niosi@scd.uscourts.gov)*

The Honorable Richard M. Gergel
U.S. District Court for the District of South Carolina
J. Waties Waring Judicial Center
83 Meeting Street
Charleston, South Carolina 29401

Re:  *In re Aqueous Film-Forming Foams Product Liability Litigation* (MDL No. 2873)

Dear Judge Gergel:

The PEC requested that Defendants agree to extend the expert discovery deadline and the subsequent summary judgment and *Daubert* briefing schedule in the water provider bellwether cases. Defendants agreed to the PEC's request to extend these deadlines by four weeks and the attached proposed CMO-19C reflects the parties' agreement.

That the parties reached agreement on these issues makes sense given the breadth, complexity, and number of expert issues and reports in this case. But we have reached an impasse as to the remaining dates set forth in CMO-19B, such as the Court's designation of the first case for trial, pre-trial submissions regarding that case, and the trial-ready date. The PEC contends that these trial-preparation dates can remain unchanged, whereas Defendants propose to move each of those dates by just four weeks—the same amount of time as the agreed proposed extensions that precede them.

These complex cases are the first bellwethers the Court will try. It is important for both the cases themselves and the MDL as a whole that the parties have a fair opportunity to prepare all that is required to try these critical bellwethers. To that end, CMO-19 carefully sequences and provides time for the orderly adjudication of the water provider bellwethers: expert discovery, followed by dispositive and *Daubert* motions, the Court's selection of the first bellwether trial case, and finally submission of pretrial materials for that case and all that must be done to reach the trial ready date.

Rather than agree to a reasonable extension of just four weeks for the back end of CMO-19, the PEC seeks to further compress an already tight schedule. Anticipating that the PEC will try to portray Defendants as rigid or unreasonable, it should be noted that the parties previously reached agreement to extend discovery deadlines and during that process the PEC refused to move

The Honorable Richard M. Gergel
April 29, 2022
Page 2

the dates Defendants now propose to move here. Defendants are always willing to be accommodating and flexible and regret that this issue has to be decided by the Court. But whatever flexibility the schedule may previously have had no longer exists.

The PEC's proposed approach—to extend some deadlines, but not others—throws off the sequencing of pre-trial events that CMO-19 established. For example, under the PEC's proposal, the parties would have to submit their recommendations for the first bellwether case for trial before summary judgment and *Daubert* briefing is complete. Worse, the Court would have to actually pick the first case for trial just three days after summary judgment and *Daubert* replies are filed. Summary judgment and *Daubert* briefing will be important to informing the parties' and the Court's judgment on what case would be best positioned to serve as the first bellwether trial. That is why CMO-19 places selection of the first bellwether trial after such briefing. The PEC's current proposal would force the Court to make this very important selection without the benefit of this briefing, amounting to a "Ready, fire, aim" sequence that disserves the Court and the MDL as a whole.

The PEC's proposal would also compress an already tight schedule. Rather than having approximately six weeks between completion of dispositive and *Daubert* motions and submission of pre-trial motions—as originally contemplated—the parties would have just 17 days. And the interval between completion of this briefing that once was three months would be compressed to just two months under the PEC's proposal (two months which include both the Thanksgiving and winter holidays). Although the PEC made various proposals to Defendants short of moving all of the back-end dates by the same four weeks as the front-end dates, these proposals would just trade one problem for another and none solved the fundamental issue of ensuring the parties and the Court have adequate time to prepare for trial.

It is worth keeping in mind just some of what will need to be accomplished in this time by the Court and the parties: (1) consideration of voluminous and complex dispositive and *Daubert* briefing; (2) any necessary hearings on those motions; (3) exchange of exhibit lists, deposition designations, and witness lists; (4) exchange of counter-designations and objections to exhibits and designations; (5) motions in limine and other pre-trial motions; (6) negotiation of jury questionnaires, jury instructions, and a verdict form; (7) all pretrial submissions to the Court; (8) adjudication of disputes as to those submissions; (9) filing and consideration of a joint pre-trial order; and (10) a final pre-trial conference.

This trial will represent the first time any court has grappled with the factual, legal, and expert issues concerning alleged contamination of groundwater from AFFF. This will involve, among many other things, deciding how the law applies to the cutting-edge science associated with fate and transport of PFAS and what defines a "reasonable" water provider in the context of how these water providers have addressed PFAS (if any) in their supply wells. The PEC's proposal appears to be animated by a desire to hold onto a trial-ready date, no matter the cost to an orderly and fair process. Carrying forward through trial the parties' agreed extension of a mere four weeks seems a reasonable way to help to ensure fairness in these critical bellwether trials.

We respectfully request that the Court adopt Defense Leadership's proposed time periods as set forth in the attached proposal. As always, should the Court wish to discuss these issues, we remain available at the Court's convenience.

The Honorable Richard M. Gergel
April 29, 2022
Page 3

                                   Respectfully submitted,

                                   /s/Amanda S. Kitts
                                   on behalf of:

                                   /s/ Joseph G. Petrosinelli
                                   Joseph G. Petrosinelli
                                   Williams & Connolly LLP
                                   725 Twelfth Street, N.W.
                                   Washington, D.C. 20005
                                   P: (202) 434-5547
                                   F: (202) 434-5029
                                   jpetrosinelli@wc.com

                                   /s/ Michael A. Olson
                                   Michael A. Olsen
                                   Mayer Brown LLP
                                   71 South Wacker Drive
                                   Chicago, IL 60606
                                   P: (312) 701-7120
                                   F: (312) 706-8742
                                   molsen@mayerbrown.com
                                   *Co-lead Counsel for Defendants*