**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL NO.: 2:18-mn-02873-RMG<br><br>**DEFENDANT PHILLIPS 66 PIPELINE LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE ENTIRE ACTION**<br><br>This Document Relates to *Atascadero Mutual Water Company v. Company et al.*; Case No. 2:22-cv-00604-RMG |

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: 213.443.4355
Email: pstrotz@kslaw.com

*Attorneys for Defendant Phillips 66 Pipeline LLC*

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................1

II.     LEGAL STANDARD ...........................................................................................4

III.    ARGUMENT .........................................................................................................4

        A.      Plaintiff Fails to State a Valid Claims for Damages .................................4

        B.      Plaintiff Fails to Include Necessary and Indispensable Parties ...............5

        C.      Plaintiff's Causes of Action are Time-Barred ..........................................7

        D.      Plaintiff's Negligence Cause of Action Lacks Essential Factual
                Allegations and is Belied by Allegations Against Other Defendants .....................7

        E.      Plaintiff's Trespass and Private Nuisance Claims Fail Because Plaintiff
                Lacks a Possessory Interest in Groundwater ........................................10

        F.      Plaintiff's Public and Private Nuisance Claims are Duplicative of the
                Negligence Claim and Lack Essential Factual Allegations ...................10

        G.      Plaintiff's Causes of Action for Violation of the Hazardous Substances
                Account Act and the Hazardous Waste Control Act are Deficient Because
                PFAS is not Recognized as a Hazardous Substance in Either Act .......12

        H.      Plaintiff's "Cause of Action" for Violation of Health and Safety Code
                Section 5411 Must Be Dismissed Because There is No Private Right of
                Action...................................................................................................13

        I.      Plaintiff's Claim for Violation of Business and Professions Code Section
                17200 Fails for Lacking Supporting Facts ............................................14

        J.      Plaintiff's Cause of Action for Injunctive Relief Is Untenable Because the
                Necessary Conditions of Water Code Section 13304 are Not Satisfied ...............15

        K.      The Waste Claim Fails Because Plaintiff and Phillips 66 Do Not Have the
                Requisite Relationships.........................................................................16

        L.      Derivative Causes of Action for Declaratory Relief and Equitable
                Indemnity are Not Valid Because Underlying Causes of Action are Not
                Valid.....................................................................................................16

        M.      Plaintiff's Claim for Other Equitable Relief is Not Valid Because Plaintiff
                Does Not and Cannot Plead It Lacks Adequate Remedy at Law .........17

IV.     CONCLUSION....................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Annocki v. Peterson Enterprises, LLC,*
    232 Cal. App. 4th 32 (2014) ...................................................8

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..........................................................4, 5

*Avalon Pacific-Santa Ana, L.P. v. HD Supply Repair & Remodel, LLC,*
    192 Cal. App. 4th 1183 (2011) ...........................................16

*Bell v. Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)............................................................4

*Brooks v. Eugene Burger Management,*
    215 Cal. App. 3d 1611 ........................................................8

*Delgado v. Trax Bar & Grill,*
    36 Cal. 4th 224 (2005) ........................................................8

*Dep't Fish and Game v. Superior Ct.,*
    197 Cal. App. 4th 1323 (2011) ...........................................11

*Dix v. Live Nation Entertainment, Inc.,*
    56 Cal. App. 5th 590 (2020) ................................................8

*Flores v. EMC Mortg. Co.,*
    997 F.Supp. 2d 1088 (E.D. Cal. 2014)...............................14

*Fox v. Ethicon Endo-Surgery, Inc.,*
    35 Cal. 4th 797 (2005) ........................................................7

*Fremont Reorganizing Corp. v. Faigin,*
    198 Cal. App. 4th 1153 (2011) ...........................................17

*Gault v. Thacher,*
    367 F.Supp. 3d 469 (D.S.C. 2018).....................................17

*Gregory Village Partners, L.P. v. Chevron U.S.A., Inc.,*
    805 F.Supp. 2d 888 (N.D. Cal. 2011) ................................12

*Gunvor SA v. Kayablian,*
    948 F.3d 214 (4th Cir. 2020) ...............................................6

*Kendall v. Visa U.S.A., Inc.*,
    518 F.3d 1042 (9th Cir. 2008) ....................................................................18

*Kesner v. Super. Ct.*,
    1 Cal. 5th 1132 (2016) ...............................................................................8

*Melton v. Boustred*,
    183 Cal. App. 4th 521 (2010) ....................................................................10

*Newhall Land & Farming Co. v. Superior Ct.*,
    19 Cal. App. 4th 334 (1993) ......................................................................13

*Orange County Water Dist. v. Sabic Innovative Plastics US, LLC*,
    14 Cal. App. 5th 343 (2017) .................................................................10, 11

*People v. McKale*,
    25 Cal. 3d 626 (1979) ...............................................................................14

*Porter v. Mabus*,
    457 Fed. Appx. 619 (9th Cir. 2011)......................................................10, 11

*Reddy v. Litton Indus., Inc.*,
    912 F.2d 291 (9th Cir. 1990) .....................................................................18

*Schaeffer v. Gregory Village Partners, L.P.*,
    105 F.Supp. 3d 951 ..................................................................................12

*Schellinger Brothers v. Cotter*,
    2 Cal. App. 5th 984 (2016) ........................................................................16

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ...............................................................17, 18

*Vasquez v. L.A. County*,
    487 F.3d 1246 (9th Cir. 2007) .....................................................................4

