**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                                              MDL No. 2873

**TRANSFER ORDER**

    **Before the Panel**:*  Defendants The 3M Company, E.I. du Pont de Nemours and
Company, The Chemours Company, Corteva, Inc., and DuPont de Nemours, Inc., move under 28
U.S.C. § 1407(c) to transfer the *Orange County Water District* action listed on Schedule A to the
District of South Carolina for inclusion in MDL No. 2873.  No party opposes the motion.

    This litigation involves allegations that aqueous film-forming foams (AFFFs), which are
used to extinguish liquid fuel fires, contaminated the groundwater near locations where they were
used with perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA), which
allegedly were contained in the AFFFs and are toxic.  *See In re Aqueous Film-Forming Foams
Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018).  Because an MDL that
incorporated all actions involving PFOA or PFOS would raise management concerns due to its
breadth, we have, since the outset of this litigation, limited the MDL to actions that involve claims
relating specifically to AFFFs.  *See id.* at 1396.  For this reason, parties seeking to transfer an
action that does not, on its face, raise AFFF claims bear a significant burden to persuade us that
transfer is appropriate.  *See* Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Dec. 18, 2019),
ECF No. 541.

    The complaint in *Orange County Water District* does not, on its face, involve AFFF claims,
but is more generally directed to contamination by PFOA, PFOS, and other per- or polyfluoroalkyl
substances (which collectively are referred to as PFAS).  In support of their motion to transfer,
defendants argue that, in fact, plaintiffs intend their claims to encompass groundwater
contamination stemming from the use of AFFF products.  In various filings in the transferor court,
plaintiffs have explicitly stated that their complaint encompasses "PFOA and PFOS contamination
resulting from the use of . . . MilSpec AFFF."  *See* Mem. in Support of Remand at 8, *Orange
County Water Dist. v. 3M Co.*, C.A. No. 8:21-01029 (C.D. Cal. filed July 1, 2021), ECF No. 39.
No party opposes transfer—plaintiffs merely reserve their right to renew their challenge to removal
in the transferee court.  In these circumstances, defendants have met their burden of showing that
this action raises factual questions pertaining to AFFFs and that transfer is appropriate.

_____

* Judge David C. Norton did not participate in the decision of this matter.

- 2 -

Accordingly, after considering the argument of counsel, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2873, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order centralizing this litigation, we held that the District of South Carolina was an appropriate Section 1407 forum for actions in which plaintiffs allege that AFFF products used at airports, military bases, or certain industrial locations caused the release of PFOA and PFOS into local groundwater and contaminated drinking water supplies.  The actions in the MDL share factual questions concerning the use and storage of AFFFs; the toxicity of PFAS and the effects of these substances on human health; and these substances' chemical properties and propensity to migrate in groundwater supplies.  *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d at 1394.  *Orange County Water District* will involve similar factual questions relating to the alleged groundwater contamination at various locations in Orange County, California.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

**IN RE: AQUEOUS FILM-FORMING FOAMS**
**PRODUCTS LIABILITY LITIGATION**                              MDL No. 2873

## SCHEDULE A

<u>Central District of California</u>

ORANGE COUNTY WATER DISTRICT, ET AL. v. 3M COMPANY, ET AL.,
C.A. No. 8:21−01029