**DUFFY & YOUNG** LLC
96 BROAD STREET, CHARLESTON SC 29401
telephone 843-720-2044  facsimile 843-720-2047
ATTORNEYS AT LAW

June 13, 2022

*Via CM/ECF and E-Mail (gergel_ecf@scd.uscourts.gov; Cary_Kotcher@scd.uscourts.gov)*

The Honorable Richard M. Gergel
U.S. District Court for the District of South Carolina
J. Waties Waring Judicial Center
83 Meeting Street
Charleston, South Carolina 29401

Re:   <u>In re Aqueous Film-Forming Foams Product Liability Litigation</u> (MDL No. 2873)[1]

Dear Judge Gergel:

      3M Company ("3M") writes to request the Court to compel the Plaintiffs' Executive Committee ("PEC") to produce the deposition transcripts of the plaintiff's experts in *Middlesex Water Company v. 3M Company* (D.N.J. No. 2:18-cv-15366), who are also plaintiffs' experts in the MDL bellwether cases.[2] As explained in the June 3, 2022 Joint Status Report, 3M and the PEC were unable to come to an agreement regarding the use in the bellwether cases of the deposition transcripts of 13 experts for both parties who offered similar opinions and recently testified on similar, if not identical, subject matters in the *Middlesex* action.

      At the outset, 3M notes that it does not seek to admit the *Middlesex* deposition testimony into evidence, but rather intends to use those deposition transcripts only for the narrow, relevant purposes of impeachment of the bellwether plaintiffs' experts and potentially in support of *Daubert* motions to exclude those experts' testimony. Production of those deposition transcripts is justified as a matter of fairness and efficiency and is proper under Federal Rule of Evidence 32. To start, the plaintiff's experts in *Middlesex* significantly overlap with the plaintiffs' experts in the MDL bellwethers—the same individuals opined on the same subject matter in *Middlesex* as in the bellwethers. Production would not be burdensome to the PEC because the plaintiff's counsel in *Middlesex*, Michael London, is Co-Lead Counsel for Plaintiffs in this MDL and unquestionably has access to and knowledge of the transcripts. And production of the transcripts otherwise imposes no burden at all to the extent that 3M can simply provide these transcripts to other counsel

---

[1] This document relates to *City of Sioux Falls v. 3M Company, et al.*, No. 2:19-cv-1806-RMG; *City of Stuart, Florida v. 3M Company, et al.*, No. 2:18-cv-03487-RMG; and *Town of Ayer v. 3M Company, et al.*, No. 2:19-cv-03120-RMG.

[2] The relevant plaintiffs' experts are Linda Birnbaum, Christopher Higgins, Robert Johnson, David MacIntosh, Jonathan Martin, Stephen Petty, and Michael Siegel.

May 4, 2022
Page 2

for Defendants pursuant to Court order. Nor would production result in undue prejudice because the experts either have disclosed, or would disclose upon questioning, that they are witnesses in the *Middlesex* action. Additionally, production of the deposition transcripts would allow the parties to save time in the depositions in the bellwether cases. Finally, the *Middlesex* deposition transcripts may be designated at the highest level of confidentiality under the MDL Protective Order to alleviate any concerns about the use of the transcripts.[3] For these reasons, production of those deposition transcripts is fair to the parties and would not unduly prejudice any plaintiffs.

**Factual Background**

In the *Middlesex* action, the Middlesex Water Company ("MWC"), a public water supplier much like the MDL bellwether plaintiffs, sued 3M (and other John Doe defendants) alleging that the groundwater in its wells was contaminated with PFAS that 3M manufactured. MWC submitted reports by several experts who are also experts in the bellwether MDL cases, including Linda Birnbaum, Christopher Higgins, Robert Johnson, David MacIntosh, Jonathan Martin, Stephen Petty, and Michael Siegel.

The subject matter of these experts' opinions in *Middlesex* significantly overlaps with their opinions in the bellwethers. In both *Middlesex* and the bellwether cases, among other things: (1) Birnbaum opines regarding the alleged health effects of PFAS exposure and 3M's regulatory disclosures; (2) Higgins opines on the fate and transport of PFOA and PFOS, the effect of those chemicals on human and ecological health, 3M's knowledge of alleged harmful characteristics of PFOA and PFOS, and whether 3M manufactured PFOA and PFOS detected in the water supplies; (3) Johnson opines on 3M's financial condition; (4) MacIntosh opines on the purported health effects of PFAS exposure and the precautionary principle as a standard of care; (5) Martin opines about 3M's alleged historical knowledge of the characteristics of certain PFAS chemicals, whether certain chemicals present in water samples were manufactured by 3M, and on a method to determine who manufactured detected fluorochemicals; (6) Petty opines on 3M's alleged conduct and knowledge of the characteristics of PFAS chemicals; and (7) Siegel opines on 3M's knowledge about the potential health risks of PFOA and PFOS and the precautionary principle as a standard of care. The fact that the experts offer similar or identical opinions is not surprising given that the parties had previously recognized the overlap of discovery in the cases such that 3M's MDL document production and MDL fact witness depositions have all been made available for use in the *Middlesex* litigation by a stipulation entered in that litigation.

