## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-02873-RMG<br><br>This document relates to:<br>Gibson, et al. v. 3M Company, et al.<br><br>2:22-cv-1303-RMG |

## GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES OF NORTHEAST RESCUE SYSTEMS, INC.

Defendant, Northeast Rescue Systems, Inc. ("Defendant"), by and through its undersigned counsel, and pursuant to the Case Management Order No. 20, hereby responds to any Complaint(s) and any Amendment(s) to Complaint(s) filed by plaintiffs, Kenneth and Amanda Gibson (individually "Plaintiff," collectively "Plaintiffs"), in the above-referenced action, and to any other Complaint filed by any other Plaintiff against Defendant that becomes subject to the administration of this multi-district litigation as follows:

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant generally and specifically denies each and every allegation set forth in the Plaintiffs' Complaint, and the whole thereof, and each and every cause of action therein. Defendant also demands strict proof of the same by a preponderance of the evidence and/or by clear and convincing evidence, as required by law. Defendant further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted; denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all; and denies that Plaintiffs are entitled to relief of any type, by reason of any act, breach, or omission on the part of Defendant, or anyone acting on its behalf. Defendant reserves the rights to assert cross-claims and/or third-party claims, and does not waive its ability to separately and

fully answer or otherwise respond to each Complaint in accordance with any scheduling order to be entered by the Court.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses without assuming any burden of proof of such defenses that would otherwise rest on the Plaintiffs. Notwithstanding the specific defenses set forth below, Defendant reserves unto itself all of those defenses set forth in Rule 8(c) and 12(b) of the Federal Rule of Civil Procedure and such other defenses, affirmative or otherwise, as may prove through discovery to be applicable. Defendant reserves the right to amend this document if investigation, discovery and further information warrant such amendment, and further, to assert any applicable matters of law during the pendency of this action.

1.     Plaintiffs' claims are barred, in whole or in part, because the facts alleged in the Complaint fail to state a claim for which relief may be granted.

2.     Plaintiffs' claims are barred for lack of personal jurisdiction.

3.     Plaintiffs' claims are barred for lack of subject matter jurisdiction.

4.     Plaintiffs' claims are barred because venue is improper pursuant to 28 U.S.C. § 1391.

5.     Plaintiffs' claims are barred for lack of standing.

6.     Plaintiffs' claims are barred for insufficient process and service of process, including untimely service of process.

7.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

8.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of repose.

9.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

10.    Plaintiffs' claims are barred, in whole or in part, by estoppel and/or waiver.

11.    Plaintiffs' claims are barred, in whole or in part, because they are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers, and claims brough as *parens patriae*.

12.    Plaintiffs' claims are barred, in whole or in part, because they are not ripe and/or have been mooted.

13.    Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to exhaust administrative remedies.

14.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

15.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

16.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

17.    Plaintiffs' claims are barred, in whole or in part, by the doctrine prohibiting claim splitting, to the extent Plaintiffs have split their claims.

18.    Plaintiffs' claims are barred, in whole or in part, because any products sold by Defendant are, and have always been, consistent with available technological, medical, scientific, and industrial state-of-the-art standards, and have complied with all applicable requirements and regulations.

19.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction.

20.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of federal preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by

Congress, federal agencies, or the executive branch, including, without limitation, to the

extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation

action under CERCLA, 42 U.S.C. § 9613(h).

21.    Plaintiffs' claims are barred, in whole or in part, under bulk supplier, component part

supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or

knowledgeable-user doctrines or other similar or related doctrines available under

applicable law.

22.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of election of remedies.

23.    Plaintiffs' claims are barred, in whole or in part, for their failure to mitigate their damages.

24.    Plaintiffs' claims are barred, in whole or in part, because they failed or refused to exercise

reasonable care and diligence to avoid loss and minimize damages and, therefore, may not

recover for losses that could have been prevented by reasonable efforts on their part, or by

expenditures which might reasonably have been made.  Recovery, if any, should therefore

be reduced by Plaintiffs' failure to mitigate damages, if any.

25.    Plaintiffs' claims are barred, in whole or in part, by applicable common law or statutory

doctrines, including but not limited to avoidable consequences, voluntary exposure,

assumption of risk, and open and obvious risk.

26.    Plaintiffs' claims are barred, in whole or in part, because they failed to join a party or

parties necessary for the just adjudication of this matter.

