IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG<br><br>**ORDER**<br><br>**This Order Relates to All Cases** |

    Before the Court is Defendant 3M Company ("3M")'s motion to compel production of certain deposition transcripts. (Dkt. No. 2399). The Plaintiffs' Executive Committee ("PEC") responded. (Dkt. No. 2421). For the reasons set forth below, the motion is denied as moot.

    3M moves the Court for an order directing the PEC to produce deposition transcripts of the plaintiff's experts in *Middlesex Water Company v. 3M Company*, (D.N.J. No. 2:18-cv-15366) who are also experts in the MDL bellwether cases[1] (the "relevant experts"). (Dkt. No. 2399 at 4).[2] 3M states that it seeks to use these deposition transcripts for purposes of impeachment of the bellwether plaintiffs' experts and "potentially in support of *Daubert* motions to exclude those experts' testimony." (Dkt. No. 2399 at 1). In response, the PEC states that counsel for Middlesex Water Company ("MWC") and the PEC are willing to produce the deposition transcripts of the relevant experts provided that (1) they are marked and treated as highly confidential under the protective order in this MDL and (2) 3M agrees to a reciprocal arrangement whereby it provides the PEC

---

[1] The bellwether cases are: *City of Sioux Falls v. 3M Company, et al.*, No. 2:19-cv-1806-RMG; *City of Stuart, Florida v. 3M Company, et al.*, No. 2:18-cv-03487-RMG; and *Town of Ayer v. 3M Company, et al.*, No. 2:19-cv-03120-RMG.

[2] The relevant plaintiffs' experts are Linda Birnbaum, Christopher Higgins, Robert Johnson, David MacIntosh, Jonathan Martin, Stephen Petty, and Michael Siegel. (Dkt. No. 2399 at 1 n.1).

with every transcript of its experts involving prior and current PFAS litigation. (Dkt. No. 2241 at 2 & n.5). The PEC indicates that 3M agrees to this portion of the PEC's proposal but maintains, contrary to the PEC, that the transcripts are admissible for *Daubert* briefing. (*Id.*) ("As such, Court intervention is necessitated with respect [only] to . . . the issue of whether the *Middlesex* deposition testimony is useable in support of *Daubert* challenges[.]").

As to 3M's request that the Court order the PEC and MWC's counsel to produce deposition transcripts of the relevant experts from the *Middlesex* litigation, the Court denies the request as moot. As indicated above, the PEC and MWC's counsel have agreed to produce the relevant expert deposition transcripts. (Dkt. No. 2241 at 1-2) (noting "Michael London . . . who is also Co-Lead counsel of the PEC in the *AFFF MDL*, is amendable to production of these transcripts [here] with the caveats" discussed above). Accordingly, the Court's intervention is not required as to this point. As to the issue of whether the deposition transcripts are admissible for use in *Daubert* briefing in the bellwether trials, the Court need not decide that question now, (Dkt. No. 2399 at 4) (requesting only that the Court "order that the PEC produce the deposition transcripts of the experts in the *Middlesex* action who are also plaintiffs' experts in the bellwether cases"), and may be briefed by the parties at the appropriate time if 3M in-fact seeks to use said transcripts for *Daubert* purposes, (*id.* at 1) (noting 3M will "potentially" use the deposition transcripts for its *Daubert* motions).

For the foregoing reasons, 3M's motion (Dkt. No. 2399) is **DENIED AS MOOT**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 30, 2022
Charleston, South Carolina