

MotleyRice®
LLC
ATTORNEYS AT LAW
www.motleyrice.com
"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000  **f.** 843.216.9450

**Fred Thompson III**
*Licensed in South Carolina*
direct: 843.216.9118
fthompson@motleyrice.com

July 11, 2022

**VIA ECF**
Hon. Richard Mark Gergel
U.S. District Court for the District of South Carolina
J. Waites Waring Judicial Center
83 Meeting Street
Charleston, South Carolina 29401

Re: *In re AFFF Products Liability Litigation*, MDL No. 2:18-mn-2873-RMG

Dear Judge Gergel:

The Plaintiffs' Executive Committee ("PEC") is compelled to correct the record concerning two serious misrepresentations made in the Telomer Defendants' Reply Brief in support of their motion for summary judgment on the second and third elements of the Government Contractor Defense. Plaintiffs' Omnibus Opposition to Defendants' Motion expressly refuted all of the so-called undisputed facts in Defendants' Motion.[1] Nevertheless, the Telomer Defendants hyperbolically contend Plaintiffs conceded these two matters:

(1) "Plaintiffs concede that the Telomer MilSpec AFFF Manufacturers meet the third element of the GCD for all telomer MilSpec AFFF sold before 2001,"[2] because "Plaintiffs concede that none of the Telomer MilSpec AFFF Manufacturers knew that their MilSpec AFFF contained "PFOA precursors" before October 2000;"[3] and

(2) "Plaintiffs concede that the government's knowledge about PFOA's potential hazards always exceeded that of the Telomer MilSpec AFFF Manufacturers."[4]

Accordingly, the PEC writes to make it unequivocally clear that no such concessions were made in any way, shape, or form by the PEC, either expressly or by implication.

While the Defendants are certainly entitled to argue that there are no disputes of fact with respect to these two matters, it is entirely inappropriate for them, and an outright falsehood to have stated

---

[1] *See generally*, Plaintiff's Omnibus Opposition dated June 17, 2022 and Appendix 'A' thereto, Index of Material Facts In Dispute.

[2] *See* Reply Brief, at 5.

[3] *Id.* at 8.

[4] *Id.* at 11.



July 11, 2022
Page 2

that plaintiffs have *conceded* these points. The PEC has not and does not concede these two points. It is the PEC's position that both of these issues, like others, are rife with material issues of fact.

Although the PEC does not want this matter to distract from the overall issues, the PEC is prepared to fully address these inaccurate contentions at oral argument on August 19, 2022. The PEC is also prepared to submit a short two or three page Sur-Reply if the Court is inclined to hear more on this topic before the hearing, or if the Court wanted the Record supplemented beyond this notice. Simply put, the PEC was compelled to let the Court know that these stipulations and concessions were not made by the PEC.

Finally, the PEC wishes the Court to know that we do not take this matter lightly and choose to write this letter only after careful consideration and given concerns raised by various plaintiff counsel (within the PEC and outside the PEC) about whether these concessions and stipulations were in fact made by the PEC. While we are disappointed that our colleagues representing the Telomer Defendants have made such inaccurate misrepresentations on such material issues, under these circumstances they left us no choice but to bring this matter to the attention of the Court in order to correct and clarify the record.

We thank the Court for this opportunity and its continued time and courtesies.

Respectfully submitted,

Fred Thompson, III
*Plaintiffs' Liaison Counsel*

Encl.

cc:    All Counsel of Record (by ECF)
       Cary Kotcher, Esq. (via email) (Cary_Kotcher@scd.uscourts.gov)