# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG<br><br>**ORDER**<br><br>**This Order Relates to**<br>**Case No. 2:19-cv-00143-RMG** |

Before the Court is Plaintiffs' motion to amend the complaint. (Dkt. No. 2479.) The motion is authorized by Plaintiffs' Co-Lead Counsel.

## I.     Background

Plaintiffs—individuals bringing suit on behalf of themselves and purported classes—brought this lawsuit in December 2018 for personal injuries allegedly caused by Polyfluoroalkyl substances and other hazardous chemicals allegedly contained in aqueous film-forming foam. The Court previously granted Plaintiffs leave to amend on October 2, 2019. (Dkt. No. 339).

Plaintiffs now move to amend the complaint to add additional plaintiffs and factual allegations, amend two class definitions and add a third class, and add additional causes of action. (Dkt. No. 2479). The Defense Coordination Committee does not oppose the proposed amendments. (*Id.* at 2).

## II.    Legal Standard

After the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The district court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) is a "liberal

rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). The "district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602-03 (4th Cir. 2010).

### III. Discussion

Having carefully reviewed the proposed amended complaint and considered the basis for its allegations, the Court finds that the permissive standard imposed by Rule 15(a) allows for amendment in these circumstances. There is no indication that amending would prejudice the current defendants. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("[A]bsence of prejudice, though not alone determinative, will normally warrant granting leave to amend."). There is similarly no reasonable basis to find that the Plaintiffs seek to amend in bad faith. Accordingly, leave to amend is warranted.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to amend (Dkt. No. 2479) is **GRANTED** and Plaintiffs are directed to promptly file the amended complaint.

**AND IT IS SO ORDERED.**

    s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 27, 2022
Charleston, South Carolina