**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| CITY OF SIOUX FALLS, | ) | MDL No. 2:18-mn-2873 RMG |
| | ) | |
| Plaintiff, | ) | This document relates to: |
| | ) | Civil Case No.: 2:19-cv-1806-RMG |
| vs. | ) | |
| | ) | |
| 3M COMPANY (f/k/a Minnesota Mining and | ) | |
| Manufacturing, Co.), *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DUPONT DE NEMOURS, INC.'S ANSWER TO**
**CITY OF SIOUX FALLS' SECOND AMENDED COMPLAINT**

COMES NOW, Defendant DuPont de Nemours, Inc. (hereinafter "Defendant") and answers Plaintiff's Second Amended Complaint (hereinafter "the Complaint") and states that all allegations of the Second Amended Complaint not specifically admitted are hereby expressly denied. As to each allegation, Defendant responds upon information and belief as follows:

**I.    SUMMARY OF THE CASE**

1.    To the extent the allegations in Paragraph 1 of the Complaint relate to companies other than Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 1 of the Complaint, and therefore denies same.

2.    To the extent the allegations in Paragraph 2 of the Complaint relate to companies other than Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 2 of the Complaint, and therefore denies same.

3.      To the extent allegations in Paragraph 3 of the Complaint relate to individuals, entities, or companies other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 3 of the Complaint, and therefore denies the same. To the extent the allegations in Paragraph 3 assert any wrongdoing or wrongful acts by Defendant or assert Defendant is liable to Plaintiff or that Plaintiff is entitled to any damages from Defendant, those allegations are denied.

4.      To the extent the allegations in Paragraph 4 of the Complaint relate to a company other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 4 of the Complaint, and therefore denies same. Defendant denies the remaining allegations and characterizations in Paragraph 4 of the Complaint as incomplete and/or incorrect statements, and as including allegations involving complex scientific and technical matters, which are properly the subject of expert testimony.

5.      To the extent allegations in Paragraph 5 of the Complaint relate to individuals, entities, or companies other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant denies that it ever manufactured, marketed, or sold the chemical precursors of PFOA and/or PFOS  and/or AFFF containing PFOA, PFOS, and/or their chemical precursors. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 5 of the Complaint, and therefore denies same.

6.      To the extent the allegations in Paragraph 6 of the Complaint relate to a company other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 6 of the Complaint, and therefore denies same. Defendant denies the remaining allegations and characterizations in Paragraph 6 of the Complaint as incomplete and/or incorrect statements, and as including allegations involving complex scientific and technical matters, which are properly the subject of expert testimony.

7.      To the extent the allegations in Paragraph 7 of the Complaint relate to companies other than Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 7 of the Complaint, and therefore denies same.

8.      To the extent allegations of Paragraph 8 of the Complaint relate to chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 8 of the Complaint, and therefore denies same. Defendant also denies the allegations and characterizations in Paragraph 8 of the Complaint as incomplete and/or incorrect statements, and as including allegations involving complex scientific and technical matters, which are properly the subject of expert testimony.

9.      To the extent allegations of Paragraph 9 of the Complaint relate to chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 9 of the Complaint, and therefore denies same.

Defendant also denies the allegations and characterizations in Paragraph 9 of the Complaint as incomplete and/or incorrect statements, and as including allegations involving complex scientific and technical matters, which are properly the subject of expert testimony.

10.     To the extent allegations in Paragraph 10 of the Complaint relate to individuals, entities, or companies other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 10 of the Complaint, and therefore denies the same. Defendant admits Plaintiff seeks relief as outlined in Paragraph 10 of the Complaint, but denies Plaintiff is entitled to any such relief from Defendant. To the extent the allegations in Paragraph 10 assert any wrongdoing or wrongful acts by Defendant or assert Defendant is liable to Plaintiff or that Plaintiff is entitled to any damages from Defendant, those allegations are denied.

## II.     PARTIES

11.     To the extent the allegations in Paragraph 11 of the Complaint relate to companies other than Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 11 of the Complaint, and therefore denies same.

12.     To the extent Paragraph 12 of the Complaint, and its subparts, relate to companies other than Defendant, no response is required. To the extent a response is required.

a.     The allegations in Paragraph 12a of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to

the truth or accuracy of the allegations in Paragraph 12a of the Complaint, and therefore denies same.

   b. Defendant admits that E. I. du Pont de Nemours and Company ("EID") is a corporation organized under and existing under the laws of the State of Delaware. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 12b of the Complaint, and therefore denies same.

   c. The allegations in Paragraph 12c of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12c of the Complaint, and therefore denies same.

   d. Defendant admits that in 2015 EID spun-off its wholly-owned subsidiary, Chemours, into a separate public entity. Defendant admits that EID was named as a defendant in certain actions related to PFOA. Defendant denies the remaining allegations in Paragraph 12d of the Complaint.

   e. The allegations in Paragraph 12e of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12e of the Complaint, and therefore denies same.

   f. Defendant admits that Corteva, Inc. ("Corteva") is a Delaware corporation. Defendant lacks knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 12f of the Complaint, and therefore denies the same.

g. Defendant also admits that on December 11, 2015, EID and The Dow Chemical Company announced an Agreement and Plan of Merger, the terms of which speak for themselves, and that on June 1, 2019, DowDuPont, Inc. became known as DuPont de Nemours, Inc. Defendant also admits that it is a Delaware corporation with its principal place of business located at 974 Centre Road, Building 730, Wilmington, Delaware 19805.

