IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL NO: 2:18-mn-2873-RMG<br><br>TOLLING OF CLAIMS AGAINST CERTAIN PROPOSED DEFENDANTS<br><br>This Order Relates To<br>2:19-cv-01639-RMG |

**TOLLING AGREEMENT OF CLAIMS AGAINST CERTAIN PROPOSED DEFENDANTS**

Before the Court is a motion for entry of a tolling agreement by Plaintiff Town of East Hampton and Certain Proposed Defendants (Dkt. No. 2512) as described more fully below.

**RECITALS**

WHEREAS, Rigano LLC ("Plaintiff's Counsel") represents the Town of East Hampton in the matter of the *Town of East Hampton v. 3M Company et al.*, pending in the United States District Court for the District of South Carolina, MDL No. 2:18-mn-2873-RMG, alleging certain claims in connection with aqueous film forming foam ("AFFF");

WHEREAS, on February 3, 2021, Plaintiff's Counsel advised Plaintiff would be moving to amend Plaintiff's First Amended Complaint to, *inter alia*, add Raytheon Technologies Corporation, Kidde-Fenwal, Inc., Carrier Global Corporation, Dyneon LLC, Amerex Corporation, The Chemours Company FC, LLC, BASF Corporation, Dynax Corporation, and Clariant Corporation as defendants to the action (the "Initial Proposed Defendants"); and

WHEREAS, on March 2, 2021, the Plaintiff and Initial Proposed Defendants entered into an agreement resulting in, *inter alia*, the tolling of the statute of limitations and suspending the deadline by which Plaintiff's Counsel must make a motion to amend the complaint to add new

parties pursuant to Case Management Order No. 3E ("CMO 3E") effective February 3, 2021 through August 3, 2022; and

WHEREAS, on March 3, 2021, upon motion, the Court So Ordered the March 2, 2021 tolling agreement [Dkt. No. 1233]; and

WHEREAS, without waiving any rights, Plaintiff has since asserted claims against UTC Fire & Security Americas Corporation, Inc. n/k/a Carrier Fire & Security Americas Corp., Inc., and UTC Fire & Security Corporation n/k/a Carrier Fire & Security Corp. (collectively with the Initial Proposed Defendants, the "Proposed Defendants"); and

WHEREAS, Proposed Defendants wish to further toll the statute of limitations; and

NOW, THEREFORE, in consideration of the mutual promises as set forth herein, the Parties, intending to be legally bound, hereby agree as follows:

**TERMS**

1. **Effective Date.** This Tolling Agreement shall have an effective date of August 3, 2022.

2. **Agreement to Forego Moving to Amend Complaint for a Period of Sixteen Months.** Plaintiff agrees it will not move to file an amended complaint for the purpose of naming Proposed Defendant(s) for a period of sixteen (16) months, pursuant to this Tolling Agreement as of the Effective Date (i.e. through December 3, 2023); provided however, if Town's case is selected by the Court as a Bellwether case or is remanded or moved outside of the multi-district litigation, Town may (but is not required to) commence litigation against any Proposed Defendant.

3. **Agreement to Toll All Claims for a Period of Eighteen Months.** In exchange for Plaintiff's agreement to temporarily forego its ability to file an amended complaint for the purpose of naming Proposed Defendant(s), the Proposed Defendants agree that any and all statutes of limitations, statutes of repose, contractual limitations on actions or suit, or other limitations

imposed by any jurisdiction within the United States (including Orders of this Court), whether based upon applicable laws or equitable concepts of timeliness, laches, or waiver, shall be tolled, suspended, and stayed for (18) months following the Effective Date of this Tolling Agreement with respect to the Plaintiff's right to assert or prosecute claims against the Proposed Defendants.

4. **Extensions.** Plaintiff and Proposed Defendants may further extend the period of tolling set forth in Paragraph 3, in which case they shall jointly petition the Court of entry of a supplemental case management order memorializing such extension.

5. **Expiration of Tolling Period.** Unless otherwise agreed to by Plaintiff and the Proposed Defendants, the running of all applicable statute of limitations, statutes of repose, contractual limitations on actions or suits, or other limitations periods shall recommence upon the expiration of the Tolling Period.

6. **Relation Back; Waivers/Defenses.** Nothing in this Tolling Agreement shall be deemed a waiver of any arguments or defenses existing as of the Effective Date of this Tolling Agreement, including but not limited to any prior defenses based on the timeliness of the claims such as defenses based on statutes of limitation and statutes of repose, as well as any defenses pursuant to Federal Rule of Civil Procedure 12(b), including defenses based on subject matter and personal jurisdiction, which defenses the Court expressly preserves for the Proposed Defendants. Any depositions taken and written discovery and documents exchanged by Plaintiff and a Proposed Defendant or through Plaintiff's Executive Committee or Defendants Coordination Committee in the MDL or otherwise, whether before or after entry of this Order, may be used by Plaintiff and the Proposed Defendants in any case involving the Town and any Proposed Defendant. Proposed Defendants agree to follow their preservation obligations as if they were named parties.

