UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2873

**TRANSFER ORDER**

**Before the Panel**:* Defendants Iselin Fire Department No. 9 and Iselin Fire Department No. 11 move under Panel Rule 7.1 to vacate our order that conditionally transferred the *Insurance Auto Auctions* action listed on Schedule A to the District of South Carolina for inclusion in MDL No. 2873.  Defendant National Foam, Inc., opposes the motion.  The other parties in *Insurance Auto Auctions* did not respond to the motion and therefore are deemed to have acquiesced to the motion.[1]  *See* Panel Rule 6.1(c) ("Failure to respond to a motion shall be treated as that party's acquiescence to it.").

In support of their motion to vacate, movants argue that federal subject matter jurisdiction over *Insurance Auto Auctions* is lacking, and that their pending motion for remand to state court should be decided before transfer.  We are not persuaded by these arguments.  The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[2]  *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").  Although movants insist that removal was improper, "'Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues related to a motion to remand.'"  *In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018) (quoting *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)).

Accordingly, after considering the argument of counsel, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2873, and

---

* Judges David C. Norton, Roger T. Benitez, and Madeline Cox Arleo did not participate in the decision of this matter.

[1] Defendant Fords Fire Department joined the motion, but subsequently was voluntarily dismissed from the action.

[2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

- 2 -

that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of South Carolina was an appropriate Section 1407 forum for actions in which plaintiffs allege that aqueous film-forming foams (AFFFs) used at airports, military bases, or certain industrial locations caused the release of perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA) into local groundwater and contaminated drinking water supplies. The actions in the MDL share factual questions concerning the use and storage of AFFFs; the toxicity of PFOA and PFOS and the effects of these substances on human health; and these substances' chemical properties and propensity to migrate in groundwater supplies. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018). *Insurance Auto Auctions* will involve similar factual questions relating to alleged groundwater contamination caused by the use of AFFF to extinguish a multi-vehicle fire at plaintiff's property.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton           Matthew F. Kennelly
Dale A. Kimball

**IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION**                               MDL No. 2873

## SCHEDULE A

<u>District of New Jersey</u>

INSURANCE AUTO AUCTIONS, INC. v. CARTERET FIRE DEPARTMENT, ET AL., C.A. No. 2:22−02079