**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

|  |  |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**ORDER**<br><br>**This Order Relates to**<br>**Case No. 2:22-cv-02593-RMG** |

Before the Court is Defendants Iselin Fire Department #9 and Iselin Fire Department #11 (the "Moving Defendants")'s motion to remand this case to the Superior Court of New Jersey. (Dkt. No. 2524). For the reasons set forth below, the motion is denied.

I. **Background**

On March 24, 2022, in the Superior Court of New Jersey, Plaintiff Insurance Auto Auctions, Inc. ("IAA") sued Carteret Fire Department, Hopelawn Fire Department, Iselin Fire Department # 11, Iselin Fire Department # 9, Perth Amboy Fire Department, Port Reading Fire Department, South Amboy Fire Department, Sayreville Fire Department, Fords Fire Department, Metuchen Fire Department, Middlesex County Fire Marshal, State of New Jersey, National Foam Inc. ("National Foam"), John Does 1-99, ABC Corporations 1-99, and Public ABC Public Entities. IAA alleges that a fire occurred on premises leased by it on March 26, 2020 and that National Foam's Universal Gold Fire Fighting Foam ("Gold Foam") was used to put out the fire. IAA alleges its groundwater was contaminated by perfluorooctane sulfonic acid/perfluorooctane sulfonate and perfluorooctanoic acid/perfluorooctanoate ("PFOS/PFOA") substances present in

the Gold Foam. (2:22-cv-2593-RMG, Dkt. No. 1-1 ¶¶ 16-61.)  IAA brought ten causes of action, including five against National Foam. (*Id*. Counts One, Two Three, Five and Nine.)

On April 8, 2022, National Foam removed removed the action to the District Court for the District of New Jersey on the basis of, inter alia, the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (2:22-cv-02593-RMG, Dkt. No. 1.)   On April 19, 2022, the Judicial Panel on Multidistrict Litigation entered a Conditional Transfer Order regarding the transfer of this case into these multidistrict litigation proceedings. *See* (2:22-cv-02593-RMG, Dkt. No. 19-1 at 7).  On May 19, 2022, the Moving Defendants filed the instant motion to remand. (2:22-cv-02593-RMG, Dkt. No. 19).  On August 8, 2022, the JPML entered a Transfer Order, denying the Moving Defendants' motion to vacate the conditional transfer order. (2:22-cv-02593-RMG, Dkt. No. 42).

## II.     Legal Standard

As the party that invoked federal jurisdiction, National Foam bears the burden of establishing that the case was properly removed from state court. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Bennett v. Bally Mfg. Corp.*, 785 F. Supp. 559, 560 (D.S.C. 1992).  The Court should strictly construe removal jurisdiction because it "raises significant federalism concerns." *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)); *see also S.C. v. Boehringer Ingelheim Roxane, Inc.*, No. 3:07-cv-00665-CMC, 2007 WL 1232156, at *1 (D.S.C. Apr. 26, 2007).   Doubts as to the Court's jurisdiction should weigh in favor of remanding to state court. *Mulcahey*, 29 F.3d at 151.

## III.    Discussion

The federal officer removal statute authorizes removal to federal court of any civil action or criminal prosecution commenced in state court against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for

2

or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Thus, a private defendant, such as a government contractor, who seeks to remove a case under § 1441(a)(1) must show (1) that it was a "person acting under" a federal officer, *see e.g.*, *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007); *Ripley v. Foster Wheeler LLC*, 841 F.3d 207, 209 (4th Cir. 2016); (2) that it has a "colorable federal defense," *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999); and (3) that the charged conduct was carried out for or in relation to the asserted official authority, *see* 28 U.S.C. § 1442(a)(1). "In imposing these requirements, the statute aims to protect the Federal Government from interference with its 'operations,' primarily by providing 'a federal forum for a federal defense.'" *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 254 (4th Cir. 2017) (quoting *Watson*, 551 U.S. at 147).

