Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
United States of America

T: +1 312 782 0600
F: +1 312 701 7711
mayerbrown.com

September 2, 2022

**Michael A. Olsen**
Partner
T: +1 312 701 7120
F: +1 312 706 8742
molsen@mayerbrown.com

FILED VIA ECF

The Honorable Richard M. Gergel
U.S. District Court for the District of South Carolina
J. Waties Waring Judicial Center
83 Meeting Street
Charleston, South Carolina 29401

Re:    _In re Aqueous Film-Forming Foams Products Liability Litigation_ (MDL No. 2873)

Dear Judge Gergel:

I write on behalf of Defendant 3M Company to correct several factual inaccuracies and mischaracterizations in Plaintiffs' recent response to the lists of studies the Court ordered 3M to submit. [Dkt. #2577]

The Court's August 19, 2022 Order [Dkt. #2547] anticipated straightforward submissions that were to "be strictly limited as to whether or when a particular study was/was not disclosed to the EPA." In essence, the Court asked for lists with specific information. 3M filed those lists on August 26, 2022. [Dkt. #2566]

Rather than follow the Court's clear directive that their submission "be strictly limited as to whether or when a particular study was/was not disclosed to the EPA," Plaintiffs submitted a brief that raised a variety of arguments going far beyond the Court's limitations and that contained misstatements of facts and mischaracterizations of 3M's submission. As a result, 3M feels compelled to correct the record with respect to the most egregious misstatements and mischaracterizations (but not all). We note also that much of what Plaintiffs argue involves a rehash of arguments made in their prior briefs, which 3M has addressed already and will not repeat here.

First, Plaintiffs' footnote 1 mischaracterizes 3M's submission, which clearly states that Guy & Taves' 1976 publication was "cited in" the 1980 Ubel article that 3M identified in its November 19, 1980 letter to the EPA. To the extent Plaintiffs suggest that providing the EPA with citation to published literature is somehow inadequate and that 3M was required to print and mail a copy of such a study to the EPA, such a suggestion is plainly absurd, particularly in the absence of any requirement that 3M submit publically available materials from academic publications to the EPA at all.

Second, Plaintiffs' statement (at 3) that "even a quick perusal of the documents submitted by 3M in their supplemental filing reveals that the majority of these studies lacked proper identifying information" is misleading. While 3M limited its submission to the information

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Mayer Brown LLP

Hon. Richard M. Gergel
September 2, 2002
Page 2

requested by the Court (study titles and relevant dates), Plaintiffs imply on the basis of this limited information that the materials 3M provided to EPA did not adequately identify the chemicals studied. This is inaccurate. 3M's practice was to identify to the EPA the chemicals studied in cover letters or other materials submitted with the studies, if not in the studies themselves. And, of course, if EPA had any questions at all, it had ample opportunity to ask 3M, and Plaintiffs cite nothing to indicate a lack of understanding by EPA. Rather than undermine 3M's disclosure, Plaintiffs' submission reinforces the fact that drawing inferences from study titles or the number of the studies at any given time standing alone is flawed and improper.

Finally, although Plaintiffs (at 4) refer the Court to Plaintiffs' Exhibit 49 as a "far more comprehensive list of all the studies and data submitted by 3M related to PFOS/A and when such studies were submitted," this document is plainly not responsive to the Court's request. Most obviously, Pl. Ex. 49 fails to identify any of the materials 3M submitted to the EPA before the year 2000 and makes no attempt to de-duplicate materials that were submitted on more than one occasion. Moreover, Plaintiffs provide no support for their claim that Pl. Ex. 49 is "more comprehensive" than the lists 3M submitted pursuant to the Court's order. Indeed, Pl. Ex. 49 appears to be limited to submissions made during part of the year 2000, and Plaintiffs' own submission suggests Pl. Ex. 49 contains approximately 680-850 entries—far fewer than the number included in 3M's submission and the number of studies actually submitted to EPA.

Respectfully submitted,

/s/ Michael A. Olsen

Michael A. Olsen
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
P: (312) 701-7120
F: (312) 706-8742
molsen@mayerbrown.com

Counsel for Defendant 3M Company

741325676.1