# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCT LIABILITY LITIGATION | MDL No.: 2:18-mn-02873-RMG<br><br>This Document Relates to the Following Action:<br><br>**Case No.: 2:22-cv-02593-RMG**<br><br>Insurance Auto Auctions, Inc., v. Carteret Fire Department, et al. |

## GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES BY DEFENDANTS, ISELIN FIRE DEPARTMENT # 9, ISELIN FIRE DEPARTMENT # 11, AND HOPELAWN FIRE DEPARTMENT

Defendants Iselin Fire Department # 9 ("Iselin # 9"), Iselin Fire Department # 11 ("Iselin # 11"), and Hopelawn Fire Department ("Hopelawn"), by undersigned counsel, hereby respond to the Complaint filed by the Plaintiff herein, Insurance Auto Auctions, Inc. ("Plaintiff"):

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny generally and specifically each and every allegation set forth in Plaintiff's Complaint, and the whole thereof, and each and every alleged cause of action therein, and Defendants demand strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Defendants further deny that Plaintiff has sufficiently alleged grounds upon which any relief could be granted. Defendants further deny that Plaintiff has sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or

{10621389; 1}

omission on the part of Defendants or anyone acting on their behalf. Defendants reserve their rights to assert counter-claims, cross-claims, and/or third-party claims.

## **AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses in response to the averments in the Plaintiff's Complaint filed in the above-captioned action:

1. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against any one or more of Defendants.

2. Plaintiff's claims are barred or limited for lack of standing.

3. The Complaint fails to plead facts supporting necessary elements of a claim under New Jersey's Tort Claims Act, N.J.S.A. § 59:1-1, *et seq*.

4. The Complaint fails to plead facts supporting necessary elements of a claim under New Jersey's Spill Compensation and Control Act, N.J.S.A. § 58:10-23.11, *et seq*.

5. The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

6. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Defendant are entitled to immunity from suit under the government contractor defense. *See Boyle v. United Technologies Corp*., 487 U.S. 500 (1988).

7. Plaintiff's claims are barred by the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1, *et seq*., for failure to comply with the Act's notice requirements, N.J.S.A. § 59: 8-1, *et seq*.

8. Plaintiff's claims are barred by the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1, *et seq*., as Plaintiff's actions under the circumstances do not merit relief from Act's notice requirements as provided by N.J.S.A. § 59: 8-9.

9. The facts of Plaintiff's alleged injury do not meet the threshold requirements for Plaintiff to be entitled to relief under the New Jersey Spill Compensation and Control Act, N.J.S.A. § 58:10-23.11, *et seq*.

10. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

11. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiff is not the real party in interest and/or or lacks capacity to bring its claims.

12. Plaintiff's claims are not ripe and/or have been mooted.

13. Plaintiff's claims are or may be barred, in whole or in part, to the extent it has failed to exhaust administrative remedies.

14. Plaintiff is barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

15. Plaintiff is barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

16. Plaintiff may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

17. Plaintiff's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

18. Any injuries and/or damages sustained by Plaintiff were caused or contributed to by the negligence or actual conduct of Plaintiff and/or other persons, firms, corporations, or

entities over whom Defendants had no control or right of control and for whom Defendants are not responsible.

19. Any injuries and/or damages sustained by Plaintiff are barred by the doctrines of intervening cause and/or superseding cause.

20. Plaintiff's claims are or may be barred for lack of proximate causation between any alleged act or omission of Defendant and the claims, damages, and harm alleged in the Plaintiff's Complaint.

21. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

22. Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiff seeks to recover.

23. Plaintiff's claims are barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

24. Plaintiff's claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

25. Plaintiff's claims are barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Defendants that are the subject of Plaintiff's claims. Defendants are not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

26. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

27. Plaintiff's claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including without limitation express preemption, implied conflict preemption and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiff's claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

28. Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendants, and in the event that Defendants are found to be liable to Plaintiff, Defendants will be entitled to indemnification, contribution, and/or apportionment.

29. Defendants assert their right to allocation or apportionment of fault pursuant to applicable state law, as well as its right to a proportionate reduction of any damages found against Defendants based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

30. Plaintiff's claims against Defendants are barred or limited by the economic loss rule.

31. Plaintiff has failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages.

32. Plaintiff's Complaint is barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

33. Defendants assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

34. Defendants adopt by reference any additional applicable defense pleaded by any other Defendants not otherwise pleaded herein.

35. Defendants adopt by reference any additional applicable defense asserted by Defendants prior to transfer in any case transferred to this MDL.

Defendants do not admit or acknowledge that they bear the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitutes an admission that Defendants are liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. Defendants reserve their right to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

Dated: September 7, 2022

**HILL WALLACK LLP**
/s/ __Victoria Airgood___
   Victoria J. Airgood
21 Roszel Road
P.O. Box 5226
Princeton, New Jersey 08543-5226
Phone: 609-924-0808; Fax: 609-452-1888
vairgood@hillwallack.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2022, a true and correct copy of the General Denial and Preliminary Statement of Affirmative Defenses by Defendants, Iselin Fire Department # 9, Iselin Fire Department # 11, and Hopelawn Fire Department, was served on all counsel of record in the referenced case, *Insurance Auto Auctions, Inc. v. Carteret Fire Department, et al.*, by electronically filing the foregoing document with the Clerk of Court through the CM/ECF system and on Defendant, State of New Jersey, through its designated e-mail address for service.

Dated: September 7, 2022                                  _s/Victoria Airgood__
                                                          Victoria J. Airgood