

**U.S. Department of Justice**

Frederick Gaston Hall
Trial Attorney
Civil Division, Environmental Torts

---

*Telephone: (202) 616-4211*          *175 N Street, N.E.*
*Facsimile: (202) 616-4473*          *3 CON, Room 11.224*
*Email: frederick.g.hall@usdoj.gov*          *Washington, DC 20002*

September 17, 2022

**VIA ECF**
The Honorable Richard M. Gergel
U.S. District Judge, District of South
Carolina
P.O. Box 835
Charleston, SC 29402

Dear Judge Gergel,

I write concerning the Court's text order of September 16, 2022, "unseal[ing] *all documents cited* in the order denying Defendants' motion for summary judgment on government contractor immunity," ECF No. 2605 (emphasis added).[1] The text order does not address governmental interests in confidentiality, but the plain text of the order appears to unseal information produced by the United States as confidential under the protective order.

The Summary Judgment Order directly cites confidential materials produced by the United States in this litigation, which were filed under seal. In addition, the Summary Judgment Order cites the parties' briefs, portions of which were sealed because they discuss the contents of confidential materials provided by the United States. The United States interprets the text of the Court's unsealing order to unseal *any* exhibit cited in the Summary Judgment Order and lift redactions from the entirety of the parties' briefs, including supplemental briefing, on the government contractor defense. Such a result would impair the United States' interests in maintaining the confidentiality of its material, something it is unclear the Court intended to do.

The United States offers one example of its concerns with respect to the Court's citations to exhibits. On page 13 of the Summary Judgment Order, the Court cites the transcript from the deposition of U.S. Naval Research Laboratory

---

[1] Herein, we refer to the Court's order denying Defendants' motion for summary judgment (ECF No. 2601), which is the subject of the text order, as the "Summary Judgment Order."

employee John Farley, which was filed under seal as Plaintiffs' Exhibit 35 at ECF Nos. 2063-36 (slipsheet) and 2597-8 (under seal). Although the United States does not claim confidentiality over the 10 lines the Court cited, Plaintiffs' Exhibit 35 *is the complete, 346-page transcript of the first day of Mr. Farley's deposition.* Elsewhere in those 346 pages, Mr. Farley discusses confidential Navy testing of AFFF products and fire suppression systems on advanced Navy ship classes. The United States understands the plain text of the order to unseal the entirety of this 346-page transcript.

The United States further offers an example of the Court's citations to the parties' briefs. The Summary Judgment Order several times cites one of the Telomer MilSpec AFFF Manufacturers' briefs, which was filed at ECF Nos. 2348 (redacted) and 2444 (under seal). This Telomer Manufacturer brief, in turn, discusses a confidential Navy investigation into AFFF products, which was redacted from the public filing. The United States understands the plain text of the order to unseal the entirety of this Telomer Manufacturer brief.

To the extent that the United States has correctly interpreted the intent of the unsealing order, the United States respectfully requests that the Court stay its order for a period of no fewer than seven business days. The United States appreciates that the Court has concluded that "the public's right of access to court records predominates over any private interest in confidentiality." ECF No. 2605. However, there are *governmental* interests in confidentiality as to specific documents or portions of documents that justify continued sealing—at least in part. And it will take time for the United States, first, to identify which of its confidential materials are at issue and, second, to confer with the relevant agencies regarding whether to seek limited reconsideration of the Court's text order. It is not possible for the United States to do that on an emergency basis over a weekend.

Accordingly, the United States seeks clarification that its reading of the Court's unsealing order is correct and, if so, requests a stay of the order to allow the United States to confer with its agencies to seek partial reconsideration of the order before it goes into effect.

Respectfully submitted,

/s/ *Frederick G. Hall*
Frederick Gaston Hall
*Trial Attorney*

cc: Counsel of Record (*via ECF*)