# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This filing relates to:**<br>*Insurance Auto Auctions, Inc. v. Carteret Fire Department, et al.*<br>No. 2:22-cv-2593-RMG |

### GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES BY DEFENDANT CARTERET FIRE DEPARTMENT

Defendant, Carteret Fire Department ("Defendant"), by and through its attorneys of record, DeCotiis, Fitzpatrick, Cole & Giblin, LLP, hereby responds to the Complaint filed by the Plaintiff herein, Insurance Auto Auctions, Inc. ("Plaintiff"), as follows:

### GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant denies generally and specifically each and every allegation set forth in Plaintiff's Complaint, and the whole thereof, and each and every alleged cause of action therein, and Defendant demands strict proof of the same by a preponderance of the evidence and/or by clear and convincing evidence, as required by law. Defendant further denies that Plaintiff has sufficiently alleged grounds upon which any relief could be granted. Defendant further denies that Plaintiff has sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or omission on the part of Defendant or anyone acting on its behalf. Defendant reserves its rights to assert counter-claims, cross-claims, and/or third-party claims.

#3219424

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses in response to the averments in Plaintiff's Complaint, filed in the above-captioned action:

1. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Defendant.

2. Plaintiff's claims are barred or limited for lack of standing.

3. The Complaint fails to plead facts supporting necessary elements of a claim under New Jersey's Tort Claims Act, N.J.S.A. 59:1-1, *et seq.*

4. Counts Seven, Nine, and Ten of the Complaint fail to state a claim upon which relief may be granted against Defendant, as the Complaint fails to allege compliance with the notice of claim requirements of the New Jersey Tort Claims Act, N.J.S.A. 59:8-8. *See Ingram v. Twp. of Deptford*, 858 F. Supp. 2d 386, 400 (D.N.J. 2012).

5. The Complaint fails to plead facts supporting necessary elements of a claim under New Jersey's Spill Compensation and Control Act, N.J.S.A. 58:10-23.11, *et seq.*

6. The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

7. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Defendant is entitled to immunity from suit under the government contractor defense. *See Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

8. Plaintiff's claims are barred by the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq.*, as Plaintiff failed to comply with the Act's pre-suit notice of claim requirements, as provided by N.J.S.A. 59:8-1, *et seq.*

9. Plaintiff's claims are barred by the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq.*, as the existing circumstances do not warrant relief from the Act's pre-suit notice of claim requirements, as permitted by N.J.S.A. 59:8-9.

10. The facts of Plaintiff's alleged injury do not meet the threshold requirements for Plaintiff to be entitled to relief under the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11, *et seq*.

11. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

12. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiff is not the real party in interest and/or or lacks capacity to bring its claims.

13. Plaintiff's claims are not ripe and/or have been mooted.

14. Plaintiff's claims are or may be barred, in whole or in part, to the extent it has failed to exhaust administrative remedies.

15. Plaintiff is barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

16. Plaintiff is barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

17. Plaintiff's claims are or may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

18. Plaintiff's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

19. Any injuries and/or damages sustained by Plaintiff were caused or contributed to by the negligence or actual conduct of Plaintiff and/or other persons, firms, corporations, or entities over whom Defendant had no control or right of control and for whom Defendant is not responsible.

20. Any injuries and/or damages sustained by Plaintiff are barred by the doctrines of intervening cause and/or superseding cause.

21. Plaintiff's claims are or may be barred for lack of proximate causation between any alleged act or omission of Defendant and the claims, damages, and harm alleged in the Plaintiff's Complaint.

22. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

23. Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiff seeks to recover.

24. Plaintiff's claims are barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

25. Plaintiff's claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

26. Plaintiff's claims are barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced to the actions that are the subject

of Plaintiff's claims. Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

27. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

28. Plaintiff's claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiff's claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

29. Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendant, and in the event that Defendant is found to be liable to Plaintiff, Defendant will be entitled to indemnification, contribution, and/or apportionment.

30. Defendant asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its right to a proportionate reduction of any damages found against Defendant based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

31. Plaintiff's claims against Defendant are barred or limited by the economic loss rule.

32. Plaintiff has failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented

#3219424

by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages.

33. The Complaint is barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

34. Defendant asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

35. Defendant adopts by reference any additional applicable defense pleaded by any other Defendants not otherwise pleaded herein.

36. Defendant adopts by reference any additional applicable defense asserted by Defendants prior to transfer in any case transferred to this MDL.

Defendant does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative, and none of the preceding defenses constitute an admission that Defendant is liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. Defendant reserves its right to (i) rely on any and all defenses and presumptions set forth in, or arising from, any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

#3219424

Dated: September 27, 2022

**DeCOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**

*/s/ Amy E. Shotmeyer*
Amy E. Shotmeyer
New Jersey Attorney ID #000382010
DeCotiis, FitzPatrick, Cole & Giblin, LLP
61 S. Paramus Road, Suite 250
Paramus, NJ 07652
Direct: 201-347-2166
ashotmeyer@decotiislaw.com

*Attorneys for Defendant Carteret Fire Department*

## CERTIFICATION OF SERVICE

I hereby certify that on September 27, 2022, a true and correct copy of the General Denial and Preliminary Statement of Affirmative Defenses by Defendant, Carteret Fire Department, was served upon all counsel of record in the referenced case, *Insurance Auto Auctions, Inc. v. Carteret Fire Department, et al.*, by electronically filing the foregoing document with the Clerk of Court through the CM/ECF system and on Defendant, State of New Jersey, through its designated e-mail address for service.

Dated: September 27, 2022

**DeCOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**

*/s/ Amy E. Shotmeyer*
Amy E. Shotmeyer
New Jersey Attorney ID #000382010
DeCotiis, FitzPatrick, Cole & Giblin, LLP
61 S. Paramus Road, Suite 250
Paramus, NJ 07652
Direct: 201-347-2166
ashotmeyer@decotiislaw.com

*Attorneys for Defendant Carteret Fire Department*

#3219424