

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

1320 Main Street, 17th Floor
Columbia, SC 29201
T: 803.799.2000  F: 803.256.7500
nelsonmullins.com

Amanda S. Kitts
T: 803.255.9594
amanda.kitts@nelsonmullins.com

October 3, 2022

**Via CM/ECF and E-Mail (gergel_ecf@scd.uscourts.gov; Cary_Kotcher@scd.uscourts.gov)**

The Honorable Richard M. Gergel
U.S. District Court for the District of South Carolina
J. Waties Waring Judicial Center
83 Meeting Street
Charleston, South Carolina 29401

Re:    *In re Aqueous Film-Forming Foams Products Liability Litigation* (MDL No. 2873)

Dear Judge Gergel:

On behalf of the Defendants in the *Stuart* water provider bellwether case, Co-Lead Counsel respectfully request that the Court grant Defendants a maximum of 125 total pages for their initial Rule 702/*Daubert* briefing. Defendants have carefully considered the disclosed experts in this case and expert issues generally in order to formulate a plan to address expert motions carefully and efficiently through such measures as briefing issues relating to several different experts in a single brief or combining multiple defendants or defendant groups in particular briefs. Co-Lead Counsel believe this proposal fairly balances such things as the complexity of this case, the number and type of defendant groups at issue, and *Stuart*'s importance within this MDL as the first bellwether case slated for trial.

Though Defendants continue to evaluate the most efficient ways to brief expert challenges, Defendants currently anticipate filing approximately nine discrete Rule 702/*Daubert* challenges in *Stuart*. In most instances, the contemplated challenges will address portions of the experts' opinions rather than seek wholesale exclusion of the witnesses. Although the number of pages devoted to each challenge will vary, the proposed aggregate limit of 125 pages works out to an average of about 14 pages per challenge, or less than half the local rule limit of 35-pages per brief if each challenge were broken out into a separate motion. *See* Local Civ. Rule 7.05(b)(1) (D.S.C.).

Defendants certainly do not intend to touch off a debate at this stage on the merits of their arguments, but to give the Court some sense of the issues at stake, of the approximately nine contemplated challenges, two will address several experts who opine on the relevant legal standard applicable to Defendants' conduct and/or what certain Defendants' state of mind was based on those experts' review of the facts. Approximately five challenges will be directed at faults in various experts' methodologies. And one challenge each will focus more specifically on,

The Honorable Richard M. Gergel
October 3, 2022
Page 2

respectively, the lack of factual support for expert opinions and a unique issue applicable to one particular expert.

Defendants' expert challenges raise numerous complex issues, particularly given the significant weight Plaintiff places on its experts, not just on scientific issues but also on the actual facts (as Plaintiff views them) regarding Stuart itself and on more than half a century of background applicable to the various Defendants in *Stuart*. Among the complex scientific issues that will require careful explanation are fate and transport of PFAS in the environment, complex chemistry, PFAS remediation technology, AFFF formulation, alternative PFAS source analysis (or, in the case of Plaintiff's experts, the lack of such analysis), and more. Especially in that light, Defendants' request for just 14 pages per challenge, on average, is more than reasonable.

Defendants also emphasize the fact that many experts are not specific to any one of the three bellwether cases, meaning that the Court's ruling on those experts will have potential import for the other two cases and, perhaps, beyond. By the same token, the methods used by Plaintiff's case-specific experts in *Stuart* bear some similarity to the methods those same experts used in the other two cases, further reinforcing the potential efficiencies to be gained in giving these issues sufficient briefing space now while permitting Defendants to allocate pages flexibly within the requested total of 125.

Defendants recognize the burden briefing like this places on the Court and its personnel. In formulating this request, Defendants have worked together to ensure that this briefing will be efficient, concise, and compelling and are committed to continue doing so going forward. Defendants respectfully request that the Court grant their request for a maximum of 125 total pages, to be allocated among the ten defendant groups for this briefing.

Respectfully submitted,

/s/ *Amanda S. Kitts*
on behalf of:

/s/ *Joseph G. Petrosinelli*

Joseph G. Petrosinelli
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
P: (202) 434-5547
F: (202) 434-5029
jpetrosinelli@wc.com

/s/ *Michael A. Olsen*

The Honorable Richard M. Gergel
October 3, 2022
Page 3

                                                Michael A. Olsen
                                                Mayer Brown LLP
                                                71 South Wacker Drive
                                                Chicago, IL 60606
                                                P: (312) 701-7120
                                                F: (312) 706-8742
                                                molsen@mayerbrown.com

                                                *Co-lead Counsel for Defendants*