

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
o. 843.216.9000   f. 843.216.9450

**Fred Thompson III**
*Licensed in South Carolina*
direct: 843.216.9118
fthompson@motleyrice.com

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

October 6, 2022

**VIA E-MAIL and ECF**
Hon. Richard Mark Gergel
U.S. District Court for the District of South Carolina
J. Waites Waring Judicial Center
83 Meeting Street
Charleston, South Carolina 29401

  Re: **Aqueous Film-Forming Foams (AFFF) Prods. Liab. Litig., MDL No. 2873**

Dear Judge Gergel:

Pursuant to the Court's Order Designating the First Bellwether Water Provider Trial and Regarding Submissions to the Court [ECF No. 2613], the Plaintiffs' Executive Committee ("PEC") writes in response to the Defendants' October 3, 2022, correspondence concerning page limitations for Rule 702/*Daubert* briefing ("DCC's Letter")[ECF No. 2636].

In their letter, Defendants request 125 total pages for their initial Rule 702/*Daubert* briefing. From the standpoint of the PEC, 125 total pages is excessive especially given the extensive summary judgment briefing that will be occurring contemporaneously as well as the significant number of annexed exhibits, which will undoubtedly be voluminous. The PEC submits that, consistent with the page limitations that the Court permitted for summary judgment briefing, the Defendants should be permitted 35 pages for an omnibus Rule 702/*Daubert* brief, as well as five pages per defendant group, provided those individual briefs are non-duplicative of the omnibus brief.[1] Given that there are 10 defendant groups in *City of Stuart*,[2] this would amount to a total of 85 pages for initial Rule 702/*Daubert* briefs.[3] Even coupled with the contemporaneous summary judgment briefing, this would ensure that no more than 170 pages of opening briefing would be filed (per side).

---

[1] *See* Hr'g Tr. at 4:16–23 (Aug. 19, 2022).

[2] *See* September Joint Status Report at p. 44-45.

[3] This limitation is consistent with what the Court provided the Parties for summary judgment briefing.

MT. PLEASANT, SC  |  MORGANTOWN, WV  |  CHARLESTON, WV  |  PROVIDENCE, RI  |  WASHINGTON, DC  |  CHERRY HILL, NJ
PHILADELPHIA, PA  |  HARTFORD, CT  |  NEW ORLEANS, LA  |  KANSAS CITY, MO  |  NEW YORK, NY



October 7, 2022
Page 2

Of note, the PEC anticipates that Defendants will challenge at least one or more, and in some instances all, of the opinions of every one of Plaintiffs' 14 experts. By contrast, the PEC intends to move only on a handful of the Defendants' 51 experts. To this end, 35 omnibus pages and 5 pages per defendant group is by far enough pages, and, frankly, could be less.

Prior to the DCC's letter being filed, the PEC proposed to Defendants that the Parties adopt the same page limitations for Rule 702/*Daubert* motions that the Court permitted for summary judgment. However, Defendants rejected this proposal. As such, the Parties are at an impasse with respect to Rule 702/*Daubert* page limitations and require Court intervention.

We thank the Court for its continued time and courtesies,

Respectfully submitted,

*[signature]*

Fred Thompson, III
***Plaintiffs' Liaison Counsel***


Enclosure

cc:    Defense Liaison Counsel