IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG<br><br>**This Document relates to:**<br><br>*City of Stuart, Florida v. 3M Company, et al.,*<br>**2:18-cv-03487-RMG** |

**MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS
E. I. DU PONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY, AND
<u>THE CHEMOURS COMPANY FC, LLC</u>**

E. I. du Pont de Nemours and Company, The Chemours Company, and The Chemours Company FC, LLC, together bring this motion for summary judgment on all claims brought by the City of Stuart. These Defendants are referred to as "DuPont/Chemours" herein.

## INTRODUCTION

DuPont/Chemours have never manufactured nor sold aqueous film-forming foam (AFFF). Korzeniowski Rpt., JX 7, at 17-23.[1] Rather, DuPont/Chemours manufactured a component — either the telomer iodide or the fluorocarbon surfactant—that was eventually used to produce AFFF by AFFF manufacturers. *Id*. At no time have DuPont/Chemours used either PFOS or PFOA as an ingredient or in the manufacture of these products. *Id.* at 9-10. At no time have DuPont/Chemours used the electrochemical fluorination ("ECF") process to manufacture these products. Only 3M used that process, whereas DuPont/Chemours solely used the telomerization process. *Id.* at 19-20. No allegation in this litigation related to PFOS or branched PFOA contamination applies to DuPont/Chemours.[2]

Summary judgment in favor of DuPont/Chemours is warranted because: (1) Plaintiff cannot meet its burden to prove the conduct of DuPont/Chemours caused Plaintiff's harm, and (2) DuPont/Chemours had no duty to warn.

---

[1] All JX references are to documents identified in and appended to the Joint Exhibit List filed separately on behalf of all Defendants today.

[2] *See Defs' Omnibus Mem. of Law in Support of Motion to Exclude Plaintiffs' Experts' Opinion Testimony* ("Defendants' Omnibus Rule 702 Motion"), filed this same day, which is incorporated herein by reference, for an explanation of telomer iodides, fluorocarbon surfactants, PFOS, PFOA, and the telomer and ECF processes.

# ARGUMENT

I. **All of Plaintiff's Claims Fail Because Plaintiff Cannot Prove Causation Against DuPont/Chemours**.

As a fundamental matter, to establish causation, Plaintiff must first prove that the PFOA they claim degraded from telomer AFFF, allegedly found through sampling in City wells, originated from telomer AFFF and not one of dozens of other potential sources. For the reasons set forth in Defendants' Omnibus Rule 702 Motion, Plaintiff's proof fails on even that initial element. It is undisputed that multiple entities (both defendants and non-defendants) manufactured fluorotelomer products and that those products were used in dozens of industries other than firefighting foam. *See* Love Rpt., JX 9, at 23-25, 50. It is also not disputed that PFOA allegedly degrading from telomer AFFF is chemically indistinguishable from PFOA emanating from those many other sources. *E.g.*, Love Rpt., JX 9, at 50 (FT-AFFF); Higgins Dep., JX 26, at 114:20-116:02 (ECF). Plaintiff cannot prove causation against DuPont/Chemours (or any telomer Defendant) because its experts failed to reliably rule out those other potential sources of PFOA contamination. *See* Defendants' Omnibus Rule 702 Motion.

Beyond that fundamental deficiency, to prevail against DuPont/Chemours on any claim, Plaintiff must prove that they *specifically* caused its harm.[3] Florida law requires proof that tortious conduct "directly and in natural and continuous sequence produces or contributes substantially to producing such … injury … so that it can reasonably be said that, but for the [tortious conduct], the injury would not have occurred." *Aubin v. Union Carbine Corp.*, 177 So.3d 489, 513 (Fla.

---

[3] *See Rider v. Sandoz Pharms. Corp.*, 295 F.3d 1194, 1197 (11th Cir. 2002) ("Toxic tort cases, such as this one, are won or lost on the strength of the scientific evidence presented to prove causation."); *see also Evans v. Matrixx Initiatives, Inc.*, No. 3:07-CV-357-J-34JRK, 2009 WL 2914252, at *5 (M.D. Fla. Feb. 18, 2009) ("[B]ecause Plaintiffs are relying on a toxic tort theory, they must prove both general and specific causation.").

2015), *citing In re Std. Jury Instr. In Civ. Cases–Report No. 13-01*, 16- So.3d at 877. "A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced," Plaintiff cannot prevail. *Gooding v. Univ. Hosp. Bldg., Inc.*, 445 So. 2d 1015, 1018 (Fla. 1984).

Here, none of Plaintiff's causation experts (Mr. Anthony Brown, Dr. Christopher Higgins, and Dr. Jonathan Martin) opine that the conduct of DuPont/Chemours was a cause without which the alleged contamination would not have occurred. Mr. Brown concedes that he ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* Brown Dep., JX 21, at 197:12-18. Significantly, neither did Dr. Higgins nor Dr. Martin. Both experts opine that the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* Higgins Rpt., JX 4, at 30-34. Regarding linear PFOA, they offer no opinion that DuPont/Chemours' conduct, or their products, were a cause without which the contamination would not have occurred. Without such an opinion, Plaintiff's claims cannot survive summary judgment under established Florida law. *See Aubin*, 177 So.3d at 489.

Indeed, Dr. Higgins vaguely opines ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Higgins Rpt., JX 4, at 32. Dr. Martin, for his part, opines that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Martin Rpt., JX 13, at 83. Dr. Martin then claims that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.* at 85. Dr. Martin performed no quantitative or qualitative analysis within those ranges specific to any telomer defendant.

