# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG<br><br>CASE MANAGEMENT ORDER NO. ##<br><br>This Order Relates to All Actions |

### SECOND BELLWETHER PROGRAM: INITIAL PERSONAL INJURY CLAIMS

The Court hereby issues the following initial Case Management Order ("CMO") to govern a second set of Bellwether cases alleging certain personal injuries in this complex MDL.[1]

With the Bellwether process for the Water Provider cases having completed Tier 2 discovery on February 21, 2022, expert reports tendered, expert discovery completed, and the first trial case (*City of Stuart*) set for trial, and following the comments from the Court at the case management conference on September 23, 2022 and October 21, 2022, as well as the Court's Order dated September 23, 2022 [Dkt 2613], the Parties submit the following to address certain of the personal injury cases.

As with the Water Provider Bellwether cases, to address the complexities of the cases in general, the Court will implement a two-step process for this category of Bellwether cases. The first step will consist of identifying and selecting certain "Initial Personal Injury Bellwether Discovery Pool Plaintiffs." These Initial Personal Injury Bellwether Discovery Pool Plaintiffs will be selected by the Parties and undergo additional discovery (beyond the Plaintiff Fact Sheet

---

[1] These include any individual personal injury plaintiffs who may have **also** alleged and/or served a separate Plaintiff Fact Sheet seeking medical monitoring or property damage. For clarity purposes, excluded from these Round 2 Bellwether Discovery Pool cases is any case in which a plaintiff submitted a Plaintiff Fact Sheet(s) *only* for medical monitoring and/or property damage. This pool also excludes any case in which class certification is sought.

1

("PFS") and Defense Fact Sheet ("DFS") processes and the general liability discovery of Defendants), which shall be referred to as "Core Discovery." This process and the cases in this process will also be referred to as "Personal Injury Tier One." Following Core Discovery (a/k/a Tier One) in the Initial Personal Injury Bellwether Discovery Pool Plaintiffs cases, the Parties and Court will narrow the Initial Personal Injury Bellwether Discovery Pool Plaintiffs to a set of "Initial Personal Injury Bellwether Trial Pool Plaintiffs" or "Personal Injury Tier Two" cases. Thereafter, the Tier Two cases will undergo additional discovery to become trial ready, including expert reports, expert discovery, and dispositive motions practice, with the Court setting a trial date for the first personal injury bellwether trial. The process shall proceed as follows:

    **A.    Eligibility Requirements for Initial Personal Injury Bellwether Discovery Pool Plaintiffs.**

        1.    In order to be eligible for selection as an Initial Personal Injury Bellwether Discovery Pool Plaintiff, a plaintiff must have filed and served his or her complaint on all named defendants on or before December 23, 2022 and that plaintiff must have served a substantially complete Personal Injury PFS pursuant to CMO 5 by December 29, 2022.[2] In addition to other potential deficiencies, a plaintiff's failure to provide a specific disease/diagnosis in answer to Personal Injury Plaintiff Fact Sheet Question 24 or a list of medical providers in answer to Question 25 shall render that fact sheet per se inadequate and not "substantially complete" within the meaning of CMO 5. Without prejudice to their later ability to identify further deficiencies, Defendants shall identify to the PEC any Personal Injury Plaintiff Fact Sheets that are not substantially complete by January 20, 2023, and Plaintiffs shall cure such deficiencies or object to the same by February 3, 2023.

---

[2] Any plaintiff also asserting a property damage and/or medical monitoring claim must also serve a substantially complete PFS for such other claim type(s) by this date in order to be eligible for selection as an Initial Personal Injury Bellwether Discovery Pool Plaintiff.

2

The Parties shall promptly meet and confer as to any disputes as to the sufficiency of a PFS and, to the extent that they cannot resolve such deficiencies, shall promptly bring such disputes to the Court's attention for resolution on an expedited basis.

