

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000  **f.** 843.216.9450

**Fred Thompson III**
*Licensed in South Carolina*
direct: 843.216.9118
fthompson@motleyrice.com

www.motleyrice.com
"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

December 19, 2022

**<u>VIA ECF</u>**
Hon. Richard Mark Gergel
U.S. District Court for the District of South Carolina
J. Waties Waring Judicial Center
83 Meeting Street
Charleston, South Carolina 29401

Re: *In re AFFF Products Liability Litigation*, MDL No. 2:18-mn-2873-RMG

Dear Judge Gergel:

The PEC writes in response to defendants E. I. du Pont de Nemours and Co., The Chemours Company, and Chemours Company FC, LLC's ("Defendants") request to file under seal certain documents that they submitted in connection with a December 16, 2022 motion for reconsideration or certification for interlocutory appeal ("Reconsideration Motion").[1]

While the PEC is not surprised to see these particular Defendants attempt to avoid this Court's December 1, 2022 Order granting, in part, Plaintiffs' Motion to Compel,[2] and will file a timely

---

[1] Although Defendants state in their Reconsideration Motion that they "they are producing the documents … that are not affected by [their] motion," and which the Court's December 1, 2022 Order required to be produced by December 16, 2022 (Dkt. No. 2687 at p. 4), it is apparent that Defendants did not produce all such documents. In particular, Defendants do not challenge, among other things, that portion of the Court's December 1 Order that overruled their objection to producing communications with various third-parties, and which required such communications to be produced within 15 days, *i.e.*, by December 16, 2022. Although Defendants produced some third-party communications, it appears that Defendants are continuing to withhold others, including communications with entities that the Court held Defendants did not share a privileged relationship with. The PEC will obviously take this matter up with Defendants.

[2] DuPont's repeated corporate pattern and practice of willful misconduct in litigation, including discovery abuses, is well-documented. *See, e.g.*, *Bush Ranch v. E. I. du Pont de Nemours & Co.*, 918 F. Supp. 1524, 1530 (M.D. Ga. 1995) (imposing criminal sanction finding "DuPont's conduct to be the ***most serious abuse*** [this Court has seen] in its years on the bench and the most serious abuse reflected in the legal precedents") (emphasis added), *rev'd & remanded* 99 F.3d 363, 369 (11th Cir. 1996) (reversing trial court's imposition of criminal sanctions, because "even though DuPont and its counsel may very well have engaged in ***criminal acts***, we must reverse the contempt order because the district court did not afford DuPont the procedural protections the Constitution requires for the imposition of criminal contempt sanctions") (emphasis added); *Strong v. E. I. du Pont de Nemours & Co.*, 968 So.2d 410, 414 (Miss. 2007) (trial court acted within its discretion by sanctioning DuPont for its "***abuse of the discovery process***") (emphasis added); *Kawamata Farms v. United Agri. Prods.*, 948 P.2d 1055, 1098 (Hawaii 1997) (affirming trial court's $1.5 million sanction against DuPont for "***unprecedented discovery fraud***") (emphasis added); *Monsanto Co. v. E. I. du Pont de Nemours & Co.*, 2011 U.S. Dist. LEXIS 158214 (E.D. Mo. Dec. 21, 2011) (Court found that DuPont "***perpetrated a fraud against the Court***," "knowingly and in bad faith ***made false***



December 19, 2022
Page 2

response to the Reconsideration Motion, at issue now is their attempt to improperly seal certain documents. Indeed, Exhibit 4 to Defendants' Reconsideration Motion was already publicly filed in these cases and is currently available on the public docket. (Dkt. No. 2318-19.) There is therefore no basis to seal it now.

Defendants also seek to seal an October 13, 2022 Procedural Order that was issued in an arbitration between DuPont de Nemours, Inc., *et al*. and The Chemours Company. The Court should not consider the Procedural Order at all because Defendants could have offered it to oppose Plaintiffs' Motion to Compel, but failed to do so. The Procedural Order therefore does not constitute "new" evidence that could provide a basis for the Court to reconsider its prior ruling. It is well-settled that "[a] motion to reconsider under Rule 54(b) does not constitute a license to present new evidence that was previously available to the movant." *Hulbert v. Pope*, 2021 U.S. Dist. LEXIS 194013, at *5 (Dist. Md. Oct. 6, 2021); *Potain Tower Cranes, Inc. v. Capitol Tower Cranes, Inc.*, 1989 U.S. App. LEXIS 20678, at *5-6 (4th Cir. Dec. 8, 1989) (reconsideration denied "because all of the 'new' evidence introduced by [the defendant] … could have been submitted previously"). If Defendants wished to have the Court consider a Procedural Order from their arbitration in connection with deciding Plaintiffs' Motion to Compel, they should have (and could have) filed it in opposition to Plaintiffs' motion. They are not permitted to do so on a motion for reconsideration. Furthermore, the document was not previously produced and was not otherwise provided to Plaintiffs in connection with any meet and confers relating to sealing. Therefore, the document should not be part of the record on reconsideration and should not be filed under seal.[3]

---

*representations* to the Court that are clearly refuted by internal documents produced by" DuPont, showed "no remorse for their wrongdoing" but to compound the seriousness of their behavior, insist on maintaining their bogus arguments, despite the overwhelming evidence that those arguments are directly contradicted by the facts," thereby making "a mockery of this proceeding," "compromise[ing] the integrity of the case and **abused the judicial process**" amounting "to **vexatious conduct**," with "**behavior** … **so egregious** that only the most severe sanctions will deter future misconduct") (emphasis added); *In re C-8 Pers. Inj. Litig.*, 204 F. Supp. 3d 962, 966-67, 974, 1119 (S.D. Ohio 2016) (finding that DuPont's legal arguments are "not based on any fact," "untenable," "untrue and disingenuous," and "frivolous and patently false"); Ex. 36, *Ohio Atty. Gen. v. E. I. du Pont de Nemours & Co.*, No. 21CA000022 (Ohio Ct. App. Mar. 25, 2022) (finding DuPont's appeal "frivolous" and putting DuPont on notice "that **they will subject themselves to sanctions** . . . should they attempt to appeal the same issue again") (emphasis added).

[3] The PEC does not address the Procedural Order's lack of relevance here and reserves its right to do so in its opposition to the Reconsideration Motion if the Court permits Defendants to include the document in the record on their Motion.



December 19, 2022
Page 3

We thank the Court for its continued time and courtesies.

Respectfully submitted,

Fred Thompson, III
*Plaintiffs' Liaison Counsel*

Encl.

cc:     All Counsel of Record (by ECF)
        Cary Kotcher, Esq. (via email) (Cary_Kotcher@scd.uscourts.gov)