IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>This Document relates to:<br>ALL CASES |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO INTERVENE BY
LOWER PASSAIC RIVER STUDY AREA COOPERATING PARTIES GROUP**

The Plaintiffs' Executive Committee ("PEC" or "Plaintiffs") submits this memorandum of law in opposition to the motion to intervene filed by third-party Lower Passaic River Study Area Cooperating Parties Group ("CPG") (Dkt. 2747).[1]

**I.     INTRODUCTION**

CPG's motion to intervene is an unnecessary distraction from the heart of the discovery dispute between the PEC and Defendants.[2] CPG is a third party group of potentially responsible parties for the Diamond Alkali Superfund Site; Old DuPont, among others, was a signatory to its organizational documents in 2007. CPG asserts a common interest privilege over approximately 450 documents withheld by Defendants in response to discovery requests issued by the PEC a year and a half ago (the "CPG Documents"). The CPG Documents are only a small subset of the much larger set of withheld documents that this Court ordered Defendants to produce in its December 1, 2022, Order on the PEC's motion to compel.

More importantly, the CPG Documents are already subject to Defendants' Motion for Reconsideration of that Order, and the PEC has agreed that, if the Court accepts Defendants'

---

[1] The PEC serves this response to CPG's Motion two days before the deadline of January 11, 2023.

[2] As used herein, "Old DuPont" refers to E. I. du Pont de Nemours and Company; "Chemours" refers to the Chemours Company and Chemours Company FC, LLC, together; and "Defendants" refers to Old DuPont and Chemours together.

1

claims of joint representation and common interest, the CPG Documents may be carved out from the order compelling production and the PEC will not object. (Dkt. 2761 at 4, 7 n.23.) In other words, there is no dispute for which CPG has an interest to argue in this litigation, and CPG's motion already has been rendered moot.

In addition to being moot, CPG fails to meet the requirements for either intervention of right or permissive intervention under Federal Rule of Civil Procedure 26. The interest that CPG seeks to protect—alleged privilege over the CPG Documents—is equally held and advanced by Defendants, and is set forth in Defendants' Motion for Reconsideration. CPG's intervention would simply rehash the arguments already set forth by Defendants. Because Defendants already represent the interests that CPG seeks to protect, CPG has no right to intervene. Moreover, CPG's intervention would only slow down the overdue production of vast quantities of documents— beyond simply the 450 CPG Documents. Because of this undue delay and prejudice to the PEC, CPG should not be permitted to intervene, and the Motion should be denied.

## II.     PROCEDURAL HISTORY[3]

On December 1, 2022, this Court issued an order compelling Old DuPont and Chemours to produce significant categories of documents previously withheld by those Defendants as privileged. Among other things, the Court held that Defendants waived privilege with respect to communications they produced to each other in the Delaware Action, and ordered that those documents be produced in full. (Dkt. 2687 at 7-8.) The CPG Documents are included within the scope of those documents ordered to be produced.

---

[3] The Procedural History behind the dispute between the PEC, on the one hand, and Old DuPont and Chemours, on the other, is set out in detail in Plaintiffs' Opposition to the Motion for Reconsideration or Certification for Interlocutory Appeal by Historic DuPont and Chemours, and incorporated here by reference. (Dkt. 2761 at 5-12.)

On December 16, 2022—the deadline for production of the documents at issue, including the CPG Documents—Defendants moved for reconsideration of the Court's order. (Dkt. 2727 (Motion for Reconsideration).) Nearly two weeks later, CPG filed this Motion. The PEC responded to the Motion for Reconsideration on January 5, 2023. (Dkt. 2761.)

