IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING PRODUCTS LIABILITY LITIGATION  ) ) ) ) ) ) ) | MDL No. **2:18-mn-02873-RMG** |
| **This Document Relates to:**  ) ) | |
| **Fleming et al vs 3M Company et al No.: 2:22-cv-04541-RMG**  ) ) ) | |

_____

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTIONS FOR LEAVE TO FILE A MOTION TO REMAND TO THE UNITED STATES DISTRICT COURT FOR NORTHERN DISTRICT OF ALABAMA WITH ATTACHED MOTION TO REMAND**
_____

## INTRODUCTION

The Petitioners in *Fleming* move this Court for a remand from the United States District Court of South Carolina to the United States District Court for the Northern District of Alabama. This request is made for the preservation of the rights of the Plaintiffs and individual customers and citizens in the affected community of Guin, Alabama. The Plaintiffs and affected citizens' quality of life have been adversely affected by the intentional and reckless acts of the 3M Corporation, and co-defendants which contaminated the of domestic water source of the citizens of Guin, Alabama with hazardous perfluoroalkyl substances (PFAS)

1

and related chemicals from its industrial processes. Guin Water Works & Sewer Board (GWWSB), on its part, with intent and knowledge of the hazards of the contaminated water dispersed the contaminated water through its water distribution network to its customers, the citizen of Guin Alabama. Accordingly, the Petitioners and putative class comprising of Alabama residents have suffered significant risk to their health, significant depreciation in their property value and adverse impact on their property rights. As a result of 3M Company and co-defendants' intentional and reckless conduct, the Petitioners and putative class members have had to make significant and costly modifications to their lifestyles including but not limited to purchasing bottled water for all of their domestic needs.

Since 1955, 3M has been and continues to engage in the manufacture of many products at its Guin, Alabama facility, including but not limited to 3M Reflective Sheeting, Preformed Pavement Marking Tapes, Microscopic Glass Bubbles, Light Management, Adhesives, Advanced Materials, Films, Specialty Materials, etc. Since 1955, these products and/or their by-products and other products manufactured by 3M have contained and continue to contain PFAS and other related chemicals which have resulted in discharge of 100's of thousands of gallons into the Purgatory Creek. In the instant case, as basis for their request for transfer of this case, 3M company relied on one historical and remote instance of a discharge of PFAS-containing aqueous film-forming foam (AFFF), discharge of 3,500

gallons of AFFF from the 3M facility into the water supply of the drinking water system of the GWWSB in 2007. In their submission, 3M Company totally ignored the fact that the Petitioners' second amended complaint does not contain any allegations relating to AFFFs. Defendants based their argument for transfer solely on this one time remote discharge of PFAS-containing aqueous film-forming foam (AFFF) in 2007 which the petitioners have not alleged in their seconded amended complaint. The crux of Petitioners' second amended complaint is the constant, continuous, and uncontrolled discharge of non-AFFF chemicals from the manufacturing processes of 3M Company's Guin industrial facility into the water source.

Accordingly, Petitioners submit that inclusion of their case in the AFFF multidistrict litigation based on one remote discharge of AFFF in 2007 which the Petitioners have explicitly excluded from their complaint is in error. Thus, including Petitioners action in AFFF multidistrict litigation would serve to significantly impair the individual and localized rights of the affected citizens (petitioners) by diluting, weakening, and unnecessarily entangling relief sought by petitioners and members of the class where the allegation in the operating second amended complaint does not contain any allegations relating to AFFFs.

The petitioners expressly and respectfully request the Court to vacate the December 13, 2022, Order of the judicial panel formed to preside over AFFF

multidistrict litigation, transferring this case from the original jurisdiction of the Northern District of Alabama to the District of South Carolina's AFFF multidistrict litigation.

