UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| CITY OF STUART, FLORIDA, | ) | |
| | ) | MDL No. 2873 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Master Docket No. 2:18-mn-2873 |
| | ) | |
| 3M COMPANY (f/k/a Minnesota Mining and Manufacturing, Co.), TYCO FIRE PRODUCTS LP, CHEMGUARD, INC., BUCKEYE FIRE EQUIPMENT COMPANY, NATIONAL FOAM, INC., KIDDE FENWAL, INC., DYNAX CORPORATION, E.I. DU PONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY FC, L.L.C., CORTEVA, INC., DUPONT DE NEMOURS, INC., BASF CORPORATION, individually, and as successor in interest to Ciba Inc., and CLARIANT CORPORATION, individually, and as successor in interest to Sandoz Chemical Corporation. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Richard Mark Gergel<br><br>Civil Action No. 2:18-CV-03487<br><br><br>**Plaintiff's Sur-Reply to Kidde-Fenwal, Inc.'s Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment** |
| | ) | |
| Defendants. | ) | |

In its proposed Reply [Stuart ECF No. 208-1]("Def's. Reply"), Kidde argues that Florida's "pollution" exception to its comparative fault scheme is inapplicable, or, alternatively, that such determination need not be made now.[1,2] Although Plaintiff submits that joint and several liability is appliable to Stuart's claims,[3] Plaintiff agrees that such determination need not be made now, however, disagrees with Defendants' characterization of the telomers fault-allocation.

Kidde's claim that "FT-AFFF manufacturers, including Kidde, are collectively responsible for only *1.5% to 4.5%* of total PFAS water contamination in Stuart,"[4] leaves out important data and context. Specifically, Table 7 of Plaintiff's expert, Dr. Jonathan Martin's report, identifies the minimum and maximum of 3M's total PFAS contribution.[5] If one calculates the average minimum values for each well, then 3M's average minimum contribution is only 74.4%, which, in other words, would mean the telomer contribution, on average, could be as much as 25.6%. In the year 2021, given that specific year's pumping and flow rates, the result for that particular year was that telomer contribution was between 1.5% and 4.5%. It is merely a snapshot in time. Table 7 provides a broader overview of the telomer contribution since it reflects the percent of telomer-derived PFOA in the groundwater itself. In fact, one would expect the telomer contribution to *increase* relative to 3M's contribution as telomer-AFFFs were used more recently in Stuart than 3M AFFFs, and thus continue to leach into and accumulate in the groundwater.

---

[1] Def's. Reply at 2-3.
[2] These arguments are echoed in Defendants' Omnibus Reply [ECF No. 2850], at 13.
[3] Kidde states that Stuart relies on Florida's comparative fault statute in its own brief. Def's. Reply at 3. This statement is misleading . In its Opposition to Defendants' Omnibus Motion for Summary Judgment [ECF No. 2799], Plaintiff discusses comparative fault only because Defendants have put it at issue by raising it as an affirmative defense. *Id*. at 18.
[4] Def's. Reply at 1.
[5] *See* Plaintiff's Ex. 113, Expert Report of Jonathan Martin [ECF No. 2806-18], at 84, Table 7.

Further, as a practical matter, even assuming *arguendo* that telomer defendants are responsible for only *1.5% to 4.5%* of total PFAS contamination, given the approximately $140 million dollar damages claims in Stuart that still accounts for an objectively substantial sum, potentially in the millions of dollars. That makes sense given that Kidde, with the other fluorotelomer Defendants, are substantial contributing sources to the PFOA in Stuart's wells.[6]

In any event, irrespective of fault allocation, Stuart also has a punitive damages claim,[7] and given the reckless and wanton nature of the conduct at issue, and Kidde's position as an AFFF market leader, any potential punitive damages award against Kidde would likely be substantial.

Finally, Kidde argues that its reliance on Plaintiff's experts in support of its arguments should not constitute a waiver of any challenge to their methodologies.[8] Kidde cannot adopt Plaintiff's experts' opinions in its reply when it is simultaneously challenging such opinions under *Daubert*.

Dated: February 17, 2023

Respectfully submitted,

s/ *Fred Thompson, III*
Fred Thompson, III
Motley Rice LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
P: (843) 216-9000
Fax: 843-216-9440
fthompson@motleyrice.com
*Plaintiffs' Liaison Counsel*

-and-

s/*Michael A. London*
Michael A. London
Douglas and London PC

---

[6] *See* Plaintiff's Opposition to Defendant Kidde-Fenwal, Inc.'s Motion for Summary Judgment [ECF No. 2803], at n. 14.
[7] *See* Plaintiff's Second Amended Complaint [Stuart ECF No. 54], at ¶¶ 6, 301(e) and p. 46-47.
[8] Def's. Reply at 3.

59 Maiden Lane
6th Floor
New York, NY 10038
P: (212)-566-7500
F: (212)-566-7501
mlondon@douglasandlondon.com

Paul J. Napoli
Napoli Shkolnik PLLC
1301 Avenue of The Americas
10th Floor
New York, NY 10019
P: (212)-397-1000
F: (646)-843-7603
pnapoli@napolilaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on February 17, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/ Fred Thompson, III
Motley Rice LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
P: (843) 216-9000
Fax: 843-216-9440
fthompson@motleyrice.com

*Plaintiffs' Liaison Counsel*

4