**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> **KIDDE-FENWAL, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| THIS DOCUMENT RELATES TO: <br><br> *City of Stuart, Florida* v. *3M Company, et al.,* 2:18-cv-03487-RMG | |

The material facts here are not in dispute. Plaintiff recognizes three *indisputably distinct* and *divisible* alleged contaminants: (1) PFOS, (2) branched PFOA, and (3) linear PFOA. (Opp. at 1–2; *see* Mot. at 1–2.) Plaintiff "does not dispute that Kidde is not the source of the PFOS or the branched PFOA in its drinking water and does not intend to introduce evidence to the contrary." (Opp. at 1; *see* Mot. at 1.) Plaintiff further acknowledges that any "PFOA produced through the telomerization process generally contains only linear isomers." (Opp. at 2.) Indeed, Plaintiff claims that its own "experts can evaluate Stuart's water and quantify the amount of PFOA manufactured via ECF[1] and the amount of PFOA manufactured via flurotelomerization [*sic*], and thereby identify the amount of PFOA contamination resulting from use of FT-based AFFF." (Opp. at 2.) In short, Plaintiff claims that Kidde is a potential source *only* of linear PFOA in Stuart's water—and *only* a portion of that linear PFOA. Indeed, Plaintiff's own expert asserts that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (JX 13 (Martin Rpt.) at 85.) Notwithstanding these concessions, Plaintiff seeks to hold Kidde liable for "the totality of the contamination"—including PFOS and branched PFOA, which it was not a source of—under a "pollution" exception to Florida's comparative fault scheme. (Opp. at 1, 3–5.)

1. Because there is no dispute that Kidde's AFFF did not cause any PFOS or branched PFOA contamination, the Court need not decide whether a "pollution" exception applies to grant summary judgment to Kidde for all claims based on those substances. Florida courts have held that "[a] finding of liability necessarily precedes a determination of damages." *Engle* v.

---

[1] Plaintiff claims that: (i) "ECF is the only process that was ever used for the manufacture of PFOS, and '▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬'"; (ii) "▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬"; and (iii) "PFOA produced by 3M's ECF method contains a mixture of approximately 20% branched isomers and 80% linear isomers." (Opp. at 2.)

*Liggett Grp., Inc.*, 945 So. 2d 1246, 1262–63 (Fla. 2006).  Thus, a "Plaintiff in a product liability action must ordinarily prove that a manufacturer defendant produced the product that allegedly caused the injury."  *Morton* v. *Abbott Labs.*, 538 F. Supp. 593, 595 (M.D. Fla. 1982).  Damages cannot be imposed, jointly and severally or otherwise, where "[i]t is undisputed that the [] defendant[] did not manufacture or sell any of the products that allegedly caused injury to the [plaintiff]"—here, PFOS and branched-PFOA contamination.  *Engle*, 945 So. 2d at 1276 ("A defendant who is found to be zero percent at fault for a plaintiff's damages cannot be held jointly and severally liable for those damages."); *Grobman* v. *Posey*, 863 So. 2d 1230, 1235 (Fla. Dist. Ct. App. 2003) ("Central to the concept of joint and several liability covered by section 768.81 is the idea that a potential defendant caused or contributed to a plaintiff's injury.").  Thus, regardless of any fault-allocation principles, the Court should grant summary judgment to Kidde because Plaintiff concedes it cannot establish that Kidde caused PFOS and branched-PFOA contamination.

2.  The applicable fault-allocation scheme is irrelevant because, even if such a scheme could apply, that scheme would not render Kidde responsible for *all* alleged contamination.  "It is a prerequisite to the application" of joint and several liability "that the concurrent or successive tortious acts or omissions cause a *single* harm (injury or damage) and that it is impossible to determine what proportion each tortfeasor contributed."  1 Am. Law of Torts § 3:10 (2022); *see Randle--E. Ambulance Serv., Inc.* v. *Millens*, 294 So. 2d 38, 40 (Fla. Dist. Ct. App. 1974) ("Joint and several liability is established . . . where an act, subsequent in time, concurs with a prior cause to produce 'inseparable damages'").[2]  Here, Plaintiff admits that the alleged contamination is

---

[2] *See also* Rest. 2d Torts § 881 ("If two or more persons, acting independently, tortiously cause distinct harms or a single harm for which there is a reasonable basis for division according to the contribution of each, each is subject to liability only for the portion of the total harm that he has himself caused."); *id.* § 433A(1) cmt. d (contemplating apportionment for the "pollution of a stream . . . from different sources" where purported harm is divisible).

divisible. (Opp. at 1, 3; *See* Mot. at 1.) Because Plaintiff cannot hold Kidde responsible for distinct contamination it indisputably did not cause, Kidde can be liable only for, at most, some portion of the linear PFOA contamination.

