## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No.  2:18-mn-2873-RMG<br><br>**CASE MANAGEMENT ORDER NO. 19G**<br>**This Document Relates to All Actions** |

### SUPPLEMENTAL SCHEDULING ORDER GOVERNING FIRST WATER PROVIDER BELLWETHER TRIAL

This CMO No. 19G supplements, in-part, the schedule set forth in CMO No. 19F for the Water Provider Bellwether Trial case, *City of Stuart v. 3M Company, et al.*, (No. 2:18-cv-3487-RMG). The resulting schedule for the selected case is as follows:

I.  **PRETRIAL MOTIONS:** The Parties shall file motions *in limine* by March 24, 2023. Response in opposition briefs shall be filed by April 7, 2023.

II.  **JURY QUESTIONNAIRE:**

    A.  Defendants shall serve a proposed jury questionnaire by March 23, 2023 and Plaintiff shall send proposed edits by March 28, 2023.

    B.  The Parties shall endeavor to meet and confer throughout the process as appropriate, but expressly devote March 30, 2023 – March 31, 2023 to meeting and conferring to resolve disputes regarding the jury questionnaire and/or objections thereto.

    C.  The Parties shall submit proposed jury questionnaire (or competing proposals) by April 3, 2023.  The parties are directed to the undersigned's Special Instructions for more detailed information on submitting a proposed jury questionnaire.

III.  **DEPOSITION DESIGNATIONS:**

    A.  Plaintiff shall serve in the form of an Excel spreadsheet page/line designations of deposition testimony to Defendants by March 3, 2023.

    B.  Defendants shall serve: (1) page/line counter-designations of deposition testimony; (2) objections to Plaintiff's page/line deposition designations; and (3) affirmative page/line designations of deposition testimony by March 24,

2023.

C. Plaintiff shall serve: (1) page/line counter-designations of deposition testimony; (2) objections to Defendants' page/line deposition counter-designations; and (3) objections to Defendants' affirmative page/line designations by April 7, 2023.

D. Defendants shall serve objections to Plaintiff's page/line counter designations by April 17, 2023.

E. All page/line designations, counter-designations, and objections shall be exchanged by the parties in Excel.

F. The Parties shall endeavor to meet and confer throughout the process as appropriate, but expressly devote April 17, 2023 – April 26, 2023 to meeting and conferring to resolve disputes regarding objections to designated deposition testimony and/or designations (including counter-designations).

G. The Parties shall submit deposition designations, including any objections and counter-designations, to the Court no later than April 28, 2023.

## IV.   **EXHIBITS:**

A. Plaintiff shall serve an initial exhibit list in the form of an Excel spreadsheet, which shall include the document production number (*i.e.*, bates number range, if applicable), or, if there is no bates numbers, a brief description of the document by March 1, 2023. An electronic copy of the exhibits (excluding Expert reliance materials that are in the public domain, including but not limited to medical/scientific literature and learned treaties) shall also be provided on or before March 1, 2023.

B. Defendants shall serve one initial master defense exhibit list in the form of an Excel spreadsheet, which shall include the document production number (*i.e.*, bates number range, if applicable), or, if there is no bates number, a brief description of the document  by March 10, 2023.  An electronic copy of the exhibits (excluding Expert reliance materials that are in the public domain, including but not limited to medical/scientific literature and learned treaties) shall also be provided by March 10, 2023.

C. Plaintiff shall serve any supplemental exhibit list (using the same formatting as its original master exhibit list) by March 31, 2023. To ease the burden on the parties and the Court, the parties have agreed that this supplemental exhibit list shall contain two parts – (i) a listing of core exhibits to be offered in evidence ("Plaintiff's Core Exhibit List") limited to a presumptive maximum of 500 that represent those exhibits more likely to be offered in evidence at trial (including Expert reliance materials that are in the public domain, including but not limited to medical/scientific  literature and learned

treaties that are on the Plaintiff's Core Exhibit List) and (ii) any remaining exhibits from the initial list and any supplemental list that may be offered but Plaintiff does not presently view as likely or necessary to offer at trial. An electronic copy of the exhibits (not previously provided) shall also be provided on or before April 7, 2023.

