**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) MDL No. 2:18-mn-2873-RMG ) ) **ORDER** ) ) **This Order Relates to** ) **Case No. 2:22-cv-4541-RMG** ) ) ) |

Before the Court is Plaintiffs'[1] motion for leave to file a motion to remand this case to the United States District Court for the Northern District of Alabama. (Dkt. No. 2812). For the reasons set forth below, the motion is denied.

**I.     Background**

On March 4, 2022, in United States District Court for the Northern District of Alabama, Plaintiffs brought the instant action against various defendants, including Defendant 3M Company, alleging their groundwater was contaminated by perfluorochemicals. (2:22-cv-4541-RMG, Dkt. No. 1 at 8). Plaintiffs argue that this water was contaminated by a nearby 3M facility. On July 24, 2022, Plaintiffs filed an amended complaint. (2:22-cv-4541-RMG, Dkt. No. 30).

On December 13, 2022, the Judicial Panel on Multidistrict Litigation entered a Conditional Transfer Order transferring this case into these multidistrict proceedings. *See* (2:22-cv-4541-RMG, Dkt. No. 57 at 1) ("The motion to transfer Fleming to the MDL is easily resolved. Fleming involves a putative class of Alabama residents who use water provided by the City of Guin Water Works

---

[1] In this Order, "Plaintiffs" refer to the plaintiffs in *Fleming, et al. v. 3M Co., et al.* and does not include the Plaintiffs' Executive Committee.

and Sewer Board. Plaintiffs allege that this water was contaminated by per- or polyfluoroalkyl substances (PFAS) stemming from, inter alia, a nearby 3M facility. 3M persuasively argues that, while the complaint does not explicitly allege contamination by aqueous film-forming foams (AFFFs), the spill cited in the complaint involved the discharge of 3,500 gallons of AFFF from the 3M facility into a nearby waterway"). Plaintiffs did not oppose 3M Company's motion to transfer. (*Id.*) ("As no party opposes transfer, we will grant this motion.").

On January 13, 2023, in this MDL, Plaintiffs attempted to file a motion to remand, but the Court immediately struck the filing for failure to comply with CMO Nos. 2 and 2.A.

On January 20, 2023, Plaintiffs filed a motion for leave to file a motion to remand. (2:22-cv-4541-RMG, Dkt. No. 64). Plaintiffs' Co-Lead Counsel "expressly objected" to the filing of the motion. (*Id.* at 4). The Defendants' Coordination Committee opposes. (2:22-cv-4541-RMG, Dkt. No. 68). Plaintiffs filed a reply. (2:22-cv-4541-RMG, Dkt. No. 69).

### III.     Legal Standard/Discussion

Plaintiffs argue that that this action should be remanded to the Northern District of Alabama. Plaintiffs argue their Proposed Second Amended Complaint removes a reference found in their original complaint which described a discharge of 3,500 gallons of 3M AFFF and which the JPMDL cited for transferring this case into the instant MDL. Plaintiffs ask that this Court "vacate the December 13, 2022 Order of the" JPMDL. (2:22-cv-4541-RMG, Dkt. No. 64 at 3-4).

The Court denies Plaintiffs' motion for leave to file. There are currently over 4,600 member cases in this MDL. In each of those cases, the parties are currently engaging in ongoing discovery through the auspices of Court-appointed Lead Counsel and subject to the protocols agreed to by Lead Counsel and ordered by the Court. These protocols include, among other things, bringing a motion only under the authority of Lead Counsel. Adhering to those protocols is necessary to

ensure that these centralized proceedings are efficient and consistent, which benefits all parties in the MDL. Allowing Plaintiffs, or any and every other Plaintiff in this MDL, to move to amend pleadings to undermine decisions of the JPMDL and seek remand would derail centralized proceedings—one of the primary responsibilities of the transferee Court—and impede each party's opportunity to participate in organized proceedings and toward efficient resolution.

IV.     **Conclusion**

For the foregoing reasons, Plaintiffs' motion for leave to file (Dkt. No. 2812) is **DENIED**.

**AND IT IS SO ORDERED.**

                                                  **s/Richard Mark Gergel**
                                                  Richard Mark Gergel
                                                  United States District Judge

March 17, 2023
Charleston, South Carolina