# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| BIRMINGHAM WATER WORKS BOARD ) | MDL NO. 2873 |
| ) | |
| Plaintiff, ) | Master Docket No.   2:18-mn-2873-RMG |
| ) | |
| ) | HONORABLE RICHARD GERGEL |
| v. ) | |
| ) | Civil Action No.:   2:22-cv-4298-RMG |
| 3M COMPANY, et al ) | |

## NOTICE OF ATTORNEYS' CHARGING LIEN

COMES NOW, Environmental Litigation Group, P.C. ("ELG"), as discharged counsel for the Plaintiff and hereby puts all interested parties on notice of ELG's assertion of an attorneys' charging lien based on legal services performed and costs incurred by ELG in connection with the representation of plaintiff Birmingham Water Works Board ("BWWB") in this action. This charging attorneys' lien attaches under the State of Alabama's attorneys' lien statute codified in § 34-3-61, Code of Ala. 1975. The Alabama Supreme Court has held "that the purpose of the attorney's lien statute . . . is to protect the attorney from loss of his investment in time, effort, and learning, and the loss of funds used in serving the interest of the client." *Triplett v. Elliott,* 590 So. 2d 908, 910 (Ala. 1991). "It is well established in Alabama that upon an attorney's discharge, the prior part performance of a contract entitles the attorney to recover for those services rendered." *Id.* The charging lien arises for the following reasons:

1. ELG was employed by BWWB to investigate any and all legal remedies resulting from potential perfluoroalkyl and polyfluoroalkyl ("PFAS") contamination in the BWWB drinking water system.

2. Attorneys from ELG met with the BWWB Directors on at least three (3)

1

occasions prior to employment. These meetings included extensive presentations to the BWWB Directors on the likelihood of PFAS contamination given the widespread PFAS national crisis.

3. ELG possesses extensive knowledge of the nationwide PFAS contamination based on its participation in this Multidistrict Litigation ("MDL") and its role in the leadership structure of the Plaintiffs' Executive Committee ("PEC").

4. On August 12, 2020, the BWWB Directors held a public vote to employ ELG as outside litigation counsel "to represent the Birmingham Water Works in potential civil litigation in connection with legally tenable claims to be brought against manufacturers and others regarding the presence of a certain group of chemicals known as PFAS and PFOS (the "case" or "matter"). Subject to favorable results of our investigation into your potential claims, we will file and prosecute a lawsuit on your behalf against responsible parties that we deem necessary to a successful outcome of the litigation."

5. ELG received an agreement executed by Michael Johnson, General Manager of the BWWB, dated February 2, 2021 employing ELG as outside litigation counsel to pursue PFAS related litigation under the terms set forth above.

6. Following employment, ELG conducted extensive research into BWWB testing under UCMR3 for PFAS chemicals. ELG likewise employed its expertise in monitoring federal and state developments regarding the potential creation of any Maximum Contaminant Levels ("MCLs") for PFAS compounds.

7. BWWB greatly benefitted from ELG's position on the PEC and our skilled representation based upon developments within the MDL that affected BWWB's potential claim.

8. On November 29, 2022, ELG filed a lawsuit in the MDL alleging contamination of BWWB's water supply from the Defendants' negligent and wanton manufacture and

discharge of Aqueous Film Forming Foam ("AFFF") and PFAS chemicals. The lawsuit was supported by ample scientific and legal support.

9. Additionally, ELG employed its legal opinion to file suit on behalf of the BWWB at the appropriate time given the MDL Court's appointment of a mediator to potentially resolve all pending water provider cases.

10. ELG held numerous discussions with our consulting experts regarding the BWWB litigation including experts in the fields of hydrogeology and environmental risk assessment.

11. ELG completed form discovery and provided it to counsel for BWWB for review and approval.

12. Instead of assisting with completion of the Court required discovery, legal counsel for the BWWB instead demanded ELG's attorneys meet with the BWWB in executive session.

13. ELG complied with the requests of its client and met with the BWWB Directors to discuss the litigation.

14. ELG thereafter conducted numerous telephone conversations with Board members and outside counsel for the Board. Additionally, ELG provided multiple memorandums discussing the litigation and provide proper legal advice.

15. ELG completed all necessary steps to fully comply with the terms of its employment agreement with the BWWB. The only matter not completed was the finalization of responses to the Plaintiff Fact Sheet ("PFS"), which was provided to outside counsel for the BWWB and withheld from completion despite numerous requests from ELG.

16. ELG was notified on March 9, 2023 by the general manager of the BWWB that ELG's services had been terminated by vote of the Board and that the "Water Works Board will

be retaining new counsel to represent it in the [PFAS] lawsuit."

17. ELG had taken all necessary steps to properly represent the BWWB in this matter prior to its termination.

18. The agreement employing ELG as outside counsel specifically notifies the BWWB of ELG's right to an attorney's lien in the event of early termination of the employment agreement. "If ELG withdraws or is discharged before any recovery is obtained, ELG shall have the right to an attorneys' lien equal to expenses and services rendered. Client agrees to pay a reasonable fee for the services rendered should recovery be later obtained by another law firm or entity."

19. The BWWB was expressly aware of ELG's potential right to an attorneys' lien prior to discharging ELG.

20. Upon information and belief, no monetary recovery has been obtained by the BWWB to date.

21. ELG files this notice to place the Plaintiff, Defendants, and all other interested parties of ELG's unequivocal statutory and contractual right to attorneys' fees and expenses in the event of any recovery by the BWWB for PFAS related damages.

22. This notice will be served upon Plaintiff, Defendants, and any other interested party by filing into the District of South Carolina's ECF system which will serve notice upon all counsel of record.

WHEREFORE, notice is herby given to all interested or affected parties and persons of ELG's attorneys' charging lien against any recovery or proceeds obtained by Plaintiffs as described herein.

Dated: March 20, 2023

**ENVIRONMENTAL LITIGATION GROUP, P.C.**

*/s/ Gregory A. Cade*
Gregory A. Cade
Gary A. Anderson
Kevin B. McKie
ENVIRONMENTAL LITIGATION GROUP, P.C.
2160 Highland Avenue South
Birmingham, AL 35205
Telephone: 205-328-9200
Facsimile: 205-328-9456