**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG<br><br>**This Document relates to**:<br><br>*City of Stuart, FL, v. 3M Company et al.*, No. 2:18-cv-03487 |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO THE FILMS *DARK WATERS* AND *THE DEVIL WE KNOW***

**LOCAL RULE 7.02 AFFIRMATION**

Undersigned counsel affirms, pursuant to Local Rule 7.02, that counsel for Defendant 3M Company, on behalf of Defendants, conferred with counsel for Plaintiff in good faith but were unable to resolve the issues described in the following motion prior to filing. The parties are continuing to negotiate about the subject matter of this motion and will promptly notify the Court if they reach a mutually agreeable resolution.

**ARGUMENT**

**Motion 10     The Court Should Bar Any Evidence Regarding The Films *Dark Waters* And *The Devil We Know*.**

The Court should bar evidence regarding the films *Dark Waters* and *The Devil We Know*.[1] Both of these films tell a David-and-Goliath story of a West Virginia farmer's legal battle against DuPont over alleged drinking water contamination on property adjacent to DuPont's Washington Works facility that was purportedly caused by the manufacturing of certain *fluoropolymer products*—which are not at issue in this case. *Dark Waters* is a 2019 Hollywood dramatization of these events, and *The Devil We Know* is a 2018 documentary that focuses in part on the same incident but also discusses alleged PFAS contamination by Defendants more broadly.

The films should be excluded for several reasons. First, neither film is admissible to prove the truth of Plaintiff's allegations. *Dark Waters* does not even purport to be a work of nonfiction; the movie is a work of entertainment that takes significant liberties with the facts. Although *The Devil We Know* is a documentary, any statements from that film offered for their truth would

---

[1] The Court should also bar Plaintiff from introducing actor Mark Ruffalo's public statements concerning PFAS. Ruffalo is the star of *Dark Waters* and was quoted in the EPA news release addressed in Defendants' Omnibus Motion in Limine No. 1. *See* Dkt. No. 228. Ruffalo's personal views are not relevant to this litigation and may carry unwarranted persuasive force with the jury in light of his celebrity.

constitute impermissible hearsay under Rules 801 and 802. *See United States v. Hassan*, 742 F.3d 104, 134–35 (4th Cir. 2014) (statements in videos are hearsay when offered for their truth). To the extent *The Devil We Know* conveys any information arguably relevant to this case, Plaintiff must introduce it directly through witness testimony or other evidence.

Second, the films purport to characterize Defendants' mental states—for instance, that DuPont knew about health risks allegedly associated with PFOA. But Defendants' mental states are a question for the jury to decide. "Opinion testimony that states a legal standard or draws a legal conclusion by applying law to facts is generally inadmissible." *Donnelly v. Linden Cap. Partners III, L.P.*, 2022 WL 2314611, at *4 (D.S.C. June 28, 2022) (Gergel, J.); *see also United States v. Lab'y Corp. of Am. Holdings*, 2021 WL 2253360, at *4 (D.S.C. June 3, 2021) (Gergel, J.) ("A defendant's knowledge, state of mind, or other matters related to corporate ethics are not appropriate subjects of expert testimony because opinions on these matters will not assist the jury."). That is equally true when those opinion statements are offered through a film rather than through a witness subject to cross-examination. Permitting such evidence would improperly "usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *United States v. Chapman*, 209 F. App'x 253, 269 (4th Cir. 2006).

Third, even if evidence regarding the films were otherwise admissible, the Court should exclude it under Rules 401 and 403. Both films are irrelevant because they concern alleged drinking water contamination from the manufacturing of certain fluoropolymer products, a type of product not at issue here. And even if they were relevant, the films create an outsize risk of prejudice to Defendants. Even when offered outside the context of film, evidence of unrelated incidents of contamination "is highly prejudicial." *Buckman v. Bombardier Corp.*, 893 F. Supp.

2

547, 552 (E.D.N.C. 1995). Packaging this evidence in the form of a Hollywood movie compounds the risk of inflaming the jurors' emotions. *Cf. Balian v. Gen. Motors*, 296 A.2d 317, 322 (N.J. Super. Ct. App. Div. 1972) (noting the "danger of undue prejudice" given "the tremendous dramatic impact of motion pictures"). Any reference to these films may sweep jurors up in a narrative that their role is to deliver justice to the "little guy" waging a legal battle against large corporations. Even the titles of these films contain "pejorative terms" that would prejudice Defendants. *See Luv n' care v. Laurain*, 2021 WL 7907283, at *3 (W.D. La. Mar. 29, 2021) (excluding a video that "includes the use of pejorative terms to describe" a party). The Court should not permit Plaintiff to inject into this case tendentious depictions of other alleged events by filmmakers and actors who are not witnesses here.

Dated: March 24, 2023                                    Respectfully submitted,


/s/ *Michael A. Olsen*

Michael A. Olsen                                         Brian Duffy
Mayer Brown LLP                                          Duffy & Young LLC
71 South Wacker Drive                                    96 Broad Street
Chicago, IL 60606                                        Charleston, SC 29401
P: (312) 701-7120                                        P: (843) 720-2044
F: (312) 706-8742                                        F: (843) 720-2047
molsen@mayerbrown.com                                    bduffy@duffyandyoung.com


Joseph G. Petrosinelli                                   David E. Dukes
Williams & Connolly LLP                                  Nelson Mullins Riley & Scarborough LLP
680 Maine Ave., S.W.                                     1320 Main Street, 17th Floor
Washington, DC 20024                                     Columbia, SC 29201
P: (202) 434-5547                                        P: (803) 255-9451
F: (202) 434-5029                                        F: (803) 256-7500
jpetrosinelli@wc.com                                     david.dukes@nelsonmullins.com


*Co-Lead Counsel for Defendants*                         *Co-Liaison Counsel for Defendants*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Michael A. Olsen*
Michael A. Olsen

5