IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) MDL No. 2:18-mn-2873-RMG ) ) ORDER AND OPINION ) ) This Order Relates to: ) *City of Stuart, Fl. v. 3M Co. et al.*, ) No. 2:18-cv-03487 |

Before the Court is Defendant National Foam, Inc.'s Motion for Partial Summary Judgment (Dkt. No. 2690). Plaintiff City of Stuart filed a response to National Foam's motion. (Dkt. No. 2804). For the reasons set forth below, the motion is granted.

## Background

This multidistrict litigation concerns the presence of PFOA (perfluorooctanoic acid) and PFOS (perfluorooctane sulfonic acid), both types of per-and poly-fluoroalkyl substances (PFAS), in aqueous film forming foams ("AFFF"). Plaintiffs allege that the AFFF products at issue in this litigation contain PFOA and/or PFOS, are harmful to human health and the environment, and constitute defects of AFFF.

In this bellwether case, the City of Stuart alleges that various Defendants manufactured and distributed AFFF and/or fluorosurfactant additives for use in AFFF that contaminated the city's water supply with PFAS, including PFOS and PFOA. (*City of Stuart v. 3M Co.*, 2:18-cv-3487-RMG, Dkt. No. 54, ¶ 1).

Defendant National Foam moves for partial summary judgment seeking to preclude the imposition of liability on it for any of City of Stuart's claims based on sales of AFFF prior to June

1

28, 2013. (Dkt. No. 2690-1 at 1).[1] City of Stuart filed a response indicating that it "does not . . . oppose National Foam's request for partial summary judgment with respect to the Pre-June 2013 Liabilities." (Dkt. No. 2804 at 1). National Foam's motion is now ripe for the Court's review.

## Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' " in

---

[1] In its motion for partial summary judgment, National Foam states that, beyond the instant partial motion for summary judgment, it "joins and adopts the arguments of the Defense Omnibus Motion for Summary Judgment and the Motion for Summary Judgment submitted by Defendant Kidde-Fenwal Inc." (Dkt. No. 2690 at 1). For the sake of clarity, the Court notes that this order addresses **only** the arguments put forth by National Foam in its partial motion for summary judgment.

support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## Discussion

National Foam argues that it cannot be held liable for any damages related to City of Stuart's claims based on AFFF sales before June 28, 2013, because National Foam did not begin operations until that date. (*See* Dkt. No. 2690-1 at 1-2). The record shows, and City of Stuart does not dispute, that National Foam began operations on June 28, 2013, when it acquired Kidde's firefighting foam division. (Dkt. No. 2690-3 at 4; Dkt. No. 2804 at 1). Based on this record, the City of Stuart does not oppose National Foam's request with respect to the pre-June 2013 liabilities.[2] Accordingly, the Court grants National Foam's motion for partial summary judgment.

## Conclusion

For the foregoing reasons, the Court **GRANTS** National Foam's partial motion for summary judgment (Dkt. No. 2690).

    s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 27, 2023
Charleston, South Carolina

---

[2] In its response, City of Stuart argues that Kidde "is liable for damages for National Foam AFFF products sold prior to June 28, 2013." (Dkt. No. 2804 at 2). Plaintiff cites testimony of Kidde's corporate representative that purportedly shows that the agreement by which National Foam acquired Kidde's AFFF business does not affect City of Stuart's right to seek recovery from Kidde for "pre-2013 liabilities associated with the National Foam AFFF business and products." (Dkt. No. 2690-4 at 4-5) (filed under seal). While the Court notes Plaintiff's argument, it is irrelevant to the narrow issue on which National Foam seeks partial summary judgment, and the Court expresses no opinion on Plaintiff's contention.