MotleyRice® LLC
ATTORNEYS AT LAW
www.motleyrice.com
"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
o. 843.216.9000 f. 843.216.9450

**Fred Thompson III**
*Licensed in South Carolina*
direct: 843.216.9118
fthompson@motleyrice.com

May 3, 2023

**VIA ECF**
Hon. Richard Mark Gergel
U.S. District Court for the District of South Carolina
J. Waites Waring Judicial Center
83 Meeting Street
Charleston, South Carolina 29401

Re: *In re AFFF Products Liability Litigation*, MDL No. 2:18-mn-2873-RMG

Dear Judge Gergel:

Plaintiff City of Stuart ("Plaintiff" or "Stuart") submits this letter to raise a serious concern it has encountered with Defendant 3M (and the other Defendants) since the April 27, 2023 status conference regarding 3M's efforts to thwart the narrowing of the scope of deposition designations and presentation of related exhibits.

By way of background, all parties agreed prior to last week's status conference that they required more time to confer regarding deposition designations to narrow objections for the Court's resolution. Defendants additionally requested more time to confer on and ultimately submit the parties' exhibit lists and objections thereto. The deadline for submissions of deposition designations and exhibit lists is now May 8th [ECF No. 3045]. Plaintiff understood the Court's leniency was to allow the parties to take the extra time to significantly streamline the deposition designations and objections and to narrow the objections on exhibits to be presented on May 8th for the Court's resolution.

Instead, ***Defendants—and particularly 3M—have revisited and reversed previously achieved consensus over certain exhibits and have not compromised on deposition designations objections.*** Notwithstanding the clear direction of the Court to make the disputes submitted and the trial time for the jury as streamlined as possible,[1] Defendants are advancing baseless evidentiary objections to avoid rulings being made by this Court. Plaintiff suspects these efforts are purposeful and intended to delay matters in the hope that the Court will assign the disputes to a Special Master. To this purpose, 3M's counsel have ***actually added objections and withdrawn prior evidentiary agreements*** with respect to certain documents. At present, Defendants have objected to 425 out of Plaintiff's 532 core exhibits while at the same time Plaintiff has pared down its objections to less than 30 out of the Defendants' 560 core exhibits.

[1] *See, e.g.,* April 27, 2023 Status Conference Transcript "Tr." at 12:7–20.






Emblematic of these improprieties is 3M's reversal of its agreement to an exhibit that they previously stipulated as being fully admissible. In April of 2021, 3M stipulated to the authenticity and admissibility of the document currently on Plaintiff's Core Exhibit List as P1.LP068. Ex. 1 (3M stipulation regarding authenticity and admissibility of Plaintiff's Trial Exhibit P1.LP068 (3M_AFFF_MDL01863386), attaching the document at issue).[2] Contrary to its stipulated agreement, 3M reasserted objections to authenticity, foundation, and hearsay. Such duplicity is contrary to the spirit and purpose of this Court's directives to the parties to streamline the presentation of evidence.[3] Without this Court's immediate involvement, final exhibit lists, deposition designations, and objections to both will reflect purposeful disagreements rather than the limited bona fide disputes that should exist.

Defendants' refusal to reasonably and consistently confer on evidentiary objections can be curtailed if the Court would immediately address a core dispute raised by Defendants, in particular, regarding improper "foundation" and "personal knowledge" objections. Defendants—and in particular 3M—presents misplaced Federal Rule of Evidence 602 objections even where documents are Defendants' own business records.

Specifically, Defendants have taken the position that "no document should be admitted at trial without the sponsoring party using it with a witness who has personal knowledge…," citing principally to Federal Rule of Evidence 602 and scattered "foundation" objections. *See* Ex. 2 at 2 (T. Matthews Johnson April 30, 2023 Correspondence). Plaintiff disagrees with this cramped interpretation of the Rule. Rule 602 pertains to the *scope* of testimony of a witness, not the admissibility of documents *per se*. Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter…"). Indeed, the notes to the Rule acknowledges that it does "not govern the situation of a witness" testifying to a hearsay statement as such because that testimony is addressed by other hearsay rules. *Id.*, Advisory Committee Note. In effect, Rule 602 merely limits the testimony of a witness to only that which the witness has personal knowledge. It is not a rule that pertains to the *admissibility* of evidence or hearsay documents.

Rule 803(6) on the other hand *does* pertain to admissibility of evidence and provides an exception to the hearsay rule which renders admissible a *business record* (and nearly the entirety of Plaintiff's current exhibit list is constituted by such records). Importantly Rule 803(6) specifically permits the admissibility of such a record "*regardless of whether the declarant is available as a witness*." Fed. R. Evid 803(6). Properly viewed in this context, none of

---

[2] This issue was the subject of numerous Joint Status Reports, including February and March 2021, and significant meet and confers before an agreement was reached via stipulation; which appears now to have been unilaterally revoked.

