# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | )<br>)  MDL No. 2:18-mn-2873-RMG<br>)<br>)  **ORDER**<br>)<br>)  **This Order Relates to**<br>)  *City of Stuart, Fl. v. 3M Co., et al.*,<br>)  Case No. 2:18-cv-3487-RMG<br>)<br>) |

The Court is in receipt of a letter from Plaintiff's counsel expressing concern that certain Defendants have objected to 425 of Plaintiff's 532 core exhibits, reportedly on such grounds as authentication and a requirement that Plaintiff produce witnesses with personal knowledge of each document. (Dkt. No. 3064). Defendants have filed a response indicating that the issue is not yet ripe and that discussions are ongoing amongst counsel. (Dkt. No. 3068).

In an effort to provide some guidance to counsel regarding potential evidentiary objections, the Court provides the following:

1. Any document produced by a party in discovery is implicitly acknowledged as authentic. *See, e.g.*, *Law Co., Inc. v. Mohawk Const. and Supply Co., Inc.*, 577 F.3d 1164, 1170 (10th Cir. 2009) ("documents produced during discovery that are on the letterhead of the opposing, producing party are authentic *per se* for purposes of Federal Rule of Evidence 901"); *Jones v. Chapman*, No. ELH-14-2627, 2017 WL 1546432, at *3 (D. Md. April 28, 2017) ( noting a party cannot voluntarily produce documents and implicitly represent their authenticity and then contend they cannot be used by the opposing party because they lack authenticity). The implicit acknowledgement of authenticity by a party producing documents is not applicable if the

1

producing party asserted at the time of production that the document was a product of fraud or alteration.

2.     The requirement of personal knowledge referenced in Federal Rule of Evidence Rule 602 applies to trial testimony offered by a witness. Rule 602 does not address the admissibility of documentary evidence.

3.     The use of documents produced by a party in discovery may be admitted into evidence over objections of hearsay on a variety of bases. Without attempting to provide a comprehensive response, the parties reviewing documents in this litigation for admissibility need to carefully consider the application of Rule 801(d)(1) (declarant's prior statement); 801(d)(2) (an opposing party's statement); 803(6) (business records exception); Rule 804(b)(1) (former testimony); Rule 804(b)(3) (statement against interest); and 807(a) (residual exception).

The Court encourages the parties to work diligently to resolve evidentiary disputes prior to the May 8, 2023 deadline for submitting exhibit lists and objections. Since the objection list is presently reported to be in the hundreds, the Court finds it necessary to promptly address as many of the evidentiary objections as reasonably possible. To that end, the Court will conduct an in-person hearing on **Friday, May 12 at 11:00 a.m.** to address evidentiary objections. The Court will plan to spend the balance of the day of May 12, if necessary, to address any evidentiary objections and will schedule additional Court time the following week to avoid the unnecessary disruption of the trial with frequent evidentiary objections that might be resolved pre-trial.

For each document to which there is an evidentiary objection, the party seeking to offer the document must produce on May 8, 2023 a copy of the document and a brief statement addressing the opposing party's evidentiary objection. Any party opposing the admission of a document must provide on May 8, 2023 a brief statement setting forth the basis of any objection. Counsel are

reminded that they are officers of the Court and should assert objections to the admissibility of evidence only where there is a sound legal basis and the objections are not done to interfere with the orderly conducting of the trial in this matter.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 4, 2023
Charleston, South Carolina

3