**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG<br><br>**This Document Relates to:**<br><br>*Abbott et al. v. 3M Company et al.*, No. 2:22-cv-00017-RMG<br><br>*Alfaro et al. v. 3M Company et al.*, No. 2:22-cv-00019-RMG<br><br>*Valdez et al. v. 3M Company et al.*, No. 2:22-cv-00020-RMG<br><br>*Bell et al. v. 3M Company et al.*, No. 2:22-cv-00021-RMG<br><br>*Gilbert et al. v. 3M Company et al.*, No. 2:22-cv-00022-RMG<br><br>*Moore et al. v. 3M Company et al.*, No. 2:22-cv-00023-RMG<br><br>*Vest et al. v. 3M Company et al.*, No. 2:22-cv-00024-RMG<br><br>*Alford et al. v. 3M Company et al.*, No. 2:22-cv-00025-RMG<br><br>*Abrams et al. v. 3M Company et al.*, No. 2:22-cv-00027-RMG<br><br>*Ager et al. v. 3M Company et al.*, No. 2:22-cv-00028-RMG<br><br>*Sanchez et al. v. 3M Company et al.*, No. 2:22-cv-00029-RMG<br><br>*Malmstrom et al. v. 3M Company et al.*, No. 2:22-cv-00030-RMG |

|  |  |
|---|---|
| ) | |
| ) | *Anderson et al. v. 3M Company et al.*, |
| ) | No. 2:22-cv-00031-RMG |
| ) | |
| ) | *Rhodes et al. v. 3M Company et al.*, |
| ) | No. 2:22-cv-00032-RMG |
| ) | |
| ) | *Johnson et al. v. 3M Company et al.*, |
| ) | No. 2:22-cv-00038-RMG |
| ) | |
| ) | *Allen et al. v. 3M Company et al.*, |
| ) | No. 2:22-cv-00303-RMG |
| ) | |
| ) | *Burrow et al. v. 3M Company et al.*, |
| ) | No. 2:22-cv-00305-RMG |
| ) | |
| ) | *Self et al. v. 3M Company et al.*, |
| ) | No. 2:22-cv-00307-RMG |
| ) | |
| ) | *Martinez v. 3M Company et al.*, |
| ) | No. 2:22-cv-00705-RMG |
| ) | |
| ) | *Lanegan v. 3M Company et al.*, |
| ) | No. 2:22-cv-00912-RMG |
| ) | |
| ) | *Mason et al. v. 3M Company et al.*, |
| ) | No. 2:22-cv-01285-RMG |
| ) | |
| ) | *Meadows et al. v. 3M Company et al.*, |
| ) | No. 2:22-cv-01286-RMG |
| ) | |
| ) | *Able et al. v. 3M Company et al.*, |
| ) | No. 2:22-cv-01287-RMG |
| ) | |
| ) | *McBroom et al. v. 3M Company et al.*, |
| ) | No. 2:22-cv-01288-RMG |
| ) | |
| ) | *Medearis et al. v. 3M Company et al.*, |
| ) | No. 2:22-cv-01575-RMG |
| ) | |
| ) | *Guevara et al. v. 3M Company et al.*, |
| ) | No. 2:22-cv-01611-RMG |
| ) | |
| ) | *Wiseman v. 3M Company et al.*, |
| ) | No. 2:22-cv-01696-RMG |
| ) | |

|  |  |
|---|---|
| ) | *Collart et al. v. The Port Authority of New York and New Jersey et al.*, No. 2:22-cv-01792-RMG |
| ) | *Campbell et al. v. 3M Company*, No. 2:22-cv-01930-RMG |
| ) | *Blythe et al. v. 3M Company et al.*, No. 2:22-cv-02231-RMG |
| ) | *Chudalla et al. v. 3M Company et al.*, No. 2:22-cv-02475-RMG |
| ) | *Hardison et al. v. 3M Company et al.*, No. 2:22-cv-02476-RMG |
| ) | *Allen et al. v. 3M Company et al.*, No. 2:22-cv-02477-RMG |
| ) | *Bozant et al. v. 3M Company et al.*, No. 2:22-cv-02478-RMG |
| ) | *Williams et al. v. 3M Company et al.*, No. 2:22-cv-02479-RMG |

Before the Court is Plaintiffs' motion to reinstate claims pursuant to CMO 5 and 5E (Dkt. No. 2914). For the reasons set forth below, the motion is granted in part and denied in part.

