**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

|  |  |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | ) ) ) ) ) ) ) ) ) ) |

MDL No. 2:18-mn-2873-RMG

**ORDER AND OPINION**

**This Order Relates to**
*City of Stuart, Fl. v. 3M Co., et al.*,
**Case No. 2:18-cv-3487-RMG**

Before the Court is Kidde-Fenwal, Inc. ("Kidde")'s motion for partial summary judgment. (Dkt. No. 2694).   For the reasons set forth below, the Court grants Kidde's motion.

I.      **Background**

Plaintiff the City of Stuart ("Plaintiff," "Stuart" or the "City) alleges that various Defendants manufactured and distributed aqueous film-forming foam ("AFFF") and/or fluorosurfactant additives for use in AFFF that contaminated the City's water supply with PFAS, including PFOS and PFOA. (*City of Stuart, Fl. v. 3M Co., et al.*, 2:18-cv-3487-RMG, Dkt. No. 54, ¶ 1).

On December 2, 2022, Kidde filed a motion for partial summary judgment, (Dkt. No. 2694), to which Plaintiff filed a response in opposition, (Dkt. No. 2803).   On February 10, 2023, Kidde filed a reply. (Dkt. No. 2862).   With the Court's leave, Plaintiff filed a sur-reply. (Dkt. No. 2878).

Kidde's motion is fully briefed and ripe for disposition.

## II.     Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III.     Discussion

Kidde moves for partial summary judgment on a narrow point.  Namely, Kidde asks that the Court grant it summary judgment on all "claims based on PFOS and branched PFOA." (Dkt.

No. 2694-1 at 3). Citing Plaintiff's experts' testimony, Kidde argues that the undisputed evidence shows "Kidde's FT [fluorotelomer]-AFFF could not have generated PFOS or branched PFOA." (*Id.*).  In response, Plaintiff acknowledges it does "not dispute that Kidde is not the source of the PFOS or the branched PFOA in its drinking water and does not intend to introduce evidence to the contrary." (Dkt. No. 2803 at 2).  Plaintiff argues however that Kidde can be held jointly and severally liable under a "pollution" exception to Fla. Stat. § 768.81 for *linear* PFOA. (*Id.* at 6-7) (arguing Kidde's motion is "futile since Kidde is still required to ensure Stuart is made whole" for any linear PFOA contamination).  In reply, Kidde argues that "[b]ecause there is no dispute that Kidde's AFFF did not cause any PFOS or branched PFOA contamination, the Court need not decide whether a 'pollution' exception applies to grant summary judgment to Kidde for all claims based on those substances." (Dkt. No. 2862-1 at 2).

The Court grants Kidde's partial motion for summary judgment on Plaintiff's claims to the extent those claims allege Kidde is responsible for PFOS or branched PFOA contamination.  The Court expresses no opinion on the parties' disputes regarding joint and several liability or § 768.81's "pollution" exception as those issues are not properly before the Court.

## IV.    Conclusion

For the foregoing reasons, the Court grants Kidde's motion for partial summary judgment (Dkt. No. 2694).

**AND IT IS SO ORDERED.**


_s/ Richard Mark Gergel_____
Richard Mark Gergel
United States District Judge

May 5, 2023
Charleston, South Carolina