**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG <br><br> **This Document relates to**: <br><br> *City of Stuart, FL, v. 3M Company et al.,* No. 2:18-cv-03487 |

**DEFENDANTS' OMNIBUS EXHIBIT LIST**

Defendants 3M Company, Kidde-Fenwal Inc., National Foam Inc., E.I. DuPont de Nemours & Company, The Chemours Company, and The Chemours Company FC, LLC respectfully submit the attached list of trial exhibits. The parties marked and exchanged their proposed core exhibits on March 31, 2023, and served objections on April 14, 2023. The parties then conferred over a period of three weeks in an effort to resolve or narrow their disputes before trial, as required by Local Rule 26.07. This process resulted in a number of objections being resolved in accordance with the Court's order of May 4, 2023. The list attached as **Exhibit A** is Defendants' Omnibus Core Exhibit List, which includes Plaintiff's remaining objections to Defendants' core exhibits and Defendants' brief responses to Plaintiff's objections. For ease of reference, Defendants also attach as **Exhibit B** a list of only those exhibits on Defendants' Omnibus Core Exhibit List to which Plaintiff has objected. Defendants will provide the Court with an electronic set of documents Plaintiff has objected to in advance of the hearing on May 12, and will have a copy set available for the Court at the May 12 hearing.

Plaintiff has filed its own list of trial exhibits, which should reflect Defendants' outstanding objections as served by Defendants on May 6, 2023. The parties have resolved the vast majority of authenticity objections and have meaningfully narrowed the objections remaining for the Court's review. In an effort to streamline the issues to be resolved at trial, Defendants have withdrawn an additional 169 objections to Plaintiff's list. Of the remaining 255 objections that Defendants served on Plaintiff on May 6, 2023, 110 relate to motions in limine filed by Defendants that remain pending before this Court. Because the Court's forthcoming decision on those motions in limine will inform those objections, Defendants respectfully suggest that the Court need not address them at the May 12 hearing. This would leave the parties and the Court free to focus at the hearing on the remaining 145 exhibits from Plaintiff's list. Defendants note that Plaintiff's list

includes exhibits to which Defendants object because they clearly should not be admitted into evidence or provided to the jury during its deliberations, such as attorney-created demonstratives, attorney-created summary sheets of damages, deposition transcripts, and newspaper articles that are hearsay under the rules of evidence. For the convenience of the Court, Defendants have attached as **Exhibit C** a list of Plaintiff's core exhibits that have a pending defense objection that does not implicate a pending motion in limine.

Just last week, Plaintiff agreed to a stipulated dismissal of Defendants Tyco Fire Products LP and Clariant Corp. To the extent certain Defendants are no longer a party to this case at the time of trial, the remaining Defendants reserve the right to object to documents pertaining only to the absent Defendant.

Beyond these objections to specific exhibits, Defendants object to Plaintiff's proposal that documents lacking a specific objection be marked for "preadmission" at trial. Plaintiff, in other words, has proposed that these documents be admitted into evidence independently and without being used or introduced through any witness. Defendants object to any "preadmission" procedure and respectfully submit that the parties must offer their proposed exhibits through a witness at trial only after a proper foundation has been laid. Federal courts "generally prefer[] to measure admissibility in the context of trial." *United States v. Wick*, 2016 WL 10612608, at *2 (D. Mont. Mar. 11, 2016). "[B]y deferring evidentiary rulings until trial, courts can properly resolve questions of foundation, relevancy, and prejudice." *Francois v. Gen. Health Sys.*, 459 F. Supp. 3d 710, 719 (M.D. La. 2020); *see also Walton v. Saady*, 2006 WL 5112616, at *1 (M.D. Fla. Sept. 27, 2006) ("issues involving the admissibility of evidence are better resolved within the context of a trial when the Court can make a more informed decision"). For these reasons, federal courts

have declined to "preadmit" exhibits absent agreement among the parties. *See, e.g.*, *Union Pac. R.R. Co. v. Winecup Ranch, LLC*, 2020 WL 7125918, at *6 (D. Nev. Dec. 4, 2020).

The same result should follow here. The parties have served their objections to the other side's exhibit list, and the Court should resolve those objections at trial. In addition, even where Defendants have not lodged a specific objection based on the face of the document, Defendants reserve the right to object to the admission of any document through a witness with whom counsel cannot lay a proper foundation.

Defendants will continue discussing the submitted objections with Plaintiff in an effort to the narrow the exhibits in dispute.

Dated: May 8, 2023                                  Respectfully submitted,

                                                            s/Brian C. Duffy

| | |
|---|---|
| Michael A. Olsen | Brian Duffy |
| Mayer Brown LLP | Duffy & Young LLC |
| 71 South Wacker Drive | 96 Broad Street |
| Chicago, IL 60606 | Charleston, SC 29401 |
| P: (312) 701-7120 | P: (843) 720-2044 |
| F: (312) 706-8742 | F: (843) 720-2047 |
| molsen@mayerbrown.com | bduffy@duffyandyoung.com |
| | |
| Joseph G. Petrosinelli | David E. Dukes |
| Williams & Connolly LLP | Nelson Mullins Riley & Scarborough LLP |
| 680 Maine Ave. SW | 1320 Main Street, 17th Floor |
| Washington, DC 20024 | Columbia, SC 29201 |
| P: (202) 434-5547 | P: (803) 255-9451 |
| F: (202) 434-5029 | F: (803) 256-7500 |
| jpetrosinelli@wc.com | david.dukes@nelsonmullins.com |
| | |
| *Co-Lead Counsel for Defendants* | *Co-Liaison Counsel for Defendants* |
| | |
| Beth A. Wilkinson | Keith E. Smith |
| Brian L. Stekloff | Caleb J. Holmes |
| Wilkinson Stekloff LLP | Greenberg Traurig, LLP |
| 2001 M Street NW, 10th Floor | Three Logan Square |
| Washington, DC 20036 | 1717 Arch Street, Suite 400 |
| P: (202) 847-4000 | Philadelphia, PA 19103 |
| F: (202) 847-4005 | T +1 215.988.7843 |
| | smithkei@gtlaw.com |
| | holmesc@gtlaw.com |
| *Counsel for 3M Company* | |
| | *Counsel for National Foam* |

4

John Cerreta
Keith Bensten
Jonathan Handler
Day Pitney LLP
One International Place
Boston, MA 02110
P: (617) 345-4734

Robert J. Giuffra, Jr.
Justin J. DeCamp
Sullivan & Cromwell LLP
25 Broad Street
New York, NY  10004-2498
P: (212) 558-4776
F: (212) 291-9634

*Counsel for Kidde and related entities*

Molly H. Craig
James B. Hood
Virginia Rogers Floyd
Hood Law Firm, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC 29402
P: (843) 577-4435
Molly.craig@hoodlaw.com
James.hood@hoodlaw.com
Virginia.floyd@hoodlaw.com

Brent Dwerlkotte
Amy M. Crouch
Jennifer Hackman
Shook Hardy & Bacon LLP
2555 Grand Blvd.
Kansas City, MO 64108
P: (816) 474-6550
dbdwerlkotte@shb.com
amcrouch@shb.com
jhackman@shb.com

*Attorneys for Defendants E.I. du Pont de Nemours and Company (now known as "EIDP, Inc."), The Chemours Company, and The Chemours Company FC, LLC*