# EXHIBIT B

May 8, 2023

*City of Stuart, FL, v. 3M Company et al.,*
No. 2:18-cv-03487
**Defendants' Trial Exhibits,**
**to which Plaintiff Has Remaining Objections**

| Ex. No. | Beg Bates | Description | Plaintiff's Remaining Objections | Defendants' Responses to Plaintiff's Objections |
|---|---|---|---|---|
| DTRX_000001 | AF06-00011639 | DRAFT Addendum to Phase 1 Impact Assessment for PFOS/PFOA-Cost-Benefit Assessment for Replacement of Legacy Aqueous Film Form Forming Foam (AFFF) 6 April 2015 | **DoD** Has raised objection to the use of this documents: "This is highly confidential material. We would ask to seal. This document identifies input from DoD experts on how changes to potential PFAS environmental regulations or toxicity values will impact DoD's mission (e.g., procurement of weapons systems, occupational health program) and what future actions DoD should take based on our cost/benefit analysis. DoD has consistently protected the candor required in this Emerging Chemical of Concern process." **Plaintiff**: Objects to Relevance & Waste of Time (**R.401/R.402/R.403**) - DoD is the not the AFFF user in Stuart and thus their cost to replace AFFF is irrelevant & would be a waste of the jury's time. This is a draft documents containing highly confidential government information and its probative value is outweighed by the risk confusion, and any minimal conditional relevance may be outweighed by the need to obtain similarly classified and/or national security and U.S. force protection government information necessary to establish any relevance or cure undue prejudice. | **Defendants' Response**: Document is relevant to the background and development of AFFF. Document's description of the benefits and use is also relevant to the risk/benefit analysis. Per negotiations with the U.S. government, this exhibit will be withdrawn and replaced with DTRX0411 (DOD02-00000766), which is on Defendants' long exhibit list and will be elevated to the core list. Defendants have agreed with the DoD on acceptable redactions to that document, and Defendants sent those proposed redactions to Plaintiff for review on April 27, 2023, and are awaiting Plaintiff's review. |
| DTRX_000304 | FF_NAVY04_00000914 | MIL-PRF-24385F(SH) w/ AMENDMENT 7 7 September 2017 - PERFORMACE SPECIFICATION Fire Extinguishing Agent Aqueous Film-Forming Foam (AFFF) Liquid Concentrate, For Fresh and Sea Water | Relevance & Waste of Time (**R.401/R.402/R.403**) - Stuart does not involve MIL-Spec AFFF, thus the MIL-Spec is irrelevant and a waste of the jury's time. Additionally Contains "Exhibit 11" Cover Page from prior Court pleading as well as docket numbers from filings that may confuse the jury as to its relevance, application, meaning, actual probative value. | **Defendants' Response**: The United States confirmed this document produced by the U.S. in this litigation is a business record in November 2, 2021 U.S. Responses and Objections to Defendants' Co-Lead Counsel's Second Set of Requests for Admission to the United States of America, Response to Request No. 3. Document is relevant to show knowledge of qualities and use of PFAS by entities other than the defendants. It is also relevant to show risk-benefit analysis of qualities and use of PFAS. 3M agrees to redact or remove cover page and docket numbers from filing prior to use at trial. |
| DTRX_000311 | ADA432176 | Aircraft Carrier Flight and Hangar Deck Fire Protection: History and Current Status (January 2005) – Robert L. Darwin Hughes Associates, Inc. | Relevance & Waste of Time (**R.401/R.402/R.403/R.106**) - Stuart does not involve AFFF use on an aircraft carrier or DoD use, thus this document is irrelevant and waste of the jury's time. Contains conflicting "Exhibit 25" Cover Page from prior Court pleading as well as docket numbers from filing. Prejudicial images of fires in military combat and may be afforded undue weight due the historical significance of military operations and disasters depicted. Includes hearsay statements within the documents including incomplete portions of reports or references, or what appear to be portions of other hearsay documents, the sources and authors of which cannot be identified. **R.106** The document is incomplete and contains only 31 of at least a total of 97 pages identified