IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> ORDER AND OPINION <br><br> This Order Relates to <br> *City of Stuart, Fl. v. 3M Co., et al.*, <br> Case No. 2:18-cv-3487-RMG |

Before the Court is Plaintiff's motion in limine no. 2 to preclude evidence of other possible sources of contamination (Dkt. No. 2918). For the reasons set forth below, the Court denies Plaintiff's motion.

I.  **Background**

Plaintiff the City of Stuart ("Plaintiff," "Stuart" or the "City) alleges that various Defendants manufactured and distributed aqueous film-forming foam ("AFFF") and/or fluorosurfactant additives for use in AFFF that contaminated the City's water supply with PFAS, including PFOS and PFOA. (*City of Stuart, Fl. v. 3M Co., et al.*, 2:18-cv-3487-RMG, Dkt. No. 54, ¶ 1).

On March 24, 2023, Plaintiff filed a motion in limine to exclude evidence of other possible sources of contamination at Stuart. (Dkt. No. 2918). Defendants oppose. (Dkt. No. 2966)

Plaintiff's motion is fully briefed and ripe for disposition.

II.   **Legal Standard**

Although not specifically provided for in the Federal Rules of Evidence, motions in limine "ha[ve] evolved under the federal courts' inherent authority to manage trials." *United States v. Verges*, Crim. No. 1:13-222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Id.* "Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006); *see also United States v. McBride*, 676 F.3d 385, 403 (4th Cir. 2012) ("[A]ssessing [whether evidence is] relevan[t] is at the heart of the district court's trial management function."). A district court therefore has "broad discretion" in deciding a motion in limine. *Kauffman v. Park Place Hosp. Grp.*, 468 F. App'x 220, 222 (4th Cir. 2012). Nonetheless, a motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3.

III.  **Discussion**

Plaintiff moves to preclude Defendants from introducing "any inquiry, evidence, and/or testimony regarding other possible sources of Stuart's PFAS contamination other than AFFF, absent a proven and substantiated foundation." (Dkt. No. 2918 at 3). Specifically, Plaintiff alleges that "while Defendants' experts opine that there exists a variety of possible PFAS sources, Defendants' experts fail to tie these possible sources to the contamination of Stuart's drinking water." (*Id.* at 1).

A "defendant may offer evidence of potential alternative causes of a disease or injury without needing to prove those alternative-cause theories with certainty or probability." *Woodruff*

2

*v. R.J. Reynolds Tobacco Co.*, No. 3:09-CV-12594, 2015 WL 506281, at *1 (M.D. Fla. Feb. 6, 2015) (citing *Aycock v. R.J. Reynolds Tobacco Co.,* 769 F.3d 1063, 1069–70 (11th Cir.2014) (stating that any other rule would "improperly shift[ ] the burden of proof")). Under *Aycock*, "courts treat evidence produced by plaintiffs to prove causation differently than they treat evidence produced by defendants to rebut causation." 769 F.3d at 1069. While "the plaintiff bears the burden of proving that the defendant's negligence more likely than not caused the injury, that burden does not logically compel[ ] the conclusion that the *defendant* [ ] is precluded from offering evidence of *possible* explanations other than his own ... negligence." *Id.* (internal quotation marks omitted); *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19MD2885, 2022 WL 823474, at *4 (N.D. Fla. Mar. 19, 2022) (noting a defense expert "may offer evidence of potential alternative causes of [an] injury without needing to prove those alternative-cause theories with certainty or probability" so long as based in the factual record).

      The Court denies Plaintiff's motion.  Defendants cite excerpts from the expert reports of Caroline Tuit, Ph.D. and Tiffany Thomas, Ph.D., (Dkt. No. 2966 at 14), where both individuals describe specific alternative sources of PFAS based on the factual record. For her part, Tuit describes, on pages 48-57 of her report, why she believes the containers of pesticides used in Stuart are a source of PFAS.  As to Thomas, she describes on pages 34-36 and 47 of her report why she believes landfill leachate, wastewater effluent, mist and fume suppressants, and dry cleaners are a source of PFAS in Stuart. To the extent, at trial, Defendants attempt to introduce purely hypothetical theories of PFAS contamination in Stuart devoid of a factual basis and Plaintiff objects to such testimony, the Court will consider the matter further at that time. *See In re Welding Fume Prod. Liab. Litig.*, No. 1:03-CV-17000, 2010 WL 7699456, at *73 (N.D. Ohio June 4, 2010) (granting in part motion in limine regarding "other possible causes of [plaintiff's] neurological

injury," holding that "Defendants may not suggest at trial, for example, that a plaintiffs' neurological condition might have been caused by some other, *hypothetical* toxic exposure, like carbon monoxide, if there is no evidentiary, factual basis for that suggestion. Nor may defendants suggest the plaintiff's neurological condition was caused by some other, actual, *known* toxic exposure, unless there exists an admissible expert opinion that this known toxic exposure can cause the plaintiff's condition"); *see also* Fed. R. Evid. 401.

### IV.    Conclusion

For the foregoing reasons, the Court **denies** Plaintiff's motion in limine no. 2 (Dkt. No. 2918).

**AND IT IS SO ORDERED.**

                                                                 s/ Richard Mark Gergel
                                                                Richard Mark Gergel
                                                                United States District Judge

May 12, 2023
Charleston, South Carolina