IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**ORDER AND OPINION**<br><br>**This Order Relates to**<br>*City of Stuart, Fl. v. 3M Co., et al.*,<br>**Case No. 2:18-cv-3487-RMG** |

Before the Court is Plaintiff's motion in limine no. 1 to exclude the government contractor defense as an affirmative defense (Dkt. No. 2917). For the reasons set forth below, the Court grants in part and denies in part without prejudice Plaintiff's motion.

I.  **Background**

Plaintiff the City of Stuart ("Plaintiff," "Stuart" or the "City) alleges that various Defendants manufactured and distributed aqueous film-forming foam ("AFFF") and/or fluorosurfactant additives for use in AFFF that contaminated the City's water supply with PFAS, including PFOS and PFOA. (*City of Stuart, Fl. v. 3M Co., et al.*, 2:18-cv-3487-RMG, Dkt. No. 54, ¶ 1).

On March 24, 2023, Plaintiff filed a motion in limine to exclude the government contractor defense as an affirmative defense. (Dkt. No. 2917). Defendants oppose. (Dkt. No. 2966)

Plaintiff's motion is fully briefed and ripe for disposition.

## II.  Legal Standard

Although not specifically provided for in the Federal Rules of Evidence, motions in limine "ha[ve] evolved under the federal courts' inherent authority to manage trials." *United States v. Verges*, Crim. No. 1:13-222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Id.* "Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006); *see also United States v. McBride*, 676 F.3d 385, 403 (4th Cir. 2012) ("[A]ssessing [whether evidence is] relevan[t] is at the heart of the district court's trial management function."). A district court therefore has "broad discretion" in deciding a motion in limine. *Kauffman v. Park Place Hosp. Grp.*, 468 F. App'x 220, 222 (4th Cir. 2012). Nonetheless, a motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3.

## III.  Discussion

Plaintiff moves to exclude any Defendant from presenting the government contractor defense an affirmative defense *and* to exclude any reference, evidence, document, argument and/or inference that the government designed and or approved each of Defendant's specific design and/or manufacture of AFFF. (Dkt. No. 2917 at 1). Defendants "agree not to assert at trial that they are entitled to judgment under the government contractor defense." (Dkt. No. 2966 at 10). Defendants do not agree, however, to Plaintiff's request to exclude "evidence or argument that the government designed or approved of AFFF, required Defendants to manufacture AFFF according to its specifications, or was aware of potential risks associated with AFFF." (*Id.* at 10) (arguing

2

that "Evidence that Defendants manufactured AFFF pursuant to the government's own specification or design, or with the government's approval, tends to show that Defendants acted with the same level of care that a reasonable manufacturer would. For similar reasons, this evidence is also relevant to Plaintiff's strict liability design defect claim, which asks whether the 'risk of danger in the design of the product outweighs the benefits'"); (*Id.* at 11) (arguing that "Government regulations, requirements, or specifications for AFFF are part of the body of 'scientific, medical, engineering, and . . . other knowledge' that inform the 'state of the art' at the 'time' in question).

The Court grants Plaintiff's motion to the extent that Defendants may not assert at trial the government contractor defense as an affirmative defense. The motion is otherwise denied without prejudice. Defendants argue that the Government's use, approval, design, development, specifications for AFFF may be relevant to their claims or defenses. The potential admissibility of such proposed evidence may turn on the precise nature of the exhibits and other evidence Defendants may seek to offer. Therefore, the Court will deny the balance of this motion in limine at this time without prejudice, deferring a ruling until Defendants present to the Court specific exhibits and other evidence they seek to have admitted.

## IV.  Conclusion

For the foregoing reasons, the Court **grants in part and denies in part without prejudice** Plaintiff's motion in limine no. 1 (Dkt. No. 2917) as detailed herein.

**AND IT IS SO ORDERED.**

                                             s/ Richard Mark Gergel
                                             Richard Mark Gergel
                                             United States District Judge

May 12, 2023
Charleston, South Carolina