# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

|   |   |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> **ORDER AND OPINION** <br><br> **This Order Relates to** *City of Stuart, Fl. v. 3M Co., et al.*, **Case No. 2:18-cv-3487-RMG** |

Before the Court is Plaintiff's motion in limine no. 3 to exclude evidence of Plaintiff's experts' unrelated opinions, writings and/or views on political and/or controversial irrelevant topics as well as to exclude irrelevant and inflammatory political attacks on Plaintiff's expert Dr. Linda Birnbaum (Dkt. No. 2920). Defendants oppose the motion only as to Dr. Birnbaum. (Dkt. No. 2966 at 17). For the reasons set forth below, the Court grants Plaintiff's motion.

## I.  Background

Plaintiff the City of Stuart ("Plaintiff," "Stuart" or the "City) alleges that various Defendants manufactured and distributed aqueous film-forming foam ("AFFF") and/or fluorosurfactant additives for use in AFFF that contaminated the City's water supply with PFAS, including PFOS and PFOA. (*City of Stuart, Fl. v. 3M Co., et al.*, 2:18-cv-3487-RMG, Dkt. No. 54, ¶ 1).

On March 24, 2023, Plaintiff filed the instant motion in limine. (Dkt. No. 2920). Defendants oppose. (Dkt. No. 2966)

Plaintiff's motion is fully briefed and ripe for disposition.

II. **<u>Legal Standard</u>**

Although not specifically provided for in the Federal Rules of Evidence, motions in limine "ha[ve] evolved under the federal courts' inherent authority to manage trials." *United States v. Verges*, Crim. No. 1:13-222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Id.* "Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006); *see also United States v. McBride*, 676 F.3d 385, 403 (4th Cir. 2012) ("[A]ssessing [whether evidence is] relevan[t] is at the heart of the district court's trial management function."). A district court therefore has "broad discretion" in deciding a motion in limine. *Kauffman v. Park Place Hosp. Grp.*, 468 F. App'x 220, 222 (4th Cir. 2012). Nonetheless, a motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3.

III. **<u>Discussion</u>**

Plaintiff seeks to exclude evidence of Plaintiff's experts' unrelated opinions, writings and/or views on political and/or controversial irrelevant topics as well as to exclude irrelevant and inflammatory political attacks on Plaintiff's expert Dr. Linda Birnbaum. (Dkt. No. 2920 at 1). Defendants oppose the motion only as to Dr. Birnbaum. (Dkt. No. 2966 at 17) ("Defendants do not dispute that Dr. Siegel's and Mr. Petty's "controversial" views on "gun control" and the effectiveness of "surgical masks" and other protective measures in preventing the spread of COVID-19 have limited relevance. Accordingly, Defendants will not seek to introduce evidence or argument concerning these views unless Plaintiff opens to door to this evidence and Defendants

first alert Plaintiff and the Court"). Defendants do oppose the motion, however, as to Dr. Birnbaum.

As to Dr. Birnbaum, Plaintiff explains that after publishing an editorial titled "Regulating toxic chemicals for public and environmental health," two United States congressmen claimed that a particular statement in said editorial violated Anti-Lobbying laws. (Dkt. No. 2920 at 6) (stating Dr. Birnbaum wrote, "Closing the gap between evidence and policy will require that engaged citizens, both scientists and nonscientists, work to ensure our government officials pass health protective policies"). As a result of the above, Dr. Birnbaum "did not receive a pay increase in the year following the publication of the editorial (though she did subsequent years thereafter), and . . . had to [have her public statements] be approved by her supervisor prior to dissemination." (*Id.*). Plaintiffs state, and Defendants do not contest, that no finding was ever made that Dr. Birnbaum violated any Anti-Lobbying law. Plaintiff argues any inquiry into the above is irrelevant under Fed. R. Evid. 401.

In response, Defendants argue that Dr. Birnbaum's "call for scientists to serve as advocates for policy change, as well as the congressional backlash and employment repercussions, are proper subjects for cross-examination." (Dkt. No. 2966 at 18). Defendants claim "the jury is entitled to know that Dr. Birnbaum has [] advocated policy and regulatory change based on 'uncertain' scientific evidence, while serving as a government scientist." (*Id.*). Defendants conclude that Dr. Birnbaum may be "biased" as she "is willing to offer opinions based on less than 'clear' scientific evidence." (*Id.*).

On the narrow question of whether Dr. Birnbaum may be questioned on her alleged violation of Anti-Lobbying laws, the Court grants Plaintiff's motion. Even under the case law cited by Defendants, Defendants are not entitled to question Dr. Birnbaum on the alleged Anti-

3

Lobbying act violations because they have not shown this line of inquiry is of any probative value— especially given that no finding of wrongdoing was ever issued against Dr. Birnbaum. *Ferris v. Tennessee Log Homes, Inc.*, No. CIVA4:06CV-35-M, 2010 WL 1049852, at *2 (W.D. Ky. Mar. 19, 2010) (noting that "questioning an expert about prior professional misconduct or disciplinary actions taken against the expert will be permitted when doing so is of sufficiently probative value"); Fed. R. Evid. 403.

## IV.     Conclusion

For the foregoing reasons, and as detailed here, the Court **grants** Plaintiff's motion in limine no. 3 (Dkt. No. 2920).

**AND IT IS SO ORDERED.**

                                            s/ Richard Mark Gergel
                                            Richard Mark Gergel
                                            United States District Judge

May 12, 2023
Charleston, South Carolina