UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| CITY OF STUART, FLORIDA, | ) | |
| | ) | MDL No. 2873 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Master Docket No. 2:18-mn-2873 |
| | ) | |
| 3M COMPANY (f/k/a Minnesota Mining | ) | Judge Richard Mark Gergel |
| and Manufacturing, Co.), TYCO FIRE | ) | |
| PRODUCTS LP, CHEMGUARD, INC., | ) | Civil Action No. 2:18-CV-03487 |
| BUCKEYE FIRE EQUIPMENT | ) | |
| COMPANY, NATIONAL FOAM, INC., | ) | |
| KIDDE FENWAL, INC., DYNAX | ) | |
| CORPORATION, E.I. DU PONT DE | ) | **Plaintiff's Unopposed Motion to Sever** |
| NEMOURS AND COMPANY, THE | ) | **Its Claims Against Defendants E. I.** |
| CHEMOURS COMPANY FC, L.L.C., | ) | **DuPont de Nemours & Co., The** |
| CORTEVA, INC., DUPONT DE | ) | **Chemours Company and The Chemours** |
| NEMOURS, INC., BASF CORPORATION, | ) | **Company FC** |
| individually, and as successor in interest to | ) | |
| Ciba Inc., and CLARIANT | ) | |
| CORPORATION, individually, and as | ) | |
| successor in interest to Sandoz Chemical | ) | |
| Corporation. | ) | |
| | ) | |
| Defendants. | ) | |

---

## <u>INTRODUCTION</u>

Plaintiff City of Stuart ("Stuart"), pursuant to Federal Rule of Civil Procedure 21 and the

Court's Text Order, dated May 16, 2023, files the instant Motion to Sever Plaintiff's claims against

Defendants E. I. DuPont de Nemours & Co., The Chemours Company and the Chemours Company

FC (collectively the "DuPont-Related Entities"), to serve the ends of justice and further the prompt

and efficient disposition of this case.

Plaintiff has conferred with counsel for the DuPont-Related Entities and they consent to

the relief requested herein.

## BACKGROUND

### A.     Procedural Background

Plaintiff filed its initial Complaint on October 18, 2018, in the United States District Court for the Southern District of Florida [*Stuart* ECF No. 1]. On December 18, 2018, this case was transferred to the United States District Court for the District of South Carolina as a member case to MDL 2873 [*Stuart* ECF Nos. 13 & 15]. On October 3, 2019, the initial Complaint was amended [*Stuart* ECF No. 35]. On September 25, 2020, the complaint was amended again resulting in the current operative Complaint, Plaintiff's Second Amended Complaint ("SAC")[*Stuart* ECF No. 54]. In its SAC, Plaintiff named the following defendants: 3M Company, f//k/a Minnesota Mining and Manufacturing Co. ("3M"), Tyco Fire Products L.P. ("Tyco"), Chemguard, Inc. ("Chemguard"), Buckeye Fire Equipment Company ("Buckeye"), National Foam, Inc. ("National Foam"), Kidde-Fenwal, Inc. ("Kidde"), Dynax Corporation ("Dynax"), E. I. du Pont de Nemours and Company, the Chemours Company, the Chemours Company FC, LLC (collectively "DuPont-Related Entities"), Corteva, Inc. ("Corteva"), DuPont de Nemours, Inc. ("New DuPont"), BASF Corporation ("BASF"), individually, as successor in interest to Ciba, Inc., and Clariant Corporation ("Clariant"), individually, and as successor in interest to Sandoz Chemical Corporation.

Since the filing of the SAC, Plaintiff has dismissed the following Defendants: BASF [*Stuart* ECF No. 221], Tyco [*Stuart* ECF No. 284], Chemguard [*Stuart* ECF No. 272], Buckeye [*Stuart* ECF No. 182], Dynax [*Stuart* ECF No. 242], and Clariant [*Stuart* ECF No. 279]. Additionally, Plaintiff stipulated with DuPont, Chemours, Corteva and New DuPont to dismiss

2

without prejudice its Sixth Claim for Relief alleging a Violation of Florida's Uniform Fraudulent Transfer Act. [*Stuart* ECF No. 181]

On May 14, 2023, Defendant Kidde filed for Chapter 11 bankruptcy protection [ECF No. 3122]. On May 16, 2023, this Court entered a Text Order stating that Kidde's bankruptcy filing resulted in an automatic stay of the claims against Kidde and National Foam. As such, Plaintiff's remaining non-stayed claims are against only the DuPont-Related Entities and 3M. Given that the DuPont-Related Entities are the sole remaining telomer Defendants in *Stuart* whose claims are not stayed, Plaintiff seeks to sever its claims against the DuPont-Related Entities so that the trial may move forward as scheduled against the only non-telomer Defendant, namely, 3M.

