UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CITY OF STUART, FLORIDA, <br><br> Plaintiff, <br><br> v. <br><br> 3M COMPANY (f/k/a Minnesota Mining and Manufacturing, Co.), TYCO FIRE PRODUCTS LP, CHEMGUARD, INC., BUCKEYE FIRE EQUIPMENT COMPANY, NATIONAL FOAM, INC., KIDDE FENWAL, INC., DYNAX CORPORATION, E.I. DU PONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY FC, L.L.C., CORTEVA, INC., DUPONT DE NEMOURS, INC., BASF CORPORATION, individually, and as successor in interest to Ciba Inc., and CLARIANT CORPORATION, individually, and as successor in interest to Sandoz Chemical Corporation. <br><br> Defendants. | MDL No. 2873 <br><br> Master Docket No. 2:18-mn-2873 <br><br> Judge Richard Mark Gergel <br><br> Civil Action No. 2:18-CV-03487 |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO 3M'S MOTION FOR RECONSIDERATION REGARDING TESTIMONY OF JOHN BUTENHOFF

**I.     INTRODUCTION**

Defendant 3M seeks reconsideration of this Court's prior evidentiary rulings as they relate to the testimony of John Butenhoff. (ECF No. 3163). During the May 12, 2023, Hearing, this Court rejected the same arguments of unfair prejudice regarding the Butenhoff deposition exhibit that 3M again employs to exclude the deposition testimony which provides the basis for that exhibit—Plaintiff's Core Trial Exhibit P1.AFFF0001. 3M's contention that the Court's ruling on Defendants' Motion in Limine No. 3(c) (ECF No. 3148) ostensibly requires further

1

examination under Fed.R.Evid. 403 elides the obvious fact that this Court has *already* overruled that request:

> But as a proposition that PFAS can be found in all these different environments and among different species, that's all relevant. Whatever -- it's highly probative to this case. And I haven't really identified any unfair prejudice at all. So I would overrule it.[1]

3M's motion for reconsideration of the Court's determination is both procedurally improper and substantively meritless.  For these reasons, it should be denied.

## II.     ARGUMENT

Although framed as a brief regarding testimony of John Butenhoff (3M's head toxicologist), 3M's brief is nothing other than a motion for reconsideration.  3M concedes that this Court already denied Defendants' Motion in Limine No. 3(c), but now suggests that ruling justifies yet another round of motion practice.  To the contrary, CMO 19G, which was negotiated by the parties, including by 3M's counsel (albeit not by its current trial counsel), provided that all pretrial *in limine* motions would be presented by March 24, 2023.  That time came and went, and 3M's interests in now excluding specific Butenhoff testimony as an *in limine* matter is facially untimely.  Moreover, to the extent that the substance of the instant motion was captured by Defendants' Motion *in Limine* No. 3(c), 3M acknowledges its objection has already been overruled.  3M apparently believes "[g]iven the Court's ruling," 3M Br. at 1, it is now entitled to submit any number of additional motions.  3M is mistaken.  The Court has already ruled.  There are no new facts, nor new authorities presented by 3M's motion—just rehashed and restated Rule

---

[1] May 12, 2023 Hearing Transcript at 51:14-18.

403 arguments are provided. The motion fails for these reasons[2] and because the Court could not have been clearer that 3M's arguments to exclude testimony that "PFAS can be detected in locations outside Stuart," such as being "found in umbilical cord blood, human breast milk, homes and daycare centers," 3M Br. at 2, are unfounded. The Court ruled that such testimony is relevant, as follows: "Well, I think when Mr. Stekloff mentioned the polar bears, I thought watch out because that's going to get into how pernicious and how widespread it is *and that's relevant*."[3]

Substantively, 3M's motion is equally defective. 3M disputes this Court's ruling that evidence of the widespread nature of 3M's product in the environment is relevant. Not only does 3M challenge relevancy, but as applied to Dr. Butenhoff's testimony, it contends "whatever limited probative value" it has, it is "substantially outweighed by the danger of unfair prejudice." 3M Brf. at 3. These arguments are baseless.

Again, this Court has already ruled that Exhibit P1.AFFF0001 generated at Dr. Butenhoff's deposition is admissible and overruled 3M's arguments that the exhibit was irrelevant and unfairly prejudicial. The exhibit ruled upon by the Court is the very witness-created and described exhibit in the testimony of Dr. Butenhoff that 3M now wants to be excluded for the same grounds. Dr. Butenhoff testified to this admissible exhibit as follows:

---

[2] *Regan v. City of Charleston, S.C.*, 40 F. Supp. 3d 698, 702 (D.S.C. 2014) ("A motion for reconsideration is not, however, an opportunity to relitigate issues already ruled upon simply because a party is dissatisfied with the outcome.").
[3] May 12, 2023, Hearing Transcript at 56:5-8.



