IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL NO: 2:18-mn-2873-RMG<br><br>This Document Relates to:<br><br>City of Philadelphia v. 3M Company, et al., 2:23-cv-01614-RMG |

**GENERAL DENIAL AND STATEMENT OF AFFIRMATIVE DEFENSES OF DEFENDANT ARCHROMA MANAGEMENT, LLC**

Defendant, Archroma Management, LLC ("Archroma Management" or "Defendant"), by and through its undersigned counsel, hereby submits this general denial and these affirmative defenses in response to the Complaint filed in the above-referenced action, and to any other Complaints filed and properly served by any other Plaintiffs against Archroma Management, LLC that become subject to the administration of this MDL (collectively, "Plaintiffs").

**GENERAL DENIAL**

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Archroma Management denies each and every allegation set forth in Plaintiffs' Complaints, and the whole thereof, and each and every alleged cause of action therein, and Archroma Management demands strict proof of the same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Archroma Management further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. Archroma Management further denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any alleged act, breach, or omission on the part of Archroma Management or anyone acting on its behalf.  Archroma Management reserves its rights to assert counterclaims,

cross-claims, and/or third-party claims, and does not waive its ability to answer or otherwise respond separately and fully to each Complaint in accordance with the Federal Rules of Civil Procedure and any scheduling order to be entered by the Court.

## **AFFIRMATIVE DEFENSES**

1. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Archroma Management.

2. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks subject matter and personal jurisdiction over Archroma Management, and the Complaint should therefore be dismissed under Rule 12(b)(1) and Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3. Plaintiffs' Complaint should be dismissed to the extent Plaintiffs lack sufficient process and/or service of process against Archroma Management under Rules 12(b)(4)-(5) of the Federal Rules of Civil Procedure.

4. Plaintiffs' claims are barred or limited for lack of standing.

5. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

6. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

7. The Complaint, and each cause of action or count alleged therein, fails to join all necessary and indispensable parties.

8. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Archroma Management is entitled to immunity from suit under the government contractor defense. *See Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

9. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

10. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiffs are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae*.

11. Plaintiffs' claims are not ripe and/or have been mooted.

12. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to exhaust administrative remedies.

13. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

14. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

15. Plaintiffs' claims are barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

16. Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

17. Any injuries and/or damages alleged to have been sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Archroma Management had no control or right of control and for whom Archroma Management is not responsible.

18. Any injuries and/or damages alleged to have been sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

19. Plaintiffs' claims are barred, in whole or in part, to the extent that Archroma Management's products were unforeseeably misused or altered.

20. Plaintiffs' claims are barred, in whole or in part, by the doctrine of election of remedies.

21. Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

22. Plaintiffs' claims are barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

23. Plaintiffs' claims are barred, in whole or in part, because Archroma Management used proper methods in designing, testing, and manufacturing its products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art practices in existence at the time the design was prepared and the products were manufactured and tested.

24. Plaintiffs' claims are barred, in whole or in part, because any alleged levels of alleged contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

25. Plaintiffs' claims are barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Archroma Management that are the subject of Plaintiffs' claims. Archroma Management is not responsible or liable for any acts or omissions undertaken by, or at the direction of, any governmental authority or agency.

26. Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction.

27. Plaintiffs' claims are barred, in whole or in part, by the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

28. Plaintiffs' claims are barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

29. Plaintiffs' warranty claims, if any, are barred, in whole or in part, because Plaintiffs lack the requisite privity of contract or relationship with Archroma Management and Plaintiffs did not provide Archroma Management reasonable notice of any alleged breach.

30. Plaintiffs' warranty claims, if any, are barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

31. Plaintiffs' strict liability claims, if any, are barred to the extent strict liability is not (or was not during the applicable time period) recognized as a cause of action under applicable law.

32. Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Archroma Management, and in the event that Archroma Management is found to be liable to Plaintiffs (which Archroma Management denies), Archroma Management will be entitled to indemnification, equitable indemnification, contribution, and/or apportionment.

33. Archroma Management asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its rights to a proportionate reduction of any damages found against Archroma Management based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

34. Plaintiffs' claims based on market share theories of liability fail and should be dismissed to the extent that market share liability is not available under the applicable law and/or because Archroma Management's products and sales do not qualify for market share liability.

35. To the extent Plaintiffs' alleged injuries occurred during the scope and course of their employment, Plaintiffs' exclusive remedy and right to recovery in this matter is under the applicable state or federal workers' compensation laws.

36. There are no allegations against Archroma Management stated with sufficient particularity to constitute a cause of action for fraud, fraudulent misrepresentation, concealment, intentional or willful acts or the like which would meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure, and any such claims asserted should be dismissed.

37. Plaintiffs' claims against Archroma Management are barred or limited by the economic loss rule.

38. Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

39. Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, and/or release.

40. Plaintiffs' claims against Archroma Management are barred, in whole or in part, under the firefighter/fireman's rule and/or public duty doctrine.

41. Plaintiffs' claims are barred, in whole or in part, under the free public services doctrine or municipal cost recovery rule.

42. To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

43. Plaintiffs' claims are barred, in whole or in part, because Archroma Management did not owe a legal duty to Plaintiffs or, if it owed such a duty, it did not breach, and/or fully discharged that duty.

44. Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, Archroma Management exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

45. Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Archroma Management proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

46. Plaintiffs' claims for trespass or nuisance are barred, in whole or in part, because any alleged trespass or nuisance was unintentional, unforeseen, a necessity, and/or *de minimus* and therefore non-compensable.

47. Plaintiffs' claims are barred, in whole or in part, because there was not an alternative feasible design for the products at issue.

