IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG **ORDER** **This Order Relates to All Cases** |

Before the Court is the Defense Co-Lead Counsel's ("Defendants") motion to compel production of documents withheld by the United States based on the deliberative process privilege. (Dkt. No. 2701.) The United States responded, and Defendants filed a reply. (Dkt. Nos. 2772, 2813.) For the reasons set forth below, Defendants' motion is denied.

## I. Background

Defendants move to compel roughly four hundred documents (the "Documents") that the United States has refused to produce based on a claim of deliberative process privilege. (Dkt. No. 2701). The parties do not dispute that the Documents are "predecisional or deliberative." (Dkt. No. 2772 at 1). Defendants argue that the Documents are nevertheless discoverable because the documents were shared between various governmental agencies. (Dkt. No 2701 at 3).

## II. Legal Standard

Generally, parties to a civil litigation "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information is relevant if it has any tendency to make a fact of consequence to the action more or less probable than it would be otherwise. Fed. R. Evid. 401. The district court may broadly construe rules enabling discovery, but it "must limit the frequency

of extent of discovery otherwise allowed" if it determines that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; if the requesting party "had had ample opportunity to obtain the information by discovery in the action"; or if it is otherwise "outside the scope permitted by Rule 26(b)(1)." Fed R. Civ. P. 26(b)(2). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. V. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1993). A transferee court presiding over a multi-district litigation has broad discretion to manage such a docket containing voluminous cases. *See, e.g., In re Guidant Corp. Implantable Defibrillators Prod Liab. Litig.,* 496 F.3d 863, 867 (8th Cir. 2007).

### III.   Discussion

This motion concerns the deliberative process privilege, which is a form of executive privilege. To protect agencies from being "forced to operate in a fishbowl," *EPA v. Mink*, 410 U.S. 73, 87 (1973) (internal quotation marks omitted), the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated," *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (internal quotation marks omitted). The privilege is rooted in "the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." *Department of Interior v. Klamath Water Users Protective Assn.*, 532 U.S. 1, 8–9 (2001). To encourage candor, which improves agency decisionmaking, the privilege blunts the chilling effect that accompanies the prospect of disclosure.

This rationale does not apply, of course, to documents that embody a final decision, because once a decision has been made, the deliberations are done. The privilege therefore

distinguishes between predecisional, deliberative documents, which are exempt from disclosure, and documents reflecting a final agency decision and the reasons supporting it, which are not. *See Renegotiation Bd. v. Grumman Aircraft Engineering Corp.*, 421 U.S. 168, 186 (1975). Documents are "predecisional" if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position. *See Sears*, 421 U.S. at 150–152 ; *Grumman*, 421 U.S. at 184–186, 190.

Previously, this court held that documents otherwise protected by the above privilege were discoverable when shared inter-agency. *See Carolina Costal Conservation League v. Ross*, 431 F. Supp. 3d 719, 724 (D.S.C. 2020). ("As the deliberative privilege process privilege is concerned with an agency's own internal deliberations, all materials . . . shared outside the agency, including to other governmental agencies, are not covered by the privilege."). In 2021, however, the Supreme Court issued *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777 (2021) wherein the Court discussed at length the deliberative process privilege. *Id.* at 785-87. Nowhere therein did the *Sierra Club* court exclude from or hint that otherwise privileged documents shared between agencies lost the privilege. Rather, *Sierra Club* affirmed the contrary notion. *See id.* at 786 (holding that, in determining whether a document is a final agency decision, "[w]hat matters . . . is not whether a document is last in line, but whether it communicates a policy on which the agency has settled"); *Id.* at 787 (noting that federal law explicitly contemplated certain agencies provide the EPA a "draft" opinion for review during which time said agencies could not issue a final opinion, "[t]his provision thus specifically contemplates further review by the agency after receipt of the draft, and with it, the possibility of changes to the biological opinion *after* the Services send the agency the draft."); *Id.* at 787-88 (noting that, "[t]o be sure, a draft biological opinion might carry a practical consequence if it prompts the action agency to change its proposed rule" but rejecting

3

any approach which would render such a draft "final" because of the effect it had on an agency, reiterating that "we must evaluate not whether the drafts provoked a response from the EPA but whether the Services treated them as final").

The Court denies Defendants' motion. As *Sierra Club* makes clear, the deliberative process privilege is not rendered moot by the sharing of predecisional, deliberative material between agencies. As there is no dispute the Documents are both predecisional and deliberative and thus covered by the privilege, Defendants' motion is denied.

## IV.     Conclusion

For the foregoing reasons, Defendants' motion to compel (Dkt. No. 2701) is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

June 28, 2023  
Charleston, South Carolina