# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCT LIABILITY LITIGATION** | MDL Docket No.:<br>2:18-mn-2783-RMG<br><br>This Document Relates to Member Case No.:<br>2:20-cv-1665-RMG<br><br>EDNY Case No.<br>20-cv-1787 |

**Defendant Lawrence Franzone Training Center Inc. f/k/a**
**East Hampton Fire Districts Training Facility Inc.**
<u>**General Denial and Preliminary Statement of Affirmative Defenses**</u>

In accordance with the orders of the Court, Defendant Lawrence Franzone Training Center Inc., formerly known as East Hampton Fire Districts Training Facility Inc. ("Training Facility"), makes the following General Denial and Preliminary Statement of Affirmative Defenses in Response to the Amended Complaint filed by Plaintiff Town of East Hampton ("Town" or "Plaintiff"). The Training Facility may assert these defenses in response to the claims asserted in the above-captioned action, subject to further factual development and the potential identification of additional defenses, or a determination that one or more of those affirmative defenses set forth below may not apply. This Preliminary Statement of Affirmative Defenses is not intended to constitute a responsive pleading and does not respond to individual allegations contained in the Amended Complaint filed therein. Therefore, failure to deny any allegations shall not be construed as an admission of their truth.

In making this statement, the Training Facility reserves its rights to file a Federal Rule of Civil Procedure Rule 12 motion or motions to dismiss one or more of the claims, in whole or in part, to assert any additional Affirmative Defenses, to assert crossclaims, counterclaims, and/or third-party claims, and/or to serve a further pleading when so directed by the Court.

## General Denial

Pursuant to Federal Rule of Civil Procedure 8(b)(3), the Training Facility denies generally and specifically each and every allegation set forth in Plaintiff's Amended Complaint, and the whole thereof, and each and every alleged cause of action therein, and the Training Facility demands strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. The Training Facility further denies that Plaintiff has sufficiently alleged grounds upon which any relief could be granted. The Training Facility further denies that Plaintiff has sustained damages in any sums alleged, or any sums at all, or is entitled to relief of any type, by reason of any act, breach, or omission on the part of the Training Facility or anyone acting on its behalf.

## Affirmative Defenses

1.     The Amended Complaint, and each cause of action, claim, or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against the Training Facility.

2.     Plaintiff lacks standing to assert claims under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601, *et seq.* ("CERCLA").

3.     Plaintiff's claims are or may be barred, in whole or in part, because the Training Facility is not an owner or operator, nor otherwise within the class of persons against which a claim for relief under CERCLA can be asserted or granted.

4.     Plaintiff's claims are or may be barred, in whole or in part, because per- and polyfluoroalkyl substances are not hazardous substances under CERCLA.

5.     Plaintiff's claims must fail because it has not incurred any reasonable or necessary response costs under CERCLA.

2

6. Plaintiff's claims are or may be barred, in whole or in part, because the response costs allegedly incurred by Plaintiff are inconsistent with the National Contingency Plan.

7. Plaintiff's claims are or may be barred, in whole or in part, under Section 9607(d)(2) of CERCLA, which exempts parties responding to emergency situations.

8. Plaintiff's claims are or may be barred, in whole or in part, under Section 9607(b) of CERCLA.

9. Plaintiff's claims are barred by the *de micromis* and/or *de minimis* exemptions under CERCLA.

10. Plaintiff lacks standing to assert claims under the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, *et seq.* ("RCRA").

11. Plaintiff's claims must fail because the Training Facility is not and does not qualify as a person responsible for the alleged contamination as defined under RCRA.

12. Plaintiff's claims are barred because Plaintiff failed to comply with RCRA's notice requirements.

13. Plaintiff's claims are barred because the Training Facility did not dispose of a solid or hazardous waste under RCRA.

14. Plaintiff's claims must fail because the Training Facility did not use the property at issue as a treatment, storage or disposal facility under RCRA.

15. Plaintiff's claims are or may be barred, in whole or in part, because the alleged harm does not constitute an imminent and substantial endangerment under RCRA.

16. The Amended Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statute of limitations.

17. The Amended Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statute of repose.

18. Plaintiff's claims are barred by the doctrine of laches.

19. The Amended Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

20. The Amended Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiff is not the real party in interest or lacks capacity to bring its claims, including claims indirectly maintained on behalf of its citizens.

