## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG  **ORDER**  **This Order Relates to All Cases** |

Before the Court is the Plaintiff Executive Committee's ("PEC" or "Plaintiffs") motion to compel various defendants, referred to as the "TOG Defendants," to respond to Plaintiffs' First Set of Interrogatories and Requests for Production (the "Discovery Requests"). (Dkt. No. 2604.) The TOG Defendants responded and the PEC replied. (Dkt. Nos. 2627, 2640.) For the reasons set forth below, the Court rules as follows.

**I.     Background**

The PEC moves to compel the TOG Defendants to respond to the Discovery Requests. The TOG Defendants object on the bases discussed below. The TOG Defendants "are a group of companies alleged to have been involved in the manufacture, sale, and/or distribution of a type of protective clothing specifically designed for firefighters that is commonly referred to as 'turnout gear' or 'turnouts.'" (Dkt. No. 2604 at 3). Cases against the TOG Defendants appear to allege both injury from exposure to chemicals allegedly contained within aqueous film-forming foams and/or exposure to chemicals due to *wearing* turnout gear. *See* (Dkt. No. 2604-2). While plaintiffs objected to transfer of TOG Defendant-related cases and claims into this multidistrict litigation (the "MDL"), the Judicial Panel on Multidistrict Litigation rejected those challenges. (Dkt. No. 2604 at 3-4).

## II.  Legal Standard

Generally, parties to a civil litigation "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information is relevant if it has any tendency to make a fact of consequence to the action more or less probable than it would be otherwise. Fed. R. Evid. 401. The district court may broadly construe rules enabling discovery, but it "must limit the frequency of extent of discovery otherwise allowed" if it determines that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; if the requesting party "had had ample opportunity to obtain the information by discovery in the action"; or if it is otherwise "outside the scope permitted by Rule 26(b)(1)." Fed R. Civ. P. 26(b)(2). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. V. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1993). A transferee court presiding over a multi-district litigation has broad discretion to manage such a docket containing voluminous cases. *See, e.g., In re Guidant Corp. Implantable Defibrillators Prod Liab. Litig.,* 496 F.3d 863, 867 (8th Cir. 2007).

## III.  Discussion

At bottom, the TOG Defendants refuse to respond to the Discovery Requests because (1) they affirm their responses would "not materially advance" the MDL; (2) the TOG Defendants have not had the opportunity to participate in a Science Day before the Court; and (3) none of the existing Plaintiff Fact Sheets in the MDL include questions specific to the claims asserted against the TOG Defendants. (Dkt. No. 2604 at 5); (Dkt. No. 2627 at 12-16).

The Court overrules these objections. The TOG Defendants' subjective belief that their responses to the Discovery Requests would not "materially advance" this MDL is not a proper

2

basis upon which to refuse to respond to discovery. Nor is the TOG Defendants' unliteral assertion that the Court must conduct a "science day" before discovery should proceed as to the TOG Defendants. (Dkt. No. 2627 at 12-14).  Last, the TOG Defendants' preference that the parties create a supplemental "turnout gear-specific Plaintiff Fact Sheet" is irrelevant to the TOG Defendants' obligation to respond to Plaintiffs' discovery requests. In sum, the TOG Defendants provide no cogent justification for their failure to respond to the Discovery Requests, and their objections are overruled.[1]

The parties briefing makes clear that the TOG Defendants also object to the scope of the Discovery Requests. (Dkt. No. 2627 at 16-18).  Plaintiffs clarify in their moving papers, however, that the instant motion is "not about the TOG Defendants' scope objections—which Plaintiffs agree require further negotiations prior to any intervention from the Court—but rather [the TOG Defendants'] blanket refusal to provide discovery absent certain preconditions being met, namely a Science Day and fully negotiated Plaintiff Fact Sheet." (Dkt. No. 2640 at 2, 7).  Plaintiffs nevertheless move for the Court to find that the TOG Defendants have waived any objections not included in their written discovery responses. (Dkt. No. 2604 at 15).[2] Put differently, "Plaintiffs'

---

[1] As both Plaintiffs and the TOG Defendants appear to believe a supplemental, TOG-specific Plaintiff Fact Sheet ("PFS") may be beneficial to this MDL, the parties are directed to meet and confer in good faith and submit for the Court's consideration, within the next 60 days, a TOG-specific PFS and proposed Case Management Order ("CMO"). *See* (Dkt. No. 2604 at 15 n.34). Nothing within this order shall be construed, however, as excusing the TOG Defendants from responding to the Discovery Requests pending development of said PFS and CMO.

