**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION<br><br>MDL NO. 2873 | MDL No. 2:18-mn-2873-RMG<br><br>**GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES OF DEFENDANTS AYRES ASSOCIATES INC.**<br><br>**This filing relates to:**<br><br>**ALL CASES which Ayres Associates Inc., is a Defendant** |

Defendant Ayres Associates, Inc., ("Defendant"), by undersigned counsel, hereby respond to the Complaints filed by all Plaintiffs and pending in the MDL ("Plaintiffs") as follows:

**GENERAL DENIAL**

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant denies generally and specifically each and every allegation set forth in Plaintiffs' Complaints, and the whole thereof, and each and every alleged cause of action therein, and Defendant demands strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Defendant further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. Defendant further denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or omission on the part of Defendant or anyone acting on its behalf. Defendant reserves their rights to assert cross-claims and/or third-party claims.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses in response to the averments in each of Plaintiffs' Complaints filed in the above-captioned actions:

1. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Defendant.

2. Plaintiffs' claims are barred or limited for lack of standing.

3. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

4. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

5. The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

6. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Defendant is entitled to immunity from suit under contractor governmental immunity. See, *Estate of Lyons v. CNA Insurance Co.*, 207 Wis.2d 446 (Ct. App. 1996), Petition for Review Demand March 11, 1997.

7. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

8. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiffs are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as parens patriae.

9. Plaintiffs' claims are not ripe and/or have been mooted.

10. Plaintiffs' claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

11. Plaintiffs may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

12. Plaintiffs may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

13. Plaintiffs may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

14. Any injuries and/or damages sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Defendant had no control or right of control and for whom Defendant is not responsible.

15. Any injuries and/or damages sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

16. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

17. Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

18. Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

19. Plaintiffs' claims are or may be barred, in whole or in part, because Defendant used proper methods in designing and conducting its work in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and design communities; (iii) generally recognized and prevailing standards; and (iv) standard of care in existence at the time the project was designed and performed.

20. Plaintiffs' claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

21. Plaintiffs' claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Defendant that are the subject of Plaintiffs' claims. Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

22. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

23. Plaintiffs' claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h), Clean Water Act or any other act.

24. Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendant, and in the event that

4

Defendant is found to be liable to Plaintiffs, Defendant will be entitled to indemnification, contribution, and/or apportionment from one or more other entity.

25.     Defendant asserts its rights to allocation or apportionment of fault pursuant to applicable state law, as well as their rights to a proportionate reduction of any damages found against Defendant based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

26.     Plaintiffs' claims against Defendant is barred or limited by the economic loss rule.

27.     Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

28.     Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

29.     Defendant reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

30.     Defendant adopts by reference any additional applicable defense pleaded by any other defendants not otherwise pleaded herein.

31.     Defendant adopts by reference any additional applicable defense asserted by Defendants prior to transfer in any case transferred to this MDL.

Defendant does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitutes an admission that Defendant is liable to Plaintiffs, that

5

Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Defendant reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

Dated: July 7, 2023	JOHNSON & BELL, LTD.

	/s/Stephen P. Ellenbecker
	Attorney for Defendant, Ayres Associates Inc.

Stephen P. Ellenbecker
(IL Bar No. 6277428)
(WI Bar No. 1100062)
JOHNSON & BELL, LTD.
33 W. Monroe St., Suite 2700
Chicago, Illinois 60603
Phone: (312) 372-0770
Fax: (312) 372-9818
ellenbeckers@jbltd.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2023, **Defendant, Ayres Associates Inc., General Denial and Preliminary Statement of Affirmative Defenses** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ Lizette Ochoa*

Stephen P. Ellenbecker
(IL Bar No. 6277428)
(WI Bar No. 1100062)
JOHNSON & BELL, LTD.
33 W. Monroe St., Suite 2700
Chicago, Illinois 60603
Phone: (312) 372-0770
Fax: (312) 372-9818
ellenbeckers@jbltd.com
Firm ID#06347