# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> This filing relates to <br> 2:23-CV-01503 <br> 2:23-CV-01504 <br> 2:23-CV-01505 <br> 2:23-CV-01507 <br> 2:23-CV-01508 |

**GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES OF DEFENDANT SEVENSON ENVIRONMENTAL SERVICES, INC.**

_____

Defendant Sevenson Environmental Services, Inc. ("Sevenson"), by and through undersigned counsel, hereby submits this general denial and affirmative defenses in response to the Complaints filed in the above-referenced actions, and to any other Complaints filed by any other plaintiffs against Sevenson that become subject to the administration of this MDL.

## **GENERAL DENIAL**

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Sevenson denies generally and specifically each and every allegation set forth in Plaintiffs' Complaint, and the whole thereof, and each and every alleged cause of action therein, and Sevenson demands strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Sevenson further denies that Plaintiffs have sufficiently alleged grounds upon which any relief may be granted. Sevenson further denies that Plaintiffs have

sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or omission on the part of Sevenson or anyone acting on its behalf. Sevenson reserves the right to assert counterclaims, cross-claims, and/or third-party claims.

## **AFFIRMATIVE DEFENSES**

Sevenson asserts the following affirmative defenses in response to the allegations in Plaintiffs' Complaints:

1. The Complaints, and each cause of action or count alleged therein, fail to state facts sufficient to constitute a claim upon which relief may be granted against Sevenson.

2. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks subject matter and personal jurisdiction over Sevenson.

3. Plaintiffs lack sufficient process and/or service of process against Sevenson.

4. Plaintiffs' claims are barred or limited for lack of standing.

5. The Complaints, and each alleged claim contained therein, are barred, in whole or in part, by the applicable statutes of limitations or statutes of repose.

6. The Complaints, and each cause of action or count alleged therein, fail to join all necessary and indispensable parties.

7. The Complaints, and each alleged claim contained therein, are barred, in whole or in part, because Sevenson is entitled to immunity from suit under the government contractor defense. See *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

8. The Complaints, and each alleged claim contained therein, are barred, in whole or in part, by the doctrine of laches.

9. The Complaints, and each alleged claim contained therein, are barred, in whole or in part, because Plaintiffs are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as parens patriae.

10. Plaintiffs' claims are not ripe and/or have been mooted.

11. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to exhaust administrative remedies.

12. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

13. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

14. Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

15. Any injuries and/or damages alleged to have been sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Sevenson had no control or right of control and for whom Sevenson is not responsible.

16. Any injuries and/or damages alleged to have been sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

17. Plaintiffs' claims are barred, in whole or in part, to the extent that Sevenson's products were unforeseeably misused or altered.

18. Plaintiffs' claims are barred, in whole or in part, by the doctrine of election of remedies.

19. Plaintiffs' claims are barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

20. Plaintiffs' claims are barred, in whole or in part, because any alleged levels of alleged contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

21. Plaintiffs' claims are barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Sevenson that are the subject of Plaintiffs' claims. Sevenson is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

22. Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction.

23. Plaintiffs' claims are barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

24. Plaintiffs' strict liability claims, if any, are barred to the extent strict liability is not

(or was not during the applicable time period) recognized as a cause of action under applicable law.

25. Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Sevenson, and in the event that Sevenson is found to be liable to Plaintiffs (which Sevenson denies), Sevenson will be entitled to indemnification, contribution, and/or apportionment.

26. Sevenson asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its rights to a proportionate reduction of any damages found against Sevenson based on the negligence or other conduct of any settling tortfeasor and/or responsible third parties and/or Plaintiffs.

27. Plaintiffs' claims against Sevenson are barred or limited by the economic loss rule.

28. Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

29. Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, and/or release.

30. Plaintiffs have alleged an injury that, as a matter of law, does not support a recovery in tort.

31. To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

32. Plaintiffs' claims are barred, in whole or in part, because Sevenson did not owe a legal duty to Plaintiffs or, if it owed such a duty, it did not breach, and/or fully discharged that duty.

33. Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, Sevenson exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

34. Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Sevenson proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

35. Plaintiffs' failure to warn claims against Sevenson, if any, are barred because Sevenson had no duty to warn and did not breach any duty to warn Plaintiffs. In addition, Sevenson's alleged failure to warn, which is denied, was not the proximate cause of Plaintiffs' alleged injuries or damages.

36. Plaintiffs' claims for alleged injuries and damages are barred, in whole or in part, because the claims are speculative, uncertain and conjectural.

37. Plaintiffs claims are barred, in whole or in part, under the doctrines of contributory negligence, comparative negligence, and/or related doctrines available under applicable law.

38. Sevenson is entitled to all the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

39. The Complaints fail to state a claim upon which punitive or exemplary damages may be awarded.

40. Sevenson did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

41. Plaintiffs have failed to adequately plead and/or allege that Sevenson acted with the requisite state of mind to warrant an award of punitive damages.

42. Sevenson has complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the Complaints, and, therefore, to the extent that consideration is given to Plaintiffs' claims, punitive damages are unwarranted in law and fact.

43. Punitive damages are not available because all conduct and activities of Sevenson related to matters alleged in the Complaints conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

44. Punitive damages are not available because Sevenson neither knew nor should have known that the substances to which Plaintiffs were allegedly exposed allegedly were hazardous or constituted a reasonable or foreseeable risk of physical harm, and Sevenson therefore lacked notice that its conduct was unlawful or subject to punishment and an award of punitive damages would violate Sevenson's constitutional right to due process.

45. Sevenson reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

46. Sevenson reserves its rights to rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in this MDL.

## DENIAL OF CROSS-CLAIMS

To the extent cross-claims have been or may be filed against Sevenson, Sevenson further denies the allegations of any and all cross-claims that may be asserted against it by any other party.

**FISHER BREN & SHERIDAN, LLP**

Dated: 7/7/2023

By:   s/ Brian D. Steffes
Brian D. Steffes (WI ID #1050403)
920 Second Avenue S, Suite 975
Minneapolis, MN 55402
Telephone: 612-332-0100
Facsimile: 612-332-9951
bsteffes@fisherbren.com

COUNSEL FOR SEVENSON
ENVIRONMENTAL SERVICES, INC.