# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION ) ) | Master Docket No.: 2:18-mn-2873-RMG |

| | |
|---|---|
| CITY OF CAMDEN, et al.,<br><br>*Plaintiffs,*<br><br>-vs-<br><br>E.I. DUPONT DE NEMOURS AND COMPANY (n/k/a EIDP, Inc.), et al.,<br><br>*Defendants.* | Civil Action No.: 2:23-cv-03230-RMG |

## PLAINTIFFS' CONSENTED TO MOTION FOR LEAVE TO FILE UNDER SEAL SEPARATE LETTER AGREEMENT CONTAINING SETTLING DEFENDANTS' OPT-OUT WALK-AWAY RIGHT THRESHOLDS

Plaintiffs have reached a class action Settlement Agreement ("Settlement Agreement") with Defendants E.I. du Pont de Nemours and Company (n/k/a EIDP, Inc.), DuPont de Nemours Inc., The Chemours Company, The Chemours Company FC, LLC, and Corteva, Inc. (collectively, "Settling Defendants"). On July 10, 2023, Plaintiffs filed a Motion for Preliminary Approval of the Settlement Agreement. ECF Nos. 3392 and 3393. A copy of the Settlement Agreement, executed on Plaintiffs' behalf by proposed Class Counsel, will be attached as Exhibit 2 to said Motion for public review. The Settlement Agreement is, of course, subject to Court approval.

Pursuant to Local Civil Rule 5.03 and Case Management Order No. 17, Plaintiffs, by and through Interim Class Counsel, and with the consent of Settling Defendants, submit this Motion requesting that the Court seal the Separate Letter Agreement to the Settlement Agreement, which

is a Separate Letter Agreement containing Settling Defendants' Opt-Out Walk-Away Right Thresholds.

In support of their motion, Plaintiffs state as follows:

1. Section 10.1 of the Settlement Agreement provides Settling Defendants with the option, in their sole discretion, to terminate the Settlement Agreement (the "Walk-Away Right") if certain conditions related to members of the Settlement Class who file timely valid Requests for Exclusion are exceeded. S.A. 10.1–10.5. The thresholds needed to trigger Settling Defendants' Walk-Away Right are set out in a Separate Letter Agreement that the parties have agreed should be filed under seal with the Court. S.A. 10.2.1.

2. The parties agree that the Separate Letter Agreement is confidential and should not be publicly filed on the Court's docket or otherwise. The Separate Letter Agreement is a material term to the Settlement Agreement, and the parties agree that disclosure of these terms would seriously undermine the integrity of the Settlement Agreement should the Court require that the Separate Letter Agreement be filed on the public docket.

3. Plaintiffs' narrowly tailored request—not asking this Court to seal any aspects of the Settlement Agreement other than the Separate Letter Agreement that contains the percentage of opt-outs that would trigger Settling Defendants' option to terminate the Settlement Agreement—has been approved in many similar instances. *See, e.g.*, *In re Lyft Secs. Litig.*, No. 19-2690, 2023 U.S. Dist. LEXIS 44585, *6 (N.D. Cal. Mar. 16, 2023) (granting motion to seal the opt-out threshold noting that "[t]he request [was] narrowly tailored because Plaintiff [sought] to seal only the number and percentage of shares that would trigger the option to withdraw").

4. Federal courts across the United States routinely grant such narrowly tailored requests, finding that the "potential for abuse [by third parties/professional objectors] outweighs

