**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

IN RE: Aqueous Film-Forming Foams
    Products Liability Litigation

MDL No. 2:18-mn-2873-RMG

This filing relates to:
    2:23-CV-1503-RMG
    2:23-CV-1504-RMG
    2:23-CV-1505-RMG
    2:23-CV-1507-RMG
    2:23-CV-1508-RMG

**ROBERT E. LEE, INC.'S GENERAL DENIAL AND
PRELMINARY STATEMENT OF AFFIRMATIVE DEFENSES**

Now comes the above-named defendant, Robert E. Lee Inc, (hereinafter, "REL") by its undersigned attorneys, Kopka Pinkus Dolin, PC, and, pursuant Case Management Order 20, and as and for an answer and general denial to each of the complaints in the above actions, admits, denies and alleges to the court as follows:

    1.    Pursuant to FRCP 8(b)(3), REL generally denies each and every allegation of the plaintiff's complaints, and the whole thereof, and each and every allegation of each and every cause of action alleged therein, and further explicitly denies that as a direct or proximate result of any acts or emissions on these answering defendants, that the plaintiffs sustained or suffered any injury or damage as alleged in their complaints.

**PRELIMINARY AFFIRMATIVE DEFENSES**

As and for separate and preliminary affirmative defenses, this answering defendant, REL, hereby alleges and shows to the court as follows:

    2.    That the Plaintiffs' complaint, alleging ultra-hazardous activity, fail state a claim upon which relief can be granted.

3. That, to the extent that plaintiffs have failed to mitigate their damages, their damages should be reduced accordingly.

4. That the plaintiffs' claims are barred or limited by doctrine of laches.

5. That the plaintiffs' claims are by the applicable statute of limitations.

6. That the plaintiffs' claims against REL are barred by the governmental contractor immunity doctrine.

7. That plaintiffs' damages, if any, were caused by events and conduct intervening and supervening the alleged conduct of REL.

8. That the injuries alleged by the plaintiffs were not foreseeable.

9. That REL is entitled to the government contractor defense.

10. That plaintiffs' causes of action fail to state a claim upon which relief can be granted under FRCP 12(b)(6).

11. That, to the extent the plaintiffs were contributorily negligent for their own alleged injuries, their damages should be barred or reduced accordingly.

12. Any injuries and/or damages sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Defendant had no control or right of control and for whom Defendant is not responsible.

13. Plaintiffs' claims may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

14. Plaintiffs' claims are or may be barred or limited by the doctrine of election of remedies.

15. The plaintiffs' claims are barred by public policy.

16. Plaintiffs' claims are or may be barred, in whole or in part, because Defendant used proper methods in designing and conducting its work in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and design communities; (iii) generally recognized and prevailing standards; and (iv) standard of care in existence at the time the project was designed and performed.

17. Plaintiffs' claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

18. Plaintiffs' claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Defendant that are the subject of Plaintiffs' claims. Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

19. Plaintiffs' claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption.

20. Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendant and, in the event that Defendant is found to be liable to Plaintiffs, Defendant will be entitled to indemnification, contribution, and/or apportionment from one or more other entity.

21. Plaintiffs' claims against Defendant are barred or limited by the economic loss doctrine.

22. Defendant reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as may be revealed by discovery.

23. Defendant adopts by reference any additional applicable defense pleaded by any other defendants not otherwise pleaded herein.

Dated this 14th day of July, 2023.

                                                         KOPKA PINKUS DOLIN PC
Attorneys for Defendant, Robert E. Lee Inc.

By: *electronically signed by Paul J. Pytlik*
      Paul J. Pytlik
      State Bar No. 1001127

P.O. ADDRESS:
N19 W24400 Riverwood Drive, Suite 260
Waukesha, WI 53188-1191
(414) 251-0314; Fax: (219) 794-1982
pjpytlik@kopkalaw.com

4