

July 17, 2023

Via ECF

The Honorable Richard M. Gergel
United States District Court
District of South Carolina
P. O. Box 835
Charleston, SC 29402

RE:   *In re Aqueous Film-Forming Foams Product Liability Litigation*, MDL No. 2:18-mn-2873-RMG – Proposed 3M Agreement: Request from City of Airway Heights, City of Moses Lake, and Lakewood Water District, Washington to provide more time between Notice and Objecting to/Opting Out of Proposed 3M Agreement

Dear Judge Gergel:

We write on behalf of the above-listed public water supplier parties in the AFFF MDL to raise one concern regarding the motion filed by proposed class counsel seeking (1) preliminary approval of a class settlement reached with 3M, (2) preliminary certification of a Settlement Class, (3) approval of the form of Notice to the Settlement Class and the Notice Plan, and (4) the scheduling of objection, opt-out, and other related deadlines (Dkt. No. 3370, "Motion").

We write rather than file a response to the Motion because we do not oppose it; we are instead concerned with a timing element (which, if not raised now, we would lose the ability to address by passage of time). We submit that the duration provided to determine whether to object or opt out— 60 days after Notice is mailed ("Decision Deadline")—will not provide our clients or other claimants with enough time to give this hard-won settlement the analysis it deserves. We shared our specific bases for this request to Plaintiffs' Co-Lead Counsel on July 7, 2023; they responded on July 11, 2023. Rather than repeat the contents or that correspondence, to expedite resolution of this concern, we attach both letters here.[1]

We recognize that courts are not "empowered to rewrite the settlement agreed upon by the parties[,]" and "may not delete, modify, or substitute certain provisions" when deciding whether to preliminarily approve an agreement. *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982). They may, however, "suggest modifications[.]" *Id.* We therefore respectfully request that the Court consider suggesting a longer period for the Decision Deadline to Plaintiffs' Co-Lead Counsel and 3M before ruling on the Motion, as has occurred in other cases at the same procedural juncture. *See, e.g., Comm'rs of Pub. Works of City of Charleston v. Costco Wholesale Corp.,* 340 F.R.D. 242, 246 (D.S.C. 2021) (citing Dkt. Nos. 80-83).

---

[1] Other members of the Water Suppliers Committee joined our request to Plaintiffs' Co-Lead Counsel. Those letters and Co-Lead Counsel's responses are also attached.

The Honorable Richard M. Gergel
July 17, 2023
Page 2

While the bar for preliminary approval is not particularly high, judicial review "must be exacting and thorough." *Winingear v. City of Norfolk*, No. 2:12CV560, 2014 WL 12526327, at *1 (E.D. Va. June 5, 2014) (citing *In re Nat'l Football League Players' Concussion Injury Litig.*, 961 F. Supp. 2d 708, 714 (E.D. Pa. 2014) ("*In re NFL*")). "In cases such as this, where settlement negotiations precede class certification, and approval for settlement and certification are sought simultaneously, … district courts [must] be even 'more scrupulous than usual' when examining the fairness of the proposed settlement.'" *In re NFL* (quoting *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 534 (3d Cir. 2004) (internal citation omitted)). We believe that a modest extension of the Decision Deadline—from 60 to 120 days—would also allow parties to provide the Court with more information, as appropriate, to inform its ultimate decision on whether the settlement is fair, adequate and reasonable.

Because all claim submittal deadlines will post-date final judgment on the proposed 3M agreement, at best, claimants will only be able to roughly approximate their potential allocated recoveries no matter the time between Notice and the Decision Deadline. But this is a key piece of information for any claimant to meaningfully evaluate the merits of a proposed class-based settlement agreement under which they would broadly release rights against a primary defendant.

While we trust that the PEC will make its members and its claims administration personnel available before the Decision Deadline and run client-specific data through its conceptual allocation model, Co-Lead Counsel estimate over 6,200 claimants for Phase I. Dkt. No. 3370-12 at 6; *see also* Dkt. No. 3370-3 at 134–255 (listing 4,550 potential Phase I claimants, which provide water to nearly 108 million people). While these are "good-faith effort[s] to list all Phase One . . . Eligible Claimants" (Dkt. No. 3370-3 at 255; Dkt. No. 3370-12 at 6), we respectfully question whether 60 days (or 74, depending on Notice date) is sufficient time for the PEC to work with all potential Phase I claimants across the country to develop estimates of potential recoveries under a complicated allocation formula that depends upon a variety of assumptions and as-yet-unknowable variables. Extending the Decision Deadline could therefore also streamline proceedings by eliminating objections and reducing opt-outs—if, for example, potential claimants have time and opportunity to understand and effectively utilize the conceptual model, and find the outputs sufficiently reliable to allow them to gauge a ballpark of their potential allocated recoveries.

As required by CMO 3 (Dkt. No. 72 at ¶ 10) we shared this letter and its attachments with Plaintiffs' Co-Lead Counsel on July 14, 2023. They informed us on July 16 that they "will not join [this] request to extend the objection/opt out period another 60 days beyond the 60-day period currently provided for in the Settlement Agreement." We appreciate the Court's consideration of this request.

Sincerely,

Jeff B. Kray and Jessica K. Ferrell
Marten Law LLP
P: 206.292.2600
E: jkray@martenlaw.com / jferrell@martenlaw.com
*Counsel to the City of Airway Heights, the City of Moses Lake, and Lakewood Water District*

Attachments (6, without enclosures)