# EXHIBIT A



July 7, 2023

*Via Email*

Plaintiffs' Executive Committee Co-Lead Counsel:
Michael A. London
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, New York 10038
mlondon@douglasandlondon.com

Paul J. Napoli
Napoli Shkolnik
1302 Avenida Ponce de Leon
Santurce, Puerto Rico 00907
PNapoli@NSPRLaw.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
ssummy@baronbudd.com

RE:   *In re Aqueous Film-Forming Foams Product Liability Litigation,* MDL No. 2:18-mn-2873-RMG – Proposed 3M Agreement: Request from City of Airway Heights Washington; Lakewood Water District, Washington; and Moses Lake, Washington for Plaintiffs' Executive Committee to increase the Proposed 3M Agreement's deadlines for Eligible Claimants to object to or opt out from 60 to 120 days after Notice is mailed

Counsel:

We represent the above-listed AFFF MDL parties and non-party water suppliers around the country that are eligible to participate in the Proposed 3M Agreement.

We appreciate the opportunity for our clients to potentially participate in the settlement. To evaluate its value for each client relative to continued litigation, each water supplier will need to assess and compare (at minimum) anticipated costs to fully address PFAS in each potential claimant's water supplies over the long term, and anticipated recovery under the Proposed 3M Agreement. While the time to prepare and complete such evaluations will vary by entity, for our clients—and, we expect, many other similarly situated water suppliers—it will take longer than the 60 days that would be afforded after Notice is mailed, as proposed under paragraphs 8.4 and 8.5. We therefore write to request that the Plaintiffs' Executive

Plaintiffs' Executive Committee Co-Lead Counsel
July 7, 2023
Page 2

Committee ("PEC") consider proposing to 3M and/or the Court an extension of the Proposed 3M Agreement's deadlines for Eligible Claimants to "object" or "opt out" (the "Decision Deadlines"), from 60 days to at least 120 days after Notice is mailed.

**Communication About the Proposed 3M Settlement**

We first learned about the proposed settlement on June 22, 2023 from public media sources. We first acquired access to the Proposed 3M Agreement on June 29, 2023 by researching 3M's filings with the U.S. Securities and Exchange Commission. We received the Proposed 3M Agreement from the PEC's Liaison Counsel on July 5, 2023, along with the Motion for Preliminary Approval of Class Settlement, for Certification of Settlement Class and for Permission to Disseminate Class Notice. We understand from those filings that preliminary settlement discussions with 3M started in April 2021. While Co-Lead Counsel (and, presumably, PEC members) are very familiar with the specifics of the Proposed 3M Agreement, our clients and many other water suppliers just received it, and are attempting to analyze it as quickly as possible.

Based on similar circumstances in other MDLs, we anticipate that the Court may grant preliminary approval in fairly short order, with triggering events for critical deadlines commencing very quickly thereafter. Given the timing of our knowledge of the Proposed 3M Agreement, we are making this request at the earliest possible juncture to ensure Co-Lead Counsel and the PEC have adequate time to consider it and potentially discuss with 3M before the Court preliminarily approves the Agreement as filed.

**Necessary Steps for Public Entities to Meaningfully Evaluate the Settlement**

We make this request because, in order to make a relatively informed decision as to whether to participate in the settlement, most water suppliers will need to take the following steps:

- Test (or re-test) their water supplies. While EuroFins states it will be capable of turning around PFAS results for putative class members in five days from receipt of each sample (Doc. 3370-16), the number of water suppliers potentially in the settlement class is immense. In our experience, this step alone usually takes several weeks given the shortage of reliable labs. We therefore respectfully question whether this type of speed will be possible once testing commences.
- Engage experts for water quality, remedial engineering, and cost estimation purposes specific to settlement application.
- Evaluate their potential allocated recovery amount under the proposed settlement.
- Quantify anticipated immediate and future PFAS response costs specific to the water supplier (which have and may continue to change based on evolving regulations).
- Identify other potential funding sources for PFAS response (*e.g.,* recovering from other defendants, public grants or loans, or increased fees to customers) in order to weigh the relative value of their potential allocated share against overall needs and resources.
- Compare options for either participating in the 3M settlement, objecting, or opting out.

