**PLAINTIFFS' EXECUTIVE COMMITTEE**
**IN RE: AFFF Products Liability Litigation**
**MDL No. 2873**

---

July 18, 2023

*Via ECF*
Hon. Richard Mark Gergel
U.S. District Court for the District of South Carolina
J. Waites Waring Judicial Center
83 Meeting Street
Charleston, South Carolina 29401

**RE: *In re Aqueous Film-Forming Foams Product Liability Litigation*, MDL No. 2:18-mn-2873-RMG – Proposed 3M Agreement: Request from City of Airway Heights, City of Moses Lake, and Lakewood Water District, Washington to provide more time between Notice and Objecting to/Opting Out of Proposed 3M Agreement**

Dear Judge Gergel:

We write in response to the letter filed by Marten Law[1] on July 17, 2023, Dkt. No. 3414, requesting that before ruling on proposed Class Counsel's pending Motion for Preliminary Approval of a Class Settlement with Defendant 3M Company (the "Settlement"), the Court consider suggesting to Plaintiffs' Co-Lead Counsel and 3M that they extend the deadline for Eligible Claimants to object or opt-out of the Settlement by an additional 60 days, from 60 to 120 days after Class Notice is mailed. Dkt. 3414 at 2. For the reasons set forth below—many of which were communicated to Marten Law in prior correspondence, to which the Court is privy per their filing—we oppose the requested extension as unnecessary under the present circumstances.

First, we question the manner in which the request for an extension has been made and whether the Court can even consider it, given that it was improperly filed as a letter submission rather than as a formal motion. Local Rule 6.01 clearly states that "[r]equests for enlargement or shortening of time . . . must be by motion and accompanied by an affidavit or other statement giving the reasons therefor." And while Marten Law suggests the letter submission is proper because they do not oppose proposed Class Counsel's Motion for Preliminary Approval, that does not explain their failure to comply with Local Rule 6.01 and its clear requirement that requests to alter time be made by motion.[2] For this reason alone, the Court should disregard and/or deny

---

[1] Marten Law represents City of Airway Heights, City of Moses Lake, and Lakewood Water District, Washington, three public water supplier plaintiffs with claims pending in the AFFF MDL. *See* Dkt. 3414 at 1.

[2] Indeed, in making a similar request for more time to review the Settlement, a group of fourteen states filed a formal motion requesting an extension of time to respond to proposed Class Counsel's Motion for Preliminary Approval. *See* Dkt. No 3405.

Marten Law's request to extend the objection/opt-out deadline from 60 to 120 days after Class Notice is mailed.[3]

Second, notwithstanding the procedural defect of Marten Law's letter request, its timing is not appropriate considering that the original 60-day objection/opt-out period has not even begun to run because Your Honor has yet to rule on proposed Class Counsel's Motion for Preliminary Approval. In the event that preliminary approval is granted and circumstances later present themselves that make the current 60-day period impractical, that is the appropriate time to make a request to extend the objection/opt-out deadline. But until such circumstances exist, any request for an extension of that deadline is speculative and premature.

Indeed, as support for the requested extension, Marten Law "respectfully question[s] whether 60 days . . . is sufficient time" to evaluate the potential recoveries of all Eligible Claimants using the PEC's conceptual model. Dkt. No. 3414 at 2. Not only does this presume that every Eligible Claimant will accept the offer to evaluate their data through the conceptual model, but it is purely speculative for Marten Law to argue that this process will take more than 60 days when they themselves have yet to use that conceptual model to estimate recoveries for their clients. Alterations to a negotiated term of the Settlement cannot be justified on such conjecture, particularly where the current 60-day period for objections/opt-outs is widely recognized as reasonable and sufficient to satisfy any due process concerns. *See, e.g., Ashley v. GAF Materials Corp. (In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig.)*, No. 8:11-mn-02000-JMC, 2014 U.S. Dist. LEXIS 183679, at *35 (D.S.C. Oct. 15, 2014) ("In selecting a 60-day period, we are satisfied that the period allowed will neither compel an unnecessarily rushed response, nor will it lull the potential class members into complacency." (internal quotation marks omitted)); *Blenko v. Cabell Huntington Hosp., Inc.*, No. 3:21-0315, 2022 U.S. Dist. LEXIS 142637, at *21 (S.D. W. Va. Aug. 10, 2022) ("A sixty-day period for notice is proposed as a customary and reasonable amount of time to ensure due consideration and opportunity to opt out.").

Third, while we are mindful of Marten Law's desire for more time to evaluate the Settlement, their request is made on behalf of themselves and two other counsel who collectively represent five Public Water System Plaintiffs, which accounts for a tiny fraction of the hundreds of Public Water Systems with filed cases and the thousands of Public Water Systems in the proposed Settlement Class. In fact, we have been advised that many other potential Class Members prefer to receive the benefits of the Settlement as soon as possible to address existing contamination in their water supplies that may threaten the health and safety of their customers. As the Court is well aware, this MDL was established nearly 5 years ago, and many Public Water System Plaintiffs have been waiting for a very long time to get access to funds to help address their PFAS damages. At the same time, those Plaintiffs and the other putative Class Members are facing

[3] Should the Court prefer we raise our procedural objection by motion to strike Marten Law's improper letter request, we are happy to do so.

pending MCLs promulgated by the EPA and certain States that will only compound their need for near-term financial relief to address PFAS.

While we have already agreed to a modest 7-day extension of the deadline to respond to the Motion for Preliminary Approval, we do not believe the present circumstances warrant such a substantial extension of the 60-day objection/opt-out deadline negotiated by the settling parties. For this reason and the other reasons set forth above, the Court should reject and/or deny Marten Law's improperly filed request.

We thank the Court for its time and consideration of this issue.

Sincerely,

*/s/ Michael A. London*
Michael A London
Douglas and London PC
59 Maiden Lane
6th Floor
New York, NY 10038
P: (212)-566-7500
F: (212)-566-7501
mlondon@douglasandlondon.com

*/s/ Paul J. Napoli*
Paul J. Napoli, Esq.
Napoli Shkolnik
1302 Avenida Ponce de León
Santurce, Puerto Rico 00907
P: (833) 271-4502
F: (646) 843-7603
pnapoli@nsprlaw.com

*/s/ Scott Summy*
Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
P: (214)-521-3605
ssummy@baronbudd.com

*Co-lead Counsel for Plaintiffs*