UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2873 |
| | Master Docket Case No. 2:18-mn-2873-RMG |
| | and 2:23-cv-03147-RMG |
| ROOSEVELT COUNTY WATER COOP, INC. | Case No. 2:23-cv-02612-RMG |
| *Plaintiff*, | |
| v. | |
| 3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co.), et al., | |
| *Defendants*. | |

**JOINDER IN MOTION FOR EXTENSION AND, IN THE ALTERNATIVE, RESPONSE IN OPPOSITION TO MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

Pursuant to Local Rule 6.01, and 7.01, Plaintiff Roosevelt County Water Coop, Inc. ("Roosevelt County Coop"), by and through its undersigned counsel, hereby joins the Motion for Extension of Time to File Response/Reply to the Motion for Settlement filed by various States on July 14, 2023 (Doc. No. 3405). In the alternative, Roosevelt County Coop, hereby responds to the Motion for Settlement (Preliminary Approval Motion) (Doc. No. 3370) as follows:

**I.      JOINDER IN STATES' MOTION**

On July 14, 2023, fourteen states, with additional states expected to join, filed a motion for extension of time to file responses/objections to the motion for preliminary approval of a purported class settlement and for an order directing the notice of class settlement be disseminated (the "Motion for Preliminary Approval" or the "Motion"), which was filed by certain public water systems represented by MDL leadership counsel (Doc. 3370). The States

request that additional time to respond to the Motion for Preliminary Approval be extended by 14 days from July 17, 2023 to July 31, 2023.  The States' motion sets forth the numerous good reasons that additional time is needed for putative class members to review the voluminous settlement documents and, if necessary, respond in fulsome to the Motion for Preliminary Approval.  Like the States, Roosevelt County Coop and other public water systems and purported Eligible Claimants under the proposed settlement agreement need sufficient time to evaluate the settlement agreement before notice of the settlement is disseminated and the attendant deadlines within the settlement agreement are triggered.  Roosevelt County Coop has not previously requested an extension.  Accordingly, Roosevelt County Coop respectfully joins the States' motion and requests additional time to respond to Plaintiffs' Motion for Preliminary Approval.[1]

## II.     INITIAL RESPONSE TO MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

In the event the Court does not permit Roosevelt County Coop's joinder to allow it and other putative class members additional time to respond, Roosevelt County Coop hereby offers this preliminary response and objection to the Motion for Preliminary Approval (Doc 3370). Through this initial response, Roosevelt County Coop seeks to bring one narrow, but critically important issue to the Court's attention.  While Roosevelt County Coop has not had the opportunity to fully evaluate the voluminous settlement agreement, and accordingly reserves its right to raise additional objections in the event the Court does permit additional time to respond, Roosevelt County Coop hereby requests that the Court—prior to ordering preliminary approval of the settlement and disseminating the notice—require the notice to be altered to allow putative

---

[1] As Roosevelt County Coop was preparing to file this Joinder and Response, the Court granted in part the States' Motion, extending the response time by seven days to July 24, 2023. (See Doc. No. 3408).

2

class members more than the currently proposed 60 days to object to the settlement and to opt out.

Under sections 8.2, 8.4, and 8.5 of the proposed settlement, notice is to be sent to putative class members within 14 days of preliminary approval.  Thereafter, under sections 8.4 and 8.5, respectively, putative class members are given only 60 days after notice is disseminated to object to any portion of the proposed settlement and to opt out.  Sixty days is far too short given what is at stake in this litigation for public entities (large and small) to fully evaluate the terms of the settlement, consult with necessary advisors to determine the settlement's effect on each unique public entity, and then to assert any objections, and, if necessary, make a decision as to whether it will opt out.  This is especially so because most of the thousands of public water systems that are ostensibly bound by the settlement are not represented by counsel and are likely entirely unaware of the settlement.

Moreover, once a public entity becomes aware of the settlement and retains outside counsel or other advisors to assist in analyzing the settlement, the analysis that must be performed by each public entity to determine whether the settlement is in its best interests is further complicated by the fact that the "allocation analysis" loosely described in the documents supporting leadership Plaintiffs' Motion for Preliminary Approval has not been articulated or explained in sufficient detail to allow putative class members to make an informed decision about whether they should opt out of the settlement.  Roosevelt County Coop (and other Eligible Claimants and putative class members) will need a sufficient amount of time to perform this analysis.  For all public water suppliers, much more information about the allocation analysis and other factors impacting the ultimate settlement terms will be necessary to allow for a prudent decision that protects each public entity's constituents.   Additional terms of the settlement

agreement, including for example, the mechanism for reductions of the overall settlement pool for items such as other settlements and attorneys' fees, will also require additional time to analyze.

**Accordingly, Roosevelt County Coop respectfully requests that this Court, prior to providing preliminary approval of the settlement, requires the time periods set forth in the settlement notice for putative class members to object to the settlement and to opt-out of the settlement be enlarged to no less than 180 days.**

Dated: July 17, 2023

Respectfully submitted,

*/s/ Christopher R. Rodriguez*
Christopher R. Rodriguez
SINGLETON SCHREIBER, LLP
1414 K Street, Suite 470
Sacramento, CA 95814
Tel: (916) 256-2312
Fax: (619) 255-1515
crodriguez@singletonschreiber.com
*Attorneys for Plaintiff*

4

**CERTIFICATE OF SERVICE**

I, Christopher R. Rodriguez, hereby certify that on July 17, 2023, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

/s/ Christopher R. Rodriguez
Christopher R. Rodriguez