UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) MDL No. 2873 <br> ) <br> ) Master Docket Case No. 2:18-mn-2873-RM <br> ) |
| ROOSEVELT COUNTY WATER COOP, INC. <br><br> *Plaintiff*, <br><br> v. <br><br> 3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co.), et al., <br><br> *Defendants*. | ) Case No. 2:23-cv-02612-RMG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## RESPONSE IN OPPOSITION TO MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Pursuant to Local Rule 6.01, and 7.01, Plaintiff Roosevelt County Water Coop, Inc. ("Roosevelt County Coop"), by and through its undersigned counsel, hereby files its Response in Opposition to Plaintiffs City of Camden, et al., Motion for Preliminary Approval of Class Settlement, for Certification of Settlement Class and for Permission to Disseminate Class Notice (Doc. 3370) as follows:

**I.     BACKGROUND**

On July 3, 2023, Plaintiffs City of Camden, et al., filed their Motion for Preliminary Approval of Class Settlement, for Certification of Settlement Class and for Permission to Disseminate Class Notice as to Defendant 3M Company. [Doc. 3370]. On July 17, 2023, Plaintiff Roosevelt County Coop filed its Joinder in Motion for Extension and, in the Alternative, Response in Opposition to Motion for Preliminary Approval of Settlement. [Doc. 3420]. Plaintiff Roosevelt County Coop joined fourteen States in seeking additional time to oppose

Camden's motion. The States and Roosevelt County Coop, for the most part, are not similarly situated as Roosevelt County Coop is a public water system and purported Phase Two Eligible Claimant under the proposed settlement agreement (Doc. 3370-3, p. 389). Roosevelt County Coop presently objects to the settlement agreement on two grounds – (1) "Opt Out" and objection time periods of 60 days (Id., p. 28) are far too short for Roosevelt County Coop or any other putative class member (especially those absent putative class members who will be learning of the proposed settlement for the first time upon receiving the formal notice) to make a well-informed decision; and (2) the proposed "Allocation Procedures" (Id., pp. 540-60) do not provide Roosevelt County Coop or other putative class members with a reasonable opportunity to determine their allocation of the settlement sum which necessarily informs their decision on whether to "Opt Out."

## II.     THE "OPT OUT" PERIOD IS FAR TOO SHORT

Under sections 8.2, 8.4, and 8.5 of the proposed settlement agreement, notice is to be sent to putative class members within 14 days of preliminary approval. [Id., pp. 27-29]. Thereafter, under sections 8.4 and 8.5, respectively, putative class members are given only 60 days after notice is disseminated to object to any portion of the proposed settlement and to opt out. [Id., p. 28]. Sixty days is far too short given what is at stake in this litigation for public entities (large and small) to fully evaluate the terms of the settlement, consult with necessary advisors to determine the settlement's effect on each unique public entity, and then to assert any objections, and, if necessary, decide whether it will "opt out." Moreover, the analysis that must be performed by each public water system to make such important decisions is further complicated by the fact that the "allocation procedures" (Id., pp. 540-60) described in the documents supporting leadership Plaintiffs' motion for preliminary approval do not permit putative class members to make an informed decision about whether they should "opt out" of the settlement. Roosevelt County Coop (and other Eligible Claimants and putative class members) will need sufficient time to perform this analysis. For all public water systems, much more information about the "allocation procedures" and other factors impacting the ultimate settlement terms will

be necessary to allow for a prudent decision that protects each public water system's customers. Additional terms of the settlement agreement, including for example, the mechanism for reductions of the overall settlement pool for items such as other settlements and attorneys' fees, will also require additional time to analyze.

**Accordingly, Roosevelt County Coop respectfully requests that this Court, prior to providing preliminary approval of the settlement, require the time periods set forth in the settlement notice for putative class members to object to the settlement and to "opt out" of the settlement be enlarged to no less than 180 days**.

### III. THE "ALLOCATION PROCEDURES" DO NOT PROVIDE PUTATIVE CLASS MEMDERS WITH THE OPPORTUNITY TO MAKE AN INFORMED DECISION

Based on the "allocation procedures" detailed in Exhibit Q, a putative class member is unable to divine its allocation of the settlement sum prior to deciding whether to "opt out." For example, Exhibit Q states, in part, "**Settlement Award** = (Adjusted Base Score / Sum of All Adjusted Base Scores)." [Id., p. 553]. Even if a putative class member could calculate its "adjusted base score" prior to deciding whether to "opt out," there is no way to estimate its "settlement award" because the "sum of all adjusted base scores" cannot be calculated until well after the pool of class members has been determined, thereby forcing putative class members to make a blind decision regarding whether to opt-out.

Further, in responding to Roosevelt County Coop's Joinder and Response in Opposition (Doc. 3420), Proposed Class Counsel stated, in part, "we oppose the requested relief for the reasons set forth in our July 18, 2023 letter brief to the Court [ECF No. 3419], which responded to the letter filed by Marten Law (which made the same request as Roosevelt County) [ECF No. 3414]." [Doc. 3425]. In that letter brief, Proposed Class Counsel referred to "PEC's conceptual model" that could purportedly be used to calculate a putative class member's estimated settlement award. No details are provided regarding the putative class members' visibility into this "conceptual model" and/or how it might be made available to all potential claimants during

the 60-day class notice period. If such a model exists and putative class members are not fully informed of its existence or denied access to it, this alone raises a substantial question as to the efficacy of the "allocation procedures."

Accordingly, Roosevelt County Coop respectfully requests that this Court disapprove any proposed settlement that lacks sufficiently clear "allocation procedures" that permit Roosevelt County Coop and other putative class members to make an informed decision. In other words, any proposed settlement—prior to preliminary Court approval—must have sufficiently transparent and accessible procedures in place that allow each Eligible Claimant to evaluate—prior to the deadline to opt in or opt out—whether the proposed settlement is favorable for that particular claimant.

Dated: July 24, 2023                                  Respectfully submitted,

                                                                                         /s/ Christopher R. Rodriguez
Christopher R. Rodriguez
SINGLETON SCHREIBER, LLP
1414 K Street, Suite 470
Sacramento, CA 95814
Tel: (916) 256-2312
Fax: (619) 255-1515
crodriguez@singletonschreiber.com
*Attorneys for Plaintiff*

4

**CERTIFICATE OF SERVICE**

I, Christopher R. Rodriguez, hereby certify that on July 24, 2023, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ Christopher R. Rodriguez*
Christopher R. Rodriguez
