UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) MDL No. 2873 )<br>) Master Docket Case No. 2:18-mn-2873-RM ) |
| ROOSEVELT COUNTY WATER COOP, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co.), et al.,<br><br>*Defendants*. | ) Case No. 2:23-cv-02612-RMG )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONSE IN OPPOSITION TO MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

Pursuant to Local Rule 6.01, and 7.01, Plaintiff Roosevelt County Water Coop, Inc. ("Roosevelt County Coop"), by and through its undersigned counsel, hereby files its Response in Opposition to Plaintiffs City of Camden, et al., Motion for Preliminary Approval of Class Settlement, for Certification of Settlement Class and for Permission to Disseminate Class Notice (Doc. 3392-93) as follows:

**I.    BACKGROUND**

On July 10, 2023, Plaintiffs City of Camden, et al., filed their Motion for Preliminary Approval of Class Settlement, for Certification of Settlement Class and for Permission to Disseminate Class Notice as to Defendants Chemours Company, The Chemours Company FC, LLC, DuPont de Nemours, Inc., Corteva, Inc., and E.I. DuPont de Nemours and Company n/k/a EIDP, Inc. [Doc. 3392-93]. Roosevelt County Coop is a public water system as defined in section 2.40 of this proposed settlement agreement (Doc. 3393-2, p. 8). Roosevelt County Coop presently objects to the settlement agreement on two grounds – (1) the objection and "Request

for Exclusion" time periods of 60 days (Id., p. 22) are far too short for Roosevelt County Coop or any other putative class member (especially those absent putative class members who will be learning of the proposed settlement for the first time upon receiving the formal notice) to make a well-informed decision; and (2) the proposed "Allocation Procedures" (Id., pp. 76-99) do not provide Roosevelt County Coop or other putative class members with a reasonable opportunity to determine their allocation of the settlement sum which necessarily informs their decision on whether to request an exclusion from the proposed settlement.

## II.     THE "REQUEST FOR EXLUSION" PERIOD IS FAR TOO SHORT

Under section 9.4 of the proposed settlement agreement, notice is to be sent to putative class members within 14 days of preliminary approval. [Id., p. 22]. Thereafter, under sections 9.6.2 and 9.7.2 respectively putative class members must submit "[a]ll objections" or "Requests for Exclusion" within "sixty (60) calendar days after commencement of dissemination of the Notice." [Id., pp. 22, 24]. Sixty days is far too short given what is at stake in this litigation for public entities (large and small) to fully evaluate the terms of the settlement, consult with necessary advisors to determine the settlement's effect on each unique public entity, and then to assert any objections, and, if necessary, decide whether it will object or "opt out." Moreover, the analysis that must be performed by each public water system to make such important decisions is further complicated by the fact that the "allocation procedures" (Id., pp. 76-99) described in the documents supporting leadership Plaintiffs' motion for preliminary approval do not permit putative class members to make an informed decision about whether they should "opt out" of the settlement. Roosevelt County Coop and other putative class members will need sufficient time to perform this analysis. For all public water systems, much more information about the "allocation procedures" and other factors impacting the ultimate settlement terms will be necessary to allow for a prudent decision that protects each public water system's customers. Additional terms of the settlement agreement, including for example, the mechanism for reductions of the overall settlement pool for items such as other settlements and attorneys' fees, will also require additional time to analyze.

2

**Accordingly, Roosevelt County Coop respectfully requests that this Court, prior to providing preliminary approval of the settlement, require the time periods set forth in the settlement notice for putative class members to object to the settlement and request an exclusion from the settlement be enlarged to no less than 180 days**.

### III.  THE "ALLOCATION PROCEDURES" DO NOT PROVIDE PUTATIVE CLASS MEMDERS WITH THE OPPORTUNITY TO MAKE AN INFORMED DECISION

The "allocation procedures" detailed in Exhibit C do not permit a putative class member to divine its allocation of the settlement sum prior to deciding whether to seek an exclusion. For example, Exhibit C states, in part, "**Allocated Award** = (Adjusted Base Score / Sum of All Adjusted Base Scores) x (Phase One Action Fund)." [Id., p. 94]. Even if a putative class member could calculate its "adjusted base score" prior to deciding whether to seek an exclusion, there is no way to estimate its "allocated award" because the "sum of all adjusted base scores" cannot be calculated until well after the pool of class members has been determined, thereby forcing putatie class members to make a blind decision regarding whether to opt out.

Further, with regard to the proposed settlement with 3M Company, in a letter brief from Proposed Class Counsel dated July 18, 2023, they referred to "PEC's conceptual model" that could purportedly be used to calculate a putative class member's estimated settlement award. [Doc. 3425]. There is no mention of such a model in the DuPont proposed settlement agreement. Does such a model exist for the purposes of this settlement? If such a model exists and putative class members are not fully informed of its existence or denied access to it, this alone raises a substantial question as to the efficacy of the proposed "allocation procedures."  In any event, even regarding the conceptual model referenced in connection with the 3M settlement, no details are provided regarding the putative class members' visibility into this "conceptual model" and/or how it might be made available to all potential claimants during the 60-day class notice period. If such a model exists and putative class members are not fully informed of its existence or denied

access to it, this alone raises a substantial question as to the efficacy of the "allocation procedures."

Accordingly, Roosevelt County Coop respectfully requests that this Court disapprove any proposed settlement that lacks sufficiently clear "allocation procedures" that permit a putative class member to make an informed decision. In other words, any proposed settlement—prior to preliminary Court approval—must have sufficiently transparent and accessible procedures in place that allow each Eligible Claimant to evaluate—prior to the deadline to opt in or opt out—whether the proposed settlement is favorable for that particular claimant.

Dated: July 24, 2023                                        Respectfully submitted,

                                                            */s/ Christopher R. Rodriguez*
                                                            Christopher R. Rodriguez
                                                            SINGLETON SCHREIBER, LLP
                                                            1414 K Street, Suite 470
                                                            Sacramento, CA 95814
                                                            Tel: (916) 256-2312
                                                            Fax: (619) 255-1515
                                                            crodriguez@singletonschreiber.com
                                                            *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Christopher R. Rodriguez, hereby certify that on July 24, 2023, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ Christopher R. Rodriguez*
Christopher R. Rodriguez