

Christian Stegmaier  |  **D:**  803.255.0454  |  **E:**  cstegmaier@collinsandlacy.com

July 25, 2023

**<u>Via CM/ECF</u>**
The Honorable Richard M. Gergel
U.S. District Court for the District of South Carolina
J. Waties Waring Judicial Center
83 Meeting Street
Charleston, South Carolina 29401

      Re:  *In re AFFF Products Liability Litigation*, MDL No. 2:18-mn-2873-RMG (D.S.C.);
             *Tyco Fire Products LP v. AIU Ins. Co., et al.*, No. 2:23-cv-2384-RMG (D.S.C.)

Dear Judge Gergel,

      This firm, along with Alston & Bird LLP (attorneys from which will be shortly filing motions to appear *pro hac vice*), represent the AIG Insurers (AIU Insurance Company, American Home Assurance Company, Insurance Company of the State of Pennsylvania, National Union Fire Insurance Company of Pittsburgh, Pa., and New Hampshire Insurance Company) in this matter. We write in response to today's letter to the Court from Tyco Fire Products LP ("Tyco") (Dkt. No. 3444).

      The Court has not directed the parties to submit a proposed scheduling order in this action. To the contrary, at the last case management conference, the Court stated that a schedule will be entered *after* the Defendants, including the AIG Insurers, have responded to Tyco's Complaint. *See* July 14, 2023 Status Conference Tr. at 47:3-14, ("THE COURT: Okay. So we -- *when we get responses to the filing on the Tyco declaratory judgment action*, I will probably put us on a fairly expedited schedule to address issues in the hope that over the fall and winter we can address and dispose of those issues.") (emphasis added). Hence, as indicated by the Court, now is not the time to discuss a scheduling order.

      Indeed, by agreement of the parties, the deadline for defendants, including the AIG Insurers, to respond to the complaint has been set for August 1, 2023. *See* Ltr. from Alexander S. Lorenzo, Alston & Bird LLP, to Jeffrey W. Moss, Morgan, Lewis & Bockius LLP (July 5, 2023) (attached as **Exhibit A**). As a result, the AIG Insurers have not before today even appeared in this case. Tyco's premature proposed case management order, therefore, is inconsistent with the extension it already granted the AIG Insurers to respond to the Complaint.

      Moreover, as the Court anticipates, the AIG Insurers will by August 1 move to dismiss Tyco's Complaint. That motion will be based, in part, on many of the same jurisdictional and other procedural and jurisprudential bases accepted by Justice Toal in her Order dismissing Tyco's previously filed South Carolina state court action (Order, *Ansul, LLC, et al. v. ACE Am. Ins. Co.,*

*et al.*, No. 2022-CP-40-05289 (S.C. Ct. Com. Pl. Richland Cnty. May 22, 2023). In addition, the AIG Insurers will argue that (1) this Court should under settled law and following countless cases in this Circuit and elsewhere abstain from exercising its discretionary Declaratory Judgment Act jurisdiction in deference to the first-filed and more comprehensive state court coverage litigation between the parties and (2) Tyco has improperly directly filed this suit in the MDL in violation of this Court's and the JPML's own rules and orders.

In any event, once the Court has had the opportunity to decide (or at least review) the AIG Insurers' motion to dismiss or stay (at which time the parties will also likely know if the first-filed Wisconsin action is proceeding, which may weigh on the Court's decision to dismiss or abstain), the AIG Insurers will meet and confer with Tyco's counsel to discuss a proposed scheduling order that meets the needs of this case and direction from the Court.

It is worth noting now, however, that Tyco's Proposed CMO would subject the AIG Insurers to Case Management Order No. 2A's requirement that defendants in a suit in this MDL seek Co-Lead Defense Counsel's permission to file a motion to dismiss, and if denied, seek leave of this Court to file such a motion. The recusal of Tyco's lead counsel (Mr. Petrosinelli) notwithstanding, it is illogical that the AIG Insurers would have to obtain consent from their own adversary in a case or another of their insureds (who are also adversaries as they seek coverage) to file a motion to dismiss Tyco's Complaint.[1] That would place one party at the mercy of its adversary, which is unjust and inconsistent with the Federal Rules of Civil Procedure, which aim to achieve a level playing field to fairly adjudicate contested matters.

Indeed, the AIG Insurers have the right in this MDL to file their motion to dismiss. *See e.g., National Prescription Opiate Litigation*, 956 F.3d 838, 846 (6th Cir. 2020) (Granting a writ of mandamus in similar circumstances where the District Court refused to adjudicate motions to dismiss and holding that "Civil Rule 12(b) states that 'a party *may* assert' the defenses enumerated therein 'by motion,' which means that the district court may *not* refuse to adjudicate motions properly filed under that Rule."); *In re Korean Airlines Co.*, 642 F.3d 685, 700 (9th Cir. 2011) (noting that "when it comes to motions that spell the life or death of a case" such as a motion to dismiss, an MDL court must "articulate and apply the traditional standards governing such motions."); *In re: Paraquat Prods. Liab. Litig.*, Case No. 3:21-md-3004-NJR (S.D. Ill.), ECF No. 491 at 1-3 (rejecting arguments that defendants' motions to dismiss violated the purpose of an MDL and therefore did not warrant a response because an MDL court is bound by the Federal Rules of Civil Procedure and must grant a party the right to file a motion to dismiss). And it would be impossible to preserve the record for appeal to deny the AIG Insurers their right under Rule 12 to seek relief afforded to them by procedures promulgated as part of the Rules Enabling Act. Thus, the AIG Insurers intend to file their motion by August 1, as agreed by Tyco and the AIG Insurers when they agreed to extend the AIG Insurers' time to answer or move.

---

[1] Even accounting for Mr. Petrosinelli's recusal, the other Co-Lead Defense Counsel designated by this Court is counsel for 3M (Michael A. Olsen, Mayer Brown LLP)—another insured of the AIG Insurers that similarly seeks coverage for AFFF-related liability.

The AIG Insurers are available at the Court's convenience should the Court wish to address any of these matters.

Respectfully,

*s/Christian Stegmaier*

Christian Stegmaier (Federal Bar No. 8007)

cc:   Adam Kaiser, Esquire *(via Email)*
      Alexander Lorenzo, Esquire *(via Email)*