# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG<br><br>**JOINT STATUS REPORT FOR October 9, 2020 STATUS CONFERENCE**<br><br>**This Document relates to ALL CASES** |

Pursuant to this Court's Case Management Order No. 2, Co-Lead Counsel for Plaintiffs and Defendants provide this joint status report in advance of the telephonic status conference scheduled for October 9, 2020.

1. **A summary of discovery conducted since the last status conference:**

**Written Discovery and Document Production**

PEC's Initial Master Discovery Summary

On June 13, 2019, the PEC informally served their First Set of Interrogatories and Requests for Production of Documents (collectively "Master Discovery") on nineteen (19) defendants, including the United States, through Defendants' Coordinating Counsel. The Master Discovery was formally served on July 17, 2019. Since that time the PEC and various defendants have met and conferred to resolve numerous issues, chiefly centered around document production (search terms, custodians, non-custodial sources, etc.) and Rule 30(b)(6) deposition issues regarding corporate structure, product identification, and document retention policies.

While the parties had agreed to defer the PEC's claimed deficiencies in numerous interrogatory responses, the PEC has begun the meet and confer process with certain defendants and will continue until adequate responses are provided or the parties are at an impasse that requires judicial intervention.

To date, 2,116,418 documents have been produced by the various Defendants and Third-Parties. Pursuant to CMO 9, the parties are continuing to exchange all third-party documents received.

The PEC's assessment of the responsiveness of Defendants' document productions, including dates of historical documents, gaps in productions, and other production concerns (improper redactions, privilege challenges, etc.) is ongoing. The PEC has already raised some initial issues (e.g., missing images, corrupt files, and additional search terms/custodians) with 3M, and 3M, as set forth below, has addressed these issues. As referenced below, in conjunction with

1

**B.      Timeline & Plan for Development of a Bellwether Process**

Following the discussion from the prior status conference, the PEC and Defense Co-Leads have met and conferred on multiple occasions and have reached the final stages of tentative agreement on an initial bellwether plan to address water provider cases and hope to submit an agreed plan for that initial category prior to the CMC.

The parties have also conferred but have not yet reached agreement as to the next category or categories of cases for the bellwether process. The Defense Co-Leads believe that the individual tort claims make up a substantial majority of the cases in this MDL and should be the next category of cases. The Defense Co-Leads would propose that a draft CMO for this second category of cases be modeled on the parties' tentative agreements as to the water provider cases and will continue to discuss this proposal with the PEC.

The PEC submits that while there should be future bellwether waves for the other categories of cases, rushing into framing them now, which appears to be the DCC's goal, is not the prudent course. Given the massive amounts of work in the overall general case and now the bellwether water provider cases as well as the work needed to advance the dispositive motions that the DCC has sought to get scheduled (see Section C, below) the PEC submits that the parties should meet and confer and develop a measured approach to a bellwether process to identify and designate categories of non-water provider cases that should be the next bellwether waves. The PEC submits that these cases should be cases that will be the most instructive of the overall litigation and shed the most light on larger cross-cutting issues. Moreover, when the time comes to assessing these future waves, the PEC submits that the most prudent and efficient cases to be selected might be various types of class action cases, state/sovereign cases, larger scale property damage cases. Addressing claims for individuals alleging personal injury or property value diminuation claims might not be the most efficient way to manage the overall litigation at this time. The PEC looks forward to engaging in a similar process to develop the most efficient and pragmatic way to determine the next categories of bellwether cases at the appropriate time.

**C.      Protocol & Schedule for Briefing Certain Dispositive Motions**

The DCC tendered to the PEC a proposed CMO to address a schedule for briefing of certain dispositive motions relating to: (1) Government Contractor Defense, (2) United States' Discretionary Immunity Defense, and (3) defenses of federal preemption under CERCLA.

The PEC is considering this proposal and the PEC will provide comments to this proposed draft CMO such that the parties can hopefully be in a position to be able to submit an agreed to case management order and timeline for the November case management conference.

**D.      CMO 12 Compliance**

The parties are reminded of the recent entry of CMO 12. This CMO provides among other things, tolling protections for Plaintiffs as to certain Defendants and in exchange those Defendants should not be named as Defendants in future lawsuits in this MDL. In addition, those Defendants should be dismissed (without prejudice – subject to CMO 12) from existing lawsuits in this MDL.

21

The DCC or its designee will notify any plaintiff counsel who appears in violation of this CMO to rectify the filings. PEC leadership and/or its designee will work with the DCC or its designee to facilitate compliance with plaintiff counsel as may be necessary.

Dated: October 2, 2020
Respectfully submitted,

/s/ *Michael A. London*

Michael A London
Douglas and London PC
59 Maiden Lane
6th Floor
New York, NY 10038
P: (212)-566-7500
F: (212)-566-7501
mlondon@douglasandlondon.com

Paul J. Napoli
Napoli Shkolnik PLLC
1301 Avenue Of The Americas
10th Floor
New York, NY 10019
P: (212)-397-1000
F: (646)-843-7603
pnapoli@napolilaw.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
P: (214)-521-3605
ssummy@baronbudd.com

*Co-lead Counsel for Plaintiffs*

Fred Thompson , III
Motley Rice LLC
28 Bridgeside Boulevard
Mt Pleasant, SC 29464
P: (843)-216-9000
F: (843)-216-9440
fthompson@motleyrice.com

*Liaison Counsel for Plaintiffs*

/s/ *Joseph G. Petrosinelli*

Joseph G. Petrosinelli
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
P: (202) 434-5547
F: (202) 434-5029
jpetrosinelli@wc.com

Michael A. Olsen
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
P: (312) 701-7120
F: (312) 706-8742
molsen@mayerbrown.com

*Co-lead Counsel for Defendants*

Brian Duffy
Duffy & Young LLC
96 Broad Street
Charleston, SC 29401
P: (843) 720-2044
F: (843) 720-2047
bduffy@duffyandyoung.com

David E. Dukes
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
P: (803) 255-9451
F: (803) 256-7500
david.dukes@nelsonmullins.com

*Co-liaison Counsel for Defendants*