UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION           MDL No. 2873

**TRANSFER ORDER**

**Before the Panel**:[*]  Plaintiff moves under Panel Rule 7.1 to vacate our order that conditionally transferred the *State of Illinois* action listed on Schedule A to the District of South Carolina for inclusion in MDL No. 2873. Defendants Chemguard, Inc., Royal Chemical Company, Ltd., Tyco Fire Products LP, and 3M Company oppose this motion.

The State of Illinois brings this action as *parens patriae* to hold defendants liable for contamination of the State's natural resources and groundwater with per- or polyfluoroalkyl substances (PFAS) stemming from the use or disposal of aqueous film-forming foams (AFFFs), which are used to extinguish liquid fuel fires. Unlike the State's putative "non-AFFF" complaint that we considered at our last hearing session, this complaint explicitly pertains to AFFFs. In opposition to transfer, the State argues that transfer of this action would violate the Tenth and Eleventh Amendments to the U.S. Constitution. The State advanced substantially identical arguments in opposition to transfer of its putative "non-AFFF" complaint. *See* Transfer Order at 3–4, MDL No. 2873 (J.P.M.L. Jun. 5, 2023), ECF No. 1927. These arguments are no more convincing with respect to this action. The Panel has transferred several state *parens patriae* actions to the MDL. *See, e.g.*, Transfer Order at 1, MDL No. 2873 (J.P.M.L. Apr. 2, 2019), ECF No. 384 (transferring actions brought the State of New York and the State of Ohio).[1]  With respect to the State's specific concerns regarding the proceedings in the MDL, we note that actions transferred under Section 1407 "ordinarily retain their separate identities." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015). Thus, the transferee court's appointment of leadership counsel to organize the litigation should not affect the Illinois Attorney General's representation of the State and does not constitute a basis to deny transfer of this action to MDL No. 2873. To the extent the State takes issue with the transferee court's organization of the MDL (in particular, the appointment of lead counsel), it may of course raise its concerns with the transferee court.

---

[*] Judge David C. Norton did not participate in the decision of this matter.

[1] *See also, e.g.*, Transfer Order, MDL No. 2873 (J.P.M.L. Jun. 2, 2020), ECF No. 650 (transferring *State of New Mexico*); Transfer Order at 2, MDL No. 2873 (J.P.M.L. Dec. 13, 2022), ECF No. 1646 (transferring *State of Wisconsin*).

- 2 -

Accordingly, after considering the argument of counsel, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2873, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of South Carolina was an appropriate Section 1407 forum for actions in which plaintiffs allege that AFFF products used at airports, military bases, or certain industrial locations caused the release of perfluorooctane sulfonate and/or perfluorooctanoic acid into local groundwater and contaminated drinking water supplies. The actions in the MDL share factual questions concerning the use and storage of AFFFs; the toxicity of PFAS and the effects of these substances on human health; and these substances' chemical properties and propensity to migrate in groundwater supplies. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018). The State's action here will share common questions of fact with the AFFF actions in the MDL and will benefit from inclusion in the centralized proceedings.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Nathaniel M. Gorton | Matthew F. Kennelly |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

**IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION**                                MDL No. 2873

## SCHEDULE A

<u>Northern District of Illinois</u>

PEOPLE OF THE STATE OF ILLINOIS v. 3M COMPANY, ET AL.,
C.A. No. 1:23−02620