# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-02873-RMG <br><br> This Document Relates to <br> *The First Taxing District of the City of Norwalk, Connecticut a/k/a First District Water Department v. 3M Company, et al.* <br> Case No.: 2:23-cv-02268-RMG <br><br> *Electronically Filed* <br><br> **DEFENDANT AAA EMERGENCY SUPPLY CO. INC.'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES** |

Defendant AAA EMERGENCY SUPPLY CO. INC. ("AAA Emergency"), by and through undersigned counsel, hereby responds to the Complaint ("Complaint") filed by Plaintiff, The First Taxing District of the City of Norwalk, Connecticut a/k/a First District Water Department, in *The First Taxing District of the City of Norwalk, Connecticut a/k/a First District Water Department v. 3M Company, et al.*, Case No. 2:23-cv-02268-RMG ("First District Water Dept." or "Plaintiff") and pending in the instant multi-district litigation, subject to further factual development and identification of additional defenses, as follows:

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), AAA Emergency denies each and every allegation set forth in First District Water Dept.'s Complaint, the Complaint as a whole, and each and every cause of action alleged in the Complaint. AAA Emergency demands strict proof of those causes of action by a preponderance of the evidence and/or by clear and convincing evidence as required by law. AAA Emergency also denies that the First District Water Dept. has sufficiently

alleged grounds upon which any relief could be granted; denies that First District Water Dept. has sustained damages in any sums alleged, or any sums at all; and denies that First District Water Dept. is entitled to relief of any type, by reason of any act, breach, or omission on the part of AAA Emergency or anyone acting on its behalf. AAA Emergency reserves its right to assert cross-claims and/or third-party claims.

## AFFIRMATIVE AND OTHER DEFENSES

AAA Emergency asserts the following affirmative defenses in response to the allegations in the Complaint filed in the above-captioned action:

1. Plaintiff fails to state facts sufficient to constitute a claim upon which relief may be granted against AAA Emergency.

2. Plaintiff's claims are barred or limited for lack of standing.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of repose.

5. Plaintiff's Complaint fails to join all necessary and indispensable parties.

6. Plaintiff's claims are barred, in whole or in part, because AAA Emergency is entitled to immunity from suit under the government contractor defense.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

8. Plaintiff's claims are not ripe and/or have been mooted.

9. Plaintiff's claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

10. Plaintiff may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

11. Plaintiff may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

12. Plaintiff may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

13. Plaintiff's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

14. Any injuries and/or damages sustained by Plaintiff may have been caused or contributed to by the negligence or actual conduct of Plaintiff and/or other persons, firms, corporations, or entities over whom AAA Emergency had no control or right of control and for whom AAA Emergency is not responsible.

15. Any injuries and/or damages sustained by Plaintiff are barred by the doctrines of intervening cause and/or superseding cause.

16. Plaintiff's claims are or may be barred, in whole or in part, to the extent that AAA Emergency's products were unforeseeably misused or altered.

17. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

18. Plaintiff's claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

19. Plaintiff's purported exposure to AAA Emergency's products, if any, was too removed, indefinite, de minimus and insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage or loss to Plaintiff.

20. Plaintiff's claims are or may be barred, in whole or in part, because AAA Emergency used proper methods in designing, testing, and manufacturing their products in conformity with (i) federal and state regulations, standards, specification and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

21. Plaintiff's claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

22. Plaintiff's claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by AAA Emergency that are the subject of Plaintiff's claims. AAA Emergency is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

23. Plaintiff's claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiff's claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

24. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

25. Plaintiff's claims are or may be barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

26. Plaintiff's claims are or may be barred, in whole or in part, because Plaintiff lacks privity with AAA Emergency.

27. Plaintiff's warranty claims, if any, are or may be barred, in whole or in part, because Plaintiff did not provide AAA Emergency reasonable notice of any alleged breach.

28. Plaintiff's warranty claims, if any, are or may be barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

29. Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than AAA Emergency, and in the event that AAA Emergency is found to be liable to Plaintiff, AAA Emergency will be entitled to indemnification, contribution, and/or apportionment.

30. AAA Emergency asserts its rights to allocation or apportionment of fault pursuant to applicable state law, as well as their rights to a proportionate reduction of any damages found against AAA Emergency based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

31. Plaintiff's claims against AAA Emergency are barred or limited by the economic loss rule.

32. Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

33. Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

34. Plaintiff have alleged an injury that, as a matter of law, does not support a recovery in tort.

35. To the extent that Plaintiff have split their claims, Plaintiff's claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

36. Plaintiff's claims are barred, in whole or in part, because AAA Emergency did not owe a legal duty to Plaintiff or, if they owed such a duty, did not breach and/or fully discharged that duty.

