IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | ) ) ) ) ) ) ) ) ) ) ) MDL No. 2:18-mn-2873-RMG <br><br> **This Document Relates to:** <br><br> *City of Camden, et al. v. 3M Company* <br> No. 2:23-cv-03147-RMG |

**RESPONSE IN SUPPORT OF SOVEREIGNS' MOTION TO INTERVENE**

On July 26, 2023, Arizona, California, Colorado, Connecticut, Hawaii, Maine, Maryland, Massachusetts, Minnesota, New Hampshire, New Jersey, New Mexico, New York, Ohio, Pennsylvania, Rhode Island, Tennessee, Texas, Vermont, Wisconsin, the District of Columbia, Puerto Rico, and the Commonwealth of the Northern Mariana Islands (collectively, the "Sovereigns") moved to intervene in this action. (Dkt. No. 3460.) They simultaneously filed a response (Dkt. No. 3462) in opposition to certain Plaintiffs' Motion for Preliminary Approval of Class Settlement, for Certification of Settlement Class and for Permission to Disseminate Class Notice (Dkt. No. 3370).

Plaintiffs City of Airway Heights, City of DuPont, City of Moses Lake, City of Newburgh, Lakewood Water District, Roosevelt County Water Coop, Inc., Security Water District, and Town of New Windsor (collectively, "Undersigned Plaintiffs") file this response in support of the Sovereigns' motion to intervene.[1] The proposed 3M settlement agreement implicates significant

---

[1] As required by CMO 3 (Dkt. No. 72 at ¶ 10), Undersigned Plaintiffs sent this filing to Plaintiffs' Co-Lead Counsel before filing, on August 7, 2023. Although the original deadline to file this response was August 2, the Court ordered that "[t]he time to Respond to the Motion to Intervene . . . and Reply to the Opposition Filings . . . is extended to August 9, 2023." Dkt. No. 3502.

1

protectable interests of the Sovereigns, which in turn affect Undersigned Plaintiffs and other water providers across the country. Undersigned Plaintiffs therefore respectfully submit that the Sovereigns should be permitted to intervene as of right.

## ARGUMENT

A movant is entitled to intervention as of right if the movant timely demonstrates: "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir. 1991); *see also* Fed. R. Civ. P. 24(a). For all reasons the Sovereigns explained in support of the motion to intervene (Dkt. No. 3460-1), they are entitled to intervene as of right. Undersigned Plaintiffs write separately to stress that the proposed settlement's indemnity provision alone creates "significantly protectable interest[s]" of the Sovereigns in this action, which in turn affect water providers nationwide. *Teague*, 931 F.2d at 261 (internal quotation marks omitted).

As the Sovereigns have explained, one such interest is in ensuring that 3M—rather than the Sovereigns' citizens and subdivisions—shoulders all liabilities stemming from PFAS contamination caused by 3M's negligence, including ratepayers' personal injury claims and Sovereign-exclusive claims such as natural resource damages. *See* Dkt. No. 3460-1 at 30–35. As written, the indemnity provision of the proposed settlement agreement infringes on this interest. The provision commits class members to indemnifying 3M for "any future or further exposure or payment arising out of, related to, or involving the Released Claims, including any litigation, Claim, or settlement which may hereafter be instituted, presented, or continued by or on behalf of the Releasing Parties, or by any person seeking contribution, indemnity, or subrogation in connection with such Released Claims . . . ." Dkt. No. 3370-3 at 41, Ex. 2, SA 11.6.3. In other

2

words, the proposed settlement agreement empowers 3M to require class members to satisfy any future adverse judgment against 3M that is in any way "related to" the released drinking water claims. As a result, faultless water providers like Undersigned Plaintiffs could be forced to shoulder 3M's future liabilities for, *inter alia*, (1) any personal injury, medical monitoring, or wrongful death claims brought by ratepayers arising from drinking PFAS-contaminated water, and (2) the Sovereigns' claims for PFAS contamination of groundwater, surface water, soil, and other natural resources. 3M's liabilities in these two categories, not to mention untold other liabilities "related to" the released claims, could easily dwarf the settlement amount. And the indemnification requirement could frustrate present and future collaboration between the Sovereigns and their constituent water providers, including the States of Colorado, Washington, New Mexico, New York, and Undersigned Plaintiffs,[2] to recover damages caused by 3M's negligence.

There would be little to no point in the Sovereigns' litigation against 3M if any resulting judgments in the Sovereigns' favor would be satisfied in whole or in part by the very water providers for which the Sovereigns are seeking to recover damages. The indemnity compounds a concern already raised by the Sovereigns regarding the ambiguous definition of "Releasing Parties," which does not exclude with sufficient clarity Sovereigns and other entities not within class members' control. *See* Dkt. No. 3370-3 at 10, Ex. 2, SA 2.60. The Sovereigns' interest in ensuring 3M's full accountability for its negligence would be impaired and inadequately represented unless they are allowed to intervene.

---

[2] *See State of Colorado ex rel. Weiser v. E. I. du Pont de Nemours & Co.*, 2:22-cv-01195-RMG (D.S.C.); Compl., *State of New Mexico ex rel. Torrez v. 3M Co.*, No. D-101-CV-2023-01158 (1st Jud. Dist. Ct. Cnty. of Santa Fe May 26, 2023); *State of New York v. 3M Co.*, No. 19-cv-01022-RMG (D.S.C.); *State of New York v. 3M Co.*, No. 19-cv-02123-RMG (D.S.C.); *State of New York v. 3M Co.*, No. 19-cv-02607-RMG (D.S.C.); *State of New York v. 3M Co.*, No. 20-cv-00048-RMG (D.S.C.); *State of Washington v. 3M Co.*, No. 2:23-cv-03262-RMG (D.S.C.).

