IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> **This Document Relates to:** <br><br> *City of Camden, et al. v. 3M Company* <br> No. 2:23-cv-03147-RMG |

**JOINDER TO SOVEREIGNS' OMNIBUS OPPOSITION TO MOTION FOR PRELIMINARY APPROVAL, CERTIFICATION OF SETTLEMENT CLASS, AND PERMISSION TO DISSEMINATE CLASS NOTICE**

Plaintiffs City of Airway Heights, City of DuPont, City of Moses Lake, City of Newburgh, Lakewood Water District, Roosevelt County Water Coop, Inc., Security Water District, and Town of New Windsor ("Undersigned Plaintiffs") join in the Sovereigns' Omnibus Opposition to the Motion for Preliminary Approval of Class Settlement, for Certification of Settlement Class and for Permission to Disseminate Class Notice (Dkt. No. 3462).[1]

Undersigned Plaintiffs are municipal and quasi-municipal water providers located in the States of Colorado, New Mexico, New York, and Washington that are putative class members in the proposed 3M settlement agreement. As explained in the Sovereigns' brief opposing preliminary approval, the settlement agreement contains several clear flaws, including:

1.  The indemnity provision is illegal. It purports to commit class members to indemnifying 3M for "any future or further exposure or payment arising out of, related to, or involving the Released Claims, including any litigation, Claim, or settlement which may hereafter

---

[1] As required by CMO 3 (Dkt. No. 72 at ¶ 10), Undersigned Plaintiffs sent this filing to Plaintiffs' Co-Lead Counsel before filing, on August 7, 2023.

1

be instituted, presented, or continued by or on behalf of the Releasing Parties, or by any person seeking contribution, indemnity, or subrogation in connection with such Released Claims . . . ." Dkt. No. 3370-3 at 41, Ex. 2, SA 11.6.3. Nearly every state and territory restricts its subdivisions from incurring debt, however. *See, e.g.*, Colo. Const. art. XI, §§ 1, 2, 6; N.M. Const. art. IV, §§ 26, 31; N.M. Stat. Ann. § 6-6-11; N.Y. Const. art. VIII §§ 4, 10; N.Y. Local Fin. Law § 104.00; Wash. Const. art. VIII, § 6; RCW 39.36.020; *see also* Dkt. No. 3462 at 16 (listing additional state prohibitions). An indemnity constitutes a debt. *See* 15 MCQUILLIN ON MUNICIPAL CORPORATIONS § 41:18 (3d ed.) ("The indebtedness of a municipality, like that of an individual, has been said to be what it owes and can be called upon to pay[.]"). Contracts that violate these municipal debt restrictions are illegal and void. *See Patterson v. City of Edmonds*, 72 Wash. 88, 91, 129 P. 895, 897 (1913) ("This clause of the Constitution would seemingly render void any and all indebtedness incurred for any purpose which exceeded the limitations therein prescribed."); *Tex. & New Orleans R.R. Co. v. Galveston Cnty.*, 169 S.W.2d 713 (Tex. Comm'n App. 1943) (contract provision requiring county to indemnify counterparties for tort claims held to be void because it violated Texas' constitutional limit on municipal assumption of debt).

2. The proposed settlement agreement establishes an unduly protracted payment schedule extending past 2035, which shifts 3M's insolvency risk onto class members.

3. The settlement amount of $10.5 to 12.5 billion—which could be significantly smaller once the City of Stuart's and the City of Rome's undisclosed shares (and additional amounts for, among other things, attorneys' fees) are deducted—is inadequate to compensate the harm caused by 3M's PFAS contamination. Proposed class counsel have not even provided the requisite information to justify the adequacy of the award. *See, e.g.*, *Hall v. Higher One Machines, Inc.*, No. 5-15-CV-670-F, 2016 WL 5416582, at *6 (E.D.N.C. Sept. 26, 2016) (denying

preliminary approval in part because "joint memorandum lack[ed] any meaningful discussion of the parties' respective positions as to how the relief secured by the proposed settlement compares to the putative class members' likely recovery if the case goes to trial"); *Graham v. Famous Dave's of Am., Inc.*, No. CV DKC 19-0486, 2022 WL 1081948, at *4 (D. Md. Apr. 11, 2022) (denying preliminary approval where "[p]laintiff ha[d] not provided enough information to assess the reasonableness and adequacy of the Agreement" and in particular had "not specified how much he estimates that Settlement Class Members are owed in total unpaid wages"); *In re Microsoft Corp. Antitrust Litig.*, 185 F. Supp. 2d 519, 526 (D. Md. 2002) (denying preliminary approval in part because judge was "not satisfied that the record has been sufficiently developed on various damages issues for me to assess reasonably the value of the class claims").

