**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION MDL 2873 | MDL No. 2:18-mn-2873-RMG<br><br>**GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES OF DEFENDANT FIRE-TROL HOLDINGS, LLC**<br><br>This Document Relates To ALL CASES |

Defendant Fire-Trol Holdings, LLC ("Fire-Trol"), by and through its undersigned counsel, hereby responds to the Complaints filed by all Plaintiffs and pending in the MDL ("Plaintiffs") as follows:

**GENERAL DENIAL**

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant denies generally and specifically each and every allegation set forth in Plaintiffs' Complaints, and the whole thereof, and each and every alleged cause of action therein, and Defendant demands strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Defendant further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. Defendant further denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or omission on the part of Defendant or anyone acting on its behalf. Defendant reserves its rights to assert cross-claims and/or third-party claims, and does not waive its ability to answer or otherwise respond separately and fully to each Complaint in accordance with the Federal Rules of Civil Procedure and any scheduling order to be entered by the Court.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses in response to the averments in each of Plaintiffs' Complaints filed in the above-captioned actions:

1. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Defendant.

2. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks personal jurisdiction over Defendant, and the Complaint should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3. Plaintiffs' claims are barred or limited for lack of standing.

4. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

5. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

6. The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

7. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Defendant is entitled to immunity from suit under the government contractor defense. *See Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

8. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

9. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiffs are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae*.

10. Plaintiffs' claims are not ripe and/or have been mooted.

11. Plaintiffs' claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

12. Plaintiffs may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

13. Plaintiffs may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

14. Plaintiffs may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

15. Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

16. Plaintiffs' claims are barred in whole or in part by the "learned intermediary" doctrine.

17. Any injuries and/or damages sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Defendant had no control or right of control and for whom Defendant is not responsible.

18. Any injuries and/or damages sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

19. Plaintiffs' claims are or may be barred because they did not use Defendants' products.

20. Plaintiffs' claims are or may be barred, in whole or in part, to the extent that Defendant's products were unforeseeably misused or altered.

21. Plaintiffs' claims are or may be barred, in whole or in part, because Plaintiffs or other third parties failed to follow product directions, specifications, material safety data sheets, and/or labeling requirements.

22. Plaintiffs' claims are or may be barred, in whole or in part, because Plaintiffs or other third parties improperly or illegally disposed of Defendants' products.

23. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

24. Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

25. Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, last clear chance, and open and obvious risk.

26. Plaintiffs' claims are or may be barred, in whole or in part, because Defendant used proper methods in designing, testing, and manufacturing its products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

27. Plaintiffs' claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

28. Plaintiffs' claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Defendant that are the subject of Plaintiffs' claims. Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

29. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

30. Plaintiffs' claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated

and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

31.     Plaintiffs' claims are or may be barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

32.     Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, because Plaintiffs did not provide Defendant reasonable notice of any alleged breach.

33.     Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

34.     Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendant, and in the event that Defendant is found to be liable to Plaintiffs, Defendant will be entitled to indemnification, contribution, and/or apportionment.

35.     Defendant asserts its rights to allocation or apportionment of fault pursuant to applicable state law, as well as its rights to a proportionate reduction of any damages found against Defendant based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

36.     Any claims based on market share theories of liability fail and should be dismissed to the extent that market share liability is not available under the applicable law and/or because Defendant's products and sales do not qualify for market share liability.

37.     Plaintiffs' claims against Defendant are barred or limited by the economic loss rule.

38.     Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

39. Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

40. Plaintiffs' claims may be barred by the firefighter/fireman's rule.

41. Plaintiffs' claims may be barred by the public duty doctrine.

42. Plaintiffs' claims may be barred by the municipal cost recovery rule or the free public services doctrine.

43. Plaintiffs' claims are or may be barred for lack of proximate causation between any alleged act or omission of Defendant and the claims, damages, and harm alleged in the Plaintiffs' Complaints.

44. Plaintiffs' claims for trespass or nuisance are or may be barred in whole or in part because any alleged trespass or nuisance was unintentional, unforeseen, a necessity, and/or de minimis and therefore non-compensable.

45. Plaintiffs' claims are or may be barred in whole or in part because there was not an alternative feasible design for the products at issue.

46. Plaintiffs' claims are or may be barred in whole or in part due to a lack of privity between the Plaintiffs and Defendant.

47. Plaintiffs' claims for alleged injuries and damages are barred, in whole or in part, because the claims are speculative, uncertain, and conjectural.

48. Plaintiffs' claims for punitive or exemplary damages are or may be barred or limited to the extent they violate Defendant's due process rights and applicable state law.

49. Defendant reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

50. Defendant adopts by reference any additional applicable defense pleaded by any other Defendant not otherwise pleaded herein.

51. Defendant adopts by reference any additional applicable defense asserted by Defendant prior to transfer in any case transferred to this MDL.

Defendant does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitutes an admission that Defendant is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Defendant reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

Dated: August 9, 2023

Respectfully submitted,

*/s/ Matthew D. Thurlow*

MATTHEW D. THURLOW (DC Bar No. 1008014)
RENEE M. KNUDSEN (DC Bar No. 1615689)
BAKER & HOSTETLER LLP
1050 Connecticut Ave. NW, Suite 1100
Washington, DC 20036-5403
Email: mthurlow@bakerlaw.com
Telephone: (202) 861-1681
Facsimile: (202) 861-1783

*Counsel for Defendant Fire-Trol Holdings, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 9, 2023, I filed the foregoing with the CM/ECF system, which will send a true and correct copy of the foregoing via email to all counsel of record.

Dated: August 9, 2023

*/s/ Matthew D. Thurlow*
MATTHEW D. THURLOW (DC Bar No. 1008014)
BAKER & HOSTETLER LLP
1050 Connecticut Ave. NW, Suite 1100
Washington, DC 20036-5403
Email: mthurlow@bakerlaw.com
Telephone: (202) 861-1681
Facsimile: (202) 861-1783

*Counsel for Defendant Fire-Trol Holdings, LLC*