# COVINGTON

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

**Allan B. Moore**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5575
abmoore@cov.com

_Via CM/ECF_                                                                    August 14, 2023

The Honorable Richard M. Gergel
United States District Court
  for the District of South Carolina
J. Waties Waring Judicial Center
83 Meeting Street
Charleston, South Carolina  29401

Re:     _**In re AFFF Products Liability Litigation**_**, MDL No. 2:18-mn-02873 (D.S.C.);**
        _**Tyco Fire Products LP v. AIU Ins. Co., et al.**_**, No. 2:23-cv-02384 (D.S.C.)**

Dear Judge Gergel:

        We write on behalf of Tyco Fire Products LP ("Tyco") to advise the Court that Tyco is today filing an Omnibus Response in Opposition to the motions to dismiss recently filed by the Insurer Defendants in this insurance coverage action, as well as an Amended Complaint (redlined courtesy copy attached), pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.[1]  Tyco wishes to apprise the Court of the reasons why it has filed its Amended Complaint and why it believes this pleading will help to expedite, not delay, resolution of this matter or any motions to dismiss.

        Tyco submits that its Amended Complaint (a) does _not_ eliminate the Court's ability to consider the Insurer Defendants' pending motions to dismiss (ECF Nos. 3497, 3500, 3495, 3505), all of which we believe should be denied, when briefing thereon is completed later this month, for the reasons set forth in our Omnibus Response, and (b) underscores the invalidity of the Insurer Defendants' pending motions.

        As shown by the redlined copy of the Amended Complaint attached hereto, Tyco's amendments are modest.  _First_, Tyco has added a breach of contract and damages count against certain AIG Defendants, who are Tyco's primary and umbrella insurers in most of the policy years at issue.  _Second_, Tyco has added certain additional insurer defendants and policies, whose policy obligations and limits also may be implicated by the AFFF claims at issue.

---

[1] _See_ Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within[,] . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

**COVINGTON**

The Honorable Richard M. Gergel
August 14, 2023
Page 2

Tyco informed the Insurer Defendants named in its Original Complaint of these forthcoming amendments before those Insurers filed their motions to dismiss, and yet they filed their motions anyway.  And because all of the arguments that their motions collectively make would (if valid) equally apply to the Amended Complaint as to the Original Complaint, there is no reason for the Court *not* to consider their pending motions to be directed to the Amended Complaint.  Indeed, because the Insurer Defendants named in the Original Complaint have a right of reply, they can address Tyco's amendments directly, if and as they deem relevant to their asserted grounds for dismissal, in their forthcoming replies.[2]

Under these circumstances, as a matter of law, the Amended Complaint does *not* require that the pending motions to dismiss be denied as moot.  *See, e.g., Truauto, LLC v. Textron Specialized Vehicles, Inc.*, No. 2:19-CV-1381-RMG, 2019 WL 7811290, at *1 (D.S.C. Sept. 27, 2019) ("[I]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed.)); *see also Dolgaleva v. Virginia Beach City Pub. Sch.*, 364 F. App'x 820, 824–25 (4th Cir. 2010) (holding an amended complaint to be the proper pleading to consider on appeal, even where it was filed after briefing of the motion to dismiss and the district court only impliedly exercised its discretion to apply the motion to the proposed amended complaint) (citing 6 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed.)); *Connelly v. Maryland Dep't of Hum. Servs.*, No. CV JKB-21-1068, 2021 WL 6000076, at *9 (D. Md. Dec. 20, 2021) (granting in part and denying in part defendant's original motion to dismiss as applied to subsequently-filed, proposed amended complaint); *Wilson v. TelAgility Corp.*, No. CV GLR-17-1236, 2019 WL 2410963, at *6 (D. Md. June 7, 2019) ("[B]ecause the First Amended Complaint simply adds two new causes of action—it does not amend the claims in the Original Complaint—the Court construes [Defendant's] Motion as applying to the First Amended Complaint.").

Further, under governing law, Tyco's amendments make the Insurer Defendants' pending arguments for a dismissal or stay of this action even weaker than they were under Tyco's Original Complaint.  The addition of Tyco's breach count against certain AIG Defendants means, as a matter of law, that this action does not solely invoke this Court's discretionary jurisdiction to grant declaratory relief, as a pure declaratory judgment action would.  Rather, as explained in Tyco's Omnibus Response, Tyco also is seeking money damages at law and what federal case law regards as "coercive" (and not purely declaratory) relief, which requires application of the *Colorado River* test, a more stringent test for declining to exercise federal jurisdiction than the so-called *Brillhart-Wilton* test upon which Insurer Defendants principally

---

[2]  The Insurer Defendants' pending motions raise five grounds for a dismissal or stay of this action: (1) that this case was improperly filed on the MDL docket; (2) that the Court should exercise its discretion to decline jurisdiction under the *Brillhart-Wilton* and *Colorado River* abstention doctrines; (3) that the Court lacks personal jurisdiction; (4) that Tyco lacks the capacity to sue them in South Carolina under the State's "Door-Closing Statute"; and (5) that the Court should dismiss or stay the case under the doctrine of *forum non conveniens*.  *See* ECF Nos. 3497, 3500, 3495, 3505.  By their terms, these objections have force or not, irrespective of Tyco's amendments, and no purpose would be served by the Court delaying consideration of them or the refiling of the insurers' motions.

**COVINGTON**

The Honorable Richard M. Gergel
August 14, 2023
Page 3

rely.[3]  Similarly, as Tyco's Omnibus Response also explains, Tyco's inclusion of additional insurers in its Amended Complaint makes this case more complete and more comprehensive, which is also a relevant consideration for courts facing abstention requests.

To be sure, if the Court agrees with Tyco that the Insurer Defendants' pending motions to dismiss should be denied, the insurers that Tyco has added to this suit through the Amended Complaint may seek to file their *own* motions to dismiss, once served.  But even in that event, Tyco submits that this case can and should proceed without delay against the Insurer Defendants originally named, including, most importantly, the AIG Defendants, who are Tyco's principal primary and umbrella insurers relevant to this coverage action, and it would be entirely appropriate for the Court to direct the newly-named Insurer Defendants (many of whose policies "follow form" to AIG policies) to be sure that any new motions to dismiss that they may seek to file do not travel ground already covered in the currently pending motions to dismiss.

