# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG<br><br>**CASE MANAGEMENT ORDER 4.C**<br><br>This Order relates to<br>ALL CASES |

## THIRD AMENDMENT TO PROTECTIVE ORDER

This amendment to CMO No. 4A addresses the need for additional confidentiality protections related to discovery of turnout gear defendants who are market competitors. CMO No. 4 remains in full effect, as amended by CMO Nos. 4A and 4B. The parties jointly enter (Dkt. No. 3610) the following amendments to CMO No. 4A pursuant to Fed. R. Civ. P. 26(c):

1. **Definitions.**[1] Section Two of CMO No. 4A is amended as follows:

    a. The following definition is added as subsection (l): **(l): "Highly Confidential Information TOG"** means Highly Confidential Information that is designated by a turnout gear defendant, including All Star Fire Equipment; CB Garment, Inc.; Fire-Dex, LLC; Globe Manufacturing Company LLC; Honeywell Safety Products USA, Inc.; Innotex Corp.; Lion Group, Inc.; L.N. Curtis & Sons, Inc.; Mallory Safety and Supply LLC; Milliken & Company; Mine Safety Appliances Company, LLC; Municipal Emergency Services, Inc.; PBI Performance Products, Inc.; Ricochet Manufacturing Co.,

---

[1] Unless specifically amended here, the Definitions in CMO No. 4A remain in effect and apply to this amendment.

Inc.; Safety Components Inc.; Southern Mills Inc.; Stedfast USA, Inc.; Veridian Limited D/B/A Veridian Fire Protective Gear; Witmer Public Safety Group; W. L. Gore & Associates, Inc.; as well as current or future Defendants who identify themselves to the receiving parties as turnout gear defendants. Highly Confidential Information TOG shall be treated as Highly Confidential Information, except to the extent different treatment is prescribed herein.

      **b.**    The definition of **"Competitor"** is amended to include subsection a:  a) A **"TOG Competitor"** is any business involved in the manufacture, assembly, distribution, or sale of firefighting gear or the components of firefighting gear. The TOG Competitors are those parties listed in the definition of Highly Confidential Information TOG, including All Star Fire Equipment; CB Garment, Inc.; Fire-Dex, LLC; Globe Manufacturing Company LLC; Honeywell Safety Products USA, Inc.; Innotex Corp.; Lion Group, Inc.; L.N. Curtis & Sons, Inc.; Mallory Safety and Supply LLC; Milliken & Company; Mine Safety Appliances Company, LLC; Municipal Emergency Services, Inc.; PBI Performance Products, Inc.; Ricochet Manufacturing Co., Inc.; Safety Components Inc.; Southern Mills Inc.; Stedfast USA, Inc.; Veridian Limited D/B/A Veridian Fire Protective Gear; Witmer Public Safety Group; W. L. Gore & Associates, Inc.; as well as current or future Defendants who identify themselves to the receiving parties as turnout gear defendants.

      **2.**    The following section is added to CMO No. 4A:  4.1 **Access to Highly Confidential Information TOG.** All Highly Confidential Information TOG designated or produced in discovery, if any, shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation of this Action, consistent with

the restrictions on use of Highly Confidential Information contained in CMO No. 4A and Highly Confidential Information TOG contained in this Order, CMO No. 4C. Access to any Highly Confidential Information TOG shall be further limited to:

    **a.**    Judges, court reporters, court personnel, videographers, and special masters at trial, hearings, arguments, depositions and any other judicial proceedings in this Action.

    **b.**    Counsel of record for the parties in this Action, including the outside counsel of the parties and the attorneys, secretaries, paralegals, assistants, and other employees in the same firm/company of such counsel; litigation counsel and claims examiners for insurers and indemnitors handling this litigation; and for all governmental entities, counsel in the governmental entity's department of law or justice and the secretaries, paralegals, assistants and other employees of such department, in all cases only to the extent reasonably necessary to render professional services in this Action.

    **c.**    Subject to CMO No. 4A ¶ 6, as to each TOG Competitor, in-house counsel employed by that TOG Competitor, provided that (i) the in-house counsel has regular involvement in the Action, (ii) the in-house counsel does not directly advise on business issues, and (iii) disclosure to the in-house counsel is reasonably necessary to this Action; and also provided that before disclosing Highly Confidential Information TOG to any in-house counsel, the TOG Competitor intending to do so must first identify that in-house counsel to the Producing Party, who will have 14 calendar days to object, whereafter the parties will have 7 calendar days to resolve the objection or seek a ruling from the Court. While awaiting a ruling on an objection that has been presented to the Court, disclosure of Highly Confidential Information TOG may not be made to the in-house counsel under

objection.  No employee of a TOG Competitor may access Highly Confidential Information TOG unless otherwise permitted to do so under this Order.

