**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) MDL No. 2:18-mn-2873-RMG ) ) This Document Relates To: ) *Tyco Fire Prods. LP v. AIU Ins. Co., et al.* ) Civil Action No. 2:23-cv-02384-RMG ) |

**DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S
JOINDER TO CO-DEFENDANTS' MOTIONS TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendant Zurich American Insurance Company, as successor-in-interest to certain underwriting companies, including but not limited to Zurich Insurance Company, U.S. Branch ("ZAIC"),[1] by and through its undersigned counsel, hereby joins the Partial AIG Insurers' and Zurich's Motions to Dismiss the Amended Complaint filed by Tyco Fire Products LP ("Tyco") pursuant to Rules 12(b)(1), (2), (3), and (6) of the Federal Rules of Civil Procedure.[2]

This insurance coverage action was improperly commenced by Tyco, a non-resident of South Carolina, in this *Aqueous Film-Forming Foams Products Liability Litigation* MDL (the "MDL") even though it was not permitted to do so under any of the Court's Case Management Orders, or on any other grounds. That fact alone is sufficient to support dismissal of Tyco's

---

[1] This motion is made by ZAIC solely in connection with the allegations asserted by Plaintiff involving Policy Number 8935351 and the "TBD" policy as alleged in Paragraph 50 of the Amended Complaint. ZAIC is represented by separate counsel in connection with all other alleged ZAIC policies.

[2] ZAIC reserves the right to assert coverage and other defenses in addition to those concerning jurisdiction in the future, if necessary and as appropriate. By filing this motion, ZAIC expressly preserves all of its rights and defenses under its policies, the law, or in equity, and waives none. ZAIC also asserts that the filing of this joinder does not constitute a waiver of ZAIC's arguments regarding the lack of jurisdiction over it, as to which ZAIC reserves all rights.

Amended Complaint. Tyco's improper direct filing of its original Complaint and later-filed Amended Complaint, however, is not the only ground for dismissal that exists. As discussed in detail in the Partial AIG Insurers' and Zurich's Motions to Dismiss, which ZAIC hereby joins and adopts in their entirety by reference,[3] dismissal of Tyco's Amended Complaint is warranted for numerous other reasons, including: (1) there is a first-filed action involving ZAIC and Tyco pending in Wisconsin state court;[4] (2) Tyco has not included any allegations establishing personal jurisdiction over ZAIC; (3) application of South Carolina's "door closing" statute (S.C. Code Ann. § 15-5-150); and (4) *forum non conveniens*.

Significantly, ZAIC is not subject to personal jurisdiction in South Carolina, and Tyco has failed to include any allegations showing otherwise. In fact, as Tyco acknowledges in its Amended Complaint, neither Tyco nor ZAIC are residents of South Carolina (Amended Complaint at ¶¶ 11 and 20). Instead, Tyco alleges only "[u]pon information and belief, at all relevant times, [ZAIC] was and is licensed to do and is doing business in the State of South Carolina." (Amended Complaint at ¶ 20). Tyco fails, however, to allege any purported facts establishing that this action arises out of any of ZAIC's alleged contacts with South Carolina (because there are none). The absence of personal jurisdiction over ZAIC in South Carolina mandates dismissal of Tyco's Amended Complaint against ZAIC, with prejudice.

---

[3] In the interest of brevity and to avoid burdening the Court with duplicative motions, ZAIC hereby incorporates the arguments and analysis in the Partial AIG Insurers' and Zurich's briefs, and adopts them by reference insofar as they apply equally to ZAIC.

[4] As explained in the Partial AIG Insurers' and Zurich's briefs, the *Brillhart-Wilton* abstention doctrine supports dismissal of Tyco's Amended Complaint. We note that the Partial AIG Insurers' brief also addresses the *Colorado River* abstention doctrine based on allegations in Count I of the Amended Complaint. Count I of the Amended Complaint is not directed at ZAIC and analysis of the *Colorado River* abstention doctrine should therefore not be required with respect to ZAIC. To the extent Your Honor disagrees, it is ZAIC's position that abstention is warranted under either doctrine.

Moreover, as discussed in both the Partial AIG Insurers' brief and Zurich's brief in support of their respective Motions to Dismiss, Tyco's Amended Complaint fails to allege an actual controversy against ZAIC, and instead adds ZAIC as a defendant solely for the admitted purpose of forum-shopping.  The Amended Complaint alleges for the first time that there are two ZAIC excess policies allegedly at issue, but fails to identify the policy number of the alleged policy that supposedly was in existence for ten weeks, stating only that the policy number is "TBD."  Despite repeated requests, Tyco has failed to provide ZAIC with any information or documents regarding the alleged existence and terms of the "TBD" ten-week policy.  The Amended Complaint fails to state a claim against ZAIC with respect to the "TBD" alleged policy, and should therefore be dismissed.

Tyco's forum-shopping is also highlighted by its decision not to name ZAIC as a defendant in its original Complaint in this action with respect to ZAIC Policy 8935351 even though it was previously put at issue by Tyco in the South Carolina state court action that was dismissed by Judge Toal,  Tyco appears to have added ZAIC as a defendant in the Amended Complaint in an attempt to create the mirage of a more comprehensive lawsuit in order to divert the coverage litigation from the first-filed Wisconsin state court action to the MDL, where it does not meet the criteria for inclusion.  Tyco's forum-shopping should not be rewarded.

## **CONCLUSION**

For the reasons set forth above, as well as those discussed in the Partial AIG Insurers' and Zurich's Motions to Dismiss, ZAIC respectfully requests that the Court dismiss Plaintiff's Amended Complaint in its entirety.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted,

*s/Kevin K. Bell*
Kevin K. Bell (Fed. ID. 5854)
ROBINSON GRAY STEPP & LAFFITTE, LLC
Post Office Box 11449
Columbia, SC 29211
(803) 227-1111
kbell@robinsongray.com

*Counsel for Zurich American Insurance Company*

Dated: September 11, 2023