IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG<br><br>CASE MANAGEMENT ORDER NO. 27<br><br>This Order Relates to All Actions |

**TELOMER AFFF BELLWETHER PROGRAM**

The Court hereby issues the following Case Management Order ("CMO") to govern a water provider bellwether program targeted at cases involving telomer-based AFFF. With the first Water Provider Bellwether process resulting in a pending resolution of all water provider claims as against Defendants 3M, The Chemours Company, The Chemours Company FC, LLC, DuPont de Nemours, Inc., Corteva, Inc., and E.I. DuPont de Nemours and Company n/k/a EIDP, Inc., the Court sets forth the following deadlines for the parties' selection of Telomer-AFFF Water Provider Bellwether cases ("Telomer Water Provider Cases")[1] and provides a schedule for same. In connection with the bankruptcy of Kidde-Fenwal, Inc., the United States Bankruptcy Court for the District of Delaware has entered an order preliminarily extending the automatic stay and enjoining, for an initial period of 90 days subject to extension by further order of the Bankruptcy Court, AFFF claims against certain entities affiliated with Kidde-Fenwal, Inc. (including the entities referred to as the "Kidde defendants" in the MDL), as well as National Foam, Inc. and certain of its affiliates. (*In re Kidde-Fenwal, Inc.*, Case No. 23-50387 (Bankr. Del. July 27, 2023)). As part of that order,

---

[1] The "Telomer Water Provider Cases" may include cases involving public water providers (i.e., municipal/city/county providers) or privately owned or held water providers. Such cases may also involve the use of non-telomer AFFF, however, it must include at least some evidence of AFFF manufactured by a telomer defendant other than Kidde-Fenwal, Inc., National Foam, Inc., and their affiliates.

the PEC agreed, among other things, to sever the Kidde and National Foam-related entities from

the next water provider bellwether case that is selected in the MDL.[2]

The Court issues this CMO at this juncture in order ensure the continued progress of this

MDL.

I.        **SELECTION OF TELOMER WATER PROVIDER CASES**

A.        In order to be eligible as a Telomer Water Provider Plaintiff, the Plaintiff's case

must have been direct-filed in or transferred into this MDL and served on all named defendants on

or before August 15, 2023, and also have a substantially complete Plaintiff Fact Sheet ("PFS")

served by this date.  To the extent the parties dispute the sufficiency of a PFS as of the date of this

CMO, the parties agree that they will bring that dispute to the Court's attention for resolution on

an expedited basis.

B.        The parties have recommended, and the Court agrees, to include the following

Telomer Water Provider Cases:

1.  *Village of Farmingdale v. 3M Company et al.* (No. 2:19-cv-00564).

2.  *City of Watertown v. 3M Company et al.* (No. 2:21-cv-01104).

3.  *Southeast Morris County Municipal Utilities  Authority v. 3M Company et al.* (No. 2:22-cv-00199)

4.  *Bakman Water Company v. 3M Company et al.*  (No. 2:19-cv-02784).

---

[2] The non-Kidde and non-National Foam defendants, named in the Telomer Water Provider Cases set forth in this Order, will meet and confer in good faith with the PEC concerning whether those defendants will consent to severance of additional entities that may be related to Kidde-Fenwal, Inc. *See* May 16, 2023 Text Order [ECF No. 3130]; *see also* Joint Status Report for the July 14, 2023 Case Management Conference, at 20 (noting that the "possibility of the PEC moving this Court to sever" the Kidde-Related Entities from the next bellwether cases).

The PEC and the Defendants have used their best efforts to select representative "Telomer Water Provider Cases."

## II.    SCHEDULING OF TELOMER WATER PROVIDER TIER ONE CASES

A. The parties shall conduct initial tier one fact discovery on the Telomer Water Provider Cases from September 6, 2023 through November 17, 2023.  Collectively, these cases shall be the "Telomer Water Provider Tier One Cases."

B.  Tier One Core Discovery.  This initial tier one fact discovery will be considered "Tier One Core Discovery."  The parties shall bear in mind that this phase is Tier One Core Discovery and the parties will have the opportunity to conduct further Tier Two discovery if the case is ultimately selected as a Bellwether Trial Pool Case.  In depositions of Defendants in Tier One Core Discovery, plaintiffs' counsel shall endeavor not to ask questions that are duplicative of questions asked of the same deponents in depositions already taken during general liability discovery. The parties also may serve case-specific written discovery, provided, however, that such discovery shall not duplicate written discovery propounded during general liability discovery by the PEC, including but not limited to PFSs and DFSs.  The parties are reminded that they have a continuing obligation to supplement the PFS and DFS, as well as other all other discovery served, including without limitation as to product identification in each case, which supplementation shall be complete by no later than the close of Tier One Core Discovery.

       1.  Defendants.  Defendants presumptively may propound one set of document requests (not to exceed 35 requests), and one set of interrogatories (not to exceed 25 interrogatories) for each of the Telomer Water Provider Tier One Cases. Document productions will be substantially completed by the later of October 20, 2023 or 28 days after service.  Defendants will be entitled to up to two (2) case-

specific depositions for each of the Telomer Water Provider Tier One Cases. Depositions of third-parties shall not count against the limits.

