IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTOWN DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | JUDGE: RICHARD M. GERGEL MDL NO. 2:18-MN-2873-RMG |

| | |
|---|---|
| Joan Campbell and Richard Campbell, for themselves and on behalf of all others similarly situated, | This Document relates to Campbell v. Tyco Fire Products LP et al. No. 2:19-cv-00422-RMG |
| Plaintiffs, | |
| vs. | |
| Tyco Fire Products LP; Chemguard, Inc.; and Chemdesign Products, Inc. | |
| Defendants, | |

_____

## STATUS REPORT FROM THE SETTLEMENT ADMINISTRATOR

This status report is submitted by David R. Cohen, the Settlement Administrator of the Campbell v. Tyco Fire Products LP, Chemguard Inc. and ChemDesign Products Inc. Class Action Settlement Agreement. This status report provides a summary description of: (1) claims paid; (2) final, pro-rata checks; and (3) settlement wind-down.

### Summary of Claims Paid

As reported in the March 31, 2022 Status Report (ECF No. 91-7), the Administrator received 1,180 total claim form submissions. Each claim form allowed a class member to assert a Property Class Damage claim (for owning property in the Class Area) and/or an Exposure Class Damage claim (for residing in the Class Area). The 1,180 claim forms contained a total of 1,608 separate claims: 499 Property Class Damage claims and 1,109 Exposure Class Damage claims.

Careful review of the claim forms proved that roughly one third of the claims did not qualify for compensation, even after allowing generous opportunities to cure deficiencies. Many of the invalid claim forms were submitted by claimants with no legitimate link to the litigation, who were apparently hoping that simple submission of a form would allow them to receive settlement funds. Like any online filing procedure for benefits, our process attracted phishing attempts, but our system weeded them out to ensure only qualified class members received benefits.

The chart below shows the number of final qualifying claims for property ownership and residency exposure:

| Claim Type | Number of Claims |
|---|---|
| Property Class Damage/Ownership Claims | 320 |
| Exposure Class Damage/Exposure Initial Claim | 744 |

Before the claims process began, the Administrator published the estimated amounts that would be paid for different types of claims. For example, it was estimated that a former property owner would receive $4,000; a former resident would receive $1,000; a current property owner with PFAS concentration in his or her well-water of 1-19 ppt would receive $26,000; and so on.[1] These values were chosen with the intention that, after all valid claims were paid these estimated amounts, there would be settlement funds remaining; and these remaining funds would then be paid out in addition, pro rata, to all valid claimants.

This technique worked. The chart below shows, for each type of claim, the initial estimated payment amount and the final actual payment amount. Property Ownership claims received about 24% more than estimated, and Residency Exposure claims received about 72% more than estimated. (These two percentages are different because there were two separate "buckets" for Property Ownership claims and Residency Exposure claims.)

| Category of Claim | Estimated Payment Amount | Actual Payment Amount |
|---|---|---|
| Property Ownership – Current Owner | | |
| Total PFAS Concentration in water 70+ ppt | $65,000.00 | $80,855.89 |
| Total PFAS Concentration in water 20-69 ppt | $39,000.00 | $48,513.97 |
| Total PFAS Concentration in water 1-19 ppt | $26,000.00 | $32,341.92 |
| Total PFAS Concentration in water not detectible or unknown | $13,000.00 | $16,170.96 |

---

[1] See https://www.firefightingfoamsettlement.com/faqs/ ("Class payment estimates").

| | | |
|---|---|---|
| Property Ownership – Former Owner | $4,000.00 | $4,975.26 |
| ███████████████████████████████ | | |
| Exposure Ownership – Current Owner | | |
| Total PFAS Concentration in water 70+ ppt | $6,500.00 | $11,164.02 |
| Total PFAS Concentration in water 20-69 ppt | $3,900.00 | $6,698.09 |
| Total PFAS Concentration in water 1-19 ppt | $2,600.00 | $4,465.12 |
| Total PFAS Concentration in water not detectible or unknown | $1,300.00 | $2,232.15 |
| Exposure Ownership – Former Owner | $1,000.00 | $1,717.23 |

Finally, the two charts above – the first showing the number of claims and the second their value – are summarized in combination by the chart below. The next chart shows the total actual amounts paid for the two types of class claims.

| Claim Type | Claim Amount Paid |
|---|---|
| Property Class Damage/Ownership Initial Claim | $5,985,076.13 |
| Exposure Class Damage/Exposure Initial Claim | $2,167,229.47 |
| **TOTAL** | $8,152,305.60 |

The TOTAL claims paid figure above represents all funds available after payment of MDL Common Benefit fees and costs, other attorney fees and costs, and administration expenses and reserves.

### Status of Pro-Rata Checks

The issuance of pro-rata checks is essentially the final step in the claim-payment process. Property ownership pro-rata checks were mailed on August 1, 2023 to all eligible Class Members who had previously received a property ownership base level award. Residency exposure pro-rata

checks were mailed on August 4, 2023 to all eligible Class Members who had previously received a residency exposure base award. Pursuant to 4.1(b) of the Settlement Agreement, the pro-rata checks have a 120-day stale date.

## Settlement Wind Down

If the pro-rata checks are not cashed, they will become void in early December 2023. All unclaimed funds will then transfer to the State of Wisconsin for accelerated escheatment. See Order on Unopposed Motion to Clarify, ECF No. 107.

After all unclaimed funds have been transferred to the State of Wisconsin, the Claims Administrator will terminate the claims portal, including the settlement account, the settlement website, the toll-free settlement telephone line, and the settlement email inbox. The Settlement Administrator will also archive electronic records for 36 months before deletion. Any physical records will be destroyed after approval from all related parties.

## Conclusion

The Administrator is pleased to report the claims-payment process has been successfully completed as originally envisioned. The Administrator thanks the Court for the honor and privilege of serving the Court, the parties, the class members, and counsel in this litigation.

Respectfully submitted,

David Cohen

By: /s/ David Cohen, Settlement Administrator