# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Order Relates To**<br>*City of Camden, et al., v. 3M Company,*<br>No. 2:23-cv-03147-RMG |

Before the Court is the parties' joint motion to reconsider and amend the Preliminary Approval Order. (Dkt. No. 3697). The parties seek to amend Article VIII of the Preliminary Approval Order for Settlement Between Public Water Systems and 3M Company (the "Order") (Dkt. No. 3626). "Because the Stay Order and Injunction prohibits the filing of new cases on the terms set forth therein, the Parties request a modification providing that any statutes of limitations or repose for any Claims that a Releasing Person is enjoined from filing by Section VIII . . . shall be tolled during the pendency of such Stay Order and Injunction." (Dkt. No. 3697 at 2).

The Court has reviewed the proposed changes and, finding that said changes express the original intent of the parties, grants the motion. Section VIII of the Order is modified and now reads:

> Pursuant to the Court's inherent authority to control its own docket and its powers under the All Writs Act, 28 U.S.C. § 1651, (a) all litigation in any forum or jurisdiction (whether federal, state, or otherwise) brought by or on behalf of any Eligible Claimant or Releasing Party and that asserts a Released Claim, and all Claims and proceedings therein, are hereby STAYED as to any Released Party, except as to proceedings that may be necessary to implement the Settlement, to remove an action to federal court, or to obtain transfer by the Judicial Panel on Multidistrict Litigation; and (b) all Eligible Claimants and Releasing Parties are ENJOINED from filing or prosecuting any litigation that asserts a Released Claim in any forum or jurisdiction (whether federal, state, or otherwise) against any of the Released Parties, provided however, that, after the Final Fairness Hearing, the stay and injunction shall not apply to any Person who has filed (and not withdrawn) a timely and valid Request for Exclusion and that the stay and injunction shall not apply to litigation brought by a State or the federal government. The foregoing stay

and injunction shall remain in effect until the earlier of (a) the Effective Date, in which case such provisions shall be superseded by the provisions of the Order Granting Final Approval, or (b) the termination of the Settlement Agreement in accordance with its terms. All statutes of limitations, statutes of repose, or other limitations period imposed by any jurisdiction in the United States are tolled to the extent permitted by law with respect to each Released Party for any Claim of a Releasing Party that is subject to the stay and injunction provisions of this Paragraph from (i) August 29, 2023 until (ii) thirty (30) calendar days after the stay and injunction provisions cease to apply to such Claim under the terms of this Paragraph, after which the running of all applicable statutes of limitations, statutes of repose, or other limitations periods shall recommence. Nothing in the foregoing sentence shall affect any arguments or defenses existing as of the entry of this Order, including but not limited to any prior defenses based on the timeliness of the Claims such as defenses based on statutes of limitation and statutes of repose.

No other provision of the Order is modified.

**AND IT IS SO ORDERED.**

October 2, 2023
Charleston, South Carolina

<u>s/Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge