IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| IN RE: ACQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br>This Document Relates to:<br>*Tyco Fire Prods. LP v. AIU Ins. Co., et. al.*<br>Civil Action No. 2:23-cv-02384-RMG |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S
MEMORANDUM OF LAW IN REPLY TO PLAINTIFF TYCO FIRE PRODUCTS'
RESPONSE TO ALLSTATE'S MOTION TO DISMISS AMENDED COMPLAINT**

Defendant, Allstate Insurance Company ("Allstate"), solely as successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly Northbrook Insurance Company ("Northbrook"), hereby respectfully submits this Memorandum in Reply to Plaintiff Tyco Fire Products' Response to Allstate's Motion to Dismiss.

Tyco's response fails to set forth any basis to establish this Court has either specific or general jurisdiction over Allstate. Tyco has failed to set forth any evidence that Allstate is "at home" in South Carolina. As set forth in Allstate's motion, Allstate is incorporated and maintains its principal place of business in Illinois, and thus, is not "at home" in South Carolina. *See* Declaration of Charles Feeley in support of Allstate's Motion to Dismiss ("Feeley Decl."), ¶ 3. Instead, Tyco attempts to misconstrue the United States Supreme Court's recent decision in *Mallory* and its earlier decision in *Pennsylvania Fire* to allege general jurisdiction merely because S.C. Code 38-5-70 requires Allstate to appoint South Carolina's insurance commissioner to accept service of process.

*Mallory* held, under the Court's prior decision in *Pennsylvania Fire Insurance Co. v. Gold Issue Mining & Milling Co.*, 243 U.S. 93 (1917), that a court may exercise personal jurisdiction over a foreign corporation when that corporation registers to do business in a state and that state's law subjects it to personal jurisdiction based on its registration. *Mallory v. Norfolk S. Ry.*, 143 S. Ct. 2028, 2037 (2023). That decision is not relevant to this Court's jurisdictional analysis over Allstate because the Fourth Circuit clearly has stated that, "under the rules set out in *Pennsylvania Fire*, obtaining a certificate of authority operates as consent to general jurisdiction only if state law so provides," and "South Carolina law does not make consent to general jurisdiction a consequence of obtaining a certificate of authority to transact business." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 134 (4th Cir. 2020).

Moreover, the statutes at issue in *Mallory* and *Pennsylvania Fire Insurance Co.*, contrary to S.C. Code 38-5-70, did subject the out-of-state parties to jurisdiction. The statute at issue in *Mallory* specifically stated that "qualification as a foreign corporation" permitted Pennsylvania courts to "exercise general personal jurisdiction" over a registered foreign corporation. *Mallory*, 143 S. Ct. at 2037 (quoting 42 Pa. Cons. Stat. §5301(a)(2)(i)). The statute at issue in *Pennsylvania Fire* also specifically provided that service upon the superintendent "shall confer jurisdiction." *See* Rev. Stat. Mo. 1909, §7042. Unlike those statutes, there is no language in South Carolina's insurance statute, S.C. Code Ann. 38-5-70, stating that service on the insurance commissioner subjects out-of-state insurers to jurisdiction.

Nor has Tyco established that this Court has specific jurisdiction over Allstate. As set forth in Allstate's Memorandum in support of its Motion to Dismiss, no part of this dispute regarding Northbrook's excess insurance policies issued in Wisconsin arise from any contacts by Allstate with South Carolina. The Northbrook policies were not issued to any entity in South Carolina. Feeley Decl. ¶ 4. Rather, the policies were issued to Ansul, a company headquartered in Wisconsin. *Id*. Moreover, the policies make no mention of any property, person or risk located in South Carolina. Feeley Decl., Exs.1 through 3.

As expected, Tyco asserts specific jurisdiction over Allstate based upon its general contention that the insurers' policies contain nationwide coverage and duty to defend clauses. Tyco, however, has not set forth any specific support of these contentions with respect to the Northbrook policies. Regardless, these arguments were already addressed in the Zurich Insurers' and AIG Insurers' Memorandums in support of their Motions to Dismiss which Allstate joined and again refers to.

Tyco also essentially glosses over Allstate's argument that the Court should dismiss or stay this action in favor of the Wisconsin Action under the doctrine of *forum non conveniens* simply stating that this doctrine is largely limited in federal court to cases where the alternative forum for litigating the dispute is outside of the United States. This case, however, is an appropriate case that warrants deference to the first-filed Wisconsin Action as it is an available, adequate and more convenient forum for resolving Tyco's coverage claims under the Northbrook policies for which Tyco seeks coverage from Allstate. As set forth in the insurers' motions to dismiss, the Wisconsin Action is the only case without any jurisdictional issues and it is the more advanced action. Moreover, the Wisconsin Action is the more comprehensive case. The Wisconsin Action not only deals with the PFAS coverage issues asserted in this action but also includes the question of coverage for the underlying lawsuits filed in Wisconsin alleging environmental contamination taking place in Marinette, Wisconsin.

## CONCLUSION

For the foregoing reasons and those set forth in Allstate's moving papers, Allstate respectfully requests that the Court dismiss Tyco's Amended Complaint in its entirety.

Dated: October 10, 2023

                                              **HAMILTON STEPHENS**
                                              **STEELE + MARTIN, PLLC**

By: *s/ Carmela E. Mastrianni*
Carmela E. Mastrianni, SC Fed. ID. 13730
M. Aaron Lay, *Pro Hac Vice Forthcoming*
525 N. Tryon Street, Suite 1400
Charlotte, NC  28202
Telephone: (704) 344-1117
Facsimile: (704) 344-1483
cmastrianni@lawhssm.com
malay@lawhssm.com

Andrew K. Craig – *Pro Hac Vice Forthcoming*
WINDELS MARX LANE & MITTENDORF, LLP
One Giralda Farms
Madison, NJ 07940
Email:  acraig@windelsmarx.com

Attorneys for Defendant
Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly Northbrook Insurance Company