**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mm-2873-RMG<br><br>This Document Applies to:<br>CIVIL ACTION No. 2:23-cv-03720-RMG<br>CIVIL ACTION No. 2:23-cv-04366-RMG<br>CIVIL ACTION No. 2:23-cv-04277-RMG<br>CIVIL ACTION No. 2:23-cv-04237-RMG<br>CIVIL ACTION No. 2:23-cv-04851-RMG<br>CIVIL ACTION No. 2:23-cv-04999-RMG<br>CIVIL ACTION No. 2:23-cv-04918-RMG<br>ALL RELATED AND SUBSEQUENTLY FILED ACTIONS |

**DEFENDANT MILLIKEN & COMPANY'S GENERAL DENIAL AND
PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES**

Defendant Milliken & Company ("Milliken") hereby responds to the Complaints filed in the above-referenced cases and further responds to the Complaints which have been or may be filed by any Plaintiff or Third-Party Plaintiff ("Plaintiffs") in the above captioned MDL, and in which Milliken has been named. This General Denial and Statement of Affirmative Defenses does not waive this Defendant's right to separately and fully answer, file a motion, or otherwise respond to any Complaints, including Amended Complaints, with may be filed by Plaintiffs.

**GENERAL DENIAL**

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Milliken denies generally and specifically each and every allegation and alleged cause of action set forth in Plaintiffs' Complaints and demands strict proof thereof. Any allegations not specifically admitted are hereby denied. Milliken further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could or should be granted. Milliken further denies that Plaintiffs have sustained

1

any cognizable injury, or suffered any recoverable damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any alleged act, breach, conduct or omission on the part of Milliken or anyone acting on its behalf. Milliken reserves its rights to assert cross-claims and/or third-party claims, in accordance with the Federal Rules of Civil Procedure, at the time of the filing of any answers in individual cases.

## AFFIRMATIVE DEFENSES

Milliken asserts the following affirmative defenses in response to the allegations in each of Plaintiffs' Complaints filed or consolidated in the above-captioned actions as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, in whole or in part, fail to state a claim upon with relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for attorneys' fees and costs of litigation should be barred because Milliken has at no time been stubbornly litigious, acted in bad faith, or caused Plaintiffs undue trouble or expense.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, based on the doctrines of waiver, release, and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Milliken reserves any actions for contribution or indemnity against such third parties and reserves its right to remedies.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' failures to mitigate damages bars or reduces any recovery.

**SIXTH AFFIRMATIVE DEFENSE**

Should this Court find plaintiffs have sustained damages for which Milliken is responsible, which is expressly denied, Milliken is entitled to a set-off for any collateral source payments paid or payable to plaintiff(s).

**SEVENTH AFFIRMATIVE DEFENSE**

The doctrine of unclean hands bars the Plaintiffs' claims.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to sue under federal and/or state constitutional, statutory, and common law.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Milliken are barred, in whole or in part, to the extent they are based upon state law as alleged in the Complaint, as state law does not apply to the Plaintiffs' claims, and because those claims are preempted by applicable federal statutes and regulations pursuant to the Supremacy Clause of the United States Constitution.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable rule of repose.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by assumption of risk.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted by state and/or federal statutes, rules, and regulations.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Milliken owed no legal duty to plaintiffs as alleged in the Complaints.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, based on a lack of causation. Milliken did not cause the alleged injuries described it the Complaints.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent there is no proximate cause between any alleged act or omission on the part of Milliken and any alleged injury or damage described in the Complaints.

## EIGHTTEENTH AFFIRMATIVE DEFENSE

The alleged injuries, damages, or losses of Plaintiffs, if any, were proximately caused, or contributed to, by the acts or omissions of the Plaintiffs.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent there was unforeseeable misuse or alteration by Plaintiffs and/or third parties.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent their injuries were caused by the acts or omissions of another Defendant or a third party.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs failed to join one or more indispensable parties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

An independent, intervening, and superseding event or events or other negligence prevents any recovery by Plaintiffs against Milliken.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The damages sought by Plaintiffs are too speculative or remote.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have availed and/or failed to avail themselves of funds from unnamed third parties, including, without limitation, insurance companies and unnamed potentially responsible parties, Milliken is entitled to set offs including interest.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Although Milliken denies Plaintiffs are entitled to punitive damages, Milliken affirmatively pleads that any award of punitive damages would violate the constitutions of any other applicable state and of the United States.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Milliken may not be found liable for punitive damages where the conditions that form the basis of the claims are, and have been, the subject of state regulatory oversight or action, and where there has been substantial compliance with the findings, orders, and directives of the responsible state regulatory agency.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

The recovery of punitive damages by Plaintiffs based on the claims asserted by Plaintiffs would violate the constitutional safeguards provided to Milliken by the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States of America.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Milliken is entitled to all caps and limitations provided by applicable state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

**THIRTIETH AFFIRMATIVE DEFENSE**

The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks personal jurisdiction over Milliken, and the Complaint should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Milliken is entitled to immunity from suit under the government contractor defense.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are or may be barred, in whole or in part, because Milliken used proper methods in designing, testing, and manufacturing their products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing

industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, because Milliken did not design, manufacture, market, or advertise Aqueous Film-Forming Foams, and is not the successor to any corporation that may have designed, marketed, sold, advertised or distributed any Aqueous Film-Forming Foam.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' alleged injuries occurred during the scope and course of their employment, Plaintiffs' exclusive remedy and right to recovery in this matter is under the applicable state or federal workers' compensation laws.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any product(s) sold or distributed by Defendant.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' purported exposures to Milliken's product, if any, were too removed, indefinite, *de minimus* and insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage, or loss to Plaintiffs.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, because Plaintiffs lack privity with Milliken.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, because Plaintiffs did not provide Milliken reasonable notice of any alleged breach.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Milliken adopts and incorporates by reference any additional applicable defense pleaded by any other defendant not otherwise pleaded herein.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Milliken adopts and incorporates by reference any additional applicable defense asserted by any other defendant prior to transfer in any case transferred to this MDL.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Milliken reserves the right to amend this denial and assert at trial any and all properly provable defenses it may have to this action.

### JURY DEMAND

Milliken hereby demands a trial by jury.

This 23rd day of October, 2023.

/s/M. Scott Cole
Jameson B. Carroll
Michael Weiss
M. Scott Cole
CARROLL & WEISS LLP
2870 Peachtree Rd NW, Suite 193
Atlanta, Ga. 30305-2918
jcarroll@carrollweiss.com
mweiss@carrollweiss.com
scole@carrollweiss.com

*ATTORNEYS FOR DEFENDANT*
*Milliken & Company*