IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | MDL No. 2:18-mn-02873-RMG<br><br>This Document Applies to:<br>Civil Action No.: 2:23-cv-03720-RMG<br>Civil Action No.: 2:23-cv-04277-RMG<br>Civil Action No.: 2:23-cv-04918-RMG<br>Civil Action No.: 2:23-cv-04851-RMG |

## WITMER PUBLIC SAFETY GROUP'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES

Now comes the above-named defendant, Witmer Public Safety Group (Witmer or Defendant), by its undersigned counsel and counsel listed below, pursuant Case Management Order 20, as its initial responsive pleading, submits its General Denial and Preliminary Statement of Affirmative Defenses to each of the Plaintiffs' Complaints in the above-captioned actions.

### General Denial

1. Pursuant to FRCP 8(b)(3), Witmer generally denies every allegation of the Plaintiffs' Complaints (Complaints), and denies every element of every cause of action alleged in each of the Complaints.

### Preliminary Statement of Affirmative Defenses

As preliminary affirmative defenses to the Complaints, Witmer hereby alleges as follows:

2. The Complaints lack subject-matter jurisdiction over this Defendant.

3. The Complaints lack personal jurisdiction over this Defendant.

4. The Complaints are filed in the improper venue.

5. The Complaints fail for lack of sufficient process or service of process.

6. The Complaints fail to state a claim upon which relief can be granted.

7. The Complaints are barred or limited by doctrine of laches.

8. The Complaints are barred by the applicable statute of limitations.

9. The Complaints are barred due to the operation of arbitration and award.

10. The Complaints are barred due to the doctrine of assumption of the risk.

11. The Complaints are barred by the operation of contributory negligence.

12. The Complaints are barred due to the failure of consideration.

13. The Complaints are barred by the governmental contractor immunity doctrine.

14. The Complaints are barred because the damages, if any, were caused by events and conducted intervening and supervening the alleged conduct of the Defendant.

15. The injuries alleged in the complaints were not foreseeable.

16. To the extent the Plaintiffs were comparatively negligent for their alleged injuries, their damages should be barred or reduced accordingly.

17. The Complaints are barred because the allege injuries and/or damages sustained by Plaintiffs that may have been caused by or contributed to by the negligence or conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom this Defendant had no control or right of control and for whom Defendant is not responsible.

18. The Complaints are barred by the doctrines of estoppel and/or waiver.

19. The Complaints are barred or limited by the doctrine of election of remedies.

20. The Complaints are barred by public policy.

21. The Complaints are barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

22. The Complaints are barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by this Defendant that are the subject of Plaintiffs' claims, and this Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

23. The Complaints are barred, in whole or in part, under the doctrine of Federal Preemption.

24. The Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendant and, in the even that Defendant is found to be liable to Plaintiffs, Defendant will be entitled to indemnification, contribution and/or apportionment from one or more other entity.

25. The Complaints are barred or limited by the economic loss doctrine.

26. The Complaints are barred, in whole or in part, by the applicable statutes of repose.

27. The Complaints are barred, in whole or in part, to the extent the plaintiff have failed to exhaust administrative remedies.

28. The Complaints are barred by the doctrine of unclean hands.

29. The Complaints are barred by the doctrines of res judicata and collateral estoppel

from all forms of relief sought in the Complaints.

30. The Complaints are barred, in whole or in part, under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

31. The Complaints are barred by the doctrines of intervening caused and/or superseding cause.

32. The Complaints barred, in whole or in part, to the extent that they arose from acts or conditions constituting appropriate business operations and conforming to the state of the art or prevailing customs, standards, or industry practices at the relevant time.

33. The Complaints are barred to the extent they are grounded on any theory of strict liability, or liability without fault, which constitutes a deprivation of Defendant's property without due process of law in violation of the Constitution of the United States of America and other applicable provisions of the Constitution of any other state whose laws may apply.

34. The Complaints are barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

35. The Complaints are barred where they allege any claim for breach of warranty, to the extent that any warranties were disclaimed and/or were limited and/or where Plaintiffs did not provide reasonable notice of any alleged breach of warranty.

36. Defendant asserts its rights to allocation or apportionment of fault pursuant to applicable state law, as well as its rights to a proportionate reduction of any damages found against Defendant based on the negligence or other conduct of any settling tortfeasor and/or

responsible third party and/or Plaintiffs.

37.     The Complaints are barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

38.     The Complaints are barred, in whole or in part, because this Defendant adequately discharged any duty to warn.

39.     Defendant is entitled to all the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and to the protections of other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

40.     Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute or are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and other applicable provisions of the Constitution of any other state whose laws may apply.

41.     The Complaints are barred, in whole or in part, to the extent that the alleged injuries, disabilities, losses and damages, if any, were due to preexisting conditions, for which Defendant had no control and for which Defendant cannot be held responsible or liable.

42.     Defendant reserves the right to assert all applicable defenses under Federal Rules of Civile Procedure 8(c) and 12(b), which are all are incorporated herein by reference to the extent any have not been stated explicitly.

43.     Defendant adopts by reference any additional applicable defense pleaded by any other Defendants not otherwise pleaded herein.

44.     Defendant reserves the right to assert and does not waive any additional further

defenses which may be revealed by additional information that may be acquired in discovery or otherwise.

>Respectfully submitted,
>
>**SWEENY, WINGATE & BARROW, P.A.**
>
>s/Mark V. Gende
>Mark V. Gende Fed. I.D. No. 9448
>Brandon R. Gottschall Fed. I.D. No. 12201
>Madison C. Killen Fed. I.D. No. 14079
>Sweeny, Wingate & Barrow, P.A.
>Post Office Box 12129
>Columbia, SC  29211
>(803) 256-2233
>
>**ATTORNEYS FOR THE DEFENDANT**

Columbia, South Carolina

October 24, 2023