IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Order Relates To**<br>*City of Camden, et al., v. 3M Company,*<br>No. 2:23-cv-03147-RMG |

Before the Court is (1) the Parties'[1] joint motion to supplement the preliminarily approved allocation procedures (Dkt. No. 3856); (2) Metropolitan Water District of Southern California and the North Texas Municipal Water District (collectively the "Wholesalers")'s motion to intervene for limited purpose (Dkt. No. 3829); and (3) the Wholesalers' motion to for extension of time to seek settlement clarification (Dkt. No. 3830). For the reasons stated below, the Parties' joint motion to supplement is **GRANTED**, the Wholesalers' motion to intervene is **GRANTED** for the limited purpose of considering the motion for extension of time, and the Wholesalers' motion to extend time is **DENIED**.

The Parties, to the "extent the Court deems it necessary to consider and decide" Wholesalers' motion for extension of time, do not object to intervention for the limited purpose of deciding said motion to extend time. (Dkt. No. 3857 at 1). The Parties do object, however, to the motion to extend time.

The Wholesalers seek "written clarity on the negotiating parties' intent with respect to the

---

[1] Plaintiffs are the City of Camden, City of Brockton, City of Sioux Falls, California Water Service Company, City of Del Ray Beach, Coraopolis Water & Sewer Authority, Township of Verona, Dutchess County Water & Wastewater Authority and Dalton Farms Water System, City of South Shore, City of Freeport, Martinsburg Municipal Authority, Seaman Cottages, Village of Bridgeport, City of Benwood, Niagara County, City of Pineville, and City of Iuka (collectively "Plaintiffs"). Defendant is the 3M Company ("3M"). Collectively, Plaintiffs and 3M are referred to as the "Parties."

1

status of wholesalers under the Proposed Settlement[].？ (Dkt. No. 3830-5 at 5). Namely, Wholesalers seek clarification regarding "whether: (1) wholesale water suppliers like the Wholesalers are eligible class members; (2) there are situations in which neither wholesalers nor retail water purchasers can claim allocated awards for PFAS-related treatment costs; (3) wholesalers or purchasers that participate in the proposed settlement will release their claims against 3M without being able to claim any allocated award; (4) the definition of 'Releasing Persons' encompasses every wholesaler and purchaser in a chain of transactions, even when such entities have no permission to release on behalf of one another." (Dkt. No. 3830 at 5). The Wholesalers further request—even if the Parties "swiftly move to amend . . . to clarify the following issues"—a 60-day extension of the time to file objections to and opt-out of the Parties' proposed settlement. (*Id.* at 6).

In response to the Wholesalers' filings, the Parties moved to supplement the preliminary approved settlement with specific guidance. The Parties' filed their proposed "Joint Interpretative Guidance on Interrelated Drinking-Water Systems" (the "Guidance") with the Court. (Dkt. No. 3856-1). In the Guidance, the Parties clarify, inter alia, that the "Settlement Agreement applies to Public Water Systems that operate as wholesalers," that "wholesalers and their retail customers" are Settlement Class Members if they fall within the definition of the "Settlement Class," and that purchased water is "covered by the Settlement and will be taken into account by the Claims Administrator under the Allocation Procedures." (*Id.* at 1). The Guidance further details how wholesalers and retail customers may allocate recovery ("Operation of Allocation Procedures"), the "Mechanics for Submission of Claim Forms" relative to wholesaler-retailer relationships and addresses the "Scope of the Release" and the "Definition of 'Water Source.'" (*Id.* at 2-6).

After careful review, the Court accepts the Guidance as a supplement to the Allocation Procedures found at Ex. Q of the Settlement Agreement and **GRANTS** the parties' joint motion

to supplement. (Dkt. No. 3856).

Considering the Guidance, the Court **DENIES** the Wholesalers' motion for extension to seek settlement clarification. *See In re MI Windows & Doors, Inc., Prod. Liab. Litig.*, 860 F.3d 218, 226-27 (4th Cir. 2017) ("A district court has discretion to grant relief from a class opt-out deadline based on Federal Rule of Civil Procedure 6(b)(1)."). The requested 60-day extension is unnecessary because the Guidance directly addresses the concerns the Wholesalers have raised. Further, Settlement Class Members have over two weeks—until November 11, 2023—to consider the Guidance and lodge objections. And Settlement Class Members have nearly 47 days before the December 11, 2023 Opt-Out deadline. *See also* (Dkt. No. 3857 at 3-4) (noting Settlement Class Members have had access to the Settlement Agreement since July 3, 2023 and that a 60-day extension of pertinent deadlines is potentially prejudicial in that it would delay payment to class members and potentially sow confusion among class members leading to "premature or duplicative objection, opt-out, and claims submissions").

Accordingly, for the reasons stated above, the Parties' joint motion to supplement is **GRANTED** (Dkt. No. 3856), the Wholesalers' motion to intervene is **GRANTED** for the limited purpose of considering the motion for extension of time (Dkt. No. 3829), and the Wholesalers' motion to extend time is **DENIED** (Dkt. No. 3830).

**AND IT IS SO ORDERED**

October 26, 2023
Charleston, South Carolina

s/Richard M. Gergel
Richard M. Gergel
United States District Judge

3