IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Document relates to**:<br><br>*City of Camden, et al., v. 3M Company,*<br>No. 2:23-cv-03147-RMG |

**THE PARTIES' JOINT RESPONSE TO LEECH LAKE BAND OF OJIBWE'S MOTIONS TO INTERVENE AND FOR CLARIFICATION
AND
THE PARTIES' JOINT CONSENT MOTION TO SUPPLEMENT THE PRELIMINARILY APPROVED SETTLEMENT AGREEMENT**

Plaintiffs—City of Camden, City of Brockton, City of Sioux Falls, California Water Service Company, City of Del Ray Beach, Coraopolis Water & Sewer Authority, Township of Verona, Dutchess County Water & Wastewater Authority and Dalton Farms Water System, City of South Shore, City of Freeport, Martinsburg Municipal Authority, Seaman Cottages, Village of Bridgeport, City of Benwood, Niagara County, City of Pineville, and City of Iuka—and Defendant—3M Company ("3M")—jointly submit this response to the motions to intervene and for clarification filed by the Leech Lake Band of Ojibwe (the "Band"), ECF Nos. 83, 84, and joint consent motion to supplement the preliminarily approved Settlement Agreement.

To the extent that the Court deems it necessary to consider and decide the Motion to Intervene (ECF No. 83), the Parties do not object to intervention by the Band for the limited purpose of presenting their Motion for Clarification (ECF No. 84), so that the Court can expeditiously address the clarification motion. However, the Parties do not concede that the Motion to Intervene is timely or otherwise meritorious. Indeed, the Parties agree with the Band's

1

conclusion that "none of the Band's water systems appear[s] to qualify" as an Eligible Claimant under the 3M Settlement. ECF No. 84-1 at 1.[1]

As for the clarification motion, the Parties ask that it be denied as moot in light of the guidance offered herein and herewith. The Parties share an interest in dispelling any potential confusion regarding the Settlement Agreement that may be reflected in the Band's request for clarification. Generally speaking, the questions presented by the Band flow from a central premise that the Settlement Agreement may not apply, or may apply differently, to any Public Water System owned or operated by a Tribe. That is not the case.

Having addressed the central premise of the Band's request for clarification, the remaining questions raised by the Band are addressed as to all Class Members (whether Tribe-owned or not) by the following documents:

- Parties' Consent Motion to Amend Exhibits to Motion for Preliminary Approval (ECF No. 59) and its exhibits;

- Parties' Joint Interpretive Guidance on Interrelated Drinking-Water Systems (ECF No. 78-1); and

- Parties' Joint Interpretive Guidance on Entities that Own and/or Operate Multiple Public Water Systems (ECF No. 85-1).

---

[1] According to the Band, four of its eleven water systems are Non-Transient Non-Community Water Systems serving 3,300 or fewer people, which are excluded from the definition of Public Water System—and therefore are not part of the Settlement Class. *See* Settlement ¶¶ 2.57, 5.1. The Band says its seven other water systems are community water systems (ECF No. 84-1 at 4), which are Public Water Systems under the Settlement Agreement. Settlement ¶ 2.57. And the Band suggests that some of those systems would qualify for class membership "by number of users." ECF No. 84-1 at 1. But in fact, none of these systems appears to meet the remaining requirements for class membership of (a) having a qualifying positive PFAS test result as of the Settlement Date; (b) being required to test for certain PFAS under the UCMR-5; or (c) serving more than 3,300 people, according to the U.S. Environmental Protection Agency's Safe Drinking Water Information System Federal Reporting Services system ("SDWIS"), as of the Settlement Date. Settlement ¶ 5.1.

However, discussions among the Parties and written communications from the Band have resulted in the Parties' agreement to supplement the Settlement Agreement with the Parties' Joint Interpretive Guidance on Federally Recognized Indian Tribes and Public Water Systems that They Own or Operate (the "Joint Interpretive Guidance") attached hereto, for the purpose of offering clarity and confirmation on issues raised by the Band. Class Counsel and 3M respectfully request that the Court enter an Order accepting the Joint Interpretive Guidance as a supplement to the preliminarily approved Settlement Agreement.

Dated: November 10, 2023

Respectfully submitted,

*/s/ Richard F. Bulger*
Richard F. Bulger
Daniel L. Ring
Michael A. Olsen
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
312-782-0600
dring@mayerbrown.com
molsen@mayerbrown.com
rbulger@mayerbrown.com

Brian Duffy
Duffy & Young
96 Broad Street
Charleston, SC 29401
843-720-2044
bduffy@duffyandyoung.com

*Counsel for 3M Company*

*/s/ Michael London*
Michael A. London
Douglas and London PC
59 Maiden Lane, 6th Floor
New York, NY 10038
212-566-7500
212-566-7501 (fax)
mlondon@douglasandlondon.com

*/s/ Paul J. Napoli*
Paul J. Napoli
Napoli Shkolnik
1302 Avenida Ponce de León
San Juan, Puerto Rico 00907
Tel: (833) 271-4502
Fax: (646) 843-7603
pnapoli@nsprlaw.com

