IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Document relates to**:<br><br>*City of Camden, et al., v. E..I DuPont De Nemours and Compay (n/k/a EIDP, Inc.) et al.,*<br>No. 2:23-cv-03230-RMG |

**THE PARTIES' JOINT RESPONSE TO LEECH LAKE BAND OF OJIBWE'S MOTIONS TO INTERVENE AND FOR CLARIFICATION
AND
THE PARTIES' JOINT CONSENT MOTION TO SUPPLEMENT THE PRELIMINARILY APPROVED SETTLEMENT AGREEMENT**

Plaintiffs—City of Camden, City of Brockton, City of Sioux Falls, California Water Service Company, City of Del Ray Beach, Coraopolis Water & Sewer Authority, Township of Verona, Dutchess County Water & Wastewater Authority and Dalton Farms Water System, City of South Shore, City of Freeport, Martinsburg Municipal Authority, Seaman Cottages, Village of Bridgeport, City of Benwood, Niagara County, City of Pineville, and City of Iuka—and Defendants—The Chemours Company, The Chemours Company FC, LLC, DuPont de Nemours, Inc., Corteva, Inc., and E.I. DuPont de Nemours and Company n/k/a EIDP, Inc. ("Settling Defendants")—jointly submit this response to the motions to intervene and for clarification filed by the Leech Lake Band of Ojibwe (the "Band"). ECF Nos. 50, 51. To the extent that the Court deems it necessary to consider and decide the Motion to Intervene for Limited Purpose (ECF No. 50), the Parties do not object to intervention by the Band for the limited purpose of presenting their Motion for Clarification (ECF No. 51).[1] However, the Parties do not concede that the Motion to

---

[1] Courts have concluded that intervention by class members is not necessary where they have other opportunities to have a voice. *See, e.g.*, *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, No.

1

Intervene for Limited Purpose is timely or that the interests of the Band are inadequately represented in this matter.

The Parties share an interest in dispelling any potential confusion regarding the Settlement Agreement that may be reflected in the Band's request for clarification. Generally speaking, the questions presented by the Band flow from a central premise that the Settlement Agreement may not apply, or may apply differently, to any Public Water System owned or operated by a Tribe. That is not the case.

Having addressed the central premise of the Band's request for clarification, the remaining questions raised by the Band are addressed as to all Settlement Class Members (whether Tribe-owned or not) by the following documents:

- Parties' Joint Interpretive Guidance on Interrelated Drinking-Water Systems (ECF No. 45-1); and

- Parties' Joint Interpretive Guidance on Entities that Own and/or Operate Multiple Public Water Systems (ECF No. 52-1).[2]

However, discussions among the Parties and written communications from the Band have resulted in an agreement to supplement the Settlement Agreement with the Parties' Joint Interpretive Guidance on Federally Recognized Indian Tribes and Public Water Systems that They Own or Operate (the "Joint Interpretive Guidance") attached hereto, for the purpose of offering clarity and confirmation on issues raised by the Band. Class Counsel, and the Settling Defendants

---

10-CV-14360, 2016 WL 4475011, at *6 (E.D. Mich. Aug. 25, 2016); *Zepeda v. PayPal, Inc.*, 10-cv-2500, 2014 WL 1653246, at *4 (N.D. Cal. Apr. 23, 2014).

[2] The Band questions the impact of "indemnity provisions" on Tribes. ECF No. 50 at 1. The Settlement Agreement for the Settling Defendants never included a provision requiring indemnification by Settlement Class Members. No clarification on this issue is required.

3

respectfully request that the Court enter an Order accepting the Joint Interpretive Guidance as a supplement to the preliminarily approved Settlement Agreement.

Dated: November 10, 2023

/s/   *David Brenton Dwerlkotte*
David Brenton Dwerlkotte
Shook, Hardy & Bacon L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Phone: (816) 474-6550
Facsimile: (816) 421-5547
Dbdwerlkotte@shb.com

*Counsel for The Chemours Company and The Chemours Company FC, LLC, DuPont de Nemours, Inc., Corteva, Inc., and E.I. DuPont de Nemours and Company n/k/a EIDP, Inc.*

Respectfully submitted,

/s/ *Michael London*
Michael A. London
Douglas and London PC
59 Maiden Lane, 6th Floor
New York, NY 10038
212-566-7500
212-566-7501 (fax)
mlondon@douglasandlondon.com

/s/ *Paul J. Napoli*
Paul J. Napoli
Napoli Shkolnik
1302 Avenida Ponce de León
San Juan, Puerto Rico 00907
Tel: (833) 271-4502
Fax: (646) 843-7603
pnapoli@nsprlaw.com

/s/ *Scott Summy*
Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
214-521-3605
ssummy@baronbudd.com

/s/ *Elizabeth A. Fegan*
Elizabeth A. Fegan
Fegan Scott LLC
150 S. Wacker Drive, 24h Floor
Chicago, IL 60606
312-741-1019
beth@feganscott.com

