**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) |

MDL No. 2:18-mn-2873-RMG

**This Document Relates to:**

*City of Camden, et al. v. 3M Company*, Case No. 2:23-cv-03147-RMG

<u>**OBJECTIONS OF THE LITTLE HOCKING WATER ASSOCIATION, INC.**</u>

These objections to the proposed settlement agreement in *City of Camden, et al. v. 3M Company*, Case No. 2:23-cv-03147-RMG ("3M Settlement") are filed on behalf of the Little Hocking Water Association, Inc., 3998 Newbury Road, Little Hocking, Ohio 45742. Little Hocking is a rural water provider in Southeast, Ohio that provides water for consumption, bathing, and other purposes to thousands of users. Little Hocking is identified as a Phase One Eligible Claimant on Amended Exhibit E to the 3M Settlement. ECF 3620-5, Page 108 of 137.

Little Hocking has long been the epicenter of the PFAS water crisis and had the dubious distinction of having the highest known levels of PFOA of any public water supply. For over two decades, Little Hocking has led the fight on PFAS issues in Ohio, for many years without any assistance from regulators. Little Hocking has significant protectable interests in ensuring that the 3M Settlement provides meaningful resources that allow Little Hocking and other similarly situated water providers to remediate the impacts of PFAS on their drinking water. However, the 3M Settlement raises avoidable significant operational threats for any tax-exempt water system

with moderate to severe PFAS contamination, including Little Hocking and its users, some of which are explained below.

### Objection: The 3M Settlement Shifts the Long-Term Burden to Water Utilities

The total settlement amount is much less than the anticipated damage from PFAS contamination nationally and therefore does not fairly, reasonably, and adequately remedy PFAS contamination by 3M for water providers in the United States. In 3M's home state, the Minnesota Pollution Control Agency estimates that it will cost between $14 billion and $28 billion to clean up PFAS in just Minnesota.[1] Politico reports that cleaning up PFAS in drinking water nationwide could cost $400 billion.[2] The estimated costs for water systems in California to deal with these issues are in excess of $40 billion. Because of this, the 3M Settlement would ultimately shift the vast majority of the cost of the water contamination from those companies that benefited from the wrongful acts of disposal and sale and use of PFAS and that have the greatest capacity to bear the brunt of the problem to water utilities that have a much lower capacity to bear the costs resulting from the contamination.

### Objection: The 3M Settlement Release is Overbroad

First, Little Hocking agrees with many of the objections to the release submitted by the City of Fort Worth, Texas (Entry Number 3953), including that the release is overbroad because it appears to include all PFAS and personal injury claims. Because of this, the 3M Settlement's release provision at ¶ 11 is overbroad because it extends well beyond the factual predicate of the case.

---

[1] https://www.pca.state.mn.us/news-and-stories/groundbreaking-study-shows-unaffordable-costs-of-pfas-cleanup-from-wastewater#:~:text=Unaffordability%20of%20PFAS%20cleanup%20from%20wastewater&text=PFAS%20can%20be%20bought%20for,wastewater%2C%20depending%20on%20facility%20size.

[2] https://www.politico.com/news/2022/09/13/the-battle-over-who-pays-to-clean-up-chemicals-00056136

Second, the Little Hocking organizational facts illustrate the settlement problem faced by many tax-exempt water systems, especially 501(c)(12) systems. Little Hocking water users are "members" of the non-profit Little Hocking Water Association, not traditional utility customers. Little Hocking has concern that some of the language is so broad that settling entities may, by entering into the agreement, be prejudicing the claims of individual members. For example, settlement language purports to include those in "privity" with settling water utilities. 3M Settlement, ¶ 2.61. It should be made clear that the individual claims of water provider members and users, including any claims for personal injury or property damage against 3M, are not covered by the settlement agreement.

Third, the overbreadth of the release is exacerbated by the requirement that class members write a letter in the event that 3M is sued by a third party. Amended Exhibit P. These requirements and obligations create the impression that the burden to pay future third party claims has been shifted from 3M to the water providers.

**Objection: More Time is needed to evaluate the Tax Treatment of the Settlement Payments**

Because of the uncertainty surrounding tax treatment of the payments, class members are not able to evaluate how adequately settlement payments will assist in addressing the PFAS contamination crisis. Little Hocking is a powerful illustration of the dilemma. Little Hocking is a tax-exempt organization under 501(c)(12). Because of this tax-exempt status, Little Hocking has been able to operate efficiently and to supply water to thousands of users with water at relatively low cost. However, to continue to qualify as a 501(c)(12), Little Hocking must receive 85% of its annual income from its members. Little Hocking is confronted with potentially losing its tax-exempt status because of funds it would receive in years 1 and 2 and the lesser amounts it would receive in ensuing years. This will lead to years of non-tax-exempt operation. Losing its tax-exempt status would mean the settlement proceeds and all of Little Hocking's ***other operating***

*revenue* will be taxed at the corporate tax rate and significantly raise the cost of Little Hocking's general operations, and consequently increase the bills to its members.

Moreover, for Little Hocking, and others like it, to have a fighting chance to deal with the growing PFAS crisis over the decades to come, a portion of the money would need to be spent and the balance would need to be invested to stay ahead of the problem and fight spurts of inflation. Unless the situation is corrected, the funds will be taxed and depleted.

As members of Congress have pointed out to the IRS in recent communications related to analogous PFAS payments, it would be unjust for these PFAS settlement payments (to any water provider facing the burden) to be taxed on grants and settlements since these funds are intended to reimburse the water systems for infrastructure and O&M costs to address contamination now and in the future. Little Hocking is concerned that settlement recipients could be prevented from accessing the financial assistance offered by the settlements, ultimately hindering recipients' ability to provide safe drinking water.

