# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**ORDER** |

The Court has been advised that information has been provided to prospective water district settlement class members indicating that should a party opt out of the proposed settlements of Defendants Dupont Entities[1] and 3M Company, the party's case pending in the MDL would be promptly remanded to its home district court. Any party acting on this information would be misinformed. As the Court stated during the July 14, 2023 status conference, any party electing to opt out of the proposed settlements would remain in the MDL for the foreseeable future to address the numerous outstanding issues that remain unresolved. (Dkt. No. 3406 at 17-18). These issues include, but are not limited to, the liability of the Telomer Manufacturers, the Government's claim of immunity, and the viability of the thousands of claims of individual plaintiffs.

Based on the Court's present MDL schedule, it appears unlikely that these and other critical issues can be disposed of in less than 36 months and perhaps longer. Should these water district cases presently in the MDL still not be resolved, any remand to the transferor district court would place these highly complex cases at the bottom of the transferor court's docket, likely resulting in significant delay. Any favorable verdict for plaintiffs would almost certainly be appealed. The Court predicted in the July 14, 2023 status conference that final disposition of the case of any party that elected to opt out could take up to a decade, which the Court continues to believe is a realistic

---

[1] The "Dupont Entities" include Defendants Chemours Company; The Chemours Company, FC, LLC; Dupont de Nemours, Inc.; Corteva, Inc., and E.I. Dupont de Nemours and Company, n/k/a EIDP, Inc.

1

estimate. (*Id*.).

Every party subject to the proposed Dupont and 3M settlements has the right to opt out and eventually to litigate its case in its home court. The multi-district litigation process has many benefits for both plaintiffs and defendants, most particularly by consolidating cases for purposes of pretrial processing, which dramatically reduces litigation costs for all parties and provides an effective mechanism to resolve large numbers of claims in an efficient manner. There are also downsides to the MDL process, which include considerable delays for parties which are unhappy with settlement proposals made in the MDL and seek a remand to litigate their case in their home court. In complex mass tort litigation such as is present in the AFFF MDL, with over 20,000 pending cases, the benefits of the MDL process far outweigh the downsides and avoid the enormous costs and disruption of judicial dockets which would result if these cases were pending before 670 different federal district judges in all 94 federal judicial districts.

The Court will continue its considerable efforts to complete the pretrial processing of these voluminous and highly complex cases and to help facilitate a fair and just resolution of claims if that can be accomplished. This work cannot be completed with a snap of the fingers and the full processing of these claims through the pretrial process is still several years away. As parties weigh the merits of any settlement proposal, they need to be mindful of delays that will necessarily occur before the unresolved water district cases can be remanded.

**AND IT IS SO ORDERED**

s/ Richard Mark Gergel
Richard M. Gergel
United States District Judge

December 5, 2023
Charleston, South Carolina