IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> **This Document Relates to:** <br><br> *City of Camden et al. v. E.I. du Pont de Nemours & Company et al.,* <br> *Case No. 2:23 cv-03230-RMG* |

**RESPONSE TO CLASS COUNSEL'S MOTION FOR EXTENSION OF TIME**

Class Counsel has incorrectly filed a Motion for Extension of Time to file a "Reply," when the substantive relief sought is to file a sur-reply. Representations that below-signed counsel to certain objectors ("Counsel to Objectors") "mistitled" a previous filing and "refused" consent to an extension of time are similarly inaccurate. Dkt. No. 4154 at 1. This Response addresses and corrects each point.

On November 28, Counsel to Objectors filed a reply brief. Dkt. No 4105. Class Counsel elected to file a combined "Motion for Final Approval of Class Settlement, for Final Certification of the Settlement Class, and in Response to Objections." Dkt. No. 4080 at 1. The Court's Scheduling Orders provided two separate deadlines—one for a Motion for Final Approval, and one for Responses to Objections, both deadlines set for the same day. *See* Dkt. Nos. 3891, 3935 (setting the schedule for both the Motion for Final Approval and the Response to Objections). But those Orders did not provide guidance on how responses and replies would proceed. Under those Scheduling Orders and the Local Rules, Class Counsel's combined filing put Objectors in a challenging position—file a response in 14 days to address arguments made in the Motion for Final

1

Approval, *see* Local Rule 7.06, file a reply in 7 days to address arguments made in objections, *see* Local Rule 7.07, or file some combination. Electing to address arguments made in response to objections, the Objectors filed a reply brief following the local rules, adhering to the applicable shorter time period and shorter page count. *See* Dkt. No. 4105 ("Reply to Class Counsel's Response to Objections"). This was not a "mistitled" filing. It was the procedurally proper method to address arguments expressly addressing objections and raised in Class Counsel's Response. The Reply did not address any arguments made in support of the "Motion for Final Approval of Class Settlement or for Final Certification of the Settlement Class." It addressed solely the Response to Objections. *See generally* Dkt. No. 4105 at 1 (explicitly limiting the filing to a "reply to Class Counsel's 'Memorandum of Law . . . in Response to Objections'"); *passim* (nowhere opposing, or even addressing, the Motion for Final Approval or for Final Certification).

The only method for Class Counsel to address the Reply would be by obtaining leave to file a sur-reply. *See Bennett v. Boeing Co.*, No. 220CV01143RMGMGB, 2020 WL 13749181, at *8 (D.S.C. Aug. 11, 2020) (striking response to reply where response was not filed with leave of court as a sur-reply); *Genesis Health Care, Inc. v. Soura*, 165 F. Supp. 3d 443, 456 (D.S.C. 2015) (allowing plaintiff to file a sur-reply to address an issue first raised after a motion was fully briefed). Counsel to Objectors did not "refuse[]" consent for an extension of time, but noted the nature of Objectors' earlier filing and indicated that the proper method to oppose arguments made there would be through sur-reply, *see* Ex. 1, subject to the attendant standards. *See, e.g.*, *Koppers Performance Chem., Inc. v. Travelers Indem. Co*., No. 2:20-CV-2017-RMG, 2021 WL 5906112, at *3 (D.S.C. Nov. 5, 2021) ("The District of South Carolina Local Rules make no provision for sur-replies, and courts in this circuit generally only allow sur-replies when fairness dictates that a party be provided the opportunity to address an issue that was raised for the first time in a

2

responsive briefing.").

Because the filing requested by Class Counsel would be a sur-reply, the instant motion is improper and should be denied.

Dated: December 5, 2023.

                                      Respectfully submitted:

                                      */s/ Jeff B. Kray*
                                      */s/ Jessica K. Ferrell*
Jeff B. Kray, WSBA No. 22174
Jessica K. Ferrell, WSBA No. 36917
Marten Law LLP
1191 Second Ave, Suite 2200
Seattle, WA 98101
Phone: (206) 292-2600
Fax: (206) 292-2601
jkray@martenlaw.com
jferrell@martenlaw.com

*Attorneys for Brazos Water Authority; City of Airway Heights, WA; City of Dallas, TX; City of DuPont, WA; City of Fort Worth, TX; City of Las Cruces, NM; City of Moses Lake, WA; City of Tacoma, WA; City of Vancouver, WA; Eagle River Water & Sanitation District; Hannah Heights Owners Association; Lakehaven Water & Sewer District; Lakewood Water District; Lower Colorado River Authority; Metropolitan Water District of Southern California; North Texas Municipal Water District; and Upper Eagle Regional Water Authority*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF on this 5th day of December 2023 and was therefore served electronically upon counsel of record.

Dated: December 5, 2023.

        */s/ Jeff B. Kray*
        */s/ Jessica K. Ferrell*
        Jeff B. Kray, WSBA No. 22174
        Jessica K. Ferrell, WSBA No. 36917
        Marten Law LLP
        1191 Second Ave, Suite 2200
        Seattle, WA 98101
        Phone: (206) 292-2600
        Fax: (206) 292-2601
        jkray@martenlaw.com
        jferrell@martenlaw.com

        *Attorneys for Brazos Water Authority; City of Airway Heights, WA; City of Dallas, TX; City of DuPont, WA; City of Fort Worth, TX; City of Las Cruces, NM; City of Moses Lake, WA; City of Tacoma, WA; City of Vancouver, WA; Eagle River Water & Sanitation District; Hannah Heights Owners Association; Lakehaven Water & Sewer District; Lakewood Water District; Lower Colorado River Authority; Metropolitan Water District of Southern California; North Texas Municipal Water District; and Upper Eagle Regional Water Authority*