IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> CASE MANAGEMENT ORDER NO. 26.C <br><br> This Order Relates to All Actions |

**CORE DISCOVERY IN INITIAL PERSONAL INJURY
BELLWETHER DISCOVERY POOL CASES**

The Court hereby **CONFIRMS** the parties' submission of proposed initial personal injury bellwether cases (Dkt. No. 4211) and issues the following Case Management Order ("CMO") to govern Core Discovery in the Initial Personal Injury Bellwether Discovery Pool cases selected pursuant to CMO-26. Following Core Discovery (a/k/a Tier One) in the Initial Personal Injury Bellwether Discovery Pool Plaintiffs cases, the Parties and Court will narrow the Initial Personal Injury Bellwether Discovery Pool Plaintiffs to a set of "Initial Personal Injury Bellwether Trial Pool Plaintiffs" or "Personal Injury Tier Two" cases. Thereafter, the Tier Two cases will undergo additional discovery to become trial ready, including expert reports, expert discovery, and dispositive motions practice, with the Court setting a trial date for the first personal injury bellwether trial. The process shall proceed as follows:

    A.    **Core Discovery Of Initial Personal Injury Bellwether Discovery Pool Plaintiffs**

    1.    The Parties shall conduct Core Discovery as to the Initial Personal Injury Bellwether Discovery Pool Plaintiffs from three (3) business days after the Court enters an order confirming selections through twenty-four (24) weeks after the Court enters an order confirming selections.

2. In accordance with CMO 26 ¶ B.4, should any Initial Personal Injury Bellwether Discovery Pool Plaintiff dismiss all or part of his or her action following selection, such dismissal shall be with prejudice, absent agreement of the Parties or some special circumstances that may be presented to the Court if the Parties cannot agree. Further, should any Initial Personal Injury Bellwether Discovery Pool Plaintiff dismiss his/her case or the claim that rendered him or her eligible for the Initial Personal Injury Bellwether Discovery Pool for any reason prior to February 9, 2024, Defendants may (but are not required to) select a replacement plaintiff for each dismissed Personal Injury Bellwether Discovery Pool Plaintiff by no later than February 23, 2024.

3. Core Discovery pertaining to the Initial Personal Injury Bellwether Discovery Pool Plaintiffs shall consist of:

   i. Collection of records pursuant to authorizations provided by the Initial Personal Injury Bellwether Discovery Pool Plaintiffs. Pursuant to Paragraph 21 of CMO 5, Defense Co-Leads may request such additional authorizations as may be necessary to obtain documents in addition to those for which production is expressly provided pursuant to the medical record and water and utility company record authorizations required as part of the Plaintiff Fact Sheet process. In order to expedite Tier 1 discovery, the Parties agree that, following selection as an Initial Personal Injury Bellwether Plaintiffs, each such Plaintiff's deadline to provide an executed authorization or object in writing to any request from Defendants' Liaison Counsel for "special" or additional authorizations under CMO 5 ¶¶ 20-21 shall be seven (7) days.

   ii. Initial Personal Injury Bellwether Discovery Pool Requests for Production and Interrogatories, to be served by the PEC and Defense Co-Lead Counsel, respectively, upon all parties to cases involving the Initial Personal Injury Bellwether Discovery Pool Plaintiffs, as follows:

      1. Not to exceed 20 requests for production and 20 interrogatories, including discrete subparts, directed to each party participating in the Initial Personal Injury Bellwether Pool;

      2. In any document productions made in response to the Initial Personal Injury Bellwether Discovery Pool Requests for each case, production shall be substantially completed within 45 days

      of service of the requests or, if applicable, 45 days after agreement on necessary search terms for such Requests.

    3. To the extent that any request for production or interrogatory calls for responses specific to any/all individual Discovery Pool Plaintiff or Defendant, responses shall be provided as necessary for each individual Plaintiff or Defendant. Such requests do not constitute separate requests or subparts for purposes of the presumptive limit of 20 requests discussed above.

    4. Nothing in this Order precludes Defendants from seeking an independent medical examination or to obtain blood or other samples, but such examinations shall be the subject of a meet and confer and, if necessary, a further Case Management Order.

iii. The presumptive limit on depositions shall be as set forth below. Should a party assert that additional depositions beyond this presumptive limit are necessary for the Core Discovery Phase, the Parties shall meet and confer and promptly raise any disputes with the Court as necessary:

    1. Party Depositions

        Defendants shall presumptively be entitled to depose a Plaintiff and one other loss of consortium or derivative claimant, spouse, partner or other fact witness in each case, for a total of two such depositions per case.

        Plaintiffs, collectively, shall presumptively be limited to two depositions of each Defendant related to case-specific matters only.

        The Parties must confer on noticing and scheduling of such depositions, absent special circumstances.

    2. Non-Party Depositions

        The Parties shall cooperate and coordinate the taking of relevant non-party depositions that shall presumptively be limited to one, but if special circumstances exist, no more than two depositions of relevant healthcare provider(s) per Plaintiff, and eight witnesses related to AFFF and/or water contamination for each of the sites set forth in Section A.1 of CMO-26.

        To the extent a plaintiff is alleging property damage claims, the Parties shall cooperate and coordinate the taking of one (1) additional non-party deposition related to that claim.

3

>> Neither side may issue deposition notices for any third-party deposition absent agreement and must first meet and confer and must promptly submit any disputes over the deposition of third-parties to the Court. The Parties are not limited in their ability to seek production of documents from third-parties subject to applicable Federal Rules.

> iv. Failure of a party to take any of the depositions permitted in Core Discovery pursuant to Paragraph C.4.iii shall not constitute a waiver of a party's ability to seek such deposition in subsequent discovery as to Initial Personal Injury Bellwether Trial Pool Plaintiffs.

> v. For good cause shown and following a meet and confer process with the relevant parties to a particular bellwether case, the Parties may seek agreement or leave of Court to pursue additional case-specific discovery.

**B.     Further Personal Injury Bellwether Proceedings.**

1. Following completion of Core Discovery in the Initial Personal Injury Bellwether Discovery Pool Cases, the Court shall narrow the Bellwether Individual Personal Injury Discovery Cases to a smaller pool of Tier 2 plaintiffs. These Tier 2 plaintiffs will then undergo preparation for trial, including additional fact discovery, expert discovery, and dispositive and trial-related motion practice. The Parties shall meet and confer and endeavor to submit a proposed Case Management Order by which Tier 2 cases will be selected followed by a process to select the final trial cases at a later date.

2. By no later eight (8) weeks prior to the end of the Tier 1 Discovery period set forth above, the Parties shall propose a process for selecting the Initial Personal Injury Bellwether Trial Pool Plaintiffs, as well as a schedule for completing such further discovery and trial preparation, up to the selection of the first personal injury bellwether trial.

**IT IS SO ORDERED.**

Dated:  December 19, 2023                           s/Richard M. Gergel
        Charleston, South Carolina                  Hon. Richard M. Gergel
                                                    United States District Judge