IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL NO. 2:18-MN-2873-RMG<br><br>**This Document Relates to:**<br><br>2:23-cv-06247-RMG<br>*City of Boca Raton, Florida v. 3M, et al.* |

**DEFENDANT VERDE ENVIRONMENTAL, INC.'S GENERAL DENIAL
AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES**

In accordance with the order of the Court, Defendant Verde Environmental, Inc. ("Verde") makes the following General Denial and Preliminary Statement of Affirmative Defenses in response to the Complaint filed by the City Boca Raton, Florida. This Statement is not intended to constitute a responsive pleading and does not respond to individual allegations contained in the Complaint. Therefore, failure to admit or deny any allegation shall not be construed as an admission of its truth. In making this Statement, Verde reserves all rights to file a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure and to assert any crossclaims, counterclaims, or other third-party actions.

**GENERAL DENIAL**

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Verde denies generally and specifically each and every allegation set forth in the Complaint, and Verde demands strict proof of the causes of action by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Verde further denies that Plaintiff has sustained damages or is entitled to relief of any type, by reason of any act, breach, or omission on the part of Verde or anyone acting on Verde's behalf.

1

## AFFIRMATIVE DEFENSES

Verde asserts the following affirmative defenses in response to the averments in the Complaint filed in the above-captioned actions:

1. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Verde.

2. Plaintiff's claims are barred or limited for lack of standing.

3. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

4. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

5. The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

6. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Verde is entitled to immunity from suit under the government contractor defense. *See Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

7. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

8. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiff is not the real party in interest or lacks capacity to bring its claims, including claims indirectly maintained on behalf of its citizens and/or customers and claims brought as *parens patriae*.

9. Plaintiff's claims are not ripe and/or have been mooted.

10.     Plaintiff's claims are or may be barred, in whole or in part, to the extent Plaintiff has failed to exhaust administrative remedies.

11.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of unclean hands.

12.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of estoppel and/or waiver.

13.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

14.     Plaintiff's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

15.     Any injuries and/or damages sustained by Plaintiff may have been caused or contributed to by the intent or actual conduct of Plaintiff and/or other persons, firms, corporations, or entities over whom Verde had no control or right of control and for whom Verde is not responsible.

16.     Any injuries and/or damages sustained by Plaintiff are barred by the doctrines of intervening cause and/or superseding cause.

17.     Plaintiff's claims are or may be barred, in whole or in part, to the extent that Verde's products were unforeseeably misused or altered.

18.     Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

19. Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiff seeks to recover.

20. Plaintiff's claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

21. Plaintiff's claims are or may be barred, in whole or in part, because Verde used proper methods in designing, testing, and manufacturing its products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

22. Plaintiff's claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

23. Plaintiff's claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Verde that are the subject of Plaintiff's claims. Verde is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

24. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

25. Plaintiff's claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including without limitation express preemption, implied conflict

preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiff's claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

26.    Plaintiff's claims are or may be barred, in whole or in part, to the extent that any warranties, relief, or remedies were disclaimed and/or are limited by applicable provisions of the UCC or any applicable agreements.

27.    Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Verde, and in the event that Verde is found to be liable to Plaintiff, Verde will be entitled to indemnification, contribution, and/or apportionment.

28.    Verde asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its right to a proportionate reduction of any damages found against Verde based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

29.    Plaintiff's claims against Verde are barred or limited by the economic loss rule.

30.    Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

31. Plaintiff's Complaint is barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

32. Plaintiff's claims against Verde are or may be barred, in whole or in part, under the firefighter/fireman's rule and/or public duty doctrine.

33. Plaintiff's claims are or may be barred in whole or in part under the free public services doctrine or municipal cost recovery rule.

34. Plaintiff's claims are or may be barred for lack of proximate causation between any alleged act or omission of Verde and the claims, damages, and harm alleged in Plaintiff's Complaint.

35. Plaintiff's claims against Verde that arise from the use of Mil-spec foam products are barred because Verde has never manufactured or sold Mil-spec foam products.

36. Plaintiff's claims for trespass and nuisance are or may be barred in whole or in part because any alleged trespass or nuisance was unintentional, unforeseen, a necessity, and/or *de minimis* and therefore non-compensable.

37. Plaintiff's claims are or may be barred in whole or in part because there was not an alternative feasible design for the products at issue.

38. Plaintiff's claims are or may be barred in whole or in part due to a lack of privity between Plaintiff and Verde.

39. Plaintiff's claims are barred in whole or in part for failing to link any exposure or injuries to any product(s) designed, manufactured, and/or distributed by Verde.

40. Plaintiff's claims for punitive or exemplary damages are or may be barred or limited to the extent they violate Verde's due process rights and applicable state law.

41. Verde reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

42. Verde adopts by reference any additional applicable defense pleaded by any other Defendants not otherwise pleaded herein.

43. Verde adopts by reference any additional applicable defense asserted by Verde prior to transfer in any case transferred to this MDL.

Verde does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitutes an admission that Verde is liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. Verde reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state for which substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

s/*Rita Bolt Barker*
Rita Bolt Barker (SC Bar Fed. No. 10566)
WYCHE, PA
200 East Broad Street, Suite 400
Greenville, SC 29601-3512
Tel: (864) 242-8235
Fax: (864) 235-8900
rbarker@wyche.com

Date: January 17, 2024

*Attorneys for Defendant Verde Environmental, Inc*.