# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mm-2873-RMG<br><br>**DEFENDANT SAFETY COMPONENTS, INC.'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES**<br><br>This Document Relates to:<br>All Actions |

Defendant Safety Components, Inc. ("Safety Components"), by and through its undersigned counsel, hereby provides notice of and presents the following General Denial and Preliminary Statement of Affirmative Defenses in response to any Complaint filed by a Plaintiff against Safety Components that becomes subject to the administration of this multidistrict litigation, Case No. 2:18-mn-2873-RMG ("MDL").

Safety Components submits this General Denial and Preliminary Statement of Affirmative Defenses pursuant to the Court's Case Management Order No. 20, and other governing protocols and directives established by this Court. Safety Components reserves its right to seek to file a motion under Federal Rule of Civil Procedure 12 to dismiss any Complaint, in whole or in part, in accordance with the Court's Case Management Order No. 2A. Additionally, Safety Components reserves the right to amend or supplement this General Denial and Preliminary Statement of Affirmative Defenses or submit further pleadings as directed or permitted by the Court.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Safety Components denies generally and specifically each and every allegation set forth in Plaintiffs' Complaints, and the whole thereof, and each and every alleged cause of action therein, and Safety Components demands strict

proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Safety Components further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. Safety Components further denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or omission on the part of Safety Components or anyone acting on its behalf. Safety Components reserves its rights to assert cross-claims and/or third-party claims.

## **AFFIRMATIVE DEFENSES**

Safety Components asserts the following Affirmative Defenses in response to the averments in each of Plaintiffs' Complaints filed in the MDL:

1. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Safety Components.

2. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks personal jurisdiction over Safety Components, and the Complaint should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3. Plaintiffs' claims are barred or limited for lack of standing.

4. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

5. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

6. The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

7. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Safety Components is entitled to immunity from suit under the government contractor defense. *See Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

8. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

9. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiffs are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae*.

10. Plaintiffs' claims are not ripe and/or have been mooted.

11. Plaintiffs' claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

12. Plaintiffs may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

13. Plaintiffs may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

14. Plaintiffs may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

15. Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

16. Any injuries and/or damages sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms,

corporations, or entities over whom Safety Components had no control or right of control and for whom Safety Components is not responsible.

17.     Any injuries and/or damages sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

18.     Plaintiffs' claims are or may be barred, in whole or in part, to the extent that products were unforeseeably misused or altered.

19.     Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

20.     Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

21.     Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

22.     Plaintiffs' claims are or may be barred, in whole or in part, because Safety Components used proper methods in designing, testing, and manufacturing products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

23.     Plaintiffs' claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

24.     Plaintiffs' claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Safety Components that are the subject of Plaintiffs' claims. Safety Components is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

25.     Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

26.     Plaintiffs' claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including without limitation express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

27.     Plaintiffs' claims are or may be barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

28.     Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, because Plaintiffs did not provide Safety Components reasonable notice of any alleged breach.

29.     Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

30.     Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Safety Components, and in the event

that Safety Components is found to be liable to Plaintiffs, Safety Components will be entitled to indemnification, contribution, and/or apportionment.

31. Safety Components asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its right to a proportionate reduction of any damages found against Safety Components based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

32. Plaintiffs' claims against Safety Components are barred or limited by the economic loss rule.

33. Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

34. Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

35. Safety Components asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

36. Safety Components adopts by reference any additional applicable defense pleaded by any other Defendants not otherwise pleaded herein.

37. Safety Components adopts by reference any additional applicable defense asserted by Defendants prior to transfer in any case transferred to this MDL.

Safety Components does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are

pled in the alternative and none constitutes an admission that Safety Components is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Safety Components reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

Dated: January 23, 2024         Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By:    /s/ Jonathan B. Blakley   ____
*One of the Attorneys for Defendant Safety Components, Inc.*

Jonathan B. Blakley (#6308603)
Andre A. Hunter, Jr. (#6337041)
**GORDON REES SCULLY MANSUKHANI, LLP**
One North Franklin, Suite 800
Chicago, Illinois 60606
(312) 619-4915
jblakley@grsm.com
aahunter@grsm.com