IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | No. 2:18-mn-2873-RMG<br><br>**This Document Relates to**<br>*Dorene Dairy Gen. P'Ship*, 2:20-cv-04263<br>*Schaap*, 2:19-cv-03288<br>*Teune*, 2:19-cv-03290<br>*Vander Dussen*, 2:20-cv-04191<br>*New Mexico*, 2:20-cv-02115 |

**UNITED STATES OF AMERICA'S MEMORANDUM OF LAW
IN SUPPORT OF SITE-SPECIFIC MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and for the same reasons raised in the United States' omnibus motion to dismiss, filed contemporaneously herewith (ECF No. 4548)[1], Defendant United States of America (hereinafter, "United States") moves to dismiss tort claims brought against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA") in the above-captioned cases related to Cannon Air Force Base ("CAFB"). The FTCA Plaintiffs cannot identify any mandatory and specific directive that the Air Force violated in using or handling aqueous film-forming foam ("AFFF") at CAFB, and the USAF's use and handling of AFFF at CAFB has been an integral element of the USAF's military mission. The decisions challenged in this case are paradigmatic discretionary, policy-based decisions in furtherance of that mission and are therefore protected by the FTCA's Discretionary Function Exception, 28 U.S.C. § 2680(a).

---

[1] The United States incorporates by reference the legal arguments presented in its omnibus motions to dismiss as if fully set forth herein.

1

Likewise, the Court should also dismiss New Mexico's claims against the United States for lack of subject-matter jurisdiction under section 113(h) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). New Mexico's claims constitute an impermissible challenge to a CERCLA response action because they seek relief that would interfere with the Air Force's ongoing investigation and remediation efforts at CAFB.

In support of this Motion to Dismiss, the United States submits and relies upon its accompanying Memorandum in Support and Exhibits.

Respectfully submitted,

Dated: February 26, 2024

J. PATRICK GLYNN
Director, Torts Branch
Environmental Tort Litigation Section

CHRISTINA FALK
Assistant Director, Torts Branch
Environmental Tort Litigation Section

HAROON ANWAR
MARIANNE F. KIES
DAVID HAMMACK
Trial Attorneys, Torts Branch
Environmental Tort Litigation Section

/s/Christina Falk
CHRISTINA FALK
Assistant Director, Torts Branch
Environmental Tort Litigation Section
Civil Division
United States Department of Justice

TODD KIM
Assistant Attorney General

*/s/  Andrew D. Knudsen*  
ANDREW D. KNUDSEN  
DC Bar No. 1019697  
U.S. Department of Justice  
Environment & Natural Resources Division  
Environmental Defense Section  
P.O. Box 7611  
Washington, DC 20044  
(202) 353-7466  
Andrew.Knudsen@usdoj.gov  

*Counsel for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2024, a copy of the foregoing was filed via the Court's ECF system and served on counsel of record through the ECF system.

Dated:  February 26, 2024                                     */s/Christina Falk*

3