IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No: 2:18-mn-2873-RMG<br><br>**TOLLING OF CLAIMS AGAINST DEFENDANT BASF CORPORATION**<br><br>**This Order Relates To**<br>2:20-cv-00279-RMG<br>2:20-cv-00358-RMG<br>2:20-cv-00496-RMG<br>2:20-cv-00599-RMG<br>2:20-cv-00644-RMG<br>2:20-cv-2717-RMG<br>2:20-cv-2796-RMG<br>2:20-cv-2797-RMG<br>2:20-cv-2798-RMG |

**ORDER ON MOTION FOR ENTRY OF TOLLING AGREEMENT**

Before the Court is a motion for entry of a tolling agreement (Dkt. No. 4484) between the Plaintiffs listed at (Dkt. No. 4484-2) and BASF Corporation ("BASF"). The Court **GRANTS** the motion and enters the below Tolling Agreement.

**AND IT IS SO ORDERED**.

February 29, 2024              s/Richard Mark Gergel
Charleston, South Carolina      Richard Mark Gergel
                                           United States District Judge

## TOLLING AGREEMENT

## RECITALS

WHEREAS, Weitz & Luxenberg, P.C. ("Plaintiffs' Counsel") represents Plaintiffs listed in the attached Exhibit A ("Plaintiffs") in the matter of *In Re: Aqueous Film-Forming Foams Product Liability Litigation*, in the United States District Court for the District of South Carolina, MDL No. 2:18-mn-2873-RMG (the "MDL"), alleging certain claims in connection with aqueous film forming foam ("AFFF");

WHEREAS, on February 19, 2021, Plaintiffs' Counsel advised counsel for BASF Corporation ("BASF") that Plaintiffs would be moving to amend Plaintiffs' complaints to add BASF as a defendant to the actions; and

WHEREAS, the Parties have reached an agreement, the terms of which are set forth herein, which will result in, *inter alia*, tolling the statute of limitations and suspending the deadline by which Plaintiffs' Counsel must make a motion to amend the complaint to add new parties pursuant to Case Management Order No. 3E ("CMO 3E").

WHEREAS, on April 8, 2021, the Parties filed a joint Motion for Entry of a Tolling Agreement that tolled all claims for a period of Eighteen Months from the effective date of February 19, 2021.

WHEREAS, on April 20, 2021, the Court entered an order granting the Parties' joint motion and entering the Tolling Agreement. (Dkt. No. 1536).

WHEREAS, the Tolling Agreement provided that the Parties may further extend the period of tolling set forth in the Tolling Agreement, in which case they shall jointly petition the Court of entry an order memorializing such extension.

WHEREAS, on July 25, 2022, the Parties filed a joint Motion for Entry of a Tolling Agreement that extended the tolling period for an additional Eighteen Months and tolled all claims for a period of Thirty-six Months from the effective date of February 19, 2021.

WHEREAS, on July 27, 2022, the Court entered an order granting the Parties' joint motion and entering the Tolling Agreement. (Dkt. No. 2490).

NOW, THEREFORE, in consideration of the mutual promises as set forth herein, the Parties, intending to be legally bound, hereby agree as follows:

**TERMS**

1. **Effective Date.** This Tolling Agreement shall have an effective date of February 19, 2021.

2. **Agreement to Forego Moving to Amend Complaints.** Plaintiffs agree they will not move to file an amended complaint for the purpose of naming BASF, pursuant to this Tolling Agreement as of the Effective Date; provided however, if any case listed at (Dkt. No. 4484-2) is selected by the Court as a Bellwether case or is remanded or moved outside of the multi-district litigation, Plaintiffs may commence litigation against BASF.

3. **Agreement to Toll All Claims for a Period of an Additional Eighteen Months.** In exchange for Plaintiffs' agreement to temporarily forego their ability to file an amended complaint for the purpose of naming BASF, BASF agrees that any and all statutes of limitations, statutes of repose, contractual limitations on actions or suit, or other limitations imposed by any jurisdiction within the United States (including Orders of this Court), whether based upon applicable laws or equitable concepts of timeliness, laches, or waiver, shall be tolled, suspended, and stayed for fifty-four (54) months following the Effective Date of this Tolling Agreement with respect to the Plaintiffs' right to assert or prosecute claims against BASF.

