IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) MDL No. 2:18-mn-2873-RMG<br><br>**ORDER**<br><br>**This Order Relates to All Cases** |

This order concerns the Court's *in camera* review of specific documents supplied by Defendants E.I. du Pont de Nemours and Company ("Old DuPont"), the Chemours Company and Chemours Company FC, LLC (together, "Chemours," and collectively with Old DuPont, "Defendants") related to Defendants' motion for reconsideration of the Court's initial ruling on a motion to compel filed by the PEC. (Dkt. No. 2844 at 10 & n.6) (the "Prior Order"). Put simply, Defendants withheld said documents based on the common interest document. The Court has reviewed all documents provided by Defendants and rules as follows.

The "common interest rule," also known as a "joint defense privilege," is an exception to the general rule that disclosure to a third party of privileged information thereby waives the privilege. *In re Grand Jury Subpoenas, 89–3 and 89–4, John Doe 89–129,* 902 F.2d 244, 248–49 (4th Cir.1990). The Fourth Circuit has recognized that "persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims" without waiving privileged attorney-client communications or protected work product. *Id.* at 249; *see also Hunton & Williams v. U.S. Dep't of Justice,* 590 F.3d 272, 277 (4th Cir.2010) ("The common interest doctrine permits parties whose

legal interests coincide to share privileged materials with one another in order to more effectively prosecute or defend their claims.").

The common interest doctrine has its origins in the criminal law, where multiple defendants, each having separate counsel, share information to effect a united defense. *Grand Jury Subpoenas, 89–3 and 89–4, John Doe 89–129,* 902 F.2d at 248. The doctrine has, however, been extended to civil matters, and now includes "potential co-parties to prospective litigation." *Id.* at 249. "[A]s an exception to waiver, the joint defense or common interest rule presupposes the existence of an otherwise valid privilege, and the rule applies not only to communications subject to the attorney-client privilege, but also to communications protected by the work-product doctrine." *Id.* at 249. To be protected under the common interest privilege, "shared or jointly created information," or communication between the parties, "must first satisfy the traditional requisites for the attorney-client or work product privilege." *Minebea Co., Ltd. v. Papst,* 228 F.R.D. 13, 16 (D.D.C.2005). "Additionally, the proponent of the privilege must at least demonstrate that (1) the communicating parties shared an identical legal interest, (2) the communication was made in the course of and in furtherance of the joint legal effort, and (3) the privilege had not been waived." *Glynn v. EDO Corp.,* 2010 WL 3294347, 2010 U.S. Dist. LEXIS 86013 (D.Md. Aug. 20, 2010) (citing *Grand Jury Subpoenas 89–3 and 89–4, John Doe 89–129,* 902 F.2d at 248–49).

As to the documents which Chemours has submitted pursuant to the Prior Order (Exhibit 23 at Entries 150, 155, 158, 1379, 1380, 3371, 3379), the Court finds they are not protected by the common interest doctrine. Said documents do not demonstrate the parties' agreement to a joint strategy about specific litigation. Rather most of the challenged documents concern whether Old DuPont is entitled to a defense and indemnification under the parties' Master Separation

Agreement as it relates to certain lawsuits or, in other cases, concern the amendment of the Master Separation Agreement. *See United States v. Lopez*, 777 F.2d 543 (10th Cir. 1985) (communications at a meeting between codefendants were not privileged, where the parties maintained potentially adverse interests, and no showing was made that the purpose of the meeting was to plan a joint defense); *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989) (noting the doctrines "serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel. Only those communications made in the course of an ongoing common enterprise and intended to further the enterprise are protected.") (internal citations omitted).

    Accordingly, said documents must be produced.

As to the documents which Old DuPont submitted per the Prior Order (Exhibit 12 at Entries 3926, 3927, 3930, 3933, 3934, 3938, 3967, 3982, 3983, 4008, 4009), the Court finds that entry 3982 is privileged, but that Old DuPont has not met its burden of establishing the remainder of the documents are as they do not demonstrate "a joint strategy of representation" "undertaken" by Defendants. *Schwimmer*, 892 F.2d 244; *see also United States v. Bay State Ambulance & Hosp. Rent. Serv.*, 874 F.2d 20, 29 (1st Cir. 1989) (even though parties shared similar interests, the common interest privilege did not apply where the parties had not agreed to pursue a joint defense and the information was imparted without intent to further the joint defense); *In re Grand Jury Subpoena: Under Seal*, 415 F.3d 333 (4th Cir. 2005) (communications made by corporate agent to corporate counsel were not privileged as to the corporate agent; even if the agent was pursuing a common interest with the corporation, the communications were made before the parties agreed on a common defense).

Accordingly, except for Entry 3982, the above discussed documents must be produced within 14 days of this order.

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

March 7, 2024
Charleston, South Carolina

4