# EXHIBIT C

| | |
|---|---|
| **From:** | Teraoka,Jill C |
| **To:** | Paul Napoli |
| **Cc:** | Scott Summy; kristine.m.wellman@chemours.com; jmwintner@wlrk.com; gwmeli@wlrk.com; erik.t.hoover@dupont.com; kevin.vanwart@kirkland.com; cornel.b.fuerer@corteva.com; mreynolds@cravath.com; thomas.a.warnock@corteva.com; Michael London; Beth Fegan; Joe Rice; Scully,Marcia L |
| **Subject:** | RE: Motion to Intervene in City of Camden, et al. v. E.I. DuPont De Nemours and Co. (n/k/a EIDP, Inc.), et al., No. 2:23-cv-03230-RMG |
| **Date:** | Sunday, March 10, 2024 9:19:28 PM |

Dear Paul:

Thank you for offering to meet with us. We are available to meet with you on Tuesday morning at 7:30 or 8:00 a.m. PT to discuss our motion. However, to avoid any arguments of waiver of the time to appeal the February 8th order, and because we have not resolved the release issue, nor have we heard from DuPont, we will file our motion and notice of appeal tomorrow. Please send us a meeting invite for the meeting on Tuesday morning. We look forward to our discussion.

Best,
Jill

---

**From:** Paul Napoli <PNapoli@NSPRLaw.com>
**Sent:** Sunday, March 10, 2024 12:28 PM
**To:** Teraoka,Jill C <JTeraoka@mwdh2o.com>
**Cc:** Scott Summy <ssummy@baronbudd.com>; kristine.m.wellman@chemours.com; jmwintner@wlrk.com; gwmeli@wlrk.com; erik.t.hoover@dupont.com; kevin.vanwart@kirkland.com; cornel.b.fuerer@corteva.com; mreynolds@cravath.com; thomas.a.warnock@corteva.com; Michael London <mlondon@douglasandlondon.com>; beth@feganscott.com; jrice@motleyrice.com; Paul Napoli <PNapoli@NSPRLaw.com>
**Subject:** RE: Motion to Intervene in City of Camden, et al. v. E.I. DuPont De Nemours and Co. (n/k/a EIDP, Inc.), et al., No. 2:23-cv-03230-RMG

Dear Jill

Thank you for sending over the draft of the motion.

Speaking solely for the Plaintiff Coleads ("PLC"). I would like to inform you that, due to prior commitments, we are unable to delve into the details immediately. However, the PLC will be together on Tuesday morning. During that time, we will have the opportunity to meet, discuss, and confer in detail about the motion you've prepared. How is 10am eastern?

Your understanding and patience are greatly appreciated as we navigate through our busy schedules. I am confident that our upcoming meeting will be productive and enlightening, providing us with the chance to align our thoughts.

Looking forward to our discussion on Tuesday.

Best,

Paul

**From:** Teraoka,Jill C <JTeraoka@mwdh2o.com>
**Sent:** Sunday, March 10, 2024 2:37 PM
**To:** Paul Napoli <PNapoli@NSPRLaw.com>
**Cc:** Scott Summy <ssummy@baronbudd.com>; kristine.m.wellman@chemours.com; jmwintner@wlrk.com; gwmeli@wlrk.com; erik.t.hoover@dupont.com; kevin.vanwart@kirkland.com; cornel.b.fuerer@corteva.com; mreynolds@cravath.com; thomas.a.warnock@corteva.com; Michael London <mlondon@douglasandlondon.com>; beth@feganscott.com; jrice@motleyrice.com; Scully,Marcia L <mscully@mwdh2o.com>
**Subject:** RE: Motion to Intervene in City of Camden, et al. v. E.I. DuPont De Nemours and Co. (n/k/a EIDP, Inc.), et al., No. 2:23-cv-03230-RMG

Good morning, Paul:

The point is not whether Metropolitan has an "an obligation for or bore unreimbursed PFAS treatment costs."  Instead, the point is that no terms in the Settlement Agreement, including the release provisions, should apply to any entity that opted out.  The language we propose to strike casts doubt on that point by "extend[ing]" the release to a wholesaler that has opted out.  Attached is a draft of our motion.

Jill

**From:** Paul Napoli <PNapoli@NSPRLaw.com>
**Sent:** Sunday, March 10, 2024 6:57 AM
**To:** Teraoka,Jill C <JTeraoka@mwdh2o.com>
**Cc:** Scott Summy <ssummy@baronbudd.com>; kristine.m.wellman@chemours.com; jmwintner@wlrk.com; gwmeli@wlrk.com; erik.t.hoover@dupont.com; kevin.vanwart@kirkland.com; cornel.b.fuerer@corteva.com; mreynolds@cravath.com; thomas.a.warnock@corteva.com; Michael London mlondon@douglasandlondon.com; beth@feganscott.com; jrice@motleyrice.com; Scully,Marcia L mscully@mwdh2o.com
**Subject:** Re: Motion to Intervene in City of Camden, et al. v. E.I. DuPont De Nemours and Co. (n/k/a EIDP, Inc.), et al., No. 2:23-cv-03230-RMG

Jill

Good morning. This begs the question: do you have does your client have "an obligation for or bore unreimbursed PFAS treatment costs"? If so you can pursue them, otherwise what are you worried about?

