# EXHIBIT E

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
**(609) 989-2040**

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

April 5, 2019

### LETTER ORDER

Re:   **Cole, et al. v. NIBCO, Inc.**
       **Civil Action No. 13-7871 (FLW)**

Dear Counsel:

Currently pending before the Court are Christopher Bandas and Robert Clore's motions for leave to appear *pro hac vice* on behalf of Jeffrey Palmer, an objecting class member in the above captioned matter. (Docket Entry Nos. 182 and 183). Counsel for the Plaintiff Class objects to Messrs. Bandas and Clore's applications. (Docket Entry No. 197). For the reasons set out below, Messrs. Bandas and Clore's motions are DENIED.

L. Civ. Rule 101.1(c)(1) provides that "any member in good standing of the bar of any court of the United States or of the highest court of any state, who is not under suspension or disbarment by any court and is ineligible for admission to the bar of this Court under L. Civ. R. 101.1(b), may in the discretion of the Court, on motion, be permitted to appear and participate in a particular case." However, while the fact that an attorney is in good standing in the jurisdiction where he or she is admitted is a prerequisite to admission *pro hac vice*, the mere fact that an attorney is in good standing is not a guarantee of admission *pro hac vice*. *See Kohlmayer v. National Railroad Passenger Corp.*, 124 F. Supp. 2d 877, 879 (D.N.J. 2000) (holding that L. Civ. R. 101(c)(1) "contemplates that Courts may deny admission *pro hac vice*, even though the

applicant is not currently suspended or disbarred from the practice of law."). Further, "Courts can use their discretion to deny the privilege of pro hac admission to attorneys who consistently act in an uncivilized manner, regardless of whether formal ethical complaints have been made against the pro hac applicant." *Id.* at 883.

In light of Mr. Bandas' past behavior, the Court has substantial concerns with allowing him to appear *pro hac vice*. Although Mr. Bandas is not suspended or disbarred, several courts around the country have expressed skepticism that Mr. Bandas' objections to class settlements have been made in good faith. For example, the Southern District of New York admonished Mr. Bandas for his actions throughout the litigation of *Garber v. Office of the Comm'r of Baseball*, No. 12-cv-3704 (S.D.N.Y. Feb 27, 2017), holding, among other things, that he "orchestrated the filing of a frivolous objection in an attempt to throw a monkey wrench into the settlement process and extort a payoff." (*Garber*, Docket Entry No. 608 at 9). Additionally, the Northern District of Illinois issued a permanent injunction against Mr. Bandas and the Bandas Law Firm for objecting to a class settlement for the sole purpose of extorting attorney's fees without any benefit to the class. The Illinois Attorney & Registration Disciplinary Commission is also investigating Mr. Bandas in connection with an allegation of the unauthorized practice of law for failing to move *pro hac vice* in a matter in that state, further evidencing Mr. Bandas' indiscretions.

In addition to past wrongdoing, class counsel also argues in its April 5, 2019 supplemental letter to the Court that in this matter, Mr. Bandas deliberately concealed his role in representing Mr. Palmer as an objector in *In re Kitec Plumbing System Prods. Liab. Litig.*, Case No. 09-md-2098-F (N.D. Tex). (Pl.'s 4/5/2019 letter; Docket Entry No. 212). Class counsel cites this omission in a sworn declaration as yet another example of Mr. Bandas' misconduct. The Bandas

2

Law Firm filed a response to this supplemental letter, stating that the omission was a mistake on the part of Mr. Clore due to lack of record retention. (Docket Entry No. 214). However, with a record like that associated with the Bandas Law Firm, this is error is cause for concern.

Fed. Rule Civ. P. 1 states that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The Court is not persuaded that the admission of Messrs. Bandas and Clore will effectuate this aim. As a result, the Court exercises its discretion against permitting their *pro hac vice* admission. Therefore, the aforementioned motions for leave to appear *pro hac vice* are DENIED.

**IT IS SO ORDERED.**

**The Clerk of the Court is directed to terminate Docket Entry Nos. 182 and 183.**

    s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**

3