IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG<br><br>CASE MANAGEMENT ORDER NO. 22-A<br><br>This Order Relates to:<br>*The Southeast Morris County Municipal Utilities Authority*<br>2:22-cv-00199-RMG and<br>*City of Watertown v. 3M Company et al.*,<br>2:21-cv-1104-RMG |

**PROTOCOL REGARDING EXPERT WITNESS DEPOSITIONS AND
WITNESSES NOT PREVIOUSLY DEPOSED**

The Court hereby issues the following Case Management Order ("CMO") to govern the protocol and procedures for expert witness depositions and the deposition of witnesses not previously deposed during fact discovery in the Telomer Water Provider Tier Two cases.

I.     **EXPERT WITNESS DISCOVERY:**

    A.     For any expert who issues only one expert report limited to either general liability (defined as an issue that applies to both Telomer Water Provider Tier Two cases rather than specifically to either one of them) or a single Telomer Water Provider Tier Two case, the deposition of such expert witness shall be limited to seven (7) hours.

    B.     If either of the parties produces expert reports for expert witnesses who issue more than one expert report (e.g. one report related to general liability and one or more reports related to case-specific opinions) or who address more than one Telomer Water Provider Tier Two case in a single report, then the total deposition time permitted for any such expert witness shall presumptively be seven (7) hours for the expert witness's general liability expert report, and an additional two (2) hours per each specific case that the expert addresses. Without prior agreement of the parties or order of the Court, in no instance, however, shall an expert's deposition be limited to less than seven hours or exceed eleven hours total.

    C.     The parties shall meet and confer in good faith should a party believe that the presumptive time limits set forth above are not appropriate for a particular witness.

1

II.     **WITNESSES NOT PREVIOUSLY DEPOSED:**

   A.     Aside from rebuttal witnesses, witnesses not included on a party's trial witness list shall not be called at trial absent agreement by the parties or a showing of good cause as to why the witness was not included on the witness list.

   B.     If either party discloses a fact witness on its trial witness list who has not previously been deposed in this MDL, any party shall be permitted to depose that witness. Any party noticing a deposition pursuant to this provision must notify all parties of its intent to depose the previously non-deposed trial witness within fourteen days of receipt of the opposing party's trial witness list. Further, for depositions conducted pursuant to this provision, the parties will use good faith efforts to complete the depositions within an agreed-upon time period within the framework of the existing deadlines and trial schedule that will be forthcoming. It is also presumptively understood that depositions under this provision will be conducted within 30 days of receipt of the request for the witness's deposition.

   C.     Additionally, in the event that there is a third-party fact witness not previously deposed in this MDL who is considered an "Unavailable Witness" pursuant to Federal Rule of Civil Procedure 32(a)(4), any party shall be permitted to depose that witness to preserve that witness's testimony for trial even after the close of fact discovery applicable to the Telomer Water Provider Tier Two cases. It is also presumptively understood that depositions under this provision will be conducted at least 30 days prior to the deadline for the exchange of the parties' trial witness lists.

   **AND IT IS SO ORDERED.**

                                           s/Richard Mark Gergel
                                           Richard Mark Gergel
                                           United States District Judge

March 19, 2024
Charleston, South Carolina