IN THE UNITED STATES
DISTRICT COURT DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| FRANCES F. VALDEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JORGE VALDEZ, DECEASED ) ) ) ) ) | |
| ) | MDL NO. 2873 |
| Plaintiff,   ) ) | Master Docket No: 2:18-mn-2873 |
| ) ) | JUDGE RICHARD GERGEL |
| v.   ) ) | Civil Action No.: 2:22-cv-00455-RMG |
| 3M COMPANY; CHEMGUARD, INC.; MATLICK ENTERPRISES, INC. ) ) ) | EXPARTE UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |
| (d/b/a UNITED FIRE EQUIPMENT COMPANY); PERIMETER SOLUTIONS, LP; TYCO FIRE PRODUCTS, LP ) ) ) ) ) | |
| Defendants.   ) | |

**EX PARTE UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

NOW COMES Frances F. Valdez ("Plaintiff"), who hereby files this Ex Parte Unopposed Motion for Leave to File Amended Complaint.

Jorge Valdez began his fire service career in 1978 with the United States Air National Guard in the Arizona Air National Guard 162nd Fire Department. *See* R. Doc. 1 at 10. Mr. Valdez was a firefighter for over 40 years and was diagnosed with renal carcinoma after extensive use of aqueous film forming foam ("AFFF") manufactured by Defendants. *See id.* Plaintiffs Jorge and Frances F. Valdez filed their Complaint on February 11, 2022 alleging claims of (1) strict products

3848254v1

liability; (2) negligent failure to warn; (3) negligent plan or design; (4) punitive damages; and (5) loss of consortium against Defendants. *See id.*

Jorge Valdez passed away on May 17, 2023 and was survived by his wife, Frances F. Valdez. Mrs. Valdez is the representative of Mr. Valdez's estate. A Suggestion of Death was timely filed into the record on May 26, 2023. *See* R. Doc. 4. On August 3, 2023 a Stipulation for Substitution of Parties was filed into the record substituting Frances F. Valdez for Jorge Valdez. *See* R. Doc. 9.

"Leave to amend a complaint should generally be freely granted." *U.S. ex rel. May v. Purdue Pharma L.P.*, 737 F.2d 908, 920 (4th Cir. 2013). "The decision whether to grant leave to amend falls within the discretion of the trial court; however, 'the federal rules strongly favor granting leave to amend.'" *Syngenta Crop Protection, Inc. v. U.S.E.P.A.*, 222 F.R.D. 271, 278 (M.D.N.C. 2004) (quoting *Medigen of Ky., Inc. v. Pub. Serv. Comm'n*, 985 F.2d 164, 167-68 (4th Cir. 1993)). Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962), mandates a liberal reading of the rule's direction for 'free' allowance: motions to amend are to be granted in the absence of a 'declared reason' 'such as undue delay, bad faith or dilatory motive ..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., futility of amendment, etc.'" *Simmons v. Justice*, 196 F.R.D. 296, 297 (W.D.N.C. 2000). Absent any of these factors, the leave sought should be freely given. *See Termini v. Life Ins. Co. of North America*, 464 F. Supp. 2d 508, 519 (E.D. Va. 2006).

Here, the Court has not imposed a deadline to amend pleadings and Plaintiff is seeking to amend her complaint for the first time due to her husband's death. Plaintiff has also obtained

3848254v1

consent of Defense Co-Lead Counsel to file the proposed Amendment. As Plaintiff alleges that Mr. Valdez's renal cancer caused his death, Plaintiff only seeks to add wrongful death and survival claims against Defendants to her the Amended Complaint. Further, Jorge Valdez's claims survive his death pursuant to A.R.S. § 14-3110. Plaintiff's proposed amendment is thus timely, in good faith, and will not result in prejudice to any party.[1] Accordingly, Plaintiff respectfully asks that the Court grant her Motion for Leave and allow her to file her Amended Complaint into the record.

Pursuant to Local Rule 7.02, undersigned counsel has contacted Defense Co-Lead Counsel who have responded that they do not oppose the instant Motion.

For the foregoing reasons, Plaintiff asks that the Court grant her Ex Parte Unopposed Motion for Leave and permit her to file the accompanying Amended Complaint into the record. Plaintiff further requests any and all relief the Court deems just and appropriate.

Dated:  March 19, 2024

By: */s/ Jason W. Burge*

FISHMAN HAYGOOD LLP
Kerry J. Miller
Jason W. Burge
Danielle Teutonico
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
Email: kmiller @fishmanhaygood.com
          jburge@fishmanhaygood.com
          dteutonico@fishmanhaygood.com

Lincoln Combs
O'STEEN & HARRISON, PLC
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona  85013-3424
Telephone: (602) 252-8888
Facsimile: (602) 274-1209

---

[1] *See* Exhibit A, Redline of changes between Plaintiffs' Complaint filed Feb. 11, 2022 and Plaintiff's Proposed Amended Complaint.

3848254v1

lcombs@vanosteen.com

*Counsel for Plaintiff*

*/s/ Michael A. London*

Michael A. London
DOUGLAS & LONDON, P.C.
59 Maiden Lane, 6th Fl.
New York, NY 10038
Phone: (646) 863-8080
Fax: (212) 566-7501
mlondon@douglasandlondon.com

Paul J. Napoli
NAPOLI SHKOLNIK PLLC
360 Lexington Ave., 11th Fl.
New York, NY 10017
Phone: (787) 493-5088
PNapoli@NSPRLaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Ave., #1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 523-6600
ssummy@baronbudd.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon counsel for all parties through the CM/ECF filing system with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 19th day of March, 2024.

*/s/ Jason W. Burge*
Jason W. Burge

3848254v1