# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | C.A. No. 2:18-2873-RMG |
| City of Camden, *et al.*, | |
| Plaintiffs, | C.A. No. 2:23-3230-RMG |
| vs. | |
| E.I DuPont De Nemours and Company (n/k/a EIDP, Inc.), *et al.*, | |
| Defendants. | |

**REPLY IN SUPPORT OF OBJECTIONS TO NOTICE ADMINISTRATOR'S DETERMINATION OF NON-COMPLIANCE WITH THE OPT-OUT PROVISIONS OF THE SETTLEMENT AGREEMENT**

The Veolia Entities[1] wish to briefly reply to the submissions by the DuPont Entities (Dkt. 4606) and Class Counsel (Dkt. 4607).

As an initial (and *positive*) matter, it is now clear that there is no longer any dispute about the validity of the Veolia Entities' requests for exclusion—all parties agree that the requests for exclusion submitted by the Veolia Entities are valid and that the Veolia Entities are excluded from the DuPont Settlement Agreement. That issue, therefore, should be behind us.

Notably, however, (at least to the Veolia Entities), the submissions by the DuPont Entities and Class Counsel pay short shrift to the broader legal issue presented by the Veolia Entities – i.e.,

---

[1] The Veolia Entities include Veolia Water Contract Operations USA, Inc.; Veolia Water North America—Central, LLC; Veolia Water North America—Northeast, LLC; Veolia Water North American—South, LLC; Veolia Water North America—West, LLC; Veolia Water North America Operating Services, LLC; Veolia Water West Operating Services, Inc.; and Veolia Water Contract Services USA, LLC.

the invalidity *as a matter of law* of any attempt to construe the Settlement Agreement as authorizing a broad release of all operator claims when the releasor is the separate third-party owner of the water system. Rather than address this issue square on, the DuPont Entities and Class Counsel brush it to the side by calling it an untimely objection to the Settlement Agreement.

The "objection," as they call it, is neither untimely nor invalid.[2]

As the Veolia Entities previously pointed out, (Dkt 4505), and as this Court has made clear, Federal Rule of Civil Procedure 23(e) permits a party to "either opt out of the settlement *or* file an objection, but not do both." (Dkt. 3946 at 1 (citing *Robinson v. Carolina First Bank NA*, 2019 WL 2591155, at *2 (D.S.C. June 5, 2019) for the proposition that "Rule 23(e)(5) of the Federal Rules of Civil Procedure only permits a class member to object to a proposed class settlement").)[3] The Court underscored the point: a party that submits an objection may not opt out of the proposed settlement and continue to pursue the objection; instead, the objection of any party that opts out is forfeited. (*Id.*) The Veolia Entities have made it abundantly clear that, after careful consideration, they have chosen to opt out. As a consequence of that decision, they could not also "object."

Moreover, the Veolia Entities' submissions have aimed not necessarily to "object" to the Settlement Agreement, but to call to the attention of the Court and others that there appears to be an ambiguity in (or at least a lack of consensus over) the intention of certain operator release language in the Settlement Agreement. While the Veolia Entities have viewed the operator release

---

[2] It also is not an objection to the Settlement Agreement. Pursuant to this Court's Order (Dkt. No. 4469), the Veolia Entities submitted an objection *to the Notice Administrator's finding that the requests for exclusion submitted by the Veolia Entities are invalid.* As set forth herein and in the Veolia Entities' initial filing, the Veolia Entities elected to request exclusion from the Settlement Agreement and do not seek to interfere with the rights of owners of drinking water systems to participate in the Settlement Agreement.

[3] The order at Docket 3946 expressly applies to *City of Camden, et al. v. 3M Company,* No. 2:23-cv-03147; however, the authority underpinning the order applies equally to the present case.

language to contemplate *only* the release of operator claims for monies that have already been recovered or are recoverable by the owner (i.e., a claim that would amount to double recovery), discussion with counsel for the DuPont Entities and the Class over the course of these proceedings failed to provide comfort that the issue of intent was clear enough to avoid the possibility of future litigation on the topic.[4]

Accordingly, the Veolia Entities want to make it clear that (1) they have opted out; (2) they have never intended their opt-out to speak on behalf of any third party owner; (3) as a result of opting out, the Federal Rules precluded any opportunity to "object" to the Settlement Agreement; (4) having opted out, they are not bound by the terms of the Settlement Agreement, including the release language[5]; (5) there is an interpretation of the operator release language in the Settlement Agreement that is reconcilable with fundamental principles of contract law and class action law; and (6) all parties would benefit from an order confirming the above interpretation.

