IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) Master Docket No.: <br> ) 2:18-mn-2873-RMG |
| CITY OF CAMDEN, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> 3M COMPANY, <br><br> *Defendant.* | ) <br> ) <br> ) <br> ) Civil Action No.: <br> ) 2:23-cv-03147-RMG <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) |

**ORDER REGARDING COMPLIANCE ASSESSMENTS OF OPT-OUTS**

On March 22, 2024, the Special Master filed a declaration stating that "3M has reported to the Special Master that fifty-one (51) submissions were not served on all parties as required by the Settlement Agreement." (C.A. No. 2:23-cv-3147-RMG, Dkt. No. 224 at 2). Paragraph 8.5 of the Settlement Agreement requires that requests for exclusion be served on the Notice Administrator, the Special Master, the Claims Administrator, 3M's Counsel and Class Counsel in accordance with Paragraph 13.15 of the Settlement Agreement.

The Court believes that the Special Master and all parties might benefit from guidance in assessing compliance of opt-outs under Paragraph 8.5.

An "opt out request need not perfectly conform to the format chosen by the district court or the proposed settlement agreement to effectively express a desire to opt out of a class action settlement." *See, e.g., In re Deepwater Horizon*, 819 F.3d 190, 196 (5th Cir. 2016); *In re Four Seasons Securities Law Litigation,* 493 F.2d 1288, 1291 (10th Cir. 1974) ("A *reasonable* indication of a desire to opt out ought to be sufficient.") (emphasis added); *Plummer v. Chem.*

*Bank,* 668 F.2d 654, 657 n. 2 (2d Cir.1982) ("Any *reasonable* indication of a desire to opt out should suffice.") (emphasis added); *Johnson v. Hercules Inc.,* No. CV298–102, 1999 WL 35648160, at *5 (S.D. Ga. Apr. 28, 1999) ("The Court requires nothing more, and nothing less, than an unequivocal, explicit, *reasonable,* and timely request for exclusion.") (emphasis added).

Recognizing these basic standards, the Court provides the following statement as guidance in reviewing opt-outs for compliance with the Settlement Agreement:

> Requests for exclusion that were not submitted to all required parties under Paragraph 8.5 of the Settlement Agreement, but which express a reasonable request for exclusion and otherwise comply with Paragraph 8.5, should not be deemed noncompliant under the Settlement Agreement.

The Court directs the Special Master to review the opt-out forms discussed above and, if necessary, submit a supplemental declaration revising or clarifying any determinations regarding non-compliance that are inconsistent with this guidance.

Any party wishing to contest a finding that an opt-out submission complied with the Settlement Agreement even though it was not served on all parties required by Paragraph 8.5 is authorized to do so, before the Special Master, within 7 days of the filing of a supplemental declaration by the Special Master. That party shall specify for each Class Member challenged which required person(s) the Class Member did not provide notice to and explain the specific resulting prejudice. Responses to such challenges are due no later than 7 days thereafter. The above submissions shall be filed on the docket in this matter.

**AND IT IS SO ORDERED.**

s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 5, 2024
Charleston, South Carolina