PMIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**AMENDED**<br>**CASE MANAGEMENT ORDER NO. 28**<br><br>**This Order Relates to All Actions** |

## AMENDED CASE MANAGEMENT ORDER

By Order dated December 5, 2023 [Dkt. No. 4149] [hereafter "December 5, 2023 Order"], the Court directed the parties to meet and confer and to propose a CMO that sets forth a plan to address the individual personal injury cases that do not fall within CMO 26. Following a Joint Motion by the parties dated February 2, 2024, the Court on February 5, 2024 extended this deadline until February 28, 2024 [Dkt. No. 4458] and, upon further motion of the parties [Dkt. No. 4570], the Court further extended the deadline to March 4, 2024 [Dkt. No. 4571].

1.  By March 13, 2024, Plaintiffs shall identify the diseases not addressed in CMO 26 that they assert are associated with exposure to an AFFF source and shall serve the list on the Defense Co-Leads and Liaison Counsel and provide it to the Court.[1] Plaintiffs are not waiving any rights related to any injuries by not including them on the list of injuries identified under this paragraph.

2.  In accordance with the following schedule, the parties shall produce all peer

---

[1] There are two additional *Leach* injuries that are not addressed in CMO-26, high cholesterol and pregnancy-induced hypertension. The parties shall continue to meet and confer on these cases and, on or before May 1, 2024, submit an agreed order addressing these two conditions or, if unable to agree, shall submit competing proposals to the Court.

reviewed articles which support or dispute an association of any diseases listed and identified by the PEC pursuant to Paragraph 1 with exposure to an AFFF source.

    a. The PEC will produce to the DCC all peer reviewed articles or studies which support an association of any diseases listed and identified by the PEC pursuant to Paragraph 1 by April 3, 2024.

    b. The DCC shall produce to the PEC all peer reviewed articles or studies which dispute an association of any diseases listed and identified by the PEC pursuant to Paragraph 1 by May 1, 2024.

    c. By May 15, 2024, the Parties shall jointly submit to the Court these peer reviewed articles and studies in a manner that facilitates the Court's and the Parties' efficient review of these peer reviewed articles and studies.

3.    The Court and the parties shall conduct a Science Day to allow the parties to present a limited number of experts to the Court to address the claimed association of diseases on the list in Paragraph 1 to exposure to an AFFF source in accordance with the following:

    a. Following receipt of the peer-reviewed studies discussed in Paragraph 2 of this Order, the Court with input from the parties will set a Science Day under the terms set below.

    b. The PEC shall promptly notify the DCC and the Court as to modifications, if any, to the list provided pursuant to Paragraph 1. The PEC and DCC shall meet and confer regarding any modifications to the list no later than eight weeks prior to Science Day.

    c. Upon submission of the list called for in Paragraph 1 of this Order, and in light of the number of different diseases identified in such list, the Parties shall meet and

confer as to the number and sequencing of experts and the time allotted to each side's experts during Science Day. The Parties shall submit either an agreed proposal or competing proposals as to these issues by no later than 28 days prior to Science Day.

    d.  The presentations and questioning will be under the control and direction of the Court.  Counsel will not be involved in making presentations or questioning the experts.

    e.  The presentations, supportive materials, and responses of the experts are off the record and may not be used in any manner by any party in any aspect of the AFFF MDL or any other proceeding.  A transcript of the Science Day will be made strictly for the Court's use and will not be provided to any party.

    f.  The PEC and DCC will make available to the Court the CVs of their experts at least 14 days before Science Day.

    g.  Experts may use PowerPoints and provide supportive charts and data, but they should anticipate the Court actively participating in and directing questioning.

4.    The parties shall meet and confer regarding the parameters of selecting one or more bellwether cases, guided by the Court's directives in its Order dated December 5, 2023 [Dkt. No. 4149] as well as the Court's previous Bellwether Orders enumerated as CMO 26, 26A, and 26B. The parties will endeavor to submit an agreed to Order or competing Orders to address a bellwether process for the diseases listed and identified by the PEC pursuant to Paragraph 1, above on or before 60 days after Science Day.

5.    The parties shall meet and confer regarding *Daubert* and dispositive motions and will set forth their plan in the CMO submitted under Paragraph 4, above.

