**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE AQUEOUS FILM-FORMING FOAMS PRODUCT LIABILITY LITIGATION | MDL No.: 2:18-mn-2873-RMG<br><br>**AK-CHIN INDIAN COMMUNITY'S OBJECTION TO THE SPECIAL MASTER'S DECLARATION REGARDING NON-COMPLIANT OPT-OUTS**<br><br>**This Document relates to:**<br>*City of Camden, et al., v. 3M Company*, No. 2:23-cv-03147-RMG |

The Ak-Chin Indian Community ("Community") respectfully submits this objection to the Special Master's declaration regarding non-compliant opt-outs of the Settlement Agreement.

**FACTS**

After becoming aware of the Class Action Settlement, the Community served its Request for Exclusion from Class Form ("Opt-Out Notice") on Notice Administrator Steven Weisbrot by hand delivery on December 11, 2023. Declaration of Evelyn Thompson ("Thompson Decl."), ¶¶ 3–4, Ex. 1, 2. The Community also

AK-CHIN INDIAN COMMUNITY'S OBJECTION TO THE SPECIAL MASTER'S DECLARATION REGARDING NON-COMPLIANT OPT-OUTS - 1
CASE NO. 2:23-cv-03147-RMG

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

US2008 29703899 1

served its Opt-Out Notice on Class Counsel Michael A. London, Scott Summy, Elizabeth Fegan, and Joseph Rice on December 11, 2023, by overnight courier. *Id.* at ¶ 5; Ex. 3. That same day, it also served Steve Reich, 3M Executive Vice President and Chief Counsel, Enterprise Risk Management, by overnight courier. *Id.* The Community also served Class Counsel Michael A. London, Paul Napoli,[1] and Scott Summy by email on December 11, 2023. *Id.* at ¶ 6; Ex. 4. The Community inadvertently failed to serve its Opt-Out Notice on Claims Administrator Dustin Mire, Special Master Matthew Garretson, and Class Counsel Kevin H. Rhodes, Thomas J. Perrelli, and Richard F. Bulger. *Id.* at ¶ 7. It also did not serve Elizabeth Fegan and Joseph Rice by email; however, they had been served by overnight courier. *Id.*

On March 20, 2024, the Special Master issued a declaration regarding non-compliant opt-outs. Dkt. 224. The Community did not receive the Special Master's Declaration at that time, but received notice of its non-compliance on March 26, 2024 when counsel for other class members alerted the Community's counsel of the Order and Report on Noncompliant Opt-outs. Declaration of Catherine Munson, ¶

---

[1] Mr. Napoli was served on December 11, 2023 by e-mail only and by FedEx on April 9, 2024. Thompson Decl., ¶ 11; Ex. 8. Pursuant to the Court's January 22, 2024 Order (Dkt. 4368), "[I]f a PWS timely submitted an opt out notice via email that was otherwise in compliance with Paragraph 9.7, the receipt of the hard copy of the opt out form after December 4, 2023 would not be considered noncompliant."

AK-CHIN INDIAN COMMUNITY'S OBJECTION
TO THE SPECIAL MASTER'S DECLARATION
REGARDING NON-COMPLIANT OPT-OUTS - 2
CASE NO. 2:23-cv-03147-RMG

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

US2008 29703899 1

3. The Special Master's declaration listed the Community's opt-out submission as non-compliant for having failed to serve its opt-out submission on all parties. Dkt. 4737 at 3.

On March 26, 2024, the Court issued an order adopting procedures for the filing of objections to the Special Master's determinations of compliance or non-compliance with the opt out provisions of the Settlement Agreement. Dkt. 4737 at 1. Therein, the Court stated "[a]ny [Public Water System] determined by the Special Master to have submitted a non-compliant opt out form may file a written objection to the Special Master's decision within 15 days of receipt of the notice of non-compliance. The objection must set forth in detail the basis of the objection and may include documents relevant to the objection." *Id.* at ¶ 2. Between April 1 and April 9, 2024, in an effort to correct its previous error, the Community properly served its Opt-Out Notice on all parties previously omitted from service, including the Claims Administrator, Special Master, Counsel for 3M, and Class Counsel. Thompson Decl., ¶¶ 8–11; Ex. 5–8.

