UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | )<br>)   MDL No. 2:18-2873-RMG<br>)<br>)   **ORDER**<br>) |

The Defense Leadership and Plaintiffs' Executive Committee have moved jointly to extend the deadlines contained in Section III of Case Management Order No. 27 (Dkt. No. 3665) relating to the schedule of the Telomer-AFFF Water Provider Bellwether Cases. (Dkt. No. 4872). The motion seeks to adjust various deadlines in the scheduling order, ultimately moving the trial date from September 23, 2024 to October 28, 2024. After carefully considering the motion, the Court rules as follows:

1. The motion to extend the various deadlines (Dkt. No. 4872) is granted with one additional provision: **there will be no further extensions of the trial date granted**.

2. The parties are to file a joint report on or before noon on Wednesday, April 24, 2024 which sets forth as follows:

    A. The identity of every named party defendant in the two remaining Telomer-AFFF bellwether cases, *City of Watertown v. 3M Company et al.*, (C.A. No. 2:21-1104-RMG) and *Southeast Morris County Municipal Utilities Authority v. 3M Company et al.*, (C.A. No. 2:22-199-RMG), which have not reached a settlement;

    B. For each such party defendant identified, state whether the party defendant has participated in mediation with Judge Phillips and/or has a mediation scheduled with Judge Phillips;

1

C.  For each named party defendant which has not yet scheduled a mediation date with Judge Phillips, the party defendant must promptly communicate with Judge Phillips and, after coordinating with Plaintiffs' counsel, request that a mediation date be set at the earliest possible date. If a mediation date has not yet been set when the joint report is due on April 24, 2024, the party defendant must be prepared to advise the Court at the status conference on April 25, 2024 of the date of the scheduled mediation or to explain why a date has not been set. Judge Phillips is prepared to respond promptly to any request to schedule a mediation date. The Court reserves the right to set the mediation date if a mutually satisfactory mediation date cannot be agreed to by the parties and the mediator.

D.  The parties are reminded that Local Rule 16.08(A)(2) (D.S.C.), requires that those in personal attendance at mediation must include "an officer, director or employee having full authority to settle the claim for a corporate party." If the corporate representative for any party defendant at mediation is not the Chief Executive Officer or other member of senior management, the party defendant must obtain the written authorization of the mediator to allow any other corporate representative to attend. The requirement of "full authority to settle the claim" means that the corporate representative must have the authority to reach a negotiated settlement at mediation without the requirement to seek additional authority to settle from any other person or entity not in attendance at the mediation.

E.  For a party defendant who has insurance coverage applicable to any of the claims at issue in the upcoming bellwether trial, the parties are reminded that Local Rule 16.08(A)(4) requires that a representative from the insurance carrier with "full authority to settle the claim" must be in personal attendance at the mediation and attendance by a carrier's outside counsel does not meet this requirement. As indicated above, this means the carrier's

representative must have the authority to settle the claim without the need to obtain additional authority of others not in attendance at the mediation.

  **AND IT IS SO ORDERED**.

               <u>s/Richard Mark Gergel</u>
               Richard Mark Gergel
               United States District Judge

April 22, 2024
Charleston, South Carolina