IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> CASE MANAGEMENT ORDER NO. 26D <br><br> This Order Relates to All Actions |

### [PROPOSED] SCHEDULING ORDER GOVERNING INITIAL PERSONAL INJURY BELLWETHER TRIAL POOL CASES

The Court hereby issues the following Case Management Order ("CMO") to govern the process for selecting the Initial Personal Injury Bellwether Trial Pool Plaintiffs, and schedule for completing further discovery in those cases, pursuant to Section B.2 of CMO 26C.

1. The Parties shall meet and confer in good faith as to the cases that will proceed to the Initial Personal Injury Bellwether Trial Pool. For the avoidance of doubt, selection shall be of individual plaintiffs from within the Initial Personal Injury Bellwether Discovery Pool Plaintiffs as set forth in CMO 26 and its amendments. This pool of potential Personal Injury Bellwether Trial Pool plaintiffs currently consists of 25 plaintiffs, across two primary contamination sites, alleging four primary injuries: kidney cancer, testicular cancer, thyroid disease and ulcerative colitis. As part of the selection of Trial Pool cases as discussed below, the Trial Pool cases shall be further subdivided into Two Groups to proceed in staggered schedules of Tier 2 discovery, expert discovery, motion practice, trial preparation, and trial.

2. The Trial Pool Plaintiffs Shall be Divided into Group A and Group B for Tier 2 work-up as follows:

    a. Group A shall consist of 3 plaintiffs who allege kidney cancer and 3 plaintiffs who allege testicular cancer.

      b.    Group B shall consist of 2 plaintiffs who allege ulcerative colitis and 3 plaintiffs who allege thyroid disease.

3.    The Parties agree to extend Tier 1 Discovery from June 4, 2024 to June 18, 2024. If additional time is necessary, the Parties shall meet and confer, however, absent exigent circumstances, the date set forth in Paragraph 5 shall not be extended.

4.    By no later than July 2, 2024, the Parties shall exchange proposals for the composition of the Group A and Group B Personal Injury Bellwether Trial Pool cases that shall advance to Tier 2. The Parties shall promptly meet and confer as to their respective lists.

5.    In the event the Parties cannot agree on the composition of the Group A and Group B of the Initial Personal Injury Bellwether Trial Pool cases to be selected—and the Parties are strongly encouraged to agree and to make their best efforts to select representative cases— by no later than July 16, 2024, the Parties shall jointly submit to the Court a list of the selected or proposed Group A and Group B Plaintiffs, and, to the extent the Parties were not able to reach agreement, a brief explanation for why the proponent contends that their proposed Group A and Group B Plaintiffs are representative and serve the interests of the Parties and the Court, and why the opponent contends that a plaintiff or plaintiffs is/are not representative and does/do not serve those interests.

### General Schedule for Tier 2 Discovery of Group A Cases

6.    The Parties shall conduct any additional fact discovery related to Group A cases from July 16, 2024 until October 16, 2024 (Tier 2 Discovery).

7.    Absent agreement of the Parties or good cause shown, the Parties shall be entitled to serve additional written discovery in the form of requests for documents, interrogatories or requests for admissions but shall be limited to no more than five additional document requests and five additional interrogatories beyond those served in Tier 1 Discovery, which shall not be

duplicative of prior requests or information provided in depositions. This does not alter the Parties' continuing duty to supplement any prior responses as appropriate.

8. The Parties shall confer and coordinate on the scheduling of any non-party depositions. While non-party depositions are encouraged to be completed during Tier 2 discovery, the Parties may, by agreement only, conduct third party depositions at any time before the end of expert discovery.

9. Following the conclusion of Tier 2 Discovery, the Parties shall exchange expert discovery related to the Group A Initial Personal Injury Bellwether Trial Pool Plaintiffs according to the following schedule:

   a. On or before November 15, 2024 Plaintiffs shall make expert witness exchanges pursuant to Fed. R. Civ. P. 26(a)(2).

   b. On or before December 20, 2024 Defendants shall make expert witness exchanges pursuant to Fed. R. Civ. P. 26(a)(2).

   c. On or before January 10, 2025 Plaintiffs shall make any rebuttal expert witness exchanges pursuant to Fed. R. Civ. P. 26(a)(2).

   d. Along with any Rule 26(a) expert disclosures, the Parties shall provide at least two dates when an expert is available for their deposition prior to the deadline set forth in Paragraph 9(e).

   e. Depositions of Group A designated experts shall be completed by February 14, 2025. Expert depositions shall not commence until all expert reports have been tendered, although if a given expert does not intend to tender a rebuttal report, the Parties may start the deposition(s) of such experts before January 10, 2025. Absent agreement of the Parties, the deposition of an expert designated by Plaintiff shall be completed prior to the deposition of the corresponding expert (e.g., same discipline) designated by one or more defendants.

   f. The Parties intend that the limitations on expert discovery set forth in Rule 26 of the Federal Rules of Civil Procedure, including the provisions of Rule 26(b)(4)(A)-(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, shall apply.

