UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) MDL No. 2:18-mn-2873 ) ) This Document relates to: ) *City of Camden, et al. v. Tyco Fire* ) *Products LP*, No. 2:24-cv-02321-RMG |

**DEFENDANT TYCO FIRE PRODUCTS LP'S
REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Deepwater Chemicals, Inc. and Chemicals Incorporated's (collectively "Tollers") arguments in their Response to the Motion for Preliminary Approval of the Tyco Settlement Agreement fail for three reasons: (1) the express language of the Settlement Agreement does not release the Tollers; (2) it was not the intent of Tyco or Plaintiffs to release the Tollers; and (3) when Tyco and Plaintiffs did intend to release third parties like the Tollers from liability, they did so expressly.

**I.  The Plain Language of the Settlement Does Not Release Tollers.**

When interpreting a contract, "the language of [the] contract" provides "the best indication of the parties' intent." *RLI Ins. Co. v. Nexus Servs., Inc.*, 26 F.4th 133, 139 (4th Cir. 2022) (alteration in original, internal quotation marks omitted); *accord Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 627 (4th Cir. 1999) ("[T]he key to the intent of the parties lies in the plain language of the [contract]."). The Settlement Agreement's definition of "Released Parties" plainly does not include third parties like the Tollers. Specifically, the Settlement Agreement defines "Released Parties" or "Tyco" as:

> Tyco Fire Products LP and its respective past, present, or future administrators, advisors, affiliated business entities, affiliates, agents, assigns, attorneys, constituent corporation or entity (including constituent of a constituent) absorbed by Tyco in a consolidation or merger, counsel, directors, divisions, employee

benefit plans, employee benefit plan participants or beneficiaries, employees, executors, heirs, insurers, managers, members, officers, owners, parents, partners, partnerships, predecessors, principals, resulting corporation or entity, servants, shareholders, subrogees, subsidiaries, successors, trustees, trusts, and any other representatives, individually or in their corporate or personal capacity, and anyone acting on their behalf, including in a representative or derivative capacity, including without limitation Chemguard, Inc., WillFire HC, LLC (d/b/a Williams Fire and Hazard Control), Johnson Controls International plc, Johnson Controls, Inc., Johnson Controls Fire Protection, LP, Central Sprinkler LLC, Tyco International Management Company, LLC, Tyco Fire & Security US Holdings LLC, Tyco Fire and Security (US) Management, LLC, Johnson Controls US Holdings LLC, JIH S.à.r.l., Johnson Controls Luxembourg European Finance S.à.r.l., Tyco International Finance S.A., Tyco International Holding S.à.r.l., Tyco Fire & Security S.à.r.l., Tyco Fire & Security Finance S.C.A., and Fire Products GP Holding, LLC. It is the intention of this Agreement that the definition of "Released Parties" or "Tyco" be as broad, expansive, and inclusive as possible.

Settlement Agreement § 2.54 (Dkt. 4911-3).

The Tollers seize on the phrase "anyone acting on their behalf, including in a representative or derivative capacity" to contend that Plaintiffs and Tyco intended to include them in the release. *See* Response at 7–8. But a plain reading of the text does not support such an argument. If it were to reach as far as the Tollers suggest, the Settlement Agreement would release virtually any third party that provided any service for Tyco. That, of course, was neither party's intent. And the list of corporate entities that follows this clause further clarifies that the definition of Released Parties does not reach beyond Tyco and entities affiliated with Tyco, like those listed.

In short, the plain text of the Settlement Agreement makes clear that neither the Plaintiffs nor Tyco intended to include third parties like the Tollers in the definition of "Released Parties."

**II.  The Settling Parties Did Not Intend to Release the Tollers.**

The Settlement Agreement is clear because Plaintiffs and Tyco had a clear meeting of the minds as to what "Released Parties" means. In the course of extensive negotiations, neither Tyco nor Plaintiffs intended to include the Tollers in the Settlement Agreement. As the Fourth Circuit has made clear, "[t]he court must give effect to the intent of the parties." *Hitachi Credit Am. Corp.*,

166 F.3d at 626. The parties to an agreement are in the best position to understand the intent of their agreement. Here, both sides of the settlement negotiations, Tyco and Plaintiffs, agree that they did not intend to include the Tollers in the definition of Released Parties.

### III.    Tyco and Plaintiffs Were Explicit When Intending to Release a Third Party.

When Tyco and Plaintiffs intended to include a third party in the definition of Released Parties, they did so expressly. The only party not affiliated with Tyco that was included in the release was ChemDesign Products, Inc., also a toller. The parties effected this intent through an entire subsection addressing the issue:

> Solely for the purposes of this Settlement Agreement, Released Parties shall also include ChemDesign Products, Inc. ("ChemDesign") and its respective past, present, or future administrators, advisors, affiliated business entities, affiliates, agents, assigns, attorneys, constituent corporation or entity (including constituent of a constituent) absorbed by ChemDesign in a consolidation or merger, counsel, directors, divisions, employee benefit plans, employee benefit plan participants or beneficiaries, employees, executors, heirs, insurers, managers, members, officers, owners, parents, partners, partnerships, predecessors, principals, resulting corporation or entity, servants, shareholders, subrogees, subsidiaries, successors, trustees, trusts, and any other representatives, individually or in their corporate or personal capacity, and anyone acting on their behalf, including in a representative or derivative capacity, *provided however*, that the Release and the Released Claims apply to ChemDesign only to the extent a Claim against ChemDesign arises out of or relates in any way to ChemDesign's work with or for Tyco.

Settlement Agreement § 2.54.1. No such provision exists for the Tollers. To the contrary, the Settlement Agreement never mentions the Tollers. If the parties had intended to release the Tollers, they would have done so expressly, as with ChemDesign.

### CONCLUSION

The Settlement Agreement does not release the Tollers. Tyco respectfully requests that the Court grant Preliminary Approval to the Tyco Settlement.

3

Dated:  May 17, 2024                                Respectfully submitted,

                                                    /s/ *Liam J. Montgomery*
                                                    Joseph G. Petrosinelli
                                                    Liam J. Montgomery
                                                    WILLIAMS & CONNOLLY LLP
                                                    680 Maine Avenue, S.W.
                                                    Washington, D.C. 20024
                                                    Telephone: (202) 434-5000
                                                    Facsimile: (202) 434-5029
                                                    jpetrosinelli@wc.com
                                                    lmontgomery@wc.com

                                                    *Counsel for Tyco Fire Products LP*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF system on this 17th day of May 2024 and was thus served electronically upon counsel of record.

/s/ *Liam J. Montgomery*
Liam J. Montgomery
**Williams & Connolly LLP**
680 Maine Avenue SW
Washington, DC  20024
Phone: (202) 434-5030
Fax:    (202) 434-5029
lmontgomery@wc.com