# IN THE UNITED STATES
# DISTRICT COURT FOR THE
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) | Master Docket No.: 2:18-mn-2873-RMG |

| | | |
|---|---|---|
| CITY OF CAMDEN, et al., | ) ) ) | Civil Action No.: |
| *Plaintiffs,* | ) ) | 2:24-cv-02321-RMG |
| -vs- | ) ) ) | |
| TYCO FIRE PRODUCTS LP, individually and as successor in interest to The Ansul Company, and CHEMGUARD, INC., | ) ) ) ) | |
| *Defendants.* | ) | |

**PLAINTIFFS' REPLY TO DEFENDANTS CHEMICALS INCORPORATED AND DEEPWATER CHEMICALS, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF THE TYCO PUBLIC WATER SYSTEM CLASS ACTION SETTLEMENT**

**TABLE OF CONTENTS**

**INTRODUCTION**………………………………………………………………………………..1

**ARGUMENT**……………………………………………………………………………….…….3

    A.  **Opponents Lack Standing to Object**……………………………………………….…3

    B.  **Clarification of the Settlement Agreement is Unnecessary as Opponents' Status as Non-Released Parties is Unambiguous**……………………………………………..………4

        1.  **The Parties to the Settlement Never Intended to Release Opponents**………………4

        2.  **Opponents' Request that the Agreement be Amended to Include All Tollers is Without Legal or Factual Support**……………………………………………………5

    C.  **Opponents' Objection to the Settlement Should be Rejected**………………………….6

        1.  **The Indemnity and Contribution Provisions do not Unduly Impinge on Opponents' Rights**……………………………………………………………………………..6

        2.  **The Set-Off Method Will Be Determined Under Applicable Law**…………………7

**CONCLUSION**…………………………………………………………………………………..8

# **TABLE OF AUTHORITIES**

**CASES**

*Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242 (7th Cir. 1992)……………………………………….3

*Bragg v. Robertson*, 54 F. Supp. 2d 653 (S.D.W. Va. 1999)……………………………...…………4

*Caudle v. Sprint/United Management Co.*, 2019 WL 2716291 (N.D. Cal., 2019)…………………………7

*City of Rock Hill v. Harris*, 391 S.C. 149, 705 S.E.2d 53 (2011)……………………………………….5

*Gould v. Alleco, Inc.*, 883 F.2d 281 (4th Cir. 1989)………………………………………………….4

*Holman v. Greyhound Lines, Inc.*, No. CV 21-112-BAH, 2022 WL 1720152 (D. Md. May 27, 2022)………………………………………………………………………………………3

*In re Aqueous Film-Forming Foams Prods. Liab. Litig.,* No. 18-2873, 2024 WL 489326 (D.S.C. Feb. 8, 2024)……...………………………………….………………………………………7, 8

*In re: Mi Windows & Doors Inc. Prod. Liab. Litig.*, No. 2:12-MN-00001-DCN, 2015 WL 12850547 (D.S.C. July 22, 2015)……………………………………………………………………...4

*In re Mid-Atl. Toyota Antitrust Litig.*, 564 F. Supp. 1379 (D. Md. 1983)…………………………………..3

*In re Prudential Ins. Co. of Am. Sales Practice Litig.,* 261 F.3d 355 (3d Cir. 2001)…………...…………..7

*Laser Supply & Servs., Inc. v. Orchard Park Assocs.*, 382 S.C. 326, 676 S.E.2d 139 (Ct. App. 2009)……4

*Miles v. Miles*, 393 S.C. 111, 711 S.E.2d 880 (2011)……………………………………………….4

*N. Am. Rescue Prods., Inc. v. Richardson*, 411 S.C. 371, 769 S.E.2d 237 (2015)…………………….4

*Rieckborn v. Velti PLC*, 2015 WL 468329 (N.D. Cal., 2015)………………………………………….7

*Rodarte v. Univ. of S.C.*, 419 S.C. 592, 799 S.E.2d 912 (2017)……………………………………..4

*State v. Bolin,* 378 S.C. 96, 662 S.E.2d 38 (2008)…………………………………………………..5

*Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 568, 762 S.E.2d 696 (2014)………...4

