IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> **This Document relates to**: <br><br> *City of Camden, et al., v. 3M Company,* No. 2:23-cv-03147-RMG |

### DEFENDANT 3M COMPANY'S RESPONSE TO MESCALERO APACHE TRIBE'S APPEAL FROM THE SPECIAL MASTER'S DECISION REGARDING NONCOMPLIANT OPT-OUTS

Consistent with Paragraph 5 of the Court's March 26, 2024 order (ECF No. 4737),[1] Defendant 3M Company respectfully submits this response to the Mescalero Apache Tribe's Appeal from the Special Master's Decision Regarding Non-Compliant Opt-Outs, ECF No. 5055.

### BACKGROUND

Under Paragraph 8.5 of the Settlement Agreement, to be considered compliant, "[a]ny Request for Exclusion must be properly served by the deadline imposed by the Court." ECF No. 3370-3 at 27. The Court's August 29, 2023 Order granting preliminary approval to the settlement required that Requests for Exclusion "be received by the Court no later than the Opt Out deadline of December 11, 2023." ECF No. 3626 at 11.

On April 9, 2024, the Special Master issued a declaration regarding noncompliant opt-outs. ECF No. 4823. The declaration listed both Mescalero Community Public Water System (PWSID #063501233) and Mescalero Inn of the Mountain Gods (PWSID #063506008) as noncompliant because their Requests for Exclusion were untimely. *Id.* at 4. On April 17, 2024, the Tribe objected to the Special Master's determination that its opt-out requests were noncompliant. ECF No. 4859.

---

[1] All ECF references herein refer to the master MDL docket for case no. 2:18-mn-2873-RMG.

1

On May 2, 2024, Defendant responded to the Tribe's objection.  ECF No. 4941.

On May 17, 2024, the Special Master filed his Decision Regarding Objections to Notices of Non-Compliant Opt-Outs.  ECF No. 4997.  The decision held that facially untimely opt-out submissions, including the Tribe's Requests for Exclusion, were noncompliant.  *Id.* at 7.  The Special Master noted that this Court had already "drawn a compliance distinction between those opt-out submissions received before and after the December 11, 2023 deadline," with compliance contingent on the Eligible Claimant at least attempting to mail or submit the Request for Exclusion on or before the deadline.  *Id.*; *see also* ECF No. 4425 at 3.

## ARGUMENT

As an initial matter, of the Eligible Claimants whose Requests for Exclusion the Special Master deemed untimely and thus noncompliant, only the Tribe appealed his May 17 determination by the deadline of June 7, 2024.  *See* Fed. R. Civ. P. 53(f)(2) ("A party may file objections to—or a motion to adopt or modify—the master's order, report, or recommendations no later than 21 days after a copy is served, unless the court sets a different time.").

As for the merits, the Tribe concedes that it neglected to submit its Requests for Exclusion by the December 11, 2023 deadline that the Court had imposed—but the Tribe argues that its neglect was "excusable."  ECF No. 5055 at 1–4.

Consistent with its May 2, 2024 response to the Tribe's objection (ECF No. 4941), incorporated here by reference, Defendant continues to believe that the Special Master properly followed the plain language of the Settlement Agreement and the Court's Order establishing December 11 as the last date for opting out of the settlement.  Deadlines matter.  Our "legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced."  *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 368 (2d Cir. 2003), *quoted*

2

*in* ECF No. 4941 at 3.

However, Defendant also recognizes that the Tribe asserts both that (1) it was, in good faith, confused about whether the Settlement Agreement applied to tribally owned water systems, *see* ECF No. 5055 at 2–3, 9–11 (citing ECF Nos. 3895, 3964, 4059), and (2) it submitted its Requests for Exclusion within 24 hours after the deadline, *see id.* at 4, 9, 11.  The combination of these two circumstances apparently is unique.  To the extent the Court excuses the failure to timely request exclusion from the settlement here, it would have no bearing on other tardy opt-out submissions. In any event, even the unique combination of circumstances at issue here should not render the Tribe's neglect of the December 11 deadline "excusable."  *See* ECF No. 4941 at 4–5.

## **CONCLUSION**

For the foregoing reasons, this Court should affirm the Special Master's decision.

DATED:  June 17, 2024

Respectfully submitted,

By: /s/ Richard F. Bulger
Richard F. Bulger
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
P: (312) 701-7120
F: (312) 706-8742
rbulger@mayerbrown.com

*Counsel for 3M Company*