IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG<br><br>**ORDER**<br><br>This Order Relates to<br>*Tina Poynter-Abell, et al. v. 3M Co., et al.*,<br>Case No. 2:21-cv-365-RMG |

Before the Court is a motion for approval of settlement involving a wrongful death action against, inter alia, Defendant Leo M. Ellebracht Company ("Settling Defendant") originally brought in the Eastern Division for the Eastern District of Missouri and later transferred into this MDL. (Dkt. Nos. 61, 63, 65, 69); (MDL No. 2:18-273, Dkt. No. 4483).[1]

This action involves a wrongful death claim on behalf of Decedent Robert Abell brought by Plaintiff Tina Poynter-Abell ("Petitioner"). Decedent allegedly died of Non-Hodgkin's Lymphoma and Plaintiff alleges that Settling Defendant was an authorized dealer of firefighting foam products ("AFFF") which allegedly caused Decedent's death. (Dkt. No. 1 at 5).

Petitioner has moved for approval of settlement of her claim against Settling Defendant. (Dkt. No. 61, 63, 65, 69). *See* Mo. Rev. Stat. § 537.095.1. The beneficiaries of this action are Petitioner—Decedent's Spouse—and Morgan Hoyer and Alexandria Abell, Decedent's adult daughters. (Dkt. No. 63-1 at 7). R.S. Mo. § 537.080.1(1) ("Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who,

---

[1] All citations are to the docket in C.A. No. 2:21-cv-365-RMG.

1

or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for: (1) By the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate . . . .").

After a preliminary conference with the Court on May 24, 2024, the settling parties agreed to strike the Settlement Agreement's Confidentiality and Indemnification Provisions. (Dkt. No. 69).

The Court conducted a second telephonic hearing on June 26, 2024, which was attended by all settling parties and beneficiaries and during which the proposed terms of the settlement were discussed. These proposed terms include:

1. A gross settlement figure of $112,500;
2. Attorney's fees of $37,125 pursuant to contingency fee arrangement between Petitioner and Humphrey, Farrington & McClain, P.C., which counsel has agreed to reduce from 45% to 33%;
3. Litigation costs of $3,158.39, namely expenses incurred in serving various defendants applied pro rata according to % of distribution.

(Dkt. No. 65); (Dkt. No. 63). Sixty percent of the remaining proceeds will be distributed to Petitioner and the remaining 40% divided equally between Morgan Hoyer and Alexandria Abell. (Dkt. No. 63 at 1-2).

Under Missouri law, a wrongful death settlement requires court approval. *See* Mo. Rev. Stat. § 537.095.1. To obtain approval, a plaintiff must demonstrate that: (1) he or she diligently attempted to notify all spouses, children, and parents of the decedent, and if none of those relatives survive, then the siblings of the decedent, *id.*; *id.* § 537.080.1; (2) the amount of settlement is fair

2

and reasonable, *see id.* § 537.095.3; and (3) the attorneys' fees are paid in accordance with the Missouri Rules of Professional Conduct, *see id.* § 537.095.4(2); *see, e.g.*, *Eng v. Cummings, McClorey, Davis & Acho, PLC*, 611 F.3d 428, 435 (8th Cir. 2010); *Lang v. Mino Farms, Inc.*, No. 15-CV-6069-SJ-DGK, 2016 WL 4031230, at *2 (W.D. Mo. July 26, 2016)

During the hearing, Petitioner established that she notified all of Decedent's children. Further, Petitioner testified under oath that the proposed settlement was fair and reasonable and in the best interests of all Class I beneficiaries. *See* § 537.080.1(1). Alexandria Abell and Morgan Hoyer, also Class I beneficiaries, testified to the same. *Floyd-Tunnell v. Shelter Mut. Ins. Co.*, 439 S.W.3d 215, 219 (Mo. 2014) (noting that "damages for wrongful death do not belong to the decedent or the decedent's estate but rather to the class of persons authorized by section 537.080 to bring the wrongful death claim"); *Lawrence v. Beverly Manor,* 273 S.W.3d 525, 527 (Mo. banc 2009).

Considering the above, the Court finds that the petition satisfies the requirements of Missouri law stated above and that the proposed settlement is fair and reasonable under the circumstances and is in the best interests of the Class I beneficiaries. Consequently, the Court hereby **APPROVES** the proposed settlement, (Dkt. No. 61, 63, 65, 69); (MDL No. 2:18-273, Dkt. No. 4483). This action is **DISMISSED WITH PREJUDICE** as to Settling Defendant.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

June 27, 2024
Charleston, South Carolina