IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION ) ) | Master Docket No.: 2:18-mn-2873-RMG |
| CITY OF CAMDEN, et al., ) ) *Plaintiffs*, ) ) -*vs*- ) ) BASF CORPORATION, individually and as successor in interest to Ciba Inc., ) ) ) ) *Defendant*. | Civil Action No.: 2:24-cv-03174-RMG |

Before the Court is the Motion of proposed Class Counsel for Preliminary Approval of Settlement Agreement (the "Preliminary Approval Motion"), pursuant to Rules 23(a), 23(b), and 23(e) of the Federal Rules of Civil Procedure, which seeks: (1) Preliminary Approval of the Settlement Agreement; (2) preliminary certification, for settlement purposes only, of the Settlement Class; (3) approval of the form of Notice to the Settlement Class; (4) approval of the Notice Plan; (5) appointment of Class Counsel; (6) appointment of Class Representatives; (7) appointment of the Notice Administrator; (8) appointment of the Opt Out Administrator; (9) appoint of the Claims Administrator; (10) appointment of the Special Master; (11) appointment of the Escrow Agent; (12) approval of the Escrow Agreement; (13) establishment of the Qualified Settlement Fund; (14) scheduling of a Final Fairness Hearing; and (15) a stay of all proceedings brought by Releasing Persons in the MDL and in other Litigation in any forum as to BASF Corporation ("BASF"), and an injunction against the filing of any new such proceedings. (Dkt. No. 5053).

WHEREAS, a proposed Settlement Agreement has been reached by and among (i) Class Representatives, individually and on behalf of the Eligible Claimants, by and through Class Counsel,

and (ii) defendant BASF;

WHEREAS, the Court, for the purposes of this Order Granting Preliminary Approval, adopts all defined terms as set forth in the Settlement Agreement;

WHEREAS, this matter has come before the Court pursuant to the Preliminary Approval Motion;

WHEREAS, BASF does not oppose the Court's entry of this Order Granting Preliminary Approval;

WHEREAS, the Court finds that it has jurisdiction over the action and each of the Parties for purposes of settlement and asserts jurisdiction over the Class Representatives for purposes of considering and effectuating the Settlement Agreement;

WHEREAS, the Court has considered all of the presentations and submissions related to the Preliminary Approval Motion and, having presided over and managed the proceedings in the MDL as Transferee Judge since December 7, 2018, pursuant to the Transfer Order of the same date, is familiar with the facts, contentions, claims, and defenses as they have developed in these proceedings, and is otherwise fully advised of all relevant facts in connection therewith.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.     PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1.     The Court finds that the requirements of Rules 23(a)(1)-(4), 23(b), and 23(e) of the Federal Rules of Civil Procedure have been satisfied for purposes of preliminary approval of the Settlement Agreement such that notice of the Settlement Agreement should be directed to Eligible Claimants and a Final Fairness Hearing should be set.

2.     The Settlement Agreement, including all Exhibits and Parties' Joint Interpretive Guidance documents attached thereto, is preliminarily approved by the Court.

**II.     FINDINGS REGARDING THE SETTLEMENT CLASS**

3. The Settlement Class consists of, only for purposes of the Settlement Agreement:

   (a) Every Active Public Water System in the United States of America that has one or more Impacted Water Sources as of May 15, 2024.

   An "Impacted Water Source" means a Water Source that has a Qualifying Test Result showing a Measurable Concentration of PFAS.

4. The following are excluded from the Settlement Class:

   (a) Any Public Water System that is owned and operated by a State government and cannot sue or be sued in its own name.

   (b) Any Public Water System that is owned and operated by the federal government and cannot sue or be sued in its own name.

   (c) Any privately owned well that provides water only to its owner's (or its owner's tenant's) individual household and any other system for the provision of water for human consumption that is not a Public Water System.

5. The Court finds that it will likely be able to certify the Settlement Class for purposes of judgment on the proposed Settlement Agreement. The Settlement Class is likely to meet the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a)(1)-(4) of the Federal Rules of Civil Procedure and the predominance and superiority requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure.

6. The following Class Representatives are preliminarily appointed for purposes of the Settlement: City of Camden; California Water Service Company; City of Benwood; City of Brockton; City of Sioux Falls; City of Delray Beach; City of Freeport; Coraopolis Water & Sewer Authority; Dalton Farms Water System; Martinsburg Municipal Authority; South Shore; Township of Verona; and Village of Bridgeport.

7. Subject to final approval by the Court of class certification, the Court provisionally appoints: Michael A. London and the law firm of Douglas & London; Scott Summy and the law firm of Baron & Budd; Paul J. Napoli and the law firm of Napoli Shkolnik; and Joe Rice and the law firm of Motley Rice, LLC as Class Counsel under Rule 23(g)(3) of the Federal Rules of Civil Procedure.

