# THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| *IN RE: Aqueous Film Forming Foams (AFFF) Products Liability Litigation* | MDL No. 2873<br><br>This Document Relates To:<br><br>*Nessel v. 3M Co. et al.*<br>No. 2:21-cv-01708<br><br>*People of the State of Illinois ex rel. Kwame Raoul v. 3M Co., et al,* No. 2:23-cv-02540 |

## DEFENDANT'S RESPONSE TO MICHIGAN'S AND ILLINOIS'S SUPPLEMENTAL BRIEFS IN SUPPORT OF MOTIONS TO REMAND

Defendant 3M Company submits this response to Michigan's and Illinois's supplemental briefs in support of their motions to remand and respectfully requests that the Court deny the States' motions. The States' supplemental briefs fail to identify any new factual or legal developments that would justify a remand to state court. Michigan's new alleged facts cannot override the controlling allegations in 3M's notice of removal; to the contrary, they only reinforce that any purported disputes of fact should be litigated in a federal forum. The four recent district court opinions on which both Michigan and Illinois rely are currently pending on appeal; two of those cases are pending in the Fourth Circuit, which is currently considering a consolidated appeal from district court orders remanding the South Carolina and Maryland "non-AFFF" cases to state court. Ultimately, nothing in the States' supplemental briefs undermines the arguments in 3M's Response Briefs in Opposition to Plaintiffs' Motions to Remand. *See* No. 2:21-cv-01708, ECF No. 15 (D.S.C.) (Michigan); No. 2:23-cv-02540, ECF No. 50 (D.S.C.) (Illinois). The Court should deny the pending motions to remand or, at a minimum, defer ruling until the appellate courts have resolved the pending remand appeals.

1

**BACKGROUND**

Michigan and Illinois, represented by the same outside counsel, have followed a similar playbook in attempting to evade federal jurisdiction over their claims to recover for alleged PFAS contamination in their respective States.

**A.     Michigan Actions**

Michigan divided its statewide claims for alleged PFAS contamination into three overlapping actions. The present case purports to seek recovery for alleged PFAS contamination from sources other than aqueous film-forming foams ("AFFF"). A second action—which Michigan filed directly in federal court—seeks to recover for alleged contamination from "MilSpec AFFF," that is, AFFF that 3M "made in accordance with performance specifications provided by the United States Department of Defense." No. 1:20-cv-00787, ECF No. 1, at 1 (W.D. Mich.). Michigan's *third* action—which, like this case, was filed in state court—seeks to recover for alleged PFAS contamination stemming from "commercially available AFFF," which Michigan defines as excluding "MilSpec AFFF." No. 1:20-cv-1080, ECF No. 1-1, ¶¶ 5–6 (W.D. Mich.).

On September 11, 2020, the Judicial Panel on Multidistrict Litigation ("Panel") transferred Michigan's "MilSpec AFFF" action to this Court for inclusion in the MDL. Two months later, Tyco and Chemguard removed Michigan's "Commercial AFFF" action to the Western District of Michigan on the ground that the alleged PFAS contamination at issue there arose in part from MilSpec AFFF, which triggered their federal government contractor defense and their right to remove under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). The district court denied Michigan's motion to remand, concluding that, "while Plaintiffs attempt to surgically divide their complaints between Commercial and MilSpec AFFF, they cannot prevent Defendants from raising the production of MilSpec AFFF as a defense or an alternate theory, particularly when

2

Plaintiffs admit that Defendants produced MilSpec AFFF and that PFAS from AFFF spread contamination throughout the state." *Nessel v. Chemguard, Inc.*, 2021 WL 744683, at *3–4 (W.D. Mich. Jan. 6, 2021). The Panel subsequently transferred the "Commercial AFFF" action to the MDL. *In re AFFF Prods. Liab. Litig.*, 2021 WL 755083, at *3-4 (J.P.M.L. Feb. 4, 2021).

