IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Order Relates To**<br>*City of Camden, et al., v. 3M Company,*<br>No. 2:23-cv-03147-RMG |

This matter is before the Court on the Mescalero Apache Tribe's appeal from the Special Master's Decision Regarding Objections to Notices of Non-Compliant Opt-Outs. (Dkt. No. 5055). Defendant 3M filed a response to the Tribe's appeal, (Dkt. No. 5166), and the Tribe replied (Dkt. No. 5194). For the reasons stated below, the Court reverses the Special Master's decisions regarding the compliance of the Tribe's opt-out request.

**I.    Background**

On June 22, 2023, Class Counsel and 3M entered a Settlement Agreement which globally resolved public water district cases in this MDL. (Dkt. No. 3370-3). Paragraph 8.5 of the Settlement Agreement provided a procedure for eligible claimants to opt-out of the Settlement. (*Id.* at 27). Paragraph 8.5 stated that a "Request for Exclusion must be properly served by the deadline imposed by the Court." (*Id.*). The Court, in its order granting preliminary approval to the settlement, required the Requests for Exclusions "be received by the Court no later than the Opt Out deadline of December 11, 2023." (Dkt. No. 3626 at 11).

On December 12, 2023, the day after the 3M Settlement opt-out deadline, the Tribe emailed and mailed the required opt-out forms for the Mescalero Community Public Water System

1

(PWSID #063501233) and Mescalero Inn of the Mountain Gods (PWSID #063506008) to the required parties. (Dkt. No. 4859-1).

On April 9, 2024, The Special Master issued a declaration regarding noncompliant opt-outs and listed both Mescalero Community Public Water System and Mescalero Inn of the Mountain Gods as noncompliant because the Requests for Exclusion were untimely. (Dkt. No. 4823 at 4). The Tribe objected to the Special Master's determination (Dkt. No. 4859), and 3M responded to the Tribe's objection (Dkt. No. 4941).

On May 17, 2024, the Special Master filed his Decision Regarding Objections to Notices of Non-Compliant Opt-Outs. (Dkt. No. 4997). The decision overruled the Tribe's objection and found that the Tribe's Request for Exclusion was noncompliant. (*Id.* at 7). The Tribe filed the current appeal from Special Master's decision. (Dkt. No. 5055). Defendant 3M filed a response to the Tribe's appeal, (Dkt. No. 5166), and the Tribe replied (Dkt. No. 5194). The matter is now ripe for the Court's review.

## II.   Standard

In reviewing a special master's order, report, or recommendation, the court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed.R.Civ.P. 53(f)(1). The court is required to review all objections to any findings of fact or conclusions of law made or recommended by a special master *de novo*. Fed.R.Civ.P. 53(f) (3), (4). However, the special master's rulings on procedural matters will only be set aside for abuse of discretion. Fed.R.Civ.P. 53(f)(5).

## III.   Discussion

"A district court has discretion to grant relief from a class opt-out deadline based on Federal Rule of Civil Procedure 6(b)(1), which allows the court to grant an extension of time for 'excusable

2

neglect,' and on Rule 60(b)(1), which allows the court to grant relief from a judgment for the same reason." *In re MI Windows & Doors, Inc. Prods. Liab. Litig.*, 860 F.3d 218, 226 (4th Cir. 2017); *see also* William Rubenstein, *Newberg on Class Actions* § 9:45 (5th ed. 2016) (explaining that the "excusable neglect" standard is "identical" under both Rules and that Rule 23(d) further supports the court's ability to grant an extension). And the Supreme Court has explained that, in deciding whether neglect is "excusable," a court should consider four factors:

> [A] the danger of prejudice to the [non-movant], [B] the length of the delay and its potential impact on judicial proceedings, [C] the reason for the delay, including whether it was within the reasonable control of the movant, and [D] whether the movant acted in good faith.

*Pioneer Investment*, 507 U.S. at 395, 113 S.Ct. 1489 (applying the Federal Rules of Bankruptcy Procedure but drawing on cases interpreting the Federal Rules of Civil Procedure). Moreover, the *Pioneer Investment* Court instructed that no factor is dispositive, and while "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392, 113 S.Ct. 1489.

### A. Danger of Prejudice to 3M

"Under *Pioneer*, 'prejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence.'" *In re Processe Egg Prod. Antitrust Litig.*, 130 F. Supp. 3d, 945, 954 (E.D. Pa. 2015) (quoting *In re O'Brien Envt'l Energy, Inc.*, 188 F.3d 116, 127 (3d Cir. 1999)).

3M does not argue it would be prejudiced if the Court were to allow the Tribe's day-late submission. Accordingly, the Court finds this factor weighs in favor of the Tribe.

### B. The Length of the Delay

Here, the length of delay was short and did not impact any of the Court's proceedings. *Cf. In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (affirming district court's grant of discretionary relief where party filed motion to modify final order twelve days after its entry and two days after the party discovered that it had not opted-out). Accordingly, this factor weighs in favor of the Tribe.

### C. The Reason for the Delay

In *Pioneer,* the Supreme Court explained, "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." 507 U.S. at 392, 113 S.Ct. 1489. Indeed, *Pioneer* declined to "erect[ ] a rigid barrier against late filings attributable in any degree to the movant's negligence . . ." *Id.* at 395 n. 14, 113 S.Ct. 1489.

Here, the Tribe argues it was initially confused about whether the Settlement Agreement applied to tribally owned water systems and contends that it only learned its PWS were within the settlement class and how to opt out in late November 2023. The Tribe received an informal briefing from outside counsel on December 7, 2023 regarding the Settlement Agreement. Based on that briefing, the Tribe's eight-member Tribal Council called a special session as early as possible on Monday, December 11, 2023, to consider the settlement and whether to participate. The Tribe decided to opt out of the 3M settlement but were unable to obtain and verify all the required information regarding the Tribe's PWS and obtain the necessary signatures on the appropriate forms before the end of the day. On the next day, December 12, 2023, the Tribe executed the Request for Exclusion of its PWS and mailed it overnight certified mail to the Notice

Administrator, the Special Master, Counsel for 3M, and Class Counsel. The Tribe also emailed the Request for Exclusion to the Notice Administrator on December 12.

The Court finds that the reason for delay weighs in favor of the Tribe. As soon as the Tribe appreciated its water systems were subject to the Settlement Agreement, it called a special session of its Tribal Council and acted as quickly as possible to submit its request for exclusion. The Court finds that the ignorance of the Tribe that led to the untimely submission is excusable.

### D. Whether the Tribe Acted in Good Faith

For reasons stated above, the facts here do not suggest that the Tribe acted with an ulterior motive. There is nothing to suggest, and 3M does not claim, that the Tribe's delay in requesting its opt-out was a strategic or tactical decision. In fact, the circumstances show that the Tribe moved as quickly as it could to submit its Request for Exclusion. Accordingly, the Court finds that the Tribe acted in good faith and that this factor weighs in favor of the Tribe.

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** the Tribe's appeal (Dkt. No. 5055) and **REVERSES** the decision of the Special Master as to the Tribe's Request for Exclusion. The Court finds that the Tribe's failure to opt out by the December 11 deadline was a result of excusable neglect and, therefore, holds that the Tribe's Request for Exclusion is valid.

                                                                        s/Richard Mark Gergel
                                                                        Richard Mark Gergel
                                                                        United States District Judge

July 22, 2024
Charleston, South Carolina