# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2: 18-mn-2873-RMG<br><br>This Document Relates To All Actions |

**DEFENDANT AMERICAN ZURICH INSURANCE COMPANY'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES**

Defendant American Zurich Insurance Company ("AZIC"), by and through undersigned counsel, hereby responds to each of the Complaints which have been or may be filed against AZIC by Plaintiffs in the MDL, subject to further factual development and identification of additional defenses, as follows:

**GENERAL DENIAL**

Pursuant to this Court's November 23, 2021, Case Management Order No. 20 and Federal Rule of Civil Procedure 8(b)(3), AZIC denies generally and specifically each and every allegation set forth in Plaintiffs' Complaints, and the whole thereof, and each and every alleged cause of action therein, and AZIC demands strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. AZIC further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. AZIC further denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, obligation, breach, or omission on the part of AZIC or anyone

acting on its behalf. AZIC reserves its rights to assert cross-claims and/or third-party claims and to amend or supplement this General Denial and Preliminary Statement of Affirmative Defenses.

## **PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES**

AZIC asserts the following affirmative defenses in response to the averments in each of Plaintiffs' Complaints filed in the above-captioned actions:

1. The Complaints, and each and every cause of action or count alleged therein, fail to state facts sufficient to constitute a claim upon which relief may be granted against AZIC.

2. The court in which this action was filed, or which Plaintiffs have designated as the "Home Venue," lacks personal jurisdiction over AZIC, and the Complaint should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3. Plaintiffs' claims are barred or limited by lack of standing.

4. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, unclean hands, release, payment, accord and satisfaction, and/or waiver.

5. Plaintiffs' claims are barred to the extent that there is no insurance coverage available for the claims at issue under the terms, conditions, exclusions, and/or limitations contained in any policy issued by AZIC.

6. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to seek a declaration as to whether AZIC has a duty to defend and/or indemnify.

7. Any claims for coverage are barred, in whole or in part, to the extent that any applicable statutes of limitation and/or contractual limitations apply.

8. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of repose.

9. Any claims for coverage may be barred, in whole or in part, to the extent they involve coverage for liability that is based on risks or matters known to, expected by, or intended

by an insured, or that arose from an event, act, occurrence, loss, or claim that was in progress, known, or not contingent at or before the time the AZIC policies at issue were issued.

10. Any claims for coverage are barred, in whole or in part, to the extent they seek coverage for any loss that took place prior to the inception of the AZIC policies at issue, or after the expiration of the period when such policies were in effect.

11. Any claims for coverage are barred, in whole or in part, to the extent they seek coverage for bodily injury or property damage that did not take place during the policy period of any policy alleged to have been issued by AZIC.

12. Any claims for coverage are barred, in whole or in part, to the extent they seek coverage for underlying matters that do not constitute "occurrences" or "accidents" and/or the alleged damages do not constitute "bodily injury," "property damage," "personal injury," "losses," "costs" or "ultimate net loss" within the meaning of the AZIC policies at issue, or any policy or policies to which those policies follow form.

13. Any claims for coverage are barred, in whole or in part, to the extent any alleged harm was caused by superseding and/or intervening causes by third-parties not under the control of AZIC's insured(s).

14. AZIC's liability, if any, for claims arising out of continuous or repeated exposure to substantially the same general conditions, and all damages involving the same injurious material or act, is limited to liability for one "occurrence" as that term is defined in the AZIC policies at issue and/or in any applicable controlling underlying policies to which those policies follow form.

15. Any claims for coverage are barred, in whole or in part, to the extent that an insured has failed to exhaust some or all of the applicable deductibles, self-insured retentions, and/or underlying limits of insurance as required by some or all of the policies at issue.

16. Plaintiffs' claims are barred, in whole or in part, to the extent that an insured had prior knowledge of bodily injury or property damage for which they seek coverage and to the extent that such knowledge precludes coverage for such bodily injury or property damage under the AZIC policies at issue.

