IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> This Document Relates To: <br><br> *Donald Bouvet, et al. v. The 3M Company, et al.*; <br> Civil Action No. 2:24-cv-3439-RMG <br><br> and <br><br> *City of Wausau, et al. v. AGC Chemicals Americas Inc., et al.*; <br> Civil Action No. 2:24-cv-4284-RMG |

**GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES OF DEFENDANTS COLUMBIA CASUALTY COMPANY, CONTINENTAL CASUALTY COMPANY, THE CONTINENTAL INSURANCE COMPANY, and HARBOR INSURANCE COMPANY**

Defendants Columbia Casualty Company, Continental Casualty Company, The Continental Insurance Company, and Harbor Insurance Company (collectively "CNA" or "Defendants"), by and through their undersigned counsel, submit this General Denial and Preliminary Statement of Affirmative Defenses pursuant to this Court's November 23, 2021 Case Management Order No. 20 ("CMO 20") and Federal Rule of Civil Procedure 8.

### **GENERAL DENIAL**

Pursuant to CMO 20, CNA denies, generally and specifically, each and every allegation in the applicable complaint(s) in the above-captioned litigation and demands strict proof of same. CNA further denies, generally and specifically, that Plaintiffs have been damaged in any sum, or at all, by reason of any acts or omissions on the part of CNA.

1

In complying with CMO 20, CNA expressly reserves, and does not waive, any and all rights to file motions pursuant to Federal Rule of Civil Procedure 12, to assert crossclaims, counterclaims, or other third-party claims, or to supplement or amend its answer(s), denial(s), and affirmative defenses.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proving any fact, issue, or element of defense or cause of action where such burden belongs to Plaintiffs and/or any another party, CNA alleges the following as affirmative defenses in the above-captioned litigation.

1. The claims and causes of action asserted against CNA fail to state facts sufficient to constitute a claim upon which relief may be granted.

2. The claims and causes of action asserted against CNA are barred to the extent that the terms, exclusions, conditions, and/or limitations of the CNA policies, or any underlying insurance policy to which the CNA policies follow form, preclude coverage for the claim(s) asserted under such policies.

3. To the extent that the CNA insurance policies are excess liability policies, the coverage applies only in excess of the limits of insurance provided by the underlying insurance and only up to the limits of insurance for the CNA insurance policy. To the extent that the underlying insurance policies are not exhausted, the CNA insurance policies are not applicable and do not provide coverage.

4. The claims and causes of action against CNA are barred to the extent CNA did not owe an applicable legal duty to Plaintiffs or, if they owed such a duty, did not breach that duty.

5. The claims and causes of action against CNA are barred to the extent the allegations against the insured do not trigger a duty to defend, duty to pay defense costs, or duty to indemnify under the CNA insurance policies.

6. The claims and causes of action asserted against CNA are barred because of lack of standing.

7. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

8. The claims and causes of action asserted against CNA are barred or limited because the party asserting such claim failed to mitigate their damages.

9. The claims and causes of action asserted against CNA are barred or limited by waiver, estoppel, or the doctrine of laches.

10. The claims and causes of action asserted against CNA are barred because the party asserting such claims and causes of action is not the real party in interest and/or lacks capacity to bring its causes of action.

11. Plaintiffs failed to join necessary and indispensable parties to this litigation.

12. Any injuries and/or damages sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom CNA or its insureds had no control or right of control and for whom CNA or its insureds are not responsible.

13. Any injuries and/or damages sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

14. The claims and causes of action against CNA are not ripe.

15. The claims and causes of action against CNA are barred by the doctrines of res judicata and collateral estoppel.

16. Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than CNA's insureds and, in the event that CNA or its insureds are found to be liable to Plaintiffs, CNA or its insureds will be entitled to indemnification, contribution, and/or apportionment.

17. The claims and causes of action against CNA are barred by the doctrine of unclean hands.

18. The claims and causes of action against CNA and/or coverage under any policy issued by CNA may be barred by prior settlement or release.

19. The claims and causes of action against CNA are barred by the doctrines of accord and satisfaction and/or payment.

20. CNA and its insureds assert their rights to allocation or apportionment of fault pursuant to applicable state law, as well as their rights to a proportionate reduction of any damages found against CNA and its insureds based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

21. The claims and causes of action against CNA are barred to the extent Plaintiffs have failed to exhaust administrative remedies.

22. The claims and causes of action against CNA are barred by the doctrine of election of remedies.

23. The claims and causes of action against CNA are barred by the applicable statute of limitations and/or statute of repose.

24. Plaintiffs' claims are barred or limited by the economic loss rule/doctrine.

25. The claims and causes of action against CNA are barred to the extent that the insured failed to satisfy conditions precedent in the CNA insurance policies, including, but not limited to, any satisfaction of any deductibles or retentions imposed.

26. The claims and causes of action against CNA are barred to the extent that the insured assumed obligations without the written consent of CNA.

27. The claims and causes of action against CNA are barred to the extent that the insured failed to satisfy its obligations to cooperate as required by the CNA policies.

28. The claims and causes of action against CNA are barred to the extent that they seek coverage for equitable remedies that do not fall within the scope of coverage provided by the CNA insurance policies.

