**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL NO. 2:18-MN-2873-RMG<br><br>**This Document Relates To:**<br><br>*Donald Bouvet, et al. v.*<br>*The 3M Company, et al.*<br>Civil Action No. 2:24-cv-3439-RMG<br>("*Bouvet*")<br><br>*City of Wausau v.*<br>*AGC Chemicals Americas Inc., et al.*<br>Civil Action No. 2:24-cv-04284-RMG<br>("*City of Wausau*") |

## GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES OF DEFENDANT AMERICAN CENTENNIAL INSURANCE COMPANY

Defendant American Centennial Insurance Company ("ACIC"), by and through its undersigned counsel, submit this General Denial and Preliminary Statement of Affirmative Defenses pursuant to this Court's November 23, 2021 Case Management Order No. 20 ("CMO 20") and Federal Rule of Civil Procedure 8(b)(3).

This Statement is not intended to constitute a responsive pleading and does not respond to individual allegations in Plaintiffs' respective Complaint. Therefore, failure to admit or deny any allegation shall not be construed as an admission of its truth.

## GENERAL DENIAL

Pursuant to CMO 20 and F.R.C.P. 8(b)(3), ACIC denies, generally and specifically, each and every allegation in the applicable complaint(s) in the above-captioned litigation and demand strict proof of same. ACIC further denies that the Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. ACIC further denies, generally and specifically, that the

1

Plaintiffs have been damaged in any sum, or at all, by reason of any acts or omissions on the part of ACIC or its insured(s) (the "ACIC Insureds"), or any of their respective officers, directors, employees, agents, or anyone else acting on their behalf.

In complying with CMO 20, ACIC expressly reserves, and does not waive, any and all rights to file motions pursuant to Federal Rule of Civil Procedure 12, to assert crossclaims, counterclaims, or other third-party claims, or to supplement or amend its answer(s), denial(s), and affirmative defenses. ACIC further reserves its rights to: (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the availability of insurance coverage in this action; (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned actions (whether filed in this action or in the other actions in this MDL), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

## **AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proving any fact, issue, or element of defense or cause of action where such burden belongs to Plaintiffs and/or any another party, ACIC alleges the following as affirmative and other defenses in the above-captioned litigation.

1.     The claims and causes of action asserted against ACIC fail to state facts sufficient to constitute a claim upon which relief may be granted.

2.     The claims and causes of action asserted against ACIC are barred to the extent that the terms, exclusions, conditions, and/or limitations of the ACIC policies, or any underlying insurance policy to which the ACIC policies follow form, preclude coverage for the claim(s) asserted under such policies.

3. To the extent that the ACIC insurance policies are excess liability policies, the coverage applies only in excess of the limits of insurance provided by the underlying insurance and only up to the limits of insurance for the ACIC insurance policy. To the extent that the underlying insurance policies are not exhausted, the ACIC insurance policies are not applicable and do not provide coverage.

4. The claims and causes of action against ACIC are barred to the extent ACIC did not owe an applicable legal duty to Plaintiffs or, if they owed such a duty, did not breach that duty.

5. The claims and causes of action against ACIC are barred to the extent the allegations against the insured do not trigger a duty to defend, duty to pay defense costs, or duty to indemnify under the ACIC insurance policies.

6. The claims and causes of action asserted against ACIC are barred because of lack of standing.

7. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

8. The claims and causes of action asserted against ACIC are barred or limited because the party asserting such claim failed to mitigate their damages.

9. The claims and causes of action asserted against ACIC are barred or limited by waiver, estoppel, or the doctrine of laches.

10. The claims and causes of action asserted against ACIC are barred because the party asserting such claims and causes of action is not the real party in interest and/or lacks capacity to bring its causes of action.

11. Plaintiffs failed to join necessary and indispensable parties to this litigation.

12. Any injuries and/or damages sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom ACIC or its insureds had no control or right of control and for whom ACIC or its insureds are not responsible.

13. Any injuries and/or damages sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

14. The claims and causes of action against ACIC are not ripe.

15. The claims and causes of action against ACIC are barred by the doctrines of res judicata and collateral estoppel.

16. Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than ACIC's insureds and, in the event that ACIC or its insureds are found to be liable to Plaintiffs, ACIC or its insureds will be entitled to indemnification, contribution, and/or apportionment.

17. The claims and causes of action against ACIC are barred by the doctrine of unclean hands.

18. The claims and causes of action against ACIC and/or coverage under any policy issued by ACIC may be barred by prior settlement or release.

19. The claims and causes of action against ACIC are barred by the doctrines of accord and satisfaction and/or payment.

20. ACIC and its insureds assert their rights to allocation or apportionment of fault pursuant to applicable state law, as well as their rights to a proportionate reduction of any damages found against ACIC and its insureds based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

21. The claims and causes of action against ACIC are barred to the extent Plaintiffs have failed to exhaust administrative remedies.

22. The claims and causes of action against ACIC are barred by the doctrine of election of remedies.

23. The claims and causes of action against ACIC are barred by the applicable statute of limitations and/or statute of repose.

24. Plaintiffs' claims are barred or limited by the economic loss rule/doctrine.

25. The claims and causes of action against ACIC are barred to the extent that the insured failed to satisfy conditions precedent in the ACIC insurance policies, including, but not limited to, any satisfaction of any deductibles or retentions imposed.

