UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTIONS LIABILITY LITIGATION | ) ) ) ) ) ) |  MDL No. 2:18-mn-2873-RMG<br><br>This Document Relates to:<br>ALL CASES |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY
BRIEF IN FURTHER OPPOSITION TO THE
GOVERNMENT'S OMNIBUS MOTION TO DISMISS
BASED ON THE DISCRETIONARY-FUNCTION EXCEPTION**

1. Pursuant to this Court's inherent authority to permit the filing of a sur-reply brief in circumstances in which the party opposing the motion would otherwise be denied the opportunity to rebut analysis that the movant could have discussed in its opening brief, but did not discuss until its reply brief, *see, e.g.*, *Kopper Performance Chemicals, Inc. v. Travelers Indemnity Co.*, 2021 WL 5906112, at *3 (D.S.C. Nov. 5, 2021) (Gergel, J.); *Pinnacle Bank v. Tradesman Browing Co., Inc.*, 2020 WL 6305331, at *2 n.2 (D.S.C. Oct. 27, 2020) (Gergel, J.), Plaintiffs respectfully seek leave to file the attached, **Exhibit 1**, Sur-Reply Brief in Further Opposition to the Government's Omnibus Motion to Dismiss Based on the Discretionary-Function Exception (responsive to ECF No. 5621 at 5-15).

2. Simple fairness requires that Plaintiffs be permitted to file this sur-reply brief, limited solely to arguments addressed for the first time in the Government's reply brief. Only in its reply brief did the Government present *any* argument regarding whether Section 313 of the Clean Water Act (33 U.S.C. § 1323(a)) effects a waiver of sovereign immunity for Plaintiffs' water-pollution claims, or whether the Federal Tort Claims Act effects a categorical waiver of immunity for state-law trespass claims. Had the Government only briefly touched on these points

1

in passing, a sur-reply brief might not have been necessary. But the substantial importance of these points to the proper disposition of the Government's motion—and a clear indication that the Government should have recognized the need to address these points in its opening brief—is evident from the fact that the Government devoted **11 pages** of its reply brief to these arguments, and included an analysis of **32 court decisions** not cited in its opening brief.

3. Given this detailed analysis of points not even mentioned by the Government in its opening brief, in the interests of fairness, and to ensure that Court has a complete understanding of the complex issues involved, Plaintiffs request that the Court permit this sur-reply brief, as this Court has previously done in cases in which a movant has made new arguments in reply, and additional briefing was of benefit to the Court—including on a motion made earlier in this MDL.[1] Indeed, in one of these cases, it was the Government that successfully sought to file a sur-reply brief, after the movants raised "new arguments" in reply that "they could have raised" in the opening brief, as the Government put it.[2] The Government urged this Court that to permit a reply brief to go unanswered in such circumstances "without giving the United States an

---

[1] *See, e.g.*, *In re: Aqueous Film-Forming Foams Products Liability Litigation*, 2023 WL 3521025, at *1 (D.S.C. May 5, 2023) (Gergel, J.); *USAA Casualty Ins. Co. v. Gordon*, 2023 WL 7115524, at *1 (D.S.C. Oct. 16, 2023) (Gergel, J.); *Smith v. Britton-Harr*, 2023 WL 2088519, at *1 (D.S.C. Jan. 12, 2023) (Gergel, J.); *Pinnacle Bank, supra*, 2020 WL 6305331, at *2 n.2; *United States v. 269 Acres, More or Less, Located in Beaufort County, South Carolina*, 2019 WL 4686679, at *1 (D.S.C. Sept. 26, 2019) (Gergel, J.).

[2] United States' Motion to Strike Landowners' Unpermitted Reply Briefs or, in the Alternative, to Submit Sur-Reply Briefs on Landowners' Applications for Attorney's Fees and Costs and Prejudgment Interest, in *United States v. 269 Acres, More or Less, Located in Beaufort County, South Carolina* (U.S. Dist. Ct., District of South Carolina, No. 9:16-cv-02550-RMG), July 25, 2019, at 4-5.

opportunity to respond . . . would be inequitable,"[3] and this Court subsequently granted leave to file.[4] The same latitude should be accorded to Plaintiffs in this case.

