# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873 |
| | **This Document Relates to:** |
| | *City of Camden, et al. v. BASF Corporation*, No. 2:24-cv-03174-RMG |

## OBJECTION OF WIDEFIELD WATER AND SANITATION DISTRICT

COMES NOW, Widefield Water and Sanitation District ("Widefield"), through undersigned counsel, and respectfully submits this objection pursuant to F.R.C.P. 23(e)(5). As established in its Affidavit, attached at **Exhibit 1**, Widefield is an Eligible Claimant.

## INTRODUCTION

Widefield is a Public Water System ("PWS") that provides water and wastewater service to residential and commercial customers in El Paso County, Colorado. As a public utility, Widefield's mission is to provide clean, safe drinking water to the public. Since 2016, Widefield's aquifer has been contaminated by aqueous film-forming foams ("AFFF"), the very subject of the Settlement Agreement entered into by and among the Class Representatives, Interim Class Counsel, and BASF's Counsel, on May 20, 2024 ("Settlement").

Widefield objects to the Settlement as neither fair, reasonable, nor adequate. Although the Settlement itself aims to address PFAS-related harm to drinking water and the financial burdens associated with monitoring, treating, and remediating such water, the Settlement will not adequately address such harm. *See Settlement*, ¶ 1.2. As detailed below, the Settlement only contemplates payment for two PFAS compounds out of more than 4,000 such compounds. Yet

the Settlement releases the Class Members from ever raising claims against the Settling Defendants for *any other PFAS*, although the harm and costs of monitoring, treating, and remediating the impact for the other 4,000 compounds are not yet known. It is the belief of Widefield that the Settlement will fall far short of addressing the true extent of harm caused by PFAS. Widefield informs the Court that it does not wish to participate in the Final Fairness Hearing on November 1, 2024. However, Widefield objects to the proposed Settlement as neither fair, reasonable, nor adequate, and respectfully asks the Court to reject the Settlement.

## PARTY AND FILER INFORMATION

Pursuant to Section 9.5.1 of the Settlement, Widefield provides the following information:

1. Widefield is an Eligible Claimant under the Settlement's terms, and its affidavit proving standing is attached as **Exhibit 1.**

2. Widefield's SDWIS ID is CO0121900.

3. Widefield's contact information is as follows:

    a. Lucas Hale, District Manager, Widefield Water and Sanitation District

       8495 Fontaine Blvd., Colorado Springs, CO 80925

       Phone: 719-390-7111

       Facsimile: 719-390-1409

       E-mail address: lucas@wwsdonline.com

4. Howard Kenison, Alexandra Lisowski, Jones & Keller, P.C., are the filers of this Objection and counsel representing the Settlement Class Member. Attorney Kenison's and Lisowski's contact information is as follows:

    a. Howard Kenison, Shareholder, Jones & Keller, P.C.

      Alexandra Lisowski, Jones & Keller, P.C.

      1675 Broadway, 26th Floor, Denver, CO 80202

      Phone: 303-573-1600

      Facsimile: 303-573-8133

      E-mail addresses: hkenison@joneskeller.com;

            olisowski@joneskeller.com

5. The objections asserted and the specific reasons for each objection are listed below, in Widefield's Statement of Facts and Law.

6. Widefield does not wish to participate in the Final Fairness Hearing.

## STATEMENT OF LAW

Class action settlements are governed by Federal Rule of Civil Procedure 23. Fed. R. Civ. Pro. 23. Pursuant to F.R.C.P. 23(e)(2), the Court must determine whether a proposed settlement agreement is "fair, reasonable, and adequate." Fed. R. Civ. Pro. 23(e)(2); *see also Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1062 (C.D. Cal. 2010). In conducting this inquiry, the Court must consider several factors, including the amount offered in settlement, the extent of discovery completed, and the reaction of class members to the proposed settlement. *See Staton*, 327 F.3d at 959.

## STATEMENT OF FACTS

7. The Settlement defines PFAS as any per- or poly-fluoroalkyl substance that contains at least one fully fluorinated methyl or methylene carbon atom (without any hydrogen, chlorine, bromine, or iodine atom attached to it).

8. The calculation for allocation of payment and the corresponding claim forms only factor perfluorooctanic acid ("PFOA"), and perfluorooctane sulfonate ("PFOS"), which are only two PFAS compounds of a list of over 4,000 in known existence.

9. Exhibit A of the Settlement, titled "Allocation Procedures," describes in detail the allocation of payment of claims which is based almost exclusively upon PFOA and PFOS. The Allocation Procedures are also based upon operation and maintenance costs assumptions for varying levels of PFOA and PFOS in each public water supply system.

