**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG **This Document Relates to ALL CASES** |

**UNITED STATES OF AMERICA'S OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

I.      The Procedural History of This Case Reflects the United States' Efforts to Resolve Its Immunity from Litigation. ......................................................................................... 2

II.     A Surreply Is Warranted Only Where the Movant Raises New Arguments in Its Reply. The United States Did Not Raise New Arguments in Its Reply. ........................................ 4

III.    Plaintiffs Had Ample Opportunity to Brief Their Novel CWA and Trespass Carveout Arguments. ...................................................................................................................... 5

CONCLUSION .................................................................................................................... 6

i

## TABLE OF AUTHORITIES

<u>Cases</u>

*Alston v. Boeing Co.*,
    2020 WL 12740481 (D.S.C. Aug. 11, 2020) ................................................................ 4

*Burris v. Ware*,
    2014 WL 3054612 (D.S.C. July 3, 2014) .................................................................... 4

*FDIC v. Cashion*,
    720 F.3d 169 (4th Cir. 2013) ...................................................................................... 4

*Gibbs v. Plain Green, LLC*,
    2017 WL 7693141 (E.D. Va. Oct. 31, 2017) ............................................................. 4

*Hill v. Aaron's, Inc.*,
    2019 WL 13258466 (D.S.C. Jan. 7, 2019) ................................................................. 4

*Khoury v. Meserve*,
    268 F. Supp. 2d 600 (D. Md. 2003) .......................................................................... 5

*Koppers Performance Chems., Inc. v. Travelers Indem. Co.*,
    2021 WL 5906112 (D.S.C. Nov. 5, 2021) (Gergel, J.) ........................................... 4, 5

*Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*,
    453 U.S. 1 (1981) ...................................................................................................... 1

<u>Statutes</u>

Clean Water Act, 33 U.S.C. § 1323 ................................................................................. 1

Federal Tort Claims Act, 28 U.S.C. § 2674 ..................................................................... 2

Federal Tort Claims Act, 28 U.S.C. § 2680 ..................................................................... 2

## INTRODUCTION

After five years of participating in this litigation, the United States filed its motion to dismiss Plaintiffs' FTCA claims pursuant to the Discretionary Function Exception ("DFE"). Plaintiffs' Omnibus Opposition did not address the DFE's two-step analysis until halfway through its 65 pages. *See* ECF No. 4849 ("Opp'n"). Instead, the Opposition mounted two, new, "categorical" arguments: (i) the Court should be the first court in the country to hold that Section 313 of the Clean Water Act ("CWA"), 33 U.S.C. § 1323, waives sovereign immunity and provides subject-matter jurisdiction over tort claims for money damages; and (ii) the Court should hold, although Congress has not said, that the FTCA's DFE has a carveout for trespass. Opp'n at 11–25. Despite the untimeliness of Plaintiffs' theories, which are absent from their Complaints, the United States responded in its 30-page Omnibus Reply. First, the United States explained, the Supreme Court has already determined that the CWA, a statute that sets forth a comprehensive regulatory scheme for discharge of pollutants into navigable waters, does not authorize tort claims for money damages. *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 14–15 (1981); *see also* Reply (ECF No. 5621) at 5–11. Further, caselaw has repeatedly found trespass claims to be barred by the DFE. Reply at 11–15. Three weeks after briefing on the Omnibus Motion was completed, Plaintiffs contend that, because the United States did not raise Section 313 or the alleged trespass carveout in its Motion, Plaintiffs are entitled to 15 *more* pages to re-litigate these issues.

Plaintiffs, not the United States, raised new arguments in briefing the Omnibus Motion. The United States directly responded to Plaintiffs' new arguments in its Reply. Where a nonmovant raises new arguments in opposition to a motion, a surreply is not warranted. Nor are Plaintiffs prejudiced by the lack of a surreply. Plaintiffs had abundant opportunity to brief their

CWA and trespass theories—as is evident from the Opposition, which discussed them for a full 15 pages. In total, the Court has received **145 pages** of briefing on the Omnibus Motion. The Court should not indulge Plaintiffs' invitation to further delay resolution of a threshold immunity question. The Motion for Leave should be denied, and the Surreply should be stricken. ECF Nos. 5991, 5991-1.

## I.    The Procedural History of This Case Reflects the United States' Efforts to Resolve Its Immunity from Litigation.

