IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG<br><br>**DEFENDANT SOLVAY SOLEXIS, INC.'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES**<br><br>**This filing relates to:**<br><br>*Brick Township Municipal Utilities Authority* v. *3M Company, et al.*<br>Case No.: 2:24-cv-04276-RMG |

Pursuant to Case Management Order No. 20, Defendant Solvay Solexis, Inc. ("Solexis"), by undersigned counsel, hereby responds to the Complaint filed by Plaintiff in the above-captioned action pending in the MDL ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Solexis denies generally and specifically each and every allegation set forth in Plaintiff's Complaint, including each and every alleged cause of action therein, and Solexis demands strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Solexis further denies that Plaintiff has sufficiently alleged grounds upon which any relief could be granted. Solexis further denies that Plaintiff has sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or omission on the part of Solexis or

anyone acting on its behalf. Solexis reserves its rights to assert cross-claims and/or third-party claims.[1]

## AFFIRMATIVE DEFENSES

Solexis asserts the following affirmative defenses in response to the averments in Plaintiff's Complaint filed in the above-captioned action:

1. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Solexis.

2. The Complaint, and each cause of action or count alleged therein, should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because each and every cause of action fails to state facts sufficient to constitute a claim upon which relief may be granted against Solexis.

3. The courts in which the action was filed, or which Plaintiff has designated as the "Home Venue," lacks personal jurisdiction over Solexis, and the Complaint should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

4. Plaintiff's claims are barred or limited for lack of standing.

5. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

6. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

---

[1] Pursuant to Case Management Order No. 20, this General Denial and Preliminary Statement of Affirmative Defenses, once filed, will become applicable not just to "all Member Actions in which [Solexis] [is] named as a Defendant," but also to "all Member Actions, including later-filed actions." *See* Dkt. No. 2003 (Case Management Order No. 20), ¶ 3. As a result, in an abundance of caution, Solexis asserts herein certain affirmative defenses that could apply to actions against Solexis that might be brought subsequent to the filing of this General Denial, as well as to the Member Action in which Solexis is currently named a defendant.

7. The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

8. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

9. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiff is not the real party in interest or lacks capacity to bring its claims, including claims indirectly maintained on behalf of its citizens and/or customers and claims brought as *parens patriae*.

10. Plaintiff's claims are not ripe and/or have been mooted.

11. Plaintiff's claims are or may be barred, in whole or in part, to the extent it has failed to exhaust administrative remedies.

12. Plaintiff may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

13. Plaintiff may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

14. Plaintiff may be barred by the doctrines of *res judicata* and collateral estoppel from all forms of relief sought in the Complaint.

15. Plaintiff's claims are barred in whole or in part under the bulk supplier, component-part supplier, sophisticated purchaser, sophisticated user, sophisticated intermediary, and/or knowledgeable user doctrines or other similar or related doctrines available under applicable law.

16. Any injuries and/or damages sustained by Plaintiff may have been caused or contributed to by the negligence or actual conduct of Plaintiff and/or other persons, firms,

corporations, or entities over whom Solexis had no control or right of control and for whom Solexis is not responsible.

17. Any injuries and/or damages sustained by Plaintiff are barred by the doctrines of intervening cause and/or superseding cause.

18. Plaintiff's claims are or may be barred, in whole or in part, to the extent that Solexis's products were unforeseeably misused or altered.

19. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

20. Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiff seeks to recover.

21. Plaintiff's claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including, but not limited to, avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

22. Plaintiff's claims are or may be barred, in whole or in part, because Solexis used proper methods in designing, testing, manufacturing, and selling any products in conformity with: (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) the state of the art in existence at the time the design was prepared and the products were manufactured and tested.

23. Plaintiff's claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

24. Plaintiff's claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Solexis that are the subject of Plaintiff's claims. Solexis is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

25. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

26. Plaintiff's claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specifications, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiff's claims constitute an impermissible challenge to a response or remediation action under Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601 *et seq.*

27. Plaintiff's claims are or may be barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

28. Plaintiff's warranty claims, if any, are or may be barred, in whole or in part, because Plaintiff did not provide Solexis reasonable notice of any alleged breach.

29. Plaintiff's warranty claims, if any, are or may be barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

30. Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Solexis, and in the event that

5

Solexis is found to be liable to Plaintiff, Solexis will be entitled to indemnification, contribution, and/or apportionment.

31. Solexis asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its right to a proportionate reduction of any damages found against Solexis based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

32. Plaintiff's claims against Solexis are barred or limited by the economic loss rule.

33. Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures that might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

34. Plaintiff's Complaint is barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

35. The relief that Plaintiff seeks, in whole or in part, violates Solexis's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and under any applicable state constitutions.

