THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| *IN RE: Aqueous Film Forming Foams (AFFF) Products Liability Litigation* | MDL No. 2873<br><br>This Document Relates To:<br><br>*Nessel et al. v. 3M Co. et al.*<br>No. 2:21-cv-01708 |

**DEFENDANT 3M COMPANY'S RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant 3M Company ("3M") submits this response to the State of Michigan's ("Michigan") notice of supplemental authority in support of its pending remand motion. In short, this Court should not act on Michigan's pending remand motion at least until after the Fourth Circuit resolves the currently pending appeal presenting a substantially similar issue in two related cases filed by the States of South Carolina and Maryland.

Michigan's notice flags the recent decision by the Seventh Circuit in *Illinois ex rel. Raoul v. 3M Co.*, 111 F.4th 846 (7th Cir. 2024), which held that a case alleging PFAS contamination from a single manufacturing facility could proceed in state court because the State of Illinois had "expressly agreed that a factfinder will not need to apportion the PFAS contamination between sources." *Id.* at 849. Illinois conceded that "recovery is barred" for alleged contamination at any location unless "100% of th[e] contamination" at that location is from non-AFFF PFAS from the manufacturing facility—"even a morsel of contamination" from AFFF would bar recovery. *Id.* Here, Michigan contends that the Seventh Circuit's decision supports its pending remand motion. But it would be premature for this Court to resolve Michigan's remand motion now.

1

3M removed this case—in which Michigan seeks recovery for alleged statewide PFAS contamination—to federal court, based on plausible allegations that Michigan is seeking to recover for alleged PFAS contamination at sites where there is potential commingling of PFAS from non-AFFF sources and AFFF that 3M manufactured according to precise military specifications ("MilSpec"). *Nessel v. 3M Co.*, No. 2:21-cv-01708, Dkt. 1 ¶¶ 7, 16–41 (D.S.C. Mar. 1, 2021). Those facts give 3M a colorable government-contractor defense to Michigan's claims in this case. Michigan is asking this Court to remand the case to state court, citing the statement in its complaint that it is not seeking to recover in this case for any PFAS contamination stemming from AFFF.

As Michigan acknowledges, Dkt. 6115 at 2, the Fourth Circuit will soon answer the question posed by this motion: Whether, and even if so, under what circumstances, a State can defeat federal-officer jurisdiction in a PFAS case by disclaiming any recovery for contamination arising from AFFF. The Fourth Circuit appeal involves cases brought by the States of South Carolina and Maryland for alleged statewide PFAS contamination. As in this case, 3M removed those suits to federal court based on plausible allegations that the alleged contamination for which South Carolina and Maryland seek to recover stems at least in part from MilSpec AFFF, giving rise to a colorable government-contractor defense. South Carolina and Maryland argue that their disclaimers—which Michigan says are the "same" as its own, *id.* at 3—render 3M's defense irrelevant and therefore require remand. The appeal is fully briefed, and the Fourth Circuit has set oral argument for October 30, 2024.

This Court should not act on Michigan's remand motion until after the Fourth Circuit resolves the currently pending appeal, at the earliest. The Fourth Circuit's decision is likely to affect the outcome—or, at a minimum, the analysis—of Michigan's pending remand motion. Waiting for guidance will not prejudice either party, as the Fourth Circuit is likely to resolve the pending appeal in short order following oral argument now set for October 30, 2024.

2

In its notice of supplemental authority, Michigan says that it is making an explicit concession like the State of Illinois made in *Raoul*, such that its case should also be remanded. Dkt. 6115 at 4. Michigan asserts that its motion therefore does not require "debating the merits of the current Fourth Circuit appeal." *Id.* There are at least two problems with that argument. First, it is in tension with the position that Michigan took two and a half months ago. In its supplemental brief, Michigan argued that, even where a site is contaminated by commingled sources of PFAS, "a factfinder can distinguish the sources of contamination" and not impose liability for PFAS "the factfinder determine[s] . . . came from AFFF." Dkt. 5287 at 7 (quoting *New Hampshire v. 3M Co.*, 665 F. Supp. 3d 215, 229 (D.N.H. 2023)). The Seventh Circuit expressly rejected that position in *Raoul*, holding that a government-contractor defense is "viab[le]" even when a plaintiff "disclaim[s]" recovery for certain contamination because "a factfinder would need to apportion the contamination" between sources—presenting "'a difficult causation question that,'" under the federal-officer removal doctrine, "'a federal court should be the one to resolve.'" 111 F.4th at 848–49. Second, and in any event, even if Michigan is now purporting to make such a concession, the Fourth Circuit has not yet had a chance to address the legal issues these cases present—including whether such a concession (or which variation thereof) is sufficient to permit a case to proceed in state court.

       This Court should wait to act on the remand motion at least until the Fourth Circuit resolves the pending appeal involving South Carolina's and Maryland's substantially similar allegations and purported disclaimers. Once the Fourth Circuit has supplied guidance, this Court could solicit supplemental filings addressing the effect of that decision, if the Court is inclined to turn to this issue at that time.

<table>
<tr><td>Dated:  October 3, 2024</td><td>Respectfully submitted,<br><br>/s/ Daniel L. Ring<br>Daniel L. Ring<br>MAYER BROWN LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br>(312) 782-0600<br>dring@mayerbrown.com<br><br>*Counsel for 3M Company*</td></tr>
</table>

4