# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) MDL No. 2:18-mn-2873-RMG<br><br>CASE MANAGEMENT ORDER NO. 31<br><br>This Order Relates to All Cases |

**CASE MANAGEMENT ORDER NO. 31 GOVERNING THE FORM, PROCEDURE AND SCHEDULE FOR THE COMPLETION OF A PLAINTIFF PROFILE FORM**

On August 7, 2019, this Court issued Case Management Order 5 (ECF No. 205) requiring that Plaintiff Fact Sheets be served in all cases, including those cases alleging personal injury damages. Now, over five years later with many more cases filed and with the more recent dismissals of many plaintiffs' claims pursuant to Second Amended CMO 28 and CMO 30, the Court and the Parties wish to continue to improve their understanding of the scope of the litigation and the factual issues relevant to addressing the personal injury claims in this MDL. To that end, during the July 19, 2024 Case Management Conference, the Court suggested that the Parties establish a process by which plaintiffs alleging personal injury claims provide a threshold showing of evidence supporting the allegations in their case. In furtherance of this, the Parties jointly propose, and the Court adopts, the following CMO to govern the form, procedure, and schedule for the completion and service of a Plaintiff Profile Form ("PPF"), which will serve as a supplement to the existing Personal Injury Plaintiff Fact Sheet as described below, and certain documents referenced herein.

**I.    Scope of the Order:**

    A.    This Order applies to all Plaintiffs and their counsel of record in all cases currently

pending in this litigation that allege exposure to AFFF, for which a personal injury Plaintiff Fact Sheet either already was due pursuant to CMO 5 or will be due following the entry of this Order. For avoidance of doubt, any plaintiff alleging *only* exposure to "Turnout Gear" need not complete the PPF, but must still complete the Turnout Gear specific fact sheet (see CMO 5F).

      B.      The completion and service of the PPF, pursuant to this Order, is the obligation of Plaintiff's counsel of record. This Order shall not create an obligation on the Plaintiffs' Executive Committee ("PEC") in any regard, nor does the previously entered CMO 5.

      C.      Any and all law firms representing Plaintiff(s) in this MDL shall register with the vendor mutually agreed-to by the PEC and the DCC for purposes of submitting PPFs electronically (the "Portal Vendor"). Registration of all counsel for plaintiffs asserting personal injury claims currently in this MDL shall be required within 30 days of the date of the entry of an order approving the Portal Vendor. For any law firms representing plaintiffs asserting personal injury claims that have not previously registered, they must so register within 60 days of direct filing or transfer into this MDL.

## II.    Plaintiff Profile Form

      A.      In accordance with the schedule set forth below, every Plaintiff who has already served a Personal Injury Plaintiff Fact Sheet under CMO 5 (and its follow-on orders) as of the entry of this Order, and any Plaintiff who elects to submit a Personal Injury Plaintiff Fact Sheet within 90 days following this order absent subsequent Order of this Court (see paragraph H below) shall:

1. Using the Portal Vendor, complete and produce a PPF (the form of which is attached as Exhibit A to this CMO) on a rolling basis within the following timeframes following entry of this CMO[1]:

    a. For law firms with 1-99 plaintiffs on file: Within 60 days;
    b. For law firms with 100-399 plaintiffs on file: Within 90 days;
    c. For law firms with 400-749 plaintiffs on file: Within 120 days;
    d. For law firms with over 750 plaintiffs on file: Within 150 days.

2. Serve the completed and executed PPF via the Portal Vendor. Any pro se plaintiff may serve their PPF and accompanying documents via email to afffmdlpfsservice@nelsonmullins.com. This shall constitute effective service of the PPF upon Defendant(s). For those serving via email, a copy of the completed PPF shall also be submitted to the PEC via email at: AFFF-MDL-PPF@douglasandlondon.com.

3. Produce to Defendants all responsive, non-privileged documents that are requested in the PPF.

4. The PPF may be completed by counsel and shall be considered a supplement to the previously served Personal Injury Plaintiff Fact Sheet.

