EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>This Document relates to:<br>ALL CASES |

**DEFENDANT ARKEMA INC.'S
RESPONSES AND OBJECTIONS TO PLAINTIFFS'
SECOND SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Arkema Inc. hereby responds to Plaintiffs' Second Set of Requests for Production ("Requests").

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.     Arkema Inc. objects to, and will not be bound by, the "Instructions" and "Definitions" in the Requests to the extent they attempt to impose duties and obligations on Arkema Inc. that exceed, or are different from, those imposed or authorized by the Federal Rules of Civil Procedure, the Local Rules of this Court, agreements between the Parties, or the Court's orders, including, but not limited to, the extent to which they exceed the permissible scope of discovery, and/or seek to impose duties of responding and/or supplementation different from or in excess of those imposed by the applicable rules, agreements, and orders.

2.     Arkema Inc. objects to, and will not be bound by, the "Definitions" and "Instructions" in the Requests, to the extent that they vary, differ, or deviate from those provided in Federal Rule of Evidence 1001, from the ordinary and customary use or meaning of the referenced terms, and/or from definitions or usages that are widely accepted in the scientific community.

3.      Arkema Inc. objects to Definitions Nos. 2 and 3 (purporting to define "Document(s)" and "Electronic Records"), as overly broad, unduly burdensome, and oppressive to the extent they call for production of duplicative documents, or electronic or hard copy documents that are not reasonably accessible because of undue burden and cost.  Arkema Inc. further objects to these definitions, and to Instruction No. 4, to the extent they are inconsistent with CMO No. 4 and the "Order Establishing Protocol for Document Collection and Production" entered by the Court, and/or purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure or Local Rules.

4.      Arkema Inc. objects to Definition Nos. 4 and 5 (purporting to define "Communication(s)" and "internal communications(s)"), as overly broad and unduly burdensome, to the extent they purport to include oral communications and/or purport to impose obligations beyond those required by the Federal Rules and Local Rules.

5.      Arkema Inc. objects to Definition No. 8 (purporting to define "You," "Your," and "Defendants"), as overly broad, to the extent that it encompasses entities other than Arkema Inc.  Arkema Inc. will respond to the Requests based on information within its own possession, custody, and control.

6.      Arkema Inc. objects to Definition Nos. 9 and 10 (purporting to define "AFFF" and "AFFF Product(s)"), because they are vague, ambiguous, overbroad, not stated with reasonable particularity, and call for both speculation and expert opinion.  Arkema Inc. construes the term "AFFF" to mean aqueous film-forming foam sold in the United States, such as those that have received certification from the Underwriters Laboratories (UL), Underwriters Laboratories of Canada (ULC), U.S. military specifications (MIL-SPEC), Factory Mutual (FM), European Committee for Standardization (CEN), International Civil Aviation Organization

(ICAO), U.S. Coast Guard (USCG), International Maritime Organization (IMO), or the European Union Marine Equipment Directive (MED). Arkema Inc. construes the term "AFFF Products" to mean per- and poly-fluoroalkyl substances that were sold to AFFF manufacturers and may have been incorporated into AFFF.

7.     Arkema Inc. objects to Definition No. 11 (purporting to define "adverse effects") because it is vague, ambiguous, overbroad, unduly burdensome, not stated with reasonable particularity, and calls for both speculation and expert opinion, insofar as it includes "any possible or actual effect, impact, alteration, and/or change that causes or results in an impact that is harmful or negative," without limitation, no matter how slight or hypothetical, and without reference to any regulatory standard of exposure level. Arkema Inc. will construe the term "adverse effects" to refer to actual detrimental changes or alterations that cause an impact known to be harmful.

8.     Arkema Inc. objects to Definition No. 12 (purporting to define "environmental effect(s)" and "environmental impact(s)"), because it is vague, ambiguous, overbroad, unduly burdensome, not stated with reasonable particularity, and calls for both speculation and expert opinion, insofar as it includes "any possible or actual effect, impact, alteration, and/or change to any environmental resource," without limitation, no matter how slight or hypothetical, and without reference to any regulatory standards. Arkema Inc. will construe the terms "environmental effect(s)" and "environmental impact(s)" to refer to actual detrimental changes or alterations to an environmental resource. Arkema Inc. will not consider the presence alone of a particular chemical, material, or compound to be an "environmental effect" or "environmental impact."

3

9.     Arkema Inc. objects to Definition No. 14 (purporting to define "human health effect(s)" and "human health impact(s)"), because it is vague, ambiguous, overbroad, unduly burdensome, not stated with reasonable particularity, and calls for both speculation and expert opinion, insofar as it includes "any possible or actual effect, impact, alteration, change, ailment, sickness and/or diseases relating to humans," no matter how slight or hypothetical, and without limitation to any population, control group, geographic location, or exposure level.  Arkema Inc. will construe the terms "human health effect(s)" and "human health impact(s)" to refer to actual changes in physical health, ailments, sicknesses, or diseases relating to humans and human fetal development.

