# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Order Relates To**<br>All Cases |

This matter is before the Court on Plaintiffs' Motion for Leave to File Sur-Reply Brief In Further Opposition to the Government's Omnibus Motion to Dismiss Based on the Discretionary-Function Exception (Dkt. No. 5991). The United States of America responded in opposition (Dkt. No. 6170), and Plaintiffs replied (Dkt. No. 6174). For the reasons set forth below, the Court grants Plaintiffs' motion.

Plaintiffs request leave to file a sur-reply limited to arguments regarding (1) whether Section 313 of the Clean Water Act effects a waiver of sovereign immunity for Plaintiffs' water-pollution claims and (2) whether the Federal Tort Claims Act effects a categorical waiver of immunity for state-law trespass claims. (Dkt. No. 5991 at 1). The United States oppose this request arguing that Plaintiffs, not the United States, raised these issues in their response and that the United States merely responded to Plaintiffs new arguments in its reply. (Dkt. No. 6170 at 2). The United States further argues that basic fairness requires denial of Plaintiffs' request because Plaintiffs first raised these theories five years into this litigation and allowing the sur-reply would further delay resolution of United States' subject matter jurisdiction arguments. (*Id.* at 5-6). The motion is now ripe for the Court's review.

The District of South Carolina Local Rules make no provision for sur-replies, and courts in this circuit generally only allow sur-replies when fairness dictates that a party be provided the opportunity to address an issue that was raised for the first time in a responsive briefing. See *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003) ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply"), aff'd, 85 F. App'x 960 (4th Cir. 2004); *DiPaulo v. Potter*, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010) ("Generally, courts allow a party to file a surreply only when fairness dictates based on new arguments raised in the previous reply."); *see also F.D.I.C. v. Cashion*, 720 F.3d 169, 176 (4th Cir. 2013) (finding the district court did not abuse its discretion in granting a motion to strike a sur reply because the district court's local rules made no provision for sur-replies, the reply brief did not raise a new legal theory or new evidence, and the court's decision was not inequitable); *Genesis Health Care, Inc. v. Soura*, 165 F. Supp. 3d 443, 456 (D.S.C. 2015) (allowing the plaintiff to file a sur-reply to address an issue first raised after a motion was fully briefed).

The Court, appreciating the United States' concerns, grants Plaintiffs' motion for leave to file their sur-reply because the Court would benefit from additional briefing on the issues identified by the Parties and because allowing this sur-reply will not further delay resolution of the United States' motions. Because the United States will not be prejudiced from consideration of the additional briefing, the Court exercises its discretion by permitting Plaintiff to file their sur-reply. Plaintiffs are directed to file the sur-reply within 3 days of this order.

Further, the Court permits the United States, if it so desires, to file a sur-sur-reply in response to Plaintiffs' sur-reply. The United States' sur-sur-reply shall be filed within 14 days of this Order.

                                               _s/Richard Mark Gergel_
                                               Richard Mark Gergel
                                               United States District Judge

October 29, 2024
Charleston, South Carolina