# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Document relates to:** ALL Cases |

**PLAINTIFFS' EXPEDITED MOTION TO COMPEL COMPLIANCE WITH RULE 30(B)(6) NOTICE OF DEPOSITION TO ARKEMA, INC.**

Plaintiffs submit this expedited motion to compel Arkema, Inc. ("Arkema") to comply with Plaintiffs' September 4, 2024, Notice of Deposition pursuant to Rules 30(b)(6) and Rule 37.

## I.     INTRODUCTION

Arkema was a market-leading producer of telomer fluorosurfactants in the United States, a founding member of the Fire Fighting Foam Coalition, and one of only eight signatories to the EPA Stewardship PFOA Stewardship Program. Arkema developed the Forafac line of fluorinated surfactants and gained market dominance by virtue of its AFFF-specific products, including Forafac 1157N and 1210, prior to selling the brand to DuPont in 2002.

Plaintiffs intend to depose Arkema regarding its corporate knowledge of fluorinated surfactants and its interactions with its customers, regulators, and end users. To that end, Plaintiffs served a Notice of Deposition upon Arkema on September 4, 2024,[1] which identified with particularity the subjects of testimony they wish to elicit from Arkema. Plaintiffs requested a deponent designee to speak to matters, without regard to any timeframe, on the issues surrounding Arkema's knowledge of the dangers of their fluorosurfactants, including:

---

[1] *See* Plaintiffs' Notice of Oral and Videotaped Deposition of Defendant Arkema Inc. ("NOD"), attached as Ex. A.

1

> The nature, extent, substance and timing of Defendant's knowledge of the chemical characteristics of PFOA precursors, PFOS, PFOA, and surfactants used in AFFF, including but not limited to their biopersistent and bioaccumulative nature, toxicity, their environmental persistence, their water soluble nature, fate and transport, and their thermal, chemical and biologically stability, and resistance to biodegradation.[2]

On November 1, 2024, Arkema responded to Plaintiffs' NOD with improper blanket objections.[3] Therein, Arkema unilaterally refused to produce a witness with knowledge after September 2002, despite itself being a present day PFAS manufacturer.[4] Arkema arrogated onto itself the authority to designate a witness to speak to corporate knowledge "limited to the time period during which Arkema Inc. sold such fluorosurfactants."[5] The parties have met and conferred in an effort to resolve the objection to no avail and thus bring this matter to the Court's attention. Given that this deposition, by agreement, is currently scheduled to be conducted with respect to Topics 1-2 of the NOD on December 13, 2024, Plaintiffs respectfully request consideration of this motion on an expedited basis.[6]

## II.  ARGUMENT

Corporations are not natural persons, so Rule 30(b)(6) exists to require a corporate defendant to designate a point person who will be "speaking for the corporation." *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C.), aff'd, 166 F.R.D. 367 (M.D.N.C. 1996). Rule 30(b)(6)

---

[2] *Id.* at 6 (topic #1).
[3] *See* Defendant Arkema Inc.'s Responses and Objections to Plaintiffs' Notice of Oral and Videotaped Deposition ("Responses and Objections"), attached as Ex. B.
[4] Responses and Objections, at ¶ 5.
[5] *Id.* at 4, Response to Subject No.1.
[6] It is also worth pointing out the further urgency in that it has taken a long time to schedule this deposition, there are additional outstanding deposition notices to Arkema that have not yet been scheduled, Arkema is a Defendant in the CMO 26 *Leach* bellwether cases, expert reports are due for the CMO 26 *Leach* Group A plaintiffs on or before January 24, 2025, and it is like that testimony from this deposition (and likely the others that have neem noticed) will be necessary for Plaintiffs' experts to consider.

permits a party issuing a deposition notice who "describe[s] with reasonable particularity the matters for examination," Fed. R. Civ. P. 30(b)(6), "[to] simply name the corporation ... as the deponent," [then] it becomes "the duty of the corporation to name one or more persons who consent to testify on its behalf ... as to matters known or reasonably available to the corporation." *Rosenruist-Gestao E Servicos LDA v. Virgin Enterprises Ltd.*, 511 F.3d 437, 445 (4th Cir. 2007), quoting 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2102, at 30–31 (2d ed.1994). "The responding entity, here the Defendant, then has an obligation to designate a person or persons prepared to testify "about information known or reasonably available to the organization" regarding those topics. . . . "If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation." *Atanassova v. Gen. Motors LLC*, No. 2:20-CV-01728-RMG, 2021 WL 1946520, at *1–2 (D.S.C. Mar. 12, 2021), quoting *US v. Taylor*, 166 F.R.D. at 361.

