**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Order Relates To**<br>No. 20-cv-209;<br>No. 21-cv-3181;<br>No. 18-cv-3438;<br>No. 20-cv-257;<br>No. 20-cv-302;<br>No. 20-cv-301. |

Before the Court is Plaintiffs' Motion for Protective Order. (Dkt. No. 6306). Defendants responded in opposition (Dkt. No. 6356), and Plaintiffs have replied (Dkt. No. 6382). For the reasons set forth below, the Court denies Plaintiffs' motion.

**I.      Background**

Through the Personal Injury Bellwether Program, the Court has selected a group of nine plaintiffs for inclusion in the Tier Two Personal Injury Bellwether Trial Pool. (Dkt. No. 5361). Six of the nine plaintiffs are in an initial subgroup called Group A. (*Id.*) The Group A Plaintiffs allege that their injuries of kidney cancer and testicular cancer were caused by exposures to PFAS that originated in Defendants' AFFF products. The parties are currently conducting fact discovery related to these Group A cases. (Dkt. No. 6237).

As part of this discovery, Defendants have deposed witnesses, including the Group A Plaintiffs themselves, and served interrogatories on the Plaintiffs. In the current motion, Plaintiffs seek a protective order to (1) prohibit Defendants from asking allegedly harassing, intimidating, and annoying deposition questions and (2) require Defendants to limit the scope of certain interrogatories. (Dkt. No. 6306).

1

The parties have fully briefed this matter (Dkt. Nos. 6306, 6356, and 6382) and it is now ripe for the Court's review.

## II.     Standard

Rule 26 provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Rule 26 also "provides for broad discovery." *Nallapati v. Justh Holdings, LLC*, 2022 WL 274405, at *2 (E.D.N.C. Jan. 28, 2020); *see also* Fed. R. Civ. P. 26(b)(1). Therefore, the "standard for issuance of a protective order is high." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124 (D. Md. 2009). "A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden." *Artis v. Murphy-Brown LLC*, 2018 WL 3352639, at *2 (E.D.N.C. July 9, 2018).

> [C]ourts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause. This recognizes that the existence of good cause for a protective order is a factual matter to be determined from the nature and character of the information sought by deposition or interrogatory weighed in the balance of the factual issues involved in each action.

8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Fed. Practice & Procedure § 2035 (2d ed. 2009).

## III.     Discussion

### A. Deposition Conduct

Plaintiffs object to questioning by the defense on personal matters of a particular Group A Plaintiff, Kevin Voelker. Plaintiffs argue that Defendants have strayed from questioning related to the root causes of Mr. Voelker's kidney cancer and PFAS exposure. Plaintiffs, on this basis, object to questions related to Mr. Voelker's divorce, a reprimand Mr. Voelker received at work, Mr.

Voelker's use of household items such as toilet paper, condoms, and dental floss, Mr. Voelker's political affiliations, and expenses for Mr. Voelker's son's wedding. (Dkt. No. 6306 at 2). Defendants argue that that these questions were asked to explore potential causes for Mr. Voelker's claims of emotional and mental distress and that the discovery is routine on issues Plaintiffs themselves have raised. (Dkt. No. 6356 at 13).

Plaintiffs have not shown good cause for a protective order prohibiting Defendants from asking questions related to Mr. Voelker's personal matters. Some of the questions identified by Plaintiffs are related to alternative explanations for Mr. Voelker's claims for emotional and mental distress, which could be relevant to both damages and liability. Other questions are related to alternate sources of exposure to PFAS through other household products, which is also relevant to Defendant's liability. Any harm or embarrassment that Mr. Voelker or other witnesses may suffer from these questions is not outweighed by the factual issues involved. Accordingly, the Court finds that the defense questions regarding Mr. Voelker's personal matters are proper.

**B. Interrogatories**

Plaintiffs contend that Defendants served unduly burdensome interrogatories on all six Group A Plaintiffs. Specifically, the Group A Plaintiffs seek a protective order with respect to the interrogatories like the following:

> **INTERROGATORY NO. 1:** Please identify whether you have ever used or consumed each of the following products. If you answer this Interrogatory in the affirmative as to any product below, please state how many times per month you use or consume the item and every brand that you recall having used or consumed. If your use or consumption of the item has changed over time (for example, you used to use a product regularly but no longer do so, or you use a product seasonally rather than monthly), please explain in your response.
>
> a) Dental floss
> b) Non-stick cookware

3

c)  Facial tissue

d)  Toilet paper

e)  Contact lenses

f)  Adhesive bandages

g)  Parchment paper

h)  Condoms

i)  Dishwasher detergent

j)  Laundry detergent

k)  Bottled water

l)  Fast food (i.e. food purchased from a restaurant that has a drive-thru or carry-out, including, but not limited to, McDonald's, Wendy's, Subway, Burger King, KFC, Chick-fil-a, and Popeye's)

m) Waterproof, longlasting, or smudgeproof makeup (i.e. waterproof mascara, long lasting lipstick or lip stain)

n)  Nail polish

o)  Mouthwash

p)  Microwave popcorn

q)  Shrimp

r)  Lobster

s)  Tuna

t)  Cod

u)  Clams

v)  Other Fish or Shellfish (if yes, please identify types consumed)

w)  Muffins

x)  Other foods that contain flour (i.e. breads, crackers) (if yes, please identify types consumed)

y)  Carpet cleaner

z)  Fabric protector

aa) Spray paint

bb) House paint (interior or exterior)

cc) Car wash soap

dd) Car wax

ee) Ski wax

ff) Countertop sealer

gg) Water repellant sprays (i.e., for fabric, glass)

hh) Stain resistant sprays (i.e., for upholstery, clothing, carpet0

ii) Anti-fog spray or wipes

jj) Calks

kk) Wood stain and sealers

ll) Floor wax

mm)    Grout cleaners.

Similar interrogatories were served on all six Group A Plaintiffs. Plaintiffs argue that the interrogatories are procedurally improper because it contains 39 subparts and CMO No. 26E,

4

which governs discovery for the Personal Injury Bellwether, limits interrogatories propounded in Tier Two discovery to five. Primarily, Plaintiffs argue that the substance of the interrogatory is improper as unreasonable, overly burdensome, and unanswerable. Defendants argue that this discovery is related to Plaintiff's alternative PFAS exposures and is plainly relevant to the issue of causation.

Defendants have proposed a revised pared down version of the interrogatory to Plaintiffs, but Plaintiffs maintain their objections. The revised interrogatory includes a shorter list of subparts (a-w) and has check boxes to indicate how often the product is used (daily, weekly, or monthly; a few times a year; rarely; and never). (Dkt. No. 6306 at 17-18).

Plaintiffs have not shown good cause for a protective order requiring Defendants to limit the scope of the interrogatories at issue. The information sought is related to other potential sources of PFAS exposure, which is clearly relevant to the issue of causation and ultimately Defendants liability. Additionally, the Court finds that answering the interrogatory is not overly burdensome or unanswerable and agrees with Defendants that the interrogatories relate to matters of everyday life that Plaintiffs should be able to easily answer. Accordingly, the Court finds that the interrogatories are proper and directs the Plaintiffs to respond.

## IV.    Conclusion

For the reasons stated above, the Court **DENIES** Plaintiffs' motion (Dkt. No. 6306).


  s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 2, 2024
Charleston, South Carolina

5