**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> CASE MANAGEMENT ORDER NO. 26G <br><br> This Order Relates to All Actions |

The Parties have jointly moved the Court to amend the schedule for the completion of Group A personal injury bellwether expert discovery. (Dkt. No. 6531). The Court grants-in-party and denies-in-part the Parties' motion.

**SCHEDULING ORDER GOVERNING INITIAL PERSONAL INJURY
BELLWETHER TRIAL POOL CASES (GROUP A CASES)**

The Court hereby issues the following Case Management Order ("CMO") to govern the schedule for completing further discovery, expert disclosures, expert discovery, trial selections, and dispositive motion practice, and amends the initial trial date for the Tier 2 Group A cases selected by the Court by Order dated July 19, 2024 [ECF 5361].

**General Schedule for Tier 2 Group A Cases**

1.      The Parties shall conduct any additional fact discovery related to Group A cases from July 16, 2024 until December 16, 2024 (Tier 2 Discovery); notwithstanding, the parties need to respond to discovery already propounded and/or requested or which is necessary to facilitate responses to discovery that has been propounded and/or requested, take depositions already noticed or that have been requested, and/or to comply with any Orders of the Court regarding these discovery matters, even if the date of compliance is after December 16, 2024.

2.      Absent agreement of the Parties or good cause shown, the Parties shall be entitled to serve additional written discovery in the form of requests for documents, interrogatories or requests

1

for admissions but shall be limited to no more than five additional document requests and five additional interrogatories beyond those served in Tier 1 Discovery, which shall not be duplicative of prior requests or information provided in depositions. This does not alter the Parties' continuing duty to supplement any prior responses as appropriate.

3. The Parties shall confer and coordinate on the scheduling of any non-party depositions. While non-party depositions are encouraged to be completed during Tier 2 discovery, the Parties may, by agreement only, conduct third party depositions at any time before the end of expert discovery and in accordance with CMO 22D.

4. Following the conclusion of Tier 2 Group A Discovery, the Parties shall exchange expert discovery related to the Group A Initial Personal Injury Bellwether Trial Pool Plaintiffs according to the following schedule:

    a. On or before February 12, 2025, Plaintiffs shall make expert witness exchanges pursuant to Fed. R. Civ. P. 26(a)(2).

    b. On or before April 9, 2025, Defendants shall make expert witness exchanges pursuant to Fed. R. Civ. P. 26(a)(2).

    c. On or before April 22, 2025, Plaintiffs shall make any rebuttal expert witness exchanges pursuant to Fed. R. Civ. P. 26(a)(2).

    d. Along with any Rule 26(a) expert disclosures, the Parties shall provide at least two dates when an expert is available for their deposition prior to the deadline set forth in Paragraph 4(e).

    e. Depositions of Group A designated experts shall be completed by May 27, 2025. Expert depositions shall not commence until all expert reports have been tendered, although if a given expert does not intend to tender a rebuttal report, the Parties may start the deposition(s) of such experts before April 22, 2025. Absent agreement of the Parties, the deposition of an expert designated by Plaintiff shall be completed prior to the deposition of the corresponding expert (e.g., same discipline) designated by one or more defendants.

    f. The Parties intend that the limitations on expert discovery set forth in Rule 26 of the Federal Rules of Civil Procedure, including the provisions of Rule 26(b)(4)(A)-(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, shall

apply.

5. Trial Designations and Motion scheduling for Group A Plaintiffs shall proceed as follows: By no later than April 22, 2025, the Parties shall meet and confer as to which of the Group A cases shall move forward with motion practice and trial, as well as a briefing schedule for summary judgment and *Daubert* motions.

   a. By May 6, 2025, the Parties shall file joint or competing proposals for which of the Group A cases shall move forward with motion practice and trial.

   b. Summary Judgment Motions and/or Rule 702 Motions shall be on the following schedule and filed as to the trial case(s) only:

      i. Summary judgment motions and/or Rule 702 Motions to be filed by: June 17, 2025.

      ii. Responses to Dispositive Motions and/or Rule 702 Motions to be filed by: July 17, 2025.

      iii. Replies in Support of Dispositive Motions and/or Rule 702 Motions to be filed by: July 31, 2025.

6. Within 14 days of the Court's selection of the Group A cases that will move forward with motion practice and trial, the Parties will propose a Case Management Order to submit to the Court for approval that will set forth the final pre-trial schedules and deadlines for the Group A trial Case(s), which shall include schedules and deadlines for the following: (1) motions *in limine*, oppositions, replies, and argument(s), (2) deposition designations, counter designations and objections, including objections to counter designations and reply designations; (3) fact witness and expert witness lists; (4) exhibit lists and objections; (5) proposed jury instructions; (5) proposed *voir dire* process, including a questionnaire, if any; (6) a date for a final pre-trial conference; and (6) any other deadlines and hearings as the Court requires.

7. The Court sets the initial Tier 2 Group A trial date for October 20, 2025.

**IT IS SO ORDERED.**

3

Dated: January 8 , 2025

Charleston, South Carolina

<u>s/Richard M. Gergel</u>

Hon. Richard M. Gergel
United States District Judge