**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Order Relates To**<br>All cases |

This matter is before the Court on the United States of America's Fed. R. Civ. P. 12(b)(1) global motions to dismiss for lack of jurisdiction. (Dkt. Nos. 4548, 4550). For the reasons set forth below, the Court denies the motions without prejudice.

**I.    Background**

The Judicial Panel on Multidistrict Litigation centralized in this Court cases involving claims that aqueous film-forming foams ("AFFF") had contaminated local ground water and drinking water supplies in communities across the United States. This Multi-District Litigation ("MDL") now contains over eight thousand pending actions.

The United States is a defendant in at least thirty cases in this MDL. The cases generally allege that the United States military's use and handling of AFFF at specific military installations, primarily Air Force bases, contaminated nearby water and land with PFAS. Twenty-seven of the cases pending against the United States bring claims under the Federal Tort Claims Act ("FTCA"). Seven cases assert claims for injunctive relief seeking to compel the United States to investigate and remediate PFAS contamination from a total of nine specific facilities.

The United States sought a global resolution of these claims by arguing that any claims under the FTCA are barred under the Discretionary Function Exception and that any claims for

injunctive relief are barred by Section 113(h) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). (Dkt. Nos. 4548, 4550). Specifically, in its FTCA motion, the United States moves to dismiss all tort claims brought against it under the FTCA by arguing that it is immune from those claims under the FTCA's Discretionary Function Exception. (Dkt. Nos. 4548). In its CERCLA motion, the United States moves to dismiss claims seeking injunctive relief by arguing that CERCLA Section 113(h) strips the court of jurisdiction over claims challenging the Government's response actions under CERCLA. (Dkt. No. 4550). Both motions were fully briefed, and the Court held oral arguments on the motions. (Dkt. Nos. 4849, 4850, 5614, 5621, 6316 6340, 6662). The motions are ripe for review.

II. **Standard**

The Government's motions were brought pursuant to Fed. R. Civ. P. 12(b)(1) asserting that the Court lacks subject matter jurisdiction over the claims mentioned above.

A defendant may challenge subject matter jurisdiction in one of two ways. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). First the defendant may contend "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Id.* When a defendant makes a facial challenge to subject matter jurisdiction, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction. *Id.*

In the alternative, the defendant can contend "that the jurisdictional allegations of the complaint [are] not true." *Id.* The plaintiff in this latter situation is afforded less procedural protection: if the defendant challenges the factual predicate of subject matter jurisdiction, a trial court may then go beyond the allegations of the complaint and determine if there are facts to

support the jurisdictional allegations without converting the motion to a summary judgment proceeding. *Id.* In that situation, the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction. *Id.*

The Court need not resolve all factual disputes when the jurisdictional facts and the facts central to a tort claim are inextricably intertwined. *See United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009). When jurisdictional facts and facts central to a tort claim are inextricably intertwined, "a trial court should dismiss under Rule 12(b)(1) only when the jurisdictional allegations are clearly immaterial and made solely for the purpose of obtaining jurisdiction." *Kerns v. U.S.*, 585 F.3d 187, 192 (4th Cir. 2009). Indeed, in all situations, the Court should grant a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

### III.     Discussion

To determine whether global resolution of the Government's arguments was appropriate, the Court requested site-specific briefing in addition to the Government's global jurisdictional motions. (Dkt. No. 3030). The Plaintiff's Executive Committee chose Cannon Air Force Base ("CAFB") for the site-specific briefing. There are five cases associated with CAFB. Four of the cases were brought by dairy farms neighboring CAFB and asserted tort claims under the FTCA. The fifth case was brought by the State of New Mexico and asserted claims seeking injunctive relief. The Government, in its site-specific motion, moved to dismiss the diary farms' FTCA claims under the Discretionary Function Exception and New Mexico's injunctive relief claims under

CERCLA Section 113(h). The Court granted-in-part and denied-in-part the Government's site-specific motion.

In reaching its decision, the Court appreciated the fact intensive nature of both jurisdictional defenses the Government asserts. For the Discretionary Function Exception, the Court analyzed an operating instruction issued locally at CAFB, specific instances of AFFF releases due to human error, and deposition testimony of CAFB's water quality engineer. For CERCLA, the Court analyzed the current cleanup efforts at CAFB.

Based on this experience, the Court finds that a global resolution of the Government's jurisdictional arguments is not appropriate because material jurisdictional facts at the outstanding sites are still in dispute. The Court finds that it cannot resolve the Government's jurisdictional arguments without site-specific records and briefing and therefore denies the Government's global motions without prejudice.

## IV. Conclusion

The Court **DENIES** without prejudice the Government's motions to dismiss (Dkt. Nos. 4548, 4550). The Court directs the parties to conduct site-specific discovery and briefing at the remaining sites as follows:

- the parties shall undertake jurisdictional discovery at the remaining sites and complete this discovery within 90 days of this Order;
- the Government shall file site-specific motions to dismiss within 30 days of the completion of jurisdictional discovery;
- site-specific plaintiffs shall respond within 30 days of the Government's motions; and

- the Government shall file any replies within 15 days of the site-specific plaintiffs' responses.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel<br>
Richard Mark Gergel<br>
United States District Judge

February 27, 2025
Charleston, South Carolina