# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| The City of Columbia d/b/a Columbia Water<br><br>     Plaintiff,<br>vs.<br><br>3M Company, Inc.; Daikin America, Inc.; Daikin Applied Americas, Inc.; EIDP, Inc. f/k/a E.I. du Pont de Nemours and Company; DuPont De Nemours, Inc.; Cri-Tech, Inc.; MDA Manufacturing, Inc; The Chemours Company; Ascend Performance Materials, Inc.; Ascend Performance Materials Operations, LLC; BASF Corporation; Burlington Industries, Inc.; Cintas Corporation No. 2 d/b/a Cintas Cleanroom Corporation; Cone Mills Receiver, LLC; Comp X, LLC; CompX International, Inc.; CompX Marine, Inc.; CompX Security Products, Inc.; CPJ Technologies, Inc.; Jan-Chem, Ltd.; Ulterion International, LLC; Ulterion International Exports, II, Inc.; Masha, LLC; DayStrong Rubber Products, LLC; Dodge Industrial, Inc. f/k/a Dodge Mechanical Power Transmission Company, Inc.; Elevate Textiles, Inc. f/k/a Safety Components International, Inc. f/k/a International Textile Group, Inc.; Fibertex Nonwovens, Inc.; FUJIFILM Holdings America Corporation; FUJIFILM Manufacturing U.S.A., Inc; GE Gas Turbines (Greenville), L.L.C.; Greif Packaging, LLC; Holly Oak Chemical, Inc.; Milliken & Company; Mitsubishi Chemical America, Inc.; Nicca USA, Inc.; Oppermann Webbing, Inc.; QualaWash Holdings, LLC; Roll Technology Corporation f/k/a Carolina Plating Company, Inc.; Royal Adhesives & Sealants, LLC; Saati Advanced Chemicals, LLC; Saati Americas Corporation; Safety Components Fabric Technologies, Inc.; Shaw Industries Group, Inc.; Solvay Specialty Polymers USA, LLC; Saint- | MDL No. 2:18-mn.2873-RMG<br><br>This Document Relates to:<br>2:24-cv-03794-RMG<br><br>**PLAINTIFF THE CITY OF COLUMBIA D/B/A COLUMBIA WATER'S RENEWED MOTION TO REMAND OR IN THE ALTERNATIVE, MOTION TO TRANSFER** |

1

| |
|---|
| Gobain Abrasives, Inc.; T & S Brass and Bronze Works, Inc.; Teijin Carbon America, Inc.; Tietex International, LTD; Toray Composite Materials America, Inc.; Toray Industries (America), Inc.; Unichem Specialty Chemicals, LLC; Unifirst Corporation; and VLS Piedmont, LLC; |
| Defendants. |

COMES NOW, the City of Columbia d/b/a Columbia Water ("Columbia") and respectfully submits this Renewed Motion to Remand, or in the Alternative, Motion to Transfer and Memorandum Brief in Support thereof. This matter is due to be remanded to the Richland County Court of Common Pleas, where jurisdiction is proper, or in the alternative, transferred from the AFFF MDL Docket. As grounds, Columbia sets forth as follows:

1. On June 4, 2024, Columbia filed suit against 3M and others for damages related to PFAS[1] pollution of its source water and wastewater. (*See generally* Amended Complaint, ECF No. 1-2.)

2. On July 2, 2024, 3M filed its Notice of Removal, arguing that it is entitled to removal under 28 U.S.C. § 1442(a)(1). (*See* Notice of Removal, ECF No.1, at ¶ 20.)

---

[1] PFAS refers to a family of chemicals used to impart non-stick, stain resistant, and heat resistant properties to textiles and other mediums. Columbia's Complaint defines PFAS as follows: "Unless otherwise delineated, the term "PFAS" or "PFAS Chemicals" in this Complaint refers to any per- or poly-fluoroalkyl substance that contains at least one fully fluorinated methyl or methylene carbon atom (without any hydrogen, chlorine, bromine, or iodine atom attached to), collectively, related chemicals that degrade to PFAS/PFOA/PFOS, and any precursors to PFAS/PFOA/PFOS, including, but not limited to, PFOA, PFOS, Gen-X, HFPO-DA, NEtFOSAA, NMeFOSAA, PFBS, PFDA, PFDoA, PFHpA, PFHxS, PFNA, PFTrDA, PFTA, PFUnA, 11Cl0PF3OUdS, 9Cl-PF3ONS, ADONA, PFPeS, PFHpS, 4:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), 6:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), 8:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), PFBA, PFPeA, PFMBA, PFMPA, PFEESA, and NFDHA. It is Columbia's intention that this definition is as broad, expansive, and inclusive as possible."

