**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) MDL No. 2:18-mn-2873-RMG ) ) ) **This Document Relates to:** ) ) See list of case numbers included in ) Exhibit A ) |

**DEFENDANTS' MOTION TO DISMISS ENTIRE ACTION(S) FOR FAILURE TO COMPLY WITH SECOND AMENDED CASE MANAGEMENT ORDER NO. 28**

Pursuant to Second Amended Case Management Order No. 28 ("Second Amended CMO 28") [ECF Dkt. No. 4985], the Defense Leadership respectfully submits this Motion requesting that each action listed on **Exhibit A** be dismissed with prejudice, in its entirety, as all of the Plaintiffs remaining in those actions have failed to comply with the requirements set forth in Second Amended CMO 28. The Defense Leadership additionally requests that such dismissal include the dismissal of any derivative loss of consortium claims for the underlying dismissed claims. The grounds for this motion are as follows:

1. Paragraph 6 of Second Amended CMO 28 defines Unlisted Claims as claims not identified by Case Management Order 26 [ECF Dkt. No. 3080], not identified by the Plaintiffs' Executive Committee's response to Paragraph 1 of Case Management Order No. 28 [ECF Dkt. No. 4683], and not pregnancy-induced hypertension or high cholesterol. Therefore, Unlisted Claims include any alleged personal injury claims other than those for kidney cancer, testicular cancer, hypothyroidism/thyroid disease, ulcerative colitis, liver cancer, thyroid cancer, pregnancy-induced hypertension, and high cholesterol.

    2.    Paragraph 6 of Second Amended CMO 28 subjects Plaintiffs with Unlisted Claims to certain requirements; specifically as relevant to this motion:

        a.    Any Plaintiffs who direct-filed lawsuits in the MDL or who had their lawsuits transferred to the MDL after April 24, 2024 that allege Unlisted Claims shall have 90 days from the date of filing or transfer to dismiss their Unlisted Claims without prejudice, unless within 180 days of the filing or transfer they tender complete medical records for the Unlisted Claims to the Defendants named in the action and within 240 days of the filing or transfer tender to Defendants named in the action expert reports compliant with Federal Rule of Civil Procedure 26 on general and specific causation for the specific diseases or conditions (*i.e.* the Unlisted Claims) they seek to pursue.

    3.    Paragraph 6.f. of Second Amended CMO 28 states that "[f]ailure to follow the terms of Paragraph 6 of this Order shall warrant entry of an order of dismissal with prejudice upon motion by Defendants."

    4.    All of the Plaintiffs remaining in the actions listed on Exhibit A have Unlisted Claims[1] that were direct-filed or transferred into the MDL between April 25, 2024 and June 5, 2024 and were not dismissed without prejudice within 90 days of filing or transfer. Moreover, none of the Plaintiffs remaining in the cases listed in Exhibit A tendered any expert reports to

---

[1] The Unlisted Claims of the Plaintiffs subject to Defendants' motions to dismiss pursuant to CMO 28 include a wide variety of alleged personal injuries, including but not limited to prostate cancer, breast cancer, bladder cancer, skin cancer, colon cancer, leukemia, lymphoma, kidney disease, birth defects, high blood pressure/hypertension, diabetes, headaches, and rashes. That none of the 2,486 Plaintiffs that are the subject of Defendants CMO 28 motions have come forward with the required expert reports on general and specific causation fully supports the conclusion that the existing science does not support moving forward with such claims or any of the many others in the broad category of Unlisted Claims. *Cf.* Case Management Order No. 33 [ECF Dkt. No. 6863].

Defendants prior to January 31, 2025 (240 days after June 5, 2024), and therefore, the Plaintiffs remaining in the cases listed on Exhibit A failed to comply with the requirements of Paragraph 6.

5.     Based on Plaintiff Fact Sheets available to Defendants, all of the Plaintiffs remaining in the actions listed on Exhibit A have (i) only identified Unlisted Claims on their personal injury Plaintiff Fact Sheets and (ii) have not submitted any other type of Plaintiff Fact Sheet (*i.e.*, the Plaintiffs have not submitted a Plaintiff Fact Sheet for any alleged Property Damage or Medical Monitoring claims).  As such, dismissal of the Unlisted Claims of Plaintiffs will result in the dismissal with prejudice of all claims brought by those Plaintiffs.

6.     In addition, Defendants understand that the Plaintiffs listed on Exhibit A are the only remaining Plaintiffs in the identified actions.  Accordingly, the dismissal of Plaintiffs' claims with also result in the actions listed on Exhibit A being dismissed with prejudice, in their entirety, and the actions identified on Exhibit A should be closed.

7.     Accordingly, the Defense Leadership respectfully requests that the actions listed on Exhibit A be dismissed with prejudice, in their entirety, and that those actions be closed.

DATED:  April 14, 2025

Respectfully submitted,

By: /s/ *Joseph G. Petrosinelli*
    Joseph G. Petrosinelli (Defendants' Co-Lead Counsel)
    Williams & Connolly LLP
    725 Twelfth St., N.W.
    Washington DC 20005
    jpetrosinelli@wc.com
    (202) 434-5547

By: /s/ *Michael A. Olsen*
    Michael A. Olsen (Defendants' Co-Lead Counsel)
    Mayer Brown LLP
    71 South Wacker Drive

   Chicago, IL 60606
   molsen@mayerbrown.com
   (312) 782-0600


By: /s/ *David E. Dukes*
   David E. Dukes (Defendants' Co-Liaison Counsel)
   Nelson Mullins Riley & Scarborough LLP
   1320 Main Street / 17th Floor
   Post Office Box 11070 (29211-1070)
   Columbia, SC  29201
   david.dukes@nelsonmullins.com
   (803) 799-2000


By: /s/ *Brian C. Duffy*
   Brian C. Duffy (Defendants' Co-Liaison Counsel)
   Duffy & Young LLC
   96 Broad St.
   Charleston, SC 29401
   bduffy@duffyandyoung.com
   (843) 720-2044

*Defense Leadership Counsel*