

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000  **f.** 843.216.9450

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

**Fred Thompson III**
*Licensed in South Carolina*
direct: 843.216.9118
fthompson@motleyrice.com

May 16. 2025

**VIA ECF AND ELECTRONIC MAIL**
Hon. Richard Mark Gergel
U.S. District Court for the District of South Carolina
J. Waites Waring Judicial Center
83 Meeting Street
Charleston, South Carolina 29401

Re: *In re AFFF Products Liability Litigation*, MDL No. 2:18-mn-2873-RMG

Dear Judge Gergel:

In accordance with the Court's Order dated May 9, 2025 [ECF No. 7109], the Plaintiffs' Executive Committee ("PEC") hereby submits this letter in support of its recommended order for bellwether trials with respect to the CMO 26 Group A kidney cancer cases (*i.e.*, *Donnelly*, *Speers*, and *Voelker*) should the Court decide to proceed with a single plaintiff kidney cancer case for the October 20, 2025 bellwether trial.

As an initial matter, the PEC reiterates its strong preference for a joint trial for all the reasons stated in Plaintiffs' Submission for Consolidated Trial and Trial Selections [ECF No. 7107] ("PEC's Letter-brief").

In the event, however, that the Court chooses ultimately to proceed with a single individual kidney cancer plaintiff, the PEC's recommended order of cases is set forth below. It is, once again, important to underscore that the PEC has made these selections keeping in mind the Court's direction to avoid selecting cases with "background noise."[1] Specifically, the PEC took to heart the Court's emphatic instruction when selecting the CMO 26 Tier 2 Group A cases:

> We are doing a bellwether because the plaintiffs assert they can prove general and specific causation regarding a certain class of [*Leach*] diseases. The defendants say they cannot. *I want as little background noise as possible, cases selected that answer that basic question.* If the plaintiffs can't win the cases that are uncomplicated, they're not going to win the complicated cases…We know that, no matter what, the defendants will very predictably raise a bunch of alternative explanations for the diseases of the plaintiffs. *But I don't want to add unnecessarily additional issues that can confuse my jury.* My concern is I want the

---

[1] Jul. 19, 2024 Status Conf. Tr. [ECF No. 5364] at 7.

MT. PLEASANT, SC | MORGANTOWN, WV | CHARLESTON, WV | PROVIDENCE, RI | WASHINGTON, DC | CHERRY HILL, NJ
PHILADELPHIA, PA | HARTFORD, CT | NEW ORLEANS, LA | KANSAS CITY, MO | NEW YORK, NY

jury to say is there general causation? Is there specific causation? That's what I want them to answer.[2]

While the PEC believes all three of the cases are appropriate bellwether trial selections, the PEC submits the cases fall in the following order with respect to risk factors:

1. *Donnelly*: Mr. Donnelly's only alternative potential risk factors to be considered in determining the question of specific causation for his kidney cancer are his gender (male) and his elevated BMI of 32.7 (obesity class 1 of 3) at the time of his diagnosis. However, he is on the younger side of most kidney cancer patients, rendering his modest obesity unlikely to have played a role.

2. *Speers*: Mr. Speers' only alternative potential risk factors to be considered in determining the question of specific causation for his kidney cancer are his gender (being male, which needless to say is not a cause of kidney cancer, but merely an association) and the presence of a very rare gene mutation (FH), which does not have an established association with kidney cancer in the medical literature. While the defense has suggested that Mr. Speers is not representative because he consumed contaminated drinking water from the Borough of Ambler, rather than Warminster Municipal Authority or Horsham Water & Sewer Authority like the other Plaintiffs, the PEC submits that on the contrary, Ambler, along with Horsham and Warminster (and other communities within Bucks and Montgomery Counties in Pennsylvania) is in fact amongst the many public water systems where it has been established PFAS contamination is likely from the surrounding relevant military bases (Willow Grove and Warminster) and therefore remains representative.[3]

3. *Voelker*: Mr. Voelker's alternative potential risk factors to be considered in determining the question of specific causation for his kidney cancer include his gender (male), his elevated BMI of 36.9 (obesity class 2 of 3) at the time of his diagnosis, his history of hypertension, the presence of a rare gene mutation (CHEK2) which has not been generally

---

[2] *Id*. at 7-8 (*emphasis added*).
[3] Pennsylvania PFAS Multi-Site Study, "PA PFAS Health Study Update," *available at*: https://papfas.rti.org/PA_PFAS_MSS_Newsletter_March_2024.pdf. Ambler is amongst Townships within Bucks and Montgomery Counties in Pennsylvania, (along with Horsham and Warminster) that have been selected by the ATSDR for study (along with other such sites across the country) precisely because of its proximity to current or former military bases with a history of AFFF use.  This study has reported that members of this community have on average PFOA, PFOS, and PFHxS levels that "exceed what would be expected in about  95% of the United States adult population." *See also*; https://www.atsdr.cdc.gov/pfas/health-studies/multi-site-study.html#cdc_report_pub_study_section_2-mss-locations and annexed exhibit therefrom depicting the "sites of interest," inclusive of Ambler, Warminster and Horsham and their proximity to the subject military bases, attached as Ex. A.

established as a risk factor for kidney cancer, and collateral attacks regarding certain personal issues (which the PEC submits should never be admissible at trial). The defense selection of Mr. Voelker as a first choice, would therefore achieve the opposite of what the Court has directed the parties to do, resulting in the selection of the one case that has additional background noise, i.e., more risk factors than the other two.

For these reasons set forth above, the PEC respectfully submits that, should the Court decide to proceed with a single bellwether trial in the Group A kidney cancer cases, the order identified above would most efficiently serve the Court's stated purpose of answering the basic questions of general and specific causation without unnecessary distraction and confusion for the jury.

Respectfully submitted,

*/s/ Fred Thompson, III*
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Fax: (843) 216-9450
fthompson@motleyrice.com

*Plaintiffs' Liaison Counsel*

cc:     All Counsel of Record (by ECF)

## **Exhibit A**



CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF on this 16th day of May, 2025, and was thus served electronically upon counsel of record.

*/s/ Fred Thompson, III*
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Fax: (843) 216-9450
fthompson@motleyrice.com

*Plaintiffs' Liaison Counsel*