# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG<br><br>**This filing relates to:**<br><br>*City of Columbia d/b/a Columbia Water v. 3M Company, Inc., et al.*, No. 2:24-cv-03794-RMG<br><br>*Joint Municipal Water and Sewer Commission v. 3M Company, Inc., et al*, No. 2:25-cv-00711-RMG<br><br>*Saluda County Water & Sewer Authority v. 3M Company, Inc., et al.*, No. 2:25-cv-00810-RMG<br><br>*Town of Lexington v. 3M Company, Inc., et al.*, No. 2:25-cv-00827-RMG<br><br>And any other cases filed against UniFirst Corporation hereafter. |

## DEFENDANT UNIFIRST CORPORATION'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES

Pursuant to Case Management Order No. 20, Defendant UniFirst Corporation ("UniFirst"), by undersigned counsel, hereby responds to the Complaints filed by the Plaintiffs in the above-named actions pending in the Multi-District Litigation captioned above (the "MDL"), and to any other Complaints that may be filed in the future by the same or additional Plaintiffs against UniFirst in the MDL, as follows:

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), UniFirst denies generally and specifically each and every allegation set forth in the Complaints, including each and every alleged

cause of action therein, and UniFirst demands strict proof of the same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Any allegations not specifically admitted are hereby denied. UniFirst further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. UniFirst further denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or omission on the part of UniFirst or anyone acting on its behalf. UniFirst reserves its rights to assert crossclaims, counter claims, and/or third-party claims. UniFirst also reserves the right to assert all applicable defenses, and bring any motions, under F.R.C.P. 8(c) and 12(b), as investigation and discovery proceed, and as consistent with the Court's Case Management Orders. Finally, UniFirst reserves the right to amend this General Denial and Preliminary Statement of Affirmative Defenses.

## **AFFIRMATIVE DEFENSES**

UniFirst asserts the following affirmative defenses in response to the averments in Plaintiffs' Complaints filed in the above-captioned actions pending in the MDL, and to other Complaints that may be filed by additional Plaintiffs against UniFirst in the MDL.

1. The Complaints fail to state a claim upon which relief may be granted.
2. Plaintiffs lack standing to bring some or all of their claims.
3. Plaintiffs' claims are barred by their failure to mitigate or minimize damages.
4. Plaintiffs' claims are barred by the applicable statutes of limitations or repose.
5. Plaintiffs' claims are barred by the doctrines of equitable estoppel, waiver, acquiescence, accord and satisfaction, ratification, settlement, and/or release.
6. Plaintiffs' claims are barred by the doctrine of laches.
7. Plaintiffs' claims are barred by the doctrine of open and obvious conditions.

8.  Plaintiffs' claims are barred by the doctrine of voluntary exposure.

9.  Plaintiffs' claims are barred by the doctrines of comparative negligence, contributory negligence, and assumption of the risk.

10. Plaintiffs' claims are barred because they have failed to exhaust administrative remedies.

11. Plaintiffs' claims are barred by the doctrine of unclean hands.

12. Plaintiffs' claims are barred by the doctrines of issue preclusion and claim preclusion.

13. Plaintiffs' claims are barred by the fact that UniFirst's conduct was reasonable and consistent with the state of the art and knowledge at the time of the conduct, and with all applicable laws, regulations, and standards of care at the time of the conduct.

14. Plaintiffs' claims are barred because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

15. Plaintiff's claims are barred, in whole or in part, because UniFirst neither knew, nor should have known, that any of the substances at issue were hazardous or constituted a reasonable or foreseeable risk of harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to UniFirst at all times relevant to the claims or causes of action asserted by Plaintiffs.

16. Plaintiffs' claims are barred because federal, state and/or local authorities and agencies have mandated, directed, approved and/or ratified the alleged actions or omissions of UniFirst.

17. Plaintiffs' claims are barred because UniFirst's conduct at issue in the Complaints was expressly permitted by the relevant authorities.

18. Plaintiffs' claims are barred by the government contractor defense.

19. Plaintiffs' claims are not ripe for adjudication because, among other reasons, Plaintiffs allege that they will be required to incur costs at an undefined future date to upgrade their water treatment systems.

20. Plaintiffs' claims are premature to the extent that neither the state nor federal government has set final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been damaged.

21. Plaintiffs' claims have been mooted.

22. Plaintiffs' claims are barred to the extent that Plaintiffs seek to retroactively impose liability for conduct that was not actionable at the time it occurred.

23. Plaintiffs' claims are barred by the fact that Plaintiffs are not the real party in interest and/or lack capacity to bring the claims.

24. Plaintiffs' claims are barred by the fact that their damages were caused or contributed to by persons other than UniFirst and to whom UniFirst has no legal liability.

25. Plaintiffs' claims are barred by the fact that their damages were caused by the intervening, superseding acts and conduct of others, including other Defendants, over which UniFirst has no control.

26. UniFirst reserves its right to pursue contribution and/or indemnity claims against other Defendants or third parties.

27. Plaintiffs' claims fail to the extent they rely on market share liability, concert of action, alternative liability, enterprise liability, civil conspiracy, or any other form of collective liability.

28. Plaintiffs' claims fail because UniFirst did not owe a legal duty to Plaintiffs because, among other reasons, Plaintiffs were not foreseeable defendants.

