IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAM PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This filing relates to**:<br><br>The City of Columbia d/b/a Columbia Water v. 3M Company, Inc., et al., No. 2:24-cv-03794-RMG<br><br>Joint Municipal Water and Sewer Commission v. 3M Company, Inc., et al, No. 2:25-cv-00711-RMG<br><br>Saluda County Water & Sewer Authority v. 3M Company, Inc., et al., No. 2:25-cv-0810-RMG<br><br>Town of Lexington v. 3M Company, Inc., et al., No. 2:25-cv-00827-RMG<br><br>And any other cases filed against DayStrong Rubber Products, LLC hereafter. |

### DAYSTRONG RUBBER PRODUCTS, LLC'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES

Pursuant to Case Management Order No. 20, Defendant DayStrong Rubber Products, LLC ("DayStrong"), by and through its undersigned counsel, hereby sets forth its General Denial and Preliminary Statement of Affirmative Defenses to the Complaints in the above named pending Multi-District Litigation ("MDL") and to any Complaint that may be filed against DayStrong in this MDL.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), DayStrong denies generally and specifically each and every allegation set forth in the Complaints, and each and every alleged cause of action therein, and DayStrong demands strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Any allegations not specifically admitted are hereby denied. DayStrong further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. DayStrong further denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or omission on the part of DayStrong or anyone acting on its behalf. DayStrong reserves its rights to assert cross-claims and/or third-party claims. DayStrong also reserves the right to assert all applicable defenses, and bring any motions, under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceed, and as consistent with the Court's Case Management Orders. Finally, Daystrong reserves the right to amend this General Denial and Preliminary Statement of Affirmative Defenses.

## AFFIRMATIVE DEFENSES

DayStrong asserts the following affirmative defenses in response to the allegations in each of Plaintiffs' Complaints filed or consolidated in the above-captioned action, and to other Complaints that may be filed by additional Plaintiffs against DayStrong in the MDL.

1. The Complaints fail to state a claim upon which relief may be granted against DayStrong.

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

3. Plaintiffs lack standing to bring some or all of their claims.

4. Plaintiffs' claims are barred or limited as not ripe.

5. Plaintiffs claims are barred by their failure to mitigate or minimize their alleged damages

6. Plaintiffs' claims are barred or limited as moot.

7. Plaintiffs' claims are barred for failure to join all necessary and indispensable parties.

8. Plaintiffs' claims are barred by the doctrine of laches.

9. Plaintiffs' claims are barred by the doctrines equitable estoppel, waiver, acquiescence, unclean hands, accord and satisfaction, ratification, settlement and or release.

10. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

11. Plaintiffs' claims are barred by the doctrine of election of remedies.

12. Plaintiffs' claims are barred by the doctrine of open and obvious conditions.

13. Plaintiffs' claims are barred by the doctrines of comparative negligence, contributory negligence , and assumption of the risk.

14. Plaintiffs' claims are barred because they failed to exhaust their administrative remedies.

15. Plaintiffs' claims are barred because Plaintiffs are not the real parties in interest and/or lack capacity to bring their claims.

16. Plaintiffs' claims against DayStrong should be dismissed because DayStrong did not design, market, sell, advertise, or distribute the products alleged to have caused Plaintiffs' injuries, and is not the successor to any corporation that may have designed, marketed, sold, advertised, or distributed the products.

17. Plaintiffs' claims are barred because DayStrong's conduct was reasonable and consistent with the state of the art and knowledge at the time of the conduct and with all applicable laws, regulations, and standards of care at the relevant times.

18. Plaintiffs' claims are barred because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

19. Plaintiffs' claims are barred because federal, state, and/or local authorities and agencies authorized, mandated, directed, approved and/or ratified, or were aware of and acquiesced in actions by DayStrong that are the subject of Plaintiffs' claims.

20. Plaintiffs' claims are barred because, at all relevant times, DayStrong exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

21. Plaintiffs' claims are barred because DayStrong acted reasonably and in good faith.

22. Plaintiffs' claims are barred because DayStrong did not owe a legal duty to Plaintiffs or, if they owed such a duty, did not breach and/or fully discharged that duty.

23. Plaintiffs' claims are barred to the extent that Plaintiffs seek to retroactively impose liability for conduct that was not actionable at the time it occurred.

24. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by exposure to PFAS attributable to DayStrong.

25. Plaintiffs' purported exposure to DayStrong's wastewater and/or products, if any, was too removed, indefinite, de minimis, and insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage, or loss to Plaintiffs.

26.     Plaintiff's claims for trespass and nuisance are or may be barred in whole or in part because any alleged trespass or nuisance was unintentional, unforeseen, a necessity, and/or de minimis and therefore non-compensable.

27.     Plaintiffs' claims are barred because Plaintiffs lack privity with DayStrong.

28.     Plaintiffs' claims are barred to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

29.     Plaintiffs' warranty claims are barred because Plaintiffs did not provide DayStrong reasonable notice of any alleged breach.

