IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> CASE MANAGEMENT ORDER NO. 26I <br><br> This Order Relates to All Actions |

### SCHEDULING ORDER GOVERNING INITIAL PERSONAL INJURY BELLWETHER TRIAL POOL CASES (GROUP A CASES)

Pursuant to paragraph 6 of CMO 26G, this CMO 26I sets forth the pre-trial schedules and deadlines for the Group A trial case(s). Pursuant to this Court's Order dated May 9, 2025 (Dkt. No. 7109), the Court has reserved judgment on which of the three kidney cancer cases—*Donnelly v. 3M Co., et al.*, No. 2:20-cv-00209-RMG; *Speers, et al. v. 3M Co., et al.*, No. 2:21-cv-03181-RMG; and *Voelker v. 3M Co., et al.*, No. 2:18-cv-03438-RMG—will be the first trial case(s). The Parties shall meet and confer in good faith to recommend any adjustments needed to the following schedule based upon when and how the Court makes its selection of the first trial case(s).

The schedule is as follows:

I. **PRETRIAL MOTIONS:** The Parties shall file motions *in limine* by September 5, 2025. Response in opposition briefs shall be filed by September 19, 2025.

II. **JURY QUESTIONNAIRE AND *VOIR DIRE*:**

   A. Defendants shall serve a proposed jury questionnaire[1] by August 15, 2025, and Plaintiff shall send proposed edits by August 22, 2025.

   B. The Parties shall endeavor to meet and confer with respect to the jury questionnaire and/or objections thereto by August 27, 2025.

---

[1] For purposes of this order, the Parties propose use of a juror questionnaire only for use with the venire reporting for jury duty for this case, not for use in any advance communication with the venire prior to October 20, 2025.

1

    C. The Parties shall submit proposed jury questionnaire (or competing proposals) by August 29, 2025. The Parties are directed to the undersigned's Special Instructions for more detailed information on submitting a proposed jury questionnaire.

    D. The Parties shall file requests for *voir dire* questions by October 3, 2025.

### III. DEPOSITION DESIGNATIONS:

    A. Plaintiff shall serve in the form of an Excel spreadsheet page/line designations of deposition testimony to Defendants by August 18, 2025.

    B. Defendants shall serve: (1) page/line counter-designations of deposition testimony; (2) objections to Plaintiff's page/line deposition designations; and affirmative page/line designations of deposition testimony by September 8, 2025.

    C. Plaintiff shall serve: (1) page/line counter-designations of deposition testimony; (2) objections to Defendants' page/line deposition counter-designations; and (3) objections to Defendants' affirmative page/line designations by September 22, 2025.

    D. Defendants shall serve objections to Plaintiff's page/line counter designations by October 3, 2025.

    E. All page/line designations, counter-designations, and objections shall be exchanged by the Parties in Excel.

    F. The Parties shall endeavor to meet and confer with respect to disputes regarding objections to designated testimony and/or designations (including counter-designations) by October 5, 2025.

    G. The Parties shall submit deposition designations, including any objections and counter-designations, to the Court no later than October 6, 2025.

    H. The Parties shall consider the Court's prior rulings and guidance generally from *Stuart* regarding evidence, including when making, asserting, maintaining objections, and submitting any issues for the Court's rulings.[2]

### IV. EXHIBIT LISTS:

    A. Plaintiff shall serve an exhibit list in the form of an Excel spreadsheet, which shall include the document production number (i.e., bates number range, if applicable), or, if there is no bates numbers, a brief description of the document by August 29, 2025. To ease the burden on the Parties and the Court, the Parties have agreed that this exhibit list shall contain two parts – (i) a listing of core exhibits to be offered in evidence ("Plaintiff's Core Exhibit List") limited to a presumptive maximum of 500 that represent those exhibits more likely to be offered in evidence at trial

---

[2] All parties reserve their rights on those prior rulings and their precedent in this trial.

(including Expert reliance materials that are in the public domain, including but not limited to medical/scientific literature and learned treaties that are on the Plaintiff's Core Exhibit List) and (ii) any remaining exhibits that may be offered but Plaintiff does not presently view as likely or necessary to offer at trial. An electronic copy of the Core Exhibits (excluding Expert reliance materials that are in the public domain, including but not limited to medical/scientific literature and learned treaties) shall also be provided on or before September 2, 2025.

B. Defendants shall serve one master defense exhibit list in the form of an Excel spreadsheet, which shall include the document production number (i.e., bates number range, if applicable), or, if there is no bates number, a brief description of the document by September 12, 2025. To ease the burden on the Parties and the Court, the Parties have agreed that this exhibit list shall contain two parts – (i) a listing of core exhibits to be offered in evidence ("Defendants' Core Exhibit List") limited to a presumptive maximum of 500 that represent those exhibits more likely to be offered in evidence at trial (including Expert reliance materials that are in the public domain, including but not limited to medical/scientific literature and learned treaties that are on the Defendants' Core Exhibit List) and (ii) any remaining exhibits that may be offered but Defendants do not presently view as likely or necessary to offer at trial. An electronic copy of the Core Exhibits (excluding Expert reliance materials that are in the public domain, including but not limited to medical/scientific literature and learned treaties) shall also be provided by September 16, 2025.

