# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-MN-2873-RMG<br><br>This filing relates to:<br><br>*The People of the State of California v. 3M Co., et al.*; 2:25-cv-04125-RMG |

## GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES OF DEFENDANT THE VIKING CORPORATION

Defendant The Viking Corporation ("Viking"), by and through its attorneys, Morgan, Lewis & Bockius LLP, and pursuant to Case Management Order No. 20 in the above-captioned Multi-District Litigation, hereby submits this general denial and preliminary affirmative defenses in response to the Complaint filed in the above-referenced action, and to any other Complaints filed and properly served by any other Plaintiffs against Viking that become subject to the administration of this MDL (hereinafter collectively "Plaintiffs" and "Complaint").

## GENERAL DENIAL

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Viking denies each and every allegation set forth in Plaintiffs' Complaint, and the whole thereof, and each and every alleged cause of action therein, and Viking demands strict proof of the same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Viking further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. Viking further denies that Plaintiffs have sustained a cognizable injury or suffered recoverable damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any alleged

act, breach, or omission on the part of Viking or anyone acting on its behalf. Viking reserves its rights to assert counterclaims, crossclaims, and/or third-party claims, and does not waive its ability to separately and fully answer or otherwise respond to each Complaint in accordance with the Federal Rules of Civil Procedure and any scheduling order to be entered by the Court.

## AFFIRMATIVE DEFENSES

1. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Viking.

2. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks subject matter and personal jurisdiction over Viking, and the Complaint should therefore be dismissed under Rule 12(b)(1) and Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3. Plaintiffs' Complaint should be dismissed to the extent Plaintiffs lack sufficient process and/or service of process against Viking under Rules 12(b)(4)-(5) of the Federal Rules of Civil Procedure.

4. Plaintiffs' claims are barred or limited for lack of standing.

5. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitation.

6. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

7. The Complaint, and each alleged cause of action or count alleged therein, fails to join all necessary and indispensable parties.

8. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

9. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiffs are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae*.

10. Plaintiffs' claims are premature to the extent that neither the State nor the United States Environmental Protection Agency have set final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

11. Plaintiffs' claims are not ripe and/or have been mooted.

12. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to exhaust administrative remedies.

13. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

14. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

15. Plaintiffs' claims are barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

16. Plaintiffs' claims are barred, in whole or in part, under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or similar or related doctrines available under applicable law.

17. Any injuries and/or damages alleged to have been sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Viking had no control or right of control and for whom Viking is not responsible.

18. Any injuries and/or damages alleged to have been sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

19. Plaintiffs' claims are barred, in whole or in part, to the extent that Viking's products were unforeseeably misused or altered.

20. Plaintiffs' claims are barred, in whole or in part, by the doctrine of election of remedies.

21. Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

22. Plaintiffs' claims are barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

23. Plaintiffs' claims are barred, in whole or in part, because Viking used proper methods in handling, packaging, and distributing its products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art practices in existence at the time.

24. Plaintiffs' claims are barred, in whole or in part, because any alleged levels of alleged contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

25. Plaintiffs' claims are barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Viking that are the subject of Plaintiffs' claims. Viking is not responsible or liable for any acts or omissions

undertaken by, or at the direction of, any governmental authority or agency.

26. Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction.

27. The claims against Viking fail because Viking does not exercise sufficient control over the property that is allegedly causing the nuisance and does not exercise sufficient control over the instrumentality of the alleged nuisance.

28. The claims against Viking fail because there was no intentional act by Viking that would support a claim for trespass.

29. Plaintiffs' claims are barred, in whole or in part, by the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted, promulgated, and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

30. Plaintiffs' claims are, or may be, barred to the extent the "permit shield" doctrine and "federally permitted release" defense applies.

31. Plaintiffs' claims are barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

32. Plaintiffs' warranty claims, if any, are barred, in whole or in part, because Plaintiffs lack the requisite privity of contract or relationship with Viking and Plaintiffs did not provide Viking reasonable notice of any alleged breach.

33. Plaintiffs' warranty claims, if any, are barred, in whole or in part, by the voluntary

payment doctrine and/or the partial payment doctrine.

34. Plaintiffs' strict liability claims, if any, are barred to the extent strict liability is not (or was not during the applicable time period) recognized as a cause of action under applicable law.

35. Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Viking, and in the event that Viking is found to be liable to Plaintiffs (which Viking denies), Viking will be entitled to indemnification, contribution, and/or apportionment.

36. Viking asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its rights to a proportionate reduction of any damages found against Viking based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

37. Any claims based on market share theories of liability fail and should be dismissed to the extent that market share liability is not available under the applicable law and/or because Viking's products and sales do not qualify for market share liability.

38. To the extent any Plaintiffs allege injuries that occurred during the scope and course of their employment, Plaintiffs' exclusive remedy and rights to recovery in this matter are under the applicable state or federal workers' compensation laws.

39. There are no allegations against Viking stated with sufficient particularity to constitute a cause of action for fraud, fraudulent misrepresentation, concealment, intentional or willful acts or the like which would meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure, and any such claims asserted should be dismissed.

40. Plaintiffs' claims against Viking are barred or limited by the economic loss rule.

41. Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

42. Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, and/or release.

43. Plaintiffs' claims are barred, in whole or in part, under the free public services doctrine or municipal cost recovery rule.

