**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG<br><br>This Document Relates to All Actions |

**DEFENDANTS HONEYWELL INTERNATIONAL INC., HONEYWELL SAFETY PRODUCTS USA, INC., MORNING PRIDE MANUFACTURING, LLC D/B/A HONEYWELL FIRST RESPONDER PRODUCTS AND SPERIAN PROTECTIVE APPAREL USA, LLC'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES**

Defendants Honeywell International Inc., Honeywell Safety Products USA, Inc., Morning Pride Manufacturing, LLC d/b/a Honeywell First Responder Products, and Sperian Protective Apparel USA, LLC ("Honeywell"), through undersigned counsel, hereby provides notice of the following affirmative defenses that Honeywell may assert in response to the Complaints ("Complaints") filed by personal injury plaintiffs and pending in the MDL ("Plaintiffs"), subject to further factual development and the potential identification of additional defenses. This Preliminary Statement of Affirmative Defenses is not intended to constitute a responsive pleading to the Complaints. Failure to deny or otherwise respond to allegations in the Complaints shall not be construed as an admission of their truth. Honeywell files this statement pursuant to Case Management Order No. 20. Pursuant to the Court's Order, Honeywell further reserves its right to seek to file a motion under the Federal Rule of Civil Procedure Rule 12 to dismiss the Complaints, in whole or in part, pursuant to this Court's Case Management Order No. 2A. Honeywell further reserves the right to amend or supplement this Preliminary Statement of Affirmative Defenses, and/or serve a pleading when so directed by the Court.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Honeywell denies generally and specifically each and every allegation set forth in Plaintiffs' Complaints, and the whole thereof, and each and every alleged cause of action therein, and Honeywell demands strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Honeywell further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. Honeywell further denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or omission on the part of Honeywell or anyone acting on its behalf. Honeywell reserves its rights to assert cross-claims and/or third-party claims.

## STATEMENT OF AFFIRMATIVE DEFENSES

1. The Complaints, and each cause of action or count alleged therein, fail to allege facts sufficient to state a claim upon which relief can be granted against Honeywell.

2. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks personal jurisdiction over Honeywell, and the Complaints should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, repose, and/or the equitable defense of laches.

4. The Complaints, and each cause of action or count alleged therein, fail to join necessary parties.

5. Honeywell denies any liability, but in the event Honeywell is found to have any liability to Plaintiff, Honeywell is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaints; or (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaints; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaints.

6. Honeywell asserts its rights to a proportionate reduction of any damages found against Honeywell based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

7. Plaintiffs' recovery of damages is or may be barred and/or diminished to the extent Plaintiffs have or will receive payment(s) for such damages from various collateral sources.

8. Plaintiffs lack standing to bring some or all of these claims.

9. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

10. Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged damages in the Complaints were proximately caused by others, including intervening and/or superseding acts or omissions.

11. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

12. Any costs alleged to be incurred in the future may not be recovered, as they are remote, speculative, and contingent.

13. The relief that Plaintiffs seek, in whole or in part, violates Honeywell's constitutional due process rights.

14. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of federal preemption, including pursuant to any applicable statutes, regulations or guidance.

15. Some or all of the claims made by Plaintiffs are barred by Honeywell's compliance with all applicable state and federal laws, regulations and orders.

16. Plaintiffs' claims are not ripe and/or have been mooted.

17. Some or all of Plaintiffs' claims and/or requested forms of relief may be barred by the doctrines of res judicata and collateral estoppel.

18. To the extent that Plaintiffs have received or may receive some or all of the requested relief from a governmental agency, Honeywell asserts its entitlement to an appropriate set-off or reduction of any judgment against it.

19. Plaintiffs' claims are barred by the economic loss rule.

20. The claims and/or damages alleged in the Complaints are or may be barred, in whole or in part, by the doctrine of avoidable consequences and by Plaintiffs' failure to mitigate their damages.

