**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Order Relates To**<br>*All Cases* |

Before the Court is Plaintiffs' motion to compel Ricochet Manufacturing Company Inc. To Respond to Plaintiffs' Requests for Production of Documents and Interrogatories. (Dkt. No. 6585). Ricochet responded in opposition to Plaintiffs' motion (Dkt. No. 6634), and Plaintiffs replied (Dkt. No. 6676). For the reasons set forth below, the Court grants Plaintiffs' motion.

**I.   Background**

Ricochet is a Turnout Gear ("TOG") manufacturer and is a named defendant in a number of lawsuits by firefighters in this MDL. These lawsuits generally alleges that Ricochet sold PFAS containing TOG to fire stations and other customers that led to additional PFAS exposure to firefighters.

Plaintiffs now move to compel Ricochet "to produce all sales records from its date of incorporation in 2012 to the present, and supplement its interrogatory responses to address its sales locations and geographic dispersion of its at-issue products." (Dkt. No. 6585 at 9). Additionally, Plaintiffs seek to compel Ricochet "to fully respond to Requests for Production of Documents Nos. 6, 7, 11, 12, 13, 14, 15, 22, 33, 34, 42, and 52 and Interrogatories Nos. 3, 4, 6, 13, 14, and 30." (*Id.*) Those discovery requests generally request documents and information related to Ricochet's sales information; Ricochet's agreements with suppliers, wholesalers, and distributors; Ricochet's

1

agreements with any of the AFFF manufacturing defendants; and Ricochet's knowledge and use of any PFAS or PFAS-containing products in its TOG. (*Id.* at 3-5).

Ricochet objects to Plaintiffs' request generally as overburdensome and not proportional to the needs of the case.

This motion to compel is ripe for the Court's review.

## II.    Standard

Generally, parties to a civil litigation "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information is relevant if it has any tendency to make a fact of consequence to the action more or less probable than it would be otherwise. Fed. R. Evid. 401. The district court may broadly construe rules enabling discovery, but it "must limit the frequency of extent of discovery otherwise allowed" if it determines that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; if the requesting party "had had ample opportunity to obtain the information by discovery in the action"; or if it is otherwise "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. V. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1993). And a transferee court presiding over a multi-district litigation has broad discretion to manage such a docket containing voluminous cases. *See, e.g., In re Guidant Corp. Implantable Defibrillators Prod Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007).

### III. Discussion

Plaintiffs argue that this discovery is proportional to the needs of this case because over 2,400 plaintiffs have named Ricochet as a defendant in this Multi District Litigation ("MDL"). Plaintiffs argue that the discovery is relevant to issues of notice; product identification; and willful wanton, and reckless allegations. Plaintiffs also argue that the discovery is reasonable because other TOG defendants were served substantially similar discovery and have provided answers and produced relevant documents. Lastly, Plaintiffs argue that the discovery is not overburdensome because Ricochet has only operated for 12 years and serves in regional capacity, making the burden of producing the requested discovery minimal.

Throughout multiple meet and confers, Ricochet has maintained its position that it would not produce sales records unless specifically identified by a plaintiff in a TOG Plaintiff Fact Sheet nor would it respond to other discovery absent additional identifications by individual plaintiffs. Ricochet alleges, based on TOG Plaintiff Fact Sheets, that only one plaintiff in the entire MDL claims to have worn TOG assembled by Ricochet. (Dkt. No. 6634 at 1). Ricochet argues that the number of suits filed against it "is simply attributable to the fact that Plaintiffs' counsel cuts and pastes the same list of defendants into every complaint without regard to the merits of the claims being asserted." (*Id.*) Ricochet argues that complying with Plaintiffs' requests would require it to needlessly incur significant expense to review and produce thousands of confidential business records that do not relate to TOG at issue in this litigation. Ricochet has agreed, however, to produce all records in its possession that relate to any plaintiffs who claim to have worn Ricochet gear and has offered to confer with Plaintiffs' counsel to the extent that counsel is aware of additional plaintiffs who may have worn Ricochet gear but are unsure. Ricochet has also produced documents related to (1) the details of Ricochet's TOG; (2) instructions for selecting, caring for

and maintaining its TOG; (3) its PFAS policies and related information; (4) safety information provided by the manufacturers of the fabrics used by Ricochet; (5) general information about its history of operations; and (6) its requests to its suppliers for information related to PFAS in their products and their responses. (*Id.* 7-8).

The Court finds that the requested discovery is relevant and proportional to the needs of the case in the context of this MDL. The Court appreciates Ricochet's objections and understands the inequities created by the MDL that individual plaintiffs and defendants must manage. Ultimately, the Court must weigh the needs of the case and finds that the discovery requested here will advance individual cases and the TOG cases as a whole. This is necessary in order to efficiently address global issues, avoid duplication of effort, and facilitate settlement, which are the primary goals of MDLs. Accordingly, the Court grants Plaintiffs' motion to compel.

### IV.     Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiffs' motion to compel (Dkt. No. 6585).


    s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 30, 2025
Charleston, South Carolina