# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG |

**[PROPOSED] CASE MANAGEMENT ORDER**

The United States moved to dismiss the FTCA claims against it pursuant to the discretionary function exception (Dkt. Nos. 4548 & 4550), which the Court denied without prejudice (Dkt. No. 6730). Further, the Court directed the United States and the relevant FTCA Plaintiffs (collectively, the "Parties") to "conduct site-specific discovery and briefing" and set a schedule for jurisdictional discovery and site-by-site briefing. (Dkt. No. 6730.) Per the Court's guidance at the April 4, 2025, status conference, the United States proposes the following schedule regarding the additional site-specific jurisdictional discovery and briefing ordered by the Court:

1. Within 30 days of entry of this CMO, the Parties shall jointly submit a notice designating four sites from the remaining sites subject to the United States' omnibus motion to dismiss (Dkt. No. 4548-2), in which the Parties will complete site-specific jurisdictional discovery and briefing about remaining issues related to the applicability of the FTCA's discretionary function exception.

    a. The Parties agree that the selection process will begin with the FTCA Plaintiffs proposing an initial group of four sites, each of which the United States will either accept or reject. In the event the United States rejects one of the FTCA Plaintiffs' proposed sites, it will provide an explanation of the reasons or basis for doing so. The FTCA Plaintiffs then have the option of either proposing another site as an

    alternative or notifying the United States of their intent to submit a letter brief pursuant to Paragraph 1(b).

   b. In the event the Parties cannot agree on the four sites to be designated, the parties shall submit simultaneous letter briefs no more than five single-spaced pages in length articulating their respective positions on the sites in dispute within five business days of the deadline to submit joint selections.

2. The Parties will have 90 days after Site-Selection to complete site-specific written discovery that shall include both custodial and non-custodial productions of documents and electronically stored information responsive to the parties' respective written discovery requests.

   a. "Site-Selection" is defined as the date upon which either (i) the Parties file a joint notice agreeing to select four sites, or (ii) the Court enters an order selecting four sites after considering the Parties' letter briefs, as set forth in Paragraph 1(b).

   b. The United States is only required to respond to the following discovery requests included in the FTCA Plaintiffs' Master Sets of Interrogatories and Requests for Production for the applicable sites: (a) Interrogatory Nos. 1, 4–9, 14, 16, and 18; and (b) Request for Production Nos. 1, 6–9, 16, 18, 19, 21, and 22. (Dkt. Nos. __). All other site-specific written discovery is also withdrawn, including, but not limited to:

      i. Plaintiff California-American Water Co.'s Requests for Production on the United States for Mather Air Force Base, dated March 13, 2025;

      ii. the State of New York's Interrogatories and Requests for Production on the United States for 13 sites and Stewart Air National Guard Base, dated March 17, 2025; and

      iii. the State of New York's Interrogatories and Requests for Production on the United States for Gabreski Air National Guard Base, dated March 26, 2025.

  c. In the event the Parties are unable to complete written discovery within the 90-day written discovery period, either party may (i) seek the other side's agreement to file a stipulation jointly extending the written discovery period, or (ii) file a motion seeking to extend the written discovery period for good cause.

      i. Motions seeking to extend the period for completing written discovery pursuant to Paragraph 2(b) shall be no more than seven double-spaced pages in length and must be filed at least 14 days prior to the expiration of the deadline to complete that discovery. The opposing party shall then have seven days to file a response to the motion, which shall also be no more than seven double-spaced pages in length.

3. Following the completion of site-specific written discovery, the parties will have 90 days to complete site-specific fact witness depositions.

  a. Fact witness depositions should be limited to witnesses with information relevant for determining the remaining questions or issues on the applicability of the DFE to the FTCA Plaintiffs' claims for the applicable sites.

  b. The Parties can and should discuss Rule 30(b)(6) topics and potential fact witness depositions during the written discovery period, as well as expert depositions, their reports, and any related issues or deficiencies. The Parties can and should discuss

3

the possibility of agreeing to schedule Rule 30(b)(6) depositions in lieu of individual fact witness depositions with the goal of taking the minimum number of depositions required to allow for the necessary discovery. The Parties may agree to schedule a combination of Rule 30(b)(6) depositions and fact witness depositions to allow for the necessary discovery. Unless the Parties agree otherwise, fact witness depositions are limited as set forth below:

   i. A presumptive limit of three fact witness depositions per site shall apply to each side, though additional depositions may be taken by agreement of the Parties. If an agreement cannot be reached on additional depositions, the side seeking the additional deposition(s) may file on the docket a letter brief of no more than two single-spaced pages explaining why good cause exists for allowing the deposition(s). Within three business days, the party opposing the deposition may file on the docket a letter brief of no more than two single-spaced pages in response explaining why good cause does not exist for the deposition.

c. In the event the Parties are unable to complete depositions within this 90-day period, either side may (i) seek the other side's agreement to file a stipulation jointly extending the period to complete depositions, or (ii) file a motion seeking to extend the period to complete depositions for good cause.

   i. Motions seeking to extend the period for completing fact witness depositions pursuant to Paragraph 3(c)(i) shall be no more than seven (7) double-spaced pages in length and must be filed at least 14 days prior to the expiration of the deadline to complete fact witness depositions. The

4

opposing party shall then have seven days to file a response to the motion, which shall also be no more than seven double-spaced pages in length.

