# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG |

**PROPOSED CASE MANAGEMENT ORDER NO. 34**

<u>Discovery and Briefing of Motions to Dismiss Under CERCLA § 113(h)</u>

The United States moved to dismiss certain claims for injunctive relief against it pursuant to Section 113(h) of CERCLA (Dkt. No. 4550), which the Court denied without prejudice (Dkt. No. 6730). Further, the Court directed the United States and the relevant Plaintiffs ("113(h) Plaintiffs") to "conduct site-specific discovery and briefing" and set a schedule for jurisdictional discovery and site-by-site briefing. Dkt. No. 6730. Per the Court's guidance at the April 4, 2025, status conference, the 113(h) Plaintiffs and United States have agreed to the following schedule regarding the additional site-specific jurisdictional discovery and briefing ordered by the Court:

1. The parties agree that, given the fewer cases and sites involved, a site selection process and case phasing process is unnecessary for jurisdictional discovery and briefing of the United States' motions to dismiss under CERCLA § 113(h). Rather, jurisdictional discovery commenced for each and every site at issue in the United States' motion to dismiss under CERCLA § 113(h) (*see* Dkt. No. 4550) shortly after the Court's February 27, 2025 Order (*see* Dkt. No. 6730). Site-specific discovery for the sites at issue in the United States' motion to dismiss under CERCLA § 113(h) (*see* Dkt. No. 4550) will continue after entry of this CMO, and in accordance with it, with site-specific briefing for those sites to follow thereafter.

> **Commented [A1]:** We're fine with the language changes here (reflecting that discovery is already ongoing), just had a few minor stylistic edits.
> **Deleted:** the
> **Deleted:** described in Paragraph 1 of this CMO

{Cases; 00040815.DOCX}

2. The parties will have 90 days after entry of this CMO to complete limited written discovery restricted to: "(a) whether the cleanup efforts at [the relevant site] are being conducted under CERCLA Section 104[,] (b) whether [the Plaintiff's] claims seeking injunctive relief should be considered 'challenges' to the remedial action," Dkt. No. 6728, 27, and (c) "the current cleanup efforts" at each site, Dkt. No. 6730, 4.

3. To the extent such written discovery seeks custodial ESI, the parties should meet and confer about the custodian or custodians from whom ESI is sought, the extent or scope of the searches to be performed, and the timing of such productions.

4. If the parties are unable to complete written discovery within the 90-day written discovery period, either party may (i) seek the other side's agreement to file a stipulation jointly extending the written discovery period, or (ii) file a motion seeking to extend the written discovery period for good cause. Motions seeking to extend the written discovery period shall be no more than seven (7) double-spaced pages in length and must be filed at least fourteen (14) days prior to the expiration of the deadline to complete that discovery. The opposing party shall then have seven (7) days to file a response to the motion, which shall also be no more than seven (7) double-spaced pages in length.

5. Following the completion of written discovery, the parties will have 120 days to complete depositions.

    a. The parties can and should discuss the possibility of agreeing to schedule site-specific depositions under FRCP 30(b)(6), with the goal of taking the minimum number of depositions required to allow for the necessary discovery. The parties may agree to schedule a combination or sequencing of 30(b)(6) depositions and fact witness depositions to allow for the necessary discovery. The parties can and should

**Comments:**

**Commented [A2]:** Upon further reflection, and given plaintiffs' intent to serve RFPs on the United States applicable to each site, we think 90 days is a safer bet (since any motions to compel arising from written discovery will also need to be filed during this period).

That said, if DOJ prefers 60 we're fine with that, since we can always seek to stipulate for longer, if needed, or go to the Court.

**Deleted:** 60

**Commented [A3]:** The United States' proposal here is unacceptable to plaintiffs.

Using the Court's language from its ruling on the site-specific briefing relating to CAFB is overly-restrictive, since other sites may present different issues. That was the gravamen of the Court's ruling on the 2024 global motion - site-specific issues precluded a global approach.

Moreover, DOJ's proposed subject matter limitations - particularly (a) - are legal questions.

That said, we may be able to accept these limitations, if DOJ is willing to agree to a third category of discoverable information: "the current cleanup efforts at [the relevant site]." Dkt. No. 6730 (order on DOJ's *global* motion, a more relevant guide for this global discovery).

**Deleted:** and

**Deleted:** .

**Commented [A4]:** Assuming you deleted this because DOJ sees ESI as unnecessary under its proposed limitations.

As noted above, plaintiffs cannot accept those limitations, and believe that ESI will be necessary to accomplish the discovery under their counter-proposal.

In particular, DOJ has already identified individuals at each site with relevant information (the Remedial Project Managers). Plaintiffs will need ESI from those individuals - this is standard discovery practice.

