IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG |

**THE UNITED STATES OF AMERICA'S**
**PROPOSED CASE MANAGEMENT ORDER**

Discovery and Briefing of Motions to Dismiss under CERCLA § 113(h)

The United States moved to dismiss certain claims for injunctive relief against it pursuant to Section 113(h) of CERCLA (Dkt. No. 4550), which the Court denied without prejudice (Dkt. No. 6730). Further, the Court directed the United States and the relevant Plaintiffs ("113(h) Plaintiffs") to "conduct site-specific discovery and briefing" and set a schedule for jurisdictional discovery and site-by-site briefing. Dkt. No. 6730. The United States proposes the following schedule regarding the additional site-specific jurisdictional discovery and briefing ordered by the Court:

1. Given the fewer cases and sites involved, a site selection process and case phasing process is unnecessary for jurisdictional discovery and briefing of the United States' motions to dismiss under CERCLA § 113(h). Rather, jurisdictional discovery commenced for each and every site at issue in the United States' motion to dismiss under CERCLA § 113(h) (*see* Dkt. No. 4550) shortly after the Court's February 27, 2025 Order (*see* Dkt. No. 6730). Site-specific discovery for the sites at issue in the United States' motion to dismiss under CERCLA § 113(h) (*see* Dkt. No. 4550) will continue after entry of this CMO, and in accordance with it, with site-specific briefing for those sites to follow thereafter.

2. The parties will have 90 days after entry of this CMO to complete limited written discovery restricted to: "(a) whether the cleanup efforts at [the relevant site] are being conducted under CERCLA Section 104 [,] (b) whether [the Plaintiff's] claims seeking injunctive relief should be considered 'challenges' to the remedial action," Dkt. No. 6728, 27, and (c) "the current cleanup efforts" related to PFAS from AFFF at each site, Dkt. No. 6730, 4.

3. If the parties are unable to complete written discovery within the 90-day written discovery period, either party may (i) seek the other side's agreement to file a stipulation jointly extending the written discovery period, or (ii) file a motion seeking to extend the written discovery period for good cause. Motions seeking to extend the written discovery period shall be no more than seven (7) double-spaced pages in length and must be filed at least fourteen (14) days prior to the expiration of the deadline to complete that discovery. The opposing party shall then have seven (7) days to file a response to the motion, which shall also be no more than seven (7) double-spaced pages in length.

4. Following the completion of written discovery, the parties will have 120 days to complete depositions.

    a. The parties will discuss the possibility of agreeing to schedule site-specific depositions under FRCP 30(b)(6), with the goal of taking the minimum number of depositions required to allow for the necessary discovery. Before any FRCP 30(b)(6) deposition, the parties will meet and confer on the subject matter(s) of such 30(b)(6) depositions, with the subject matter of each 30(b)(6) deposition being limited to the particular site identified. Unless the parties agree otherwise, fact witness depositions are limited as set forth below.

    b. A presumptive limit of one (1) fact witness deposition (including FRCP 30(b)(6) depositions) per site shall apply to each side, though additional depositions may be taken by agreement of the parties. If an agreement cannot be reached on the one (1) fact deponent or additional depositions, the side seeking the additional deposition(s) may file on the docket a letter brief of no more than two single-spaced pages explaining why good cause exists for allowing the deposition(s). Within three (3) business days, the side opposing the deposition may file on the docket a letter brief of no more than two single-spaced pages in response explaining why good cause does not exist for the deposition.

    c. In the event the parties are unable to complete depositions within this 120-day period, either side may (i) seek the other side's agreement to file a stipulation jointly extending the period to complete depositions, or (ii) file a motion seeking to extend the period to complete depositions for good cause.

        i. Motions seeking to extend the period for completing fact witness depositions shall be no more than seven (7) double-spaced pages in length and must be filed at least fourteen (14) days prior to the expiration of the deadline to complete fact witness depositions. The opposing party shall then have seven (7) days to file a response to the motion, which shall also be no more than seven (7) double-spaced pages in length.

5. Within fourteen days after the completion of depositions, Plaintiffs and the United States shall confirm in writing whether they intend to affirmatively rely on expert or non-deposition testimony (declarations or affidavits) in their site-specific briefing.

a. Any party that confirms they intend to rely on such testimony shall provide it, and any corresponding expert disclosures and non-privileged reports (including all related materials, like CVs, testimony lists, and non-privileged materials considered) no later than fourteen (14) days after providing written confirmation. Any expert disclosures or reports provided pursuant to this Paragraph shall comply with FRCP 26(a)(2).

b. The opposing party shall have the option to depose such witnesses within sixty (60) days after receiving service of the testimony.

c. Where a party serves such testimony/disclosures/reports, the opposing party shall have the option to obtain its own witness to respond. The opposing party shall confirm in writing whether it intends to respond with its own witness within fourteen days after receiving such testimony.

d. Any party that confirms they intend to rely on responding testimony shall provide it, and any corresponding expert disclosures and non-privileged reports (including all related materials, like CVs, testimony lists, and non-privileged materials considered) no later than fourteen (14) days after providing the written confirmation. Any expert disclosures or reports provided pursuant to this Paragraph shall comply with FRCP 26(a)(2).

e. Where a party serves responsive testimony/disclosures/reports, the opposing party (i.e., the party who noted affirmative testimony) shall have the option to depose the responsive witness within sixty (60) days after receiving the testimony or expert disclosures and reports.

6. Following the completion of depositions, the parties shall complete site-specific briefing as follows:

   a. The United States shall file its site-specific motions to dismiss no later than 90 days following the completion of depositions.

   b. Plaintiffs shall file their opposition briefs within 75 days from the date that the United States files its site-specific motions to dismiss.

   c. The United States shall file its reply briefs within 60 days from the date that Plaintiffs file their opposition briefs.