# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>This Document relates to:<br>2:18-cv-03358<br>2:19-cv-01022<br>2:19-cv-01119<br>2:19-cv-01120<br>2:19-cv-01181<br>2:19-cv-01217<br>2:19-cv-01724<br>2:19-cv-02187<br>2:19-cv-02607<br>2:20-cv-00834<br>2:20-cv-01398<br>2:20-cv-01763<br>2:20-cv-02030<br>2:20-cv-02899<br>2:21-cv-01496<br>2:21-cv-02627<br>2:21-cv-03284<br>2:21-cv-03699<br>2:22-cv-00490<br>2:22-cv-02368<br>2:23-cv-05876<br>2:24-cv-00820 |

## FTCA PLAINTIFFS' MASTER SET OF INTERROGATORIES TO DEFENDANT UNITED STATES OF AMERICA ON SITE-SPECIFIC JURISDICTIONAL ISSUES

PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, the FTCA Plaintiffs[1] request in the above-captioned cases that **Defendant United States of America** ("Defendant") answer the following interrogatories, separately and fully, under oath, within (30) days of service.

---

[1] *See infra* "Definitions" at ¶ 15.

## <u>INSTRUCTIONS</u>

1.      The Defendant shall respond to each of these interrogatories to the fullest extent possible, and in good faith, preserving any valid objections Defendant may have.  Defendant may further ask undersigned counsel to clarify or limit any request the Defendant believes is vague, unduly burdensome, or not proportional to the needs of the case. Further, Defendant may request to meet and confer with undersigned counsel regarding the requests.

2.      These Interrogatories cover all information known to or available to Defendants and its agents or attorneys, and all information in documents in its actual or constructive possession, custody, or control, whether prepared by it or any other persons.

3.      All verbs used herein shall be construed to include all tenses.

4.      The singular shall include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and' as well as "or" shall be construed either conjunctively or disjunctively, as necessary, in order to give these interrogatories their broadest scope.

5.      With respect to each document required to be identified by these Interrogatories to which a claim of privilege is asserted, separately state the following:

> a.      The type of document (*e.g.*, letter, memorandum, note, etc.);
>
> b.      Its date;
>
> c.      The name, business address and present position of its author(s);
>
> d.      The position of its author(s) at the time the document was prepared;
>
> e.      The name, business address and present position of its addressee(s) and all other recipients of the document;
>
> f.      The position of its addressee(s) and all other recipients at the time the document was prepared and at the time it was received.

g.   A general description of the subject of the document;

h.   The basis of the claim of privilege; and

i.   If the basis for the claim of privilege is the work product doctrine, identify the proceeding for which the document was prepared.

6.   Where the term "describe" is used in the interrogatories below, this term includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information CONCERNING the subject matter of a specific interrogatory.

7.   Where the term "identify" is used in the interrogatories below, this term includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information CONCERNING the subject matter of a specific interrogatory and also includes a request for the following information, to the extent known:

a.   with respect to a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

b.   with respect to a natural person, his or her name, business address and telephone number, employer, and title or position;

c.   with respect to a DOCUMENT or other item of physical evidence, a description of the DOCUMENT or item of physical evidence with sufficient specificity to enable the party propounding these Interrogatories to identify

3

such DOCUMENT or item of physical evidence in a motion to compel its production or availability for inspection.

8.     With respect to any non-documentary information or communications required to be identified or described by these Interrogatories as to which a claim of privilege is asserted, separately state the following:

a.     The basis of the claim of privilege;

b.     A general description of the subject of the information or communication;

c.     The identities of all persons with knowledge of the information or communication;

d.     The date of the communication;

e.     The identities of all persons present when the communication took place;

f.     The type of communication (e.g. face-to-face conversation, telephone conversation) and the location of each party to the communication at the time it took place.

9.     Unless otherwise specified, these Interrogatories are limited to the time period from January 1, 1970 to present and including the date of service of these interrogatories.

## DEFINITIONS

1.     **"AFFF"** means aqueous film-forming foam containing PFAS.

2.     **"AFFF MDL"** refers to the coordinated multi-district proceedings captioned *In re Aqueous Film-Forming Foam Prods. Liab. Litig.*, No. 2:18-mn-2873-RMG (D.S.C.), currently pending before the Honorable Richard M. Gergel of the United States District Court for the District of South Carolina.

3.     **"AIR FORCE FTCA SITES"** collectively refers to a subset of GOVERNMENT FTCA SITES that includes:

4

a. Barnes Air National Guard Base
b. Defense Fuel Support Point Verona
c. Eielson Air Force Base
d. Fairchild Air Force Base
e. Francis S. Gabreski Air National Guard Base / Francis S. Gabreski Airport
f. Former Griffiss Air Force Base
g. Hancock Field Air National Guard Base / Syracuse Hancock International Airport
h. Joint Base Lewis-McChord / Former McChord Air Force Base
i. Long Island MacArthur Airport
j. March Air Reserve Base / March Air Force Base

k. Mather Air Force Base
l. McConnell Air Force Base
m. Niagara Falls Air Reserve Station / Niagara Falls International Airport
n. Camp Smith
o. Peterson Air Force Base (n/k/a Peterson Space Force Base)
p. Former Plattsburgh Air Force Base
q. Seneca Army Depot
r. Stewart Air National Guard Base / Stewart International Airport
s. Stratton/Schenectady Air National Guard Base
t. Westchester County Airport
u. Wright-Patterson Air Force Base

4.      **"ARMY FTCA SITES"** collectively refers to a subset of GOVERNMENT FTCA SITES that includes: (a) Fort Drum; (b) Joint Base Lewis-McChord / Former Fort Lewis; and (c) Seneca Army Depot.

