# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) |  MDL No. 2:18-mn-2873-RMG<br><br>**ORDER**<br><br>**This Order Relates to**<br>**2:22-cv-04541-RMG**<br>**2:23-cv-05882-RMG**<br>**2:23-cv-05982-RMG**<br>**2:23-cv-05983-RMG**<br>2:23-cv-05987-RMG<br>2:23-cv-06023-RMG<br>2:23-cv-06114-RMG<br>2:23-cv-06310-RMG<br>2:23-cv-06468-RMG<br>2:23-cv-06472-RMG<br>2:23-cv-06475-RMG<br>2:23-cv-06476-RMG<br>2:23-cv-06486-RMG<br>2:23-cv-06549-RMG<br>2:23-cv-06607-RMG<br>2:23-cv-06705-RMG<br>2:23-cv-06729-RMG<br>2:23-cv-06737-RMG<br>2:23-cv-06904-RMG<br>2:24-cv-00055-RMG<br>2:24-cv-00084-RMG<br>2:24-cv-00186-RMG<br>2:24-cv-00188-RMG<br>2:24-cv-00340-RMG<br>2:24-cv-01191-RMG |

Before the Court is Plaintiffs' emergency motion for leave to file amended complaints. (Dkt. No. 7380). The motion is authorized by Plaintiffs' Co-Lead Counsel.

## I.  Background

Plaintiffs brought this case against manufacturers and distributors of aqueous film-forming foams allegedly containing Polyfluoroalkyl substances and other hazardous chemicals.

Plaintiffs now move to "amend their Complaints, PFS and PPF exhibits, dismissing unlisted injuries and adding listed injuries which are indicated as properly diagnosed on their medical records." (Dkt. No. 7380, ¶ 1). Defendant's Liaison Counsel objects to Plaintiffs' motion, highlighting that Plaintiffs failed to adhere to CMO 28, which instructed Plaintiffs who had filed actions in the MDL as of April 24, 2024 who asserted or sought to assert an Unlisted Claim to dismiss each Unlisted Claim by September 10, 2024. (Dkt. No. 7443 at 1-2) (citing Dkt. Nos. 4985, 5724). If Plaintiffs did not dismiss such claims without prejudice, the Court's Order required them to tender complete medical records and certain expert reports, or their claims would be subject to dismissal with prejudice upon motion by Defendants. All moving Plaintiffs had cases pending prior to April 24, 2024 yet failed to dismiss their Unlisted Claims without prejudice. It was only upon Defendants' motion to dismiss Plaintiffs' Unlisted Claims (Dkt. Nos. 6980, 6982-86) that Plaintiffs filed the present motion for leave to amend their claims.

**II.     Legal Standard**

After the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The district court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). The "district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602-03 (4th Cir. 2010).

**III.    Discussion**

The Court denies Plaintiffs' motion to amend, finding that Plaintiffs failed to adhere to CMO 28 and acted not of their own prerogative, but only upon Defendants' motion to dismiss their claims in accordance with that case management order. It would greatly prejudice Defendants, and the efficiency and operation of the MDL as a whole, if the Court allowed Plaintiffs to amend their claims in disregard of the Court's Order. (*See* Dkt. No. 5724).

**IV.    Conclusion**

For the foregoing reasons, the motion to amend (Dkt. No. 7380) is **DENIED.** In accordance with CMO 28, Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

July 21, 2025
Charleston, South Carolina