*Waranch v. Golf Insurance Co.*,
    218 Cal. App. 3d 356 (1990) .....................................................................10

*Weseloh Family Ltd. Partnership v. K.L. Wessel Construction Co., Inc.*,
    125 Cal. App. 4th 152 (2004) ....................................................................17

*Wiener v. Southcoast Childcare Centers, Inc.*,
    32 Cal. 4th 1138 (2004) ..............................................................................8

**Statutes**

Cal. Bus. & Prof. Code § 17200 ..........................................................14, 15

Cal. Bus. & Prof. Code § 17208 ................................................................................7

Cal. Civ. Code § 3334 ..........................................................................................10

Cal. Code Civ. Proc. § 732 ....................................................................................16

Cal. Code Civ. Proc. § 335.1 ...................................................................................7

Cal. Code Civ. Proc. § 338(b) ..................................................................................7

Cal. Health & Safety Code § 5411 ..........................................................................15

Cal. Health & Safety Code § 5411.5 ........................................................................15

Cal. Health & Safety Code § 25141 .........................................................................12

Cal. Health & Safety Code § 25316 .........................................................................13

Cal. Health & Safety Code § 25117 .........................................................................13

Cal. Health & Safety Code § 25141 .........................................................................13

Cal. Health & Safety Code § 25249.5 .......................................................................15

Cal. Health & Safety Code § 25322(b) ......................................................................12

Cal. Health & Safety Code § 25323 .........................................................................12

Cal. Water Code § 13054 ......................................................................................12

Cal. Water Code § 13304(a) ...................................................................................15

Cal. Water Code § 13350 ......................................................................................15

Fed. R. Civ. Proc. 11(b)(3) ....................................................................................8

Fed. R. Civ. Proc. 12(b)(6) .................................................................................4, 10

Fed. R. Civ. Proc. 12(b)(7) ....................................................................................5

Fed. R. Civ. Proc. 19(a)(1)(A) ................................................................................6

Fed. R. Civ. Proc. 19(b) ........................................................................................6

**Other**

https://web.amwc.us/resources/CCR.pdf (last accessed on May 2, 2022) ...........................11, 15

www.amwc.us/water-supply (last accessed on May 2, 2022) ...................................2, 5, 11

## I.    <u>INTRODUCTION</u>

Plaintiff Atascadero Mutual Water Company (Plaintiff) sues defendant Phillips 66 Pipeline LLC (Phillips 66), claiming that its Santa Margarita Pump Station is in some unstated way responsible for the alleged presence of PFAS chemicals, supposedly in aqueous film-forming foam (AFFF), in its groundwater supply.  Phillips 66 is not sued as a manufacturer, distributor, or supplier.  It is being sued as a user and, despite being the *only* purported user of the alleged PFAS, Plaintiff does not allege any facts that AFFF was ever present at the pump station; does not allege any facts that Phillips 66 ever used AFFF at the pump station; does not allege any facts that Phillips 66 ever discharged AFFF at the pump station; and does not allege any facts that a discharge at the pump station could plausibly be traced to Plaintiff's groundwater supply.

The Amended Complaint instead states without any facts that Phillips 66 was somehow "prone" to fires—not that a fire ever occurred—and must have had some unspecified "specialized firefighting equipment at its refineries and pumping stations, such as the Santa Margarita Pump Station in Atascadero"—not that this case involves any refineries or that this "specialized" equipment was ever used at the pump station.  Compl. ¶ 218.  While Plaintiff uses "information and belief" to leap to the unsupported conclusion that "AFFF was used, handled, stored, and/or disposed of" at the Santa Margarita Pump Station, there are no facts which supposedly inform this belief and no apparent factual connection whatsoever between Plaintiff and the pump station.  Compl. ¶ 51.

Finally, while Plaintiff does allege that the California Water Resource Board has identified "certain bulk fuel storage terminals and refineries," including sites owned by Phillips 66, as facilities likely to store or use PFAS-laced AFFF, this allegation does not even reference the pump station, let alone connect it to Plaintiff's claimed harm.  Compl. ¶ 192.  The Amended Complaint lacks any of the requisite evidentiary support needed to file and prosecute a viable case.  It is improper to drag a defendant through years of discovery to determine whether

Plaintiff had a plausible claim in the first place—i.e. shoot first and aim later. As a result, each of Plaintiff's causes of action fails to state a valid or plausible claim.

Each of Plaintiff's causes of action also fail because it does not plead any compensable damages. Plaintiff in fact admits in the Amended Complaint that its water supply contains PFAS at levels that only "may" exceed the lowest notification level. Compl. ¶ 205. And, while it alleges that it incurred or may incur response costs, Plaintiff admits that no response is required to address the alleged presence of PFAS. Compl. ¶ 19. Indeed, Plaintiff boasts on its publicly available website that it "consistently produces water that meets or exceeds all state and federal drinking standards." *See* www.amwc.us/water-supply (last accessed on May 2, 2022).

The Amended Complaint must be dismissed for the further reason that each cause of action is time-barred. Plaintiff also fails to include necessary and indispensable parties, which it alleges used AFFF for decades but does not sue.

Each cause of action fails individually as well.

- The First Cause of Action for **Negligence** fails because Plaintiff does not allege that Phillips 66, as a premises owner/operator, caused a foreseeable and unreasonable risk of harm or that Phillips 66 knew or should have known about this unreasonable risk of harm at whatever time Plaintiff believes AFFF was used at the property. Plaintiff in fact admits that the public, which includes Plaintiff and Phillips 66, could not have known of the risk of harm because of alleged failure to warn and fraudulent concealment by manufacturers.