3M and the PEC have met-and-conferred on this issue and have not been able to reach an agreement on the use of the *Middlesex* deposition transcripts in the MDL bellwether cases.

---

[3] Indeed, if Mr. London had any particular concerns about the confidentiality of information specific to the Middlesex Water Company (the plaintiff in the *Middlesex* action), 3M noted that he could identify passages that the parties might agree could be redacted to further obviate any unique concerns. And to be clear, 3M would likewise make available (or agree that Mr. London could make available) the transcripts of its experts taken in the *Middlesex* action who also appear as experts in the MDL, subject to the same confidentiality designation as plaintiff experts.

May 4, 2022
Page 3

**Argument**

The Court should compel production of the *Middlesex* deposition transcripts of MWC's experts who are also plaintiffs' experts in the bellwether MDL cases. 3M and other defense counsel should be entitled to use those depositions in the bellwether cases to impeach the experts' testimony and to support motions to exclude the experts' testimony, and production will allow the parties to make more efficient use of the time allotted for deposition of those witnesses in the bellwether cases.

*First*, Federal Rule of Civil Procedure 32(a)(2) states that a party "may use a deposition to contradict or impeach the testimony given by the deponent as a witness." Under this Rule, 3M plainly may use the experts' *Middlesex* deposition testimony to impeach their testimony in the bellwether cases. This rule is particularly applicable here given the recent opinions offered by these overlapping experts in both the *Middlesex* and the MDL bellwethers on similar, if not identical, topics.

*Second*, the deposition transcripts may be used in 3M's *Daubert* motions in the bellwether cases. Rule 32(a)(8) states that a previously taken deposition may be used in a later action "involving the same subject matter between the same parties, or their representative or successors in interest, to the same extent as if taken in the later action." Fed. R. Civ. P. 32(a)(8). The requirements that the depositions concern the same subject matter and parties "have been construed liberally in light of the twin goals of fairness and efficiency." *Cloud v. Fla. Dep't of Corr.*, 2020 WL 12182757, at *2 (N.D. Fla. May 14, 2020). The "same subject matter" requirement means a "substantial identity of issues." *Id*. The expert depositions in *Middlesex* concern the same subject matter as the expert's reports in the bellwether cases. Many of the key underlying issues in the bellwether cases, such as the toxicity of PFAS chemicals in humans, 3M's historical knowledge about the characteristics of PFAS, and whether 3M manufactured PFAS detected in water supplies, are the subject of the experts' depositions in *Middlesex*. The experts' opinions and their methodologies are nearly identical in the two actions and the plaintiffs' injuries in the two actions are similar. The "same parties" requirement is satisfied if "an adversary was present with the same motive" to develop the deponent's testimony at the earlier deposition. *Id*. (cleaned up); *see also Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 2017 WL 1436080, at *2 (N.D. Cal. Apr. 24, 2017). 3M is a party in both cases with the same motives to defend itself against the substantially similar claims in the *Middlesex* and bellwether cases. Although MWC is not a party in the bellwether cases, Plaintiffs' Co-Lead Counsel, Michael London, is counsel for MWC and MWC's counsel had "the same motive" to conduct any examination of the experts in defense of their positions as the bellwether plaintiffs have. *Oracle*, 2017 WL 1436080, at *2. In other words, MWC's counsel's "motives to develop the testimony" of the deponent was "of substantially similar intensity to prove (or disprove) the same side of a substantially similar issue." *Cloud*, 2020 WL 12182757, at *2.

3M acknowledges that this motion is necessary because the *Middlesex* deposition transcripts are covered by a protective order entered in that case; otherwise, 3M would simply use

May 4, 2022
Page 4

the transcripts, which are already in its possession because it is the defendant in *Middlesex*, for the narrow purposes set forth above. But production of those transcripts here will not breach any confidentiality concerns or otherwise interfere with any interests the *Middlesex* court sought to protect because the transcripts can be designated as highly confidential under the MDL Protective Order. Thus, production of the *Middlesex* deposition transcripts serves the "twin goals of fairness and efficiency." *Cloud*, 2020 WL 12182757, at *2.

* * *

Because this matter is time sensitive, 3M respectfully requests that the Court order the PEC to respond to this motion within 3 days so that the issue can be promptly resolved. And, for the reasons set forth above, 3M respectfully requests that the Court order that the PEC produce the deposition transcripts of the experts in the *Middlesex* action who are also plaintiffs' experts in the bellwether cases and that the Court order that the transcripts be designated "highly confidential" under the Protective Order.

Respectfully submitted,

/s/ *Brian C. Duffy*
Brian C. Duffy (Fed. Bar. No. 9491)
Duffy & Young, LLC
96 Broad Street
Charleston, S.C. 29401
(843) 720-2044 Telephone
(843) 720-2047 Fax
Bduffy@duffyandyoung.com

Michael A. Olsen
Richard F. Bulger
Daniel L. Ring
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
P: (312) 701-7120
F: (312) 706-8742
molsen@mayerbrown.com
rbulger@mayerbrown.com
dring@mayerbrown.com

*Counsel for 3M Company*