27.    Defendant denies the applicability of the doctrine of strict liability in tort to this litigation.

28.    Defendant asserts that it did not commit any negligence, gross negligence, willful, wanton,

or malicious misconduct, reckless indifference or reckless disregard of the rights of the

Plaintiffs, or malice (actual, legal, or otherwise) as to the Plaintiffs herein.

4

29.    Plaintiffs' claims are barred, in whole or in part, because Defendant did not fail to take reasonable precautions and did not fail to exercise reasonable care.

30.    Plaintiffs' claims are barred, in whole or in part, because any injuries or damages allegedly suffered by the Plaintiffs resulted from or were cause by Plaintiffs' contributory negligence.

31.    Plaintiffs' claims are barred, in whole or in part, because the injuries and damages that Plaintiffs allegedly suffered were caused by or contributed to by Plaintiffs' negligence, which was equal to or greater than any alleged negligence of the Defendant or any alleged total negligence of the Defendants.

32.    Plaintiffs' claims are barred, in whole or in part, because Defendant did not owe any duty of care to Plaintiffs.

33.    Plaintiffs' claims are barred, in whole or in part, because Defendant performed each and every duty, if any, owed to the Plaintiffs and was not negligent.

34.    Plaintiffs' claims are barred, in whole or in part, because any of Defendant's conduct allegedly exposing Defendant to liability was not a substantial or causative factor of the Plaintiffs' resulting injuries or damages.

35.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to recover in the amounts prayed for in the Complaint since Plaintiffs' negligence has diminished whatever right, if any, the Plaintiffs might ever have had to such recovery.

36.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs willingly, knowingly, and voluntarily assumed the risk of the injuries and damages allegedly suffered.

37.    Plaintiffs' claims are barred, in whole or in part, because the injuries and damages that Plaintiffs allegedly suffered were caused by the intervening and/or superseding negligence or other acts or omissions of third persons or entities.

38.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' employers were negligent with respect to the matters set forth in the Complaint, and that such negligence caused in whole or in part whatever disease, injury, or disability, if any, which Plaintiffs may have sustained, as set forth in the Complaint.

39.    Plaintiffs' claims are barred, in whole or in part, if Plaintiff was a user of tobacco products because such use contributed to any disease from which Plaintiff suffered and the tobacco industry placed warnings on its products notifying the public of potential hazards associated with its use, which hazards the Plaintiff knew or should have known may have adversely affected his health.

40.    Plaintiffs' claims are barred, in whole or in part, because the alleged injury or damage sustained as a result of Plaintiff's occupation was an occupational disease and accordingly Defendant is not liable or responsible for any occupational disease which was suffered or sustained by Plaintiff in the course of his employment over a number of years.

41.    Plaintiffs' claims are barred, in whole or in part, because the injuries and damages that Plaintiffs allegedly suffered resulted from or were caused by Plaintiff's misuse of products.

42.    Plaintiffs' claims are barred, in whole or in part, because the injuries of which the Plaintiffs complain were caused by the acts and/or omissions of persons or entities for which the Defendant is not responsible.

43.    Plaintiffs' claims are barred, in whole or in part, because the assertion it supplied any product, either directly or indirectly, to the Plaintiffs' employer, which is vigorously

6

denied, the product was supplied in accordance with specifications established and promulgated by that employer, agencies, or departments of the United States of America, other persons and/or entities.

44.    Plaintiffs' claims are barred, in whole or in part, because any of Plaintiff's exposure to any product sold, installed, or distributed by the Defendant, which exposure the Defendant vigorously denies, was so minimal as to be insufficient to establish a reasonable degree of probability that the product or products cause Plaintiffs' claimed injuries or illnesses.

45.    Plaintiffs' claims are barred, in whole or in part, because at all time and places mentioned in the Complaint the Plaintiffs and/or other persons without the Defendant's knowledge and approval redesigned, modified, altered, and used the Defendant's products contrary to instructions and contrary to the custom and practice of the industry.  This redesign, modification, alteration, and use so substantially changed the product's character that if there was a defect in the product, which the Defendant specifically denies, such defect resulted solely from redesign, modification, alteration, or other such treatment or change and not from any act or omission by the Defendant.  Therefore, said defect, if any, was created by the Plaintiffs and/or other persons, as the case may be, and was the direct and proximate cause of the injuries and damages, if any, that the Plaintiffs allegedly suffered.