h. Defendant admits that Corteva was formed in 2018 and was a wholly-owned subsidiary of DowDuPont Inc. until June 1, 2019. Defendant also admits that pursuant to the April 1, 2019 Separation and Distribution Agreement, the terms of which speak for themselves, on June 1, 2019, DowDuPont, Inc. completed the separation of its agriculture business into Corteva. Defendant also admits that Corteva is the parent of EID. Defendant denies the remaining allegations contained in Paragraph 12h of the Complaint.

i. Defendant admits that EID entered into a Separation and Distribution Agreement, dated as of April 1, 2019, under which DowDuPont separated into three independent, publicly-traded companies, the terms of which speak for themselves. Defendant admits that on June 1, 2019, DowDuPont, Inc. became known as DuPont de Nemours, Inc. Defendant denies the remaining allegations contained in Paragraph 12i.

j. The allegations in Paragraph 12j of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12j of the Complaint, and therefore denies same.

k. The allegations in Paragraph 12k of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent

a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12k of the Complaint, and therefore denies same.

l.      The allegations in Paragraph 12l of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12l of the Complaint, and therefore denies same.

m.      The allegations in Paragraph 12m of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12m of the Complaint, and therefore denies same.

n.      The allegations in Paragraph 12n of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12n of the Complaint, and therefore denies same.

o.      The allegations in Paragraph 12o of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12o of the Complaint, and therefore denies same.

p.    The allegations in Paragraph 12p of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12p of the Complaint, and therefore denies same.

q.    The allegations in Paragraph 12q of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12q of the Complaint, and therefore denies same.

r.    The allegations in Paragraph 12r of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12r of the Complaint, and therefore denies same.

s.    The allegations in Paragraph 12s of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12s of the Complaint, and therefore denies same.

t.    The allegations in Paragraph 12t of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to

the truth or accuracy of the allegations in Paragraph 12t of the Complaint, and therefore denies same.

u. The allegations in Paragraph 12u of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12u of the Complaint, and therefore denies same.

v. The allegations in Paragraph 12v of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12v of the Complaint, and therefore denies same.

w. The allegations in Paragraph 12w of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12w of the Complaint, and therefore denies same.

x. The allegations in Paragraph 12x of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12x of the Complaint, and therefore denies same.

y.      The allegations in Paragraph 12y of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12y of the Complaint, and therefore denies same.

z.      The allegations in Paragraph 12z of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12z of the Complaint, and therefore denies same.

aa.     The allegations in Paragraph 12aa of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12aa of the Complaint, and therefore denies same.

bb.     The allegations in Paragraph 12bb of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12bb of the Complaint, and therefore denies same.

cc.     The allegations in Paragraph 12cc of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief

as to the truth or accuracy of the allegations in Paragraph 12cc of the Complaint, and therefore denies same.

dd.    The allegations in Paragraph 12dd of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12dd of the Complaint, and therefore denies same.

ee.    The allegations in Paragraph 12ee of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12ee of the Complaint, and therefore denies same.

ff.    The allegations in Paragraph 12ff of the Complaint relate to companies other than Defendant. Any allegations not directed at Defendant require no answer by it. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12ff of the Complaint, and therefore denies same.

13.    To the extent the allegations in Paragraph 13 of the Complaint are not directed at Defendant or contain only general, narrative and conclusory statements, no response is required. To the extent a response is necessary, Defendant denies the same.

### III.    JURISDICTION AND VENUE

14.    Paragraph 14 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 14 of the Complaint, and therefore denies same.

15.    To the extent the allegations in Paragraph 15 of the Complaint are not directed at Defendant or contain only general, narrative and conclusory statements, no response is required. To the extent a response is required, Defendant admits that the Court in this MDL issued Case Management Order No. 4, which speaks for itself.

16.    Paragraph 16 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 16 of the Complaint, and therefore denies same.

17.    Paragraph 17 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 17 of the Complaint, and therefore denies same.

### IV.    FACTUAL ALLEGATIONS

#### A.  **THE CONTAMINANTS: PFOS AND PFOA**

18.    To the extent allegations of Paragraph 18 of the Complaint relate to chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 18 of the Complaint, and therefore denies same. Defendant also denies the allegations and characterizations in Paragraph 18 of the Complaint as incomplete and/or incorrect statements, and as including allegations involving complex scientific and technical matters, which are properly the subject of expert testimony.

19.     To the extent allegations of Paragraph 19 of the Complaint relate to chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 19 of the Complaint, and therefore denies same. Defendant also denies the allegations and characterizations in Paragraph 19 of the Complaint as incomplete and/or incorrect statements, and as including allegations involving complex scientific and technical matters, which are properly the subject of expert testimony.

20.     To the extent allegations of Paragraph 20 of the Complaint relate to chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 20 of the Complaint, and therefore denies same. Defendant also denies the allegations and characterizations in Paragraph 20 of the Complaint as incomplete and/or incorrect statements, and as including allegations involving complex scientific and technical matters, which are properly the subject of expert testimony.

21.     To the extent allegations of Paragraph 21 of the Complaint relate to individuals, entities, or companies other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 21 of the Complaint, and therefore denies same. Defendant also denies the allegations and characterizations in Paragraph 21 of the Complaint as incomplete and/or incorrect statements, and as including allegations involving complex scientific and technical matters, which are properly the subject of expert testimony.

22.     To the extent allegations of Paragraph 22 of the Complaint relate to individuals, entities, or companies other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 22 of the Complaint, and therefore denies same. Defendant also denies the allegations and characterizations in Paragraph 22 of the Complaint as incomplete and/or incorrect statements, and as including allegations involving complex scientific and technical matters, which are properly the subject of expert testimony.