7. **Waiver / Acceptance of Service.**  Should Plaintiff add one or more of the Proposed Defendants to the lawsuit following the expiration of the Tolling Period, counsel of record shall waive and accept service on behalf of those Proposed Defendants and/or service may be completed in accordance with any applicable Case Management Order.

8. **Substantive Court Decisions.**  In the event they are added to this lawsuit following expiration of the Tolling Period, Plaintiff and the Proposed Defendants agree not to relitigate issues that have been previously decided in that suit by the Court; and agree to be bound by decisions rendered by the Court; provided that this agreement shall not preclude Parties from participating in the litigation of such issues prior to the expiration of the Tolling Period.

9. **Modifications; Extensions.**  This Tolling Agreement constitutes the entire agreement between the parties on the issues addressed herein and may not be modified, altered, or amended except by a writing signed by or on behalf of the Parties to this Tolling Agreement.  This Tolling Agreement may be extended by further written agreement signed by or on behalf of the Parties.

10. **Authority.**  Each undersigned Party entering into and executing this Tolling Agreement represents, warrants, and states that such Party has the full authority and legal power to do so and that the individuals whose signatures appear below on behalf of each Party are duly authorized to executive this Tolling Agreement on behalf of their respective parties.

11. **Multiple Counterparts**.  This Tolling Agreement may be executed in counterparts and/or by facsimile or PDF electronic mail, and each such counterpart shall be considered an original and together with the others shall constitute one and the same instrument.

12. **Governing Law**.  This Tolling Agreement shall be construed and governed in accordance with the laws of the State of South Carolina.

13. **Notices.**  Notices pursuant to this Tolling Agreement shall be given via electronic mail (where indicated below) addressed to counsel of record for the respective Party.

14. **Severability**.  Should any provision of this Tolling Agreement be declared invalid by a court of competent jurisdiction, such declaration shall not invalidate the remaining provisions of this Tolling Agreement, which shall be construed as nearly as possible to effectuate the original intentions of the Parties hereto based upon the entire Tolling Agreement, including the invalid provision.

**IN WITNESS WHEREOF**, the undersigned have duly executed and delivered this Tolling Agreement.

DATE: July 29, 2022

/s/  Nicholas C. Rigano
Nicholas C. Rigano, Esq.
Rigano LLC
538 Broad Hallow Road, Suite 301
Melville, NY 11747
P: (631) 756-5900
*Counsel for Plaintiff*

/s/  Matthew A. Holian
Matthew A. Holian
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
P:  (617) 406-6009
F:  (617) 406-6109
matt.holian@dlapiper.com
*Counsel for Defendant, BASF Corporation*

/s/ David R. Erickson
David R. Erickson
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, MO
P: (816) 559-2487
F: (816) 421-5547
derickson@shb.com
*Counsel for Defendant, The Chemours Company FC, LLC*

  /s/ J. Alan Truitt
J. Alan Truitt
Kazmarek Mowrey Cloud Laster, LLP
1914 4th Avenue North, Suite 400
Birmingham, AL 35203
P: (205) 777-7972
atruitt@kmcllaw.com
*Counsel for Defendant, Amerex Corporation*

  /s/ Charles Raynal
Charles Raynal
Parker Poe
PNC Plaza
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601
P: (919) 835-4511
F: (919) 834-4564
charlesraynal@parkerpoe.com
*Counsel for Defendant, Clariant Corporation*

  /s/ Clifton L. Brinson
Clifton L. Brinson
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P.
Post Office Box 2611
Raleigh, NC 27602-2611
P: (919) 821-1220
F: (919) 821-6800
cbrinson@smithlaw.com
*Counsel for Defendant, Dynax Corporation*

  /s/ John Cerreta
John Cerreta
Day Pitney LLP
One Federal Street
Boston, MA 02110
P: (617) 345-4600
F: (617) 345-4745
jcerreta@daypitney.com
*Counsel for Defendants, Raytheon Technologies Corporation f/k/a United Technologies Corporation, Kidde-Fenwal Inc., Carrier Global Corporation, UTC Fire & Security Americas Corp. Inc. n/k/a Carrier Fire &*

6

*Security Americas Corp., Inc., and UTC Fire & Security Corp. n/k/a Carrier Fire & Security Corp., Inc.*

**AND IT IS SO ORDERED**.

August 1, 2022                                     s/Richard Mark Gergel
Charleston, South Carolina            Richard Mark Gergel United States District Judge