National Foam is a "person" under § 1442(a)(1), which includes "companies, associations, firms [and] partnerships." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 812 (3d Cir. 2016). The phrase "acting under" is "broad" and should be "liberally construed" in favor of the removing Defendant. *Watson*, 551 U.S. at 147. When a private entity is involved, the phrase "acting under" is interpreted to "contemplate a relationship where the government exerts some 'subjection, guidance, or control.'" *Sawyer*, 860 F.3d at 255 (quoting *Watson*, 551 U.S. at 151). "[C]ourts have unhesitatingly treated the 'acting under' requirement as satisfied where a contractor seeks to remove a case involving injuries arising from equipment that it *manufactured for the government*." *Sawyer*, 860 F.3d at 255 (emphasis in original). Designing AFFF products to military specifications promulgated by the Department of Defense, including that the products contain the chemical class to which PFOS/PFOA belong, as National Foam alleges, may constitute "acting under" the military's guidance. The Court should reject a "narrow, grudging interpretation of the [federal officer removal] statute, recognizing that one of the most important reasons for removal

3

is to have the validity of the defense of official immunity tried in federal court." *Acker*, 527 U.S. at 431.

Second, and relatedly, National Foam has a "colorable" federal defense of government contractor immunity—a fact even the Moving Defendants admit. *See* (2:22-cv-02593-RMG, Dkt. No. 40 at 2) ("As to National Foam's federal officer defense and removal, the [Moving Defendants] have no substantive information to contradict the facts presented in support of National Foam's position on these issues.").  To assert government contractor immunity to tort liability, National Foam must demonstrate that "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988).  "Removal need not be justified as to all claims asserted in the plaintiffs' complaint; rather, the defense need only apply to one claim to remove the case." *Sawyer*, 860 F.3d at 257.  National Foam demonstrates a colorable defense where it contends that the AFFF products were manufactured according to MilSpec, which included specifications for the chemical class that includes PFOS/PFOA.  The defense need not be "clearly sustainable" to justify removal as merely "colorable." *Acker*, 527 U.S. at 432 ("We therefore do not require the officer virtually to 'win his case before he can have it removed.'").

Last, National Foam plausibly alleges that it "engag[ed] in government-directed conduct causally related to the plaintiff['s] claims." *Sawyer*, 860 F.3d at 254.  To demonstrate this "causation requirement" of removal on the basis of the federal officer statute, non-governmental corporate defendants such as National Foam "must demonstrate that the acts for which they are being sued . . . occurred *because of* what they were asked to do by the Government." *Isaacson v.*

*Dow Chem. Co.*, 517 F.3d 129, 137 (2d Cir. 2008) (emphasis in original).  This is met where there is a "causal nexus between the allegedly tortious conduct and asserted official authority," which "has been interpreted broadly." *Brady v. XE Servs LLC*, No. 5:09-CV-449-BO, No. 5:09-CV-450-BO, 2010 WL 11566021, at *2 (E.D.N.C. May 18, 2010).  For this, the Court looks to whether National Foam demonstrated that its alleged acts "occurred *while* [they] were performing their official duties." *Isaacson*, 517 F.3d at 137-38 (emphasis in original).  IAA's claims arise out of use of AFFF products that it claims National Foam designed, and for which the military imposes MilSpec standards.  The Court should "credit the [removing defendant's] theory of the case" and finds that the causation element of federal officer removal is satisfied here. *Acker*, 527 U.S. at 432. *See* (2:22-cv-2593-RMG, Dkt. No. 35 at 35, 37) (arguing that contamination at IAA's site was caused, at least in part, by use of AFFF at surrounding airports which are required by federal law to use MilSpec AFFF).

Because the elements of § 1442(a)(1) are satisfied, entitling National Foam to have removed IAA's claims and National Foam's federal defense to federal court, the Moving Defendants' motion to remand must be denied.

## IV.    <u>Conclusion</u>

For the foregoing reasons, Defendants Iselin Fire Department #9 and Iselin Fire Department #11's motion to remand (Dkt. No. 2524) is **DENIED**.

**AND IT IS SO ORDERED.**

<u>s/Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

August 24, 2022
Charleston, South Carolina

5