3

Collective evidence is insufficient to prove Plaintiff's case against DuPont/Chemours. Simply assigning a percentage range of telomerized PFOA allegedly found in samples does not prove that the conduct of DuPont/Chemours was a but-for cause, without which the contamination would not have occurred. There is, in fact, no evidence in the record that would allow a jury to conclude that DuPont/Chemours caused Plaintiff's harm. To the contrary, Plaintiff's causation case rests solely on "speculation [and] conjecture." *Gooding*, 445 So. 2d at 1018. Even viewing the evidence in the light most favorable to the Plaintiff (those allegations being denied), at best, Plaintiff's experts have demonstrated a "mere possibility" that the conduct of multiple parties, only possibly including DuPont/Chemours, might have contributed to Plaintiff's alleged harm. *See id.* Because that evidence does not prove causation against these Defendants specifically, Plaintiff cannot prevail on any claim against DuPont/Chemours. *Id.* Summary judgment on all claims is warranted as a matter of law.

## II.     Plaintiff Cannot Prevail on Any Failure-to-Warn Theory Because DuPont/Chemours Had No Duty to Warn.

DuPont/Chemours are also entitled to summary judgment on Counts I and II (and any portion of Count IV that sounds in failure-to-warn).

It is undisputed that DuPont/Chemours never manufactured nor sold AFFF to any party, including the City of Stuart. *See* Korzeniowski Rpt., JX 7, at 23. DuPont/Chemours only manufactured a component, which they sold down the stream of commerce, never having any control over the final product, which was formulated, labeled, packaged, and distributed by third parties. *Id.* at 19-23. As a practical matter, an upstream manufacturer in such a position is unable to provide end users with warnings regarding any alleged hazards associated with its product because it has no contact with the ultimate end user, and the end product was manufactured, then re-packaged and re-labeled long after it left the component manufacturer's hands. *See Pike v.*

4

*Trinity Industries, Inc.*, 34 F. Supp. 3d 1193, 1201 (M.D. Fla. 2014) (holding that an upstream manufacturer "should not be burdened with the often difficult task of providing instructions [to downstream consumers] on how to properly perform the basic operation").

Further, Plaintiff's experts opine ███████████████████████████████████████████████████████████████████████████, an allegation DuPont/Chemours denies. *See* Siegel Dep., JX 38, at 198:10–199:1; *see also* Defendants' Omnibus Rule 702 Motion. Regardless, accepting Plaintiff's allegations as true for purposes of this motion, ███████████████████████████████████████████████, Plaintiff cannot argue that DuPont/Chemours unreasonably relied on AFFF Manufacturers to warn the City of Stuart about any potential dangers. DuPont/Chemours are entitled to judgment on Plaintiff's failure-to-warn claims for that reason as well.

## CONCLUSION

For the reasons stated herein, E. I. du Pont de Nemours and Company, The Chemours Company, and The Chemours Company FC, LLC, are entitled to summary judgment on all claims.

Respectfully submitted,

Dated: December 2, 2022

By: */s/ Brent Dwerlkotte*
**SHOOK, HARDY & BACON LLP**
Brent Dwerlkotte
David R. Erickson
Jennifer E. Hackman
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
derickson@shb.com
dbdwerlkotte@shb.com
jhackman@shb.com

**HOOD LAW FIRM, LLC**
Molly H. Craig (6671)
James B. Hood (9130)
Virginia Rogers Floyd (12212)
172 Meeting Street
Post Office Box 1508
Charleston, SC 29402
Phone: (843) 577-4435
Facsimile: (843) 722-1630
molly.craig@hoodlaw.com
james.hood@hoodlaw.com
virginia.floyd@hoodlaw.com

*Counsel for Defendants E.I. Du Pont De Nemours and Company, The Chemours Company, and The Chemours Company FC, LLC*

6

## CASE MANAGEMENT ORDER 19F CERTIFICATION

Pursuant to CMO-19F, the Defense Co-Leads, on behalf of the DCC, hereby certify that the foregoing supplemental brief does not duplicate the arguments or record evidence already presented in the omnibus summary judgment brief.

/s/ *Michael A. Olsen*

| | |
|---|---|
| Michael A. Olsen | Brian Duffy |
| Mayer Brown LLP | Duffy & Young LLC |
| 71 South Wacker Drive | 96 Broad Street |
| Chicago, IL 60606 | Charleston, SC 29401 |
| P: (312) 701-7120 | P: (843) 720-2044 |
| F: (312) 706-8742 | F: (843) 720-2047 |
| molsen@mayerbrown.com | bduffy@duffyandyoung.com |
| | |
| Joseph G. Petrosinelli | David E. Dukes |
| Williams & Connolly LLP | Nelson Mullins Riley & Scarborough LLP |
| 680 Maine Ave., S.W. | 1320 Main Street, 17th Floor |
| Washington, DC 20024 | Columbia, SC 29201 |
| P: (202) 434-5547 | P: (803) 255-9451 |
| F: (202) 434-5029 | F: (803) 256-7500 |
| jpetrosinelli@wc.com | david.dukes@nelsonmullins.com |
| | |
| *Co-Lead Counsel for Defendants* | *Co-Liaison Counsel for Defendants* |

7

## CERTIFICATE OF SERVICE

I certify that on December 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Brent Dwerlkotte*
Brent Dwerlkotte