2. Further, only plaintiffs alleging the following diseases in their Personal Injury PFS shall be eligible for selection as an Initial Personal Injury Bellwether Discovery Pool Plaintiff:

**Plaintiffs' Position:**

    i.    Kidney Cancer

    ii.    Testicular Cancer

**Defendants' Position:**

    i.    Kidney Cancer

    ii.    Testicular Cancer

    iii.    Hypothyroidism/Thyroid Disease

    iv.    Ulcerative Colitis

    v.    Pregnancy-Induced Hypertension

3. In addition, for a plaintiff to be eligible for selection as an Initial Personal Injury Bellwether Discovery Pool Plaintiff, the plaintiff must allege exposure to PFAS from an AFFF source in their drinking water and may not allege PFAS exposure from direct exposure to AFFF.

4. The Initial Personal Injury Bellwether Discovery Pool Plaintiffs shall claim exposure from the following sites:

**Plaintiffs' Position:**

    i.    Naval Air Station Joint Reserve Base Willow Grove and/or Naval Air Warfare Center Warminster

3

**Defendants' Position:**

    i.    Peterson Air Force Base and/or Colorado Springs Municipal Airport

    ii.    Naval Air Station Joint Reserve Base Willow Grove and/or Naval Air Warfare Center Warminster

5. By no later than February 3, 2023, the Parties shall exchange a list of Plaintiffs each deems to be eligible for selection as a Tier One Personal Injury Bellwether Pool case based on the criteria above. Should the Parties' lists differ, they shall promptly meet and confer to resolve such differences.

**B.  Selection Of Initial Personal Injury Bellwether Discovery Pool Plaintiffs**

1. The Initial Personal Injury Bellwether Discovery Pool Plaintiffs shall be selected by the Parties by March 3, 2023. For the avoidance of doubt, selection shall be of individual plaintiffs and not entire cases where plaintiffs may have been part of multiple-plaintiff complaints. (However, an individual plaintiff named in a multi-plaintiff complaint can be selected). However, all claims brought by the selected individual plaintiff, including any dependent or derivative claims (*e.g.*, loss of consortium), shall be litigated in this process, including, for example, claims for property damage or diminution in value.

**Plaintiffs' Position:**

2. The Parties shall select the following number of plaintiffs: eight (8) testicular cancer cases and eight (8) kidney cancer cases.

**Defendants' Position:**

2. The Parties shall select 36 Initial Personal Injury Bellwether Discovery Pool Plaintiffs, including eight plaintiffs alleging each of (i) kidney cancer, (ii) testicular cancer, (iii) hypothyroidism/thyroid disease, and (iv) ulcerative colitis, and (v) four plaintiffs alleging pregnancy-induced hypertension. For the avoidance of doubt, a plaintiff alleging

4

more than one of the above injuries shall be counted toward the total number of plaintiffs selected for each injury alleged.

      3.      In the event the Parties cannot agree on the plaintiffs to be selected in one or more disease categories—and the Parties are strongly encouraged to agree and to make their best efforts to select representative cases in each category—the PEC and Defendants shall each select half of the remaining plaintiffs not reached by agreement for that particular category. These plaintiffs' cases shall be the Initial Personal Injury Bellwether Discovery Pool Plaintiffs.

      4.      Should any plaintiff voluntarily dismiss his or her action following selection as an Initial Personal Injury Bellwether Discovery Pool Plaintiff, such dismissal shall be with prejudice, absent agreement of the Parties or some special circumstances that may be presented to the Court if the Parties cannot agree. Should the plaintiffs dismiss any case for any reason prior to April 14, 2023, Defendants may (but are not required to) select a replacement plaintiff ("Replacement Plaintiff") for each dismissed Initial Personal Injury Bellwether Discovery Pool Plaintiff by no later than April 28, 2023.

      5.      If a Defendant wishes to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the Defendant shall follow the requirements of CMO-2 and CMO-2A regarding the filing of a single, consolidated motion of no more than 25 pages, to be filed no later than 30 days after case selection of the Personal Injury Bellwether Discovery Pool Cases, unless the Court orders otherwise.