### III.   ARGUMENT

#### A.   Legal Standard

The Federal Rules permit two potential types of intervention by third parties: intervention of right and permissive intervention. Intervention of right only exists upon "timely application" if (1) the party "is given an unconditional right to intervene by a federal statute," or (2) the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Permissive intervention is allowed only if the party "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact."[4] Fed. R. Civ. P. 24(b)(1). In determining whether to permit intervention, the court must consider whether the intervention will unduly delay or prejudice adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

#### B.   CPG Does Not Have A Right to Intervene

CPG does not have a right to intervene under Rule 24(a). "A party seeking intervention of right must show interest, impairment of interest, and inadequate representation." *In re Sierra Club*, 945 F.2d 776, 779 (4th Cir. 1991) (internal quotations omitted). Regardless of whether CPG's

---

[4] CPG does not argue that it has either an unconditional or conditional right to intervene by statute, so neither of those prongs are addressed herein.

3

assertion of privilege may be a cognizable interest under Rule 24, that interest has not been impaired, nor is it inadequately represented in this litigation.

CPG has not and cannot show that its interest in protecting the joint defense or common interest privilege has been or will be impaired. CPG seeks to intervene for the sole limited purpose of moving for a protective order over the CPG Documents; it has not asserted that it otherwise will seek to assert claims or defenses or be involved at all in this litigation outside of this single discovery dispute. The PEC has not contested that, if the Court accepts Defendants' claims of joint representation and common interest, the approximately 450 CPG Documents may be carved out from the order compelling production, and has stated that it will not object if the Court does not require production of the CPG documents. (Dkt. 2761 at 4, 7 n.23.)[5] If the Court so revises its order, then CPG will have no interest or threat of impairment, thereby mooting this Motion. *See United States v. Baltimore Police Dep't*, 249 F. Supp. 3d 814 (D. Md. 2017) (denying motion to intervene for limited purpose as moot where that purpose no longer existed).

Moreover, CPG has not shown, and cannot show, that its interests are not adequately represented here by Old DuPont and Chemours. "When the party on whose side a movant seeks to intervene is pursuing the same result that the movant is urging, a presumption arises that the movant's interest is adequately represented, so that the movant must show 'adversity of interest, collusion, or nonfeasance.'" *JLS, Inc. v. Public Service Comm'n of W. Va.*, 321 Fed. App'x 286, 289 (4th Cir. 2009) (citing *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976)). The interest asserted by CPG is a common interest privilege that purportedly exists between and among CPG's members—meaning that Defendants already have an interest in

---

[5] The list of documents to which the PEC would not object is included as Exhibit 2 to the Downing Declaration accompanying the PEC's Opposition to the Motion for Reconsideration. (Dkt. 2761-3.)

4

protecting that privilege and, as the parties here, already are doing so. (*See* Dkt. 2727 (seeking reconsideration of order compelling production of, among other things, the CPG Documents).) In fact, CPG concedes that Old DuPont is already seeking to protect those interests. (Dkt. 2747-1 at 6 (citing Dkt. 2727 at 14).) For example, in *United States v. Duke Energy Corp.*, 218 F.R.D. 468 (M.D.N.C. 2003)—a situation bearing a striking resemblance to this one—UARG, a trade association of which the defendant, Duke Energy, was a member, sought to intervene to protect documents shared between UARG members over which they asserted a joint defense or common interest privilege. *Id.* at 469. Duke Energy had moved for a protective order over those documents, which the court denied. Thereafter, UARG sought to intervene to object to or appeal that order. *Id.* at 470. The court found, among other things, that UARG's interests were adequately protected by Duke Energy because it was asserting the exact same privilege, and therefore denied the motion to intervene. *Id.*

CPG has not alleged adversity of interest, collusion, or nonfeasance here. Instead, it simply argues that it has greater incentive to maintain the privilege of the CPG Documents than Defendants do because they are only a subset of the total universe of documents that Defendants have been ordered to produce. (Dkt. 2747-1 at 5.) This argument misses the point. CPG is not asserting that Defendants do not have incentive to maintain the privilege; rather, its argument seems to be that Defendants have many other issues to deal with, so CPG should be entitled to come in and bolster the arguments that Defendants already made. But that does not amount to "adversity of interest, collusion, or nonfeasance." Rather, "[a] mere difference of opinion concerning the tactics with which litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party or who are formally represented in the lawsuit." *In re: CEI, LLC*, No. 1:15-cv-00172-MOC, 2016 WL