## ARGUMENTS

First, the Defendants' basis for denial of the Plaintiff's Motion for Leave is premised on the similarity of the Plaintiff's case to other cases that this Court has declined to hear when both the Plaintiffs' Executive Committee and the Defendants' Coordination Committee have previously declined to hear. The Guin Plaintiffs submit that both the Plaintiffs' Executive Committee and the Defendants' Coordination Committee argument is not persuasive because Plaintiffs' Motion for Leave to remand has nothing to do with claims relating to AFFF or AFFF litigation; the Guin Plaintiffs' claim is all about PFAS litigation.

Second, the Defendants aver that should the Court decide to grant the Plaintiffs' Motion for Leave, it would be "especially unfair, disruptive , and inefficient to all Plaintiffs to jump the line and have this Court hear their Motion for Remand now," due to the Plaintiffs already having had an opportunity to oppose transfer to this Court, referring to the inactivity by the Plaintiffs' to oppose 3M's Motion to Transfer into the AFFF MDL by the JPML. The Guin Plaintiffs submit that both the Plaintiffs' Executive Committee and the Defendants' Coordination Committee argument that the Plaintiffs' did not initially oppose such

4

Motion for Transfer, is unavailing as the pure merits of the Plaintiffs' case, as previously stated, require justice to the specific Plaintiffs in having their case heard at the local level and, again, where the cause of action of Plaintiffs' claim as stated in the amended complaint still pending in United States District Court for the Northern District of Alabama has no reference or association with AFFF claims in the MDL.  The Guin Plaintiffs claims do not involve the same common questions of law and fact that form the basis of the AFFF MDL.

Third, the GUIN Plaintiffs disagree with Defendants' position that JPML decisions are irreversible and limit this Court's authority or ability to remand cases. Guin Plaintiffs submit that this Court has the sole authority to issue a remand, and not curtailed by JPML's decision.  The authority for the issuance of a remand by any party is governed by the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, <u>Section</u> 10.3, on Motion to Remand, where it expressly states, "if the clerk of the Panel does not enter a CRO, a party may file a motion to remand to the transferor court pursuant to these Rules," with the transferor court being this Court where the Plaintiffs file their present action to remand.

Finally, the Defendants refer to the removal of any allegations of AFFF contamination in the Plaintiff's Second Amended Complaint where AFFF contamination was expressly referenced in the Plaintiff's First Complaint. The Defendants go on to allude, that the Plaintiff's Second Amended Complaint

5

therefore is not the operative complaint, due to the Plaintiff's Second Amended Complaint being opposed (to) by the Defendants and due to the fact that the Plaintiff's Second Amended Complaint was still pending and undecided at the time of transfer to the AFFF MDL. The Defendant's, state that First Complaint is the filing that should be solely relied upon this Court in determining whether to grant the Plaintiff's Motion to Remand. These arguments, too, are unavailing as to whether the Plaintiff's Second Amended Complaint being pending and undecided at the time of transfer is not dispositive. Plaintiffs have an indelible right to have their Second Amended Complaint to be afforded the same protections as any legal filing and where the filing is considered operatively complete, barring any administrative and/or legal filing errors, for which none were submitted by the Court.

## **CONCLUSION**

Conclusively, for all the foregoing reasons, the Plaintiffs request this Honorable Court to deny the Defendants' Coordination Committee's recommendation against the Plaintiff's Motion to Remand and properly, justifiable, and, most importantly, in the tenets of justice, Remand the Plaintiff's action back to the Court of Original Jurisdiction.

Respectfully submitted, this the 10th day of February 2023.

/s/Anthony C. Ifediba
Anthony C. Ifediba (ASB-5751-T701)
Corey Masuca (ASB-6772-R15U)
**IFEDIBA LAW GROUP, P.C.**
1200. 16th Street South
Birmingham, Alabama 35205
P: 205-933-1515
F: 205-933-5959
aifediba@ifedibalaw.com
cmasuca@ifedibalaw.com

*Attorneys for the Plaintiffs*

## Certificate of Service

I hereby certify that a true and correct copy of foregoing has been electronically filed and served on all counsel using the CM/ECF system, on this the 10h day of February 2023.

*/s/ Anthony C. Ifediba*
Anthony C. Ifediba

7