3.  The Court should reject Plaintiff's attempt to recast its action—which is explicitly based on defective product, design defect, strict and negligent failure to warn, negligence, and private nuisance (Sec. Am. Compl. ¶¶ 212-287)—as a "pollution" case subject to joint-and-several liability, even as it relies on comparative fault in its own brief. (*See* Omnibus Opp. at 18.) Plaintiff has not brought a cause of action for pollution, even though Florida recognizes such claims. *See* Fla. Stat. § 376.313(3). Plaintiff offers no support for the idea that the sale of a lawful product—particularly FT-AFFF, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*See* JX 22 (Brown Dep.) at 511:22-512:4)—can constitute "pollution." Plaintiff cites no case law *at all* on the "pollution" exception to Florida's comparative-fault rule, or any authority that applies the exception in a case remotely analogous to this one.

4.  Finally, the Court should reject Plaintiff's claim that Kidde's "[r]eliance" on opinions offered by Plaintiff's experts is somehow a "waiver of any challenge to their methodologies." (Opp. at 1, 5.) Plaintiff cites no support for this baseless argument. On summary judgment, Kidde cites Plaintiff's own experts to demonstrate that they agree that Kidde did *not* cause any PFOS or branched-PFOA contamination (and that such contamination is divisible from any contamination Kidde could have caused). (Mot. at 1, 2, 4.) By referencing *some* opinions, based on undisputed facts, of Plaintiff's experts, to identify the flaws in Plaintiff's own theories, Kidde does not concede the admissibility of any, let alone *all*, opinions of that expert or endorse that expert's methodologies. *See Frederick* v. *S. Star Cent. Gas Pipeline, Inc.*, 944 F. Supp. 2d 1083, 1087 n.6 (D. Kan. 2013).

-3-

Dated:  February 10, 2023                                    Respectfully Submitted,


*/s/ Jonathan I. Handler*                                    */s/ Robert J. Giuffra, Jr.*
Jonathan I. Handler                                          Robert J. Giuffra, Jr.
jihandler@daypitney.com                                      giuffrar@sullcrom.com
Keith H. Bensten                                             Justin J. DeCamp
kbensten@daypitney.com                                       decampj@sullcrom.com
DAY PITNEY LLP                                               Nicole Friedlander
One Federal Street                                           friedlandern@sullcrom.com
Boston, Massachusetts 02110                                  SULLIVAN & CROMWELL LLP
T:  (617) 345-4600                                           125 Broad Street
F:  (617) 345-4745                                           New York, NY 10004
                                                             T: (212) 558-4000
John W. Cerreta                                              F: (212) 558-3588
jcerreta@daypitney.com
DAY PITNEY LLP                                               Judson O. Littleton
242 Trumbull Street                                          littletonj@sullcrom.com
Hartford, Connecticut 06103                                  SULLIVAN & CROMWELL LLP
T: (860) 275-0665                                            1700 New York Avenue, N.W., Suite 700
F: (860) 881-2517                                            Washington, D.C. 20006-5215
                                                             T: (202) 956-7500
                                                             F: (202) 956-6330



                                                             *Counsel for Defendant Kidde-Fenwal, Inc.*

-4-

-5-

Pursuant to CMO-19F, the Defense Co-Leads, on behalf of the DCC, hereby certify that the foregoing supplemental brief does not duplicate the arguments or record evidence already presented in the omnibus summary judgment brief or the reply in support thereof. The motion for leave to file this supplemental brief is also filed with the approval of the Defense Co-Leads.

/s/ *Michael A. Olsen*

| | |
|---|---|
| Michael A. Olsen | Brian Duffy |
| Mayer Brown LLP | Duffy & Young LLC |
| 71 South Wacker Drive | 96 Broad Street |
| Chicago, IL 60606 | Charleston, SC 29401 |
| P: (312) 701-7120 | P: (843) 720-2044 |
| F: (312) 706-8742 | F: (843) 720-2047 |
| molsen@mayerbrown.com | bduffy@duffyandyoung.com |
| | |
| Joseph G. Petrosinelli | David E. Dukes |
| Williams & Connolly LLP | Nelson Mullins Riley & Scarborough LLP |
| 680 Maine Ave., S.W. | 1320 Main Street, 17th Floor |
| Washington, DC 20024 | Columbia, SC 29201 |
| P: (202) 434-5547 | P: (803) 255-9451 |
| F: (202) 434-5029 | F: (803) 256-7500 |
| jpetrosinelli@wc.com | david.dukes@nelsonmullins.com |
| | |
| *Co-Lead Counsel for Defendants* | *Co-Liaison Counsel for Defendants* |