D. Defendants shall serve any objections to Plaintiff's Core Exhibit List by April 14, 2023. For the avoidance of doubt, failure to object to an exhibit on Plaintiff's Core Exhibit List does not waive any objection that may be raised at trial. Given the sheer size and scope of the evidence being marshalled for this trial, Defendants shall not be required to tender objections to exhibits not on the Core Exhibit List and are not waiving any such objections.

E. Defendants shall serve any supplemental exhibit list (using the same formatting as its original master exhibit list) by March 31, 2023. To ease the burden on the parties and the Court, the parties have agreed that this supplemental exhibit list shall contain two parts – (i) a listing of core exhibits to be offered in evidence ("Defendants' Core Exhibit List") limited to a presumptive maximum of 500 that represent those exhibits more likely to be offered in evidence at trial and (ii) any remaining exhibits from the initial list and any supplemental list that may be offered but Defendants do not presently view as likely or necessary to offer at trial. An electronic copy of the exhibits (including Expert reliance materials that are in the public domain, including but not limited to medical/scientific literature and learned treaties that are on the Defendants' Core Exhibit List) shall also be provided on or before April 7, 2023.

F. Plaintiff shall serve any objections to Defendants' Core Exhibit List by April 14, 2023. For the avoidance of doubt, failure to object to an exhibit on Defendants' Core Exhibit List does not waive any objection that may be raised at trial. Given the sheer size and scope of the evidence being marshalled for this trial, Plaintiff shall not be required to tender objections to exhibits not on the Defendants' Core Exhibit List and are not waiving any such objections.

G. In addition to serving their exhibit lists on each other, the Parties will likewise serve their exhibit lists on counsel for the United States. Within 28 days of receiving each respective Parties' exhibit lists, counsel for the United States will identify for the Parties in writing which listed exhibit(s) designated under the Protective Order, if any, the United States will object to be shown in open Court and the basis for such objection(s). Within fourteen days thereafter, the Parties will meet and confer and to the extent no agreement is reached with respect to a particular exhibit(s), the Parties will bring such exhibit(s) to the Court for a ruling on whether the exhibit(s) requires sealing of the Courtroom when introduced at trial. The Parties will bring such exhibit(s) to the Court for a ruling within seven days following the Parties meet and

confer.

H. The Parties shall endeavor to meet and confer throughout the process as appropriate, but expressly devote April 17, 2023 – April 26, 2023 to meeting and conferring to resolve disputes regarding exhibits and/or objections thereto.

I. The Parties shall submit an exhibit list, including any objections and counter-designations, to the Court no later than April 28, 2023.

J. Given the sheer size and scope of the evidence being marshalled for this trial, the parties recognize and acknowledge that nothing herein shall preclude the use of any an exhibit or exhibit(s) at trial (subject to any evidentiary objections that might apply) that was inadvertently not disclosed on a party's Exhibit List in accordance with the schedule above, subject to a showing of good cause for the failure to disclose the exhibit. Consistent with the use of Core Exhibit Lists as set forth above, the Parties shall endeavor address objections as to documents not appearing on Core Exhibit Lists prior to introduction or use at trial through a process to be agreed by trial counsel and tendered to the Court as part of the pretrial brief together with other trial procedures.

V. **WITNESS LIST**

A. The parties shall file and exchange witness lists, identifying witnesses as "Will Call Live," "May Call Live," "Will Call by Deposition," and "May Call by Deposition" by April 7, 2023.

B. The parties shall meet and confer and propose a schedule for advance notice of when witnesses will be called at trial, as well as any direct exhibits or demonstratives that may be used.

VI. **JURY INSTRUCTIONS**:

A. The parties shall exchange proposed jury instructions by April 10, 2023 and shall exchange proposed edits to those instructions by April 20, 2023.

B. The Parties shall endeavor to meet and confer throughout the process as appropriate, but expressly devote April 24, 2023 – May 3, 2023 to meeting and conferring to resolve disputes regarding jury instructions and/or objections thereto.

C. The Parties shall submit proposed jury instructions (or competing proposals with supporting authorities) by May 8, 2023. The parties are directed to the undersigned's Special Instructions for more detailed information on submitting proposed jury instructions.

VII.   **PRETRIAL BRIEFS:** The Parties shall furnish the Court with and serve their pretrial briefs by May 12, 2023.

VIII.   **TRIAL:** This case is subject to being called for jury selection and/or trial on June 5, 2023.

**AND IT IS SO ORDERED.**

s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 2, 2023

Charleston, South Carolina