[3] In conferrals regarding deposition designations this week, 3M is still attempting to add objections.





Defendants' objections to their own business records are valid; yet this appears to be the basis of the objections to the unequivocal business records of 3M.

In essence, Defendants are taking the position that Defendants' own documents—even where authentic and a business records agreement has already been reached (although 3M appears to have withdrawn several of those agreements very late on Monday night)—cannot be admitted "without the sponsoring party properly using it with a witness who has personal knowledge..." This is in direct contradiction of rule 803(6), the draconian and practical implications of which would require a myriad of witnesses to testify, simply to lay a foundation for the admissibility of single documents—the very antithesis of this Court's directions.

Adding to this offense, Defendants are also making this objection for documents where ***no objection was ever previously lodged.*** That retrograde effort is hardly in the spirit of Fed.R.Civ.P. 1 and completely at odds with the Court's trial management approach and admonitions regarding use of the parties' time during trial. If Defendants' baseless objections stand, Plaintiff will be forced to call possibly hundreds of witnesses live simply to meet Defendants misplaced "foundation" objections and to testify for mere minutes as to the creation of individual documents. It would also force Plaintiff to re-designate dozens of hours of deposition testimony (if not more) that it has been working around the clock since last Thursday to cut further under five hours.[4] And where neither of those options are available because witnesses or authors of documents that were created decades ago are no longer alive or are no longer competent to testify (let alone otherwise unavailable under the Rules), this approach would undercut the business records exception entirely—where a document is admissible regardless of the declarant's availability.

As one example, 3M is maintaining objections to Plaintiff's Trial Exhibit P1.DL0001 (3M_BELL00827716), a document produced by 3M from John Butenhoff's custodial file—as directly represented to Plaintiff—and which Dr. Butenhoff authenticated during his deposition:

> Q: Okay, and this was, I can tell you, produced by your attorneys from your files, and if it was from your files, would you then say that it was kept in the ordinary course of your business, and it was your business to keep such records?
> THE WITNESS: Yes

July 23, 2020 Deposition Transcript of J. Butenhoff (Vol. 1) at 216: 8–15; Ex. 3 (P1.DL0001).

---

[4] For the avoidance of doubt, Plaintiff took the Court's guidance seriously and has been working every day since the status conference to re-evaluate all previously proposed deposition designations to find the most streamlined and concise portions across all witnesses to play for the jury.





Remarkably, 3M is also standing on its Rule 602 objection to this deposition designation and are requiring Plaintiff to submit this objection to the Court for resolution. Such disingenuous objections are not well taken. Documents like Exhibit 3 (P1.DL0001) are business records and the foundation for their admissibility is plain, as even when 3M's own witness has already established the fact. In much the same way, 3M has reneged on its prior stipulation regarding the admissibility of Exhibit 1 (P1.LP068); it is baselessly objecting to a business record whose provenance and admissibility has already been acknowledged through the testimony of its own witness. *See also* Ex. 4 (P1.DL0002/3M_BELL01939676 where 3M has maintained authenticity, foundation, hearsay, hearsay within hearsay, and Rule 403 objections to a document 3M itself produced with an official "Received Aug 15, 1980 3M Toxicology" stamp); Ex. 5 (P1.DL0062/3M_BELL02716897—where 3M is standing on authenticity, hearsay, and completeness objections to its own October 1991 Product Environmental Data Sheets for its LightWater Brand AFFF products, the very AFFF used by City of Stuart at that time.).

These few examples evince the obstructions Defendants repeatedly raise to avoid trial. They continue to litigate over minutia not to reach trial rapidly but to stave off the trial and distract through proceedings, possibly before a Special Master, or needlessly attempt to overwhelm this Court with a mountain of objections to evidence, of which they alone should bear the cost because of their dilatory behavior. This Court has already refused one entreaty by 3M's counsel to slow the trial. To maintain the trial schedule, the Court should direct the Defendants to engage in bona fide evidentiary disputes and reject 3M's purposefully baseless objections. Plaintiff remains committed to minimizing the disputes that are ultimately submitted to the Court for pretrial, and pledges to work tirelessly to that end. In that vein and as noted above, as part of its good faith conferral effort, Plaintiff is finalizing its original objections to Defendants' Core Exhibit List to less than 30 exhibits with remaining objections.

Though Plaintiff is reluctant to burden the Court, Plaintiff respectfully suggests Court intervention and guidance on these core overarching disputed issues now, namely admissibility generally of business records without a "sponsoring witness" as per Rule 803 and Defendants' misplaced application of Rule 602, as Plaintiff believes such guidance would dramatically reduce the number of objections left to resolve. Plaintiff is available at the Court's convenience should the Court find it beneficial to speak to the parties.

Respectfully submitted,

Fred Thompson, III
*Plaintiffs' Liaison Counsel*

cc: All Counsel of Record (by ECF)