I.      **Background**

CMO No. 5 governs the form, procedure and schedule for completion and service of Plaintiff Fact Sheets ("PFS") for all Plaintiffs in this multidistrict litigation. Each PFS must be "substantially complete in all respects" and, if not, the parties must engage the Deficiency Dispute Resolution Process that culminates in the Defense Leadership's opportunity to move to dismiss without prejudice the claims of any Plaintiffs whose PFS remain deficient. (Dkt. No. 205 ¶ 9.) Dismissal without prejudice is subject to reinstatement if that Plaintiff serves a completed PFS pursuant to Paragraphs 22 through 26 of CMO No. 5. (*Id.* ¶ 16.)

By prior order, the Court granted the DCC's motion to dismiss the claims of 542 plaintiffs due to deficient PFS. (Dkt. No. 2894) (the "Prior Order")

On March 21, 2023, Plaintiffs moved to reinstate the claims dismissed by the Prior Order. (Dkt. No. 2914). On April 4, 2023, the DCC filed a response in opposition, noting that 421 of the plaintiffs that are subject to the motion to reinstate had still failed to provide a PFS or provided an incomplete PFS. (Dkt. No. 2946). The DCC provided supporting documentation to this effect. (Dkt. No. 2946-2).

Plaintiffs' motion is fully briefed and ripe for disposition.

## II.     Legal Standard

A defendant may move to dismiss any claim against it if the plaintiff fails to prosecute, fails to comply with the Federal Rules of Civil Procedure, or fails to comply with a Court order. Fed. R. Civ. P. 41(b). The Court may also dismiss an action for failure to obey a discovery order under Rule 37(b)(2). In determining whether dismissal is appropriate, the Court should consider "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989). However, these four factors "are not a rigid four-prong test," and "the propriety of a dismissal . . . depends on the particular circumstances of the case." *Id*. at 95. Furthermore, "[r]igid application of these factors is unnecessary if the district court provided an 'explicit and clear' warning that the failure to comply with the order would result in dismissal of the case." *Bailey v. Edwards,* 573 F. App'x 268, 269 (4th Cir. 2014); *see also Coles v. Northcutt,* 574 F. App'x 268 (4th Cir. 2014) ("[G]enerally, a district court does not abuse its discretion in dismissing an action

4

when a party fails to comply with a reasonable court order after being warned of the consequences of neglecting the court's direction.").

Courts are given broad discretion to manage an MDL docket containing voluminous cases. *See, e.g., In re Guidant Corp. Implantable Defibrillators Prod Liab. Litig.,* 496 F.3d 863, 867 (8th Cir. 2007). Because MDLs were created by Congress to encourage efficiency, "MDL courts must be able to establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." *Id.* (internal quotations omitted). Thus, the transferee court has "greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders." *Id.*

### III. Discussion

A completed PFS contains basic facts required by Defendants to assess the quality of the claims, and a Plaintiff's failure to provide such information may result in prejudice to a Defendant. *See, e.g.*, *Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2009) ("[T]he purpose of the Plaintiff's Fact Sheet was to give each defendant the specific information necessary to defend the case against it, and that without this device, a defendant was unable to mount its defense because it had no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint."); *In re Guidant Corp.*, 496 F.3d at 867 ("Given the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs, we consider the danger of prejudice substantial."). Moreover, a Plaintiff's delay or failure to provide a complete PFS may impact the other Plaintiffs in this litigation "by unfairly diverting the time and attention of the court away from their timely claims to that of [these plaintiffs]." *In re Guidant Corp.*, 496 F.3d at 867.

The Court grants in part and denies in part Plaintiffs' motion. The motion is denied as to the 421 plaintiffs listed at (Dkt. No. 2946-1) who have either failed to provide a PFS or have provided incomplete PFS. The motion is otherwise granted.

## IV.     Conclusion

For the foregoing reasons, the Plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART** (Dkt. No. 2914) as detailed herein.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 5, 2023
Charleston, South Carolina