in the TOC. For example, after page 1 it skips to page 40, and skips sections throughout, and the section on "Lessons Learned and Relevant Research" is missing page 93; section on "Current Shortcomings and Future Concerns: is missing entirely at pages 94-97; as is the section on "References" which is missing entirely at page 97+. | **Defendants' Response**: The United States confirmed the status of this document as a business record from the Defense Technical Information Center in November 2, 2021 U.S. Responses and Objections to Defendants' Co-Lead Counsel's Second Set of Requests for Admission to the United States of America, Response to Request No. 4. Document is relevant to the background and development of AFFF. Document's description of the benefits and use is also relevant to the risk/benefit analysis. Use of AFFF in historical fires is not prejudicial and is relevant to risk/benefit analysis for AFFF. Defendants agree to redact or remove cover page and docket numbers prior to use at trial. Defendants are also willing to replace document with the complete version of the document. |
| DTRX_000316 | US-Darwin-00010008 | Untitled | Relevance & Waste of Time (**R.401/R.402/R.403**) - Stuart does not involve MIL-Spec AFFF. Thus the history of the Development of AFFF is Not Relevant & a Waste of the Jury's Time. Further, the document is likewise hearsay with respect to the development of Light Water. Additionally, this document contains conflicting exhibit numbers and other marketing not original to the document (e.g., "Exhibit 30" Cover Page from prior Court pleading as well as docket numbers from filing. Contains Exhibit Sticker "Darwin Exhibit DCC286" Non-sequential bates numbers suggesting not produced in the manner kept in the regular course of activity and method of preparation indicating concern for its provenance. No Author Identified. No Date of Document. Includes hearsay statements within the documents including incomplete portions of articles or what appear to be portions of other hearsay documents, the sources and authors of which cannot be identified. | **Defendants' Response**: Document qualifies as an ancient document under Rule 806(16) because it is from before January 1, 1998. See November 1, 2021, Declaration of Robert L. Darwin (citing this document as one in his files, created prior to January 1, 1998, and received in the ordinary course of business for the Navy). Document is relevant to the background and development of AFFF. Document's description of the benefits and use is also relevant to the risk/benefit analysis. |
| DTRX_000772 | N/A | S. King, City of Stuart: Water quality safe following concerns of potentially harmful chemicals in supply, ABC 25WPBF | Confusion/Waste of Time (**R.403**) - this local news article is discussing the slight uptick in PFOS levels in November 2022, but does so in the context of the original source of PFOS which is could cause juror confusion as to whether Stuart is aware that the original source of the PFOS is AFFF, which, of course it is aware of that; additionally, there is information included directing the reader to other articles that are irrelevant and more prejudicial than probative, see e.g. links to articles about a local homicide, links to EPA information implying the truth of the entirety of the exhibit or government approval of the information, as well as to "learn more about your health." Hearsay (**R.802**) & (**R.805**) (Hearsay within Hearsay)- The article attributes causes of PFOS levels to "city leaders" without identifying who those leaders are and does not quote the individual. Plaintiff does not object on hearsay grounds to the specific quotes in the article attributable to specific City personnel, i.e., Mike Woodside, so long as proper foundation is laid pursuant to **R.801(d)(2)**. The news article is first level Hearsay **R.802**, second level are statements by identified and unknown sources. | **Defendants' Response**: Defendants agree that this, like other newspaper articles on Plaintiff's list, constitutes hearsay. However, as Plaintiff notes, this article contains admissions by representatives of the City of Stuart and are admissible under 801(d)(2). Defendants agree to limit use of this article accordingly assuming Plaintiff is bound by the same rules. |