### B.    Factual Background

As the Court is aware, the claims against the DuPont-Related Entities pertain to their manufacture of raw materials (or "telomer intermediates") used to make fluorosurfactants as well as for their manufacture of fluorosurfactants that were incorporated into AFFFs, including specifically the fluorosurfactant Forafac 1157N and Forafac 1210 that were incorporated at relevant times into Universal Gold AFFF, the product sold by Kidde and National foam and used at Stuart between 2002-2015. Given Kidde's recent bankruptcy filing, and in order to streamline the *Stuart* trial and shorten its length, Plaintiff moves to sever the DuPont-Related Entities.

### <u>LEGAL STANDARD & ARGUMENT</u>

Federal Rule of Civil Procedure 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

It is well-settled within the Fourth Circuit and elsewhere that Rule 21 authorizes a court to sever any claim, even without a finding of improper joinder. *See e.g., CVI/Beta Ventures v. Custom*

*Optical Frames*, 896 F. Supp. 505, 506 (D. Md. 1995), quoting *Wyndham Assocs. V. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968); *Grayson Consulting, Inc. v. Cathcart*, No. 2:07-CV-02992-DCN, 2014 WL 1512029, at *2 (D.S.C. Apr. 8, 2014). Furthermore, because Rule 21 provides no restrictions on when motions to add or drop defendants must be made, the broad discretion afforded to district courts to grant severance at any time is well-recognized. *See* Wright & Miller, *Practice Under Rule 21—Timing of Motion to Add or Drop a Party*, 7 Fed. Prac. & Proc. Civ. § 1688.1 (3d ed. 2023). *See also LaRosa v. Pecora*, 650 F. Supp. 2d 507, 510 (N.D. W. Va. 2009) (noting court's broad discretion). Informing that discretionary determination, courts are guided by consideration of whether severance will "serve the ends of justice and further the prompt and efficient disposition of the litigation." *CVI/Beta Ventures, 896 F. Supp. at 506,* citing. *Gen. Tire & Rubber Co. v. Jefferson Chem. Co.*, 50 F.R.D. 112, 114 (S.D.N.Y. 1970); *see also, Grayson*, 2014 WL 1512029, at *2 (In determining whether severance is proper, courts consider: (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require different witnesses and different documentary proof; (3) whether the party opposing severance will be prejudiced if it is granted; and (4) whether the party requesting severance will be prejudiced if the claims are not severed).

Severance of the claims against the DuPont-Related Entities in the present matter serves the ends of justice and promotes the prompt and efficient disposition of the litigation for several reasons, including, *inter alia*:

    a.  Defendants 3M, Kidde and National Foam have always proceeded in this trial with separate, independent counsel;

    b.  The DuPont-Related Entities agree to severance of the claims against them from those of the other defendants; and

    c.  Any delay will prejudice the City of Stuart and disrupt the carefully crafted administration of this MDL.

The stay of litigation that arises because of Kidde's filing for bankruptcy does not protect non-debtor parties who may be subjected to litigation for transactions or events involving Kidde. *See Revolutions Med. Corp. v. Strategic Prod. Dev., Inc*., No. 2:12-CV-2793-RMG, 2013 WL 12156813, at *1–2 (D.S.C. Mar. 12, 2013) ("An automatic stay pursuant to 11 U.S.C. § 362(a)(1) is generally not available to non-debtor co-defendants" unless there are "unusual circumstances," quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). Since there are no unusual circumstances, as defined by *A.H. Robins*, present here to link the DuPont-Related Entities to the stay applicable to Kidde and National Foam, severing Stuart's claim against them is the most reasonable course of action to maintain the bellwether trial scheduled to begin on June 5th.

Under these circumstances, severance of Stuart's claims against the DuPont-Related Entities is authorized and appropriate. As discussed above, such severance will result in a shorter trial and will serve justice because 3M is responsible for most of the PFAS contamination in *Stuart*, and thus *Stuart* will have the opportunity to largely be made whole in accordance with the scheduling of its long-awaited day in Court even in the absence of the telomer Defendants.

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court grant its motion to sever its claims against the DuPont-Related Entities to serve the ends of justice and promote the prompt and efficient disposition of this case.

Dated: May 18, 2023                    Respectfully submitted,

<u>*s/ Fred Thompson, III*</u>
Fred Thompson, III
Motley Rice LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
P: (843) 216-9000
Fax: 843-216-9440

fthompson@motleyrice.com

*Plaintiffs' Liaison Counsel*

-and-

s/*Michael A. London*
Michael A. London
Douglas and London PC
59 Maiden Lane
6th Floor
New York, NY 10038
P: (212)-566-7500
F: (212)-566-7501
mlondon@douglasandlondon.com

Paul J. Napoli
Napoli Shkolnik PLLC
1301 Avenue of The Americas
10th Floor
New York, NY 10019
P: (212)-397-1000
F: (646)-843-7603
pnapoli@napolilaw.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
P: (214)-521-3605
ssummy@baronbudd.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/ *Fred Thompson, III*
Fred Thompson, III
Motley Rice LLC
28 Bridgeside Boulevard

6

Mt. Pleasant, SC 29464
P: (843) 216-9000
Fax: 843-216-9440
fthompson@motleyrice.com

*Plaintiffs' Liaison Counsel*