See https://www.dropbox.com/s/31rnbzsqg83sb4d/Butenhoff%2C%20John%20540_4-7-542_12-17.mp4?dl=0 (excerpted video clip of Dr. Butenhoff's testimony regarding P1.AFFF0001).

Although the Court reserved on ruling on admissibility of deposition testimony at the May 12 evidentiary hearing, Plaintiff's counsel presciently cautioned that 3M "putting a pin in it" would take the opportunity to reargue the Court's ruling on Plaintiff's Core Trial Exhibit P1.AFFF0001 in the context of the admissibility of deposition testimony.[4] "I have a good memory, Mr. Douglas," the Court replied.[5] Plaintiff submits that this Court accurately captured the standard applicable to Dr. Butenhoff's testimony, which was the exact same standard it applied to the documentary evidence, *i.e.*: "So just because you think it prejudices you, let me give you a secret, that's what relevance is. It's prejudicing you. It's unfair prejudice and the probative has to be substantially outweighed."[6] Now that the predicted re-argument has

---

[4] *Id*. at 55:13-16.
[5] *Id*. at 55:17.
[6] *Id*. at 11:23-12:2. *See also United States v. Miller*, 61 F.4th 426, 429 (4th Cir. 2023) ("The district court granted Miller's motion in limine to exclude the evidence of Miller's relationship

presented itself, Plaintiff asks that the Court apply the same standard and reach the same conclusion as it did with Dr. Butenhoff's exhibit and apply it to his testimony.

That result is ineluctable as evidence of the widespread presence of PFAS in the environment and people is relevant and probative to Plaintiff's claims and rebuttal to Defendants' defenses. In 1998, 3M informed the EPA that PFOS, its proprietary chemical, had been found widespread in the environment and human blood.  3M falsely claimed that this finding was a "complete surprise" due to recent advancements in analytical techniques.  In truth, 3M had this information more than twenty years earlier and sought to keep that information secret. Being directly relevant to Plaintiff's claims with respect to Defendants' duty to warn, their breach of that duty, the reasonableness of their conduct, notice and foreseeability of harm to Plaintiff, Dr. Butenhoff's testimony is relevant and hardly unfairly prejudicial.

---

with his victim under Rule 403,1 which provides that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of ... unfair prejudice." 2 Fed. R. Evid. 403. This Rule "is a rule of inclusion, generally favoring admissibility." *United States v. Udeozor*, 515 F.3d 260, 264–65 (4th Cir. 2008) (cleaned up). In other words, "[w]here evidence is probative, 'the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly.'" *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008) (quoting *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996))."); *Brazos River Auth. v. GE Ionics, Inc*., 469 F.3d 416, 427 (5th Cir. 2006) ("'Unfair prejudice' as used in [Federal Rules of Evidence Rule 403] is not to be equated with testimony that is merely adverse to the opposing party. Virtually all evidence is prejudicial; otherwise it would not be material.").

### III. <u>CONCLUSION</u>

    Defendant 3M's motion should be denied.

Dated:    May 25, 2023                                     Respectfully submitted,

<u>*s/ Fred Thompson, III*</u>
Fred Thompson, III
Motley Rice LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
P: (843) 216-9000
Fax: 843-216-9440
fthompson@motleyrice.com
*Plaintiffs' Liaison Counsel*

<u>*s/ Michael A. London*</u>
Michael A. London
Douglas and London PC
59 Maiden Lane
6th Floor
New York, NY 10038
P: (212)-566-7500
F: (212)-566-7501
mlondon@douglasandlondon.com

Paul J. Napoli
Napoli Shkolnik PLLC
1301 Avenue of The Americas
10th Floor
New York, NY 10019
P: (212)-397-1000
F: (646)-843-7603
pnapoli@napolilaw.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
P: (214) 521-3605
ssummy@baronbudd.com

*Plaintiffs' Co-Lead Counsel*

6

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 25, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/ Fred Thompson, III
Motley Rice LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
P: (843) 216-9000
Fax: 843-216-9440
fthompson@motleyrice.com

*Plaintiffs' Liaison Counsel*