48. Plaintiffs' claims are barred, in whole or in part, due to a lack of privity between the Plaintiffs and Archroma Management.

49. Plaintiffs' failure to warn claims against Archroma Management, if any, are barred because Archroma Management had no duty to warn and did not breach any duty to warn

Plaintiffs.  In addition, Archroma Management's alleged failure to warn, which is denied, was not the proximate cause of Plaintiffs' alleged injuries or damages.

50.     Archroma Management affirmatively alleges its instructions and warnings provided with its products were adequate in their content and provided appropriate information as to the proper way to handle and work with and around such products.  Notwithstanding these instructions and warnings, persons or entities other than Archroma Management may have used or handled these products in a manner contrary to the express and adequate instructions and warnings, and this misuse or failure to heed warnings and following instructions bars any recovery by Plaintiffs.

51.     Plaintiffs' claims for alleged injuries and damages are barred, in whole or in part, because the claims are speculative, uncertain, and conjectural.

52.     Plaintiffs' claims are barred, in whole or in part, under the doctrines of contributory negligence, comparative negligence, and/or related doctrines available under applicable law.

53.     Archroma Management denies any liability, but in the event Archroma Management is found to have any liability to Plaintiffs, Archroma Management is entitled to an offset against any such liability on its part for the greatest of: (i) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaints; (ii) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages, and expenses alleged in the Complaints; or (iii) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages, and expenses alleged in the Complaints.

54. Archroma Management cannot be held jointly and/or severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from, and greater than, any harm allegedly caused by acts or omissions of Archroma Management.

55. Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any product(s) manufactured or sold by Archroma Management.

56. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by exposure to PFAS or from any product(s) attributable to Archroma Management.

57. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that PFAS, or any other exposure alleged by Plaintiffs, has been reliably established, through scientific means, to be capable of causing their alleged injuries.

58. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that they were exposed to a sufficient concentration or amount of PFAS, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing their alleged injuries.

59. Plaintiffs' claims are barred, in whole or in part, because Archroma Management acted reasonably and in good faith.

60. Any damages Plaintiffs may have suffered were not reasonably foreseeable by Archroma Management at the time of the conduct alleged.

61. Plaintiffs' claims are barred, in whole or in part, because Archroma Management neither knew, nor should have known, that any of the substances to which Plaintiffs were allegedly exposed allegedly were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or

industrial knowledge available to Archroma Management at all times relevant to the claims or causes of action asserted by Plaintiffs.

62. Archroma Management is entitled to all the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

63. The Complaint fails to state a claim upon which punitive or exemplary damages may be awarded.

64. Archroma Management did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

65. Plaintiffs have failed to adequately plead and/or allege that Archroma Management acted with the requisite state of mind to warrant an award of punitive damages.

66. Archroma Management has complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the Complaints, and, therefore, to the extent that consideration is given to Plaintiffs' claims, punitive damages are unwarranted in law and fact.

67. Punitive damages are not available because all conduct and activities of Archroma Management related to matters alleged in the Complaints conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

68. Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute or are unconstitutional insofar as they violate the due process protections afforded by the Unites States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and

Credit Clause of the United States Constitution, and any other applicable provisions of the Constitution of any other state whose laws may apply.

69. Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which Archroma Management cannot be held responsible.

70. Some or all of the claims in some or all of the cases may be governed by arbitration clauses and may be subject to arbitration.

71. To the maximum extent allowed by applicable law, Archroma Management is entitled to recover its costs and attorneys' fees incurred in defending Plaintiffs' claims.

72. Archroma Management reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds. Archroma Management does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitutes an admission that Archroma Management is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Archroma Management reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

**DENIAL OF CROSS-CLAIMS AND THIRD-PARTY CLAIMS**

To the extent cross-claims or third-party claims have been or may be filed against this Defendant, this Defendant further denies the allegations of any and all cross-claims and third-party claims that may be asserted against it by any other party.

                                    Respectfully Submitted,

                                    /s/ Steven D. Weber
                                    Steven D. Weber
                                    SC State Bar No. 16917
                                    PARKER POE ADAMS & BERNSTEIN LLP
                                    620 South Tryon Street, Suite 800
                                    Charlotte, North Carolina 28202
                                    Telephone: (704) 372-9000
                                    E-mail: steveweber@parkerpoe.com

                                    Melanie Black Dubis *(Appearance forthcoming)*
                                    NC State Bar No. 22027
                                    Charles Raynal *(Appearance forthcoming)*
                                    NC State Bar No. 32310
                                    PARKER POE ADAMS & BERNSTEIN LLP
                                    301 Fayetteville Street, Suite 1400
                                    Raleigh, North Carolina 27601
                                    Telephone: (919) 828-0564
                                    E-mail: melaniedubis@parkerpoe.com
                                    E-mail: charlesraynal@parkerpoe.com

                                    Robert H. Jordan *(Appearance forthcoming)*
                                    SC State Bar No. 13612
                                    PARKER POE ADAMS & BERNSTEIN LLP
                                    200 Meeting Street, Suite 301
                                    Charleston, South Carolina 29401
                                    Phone: 843-727-2650
                                    E-mail: robertjordan@parkerpoe.com

                                    *ATTORNEYS FOR DEFENDANT*
                                    *ARCHROMA MANAGEMENT, LLC*

June 9, 2023

Charleston, South Carolina

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing document was filed using the Court's CM/ECF system which will automatically send notice of the same to all registered counsel of record.

This the 9th day of June, 2023

/s/ Steven D. Weber
Steven D. Weber (SC State Bar No. 16917)
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
E-mail: steveweber@parkerpoe.com

*ATTORNEYS FOR DEFENDANT*
*ARCHROMA MANAGEMENT, LLC*