21. Plaintiff's claims are not ripe or have been mooted.

22. The Training Facility denies the existence of any statutory or common law duty owed to Plaintiff and, in any event, if any such duty is found to have existed, the Training Facility denies violating any such duty owed to Plaintiff.

23. The Training Facility denies the existence of any special duty owed by it to Plaintiff and/or the existence of any special relationship between the Training Facility and the Plaintiff.

24. The Training Facility complied with all applicable law, rules, regulations and standards at all relevant times.

25. Plaintiff's claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

26. Plaintiff assumed the risk of any and all consequences of an activity voluntarily or freely undertaken.

27. The culpable conduct of Plaintiff brought about the alleged damages which Plaintiff claims, without any culpable conduct on the part of the Training Facility, its agents, servants and/or employees.

28.     The damages complained of herein were the result of prior neglect, wear and tear, misuse and antiquation, and are the sole responsibility of Plaintiff, not the Training Facility.

29.     That if the Court finds after trial that any culpable conduct on the part of the Training Facility, its agents, servants and/or employees contributed to Plaintiff's alleged damages, then and in that event, the amount of damages which might be recoverable shall be diminished by that proportion of culpable conduct attributable to Plaintiff.

30.     Plaintiff failed to take reasonable steps to avoid, minimize or mitigate its damages.

31.     The alleged damage complained of herein by Plaintiff was caused by acts or omissions of independent parties over whom the Training Facility has no control and for whom the Training Facility may not be held accountable.

32.     The damages alleged in the Amended Complaint were caused and/or contributed to by the contributory fault, lack of care, culpable conduct, breach of statute, breach of warranty, strict liability, negligence and/or lack of care for Plaintiff, and/or other individuals or entities for whose conduct the Training Facility is not responsible.

33.     The Training Facility asserts its right to allocation or apportionment of fault pursuant to applicable federal and/or state law, as well as its right to a proportionate reduction of any damages found against the Training Facility based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

34.     Plaintiff's claims are or may be barred, in whole or in part, because federal, state, and/or local authorities required, authorized, ratified, directed and controlled, or were aware of and acquiesced in actions by or undertaken on behalf of the Training Facility that are the subject of Plaintiff's claims. The Training Facility is not responsible or liable for any acts or omissions undertaken by or at the direction of any other governmental authority or agency.

35. The damages and occurrences alleged in the Amended Complaint were the result of an independent and intervening cause or causes over which the Training Facility had no control or right of control and in no way participated.

36. There exists no proximate causation between any alleged act or alleged breach of duty by the Training Facility, and Plaintiff's alleged damages were the result of the conduct of persons and/or entities other than the Training Facility.

37. Plaintiff's claims are or may be barred by the Emergency Doctrine.

38. Plaintiff's claims against the Training Facility are barred or limited by the economic loss rule.

39. Plaintiff's recovery of damages are or may be barred and/or diminished to the extent Plaintiff have or will receive payment(s) for said damages from various collateral sources.

40. Plaintiff's claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

41. Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction.

42. Plaintiff's claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

43. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of absolute, qualified and/or governmental immunity.

44. The Training Facility reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) as investigation and discovery proceeds.

45. The Training Facility adopts by reference any additional applicable defense pleaded by any other defendants not otherwise pleaded herein.

Dated: New York, New York
        June 28, 2023

                HINSHAW & CULBERTSON LLP
*Attorneys for Defendant*
*Lawrence Franzone Training Center Inc. f/k/a*
*East Hampton Fire Districts Training Facility Inc.*

By:   *s/Matthew Ferlazzo*
      Matthew C. Ferlazzo
800 Third Avenue, 13th Floor
New York, New York 10022
Tel: (212) 471-6200
Fax: (212) 935-1166
Email: mferlazzo@hinshawlaw.com

To:    All Counsel of Record (via ECF)

7

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was filed electronically on this the 28th day of June 2023. Notice of this filing was served via the Court's Electronic Case Filing system to all parties and counsel listed on the electronic filing receipt. Copies may be accessed through the Court's Electronic Case Filing System.

*s/Matthew Ferlazzo*
Matthew C. Ferlazzo