[2] "Here, each of the TOG Defendants has failed—either in whole or in part—to assert timely objections to Plaintiffs' Discovery Requests and no good cause exists to excuse that failure. Defendants Allstar Fire Equipment and PBI Performance Products, Inc. failed entirely to serve written responses to Plaintiffs' Discovery Requests. . . . The remaining TOG Defendants served written responses where they objected to each of Plaintiffs' Discovery Requests in their entirety based on the same threshold barriers identified in their July 8 discovery letter. And while those responses made specific objections to some of Plaintiffs' Discovery Requests, they also included language reserving the right to assert additional objections to the requests 'at the appropriate time.' This is not permissible under Rules 33 and 34, as courts have held that '[o]bjections not interposed

3

waiver arguments are directed only at the objections that the TOG Defendants have purportedly reserved for the future and wish to supplement their existing responses with 'according to a timely but reasonable schedule.'" (Dkt. No. 2640 at 13).

Interrogatory objections are governed by Fed. R. Civ. P. 33(b)(4). Namely, the "grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.* "Unstated grounds for objections normally are waived." 7 Moore's Federal Practice - Civil § 33.171; *see Cliffstar Corp. v. Sunsweet Growers, Inc.*, 218 F.R.D. 65, 69 (W.D.N.Y. 2003) (plaintiff's objection to interrogatories based solely on relevancy, overbreadth, and burdensomeness grounds did not encompass objections based on commercial confidentiality, and, therefore, confidentiality objections were waived). *But see Cahela v. Bernard*, 155 F.R.D. 221, 226–227 (N.D. Ga. 1994) (if party in good faith makes initial objection within prescribed time limits, it will not waive another, more valid objection if it promptly puts forward the more valid objection on realizing insufficiency of first objection). Generally, blanket objections are not acceptable. *See, e.g.*, *Convertino v. United States Dep't of Justice*, 565 F. Supp. 2d 10, 13 (D.D.C. 2008) (plaintiff's list of general objections, incorporated by reference into each discovery response, failed to satisfy plaintiff's burden to object with sufficient specificity to enable court to evaluate merits of objections).

Here, the TOG Defendants repeatedly asserted the following, "[D]iscovery, and in particular, broad sweeping discovery, into the distinctly unique TOG personal injury claims is not appropriate at this time, given the current status of the matters pending in the MDL. [The TOG

---

in a timely initial response may not be held in reserve and interposed after the period allowed for response.'" (Dkt. No. 2604 at 15-16).

Defendants] make[] these objections subject to and without waiver of [their] position that discovery concerning alleged injuries from Turnout Gear is premature given the procedural posture of the MDL and expressly reserve[] [their] right to assert additional and/or more specific objections to these and any additional or related discovery at the appropriate time." *See, e.g.,* (Dkt. No. 2604-4 at 2, 22, 38).

The Court grants Plaintiffs' motion to the extent that any objections not specifically lodged by the TOG Defendants to the Discovery Responses are deemed waived. *See Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 533 (E.D.N.C. 2012) (allowing motion to compel where, among other things, the responding party relied on boilerplate objections and "failed to articulate any specific objection to any particular interrogatory or request for production, and therefore has waived any legitimate objection it otherwise could have raised."). As to the TOG Defendants' scope objections, however, Plaintiffs' motion is denied without prejudice and the parties are directed to meet and confer in good faith within the next 60 day on this subject. If the parties cannot reach a mutual resolution as to the TOG Defendants' scope objections, the parties shall move for relief before this Court no more than 14 days after the expiration of this 60-day period.

### IV.    Conclusion

For the foregoing reasons, the PEC's motion to compel (Dkt. No. 2604) is **GRANTED** as detailed herein.

**AND IT IS SO ORDERED.**

                                                                    s/ Richard Mark Gergel
                                                                    Richard Mark Gergel
                                                                    United States District Judge

June 29, 2023
Charleston, South Carolina