the interest in public access to this information." *Friedman v. Guthy-Renker, LLC*, No. 14-6009, 2016 U.S. Dist. LEXIS 131629 *8–9 (C.D. Cal. Sept. 26, 2016). Indeed, an opt-out threshold "is typically not disclosed and is kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out." *N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.,* 315 F.R.D. 226, 240 (E.D. Mich. 2016) (quoting *In re HealthSouth Corp. Sec. Litig.*, 334 F. App'x 248, 250 n.4 (11th Cir. 2009)), *aff'd sub nom Marro v. N.Y. State Teachers' Ret. Sys., No*. 16-1821, 2017 U.S. App. LEXIS 24073 (6th Cir. Nov. 27, 2017). There are "compelling reasons to keep this information confidential" because it "prevent[s] third parties from utilizing it for the improper purpose of obstructing the settlement and obtaining higher payouts." *Thomas v. MagnaChip Semiconductor Corp.,* No. 14-1160, 2016 U.S. Dist. LEXIS 93342, *25 (N.D. Cal. July 18, 2016); *accord In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 1:12-MD-2343, 2015 WL 1486709, at *2 (E.D. Tenn. Mar. 31, 2015) (finding good cause to seal walk-away agreement because "[p]otential opt-outs may exploit this type of provision by demanding undue compensation for not scuttling the settlement") (quoting supporting declaration); *In re Lyft Secs. Litig.,* 2023 U.S. Dist. LEXIS 44585, *5 ("As courts have recognized, the threshold should be kept confidential to discourage third parties with ulterior motives from soliciting class members to opt out."); *Burch v. Quest Corp.*, No. 07-2979, 2012 U.S. Dist. LEXIS 203547, *5–6 (D. Minn. June 6, 2012) ("[T]here is a compelling basis for sealing the termination provision of the Settlement Agreement, which 'has no legitimate bearing on a class member's decision to opt-out of the settlement, object, or file a claims form'… Sealing this provision will encourage settlement and discourage third-party solicitation to gain leverage in allocation of the settlement proceeds." (citation omitted)).

5.      Here, each member of the Settlement Class has the individual right to remain in or exclude itself ("opt out") from the Settlement Class, and the opt-out thresholds are "irrelevant to

[a class] members' opt-out decision." *In re Warfarin Sodium Antitrust Litig.,* 212 F.R.D. 231, 253 (D. Del. 2002) (class notice did not need to include confidential opt-out threshold because it was "irrelevant to [class] members' opt-out decision"), *aff'd*, 391 F.3d 516 (3d Cir. 2004); *see also In re Remeron End-Payor Antitrust Litig.,* No. 04-5126, 2005 U.S. Dist. LEXIS 27011, *52–53 (D.N.J. Sept. 13, 2005) ("[I]nformation regarding conditions that may terminate a settlement need not be detailed in the notice to the class… The Rider has no legitimate bearing on a class member's decision to opt-out of the settlement, object, or file a claims form."). Additionally, neither "mass" nor "class" opt outs are permitted and "no Eligible Claimant may submit an Opt Out on behalf of any other Eligible Claimant or Class Member." S.A. 8.5.4; *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1024 (9th Cir. 1998) ("There is no class action rule, statute, or case that allows a putative class plaintiff or counsel to exercise class rights en masse, either by making a class-wide objection or by attempting to effect a group-wide exclusion from an existing class. Indeed, to do so would infringe on the due process rights of the individual class members, who have the right to intelligently and individually choose whether to continue in a suit as class members."). Thus, to be able to exercise a right under the Settlement Agreement, a member of the Settlement Class has no reason to know the precise thresholds necessary to trigger Settling Defendants' Walk-Away Right.

6. To be certain, the option to terminate the Settlement Agreement if any threshold is met is exclusively with the Settling Defendants. S.A. 10.1 ("[Settling Defendants] shall have the option, *in their sole discretion*, to terminate this Settlement Agreement (the "Walk-Away Right")" if certain conditions are satisfied (emphasis added)). However, as supported by the caselaw cited above, should the threshold become publicly known, third parties could solicit members of the Settlement Class in an effort to increase opt-outs for the personal benefit of those third parties. As

such, real harm would occur if the Separate Letter Agreement containing these thresholds were made public.

7.　　　The parties agree that there are no less drastic alternatives to sealing the Separate Letter Agreement that will afford the parties the same protections as ensuring that the Separate Letter Agreement is not published in the public record. Thus, to the extent that Local Civil Rule 5.03(E) may apply to this motion, it would be appropriate to suspend that Rule pursuant to Local Civil Rule 1.02 for good cause shown. *See Unger v. Furman Univ.*, No. 6:21-CV-379-TMC, 2021 WL 6206585, at *1 n.1 (D.S.C. Dec. 3, 2021) (noting Court had allowed parties to file settlement under seal pursuant to Local Civ. R. 1.02 for good cause shown and discussing only those parts of the settlement that were "readily ascertainable" from the publicly filed documents).