Plaintiffs' Executive Committee Co-Lead Counsel
July 7, 2023
Page 3

To achieve the foregoing, water supplier counsel will first need to educate their core client groups on a complex agreement under which their potential allocable share is not likely capable of accurate estimation at this time due to: the unknown number of claimants in their respective phases; the unknown amount of the Stuart and Rome shares; and additional variables and multipliers that will require analysis specific to each claimant's particular circumstances. While they'll be able to apply the formula to their specific facts to estimate their numerator, the denominator would be a guess.

Water provider counsel must also identify appropriate experts to evaluate various aspects of the proposed settlement, obtain approval from public entities for their retention, and ensure all necessary inputs are obtained and provided for expert evaluation. Assuming those experts are able to estimate allocable shares to a rough range of certainty, claimants must then weigh that potential recovery against estimated capital and ongoing remediation costs. Those costs are also highly variable due to the current regulatory environment (the uncertainty of which we know the PEC well understands so we will not belabor here). Specifically relevant to cost estimates, however: at the time many water suppliers filed their lawsuits and estimated their damages, EPA had not proposed listing any PFAS as hazardous under CERCLA, issued the current Health Advisory Levels, or proposed any Maximum Contaminant Levels. Depending on where the agency decides to set MCLs for six (or more) types of PFAS, in some cases, water sources not previously included in response cost estimates will have to be added, and previous response cost estimates will prove much too low.

To provide an informed opinion on the proposed settlement, experts will no doubt wish to assess, among other things, the propriety of certain elements of the Proposed 3M Agreement such as: the eligibility factors for class members (developed, we understand, via acquisition and analysis of environmental data nationwide, at times using discretionary judgments); class divisions (developed using statistical and mathematical models to forecast liabilities and assets for complex settlements); the allocation formula and underlying scores (prepared using expert evaluation of relevant chemistries; impacted water resources; varying flow rates and PFAS concentrations; ranges of developing PFAS treatment technologies; estimated capital, operation and maintenance costs; use of assumptions that may not apply to every water supplier; and determinations of appropriate methodologies for estimating the foregoing costs due to acknowledged varying influent PFAS concentrations); and various "bumps" (developed based on expertise of Executive Committee Co-Lead counsel in other MDLs, and their consultation with ethics counsel and other experts).

As you know, approval for substantial outlays such as expert retention by public clients nearly always requires approval of elected officials through closed, specially set executive sessions. Approval for major decisions—such as whether to participate in a settlement agreement with the predominant global manufacturer of the substances contaminating their water supplies—will definitely require that step. Preparing the requisite analysis in order to determine the best recommendation to make to each client, and then coordinating all necessary officials to present that recommendation—even on the accelerated schedule we intend to pursue—would take more than 60 days.

Plaintiffs' Executive Committee Co-Lead Counsel
July 7, 2023
Page 4

Our clients and other water suppliers have been moving forward on at least some of the above steps in conjunction with the AFFF litigation, UCMR-5 compliance, and daily operations. But those efforts have naturally been focused on regulatory application and litigation, not the recently disclosed specific factors that will drive settlement amounts to be paid by 3M. The surprise of the proposed settlement requires a drastic shift in work priorities on an exceedingly truncated schedule. While we will do our best to expedite all necessary actions to meet a shortened schedule, in our clients' view and ours, 60 days after Notice is mailed will not provide adequate time to give this settlement the analysis that it merits.

**Opportunities to Provide Time for Water Suppliers to Evaluate Settlement Value**

We understand you've been at this for some time and consider the Proposed 3M Agreement to be fair, reasonable, adequate, and in the best interests of the proposed class. And we know there are many factors at play of which we are not aware. But in order to effectively represent our clients, and for our clients to perform the work they must in order to meaningfully evaluate their potential allocated amounts under the 3M Agreement, we would need more time than the Decision Deadlines as proposed would provide. We expect many other MDL parties and potential claimants will as well—particularly Phase II claimants early in the PFAS investigation process.