37. Plaintiff's claims are barred, in whole or in part, because, at all relevant times, AAA Emergency exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

38. Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of AAA Emergency proximately caused the purported injuries and damages allegedly sustained by Plaintiff.

39. Plaintiff's claims are barred, in whole or in part, because to the extent AAA Emergency owed any cognizable duty to warn, AAA Emergency adequately discharged any such duty.

40. Plaintiff's claim for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

41. The relief that Plaintiff seek, in whole or in part, violates AAA Emergency's due process rights.

42. AAA Emergency denies any negligence, culpable conduct, or liability on their part but, if AAA Emergency ultimately is found liable for any portion of Plaintiff's alleged damages, AAA Emergency shall only be liable for its equitable share of Plaintiff's alleged damages.

43. AAA Emergency denies any liability, but in the event AAA Emergency is found to have any liability to Plaintiff, AAA Emergency is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaint.

44. AAA Emergency cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of AAA Emergency.

45. Plaintiff's claims are barred, in whole or in part, for failing to link any of their alleged exposure to any product(s) sold by AAA Emergency.

46. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish that their alleged injuries were caused by exposure to PFOA from any product(s) attributable to AAA Emergency.

47. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that PFOA has been reliably established, through scientific means, to be capable of causing their alleged injuries.

48. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that they were exposed to a sufficient concentration or amount of PFOA, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing their alleged injuries.

49. Plaintiff's claims are barred, in whole or in part, because AAA Emergency acted reasonably and in good faith.

50. Plaintiff's damages, if any, were caused or contributed to by third parties over whom AAA Emergency has no control and no legal duty to control.

51. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seek to retroactively impose liability for conduct that was not actionable at the time it occurred, and AAA Emergency may not be held liable under retroactive theories not requiring proof of fault or causation.

52. Any damages Plaintiff may have suffered were not reasonably foreseeable by AAA Emergency at the time of the conduct alleged.

53. Plaintiff's claims are barred, in whole or in part, because AAA Emergency neither knew, nor should have known, that any of the substances to which Plaintiff were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to AAA Emergency at all times relevant to the claims or causes of action asserted by Plaintiff.

54. AAA Emergency is entitled to all the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiff's claims for compensatory and punitive damages.

55. Plaintiff's claims fail to state a claim upon which punitive or exemplary damages may be awarded.

56. AAA Emergency did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

57. Plaintiff have failed to adequately plead and/or allege that AAA Emergency acted with the requisite state of mind to warrant an award of punitive damages.

58. AAA Emergency has complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the Complaint, and, therefore, to the extent that consideration is given to Plaintiff's claims, punitive damages are unwarranted in law and fact.

59. Punitive damages are not available because all conduct and activities of AAA Emergency related to matters alleged in the Complaint conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

60. Punitive damages are not available because AAA Emergency neither knew nor should have known that the substances to which Plaintiff were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm, and AAA Emergency therefore lacked notice that its conduct was unlawful or subject to punishment and an award of punitive damages would violate AAA Emergency's constitutional right to due process.

61. Plaintiff's claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the Unites States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and other applicable provisions of the Constitution of any other state whose laws may apply.

62. Plaintiff's claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which AAA Emergency, cannot be held responsible.

63. Some or all of the claims asserted by Plaintiff may be governed by arbitration clauses and may be subject to arbitration.

64. AAA Emergency reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

65. The Court lacks personal jurisdiction over AAA Emergency.

66. The Court lacks subject matter jurisdiction.

67. AAA Emergency is not liable and should be dismissed on the basis of the innocent seller doctrine and defense.

68. AAA Emergency adopts by reference any additional applicable defenses pleaded by any other Defendant not otherwise pleaded herein.

AAA Emergency does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All the preceding defenses are pled in the alternative and do not constitute an admission that AAA Emergency is liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any

relief whatsoever. AAA Emergency reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

                                    **CONNELL FOLEY LLP**

                                    By: */s/Timothy E. Corriston*
                                        Timothy E. Corriston, Esq.
                                        56 Livingston Avenue
                                        Roseland, NJ  07068
                                        Tel.: (973) 535-0500
                                        Fax: (973) 535-9217
                                        tcorriston@connellfoley.com
                                        *Attorneys for Defendant,*
Dated: August 7, 2023                   *AAA Emergency Supply Co. Inc.*

9033714-1

11