In addition, Undersigned Plaintiffs submit that the Sovereigns have a significant interest in ensuring that the settlement agreement, given the indemnity provision, does not violate state or territorial law. Nearly every state and territory restricts its subdivisions from incurring debt. *See, e.g.*, Colo. Const. art. XI, §§ 1, 2, 6; N.M. Const. art. IV, §§ 26, 31; N.M. Stat. Ann. § 6-6-11; N.Y. Const. art. VIII §§ 4, 10; N.Y. Local Fin. Law § 104.00; Wash. Const. art. VIII, § 6; RCW 39.36.020; *see also* Dkt. No. 3462 at 16 (listing additional state prohibitions). An indemnity constitutes a debt. *See* 15 MCQUILLIN ON MUNICIPAL CORPORATIONS § 41:18 (3d ed.) ("The indebtedness of a municipality, like that of an individual, has been said to be what it owes *and can be called upon to pay*[.]" (emphasis supplied)). Contracts that violate these municipal debt restrictions are illegal and void. *See Patterson v. City of Edmonds*, 72 Wash. 88, 91, 129 P. 895, 897 (1913) ("This clause of the Constitution would seemingly render void any and all indebtedness incurred for any purpose which exceeded the limitations therein prescribed."); *Tex. & New Orleans R.R. Co. v. Galveston Cnty.*, 169 S.W.2d 713 (Tex. Comm'n App. 1943) (contract provision requiring county to indemnify counterparties for tort claims held to be void because it violated Texas' constitutional limit on municipal assumption of debt). The Sovereigns are best positioned to interpret their own laws and solely authorized to enforce and uphold certain of those laws; without their intervention, their interest—and those of their constituent cities and other water providers—in forestalling violations of State and territorial constitutional and statutory limits on municipal debts would be both substantially impaired and inadequately represented.

In sum, the unlimited and illegal indemnity provision of the proposed settlement implicates the Sovereigns' interests in, among other things, (1) ensuring that 3M pays the damages caused by its negligence and does not shift its future liabilities to the Sovereigns' citizens and municipalities; and (2) ensuring enforcement of the Sovereigns' laws restricting municipal debts. These and all

other interests identified by the Sovereigns are significant on their face, and certainly within the context of Rule 24(a), and would be impaired and inadequately represented absent the Sovereigns' intervention. Undersigned Plaintiffs therefore respectfully submit that the Sovereigns should be allowed to intervene as of right and press their objections to preliminary approval.

## CONCLUSION

For the foregoing reasons and those set forth in the motion itself, the Court should grant the Sovereigns' motion to intervene (Dkt. No. 3460).

Dated: August 8, 2023.

Respectfully submitted:

/s/ Jeff B. Kray
/s/ Jessica K. Ferrell
Jeff B. Kray, WSBA No. 22174
Jessica K. Ferrell, WSBA No. 36917
Marten Law, LLP
1191 Second Ave, Suite 2200
Seattle, WA 98101
Phone: (206) 292-2600
Fax: (206) 292-2601
jkray@martenlaw.com
jferrell@martenlaw.com

*Attorneys for City of Airway Heights, City of DuPont, City of Moses Lake, and Lakewood Water District*

/s/ Alan Knauf
/s/ Amy K. Kendall
Alan Knauf
Amy K. Kendall
Knauf Shaw LLP
2600 Innovation Square
100 South Clinton Avenue
Rochester, New York 14604
aknauf@nyenvlaw.com
akendall@nyenvlaw.com

*Attorneys for City of Newburgh*

/s/ *Christopher R. Rodriguez*
Christopher R. Rodriguez
Singleton Schreiber, LLP
1414 K Street, Suite 470
Sacramento, CA 95814
Phone: (916) 256-2312
Fax: (619) 255-1515
crodriguez@singletonschreiber.com

*Attorney for Roosevelt County Water Coop, Inc.*

/s/ *Scott A. Clark*
Scott A. Clark
Burns, Figa & Will, P.C.
6400 S. Fiddlers' Green Circle, Suite 1000
Greenwood Village, CO 80111
Phone: (303) 796-2626
Fax: (303) 796-2777
sclark@bfwlaw.com

*Attorney for Security Water District*

/s/ *Kimberlea Shaw Rea*
Kimberlea Shaw Rea
Westervelt & Rea LLP
50 North Ferry Road
Shelter Island, NY 11964
Phone: (631) 749-0200
kimberlearea@gmail.com

*Attorney for Town of New Windsor*

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed with this Court's CM/ECF system and was thus served electronically upon all registered counsel of record.

Dated: August 8, 2023.

*/s/ Jeff B. Kray*
*/s/ Jessica K. Ferrell*
Jeff B. Kray, WSBA No. 22174
Jessica K. Ferrell, WSBA No. 36917
1191 Second Ave, Suite 2200
Seattle, WA 98101
Phone: (206) 292-2600
Fax: (206) 292-2601
jkray@martenlaw.com
jferrell@martenlaw.com

*Attorneys for City of Airway Heights, City of DuPont, City of Moses Lake, and Lakewood Water District*