4. The Notice Plan is inadequate because it provides insufficient time for class members to evaluate the settlement agreement, calculate a potential settlement award, and decide whether to object or opt out. *See* 4 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 13:29 (6th ed.) ("The length of the time period between distribution of the settlement notice and the settlement objection deadline is not set in stone, but it must be such as to give class members a fair opportunity to review and respond to the settlement's terms."). As Undersigned Plaintiffs and others have explained, sixty days is not enough for the analysis necessary to make this significant decision to occur. *See* Dkt. Nos. 3414, 3462, 3466. For example, it seems implausible that proposed class counsel will be able run up to 6,200 Phase One class members' data through their model to estimate individual payouts in just two months.

5. The scope of release is overbroad or at least ambiguous. The definition of "Releasing Party" includes "anyone acting on behalf of or in concert with a Class Member or its Public Water System (excluding states) to prevent PFAS from entering a Class Member's Public

Water System or to seek recovery for alleged harm to the Class Member's Public Water System (including recovery of any funds that have already been expended to remove PFAS from the Class Member's Public Water System, none of which shall implicate the rights of any state or the federal government) . . . ." Dkt. No. 3370-3 at 10, Ex. 2, SA 2.60. The phrase "excluding states," given its placement in the sentence and its inclusion within a parenthetical, and the vague word "implicate" create an ambiguity regarding whether Sovereigns can be Releasing Parties. A related ambiguity exists in the claims forms, which require each claimant to certify that the "Settlement Class Member has consulted with any other entity that has incurred costs in connection with efforts to removed [sic] PFAS from, or prevent PFAS from entering, Settlement Class Member's Public Water System, and that Settlement Class Member's claim is on behalf of any such other entity." Dkt. No. 3370-3 at 61, Ex. 2, Phase One Action Fund Claims Form. One possible reading of this language is that a class member must release or absorb even the claims of entities that are not within the class member's control—for instance, states, territories, military bases, and other non-class entities that have provided alternative water supplies, treated the contaminated water, or taken other mitigation measures.

Because of these and other defects in the proposed 3M settlement agreement, Undersigned Plaintiffs join in the Sovereigns' Omnibus Opposition. Respectfully, the Court should deny preliminary approval.

Dated: August 8, 2023.

Respectfully submitted:

/s/ Jeff B. Kray
/s/ Jessica K. Ferrell
Jeff B. Kray, WSBA No. 22174
Jessica K. Ferrell, WSBA No. 36917
Marten Law, LLP
1191 Second Ave, Suite 2200

Seattle, WA 98101
Phone: (206) 292-2600
Fax: (206) 292-2601
jkray@martenlaw.com
jferrell@martenlaw.com

*Attorneys for City of Airway Heights, City of DuPont, City of Moses Lake, and Lakewood Water District*

/s/ *Alan Knauf*
/s/ *Amy K. Kendall*
Alan Knauf
Amy K. Kendall
Knauf Shaw LLP
2600 Innovation Square
100 South Clinton Avenue
Rochester, New York 14604
aknauf@nyenvlaw.com
akendall@nyenvlaw.com

*Attorneys for City of Newburgh*

/s/ *Christopher R. Rodriguez*
Christopher R. Rodriguez
Singleton Schreiber, LLP
1414 K Street, Suite 470
Sacramento, CA 95814
Phone: (916) 256-2312
Fax: (619) 255-1515
crodriguez@singletonschreiber.com

*Attorney for Roosevelt County Water Coop, Inc.*

/s/ *Scott A. Clark*
Scott A. Clark
Burns, Figa & Will, P.C.
6400 S. Fiddlers' Green Circle, Suite 1000
Greenwood Village, CO 80111
Phone: (303) 796-2626
Fax: (303) 796-2777
sclark@bfwlaw.com

*Attorney for Security Water District*

/s/ *Kimberlea Shaw Rea*
Kimberlea Shaw Rea
Westervelt & Rea LLP
50 North Ferry Road
Shelter Island, NY 11964
(631) 749-0200
(914) 255-4708

*Attorney for Town of New Windsor*

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed with this Court's CM/ECF system and was thus served electronically upon all registered counsel of record.

Dated: August 8, 2023.

*/s/ Jeff B. Kray*
*/s/ Jessica K. Ferrell*
Jeff B. Kray, WSBA No. 22174
Jessica K. Ferrell, WSBA No. 36917
1191 Second Ave, Suite 2200
Seattle, WA 98101
Phone: (206) 292-2600
Fax: (206) 292-2601
jkray@martenlaw.com
jferrell@martenlaw.com

*Attorneys for City of Airway Heights, City of DuPont, City of Moses Lake, and Lakewood Water District*