In short, Tyco submits that the Court should proceed to consider Insurer Defendants' pending motions to dismiss once reply briefing thereon is completed later this month; those motions are not mooted by the Amended Complaint that Tyco has filed; and Tyco's amendments make even clearer, as a matter of law, why this Court should reject Insurer Defendants' contention that the Court should decline its "virtually unflagging obligation" to exercise its jurisdiction in this matter.  *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976).

Respectfully,

Allan B. Moore

Attachment

Cc:    Joseph G. Petrosinelli, MDL Co-Lead Counsel
       All Counsel of Record (by ECF notification)

---

[3] Knowing that Tyco intended to add this breach count, Insurer Defendants' pending motions also discuss the *Colorado River* test, albeit briefly.  They may have more to say on reply.

# ATTACHMENT

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

IN RE: AQUEOUS FILM-FORMING                    MDL NO. 2:18-mn-2873-RMG
FOAMS PRODUCT LIABILITY LITIGATION

| | |
|---|---|
| TYCO FIRE PRODUCTS LP, | Civil Action No. 2:23-cv-02384-RMG |
| *Plaintiff*, | AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |
| v. | |
| AIU INSURANCE COMPANY, | |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, | |
| AMERICAN HOME ASSURANCE COMPANY, | |
| GREAT AMERICAN ASSURANCE COMPANY, | |
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | |
| NEW HAMPSHIRE INSURANCE COMPANY, | |
| STARR INDEMNITY AND LIABILITY COMPANY, | |
| ~~SWISS RE CORPORATE SOLUTIONS AMERICA INSURANCE COMPANY formerly known as NORTH AMERICAN SPECIALTY INSURANCE COMPANY, and~~ | |
| ZURICH AMERICAN INSURANCE COMPANY, | |
| AETNA CASUALTY AND SURETY COMPANY, | |

AFFILIATED FM INSURANCE COMPANY,

ALLIANZ GLOBAL RISKS US INSURANCE COMPANY,

ALLSTATE INSURANCE COMPANY,

AMERICAN ZURICH INSURANCE COMPANY,

GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA,

GRANITE STATE INSURANCE COMPANY,

GREAT AMERICAN SPIRIT INSURANCE COMPANY,

HAMILTON INSURANCE DESIGNATED ACTIVITY COMPANY,

LIBERTY MUTUAL INSURANCE EUROPE LIMITED,

LIBERTY SURPLUS INSURANCE CORPORATION,

OHIO CASUALTY INSURANCE COMPANY,

TIG INSURANCE COMPANY, and

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

*Defendants.*

Plaintiff Tyco Fire Products LP, through undersigned counsel, brings this action against the defendant insurers identified below and alleges, upon knowledge as to its own acts and upon information and belief as to all other matters, the following in support of its complaint, as follows:

## **NATURE OF THE ACTION**

1.      This is an insurance coverage dispute arising under primary, umbrella, and excess liability insurance policies (the "Policies") issued by the defendants to or covering plaintiff Tyco Fire Products LP ("Tyco Fire Products").

2.      Tyco Fire Products is a worldwide fire protection and fire detection safety products company, with manufacturing, sale and distribution of products, together with associated fire suppressant training, testing, research, and development of such products.  By and through this action, Tyco Fire Products seeks insurance coverage for various underlying lawsuits, referred to as the "AFFF Suits," arising out of its manufacture, design, sale, supply, use or distribution of fire safety products.

3.      Specifically, Tyco Fire Products has been named as a defendant in suits brought by individual claimants, including current and former military and civilian firefighters, public, quasi-public and private water providers, state and municipal governmental authorities, and others, that have allegedly suffered bodily injury, property damage, or personal injury, or some combination thereof, which they attribute to exposure to fire safety products manufactured, designed, sold, supplied or distributed by Tyco Fire Products (the "AFFF Suits").  These suits have been filed in various state courts, including in South Carolina, and are pending in a multi-district litigation, or "MDL" before the Honorable Richard M. Gergel in this Court.

4.      The defendants' policies described herein consist of primary, umbrella, and excess comprehensive general liability policies for the policy periods spanning from ~~1990~~1969 to ~~2016~~2020, requiring the defendants to defend and/or indemnify Tyco Fire Products, in full, from suits alleging bodily injury, personal injury, or property damage, or a combination thereof (the "Policies").  Certain of the policies contain a duty to defend, or duty to pay or reimburse defense costs, which requires each of the applicable insurer defendants to provide a full defense in

3

connection with the AFFF Suits.  Each of the Policies also provides insurance coverage requiring

each of the insurer defendants to pay all costs and expenses incurred in satisfying any legal

liability in connection with the AFFF Suits, including any settlement or judgment.

5.      The AFFF Suits allege a covered occurrence, and seek damages for bodily injury,

property damage or personal injury, as those terms are defined in the Policies.  Accordingly, one

or more of the defendants has a duty to defend or to pay or reimburse defense costs in full.  All

defendants have an obligation to acknowledge coverage and to indemnify the AFFF Suits on a

joint and several, "all sums" basis, in accordance with Policy obligations.

6.      Tyco Fire Products has satisfied all terms and conditions of the Policies, including

the payment of premiums and tender of the AFFF Suits.  Tyco Fire Products is thus entitled to

the full benefit of the insurance coverage available under the Policies.

7.      Tyco Fire Products brings this action for declaratory relief pursuant to the

Declaratory Judgments Act, 28 U.S.C. § 2201, *et seq*., injunctive relief, and money damages.

This case involves an actual, justiciable controversy between and among the parties as described

herein.  Specifically, and as more particularly alleged herein, Tyco Fire Products seeks

declarations that each of the insurer defendants identified herein is obligated to (1) provide Tyco

Fire Products with a full investigation and defense in connection with the AFFF Suits or pay or

reimburse in full the underlying costs of investigation and defense of the AFFF Suits; and/or (2)

pay in full any and all legal liabilities incurred, to be incurred, or paid in connection with the

AFFF Suits, including any and all settlements or judgments.