  **d.** Messenger, copy, and other clerical services vendors not employed by a party or its counsel of record, only to the extent reasonably necessary to assist the parties and counsel of record for the parties in rendering professional services in this Action.

  **e.** Subject to CMO No. 4A ¶ 6, witnesses during depositions may be shown, but shall not be permitted to retain, Highly Confidential Information TOG; provided that, unless otherwise agreed to by the relevant parties after conferring or ordered by the Court, no Highly Confidential Information TOG of one TOG Competitor may be shown to any witness who is a current employee of another TOG Competitor who is not otherwise authorized to receive the information under this Order.  Parties who intend during a trial in this Action to disclose Highly Confidential Information TOG from one TOG Competitor to a current employee of another TOG Competitor must first before doing so confer with the designating party and, absent agreement, raise the issue with the Court for resolution.

  **f.** Subject to CMO No. 4.A ¶ 6, persons noticed for depositions or designated as trial witnesses in this Action to the extent reasonably necessary to prepare such persons to testify; provided that unless otherwise agreed to by the relevant parties after conferring, no Highly Confidential Information TOG of one TOG Competitor may be shown to any witness who is a current employee of another TOG Competitor who is not otherwise authorized to receive the information under this Order.

  **g.** Subject to CMO No. 4.A ¶ 6, consultants or experts retained for the purpose of assisting counsel of record in this Action, including consulting and testifying experts,

jury/trial consultants, and mock jurors or focus group members, except that, unless otherwise agreed to by the relevant parties after conferring, Highly Confidential Information TOG may not be shown to such consultants or experts who are current employees of a TOG Competitor.

    **h.**    Subject to CMO No. 4.A ¶ 6, third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving Documents or Information or designing database programs for handling Documents or Information for this Action, except that, unless otherwise agreed to by the relevant parties after conferring, Highly Confidential Information TOG may not be shown to such contractors who are current employees of a TOG Competitor.

    **i.**    Other persons who may be designated by written consent of the Producing Party or pursuant to Court order so long as said persons agree to be bound as set forth in this Order and CMO No 4.A, including CMO No. 4.A ¶ 6.

    **3.**    The following language is amended in Exhibit A, below, and CMO No. 4A ¶¶ 6, 8-12, 14-16, 19-20: the term "Highly Confidential Information TOG" is added within each paragraph to each list of possible confidential designations, *e.g.*, "Before disclosing Confidential, or Highly Confidential Information, or <u>Highly Confidential Information TOG</u> to any person listed …." (CMO No. 4A ¶ 6.)

    **4.**    CMO No. 4A ¶ 10 is amended as follows: "Unless otherwise agreed, depositions and Documents, things, or exhibits used at those depositions shall be treated as "Highly Confidential" <u>or, with respect to a TOG Competitor, "Highly Confidential Information TOG"</u> during the 21-calendar-day period following receipt of the transcript from the court reporter."

5.      The restrictions and treatment of Highly Confidential Information TOG set forth in this Third Amendment to Protective Order shall apply only to the specifically defined TOG Competitors and do not apply to all other defendants in this action. All other defendants shall treat "Highly Confidential Information TOG" as "Highly Confidential Information" under CMO No. 4A.

**AND IT IS SO ORDERED.**

August 24, 2023
Charleston, South Carolina

s/Richard Mark Gergel
Hon. Richard Mark Gergel
United States District Judge

# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH CAROLINA

## EXHIBIT A

### Acknowledgment and Agreement To Be Bound by Protective Order

_____ declares that:

I reside at _____ I am currently employed by _____, located at _____ and my current job title is _____.

I have read and understand the terms of the Protective Order (Dkt.) entered in this action. I understand and agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I will not divulge any information, documents, or copies of Confidential Information, Highly Confidential Information, Highly Confidential Information TOG, or Export Control Information obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I will not copy or use such information or documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 90 days after final termination of this action, I will return to the attorney from whom I have received them any documents in my possession that are Confidential Information, Highly Confidential Information, Highly Confidential Information TOG, or Export Control Information and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the above Court for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____     _____
Signature                                                   Date