2. Plaintiffs.    Each Plaintiff in the Telomer Water Provider Tier One Cases presumptively may propound case-specific document requests (not to exceed 12 requests) and one set of case-specific interrogatories (not to exceed 12 interrogatories) on each Defendant in the Telomer Water Provider Tier One Cases, which shall endeavor not to duplicate written discovery propounded by the Plaintiffs in the first Water Provider Bellwether process or in general liability discovery. Document productions will be substantially completed by the later of October 20, 2023 or 28 days after service.  Each Plaintiff will be entitled to take one deposition of each Defendant in each of the Telomer Water Provider Tier One Cases.  Depositions of third-parties shall not count against the limits.  As to all Tier One Core Discovery, the Plaintiffs shall coordinate with each other to avoid duplication and maximize efficiency.

C.  By no later than the conclusion of Tier One Core Discovery, the parties shall meet and confer to propose to the Court two cases to become Telomer Water Provider Tier Two Cases.  The parties shall present to the Court  their agreed on, or competing, Tier Two proposals by no later than November 21, 2023.

## III.    SCHEDULING OF TELOMER WATER PROVIDER TIER TWO CASES

A. The parties shall conduct Tier Two fact discovery from November 27, 2023 through February 15, 2024. The Parties shall meet and confer in good faith on the number of depositions necessary for Tier Two fact discovery and submit a proposed plan to the Court by no later than November 1, 2023.  In addition, Defendants are permitted to propound an additional ten (10)

requests for production and an additional ten (10) interrogatories for each of the Telomer Water Provider Tier Two Cases. Each Plaintiff will be permitted to propound an additional ten (10) case-specific requests for production and an additional ten (10) case-specific interrogatories on each Defendant in Telomer Water Provider Tier Two Case, which shall endeavor not to duplicate written discovery propounded by the Plaintiffs in the first Water Provider Bellwether process or in general liability discovery. Document productions from both sides in response to these additional requests for production will be substantially complete by January 9, 2024 or 28 days from the date of service of the requests for production, whichever is later.

B. On or before March 6, 2024, the PEC shall disclose general and case-specific expert witness reports for the Telomer Water Provider Tier Two Cases pursuant to Fed. R. Civ. P. 26(a)(2).

C. On or before April 17, 2024, Defendants shall disclose general and case-specific expert witness reports for the two Telomer Water Provider Tier Two Cases pursuant to Fed. R. Civ. P. 26(a)(2).

D. Plaintiffs shall disclose rebuttal expert witness reports, if any, by May 1, 2024.

E. Each expert witness disclosure shall include at least two dates when each expert is available for a deposition. Expert depositions can only commence after both sides' expert reports have been served, absent agreement of the parties.

F. Depositions of Plaintiffs' experts will be completed before depositions of Defendants' experts in the same discipline, absent agreement of the parties or leave of Court, with all depositions of expert witnesses to be completed by May 31, 2024. To the extent a Plaintiffs' expert is not serving a rebuttal report, the parties may attempt to schedule that expert's deposition before the deadline for rebuttal reports.

G.  The parties intend that the limitations on expert discovery set forth in Rule 26 of the Federal Rules of Civil Procedure, including the provisions of Rule 26(b)(4)(A)-(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts to apply.

H.  The parties shall agree or submit to the Court their respective positions on the sequence for trial of the two Tier Two Telomer Water Provider Cases by May 17, 2024.  The parties shall agree or the Court shall select the sequence by May 29, 2024.

I.  Any motions for summary judgment or for partial summary judgment shall be filed on or before June 14, 2024 in the Telomer Water Provider First Trial Case only.[3]

J.  Any motions seeking to challenge expert testimony pursuant to *Daubert* shall be filed on or before June 14, 2024 in the Telomer Water Provider First Trial Case only.

K.  Responses to summary judgment motions shall be filed on or before July 12, 2024, in the Telomer Water Provider First Trial Case only.

L.  Responses to motions seeking to challenge expert testimony pursuant to *Daubert* shall be filed on or before July 12, 2024, in the Telomer Water Provider First Trial Case only.

M. Reply briefs in further support of summary judgment motions shall be filed on or before July 26, 2024, in the Telomer Water Provider First Trial Case only.

---

[3] Summary judgment and Rule 702 motions may only be made in the Telomer Water Provider First Trial Case by the Defendants named in that case.  And Plaintiffs, to the extent they are filing dipositive motions may only make said motions in the first designated Tier Two Case.  Provided, however, that if the Tolling Defendants (ChemDesign Products, Inc, Chemicals, Inc., Deepwater Chemicals, Inc., and Nation Ford Chemical Company) are not named as parties in the case selected for trial, the Tolling Defendants shall have the right to seek leave of Court to file summary judgment motions as to the claims brought by Plaintiffs against them in the water provider cases in accordance with this schedule.

N.  Reply briefs in further support of motions seeking to challenge expert testimony pursuant to *Daubert* shall be filed on or before July 26, 2024, in the Telomer Water Provider First Trial Case only.

O.  A more detailed schedule for final pretrial matters, including witness and exhibit lists, motions *in limine*, deposition designations, and a provision for pre-trial depositions of any trial witnesses not previously deposed will be the subject of a subsequent CMO.

P.  Trial Date: The presumptive trial date for the Telomer Water Provider First Trial Case will be August 23, 2024.

## IV.    *LEXECON* WAIVERS

In order to be a Telomer-AFFF Water Provider Bellwether Case, the parties must provide a *Lexecon* waiver. Such waivers must be provided no later than October 8, 2023.

**IT IS SO ORDERED.**

Dated:  September 13, 2023
        Charleston, South Carolina                        s/Richard Mark Gergel

                                                          Hon. Richard M. Gergel
                                                          United States District Judge

7