*/s/ Scott Summy*
Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
214-521-3605
ssummy@baronbudd.com

*/s/ Elizabeth A. Fegan*
Elizabeth A. Fegan
Fegan Scott LLC
150 S. Wacker Drive, 24h Floor
Chicago, IL 60606
312-741-1019
beth@feganscott.com

*/s/ Joseph F. Rice*
Joseph F. Rice
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
843-216-9159
jrice@motleyrice.com

*Class Counsel*

4

## THE PARTIES' JOINT INTERPRETIVE GUIDANCE ON
## FEDERALLY RECOGNIZED INDIAN TRIBES AND
## PUBLIC WATER SYSTEMS THAT THEY OWN OR OPERATE

This memorandum provides guidance on how the Settlement Agreement between Public Water Systems and 3M Company applies to federally recognized Indian Tribes and Public Water Systems that they own or operate. The Parties will ask the Court to supplement the Settlement Agreement with this memorandum.

The Settlement Agreement does not categorically exclude or otherwise afford differential treatment to Public Water Systems owned or operated by federally recognized Indian Tribes. While the Settlement Agreement expressly excludes from the class definition certain Public Water Systems owned by the federal government or by state governments, it contains no such exclusion for Public Water Systems owned or operated by Tribes. Indeed, the Settlement Agreement contains no provisions whatsoever specifically addressing or differentiating Public Water Systems owned or operated by Tribes.

The effect of the Settlement Agreement is therefore clear: If a Public Water System owned by a Tribe otherwise meets the Settlement Class definition, that system is an Eligible Claimant and, unless the system opts out, that system will be a Class Member and the Settlement will apply in the same manner as it does to every other Class Member. This result—inclusion in the Settlement with the option to opt out—pays respect to Tribal self-government and self-determination and provides Tribe-owned Public Water Systems with a degree of flexibility not afforded to the subset of federal- and state-owned systems that are categorically excluded from the Settlement.

If one Public Water System that is owned or operated by a federally recognized Indian Tribe and is an Eligible Claimant opts out (i.e., submits a Request for Exclusion) and thus does not become a Class Member, that action alone would not automatically result in all Eligible Claimants owned or operated (or owned and operated) by the same Tribe, opting out. The Settlement Agreement's Exhibit B (Notice) expressly states:

> If you own or operate more than one Public Water System and are authorized to determine whether to submit Requests for Exclusion on those Public Water Systems' behalf, you may submit a Request for Exclusion on behalf of some of those Public Water Systems but not the other(s). You must submit a Request for an Exclusion on behalf of each such Public Water System that you wish to opt out of the Settlement Class. Any Public Water System that is not specifically

5

identified in a Request for Exclusion will remain in the Settlement Class.

Likewise, as to the Release, if a federally recognized Indian Tribe that owns or operates (or owns *and* operates) multiple Public Water Systems becomes a Class Member as to some of them, but opts out as to others, that Tribe's claims are released as to the former Public Water Systems and their Drinking Water and are not released as to the latter Public Water Systems and their Drinking Water.  And if a Class Member is owned by one federally recognized Indian Tribe but is operated by an entity that owns and/or operates multiple Public Water Systems, the Class Member's decision not to opt out would result in releasing that entity's claims related to the Class Member and its Drinking Water but would not, by itself, result in releasing the claims of other Public Water Systems owned and/or operated by that entity.

Finally, the Parties' mutual understanding is that a Release on behalf of a Tribe-owned Class Member, consistent with the terms of the Settlement Agreement, would not release a Claim that the Tribe might bring, in its sovereign capacity as a natural-resource trustee, for natural-resource damages that are wholly unrelated to Drinking Water or any Public Water System.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 10, 2023, a copy of the foregoing Parties' Joint Response to Leech Lake Band of Ojibwe's Motions to Intervene and for Clarification and the Parties' Joint Consent Motion to Supplement the Preliminarily Approved Settlement Agreement was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Michael London*
Michael A. London
Douglas and London PC
59 Maiden Lane, 6th Floor
New York, NY 10038
212-566-7500
212-566-7501 (fax)
mlondon@douglasandlondon.com

*DRAFT 11-10-2023*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> **This Document relates to**: <br><br> *City of Camden, et al., v. 3M Company,* No. 2:23-cv-03147-RMG |

### [PROPOSED] ORDER GRANTING THE PARTIES' JOINT CONSENT MOTION TO SUPPLEMENT THE PRELIMINARILY APPROVED SETTLEMENT AGREEMENT

For good cause appearing, the Parties' Joint Consent Motion to Supplement the Preliminarily Approved Settlement Agreement is hereby GRANTED. The Court accepts the Parties' Joint Interpretive Guidance on Federally Recognized Indian Tribes and Public Water Systems that They Own or Operate, attached to the Motion, as a supplement to the preliminarily approved Settlement Agreement.

SO ORDERED.

Charleston, South Carolina, this _____ day of _____, 2023.

 

_____
UNITED STATES DISTRICT JUDGE