/s/ *Joseph F. Rice*
Joseph F. Rice
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
843-216-9159
jrice@motleyrice.com

*Class Counsel*

## THE PARTIES' JOINT INTERPRETIVE GUIDANCE ON FEDERALLY RECOGNIZED INDIAN TRIBES AND PUBLIC WATER SYSTEMS THAT THEY OWN OR OPERATE

This memorandum provides guidance on how the Settlement Agreement between Public Water Systems and The Chemours Company, The Chemours Company FC, LLC, DuPont de Nemours, Inc., Corteva, Inc., and E.I. DuPont de Nemours and Company, n/k/a EIDP, Inc., applies to federally recognized Indian Tribes and Public Water Systems that they own or operate. The Parties will ask the Court to supplement the Settlement Agreement with this memorandum.

The Settlement Agreement does not categorically exclude or otherwise afford differential treatment to Public Water Systems owned or operated by federally recognized Indian Tribes. While the Settlement Agreement expressly excludes from the class definition certain Public Water Systems owned and operated by the federal government or by state governments, it contains no such exclusion for Public Water Systems owned or operated by Tribes. Indeed, the Settlement Agreement contains no provisions whatsoever specifically addressing or differentiating Public Water Systems owned or operated by Tribes.

The effect of the Settlement Agreement is therefore clear: If a Public Water System owned by a Tribe otherwise meets the Settlement Class definition, unless the system opts out that system is a Settlement Class Member and the Settlement will apply in the same manner as it does to every other Settlement Class Member. This result—inclusion in the Settlement with the option to opt out—pays respect to Tribal self-government and self-determination and provides Tribe-owned Public Water Systems with a degree of flexibility not afforded to the subset of federal- and state-owned and operated systems that are categorically excluded from the Settlement.

If one Public Water System that is owned or operated by a federally recognized Indian Tribe opts out (i.e., submits a Request for Exclusion) and thus does not remain a Settlement Class Member, that action alone would not automatically result in all Public Water Systems owned or operated (or owned and operated) by the same Tribe, opting out. The Settlement Agreement's Exhibit E (Notice) expressly states:

> If you own or operate more than one Public Water System and are authorized to determine whether to submit Requests for Exclusion on those Public Water Systems' behalf, you may submit a Request for Exclusion on behalf of some of those Public Water Systems but not the other(s). You must submit a Request for an Exclusion on behalf

5

of each such Public Water System that you wish to opt out of the Settlement Class. Any Public Water System that is not specifically identified in a Request for Exclusion will remain in the Settlement Class.

Likewise, as to the Release, if a federally recognized Indian Tribe that owns or operates (or owns *and* operates) multiple Public Water Systems remains a Settlement Class Member as to some of them, but opts out as to others, that Tribe's claims are released as to the former Public Water Systems and their Drinking Water and are not released as to the latter Public Water Systems and their Drinking Water. And if a Settlement Class Member is owned by one federally recognized Indian Tribe but is operated by an entity that owns and/or operates multiple Public Water Systems, the Settlement Class Member's decision not to opt out would result in releasing that entity's claims related to the Settlement Class Member and its Drinking Water but would not, by itself, result in releasing the claims of other Public Water Systems owned and/or operated by that entity.

Finally, the Parties' mutual understanding is that a Release on behalf of a Tribe-owned Settlement Class Member, consistent with the terms of the Settlement Agreement, would not release a Claim that the Tribe might bring, in its sovereign capacity as a natural-resource trustee, for natural-resource damages that are wholly unrelated to Drinking Water or any Public Water System.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 10, 2023, a copy of the foregoing Parties' Joint Response to Leech Lake Band of Ojibwe's Motions to Intervene and for Clarification and the Parties' Joint Consent Motion to Supplement the Preliminarily Approved Settlement Agreement was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                            */s/ Michael London*
                                            Michael A. London
                                            Douglas and London PC
                                            59 Maiden Lane, 6th Floor
                                            New York, NY 10038
                                            212-566-7500
                                            212-566-7501 (fax)
                                            mlondon@douglasandlondon.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Document relates to**:<br><br>*City of Camden, et al., v. E..I DuPont De Nemours and Compay (n/k/a EIDP, Inc.) et al.,*<br>No. 2:23-cv-03230-RMG |

**[PROPOSED] ORDER GRANTING
THE PARTIES' JOINT CONSENT MOTION TO SUPPLEMENT
THE PRELIMINARILY APPROVED SETTLEMENT AGREEMENT**

For good cause appearing, the Parties' Joint Consent Motion to Supplement the Preliminarily Approved Settlement Agreement is hereby GRANTED. The Court accepts the Parties' Joint Interpretive Guidance on Federally Recognized Indian Tribes and Public Water Systems that They Own or Operate, attached to the Motion, as a supplement to the preliminarily approved Settlement Agreement.

SO ORDERED.

Charleston, South Carolina, this _____ day of _____, 2023.

 

_____

UNITED STATES DISTRICT JUDGE