As soon as Little Hocking did its own extensive research and discovered the dimension of the tax issue, Little Hocking immediately notified Class Counsel of these tax-related concerns to access remedies and revenue rulings that might apply and to discuss strategies to give water systems a fighting chance to use the inadequate funds provided for the intended purpose. Yesterday, Little Hocking was told by a designated Lead Counsel to "consult its tax advisors." Little Hocking tried to make it clear that it was not asking Lead Counsel for tax advice about Little Hocking, but trying to point out a generic, perhaps fixable defect. The response provided compelled filing this formal objection.

It is Little Hocking's understanding that class counsel has to-date not formally evaluated these tax issues, at least as these issues relate to non-profits that must meet income tests. Before

4

class members are forced to decide whether to accept the funds or opt out, the class needs

clarification that these settlement payments are akin to and would be treated similarly to general

welfare and disaster relief payments. At the very least, it is clear that more time is needed for

prospective class members, such as Little Hocking, to further evaluate the tax implications of the

settlement proceeds and obtain revenue rulings from the IRS.

    Dated: November 11, 2023.


                                        Respectfully submitted,

                                        */s/ Justin D. Newman*

                                        Justin D. Newman (Ohio Bar # 0080968)
                                        AltmanNewman Co., LPA
                                        15 East 8th Street, Suite 200W
                                        Cincinnati, Ohio 45202
                                        Phone: (513) 721-2180
                                        Fax: (513) 721-2299
                                        jnewman@environlaw.com
                                        *Attorney for the Little Hocking Water Association*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing document was served by mail and/or email on

the following on November 11, 2023:

Clerk, United States District Court for the District of South Carolina
85 Broad Street
Charleston, SC 29401

Kevin H. Rhodes
Executive Vice President and Chief Legal Affairs Officer
3M Company
3M Center, 220-9E-01
St. Paul, MN 55144-1000

Thomas J. Perrelli
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412

Richard F. Bulger
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Ave., Ste. 1100
Dallas, TX 75219

Michael A. London
Douglas & London
59 Maiden Lane, 6th Floor
New York, NY 10038

Paul J. Napoli
Napoli Shkolnik
1302 Av. Ponce de Leon
San Juan, Puerto Rico 00907

Elizabeth A. Fegan
Fegan Scott LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606

Joseph F. Rice
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

*/s/ Justin D. Newman*

Justin D. Newman (Ohio Bar # 0080968)
*Attorney for the Little Hocking Water Association*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG<br><br>**This Document Relates to:**<br><br>*City of Camden, et al. v. 3M Company*, Case No. 2:23-cv-03147-RMG |

**AFFIDAVIT OF JUSTIN D. NEWMAN**

I, Justin D. Newman, hereby declare under penalty of perjury in accordance with 28 U.S.C. § 1746 and ¶ 8.4.1. of the proposed settlement between Defendant 3M and public water providers ("3M Agreement") that the following is true and correct.

1.      I am over the age of eighteen and have personal knowledge to the facts stated herein.

2.      I submit this declaration in support of the Little Hocking Water Association's objections to the 3M Agreement in *City of Camden, et al. v. 3M Company*, Case No. 2:23-cv-03147-RMG.

3.      I am Vice President of the AltmanNewman Co., LPA law firm. I have represented the Little Hocking Water Association in PFAS-related litigation since 2006.

4.      The Little Hocking Water Association is a Class Member. *3M Agreement*, ¶ 5.1. The Association is an Active Public Water System because its status in the Safe Drinking Water Information System (SDWIS) is "active" and it provides to the public water for human consumption through at least 15 service connections and regularly serves at least 25 individuals daily at least 60 days out of the year. *Id.* at ¶¶ 2.4, 2.54. The Association has one or more

1

Impacted Water Sources as of the Settlement Date. And, it is required to test for certain PFAS under the Fifth Unregulated Contaminant Monitoring Rule (UCMR 5). *Id.* at ¶ 5.1. Further, The Little Hocking Water Association is identified as a Phase One Eligible Claimant on Amended Exhibit E to the 3M Agreement. ECF 3370-3, Page 236 of 567. Little Hocking therefore has standing. *3M Agreement*, ¶ 8.4.1.1.

5.    I certify that my law firm has been authorized to object on behalf of Eligible Claimant the Little Hocking Water Association in *City of Camden, et al. v. 3M Company*, Case No. 2:23-cv-03147-RMG.

6.    The objections and support for each objection are included in the memo titled "Objections."

7.    The name, address, telephone and facsimile numbers, and email address of counsel representing the Little Hocking Water Association are:

- Justin D. Newman
    - Address: 15 East 8th Street, Suite 200W, Cincinnati, Ohio 45202
    - Phone: (513) 721-2180
    - Fax: (513) 721-2299
    - Email: jnewman@environlaw.com
- D. David Altman
    - Address: 15 East 8th Street, Suite 200W, Cincinnati, Ohio 45202
    - Phone: (513) 721-2180
    - Fax: (513) 721-2299
    - Email: daltman@environlaw.com

2

8.      The Little Hocking Water Association wishes to have counsel appear on its behalf at the Final Fairness Hearing. *3M Agreement*, ¶ 8.4.1.5.

9.      The Little Hocking Water Association does not intend, at this time, to call any witnesses to testify at the Final Fairness Hearing, but reserves its right to provide timely notice if it later identifies any such witnesses it intends to call. *3M Agreement*, ¶ 8.4.1.6.


I declare under penalty of perjury that the foregoing is true and correct under 28 U.S.C. § 1746.

Executed this 11th day of November, 2023 in Cincinnati, Ohio.


Justin D. Newman

3