4. **Extensions.**  Plaintiffs and BASF may further extend the period of tolling set forth in Paragraph 3, in which case they shall jointly petition the Court of entry of a supplemental case management order memorializing such extension.

5. **Expiration of Tolling Period.**  Unless otherwise agreed to by Plaintiffs and BASF, the running of all applicable statutes of limitations, statutes of repose, contractual limitations on actions or suits, or other limitations periods shall recommence upon the expiration of the Tolling Period.

6. **Relation Back; Waivers/Defenses.**  Nothing in this Tolling Agreement shall be deemed a waiver of any arguments or defenses existing as of the Effective Date of this Tolling Agreement, including but not limited to any prior defenses based on the timeliness of the claims such as defenses based on statutes of limitation and statutes of repose, as well as any defenses pursuant to Federal Rule of Civil Procedure 12(b), including defenses based on subject matter and personal jurisdiction, which defenses the Court expressly preserves for BASF.  The Parties agree that any prior depositions taken and written discovery and documents exchanged by Plaintiffs and BASF or through Plaintiff's Executive Committee or Defendants Coordination Committee in the MDL or otherwise, whether before or after entry of this Order, may be used by Plaintiffs and BASF in any case involving the Plaintiffs and BASF.

7. **Waiver / Acceptance of Service.**  Should Plaintiffs add BASF to their lawsuits following the expiration of the Tolling Period, counsel of record shall waive and accept service on behalf of BASF and/or service may be completed in accordance with any applicable Case Management Order.

8. **Substantive Court Decisions.**  In the event they are added to a lawsuit listed in Exhibit A following expiration of the Tolling Period, Plaintiffs and BASF agree not to relitigate issues that

have been previously decided in that suit by the Court; and agree to be bound by decisions rendered by the Court; provided that this agreement shall not preclude Parties from participating in the litigation of such issues prior to the expiration of the Tolling Period.

9. **Modifications; Extensions.** This Tolling Agreement constitutes the entire agreement between the Parties on the issues addressed herein and may not be modified, altered, or amended except by a writing signed by or on behalf of the Parties to this Tolling Agreement. This Tolling Agreement may be extended by further written agreement signed by or on behalf of the Parties.

10. **Authority.** Each undersigned Party entering into and executing this Tolling Agreement represents, warrants, and states that such Party has the full authority and legal power to do so and that the individuals whose signatures appear below on behalf of each Party are duly authorized to executive this Tolling Agreement on behalf of their respective parties.

11. **Multiple Counterparts**. This Tolling Agreement may be executed in counterparts and/or by facsimile or PDF electronic mail, and each such counterpart shall be considered an original and together with the others shall constitute one and the same instrument.

12. **Governing Law**. This Tolling Agreement shall be construed and governed in accordance with the laws of the State of South Carolina.

13. **Notices.** Notices pursuant to this Tolling Agreement shall be given via electronic mail (where indicated below) addressed to counsel of record for the respective Party.

14. **Severability**. Should any provision of this Tolling Agreement be declared invalid by a court of competent jurisdiction, such declaration shall not invalidate the remaining provisions of this Tolling Agreement, which shall be construed as nearly as possible to effectuate the original intentions of the Parties hereto based upon the entire Tolling Agreement, including the invalid provision.

**IN WITNESS WHEREOF**, the undersigned have duly executed and delivered this Tolling Agreement.

DATE: February 14, 2024

| | |
|---|---|
| */s/ Nancy M. Christensen* | */s/ John R. Wellschlager* |
| Nancy M. Christensen | John R. Wellschlager |
| Weitz & Luxenberg, P.C. | DLA Piper LLP (US) |
| 700 Broadway | 650 S. Exeter Street, Suite 1100 |
| New York, NY 10003 | Baltimore, MD 21202 |
| P: (212) 485-1897 | P: (410) 580-4281 |
| F: (646)293-7966 | F: (410) 580-3001 |
| *Counsel for Plaintiffs* | john.wellschlager@us.dlapiper.com |
| | *Counsel for Defendant, BASF Corporation* |