We still have not received your proposed papers. When can we expect to receive them?

Paul

On Mar 10, 2024, at 12:41 AM, Teraoka,Jill C <JTeraoka@mwdh2o.com> wrote:

Scott:

We propose that you strike from the Parties' Joint Interpretive Guidance on Interrelated Drinking-Water Systems ("Joint Guidance") the language highlighted below and add a sentence at the end of the Scope of Release paragraph in the Joint Guidance which states: "Notwithstanding the foregoing, nothing in the Settlement is intended to or will be deemed to impair the rights of wholesalers that opted out of the Settlement to bring any and all Claims they may have now and in the future against the Settling Defendants, and wholesalers that opted out of the Settlement are not bound by any release provisions in the Settlement, including Paragraph 12.1."  We also propose that the parties ask the Court to supplement the Settlement Agreement with the revised Joint Guidance (similar to how the Court previously granted the parties' motion to supplement the Settlement Agreement with the Joint Guidance).

**Scope of Release**
The Settlement Agreement contains detailed release provisions that specify whose claims are released. A core purpose of the release provisions is to prevent double recovery for the same water. In general, by participating in the Settlement, a Settlement Class Member releases claims on behalf of itself and its Releasing Parties (as defined in the Settlement Agreement) with respect to the water provided to (or supplied by) the Settlement Class Member. ~~In general, if a wholesaler opts out of the Settlement Class and its retail customer is a Settlement Class Member, the release would extend to the wholesaler as to the water it provided to the Settlement Class Member except to the extent the wholesaler shows it had the obligation for and bore unreimbursed PFAS-treatment costs for that water independent of the retail customer~~. Ultimately, whether claims are released will turn on the application of the release provisions of the Settlement Agreement to the specific facts relevant to the wholesaler, the retail customer, and their relationship.[4] <u>Notwithstanding the foregoing, nothing in the Settlement is intended to or will be deemed to impair the rights of wholesalers that opted out of the Settlement to bring any and all Claims they may have now and in the future against the Settling Defendants, and wholesalers that opted out of the Settlement are not bound by any release provisions in the Settlement, including Paragraph 12.1.</u>

Thanks,
Jill

---

**From:** Scott Summy <SSummy@baronbudd.com>
**Sent:** Saturday, March 9, 2024 4:32 PM
**To:** Teraoka,Jill C <JTeraoka@mwdh2o.com>
**Cc:** Paul Napoli <pnapoli@nsprlaw.com>; kristine.m.wellman@chemours.com; JMWintner@wlrk.com; GWMeli@wlrk.com; erik.t.hoover@dupont.com; kevin.vanwart@kirkland.com; cornel.b.fuerer@corteva.com; mreynolds@cravath.com; thomas.a.warnock@corteva.com; Michael London <mlondon@douglasandlondon.com>; beth@feganscott.com; jrice@motleyrice.com; Scully,Marcia L <mscully@mwdh2o.com>
**Subject:** Re: Motion to Intervene in City of Camden, et al. v. E.I. DuPont De Nemours and Co. (n/k/a EIDP, Inc.), et al., No. 2:23-cv-03230-RMG

Jill,

Do you have proposed language?

Thanks
Scott

> On Mar 9, 2024, at 6:20 PM, Teraoka,Jill C <JTeraoka@mwdh2o.com> wrote:
>
> Paul:
>
> As I told Scott, we are concerned about the language below in the Parties' Joint Interpretive Guidance on Interrelated Drinking-Water Systems which states that the release would extend to wholesalers that opt out of the Settlement. We want the parties to agree and the Court to order that wholesalers that opted out reserve their rights as to any and all claims they may have now and in the future as to DuPont and are not bound by a release provision in a settlement from which they opted out.
>
> **Scope of Release**
> The Settlement Agreement contains detailed release provisions that specify whose claims are released. A core purpose of the release provisions is to prevent double recovery for the same

water. In general, by participating in the Settlement, a Settlement Class Member releases claims on behalf of itself and its Releasing Parties (as defined in the Settlement Agreement) with respect to the water provided to (or supplied by) the Settlement Class Member. ==In general, if a wholesaler opts out of the Settlement Class and its retail customer is a Settlement Class Member, the release would extend to the wholesaler as to the water it provided to the Settlement Class Member except to the extent the wholesaler shows it had the obligation for and bore unreimbursed PFAS-treatment costs for that water independent of the retail customer==. Ultimately, whether claims are released will turn on the application of the release provisions of the Settlement Agreement to the specific facts relevant to the wholesaler, the retail customer, and their relationship.[4]