---

[4] This ambiguity with respect to the release language applies to both the DuPont Settlement Agreement and the 3M Settlement Agreement and has been well-known to Class Counsel and counsel for both the DuPont Entities and 3M for months. In October 2023, Veolia first raised the issue to 3M and then Class Counsel, and Veolia understand that Class Counsel was discussing with the DuPont Entities. From October 2023 to present, Veolia has continued to have conversations with Class Counsel, counsel for the DuPont Entities, and counsel for 3M in an attempt to resolve concerns regarding the release language as applied in the case of a drinking water system owned and operated by different entities. To the extent the Court is inclined to enter an order addressing the ambiguity in the release language, that order should address both the DuPont Settlement Agreement and the 3M Settlement Agreement.

[5] Pursuant to Section 9.7.3 of the Settlement Agreement, the Veolia Entities "shall not be bound by the any orders or judgments effecting the Settlement." Consistent with this provision, and with the DuPont Entities' express agreement that the requests for exclusion submitted by the Veolia Entities are valid, the DuPont Entities cannot in the future seek to bind the Veolia Entities to any provision in the Settlement Agreement, including without limitation the release language.

Respectfully submitted, this 28th day of March, 2024.

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

<u>*/s/ Lindsey B. Mann*</u>
Lindsey B. Mann
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308
404-885-3000
lindsey.mann@troutman.com

Brooks M. Smith
1001 Haxall Point
P.O. Box 1122 (23218-1122)
Richmond, Virgnia 23219
804-997-2200
brooks.smith@troutman.com

*Counsel to Non-Party Veolia*

# CERTIFICATE OF SERVICE

      I hereby certify that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record. I further certify that pursuant to Dkt. 4469, paragraph 4, the foregoing was sent via overnight courier, delivery confirmation requested to the below:

| | |
|---|---|
| Steven Weisbrot<br>Angeion Group<br>1650 Arch Street, Suite 2210<br>Philadelphia, PA 19103 | Matthew Garretson<br>Wolf/Garretson LLC<br>P.O. Box 2806<br>Park City, UT 84060 |

And via electronic mail and overnight courier, delivery confirmation requested to the below:

| | |
|---|---|
| The Chemours Company<br>Attn: Kristine M. Wellman<br>Office of the General Counsel<br>1007 Market Street<br>Wilmington, DE 19801<br>kristine.m.wellman@chemours.com | Jeffrey M. Wintner<br>Graham W. Meli<br>Wachtell, Lipton, Rosen & Katz<br>51 West 52nd Street<br>New York, NY 10019<br>jmwintner@wlrk.com<br>gwmeli@wlrk.com |
| DuPont de Nemours, Inc.<br>Attn: Erik T. Hoover<br>974 Centre Rd.<br>Wilmington, DE 19806<br>erik.t.hoover@dupont.com | Kevin T. Van Wart<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>kevin.vanwart@kirkland.com |
| Corteva Inc.<br>Attn: Cornel B. Fuerer<br>974 Centre Road , Building 735<br>Wilmington, DE 19805<br>cornel.b.fuerer@corteva.com | Michael T. Reynolds<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>mreynolds@cravath.com |
| EIDP, Inc.<br>Attn: Thomas A. Warnock<br>974 Centre Road Building 735<br>Wilmington, DE 19805<br>thomas.a.warnock@corteva.com | Michael A. London<br>Douglas & London, P.C.<br>59 Maiden Lane, 6th Floor<br>New York, New York 10038<br>mlondon@douglasandlondon.com |

| | |
|---|---|
| Paul J. Napoli<br>Napoli Shkolnik<br>1302 Avenida Ponce de Leon<br>San Juan, Puerto Rico 00907<br>PNapoli@NSPRLaw.com | Scott Summy<br>Baron & Budd<br>3102 Oak Lawn Avenue, Suite 1100<br>Dallas, Texas 75219<br>ssummy@baronbudd.com |

Elizabeth A. Fegan
Fegan Scott
150 S Wacker Dr, 24th Floor
Chicago, IL 60606
Beth@feganscott.com

This 28th day of March, 2024.

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

*/s/ Lindsey B. Mann*
Lindsey B. Mann
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308
404-885-3000
lindsey.mann@troutman.com

Brooks M. Smith
1001 Haxall Point
P.O. Box 1122 (23218-1122)
Richmond, Virgnia 23219
804-997-2200
brooks.smith@troutman.com

*Counsel to Non-Party Veolia*