6.      Effective April 24, 2024, any Plaintiff asserting or seeking to assert an "Unlisted Claim," defined as a disease or condition that is not on the list filed with the Court pursuant to Paragraph 1, not among the conditions addressed by CMO 26, or not pregnancy-induced hypertension or high cholesterol shall be subject to the following requirements:

    a.  Plaintiffs with filed actions shall have 90 days to dismiss such Unlisted Claims or their entire case if the Unlisted Claims are the sole claim(s) being pursued and may do so in a dismissal without prejudice, provided that any such dismissal without prejudice shall be conditioned on the following requirements to reactivate or re-file any such Unlisted Claims:

        i.  Any lawsuit involving such Unlisted Claims shall be filed in this MDL unless this MDL shall have been concluded and, in that instance, any such lawsuit shall be refiled in an appropriate federal court.

        ii.  Any Plaintiff refiling such a lawsuit or re-activating such claims shall be required to tender (to the extent not already provided via a Plaintiff Fact Sheet) complete medical records relating to their claimed disease or condition within 135 days of such refiling or reactivation and shall further be required to provide to Defendants named in the action expert reports compliant with Federal Rule of Civil Procedure 26 on general and specific causation for the specific alleged disease(s) or condition(s) within 180 days of any such filing or reactivation.

    b.  Solely for purposes of this Order, Defendants named in any action dismissed pursuant to paragraph 6(a) are deemed to agree that the statute of limitations related to the claims of any plaintiffs whose cases are voluntarily dismissed

pursuant to paragraph 6(a) are tolled from the date of the plaintiff's original filing. For the avoidance of doubt, any and all defenses, including statute of limitations, existing as of the time of the filing of the original lawsuit, are preserved and not waived by Defendants. Unless and until a Plaintiff complies with the requirements of Paragraph 6(a) of this Order, all other proceedings in a re-filed case or reactivated claim shall be stayed absent order of Court.  Unless otherwise agreed by individual parties, this tolling provision shall apply for a maximum period of four years from the date of any Order dismissing the case or claims without prejudice unless the case has otherwise been resolved or dismissed with prejudice in the interim.  Nothing herein eliminates a plaintiff's right to pursue a claim that timely accrues hereafter.

c.  Any Plaintiff who does not file a dismissal without prejudice per the terms of this Order shall face dismissal of their Unlisted Claims with prejudice upon motion by Defendants unless, within 180 days, the Plaintiff tenders (to the extent not already provided via a Plaintiff Fact Sheet) to Defendants named in the action complete medical records for the Unlisted Claims and within 240 days, tenders to Defendants expert reports compliant with Federal Rule of Civil Procedure 26 on general and specific causation for the specific alleged disease(s) or condition(s) they seek to pursue.  Unless and until a Plaintiff complies with the requirements this Paragraph 6(c), all other proceedings in a re-filed case or reactivated claim shall be stayed absent order of Court.

d.  Any newly filed lawsuits initiated in or transferred to this MDL alleging Unlisted Claims shall be subject to this Order, but shall not be entitled to any tolling as

5

provided in Paragraph 6(b).  Plaintiffs in such actions shall have 90 days from the date the action is filed in or transferred to this MDL to dismiss their claims without prejudice pursuant to paragraph 6(a) above. Any such Plaintiff who does not file a dismissal without prejudice per the terms of this Order shall face dismissal of their Unlisted Claims with prejudice upon motion by Defendants unless, within 180 days of the filing in or transfer to this MDL, the Plaintiff tenders (to the extent not already provided via Plaintiff Fact Sheet) to Defendants complete medical records for the Unlisted Claims and within 240 days of the filing in or transfer to this MDL, tenders to Defendants named in the action expert reports compliant with Federal Rule of Civil Procedure 26 on general and specific causation for the specific alleged disease(s) or condition(s) they seek to pursue.  Unless and until a Plaintiff complies with this paragraph 6(d), all other proceedings in a re-filed or reactivated case shall be stayed absent order of Court.

e.  To the extent that Plaintiffs opt not to pursue dismissal without prejudice and, instead, produce the required medical records and expert reports as set forth in Paragraph 6(c) or 6(d) above, the parties shall confer and report to the Court on appropriate next steps to manage any such cases in this MDL.

f.  Failure to follow the terms of Paragraph 6 of this Order shall warrant entry of an order of dismissal with prejudice upon motion by Defendants.

g.  These conditions and requirements are binding on Plaintiffs individually regardless of the identity of counsel currently retained or later retained to pursue such Unlisted Claims.

h.  The obligations under Paragraph 6 are with counsel for individual plaintiffs, and

not the PEC.

i.   While Unlisted Claims are subject to the conditions described above, nothing in this order precludes a Plaintiff from seeking damages for any secondary injury, sequela, symptom or other form of damage directly related to one of the listed injuries, one of the CMO 26 injuries, pregnancy-induced hypertension or high cholesterol, even if those secondary injuries, sequela, symptoms or other forms of damage are dismissed as an independent claim according to the processes described above.

**AND IT IS SO ORDERED**.


                                        s/Richard M. Gergel
                                        Richard M. Gergel
                                        United States District Judge


April 10, 2024
Charleston, South Carolina