The Community now objects to the Special Master's Declaration and seeks to have its Opt-Out Notice accepted despite the delayed service on the basis of excusable neglect.

AK-CHIN INDIAN COMMUNITY'S OBJECTION
TO THE SPECIAL MASTER'S DECLARATION
REGARDING NON-COMPLIANT OPT-OUTS - 3
CASE NO. 2:23-cv-03147-RMG

Kilpatrick, Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

US2008 29703899 1

## LEGAL STANDARD

A district court has discretion to grant relief from a class action opt-out deadline under Fed. R. Civ. P. 6(b)(1), which allows the court to grant an extension of time for "excusable neglect," and under Fed. R. Civ. P. 60(b)(1), which allows the court to grant relief from a judgment for the same reason. *In re MI Windows & Doors, Inc., Prod. Liab. Litig.*, 860 F.3d 218, 226 (4th Cir. 2017).

In deciding whether neglect is "excusable," a court considers four factors: (1) the danger of prejudice to the [nonmovant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 385 (1993)). No one factor is dispositive, and excusable neglect "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *In re MI Windows & Doors*, 860 F.2d at 226.

## ARGUMENT

**A. The Community's Opt-Out Notice Should Be Treated as Timely**

**1. The Non-Moving Parties Will Not Be Prejudiced by the Court's Acceptance of the Community's Opt-Out Notice as Timely**

The first factor courts look at in evaluating whether excusable neglect exists is the risk of prejudice to the non-moving parties. Here, the risk of prejudice to the

AK-CHIN INDIAN COMMUNITY'S OBJECTION
TO THE SPECIAL MASTER'S DECLARATION
REGARDING NON-COMPLIANT OPT-OUTS - 4
CASE NO. 2:23-cv-03147-RMG

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

US2008 29703899 1

defendant would be minimal because the action is not proceeding to litigation. Rather, a settlement agreement was proposed in this case long before the December 11, 2023 opt-out deadline. *See* Dkt. 10 (Plaintiff's Motion for Settlement). Similarly, a qualified settlement fund was established in November 2023, also before the opt-out deadline. Dkt. 82. The parties had therefore agreed to settle this case well before they knew how many class members would be part of the class versus how many would opt out. Thus, if the Community is granted relief by the Court from its delay in properly serving its Opt-Out Notice, it will have little impact on 3M's ongoing settlement with class member plaintiffs nor will it prejudice either party.

      Moreover, despite the Community's omission of certain counsel from service of its Opt-Out Notice, all parties ultimately received actual notice of the Community's desire to opt out by way of the Special Master's Declaration and list of eligible claimants whose opt-out submissions were determined to be non-compliant. And both the Notice Administrator and three of five class counsel timely received the Opt-Out Notice before the December 11 deadline, communicating the Community's desire to opt out. Notably, courts have held that "an opt out request need not perfectly conform to the format chosen by the district court or the proposed settlement agreement to effectively express a desire to opt out of a class action settlement." *In re Deepwater Horizon*, 819 F.3d 190, 196 (5th Cir. 2016). Indeed, courts have held that in deciding whether class members have informally opted out

AK-CHIN INDIAN COMMUNITY'S OBJECTION
TO THE SPECIAL MASTER'S DECLARATION
REGARDING NON-COMPLIANT OPT-OUTS - 5
CASE NO. 2:23-cv-03147-RMG

Kilpatrick, Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

US2008 29703899 1

of settlements, "reasonableness is key." *Id.* (citing various cases where courts have found that a reasonable indication of a desire to opt out should be sufficient). Here, although the Community erred in completing service of the Opt-Out Notice on all required parties, it effectively expressed a desire to opt out when it served the notice on the Notice Administrator and a portion of class counsel.