10. Trial Designations and Motion scheduling for Group A Plaintiffs shall proceed as

follows:

    a. By no later than January 13, 2025 the Parties shall meet and confer as to which of the Group A cases shall move forward with motion practice and trial, as well as a briefing schedule for summary judgment and *Daubert* motions.

    b. By January 23, 2024 the Parties shall file joint or competing proposals for which of the Group A cases shall move forward with motion practice and trial, as well as proposed trial dates.

    c. Summary Judgment Motions and/or *Daubert* Motions shall be on the following schedule and filed as to the trial case(s) only:

        i. Summary judgment motions and/or *Daubert* Motions to be filed by: March 6, 2025.

        ii. Responses to Dispositive Motions and/or *Daubert* Motions to be filed by: April 3, 2025.

        iii. Replies in Support of Dispositive Motions and/or *Daubert* Motions to be filed by: April 17, 2025.

11. Within 14 days of the Court's selection of the Group A cases that will move forward with motion practice and trial, the Parties will propose a Case Management Order to submit to the Court for approval that will set forth the final pre-trial schedules and deadlines for the Group A trial Case(s), which shall include schedules and deadlines for the following: (1) motions *in limine*, oppositions, replies, and argument(s), (2) deposition designations, counter designations and objections, including objections to counter designations and reply designations; (3) fact witness and expert witness lists; (4) exhibit lists and objections; (5) proposed jury instructions; (5) proposed *voir dire* process, including a questionnaire, if any; (6) a date for a final pre-trial conference; and (6) any other deadlines and hearings as the Court requires.

## General Schedule for Tier 2 Discovery of Group B Cases

12. The Parties shall conduct any additional fact discovery related to Group B cases from July 16, 2024 until December 16, 2024 (Tier 2 Discovery).

13. Absent agreement of the Parties or good cause shown, the Parties shall be entitled to serve additional written discovery in the form of requests for documents, interrogatories or requests for admissions but shall be limited to no more than five additional document requests or five additional interrogatories beyond those served in Tier 1 Discovery, which shall not be duplicative of prior requests or information provided in depositions. This does not alter the Parties' continuing duty to supplement any prior responses as appropriate.

14. The Parties shall confer and coordinate on the scheduling of any non-party depositions. While non-party depositions are encouraged to be completed during Tier 2 discovery, the Parties may, by agreement only, conduct third party depositions at any time before the end of expert discovery.

15. It is currently contemplated that at the conclusion of Tier 2 Discovery for the Group B cases, the Parties shall exchange expert discovery related to the Thyroid Disease Tier 2 cases only according to the following schedule:

    a. On or before May 12, 2025 Plaintiffs shall make expert witness exchanges pursuant to Fed. R. Civ. P. 26(a)(2).

    b. On or before June 16, 2025 Defendants shall make expert witness exchanges pursuant to Fed. R. Civ. P. 26(a)(2).

    c. On or before June 30, 2025 Plaintiffs shall make any rebuttal expert witness exchanges pursuant to Fed. R. Civ. P. 26(a)(2).

    d. Along with any Rule 26(a) expert disclosures, the Parties shall provide at least two dates when an expert is available for their deposition prior to the deadline set forth in Paragraph 15(e).

    e. Depositions of Group B designated experts shall be completed by July 31, 2025. Expert depositions shall not commence until all expert reports have been tendered, although if a given expert does not intend to tender a rebuttal report, the Parties may start the deposition(s) of such experts before June 30, 2025. Absent agreement of the Parties, the deposition of an expert designated by Plaintiff shall be completed prior to the deposition of the corresponding expert (e.g., same discipline) designated by one or more defendants.

    f.   To the extent that any Experts who were deposed in Group A discovery are disclosed as Experts in Group B cases, the Parties shall meet and confer as to appropriate time limits on any such depositions and whether such depositions need to be retaken.

    g.   The Parties intend that the limitations on expert discovery set forth in Rule 26 of the Federal Rules of Civil Procedure, including the provisions of Rule 26(b)(4)(A)-(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, shall apply.

    h.   As noted above, the expert deadlines for the Thyroid Disease Tier 2 cases are subject to modification either by agreement of the Parties or upon application to the Court by the PEC or DCC. The Parties shall meet and confer and report to Court as appropriate as to any further scheduling or proceedings related to ulcerative colitis cases following Tier 2 fact discovery of the Group B ulcerative colitis cases.

**IT IS SO ORDERED.**

Dated: _____, 2024                    _____
    Charleston, South Carolina                                        Hon. Richard M. Gergel
                                                                                      United States District Judge