# INTRODUCTION

Chemicals Incorporated and Deepwater Chemicals, Inc. (collectively, the "Opponents")[1] are two non-settling defendants in the AFFF MDL who are neither parties to the Class Action Settlement Agreement between Tyco Fire Products LP ("Tyco") and Public Water Systems ("PWS"), nor members of the proposed Settlement Class. On May 10, 2024, Opponents filed a response to Plaintiffs, City of Camden, California Water Service Company, City of Benwood, City of Brockton, City of Delray Beach, City of Freeport, City of Sioux Falls, Coraopolis Water & Sewer Authority, Dalton Farms Water System, Martinsburg Municipal Authority, South Shore, Township of Verona, and Village of Bridgeport's Motion, by and through proposed Class Counsel, for Preliminary Approval of Class Settlement, for Certification of Settlement Class and for Permission to Disseminate Class Notice ("Preliminary Approval Motion") (ECF No. 4911). Despite their non-party status, Opponents incorrectly assert they have standing to oppose the settlement. They also purport to seek clarification that the Tyco Settlement Agreement includes them as a "Released Party" or, in the alternative, they object to such Settlement.

The Settlement Agreement, however, is not ambiguous. It is clear on its face that Opponents are not Released Parties, and therefore no further clarification is necessary. The definition of "Released Party" is plain:

> 2.54. "Released Parties" or "Tyco" means Tyco Fire Products LP and its respective past, present, or future administrators, advisors, affiliated business entities, affiliates, agents, assigns, attorneys, constituent corporation or entity (including constituent of a constituent) absorbed by Tyco in a consolidation or merger,

---

[1] While Chemicals Incorporated and Deepwater Chemicals, Inc., refer to themselves as Tolling Defendants, proposed Class Counsel note that there are multiple defendants within the MDL which equally meet the description of being "Tolling Defendants." None of these other entities have objected to the Tyco Settlement or have joined in Chemicals Incorporated and Deepwater Chemicals, Inc.'s Response Seeking Clarification of the Settlement Agreement Proposed in Plaintiffs' Motion for Preliminary Approval of Class Settlement, or, in the Alternative, Objecting to Such Settlement ("Opposition") (ECF No. 4974).

counsel, directors, divisions, employee benefit plans, employee benefit plan participants or beneficiaries, employees, executors, heirs, insurers, managers, members, officers, owners, parents, partners, partnerships, predecessors, principals, resulting corporation or entity, servants, shareholders, subrogees, subsidiaries, successors, trustees, trusts, and any other representatives, individually or in their corporate or personal capacity, **and anyone acting on their behalf, including in a representative or derivative capacity**, including without limitation Chemguard, Inc., WillFire HC, LLC (d/b/a Williams Fire and Hazard Control), Johnson Controls International plc, Johnson Controls, Inc., Johnson Controls Fire Protection, LP, Central Sprinkler LLC, Tyco International Management Company, LLC, Tyco Fire & Security US Holdings LLC, Tyco Fire and Security (US) Management, LLC, Johnson Controls US Holdings LLC, JIH S.à.r.l., Johnson Controls Luxembourg European Finance S.à.r.l., Tyco International Finance S.A., Tyco International Holding S.à.r.l., Tyco Fire & Security S.à.r.l., Tyco Fire & Security Finance S.C.A., and Fire Products GP Holding, LLC. It is the intention of this Agreement that the definition of "Released Parties" or "Tyco" be as broad, expansive, and inclusive as possible.

    2.54.1. Solely for the purposes of this Settlement Agreement, Released Parties shall also include ChemDesign Products, Inc. ("ChemDesign") and its respective past, present, or future administrators, advisors, affiliated business entities, affiliates, agents, assigns, attorneys, constituent corporation or entity (including constituent of a constituent) absorbed by ChemDesign in a consolidation or merger, counsel, directors, divisions, employee benefit plans, employee benefit plan participants or beneficiaries, employees, executors, heirs, insurers, managers, members, officers, owners, parents, partners, partnerships, predecessors, principals, resulting corporation or entity, servants, shareholders, subrogees, subsidiaries, successors, trustees, trusts, and any other representatives, individually or in their corporate or personal capacity, and anyone acting on their behalf, including in a representative or derivative capacity, provided however, that the Release and the Released Claims apply to ChemDesign only to the extent a Claim against ChemDesign arises out of or relates in any way to ChemDesign's work with or for Tyco.[2]

Only Tyco and its related entities (as expressly defined) are Released Parties. This includes

---

[2] Settlement Agreement § 2.54 (emphasis added).

2

"anyone acting on their behalf, including in a representative or derivative capacity," which provision Opponents wrongly contend that, as tollers, they "should each be included"[3] despite them professing to be "remote to the AFFF process."[4] In contrast, ChemDesign is expressly identified as a Released Party because of its "work with or for Tyco,"[5] while Opponents are not mentioned at all.