### III.     FINDINGS REGARDING THE SETTLEMENT AGREEMENT

8. Under Rule 23(e)(2) of the Federal Rules of Civil Procedure, in order to approve the proposed Settlement Agreement, the Court must determine whether it is fair, reasonable, and adequate. Rule 23(e)(2) sets forth factors that the Court must consider in reaching that determination.

9. The Parties have provided the Court sufficient information, including in the Preliminary Approval Motion and related submissions and presentations, to enable the Court to determine whether to give notice of the proposed Settlement Agreement to the Settlement Class. The proposed Settlement Agreement is the product of intensive, arm's-length, non-collusive negotiations overseen by the Court-appointed mediator, Honorable Layn Phillips; has no obvious deficiencies; does not improperly grant preferential treatment to the Class Representatives; and is fair, reasonable, and adequate. Accordingly, the Court has taken the Rule 23(e)(2) factors and applicable precedent into account in finding that it will likely be able to approve the proposed Settlement Agreement as fair, reasonable, and adequate.

10. The Court finds that it will likely be able to approve, under Rule 23(e)(2) of the Federal Rules of Civil Procedure, the proposed Settlement Agreement.

### IV.     NOTICE TO ELIGIBLE CLAIMANTS

11. Under Rule 23(c)(2) of the Federal Rules of Civil Procedure, the Court finds that the Notice set forth in Exhibit D to the Settlement Agreement, the Notice Plan set forth in Exhibit E to the Settlement Agreement, and the Summary Notice set forth in Exhibit F to the Settlement Agreement (a) is the best practicable notice; (b) is reasonably calculated under the circumstances to apprise Eligible Claimants of the pendency of this action and the Settlement Agreement and of their right to object to or

exclude themselves from the proposed Settlement Class; (c) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice; and (d) meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and other applicable laws and rules.

12. The Court approves the Notice, the Summary Notice, and the Notice Plan, and hereby directs that the Notice and the Summary Notice be disseminated pursuant to the Notice Plan to Eligible Claimants under Rule 23(e)(1) of the Federal Rules of Civil Procedure.

13. The Notice Plan shall commence no later than fourteen (14) calendar days after entry of this Order Granting Preliminary Approval—namely, no later than **July 17, 2024** so as to commence the period during which Eligible Claimants may opt out from the Settlement Class and Settlement or object to the Settlement.

## V.     PROCEDURE FOR REQUESTS FOR EXCLUSION AND OBJECTIONS

14. The procedure for Requests for Exclusion set forth in Paragraph 9.7 of the Settlement Agreement and the instructions in the Notice regarding the procedures that must be followed to opt out of the Settlement Class and Settlement are approved.

15. Any Eligible Claimant wishing to opt out of the Settlement Class and Settlement must complete a Request for Exclusion, in a form substantially similar to the one attached as Exhibit I to the Settlement Agreement. The Request for Exclusion will be available online and allow for electronic submission to the designated recipient list. Eligible Claimants may also submit the Request for Exclusion form via paper copy and serve it on the Opt Out Administrator at the address set forth in the Notice. Such written request must be received no later than the date ninety (90) calendar days following the commencement of the Notice Plan (as described in Paragraph 13 of this Order), which is the last day of the opt out period. The last day of the opt out period is **October 15, 2024**.

16. Any Class Member that does not submit a timely and valid Request for Exclusion

5

submits to the jurisdiction of the Court and, unless the Class Member submits an Objection that complies with the provisions of Paragraphs 20 through 22 of this Order, shall waive and forfeit any and all objections the Class Member may have asserted. The submission of a Request for Exclusion shall have the effect of waiving and forfeiting any and all objections the Class Member did assert or may have asserted. Requests for Exclusion may be withdrawn at any time prior to the Final Fairness Hearing. However, the withdrawal of a Request for Exclusion shall neither permit a Person to assert new Objections, nor to revive previously asserted ones.

17. Pursuant to Section 10 of the Settlement Agreement, BASF shall have the option, in its sole discretion, to terminate the Settlement Agreement following notice of Requests for Exclusion if any of the conditions set forth in Paragraph 10.1 of the Settlement Agreement are satisfied. The Special Master shall determine whether all parts of the Required Participation Threshold have been satisfied and shall inform the parties of such determination within fourteen (14) calendar days after the deadline for submitting Requests for Exclusion set forth in Paragraph 16 of this Order. BASF shall then have until fourteen (14) calendar days after the Special Master's determination to provide Class Counsel notice of its exercise of the Walk-Away Right.

18. The procedure for objecting to the Settlement or to an award of fees or expenses to Class Counsel, as set forth in Paragraph 9.5 of the Settlement Agreement, is approved.