On March 1, 2021, 3M removed this action, Michigan's supposed "non-AFFF" case, to federal court under the federal officer removal statute. In its notice of removal, 3M alleged that removal was proper because it has a colorable federal government contractor defense. In support, 3M pointed to Michigan's January 28, 2021, Objections and Responses to Defendant Daikin America, Inc.'s First Set of Interrogatories (No. 2:21-cv-01708, ECF No. 1-9 (D.S.C.)), which "disclosed the identities of certain sites, including RACER Willow Run, at which Plaintiffs are seeking to recover in *this case*." No. 2:21-cv-01708, ECF No. 1 ¶ 7 (D.S.C.) (emphasis added). As 3M alleged in its notice of removal, "Plaintiffs elsewhere have claimed that the contamination at some of the sites that Plaintiffs have put at issue in this case, including RACER Willow Run, resulted in part from MilSpec AFFF." *Id.* 3M based that allegation on the fact sheet Michigan filed in the MDL identifying RACER Willow Run as one of the sites allegedly contaminated by PFAS from MilSpec AFFF. No. 21-cv-1708, ECF No. 11-6 (D.S.C.). 3M also named other sites, including the "Oscoda Township Dump" and "AuSable Twp Smith Street Area," where PFAS from MilSpec AFFF commingled with PFAS from other sources. No. 2:21-cv-01708, ECF. No. 1, ¶¶ 25–26 (D.S.C.). Michigan moved to remand the case to state court. *See* No. 21-cv-01708, ECF No. 10 (D.S.C.). The Panel transferred this suit to the MDL with the remand motion pending. No. 2:18-mn-02873, ECF No. 1687.

### B.     Illinois Actions

Like Michigan, Illinois has divided its claims for alleged PFAS contamination into multiple overlapping actions. In this case, originally filed in Cook County Circuit Court, Illinois

3

seeks "natural resources damages" for alleged PFAS contamination, but purports to exclude PFAS stemming from AFFF. No. 2:23-cv-02540, ECF No. 1-2, at 1 (D.S.C.). The complaint further alleges that Illinois detected elevated PFAS levels at 70 "PFAS Sites." *Id.* ¶ 252.

3M removed this action under the federal officer removal statute. 3M's notice of removal alleged that MilSpec AFFF contributed to the purported PFAS contamination of Illinois's natural resources. No. 2:23-cv-02540, ECF No. 1, ¶¶ 26, 28–32 (D.S.C.). The notice further alleged (1) that many of the identified "PFAS Sites" are in the vicinity of military facilities, including the Moline CWS, which is within one mile of the Rock Island Arsenal, and the North Chicago CWS, which is within one mile of the Great Lakes Naval Station, *id.* ¶¶ 37–43; (2) that some allegedly contaminated water supplies identified in Illinois's complaint draw their water from Lake Michigan, where MilSpec AFFF was discharged from the Great Lakes Naval Station, *id.* ¶¶ 44–48; and (3) that one "PFAS Site" (Rock Island Arsenal CWS) is at a military facility on the Mississippi River where AFFF discharges have been documented, *id.* ¶ 34–36. In the alternative, 3M removed this action based on federal enclave jurisdiction. *Id.* ¶¶ 72–76. The Panel transferred the case to the MDL with the remand motion pending. No. 2-18-mn-02873, ECF No. 3257.

After 3M removed this case, Illinois filed a separate putative "AFFF complaint" in Cook County Circuit Court, which contained many of the same allegations Illinois makes in this action.[1] That complaint also seeks damages for alleged contamination from PFAS and defines "PFAS Sites" to include the same 70 allegedly contaminated sites as this putative "non-AFFF complaint."

---

[1] Illinois also filed a third complaint in state court related to 3M's operation of the Cordova facility in Rock Island County and its alleged impact on various natural resources, including the Mississippi River. 3M removed that case to federal court, asserting its rights to a federal forum under the federal officer removal statute. *See Illinois v. 3M Company*, 4:22-cv-04075, ECF No. 1-1 (C.D. Ill.). The case was remanded, and 3M appealed that remand decision—which the district court based again on a purported disclaimer of AFFF liability—to the Seventh Circuit (No. 23-3031), where the case has been argued and is awaiting a decision.

4

No. 2:23-cv-02540, ECF No. 50-15, ¶ 492 (D.S.C.). The AFFF complaint, however, explicitly seeks damages for alleged contamination from AFFF, including MilSpec AFFF. *Id.* ¶¶ 296–320. 3M removed Illinois's AFFF action to federal court, No. 1:23-cv-02620, ECF Nos. 1, 16 (N.D. Ill.), and the Panel subsequently transferred it to the MDL, No. 2-18-mn-0287, ECF No. 3512.