17. Any claims for coverage may be barred, in whole or in part, to the extent that other insurance or contracts of indemnity are applicable to any underlying claim(s) and/or loss(es), and/or because coverage under any policy alleged to have been issued by AZIC is excess to other insurance.

18. Plaintiffs' claims are barred, in whole or in part, to the extent that an insured seeks coverage or contribution for equitable remedies that do not fall within the scope of coverage provided by the AZIC policies at issue.

19. Plaintiffs' claims are barred, in whole or in part, to the extent that an insured seeks coverage or contribution for punitive damages, which are not covered damages under some or all of the policies at issue.

20. Plaintiffs' claims are barred, in whole or in part, to the extent that an insured has other valid and collectible insurance.

21. Plaintiffs' claims are barred, in whole or in part, to the extent that the entity identified as the insured is not an insured under the policies at issue.

22. Any claims for coverage may be barred to the extent that certain liabilities and/or potential liabilities were incurred by an entity acquired by the named insured outside the term of the AZIC policies in issues and/or in any applicable controlling underlying policies to which the AZIC policies in issue follow form.

23. Any claims for coverage may be barred to the extent that no coverage is owed for any person or entity whose interest in any AZIC policy was secured without the consent of AZIC.

24. Any claims for coverage are barred, in whole or in part, to the extent they seek coverage for injury, loss or damage sustained by organizations, entities or individuals that do not qualify as a Named Insured or Insured under the terms of any policy alleged to have been issued by AZIC.

25. Any claims for coverage are barred to the extent the person or entity asserting such claim(s) has no rights under any policy alleged to have been issued by AZIC, or to the extent any such rights were not properly assigned.

26. Plaintiffs' claims are barred, in whole or in part, to the extent that any of the policies' aggregate limits have been exhausted.

27. Plaintiffs' claims are barred, in whole or in part, to the extent any of the policies at issue prohibit the stacking of aggregate limits for a single occurrence.

28. Plaintiffs' claims are barred, in whole or in part, to the extent an insured seeks coverage or contribution for injury or damage arising from pollution under a policy that contains a pollution exclusion or follows form from a policy containing a pollution exclusion.

29. Plaintiffs' claims are barred, in whole or in part, to the extent AZIC were not provided with adequate, particularized, timely, and proper notice of the underlying claim(s), or of the accidents, occurrences, and/or suits that form the basis for any such claim(s), or of any other developments that could affect the liability of AZIC.

30. Any claims for coverage may be barred, in whole or in part, to the extent they seek to recover amounts for loss which any insured failed to mitigate, minimize, or avoid.

31. Any claims for coverage are barred, in whole or in part, to the extent the insured seeks coverage for losses voluntarily paid, or where the insured otherwise assumed the obligation to pay, or paid, when it had no legal obligation to do so.

32. Any claims for coverage may be barred, in whole or in part, to the extent the policies at issue, or any policies to which they follow form, provide only excess liability coverage and do not provide a duty to defend or pay any defense costs.

33. Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated or learned intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

34. Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative class members of the purported class as set forth in the Complaints, are barred or limited by the economic loss rule.

35. The Complaints, and each cause of action or claim alleged therein, fail to join necessary and/or indispensable parties.

36. Any claims for coverage may be barred, in whole or in part, to the extent that AZIC's right to setoffs, subrogation, or contribution have been impaired.

37. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiffs are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae*.

38. Plaintiffs' claims are not ripe and/or have been mooted.

39. Plaintiffs' claims are not ripe and/or have been mooted and/or are nonjusticiable.

40. AZIC has no liability under the AZIC policies at issue to the extent that any insured thereunder has not become legally obligated to pay amounts or judgments.

41. Plaintiffs' claims are barred by the doctrine of res judicata and/or by the application of the doctrine of collateral estoppel.

42. Any claims for coverage are barred to the extent that those claims are based on an insured's liability when that insured has entered into a valid, good-faith settlement with AZIC.