29. The claims and causes of action against CNA are barred to the extent that the insured had prior knowledge of any alleged "bodily injury" or "property damage," as defined in the CNA insurance policies or any underlying policies whose terms are followed by or incorporated into the CNA policies, for which coverage is sought under the CNA policies.

30. The claims and causes of action against CNA are barred to the extent that there was no "occurrence" or "incident," as defined by the CNA insurance policies or any underlying policies whose terms are followed by or incorporated into the CNA policies.

31. The claims and causes of action against CNA are barred, in whole or in part, to the extent that the alleged "occurrence" or "incident" did not take place during the policy period of the CNA insurance policies.

32. Plaintiffs' claims are barred to the extent that the injury or damage was not caused by an "occurrence."

33. Plaintiffs' claims are barred to the extent that the alleged injury or damage did not occur during the policy period.

34. The claims and causes of action against CNA are barred to the extent that the claims against the insured do not allege "bodily injury" or "property damage" as defined in the CNA insurance policies or any underlying policies whose terms are followed by or incorporated into the CNA policies.

35. The claims and causes of action against CNA are barred to the extent that they do not constitute "damages" or "ultimate net loss" as defined by the CNA insurance policies.

36. The claims and causes of action against CNA are barred to the extent that the injury or damage was expected or intended by the insured, as specified in the exclusions in the CNA insurance policies or any underlying policies whose terms are followed by or incorporated into the CNA policies.

37. The claims and causes of action against CNA are barred to the extent that the insured failed to comply with the policy's requirement that timely notice be provided to CNA.

38. The claims and causes of action against CNA may be barred by the pollution exclusions in the CNA insurance policies or any underlying policies whose terms are followed by or incorporated into the CNA policies.

39. The claims and causes of action against CNA are barred to the extent that the applicable deductible, self-insured retention, and/or underlying limits of insurance have not been exhausted by payment of covered loss.

40. The claims and causes of action against CNA are barred to the extent that the applicable limits of the CNA insurance policies has been exhausted.

41.     The claims and causes of action against CNA are barred or limited to the extent there is other valid and collectible insurance.

42.     To the extent that the CNA policies provide coverage for any defense costs, loss, damage, or settlement, CNA's obligation to contribute to such costs, loss, damage or settlement is subject to allocation among, and contribution from, other valid and collectible insurance and/or from the insured for any uninsured periods.

43.     To the extent the claims and causes of action against CNA have been split between two or more different suits or proceedings, the claims are barred by the doctrine prohibiting claim splitting.

44.     The claims and causes of action against CNA are not valid or permissible under Wis. Stat. § 632.24 to the extent that CNA's insureds are not liable to Plaintiffs and/or CNA's insurance policies do not provide coverage.

45.     The claims and causes of action against CNA are barred to the extent that the insured has voluntarily paid or assumed an obligation to pay or incurred expense without notice to CNA and/or without obtaining the consent of CNA.

46.     The claims and causes of action against CNA are barred, in whole or in part, to the extent that the settlement, costs, charges, fees, or expenses that are the subject of the claim are unreasonable.

47.     By virtue of the Plaintiffs' action being a direct action against CNA, CNA adopts and incorporates by reference all affirmative defenses which are raised in any answer, general denial, statement of affirmative defenses, or other pleading filed by CNA's insureds.

48.     CNA reserves the right to supplement or amend this General Denial and Preliminary Statement of Affirmative Defenses, including the right to modify the affirmative

defenses and/or to add additional and further affirmative defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and any orders of this Court as investigation and discovery proceeds and as may be warranted.

49.     CNA or its insureds do not admit or acknowledge that they bear the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative, and none constitutes an admission that CNA or its insureds are liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. CNA and its insureds reserve their rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer, General Denial, or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact and expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

Dated:  September 4, 2024

        Respectfully submitted,

        */s/ David H. Timmins*
        David H. Timmins
        david.timmins@huschblackwell.com
        HUSCH BLACKWELL LLP
        1900 North Pearl, Suite 1800
        Dallas, Texas 75201
        Telephone: (214) 999-6185
        Facsimile: (214) 999-6170

*Attorneys for Continental Casualty Company and The Continental Insurance Company as alleged insurers of Amerex Corporation*


*/s/ Matthew B. Anderson*
Matthew B. Anderson
matthew.anderson@mendes.com
MENDES & MOUNT, LLP
750 Seventh Avenue
New York, NY 10019
(212) 261-8000

*Attorneys for Harbor Insurance Company as alleged insurer of BASF Corp as alleged successor to Ciba-Geigy Corporation*


*/s/ Steven W. Jelenchick*
Steven W. Jelenchick (WI State Bar #1037766)
sjelenchick@bcblaw.net
BECK, CHAET, BAMBERGER & POLSKY, S.C.
330 East Kilbourn Avenue, Suite 1085
Milwaukee, WI  53202
Phone:  414-390-5933
Fax:  414-273-7786

*Attorneys for Columbia Casualty Company and Continental Casualty Company with respect to certain policies allegedly covering Tyco Fire Products, LP and Chemguard, Inc.*

## CERTIFICATE OF SERVICE

I certify that on September 4, 2024, a true and correct copy of the foregoing document was electronically filed using the CM/ECF system, which effected service on all counsel of record.

>/s/ David H. Timmins
David H. Timmins