26. The claims and causes of action against ACIC are barred to the extent that the insured assumed obligations without the written consent of ACIC.

27. The claims and causes of action against ACIC are barred to the extent that the insured failed to satisfy its obligations to cooperate as required by the ACIC policies.

28. The claims and causes of action against ACIC are barred to the extent that they seek coverage for equitable remedies that do not fall within the scope of coverage provided by the ACIC insurance policies.

29. The claims and causes of action against ACIC are barred to the extent that the insured had prior knowledge of any alleged "bodily injury" or "property damage," as defined in the ACIC insurance policies or any underlying policies whose terms are followed by or incorporated into the ACIC policies, for which coverage is sought under the ACIC policies.

30. The claims and causes of action against ACIC are barred to the extent that there was no "occurrence" or "incident," as defined by the ACIC insurance policies or any underlying policies whose terms are followed by or incorporated into the ACIC policies.

31. The claims and causes of action against ACIC are barred, in whole or in part, to the extent that the alleged "occurrence" or "incident" did not take place during the policy period of the ACIC insurance policies.

32. Plaintiffs' claims are barred to the extent that the injury or damage was not caused by an "occurrence."

33. Plaintiffs' claims are barred to the extent that the alleged injury or damage did not occur during the policy period.

34. The claims and causes of action against ACIC are barred to the extent that the claims against the insured do not allege "bodily injury" or "property damage" as defined in the ACIC insurance policies or any underlying policies whose terms are followed by or incorporated into the ACIC policies.

35. The claims and causes of action against ACIC are barred to the extent that they do not constitute "damages" or "ultimate net loss" as defined by the ACIC insurance policies.

36. The claims and causes of action against ACIC are barred to the extent that the injury or damage was expected or intended by the insured, as specified in the exclusions in the ACIC insurance policies or any underlying policies whose terms are followed by or incorporated into the ACIC policies.

37. The claims and causes of action against ACIC are barred to the extent that the insured failed to comply with the policy's requirement that timely notice be provided to ACIC.

38. The claims and causes of action against ACIC may be barred by the pollution exclusions in the ACIC insurance policies or any underlying policies whose terms are followed by or incorporated into the ACIC policies.

39. The claims and causes of action against ACIC are barred to the extent that the applicable deductible, self-insured retention, and/or underlying limits of insurance have not been exhausted by payment of covered loss.

40. The claims and causes of action against ACIC are barred to the extent that the applicable limits of the ACIC insurance policies has been exhausted.

41. The claims and causes of action against ACIC are barred or limited to the extent there is other valid and collectible insurance.

42. To the extent that the ACIC policies provide coverage for any defense costs, loss, damage, or settlement, ACIC's obligation to contribute to such costs, loss, damage or settlement is subject to allocation among, and contribution from, other valid and collectible insurance and/or from the insured for any uninsured periods.

43. To the extent the claims and causes of action against ACIC have been split between two or more different suits or proceedings, the claims are barred by the doctrine prohibiting claim splitting.

44. The claims and causes of action against ACIC are not valid or permissible under Wis. Stat. § 632.24 to the extent that ACIC's insureds are not liable to Plaintiffs and/or ACIC's insurance policies do not provide coverage.

45. The claims and causes of action against ACIC are barred to the extent that the insured has voluntarily paid or assumed an obligation to pay or incurred expense without notice to ACIC and/or without obtaining the consent of ACIC.

46. The claims and causes of action against ACIC are barred, in whole or in part, to the extent that the settlement, costs, charges, fees, or expenses that are the subject of the claim are unreasonable.

47. By virtue of the Plaintiffs' action being a direct action against ACIC, ACIC adopts and incorporates by reference all affirmative defenses which are raised in any answer, general denial, statement of affirmative defenses, or other pleading filed by ACIC's insureds.

48. ACIC reserves the right to supplement or amend this General Denial and Preliminary Statement of Affirmative Defenses, including the right to modify the affirmative defenses and/or to add additional and further affirmative defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and any orders of this Court as investigation and discovery proceeds and as may be warranted.

49. ACIC or its insureds do not admit or acknowledge that they bear the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative, and none constitutes an admission that ACIC or its insureds are liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. ACIC and its insureds reserve their rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer, General Denial, or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact and expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

## ANSWER TO CROSSCLAIMS

To the extent that any co-defendant in any relevant action asserts any crossclaims seeking contribution and/or indemnity from ACIC, ACIC hereby denies the allegations of any and all such crossclaims or other claims heretofore asserted or which may hereafter be asserted against ACIC by any other parties, including any additional parties to be named in these actions.

Dated: September 4, 2024

        Respectfully submitted,

        */s/ Matthew B. Anderson*
        Matthew B. Anderson
        matthew.anderson@mendes.com
        MENDES & MOUNT, LLP
        750 Seventh Avenue
        New York, NY 10019
        (212) 261-8000

        *Attorneys for Defendant*
        *American Centennial Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on September 4, 2024, a true and correct copy of the foregoing document was electronically filed using the Court's CM/ECF system, which effected service on all counsel of record.

        */s/ Matthew B. Anderson*
        Matthew B. Anderson