4. Plaintiffs' need to file a sur-reply brief is much greater in this case than in the typical case in which leave to file is sought. As the Government has emphasized, under the law of the Fourth Circuit, it is *Plaintiffs* who have the burden of proving a waiver of sovereign immunity. As the parties with the burden, typically it would be Plaintiffs who would be movants in bringing the matter of subject-matter jurisdiction to a head, who would file the opening and reply brief, and thus could never be in a position of being denied an opportunity to address the Government's arguments. *E.g.*, *Anheuser-Busch, Inc. v. John Labatt, Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996) ("Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof."); *Mt. Hawley Ins. Co. v. Adell Plastics, Inc.*, 2019 WL 2360929, at *1 (D. Md. June 4, 2019) (summarizing doctrine calling for realignment of parties to match burden of proof); *Bae Systems Technology Solution & Services, Inc. v. Republic of Korea's Defense Acquisition Program Administration*, 195 F.Supp.3d 776, 802-03 (D. Md. 2016) (order in FSIA case setting "subject matter jurisdiction briefing schedule for Defendants to respond and Plaintiff, who has the burden, to reply"). If Plaintiffs are not permitted to file a sur-reply brief, they would end up in the anomalous, and unfair, position of parties who bore the burden of proof on an issue, but never had the opportunity to rebut the arguments of the party that *did not* have the burden of proof.

5. This motion has been brought solely to ensure that this Court will have the benefit of Plaintiffs' response to the points newly addressed by the Government in its reply brief, and not to

---

[3] *Id*. at 5.

[4] *269 Acres*, 2019 WL 2686679, at *1.

obtain any strategic advantage. Plaintiffs have no objection to the Government filing a sur-sur-reply brief of like length, ensuring that it will have the last word on these points.

6. Pursuant to Local Rule 7.02, undersigned counsel affirms that he conferred with opposing counsel and attempted in good faith to obtain a stipulation from the Government under which Plaintiffs would file a sur-reply brief of up to 15 pages, confined to a response to ECF No. 5621 at 5-15, and the Government would file a sur-sur-reply brief of up to 15 pages. The Government objected on two grounds. First, it cited *Hill v. Aaron's, Inc.*, 2019 WL 13258466, at *3 (D.S.C. Jan. 7, 2019), for the proposition that a sur-reply brief is inappropriate when arguments in a reply brief merely respond to new arguments made by a party in the response brief. Second, it objected that a sur-reply brief would conflict with CMO 25B (ECF No. 488), ¶ C, which the Government reads as having set a deadline of August 23, 2024, for seeking leave to file *any* sur-reply brief. However, here the Government overlooks that this paragraph of CMO 25B only set time and page limits for a possible sur-reply brief concerning site-specific briefing pertaining to Canon AFB. Paragraph C(iii) made clear the limited scope of the restriction on seeking leave to file a sur-reply brief:

> In the event Plaintiffs decide to seek leave to file a Sur-Reply to respond to issues raised by the United States concerning Plaintiffs' affirmative witnesses, they shall do so no later than **Friday, August 23, 2024**. Any motion for leave to file a Sur-Reply regarding Cannon AFB shall be limited to ten (10) pages. The United States shall have **until Friday, September 6, 2024**, to file any opposition brief, also limited to ten (10) pages.

Because Plaintiffs' proposed sur-reply brief pertains to the omnibus briefing, and not the briefing concerning Canon AFB, CMO 25B does not purport to restrict Plaintiffs from seeking to file a sur-reply brief enabling them to address arguments newly made by the Government in its reply brief which it could have addressed in its opening brief.

4

Dated: September 6, 2024 	Respectfully submitted,

/s/ Paul J. Napoli
Paul J. Napoli
Napoli Shkolnik
1302 Avenida Ponce de León
Santurce, PR  00907
P: (833) 271-4502
F: (646) 843-7603
pnapoli@nsprlaw.com

Michael A. London
Douglas and London PC
59 Maiden Lane
6th Floor
New York, NY 10038
P: (212)-566-7500
F: (212)-566-7501
mlondon@douglasandlondon.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
P: (214)-521-3605
ssummy@baronbudd.com

Joseph F. Rice
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
P: (843) 216-9000
jrice@motleyrice.com

*Co-Lead Counsel for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, along with Exhibit 1, was electronically filed with this Court's CM/ECF on this 6th day of Septembrer 2024, and was thus served electronically upon counsel of record.

<em>/s/Andrew W. Croner</em>