10. Widefield has been dealing with AFFF aquifer contamination, which has been known since 2016.

11. Widefield was the first utility in the nation to install full scale ion-exchange treatment for PFOA and PFOS.

12. Widefield has extensive knowledge and experience in treating the two aforementioned PFAS compounds, PFOA and PFOS. Widefield has test results showing measurable quantities of 11 out of the 29 PFAS compounds included by the Environmental Protection Agency ("EPA") in its Unregulated Contaminant Monitoring Rule published on December 27, 2021 ("UCMR5").

13. Widefield has extensive knowledge and experience evaluating the treatment options, costs, and feasibility of such options with respect to the PFAS compounds included in UCMR5. This knowledge and experience provide Widefield a unique perspective and understanding of the Settlement.

14. According to the EPA's Water Treatability Database ("TDB"), which is attached as **Exhibit 2**, treatment technologies are known for only 38 PFAS compounds.

## ARGUMENT

**1. The Settlement is fundamentally not fair, adequate, nor reasonable.**

A class action settlement must be fair, adequate, and reasonable. Fed. R. Civ. Pro. 23 (e)(2). Where significant uncertainty exists as to the benefits proposed by a proposed settlement, the Court must examine factors including "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a government participant; and the reaction of the class members to the proposed settlement." *Staton*, 327 F.3d at 959. Here, the amount offered in settlement and extent of discovery completed render the Settlement neither fair, nor adequate, nor reasonable.

It is not reasonable to release the defendants from all liability for all PFAS compounds when the proposed Settlement includes compensation from defendants based upon only the *two* PFAS compounds associated with AFFF—PFOS and PFOA. Out of the thousands of PFAS compounds in known existence, only 6, from the March 14, 2023 proposed EPA's maximum contaminant limit ("MCL") for PFAS compounds, are known and reasonably understood by the EPA. In effect, the Settlement contemplates releasing the defendants of *all* liability for *all* PFAS compounds when many of the human impacts of PFAS compounds via drinking water routes are still being studied and are not well understood. Upon information and belief, BASF manufactured PFAS compounds other than PFOS and PFOA which could be equally harmful and costly to remediate. The Settlement is speculative in nature as it is asking the class participants to release the defendants of future unknown liability for thousands of PFAS compounds that have not been effectively studied and understood based upon compensation for only a limited subset

5

of PFAS compounds which have known treatment costs. It asks the class participants to release all liability for thousands of PFAS compounds based upon testing and costs associated with two PFAS compounds, PFOA and PFOS.

Further, Section 12.1.1 of the Settlement provides for the Release of specified types of claims by Class Members. Clauses (i), (iii), (iv), and (v) of Section 12.1.1 identify very specific types of claims, presumably limiting the scope of the Release (PFAS in Drinking Water or Public Water Systems, disposal of PFAS-containing waste, representations about PFAS, punitive or exemplary damages claims, respectively). However, clause (ii) is extremely broad and renders all the other narrow releases moot. Clause (ii) releases claims that arise out of or relate to "the development, manufacture, formulation, distribution, sale, transportation, storage, loading, mixing, application, or use of PFAS or any product (including AFFF) manufactured with or containing PFAS (to the extent such Claim relates to, arises out of, or involves PFAS)". BASF is a developer, manufacturer, formulator, distributor, and seller of PFAS. Exposure to and remediation of PFAS results from its use. Thus, any claim against BASF will arise out of, relate to, or involve the development, manufacture, formulation, distribution, sale, and use of PFAS. As a result, clause (ii) effectively extinguishes the narrow releases specified in clauses (i), (iii), (iv), and (v). This broad release extends impermissibly beyond the scope of alleged claims, which are limited to PFAS in Drinking Water and Public Water Systems. *See Berry v. Schulman*, 807 F.3d 600, 616 (4th Cir. 2015).

In an analogous case, a California federal court denied a proposed settlement that did not reasonably protect the interests of Roundup users who had not been diagnosed with Non-Hodgkins lymphoma ("NHL"). *In re Roundup Prod. Liab. Litig.*, 543 F. Supp. 3d 1004, 1009 (N.D. Cal. 2021). While class members who had been diagnosed with NHL could recover from

the compensation fund, members who had not yet been diagnosed could not recover after the fund's four-year duration ended. *In re Roundup Prod. Liab. Litig.*, 543 F. Supp. 3d at 1006-07. The court found that class members could not assume that any recovery would be available after four years. *Id.* at 1007.