Five years ago, Plaintiffs filed complaints for money damages against the United States in which they challenged the military's use and handling of Aqueous Film Forming Foam ("AFFF") since the 1970s. Because the United States is generally entitled to sovereign immunity, Plaintiffs were required to plead a basis for subject-matter jurisdiction in their complaints. Plaintiffs chose to plead jurisdiction under the Federal Tort Claims Act ("FTCA"). Of course, the FTCA's limited waiver of sovereign immunity, 28 U.S.C. § 2674, is subject to exceptions, *id.* § 2680. As early as 2019, the United States informed Plaintiffs that their FTCA claims are barred by the DFE, *id.* § 2680(a). ECF No. 129 (Hr'g Tr. at 27:25–28:11, 29:9–17 (June 21, 2019)). The United States cooperated with the Court's need to address broad elements of this litigation and deferred briefing its immunity over years of Plaintiffs' litigation against other defendants—while voluntarily providing written discovery and depositions in cases in which the United States is not a party.

When, in 2022, the United States asserted it was finally time to file its Omnibus Motion to Dismiss ("Motion"), Plaintiffs objected—contending they did not understand what the Motion would be about. Although not required, the United States provided Plaintiffs detailed letter briefing outlining its arguments. *See, e.g.*, ECF Nos. 2684-1 (July 12, 2022 Letter to PEC), 2684-3 (Oct. 21, 2022 Follow-Up Letter to PEC). Plaintiffs were still unsatisfied—arguing that

additional discovery was necessary (although they had not—and still have not—reviewed the discovery already produced). *See, e.g.*, Dec. 22, 2022 Hr'g Tr. 7:2–8:7 (Plaintiffs' counsel arguing that additional jurisdictional discovery would be necessary to resolve DFE Motion to Dismiss); Opp'n at 59 n.35 (Plaintiffs' April 26, 2024 Omnibus Opposition, admitting that they have yet to review the United States' existing document productions). On April 24, 2023, the Court granted Plaintiffs an additional 120 days to take discovery, from September 2023 to January 2024. CMO 25 (ECF No. 3030, as further amended). No motions to compel were filed, and Plaintiffs did not seek an extension of the Jurisdictional Discovery period in CMO 25.

Consistent with CMO 25, the United States filed its Omnibus Motion to Dismiss on February 26, 2024. The Motion demonstrated that the DFE bars Plaintiffs' FTCA claims because Plaintiffs' FTCA Complaints do not cite any mandatory and specific directive governing the challenged conduct (DoD's historic use, handling, and disposal of AFFF) and because the military's use, handling, and disposal of AFFF was grounded in policy. *See* Memo. ISO Omnibus Mot. (ECF No. 4548-1) at 34–44. Instead of opposing these arguments, Plaintiffs' Opposition raised, for the first time, that the CWA—rather than the FTCA—is the basis for jurisdiction over their tort claims for money damages, and that the Court should create a carveout from the DFE for their trespass claims. Opp'n at 11–25. In its August 16, 2024 Reply,[1] the

---

[1] The United States' Reply was originally due on May 16, 2024. After the United States filed its Omnibus Motion in February 2024, Plaintiffs prolonged the briefing period by identifying affirmative witnesses in their April 2024 Opposition that they had not before disclosed, including a putative "expert," thus, requiring the United States to examine the new testimony and determine whether depositions were necessary. *See* CMO 25B (ECF No. 4888). Notably, CMO 25B contained a provision concerning surreplies. *Id.* ¶ C.iii. This provision contemplated a surreply *only* for the Site-Specific Motion to Dismiss (*not* the Omnibus Motion) and *only* if the United States took discovery of the Plaintiffs' new witnesses and raised new facts about those witnesses in its Site-Specific Reply. The United States did not do so. CMO 25B also set an August deadline for Plaintiffs to seek leave to file a surreply, only as to the Site-Specific Motion, which date has long since passed. *Id.*

United States responded to these arguments and explained why they are wrong. Reply at 5–15.

Three weeks later, on September 6, 2024, Plaintiffs sought leave for a Surreply, and—without receiving such leave—also filed the Surreply. ECF Nos. 5991, 5991-1.

## II.    A Surreply Is Warranted Only Where the Movant Raises New Arguments in Its Reply. The United States Did Not Raise New Arguments in Its Reply.

"[S]ur replies are even more discouraged than replies under the Local Civil Rules, and are often considered unnecessary." *Alston v. Boeing Co.*, 2020 WL 12740481, at *7 (D.S.C. Aug. 11, 2020); *see also Burris v. Ware*, 2014 WL 3054612, at *3 (D.S.C. July 3, 2014). Indeed, "[t]he District of South Carolina Local Rules make no provision for sur-replies, and courts in this circuit generally only allow sur-replies when fairness dictates that a party be provided the opportunity to address an issue that was raised for the first time *in a responsive briefing*." *Koppers Performance Chems., Inc. v. Travelers Indem. Co.*, 2021 WL 5906112, at *3 (D.S.C. Nov. 5, 2021) (Gergel, J.) (emphasis added).