36. Plaintiff's claims should be barred, in whole or in part, because the injuries and/or losses alleged to have been sustained were not caused by Solexis or by any product produced, sold, or used by Solexis.

37. Punitive damages are not available because Solexis neither knew nor should have known that the substances to which Plaintiffs were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm, and Solexis therefore lacked notice

that its conduct was unlawful or subject to punishment and an award of punitive damages would violate Solexis's constitutional right to due process.

38. Any claim for punitive or exemplary damages are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the Unites States Constitution, including, without limitation, the Fifth, Eighth, and Fourteenth Amendments to, and the Excessive Fines Clause and Full Faith and Credit Clause of, the United States Constitution, and other applicable provisions of the constitution of any other state whose laws may apply.

39. Plaintiff's claims are barred, in whole or in part, to the extent that they seek to retroactively impose liability on Solexis for conduct that was not actionable at the time it occurred.

40. Solexis is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiff, or in the amount that Plaintiff has received or may receive from a governmental agency, with respect to the same alleged injuries. Solexis is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

41. Plaintiff's claims are barred, in whole or in part, because they conflict with federal and state statutory schemes that comprise a comprehensive regulatory policy governing perfluoroalkyl and polyfluoroalkyl substances.

42. Solexis is not liable to Plaintiff because all information allegedly not disclosed was in the public domain.

43. Solexis cannot be held jointly and severally liable because its acts or omissions, if any, and the harm allegedly caused thereby, or both, were separate and distinct from the acts,

omissions, or harm caused by others, including Plaintiff, and the alleged harm is divisible from any harm allegedly caused by acts or omissions of others, including Plaintiff.

44. At all relevant times, Solexis complied with all applicable environmental laws, regulations, industry standards, and ordinances, and otherwise conducted itself reasonably, prudently, in good faith, and with due care for the rights, safety, and property of others.

45. Plaintiff's claims are barred, in whole or in part, to the extent it cannot establish that: (i) its alleged injuries were caused by perfluoroalkyl and polyfluoroalkyl substances from any product(s) manufactured by Solexis; (ii) perfluoroalkyl and polyfluoroalkyl substances have been reliably established, through scientific means, to be capable of causing their alleged injuries; and (iii) a sufficient concentration or amount of perfluoroalkyl and polyfluoroalkyl substances, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing their alleged injuries.

46. Plaintiff's claims are barred, in whole or in part, to the extent that they rely upon the doctrines of market share, alternative liability, collective liability, or any other theory providing for liability without proof of causation.

47. If any defects exist with respect to Solexis's products that undergird Plaintiff's claims, any such defects were open and obvious. Accordingly, Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of obvious risk.

48. Plaintiff's common law claims are or may be barred, in whole or in part, because they are product liability actions governed exclusively by state product liability acts.

49. Plaintiff's claims are or may be barred, in whole or in part, because Solexis lacked the necessary control over its products after the point of sale.

50. Plaintiff's recovery for claims against Solexis is or may be barred, in whole or in part, by various provisions, including, but not limited to, provisions concerning (i) disclaimer of warranties, (ii) limitations of liability, (iii) exculpation of liability, and (iv) alternative dispute resolution, that are contained in documents such as agreements between Solexis and its customers, purchase orders, and Material Safety Data Sheets.

51. Plaintiff's claims are or may be barred, in whole or in part, to the extent that they do not own or possess the requisite legal interest in the properties at issue.

52. Plaintiff's claims are or may be barred, in whole or in part, because Plaintiff does not have any recoverable natural resource damages attributable to Solexis's actions.

53. Solexis asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

54. Solexis adopts by reference any additional applicable defenses pleaded by any other Defendants not otherwise pleaded herein.

55. Solexis adopts by reference any additional applicable defenses asserted by Defendants prior to transfer in any case transferred to this MDL.

Solexis does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitute an admission that Solexis is liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. Solexis reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without

limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

Dated: September 30, 2024

Respectfully submitted,

By:      */s/ Crystal L. Parker*
        Crystal L. Parker

Theodore V. Wells, Jr.
Daniel J. Toal
Jaren Janghorbani
Crystal L. Parker
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3089
twells@paulweiss.com
dtoal@paulweiss.com
jjanghorbani@paulweiss.com
cparker@paulweiss.com

*Attorneys for Defendant*
*Solvay Solexis, Inc.*

11

## CERTIFICATE OF SERVICE

      I, Crystal Parker, hereby certify that on September 30, 2024, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                              */s/ Crystal L. Parker*
                              Crystal L. Parker