5. A completed PPF is not required for any of the plaintiffs selected as a CMO 26 Bellwether Plaintiff.

---

[1] In the event the Portal Vendor is not prepared to accept filing of PPFs on the schedule discussed in this section, the Parties shall inform the Court and propose reasonable extensions of these deadlines. No plaintiff will be deemed non-compliant for failing to complete the PPF until at least 30 days after the Portal Vendor begins accepting PPFs. No plaintiff represented by counsel shall file their PPF by any means other than use of the Portal Vendor, regardless of whether the Portal Vendor is prepared to accept PPFs as of the dates required by this section.

B.    In completing the PPF, every Plaintiff is required to provide a PPF that is substantially complete in all respects. For a PPF to be "substantially complete in all respects," it must, at a minimum:

1. Identify at least one location of exposure with associated approximate dates of exposure in response to Question I.A.1 and/or I.B.1;

2. Select either Yes or No in response to each of the subparts to Questions II.A;

3. Answer every other question contained in the PPF to the best of their ability and leave no blanks, even if the Plaintiff can only answer the question in good faith by indicating "not applicable," "N/A," or providing as much detail as the person can;

4. Be accompanied by the medical records required by Question II.E; and

5. Contain a signed and dated Verification of Plaintiff.

C.    If the DCC deems a Plaintiff's PPF materially deficient, the procedures and processes of CMO 5 ¶¶ 12-13 to address deficient Plaintiff Facts Sheets shall apply to a deficient PPF.

D.    Should any Plaintiff fail to timely serve a PPF or serves a PPF that fails to comply with Paragraph II.B above, the procedures and processes of CMO 5 ¶¶ 14-16 to address delinquent Plaintiff Facts Sheets shall apply to such a PPF, except that: any plaintiff whose claim is dismissed without prejudice following this procedure shall have 60 days during which they may reinstate their case, provided that (1) such case must be reinstated in this MDL, (2) the plaintiff must serve a substantially complete PPF in accordance with this CMO, including without limitation that such PPF <u>must</u> include the medical record(s) required by Question II.E, prior to or simultaneous with the filing of a motion to reinstate. If the Plaintiff instead files a new action after dismissal of their

claims under this paragraph, then (1) any lawsuit involving such previously dismissed claims shall be filed in this MDL unless this MDL shall have been concluded and, in that instance, any such lawsuit shall be refiled in an appropriate federal court and (2) within 30 days of filing, the plaintiff must serve a substantially complete Personal Injury Plaintiff Fact Sheet and PPF in accordance with this CMO, including without limitation that such PPF must include the medical record(s) required by Question II.E, prior to or simultaneous with the filing of the PPF.

      E.      Dismissals due to failure to comply with Paragraphs II.B above are generally to be without prejudice. However, if the plaintiff previously dismissed any federal or state court action based on or including the same claim, a dismissal for failure to comply with Paragraph II.B above operates as an adjudication on the merits and such dismissal shall therefore be with prejudice absent good cause shown. Any motion that requests dismissal with prejudice under this section shall state such request clearly in the motion.

      F.      As to the deadlines set forth above, the Parties shall work together in good faith to grant plaintiffs appropriate extensions of time for compliance and to avoid unnecessary motion practice.

      G.      The Court is advised that the PEC and the DCC are meeting and conferring regarding the potential for a revised Plaintiff Fact Sheet (for cases filed after the date of this Order) and/or a Defendant Profile Form, which the Court shall consider upon submission by the Parties.

      H.      In recognition of the fact that the Parties are conferring on a revised Personal Injury Plaintiff Fact Sheet and arranging for a digital Portal Vender, the Court hereby orders that no personal injury Plaintiff shall be deemed non-compliant under CMO 5 for failing to submit a substantially complete Personal Injury Plaintiff Fact Sheet for 90 days from the entry of this Order.

**IT IS SO ORDERED.**

Dated: _____ 2024
Charleston, South Carolina

_____
Hon. Richard M. Gergel
United States District Judge