10.     Arkema Inc. objects to Definition No. 15 (purporting to define "manufacturing defendants"), because it is vague, ambiguous, and overbroad, insofar as it purports to define entities that have not manufactured AFFF as "manufacturing defendants."  Arkema Inc. will construe "manufacturing defendants" to refer to defendants who manufactured and sold AFFF commercially in the United States.  Arkema Inc. has not manufactured or sold AFFF commercially or otherwise, and is not a "manufacturing defendant."

11.     Arkema Inc. objects to Definition Nos. 17, 18, 19, and 20 (purporting to define "PFAS," "PFOA," "PFOS," and "PFOA/PFOS-containing products"), because they are vague, ambiguous, overbroad, and unduly burdensome, insofar as they could reasonably be read to describe thousands of chemicals, without limitation to those used in AFFF or relevant to any Plaintiff's claims.  Arkema Inc. will construe the terms "PFAS," "PFOA," and "PFOS" to mean per- and poly-fluoroalkyl substances that were sold to AFFF manufacturers and may have been incorporated into AFFF.

12.    Arkema Inc. objects to Definition No. 26 (purporting to define "toxicological effect(s)" and "toxicological impact(s)"), because it is vague, ambiguous, overbroad, unduly burdensome, not stated with reasonable particularity, and calls for both speculation and expert opinion, insofar is it includes "any possible or actual effect, impact, change, and/or alteration . . . relating to the toxicity, poisonousness, and/or harm of chemicals or substances to living organisms," without limitation, no matter how slight or hypothetical, and without reference to any regulatory standard or exposure level.  Arkema Inc. will construe the terms "toxicological effect(s)" and "toxicological impact(s)" to refer to actual effects, impacts, changes, and/or alterations relating to the toxicity, poisonousness, and/or harm of chemicals or substances to living organisms.

13.    Arkema Inc. objects to Instruction Nos. 1 and 7, insofar as they purport to impose a duty or obligation on Arkema Inc. to disclose and produce documents or information beyond that which is in Arkema Inc.'s possession, custody, or control.  Arkema Inc. will respond to the Requests, and produce responsive, non-objectionable documents and electronic records, based upon those within its own possession, custody, and control.

14.    Arkema Inc. objects to Instruction No. 9, insofar as it purports to impose a duty or obligation on Arkema Inc. that exceeds, or is different from, the requirements set forth in CMO No. 8.

15.    Arkema Inc. objects to Instruction No. 13 on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of this litigation, and seeks discovery that is not relevant to this litigation, insofar as it purports to impose an obligation to identify documents over a 70-year period, and is not limited to a reasonable time period or the time period relevant

to this litigation.  Arkema Inc. will produce responsive, non-objectionable documents based on a reasonable investigation of reasonably accessible documents.

16.     Arkema Inc.'s Responses are based upon its good faith interpretation of the Requests.  Should a different interpretation of any Request be asserted, Arkema Inc. reserves the right to add to, modify, or otherwise change or amend these Responses.

17.     Arkema Inc.'s Responses to these Requests are based only upon facts known at this time.  Discovery in this matter is ongoing, and during the course of subsequent discovery, Arkema Inc. may become aware of supplemental, additional, or other responsive information or documents.  Arkema Inc. reserves the right to update, amend, or supplement these Responses.  In addition, these Responses are made without prejudice to Arkema Inc.'s right to present further additional or other evidence or contentions in a motion for summary judgment, at trial, or otherwise, based upon information hereafter identified, obtained, or developed.

18.     In furnishing these responses, Arkema Inc. does not admit or concede the relevance, materiality, or admissibility in evidence of any Request, any information included in response thereto, or any document disclosed.  All objections to the use, at trial or otherwise, of any document or piece of information disclosed in response to the Requests are expressly reserved.

These objections to definitions and instructions are hereby incorporated into each Response below.

## RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

All DOCUMENTS in connection with the sale of Elf Atochem and/or the fluorosurfactant business line that included the Forafac line of fluorochemicals, to E.I. Du Pont de Nemours & Co.

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that the phrases "in connection with," and "fluorosurfactant business line that included the Forafac line of fluorochemicals" are vague and ambiguous as used in this Request. Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce final documents memorializing any sale of the business line encompassing Forafac from Elf Atochem to E.I. Du Pont de Nemours & Co.

### REQUEST FOR PRODUCTION NO. 2

All COMMUNICATIONS to or from THE GOVERNMENT concerning YOUR AFFF PRODUCT(S).