A corporate designee "is required to be reasonably and adequately prepared to answer questions about the relevant deposition topics." *Butler-Bohn v. Walmart, Inc.*, No. 7:22-CV-156-TMC-KFM, 2023 WL 11922158, at *2 (D.S.C. Feb. 3, 2023) (citations omitted). The designee must therefore prepare to testify beyond their own personal knowledge to matters known to the corporation as a whole, including opinions and beliefs of the corporation. *Tarokh v. Wal-Mart Stores E., LP*, 342 F.R.D. 383, 386–87 (D.S.C. 2022), citing *Atanassova v. General Motors, LLC*, No. 2:20-cv-01728-RMG, 2021 WL 1946520, at *1 (D.S.C. Mar. 12, 2021). *See also Chapman v. HHCSC, LLC*, No. 2:14-CV-00051-RMG, 2014 WL 12615705, at *4 (D.S.C. Dec. 9, 2014) (witness must be prepared to answer questions about Defendant's factual contentions regarding Defendant's claims and affirmative defenses). "Doing so may require extensive preparation,

3

document review, interviews, and other forms of investigation to reasonably identify the corporation's relevant knowledge and positions and educate the corporate designee on the same." *Butler-Bohn*, 2023 WL 11922158, at *2, citing *Taylor*, 166 F.R.D. at 361-62. "[A] corporation is expected to create an appropriate witness or witnesses from information reasonably available to it if necessary." *Id*. (citations omitted). Even though "preparing for a Rule 30(b)(6) deposition can be burdensome," that is "merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business." *Taylor*, 166 F.R.D. at 361.

"Producing an unprepared witness is tantamount to a failure to appear under Rule 37(d). *Atanassova*, 2021 WL 1946520, at *2 (citations omitted). Should Defendant fail to designate a prepared witness, Rule 37(d) permits the court to impose a panoply of sanctions that include: (1) "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims"; (2) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; (3) "striking pleadings in whole or in part"; (4) "staying further proceedings until the order is obeyed"; (5) "dismissing the action or proceeding in whole or in part"; or (6) "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi); *see also* Fed. R. Civ. P. 37(d)(3). In addition, the court may impose monetary sanctions related to the fees and costs incurred because of the failure. *Butler-Bohn*, 2023 WL 11922158, at *2. *See also U.S. v. Taylor*, 166 F.R.D. at 363.

Here, Plaintiffs set forth with particularity their deposition topics as forth in the NOD. Arkema objected and through those objections is attempting to unilaterally limit the relevant time

4

period to cease in 2002.[7] That objection is baseless and contrary to the robust scope of discovery permitted in this MDL.

Arkema was a major supplier of C8-based telomer surfactants to AFFF manufacturers including Ansul, National Foam, and Chemguard among others. Arkema sold its Forafac line of surfactants to DuPont in September 2002, but it continues to produce fluorinated products and engage with regulators through to the present day regarding its legacy use of PFOA precursors.[8] Of course, what Arkema may have said to regulators post-2002 about its legacy use of PFOA precursors is central to understanding of "*what Arkema knew and when*" about PFOA precursors both during the time it manufactured same and thereafter. Thus, the artificial time limitation unilaterally imposed by Arkema because of its corporate ownership machinations is baseless and arbitrary. Even today, Arkema denies any liability based on a risible state of the art defense, claiming that it was unknowable whether its Forafac products were capable of degrading into carboxylates such as PFOA, persistence in the environment, bio-accumulating in living beings, or evidencing toxic properties.[9] Thus critical to defeating this defense is discovering if and when Arkema became aware that its products were capable of degrading to carboxylates, including PFOA, and what Arkema may have done (or not done) with such knowledge when it learned of same.

Plaintiffs have asserted multiple theories of recovery including negligence. What Arkema knew *or should have known* regarding the environmental fate and risks posed by fluorinated

---

[7] Responses and Objections, at ¶ 5.
[8] https://www.arkema.com/global/en/social-responsibility/innovation-and-sustainable-solutions/responsible-product-management/pfas/arkema-comments-on-the-ue-pfas-restriction-proposal/, (*last accessed*, November 24, 2024).
[9] *See* General Denial and Preliminary Statement of Affirmative Defenses of Defendant Arkema Inc., at ¶ 21, attached as Ex. C.

5

products is not confined merely to the time Arkema was an active surfactant supplier to the AFFF market. Surfactants have a shelf-life measured in decades, and Arkema has an ongoing duty to identify the risks posed by its products and, at a minimum, to warn of those risks to its customers and end users who are still using Arkema's legacy products today.

Accordingly, Defendant should be compelled to produce an adequately prepared designee or be subject to an appropriate sanction.

### III. CONCLUSION

For the reasons set forth above, Arkema should be compelled to prepare and produce a witness to speak for the corporation regarding each of the Topics identified in the NOD from the date Arkema first began to develop Forafac to present. Further, as set forth above, Plaintiffs respectfully request that this motion be given expedited consideration given that the parties have scheduled Topics 1-2 of the NOD for December 13, 2024, and thus seek the Court's assistance on the proper temporal scope of the inquiry on those topics

Dated: November 25, 2024                    Respectfully submitted,

/s/ Fred Thompson
Fred Thompson, III
Motley Rice LLC
28 Bridgeside Blvd.,
Mt. Pleasant, SC 29464
Tel: (843) 216-9000
fthompson@motleyrice.com

*Plaintiffs' Liaison Counsel*

-and-

/s/ Michael A. London
Michael A. London
Douglas and London P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
(212) 566-7500

(212) 566-7501 (fax)
mlondon@douglasandlondon.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Tel: (214) 521-3605
ssummy@baronbudd.com

Joseph Rice
Motley Rice LLC
28 Bridgeside Blvd.,
Mt. Pleasant, SC 29464
Tel: (843) 216-9000
jrice@motleyrice.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF on this 25th day of November, 2024 and was thus served electronically upon counsel of record.

/s/ Fred Thompson, III