2

3.     3M argues that because it because it produced a *de minimis* amount of "MilSpec AFFF"—a firefighting foam used by the United States Military—that it is entitled to federal officer removal. (*Id.* at ¶¶ 20, 27, 30, 32).

4.     The same arguments and authorities 3M now recycles have been rejected numerous times already, including by this Court. *See e.g. In re Aqueous Film-Forming Foams Prod. Liab. Litig.*, No. MDL 2:18-MN-2873-RMG, 2022 WL 4291357, *5-8 (D.S.C. Sept. 16, 2022).

5.     Previously, an express disclaimer of federal jurisdiction and acts giving rise to federal jurisdiction was sufficient to foreclose 3M's federal officer removal argument. *See e.g. New Hampshire*, 665 F.Supp.3d at 227; *Maine v. 3M Co.*, 2023 WL 4758816 at *10; *Illinois,* 693 F.Supp.3d at 958 (C.D. Ill. Sept. 21, 2023); *Maryland*, 2024 WL 1152568, at *3; *Grosch v. Tyco Fire Products LP*, No. cv-23-01259, 2023 WL 5993548, at *4 (D. Arizona Sept. 15, 2023); and *AFFF MDL; The State of South Carolina v. 3M Company* et al., No. 2:23-cv-05979-RMG (D.S.C., Charleston Division).

7.     However, the States of South Carolina and Maryland sued 3M Co. in their respective state courts for PFAS-related damages to their natural resources. *Maryland v. 3M Co.*, No. 24-1218, 2025 WL 727831 (4th Cir. Mar. 7, 2025). The cases were ultimately remanded to state court and 3M appealed both remand decisions, which appeals were consolidated for appellate review. *Id.* at 8-9. On March 7, 2025, in a split panel decision, the Fourth Circuit majority rejected that the States' disclaimers were dispositive and reversed the district court's remand decisions and instructed the district court to further consider the "acting under" and "colorable federal defense" elements of federal officer removal. *Id.* at 20-21.

8.     Because this opinion was published during the pendency of the briefing period, this Court extended the deadline to submit a new brief within 30 days. (Dkt. Nos. 6789-90.) Columbia

3

submits this Renewed Motion to Remand and Brief pursuant to this Court's March 14, 2025 Text Order.

9. On March 21, 2025, the States filed a Petition for Rehearing En Banc before the 4th Circuit. *State of Maryland v. 3M Co.*, Nos. 24-1218, 24-1270, Doc. 62 (March 21, 2025). The Petition argues that the federal officer removal statute does not allow a defendant to "change the conduct charged in a plaintiff's complaint" and that a reviewing court does not automatically have to credit 3M's "theory of charged conduct." *Id.* at 7, 12. This Petition has been granted, and briefing has been ordered on this issue.[2] *State of Maryland v. 3M Co.*, Nos. 24-1218, 24-1270, Doc. 64 (March 31, 2025).

10. Notwithstanding Columbia's express disclaimer of "MilSpec AFFF" related damages, 3M still cannot show (1) that it was a "person acting under" a federal officer, *see e.g., Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007); *Ripley v. Foster Wheeler LLC*, 841 F.3d 207, 209 (4th Cir. 2016); (2) that it has a "colorable federal defense," *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999); and (3) that the charged conduct was carried out for or in relation to the asserted official authority, *see* 28 U.S.C. § 1442(a)(1).

11. Moreover, 3M's Removal runs afoul of well-established principles set forth by the Judicial Panel for Multi-District Litigation . *See* Order Denying Transfer, MDL No. 2873, at p. 1-4 (J.P.M.L., Feb. 12, 2025).

---

[2] While these issues have yet to fully resolve, Columbia believes these arguments to be sound, and reserves the right to revive, re-adopt, and re-assert all arguments from its original Motion to Remand (ECF No. 44) regarding the effect of the explicit disclaimer set forth in its Amended Complaint.

12. As the party seeking removal, 3M bears the burden of establishing federal officer jurisdiction. *W. Virginia State Univ. Bd. of Governors v. Dow Chem. Co.*, 23 F.4th 288, 297 (4th Cir. 2022).