29. Any damages Plaintiffs may have suffered were not reasonably foreseeable by UniFirst at the time of the conduct alleged.

30. Plaintiffs' claims fail because UniFirst lacked the requisite intent.

31. Plaintiffs' claims are barred because any alleged acts or omissions by UniFirst did not proximately cause Plaintiffs' alleged damages or injuries.

32. Plaintiffs' claims are barred because UniFirst acted reasonably and in good faith at all relevant times.

33. Plaintiffs' claims fail because they lack the requisite specificity to link any specific actions of UniFirst to any specific damages suffered by Plaintiffs.

34. Plaintiffs' damages are remote, speculative, uncertain, and unsupportable.

35. UniFirst is entitled to every procedural and substantive protection, cap, and limitation provided by state and federal statutes and other state and federal laws regarding Plaintiffs' claims for compensatory and punitive damages.

36. Plaintiffs' claims for punitive damages are violative of the South Carolina Constitution and the United States Constitution.

37. The damages sought by Plaintiffs may result in an unjust enrichment of Plaintiffs or others.

38. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish through scientific means that the substances at issue in the Complaints have been reliably established to be capable of causing Plaintiffs' alleged damages.

39.     Plaintiffs are not entitled to an award of punitive damages because UniFirst has not engaged in any conduct which would support an award of punitive damages, and punitive damages are otherwise disallowed by federal and state law.

40.     UniFirst is entitled to a set-off against Plaintiffs' damages for any collateral source payments paid or payable to Plaintiffs.

41.     This court should decline to exercise jurisdiction over this matter pursuant to the doctrines of primary jurisdiction, abstention, and/or separation of powers, because the relief sought by the Complaint is within the particular expertise of and is being addressed by federal and state governments and their relevant agencies.

42.     Plaintiffs' claims contravene fundamental notions of public policy.

43.     Plaintiffs' claims are barred because they conflict with federal and state statutory schemes that comprise a comprehensive regulatory policy governing the substances at issue.

44.     Plaintiffs' claims are or may be barred, in whole or in part, under the doctrine of federal preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specifications, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq.* or a state equivalent, and the alleged contamination at issue results, in whole or in part, from a site exclusively regulated under existing state or federal law.

45.     Plaintiffs' claims are barred for failure to join all necessary parties.

46. There is no statutory or common law basis for Plaintiffs' request for attorney's fees or litigation expenses.

47. Plaintiffs' claims are barred by the economic loss rule.

48. Plaintiffs have alleged damages that, as a matter of law, are not recoverable in tort.

49. UniFirst cannot be held jointly and severally liable for the acts or omissions of third parties because its acts or omissions were separate and distinct, and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of UniFirst.

50. To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred by the doctrine prohibiting claim-splitting.

51. Plaintiffs' claims are barred by the public duty doctrine, public trust doctrine, free public services doctrine, and/or the municipal cost recovery rule.

52. UniFirst adopts by reference any additional applicable defenses pleaded by any other defendants not otherwise pleaded herein.

53. UniFirst denies any liability, but in the event UniFirst is found to have any liability to Plaintiff, UniFirst is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaints; (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaints; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaints.

54. The Complaints do not describe claims or events with sufficient particularity to permit UniFirst to fully ascertain what other defenses may exist, and UniFirst presently has insufficient knowledge or information to form a belief as to whether it has additional defenses available to it. UniFirst therefore reserves the right to assert all defenses which may pertain to the Complaints once the precise nature of the claims is ascertained, and in the event discovery indicates that additional defenses would be appropriate.

55. UniFirst adopts by reference any additional applicable defenses pleaded by any other defendants prior to transfer in any case transferred to the MDL.

56. UniFirst reserves the right to plead other Affirmative Defenses as they may become known to UniFirst during the course of further investigation into these matters and/or trial.

## RESERVATION OF DEFENSES

UniFirst does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitutes an admission that UniFirst is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. UniFirst reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the MDL (including, without limitation, any case transferred to the MDL), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

**GENERAL DENIAL OF CROSS CLAIMS**

To the extent cross claims have been or may be filed against UniFirst, UniFirst further denies the allegations in those cross claims and asserts the above affirmative defenses against those cross claims.

Dated: May 20, 2025                                   Respectfully submitted,

*/s/ Elizabeth B. Partlow*
Elizabeth B. Partlow
Fed. ID No. 2992
Law Offices of Elizabeth B. Partlow, LLC
Post Office Box 2444
Columbia, South Carolina
(803) 814-0868
beth@partlowlaw.com

*/s/ Kathleen B. Campbell*
Kathleen B. Campbell, Esquire
Garrett D. Trego, Esquire
Manko, Gold, Katcher & Fox, LLP
Three Bala Plaza East
Suite 700
Bala Cynwyd, PA  19004
(484) 430-5700
kcampbell@mankogold.com
gtrego@mankogold.com

*Attorneys for Defendant*
*UniFirst Corporation*

**CERTIFICATE OF SERVICE**

I, Kathleen B. Campbell, hereby certify that on May 20, 2025, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

                                                 */s/ Kathleen B. Campbell*
                                                 Kathleen B. Campbell, Esquire