30.     Plaintiffs' claims are barred because none of the alleged acts or omissions of DayStrong proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

31.     Plaintiffs' claims are barred because any alleged damages Plaintiffs may have suffered were not reasonably foreseeable by DayStrong at the time of the conduct alleged.

32.     Plaintiffs' claims are barred to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which Daystrong cannot be held responsible.

33.     Plaintiffs' claims are barred by the fact that their damages were caused by the intervening, superseding acts and conduct of others, including other Defendants, over which DayStrong has no control or right of control and for whom DayStrong is not responsible.

34.     Plaintiffs' claims are barred by the fact that their alleged damages were caused or contributed to by the acts or omissions of other persons, firms, corporations, or entities over whom Daystrong had no control or right of control and for whom DayStrong is not responsible.

35. Plaintiffs' claims are barred under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

36. This court should decline to exercise jurisdiction over this matter pursuant to the doctrines of primary jurisdiction, abstention, and/or separation of powers.

37. Plaintiffs' claims are or may be barred, in whole or in part, under the doctrine of federal preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, Plaintiffs' claims are or may be barred, in whole or in part, to the extent that to the extent Plaintiffs' claims do not constitute a permissible claim for contribution and there has been no response action by the Plaintiffs under Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 et seq. or a state equivalent, and the alleged contamination at issue.

38. Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than DayStrong, and in the event that DayStrong is found to be liable to Plaintiffs, it will be entitled to indemnification, contribution, and/or apportionment.

39. Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have

been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

40. Plaintiffs' claims for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

41. DayStrong is entitled to a set-off against Plaintiffs' damages for any collateral source payments paid or payable to Plaintiffs.

42. Plaintiffs have alleged damages that, as a matter of law, are not recoverable in tort.

43. Plaintiffs' claims are barred by the economic loss rule.

44. To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

45. Plaintiffs' claims are barred by the public duty doctrine, public trust doctrine, free public services doctrine, and/or the municipal cost recovery rule.

46. There is no statutory or common law basis for Plaintiffs' request for attorneys' fees or litigation costs.

47. DayStrong denies any negligence, culpable conduct, or liability on its part but, if it ultimately is found liable for any portion of Plaintiffs' alleged damages, DayStrong shall only be liable for its equitable share of Plaintiffs' alleged damages.

48. DayStrong denies any liability, but in the event it is found to have any liability to Plaintiffs, DaySstrong is entitled to an offset against any such liability on its part for the greatest of: (i) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaints; (ii) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or

hereafter for any of the injuries, costs, damages and expenses alleged in the Complaints; or (iii) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaints.

49.     DayStrong cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of DayStrong.

50.     Plaintiffs are not entitled to an award of punitive damages because DayStrong has not engaged in any conduct which would support an award of punitive damages, and punitive damages are otherwise disallowed by federal and state law.

51.     DayStrong has complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the Complaints, and, therefore, to the extent that consideration is given to Plaintiffs' claims, punitive damages are unwarranted in law and fact.

52.     Punitive damages are not available because all conduct and activities of DayStrong related to matters alleged in the Complaints conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

53.     Punitive damages are not available because DayStrong neither knew nor should have known that the substances to which Plaintiffs were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm, and DayStrong therefore lacked notice that its conduct was unlawful or subject to punishment and an award of punitive damages would violate DayStrong's constitutional right to due process.

54. Plaintiffs' claims for punitive damages are violative of the South Carolina Constitution and the United States Constitution.

55. Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

56. DayStrong reserves the right to plead other affirmative defenses as they may become known to DayStrong during the course of further investigation into these matters and/or trial.

57. DayStrong adopts by reference any additional applicable defense pleaded by any other Defendant not otherwise pleaded herein.

## RESERVATION OF RIGHTS

DayStrong does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All the preceding defenses are pled in the alternative and do not constitute an admission that DayStrong is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. DayStrong reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

## GENERAL DENIAL OF CROSS CLAIMS

To the extent cross claims have been or may be filed against DayStrong, DayStrong denies the allegations in those cross claims and asserts the above affirmative defenses against those cross claims.

Respectfully submitted,

s/Deborah B. Barbier
Deborah B. Barbier (#6639)
DEBORAH B. BARBIER, LLC
1811 Pickens Street
Columbia, South Carolina 29201
803-445-1032
dbb@deborahbarbier.com

s/Eugene C. McCall, Jr.
Eugene C. McCall, Jr. (#2906)
MCCALL ENVIRONMENTAL, PA
100 Tower Drive, Unit 16
Greenville, South Carolina 29607
864-370-1550
gene@mccallenv.com

*Attorneys for DayStrong Rubber Products, LLC*

May 30, 2025

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 3, 2025, a copy of the foregoing was filed electronically using the Court's Case Management/Electronic Case Filings System (CM/ECF). Notice of and access to this filing will be provided to all parties through CM/ECF.

/s/ Deborah B. Barbier
Deborah B. Barbier