C. The Parties shall serve any objections to the Parties' respective Core Exhibit Lists by September 30, 2025. For the avoidance of doubt, failure to object to an exhibit on Defendants' or Plaintiffs' Core Exhibit List does not waive any objection that may be raised at trial. Given the sheer size and scope of the evidence being marshalled for this trial, neither Defendants nor Plaintiff shall not be required to tender objections to exhibits not on the Defendants' or Plaintiffs' Core Exhibit List and are not waiving any such objections.

D. In addition to serving their exhibit lists on each other, the Parties will likewise serve their exhibit lists on counsel for the United States. Within 21 days of receiving each respective Parties' exhibit lists, counsel for the United States will identify for the Parties in writing which listed exhibit(s) designated under the Protective Order, if any, the United States will object to be shown in open Court and the basis for such objection(s). Within fourteen days thereafter, the Parties will meet and confer and to the extent no agreement is reached with respect to a particular exhibit(s), the Parties will bring such exhibit(s) to the Court for a ruling on whether the exhibit(s) requires sealing of the Courtroom when introduced at trial. The Parties will bring such exhibit(s) to the Court for a ruling within seven days following the Parties meet and confer.

E. The Parties shall endeavor to meet and confer with respect to disputes regarding exhibits and/or objections thereto by October 3, 2025.

 F. The Parties shall submit an exhibit list, including any objections and responses to any objections, to the Court no later than October 6, 2025.

 G. Given the sheer size and scope of the evidence being marshalled for this trial, the Parties recognize and acknowledge that nothing herein shall preclude the use of any an exhibit or exhibit(s) at trial (subject to any evidentiary objections that might apply) that was inadvertently not disclosed on a party's Exhibit List in accordance with the schedule above, subject to a showing of good cause for the failure to disclose the exhibit. Consistent with the use of Core Exhibit Lists as set forth above, the Parties shall endeavor address objections as to documents not appearing on Core Exhibit Lists prior to introduction or use at trial through a process to be agreed by trial counsel and tendered to the Court as part of the pretrial brief together with other trial procedures.

 H. The Parties will exchange any summary exhibits under FRE Rule 1006, by September 26, 2025. Such summary exhibits can only summarize what is already included on the exhibit list.

 I. The Parties shall consider the Court's prior rulings and guidance generally from *Stuart* regarding evidence,[3] including when making, asserting, maintaining objections, and submitting any issues for the Court's rulings. In keeping with the Court's prior order in *Stuart* [ECF No. 3086], for each Party asserting objections, the Parties shall identify lead trial counsel by August 15, 2025 who will be required to approve such objections and argue same at any evidentiary hearings set by the Court.

V. **WITNESS LISTS:**

 A. The parties shall file and exchange witness lists, identifying witnesses as "Will Call" and "May Call" and "Live" or "By Deposition" by August 15, 2025.

 B. The parties shall file and exchange supplemental witness lists, which shall include the experts they intend to call at trial, no later than August 29, 2025.

VI. **JURY INSTRUCTIONS:**

 A. The parties shall exchange proposed jury instructions by August 8, 2025 and shall exchange proposed edits to those instructions by September 5, 2025.

 B. The Parties shall endeavor to meet and confer with respect to disputes regarding jury instructions and/or objections thereto by September 15, 2025.

 C. The Parties shall submit proposed jury instructions (or competing proposals with supporting authorities) by September 18, 2025. The Parties are directed to the

---

[3] This intended to expressly include the Court's Order, dated May 4, 2023 [*Stuart* ECF No. 285].

4

undersigned's Special Instructions for more detailed information on submitting proposed jury instructions.

VII. **PRETRIAL BRIEFS:** The Parties shall furnish the Court with and serve their pretrial briefs by October 3, 2025.  At least five (5) business days prior to this deadline to submit pretrial briefs, counsel shall meet to exchange and mark all exhibits (Local Civil Rule 26.07).

VIII. **PRETRIAL CONFERENCE:** The Parties will be prepared for a pretrial conference as may be scheduled by the Court on October 16, 2025.  At the date scheduled for the pretrial conference, the Parties will be prepared to discuss other evidentiary and trial management matters.

IX. **WITNESS DISCLOSURES:** The Parties agree to provide 36-hour advance disclosure of witnesses they intend to call at trial and the order they intend to call the witnesses (e.g., disclosing at 6:30 p.m. Monday those witnesses the party intends to call on Wednesday).  This stipulation will not preclude either party from calling a witness on shorter notice to accommodate a good faith scheduling issue.

X. **DEMONSTRATIVE DISCLOSURES:** All demonstratives to be used in direct examination will be disclosed the night before they are to be used at trial.

   A. The disclosing party will use best efforts to disclose every demonstrative that will be used by 7:00 p.m. the night before.

   B. Any demonstrative altered after disclosure must be re-disclosed prior to its use before the jury.

XI. **TRIAL:** Pursuant to CMO 26, the initial Tier 2 Group A trial case(s) is subject to being called for jury selection and/or trial on October 20, 2025.

**IT IS SO ORDERED.**

Dated:  June 4 , 2025                                            s/Richard M. Gergel

Charleston, South Carolina                                 Hon. Richard M. Gergel
                                                                           United States District Judge