44. To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

45. Plaintiffs' claims are barred, in whole or in part, because Viking did not owe a legal duty to Plaintiffs or, if it owed such a duty, it did not breach, and/or fully discharged that duty.

46. Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, Viking exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

47. Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Viking proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

48. Plaintiffs' claims for trespass or nuisance are barred, in whole or in part, because any alleged trespass or nuisance was unintentional, unforeseen, a necessity, and/or *de minimis* and therefore non-compensable.

49. Plaintiffs' claims are barred, in whole or in part, because there was not an

alternative feasible design for the products at issue.

50. Plaintiffs' claims are barred, in whole or in part, due to a lack of privity between the Plaintiffs and Viking.

51. Plaintiffs' failure to warn claims, if any, are barred because Viking had no duty to warn and did not breach any duty to warn Plaintiffs. In addition, Viking's alleged failure to warn, which is denied, was not the proximate cause of Plaintiffs' alleged injuries or damages.

52. Viking affirmatively alleges its instructions and warnings provided with its products were adequate in their content and provided appropriate information as to the proper way to handle and work with and around such products. Notwithstanding these instructions and warnings, persons or entities other than Viking may have used or handled these products in a manner contrary to the express and adequate instructions and warnings, and this misuse or failure to heed warnings and following instructions bars any recovery by Plaintiffs.

53. Plaintiffs' claims for alleged injuries and damages are barred, in whole or in part, because these claims are speculative, uncertain, and conjectural.

54. Plaintiffs' claims are barred, in whole or in part, under the doctrines of contributory negligence, comparative negligence, and/or related doctrines available under applicable law.

55. Viking denies any liability, but in the event Viking is found to have any liability to Plaintiffs, Viking is entitled to any offset against any such liability on its part for the greatest of: (i) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages, and expenses alleged in the Complaint; (ii) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages, and expenses alleged in the Complaint; or (iii) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release

from liability or covenant not to sue with respect to any of the injuries, costs, damages, and expenses alleged in the Complaint.

56. Viking cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from, and greater than, any harm allegedly caused by acts or omissions of Viking.

57. Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any product(s) distributed or sold by Viking.

58. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by exposure to PFAS or from any product(s) attributable to Viking.

59. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, to the extent Viking is entitled to immunity from suit under the government contractor defense. *See Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

60. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that PFAS, or any other exposure alleged by Plaintiffs, has been reliably established, through scientific means, to be capable of causing their alleged injuries.

61. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that they were exposed to a sufficient concentration or amount of PFAS, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing their alleged injuries.

62. Plaintiffs' claims are barred, in whole or in part, because Viking acted reasonably and in good faith.

63. Any damages Plaintiffs may have suffered were not reasonably foreseeable by

Viking at the time of the conduct alleged.

64. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek to retroactively impose liability for conduct that was not actionable at the time it occurred, and Viking may not be held liable under retroactive theories not requiring proof of fault or causation.

65. Plaintiffs' claims are barred, in whole or in part, because Viking neither knew, nor should have known, that any of the substances to which Plaintiffs were allegedly exposed allegedly were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Viking at all times relevant to the claims or causes of action asserted by Plaintiffs.

66. Viking is entitled to all the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

67. The Complaint fails to state a claim upon which punitive or exemplary damages may be awarded.

68. Viking did not engage in any conduct which would warrant or form a valid basis for an award of punitive or exemplary damages.

69. Plaintiffs have failed to adequately plead and/or allege that Viking acted with the requisite state of mind to warrant an award of punitive or exemplary damages.

70. Viking has complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the Complaint, and, therefore, to the extent that consideration is given to Plaintiffs' claims, punitive or exemplary damages are unwarranted in law and fact.

71. Punitive or exemplary damages are not available because all conduct and activities

of Viking related to matters alleged in the Complaint conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

72. Punitive or exemplary damages are not available because Viking neither knew nor should have known that the substances to which Plaintiffs were allegedly exposed constituted a reasonable or foreseeable risk of physical harm, and Viking therefore lacked notice that its conduct was unlawful or subject to punishment and an award of punitive or exemplary damages would violate Viking's constitutional right to due process.

73. Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and any other applicable provisions of the Constitution of any other state whose laws may apply.

74. Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which Viking cannot be held responsible.

75. Some or all of the claims in some or all of the cases may be governed by arbitration clauses and may be subject to arbitration.

76. To the maximum extent allowed by applicable law, Viking is entitled to recover its costs and attorneys' fees incurred in defending Plaintiffs' claims.

77. Viking reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

Viking does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitutes an admission that Viking is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Viking reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) amend this document to assert any such defenses.

## DENIAL OF CROSS-CLAIMS

To the extent cross-claims have been filed or may be filed against Viking, Viking further denies the allegations of any and all cross-claims that may be asserted against it by any other party.

Dated: June 10, 2025                              */s/ Duke K. McCall, III*
                                                  Duke K. McCall, III (SC Bar #66466)
                                                  **MORGAN, LEWIS & BOCKIUS LLP**
                                                  1111 Pennsylvania Avenue, NW
                                                  Washington, DC 20004
                                                  Telephone:   202-739-3000
                                                  Facsimile:   202-739-3001
                                                  E-mail: duke.mccall@morganlewis.com

                                                  *ATTORNEYS FOR DEFENDANT THE VIKING CORPORATION*