21. Plaintiffs' claims are or may be barred, in whole or in part, under the doctrines of contributory negligence and/or comparative fault, and/or other applicable common-law or statutory doctrine.

22. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of assumption of risk.

23. Honeywell denies any negligence, culpable conduct or liability on its part but, if Honeywell ultimately is found liable for any portion of Plaintiffs' alleged damages, Honeywell shall only be liable for its equitable share of Plaintiffs' alleged damages.

24. Honeywell is entitled to all the procedural, substantive, and other protections, caps, and limitations provided by applicable state statutes and other state and federal laws regarding Plaintiffs' claims for compensatory and punitive damages.

25. Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and other applicable provisions of the Constitution and of any other state whose laws may apply.

26. The Complaints fail to state a claim, in whole or in part, upon which the liability of Honeywell can be predicated on the acts or omissions of a third party, who was not an agent or employee of Honeywell and for whose acts or omissions Honeywell is not legally responsible, or any other theory of vicarious liability.

27. Honeywell cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from any harm allegedly caused by acts or omissions of Honeywell.

28. Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which Honeywell cannot be held responsible.

29. Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any product(s) manufactured by Honeywell.

30. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by exposure to PFOA or PFOS from any product(s) attributable to Honeywell.

31. Plaintiffs' claims are barred, in whole or in part, to the extent that the damages alleged in the Complaints were caused or contributed to, in whole or in part, by the negligence, carelessness, fault, culpable conduct, and/or want of care attributable to others over whom Honeywell neither had nor exercised any control.

32. Plaintiffs' claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

33. Honeywell asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its right to a proportionate reduction of any damages found against Honeywell based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

34. Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages.

35. Plaintiffs' purported exposure to Honeywell's products, if any, was too removed, indefinite, de minimis and insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage or loss to Plaintiffs.

36. Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

37. Plaintiffs' claims are or may be barred to the extent that Honeywell's products were unforeseeably misused or altered.

38. Plaintiffs' claims are or may be barred because Honeywell used proper methods in designing, testing, and manufacturing their products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

39. Plaintiffs' claims are or may be barred to the extent that any warranties were disclaimed and/or limited by applicable provisions of the UCC.

40. Plaintiffs' warranty claims, if any, are or may be barred because Plaintiffs did not provide Honeywell reasonable notice of any alleged breach.

41. Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

42. Honeywell adopts by reference any additional applicable defense pleaded by any other Defendants not otherwise pleaded herein.

Honeywell does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitutes an admission that Honeywell is liable to Plaintiff, that Plaintiffs

have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Honeywell reserves its right to (a) rely on any and all defenses and presumptions set forth in or arising from any rule or law or statute of any state whose substantive law might control the relevant action; (b) rely upon any other applicable defenses set forth in any Answer or disclosure of affirmative defenses of any other defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), except to the extent that they would impose liability on Honeywell; (c) rely upon any other defenses that may become apparent during fact or expert discovery in this matter; and (d) supplement these defenses with any additional defenses that subsequently become apparent or available during discovery in this matter or at trial.

This 17th day of June, 2025.

ROBINSON, BRADSHAW & HINSON, P.A.

*/s/ Amanda Pickens Nitto*
Gregory L. Skidmore
N.C. State Bar No. 35571
gskidmore@robinsonbradshaw.com

Stephen D. Feldman
N.C. State Bar No. 34940
sfeldman@robinsonbradshaw.com

Amanda Pickens Nitto
N.C. State Bar No. 45158
Federal I.D. No. 12620
anitto@robinsonbradshaw.com

600 S. Tryon Street, Suite 2300
Charlotte, North Carolina 28202
Telephone: 704.377.2536
Facsimile: 704.378.4000

*Counsel for Honeywell International Inc., Honeywell Safety Products USA, Inc., Morning Pride Manufacturing, LLC and Sperian Protective Apparel USA, LLC*

6