4. Within five days of completing site-specific fact witness depositions, the Parties shall confirm in writing whether they intend to affirmatively rely on expert testimony in their site-specific briefing.

   a. Any party that confirms they intend to rely on affirmative expert testimony shall provide corresponding expert disclosures and reports (including all related materials, like CVs, testimony lists, and materials considered) no later than 14 days after providing the written confirmation required under Paragraph 4. Any expert disclosures or reports provided pursuant to this Paragraph shall comply with Rule 26(a)(2).

   b. Where a party serves affirmative expert disclosures and reports pursuant to Paragraph 4(a), the opposing party shall have the option to depose that expert within 30 days of receiving the expert's disclosures and report.

   c. Where a party serves expert disclosures and reports pursuant to Paragraph 4(a), the opposing party shall have the option to obtain its own expert to respond. The opposing party shall confirm in writing whether it intends to respond with its own expert within five days of the expert disclosures and reports pursuant to Paragraph 4(a).

   d. Any party that confirms they intend to rely on responding expert testimony shall provide corresponding expert disclosures and reports (including all related materials, like CVs, testimony lists, and materials considered) no later than fourteen (14) days after providing the written confirmation described in Paragraph 4(c). Any

    expert disclosures or reports provided pursuant to this Paragraph shall comply with Rule 26(a)(2).

  e. Where a party serves responsive expert disclosures and reports pursuant to Paragraph 4(c), the opposing party (*i.e.*, the party who noted affirmative expert testimony) shall have the option to depose that expert within 30 days of receiving the responding expert's disclosures and report.

  f. Nothing in this CMO requires a party to provide a report for an expert who is not otherwise required to provide one under Rule 26(a)(2)(C).

  g. In the event the parties are unable to complete expert discovery in the time provided in Paragraph 4(b) or Paragraph 4(e), either side may (i) seek the other side's agreement to file a stipulation jointly extending the period to complete that discovery, or (ii) file a motion seeking to extend the period to complete depositions for good cause.

    i. Motions seeking to extend the period for completing expert depositions pursuant to Paragraph 4(b) shall be no more than seven double-spaced pages in length and must be filed at least seven days prior to the expiration of the deadline to complete those depositions. The opposing party shall then have five days to file a response to the motion, which shall also be no more than seven double-spaced pages in length.

5. Following the completion of site-specific fact witness depositions and any site-specific expert discovery that is needed, the Parties shall complete site-specific briefing as follows:

  a. The United States shall file its site-specific motions to dismiss no later than 60 days following the completion of depositions.

    b. Plaintiffs shall file their opposition briefs within 45 days from the date that the United States files its site-specific motions to dismiss.

    c. The United States shall file its reply briefs within 30 days from the date that Plaintiffs file their opposition briefs.

6. Within 30 days following the completion of depositions related to the initial four sites selected, the Parties shall meet and confer and make a joint submission that (1) designates four more sites in which the parties will complete site-specific jurisdictional discovery and briefing; and (2) propose a process and schedule for completing site-discovery jurisdictional discovery and briefing for the next four sites designated.

    a. In the event the Parties cannot agree on either the four sites to designate for the next phase or the process/schedule for completing jurisdictional discovery/briefing in the next four cases, the Parties shall submit simultaneous letter briefs of no more than five single-spaced pages in length articulating their respective positions on the sites in dispute within five business days of the deadline to submit joint selections.

    b. In proposing a schedule for any subsequent wave of sites, the Parties will make a good faith attempt to use the lessons they have learned from completing discovery for the first phase of sites to propose a more abbreviated schedule for completing the same for the subsequent phase of sites.

7. During the period in which site-specific jurisdictional discovery and briefing are being completed for first four sites designated, the United States will continue searching for and producing documents responsive to the agreed-upon discovery requests in the FTCA Plaintiffs' Master Set of Interrogatories and Requests for Production, with respect to all sites and subject to the provisions of this paragraph and its subparts.

a. The United States shall substantially complete its production of non-custodial responsive documents for the remaining sites not selected within 90 days of the Site-Selection for the initial four sites.

> Deleted: 120

b. No later than 15 days after the substantial completion deadline set forth above, the FTCA Plaintiffs shall submit a written request to the United States that it produce custodial ESI for no more than six of the remaining sites. The FTCA Plaintiffs' written request shall identify no more than two custodians at each site to be the subject of the referenced productions.

c. The Parties shall endeavor to reach agreement on the search terms that will be used for the custodial ESI productions within 30 days of the FTCA Plaintiffs submitting their written request. In the event they are unable to reach an agreement by that deadline, the Parties shall submit simultaneous letter briefs no more than five (5) single-spaced pages in length laying out their respective positions on search terms within five (5) business days of the expiration of the deadline. Once the search terms are finalized—whether by agreement of the Parties or an order from the Court—the United States shall have 75 days to substantially complete the referenced custodial ESI productions.

d. The discovery set forth in Paragraphs 7(a) and (b) shall be without prejudice to (1) the FTCA Plaintiffs' ability to seek such custodial ESI materials for a site during its respective site-specific discovery phase, and (2) the United States' objections to such custodial ESI discovery for that site.

> Formatted: Font: (Default) Times New Roman, 12 pt
>
> Deleted: <#>If there is evidence at a given base of (1) a policy governing the use or disposal of AFFF and/or (2) an accidental release of AFFF, then custodial ESI discovery may be appropriate. In that event, the Parties should meet and confer about the custodian(s) from whom ESI is sought, the scope of the searches to be performed, and the timing of any productions.¶

8