**Deleted:** 60

**Commented [A5]:** We're fine with this adjustment.

**Deleted:** fact witness

{Cases; 00040815.DOCX}

    discuss 30(b)(6) topics and potential fact witness depositions during the written discovery period, as well as expert depositions, their reports, and any related issues or deficiencies. Unless the parties agree otherwise, fact witness depositions are limited as set forth below.

b. A presumptive limit of two (2) fact witness depositions (excluding FRCP 30 (b)(6) depositions) per site shall apply to each side, though additional depositions may be taken by agreement of the parties. If an agreement cannot be reached on the one (1) fact deponent or additional depositions, the side seeking the additional deposition(s) may file on the docket a letter brief of no more than two single-spaced pages explaining why good cause exists for allowing the deposition(s). Within three (3) business days, the side opposing the deposition may file on the docket a letter brief of no more than two single-spaced pages in response explaining why good cause does not exist for the deposition.

c. In the event the parties are unable to complete depositions within this 120-day period, either side may (i) seek the other side's agreement to file a stipulation jointly extending the period to complete depositions, or (ii) file a motion seeking to extend the period to complete depositions for good cause.

    i. Motions seeking to extend the period for completing fact witness depositions shall be no more than seven (7) double-spaced pages in length and must be filed at least fourteen (14) days prior to the expiration of the deadline to complete fact witness depositions. The opposing party shall then have seven (7) days to file a response to the motion, which shall also be no more than seven (7) double-spaced pages in length.

{Cases; 00040815.DOCX}

**Comments:**

[A6]: As previously related, plaintiffs are unwilling to waive their rights to fact witness depositions. But we are willing to attempt 30(b)(6) depositions first.

[A7]: Two seems more appropriate, and a reasonable compromise of plaintiffs' original position (three).

**Deleted:** <#>The parties may schedule a deposition under FRCP 30(b)(6), in lieu of the one fact witness deposition. The parties must meet and confer and attempt to agree on the subject matter of any 30(b)(6) depositions during the written discovery period. The deponent under FRCP 30(b)(6) is limited to the subject matters agreed to for the particular site identified.¶

**Deleted:** <#>one

**Deleted:** <#>1

**Moved up [1]:** <#>The parties may schedule a deposition under FRCP 30(b)(6), in lieu of the one fact witness deposition. The parties must meet and confer to agree on the subject matter of any 30(b)(6) depositions during the written discovery period. The deponent under FRCP 30(b)(6) is limited to the subject matter for the particular site identified.¶

**Deleted:** pursuant to Paragraph __(c)

6. Within five days of the completion of depositions, Plaintiffs and the United States shall confirm in writing whether they intend to affirmatively rely on expert or non-deposition testimony (declarations or affidavits) in their site-specific briefing.

   a. Any party that confirms they intend to rely on such testimony shall provide it, and any corresponding expert disclosures and reports (including all related materials, like CVs, testimony lists, and materials considered) no later than fourteen (14) days after providing written confirmation. Any expert disclosures or reports provided pursuant to this Paragraph shall comply with FRCP 26(a)(2).

   b. The opposing party shall have the option to depose such witnesses within thirty (30) days of receiving service of the testimony.

   c. Where a party serves such testimony/disclosures/reports, the opposing party shall have the option to obtain its own witness to respond. The opposing party shall confirm in writing whether it intends to respond with its own witness within five days of receiving such testimony.

   d. Any party that confirms they intend to rely on responding testimony shall provide it, and any corresponding expert disclosures and reports (including all related materials, like CVs, testimony lists, and materials considered) no later than fourteen (14) days after providing the written confirmation. Any expert disclosures or reports provided pursuant to this Paragraph shall comply with FRCP 26(a)(2).

   e. Where a party serves responsive testimony/disclosures/reports, the opposing party (i.e., the party who noted affirmative testimony) shall have the option to depose the responsive witness within thirty (30) days of receiving the testimony or expert disclosures and reports.

**Commented [A8]:** We are unclear on DOJ's reasons for removing this section, and so have re-instituted it.

As noted previously, this is analogous to the procedure for notice of reliance on testimony that was approved for the Cannon discovery/briefing, but altered so that plaintiffs receive the same notice that the United States was entitled to under that procedure.

Plaintiffs were previously deprived of a meaningful opportunity to depose a U.S. witness (Alexandria Long) in the 2024 proceedings. This seeks to avoid that.

**Formatted**

**Formatted:** Font: (Default) Times New Roman, 12 pt

{Cases; 00040815.DOCX}

7. Following the completion of depositions, the parties shall complete site-specific briefing as follows:

   a. The United States shall file its site-specific motions to dismiss no later than 90 days following the completion of depositions.

   > **Deleted:** pursuant to Paragraphs ___

   b. Plaintiffs shall file their opposition briefs within 60 days from the date that the United States files its site-specific motions to dismiss.

   > **Commented [A9]:** It is inappropriate that DOJ would have 90 days to write its motions and 60 days to reply, with Plaintiffs having only 45 days to oppose.
   >
   > **Deleted:** 45

   c. The United States shall file its reply briefs within 45 days from the date that Plaintiffs file their opposition briefs.

   > **Deleted:** 60

{Cases; 00040815.DOCX}