5.      **"BASE"** means a present or former federally owned or operated military installation or facility.

6.      **"BASE PERSONNEL"** refers to the PERSONS currently or formerly in military service or otherwise employed at a specific BASE, including both military personnel and CIVILIAN EMPLOYEES.

7.      **"CIVILIAN EMPLOYEES"** means individuals working under DEFENDANT'S General Schedule or "GS" system, as well as PERSONS working pursuant to a contract with a specific BASE.

8.      **"COMMUNICATION(S)"** means any act, action, oral speech, written correspondence, contact, expression of words, thoughts, ideas, transmission or exchange of data

or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, email, facsimile, text message, instant message, recorded message or any other process—electronic, computer, or otherwise. All such communications in writing shall include, without limitation, printed, typewritten, handwritten, electronic, or other DOCUMENT(S).

9.     As used herein, the term **"DESCRIBE"** includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion, and other information CONCERNING the subject matter of a specific Interrogatory.

10.     As used herein, the term **"DOCUMENT(S)"** shall have the broadest meaning possible and shall mean all documents, electronically stored information, and tangible things discoverable under Rule 34 of the Federal Rules of Civil Procedure, including without limitation: all writings and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to originals (or identical duplicates when originals are not available), drafts, computer-stored and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, leases, subleases, lease assignments, amendments, books records, checks, vouchers, permits, invoices, purchase orders, hazardous waste manifests, timesheets, bills of lading, receipts, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, site plans, floor plans, blueprints, equipment lists, maps, diagrams, drawings, photographs, video, sketches, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of

organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters emails, electronic or mechanical records, facsimiles, telegrams and telecopiers, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. DOCUMENTS expressly include all ELECTRONIC RECORDS.

11.     **"DFE"** refers to the discretionary function exception to the FTCA's waiver of DEFENDANT'S sovereign immunity provided in 28 U.S.C. § 2680(a).

12.     "**ELECTRONIC RECORDS**" means the original (or identical forensically unchanged duplicate when the original is not available) and any non- identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. ELECTRONIC RECORDS include but are not limited to computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, slide presentations, database files, charts, graphs  and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC RECORDS exist in an active file, deleted file, or file fragment. ELECTRONIC RECORDS include without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD- ROMs,

3

removable media, magnetic tapes of all types, microfiche, and any other media used for electronic data storage or transmittal. ELECTRONIC RECORDS also include the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

13.    **"FTCA"** means the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680.

14.    **"FTCA CLAIMS"** refers to the state law tort claims asserted against DEFENDANT pursuant to the FTCA.

15.    **"FTCA PLAINTIFFS"** collectively refers (with one exception[2]) to the plaintiffs who have asserted FTCA CLAIMS that DEFENDANT moved to dismiss for lack of subject matter jurisdiction based on the DFE on February 26, 2024.  *See* United States' Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) at 1–2, *In re Aqueous Film-Forming Foam Prods. Liab. Litig.*, No. 2:18-mn-2873-RMG (D.S.C. Feb. 26, 2024), ECF No. 4548.

16.    **"GOVERNMENT FTCA SITES"** collectively refers to the AIR FORCE FTCA SITES, ARMY FTCA SITES, NAVY FTCA SITES, and Brookhaven National Laboratory located in Upton, NY.

17.    As used herein, the term **"IDENTIFY"** includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion, and other information CONCERNING the subject matter of a specific interrogatory, as well as a request for the following information, to the extent known:

    a.    with respect to a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name

---

[2] On January 16, 2025, Plaintiff City of Westfield filed its Third Amended Complaint, which removed its FTCA CLAIM against DEFENDANT for negligence and added a cost recovery claim against DEFENDANT under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607(a)(4)(B).  *See generally* Third Am. Compl., *City of Westfield v. 3M Company et al*, No. 2:18-cv-03435-RMG (D.S.C. Jan 16, 2025), ECF No. 138.

of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

   b.  with respect to a natural person, his or her name, business address and telephone number, employer, and title or position;

   c.  with respect to a DOCUMENT or other item of physical evidence, a description of the DOCUMENT or item of physical evidence with sufficient specificity to enable the party propounding these Interrogatories to identify such DOCUMENT or item of physical evidence in a motion to compel its production or availability for inspection.

   18.  **"NAVY FTCA SITES"** collectively refers to a subset of GOVERNMENT FTCA SITES that includes: (a) Bethpage Naval Weapons Industrial Reserve Plant; (b) Calverton Naval Weapons Industrial Reserve Plant; and (c) Naval Air Station Whidbey Island Ault Field.

   19.  **"NPDES"** refers to the National Pollutant Discharge Elimination System established under Section 402 of the Clean Water Act, 33 U.S.C. § 1342.

   20.  **"NPDES/DISCHARGE PERMIT"** refers collectively to (1) any permit issued by EPA or any state or local governmental body or agency pursuant to the NPDES; (2) any state or local agency or department operating under a delegation of NPDES permitting authority from EPA under the Clean Water Act, or (3) any other federal, state or local agency or department operating a program that issues permits that regulate the discharge of pollutants.

   21.  **"PERSON(S)"** means any natural person, firm, agency, organization, association, partnership, joint venture, corporation, public entity, or any other kind of business, legal or governmental entity or association.

22.    **"PFAS"** means all per- and polyfluoroalkyl substances, including without limitation PFOA and PFOS and any compound that contains or has the potential to break down into PFOA or PFOS.