- The Second Cause of Action for **Trespass** fails because Plaintiff lacks a property interest in groundwater.

- The Third and Fourth Causes of Action are not alleged against Phillips 66.

- The Fifth Cause of Action for **Public Nuisance** fails because it is duplicative of the negligence claims and lacks the same essential factual allegations.

- The Sixth Cause of Action for **Private Nuisance** must be dismissed because Plaintiff lacks a property interest in groundwater.

- The Seventh Cause of Action for violation of the **Hazardous Substances Account Act** fails because PFAS is not recognized as a hazardous substance under the Act.

- The Eight Cause of Action is not alleged against Phillips 66.

- The Ninth Cause of Action for violation of **Health and Safety Code Section 5411** must be dismissed because there is no private right of action for a violation of this statute.

- The Tenth Cause of Action for violation of the **Hazardous Waste Control Act** fails because PFAS is not recognized as a hazardous substance under the Act.

- The Eleventh Cause of Action for violation of the **Business and Professions Code Section 17200** must be dismissed because Plaintiff pleads no facts that Phillips 66 acted illegally whenever it supposedly used AFFF.

- The Twelfth Cause of Action for **Declaratory Relief** is not valid because the causes of action on which it is based are not valid.

- The Thirteenth Cause of Action for **Injunctive Relief** fails because Plaintiff has not alleged that it is entitled to any remedy, let alone that there is no adequate legal remedy.

- The Fourteenth Cause of Action for **Treble Damages for Waste** does not apply here because Plaintiff and Phillips 66 do not have the requisite relationships and Plaintiff admits it was not harmed on the property where the alleged waste was discharged.

- The Fifteenth Cause of Action for **Equitable Indemnity** is not a valid claim because the causes of action on which it is based are not valid.

Because Phillips 66 is the only alleged user and, thus, the only alleged connection between Plaintiff and every other defendant, granting this motion to dismiss will dispose of the entire action.[1]

## II.    LEGAL STANDARD

To state a valid claim, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The complaint must plead facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[B]lanket assertion[s] of entitlement to relief" are insufficient, as are labels, conclusions, plainly false allegations, and formulaic recitations of the elements of a cause of action." *Twombly*, 550 U.S. at 556 & n.3.

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not bound to accept as true a legal conclusion couched as a factual allegation and need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.

## III.    ARGUMENT

Plaintiff asserts twelve causes of action against Phillips 66 in this action. The factual allegations and evidentiary support necessary to state a valid claim are missing from each and every cause of action in the Amended Complaint. Indeed, Plaintiff fails to allege facts sufficient to state a single cause of action against Phillips 66, let alone a dozen.

### A.    Plaintiff Fails to State a Valid Claims for Damages

In response to PFAS detection in its water systems, Plaintiff alleges it took corrective measures by "blending water supplies to prevent exceedance" of some unspecified California

---

[1] Phillips 66 met and conferred with Plaintiff unsuccessfully to resolve these issues. See Declaration of Peter A. Strotz at ¶ 2, 3.

standards.  Compl. ¶ 19.   Plaintiff further alleges that the corrective "blending treatment strategies" reduced the PFAS concentration so that the water now only "may" contain PFAS above the notification levels.  Compl. ¶¶ 204, 205.  Thereafter, it appears no further action other than the "routine sampling and analysis" is necessary.  Compl. ¶ 19.

The fact is Plaintiff does not allege that it incurred costs for water blending, or whether water blending involves additional costs at all.  Further demonstrating a lack of damages, Plaintiff admits it has routinely conducted "sampling and analysis of its water systems and infrastructure for PFAS contamination since 2018."  Compl. ¶ 19.  This comports with the statements on Plaintiff's website:  "water quality samples are regularly taken" and "AMWC monitors these samples for all contaminants as required by USEPA, the Safe Drinking Water Act, and Primary Drinking Water Standards, and follows all guidelines according to the national primary drinking water regulations."  *See* www.amwc.us/water-supply (last accessed on May 2, 2022).  As Plaintiff admits, "investigating" is a necessary and routine part of its business because testing is required by law.  Plaintiff cannot seek as damages the cost for testing, sampling, and monitoring when it has to do so anyway to meet is statutory and regulatory obligations.

In addition, Plaintiff claims "response costs" as damages, including costs associated with customer notifications and "investigating and treating contamination."  Compl. ¶¶ 270, 278, 334.  This claim must be rejected as well, however, because Plaintiff admits, after blending water, no actual response is required and whatever costs it may have incurred for customer notification, if any, would be de minimis.  *See* Compl. ¶ 205.  As previously stated, Courts are not bound to accept a conclusion couched as a factual allegation when it is "devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678.  For these reasons, Plaintiff fails to state a valid claim for damages.

### B.    Plaintiff Fails to Include Necessary and Indispensable Parties

Plaintiff's Amended Complaint must be dismissed because Plaintiff fails to name necessary and indispensable parties.  *See* Fed. R. Civ. Proc. 12(b)(7).  A necessary party is one who, when absent, deprives the Court of its ability to accord complete relief among existing

parties. Fed. R. Civ. Proc. 19(a)(1)(A); *see also Gunvor SA v. Kayablian*, 948 F.3d 214, 220 (4th Cir. 2020). A necessary party is also an indispensable party when the following factors weigh in favor of showing that joinder of the necessary party is not feasible: (1) whether a judgment rendered without the necessary party might prejudice that person or the existing parties; (2) whether prejudice could be lessened; (3) whether a judgment rendered without the necessary party would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. Proc. 19(b).