46.    Plaintiffs' claims are barred, in whole or in part, because at all times and places mentioned in the Complaint, Plaintiffs and/or other persons used Defendant's products, if indeed any were used, in an unreasonable manner not reasonably foreseeable to Defendant, and for a purpose for which the products were not intended, manufactured, or designed; Plaintiffs' injuries and damages, if any, were directly and proximately caused by said misuse and

7

abuse, and Plaintiffs' recovery herein, if any, is barred or must be diminished in proportion to the fault attributable to the Plaintiffs and/or such other parties and persons.

47.    Defendant states that the assertion it supplied any products, either directly or indirectly, to the Plaintiff's employer, which is denied, the product was supplied in accordance with specifications established and promulgated by the employer, agencies or departments of the United States of America, other persons, and/or entities.

48.    Plaintiffs' claims are barred, in whole or in part, because Defendant has not designed, tested, or manufactured aqueous film forming foam ("AFFF"), has nor designed, tested, or manufactured per- or polyfluoroalkyl substances ("PFAS") to which Plaintiffs were allegedly exposed, and used proper methods in designing, testing, and manufacturing its products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

49.    Plaintiffs' claims are barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

50.    Plaintiffs' claims are barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified or were aware of and acquiesced in actions by Defendant that are the subject of Plaintiffs' claims. Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

51.  Plaintiffs' claims are barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

52.  Plaintiffs' warranty claims, if any, are barred, in whole or in part, because Plaintiffs did not provide Defendant reasonable notice of any alleged breach.

53.  Plaintiffs' warranty claims, if any, are barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

54.  Defendant states that at all relevant times hereto, the state of medical and scientific knowledge and the state of the art or the design and manufacture of AFFF and PFAS containing products was such that the Defendant neither knew nor should have know that its products presented a significant risk of harm to the Plaintiffs.

55.  Plaintiffs' claims are barred, in whole or in part, because Defendant provided all necessary, required, or adequate warnings and instructions.

56.  Plaintiffs' claims are barred, in whole or in part, because the injuries and/or losses alleged to have been sustained were not caused by any product produced, sold, or used by the Defendant.

57.  Plaintiffs' claims are barred, in whole or in part, because the injuries and/or losses alleged to have been sustained were not caused by Defendant's conduct.

58.  Defendant denies that it or its agents or servants made any implied warranties as alleged.

59.  Defendant states that if any of its agents or servants made any warranties (allegations which Defendant specifically denies) then the agents or servants did so without authority, express or implied.

60.    Defendant states that if any of its agents or servants made any warranties (allegations which

Defendant specifically denies) then Plaintiffs did not rely on the warranties and further

there was no such reliance by any person or entity authorized to represent Plaintiffs.

61.    Defendant states that if it or its agents or servants made any warranties express or implied

(allegations which Defendant specifically denies) then the Defendant denies that it

breached any of the warranties.

62.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to give

proper and prompt notice of any alleged breach or warranty to the Defendant and

accordingly, any claims based on breach of warranty are barred according to the provisions

of the UCC and/or applicable statutes.

63.    Defendant states that Plaintiffs' failure to give the required statutory notice of the alleged

breached of warranties to Defendant resulted in delay and prejudice to Defendant in this

case and therefore Plaintiffs cannot recover.

64.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not, and never were,

in privity of contract with Defendant.

65.    Defendant states that no sale of goods occurred within the meaning of Article 2 of the UCC.

66.    Defendant states that since Plaintiffs are unable to identify the supplier of the AFFF and/or

PFAS products which allegedly caused their injury, they fail to state a cause of action upon

which relief can be granted, since, if such relief was granted, it would contravene the

Defendant's constitutional rights to substantive and procedural due process of law as

preserved by the 14th Amendment to the United States Constitution and by the applicable

provisions of the Constitution of the Commonwealth of Massachusetts and would

contravene Defendant's constitutional rights to protection against the taking of property

for public use without just compensation as preserved by the aforesaid constitutional provisions.

67.   Plaintiffs' claim for punitive damages cannot be sustained because the standard for determining liability for punitive damages under Massachusetts law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such claim.  Therefore, any award of punitive damages would violate Defendant's due process rights under the United States Constitution and the Constitution of the Commonwealth of Massachusetts.

68.   Plaintiffs' claim for punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive damage award under Massachusetts law, and because Massachusetts law does not state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages.  Therefore, any award of punitive damages would violate Defendant's due process rights under the United States Constitution and the Constitution of the Commonwealth of Massachusetts.

69.   Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Massachusetts law without any proof of every element beyond a reasonable doubt would violate the Defendant's rights under Amendments IV, V, and XIV to the United States Constitution and under related provisions of the Constitution of the Commonwealth of Massachusetts.