### B. **AQUEOUS FILM-FORMING FOAM**

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 23 of the Complaint and therefore denies same.

24.     To the extent allegations of Paragraph 24 of the Complaint relate to individuals, entities, or companies other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant denies that it ever manufactured, marketed, or sold AFFF. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 24 of the Complaint, and therefore denies same.

25.     To the extent allegations of Paragraph 25 of the Complaint relate to individuals, entities, or companies other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 25 of the Complaint, and therefore denies same.

26.     To the extent allegations in Paragraph 43 of the Complaint relate to individuals, entities, or companies other than Defendant, and/or chemicals or substances not manufactured or

used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 43 of the Complaint, and therefore denies same.

27.     To the extent allegations in Paragraph 27 of the Complaint relate to individuals, entities, or companies other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 27 of the Complaint, and therefore denies same.

28.     To the extent allegations in Paragraph 28 of the Complaint relate to individuals, entities, or companies other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, the allegations in Paragraph 28 of the Complaint are denied.

29.     Defendant denies the allegations and characterizations in Paragraph 29 of the Complaint as incomplete and/or incorrect statements, and as including allegations involving complex scientific and technical matters, which are properly the subject of expert testimony.

30.     To the extent allegations of Paragraph 30 of the Complaint relate to individuals, entities, or companies other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 30 of the Complaint, and therefore denies same. Defendant also denies the allegations and characterizations in Paragraph 30 of the Complaint as incomplete and/or incorrect statements, and as including allegations involving complex scientific and technical matters, which are properly the subject of expert testimony.

C. **DEFENDANTS' KNOWLEDGE OF PFOA AND PFOS HAZARDS**

31.     To the extent allegations in Paragraph 31 of the Complaint, and its subparts, relate to individuals, entities, or companies other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant denies the allegations and characterizations in Paragraph 31 of the Complaint, and its subparts, as incomplete and/or incorrect statements, and as including allegations involving complex scientific and technical matters, which are properly the subject of expert testimony.

32.     Paragraph 32 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 32 of the Complaint are denied. Furthermore, to the extent the allegations in Paragraph 32 of the Complaint relate to a company other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 32 of the Complaint, and therefore denies same.

33.     Paragraph 33 of the Complaint appears to characterize unidentified research and testing. Without identification of that research and testing, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 33 of the Complaint, and therefore denies same. Defendant expressly denies any statement or allegation in Paragraph 33 of the Complaint that mischaracterizes such research or testing, or takes it out of context. Defendant denies the allegations and characterizations in Paragraph 33 of the Complaint as incomplete and/or incorrect statements, and as including allegations involving complex scientific and technical matters, which are properly the subject of expert testimony.

34.     Paragraph 34 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph

34 of the Complaint are denied. Furthermore, to the extent the allegations in Paragraph 34 of the Complaint relate to a company other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 34 of the Complaint, and therefore denies same.

35.     Paragraph 35 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 35 of the Complaint are denied. Furthermore, to the extent the allegations in Paragraph 35 of the Complaint relate to a company other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 35 of the Complaint, and therefore denies same.

36.     Paragraph 36 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 36 of the Complaint are denied. Furthermore, to the extent the allegations in Paragraph 36 of the Complaint relate to a company other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 36 of the Complaint, and therefore denies same.

37.     Paragraph 37 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 37 of the Complaint are denied. Furthermore, to the extent the allegations in Paragraph 37 of the Complaint relate to a company other than Defendant, and/or chemicals or substances not

manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 37 of the Complaint, and therefore denies same.

### D.  THE IMPACT OF PFOA AND PFOS ON PLAINTIFF'S WELLS

38.     Paragraph 38 of the Complaint appears to characterize unidentified research and testing. Without identification of that research and testing, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 38 of the Complaint, and therefore denies same. Defendant expressly denies any statement or allegation in Paragraph 38 of the Complaint that mischaracterizes such research or testing, or takes it out of context. To the extent allegations in Paragraph 38 of the Complaint relate to individuals, entities, or companies other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 38 of the Complaint, and therefore denies the same. To the extent the allegations in Paragraph 38 assert any wrongdoing or wrongful acts by Defendant or assert Defendant is liable to Plaintiff or that Plaintiff is entitled to any damages from Defendant, those allegations are denied

39.     To the extent allegations of Paragraph 39 of the Complaint relate to individuals, entities, or companies other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 39 of the Complaint, and therefore denies same.

40.     To the extent allegations of Paragraph 40 of the Complaint relate to individuals, entities, or companies other than Defendant, and/or chemicals or substances not manufactured or used by Defendant, no response is required. To the extent a response is required, Defendant lacks

knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 40 of the Complaint, and therefore denies same.

41.     Paragraph 41 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 41 of the Complaint, and therefore denies same.

## **FIRST CAUSE OF ACTION**

STRICT LIABILITY – DESIGN DEFECT AND/OR DEFECTIVE PRODUCT

42.     Answering the allegations in Paragraph 42 of the Complaint, Defendant repeats and incorporates by reference its responses to all preceding paragraphs of this answer as if fully set forth at length herein.

43.     Paragraph 43 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 43 are denied.

44.     Paragraph 44 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 44 are denied.

45.     Paragraph 45 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 45 are denied.

46.     Paragraph 46 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 46 are denied.

47.     Paragraph 47 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 47 are denied.

48.     Paragraph 48 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 48 are denied.

## SECOND CAUSE OF ACTION

### STRICT LIABILITY – FAILURE TO WARN

49.     Answering the allegations in Paragraph 49 of the Complaint, Defendant repeats and incorporates by reference its responses to all preceding paragraphs of this answer as if fully set forth at length herein.