      6.      By no later than March 10, 2023, the Parties shall jointly submit to the Court a list with each selected case, including the following information: (1) Plaintiff's counsel information, (2) list of all defendants in the case (and counsel information), (3) a list of

5

parties that have and have not waived *Lexecon* rights (4) a brief summary of the alleged injury(ies) and site(s) of AFFF exposure, and (5) ECF references to the proposed Bellwether Plaintiff's operative Complaint and relevant Defendants' statements of affirmative defenses. For the avoidance of doubt, if a party waives *Lexecon* as to a specific case in the Initial Personal Injury Discovery Bellwether Pool, such waiver will not apply to any other case in the MDL. The Court, with input from the PEC and DCC leadership, shall determine the best way to address any party's failure to waive *Lexecon* as it would pertain to one of the Initial Personal Injury Bellwether Discovery Pool Plaintiffs

7. Should the Court disapprove of any case proposed for inclusion in the Initial Personal Injury Discovery Bellwether Pool, the Parties shall meet and confer to select a replacement case or cases and promptly propose such additional case(s) to the Court in accordance with the procedures set forth above.

**C.     Core Discovery Of Initial Personal Injury Bellwether Discovery Pool Plaintiffs**

1. The Parties shall conduct Core Discovery as to the Initial Personal Injury Bellwether Discovery Pool Plaintiffs from March 3, 2023 through **[Plaintiffs' Position]** May 12, 2023 / **[Defendants' Position]** November 17, 2023.

2. To the extent not already accomplished, by no later than March 10, 2023, each Initial Personal Injury Bellwether Discovery Pool Plaintiff shall provide to Defendants (via email at DefensePIBellwether@duffyandyoung.com) updated medical record and water and utility company record authorizations dated no earlier than December 1, 2022, if not previously done in prior months. Following submission of such updated authorizations, each plaintiff shall continue to cooperate in good faith with Defendants as necessary to ensure reasonable access to plaintiff's medical records.

3. Each plaintiff selected as a Replacement Plaintiff, if any, shall provide to Defendants (via email at DefensePIBellwether@duffyandyoung.com) within 14 calendar days of selection updated medical record and water and utility company record authorizations dated no earlier than three months prior to selection as a Replacement Plaintiff.

4. Core Discovery pertaining to the Initial Personal Injury Bellwether Discovery Pool Plaintiffs shall consist of:

    i. Collection of records pursuant to authorizations provided by the Initial Personal Injury Bellwether Discovery Pool Plaintiffs;

        1. Pursuant to Paragraph 21 of CMO 5, Defense Co-Leads may request such additional authorizations as may be necessary to obtain documents in addition to those for which production is expressly provided pursuant to the medical record and water and utility company record authorizations required as part of the Plaintiff Fact Sheet process.

**Plaintiffs' Position:**

    ii. Initial Personal Injury Bellwether Discovery Pool Requests for Production and Interrogatories, to be served by the individual Plaintiff Counsel and Defense Co-Lead Counsel, respectively, upon all parties to cases involving the Initial Personal Injury Bellwether Discovery Pool Plaintiffs, as follows:

        1. Not to exceed 10 requests for production and 10 interrogatories, including discrete subparts;

        2. Any document productions made in response to the Initial Personal Injury Bellwether Discovery Pool Requests for each case; Production shall be substantially completed within 45 days of service of the requests or, if applicable, 30 days after agreement on necessary search terms for such Requests.

**Defendants' Position:**

    ii. Master Initial Personal Injury Bellwether Discovery Pool Requests for Production and Interrogatories, to be served by the PEC and Defense Co-Lead Counsel, respectively, upon all parties to cases involving the Initial Personal Injury Bellwether Discovery Pool Plaintiffs, as follows:

1. Not to exceed 20 requests for production and 20 interrogatories, including discrete subparts;

2. Directed principally towards (a) plaintiffs' medical histories (including personal and family histories) and treatments; (b) plaintiffs' medical expenses; (c) plaintiffs' alleged property damages, if any; and (d) identification of potential sources of plaintiffs' PFAS exposure, including but not limited to AFFF product identification.