5

3556606, at *5 (W.D.N.C. June 29, 2016) (internal quotations omitted). Unlike the movants in *JLS*, the sole case cited by CPG, the interests that CPG and Defendants seek to protect are *exactly the same*—a common-interest privilege asserted between and among CPG's members—and the parties have the *exact same* incentive to maintain that privilege.[6] CPG therefore has failed to show even the low standard that representation of its interest "may be" inadequate.

### C.     CPG Should Not Be Permitted to Intervene

CPG also should not be permitted to intervene pursuant to Rule 24(b). Permissive intervention is only warranted at the court's discretion if the party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 26(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Permitting CPG to intervene and rehash the same arguments already raised by Defendants would unnecessarily delay and prejudice final adjudication of the broader privilege issue. *See, e.g.*, *Benford v. Am. Broad. Cos., Inc.*, 98 F.R.D. 42 (D. Md. 1983) ("The delays caused by the seemingly endless motions and appeals filed by counsel have gone on long enough, and the [proposed intervenor's] participation for the sole purpose of repeating and rearguing defenses which the [defendants] have and will continue to raise will not affect the outcome of this case. Only further and unnecessary delay and the burden of additional expense would result, demonstrating still another reason why the [proposed intervenor's] motion must be denied."). The PEC's motion to compel production of

---

[6] Even if CPG does have greater interest in protecting the asserted joint privilege—which the PEC contests—CPG has not shown how its intervention would better advance those interests. CPG has not advanced any legal points not already presented by Old DuPont and Chemours. *Cf. JLS, Inc.*, 321 Fed. App'x at 291. CPG has not even provided a copy of its proposed motion for protective order, as required under Rule 26, which alone should be a basis for denying its Motion. Fed. R. Civ. P. 24(c) ("A motion to intervene must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought.").

documents withheld by DuPont and Chemours was filed over nine months ago, and it has now been over five weeks since the Court ordered their production. Briefing on Defendants' motion for reconsideration will be complete before briefing on this intervention motion, and the PEC has already provided a compromise route that would moot CPG's concerns and purported interest in this matter. To permit CPG now to come in and file an as-yet-unseen motion for protective order would simply unduly delay resolution of these long-pending issues.

### D. The Relief Sought Is Moot

As noted in the Introduction, the relief sought by CPG is essentially moot. The PEC has agreed, and does so again here, that should the Court accepts Defendants' claims of joint representation and common interest, the CPG Documents may be carved out from the order compelling production and the PEC will not object. (*See, e.g.*, Dkt. 2761 at 4, 7 n.23.)

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court deny CPG's motion to intervene.

Dated: January 9, 2023

Respectfully submitted,

*/s/ Fred Thompson, III*
Fred Thompson, III
Motley Rice LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
P: (843) 216-9000
F: (843) 216-9440
fthompson@motleyrice.com

*Plaintiffs' Liaison Counsel*

-and-

*/s/ Michael A. London*
Michael A. London
Douglas and London PC
59 Maiden Lane 6th Floor
New York, NY 10038
P: (212) 566-7500
F: (212) 566-7501
mlondon@douglasandlondon.com

Paul J. Napoli
Napoli Shkolnik PLLC
1301 Avenue of The Americas, 10th Floor
New York, NY 10019
P: (212) 397-1000
F: (646) 843-7603
pnapoli@napolilaw.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
P: (214) 521-3605
ssummy@baronbudd.com

*Plaintiffs' Co-lead Counsel*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 9, 2023, the foregoing document was filed with the Court through the CM/ECF system and a copy thereof was served via the CM/ECF system upon all counsel of record.

                                                               */s/ Fred Thompson*
                                                              Fred Thompson