May 8, 2023

*City of Stuart, FL, v. 3M Company et al.*,
No. 2:18-cv-03487
**Defendants' Trial Exhibits,**
**to which Plaintiff Has Remaining Objections**

| Ex. No. | Beg Bates | Description | Plaintiff's Remaining Objections | Defendants' Responses to Plaintiff's Objections |
|---|---|---|---|---|
| DTRX_000965 | | Article J. Solomon, Stuart moves forward on long-term plan for more sustainable water source, TC Palm | Confusion/Waste of Time (**R.401/R.402/R.403**) - the article is discussing the period of time before Stuart was aware that its ion exchange treatment plant would adequately treat the surficial and thus inaccurately suggests that the City is going to the Floridian Aquifer; Hearsay (**R.802**) (**R.805**) - The article's author misstates the facts with respect to the City's PFAS treatment plant.  Plaintiff does not object on hearsay grounds to the specific quotes in the article attributable to specific City personnel, i.e., Dave Peters. so long as proper foundation is laid pursuant R**ule 802(d)**. Additionally, there is irrelevant  information included directing the reader to other articles that are irrelevant and more prejudicial than probative, see e.g. links to "Best Tasting Water Supply" Link. The news article is first level Hearsay **R.802**. As well as a **R.106** in relations to information related to the potential FLEPA loan and application for legislative grant is cursory and may require extensive information to contextualize and make complete. | **Defendants' Response**: Defendants agree that this, like other newspaper articles on Plaintiff's list, constitutes hearsay. However, as Plaintiff notes, this article contains admissions by representatives of the City of Stuart and are admissible under 801(d)(2).  Defendants agree to limit use of this article accordingly assuming Plaintiff is bound by the same rules. |
| DTRX_001711 | Stuart_2:18-cv-03487_00043464 | | Improper Lay Opinion (**R.701**) - Mr. Miller is an engineer who is providing a speculative opinion for which he does not have the requisite scientific, technical or specialized knowledge required under **R.702** for identifying the source of PFAS contamination. Such opinion evidence Miller's speculative out of court statements related to is layman' assessment of highly technical  opinions requires specialized training in hydrology and/or fate and transport.  Mr. Miller was not disclosed as someone providing such testimony by Defendants. Additionally, Mr. Miller's statements providing an undisclosed and  layman's summary of a study discussed in the email along with the link to that study, and his interpretation of its results as related to Stuart are pure speculation, and is based upon his unqualified interpretation of a hearsay document not contained in the exhibit, i.e. the study is not included  in the email, and thus Mr. Miller's assessment in the email is incomplete (**R.106**); and the study itself should not be permitted into evidence under **R.803(18)**, or used in trial until proper a foundation laid with a witness sufficient qualified to discuss its contents and context. | **Defendants' Response**: This statement constitutes a party admission under 801(d)(2).  Mark Miller of Kimley Horn is a consultant of the City of Stuart on the disputed issues in this case.  The City hired Mr. Miller and Kimley Horn to advise them on the very topics addressed in his email.  In his CV, Mr. Miller describes himself, in part, as being a "licensed Professional Engineer who practices as a senior water treatment specialist with 35 years of experience.  His principal areas of practice include water treatment systems design, hydraulic investigations and design, and structural engineering." |
| DTRX_001999 | Stuart_2:18-cv-03487_00132435 | | Subject to **Plaintiff's MIL No. 3**. Plaintiff has moved to exclude all evidence and arguments regarding the city's receipt of funds from the State of Florida and/or Other Third Parties as Collateral Sources.  **R. 401 & R.403** - This document is part of an application for such funding but appears incomplete or in draft form, lack of clear date, identity of author, and completeness give rise to concerns about the exhibits preparation and/or probative value when balanced with its relevance. | **Defendants' Response**: Plaintiff's MIL No. 3 addresses materials relating to prior writings of Plaintiff's experts.  Plaintiff's MIL No. 6 seeks to exclude evidence and arguments regarding Plaintiff's receipt of funds from the State of Florida and/or other Third Parties.   As Plaintiff concedes in that MIL, any government funding provided to Plaintiff to transition to the Floridan Aquifer does not constitute a collateral source because Plaintiff claims to have abandoned this plan.  Mr. Peters testified that this document was part of the same document dated 12/18/2015, which is a Kimley-Horn feasibility study. |
| DTRX_002608 | Stuart_2:18-cv-03487_00617646 | | **R.401/R.402/R.403** (Confusion & Waste of Time) - The email pertains to construction of a RO system that Stuart could never afford to build, never built, had to abandon and was in relation only to a feasibility study for such a RO facility, not the facility itself. The city was only looking into the feasibility study because of a grant opportunity that it turned out the city did not even qualify for.  Thus, the fact that its outside engineer was pressuring them to do this is both irrelevant, will cause confusion and waste significant time explaining the context of this document. Moreover, statements made in these emails are highly prejudicial because without proper context or the need to waste time providing, there is probability that jurors could mistakenly believe that Stuart was considering draining contaminated water on or nearby park and recreation areas or other surface waters in the community, will cause confusion and waste significant time requiring a witness with sufficient technical/scientific/historical knowledge to explain the context of this document and the issues it implies.  Improper Lay Opinion (**R.701**) - Mr. Miller is a fact witness on Defendants "may call" list and the email describes opinion evidence. Mr. Miller was not disclosed as someone providing opinion testimony by Defendants. | **Defendants' Response**: Plaintiff is seeking damages for fees charged by its consultants, including Kimley Horn, associated with investigating the implementation of an RO system to treat water from the Floridan Aquifer.  Plaintiff is also seeking damages for "PFOS and PFOA related work" by the city staff and consulting time of Dave Peters for work on PFOA and PFOS.  Neither of these damages components excludes time spent investigating transitioning to the Floridan Aquifer.  This exchange between Kimely Horn and Dave Peters investigating sites for wells for the Floridan in 2014 is relevant to those components of Plaintiff's damages.   This exchange is also relevant to show that Plaintiff was investigating transitioning to the Floridan Aquifer before PFAS became an issue for the City in 2016.  Defendants do not intend to use this particular document to suggest that Stuart was considering draining contaminated water on parks or recreation areas and there is not a significant risk of juror confusion regarding the same.   Nor is this document being used for purposes of introducing expert or lay opinion by Mark Miller. |
| DTRX_002999 | | Report by South Florida Water Management District, Upper East Coast Water Supply Plan Planning Document 2004 Update | Objection withdrawn except as the current version containing "JX 49" Cover Page from prior Court pleading as well as docket numbers from filing. This document  contains conflicting exhibit numbers and other markings not original to the document. | **Defendants' Response:** Defendants agree to remove cover page and docket numbers prior to seeking to admit document into evidence. |