8.　　　Pursuant to Local Civil Rule 7.02, Settling Defendants' counsel consents to the filing of this Motion and the relief requested herein.

9.　　　As required by Local Civil Rule 5.03(B) and CMO No. 17, this Motion is accompanied by:

　　　　a. Exhibit A: a non-confidential descriptive index of the documents sought to be sealed;

　　　　b. Exhibit B: counsel's certification of compliance with Local Civil Rule 5.03 and CMO No. 17;

　　　　c. Exhibit C: a placeholder sheet stating, "Confidential Documents Contemporaneously Submitted to the Court for In Camera Review in Compliance with CMO No. 17"; and

　　　　d. Exhibit D: a proposed order.

10. Pursuant to CMO No. 17, Plaintiffs are submitting for *in camera* review a copy of the confidential exhibits that are the subject of the present Motion via email.

11. Pursuant to Local Civil Rule 7.04, no accompanying memorandum has been submitted herewith because this Motion fully sets forth the grounds for relief, and a separate memorandum would serve no useful purpose.

Wherefore, having complied with the requirements of Local Civil Rule 5.03 and CMO No. 17, Plaintiffs respectfully move this Court to allow them to file the Separate Letter Agreement under seal.

Dated: July 10, 2023                                     Respectfully submitted,

/s/*Michael A. London*
Michael A. London
Douglas and London PC
59 Maiden Lane
6th Floor
New York, NY 10038
P: (212)-566-7500
F: (212)-566-7501
mlondon@douglasandlondon.com

*/s/ Paul J. Napoli*
Paul J. Napoli
Napoli Shkolnik PLLC
1301 Avenue of The Americas
10th Floor
New York, NY 10019
P: (212)-397-1000
F: (646)-843-7603
pnapoli@napolilaw.com

*/s/ Scott Summy*
Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219

P: (214)-521-3605
ssummy@baronbudd.com

*Interim Class Counsel*

**Exhibit A**

**Non-Confidential Descriptive Index of Document Sought to Be Sealed**

| Exhibit | Description |
|---------|-------------|
| Annex | Separate Letter Agreement between Class Representatives and Settling Defendants' containing Settling Defendants' Opt-Out Walk-Away Right Thresholds |

## Exhibit B

## Counsel's Certificate of Compliance

Plaintiffs' counsel hereby certifies that Plaintiffs' Consented to Motion for Leave to File Under Seal Separate Letter Agreement Containing Settling Defendants' Opt-Out Walk-Away Right Thresholds was filed in compliance with Local Civil Rule 5.03 and CMO No. 17.

Date: July 10, 2023                                      Respectfully submitted,

                                                         s/*Michael A. London*
                                                         Michael A. London
                                                         Douglas and London PC
                                                         59 Maiden Lane
                                                         6th Floor
                                                         New York, NY 10038
                                                         P: (212)-566-7500
                                                         F: (212)-566-7501
                                                         mlondon@douglasandlondon.com

## **Exhibit C**

Confidential Document Contemporaneously Submitted to the Court for In Camera Review in Compliance with CMO No. 17.

## **Exhibit C**

Confidential Document Contemporaneously Submitted to the Court for In Camera Review in Compliance with CMO No. 17.

## **Exhibit C**

Confidential Document Contemporaneously Submitted to the Court for In Camera Review in Compliance with CMO No. 17.

## **Exhibit D**

[*Proposed Order filed under separate cover*]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF on this 10th day of July, 2023 and was thus served electronically upon counsel of record.

/s/ *Michael A. London*
Michael A. London
Douglas and London PC
59 Maiden Lane, 6th Floor
New York, NY 10038
212-566-7500
212-566-7501 (fax)
mlondon@douglasandlondon.com