In order to determine whether it will be necessary for our clients to independently respond to the Motion for Preliminary Approval or otherwise communicate with the Court (after first sending to you as required), may we have a response by Tuesday, July 11, 2023? We are available to discuss these requests at your convenience. We also appreciate your consideration and look forward to meeting you next week.

Sincerely,

Jessica K. Ferrell
Partner, Marten Law LLP

Jeff B. Kray
Partner, Marten Law LLP


cc:     Randy Black, Lakewood Water District
        Albert Tripp, City of Airway Heights
        Kevin J. Fuhr, City of Moses Lake
        Stephanie Biehl, Sher Edling, PEC & AFFF MDL Water Provider Committee Lead
        Fred Thompson, Motley Rice, Plaintiff's Liaison Counsel
        Marissa Bessis, Motley Rice, Paralegal to Plaintiff's Liaison Counsel
        AFFF MDL Water Supplier Committee Listserv



**ALAN J. KNAUF**
ATTORNEY AT LAW

T 585.546.8430
C 585.370.9362
aknauf@nyenvlaw.com

July 10, 2023

**VIA ELECTRONIC MAIL**

Michael A. London, Esq.
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, New York 10038
mlondon@douglasandlondon.com

Paul J. Napoli, Esq.
Napoli Shkolnik
1302 Avenida Ponce de Leon
Santurce, Puerto Rico 00907
PNapoli@NSPRLaw.com

Scott Summy, Esq.
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
ssummy@baronbudd.com

Re:   *In re Aqueous Film-Forming Foams Product Liability Litigation*
      **MDL No. 2:18-mn-2873-RMG**
      **Proposed 3M Settlement**

Dear Michael, Paul and Scott:

As you know, we represent the City of Newburgh ("City") in *City of Newburgh v. United States*, No. 2:18-cv-03358. We join in the request made on July 7, 2023 by Marten Law on behalf of their clients, for the Plaintiffs' Executive Committee to increase the proposed deadlines to object to or opt out of the Proposed 3M Settlement Agreement's deadlines for Eligible Claimants from 60 to 120 days after Notice is mailed. This is obviously a very complex and important issue for our client, and we need adequate time to evaluate the proposed settlement for the reasons set forth by Marten Law, among others.



PEC Lead Counsel
July 10, 2023
Page 2

Thank you.

    Sincerely,

    **KNAUF SHAW LLP**

    ALAN J. KNAUF

    AMY K. KENDALL

# Westervelt & Rea, LLP

**ATTORNEYS AT LAW**
P.O. Box 633, 50 North Ferry Road
Shelter Island, New York 11964
(631) 749-0200 phone (631) 749-0292 fax

MARY-FAITH WESTERVELT
KIMBERLEA SHAW REA*
*also admitted in VA and TX

KSR CELL AND EMAIL:
(914) 255-4708
kimberlearea@gmail.com

PAUL CLEWELL**
** also admitted in CT

July 11, 2023

*Via Email*
Plaintiffs' Executive Committee Co-Lead Counsel:
Michael A. London
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, New York 10038
mlondon@douglasandlondon.com

Paul J. Napoli
Napoli Shkolnik
1302 Avenida Ponce de Leon
Santurce, Puerto Rico 00907
PNapoli@NSPRLaw.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
ssummy@baronbudd.com

RE:  *In re Aqueous Film-Forming Foams Product Liability Litigation,* MDL No. 2:18-mn-2873-RMG – Proposed 3M Agreement: Request from City of Airway Heights Washington; Lakewood Water District, Washington; and Moses Lake, Washington for Plaintiffs' Executive Committee to increase the Proposed 3M Agreement's deadlines for Eligible Claimants to object to or opt out from 60 to 120 days after Notice is mailed

Dear Mike, Paul and Scott:

The Town of New Windsor joins in the request made in Marten Law's July 6, 2023 letter requesting an extension from 60 days to 120 days in which to opt-in or out of the proposed 3M class settlement, for all the reasons given in that letter. The terms of the proposed settlement are extremely complex, tiered and phased, and it will require extensive analysis by outside professional consultants, in conjunction with the Town's inhouse professional and operational

staff. The remediation of the Town's contaminated water supplies, overlain by all the attendant infrastructure and water production and supply issues to 30,000 residents and water customers in the Hudson Valley, is going to require significantly more time than the 60-day deadline provides.