8.      Plaintiff further seeks declarations that (1) each of the umbrella and excess

insurers with a duty to defend or obligation to pay or reimburse defense and investigation costs

and expenses must provide Tyco Fire Products with a complete defense in connection with the

4

AFFF Suits, or pay or reimburse in full the underlying costs of investigation and defense of the AFFF Suits; and (2) that all of the umbrella and excess insurer defendants must pay in full for any and all legal liabilities incurred, to be incurred, or paid in connection with the AFFF Suits, including any and all settlements or judgments.

9.       Plaintiff further seeks findings of breach of contract against, and the award of money damages from, defendants American Home Assurance Company, National Union Fire Insurance Company of Pittsburgh, Pa., and New Hampshire Insurance Company (collectively, "Certain AIG Insurers") arising out of their repudiation and breach of their insurance coverage obligations and failure to perform their contractual defense and indemnification obligations to Tyco Fire Products in respect to the AFFF Suits.

9.10.   Plaintiff also seeks all further declarations and remedies, whether in equity or at law, that are necessary and appropriate in aid of this Court's general equity jurisdiction and jurisdiction at law to determine in one proceeding all pertinent issues and grant full and complete relief to Tyco Fire Products.

**THE PARTIES**

*Plaintiff*

10.       **Tyco Fire Products LP.**  Tyco Fire Products LP is a limited partnership organized under the laws of the State of Delaware, and is a citizen of Delaware based on the citizenship of its limited partners, with its principal place of business in Marinette, Wisconsin.

**THE PARTIES**

*Plaintiff*

11.       **Tyco Fire Products LP.**  Tyco Fire Products LP is a limited partnership organized under the laws of the State of Delaware, with its principal place of business in Marinette, Wisconsin.  Tyco Fire Products has the citizenship of its partners, Central Sprinkler

LLC and Fire Products GP Holding, LLC.  Central Sprinkler LLC and Fire Products GP Holding, LLC have the citizenship of their members, as follows: (i) Fire Products GP Holding, LLC is wholly owned by its single member, Central Sprinkler LLC, and takes its citizenship; (ii) Central Sprinkler LLC is wholly owned by its single member, Tyco International Management Company, LLC, and takes its citizenship; (iii) Tyco International Management Company, LLC is wholly owned by its single member, Tyco Fire & Security US Holdings LLC, and takes its citizenship; (iv) Tyco Fire & Security US Holdings LLC is wholly owned by its single member, Tyco Fire & Security (US) Management, LLC, and takes its citizenship; (v) Tyco Fire & Security (US) Management, LLC is wholly owned by its single member, Johnson Controls US Holdings Inc., and takes its citizenship; (vi) Johnson Controls US Holdings Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business located in the State of Wisconsin.  Thus, Tyco Fire Products, LP is a citizen of Delaware and Wisconsin.. Tyco Fire Products is also the successor-by-merger and name change to Ansul LLC, formerly known as Ansul, Incorporated, Wormald U.S., Inc., The Ansul Company, and Ansul Chemical Company.  Ansul LLC merged with and into Tyco Fire Products in 2009.

*Defendants*

11.12.  **AIU.**  Defendant AIU Insurance Company ("AIU") is a corporation organized under the laws of the State of New York, with its principal place of business located in the State of New York.  Upon information and belief, at all relevant times, AIU was and is licensed to do and is doing business in the State of South Carolina.  AIU is also at times referred to as "AIG."" and is part of the AIG family of insurers.

12.13.  **American Guarantee.**  Defendant American Guarantee and Liability Insurance Company ("American Guarantee") is a corporation organized under the laws of the State of New York, with its principal place of business located in the State of Illinois.  Upon information and

belief, at all relevant times, American Guarantee and Liability was and is licensed to do and is doing business in the State of South Carolina.  American Guarantee is also at times referred to as "Zurich." " and is part of the Zurich family of insurers.

13.14.  **American Home.**  Defendant American Home Assurance Company ("American Home") is a corporation organized under the laws of the State of New York, with its principal place of business located in the State of New York.  Upon information and belief, at all relevant times, American Home was and is licensed to do and is doing business in the State of South Carolina.  American Home is also at times referred to as "AIG." " and is part of the AIG family of insurers.

14.15.  **Great American.**  Defendant Agricultural Insurance Co., now known as Great American Assurance Co. ("Great American") is a corporation organized under the laws of the State of Ohio, with its principal place of business located in the State of Ohio.  Upon information and belief, at all relevant times, Great American was and is licensed to do and is doing business in the State of South Carolina.  Great American is part of the Great American family of insurers.

15.16.  **Ins. Co. of Pennsylvania.**  Defendant Insurance Company of the State of Pennsylvania ("Ins. Co. of Pennsylvania") is a corporation organized under the laws of the State of Illinois, with its principal place of business located in the State of New York.  Upon information and belief, at all relevant times, Ins. Co. of Pennsylvania was and is licensed to do and is doing business in the State of South Carolina. Ins. Co. of Pennsylvania is also at times referred to as "AIG." " and is part of the AIG family of insurers.

16.17.  **National Union.**  Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business located in the State of New

York.  Upon information and belief, at all relevant times, National Union was and is licensed to

do and is doing business in the State of South Carolina.  National Union is also at times referred

to as "AIG." " and is part of the AIG family of insurers.

17.18.  **New Hampshire Ins. Co.**  Defendant New Hampshire Insurance Company

("New Hampshire") is a corporation organized under the laws of the State of Illinois, with its

principal place of business located in the State of New York.  Upon information and belief, at all

relevant times, New Hampshire was and is licensed to do and is doing business in the State of

South Carolina.  New Hampshire is also at times referred to as "AIG." " and is part of the AIG

family of insurers.

18.    **North American.**  Defendant North American Specialty Insurance Company,

now known as Swiss Re Corporate Solutions America Insurance Corporation ("North

American"), is organized under the laws of the state of Missouri, with its principal place of

business located in Missouri.  Upon information and belief, at all relevant times, North American

was and is licensed to do and is doing business in the State of South Carolina.