Jill

*Jill C. Teraoka*
*Senior Deputy General Counsel*
*The Metropolitan Water District of Southern California*
*700 North Alameda Street*
*Los Angeles, CA 90012*
*P:  (213) 217-6332*
*F:  (213) 217-6890*
*e-mail:  jteraoka@mwdh2o.com*

---

**From:** Paul Napoli <PNapoli@NSPRLaw.com>
**Sent:** Saturday, March 9, 2024 10:43 AM
**To:** Teraoka,Jill C <JTeraoka@mwdh2o.com>
**Cc:** kristine.m.wellman@chemours.com; jmwintner@wlrk.com; gwmeli@wlrk.com; erik.t.hoover@dupont.com; kevin.vanwart@kirkland.com; cornel.b.fuerer@corteva.com; mreynolds@cravath.com; thomas.a.warnock@corteva.com; Michael London <mlondon@douglasandlondon.com>; ssummy@baronbudd.com; beth@feganscott.com; jrice@motleyrice.com; Scully,Marcia L <mscully@mwdh2o.com>
**Subject:** Re: Motion to Intervene in City of Camden, et al. v. E.I. DuPont De Nemours and Co. (n/k/a EIDP, Inc.), et al., No. 2:23-cv-03230-RMG

Jill

Please provide a copy of the motion you are talking about so we have

something to talk about on the meet and confer.

Paul

> On Mar 9, 2024, at 2:09 PM, Teraoka,Jill C <JTeraoka@mwdh2o.com> wrote:
>
> Counsel:  Pursuant to Local Rule 7.02, I am sending this email to you to meet and confer regarding a motion to intervene that Metropolitan intends to file on Monday, March 11, 2024 in *City of Camden, et al. v. E.I. DuPont De Nemours and Co. (n/k/a EIDP, Inc.), et al.*, No. 2:23-cv-03230-RMG, for the limited purpose of appealing the final approval order and judgment if the parties do not agree to correct the terms of the settlement agreement to provide for compliant opt outs to reserve their rights as to claims they may have now and in the future as to The Chemours Company, The Chemours Company FC, LLC, DuPont de Nemours, Inc., Corteva, Inc., and E.I. DuPont de Nemours and Company n/k/a EIDP, Inc. (collectively, "DuPont").  Please let us know if you will agree to correct the terms of the settlement agreement to provide for compliant opt outs to reserve their rights as to any and all claims they may have now and in the future as to DuPont.  We look forward to hearing from you soon and no later than 6 p.m. PT on Sunday, March 10, 2024.
>
> Regards,
> Jill
> *Jill C. Teraoka*
> *Senior Deputy General Counsel*
> *The Metropolitan Water District of Southern California*
> *700 North Alameda Street*
> *Los Angeles, CA 90012*
> *P:  (213) 217-6332*
> *F:  (213) 217-6890*
> *e-mail:  jteraoka@mwdh2o.com*

This communication, together with any attachments or embedded links, is for the sole use of the intended recipient(s) and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete the original and all copies of the communication, along with any attachments or embedded links, from your system.

### Paul Napoli
**Partner**
**Admitted in: NY, IL, SCOTUS**

<~WRD2423.jpg>

(787) 493-5088 | PNapoli@NSPRLaw.com
1302 Avenida Ponce de Leon, Santurce, Puerto Rico 00907

**Follow us on Social Media**

<~WRD2423.jpg>   <~WRD2423.jpg>   <~WRD2423.jpg>   <~WRD2423.jpg>   <~WRD2423.jpg>

\* Napoli Shkolnik is a registered tradename for NS PR Law Services, LLC. A Puerto Rican Limited Liability Corporation

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

### Paul Napoli
**Partner**
**Admitted in: NY, IL, SCOTUS**



(787) 493-5088 | PNapoli@NSPRLaw.com
1302 Avenida Ponce de Leon, Santurce, Puerto Rico 00907

**Follow us on Social Media**

    

\* Napoli Shkolnik is a registered tradename for NS PR Law Services, LLC. A Puerto Rican Limited Liability Corporation

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

### Paul Napoli
**Partner**
**Admitted in: NY, IL, SCOTUS**



(787) 493-5088 | PNapoli@NSPRLaw.com
1302 Avenida Ponce de Leon, Santurce, Puerto Rico 00907

**Follow us on Social Media**

   

**\* Napoli Shkolnik is a registered tradename for NS PR Law Services, LLC. A Puerto Rican Limited Liability Corporation**

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.