### 2. The Delay in Opting Out Will Not Significantly Impact Judicial Proceedings

As set forth above, the parties to this lawsuit have entered into a settlement agreement and the Court has approved that agreement. Dkt. 228. The settlement funding has not yet been allocated or disbursed, and the Court has provided a 15-day period for class members to object to the Special Master's Declaration regarding non-compliant opt-outs. Dkt. 4737. As Court has specifically set time aside to receive such objections, deeming the Community's Opt-Out Notice timely would not unduly delay or burden the Court nor significantly impact the judicial proceedings. Instead, if the Court deems the Community's opt-out notice timely, the Community will simply be excluded from any future allocation or disbursement of the settlement funds.

### 3. The Delay in Service Was Caused by a Simple Oversight of Which the Community Was Not Aware until March 26, 2024

The third factor courts evaluate to determine whether excusable neglect exists is the reason for the delay. Here, the delay occurred due to a simple

AK-CHIN INDIAN COMMUNITY'S OBJECTION
TO THE SPECIAL MASTER'S DECLARATION
REGARDING NON-COMPLIANT OPT-OUTS - 6
CASE NO. 2:23-cv-03147-RMG

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

US2008 29703899 1

miscommunication and/or misunderstanding between legal counsel and staff tasked with serving the Opt-Out Notice. In fact, the Community did not learn that its Opt-Out notice was served on only a subset of the required parties until March 26, 2024, when it was alerted by legal counsel for other PWS that the Community was listed on the Report of Non-Compliant Opt-Outs (Dkt. 224). The reasonableness of the Community's error is supported by the fact that there are 51 opt-out submissions listed on that Report where service was not completed on all parties as required by the Settlement Agreement. *Id.* This would seem to indicate that service issues were not uncommon for PWS members intending to opt out and that errors in service were therefore not unreasonable.

The Community's error in failing to serve its Opt-Out Notice on all required parties was the result of a simple oversight, and should be considered "excusable neglect" for purposes of granting relief from the deadline.

### 4. The Community Is Acting in Good Faith

As previously stated, the Community was unaware that its Opt-Out Notice was not properly served until March 26, 2024. Indeed, the Community believed that it had properly and timely submitted its Opt-Out Notice on the required parties, and corrected its mistake as soon as it learned that it had not it served its Opt-Out Notice on the remaining required parties. Further, the Community now timely submits its

AK-CHIN INDIAN COMMUNITY'S OBJECTION TO THE SPECIAL MASTER'S DECLARATION REGARDING NON-COMPLIANT OPT-OUTS - 7
CASE NO. 2:23-cv-03147-RMG

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

US2008 29703899 1

objection to the Special Master's decision and includes the proof of service exhibits relevant to its objection.

The Community has acted at all times in good faith in this matter, and it seeks the Court's acceptance of its delayed opt-out notice to be treated as timely.

## CONCLUSION

The Community respectfully objects to the Special Master's Declaration and requests that the Court find that delayed service of the Community's Request for Exclusion on certain parties was the result of excusable neglect, and therefore treat the Request for Exclusion properly effected.

Respectfully submitted, the 10th day of April, 2024.

By: s/Alexander M. Bullock
Alexander M. Bullock (D.S.C. #1567)
701 Pennsylvania Avenue NW, Ste 200
Washington, DC 20004
Tel: (202) 824-1416
abullock@ktslaw.com

AK-CHIN INDIAN COMMUNITY'S OBJECTION
TO THE SPECIAL MASTER'S DECLARATION
REGARDING NON-COMPLIANT OPT-OUTS - 8
CASE NO. 2:23-cv-03147-RMG

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

US2008 29703899 1

# CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2024, the foregoing document was filed using the Court's CM/ECF system, which will automatically send notice of the same to all registered counsel of record.

DATED this 10th day of April, 2024.

**Kilpatrick Townsend & Stockton, LLP**


By: s/Alexander M. Bullock
Alexander M. Bullock
Email: abullock@ktslaw.com

CERTIFICATE OF SERVICE
CASE NO. 2:23-cv-03147-RMG

Kilpatrick, Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

US2008 29703899 1