Finally, the claims bar and contribution and indemnity provisions to which Opponents object are standard fare in any settlement of complex litigation wherein certain defendants settle before others do. Therefore, Opponents' objection should be overruled, and Plaintiffs respectfully request that assessment of their Preliminary Approval Motion proceed, and ultimately be granted.

## ARGUMENT

### A. Opponents Lack Standing to Object

Opponents are not putative Settlement Class Members, and therefore lack standing to object to Plaintiffs' Motion for Preliminary Approval.[6] Nor are they parties to the Tyco Settlement. Rather, they are defendants in the AFFF MDL who have yet to settle claims against them. Simply put, this matter does not include nor involve them, and any claimed interest they profess to is insufficient to confer upon Opponents standing to object to the Settlement.

This Court has itself previously held that non-settling parties do not have standing to challenge a class settlement unless the agreement results in "plain legal prejudice" to the non-

---

[3] Opponents' Response at 9.
[4] Opponents' Response at 7.
[5] Settlement Agreement § 2.54.1.
[6] "The general rule, of course, is that a **non-settling party** does not **have standing** to **object** to a **settlement b**etween other **parties**." *Holman v. Greyhound Lines, Inc.*, No. CV 21-112-BAH, 2022 WL 1720152, at *5 (D. Md. May 27, 2022) (emphasis added) (quoting *Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 246 (7th Cir. 1992)). "[N]on-settling defendants have standing only when the settlement would alter their formal, legal rights." *Id.* (citing *In re Mid-Atl. Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1387 (D. Md. 1983)).

3

settling party, which is simply not present here.[7] Specifically, this Court held: "Because they are not class members, and have failed to show plain legal prejudice, the [objectors] do not have standing to object, and the Court declines to consider their objections."[8]

### B. Clarification of the Settlement Agreement is Unnecessary as Opponents' Status as Non-Released Parties is Unambiguous

#### 1. The Parties to the Settlement Never Intended to Release Opponents

As described above, Opponents are not Released Parties under the Tyco PWS Settlement Agreement. Moreover, the actual parties to that Agreement—Tyco, as defined therein, and Plaintiffs, by and through proposed Class Counsel—never intended to release Opponents and so, on the basis of controlling principles of contract law,[9] there was no meeting of the minds nor any mutual agreement at any time that Opponents were intended to be Released Parties.

Additional basic principles of contract interpretation support the presumption that Opponents—who are not mentioned once, and certainly never identified by name in the Agreement —were not contemplated to be Released Parties by either Tyco or Plaintiffs.[10] Neither settling

---

[7] 3M Preliminary Approval Order, ECF No. 3626 at 8 (citing *In re: Mi Windows & Doors Inc. Prod. Liab. Litig.*, No. 2:12-MN-00001-DCN, 2015 WL 12850547, at *10 (D.S.C. July 22, 2015), *aff'd*, 860 F.3d 218 (4th Cir. 2017); *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989); *Bragg v. Robertson*, 54 F. Supp.2d 653, 664 (S.D.W. Va. 1999)).
[8] *Id.*
[9] South Carolina provides the governing law of the Settlement Agreement. Settlement Agreement §13.16. On the issue of contract interpretation, *Rodarte v. Univ. of S.C.*, 419 S.C. 592, 603, 799 S.E.2d 912, 917–18 (2017), spells out controlling South Carolina law: "'Where an agreement is clear on its face and unambiguous, the court's only function is to interpret its lawful meaning and the intent of the parties as found within the agreement.'" *Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 568, 577, 762 S.E.2d 696, 700 (2014) (emphasis added) (quoting *Miles v. Miles*, 393 S.C. 111, 117, 711 S.E.2d 880, 883 (2011)). "'Interpretation of a contract is governed by the objective manifestation of the parties' assent at the time the contract was made, rather than the subjective, after-the-fact meaning one party assigns to it.'" *N. Am. Rescue Prods., Inc. v. Richardson*, 411 S.C. 371, 378, 769 S.E.2d 237, 241 (2015) (emphasis added) (quoting *Laser Supply & Servs., Inc. v. Orchard Park Assocs.*, 382 S.C. 326, 334, 676 S.E.2d 139, 143–44 (Ct. App. 2009)).
[10] *See Rodarte, supra*.

4

party had authority to negotiate on behalf of Opponents. Furthermore, Opponents paid no consideration for what would be a bargain of considerable value to them (extinguishment of their PFAS-related liability for contamination to Drinking Water, as such term is defined in the Agreement).