19. A Class Member who wishes to object to the Settlement or to an award of fees or expenses to Class Counsel must file a written and signed statement designated "Objection" with the Clerk of the Court and serve a copy of such Objection on Class Counsel and BASF's Counsel at the addresses set forth in the Notice. All Objections must certify, under penalty of perjury in accordance with 28 U.S.C. § 1746, that the filer has been legally authorized to object on behalf of the Class Member and must provide (a) the Class Member's SDWIS ID; (b) an affidavit or other proof of the Class Member's standing; (c) the name, address, telephone and facsimile number and email address (if

available) of the filer and the Class Member; (d) the name, address, telephone, and facsimile number and email address (if available) of any counsel representing the Class Member; (e) all objections asserted by the Class Member and the specific reason(s) for each objection, including all legal support and evidence the Class Member wishes to bring to the Court's attention; (f) an indication as to whether the Class Member wishes to appear at the Final Fairness Hearing; and (g) the identity of all witnesses the Class Member may call to testify.

20. All Objections shall be filed and served no later than the date sixty (60) calendar days following the commencement of the Notice Plan (as described in Paragraph 14 of this Order), which is the last day of the objection period. The last day of the objection period is **September 15, 2024**. Any Objection not filed and served by such date shall be deemed waived.

21. A Class Member may object either on its own or through an attorney hired at that Class Member's own expense, provided the Class Member has not submitted a written Request for Exclusion. An attorney asserting objections on behalf of a Class Member must, no later than the deadline for filing Objections specified in Paragraph 21 of this Order, file a notice of appearance with the Clerk of Court and serve a copy of such notice on Class Counsel and BASF's Counsel at the addresses set forth in the Notice.

22. Any Class Member who fully complies with the provisions of Paragraph 9.5 of the Settlement Agreement and Paragraphs 20 through 22 of this Order may, in the Court's discretion, appear at the Final Fairness Hearing to object to the Settlement or to the award of fees and costs to Class Counsel. Any Class Member who fails to comply with the provisions of Paragraph 9.5 of the Settlement Agreement and Paragraphs 20 through 22 of this Order shall waive and forfeit any and all objections the Class Member may have asserted.

23. The assertion of an Objection does not operate to opt the Person asserting it out of, or

otherwise exclude that Person from, the Settlement Class. A Person within the Settlement Class can opt out of the Settlement Class and Settlement only by submitting a valid and timely Request for Exclusion in accordance with the provisions of Paragraph 9.7 of the Settlement Agreement and Paragraphs 15 to 16 this Order. Requests for Exclusion may be withdrawn at any time prior to the Final Fairness Hearing. However, the withdrawal of a Request for Exclusion does not permit a Person to assert new Objections nor revive previously asserted Objections.

24. No later than **October 29**, **2024**, the Special Master shall prepare and file with the Court, and serve on Class Counsel and BASF's Counsel, a list of all Persons who have timely filed and served Requests for Exclusion or Objections.

VI.    **FINAL FAIRNESS HEARING**

25. A Final Fairness Hearing shall take place on the **1st day of November, 2024 at 12 o'clock in the p.m.**, U.S. Court House, 85 Broad St., Charleston, South Carolina, at which the Court will consider submissions regarding the proposed Settlement Agreement, including any Objections, and whether: (a) to approve thereafter the Settlement Agreement as fair, reasonable, and adequate, pursuant to Rule 23 of the Federal Rules of Civil Procedure, (b) to certify the Settlement Class, and (c) to enter the Order Granting Final Approval; (d) enter judgment dismissing the Released Claims as set forth in the Settlement Agreement; and (e) permanently enjoin any Class Member from asserting or pursuing any Released Claim against any Released Person in any forum as provided in Paragraph 9.9 of the Settlement Agreement. The Final Fairness Hearing shall be subject to adjournment by the Court without further notice, other than that which may be posted by the Court on the Court's website.

26. Class Counsel shall file a motion for attorneys' fees, costs, and Class Representative service awards no later than **August 1**, **2024**.

27. Class Counsel and BASF's Counsel shall file any papers in support of Final Approval

of the Settlement Agreement, and any responses to any Objections, no later than **October 15**, **2024**.