## ARGUMENT

For the reasons explained in 3M's oppositions to Michigan's and Illinois's motions to remand, 3M properly removed these actions to federal court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). That statute authorizes removal when the defendant has (1) "'act[ed] under [a federal] officer'"; (2) "performed actions for which it is being sued 'under color of [federal] office'"; and (3) "raised a colorable federal defense." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010) (quoting 28 U.S.C. § 1442(a)(1)). All of those elements are satisfied here. First, 3M acted under the direction of the Department of Defense when it produced MilSpec AFFF. Second, 3M is being sued for actions performed "under color of federal office" because the alleged PFAS contamination at issue in these cases arises at least in part from 3M's production and sale of MilSpec AFFF. And third, 3M has a colorable federal government contractor defense based on its production of AFFF in conformity with military specifications. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988).

None of the supposed factual or legal developments the States highlight in their supplemental briefs casts doubt on 3M's statutory right to raise its federal government contractor defense in federal court.

### A.  Alleged Factual Developments

Michigan cites three "factual developments" that have occurred since it filed its motion to remand that supposedly justify a return to state court. Mich. Supp. Br. 5–6. All three contentions stumble right out of the gate. As a threshold matter, "[f]ederal jurisdiction . . . is fixed at the time

5

the . . . notice of removal is filed," such that any subsequent factual developments are irrelevant to the jurisdictional inquiry. *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008). But even considered on the merits, Michigan's supposed "developments" would not support remand.

First, Michigan claims to have identified "nearly 200 additional, PFAS-contaminated sites within the State" since it first moved to remand. Mich. Supp. Br. 5. But the State does not explain how these supposed *additional* sites extinguish this Court's jurisdiction, which is based on the presence of PFAS traceable to MilSpec AFFF at the sites identified in 3M's notice of removal. Those sites include RACER Willow Run, which the State identified *both* as (i) a "Mil-Spec AFFF contamination site[]" in the plaintiff fact sheet ("PFS") it filed in the MilSpec AFFF action in the MDL *and* (ii) as a site at issue in *this* case in the interrogatory responses it served pre-removal in state court. *See* p. 3, *supra*.

Second, Michigan claims to have conducted a "substantial investigation" confirming "through extensive sampling" that "the sites at issue in this case do not involve AFFF contamination." Mich. Supp. Br. 6. At the outset, Michigan fails to make clear whether this "substantial investigation" encompasses all of the allegedly contaminated sites at issue in this case or just the 200 additional ones. More to the point, Michigan's new "factual" argument in support of remand improperly conflates the merits of 3M's federal government contractor defense with the removability of this case to federal court. With support from Michigan's own discovery responses and the PFS the State served in the MDL, 3M plausibly alleged in its notice of removal that Michigan is seeking recovery in this case for alleged contamination at one or more sites—including "RACER Willow Run," "Oscoda Township Dump," and "AuSable Twp Smith Street Area"—where PFAS from MilSpec AFFF commingled with PFAS from other sources. No. 2:21-cv-01708, ECF. No. 1, ¶¶ 25–26 (D.S.C.).

6

Michigan cannot defeat 3M's assertion of federal jurisdiction by pointing to newly asserted allegations (and contrary to its own prior representations as to RACER Willow Run) that some or all of the sites at issue in this case "do not involve AFFF contamination." Mich. Supp. Br. 6.  To the contrary, Congress authorized federal officer removal for the precise purpose of affording defendants a federal forum to consider each side's competing evidence and decide whether the federal government contractor defense succeeds or fails on the merits.  *See Nessel*, 2021 WL 744683, at *3 ("The specific factual questions of whether the challenged act was within the scope of the federal contract are for federal—not state—courts to answer.").  Indeed, the Judicial Panel on Multidistrict Litigation rejected Illinois's similar invocation of its own putative investigation in opposing 3M's motion to transfer, explaining that Illinois's reliance on its "allegedly . . . extensive preliminary investigation . . . proves too much" because it "would require the Panel to essentially engage in a merits review of the complaints based on the amount of detail of plaintiffs' respective pre-suit investigations."  No. 2:18-mn-02873, ECF No. 1927, at 3.  While the JPML's standards for transfer are different from the inquiry for federal officer removal, its reasoning applies equally here, where the law requires the "merits" to be tested in federal court giving credit to the plausible allegations in the removal notices.