43. Any claims for coverage may be barred to the extent they seek coverage for expenses, costs, or obligations incurred in connection with the underlying claims, or settlements entered into relating to the underlying claims, without AZIC's consent or approval.

44. Any claims for coverage may be barred, in whole or in part, to the extent they are barred by the terms of any settlement agreement or release.

45. Any claims for coverage are barred, in whole or in part, to the extent any insured failed to perform all of the obligations under any policy alleged to have been issued by AZIC and all conditions precedent and conditions subsequent to coverage, including but not limited to conditions concerning assistance, cooperation, and settlements.

46. Any claims for coverage may be barred, in whole or in part, to the extent they seek coverage for liability assumed pursuant to any contracts or agreements.

47. Any claims for coverage are barred, in whole or in part, to the extent they seek coverage for costs that are unreasonable, unnecessary, or incurred prior to the date of notice of the underlying claim(s) to AZIC.

48. Any claims for coverage are barred, in whole or in part, to the extent they seek coverage for losses that are not eligible for coverage under any policy alleged to have been issued by AZIC or public policy, including but not limited to reimbursement for restitution or

disgorgement; equitable or injunctive relief; amounts that do not constitute "damages;" fines, fees, or penalties; punitive or exemplary damages; and losses arising from intentional misconduct, and/or willful, wanton, reckless, or grossly negligent behavior.

49. Any claims for coverage are barred, in whole or in part, to the extent an insured relinquished or otherwise waived or released rights under any applicable insurance policies.

50. Any claims for coverage are barred, in whole or in part, to the extent that the insured failed to maintain underlying insurance as required by any policy alleged to have been issued by AZIC, or any policy to which it follows form.

51. The AZIC policies at issue do not provide coverage in place of underlying or other insurance which is or becomes invalid, uncollectible, or otherwise unavailable due to the insolvency of the underlying insurer or as a result of the acts of the insured.

52. Plaintiffs' claims for coverage are barred, in whole or in part, to the extent Plaintiffs seek to recover from AZIC based upon statutes that are inapplicable to the facts alleged and/or are unconstitutional under state or federal law.

53. To the extent that any insured is seeking coverage under any AZIC policy at issue, and to the further extent that such AZIC follows form to an underlying policy of insurance, AZIC adopts and incorporates all affirmative defenses which are raised or could have been raised by the applicable underlying insurer(s).

54. In the event that AZIC is found liable for some portion of the claims or causes of action asserted in any complaint, all costs, expenses and amounts of any judgment should be apportioned among all applicable other insurance available to the insured, if any, as well as to uninsured and self-insured periods, if any.

AZIC does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitutes an admission that AZIC is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. AZIC reserves its rights to: (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action; and (ii) rely upon any other defenses set forth in any Answer.

## **RESERVATION OF ADDITIONAL DEFENSES**

At the time of this General Denial and Preliminary Statement of Affirmative Defenses, AZIC does not know whether additional defenses may apply and does not knowingly or intentionally waive any applicable defenses. Instead, AZIC reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. Additionally, AZIC incorporates all applicable defenses asserted by any other defendants

in this action to the extent that such defenses are also applicable and available to AZIC. AZIC reserves the right to amend its general denial and/or affirmative defenses.

September 3, 2024

/s/ Clarence Lee
Clarence Y. Lee, Esq.
Zachary W. Berk, Esq.
Kyra A. Smerkanich, Esq.
Tricia M. Duffy, Esq.
**SAUL EWING LLP**
1919 Pennsylvania Avenue NW, Suite 550
Washington, DC 20006
(202) 295-6614
clarence.lee@saul.com
zachary.berk@saul.com
kyra.smerkanich@saul.com
tricia.duffy@saul.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF on this 3rd day of September, 2024 and was thus served electronically upon counsel of record.

/s/ Clarence Lee
Clarence Lee