A similar situation exists here. The Settlement offers compensation for remediation of two PFAS compounds, but no other compounds. Yet it demands that Settlement Class Members release BASF from any and all claims for *any other* PFAS compound, even when the costs to remediate damages caused by thousands of other compounds are unknown. Just as the *Roundup* court denied the proposed settlement as unfair, unreasonable, and inadequate, the Court here should do the same.

**2.  The Settlement can be transformed to be fair, adequate, and reasonable.**

As a Settlement Class Member in the Settlement, Widefield objects to releasing the defendant from liability for all PFAS compounds.  Widefield proposes to restrict the Settlement to only those PFAS compounds associated with AFFF, that is, PFOS and PFOA, by modification of the definition of "PFAS" in paragraph 2.48 of the Settlement to the following:

> "PFAS" means, solely for purposes of this Agreement, PFOA and PFOS.  "PFOA" means Chemical Abstracts Service registry number 45285–51–6 or 335–67–1, chemical formula $C_8F_{15}CO_2$, perfluorooctanoate, along with its conjugate acid and any salts, isomers, or combinations thereof.  "PFOS" means Chemical Abstracts Service registry number 45298–90–6 or 1763–23–1, chemical formula $C_8F_{17}SO_3$, perfluorooctanesulfonate, along with its conjugate acid and any salts, isomers, or combinations thereof.

In the alternative, Widefield proposes restricting the Settlement to only those 6 PFAS compounds that are reasonably known to PWS as of the March 14, 2023 EPA proposed MCL. Treatments costs and liability for the thousands of other PFAS compounds not covered by the proposed MCL is unknown and cannot be known at this point.  Even the concentration of these

thousands of other PFAS compounds within each water source of public water systems because no testing has occurred. Therefore, it is unreasonable for the class participants to release all liability for thousands of PFAS compounds where their existence or impact is unknown, and the costs or feasibility of treatment is unknown. Under this alternative, Widefield proposes restricting the settlement to only those PFAS compounds that are currently identified by the EPA and known to class participants as follows:

> "PFAS" means, solely for purposes of this Agreement, any per- or poly-fluoroalkyl substance listed in the United States Environmental Protection Agency Proposed Federal PFAS MCL as defined in this Settlement Agreement.

WHEREFORE, Widefield requests that the Court reject the Settlement.

Respectfully submitted this 12th day of September 2024.

*/s/ Howard Kenison*

Howard Kenison, Colo. Regis. No. 477
Alexandra Lisowski, Colo. Regis. No. 57880
JONES & KELLER, P.C.
1675 Broadway, 26th Floor
Denver, CO 80202
Phone: 303-573-1600
Email: hkenison@joneskeller.com;
olisowski@joneskeller.com

**DECLARATION PURSUANT TO 28 U.S.C. § 1746**

I, the undersigned filer, have been legally authorized to object on behalf of the Settlement Class Member. I declare under penalty of perjury that the foregoing is true and correct. Executed on September 12, 2024.

Howard Kenison, Colo. Regis. No. 477
Alexandra Lisowski, Colo. Regis. No. 57880
JONES & KELLER, P.C.
1675 Broadway, 26th Floor
Denver, CO 80202
Phone: 303-573-1600
Email: hkenison@joneskeller.com;
olisowski@joneskeller.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 12TH day of September, 2024, I filed and served the foregoing **OBJECTION OF WIDEFIELD WATER AND SANITATION DISTRICT** via the CM/ECF system upon the following:

*Clerk of the Court*

    Clerk, United States District Court for the District of South Carolina
    85 Broad Street
    Charleston, SC 29401

*Counsel for Tyco*

    Joseph G. Petrosinelli
    Liam J. Montgomery
    Williams & Connolly LLP
    680 Maine Avenue SW
    Washington, D.C. 20024
    jpetrosinelli@wc.com
    lmontgomery@wc.com

*Class Counsel*

    Scott Summy
    Baron & Budd, P.C.
    3102 Oak Lawn Ave., Ste. 1100
    Dallas, Texas 75219

    Michael A. London
    Douglas & London
    59 Maiden Lane, 6th Floor
    New York, NY 10038

    Paul J. Napoli
    Napoli Shkolnik
    1302 Av. Ponce de Leon
    San Juan, Puerto Rico 00907

    Joseph F. Rice
    Motley Rice
    28 Bridgeside Blvd.
    Mount Pleasant, SC 29464

                                     *s/ Emily Morse-Lee*
                                       Emily Morse-Lee