In this case, Plaintiffs—not the United States—raised new arguments in their responsive briefing, to which the United States replied. Under these circumstances, there is no legal basis for a surreply. *FDIC v. Cashion*, 720 F.3d 169, 175–76 (4th Cir. 2013) (affirming district court's grant of motion to strike surreply; observing that the reply brief "did not raise a new legal theory or new evidence, but instead responded to [non-movant's] own argument and evidence. That [non-movant] failed to anticipate how the [movant] would respond to his [argument] does not automatically entitle him to file a surreply."); *accord Hill v. Aaron's, Inc.*, 2019 WL 13258466, at *3 (D.S.C. Jan. 7, 2019) ("Where the arguments made by a party in their reply brief are merely responses to new arguments made by a party in their response, a sur-reply is not appropriate." (quotation marks omitted)); *Gibbs v. Plain Green, LLC*, 2017 WL 7693141, at *1 (E.D. Va. Oct. 31, 2017) (surreplies are inappropriate when "the non-moving party first raises the issue in its

4

response brief"); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (denying plaintiff's motion for leave to file a surreply "to correct what [the plaintiff] perceive[d] to be Defendant's misrepresentations" of the law and the record because it did not address a new argument), *aff'd*, 85 F. App'x 960 (4th Cir. 2004) (per curiam). For this reason alone, the Motion for Leave to File Surreply should be denied.

Briefly, Plaintiffs assert that a surreply is *ipso facto* warranted because they have the burden of proof as to jurisdiction. Mot. for Leave at 3. However, in every civil case, plaintiffs bear the burden of proof on jurisdiction. Under Plaintiffs' logic, surreplies would be allowed any time a defendant moved to dismiss or for summary judgment. That is contrary to the District's law. *Koppers Performance*, 2021 WL 5906112, at *3 (this Court holding that surreplies are conceivably permissible ***only*** when the party seeking leave has to respond to an issue raised for the first time in the opponent's responsive briefing). None of the cases cited in Plaintiffs' Motion for Leave hold, or even suggest, that a party is entitled to a surreply any time they have the burden of proof.

## III. Plaintiffs Had Ample Opportunity to Brief Their Novel CWA and Trespass Carveout Arguments.

In addition to the governing legal standard, basic fairness requires denial of the Plaintiffs' request. Plaintiffs spent 15 pages arguing their CWA and trespass arguments, in a 65-page brief. Under CMO 25 (setting a 75-page limit for the Omnibus Opposition), they could have devoted 10 more pages to these arguments, but chose not to. Clearly, Plaintiffs said what they wanted to say on these new theories. The fact that the CWA and trespass arguments have been fully briefed is reflected in the putative Surreply itself, which repeatedly cross-references the Plaintiffs' Opposition and discusses caselaw cited therein. ECF No. 5991-1. By contrast, permitting the unjustified Surreply would continue to delay resolution of the core issue of the Court's subject-

matter jurisdiction. Since 2019, the issue of the United States' immunity from suit for tort claims has remained unresolved. In the meantime, the United States has produced millions of pages of discovery and testimony from key U.S. declarants (whom Plaintiffs largely did not depose). The United States should not be forced to re-litigate arguments that are already addressed in the extensive briefing. *See* Dec. 22, 2022 Hr'g Tr. 15:12–14 (Court acknowledging, nearly two years ago, that the United States' is "entitled" to have the "formidable issue" of its immunity addressed).

## CONCLUSION

For these reasons, the Plaintiffs' Motion for Leave to File Surreply should be denied.

Dated: September 18, 2024              Respectfully submitted,

J. PATRICK GLYNN
Director

CHRISTINA FALK
Assistant Director

MARIANNE F. KIES
HAROON ANWAR
Trial Attorneys

/s/ *Marianne F. Kies*
MARIANNE F. KIES
United States Department of Justice
Civil Division, Torts Branch
Environmental Tort Litigation
1100 L Street, NW
Washington, DC 20005
Phone: 202-353-1819
E-mail: Marianne.F.Kies@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2024, a copy of the foregoing was filed via the

Court's ECF system and served on counsel of record through the ECF system.


Dated:  September 18, 2024                           /s/ Marianne F. Kies
                                                      MARIANNE F. KIES