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks communications concerning "AFFF Products" as that term is broadly defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged documents, if any, regarding communications to or from the Government concerning PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 3**
All DOCUMENTS concerning warnings YOU provided to THE GOVERNMENT, any MANUFACTURING DEFENDANTS, or other non-government purchasers, users, and/or bystanders about the ENVIRONMENTAL IMPACTS of AFFF or AFFF PRODUCTS.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that the phrase "non-government purchasers, users, and/or bystanders" is vague and ambiguous as used in this Request.  Arkema Inc. also objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "AFFF Products" as that term is broadly defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. states that it has not manufactured or sold AFFF, and therefore does not possess responsive documents regarding AFFF.  Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged documents, if any, regarding warnings provided to the Government, any manufacturing defendants, or other purchasers about environmental impacts of PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 4**
All DOCUMENTS concerning warnings YOU provided to THE GOVERNMENT, any MANUFACTURING DEFENDANTS, or other non-governmental purchasers, users, and/or bystanders about the HUMAN HEALTH IMPACTS of AFFF or AFFF PRODUCTS.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that the phrase "non-government purchasers, users, and/or bystanders" is vague and ambiguous as used in this Request.  Arkema Inc. also objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "AFFF Products" as that term is broadly

defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. states that it has not manufactured or sold AFFF, and therefore does not possess responsive documents regarding AFFF. Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged documents, if any, regarding warnings provided to the Government, any manufacturing defendants, or other purchasers about human health impacts of PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 5**
All DOCUMENTS concerning warnings YOU provided to THE GOVERNMENT, any MANUFACTURING DEFENDANTS, or other non-governmental purchasers, users, and/or bystanders about any TOXICOLOGICAL EFFECTS of AFFF or AFFF PRODUCTS.

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that the phrase "non-government purchasers, users, and/or bystanders" is vague and ambiguous as used in this Request. Arkema Inc. also objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "AFFF Products" as that term is broadly defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. states that it has not manufactured or sold AFFF, and therefore does not possess responsive documents regarding AFFF. Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged documents, if any, regarding warnings provided to the Government, any manufacturing defendants, or other purchasers about toxicological effects of PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 6**
All DOCUMENTS concerning warnings YOU provided to THE GOVERNMENT, any
MANUFACTURING DEFENDANTS, or other non-governmental purchasers, users, and/or
bystanders about any ADVERSE EFFECTS of AFFF, other than the ENVIRONMENTAL,
HUMAN HEALTH, and TOXICOLOGICAL EFFECTS discussed above.

  **RESPONSE:**  Arkema Inc. objects to this Request on the grounds that the phrase

"non-government purchasers, users, and/or bystanders" is vague and ambiguous as used in this

Request.

  Notwithstanding and without waiver of its objections, Arkema Inc. states that it has not

manufactured or sold AFFF, and therefore has not provided or issued warnings for AFFF and

does not possess documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7**
All DOCUMENTS concerning instructions YOU provided to THE GOVERNMENT, any
MANUFACTURING DEFENDANTS, or other non-government purchasers, users, and/or
bystanders concerning the HANDLING and/or disposal of YOUR AFFF PRODUCTS.

  **RESPONSE:**  Arkema Inc. objects to this Request on the grounds that the phrase

"non-government purchasers, users, and/or bystanders" is vague and ambiguous as used in this

Request.  Arkema Inc. also objects to this Request on the grounds that it is overbroad, not

proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims

or defenses, insofar as it seeks documents concerning "AFFF Products" as that term is broadly

defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and

that may have been incorporated into AFFF.

  Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a

reasonable search for, and produce responsive, non-privileged documents, if any, regarding

handling or disposal instructions provided to the Government, manufacturing defendants, or

purchasers of PFAS that was sold to AFFF manufacturers and that may have been incorporated

into AFFF.

**REQUEST FOR PRODUCTION NO. 8**
All DOCUMENTS concerning the preparation and approval of all patents related to YOUR
AFFF PRODUCTS.

**RESPONSE:** Arkema objects to this Request to the extent it calls for material protected by the attorney-client privilege, work product doctrine, or any other applicable doctrine or privileged. Arkema Inc. further objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, including insofar as it seeks documents concerning "AFFF Products" as that term is broadly defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF. Arkema Inc. also objects to this Request as improperly directed at Arkema Inc., insofar as it did not design any PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF. Arkema Inc. also objects to this Request insofar as it seeks publicly available information.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce non-privileged documents, if any, regarding the filing and prosecution of any issued patents related to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 9**
All DOCUMENTS concerning any contract and/or agreement between YOU and third-party
distributors and manufacturers for the SALE of AFFF or AFFF PRODUCTS.

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "AFFF Products" as that term is broadly defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. states that it has not entered into any contracts for the sale of AFFF, and therefore does not possess documents responsive to this Request regarding AFFF.  Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged contracts or agreements, if any, with third-party distributors and manufacturers for the sale of PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 10**
All DOCUMENTS regarding any formulation and/or design of AFFF or AFFF PRODUCTS that did not contain PFOS or PFOA or chemicals that do not break down into PFOS and/or PFOA.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that the phrase "chemicals that do not break down into PFOS and/or PFOA" is vague and ambiguous as used in this Request.  Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "AFFF Products" as that term is broadly defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. states that it has not formulated and/or designed AFFF or PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF, and Arkema Inc. does not possess responsive documents regarding AFFF.  Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged documents, if any, regarding any formulation and/or design of PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF, that did not contain PFOS or PFOA.