13. While 3M argues that it was subject to "rigorous military specifications," this Court has already considered and rejected these factual arguments. *See In re Aqueous Film-Forming Foams Prod. Liab. Litig.*, No. MDL 2:18-MN-2873-RMG, 2022 WL 4291357, at *6-8 (D.S.C. Sept. 16, 2022).

14. The military specifications for "MilSpec AFFF" were simply a performance specification, which gave manufacturers the "greatest flexibility as to how they would meet AFFF MilSpec's requirements." Furthermore, these military specifications did not mandate the use of PFOA or PFOS, and hundreds of different PFAS compounds meet the "fluorocarbon surfactants" guidance, which was left up to the manufacturer. *Id.*

15. Thus, 3M cannot show the "intense direction and control" by the federal government necessary to satisfy the "acting under" element of federal officer removal. *See Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 230-31 (4th Cir. 2022).

16. Even if 3M were to show it was "acting under" a federal directive, 3M still must "demonstrate that . . . there is a casual nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims." *Grosch*, 2023 WL 5993548, at * 4; *see also New Hampshire v. 3M Company*, 665 F. Supp. at 227 (citing *Baker v. Atlantic Richfield Co.*, 962 F.3d 937, 943-44 (7th Cir. 2020)).

17. In making this showing, 3M "cannot manufacture a claim that does not already exist in the complaint, so that [it] can then assert a federal defense to that claim to serve as a basis for federal jurisdiction." *Id.* at * 5, (quoting *Young v. Chemguard*, No. CV-21-00568 PHX-SPL,

5

2021 WL 2070445 (D. Ariz. May 24, 2021), *aff'd sub nom. Young v. Tyco Fire Prod., LP*, No. 21-15912, 2022 WL 486632 (9th Cir. Feb. 17, 2022)).

18.     A "colorable federal defense" exists only "where (1) the federal government approved reasonably precise specifications, (2) the manufactured equipment conformed to the government's specifications, and (3) the contractor warned the federal government about the equipment dangers that were unknown to the government." *Maryland*, 2024 WL 1152568 at * 3 (quoting *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988)).  In other words, 3M must be able to demonstrate that it can present evidence for each element of the *Boyle* government contractor defense. As further described in Columbia's memorandum in support, 3M cannot meet this requirement.

19.     This Court concluded that after years of litigation and discovery "as a matter of law that the AFFF MilSpec is not a reasonably precise specification under the first prong of *Boyle*" and 3M could not establish the *Boyle* elements in the context of MilSpec AFFF. *In re Aqueous Film-Forming Foams Prod. Liab. Litig.*, No. MDL 2:18-MN-2873-RMG, 2022 WL 4291357, *5-8 (D.S.C. Sept. 16, 2022) (denying 3M and other Defendants' Motion for Summary Judgment on Government Contractor Defense under *Boyle*).  Given this, the federal contractor defense is not available to 3M on its merits.

20.     In consideration of the foregoing, 3M's removal argument under 28 U.S.C. 1442(a)(1) fails because it does not have a colorable federal defense, nor can 3M show it was "acting under" a federal officer or its acts have any "nexus" to federal authority.  Accordingly, this matter is due to be remanded to the Richland County Court of Common Pleas.

21. These arguments and legal authorities are more fully detailed in Columbia's Memorandum in Support of its Renewed Motion to Remand or in the Alternative to Transfer, filed contemporaneously herewith.[3]

WHEREFORE, premises considered, Columbia respectfully requests that this Court grant Columbia's Motion to Remand this case to the Richland County Court of Common Pleas.

Respectfully submitted,

s/Amy L.B. Hill
Amy L.B. Hill, Fed Id. 7696
William C. Lewis, Fed Id. 12076
Richardson Thomas, LLC
1513 Hampton Street
Columbia, South Carolina 29201
T: 803-281-8150
F: 803-632-8263
amy@richardsonthomas.com
will@richardsonthomas.com

***Attorneys for Plaintiff***

Pursuant to CMO 2A, filed with the Approval of,

s/Scott Summy
Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Ave., #1100
Dallas, TX 75219
T: 214-521-3605
F: 214-520-1181
ssummy@baronbudd.com

***Plaintiff's Co-Lead Counsel***

April 10, 2025

---

[3] In accordance with Chamber's preferences courtesy copies of this motion and all renewed motions to remand will be submitted together via courier after the filing of the last renewed motion.