23.    **"RELATING TO"** or **"CONCERNING"** shall include within their meaning "containing," "alluding to," "responding to," "commenting upon," "discussing," "explaining," "mentioning," "analyzing," "constituting," "memorializing," "compromising," "reporting," "incorporating," "confirming," "listing," "evidencing," "setting forth," "summarizing," or "characterizing," either directly or indirectly, in whole or in part.

24.    **"SALE," "SELL"** or **"SOLD"** shall mean the transfer of title, exchange pursuant to an agreement, distribution, marketing or sale of AFFF at both the wholesale and retail level.

25.    **"YOU," "YOUR,"** and **"DEFENDANT"** shall mean the United States of America; any branch of the United States military; any agency, department, authority, board, or bureau of the United States; and/or any officer, director, or employee of any such U.S. governmental entity along with any state or local governmental entities.

## INTERROGATORIES

### INTERROGATORY NO. 1.

IDENTIFY each PERSON who supplied information used in answering any of these Interrogatories, identify the Interrogatory or Interrogatories for which each PERSON supplied information, and provide a summary of the information that was provided.

### INTERROGATORY NO. 2.

IDENTIFY the type, brand name, and manufacturer of the AFFF products stored, transported, used, released, discharged, and/or disposed of at the GOVERNMENT FTCA SITES.

### INTERROGATORY NO. 3.

IDENTIFY the BASE PERSONNEL most knowledgeable about the type, brand name, and manufacturer of the AFFF products stored, transported, used, released, discharged, and/or disposed of at each of the GOVERNMENT FTCA SITES.

### INTERROGATORY NO. 4.

IDENTIFY all accidental or intentional spills, leaks, discharges, and/or releases of AFFF that are known to have occurred at the GOVERNMENT FTCA SITES.

### INTERROGATORY NO. 5.

For any incidents identified in response to INTERROGATORY NO. 4, please IDENTIFY any BASE PERSONNEL who witnessed it and DESCRIBE the circumstances that led to the accidental or intentional spill, leak, discharge, and/or release of AFFF and all actions taken by BASE PERSONNEL in response.

### INTERROGATORY NO. 6.

IDENTIFY all policies, guidance, instructions, directives, regulations, and/or manuals adopted at the GOVERNMENT FTCA SITES CONCERNING the storage, transport, use, discharge, release and/or disposal of AFFF or industrial waste, including but not limited:

      a.     for the AIR FORCE FTCA SITES, any BASE-specific Air Force Mission Directives, Air Force Instructions, Air Force Manuals, Risk Alerts, Instructional Checklists and Addenda, Guidance Memorandums, Operating Instructions, Pamphlets, Directories, Handbooks, Catalogs, and/or Visual Aids as defined in Air Force Instruction 33-360, *Publications and Forms Management* (Dec. 1, 2015), *available at* https://www.ngbpmc.ng.mil/Portals/27/Publications/guidance%20regulations/afi33-360.pdf?ver=2018-12-17-143049-433;

      b.     for the ARMY FTCA SITES, any non-departmental Command and agency regulations, Circulars, Pamphlets, Memorandums, Orders, Bulletins, Posters, SOPs, and/or Local Forms as defined in Army Regulation 25-30, *Army Publishing Program* (Jul. 14, 2021), *available at* https://armypubs.army.mil/epubs/DR_pubs/DR_a/ARN38436-AR_25-30-002-WEB-5.pdf; and

      c.     for the NAVY FTCA SITES, any BASE-specific Directives, Instructions, Manuals, and Notices as defined in SECNAV M-5215.1, *Directives Management Manual* (Sep. 2020), *available at* https://www.secnav.navy.mil/doni/SECNAV%20Manuals1/5215.1.pdf.

**INTERROGATORY NO. 7.**

IDENTIFY the BASE PERSONNEL who are most knowledgeable about any policies, guidance, instructions, directives, and/or manuals identified in response to INTERROGATORY NO. 6.

**INTERROGATORY NO. 8.**

IDENTIFY all licenses and/or permits issued to the GOVERNMENT FTCA SITES by any federal, state, or local governmental body or agency, including but not limited to NPDES PERMITS.

**INTERROGATORY NO. 9.**

IDENTIFY the BASE PERSONNEL responsible for ensuring compliance with any licenses and/or permits identified in response to INTERROGATORY NO. 8.

**INTERROGATORY NO. 10.**

For each of the GOVERNMENT FTCA SITES, IDENTIFY the approximate dates that BASE PERSONNEL started and stopped (if applicable) using AFFF: (a) during live fire scenarios; (b) during firefighting training exercises; (c) in any hangar fire suppression systems; and (d) for equipment testing and/or calibration.

**INTERROGATORY NO. 11.**

IDENTIFY the specific areas within each of the GOVERNMENT FTCA SITES where AFFF is known or suspected to have been released and/or discharged into the environment, the dates of those releases and/or discharges, and the volume of AFFF released and/or discharged in each instance.

**INTERROGATORY NO. 12.**

IDENTIFY any off-base areas where PFAS contamination is known or suspected to have migrated from the GOVERNMENT FTCA SITES.

**INTERROGATORY NO. 13.**

IDENTIFY any known or suspected non-AFFF sources of PFAS YOU contend may have also contributed to the existing PFAS contamination at the GOVERNMENT FTCA SITES.

**INTERROGATORY NO. 14.**

IDENTIFY the PERSONS responsible for fire prevention and/or suppression at each of GOVERNMENT FTCA SITES.

**INTERROGATORY NO. 15.**

For each of the GOVERNMENT FTCA SITES, IDENTIFY the PERSONS responsible for

managing, overseeing, and/or supervising any firefighting training conducted where AFFF was used, discharged, and/or released.