According to Plaintiff, "PFAS-based AFFF products have been used at numerous locations in and near Atascadero, including at airports, helipads, local firefighting training grounds, and industrial facilities . . . ." Compl. ¶ 190. Plaintiff further alleges that PFAS-based AFFF products were used by the San Luis Obispo County Fire Department and the Atascadero State Hospital Fire Department. Compl. ¶ 191. Plaintiff does not stop there. It also alleges that "PFAS-based AFFF products have been stored and used . . . at hundreds of locations . . . throughout the United States, including and around Plaintiff's Affected Property." Compl. ¶ 118. This use has occurred "[f]or decades." *Id.*

Plaintiff makes clear that the San Luis Obispo County Fire Department and the Atascadero State Hospital Fire Department, and potentially others, are necessary and indispensable parties. Both fire departments are specifically identified by Plaintiff as joint tortfeasors. Without them, the Court or a jury cannot properly apportion relief for Plaintiff's alleged harm based on the alleged misconduct of these known AFFF users. Without them, Phillips 66 would be jointly and severally liable for the entire verdict. In that event, Phillips 66 would be prejudiced by having to shoulder Plaintiff's alleged damages caused by unnamed but known AFFF users. There is no order that a Court may issue to limit this prejudice. For these reasons, both fire departments are indispensable parties. And, because Plaintiff failed to name them, the Amended Complaint must be dismissed in its entirety.

### C.     Plaintiff's Causes of Action are Time-Barred

Plaintiff does not allege when Phillips 66 purportedly used or released PFAS-based AFFF.  Without this allegation, Plaintiff cannot plausibly state valid and timely causes of action in accordance with the relevant statutes of limitations.  The longest statute of limitations applicable to Plaintiff's numerous claims is four years.  *See* Cal. Code Civ. Proc. §§ 335.1, 338(b), *see also* Cal. Bus. & Prof. Code § 17208.  Further, Plaintiff's allegation that PFAS "will not degrade, break down or disappear from a water system over time" implies the purported release may have occurred decades ago.  Compl. ¶ 7.  If that is the case, all of Plaintiff's causes of action would be time-barred.

Further, Plaintiff does not allege that the delayed discovery rule would toll any of Plaintiff's causes of action.  To be sure, there are no facts in the Amended Complaint to support this claim.   Under the delayed discovery rule, although unavailable to Plaintiff here, the statutes of limitations began to run when Plaintiff had "reason to suspect an injury and some wrongful cause, unless . . . [P]laintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action."  *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 803 (2005).  Here, the Amended Complaint is devoid of allegations as to when Plaintiff suspected the presence of PFAS in its water supply, when it suspected that it was due to a wrongful cause, and that a reasonable investigation at any point would not have revealed a factual basis for the specific causes of action.  As such, the delayed discovery rule does not apply and Plaintiff's claims do not plausibly survive any of the relevant statutes of limitations.

### D.     Plaintiff's Negligence Cause of Action Lacks Essential Factual Allegations and is Belied by Allegations Against Other Defendants

Plaintiff's *First Cause of Action* for negligence lacks any factual allegations, is labelled incorrectly, and is contradicted by factual allegations against the manufacturers of PFAS. Plaintiff asserts omnibus factual allegations against every category of defendant without asserting any fact against each defendant individually.  Compl. ¶¶ 210-216.  The only specific

allegations made against Phillips 66 are that: (1) "[u]pon information and belief," AFFF was used, stored, handled, and/or disposed of at Phillips 66's property and (2) Phillips 66 allegedly subjected Plaintiff to unreasonable risks through its ownership and operation of its property. Compl. ¶¶ 51, 210-211, 218.  Plaintiff does not set forth any facts or evidentiary support that could support its allegation that AFFF was used, stored, handled, and/or disposed of at Phillips 66's property in contravention of Federal Rules of Civil Procedure Rule 11(b)(3).

Further, as against Phillips 66, this cause of action is for premises liability, not general negligence. *See Brooks v. Eugene Burger Management*, 215 Cal. App. 3d 1611, 1619 (describing premises liability as a form of negligence based on an owner's duty to prevent unreasonable risks of harm from the owner's property).  The duty Plaintiff seeks impose here arises from Phillips 66's alleged status as the owner/operator of the Santa Margarita Pump Station.  Accordingly, Plaintiff's must allege facts showing: (1) Phillips 66 owed a duty to Plaintiff; (2) Phillips 66 breached that duty; (3) Plaintiff sustained damages; and (4) Phillips 66's breach caused Plaintiff's damages. *See Kesner v. Super. Ct.*, 1 Cal. 5th 1132, 1158 (2016). Phillips 66's duties owed as it relates to its ownership of the Santa Margarita Pump Station include: (1) a duty to warn of known dangers and (2) a duty to keep its property safe. *See Delgado v. Trax Bar & Grill*, 36 Cal. 4th 224, 241 (2005); *see also Wiener v. Southcoast Childcare Centers, Inc.*, 32 Cal. 4th 1138, 1146 (2004).  The scope of these duties extends only to foreseeable and unreasonable risks of harm. *See Annocki v. Peterson Enterprises, LLC*, 232 Cal. App. 4th 32, 37 (2014); *see also Dix v. Live Nation Entertainment, Inc.*, 56 Cal. App. 5th 590, 611 (2020).