70.   Plaintiffs' claims for punitive damages cannot be sustained because an award under Massachusetts law without proof of every element by clear and convincing evidence would violate Defendant's rights under the due process clauses of the United States Constitution and the Constitution of the Commonwealth of Massachusetts.

71.    Plaintiffs' claims for punitive damages cannot be sustained because any judgment for punitive damages in this case cannot protect Defendant against multiple punishments for the same alleged wrong in future cases.  Therefore, any award of punitive damages would violate Defendant's due process rights under the United States Constitution and the Constitution of the Commonwealth of Massachusetts.

72.    Defendant did not sell any of its products to Plaintiffs.

73.    In the event that Plaintiffs recover a verdict or judgment against the Defendant, then said verdict or judgment must be reduced and set off by those amounts that have been, or will, with reasonable certainty, replace or indemnify Plaintiffs in whole or in part, for any past or future claims, economic loss, from any collateral source, including, but not limited to, insurance, social security, worker's compensation, or employee benefit programs.

74.    Plaintiffs' claims are barred, in whole or in part, because Defendant was not in control of the premises of where the alleged exposure and/or injury occurred at the time of the alleged exposure and/or injury.

75.    Plaintiffs' claims are barred, in whole or in part, because Defendant did not know and should not reasonably have known of the alleged risks of AFFF and/or PFAS exposure during the relevant time period.

76.    Defendant asserts that if it is determined that Plaintiff used any AFFF and/or PFAS containing products, which products or components of these products were sold by or on behalf of the United States of America, then Defendant is entitled to sovereign or governmental immunity available to the United States of America.

77.    Defendant denies the applicability of the doctrine of strict liability in this litigation.

78.    Plaintiffs' claims are barred, in whole or in part, because the utility of the products sold, manufactured, installed, or distributed by Defendant outweighed the alleged damage.

79.    Plaintiffs' claims of fraud are barred, in whole or in part, as they have not been pled with particularity.

80.    Plaintiffs' claims are barred, in whole or in part, because, to the extent Defendant owed any cognizable duty to warn, Defendant adequately discharged any such duty.

81.    Plaintiffs' claims are barred, in whole or in part, because they are speculative and conjectural.

82.    Defendant denies any negligence, culpable conduct, or liability on it spart, but if Defendant ultimately is found liable for any portion of Plaintiffs' alleged damages, Defendant shall only be liable for its equitable share of Plaintiffs' alleged damages.

83.    Defendant cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct, and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of Defendant.

84.    Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any products manufactures by Defendant.

85.    Plaintiffs' claims are barred, in whole or in part, to the extent that they cannot establish that AFFF and/or PFAS has been reliably established, through scientific means, to be capable of causing their alleged injuries.

86.    Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek to retroactively impose liability for conduct that was not actionable at the time it occurred, and Defendant may not be held liable under retroactive theories not requiring proof of faulty or causation.

87.    Defendant is entitled to all the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

88.    Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which Defendant cannot be held responsible.

89.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims may be governed by arbitration clauses and may be subject to arbitration.

90.    Defendant hereby incorporates by reference and adopts all other defenses raised by any other defendants as may be applicable.

91.    Defendant asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its right to a proportionate reduction of any damages found against Defendant based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

92.    Defendant reserves the right to seek contribution and/or indemnity from co-defendants and other parties not joined in this action.

93.    All of the preceding defenses are pled in the alternative, and none constitute an admission that Northeast Rescue Systems, Inc. is liable to Plaintiffs, that Plaintiffs have been injured or damaged in any way or that Plaintiffs are entitled to any relief.

Defendant does not admit or acknowledge that it bears the burden of proof and/or burden or persuasion with respect to any of the above defenses. All the preceding defenses are pled in the alternative, and none constitute an admission that Defendant is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief

14

whatsoever. Defendant reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendants in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

Dated:  June 22, 2022

Respectfully submitted,

NORTHEAST RESCUE SYSTEMS, INC.
By its attorney,

_____
Michael P. Giunta (BBO# 543768)
**FREEMAN MATHIS & GARY, LLP**
60 State Street, Suite 600
Boston, MA 02109
(617) 963-5974
*mgiunta@fmglaw.com*

15

## CERTIFICATE OF SERVICE

I, Michael P. Giunta, Esq., hereby certify that on this 22nd day of June 2022, I served the foregoing document via the ECF system on all registered participants as identified on the Notice of Electronic Filing (NEF) and via first-class mail to those parties indicated as non-registered participants on this date.

_____
Michael P. Giunta