50.     Paragraph 50 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 50 are denied.

51.     Paragraph 51 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 51 are denied.

52.     Paragraph 52 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 52 are denied.

53.     Paragraph 53 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 53 are denied.

54.     Paragraph 54 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 54 are denied.

55.     Paragraph 55 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 55 are denied.

56.     Paragraph 56 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 56 are denied.

57.     Paragraph 57 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 57 are denied.

58.     Paragraph 58 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 58 are denied.

### **THIRD CAUSE OF ACTION**

PUBLIC NUISANCE

59.     Answering the allegations in Paragraph 59 of the Complaint, Defendant repeats and incorporates by reference its responses to all preceding paragraphs of this answer as if fully set forth at length herein.

60.     Paragraph 60 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 60 are denied.

61.     Paragraph 61 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 61 are denied.

62.     Paragraph 62 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 62 are denied.

63.     Paragraph 63 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 63 are denied.

64.     Paragraph 64 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 64 are denied.

**FOURTH CAUSE OF ACTION**

PRIVATE NUISANCE

65.     Answering the allegations in Paragraph 65 of the Complaint, Defendant repeats and incorporates by reference its responses to all preceding paragraphs of this answer as if fully set forth at length herein.

66.     Paragraph 66 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 66 are denied.

67.     Paragraph 67 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 67 are denied.

## **FIFTH CAUSE OF ACTION**

### TRESPASS

68.     Answering the allegations in Paragraph 68 of the Complaint, Defendant repeats and incorporates by reference its responses to all preceding paragraphs of this answer as if fully set forth at length herein.

69.     Paragraph 69 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 69 are denied.

70.     Paragraph 70 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 70 are denied.

71.     Paragraph 71 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 71 are denied.

72.     Paragraph 72 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 72 are denied.

73.     Paragraph 73 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 73 are denied.

74.     Paragraph 74 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 74 are denied.

## SIXTH CAUSE OF ACTION

### NEGLIGENCE

75.    Answering the allegations in Paragraph 75 of the Complaint, Defendant repeats and incorporates by reference its responses to all preceding paragraphs of this answer as if fully set forth at length herein.

76.    Paragraph 76 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 76 are denied.

77.    Paragraph 77 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 77 are denied.

78.    Paragraph 78 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 78 are denied.

## SEVENTH CAUSE OF ACTION

### NEGLIGENCE PER SE

79.    Answering the allegations in Paragraph 79 of the Complaint, Defendant repeats and incorporates by reference its responses to all preceding paragraphs of this answer as if fully set forth at length herein.

80.    Paragraph 80 of the Complaint states legal conclusions, not allegations of fact, to which no response is required. To the extent a response is required, the allegations in Paragraph 80 are denied.

## **EIGHTH CAUSE OF ACTION**

### FRAUDULENT TRANSFER (DUPONT AND CHEMOURS)

81.     The allegations contained in paragraph 81 of the Complaint are not allegations to which a response is required. To the extent a response is necessary, Defendant denies the same.

82.     The allegations contained in paragraph 82 of the Complaint are not allegations to which a response is required. To the extent a response is necessary, Defendant denies the same.

83.     Defendant admits that The Chemours Company was originally formed under a different name in February 2014 and that in 2015 it spun-off its wholly-owned subsidiary, Chemours, into a separate public entity, which included the Performance Chemicals business. Defendant denies the remaining allegations in paragraph 83 of the Complaint.

84.     Defendant admits that in 2015 its performance chemicals business contained the titanium technologies, chemical solutions, and fluoroproducts segments and that The Chemours Company assumed and agreed to indemnify Defendant for certain liabilities on the terms and subject to the conditions of the June 26, 2015 Separation Agreement. Defendant denies the remaining allegations in paragraph 84 of the Complaint.

85.     Defendant admits that EID was named as a defendant in certain actions related to PFOA at the time it spun-off The Chemours Company. Defendant denies the remaining allegations in paragraph 85 of the Complaint.

86.     Defendant denies the allegations in paragraph 86 of the Complaint.

87.     Defendant denies the allegations in paragraph 87 of the Complaint.

88.     Defendant denies the allegations in paragraph 88 of the Complaint.

89.     Defendant denies the allegations in paragraph 89 of the Complaint.

90.    The allegations contained in paragraph 90 of the Complaint are not allegations to which a response is required. To the extent a response is necessary, Defendant denies the same.

91.    The allegations contained in paragraph 91 of the Complaint are not allegations to which a response is required. To the extent a response is necessary, Defendant denies the same.

## PRAYER FOR RELIEF

The remainder of the complaint consists of a prayer for relief, as to which no response is required. To the extent a response is required, Defendant denies any remaining allegations in the complaint and denies that Plaintiff is entitled to any relief against Defendant. Defendant further denies any allegations not expressly admitted above, subject to the caveats provided above.

## AFFIRMATIVE DEFENSES

The following are defenses Defendant may assert based on the facts alleged in the action, or based on facts adduced in discovery. In disclosing these defenses, Defendant does not assume any burden of proof not otherwise required by law. Moreover, Defendant undertakes the burden of proof only as to those defenses deemed "affirmative" defenses by law, regardless of how such defenses are denominated herein. Finally, Defendant reserves its right to assert further defenses that may become apparent in the course of discovery.

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

### Third Affirmative Defense

Plaintiff has alleged an injury that, as a matter of law, does not support a recovery in tort.

### Fourth Affirmative Defense

Plaintiff has failed to name all necessary and indispensable parties in this action.