3. Core Discovery should not be duplicative of discovery previously served in the AFFF MDL.

4. Any document productions made in response to the Master Initial Personal Injury Bellwether Discovery Pool Requests for each case; Production shall be substantially completed within 98 days of service of the requests or, if applicable, 98 days after agreement on necessary search terms for such Requests.

iii. The presumptive limit on depositions shall be as set forth below. Should a party assert that additional depositions beyond this presumptive limit are necessary for the Core Discovery Phase, the Parties shall meet and confer and promptly raise any disputes with the Court as necessary:

1. Party Depositions

    Defendants shall presumptively be entitled to depose a Plaintiff and one other plaintiff, spouse, partner or other fact witness in each case, for a total of two such depositions per case.

    **Plaintiffs' Position:** Each Plaintiff shall presumptively be limited to one deposition of each Defendant related to case-specific matters only.

    **Defendants' Position:** Plaintiffs, collectively, shall presumptively be limited to two depositions of each Defendant related to case-specific matters only.

2. Non-Party Depositions

    The Parties shall cooperate and coordinate the taking of relevant non-party depositions that shall presumptively be limited to one, but if special circumstances exist, no more than two depositions of relevant healthcare provider(s), and eight witnesses related to AFFF and/or water contamination for each of the sites set forth in Section A.4 above.

8

> To the extent a plaintiff is alleging property damage claims, the Parties shall cooperate and coordinate the taking of one (1) additional non-party deposition related to that claim.
>
> Neither side may issue deposition notices for any third-party deposition absent agreement and must first meet and confer and must promptly submit any disputes over the deposition of third-parties to the Court. Neither side may notice the deposition of plaintiffs absent agreement unless and until production of medical records is reasonably complete and the Parties must confer on scheduling of such depositions, absent special circumstances.

   iv. Failure of a party to take any of the depositions permitted in Core Discovery pursuant to Paragraph C.4.iii shall not constitute a waiver of a party's ability to seek such deposition in subsequent discovery as to Initial Personal Injury Bellwether Trial Pool Plaintiffs.

**D.    Further Personal Injury Bellwether Proceedings.**

==Plaintiffs' Position:==

==1.     Following completion of Core Discovery in the Initial Personal Injury Bellwether Discovery Pool Cases, the Court shall narrow the Bellwether Individual Personal Injury Discovery Cases to a smaller pool of Tier 2 plaintiffs. These Tier 2 plaintiffs will then undergo preparation for trial, including additional fact discovery, expert discovery, and dispositive and trial-related motion practice. The Parties shall meet and confer and endeavor to submit a proposed Case Management Order by which Tier 2 cases will be selected followed by a process to select the final trial cases at a later date. There shall be no fewer than two (2) cases from each injury type selected as Tier 2 cases, absent agreement by the Parties and approval by the Court. These figures include cases to be jointly tried.==

==Defendants' Position:==

==1.     Following completion of Core Discovery in the Initial Personal Injury Bellwether Discovery Pool Cases, the Court shall narrow the Bellwether Individual==

9

Personal Injury Discovery Cases to a smaller pool of Tier 2 plaintiffs. These Tier 2 plaintiffs will then undergo preparation for trial, including additional fact discovery, expert discovery, and dispositive and trial-related motion practice. The Parties shall meet and confer and endeavor to submit a proposed Case Management Order by which Tier 2 cases will be selected followed by a process to select the final trial cases at a later date. There shall be no fewer than two (2) cases and no more than four (4) cases from each injury type selected as Tier 2 cases, absent agreement by the Parties and approval by the Court.

2. By no later than **[Plaintiffs' Position]** April 7, 2023 / **[Defendants' Position]** October 13, 2023, the Parties shall propose a process for selecting the Initial Personal Injury Bellwether Trial Pool Plaintiffs, as well as a schedule for completing such further discovery and trial preparation, up to the selection of the first personal injury bellwether trial.

3. The Parties are also directed to meet and confer on a process for addressing personal injury claims not included in Part A above, including the potential dismissals of certain categories of injuries or other mechanisms for management of such claims that the Parties may determine are appropriate. The Parties will endeavor to submit a draft Case Management Order (or competing proposed orders) in advance of the **[Plaintiffs' Position]** May 2023 / **[Defendants' Position]** February 2023 case management conference.

**IT IS SO ORDERED.**

Dated: _____, 2022         _____
Charleston, South Carolina                                   Hon. Richard M. Gergel
                                                             United States District Judge

10