May 8, 2023

*City of Stuart, FL, v. 3M Company et al.,*
No. 2:18-cv-03487
**Defendants' Trial Exhibits,**
**to which Plaintiff Has Remaining Objections**

| Ex. No. | Beg Bates | Description | Plaintiff's Remaining Objections | Defendants' Responses to Plaintiff's Objections |
|---|---|---|---|---|
| DTRX_003644 | PENNA-NAVY-019778 | MILITARY SPECIFICATION MIL-F-24385F: FIRE EXTINGUISHING AGENT, AQUEOUS FILM-FORMING FORM (AFFF) LIQUID CONCENTRATE, FOR FRESH AND SEAWATER Patricia A. Tatem and Clarence Whitehurst Naval Research Laboratory & Ralph Ouellette and Robert L. Darwin Hughes Associates, Inc | Relevance/Waste of Time (R.401/R.403) - Stuart does not involve AFFF Mil-Spec Foam, thus description of the MIL-Spec is entirely irrelevant to the AFFFs at issue at Stuart and will only serve to waste jury time. | **Defendants' Response**: Document is relevant to the background and development of AFFF. Document's description of the benefits and use of AFFF is also relevant to the risk/benefit analysis. The United States confirmed this document produced by the U.S. in this litigation is a business record in November 2, 2021 U.S. Responses and Objections to Defendants' Co-Lead Counsel's Second Set of Requests for Admission to the United States of America, Response to Request No. 3. |
| DTRX_003738 | US-Darwin-00011594 | NFPA Journal May/June 1995 | Relevance/Waste of Time (R.401/R.402/R.403) - 165 page brochure marketing numerous irrelevant products and content intended to sell irrelevant products using aggressive marketing tactic and prejudicial imager. No indication of who the recipient of the brochure was other than a DoD entity See Naval Command. Moreover, Tyco/Ansul is no longer a defendant in the Stuart case thus a brochure about Ansul/Tyco is not relevant and would only serve to waste jury time. Hearsay (**R.802 and R.805**) - the document also contains hearsay statements (e.g. discussion of a white paper). | **Defendants' Response**: Document qualifies as an ancient document under Rule 806(16) because it is from May/June 1995. Document contains information relevant to the background, development, benefits, potential risks, and uses of AFFF at pages US-Darwin-00011662 through -00011668. |
| DTRX_003800 | | From Mark Miller To David Peters Mader Demonstrative: PFOS does not Biodegrade in the Environment, Answer: True | Improper Lay Opinion (**R.701**) - Mr. Miller is an engineer who is providing an opinion for which he does not have the requisite scientific, technical or specialized knowledge required under **R.702** for identifying the source of PFAS contamination. Such opinion evidence requires specialized training in hydrology and/or fate and transport. Mr. Miller was not disclosed as someone providing such testimony by Defendants. Mr. Miller's statements providing an undisclosed and layman's opinion of a study discussed in the email along with the link to that study, and his interpretation of its results as related to Stuart are pure speculation, and is based upon his unqualified interpretations of a hearsay document not contained in the exhibit, i.e. the study is not included in the email, and thus Mr. Miller's assessment in the email is incomplete (**R.106**); and the study itself should not be permitted into evidence under **R. 803(18)**, or used in trial until proper foundation laid with a witness sufficient qualified to discuss its contents and context. | **Defendants' Response**: This is a 2016 email from Mr. Miller of Kimley Horn to Mike Woodside of the City of Stuart describing a recent uptick in PFCs in reclaimed water that has already been treated by the City's water treatment system. The City was using this reclaimed water for irrigation at a number of locations in the City. This document is relevant to show that the City was on notice that reclaimed water that it was using for irrigation at various locations throughout the City had PFAS in it, which is relevant to comparative fault, mitigation of damages and Plaintiff's credibility. Defendants are not introducing the content of the study cited in this exchange or Mr. Miller's interpretation of that study as a lay or expert opinion as to its truth. |