Moreover, once the above analysis by multiple professionals is complete, this decision cannot be made unilaterally, and may require legislative approval by the Town Board at a duly noticed Town Board meeting. This administrative process alone is a time-consuming process.

Finally, many, if not all of the Water Provider Plaintiffs had no idea that the PEC had been negotiating a settlement with 3M for nearly two years; we first learned of the settlement-in-principle through national news outlets, not the PEC. The terms of the proposed settlement were not communicated to us until well after the announcement of the proposed settlement by news outlets, so we are indisputably behind and need this additional time requested. Therefore, we respectfully request the PEC to advance this request to the Court. It is a reasonable request that will serve a vital public interest.

Very Truly Yours,

*Kimberlea Shaw Rea*

KIMBERLEA SHAW REA

cc: Stephanie Biehl, Sher Edling, PEC & AFFF MDL Water Provider Committee Lead
Fred Thompson, Motley Rice, Plaintiff's Liaison Counsel
Marissa Bessis, Motley Rice, Paralegal to Plaintiff's Liaison Counsel
AFFF MDL Water Supplier Committee Listserv
David Zagon, Town of New Windsor
George Meyers, Town of New Windsor

**PLAINTIFFS' EXECUTIVE COMMITTEE**
**IN RE: AFFF Products Liability Litigation**
**MDL No. 2873**

---

July 11, 2023

*Via Email*

Jessica K. Ferrell
Jeff B. Kray
Marten Law LLP
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
jferrell@martenlaw.com
jkray@martenlaw.com

RE:    *In re Aqueous Film-Forming Foams Product Liability Litigation*, MDL No. 2:18-mn-2873-RMG – Proposed 3M Agreement: Request from City of Airway Heights Washington; Lakewood Water District, Washington; and Moses Lake, Washington for Plaintiffs' Executive Committee to increase the Proposed 3M Agreement's deadlines for Eligible Claimants to object to or opt out from 60 to 120 days after Notice is mailed

Dear Jessica and Jeff:

On behalf of the Plaintiffs Executive Committee ("PEC"), we write in response to your letter dated July 7, 2023, requesting that the PEC consider proposing to Defendant 3M Company ("3M") and/or the Court an extension of the deadlines for Eligible Claimants to object or opt-out of a proposed class settlement with 3M (the "Settlement") from 60 days to at least 120 days after the Class Notice is mailed. As you know, later this week we will be hosting an in-person meeting open to you and other counsel representing Public Water Systems in this MDL to discuss and/or answer questions about the Settlement. Further, this Thursday's meeting is just one of the measures we are undertaking to inform Plaintiffs' counsel in this litigation about the Settlement and will build on the discussion we had with the PEC and others on a call convened on June 23, 2023.

At the outset, it is important to note that it is the Court, not the parties, that will ultimately decide when to set the objection/opt-out deadline for this Settlement and that a motion seeking preliminary approval has already been filed asking the Court to set that deadline for 60 calendar days after the Class Notice is mailed (the "60-Day Deadline"). While we commend your diligence in assessing the Settlement for your clients, we disagree that such an extension is warranted at this point for several reasons. First and foremost, the proposed 60-Day Deadline begins to run from when the Class Notice is mailed, which will take place *after* the Court grants Preliminary Approval

Jessica K. Ferrell
Jeff B. Kray
July 11, 2023
Page 2

(assume it does).[1]  Secondly, this was not chosen unilaterally but was instead one of the many aspects of the Settlement that we negotiated with 3M.

We also disagree that the requested extension is needed for potential Class Members to comply with the Settlement's Baseline Testing requirements.  As you note in your letter, we have already entered into an arrangement with Eurofins to make the necessary testing available to any potential Class Members on an expedited basis.  In addition, near-term testing results will only be required for Phase One Qualifying Class Members, as the deadline the Settlement sets for Phase Two Qualifying Class Members to complete Baseline Testing is not until January 1, 2026.  Additionally, the deadline to complete Baseline Testing and submit Claim Forms for Phase One will also be months from now given that the approval process will likely take many months even without extending the 60-day period.