19.    **Starr Indemnity.**  Defendant Starr Indemnity and Liability Company ("Starr

Indemnity") is a corporation organized under the laws of the State of Texas, with its principal

place of business located in the State of New York.  Upon information and belief, at all relevant

times, Starr Indemnity was and is licensed to do and is doing business in the State of South

Carolina.

20.    **Zurich American Insurance Company.**  Defendant Zurich American Insurance

Company, formerly known asas successor-in-interest to Zurich Insurance Company ("Zurich

American"")"), is a corporation organized under the laws of New York, with its principal place of

business located in Illinois.  Upon information and belief, at all relevant times, Zurich American

was and is licensed to do and is doing business in the State of South Carolina.  Zurich American is also at times referred to as "Zurich." " and is part of the Zurich family of insurers.

21.     **Aetna.**  Defendant Aetna Casualty and Surety Company ("Aetna") is a corporation organized under the laws of the State of Connecticut, with its principal place of business located in the State of Connecticut.  Upon information and belief, at all relevant times, Aetna was and is licensed to do and is doing business in the State of South Carolina.  Aetna is also at times referred to as "Travelers" and is part of the Travelers family of insurers.

22.     **Affiliated FM.**  Defendant Affiliated FM Insurance Company ("Affiliated FM") is a corporation organized under the laws of the State of Rhode Island, with its principal place of business located in the State of Rhode Island.  Upon information and belief, at all relevant times, Affiliated FM was and is licensed to do and is doing business in the State of South Carolina.

23.     **Allianz.**  Defendant Allianz Global Risks US Insurance Company ("Allianz") is a corporation organized under the laws of the State of Illinois, with its principal place of business located in the State of Illinois.  Upon information and belief, at all relevant times, Allianz was and is licensed to do and is doing business in the State of South Carolina.

24.     **Allstate.**  Defendant Allstate Insurance Company, as successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly known as Northbrook Insurance Company ("Allstate") is a corporation organized under the laws of the State of Illinois, with its principal place of business located in the State of Illinois.  Upon information and belief, at all relevant times, Allstate was and is licensed to do and is doing business in the State of South Carolina.

25.     **American Zurich.**  Defendant American Zurich Insurance Company ("American Zurich") is a corporation organized under the laws of the State of Illinois, with its principal place

of business located in the State of Illinois.  Upon information and belief, at all relevant times, American Zurich was and is licensed to do and is doing business in the State of South Carolina. American Zurich is also at times referred to as "Zurich" and is part of the Zurich family of insurers.

26.    **General Security.**  Defendant General Security Indemnity Company of Arizona ("General Security") is a corporation organized under the laws of the State of Arizona, with its principal place of business located in the State of New York.  Upon information and belief, at all relevant times, General Security was and is licensed to do and is doing business in the State of South Carolina.

27.    **Granite State.**  Defendant Granite State Insurance Company ("Granite State") is a corporation organized under the laws of the State of Illinois, with its principal place of business located in the State of New York.  Upon information and belief, at all relevant times, Granite State was and is licensed to do and is doing business in the State of South Carolina.  Granite State is also at times referred to as "AIG" and is part of the AIG family of insurers.

28.    **Great American Spirit.**  Defendant Great American Spirit Insurance Company ("Great American Spirit") is a corporation organized under the laws of the State of Ohio, with its principal place of business located in the State of Ohio.  Upon information and belief, at all relevant times, Great American Spirit was and is licensed to do and is doing business in the State of South Carolina.  Great American Spirit is also at times referred to as "Great American" and is part of the Great American family of insurers.

29.    **Hamilton Insurance.**  Defendant Hamilton Insurance Designated Activity Company ("Hamilton Insurance") is a corporation organized under the laws of Ireland, with its principal place of business located in Ireland.

30.    **Liberty Mutual Europe.**  Defendant Liberty Mutual Insurance Europe Limited ("Liberty Mutual Europe") is a corporation organized under the laws of Luxembourg, with its principal place of business in Luxembourg.  Liberty Mutual Europe is also at times referred to as "Liberty Mutual" and is part of the Liberty family of insurers.

31.    **Liberty Surplus.**  Defendant Liberty Surplus Insurance Corporation ("Liberty Surplus") is a corporation organized under the laws of the State of New Hampshire, with its principal place of business located in the Commonwealth of Massachusetts.  Upon information and belief, at all relevant times, Liberty Surplus was and is licensed to do and is doing business in the State of South Carolina.  Liberty Surplus is also at times referred to as "Liberty Mutual" and is part of the Liberty family of insurers.

32.    **Ohio Casualty.**  Defendant Ohio Casualty Insurance Company ("Ohio Casualty") is a corporation organized under the laws of the State of New Hampshire, with its principal place of business located in the State of Massachusetts.  Upon information and belief, at all relevant times, Ohio Casualty was and is licensed to do and is doing business in the State of South Carolina.  Ohio Casualty is also at times referred to as "Liberty Mutual" and is part of the Liberty family of insurers.

33.    **TIG Insurance.**  Defendant TIG Insurance Company ("TIG Insurance") is a corporation organized under the laws of the State of California, with its principal place of business located in the State of New Hampshire.  Upon information and belief, at all relevant times, TIG Insurance was and is licensed to do and is doing business in the State of South Carolina.

34.    **Travelers Property Casualty.**  Defendant Travelers Indemnity Company of Illinois, now known as Travelers Property Casualty Company of America ("Travelers Property

Casualty"), is a corporation organized under the laws of the State of Connecticut, with its principal place of business located in the State of Connecticut.  Upon information and belief, at all relevant times, Travelers Property Casualty was and is licensed to do and is doing business in the State of South Carolina.  Travelers Property Casualty is also at times referred to as "Travelers" and is part of the Travelers family of insurers.

## JURISDICTION AND VENUE

21.35.  This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332. Complete diversity exists because no defendant is domiciled in the same states as plaintiff (Delaware and Wisconsin).  The amount in controversy substantially exceeds the jurisdictional threshold of $75,000.