Lastly and most compellingly, the fact that the parties to the Tyco PWS Settlement Agreement *did* expressly identify a toller defendant—ChemDesign—in the Released Parties definition of their Agreement[11] makes plain that any toller defendants intended to be included as a Released Party were expressly identified.[12] Opponents seem to acknowledge as much, stating that because they are "similarly situated in various respects to ChemDesign, another toller, which is a Released Party […] the Settlement Agreement should be revised to include each of the Tollers as a Released Party."[13] While both ChemDesign and Opponents may have their tolling business in common, they are very differently situated in one extremely crucial respect: ChemDesign was intended to be included as a Released Party, while other tolling entities (by virtue of their omission) were intended to be excluded.

2. **Opponents' Request that the Agreement be Amended to Include All Tollers is Without Legal or Factual Support**

Opponents request that "the Settlement Agreement should be revised to include each of the Tollers as a Released Party."[14] They cite no authority, however, in support of their misplaced demand.

Proposed Class Counsel have worked tirelessly since their appointment as Co-Lead

---

[11] Tyco PWS Settlement Agreement, ECF No. 4911-3 at § 2.54.1.
[12] South Carolina recognizes the principle of contract interpretation "'*expressio unius est exclusio alterius,*' *i.e.*, to express or include one thing implies the exclusion of another." *State v. Bolin,* 378 S.C. 96, 100, 662 S.E.2d 38, 40 (2008); *City of Rock Hill v. Harris*, 391 S.C. 149, 154, 705 S.E.2d 53, 55 (2011).
[13] Opposition, ECF No. 4974 at 10.
[14] *Id.*

Counsel for this MDL to fulfill their duties, including to resolve the water provider cases within the MDL through mediation efforts that have now spanned over 3 years. Thus far, their efforts have successfully secured three historic settlements—the 3M PWS Settlement and the DuPont PWS Settlement, both of which have been granted Final Approval, as well as the instant Tyco PWS Settlement now pending before the Court—for a total value of over $15 billion. These settlements were the product of years of dizzyingly complex litigation, extremely hard-fought legal battles, extensive and in-depth discovery, and protracted negotiations.[15] While Proposed Class Counsel welcome further discussion with all non-settled MDL defendants, Opponents' efforts to resolve their liability remain wanting.

### C. Opponents' Objection to the Settlement Should be Rejected

#### 1. The Indemnity and Contribution Provisions do not Unduly Impinge on Opponents' Rights

Opponents complain that the Tyco Settlement is prejudicial, and take issue with § 12.7.2 of the Agreement, which states that:

> The Order Granting Final Approval will specify that the Settlement is a good faith settlement that bars any Claim by any non-Released Party against any Released Party for contribution, for indemnification, or otherwise seeking to recover any amounts paid by or awarded against that non-Released Party and paid or awarded to any Releasing Party by way of settlement, judgment, or otherwise on any Claim that would be a Released Claim were such non-Released Party a Released Party (a "Claim-Over"), to the extent that a good-faith settlement (or release thereunder) has such an effect under applicable law.

Like the DuPont and 3M PWS Settlements, the scope of the Tyco PWS Settlement release was heavily negotiated, and the agreement the settling parties reached was to resolve all claims, including those for contribution and indemnity. While the Settlement bars non-Released Parties'

---

[15] *See generally* Declarations of Michael A. London, Scott Summy and Gary J. Douglas in Support of Class Counsel's Motions for Attorneys' Fees and Costs in DuPont and 3M PWS Settlements, ECF Nos. 3795-6, 3795-7, 3795-8 and 4269-5, 4269-6 and 4269-7, respectively.

contribution and indemnity claims against Tyco, this is common in class settlements, and has been sanctioned by this Court in both the 3M and DuPont PWS Settlements. *See, e.g., In re Aqueous Film-Forming Foams Prods. Liab. Litig.,* No. 18-2873, 2024 WL 489326, at *17 (D.S.C. Feb. 8, 2024) ("Such a release is common, however, in class action suits and objectors cite no case law holding that such a provision precludes a Court from finding a **settlement** is fair, adequate, or reasonable.") (citing *Caudle v. Sprint/United Management Co.*, 2019 WL 2716291, at *4 (N.D. Cal., 2019) (emphasis added); *Rieckborn v. Velti PLC*, 2015 WL 468329, at *10 (N.D. Cal., 2015); *In re Prudential Ins. Co. of Am. Sales Practice Litig.,* 261 F.3d 355, 366 (3d Cir.2001).