## VII.   STAY ORDER AND INJUNCTION

28.   All litigation in any forum brought by or on behalf of a Releasing Person and that asserts a Released Claim, and all Claims and proceedings therein, are hereby stayed as to the Released Persons, except as to proceedings that may be necessary to implement the Settlement. All Releasing Persons are enjoined from filing or prosecuting any Claim in any forum or jurisdiction (whether federal, state, or otherwise) against any of the Released Persons, and any such filings are stayed; provided, however, that after the Final Fairness Hearing, the stay and injunction shall not apply to any Person who has filed (and not withdrawn) a timely and valid Request for Exclusion. This Paragraph also shall not apply to any lawsuits brought by a State or the federal government in any forum or jurisdiction. The stay and injunction provisions of this Paragraph will remain in effect until the earlier of (i) the Effective Date, in which case such provisions shall be superseded by the provisions of the Order Granting Final Approval, and (ii) the termination of the Settlement Agreement in accordance with its terms. This Order is entered pursuant to the Court's Rule 23(e) findings set forth above, in aid of its jurisdiction over the members of the proposed Settlement Class and the settlement approval process under Rule 23(e). All statutes of limitations, statutes of repose, or other limitations period imposed by any jurisdiction in the United States are tolled to the extent permitted by law with respect to each Released Party for any Claim of a Releasing Party that is subject to the stay and injunction provisions of this Paragraph from (i) May 20, 2024 until (ii) thirty (30) calendar days after the stay and injunction provisions cease to apply to such Claim under the terms of this Paragraph, after which the running of all applicable statutes of limitations, statutes of repose, or other limitations periods shall recommence. Nothing in the foregoing sentence shall affect any arguments or defenses existing as of the entry of this Order, including but not limited to any prior defenses based on the timeliness of the Claims such as defenses based on statutes of limitation and statutes of repose.

## VIII. OTHER PROVISIONS

29. Matthew Garretson of Wolf/Garretson LLC, P.O. Box 2806, Park City, UT 8406 is appointed to serve as the Special Master and is appointed as the "administrator" of the Qualified Settlement Fund escrow account within the meaning of Treasury Regulations § 1.468B-2(k)(3).

30. Dustin Mire of Eisner Advisory Group, 8550 United Plaza Boulevard, Suite #1001, Baton Rouge, LA is appointed to serve as the Claims Administrator.

31. Robyn Griffin, The Huntington National Bank, One Rockefeller Center, 10th Floor, New York, NY 10020 is appointed to serve as the Escrow Agent.

32. Steven Weisbrot, Angeion Group, is appointed to serve as the Notice Administrator.

33. Edward J. Bell, Rubris Inc., is appointed to serve as the Opt Out Administrator.

34. The Court has reviewed the proposed Escrow Agreement and Section 7 of the Settlement Agreement and approves the Escrow Agreement and Section 7 of the Settlement Agreement and authorizes that the escrow account established pursuant to the Escrow Agreement be established as a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468B-1. Such account shall constitute the Qualified Settlement Fund as defined in the Settlement Agreement.

35. If the Settlement Agreement is terminated or is not consummated for any reason, the Court's findings with respect to certification of the Settlement Class shall be void, the Litigation against the Released Persons for all purposes will revert to its status as of the Settlement Date, and any unexpended Settlement Funds shall be returned to BASF as provided for in Paragraphs 9.11, 9.12, 9.13 or 10.4 of the Settlement Agreement, as applicable. In such event, BASF will not be deemed to have consented to certification of any class, and will retain all rights to oppose, appeal, or otherwise challenge, legally or procedurally, class certification or any other issue in the Litigation. Likewise, if the Settlement does not reach Final Judgment, then the participation in the Settlement by any Class

Representative or Class Member cannot be raised as a defense to their claims.

36. The deadlines set forth in Paragraphs 14, 16, 21, and 25 of this Order may be extended, and the Final Fairness Hearing may be adjourned, by Order of the Court, for good cause shown, without further notice to the Class Members, except that notice of any such extensions or adjournments shall be posted on a website maintained by the Claims Administrator, as set forth in the Notice.

37. Class Counsel, BASF's Counsel, the Special Master, the Notice Administrator, the Opt Out Administrator and the Escrow Agent are authorized to take, without further Court approval, all actions under the Settlement Agreement that are permitted or required to be taken following entry of this Order Granting Preliminary Approval and prior to entry of the Order Granting Final Approval, including effectuation of the Notice Plan.

38. Class Counsel and BASF's Counsel are authorized to use all reasonable procedures in connection with administration and obtaining approval of the Settlement Agreement that are not materially inconsistent with this Order Granting Preliminary Approval or the Settlement Agreement, including making, without further approval of the Court or notice to Eligible Claimants, minor changes to the Settlement Agreement, to the form or content of the Notice, or otherwise to the extent the Parties jointly agree such minor changes are reasonable and necessary.

39. The Court shall maintain continuing jurisdiction over these proceedings (including over the administration of the Qualified Settlement Fund) for the benefit of the Settlement Class.

**SO ORDERED** this 3rd day of July, 2024.

s/Richard Mark Gergel<br>
The Honorable Richard M. Gergel<br>
United States District Judge