Thus, Michigan's newly developed "facts" are categorically irrelevant to the removal inquiry because, as both the Supreme Court and the Fourth Circuit have made clear, the well-pleaded allegations in the notice of removal must be accepted as true.  *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (a "notice of removal need include only a plausible allegation" of facts that would entitle the defendant to a federal forum); *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) ("facts alleged in" the notice of removal, when "*taken as true*," must be "sufficient . . . to invoke subject matter jurisdiction" (emphasis added)).  As this case proceeds in this federal forum, Michigan can seek to introduce evidence to contest the merits of 3M's federal

7

government contractor defense, but it cannot rely on that supposed evidence—much less evidence that postdates the notice of removal by three years—to controvert the well-pleaded jurisdictional allegations in 3M's notice. *See Sea Marsh Grp. v. SC Ventures, Inc.*, 111 F.3d 129, at *4 (table) (4th Cir. 1997) (recognizing jurisdiction is assessed "at the time of removal"); *see also PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) (same).

Third, Michigan contends that "3M incorrectly claimed" in its notice of removal that "the RACER Willow Run site, which Michigan suspected to be contaminated with PFAS from both AFFF and non-AFFF sources, was at issue in this case." Mich. Supp. Br. 5. That assertion is simply false: Michigan's own discovery responses identify RACER Willow Run as a site for which the State "seek[s] to recover damages for PFAS contamination" "*[i]n this litigation.*" No. 21-cv-1708, ECF No. 15, at 12 (emphasis added); *see also* No. 2:18-mn-02873, ECF No. 2722-1, at 10 n.3 (Michigan brief filed in JPML just last week, on June 25, 2024, describing this case as involving "claims related to manufacture of AFFF and non-AFFF products"). In light of these discovery responses and Michigan's statement in its PFS that the site is contaminated by MilSpec AFFF—which are addressed in detail in the Notice of Removal, No. 2:21-cv-01708, ECF No. 1, ¶¶ 24, 26 (D.S.C.)—3M's allegation is entirely plausible and thus controlling for jurisdictional purposes. *See Texas v. Kleinert*, 855 F.3d 305, 313 (5th Cir. 2017) ("the standard for federal officer removal tests only the plausibility of the officer's allegations"). And 3M's notice of removal also plausibly alleged other sites, including the Oscoda Township Dump and the AuSable Township Smith Street Area, where the alleged contamination arises at least in part from MilSpec AFFF and that independently justify removal to federal court. No. 2:21-cv-01708, ECF No. 1, ¶ 25 (D.S.C.). Michigan is silent about those other sites in its supplemental brief.

### B.     Alleged Legal Developments

Michigan and Illinois both cite the decisions of four district courts that have remanded

8

suits "in which states are seeking damages for PFAS contamination from sources other than AFFF." Mich. Supp. Br. 6; Ill. Supp. Br. 4. But all four of these district court decisions are presently pending on appeal. As discussed above, two of them are pending in the Fourth Circuit, which is currently considering a consolidated appeal from the remand of Maryland's and South Carolina's "non-AFFF" cases. If the Court does not deny remand outright at this juncture, it should, at a minimum, defer ruling on Michigan's and Illinois's motions pending the outcome of those appeals. *Cf. Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987) (per curiam) ("We find that the district court acted within its discretion in staying proceedings while awaiting guidance from the Supreme Court in a case that could decide relevant issues."). And in any event, all four rulings on which Michigan and Illinois rely are incorrect.

At the outset, each of the four district court decisions on which Michigan and Illinois rely failed either to address or to adequately distinguish *Nessel*, the opinion from the Western District of Michigan that denied Michigan's motion to remand its claimed Commercial AFFF case that subsequently was consolidated into this MDL. In *Nessel*, the defendants invoked federal officer removal based on their production of MilSpec AFFF for the federal government. 2021 WL 744683, at *1. The court denied Michigan's motion to remand even though Michigan claimed "not [to] seek resolution of any claims related to MilSpec AFFF." *Id.* at *3. The *Nessel* court declined to credit the State's would-be disclaimer. Rejecting Michigan's "attempt to surgically divide [its] complaint[] between Commercial and MilSpec AFFF," the *Nessel* court reasoned that Michigan "cannot prevent Defendants from raising the production of MilSpec AFFF as a defense or an alternate theory," as "artful pleading does not obviate the facts on the ground." *Id.* Removal was proper because the defendants "were at least plausibly acting under color of federal office." *Id.*