**REQUEST FOR PRODUCTION NO. 11**
All DOCUMENTS YOU provided to THE GOVERNMENT in response to THE
GOVERNMENT'S requests for information concerning the design and/or formulation of AFFF
and/or YOUR AFFF PRODUCTS.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that it is overbroad,

not proportional to the needs of this litigation, and seeks discovery that is not relevant to any

claims or defenses, insofar as it seeks documents concerning "AFFF Products" as that term is

broadly defined, without limitation to PFAS that was sold to AFFF manufacturers and that may

have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. states that it has not

designed and/or formulated AFFF or PFAS that was sold to AFFF manufacturers and that may

have been incorporated into AFFF, and Arkema Inc. does not possess responsive documents

regarding AFFF.  Arkema Inc. will conduct a reasonable search for, and produce responsive,

non-privileged documents, if any, regarding the design and/or formulation of PFAS that was sold

to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 12**
All DOCUMENTS reflecting any proposed or actual warnings regarding any AFFF PRODUCTS
sold to THE MANUFACTURING DEFENDANT(S).

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that it is overbroad,

not proportional to the needs of this litigation, and seeks discovery that is not relevant to any

claims or defenses, insofar as it seeks documents concerning "AFFF Products" as that term is

broadly defined in the Requests, without limitation to PFAS that was sold to AFFF

manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a

reasonable search for, and produce responsive, non-privileged documents, if any, reflecting

warnings regarding PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 13**
DOCUMENTS identifying the AFFF PRODUCTS YOU sold to the MANUFACTURING DEFENDANTS.

    **RESPONSE:**  Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "AFFF Products" as that term is broadly defined in the Requests, without limitation to PFAS that may have been incorporated into AFFF.

    Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged documents, sufficient to show PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 14**
DOCUMENTS identifying any AFFF PRODUCTS YOU sold to THE GOVERNMENT.

    **RESPONSE:**  Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "AFFF Products" as that term is broadly defined, without limitation to any PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

    Notwithstanding and without waiver of its objections, Arkema Inc. states that it has not sold any "AFFF products" to the Government, and therefore does not possess documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15**
All DOCUMENTS reflecting the number and value of sales of each AFFF PRODUCT sold to THE GOVERNMENT.

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "AFFF Products" as broadly defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. states that it has not sold any "AFFF products" to the Government, and therefore does not possess documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16**
All DOCUMENTS reflecting the number of SALES of each AFFF PRODUCT sold to non-governmental entities.

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that the phrase "non-governmental entities" is vague and ambiguous as used in this Request, and is overbroad insofar as it includes entities other than AFFF manufacturers. Arkema Inc. also objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "AFFF Product[s]" as that term is broadly defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged documents, if any, sufficient to show the quantity of sales to AFFF manufacturers of PFAS that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 17**
DOCUMENTS concerning YOUR formulation of and/or design of AFFF PRODUCTS sold to non-governmental entities.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that the phrase "non-governmental entities" is vague and ambiguous as used in this Request.  Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "AFFF Products" as that term is broadly defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF. Arkema Inc. also objects to this Request as improperly directed at Arkema Inc., insofar as it has not engaged in the "formulation and/or design of" PFAS hat was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged documents, if any, sufficient to show the formulation and/or design of PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 18**
DOCUMENTS sufficient to show YOUR market share for sales of AFFF PRODUCTS in each U.S. State or Territory, and any region encompassing any U.S. State or Territory on an annual basis.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that the phrase "region encompassing any U.S. State or Territory" is vague and ambiguous as used in this Request. Arkema Inc. also objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "AFFF Products" as that term is broadly defined in the Requests, without limitation to PFAS that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged documents, if any, sufficient to

show its market share for PFAS that was sold to AFFF manufacturers and that may have been

incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 19**
DOCUMENTS sufficient to show, on an annual basis, the total revenues from sales of AFFF
PRODUCTS in each U.S. State or Territory, and any region encompassing any U.S. State or
Territory.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that the phrase "region

encompassing any U.S. State or Territory" is vague and ambiguous as used in this Request.

Arkema Inc. also objects to this Request on the grounds that it is overbroad, not proportional to

the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses,

insofar as it seeks documents concerning "AFFF Products" as that term is broadly defined in the

Requests, without limitation to PFAS that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a

reasonable search for, and produce responsive, non-privileged documents, if any, sufficient to

show its revenue from PFAS that was sold to AFFF manufacturers and that may have been

incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 20**
DOCUMENTS concerning YOUR process for manufacturing AFFF PRODUCTS sold to THE
GOVERNMENT, THE MANUFACTURING DEFENDANTS, and non-governmental entities.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that the phrase "non-

governmental entities" is vague and ambiguous as used in this Request.  Arkema Inc. also

objects to this Request on the grounds that it is overbroad, not proportional to the needs of this

litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks

documents concerning "AFFF Products" as that term is broadly defined in the Requests, without

limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated

into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. states that it has not manufactured PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF, and therefore does not possess documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21**
DOCUMENTS reflecting the chemical composition of any AFFF PRODUCT sold to THE GOVERNMENT, THE MANUFACTURING DEFENDANTS and non-governmental entities, including any PFAS compound sold to YOU for use in the manufacture of MILSPEC AFFF.