**INTERROGATORY NO. 16.**

For each of the GOVERNMENT FTCA SITES, IDENTIFY the PERSONS responsible for on- or off-site water conveyance or quality and/or compliance with federal, state, and/or local environmental laws, regulations, and/or standards.

**INTERROGATORY NO. 17.**

For each of the GOVERNMENT FTCA SITES, IDENTIFY the PERSONS responsible for the operation, maintenance, and/or testing of any hangar fire suppression systems that used, released, and/or discharged AFFF.

**INTERROGATORY NO. 18.**

For each of the GOVERNMENT FTCA SITES, IDENTIFY the PERSONS responsible for managing, overseeing, and/or supervising the disposal of hazardous and/or industrial waste.

Dated: March 11, 2025

*/s/ Michael A. London*
Michael A. London
Douglas and London PC
59 Maiden Lane, 6th Floor
New York, NY 10038
P: (212) 566-7500
mlondon@douglasandlondon.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
P: (214) 521-3605
ssummy@baronbudd.com

Joseph F. Rice
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
P: (843) 216-9000
jrice@motleyrice.com

*Co-lead Counsel for Plaintiffs*

*/s/ Andrew W. Croner*
Andrew Croner, Esq.
Napoli Shkolnik
360 Lexington Avenue, 11th Fl.
New York, New York 10017
(212) 397-1000
acroner@napolilaw.com

Paul J. Napoli, Esq.
Napoli Shkolnik
1302 Avenida Ponce de León
Santurce, Puerto Rico 00907
(833) 271-4502
pnapoli@nsprlaw.com

*Counsel for Plaintiffs Village of Waterloo,
Vincent A. Fiattarone, Bradley T. Shrum,
and Jam Shardell*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 11, 2025, a true and correct copy of the foregoing FTCA Plaintiffs' Master Set of Requests for Production to Defendant United States of America on Site-Specific Jurisdictional Issues was served via electronic mail upon the following:

Christina M. Falk
Assistant Director, Torts Branch
Environmental Tort Litigation Section
United States Department of Justice
175 N Street NE, Ste. 11.103
Washington, D.C. 20002
P: (202) 616-4216
Christina.falk@usdoj.gov

*Counsel for Defendant United States of America*

Joseph G. Petrosinelli
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
P: (202) 434-5547
F: (202) 434-5029
jpetrosinelli@wc.com

Michael A. Olsen
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
P: (312) 701-7120
F: (312) 706-8742
molsen@mayerbrown.com

*Co-lead Counsel for Defendants*

Brian Duffy
Duffy & Young LLC
96 Broad Street
Charleston, SC 29401
P: (843) 720-2044
F: (843) 720-2047
bduffy@duffyandyoung.com

David E. Dukes
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
P: (803) 255-9451
F: (803) 256-7500
david.dukes@nelsonmullins.com

*Co-liaison Counsel for Defendants*

*/s/ Andrew W. Croner*
Andrew W. Croner, Esq.
Napoli Shkolnik
360 Lexington Ave., 11th Floor
New York, NY 10017
Tel: (212) 397-1000
Fax: (646) 843-7603
acroner@napolilaw.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG |
| | This Document relates to: |
| | 2:18-cv-03358 |
| | 2:19-cv-01022 |
| | 2:19-cv-01119 |
| | 2:19-cv-01120 |
| | 2:19-cv-01181 |
| | 2:19-cv-01217 |
| | 2:19-cv-01724 |
| | 2:19-cv-02187 |
| | 2:19-cv-02607 |
| | 2:20-cv-00834 |
| | 2:20-cv-01398 |
| | 2:20-cv-01763 |
| | 2:20-cv-02030 |
| | 2:20-cv-02899 |
| | 2:21-cv-01496 |
| | 2:21-cv-02627 |
| | 2:21-cv-03284 |
| | 2:21-cv-03699 |
| | 2:22-cv-00490 |
| | 2:22-cv-02368 |
| | 2:23-cv-05876 |
| | 2:24-cv-00820 |

## FTCA PLAINTIFFS' MASTER SET OF REQUESTS FOR PRODUCTION TO DEFENDANT UNITED STATES OF AMERICA ON SITE-SPECIFIC JURISDICTIONAL ISSUES

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, the FTCA Plaintiffs[1] request in the above-captioned cases that **Defendant United States of America** ("Defendant") answer the following requests for production of documents, separately

---

[1] *See infra* "Definitions" at ¶ 15.

and fully, under oath, within (30) days of service.

## <u>INSTRUCTIONS</u>

1. Please produce all of the specified DOCUMENTS and ELECTRONIC RECORDS which are in YOUR possession, or available to YOU, or to which YOU may gain access through reasonable effort, including information in the possession of YOUR past and present attorneys, accountants, investigators, consultants, or other persons directly or indirectly employed or retained by YOU, or connection with YOU, or anyone else otherwise subject to YOUR control who maintains records on YOUR behalf, in YOUR name or otherwise under YOUR control.

2. Any comments, notations or markings appearing on any DOCUMENTS or ELECTRONIC RECORDS, and not a part of the original, are considered a separate DOCUMENT or ELECTRONIC RECORD, and any draft, preliminary form or superseded version of any DOCUMENT is also considered a separate DOCUMENT or ELECTRONIC RECORD.

3. All DOCUMENTS and ELECTRONIC RECORDS requested herein should be produced in the same order as they are kept, or maintained, or stored, in the regular course of business.