Regardless of whether the cause of action is properly a premises liability or general negligence claim, the Amended Complaint is devoid of factual allegations showing Phillips 66's alleged use of PFAS-containing AFFF posed a foreseeable risk of harm to Plaintiff.  Phillips 66 could have reasonably foreseen Plaintiff's harm only if it knew or should have known of the hazards of using AFFF at the time Plaintiff believes Phillips 66 used it.  As Plaintiff admits in the Amended Complaint, however, the allegedly PFAS-containing AFFF product made by other

defendants lacked adequate warnings.  FAC ¶ 249.  Plaintiff goes so far as to allege that the manufacturers fraudulently concealed the dangers of PFAS from the public, including Plaintiff. As a user, Phillips 66 is in the same position as Plaintiff as a member of the public.  Plaintiff claims that the instructions, labels, and material safety data sheets did not warn of necessary precautions, dangers posed to humans and the environment, and proper storage, use and disposal of PFAS-based AFFF.  Compl. ¶¶ 197-201.  Without this information, Phillips 66 could not have been reasonably apprised of how to store, use, and dispose of PFAS-based AFFF in order to avoid any contamination.  Therefore, any alleged harm caused by Phillips 66's use of PFAS-containing AFFF was unforeseeable and not actionable under Plaintiff's negligence-based theory.

Plaintiff's negligence-based cause of action is also fatally deficient because Plaintiff fails to allege facts showing Phillips 66's alleged use of PFAS-containing AFFF exposed Plaintiff to an unreasonable risk of harm.  Absent from the Amended Complaint is any allegation of when the alleged use occurred.  This is important because what would be considered an unreasonable risk of harm now may not have been the same decades ago.  Plaintiff cannot allege in good faith that a user like Phillips 66 knew or should have known of harm that could result in its use of AFFF, or that AFFF even contains PFAS, when Plaintiff alleges at length that the harm was actively and successfully concealed by manufacturers until 1998, the earliest, and EPA did not address it until 2009.  *See* Compl. ¶ 96.  According to Plaintiff's own allegations, Phillips 66, an alleged user and non-manufacturer of AFFF, would not have been put on notice of any danger in using PFAS-based products until 2009.  Thus, Phillips 66's alleged use of PFAS-based AFFF does not show Phillips 66 exposed Plaintiff to an unreasonable risk of harm, invalidating Plaintiff's negligence-based claim.

Importantly, Plaintiff alleges no facts that Phillips 66 knew or should have known the AFFF it allegedly used contained PFAS, the purported hazards of the product, or the possibility that this PFAS could migrate and persist in Plaintiff's water supply.  It follows that, due to the lack of any relevant warnings as alleged by Plaintiff, Phillips 66's use of AFFF was reasonable.

Phillips 66 could not have breached any duty owed to Plaintiff and a motion to dismiss the negligence cause of action based on Federal Rules of Civil Procedure section 12(b)(6) must be granted.

### E.    Plaintiff's Trespass and Private Nuisance Claims Fail Because Plaintiff Lacks a Possessory Interest in Groundwater

Plaintiff fails to state a valid claim in the *Second Cause of Action* for trespass and *Sixth Cause of Action* for private nuisance against Phillips 66 because Plaintiff does not and cannot have a sufficient possessory interest in groundwater to allege these claims based on contamination of that groundwater.  *Orange County Water Dist. v. Sabic Innovative Plastics US, LLC*, 14 Cal. App. 5th 343, 406 (2017) (finding a water district cannot have sufficient possessory interest in groundwater to support causes of action for trespass or private nuisance).  Plaintiff overreaches in its attempt to claim "significant property interest" in the groundwater it extracts and captures in its wells.  Compl. ¶ 23.  Plaintiff's wells do not convert public groundwater into a possessory interest pursuant to the ruling in *Orange County Water Dist.*  Therefore, Plaintiff's trespass and private nuisance causes of action are fatally defective and cannot be cured.

In its Prayer for Relief, Plaintiff requests "the value of the use of Plaintiff's property for the time of the wrongful occupation" and repair costs under California Civil Code section 3334.  Compl. ¶ 57.  This claim is not valid.  Occupancy encompasses the right to possess an interest in real property.  *Waranch v. Golf Insurance Co.*, 218 Cal. App. 3d 356, 360 (1990).  As established, however, Plaintiff lacks a possessory interest in groundwater.  Thus, this request must be dismissed.

### F.    Plaintiff's Public and Private Nuisance Claims are Duplicative of the Negligence Claim and Lack Essential Factual Allegations

Plaintiff's *Fifth Cause of Action* for public nuisance is duplicative of a negligence cause of action because they are based on the same facts.  *See Melton v. Boustred*, 183 Cal. App. 4th 521, 542 (2010); *see also Porter v. Mabus*, 457 Fed. Appx. 619, 620-21 (9th Cir. 2011) (affirming a dismissal of duplicative claims).  Here, while Plaintiff pleads no actual facts as to

Phillips 66, Plaintiff's public nuisance cause of action is based on the same conclusory allegations as its negligence cause of action—namely, Phillips 66 allegedly used, stored, handled, discharged, and/or disposed of PFAS-based AFFF. Compl. ¶¶ 211, 263. Therefore, the public nuisance cause of action is duplicative and must be dismissed. *See Porter*, 457 Fed. Appx. at 620-21.