### Fifth Affirmative Defense

To the extent that Plaintiff has split its claims, Plaintiff's claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

### Sixth Affirmative Defense

Plaintiff lacks standing to assert, in whole or in part, under the United States Constitution, the Constitution of the State of South Dakota, state and federal statutes, and common law to bring the claims set forth in the Complaint.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant did not owe a legal duty to Plaintiff or, if it owed such a duty, did not breach and/or fully discharged that duty.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Defendant exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendant proximately caused the purported injuries and damages allegedly sustained by Plaintiff.

**Tenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, to the extent that the alleged damages in the Complaint were proximately caused by others, including intervening and/or superseding acts or omissions.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, to the extent that the damages alleged in the Complaint were caused or contributed to, in whole or in part, by the negligence, carelessness, fault, culpable conduct, and/or wont of care attributable to others over whom Defendant neither had nor exercised any control.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by operation of the informed intermediary, sophisticated user, or knowledgeable user doctrine.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because to the extent Defendant owed any cognizable duty to warn, Defendant adequately discharged any such duty.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Defendant did not own, operate, or otherwise control the facilities described in the Complaint at the time that PFAS is alleged to have migrated out of those facilities.

**Fifteenth Affirmative Defense**

Plaintiff's claim for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

### Sixteenth Affirmative Defense

The relief that Plaintiff seeks, in whole or in part, violates Defendant's due process rights under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of South Dakota, is unconstitutional and cannot revive Plaintiff's untimely claims.

### Seventeenth Affirmative Defense

Defendant denies any negligence, culpable conduct, or liability on its part but, if Defendant ultimately is found liable for any portion of Plaintiff's alleged damages, Defendant shall only be liable for its equitable share of Plaintiff's alleged damages.

### Eighteenth Affirmative Defense

Defendant denies any liability, but in the event Defendant is found to have any liability to Plaintiff, Defendant is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; or (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaint.

### Nineteenth Affirmative Defense

Defendant cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of Defendant.

### Twentieth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, for failing to link any of its alleged exposure to PFAS to any product(s) manufactured by Defendant.

### Twenty-first Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish that its alleged injuries were caused by exposure to PFAS from any product(s) attributable to Defendant.

### Twenty-second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that PFAS has been reliably established, through scientific means, to be capable of causing its alleged injuries.

### Twenty-third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that its customers were exposed to a sufficient concentration or amount of PFAS, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing alleged injuries.

### Twenty-fourth Affirmative Defense

Any damages Plaintiff may have suffered were not reasonably foreseeable by Defendant at the time of the conduct alleged.

### Twenty-fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant neither knew, nor should have known, that any of the substances to which Plaintiff was allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the

prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Defendant at all times relevant to the claims or causes of action asserted by plaintiff.

### Twenty-sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the alleged acts or omissions by Defendant, throughout the relevant and material time period, conformed to the then-existing custom and practice, and Defendant exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws, regulations, standards, and orders.

### Twenty-seventh Affirmative Defense

Some or all of Plaintiff's claims are not amenable to judicial resolution because of the primary jurisdiction doctrine.

### Twenty-eighth Affirmative Defense

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, open and obvious risk, and by Plaintiff's failure to mitigate its damages, if any.

### Twenty-ninth Affirmative Defense

Some of Plaintiff's claims may be barred in whole, or in part, by the doctrine of federal preemption.

### Thirtieth Affirmative Defense

Defendant is entitled to all of the procedural, substantive and other protections, caps and limitations provided by the South Dakota statutes and other state and federal law regarding Plaintiff's claims for compensatory and punitive damages.

### Thirty-first Affirmative Defense

The Complaint fails to state a claim upon which punitive or exemplary damages may be awarded under state statutory or common law.

### Thirty-second Affirmative Defense

Defendant did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

### Thirty-third Affirmative Defense

Plaintiff has failed to adequately plead and/or allege that Defendant acted with the requisite state of mind to warrant an award of punitive damages.

### Thirty-fourth Affirmative Defense

Defendant has complied with all applicable statutes and regulations set forth by local, state and/or federal government(s) with regard to the conduct alleged in the Complaint, and, therefore, to the extent that consideration is given to Plaintiff's claims, punitive damages are unwarranted in law and fact.

### Thirty-fifth Affirmative Defense

Punitive damages are not available because all conduct and activities of Defendant related to matters alleged in the Complaint conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

### Thirty-sixth Affirmative Defense

Punitive damages are not available because Defendant neither knew nor should have known that the substances to which Plaintiff was allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm, and Defendant therefore lacked notice that its

conduct was unlawful or subject to punishment and an award of punitive damages would violate Defendant's constitutional right to due process.

### Thirty-seventh Affirmative Defense

Plaintiff's claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the Unites States Constitution and the Constitution of the State of South Dakota, including without limitation the Fifth, Eighth and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and other applicable provisions of the Constitution of the State of South Dakota or any other state whose laws may apply.

### Thirty-eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, and damages, if any, should be limited to the extent any fault, negligence, assumption of risk, and other culpable conduct by Plaintiff caused, proximately caused, or contributed to the alleged injuries and damages, or to the extent that the doctrines of contributory negligence, comparative fault, avoidable consequences, assumption of risk, voluntary exposure, and/or other applicable common-law or statutory doctrines apply.

### Thirty-ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which Defendant cannot be held responsible.

### Fortieth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, res judicata, estoppel, ratification, and unclean hands.

### Forty-first Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised its claims against Defendant.

### Forty-second Affirmative Defense

Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency, including without limitation, acts or omissions made in accordance with applicable statutes, regulations, permits, and industry standards.