| DTRX_003825 | KimleyHorn_Stuart_191384 | June 26, 2017 City of Stuart, Florida Agenda Item Request City Commission - Requesting Authorization for Execution of Legal Services Contract | Relevance/Prejudice (**R.401/R.402/R.403**) - An Attorney's Retainer Agreement is entirely irrelevant to any issue of fact in consequence to this action. Further, it is prejudicial to the city for the jury to know what the attorneys stand to earn from any verdict. The documents refers and cites to potentially necessary information to satisfy the Rule of Completeness depending on how the documents is used,. **Plaintiffs prior objections/MILs** related to Attorney Driven issues. | **Defendants' Response**: Defendants agree not to introduce the attached Attorney Retainer Agreement into evidence. |
| DTRX_005716 | Stuart_2:18-cv-03487_00063317 | Upper East Coast Entities' 2009 Progress Report | Hearsay (**R.802**) - the document contains hearsay statements. The document is also subject to **MIL No 6** insofar as it details receipt of state revolving loans | **Defendants' Response**: This is admissible as an admission by a party opponent under 801(d)(2). This document was prepared by the City of Stuart and submitted in response to a request from the South Florida Water District. To the extent the document contains references to government loans, as set forth in Defendants' response to MIL No. 6, Defendants do not intend to argue that such loans should reduce the amount of damages sought by the City of Stuart. Defendants are willing to consider appropriate redactions consitent with the positions set forth herein and in response to Plaintiff's motion. |
| DTRX_006016 | | Australia, Expert Health Panel for PFAS. 2018. "Expert Health Panel for Per- and Poly-Fluoroalkyl Substances (PFAS) [PFAS Expert Health Panel – Report to the Minister]." Report to Australia, Dept. of Health. 446p., March. Accessed at http://www.health.gov.au/internet/main/publishing.nsf/Content/C9734ED6BE238EC0CA2581BD00052C03/$File/expert-panel-report.pdf. | Relevance (**R.401/R.402**) - As a result of the regulatory framework, Stuart is required to treat its PFAS contamination so the fact that one particular Australian panel concluded that PFAS has no health risks is irrelevant since the EPA's position is that PFAS are most likely carcinogenic and is thus proposing PFAS MCLs. Stuart is under the EPA's umbrella, not Australia's, so the conclusions made to a foreign regulatory body are irrelevant; Hearsay (**R.802/R.802**) - the panel conclusions are also hearsay. And summarize other hearsay documents or statements potentially requiring to be contextualized or made complete that would in fairness be necessary to be considered at the same time. | **Defendants' Response**: Defendants should be permitted to use this article with an expert under Rule 803(18) as an exception to the hearsay rule. As to relevance, one area of dispute in this matter is the relative risk of PFAS to human health. It is important for the jury to hear and assess different assessment's as to the relative risk of PFAS, which experts will testify to, and not solely rely on the EPA's statements. Moreover, this type of evidence is relevant to assessing defendants' state of mind and reasnableness of their actions; not Stuart's. |
| DTRX_006882 | Stuart_2:18-cv-03487_00659486 | City of Stuart, Florida Adopted Budge Fiscal Years 2022 | Portions of the budget relate to **Plaintiff's MIL No. 6** to exclude evidence and/or argument related to funding for PFAS treatment which Plaintiff has moved to exclude as a collateral source, such portions need redaction | **Defendants' Response**: As set forth in Defendants' response to MIL No. 6, Defendants do not intend to argue that any funding for PFAS treatment should reduce the amount of damages sought by the City of Stuart. Defendants are willing to consider appropriate redactions conssistent with the positions set forth herein and in response to Plaintiff's motion. |
| DTRX_006883 | Stuart_2:18-cv-03487_00064665 | FLEPA Letter to Tim Voelker, ity of Stuart RE: DW530431 - Stuart Installation of RO Treeatment and Floridian Wells w/ Lonad Agreement | The document is subject to **Plaintiff's MIL No. 6** to exclude evidence and/or argument concerning receipt of funds from third parties, including from the State of Florida, as collateral sources. | **Defendants' Response**: As set forth in Defendants' response to MIL No. 6, Defendants do not intend to argue that any funding for PFAS treatment should reduce the amount of damages sought by the City of Stuart. However, Plaintiff is maintaining that the cost of the RO facility built to access the Floridan Aquifer was a "central factor" in the City's decision to abandon its plans to continue work on that facility. This document relates directly to that disputed issue. |