Although we appreciate your view that an extension is needed to give putative class members more time to evaluate their anticipated recovery under the Settlement, we believe the Settlement currently provides ample time for such evaluations, particularly considering the PEC's continued efforts to inform you and the other counsel representing putative class members with the information needed to assess the settlement and advise your clients about the Settlement.  This includes not only this week's meeting but also other meetings and informational sessions the PEC is planning to conduct in the near term.

In addition, we are mindful that while you are seeking more time, many other potential Class Members want and need the compensation they would receive under the Settlement as soon as possible to address existing contamination in their water supplies that threatens the health and safety of their customers.  As you know, this MDL was established nearly 5 years ago, and many Public Water System Plaintiffs have been waiting for a very long time to get access to funds to help address their PFAS problems.  At the same time, those plaintiffs and the other putative class members are facing pending MCLs promulgated by EPA and certain States that will only compound their need for near-term financial relief to address PFAS.

We look forward to discussing the Settlement with you in greater detail on Thursday, as well as in future meetings, calls, and/or other forums aimed at ensuring you and other counsel are fully informed of its terms.  We are, of course, also open to discussing these issues concerning the Settlement's timing and deadlines in future meetings if circumstances warrant revisiting them.  In the meantime, should you have any other questions about the Settlement, please do not hesitate to contact me, Paul, or Scott.

---

[1] To this end, you will likely have far more than 60 days to evaluate the Settlement since the Court has not yet granted Preliminary Approval—only after which the Class Notice will be mailed, triggering the 60-day objection/opt-out period—and there is no indication yet for when that will occur.  Indeed, the opportunity for you (and others) to assess and review has begun without the current 60 day period having even begun yet.

2

Jessica K. Ferrell
Jeff B. Kray
July 11, 2023
Page 3

                Sincerely,

                */s/ Michael A. London*
                Michael A London
                Douglas and London PC
                59 Maiden Lane
                6th Floor
                New York, NY 10038
                P: (212)-566-7500
                F: (212)-566-7501
                mlondon@douglasandlondon.com

                Paul J. Napoli, Esq.
                Napoli Shkolnik
                1302 Avenida Ponce de León
                Santurce, Puerto Rico 00907
                P: (833) 271-4502
                F: (646) 843-7603
                pnapoli@nsprlaw.com

                Scott Summy
                Baron & Budd, P.C.
                3102 Oak Lawn Avenue
                Suite 1100
                Dallas, TX 75219
                P: (214)-521-3605
                ssummy@baronbudd.com

                *Co-lead Counsel for Plaintiffs*

cc:
    Fred Thompson, Motley Rice, Plaintiff's Liaison Counsel
    AFFF MDL Water Supplier Committee Listserv

**PLAINTIFFS' EXECUTIVE COMMITTEE**
**IN RE: AFFF Products Liability Litigation**
**MDL No. 2873**

---

July 12, 2023

*Via Email*

Alan J. Knauf
Amy K. Kendall
Knauf Shaw LLP
2600 Innovation Square
100 South Clinton Avenue
Rochester, NY 14604
aknauf@nyenvlaw.com
akendall@nyenvlaw.com

RE:   *In re Aqueous Film-Forming Foams Product Liability Litigation*
       MDL No. 2:18-mn-2873-RMG
       Proposed 3M Settlement

Dear Alan and Amy:

     On behalf of the Plaintiffs Executive Committee ("PEC"), we write in response to your letter dated July 10, 2023, where you joined Marten Law's request dated July 7, 2023, to extend the deadlines for Eligible Claimants to object or opt-out of a proposed class settlement with 3M (the "Settlement") from 60 days to at least 120 days after the Class Notice is mailed. Attached as Exhibit A is our response to Marten Law's request explaining that while we appreciate your position that the requested extension is needed to give putative class members more time to evaluate the Settlement, we disagree that such an extension is warranted at this time for reasons that are outlined in that response.