22.36.  This Court may exercise personal jurisdiction over each defendant insurer consistent with due process because defendants each knowingly availed themselves of this forum, including because (i) each insurer deliberately licensed itself to do business in South Carolina andor engages in substantial business activities in this State; (ii) each insurer included South Carolina within the coverage territory of each of the Policies at issue provides for nationwide coverage, including in South Carolina, thereby insuring South Carolina risks relating to Tyco Fire Products' operations, products, and interests in or relating to South Carolina; and (iii) each insurer promised, though its Policies, to provide insurance benefits in or relating to South Carolina, including by paying damages and/or providing a defense or paying defense costs with respect to underlying suits brought in South Carolina, by South Carolina claimants, or affecting residents, businesses, property, or interests in South Carolina, including AFFF Suits arising from this State.

23.37.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 including because (i) each defendant is subject to personal jurisdiction in this judicial district; and (ii) a substantial part

of the events or omissions giving rise to this action occurred in this judicial district, because each insurer's Policies promise to provide insurance benefits and insure risks relating to Tyco Fire Products operations, products, and interests in or relating to this judicial district, and this judicial district is where the underlying AFFF Suits are being litigated and potentially resolved as part of a pending MDL in South Carolina, Docket No. 2:18-mn-02873-RMG.

24.38.  Venue is appropriate in the United States District Court for the District of South Carolina, Charleston Division, pursuant to this Court's Case Management Order No. 3 ("CMO 3").  Tyco Fire Products states that but for CMO 3 permitting direct filing in the United States District Court for the District of South Carolina, Charleston Division, Tyco Fire Products would have filed this Complaint in the United States District Court for the District of South Carolina.  Further, in accordance with CMO 3, Tyco Fire Products hereby designates the United States District Court for the District of South Carolina as the "Home Venue," as this case may have originally been filed there.

## FACTUAL BACKGROUND

### *The AFFF Suits*

25.39.  Tyco Fire Products has been named as a defendant in over 4,000 suits which allege bodily injury, personal injury, and/or property damage (or combination thereof) caused by certain man-made chemicals known as per- and polyfluoroalkyl substances ("PFAS") which are allegedly contained in aqueous film-forming foam products manufactured, distributed and sold by Tyco Fire Products (the "AFFF Suits").  The AFFF Suits are pending in the Multidistrict Litigation Court in South Carolina, MDL Docket No. 2:18-mn-02873-RMG (the "MDL Claims").  The AFFF Suits include all MDL AFFF Suits and also include all similarly-situated suits now pending or asserted in the future, including such future MDL AFFF Suits and otherwise.  The Policies discussed herein are responsive to the AFFF Suits.

13

26.40.  The AFFF Suits allege a covered occurrence under the Policies and seek damages for bodily injury, personal injury or property damage (or combination thereof) during one or more of the policy periods of the Policies.  The allegations in the AFFF Suits trigger the insurer defendants' duty to defend Tyco Fire Products or to pay or reimburse Tyco Fire Products' defense and investigation costs in the AFFF Suits.  The allegations of the AFFF Suits also require each, some or all of the defendants fully to indemnify Tyco Fire Products on a joint and several, "all sums" basis for any and all settlements or judgments in the AFFF Suits in accordance with the terms of their respective Policies.

27.41.  The AFFF Suits seek damages based on causes of action sounding in product liability, strict liability, including strict products liability, failure to warn, nuisance, negligence, and trespass, among others.

### *The Policies*

### The AIU PolicyPolicies

28.42.  Defendant AIU issued at least the following PolicyPolicies, which provide coverage to Tyco Fire Products, with effective dates and policy numbernumbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| 75-101658 | 02/15/1980-07/01/1980 |
| 75-105119 | 06/01/1990-06/01/1991 |

### The American Guarantee Policies

29.43.  Defendant American Guarantee issued at least the following Policies, which provide coverage to Tyco Fire Products, with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| AEC 5223121-00 | 10/01/2001-10/01/2002 |
| AEC 5087987 00 | 10/01/2004-10/01/2005 |

| | |
|---|---|
| AEC 9260785 00 | 06/29/2007-10/01/2008 |
| AEC926078501 | 10/01/2008-10/01/2009 |
| IPR 3792307-00 | 10/01/2011-10/01/2012 |
| AEC5834021-00 | 10/01/2012-10/01/2013 |

**The American Home Policies**

30.44.  Defendant American Home issued at least the following Policies, which provide coverage to Tyco Fire Products, with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| RMGL 612-28-43 | 07/01/1999-07/01/2000 |
| RMGL 612-36-20 | 07/01/2000-10/01/2001 |
| RMGL 612-48-79 | 10/01/2001-10/01/2002 |
| RMGL 612-48-79 | 10/01/2002-10/01/2003 |
| GL 480-59-49 | 10/01/2003-10/01/2004 |
| GL 547-35-58 | 10/01/2004-10/01/2005 |
| GL 574-97-08 | 10/01/2005-10/01/2006 |
| GL 575-91-20 | 10/01/2006-10/01/2007 |
| BE 4485682 | 10/01/2006-6/29/2007 |
| GL 159-54-15 | 06/29/2007-10/01/2008 |
| BE 9835073 | 06/29/2007-10/01/2008 |

**The Great American Policy**

31.45.  Defendant Great American issued at least the following Policy, which provides coverage to Tyco Fire Products, with effective dates and policy number as set forth below:

| Policy Number | Policy Period |
|---|---|
| EXC 7-30-62-19-00 | 10/19/1992-06/01/1993 |

**The Ins. Co. of Pennsylvania Policy**

32.46.  Defendant Ins. Co. of Pennsylvania issued at least the following Policy, which provides coverage to Tyco Fire Products, with effective dates and policy number as set forth below:

| Policy Number | Policy Period |
|---|---|
| 4690-2085 | 06/01/1990-06/01/1991 |