Such release does not render the Settlement unfair or unreasonable. All settlements will necessarily involve give and take, and ultimately depend on the settling parties' calculus of the risks and benefits. Here, the Claim-Over language was one of many bargained-for terms, and is far from unusual in the context of complex multi-party litigation. Indeed, it is axiomatic that all settlements in which some defendants do not settle at the same time as other defendants could be said to "impact" the contribution or indemnity rights of non-settling defendants. This extremely common and hardly novel feature is not sufficient basis to delay a Settlement Agreement (that as noted above is nearly identical on these issues as the prior two before it) affecting thousands of Public Water Systems with known PFAS contamination in their Drinking Water.

**2. The Set-Off Method Will Be Determined Under Applicable Law**

Opponents fault the proposed Tyco PWS Settlement for not specifying a methodology for settlement payment credits. Whether and to what degree a reduction in damages under a claims-over provision may be permitted depends on whether the settlement involves federal or state law claims. Similar language to the "under state law" utilized in the Tyco PWS Settlement Agreement, § 12.7.4, was previously objected to in the 3M and DuPont PWS Settlements, and overruled by

7

this Court:

> The Court rejects objections on this point. The Settlement Agreement provides at paragraph 12.7 for a set off and judgment reductions in subsequent actions against nonsettling defendants which would operate "under applicable law." (Dkt. No. 4080-1 at 115). The Fourth Circuit approved of similar language as it applied to state-law claims in *Jiffy Lube*. 927 F.2d at 160; *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 176 F.R.D. 158, 182 (E.D. Pa. 1997) ("State statutes and court decisions differ as to what form the judgment credits should take. Certain states require a proportionate share reduction, others apply a *pro tanto* judgment credit and some states give a *pro rata* credit. Regardless of the applicable jurisdiction, under this agreement, non-settling defendants will receive, at a minimum, a set-off or judgment reduction consistent with state law. Allowing non-settling defendants the benefit of whatever judgment reduction that is required under state law is fair and reasonable.").[16]

As Opponents' argument mimics those objections that have been previously overruled, the outcome should be the same here. Opponents' objection should be overruled.

## **CONCLUSION**

Despite their status as non-Released Parties, as well as their lack of standing, Opponents nonetheless seek clarification of or, in the alternative to object to, the Tyco PWS Settlement. While their response to Plaintiffs' Preliminary Approval Motion purports to seek clarification, such misdirection fails to conceal the true nature of their request: Opponents want to be considered a Released Party, and absent grant of that desire, they object on grounds that have already been well-tread and found lacking.

For the foregoing reasons, Opponents' Response in Opposition to Plaintiffs' Motion is without merit and should be overruled. Instead, Plaintiffs respectfully request that the Court grant Preliminary Approval Motion of the Tyco PWS Class Settlement, for Certification of the Tyco

---

[16] *In re Aqueous*, 2024 WL 489326 at *18.

PWS Settlement Class and for Permission to Disseminate Class Notice.

Dated: May 17, 2024                                             Respectfully submitted,

                                                                                    /s/ Michael A. London
                                                                                    Michael A. London
                                                                                    Douglas and London P.C.
                                                                                    59 Maiden Lane, 6th Floor
                                                                                    New York, NY 10038
                                                                                    212-566-7500
                                                                                    212-566-7501 (fax)
                                                                                    mlondon@douglasandlondon.com

                                                                                    Paul J. Napoli
                                                                                    Napoli Shkolnik
                                                                                    1302 Avenida Ponce de León
                                                                                    San Juan, PR 00907
                                                                                    Tel: (833) 271-4502
                                                                                    Fax: (646) 843-7603
                                                                                    pnapoli@nsprlaw.com

                                                                                    Scott Summy
                                                                                    Baron & Budd, P.C.
                                                                                    3102 Oak Lawn Avenue, Suite 1100
                                                                                    Dallas, TX 75219
                                                                                    214-521-3605
                                                                                    ssummy@baronbudd.com

                                                                                    Joseph F. Rice
                                                                                    Motley Rice
                                                                                    28 Bridgeside Boulevard
                                                                                    Mt. Pleasant, SC 29464
                                                                                    jrice@motleyrice.com

                                                                                    *Proposed Class Counsel*

9

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF on this 17th day of May, 2024 and was thus served electronically upon counsel of record.

        /s/ Michael A. London
        Michael A. London
        Douglas and London PC
        59 Maiden Lane, 6th Floor
        New York, NY 10038
        212-566-7500
        212-566-7501 (fax)
        mlondon@douglasandlondon.com