Having lost the remand issue in *Nessel*, Michigan (like Illinois) now relies on four cases

9

in which the district courts accepted the States' putative disclaimers of AFFF liability. In *New Hampshire v. 3M Company*, 665 F. Supp. 3d 215 (D.N.H. 2023) (appeal pending, No. 23-1362 (1st Cir.)), the district court declined to follow *Nessel* and held that the State's disclaimer of AFFF liability was dispositive. *Id.* at 229. The court in *Maine v. 3M Company*, 2023 WL 4758816 (D. Maine, July 26, 2023) (appeal pending, No. 23-1709 (1st Cir.)), likewise acknowledged its departure from *Nessel* and adopted the *New Hampshire* court's position without reasoned analysis. *Id.* at *9. The third case on which Michigan and Illinois rely, *Maryland v. 3M Company*, 2024 WL 1152568 (D. Md. Feb. 12, 2024) (appeal pending, No. 24-1218 (4th Cir.)), ignored *Nessel* entirely. In a cursory analysis that was less than a page long, the district court relied on *New Hampshire* and *Maine*, holding that there was no "nexus between [the] charged conduct and asserted official authority" because Maryland "expressly disclaimed any AFFF-related claims." *Id.* at *3. Finally, the States cite *South Carolina v. 3M Company*, 2024 WL 1470056 (D.S.C. Feb. 29, 2024) (appeal pending, No. 24-1270 (4th Cir.)), where this Court ruled that South Carolina's disclaimers that it was not seeking to recover for MilSpec AFFF "moot 3M's government contractor defense because . . . [3M] cannot be held liable in this case for PFAS contamination originating from AFFF." *Id.* at *3.[2]

All four of these decisions erred in placing dispositive weight on the States' disclaimers, without analysis of the records in the individual cases, and concluded that they are not seeking to recover for alleged contamination from AFFF. Instead of relying on the States' disclaimers, these courts should have accepted the allegations in 3M's notices of removal, which are controlling for purposes of removal. *See Agyin v. Razmzan*, 986 F.3d 168, 180–81 (2d Cir. 2021) ("the same liberal

---

[2] In a footnote, Michigan also cites the district court's order remanding Illinois's complaint concerning alleged PFAS contamination from 3M's manufacturing facility in Cordova, Illinois. Mich. Supp. Br. 7 n.2. That order also rested on the State's purported disclaimer, and 3M has appealed the remand order to the Seventh Circuit. *See* note 1, *supra*.

10

rules employed in testing the sufficiency of a pleading should apply to appraise the sufficiency of a defendant's notice of removal" under the federal officer removal statute); *Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018) (reviewing the allegations in a § 1442(a) removal notice under *Iqbal*'s pleading standard); *Kleinert*, 855 F.3d at 313 ("the standard for federal officer removal tests only the plausibility of the officer's allegations").

Here, as shown in the notices and demonstrated in the briefing of the remand motions, 3M has plausibly alleged in its notices of removal that, notwithstanding their disclaimers, Michigan and Illinois are seeking recovery for alleged contamination from MilSpec AFFF because PFAS from MilSpec AFFF and from non-AFFF sources have commingled in at least some of the sites at which the States are seeking recovery, and there is no way to distinguish between PFAS from MilSpec AFFF and non-AFFF sources. *See generally* No. 2:21-cv-01708, ECF No. 1 (D.S.C.); No. 2:21-cv-01708, ECF No. 1 (D.S.C.). That means the factfinders in these cases will necessarily be asked to impose liability on 3M for alleged contamination attributable to MilSpec AFFF. Michigan's and Illinois's claims therefore squarely implicate 3M's federal government contractor defense for purposes of removal.

## CONCLUSION

The States' supplemental briefs present no new facts or law that would justify a departure from *Nessel*. For the reasons explained in 3M's opposition briefs, this Court should deny Michigan's and Illinois's motions to remand. At a minimum, it should defer ruling on those motions until the resolution of the current remand appeals.

Dated: July 3, 2024                                          Respectfully submitted,

                                                             /s/ Daniel L. Ring
                                                             Daniel L. Ring

11

                                        Michael A. Olsen
                                        MAYER BROWN LLP
                                        71 South Wacker Drive
                                        Chicago, IL 60606
                                        (312) 782-0600
                                        dring@mayerbrown.com
                                        molsen@mayerbrown.com