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that the phrases "chemical composition" and "non-governmental entities" are vague and ambiguous as used in this Request. Arkema Inc. also objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "AFFF Products" as broadly defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. states that it has not manufactured MILSPEC AFFF, and therefore does not possess documents responsive regarding MILSPEC AFFF. Arkema Inc. also states that it has not sold any "AFFF Products" to the government. Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged documents, if any, sufficient to reflect the chemical composition of PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 22**
DOCUMENTS concerning the breakdown in the environment of any AFFF PRODUCT or component thereof into PFOS and/or PFOA.

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that the phrases "breakdown in the environment" and "component thereof" are vague and ambiguous as used in this Request. Arkema Inc. also objects to this Request on the grounds that it is overbroad, not

proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "AFFF Product[s]" as broadly defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged documents, if any, regarding the environmental effects of PFOS and/or PFOA sold to AFFF manufacturers that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 23**
DOCUMENTS concerning PFOS or PFOA as a byproduct of the manufacturing process for any AFFF PRODUCT or a component thereof.

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that the phrase "component thereof" is vague and ambiguous as used in this Request. Arkema Inc. also objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "AFFF Product[s]" as broadly defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF. Arkema Inc. further objects to this Request as improperly directed at Arkema Inc., insofar as it has not engaged in any "manufacturing process for AFFF or PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged documents, if any, regarding PFOS or PFOA as a byproduct of the manufacturing process for PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

19

**REQUEST FOR PRODUCTION NO. 24**

All studies and/or reports conducted, commissioned, or drafted by YOU or on YOUR behalf concerning the fate and transport of PFAS, PFOA, and/or PFOS in the environment. The phrase "fate and transport," as used in this request, means where and how chemicals travel and persist or degrade in the environment (including but not limited to all land, air, and water) when chemicals are released intentionally or unintentionally in the environment.

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks studies and/or reports concerning the "fate and transport of PFAS, PFOA and/or PFOS in the environment," without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF, any site identified in cases pending in the MDL, or any geographic scope.

Notwithstanding and without waiver of its objections, Arkema Inc. states that based on a reasonable investigation, it has not "conducted, commissioned, or drafted" any responsive "studies and/or reports," but it will nevertheless conduct a reasonable search for, and produce responsive, non-privileged documents, if any, regarding "the fate and transport of PFAS, PFOA, and/or PFOS" that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 25**

All studies and/or reports conducted, commissioned, and/or drafted by You or on YOUR behalf concerning any HUMAN HEALTH EFFECTS, ENVIRONMENTAL EFFECTS, OR TOXICOLOGICAL EFFECTS posed by PFAS.

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks studies and/or reports concerning "PFAS," without limitation to any PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. states that based on a reasonable investigation, it has not "conducted, commissioned, and/or drafted" any responsive "studies and/or reports," but it will nevertheless conduct a reasonable search for, and produce responsive, non-privileged documents, if any, regarding PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 26**
All COMMUNICATIONS between YOU and other PERSONS concerning any HUMAN HEALTH EFFECTS of PFAS.

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks all communications concerning "PFAS," without limitation to any PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged communications, if any, concerning the human health effects of PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 27**
ALL COMMUNICATIONS between YOU and other PERSONS concerning any ENVIRONMENTAL EFFECTS of PFAS.

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks all communications concerning "PFAS," without limitation to any PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a

reasonable search for, and produce responsive, non-privileged communications, if any,

concerning the environmental effects of PFAS that was sold to AFFF manufacturers and that

may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 28**
All COMMUNICATIONS between YOU and other PERSONS concerning any
TOXICOLOGICAL EFFECTS of PFAS.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that it is overbroad,

not proportional to the needs of this litigation, and seeks discovery that is not relevant to any

claims or defenses, insofar as it seeks all communications concerning "PFAS," without limitation

to any PFAS that was sold to AFFF manufacturers and that may have been incorporated into

AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a

reasonable search for, and produce responsive, non-privileged communications, if any,

concerning the toxicological effects of PFAS that was sold to AFFF manufacturers and that may

have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 29**
All COMMUNICATIONS between YOU and THE GOVERNMENT concerning the HUMAN
HEALTH EFFECTS of PFAS.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that it is overbroad,

not proportional to the needs of this litigation, and seeks discovery that is not relevant to any

claims or defenses, insofar as it seeks all communications concerning "PFAS," without limitation

to any PFAS that was sold to AFFF manufacturers and that may have been incorporated into

AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a

reasonable search for, and produce responsive, non-privileged communications, if any,

concerning the human health effects of PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 30**
All COMMUNICATIONS between YOU and THE GOVERNMENT concerning the ENVIRONMENTAL IMPACTS of PFAS.

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks all communications concerning "PFAS," without limitation to any PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged communications, if any, concerning the environmental impacts of PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 31**
All COMMUNICATIONS between YOU and THE GOVERNMENT concerning the TOXICOLOGICAL EFFECTS of PFAS.