4. Electronically stored information shall be produced as single-page, 200 DPI or higher TIFF files, accompanied by a Concordance load file (.DAT) that denotes the appropriate information to allow the loading of the images into a document management system with all document breaks (document delimitation) preserved. The Concordance load file (.DAT file) should include OCR and image control numbers. Metadata must be preserved and produced in the following delimited fields: BEGINPRODID, ENDPRODID, BEGINPRODATT, ENDPRODATT, AUTHOR, BCC, CC, CUSTODIAN, DATECREATED, DATELASTMOD, DATERCVD, DATESENT, DOCEXT, EMAILSUBJ, FILENAME, FROM, LASTAUTHOR, TIMECREATED, TIMELASTMOD, TIMERCVD, TI1\1ESENT, TITLE, TO, TEXT. However,

2

electronically stored information that is not readily converted to images should be delivered in its native electronic format. This includes spreadsheets and databases like Excel, Access, DBase or any other open-source or proprietary data storage system which may be exported to a relational or flat file structure.

5.      All DOCUMENTS requested herein should be produced in the file, folder, envelope, or other container in which the DOCUMENTS are kept or maintained. This includes email foldering structure maintained by the original custodian. If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings.

6.      Any DOCUMENT attached to another DOCUMENT must not be separated.

7.      In the event that any DOCUMENT or ELECTRONIC RECORD called for by these requests has been destroyed, lost, discarded, otherwise disposed of, or is otherwise unavailable, such DOCUMENT or ELECTRONIC RECORD is to be identified as completely as possible, including, without limitation, the following information: date of disposal; manner of disposal; reason for disposal; person authorizing the disposal; and person disposing of the DOCUMENT or ELECTRONIC RECORD.

8.      Whenever possible, the singular form of a word shall be interpreted in the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and' as well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of these requests any DOCUMENTS that might otherwise be considered outside their purview; and words imparting the masculine shall include the feminine and vice versa.

9.      If an objection is made to part or all of any request, the part should be specified together with the reasons for the objection. If a claim of privilege is asserted with respect to part or all of any DOCUMENT on the grounds of attorney-client privilege, the attorney work product

doctrine, or any other basis, describe the DOCUMENT with sufficient particularity to make it susceptible to identification by separately stating the following with respect any such DOCUMENT: (1) the type of DOCUMENT; (2) its date; (3) the name, address, and position of its author(s); (4) the name, address, and position of each recipient of the DOCUMENT; (5) a general description of the subject matter of the DOCUMENT; (6) the length in pages of the document; (7) the basis of any claim of privilege; and (8) if work product immunity is asserted, the proceeding for which the DOCUMENT was prepared.

10.      Any requested DOCUMENT(S) that YOU object to furnishing but which nonetheless contains non-objectionable information that is responsive to any Request must be produced, but that portion of the DOCUMENT(S) for which the objection is asserted may be withheld provided that it is clearly marked as redacted, that the above requested identification is furnished, and the objection is valid.

11.      Each DOCUMENT requested herein must be produced in its entirety and without deletions or excisions (except as qualified by the Instruction in 10, above), regardless of whether YOU consider the entire DOCUMENT to be relevant or responsive to these Requests.

12.      Where the term "identify" or "identifying" is used herein, it refers to a DOCUMENT or other item of physical evidence calls for the following information: description of the DOCUMENT or item of physical evidence with sufficient specificity to enable the party propounding these Interrogatories to identify such DOCUMENT or item of physical evidence in a motion to compel its production or availability for inspection.

13.      Unless otherwise specified, these Requests are limited to the time period from January 1, 1970 to the present and including the date of service of these Requests.

14.      If a particular paragraph of any request describes, in whole or in part, documents of

4

which were previously produced in the above-captioned matter, please indicate the applicable Bates range. Nothing in the foregoing requests should be construed as a request for information previously produced.

15.     If a particular paragraph of any request describes, in whole or in part, documents of which are publicly available, please indicate with specificity the location where such information may be found, including but not limited to the United States Air Force Civil Engineer Center CERCLA Administrative Record number. Nothing in the foregoing requests should be construed as a request for information that is publicly available.

16.     Nothing in the foregoing requests should be construed to request information or documents that implicate national security concerns, anti-terrorism efforts or constitute privileged confidential or classified material.

## DEFINITIONS

1.     **"AFFF"** means aqueous film-forming foam containing PFAS.

2.     **"AFFF MDL"** refers to the coordinated multi-district proceedings captioned *In re Aqueous Film-Forming Foam Prods. Liab. Litig.*, No. 2:18-mn-2873-RMG (D.S.C.), currently pending before the Honorable Richard M. Gergel of the United States District Court for the District of South Carolina.

3.     **"AIR FORCE FTCA SITES"** collectively refers to a subset of GOVERNMENT FTCA SITES that includes:

a. Defense Fuel Support Point Verona
b. Eielson Air Force Base
c. Fairchild Air Force Base
d. Francis S. Gabreski Air National Guard Base / Francis S. Gabreski Airport
e. Former Griffiss Air Force Base

f. Hancock Field Air National Guard Base / Syracuse Hancock International Airport
g. Joint Base Lewis-McChord / Former McChord Air Force Base
h. Long Island MacArthur Airport

i.  March Air Reserve Base/March Air Force Base
j.  Mather Air Force Base
k.  McConnell Air Force Base
l.  Niagara Falls Air Reserve Station / Niagara Falls International Airport
m. Camp Smith
n.  Peterson Air Force Base (n/k/a Peterson Space Force Base)
o.  Former Plattsburgh Air Force Base
p.  Seneca Army Depot
q.  Stewart Air National Guard Base / Stewart International Airport
r.  Stratton/Schenectady Air National Guard Base
s.  Westchester County Airport
t.  Wright-Patterson Air Force Base

4.      **"ARMY FTCA SITES"** collectively refers to a subset of GOVERNMENT FTCA SITES that includes: (a) Fort Drum; (b) Joint Base Lewis-McChord / Former Fort Lewis; and (c) Seneca Army Depot.