Likewise, Plaintiff's private nuisance claims fail for the same reason, as additional grounds for dismissal. Compl. ¶ 271. The authorities discussed in the prior section also make clear that Plaintiff lacks sufficient possessory interest in groundwater and therefore cannot maintain private nuisance claims. *See Orange County Water Dist.*, 14 Cal. App. 5th at 406.

Further, Plaintiff fails to allege any facts establishing two elements for both public and private nuisance: (1) an ordinary person would be unreasonably annoyed or disturbed by the alleged use of AFFF and (2) the seriousness of the harm occasioned by the alleged use outweighed its social utility. *See Dep't Fish and Game v. Superior Ct.*, 197 Cal. App. 4th 1323, 1352 (2011). Not a single fact is alleged pertaining to either of these elements. As admitted to in the Amended Complaint and Plaintiff's publicly available records, Plaintiff has detected such a low amount of PFAS in its systems that it only "may" have to notify consumers. See Compl. ¶ 19; *see also* https://web.amwc.us/resources/CCR.pdf at 2 (last accessed on May 2, 2022). Plaintiff even conveys to the public that it "consistently produces water that meets or exceeds all state and federal drinking standards." www.amwc.us/water-supply (last accessed on May 2, 2022). No ordinary person would be unreasonably annoyed or disturbed by drinking water that contains PFAS below even notification levels and "exceeds all state and federal drinking standards." *Id.* Thus, Plaintiff cannot allege facts to state a cause of action for public or private nuisance.

**G.     Plaintiff's Causes of Action for Violation of the Hazardous Substances Account Act and the Hazardous Waste Control Act are Deficient Because PFAS is not Recognized as a Hazardous Substance in Either Act**

To state a valid claim as to the *Seventh Cause of Action* for violation of the Hazardous Substances Account Act (HSAA)[2], Plaintiff must establish the following elements among others: (1) a release or threatened release of a "hazardous substance" from the Santa Margarita Pump Station has occurred and (2) the release or threatened release caused Plaintiff to incur "necessary" response costs that were consistent with the national contingency plan. *Gregory Village Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F.Supp. 2d 888, 897 (N.D. Cal. 2011). To prove causation, Plaintiff must: (1) identify the contaminant at its property; (2) identify the same or a chemically similar contaminant at Phillips 66's property; and (3) provide evidence of a "plausible migration pathway by which the contaminant could have traveled" from Phillips 66's property to Plaintiff's property. *See Schaeffer v. Gregory Village Partners, L.P.*, 105 F.Supp. 3d 951, 969. Awardable costs are only those that were "necessary to prevent, minimize, or mitigate damage" and those that were "necessary" for remedial actions. Cal. Health & Safety Code §§ 25323, 25322(b); *Schaeffer*, 105 F.Supp. 3d at 969.

Similarly, to state a valid claim as to the *Tenth Cause of Action* for violation of Health & Safety Code section 25189.2(c) of the Hazardous Waste Control Act (HWCA), Plaintiff must allege that a person caused the disposal of "hazardous waste" or "extremely hazardous waste." Cal. Health & Safety Code § 25189.2(c). "Hazardous waste" and "extremely hazardous waste" must be specifically identified by the Department of Toxic Substances Control (DTSC). *See* Cal. Health & Safety Code § 25141.

Here, Plaintiff fails to allege facts to state a cause of action under both HSAA and HWCA because neither the Environmental Protection Agency (EPA) or the DTSC have

---

[2] Plaintiff's single passing reference to Phillips 66's actions that may violate the Dickey Water Pollution Control Act, formerly California Water Code section 13054 is, again, not plausible. That section was repealed in 1970. Plaintiff does not allege when Phillips 66 allegedly used, handled, and disposed of PFAS-based AFFF. Accordingly, Water Code section 13054 is not plausibly applicable here.

identified polyfluoroalkyl, perfluoroalkyl, perfluorooctanoic acid (PFOA), or perfluorooctane sulfonic acid (PFOS) as a form of hazardous substance, hazardous waste, or extremely hazardous waste. *See* Cal. Health & Safety Code §§ 25316, 25117, 25141 (defining hazardous substances and wastes as those identified by the EPA or DTSC). Accordingly, Plaintiff cannot and will not be able to state a cause of action under HSAA or HWCA because the substances allegedly released by Phillips 66 are not hazardous.

In addition, Plaintiff does not allege any facts regarding the plausible migration pathway by which the purportedly PFAS-containing AFFF could have traveled to a groundwater supply, resulting in a contamination of Plaintiff's wells, and thereby causing compensable harm. Plaintiff does not indicate where its wells are located in relation to Phillips 66's Santa Margarita Pump Station. Moreover, Plaintiff does not provide an approximate distance the AFFF allegedly traveled. Nor does Plaintiff take into consideration any barriers that would have prevented migration, such as containment berms, concrete pads, and natural barriers. For these reasons, Plaintiff's causes of action under HSAA and HWCA must be dismissed.

### H.    Plaintiff's "Cause of Action" for Violation of Health and Safety Code Section 5411 Must Be Dismissed Because There is No Private Right of Action

Plaintiff cannot state a valid claim as to the *Ninth Cause of Action* for violation of Health and Safety Code section 5411 because it is not recognized. The statutory prohibition against Health and Safety Code violations does not give rise to an independent cause of action. Section 5411 states "[n]o person shall discharge sewage or other waste, or the effluent of treated sewage or other waste, in any manner which will result in contamination, pollution or a nuisance." However, it does not provide for a private right of action.