### Forty-third Affirmative Defense

Plaintiff's alleged claims are preempted by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq., to the extent such claims include, encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations or other areas listed on the United States Environmental Protection Agency's National Priority List (Superfund sites), or from which discharges or releases of materials have otherwise come to be located emanating from such facilities, sites, properties, locations or areas.

### Forty-fourth Affirmative Defense

Plaintiff's claims are barred because of changes made to the product, material, or equipment's condition.

### Forty-fifth Affirmative Defense

The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus this Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction, abstention, and or the doctrine of separation of powers.

### Forty-sixth Affirmative Defense

Plaintiff's claims are barred because it failed to exhaust administrative remedies.

### Forty-seventh Affirmative Defense

All or parts of the claims in this case are arbitrable.

### Forty-eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

### Forty-ninth Affirmative Defense

Plaintiff's claims are barred because the Court lacks personal jurisdiction over Defendant. The Complaint should therefore be dismissed against Defendant under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

### Fiftieth Affirmative Defense

The claims asserted in the Complaint contravene fundamental notions of public policy.

### Fifty-first Affirmative Defense

Plaintiff is not entitled to recover from Defendant more than Defendant 's fair, equitable, and proportionate share, if any, of the costs and damages sought by Plaintiff or to otherwise recover from Defendant more than the amount of such relief, if any, for which Defendant is liable.

### Fifty-second Affirmative Defense

If Plaintiff sustains any damages, these damages were caused by acts or omissions by it or of one or more persons for whose conduct Defendant is not responsible and with whom Defendant has no legal connection.

**Fifty-third Affirmative Defense**

Plaintiff's claims are barred under the useful product doctrine.

**Fifty-fourth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose retroactive liability.

**Fifty-fifth Affirmative Defense**

Defendant may not be held liable under retroactive theories not requiring proof of fault or causation.

**Fifty-sixth Affirmative Defense**

Plaintiff has not suffered a legally cognizable injury in fact.

**Fifty-seventh Affirmative Defense**

No action or inaction by Defendant has resulted in any nuisance.

**Fifty-eighth Affirmative Defense**

Any legally cognizable injury or damage that Plaintiff has suffered, to the extent any was suffered, was caused either in whole or in part by the acts or omissions of Plaintiff or its agents and not as a result of any conduct by Defendant.

**Fifty-ninth Affirmative Defense**

Plaintiff's claims and damages, if any, against Defendant are subject to setoff and recoupment and therefore must be reduced accordingly.

**Sixtieth Affirmative Defense**

At all times and places mentioned in the Complaint, Defendant was not negligent, whether by act of commission or omission, which act was the proximate cause of any alleged liability, injuries or damages sustained by Plaintiff of which it complains.

### Sixty-first Affirmative Defense

Without admitting liability, Defendant alleges that if it is found to have been engaged in any of the activities alleged in the Complaint, such activities were *de minimis* and not the cause of any damage alleged by Plaintiff.

### Sixty-second Affirmative Defense

Sources and conditions other than Defendant were the cause of Plaintiffs alleged damages, if any.

### Sixty-third Affirmative Defense

All claims for equitable relief in Plaintiff's Complaint are barred because Plaintiff has adequate remedies at law, to the extent its claims are provable.

### Sixty-fourth Affirmative Defense

All claims for equitable relief in Plaintiffs Complaint are barred because equity will not compel action that is already being undertaken and/or is unnecessary.

### Sixty-fifth Affirmative Defense

Plaintiff's claims are barred to the extent that they seek to recover costs, damages, and expenses including, but not limited to, response, assessment, remediation cleanup and/or removal costs that Plaintiff incurred improperly, or that are not related to natural resource restoration or replacement damages.

### Sixty-sixth Affirmative Defense

Plaintiff lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because the property claimed to be affected is not held in the public trust and/or is not subject to the *parens patriae* doctrine.

### Sixty-seventh Affirmative Defense

Plaintiff lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because it does not have exclusive jurisdiction over the resources at issue, or only has partial jurisdiction over such resources and has failed to join other necessary trustees in this action.

### Sixty-eighth Affirmative Defense

Plaintiff lacks standing to bring an action for nuisance damages.

### Sixty-ninth Affirmative Defense

Plaintiffs alleged nuisance claim is barred, in whole or in part, because the alleged nuisance cannot be remedied at a reasonable cost by reasonable means.

### Seventieth Affirmative Defense

Plaintiff lacks standing to bring an action for trespass because Plaintiff has no ownership over and is not entitled to exclusive possession of various property and water bodies referenced in the Complaint, and because Plaintiff cannot establish unreasonable or substantial damage to the resource.

### Seventy-first Affirmative Defense

The damages sought by Plaintiff, if awarded, should be reduced by any amounts it recovers from any other sources and plaintiff is barred from any form of double recovery regardless of the nature or source of such recovery.

### Seventy-second Affirmative Defense

The use of South Dakota's natural resources is not being unduly limited because of the presence of PFAS compounds.

**<u>Seventy-third Affirmative Defense</u>**

Plaintiff's Complaint is barred to the extent that no persons or entities, including the State of South Dakota are currently using or have any plans to use any groundwater or other natural resources at issue in the Complaint.

**<u>Seventy-fourth Affirmative Defense</u>**

Plaintiffs alleged claims are barred to the extent Plaintiffs response actions will be, are or have been excessive, unnecessary, unreasonable, and/or inconsistent with statutory requirements.