May 8, 2023

*City of Stuart, FL, v. 3M Company et al.,*
No. 2:18-cv-03487
**Defendants' Trial Exhibits,**
**to which Plaintiff Has Remaining Objections**

| Ex. No. | Beg Bates | Description | Plaintiff's Remaining Objections | Defendants' Responses to Plaintiff's Objections |
|---|---|---|---|---|
| DTRX_006890 | Raftelis_Stuart_017801 | Alternative Water Supply Update October 11, 2021 | The document is subject to **Plaintiff's MIL No. 6** to exclude evidence and/or argument concerning receipt of funds from third parties, including from the State of Florida, as collateral sources. | **Defendants' Response**: As set forth in Defendants' response to MIL No. 6, Defendants do not intend to argue that any funding for PFAS treatment should reduce the amount of damages sought by the City of Stuart. However, Plaintiff is maintaining that the cost of the RO facility built to access the Floridan Aquifer was a "central factor" in the City's decision to abandon its plans to continue work on that facility. This document contains statements directly related to that disputed issue. |
| DTRX_007506 | | Australia, Expert Health Panel for PFAS: Summary. 2018. | Relevance **R.401/R. 402/R.403** - As a result of the regulatory framework, Stuart is required to treat its PFAS contamination so the fact that one particular Australian panel concluded that PFAS has no health risks is irrelevant since the EPA's position is that PFAS are most likely carcinogenic and is thus proposing PFAS MCLs. Stuart is under the EPA's umbrella, not Australia's, so the conclusions made to a foreign regulatory body are irrelevant; **Hearsay** (**R.801/R802**) - the panel conclusions are also hearsay. **Authenticity R.901/R.902.(3)(3)** Nor has this record's authenticity been properly established as because no extrinsic evidence has been produced to support what this exhibit purports to be nor has it been property certified as a Foreign Public Record per **R.902(3)** as required to be self-authenticating. | **Defendants' Response**: Defendants should be permitted to use this article with an expert under Rule 803(18) as an exception to the hearsay rule. As to relevance, one area of dispute in this matter is the relative risk of PFAS to human health. It is important for the jury to hear and assess different assessment's as to the relative risk of PFAS, which experts will testify to, and not solely rely on the EPA's statements. Moreover, this type of evidence is relevant to assessing defendants' state of mind and reasonableness of their actions; not Stuart's. As to authentication, this document can be authenticated by an expert who can testify as to its source and the expert's understanding of the Australian's Health Panel's status as a reliable authority. |