     As you know, later this week we will be hosting an in-person meeting open to you and other counsel representing Public Water Systems in this MDL to discuss and/or answer questions about the Settlement; indeed, we were glad to see that one or both of you were planning to attend. We look forward to discussing the Settlement with you in greater detail then, as well as in future meetings, calls, and/or other forums aimed at ensuring you (and other counsel) are fully informed of its terms. In the meantime, should you have any other questions about the Settlement, please do not hesitate to contact me, Paul, or Scott.

Alan J. Knauf
Amy K. Kendall
July 12, 2023
Page 2

    Sincerely,

    */s/ Michael A. London*
    Michael A London
    Douglas and London PC
    59 Maiden Lane
    6th Floor
    New York, NY 10038
    P: (212)-566-7500
    F: (212)-566-7501
    mlondon@douglasandlondon.com

    Paul J. Napoli, Esq.
    Napoli Shkolnik
    1302 Avenida Ponce de León
    Santurce, Puerto Rico 00907
    P: (833) 271-4502
    F: (646) 843-7603
    pnapoli@nsprlaw.com

    Scott Summy
    Baron & Budd, P.C.
    3102 Oak Lawn Avenue
    Suite 1100
    Dallas, TX 75219
    P: (214)-521-3605
    ssummy@baronbudd.com

    *Co-lead Counsel for Plaintiffs*

Enclosure (1)

cc:    Fred Thompson, Motley Rice, Plaintiff's Liaison Counsel (via email)
        AFFF MDL Water Supplier Committee Listserv (via email)

**PLAINTIFFS' EXECUTIVE COMMITTEE**
**IN RE: AFFF Products Liability Litigation**
**MDL No. 2873**

---

July 12, 2023

*Via Email*

Kimberlea Shaw Rea
Westervelt & Rea, LLP
P.O. Box 633, 50 North Ferry Road
Shelter Island, New York 11964
kimberlearea@gmail.com

RE:   *In re Aqueous Film-Forming Foams Product Liability Litigation*, MDL No. 2:18-mn-2873-RMG - Proposed 3M Agreement: Request from City of Airway Heights Washington; Lakewood Water District, Washington; and Moses Lake, Washington for Plaintiffs' Executive Committee to increase the Proposed 3M Agreement's deadlines for Eligible Claimants to object to or opt out from 60 to 120 days after Notice is mailed

Dear Kimberlea:

      On behalf of the Plaintiffs Executive Committee ("PEC"), we write in response to your letter dated July 10, 2023, where you joined Marten Law's request dated July 7, 2023, to extend the deadlines for Eligible Claimants to object or opt-out of a proposed class settlement with 3M (the "Settlement") from 60 days to at least 120 days after the Class Notice is mailed. Attached as Exhibit A is our response to Marten Law's request explaining that while we appreciate your position that the requested extension is needed to give putative class members more time to evaluate the Settlement, we disagree that such an extension is warranted at this time for reasons that are outlined in that response.

      As you know, later this week we will be hosting an in-person meeting open to you and other counsel representing Public Water Systems in this MDL to discuss and/or answer questions about the Settlement. In the meantime, should you have any other questions about the Settlement, please do not hesitate to contact me, Paul, or Scott.

Kimberlea Shaw Rea
July 12, 2023
Page 2

                          Sincerely,

*/s/ Michael A. London*
Michael A London
Douglas and London PC
59 Maiden Lane
6th Floor
New York, NY 10038
P: (212)-566-7500
F: (212)-566-7501
mlondon@douglasandlondon.com

Paul J. Napoli, Esq.
Napoli Shkolnik
1302 Avenida Ponce de León
Santurce, Puerto Rico 00907
P: (833) 271-4502
F: (646) 843-7603
pnapoli@nsprlaw.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
P: (214)-521-3605
ssummy@baronbudd.com

*Co-lead Counsel for Plaintiffs*

Enclosure (1)

cc:    Fred Thompson, Motley Rice, Plaintiff's Liaison Counsel (via email)
        AFFF MDL Water Supplier Committee Listserv (via email)