**The National Union Policies**

33.47.  Defendant National Union issued at least the following Policies, which provide coverage to Tyco Fire Products, with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| TBD | 12/01/1979-02/15/1980 |
| GLA 157 79 50 | 07/01/1985-07/01/1986 |
| GLA 198 03 35 | 07/01/1986-07/01/1987 |
| GLA 198 03 35 | 07/01/1987-07/01/1988 |
| BE 133-39-61 | 07/01/1988-07/01/1989 |
| BE 133-40-95 | 06/30/1989-04/30/1990 |
| BE 307-91-54 | 04/30/1990-08/01/1990 |
| RMGL 249-83-23 | 06/01/1990-06/01/1991 |
| BE 308-08-48 | 06/01/1990-06/01/1991 |
| RMGL 325-00-09 RA | 06/01/1991-06/01/1992 |
| BE 308-34-44 | 06/01/1991-06/01/1992 |
| RMGL 326-42-43 RA | 06/01/1992-07/01/1993 |
| BE 308-62-96 | 06/01/1992-07/01/1993 |
| RMGL 175-93-23 | 06/01/1993-06/01/1994 |
| RMGL 175-93-24 | 07/01/1993-07/01/1994 |
| BE 308-98-82 | 07/01/1993-07/01/1994 |
| RMGL 319-82-58 | 07/01/1994-07/01/1995 |
| BE 309-56-08 | 07/01/1994-07/01/1995 |
| RMGL 121-25-71 | 07/01/1995-07/01/1996 |
| BE 309-97-01 | 07/01/1995-07/01/1996 |
| RMGL 143-76-09 | 07/01/1996-07/01/1997 |
| BE 309-97-81 | 07/01/1996-07/01/1997 |
| RMGL 143-85-92 | 07/01/1997-07/01/1998 |
| BE 932-56-66 | 07/01/1997-07/01/1998 |
| RMGL 612-19-91 | 07/01/1998-07/01/1999 |
| BE 357-43-22 | 07/01/1998-07/01/1999 |
| 346 39 36 | 07/01/1998-07/01/1999 |
| BE 701 62 13 | 07/01/1999-07/01/2000 |
| BE 7394784 | 07/01/2000-10/01/2001 |
| BE 8713678 | 10/01/2001-10/01/2002 |
| BE 2195412 | 10/01/2002-10/01/1003 |
| BE 2977855 | 10/01/2003-10/01/2004 |
| BE 2978239 | 10/01/2004-10/01/2005 |
| BE 2979931 | 10/01/2005-10/01/2006 |

**The New Hampshire Policies**

34.48.  Defendant New Hampshire issued at least the following Policies, which provide coverage to Tyco Fire Products, with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| GL 187-19-24 | 10/01/2008-10/01/2009 |
| GL 187-19-90 | 10/01/2008-10/01/2009 |
| GL 090-73-63 | 10/01/2009-10/01/2010 |
| GL 090-73-64 | 10/01/2009-10/01/2010 |
| GL 436-08-84 | 10/01/2010-10/01/2011 |
| GL 436-08-85 | 10/01/2010-10/01/2011 |
| GL 244-96-07 | 10/01/2011-10/01/2012 |
| GL 244-96-08 | 10/01/2011-10/01/2012 |

| Policy Number | Policy Period |
|---|---|
| GL 714-64-17 | 09/28/2012-10/01/2013 |
| GL 714-64-18 | 09/28/2012-10/01/2013 |

**The North American Policy**

35.    Defendant North American issued at least the following Policy to Tyco Fire Products with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| H2X0000300-00 | 10/01/2010-10/01/2011 |

**Starr Indemnity Policy**

36.49.  Defendant Starr Indemnity issued at least the following PolicyPolicies, which providesprovide coverage to Tyco Fire Products, with effective dates and policy numbernumbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| 1000040408151 | 10/01/2015-10/01/2016 |
| 10000040405161 | 10/01/2016-10/01/2017 |
| 10000040405171 | 10/01/2017-10/01/2018 |
| 10000040405181 | 10/01/2018-10/01/2019 |
| 10000040405191 | 10/01/2019-10/01/2020 |

**The Zurich American Policies**

37.50.  Defendant Zurich American issued at least the following Policies to Tyco Fire

Products with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| TBD | 12/01/1979-02/15/1980 |
| 89 35 351 | 02/15/1980-07/01/1980 |
| EUO 8472802-00 | 07/01/1997-07/01/1998 |
| EUO 8472802-01 | 07/01/1998-07/01/1999 |

**The Aetna Policies**

51.     Defendant Aetna issued at least the following Policies, which provide coverage to

Tyco Fire Products, with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| 08 AL 10533 SR | 10/01/1969-10/01/1970 |
| 08 AL 107086 SR | 10/01/1970-10/01/1971 |
| 08 AL 109301 SRA(Y) | 10/01/1971-10/01/1972 |
| 08 AL 115091 SCA | 12/01/1975-12/01/1976 |
| 08 AL 115111 SCA | 12/01/1976-10/01/1977 |
| 08 AL 115159 SCA | 10/01/1977-10/01/1978 |
| 08 GL 2927 SCA | 10/01/1978-10/01/1979 |
| 08 XN 141WCA | 10/01/1978-12/01/1979 |
| 06 YN 139SCA | 06/01/1990-06/01/1991 |

**The Affiliated FM Policies**

52.     Defendant Affiliated FM issued at least the following Policies, which provide

coverage to Tyco Fire Products, with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| XL 71726 | 10/01/1973-10/01/1974 |
| XL 71726 | 10/01/1974-10/01/1975 |
| XL 71726 | 10/01/1975-10/01/1976 |

**The Allianz Policies**

53.     Defendant Allianz issued at least the following Policies, which provide coverage

to Tyco Fire Products, with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| ULA 2007505 | 10/01/2016-10/01/2017 |

| ULA 2009805 | 10/01/2017-10/01/2018 |
| USL00098118 | 10/01/2018-10/01/2019 |
| USL000119418 | 10/01/2018-10/01/2019 |
| USL00098119 | 10/01/2019-10/01/2020 |
| USL000119419 | 10/01/2019-10/01/2020 |

### The Allstate Policies

54.    Defendant Allstate issued at least the following Policies, which provide coverage to Tyco Fire Products, with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| 63-002-273 | 10/01/1976-10/01/1977 |
| 63-003-813 | 10/01/1977-10/01/1978 |
| TBD | 02/15/1980-07/01/1980 |

### The American Zurich Policy

55.    Defendant American Zurich issued at least the following Policy, which provides coverage to Tyco Fire Products, with effective dates and policy number as set forth below:

| Policy Number | Policy Period |
|---|---|
| EUO 8472802-02 | 07/01/1999-07/01/2000 |