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks all communications concerning "PFAS," without limitation to any PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged communications, if any, concerning the toxicological effects of PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 32**

All DOCUMENTS concerning warnings provided by YOU to THE GOVERNMENT concerning the HUMAN HEALTH EFFECTS of PFAS.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "PFAS," without limitation to any PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged documents, if any, regarding the human health effects of PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 33**

All DOCUMENTS concerning warnings provided by YOU to THE GOVERNMENT concerning the ENVIRONMENTAL IMPACTS of PFAS.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "PFAS," without limitation to any PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged documents, if any, regarding the environmental impacts of PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 34**

All DOCUMENTS concerning warnings provided by YOU to THE GOVERNMENT concerning the TOXICOLOGICAL EFFECTS of PFAS.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "PFAS," without limitation to any PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged documents, if any, regarding the toxicological effects of PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 35**

All historic and current Material Safety Data Sheets ("MSDS") prepared for and approved for use with YOUR AFFF PRODUCTS from 1967 to date.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks MSDSs for "AFFF Products" as broadly defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce responsive MSDSs, if any, regarding PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 36**

All DOCUMENTS, including but not limited to catalogues, statements circulars, manuals, brochures, reports, and advertisements, which mention, describe, or otherwise refer to the virtues, qualities, characteristics, capabilities, and/or capacities of YOUR AFFF PRODUCTS.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that the phrases "catalogues, statements, circulars, manuals, brochures, reports, and advertisements," and "virtues, qualities, characteristics, capabilities, and/or capacities," are vague and ambiguous as

used in this Request.  Arkema Inc. also objects to this Request on the grounds that it is

overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant

to any claims or defenses, insofar as it seeks documents regarding "AFFF Products" as broadly

defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and

that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a

reasonable search for, and produce responsive, non-privileged brochures and advertisements, if

any, regarding PFAS that was sold to AFFF manufacturers and that may have been incorporated

into AFFF.

### REQUEST FOR PRODUCTION NO. 37
All COMMUNICATIONS between you and any trade or industry organization, including, but
not limited to, the Manufacturing Chemists Association,  Chemical Manufacturers Association,
National Fire Protection Association, American Chemical Council, FluoroCouncil, and/or Fire
Fighting Foam Coalition (FFFC), concerning the breakdown in the environment and/or "fate and
transport," as used in this request, means where and how chemicals travel and persist or degrade
in the environment (including but not limited to all land, air and water) when chemicals are
released intentionally or unintentionally in the environment of any AFFF product or component
thereof into PFOA or PFOS.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that the phrases

"breakdown in the environment" and "components thereof" are vague and ambiguous as used in

this Request.  Arkema Inc. also objects to this Request on the grounds that it is overbroad, not

proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims

or defenses, insofar as it seeks communications concerning "AFFF product[s]" as broadly

defined in the Requests, without limitation to any PFAS that was sold to AFFF manufacturers

and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a

reasonable search for, and produce, responsive, non-privileged documents, if any, concerning the

"travel and persist[ance] or degrad[ation] in the environment" of PFAS that was sold to AFFF

manufacturers and that may have been incorporated into AFFF.

## REQUEST FOR PRODUCTION NO. 38
All DOCUMENTS concerning statements issued by your or on your behalf concerning the
HUMAN HEALTH EFFECTS associated with exposure to AFFF, PFOA, PFOS, and/or any
other PFAS.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that it is overbroad,

not proportional to the needs of this litigation, and seeks discovery that is not relevant to any

claims or defenses, insofar as it seeks documents concerning "PFOA, PFOS, and/or any other

PFAS," without limitation to any PFAS that was sold to AFFF manufacturers and that may have

been incorporated into AFFF.  Arkema Inc. also objects to this Request as overbroad and

improperly directed at Arkema Inc., insofar as Arkema Inc. has not manufactured or sold AFFF,

and therefore has not issued statements concerning the human health effects of AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a

reasonable search for, and produce, responsive, non-privileged documents, if any, concerning

PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

## REQUEST FOR PRODUCTION NO. 39
All COMMUNICATIONS between you and any GOVERNMENT authority, including, but not
limited to, the U.S. Environmental Protection Agency, Agency for Toxic Substances and Disease
Registry, and/or Centers for Disease Control and any other similar state authority, regarding any
TOXICOLOGICAL EFFECTS of AFFF, PFOA, PFOS, and/or any other PFAS, including any
DOCUMENTS submitted by you to those regulatory authorities regarding PFOA and/or PFOS.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that it is overbroad,

not proportional to the needs of this litigation, and seeks discovery that is not relevant to any

claims or defenses, insofar as it seeks any communications concerning "PFOA, PFOS, and/or

any other PFAS," without limitation to PFAS that was sold to AFFF manufacturers and that may

have been incorporated into AFFF.  Arkema Inc. also objects to this Request as overbroad and

improperly directed at Arkema Inc., insofar as Arkema Inc. has not manufactured or sold AFFF,

and therefore has not communicated with the referenced "Government authorit[ies]" regarding AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce, responsive, non-privileged documents, if any, concerning PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