5.      **"BASE"** means a present or former federally owned or operated military installation or facility.

6.      **"BASE PERSONNEL"** refers to the PERSONS currently or formerly in military service or otherwise employed at a specific BASE, including both military personnel and CIVILIAN EMPLOYEES.

7.      **"CIVILIAN EMPLOYEES"** means individuals working under DEFENDANT'S General Schedule or "GS" system, as well PERSONS working pursuant to a contract with a specific BASE.

8.      **"COMMUNICATION(S)"** means any act, action, oral speech, written correspondence, contact, expression of words, thoughts, ideas, transmission or exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, email, facsimile, text message, instant message, recorded message or any other process—electronic, computer, or otherwise. All such communications in writing shall include, without limitation, printed, typewritten, handwritten, electronic, or other DOCUMENT(S).

2

9.     As used herein, the term **"DOCUMENT(S)"** shall have the broadest meaning possible and shall mean all documents, electronically stored information, and tangible things discoverable under Rule 34 of the Federal Rules of Civil Procedure, including without limitation: all writings and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to originals (or identical duplicates when originals are not available), drafts, computer-stored and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, leases, subleases, lease assignments, amendments, books records, checks, vouchers, permits, invoices, purchase orders, hazardous waste manifests, timesheets, bills of lading, receipts, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, site plans, floor plans, blueprints, equipment lists, maps, diagrams, drawings, photographs, video, sketches, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters emails, electronic or mechanical records, facsimiles, telegrams and telecopiers, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. DOCUMENTS expressly include all ELECTRONIC RECORDS.

10. **"DFE"** refers to the discretionary function exception to the FTCA's waiver of DEFENDANT'S sovereign immunity provided in 28 U.S.C. § 2680(a).

11. "**ELECTRONIC RECORDS**" means the original (or identical forensically unchanged duplicate when the original is not available) and any non- identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. ELECTRONIC RECORDS include but are not limited to computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, slide presentations, database files, charts, graphs  and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC RECORDS exist in an active file, deleted file, or file fragment. ELECTRONIC RECORDS include without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD- ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for electronic data storage or transmittal. ELECTRONIC RECORDS also include the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

12. **"EPA"** means the United States Environmental Protection Agency.

13. **"FTCA"** means the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680.

14. **"FTCA CLAIMS"** refers to the state law tort claims asserted against DEFENDANT pursuant to the FTCA.

15.     **"FTCA PLAINTIFFS"** collectively refers (with one exception[2]) to the plaintiffs who have asserted FTCA CLAIMS that DEFENDANT moved to dismiss for lack of subject matter jurisdiction based on the DFE on February 26, 2024.  *See* United States' Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) at 1–2, *In re Aqueous Film-Forming Foam Prods. Liab. Litig.*, No. 2:18-mn-2873-RMG (D.S.C. Feb. 26, 2024), ECF No. 4548.

16.     **"GOVERNMENT FTCA SITES"** collectively refers to the AIR FORCE FTCA SITES, ARMY FTCA SITES, NAVY FTCA SITES, and Brookhaven National Laboratory located in Upton, NY.

17.     **"NAVY FTCA SITES"** collectively refers to a subset of GOVERNMENT FTCA SITES that includes: (a) Bethpage Naval Weapons Industrial Reserve Plant; (b) Calverton Naval Weapons Industrial Reserve Plant; and (c) Naval Air Station Whidbey Island Ault Field.

18.     **"NPDES"** refers to the National Pollutant Discharge Elimination System established under Section 402 of the Clean Water Act, 33 U.S.C. § 1342.

19.     **"NPDES/DISCHARGE PERMIT"** refers collectively to (1) any permit issued by EPA or any state or local governmental body or agency pursuant to the NPDES; (2) any state or local agency or department operating under a delegation of NPDES permitting authority from EPA under the Clean Water Act, or (3) any other federal, state or local agency or department operating a program that issues permits that regulate the discharge of pollutants.

---

[2] On January 16, 2025, Plaintiff City of Westfield filed its Third Amended Complaint, which removed its FTCA CLAIM against DEFENDANT for negligence and added a cost recovery claim against DEFENDANT under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607(a)(4)(B).  *See generally* Third Am. Compl., *City of Westfield v. 3M Company et al*, No. 2:18-cv-03435-RMG (D.S.C. Jan 16, 2025), ECF No. 138.

20.     **"PERSON(S)"** means any natural person, firm, agency, organization, association, partnership, joint venture, corporation, public entity, or any other kind of business, legal or governmental entity or association.

21.     **"PFAS"** means all per- and polyfluoroalkyl substances, including without limitation PFOA and PFOS and any compound that contains or has the potential to break down into PFOA or PFOS.

22.     **"RELATING TO"** or **"CONCERNING"** shall include within their meaning "containing," "alluding to," "responding to," "commenting upon," "discussing," "explaining," "mentioning," "analyzing," "constituting," "memorializing," "compromising," "reporting," "incorporating," "confirming," "listing," "evidencing," "setting forth," "summarizing," or "characterizing," either directly or indirectly, in whole or in part.

23.     As used herein, the term **"RESTORATION ADVISORY BOARD"** shall have the meaning ascribed to it in 10 U.S.C. § 2705(d).