To the extent Plaintiff contends Phillips 66's alleged violation substantiates a negligence per se cause of action, that claim also fails. Health and Safety Code section 5411 intends to protect a specific class of persons, but Plaintiff fails to allege that it belongs in that class. *See Newhall Land & Farming Co. v. Superior Ct.*, 19 Cal. App. 4th 334, 347-48 (1993). Even if Plaintiff can show it is among the class of persons Section 5411 intends to protect, there are no

facts showing that PFOA and PFOS detected in Plaintiff's wells are traceable to the Phillips 66's alleged discharge of waste. Plaintiff maintains only that AFFF can seep into groundwater. Compl. ¶¶ 114-115. However, specific facts are necessary to show causation, including quantities released, distances between the release site and groundwater supply, and any natural barriers between the release site, groundwater, and Plaintiff's property. Therefore, Plaintiff's cause of action for a violation of Health and Safety Code section 5411 must be dismissed.

**I.      Plaintiff's Claim for Violation of Business and Professions Code Section 17200 Fails for Lacking Supporting Facts**

Plaintiff's *Eleventh Cause of Action* for violation of the Business and Professions Code section 17200 et. seq. is based on Phillips 66's allegedly "unlawful" practices. Compl. ¶¶ 312-313. However, to state a valid claim, Plaintiff must allege "supporting facts *demonstrating* the illegality." *See People v. McKale*, 25 Cal. 3d 626, 635 (1979); *see also Flores v. EMC Mortg. Co.*, 997 F.Supp. 2d 1088, 1119 (E.D. Cal. 2014) (quoting and applying *McKale*). To be sure, Plaintiff must state with "reasonably particularity the facts supporting the statutory elements of the violation." *See Flores*, 997 F.Supp. 2d at 1119 (citation omitted). The court in *Flores* found the complaint failed to satisfy the pleading standard for unlawful business practices claims when the complaint: (1) made overbroad and conclusory references to misconduct; (2) did not allege specific facts connecting the alleged wrongdoing to the defendants; and (3) the complaint lumped the defendants together without alleging facts distinguishing their individual alleged wrongs. *Id.*

In this case, Plaintiff's Section 17200 claim against Phillips 66 fails for lack of supporting facts regarding its purported illegal conduct. Plaintiff makes impermissible wholesale allegations against all defendants, contending that they all engaged in the same generalized wrongful acts in discharging, releasing, or promoting the use and improper disposal of PFAS-based AFFF products. Compl. ¶ 312. Contrary to the requisite pleading specificity, there are no particular facts or allegations as to what each defendant did. Further, Plaintiff does not

14

demonstrate that these acts violated California Water Code sections 13350 or 13387 or California Health and Safety Code sections 5411, 5411.5 and 25249.5.

Without a specific factual showing on the underlying violations as to Phillips 66, Plaintiff cannot plausibly show Phillips 66 engaged in unlawful business acts as required by Business and Professions Code section 17200. Therefore, Plaintiff fails to allege sufficient facts to state a cause of action under this section.

**J.**    **Plaintiff's Cause of Action for Injunctive Relief Is Untenable Because the Necessary Conditions of Water Code Section 13304 are Not Satisfied**

For Plaintiff's *Thirteenth Cause of Action*, an injunction can be obtained under California Water Code section 13304(a) only when: (1) a person discharged waste into California waters in violation of any waste discharge requirement or other order or prohibition issued by a regional or state board; (2) the regional board orders the person to clean up the waste or abate the harmful effects of the waste; (3) the person fails to abide by the clean up or abatement order; *and* (4) the Attorney General seeks an injunction at the request of the regional board.

As against Phillips 66, Plaintiff fails to allege sufficient facts to state a cause of action for injunctive relief under California Water Code section 13304(a) for three reasons. *First*, the Amended Complaint is devoid of facts stating the regional board ordered Phillips 66 to clean up its alleged waste or abate the harmful effects of the waste. By Plaintiff's own admission, there was no such order related to Plaintiff's water supply. Compl. ¶¶ 19, 205; *see also* https://web.amwc.us/resources/CCR.pdf at 2 (last accessed on May 2, 2022). *Second*, Plaintiff fails to allege facts showing that Phillips 66 disregarded a clean-up or abatement order. Again, no such order existed. *Third*, the Attorney General has not sought an injunction against Phillips 66 at the request of the regional board in this action. Nor could Plaintiff make these allegations because it has no such basis in fact. Accordingly, the elements for Plaintiff's cause of action for injunctive relief under California Water Code section 13304 are not satisfied, and it must be dismissed.

**K.    The Waste Claim Fails Because Plaintiff and Phillips 66 Do Not Have the Requisite Relationships**

To state a valid claim as to Plaintiff's *Fourteenth Cause of Action* for treble damages for waste, Plaintiff must prove three elements under California Code of Civil Procedure section 732: (1) the Phillips 66 was the guardian, conservator, tenant for life of years, joint tenant, or tenant in common of real property; (2) Phillips 66 committed waste on its property; and (3) Plaintiff sustained an injury from and on that same property.  *See* Code Civ. Proc. § 732; *see also Schellinger Brothers v. Cotter*, 2 Cal. App. 5th 984, 1001 (2016).  The cornerstone of a waste claim is that a tenant causes an injury to the lessor's reversion interest or the inheritance of specific property.  *Avalon Pacific-Santa Ana, L.P. v. HD Supply Repair & Remodel, LLC*, 192 Cal. App. 4th 1183, 1214 (2011).