**<u>Seventy-fifth Affirmative Defense</u>**

Plaintiff's Complaint is barred because no actions or inactions by Defendant have resulted in any interim, temporary, or permanent impairment or damage to a natural resource.

**<u>Seventy-sixth Affirmative Defense</u>**

The damages Plaintiff seeks, if awarded, would result in unjust enrichment to Plaintiff.

**<u>Seventy-seventh Affirmative Defense</u>**

Plaintiff's alleged claims, and each of them, fail to state a claim against Defendant because it has not owned or operated properties or locations in South Dakota that utilized PEAS compounds in its operations and has not discharged or released any PFAS-compound into the environment in South Dakota.

**<u>Seventy-eighth Affirmative Defense</u>**

If Defendant is held liable, which liability is strictly denied, then the liability of Defendant would be passive, imputed or secondary, while persons other than Defendant, whether individual, corporate or otherwise and whether named or unnamed in the Complaint, would be actively and primarily liable for the alleged damages under breach of contract, negligence, strict liability,

implied and express warranty theories, or otherwise. Plaintiffs' claims are barred in whole or in part by the informed intermediary or sophisticated user doctrine.

### Seventy-ninth Affirmative Defense

Plaintiff's claims are barred to the extent that Defendant sold any materials or substances as a component for use in a manufacturing process or as a commercial product.

### Eightieth Affirmative Defense

Defendant is not liable to Plaintiff for the manufacturing activities of other manufacturers or for any costs incurred by Plaintiff related to products and chemicals not produced by Defendant.

### Eighty-first Affirmative Defense

Plaintiff's claims are preempted or barred by CERCLA §§ 113 (6) 113(h), and 122(e)(6) 42 U.S.C. §§ 9613(b), 9613(h) and 9622(e)(6), to the extent they are challenges to the United States Environmental Protection Agency's removal or remedial decisions with respect to sites or locations listed on the National Priorities List (Superfund sites), or that encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations, or other areas or from which discharges or releases of materials from such sites have otherwise come to be located.

### Eighty-second Affirmative Defense

Plaintiff's claims are premature or barred to the extent they are disguised claims for investigation and cleanup costs, or challenges to United States Environmental Protection Agency's remedial decisions, as CERCLA § 113(g)(1), 42 U.S.C. § 9613(g)(1) bars initiation of an action for such damages without prior notice to the United States and Defendant prior to selection of the remedial action for the facility.

### Eighty-third Affirmative Defense

Plaintiffs alleged claims are barred against Defendant because Defendant is not a liable party under CERCLA § 107(a), 42 U.S.C. § 9607(a), or a responsible party or liable person under CERCLA or South Dakota Statutes.

### Eighty-fourth Affirmative Defense

Plaintiff is barred from recovering costs that are not response costs that are necessary or consistent with the National Contingency Plan.

### Eighty-fifth Affirmative Defense

Plaintiff's alleged claims are barred to the extent they seek compensation for costs that are not response costs as defined by CERCLA § 101(25), 42 U.S.C. § 9601(25), or South Dakota law.

### Eighty-sixth Affirmative Defense

Plaintiff's claims are barred to the extent they are based on contamination resulting from the alleged release of substances occurring before CERCLA was enacted on December 11, 1980. 42 U.S.C. § 9607(f)(1).

### Eighty-seventh Affirmative Defense

Plaintiffs' claims are barred by CERCLA § 107(a)(4)(C), 42 U.S.C. § 9607(a)(4)(C), and/or applicable South Dakota statutes because there is no injury to natural resources "resulting from" or "caused by" a release by Defendant.

### Eighty-eighth Affirmative Defense

Plaintiff's claims are preempted or barred by the Federal Water Pollution Control Act Amendments of 1972 (FWPCA), § 101, et seq., the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251, et seq., including, FWPCA § 301, 33 U.S.C. § 1311, FWPCA §502, § 1362(7), and FWPCA § 502, §1362(12), including but not limited to and the "Waters of the United States" rule.

### Eighty-ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because plaintiff has not investigated the cause of harm, presence of harm, or extent of harm alleged in its Complaint, and specifically has not completed a natural resource damages assessment.

### Ninetieth Affirmative Defense

Plaintiff's claims are premature to the extent that neither the State nor United States Environmental Protection Agency have set final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

### Ninety-first Affirmative Defense

Plaintiff's claims are barred because Defendant's conduct was sanctioned by law at the relevant times that PFAS compounds were allegedly released.

### Ninety-second Affirmative Defense

Defendant's conduct was lawful in all respects when taken under the federal and state laws then applicable.

### Ninety-third Affirmative Defense

Plaintiff's alleged claims are barred, in whole or in part, by the economic loss doctrine.

### Ninety-fourth Affirmative Defense

Plaintiff is not entitled to injunctive relief because it has failed to state facts sufficient to show continuing acts, the threat of irreparable harm, or a reasonable likelihood of repetition of the alleged conduct if it were, in fact, established to be wrongful.

### Ninety-fifth Affirmative Defense

Plaintiff is not entitled to injunctive or declaratory relief because it has a plain, common, adequate at remedy at law.

### Ninety-sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because they are not yet ripe/or have been mooted.

### Ninety-seventh Affirmative Defense

The Complaint does not describe its claims or events with sufficient particularity to permit Defendant to fully ascertain what other defenses may exist, and Defendant presently has insufficient knowledge or information to form a belief as to whether it has additional defenses available to it. Defendant therefore reserves the right to assert all defenses which may pertain to the Complaint once the precise nature of the claims is ascertained, and in the event discovery indicates that additional defenses would be appropriate.