### The General Security Policies

56.    Defendant General Security Indemnity Company of Arizona issued at least the following Policies, which provide coverage to Tyco Fire Products, with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| AEC 5223121 00FA0046704-2018-1 | 10/01/20012018-10/01/20022019 |
| FA0046704-2019-1 | 10/01/2018-10/01/2020 |

### The Granite State Policies

57.    Defendant Granite State issued at least the following Policies, which provide coverage to Tyco Fire Products, with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|

19

| | |
|---|---|
| SCLD-8093840 | 10/01/1977-10/01/1978 |
| 66856578 | 07/01/1985-07/01/1986 |

**The Great American Spirit Policies**

58.     Defendant Great American Spirit issued at least the following Policies, which provide coverage to Tyco Fire Products, with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| EXC4100509 | 10/01/2016-10/01/2017 |
| EXC2063556 | 10/01/2017-10/01/2018 |
| EXC2619621 | 10/01/2018-10/01/2019 |
| EXC2969588 | 10/01/2019-10/01/2020 |

**The Hamilton Insurance Policy**

59.     Defendant Hamilton Insurance issued at least the following Policy, which provides coverage to Tyco Fire Products, with effective dates and policy number as set forth below:

| Policy Number | Policy Period |
|---|---|
| B0509BOWCN1600653 | 10/01/2016-10/01/2017 |

**The Liberty Mutual Europe Policy**

60.     Defendant Liberty Mutual Europe issued at least the following Policy, which provides coverage to Tyco Fire Products, with effective dates and policy number as set forth below:

| Policy Number | Policy Period |
|---|---|
| 901/LO1103615 | 10/01/2011-10/01/2012 |

**The Liberty Surplus Policy**

61.     Defendant Liberty Surplus issued at least the following Policy, which provides coverage to Tyco Fire Products, with effective dates and policy number as set forth below:

| Policy Number | Policy Period |
|---|---|

| | |
|---|---|
| RFE-621-094957-016 | 10/01/2016-10/01/2017 |

**The Ohio Casualty Policies**

62.     Defendant Ohio Casualty issued at least the following Policies, which provide coverage to Tyco Fire Products, with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| ECO(18)57454259 | 10/01/2017-10/01/2018 |
| ECO(19)57454259 | 10/01/2018-10/01/2019 |
| ECO(20)57454259 | 10/01/2019-10/01/2020 |

**The TIG Insurance Policy**

63.     Defendant TIG Insurance issued at least the following Policy, which provides coverage to Tyco Fire Products, with effective dates and policy number as set forth below:

| Policy Number | Policy Period |
|---|---|
| XLX 914 12 65 | 07/01/1997-07/01/1998 |

**The Travelers Property Casualty Policies**

64.     Defendant Travelers Property Casualty issued at least the following Policies, which provide coverage to Tyco Fire Products, with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| TBD | 06/01/1991-06/01/1992 |
| 7FSJEX-218T089-9-92 | 06/01/1992-07/01/1993 |
| 7FSJEX-218T089-9-93 | 07/01/1993-07/01/1994 |

**CAUSES OF ACTION**

**COUNT I**
(~~Declaratory Judgment~~Breach of Contract – Certain AIG Insurers)

~~38.~~65.  Tyco Fire Products incorporates Paragraphs 1 through ~~37~~64 as though fully set forth herein, and further alleges as follows:

66.     Certain AIG Insurers issued primary and umbrella general liability policies requiring Certain AIG Insurers to defend and indemnify Tyco Fire Products against underlying

claims and actions alleging bodily injury, personal injury, or property damage that occurred or potentially occurred, in whole or in part, during the relevant policy periods. Certain AIG Insurers' duty to defend Tyco Fire Products continues until the applicable limits of liability set forth in the primary and umbrella policies are exhausted.

67.     Certain AIG Insurers have repudiated and breached their contractual obligations to defend and indemnify Tyco Fire Products against the AFFF Suits or to pay or reimburse Tyco Fire Products' defense costs incurred in connection with the AFFF Suits.

68.     Tyco Fire Products has incurred and/or continues to incur damages and financial losses in connection with the AFFF Suits.

69.     As a direct result of Certain AIG Insurers' repudiation and breach of their contractual obligations, Tyco Fire Products has been and will be deprived of the benefit of the insurance coverage for which substantial premiums were paid, and has been and will be forced to pay sums which Certain AIG Insurers have a contractual obligation to pay.

70.     As a direct result of Certain AIG Insurers' repudiation and breach of their contractual obligations, Tyco Fire Products has been forced to incur and will continue to incur, among other losses, damages.

71.     As a direct and proximate result of the aforesaid acts and omissions by Certain AIG Insurers, Tyco Fire Products has been damaged in an amount to be proven at trial, for all damages, costs, and payments, and other sums resulting from Certain AIG Insurers' repudiation and breach of their contractual obligations.

### COUNT II
### (Declaratory Judgment – All Defendants)

72.     Tyco Fire Products incorporates Paragraphs 1 through 71 as though fully set forth herein, and further alleges as follows:

39.73.  The defendants identified herein, under their Policies and applicable law, have a duty to investigate, defend, reimburse and indemnify Tyco Fire Products completely from and against the AFFF Suits.  The defendants disagree with these assertions.  An actual and justiciable controversy exists between Tyco Fire Products and these defendants concerning their obligations under the applicable Policies.