## REQUEST FOR PRODUCTION NO. 40
All COMMUNICATIONS between you and any public relations and/or media consulting firms or agencies regarding any TOXICOLOGICAL EFFECTS of AFFF, PFOA, PFOS, and/or PFAS.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks any communications concerning any "PFOA, PFOS, and/or any other PFAS," without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.  Arkema Inc. also objects to this Request as overbroad, insofar as it has not manufactured or sold AFFF, and therefore has had no communications with any "public relations and/or media consulting firms or agencies" regarding AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce, responsive, non-privileged documents, if any, concerning PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

## REQUEST FOR PRODUCTION NO. 41
All DOCUMENTS regarding community exposure guidelines or screening levels for PFOA or PFOS, including all COMMUNICATIONS with THE GOVERNMENT or other MANUFACTURIING DEFENDANTS regarding community exposure guidelines or screening levels.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "PFOA or PFOS," without

limitation to such PFOA or PFOS that was sold to AFFF manufacturers and that may have been

incorporated into AFFF, any site identified in cases pending in this MDL, or any geographic

scope.  Arkema Inc. also objects to this Request on the grounds that the phrase "community

exposure guidelines or screening levels" is vague and ambiguous as used in this Request.

Notwithstanding and without waiver of its objections, Arkema Inc. states that, based on a

reasonable investigation, it does not possess documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 42**
All DOCUMENTS concerning your sale of fluorochemicals, fluorosurfactants, PFOS, PFOA,
and/or any other PFAS for use in manufacturing AFFF, including COMMUNICATIONS with
any MANUFACTURING DEFENDANTS.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that the phrase

"flourochemicals and flourosurfactants" are vague and ambiguous as used in this Request.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a

reasonable search for, and produce, responsive, non-privileged documents, if any, regarding the

sale of PFAS to AFFF manufacturers that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 43**
All DOCUMENTS regarding the biopersistence and/or the bioaccumulation of PFOA and PFOS.

**RESPONSE:**  Arkema Inc. objects to this Request on the grounds that it is overbroad,

not proportional to the needs of this litigation, and seeks discovery that is not relevant to any

claims or defenses, insofar as it seeks any documents concerning "the biopersistence and/or the

bioaccumulation of PFOA and PFOS," without limitation to PFOA or PFAS that was sold to

AFFF manufacturers and that may have been incorporated into AFFF, any site identified in cases

pending in this MDL, or any geographic scope.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a

reasonable search for, and produce, responsive, non-privileged documents, if any, concerning the

"biopersistence and/or the bioaccumulation of PFOA and PFOS" that was sold to AFFF

manufacturers and that may have been incorporated into AFFF.

## REQUEST FOR PRODUCTION NO. 44
All DOCUMENTS and COMMUNICATIONS regarding information YOU provided to
MANUFACTURING DEFENDANTS related to the design and/or formulation of YOUR AFFF
PRODUCT(S).

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that it is overbroad, not

proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims

or defenses, insofar as it seeks documents regarding "AFFF Products" as broadly defined in the

Requests, without limitation to PFAS that was sold to AFFF manufacturers and that may have

been incorporated into AFFF. Arkema Inc. also objects to this Request as improperly directed to

Arkema Inc., insofar as Arkema Inc. has not engaged in "the design and/or formulation of" PFAS

that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a

reasonable search for, and produce responsive, non-privileged documents, if any, regarding PFAS

that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

## REQUEST FOR PRODUCTION NO. 45
All DOCUMENTS and COMMUNICATIONS regarding information YOU provided to
MANUFACTURING DEFENDANTS related to the use of fluorosurfactants to make AFFF, or
the integration of fluorosurfactants into AFFF.

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that the phrases "use

of fluorosurfactants to make AFFF" and "integration of fluorosurfactants" are vague and

ambiguous as used in this Request.

Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a

reasonable search for, and produce, responsive, non-privileged documents, if any, regarding

PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 46**
All DOCUMENTS and COMMUNICATION regarding information YOU provided to
MANUFACTURING DEFENDANTS related to the chemical composition of fluorosurfactants.

  **RESPONSE:**  Arkema Inc. objects to this Request on the grounds the phrase "chemical

composition of fluorosurfactants" is vague and ambiguous as used in this Request.  Arkema Inc.

also objects to this Request on the grounds that it is overbroad, not proportional to the needs of

this litigation, and seeks discovery that is not relevant to any claims or defenses, to the extent it

pertains to "fluorosurfactants" that were not sold to AFFF manufacturers and that may have been

incorporated into AFFF.

  Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a

reasonable search for, and produce, responsive, non-privileged documents, if any, sufficient to

show the composition of PFAS that was sold to AFFF manufacturers and that may have been

incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 47**
All DOCUMENTS concerning studies or research conducted by you or on your behalf
concerning the use of surfactants other than PFOA or PFOS for use in your AFFF products.