24.     **"SALE," "SELL"** or **"SOLD"** shall mean the transfer of title, exchange pursuant to an agreement, distribution, marketing or sale of AFFF at both the wholesale and retail level.

25.     As used herein, the term **"TECHNICAL REVIEW COMMITTEE"** shall have the meaning ascribed to it in 10 U.S.C. § 2705(c).

26.     **"YOU," "YOUR,"** and **"DEFENDANT"** shall mean the United States of America; any branch of the United States military; any agency, department, authority, board, or bureau of the United States; and/or any officer, director, or employee of any such U.S. governmental entity along with any state or local governmental entities.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1.

Produce all DOCUMENTS consulted, reviewed, referenced, relied upon, or otherwise used to assist in responding to FTCA Plaintiffs' Master Set of Interrogatories to Defendant United States of America on Site-Specific Jurisdictional Issues.

### REQUEST FOR PRODUCTION NO. 2.

Produce all DOCUMENTS discussing, referencing, and/or RELATING TO the storage, transport, use, release, discharge, and/or disposal of AFFF at the GOVERNMENT FTCA SITES.

### REQUEST FOR PRODUCTION NO. 3.

Produce all DOCUMENTS discussing, referencing, and/or RELATING TO the storage, transport, use, release, discharge, and/or disposal of hazardous materials and/or industrial waste at the GOVERNMENT FTCA SITES.

### REQUEST FOR PRODUCTION NO. 4.

Produce all DOCUMENTS identifying the type, brand name, and/or manufacturer of the AFFF products stored, transported, used, released, discharged, and/or disposed of at the GOVERNMENT FTCA SITES.

### REQUEST FOR PRODUCTION NO. 5.

Produce all DOCUMENTS discussing, referencing, and/or RELATING TO the purchase or acquisition of AFFF at the GOVERNMENT FTCA SITES, including but not limited to any inventory of the quantity of AFFF that existed at the GOVERNMENT FTCA SITES during the relevant period.

### REQUEST FOR PRODUCTION NO. 6.

Produce all DOCUMENTS discussing, reporting, cataloguing, referencing, and/or RELATING

TO accidental or intentional spills, leaks, discharges, and/or releases of AFFF at the GOVERNMENT FTCA SITES.

**REQUEST FOR PRODUCTION NO. 7.**

Produce all DOCUMENTS containing, discussing, referencing, and/or RELATING TO policies, guidance, instructions, directives, regulations, and/or manuals adopted at the GOVERNMENT FTCA SITES CONCERNING the storage, transport, use, discharge, release and/or disposal of AFFF and/or industrial waste, including but not limited to:

a.      for the AIR FORCE FTCA SITES, any BASE-specific Air Force Mission Directives, Air Force Instructions, Air Force Manuals, Risk Alerts, Instructional Checklists and Addenda, Guidance Memorandums, Operating Instructions, Pamphlets, Directories, Handbooks, Catalogs, and/or Visual Aids as defined in Air Force Instruction 33-360, *Publications and Forms Management* (Dec. 1, 2015), *available at* https://www.ngbpmc.ng.mil/Portals/27/Publications/guidance%20regulations/afi33-360.pdf?ver=2018-12-17-143049-433;

b.      for the ARMY FTCA SITES, any non-departmental Command and agency regulations, Circulars, Pamphlets, Memorandums, Orders, Bulletins, Posters, SOPs, and/or Local Forms as defined in Army Regulation 25-30, *Army Publishing Program* (Jul. 14, 2021), *available at* https://armypubs.army.mil/epubs/DR_pubs/DR_a/ARN38436-AR_25-30-002-WEB-5.pdf; and

c.      for the NAVY FTCA SITES, any BASE-specific Directives, Instructions, Manuals, and Notices as defined in SECNAV M-5215.1, *Directives Management Manual* (Sep. 2020), *available at* https://www.secnav.navy.mil/doni/SECNAV%20Manuals1/5215.1.pdf.

**REQUEST FOR PRODUCTION NO. 8.**

Produce all management, operation, and/or maintenance manuals, emergency spill and/or fire response plans, logs, and/or records for any AFFF hangar systems or storage areas located and operated at the GOVERNMENT FTCA SITES.

**REQUEST FOR PRODUCTION NO. 9.**

Produce all management, operation, and/or maintenance manuals, emergency spill and/or fire response plans, logs, and/or records for any areas used for firefighting training at the GOVERNMENT FTCA SITES.

**REQUEST FOR PRODUCTION NO. 10.**

Produce all DOCUMENTS discussing, referencing, and/or RELATING TO the investigation, sampling, testing, remediation, removal, and/or treatment of PFAS contamination at the GOVERNMENT FTCA SITES.

**REQUEST FOR PRODUCTION NO. 11.**

Produce all DOCUMENTS containing, discussing, referencing, and/or RELATING TO any environmental, ecological, health, and/or safety risk assessments performed concerning AFFF releases and/or discharges at the GOVERNMENT FTCA SITES.

**REQUEST FOR PRODUCTION NO. 12.**

Produce all DOCUMENTS containing, discussing, referencing, and/or RELATING TO any evaluation and/or assessment of potential off-base migration of PFAS at any of the GOVERNMENT FTCA SITES.

**REQUEST FOR PRODUCTION NO. 13.**

Produce all DOCUMENTS containing, discussing, referencing, and/or RELATING TO the establishment of any RESTORATION ADVISORY BOARD and/or TECHNICAL REVIEW

COMMITTEE for the remediation or treatment of PFAS contamination at or around the GOVERNMENT FTCA SITES.