Here, Plaintiff fails to allege facts sufficient to state a cause of action for waste based on California Code of Civil Procedure section 732 for three reasons.  *First*, Plaintiff alleges no facts showing Phillips 66 was the guardian, conservator, tenant for life of years, joint tenant, or tenant in common of the property where Plaintiff was harmed.  *Second*, Plaintiff fails to allege facts showing it was the lessor of Phillips 66's land.  *Third*, Plaintiff admits the purported waste was not discarded on the same land where Plaintiff was allegedly harmed.  Compl. ¶ 330.  Plaintiff's conclusory statements regarding Phillips 66's conduct, without the mandatory showing of facts, are not sufficient to state a cause of action for waste under Section 732.  Rather, this baseless claim displays with sharp clarity that Plaintiff and Phillips 66 lack the requisite relationships between each other and with Phillips 66's land.

**L.    Derivative Causes of Action for Declaratory Relief and Equitable Indemnity are Not Valid Because Underlying Causes of Action are Not Valid**

As for the *Twelfth Cause of Action* for declaratory relief, Plaintiff seeks an order declaring that "Defendants are financially responsible for abating actual or threatened pollution or PFAS contamination in Atascadero, including within Plaintiff's contaminated wells" because

Phillips 66 allegedly created threats to human health and the environment.  Compl. ¶¶ 57, 318.
This request for relief is entirely derived from underlying causes of action against Phillips 66.

In the *Fifteenth Cause of Action* for equitable indemnity, Plaintiff alleges it incurred
"substantial expenses in investigating and treating contamination to its water wells" and is
therefore entitled to recover those costs from Phillips 66.  Compl. ¶ 334.  Similarly, this claim is
derivative of the underlying causes of action that are bereft of specific factual allegations.  *See
Fremont Reorganizing Corp. v. Faigin*, 198 Cal. App. 4th 1153, 1177 (2011); *see also Weseloh
Family Ltd. Partnership v. K.L. Wessel Construction Co., Inc.*, 125 Cal. App. 4th 152, 174
(2004).

When Plaintiff does not state valid claims in the underlying causes of action, the
deficiencies necessarily transfer to Plaintiff's derivative claims for declaratory relief and
equitable indemnity.  Therefore, like the claims they are dependent upon, the derivative causes of
action must also be dismissed.  *See Gault v. Thacher*, 367 F.Supp. 3d 469, 485 (D.S.C. 2018)
(refraining from dismissing derivative claims solely because underlying causes of action survive
the motion to dismiss).

Moreover, as for Plaintiff's request for declaratory relief, Plaintiff fails to allege how it
has standing to abate all pollution and PFAS contamination in the city of Atascadero, and how
the overbroad request regarding abatement of all non-PFAS pollution—both actual and
threatened—is factually related to Plaintiff's AFFF claims against Phillips 66.  The request
makes no sense.

**M.    Plaintiff's Claim for Other Equitable Relief is Not Valid Because Plaintiff
Does Not and Cannot Plead It Lacks Adequate Remedy at Law**

Plaintiff asserts a claim for other "equitable relief, available under law."  Compl. ¶ 20.
To the extent Plaintiff seeks equitable remedies as to Phillips 66, the claim must be dismissed on
the ground that Plaintiff does not and cannot plead that it lacks an adequate remedy at law.  *See
Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 843–44 (9th Cir. 2020).  In *Sonner*, the Ninth
Circuit explained that while a state may authorize its courts to give equitable relief without the

restriction that an adequate remedy at law be unavailable, the state law "cannot remove th[at] fetter[] from the federal courts." *Id.* Therefore, the traditional principle governing equitable remedies in federal courts, including the inadequacy of legal remedies, applies to the instant case. Because Plaintiff fails to allege that it lacks an adequate remedy at law, as required to state a claim for equitable relief, the claim must be dismissed.

Moreover, Plaintiff has alleged causes of action that, if valid, would provide adequate legal remedies, which is apparent on the face of the Amended Complaint. Thus, further amendment would be futile. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) (where a plaintiff fails to survive Rule 12(b)(6) scrutiny and "it is clear that the complaint could not be saved by amendment," "[d]ismissal without leave to amend is proper."); *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990) (an "amended complaint may only allege other facts consistent with the challenged pleading").

## IV.   **CONCLUSION**

Plaintiff's Amended Complaint against Phillips 66 must be dismissed in its entirety for lack of sufficient evidentiary support. Because each cause of action fails to state a valid claim, Phillips 66 respectfully requests that this Court issue an order granting its Motion to Dismiss the Entire Action and any other relief the Court deems proper.

Dated: May 2, 2022                                    Respectfully submitted,


                                                      */s/ Peter A. Strotz*
                                                      Peter A. Strotz
                                                      KING & SPALDING LLP
                                                      633 West Fifth Street, Suite 1600
                                                      Los Angeles, CA 90071
                                                      Telephone: 213.443.4355
                                                      Email: pstrotz@kslaw.com

                                                      *Attorneys for Defendant*
                                                      *Phillips 66 Pipeline LLC*

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 2, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all known counsel of record.

*/s/ Peter A. Strotz*
Peter A. Strotz
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: 213.443.4355
Email: pstrotz@kslaw.com

*Attorneys for Defendant*
*Phillips 66 Pipeline LLC*