### Ninety-eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Defendant acted reasonably and in good faith.

### Ninety-ninth Affirmative Defense

Plaintiff has failed to plead its fraudulent transfer claim as against Defendant with the requisite particularity.

### One-Hundredth Affirmative Defense

The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Defendant is entitled to immunity from suit under the government contractor defense. *See Boyle v. United Technologies Corp.,* 487 U.S. 500 (1988).

### One-Hundred and First Affirmative Defense

Plaintiff's claims are or may be barred, in whole or in part, to the extent that Defendant's products were unforeseeably misused or altered.

### One-Hundred and Second Affirmative Defense

Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

### One-Hundred and Third Affirmative Defense

Plaintiff's claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

### One-Hundred and Fourth Affirmative Defense

Plaintiff's claims are or may be barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

### One-Hundred and Fifth Affirmative Defense

Plaintiff's warranty claims, if any, are or may be barred, in whole or in part, because Plaintiffs did not provide Defendants reasonable notice of any alleged breach.

### One-Hundred and Sixth Affirmative Defense

Plaintiff's warranty claims, if any, are or may be barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

### One-Hundred and Seventh Affirmative Defense

Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendant, and in the event that Defendant is found

to be liable to Plaintiff, Defendant will be entitled to indemnification, contribution, and/or apportionment.

### One-Hundred and Eighth Affirmative Defense

Defendant reserves the right to assert all applicable defenses under Federal Rule of Civil Procedure 8(c) as investigation and discovery proceeds.

### One-Hundred and Ninth Affirmative Defense

A specific percentage of the tortious conduct that proximately caused the injury, if any, or loss to plaintiffs is attributable to one or more persons from whom Plaintiffs do not seek recover in this action.

### One-Hundred and Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that there was a change and/or alteration to the chemical or substance or its material condition.

### One-Hundred and Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that there was a change and/or alteration to the chemical or substance or its material condition.

### One-Hundred and Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by various provisions, including but not limited to provisions concerning disclaimer of warranties, limitations of liability, and exculpation of liability, that are contained in documents such as agreements between EID and its customers, purchase orders, and Material Safety Data Sheets.

### One-Hundred and Thirteenth Affirmative Defense

Defendant is entitled to all of the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiff's claims

for compensatory and punitive damages, including but not limited to state tort reform measures and statutes that, although not affirmative defenses, preclude or limit Plaintiff's ability to pursue compensatory and punitive damages, limit the amount of damages available, and/ or provide procedural requirements and protections to a defendant.

### One-Hundred and Fourteenth Affirmative Defense

Defendant is not liable for any chemicals or substances not manufactured or used by Defendant.

### One-Hundred and Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that there was no practical and technically feasible alternative design or formulation during the relevant time period.

### One-Hundred and Sixteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that the relief sought will not redress the alleged harm.

### One-Hundred and Seventeenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks to impose liability on Defendant based on the exercise of any person's or entity's right to petition federal, state, or local legislative or regulatory bodies, including through public statements, because such conduct was immune under the *Noerr-Pennington* doctrine and privileged under the First Amendment to the U.S. Constitution.

### One-Hundred and Eighteenth Affirmative Defense

To the extent that the Complaint asserts "market share" liability, "enterprise" liability, or other alternative theories of causation, Plaintiff's claims are barred, in whole or in part, because

the applicable law does not recognize such theories of liability or would not apply such theories of liability to the circumstances of this case.

## INCORPORATION BY REFERENCE

Defendant hereby incorporates by reference any affirmative defense that any other Defendant pleads in this action to the extent the affirmative defense applies to any claim against Defendant in whole or in part.

## RESERVATION OF DEFENSES

Defendant does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitutes an admission that Defendant is liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. Defendant reserves its right to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, defenses to the Complaint. Defendant reserves the right to assert additional defenses as it becomes aware that such defenses may be available.

## PRAYER FOR RELIEF

WHEREFORE, Defendant hereby requests:

a.   That judgment be entered in its favor and against Plaintiffs;

b.   That the Complaint and all its claims be dismissed with prejudice;

c.   For attorneys' fees and costs of suit; and

d.   For such other and different relief as this Court may deem just and proper.


Dated: July 28, 2022

*/s/ Katherine L.I. Hacker*
Katherine L.I. Hacker
BARTLIT BECK LLP
1801 Wewatta Street
12th Floor
Denver, Colorado 80202
(303) 592-3100 (Phone)
(303) 392-3140 (Fax)
kat.hacker@bartlitbeck.com

Katharine A. Roin
Joshua P. Ackerman
BARTLIT BECK LLP
Courthouse Place
54 West Hubbard Street
Chicago, Illinois 60654
(312) 494-4473 (Phone)
(312) 494-4440 (Fax)
kate.roin@bartlitbeck.com
joshua.ackerman@bartlitbeck.com

John C. Moylan, III (Fed. I.D. # 5431)
Matthew T. Richardson (Fed. I.D. #7791)
Alice W. Parham Casey (Fed. I.D. #9431)
Mary Lucille Dinkins (Fed. I.D. #11961)
WYCHE, P.A.
807 Gervais St., Suite 301
Columbia, SC 29201
Telephone: (803) 254-6542
Facsimile: (803) 254-6544
jmoylan@wyche.com
mrichardson@wyche.com
tcasey@wyche.com
ldinkins@wyche.com

*Attorneys for Defendant DuPont de Nemours, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing was electronically filed with this Court's CM/ECF system on July 28, 2022, and accordingly served automatically upon all counsel of record for this matter.

<u>*/s/ Katherine L.I. Hacker*</u>