40.74.  Accordingly, Tyco Fire Products seeks declarations as to the interpretation and meaning of the Policies identified herein that these defendants issued to Tyco Fire Products, as follows:

  a.  The Policies cover all AFFF Suits that allege bodily injury, personal injury, injurious exposure, progression of injury and/or disease, manifestation of illness, death, or property damage (including any combination thereof) during any Policy period due to the presence or alleged presence of certain PFAS chemicals in or resulting from Tyco Fire Products' manufacture design, sale, supply, use or distribution of AFFF;

  b.  The AFFF Suits "trigger" the Policies as long as injury or damage is alleged during the period of the Policy;

  c.  Tyco Fire Products may select the Policy or Policy years to which to assign or allocate in full loss from the AFFF Suits;

  d.  In the case of any claimed ambiguity in any Policy, such ambiguity shall be construed in favor of the broadest coverage afforded under the Policy;

  e.  Each defendant's duty to defend or to pay or reimburse defense costs for the AFFF Suits is a joint, several and indivisible obligation under the

Policies that provide for a duty to defend or to pay or reimburse defense costs;

f.      If any allegation or cause of action in an AFFF Suit is potentially covered under the Policies, then the defendant must fully defend or pay or reimburse in full the costs of defending against all of the allegations and all of the causes of action in the complaint;

g.      Each Policy is required to pay or reimburse all sums that Tyco Fire Products becomes legally obligated or required to pay as damages by reason of the AFFF Suits;

h.      Each Policy must indemnify covered AFFF Suits, in full, up to its "per occurrence" limit, regardless of whether a continuing injury spans multiple policy periods;

i.      Any aggregate limit on coverage in any of the Policies is a limitation on coverage, and therefore each defendant has the burden to prove, based on the evidence, that an AFFF Suit is subject to the aggregate limit in the Policies, if any;

j.      Tyco Fire Products is not required to pay or reimburse deductibles or self-insured retentions for the AFFF Suits or such deductible or self-insured retentions have been satisfied;

k.      "Fronting" policies, deductibles, self-insured retentions or retained limits do not constitute "other insurance" within the context of the Policies; and

l.      Coverage under the Policies for the AFFF Suits is not precluded on the basis of any purported limitation or exclusion that might be contained in

the Policies, including but not limited to any so-called "pollution exclusion" or any purported limitation or the payment of damages because of property damage.

41.75.  Actual and justiciable controversies therefore exist between Tyco Fire Products and defendants concerning their obligations under the applicable Policies.

42.76.  The immediacy of this controversy justifies this Court's exercise of authority to issue a declaratory judgment determining the duties and obligations of the parties under the applicable Policies.  The Court's issuance of an order determining the rights and duties of the parties under the applicable Policies will conclude the existing controversy between the parties.

## COUNT IIIII

### (Declaratory Judgment and Other Relief – All Defendants)

43.77.  Tyco Fire Products incorporates Paragraphs 1 through 4276 as though fully set forth herein, and further alleges as follows:

44.78.  Plaintiff seeks declaratory and injunctive relief from this Court in order to remove, and to afford relief from, the uncertainty and insecurity with respect to its rights under the Policies issued by the defendants, and seeks all remedies necessary and appropriate in aid of this Court's general equity jurisdiction to determine all pertinent issues and grant full and complete relief to Tyco Fire Products, including enjoining defendants from taking any action inconsistent with the terms of any Policy and requiring defendants to honor the terms of each Policy, and including (without limitation) the relief set forth in the preceding claim for relief.

45.79.  Such relief is necessary and appropriate in aid of this Court's jurisdiction and necessary in order to afford the full relief requested by this complaint.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully demands judgment against defendants as follows:

A.      On Count IA.  On Count I, for the finding of repudiation and breach of contract and award of damages sought therein, in an amount to be proven at trial, plus interest thereon and costs according to law, for Certain AIG Insurers' repudiation and breach of their contractual duty to defend and indemnify Tyco Fire Products against the AFFF Suits;

B.      On Count II, for the declarations sought therein, including but not limited to the following:

(i)      The Policies cover all AFFF Suits that allege bodily injury, personal injury, injurious exposure, progression of injury and/or disease, manifestation of illness, death, or property damage (including any combination thereof) during any Policy period due to the presence or alleged presence of certain PFAS chemicals in or resulting from Tyco Fire Products' manufacture, design, sale, supply, use or distribution of AFFF;

(ii)      The AFFF Suits "trigger" the Policies as long as injury or damage is alleged during the period of the Policy;

(iii)      Tyco Fire Products may select the Policy or Policy years to which to assign or allocate in full loss from the AFFF Suits;

(iv)      In the case of any claimed ambiguity in any Policy, such ambiguity shall be construed in favor of the broadest coverage afforded under the Policy;

(v)      Each defendant's duty to defend or to pay or reimburse defense costs for the AFFF Suits is a joint, several and indivisible obligation under the Policies that provide for a duty to defend or to pay or reimburse defense costs;

26

(vi)     If any allegation or cause of action in an AFFF Suit is potentially covered under the Policies, then the defendant must fully defend or pay or reimburse in full the costs of defending against all of the allegations and all of the causes of action in the complaint;

(vii)    Each Policy is required to pay or reimburse all sums that Tyco Fire Products becomes legally obligated or required to pay as damages by reason of the AFFF Suits;

(viii)   Each Policy must indemnify covered AFFF Suits, in full, up to its "per occurrence" limit, regardless of whether a continuing injury spans multiple policy periods;

(ix)     Any aggregate limit on coverage in any of the Policies is a limitation on coverage, and therefore each defendant has the burden to prove, based on the evidence, that an AFFF Suit is subject to the aggregate limit in the Policies, if any;

(x)      Tyco Fire Products is not required to pay or reimburse deductibles or self-insured retentions for the AFFF Suits or such deductibles or self-insured retentions have been satisfied;

(xi)     "Fronting" policies, deductibles, self-insured retentions or retained limits do not constitute "other insurance" within the context of the Policies; and

(xii)    Coverage under the Policies for the AFFF Suits is not precluded on the basis of any purported limitation or exclusion that might be contained in the Policies, including but not limited to any so-called "pollution

exclusion" or any purported limitation on the payment of damages because

of property damage;

B.      On Count ~~II~~III, for the declarations, injunctions, and other relief sought therein;

C.      For such other and further relief as the Court may deem just and proper; and

D.      For plaintiff's attorneys' fees, costs and expenses.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 14, 2023                          COVINGTON & BURLING LLP


By: */s/ Allan B. Moore*
Allan B. Moore (admitted *pro hac vice*)
Timothy D. Greszler (admitted *pro hac vice*)
Alexis N. Dyschkant (admitted *pro hac vice*)
850 Tenth Street, NW
Washington, DC 20001
Tel:      (202) 662-5575
Email: abmoore@cov.com
Email: tgreszler@cov.com
Email: adyschkant@cov.com

*Counsel for Tyco Fire Products LP*