  **RESPONSE:**  Arkema Inc. objects to this Request on the grounds that the term

"surfactants" is vague and ambiguous as used in this Request.  Arkema Inc. also objects to this

Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and

seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents

concerning "AFFF Products" as broadly defined in this Request, without limitation to PFAS that

was sold to AFFF manufacturers and that may have been incorporated into AFFF.

  Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a

reasonable search for, and produce responsive, non-privileged documents, if any, regarding

studies or research on the use of alternatives to PFOA or PFOS sold to AFFF manufacturers and

that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 48**

All DOCUMENTS concerning the effectiveness of surfactants that are not or do not degrade into PFOA or PFOS for use in your AFFF products.

    **RESPONSE:** Arkema Inc. objects to this Request on the grounds that the terms "surfactants" and "effectiveness" are vague and ambiguous as used in this Request. Arkema Inc. also objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "AFFF Products" as broadly defined in the Requests, without limitation to any PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

    Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged documents, if any, regarding the effectiveness of alternatives to PFOA or PFOS sold to AFFF manufacturers and that may have been incorporated into AFFF.

**REQUEST FOR PRODUCTION NO. 49**

All COMMUNICATIONS concerning the use of surfactants that are not biodegradable or do not degrade into PFOA or PFOS for use in your AFFF products.

    **RESPONSE:** Arkema Inc. objects to this Request on the grounds that the term "surfactants" is vague and ambiguous as used in this Request. Arkema Inc. also objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks documents concerning "AFFF Products" as broadly defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

    Notwithstanding and without waiver of its objections, Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged documents, if any, regarding the

biodegradability of any alternatives to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

## REQUEST FOR PRODUCTION NO. 50

All DOCUMENTS concerning the development and adoption of warning DOCUMENTS, instructions, and/or labels on AFFF and/or AFFF PRODUCTS.

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks any documents concerning "the development and adoption of warning documents, instructions, and/or labels on AFFF Products," without limitation to AFFF or any PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF, and without limitation to any warnings, instructions, and/or labels relevant to the subject matter of this litigation.

Notwithstanding and without waiver of its objections, Arkema Inc. states that it has not manufactured or sold AFFF, and therefore does not possess responsive documents regarding AFFF. Arkema Inc. will conduct a reasonable search for, and produce responsive, non-privileged warnings, instructions, and labels, if any, for PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

## REQUEST FOR PRODUCTION NO. 51

All patents held by Elf Atochem Corporation for YOUR AFFF PRODUCTS.

**RESPONSE:** Arkema Inc. objects to this Request on the grounds that it is overbroad, not proportional to the needs of this litigation, and seeks discovery that is not relevant to any claims or defenses, insofar as it seeks any documents concerning "AFFF Products" as broadly defined in the Requests, without limitation to PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

33

Notwithstanding and without waiver of its objections, Arkema Inc. states that it will conduct a reasonable search for, and produce responsive, non-privileged documents, if any, regarding PFAS that was sold to AFFF manufacturers and that may have been incorporated into AFFF.

Dated:  August 3, 2020

/s/ Daniel A. Spira
**SIDLEY AUSTIN LLP**
Maja C. Eaton
meaton@sidley.com
Sara J. Gourley
sgourley@sidley.com
Daniel A. Spira
dspira@sidley.com
One South Dearborn Street
Chicago, Illinois  60603
Tel:  (312) 853-7000

*Counsel for Arkema Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2020, I caused a true and correct copy of the foregoing

**DEFENDANT ARKEMA INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'**

**SECOND SET OF REQUESTS FOR PRODUCTION** to be served via email on Lead

Counsel and Liaison Counsel of record in the above-captioned action:

Michael A London
DOUGLAS & LONDON PC
59 Maiden Lane
6th Floor
New York, NY 10038
P:  (212) 566-7500
F:  (212) 566-7501
Email:  mlondon@douglasandlondon.com

Paul J. Napoli
NAPOLI SHKOLNIK PLLC
1301 Avenue Of The Americas
10th Floor
New York, NY 10019
P:  (212) 397-1000
F:  (646) 843-7603
Email:  pnapoli@napolilaw.com

Scott Summy
BARON &BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
P:  (214) 521-3605
Email:  ssummy@baronbudd.com

*Co-Lead Counsel for Plaintiffs*

Fred Thompson, III
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mt Pleasant, SC 29464
P:  (843) 216-9000
F:  (843) 216-9440
Email:  fthompson@motleyrice.com

*Liaison Counsel for Plaintiffs*

Joseph G. Petrosinelli
WILLIAMS &CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
P:  (202) 434-5547
F:  (202) 434-5029
Email:  jpetrosinelli@wc.com

*Co-Lead Counsel for Defendants*

David E. Dukes
NELSON MULLINS RILEY &SCARBOROUGH LLP
1320 Main Street
17th Floor
Columbia, SC 29201
P:  (803) 255-9451
F:  (803) 256-7500
Email:  david.dukes@nelsonmullins.com

*Co-Liaison Counsel for Defendants*

*/s/ Daniel A. Spira*