## REQUEST FOR PRODUCTION NO. 14.

Produce all DOCUMENTS containing, discussing, referencing, and/or RELATING TO any training received by BASE PERSONNEL at the GOVERNMENT FTCA SITES CONCERNING the storage, handling, transport, and/or disposal of hazardous materials, including but not limited to Hazardous Waste Operations and Emergency Response ("HAZWOPER") training.

## REQUEST FOR PRODUCTION NO. 15.

Produce all DOCUMENTS containing, discussing, referencing, and/or RELATING TO any training received by BASE PERSONNEL at the GOVERNMENT FTCA SITES CONCERNING occupational health and safety issues, including but not limited to complying with requirements imposed by the Occupational Safety and Health Administration.

## REQUEST FOR PRODUCTION NO. 16.

Produce all DOCUMENTS discussing, referencing, and/or RELATING TO the operation or maintenance of any on- or off-site water conveyance facilities, stormwater facilities, and/or wastewater treatment facilities operated and/or used by BASE PERSONNEL at the GOVERNMENT FTCA SITES.

## REQUEST FOR PRODUCTION NO. 17.

Produce all DOCUMENTS discussing, referencing, and/or RELATING TO the protection of groundwater and/or surface water at or around the GOVERNMENT FTCA SITES.

## REQUEST FOR PRODUCTION NO. 18.

Produce all DOCUMENTS containing, discussing, referencing, and/or RELATING TO licenses and/or permits issued to the GOVERNMENT FTCA SITES by any federal, state, or local

governmental body or agency, including but not limited to NPDES PERMITS.

**REQUEST FOR PRODUCTION NO. 19.**

Produce all DOCUMENTS containing, discussing, referencing, and/or RELATING TO agreements, contracts, consent decrees, directives, leases, memoranda of understanding, and/or stipulations between any current or former BASE located at the GOVERNMENT FTCA SITES and any federal, state, or local governmental body or agency.

**REQUEST FOR PRODUCTION NO. 20.**

Produce all DOCUMENTS discussing, referencing, and/or RELATING TO the reuse of stormwater and/or wastewater for irrigation or any other purpose at the GOVERNMENT FTCA SITES.

**REQUEST FOR PRODUCTION NO. 21.**

Produce all COMMUNICATIONS between BASE PERSONNEL at the GOVERNMENT FTCA SITES and the PERSONS responsible for fire prevention and/or fire suppression at the GOVERNMENT FTCA SITES CONCERNING the storage, transport, use, release, discharge, and/or disposal of AFFF.

**REQUEST FOR PRODUCTION NO. 22.**

Produce all COMMUNICATIONS between BASE PERSONNEL at the GOVERNMENT FTCA SITES and any federal, state, or local governmental body or agency CONCERNING existing or potential PFAS contamination at the GOVERNMENT FTCA SITES and actions taken and/or contemplated by BASE PERSONNEL in response.

**REQUEST FOR PRODUCTION NO. 23.**

Produce all COMMUNICATIONS between BASE PERSONNEL at the GOVERNMENT FTCA SITES and any manufacturer of AFFF and/or its components CONCERNING the storage,

transport, use, release, discharge, and/or disposal of AFFF at the GOVERNMENT FTCA SITES.

Dated: March 11, 2025

           */s/ Michael A. London*
Michael A. London
Douglas and London PC
59 Maiden Lane, 6th Floor
New York, NY 10038
P: (212) 566-7500
mlondon@douglasandlondon.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
P: (214) 521-3605
ssummy@baronbudd.com

Joseph F. Rice
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
P: (843) 216-9000
jrice@motleyrice.com

*Co-lead Counsel for Plaintiffs*

           */s/ Andrew W. Croner*
Andrew Croner, Esq.
Napoli Shkolnik
360 Lexington Avenue, 11th Fl.
New York, New York 10017
(212) 397-1000
acroner@napolilaw.com

Paul J. Napoli, Esq.
Napoli Shkolnik
1302 Avenida Ponce de León
Santurce, Puerto Rico 00907
(833) 271-4502
pnapoli@nsprlaw.com

*Counsel for Plaintiffs Village of Waterloo,*
*Vincent A. Fiattarone, Bradley T. Shrum,*
*and Jam Shardell*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 11, 2025, a true and correct copy of the foregoing FTCA

Plaintiffs' Master Set of Requests for Production to Defendant United States of America on Site-

Specific Jurisdictional Issues was served via electronic mail upon the following:

Christina M. Falk
Assistant Director, Torts Branch
Environmental Tort Litigation Section
United States Department of Justice
175 N Street NE, Ste. 11.103
Washington, D.C. 20002
P: (202) 616-4216
Christina.falk@usdoj.gov

*Counsel for Defendant The United States of America*

Joseph G. Petrosinelli
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
P: (202) 434-5547
F: (202) 434-5029
jpetrosinelli@wc.com

Michael A. Olsen
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
P: (312) 701-7120
F: (312) 706-8742
molsen@mayerbrown.com

*Co-lead Counsel for Defendants*

Brian Duffy
Duffy & Young LLC
96 Broad Street
Charleston, SC 29401
P: (843) 720-2044
F: (843) 720-2047
bduffy@duffyandyoung.com

David E. Dukes
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
P: (803) 255-9451
F: (803) 256-7500
david.dukes@nelsonmullins.com

*Co-liaison Counsel for Defendants*

                             */s/ Andrew W. Croner*
                             Andrew W. Croner, Esq.
                             Napoli Shkolnik
                             360 Lexington Ave., 11th Floor
                             New York, NY 10017
                             Tel: (212) 397-1000
                             Fax: (646) 843-7603
                             acroner@napolilaw.com