UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No.: 2:18-mn-02873-RMG<br><br>This Document Relates to<br><br>*See attached Case List,*<br><br>*as Exhibit A* |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH THE SECOND AMENDED CASE MANAGEMENT ORDER NO. 28 AND IN SUPPORT OF CROSS-MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**I.  PLAINTIFFS SHOULD BE PERMITTED TO DISMISS THEIR CLAIMS WITHOUT PREJUDICE BECAUSE THEIR EXCLUSIONS FROM PREVIOUS DISMISSAL NOTICES WERE INADVERTENT AND DEFENDANTS WILL SUFFER NO PREJUDICE**

Pursuant to the Second Amended Case Management Order No. 28, counsel for the Plaintiffs dismissed numerous matters completely or partially without prejudice. *See, generally, Notices of Dismissal*, collectively attached as Exhibit "B" to *Certification of John E. Keefe, Jr.* (Keefe Certification). During this process, certain matters, which Plaintiffs also intended on dismissing without prejudice, either partially or completely, were inadvertently excluded from the dismissal notices. When defendants filed the present motion, Plaintiffs proposed to immediately dismiss their matters without prejudice, either partially or completely, pursuant to the Second Amended Case Management Order No. 28. *See Email*, dated May 12, 2025, attached as Exhibit "C" to *Keefe Certification* (stating that cases were inadvertently not dismissed and proposed dismissing without prejudice). Defendants, however, refused Plaintiff's reasonable proposal and

1

are seeking dismissals with prejudice. *See Email*, dated July 4, 2025, attached as Exhibit "D" to *Keefe Certification*.

In differing contexts, courts in the District of South Carolina and the Fourth Circuit have observed that "[a] dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (citation omitted). Consequently, a court may consider four factors:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out of history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

[*Ibid.*] A court does not rigidly apply these factors, and dismissal depends on the circumstances of the case. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Here, these factors favor dismissing these matters, partially or completely, without prejudice pursuant to the Second Amended Case Management Order No. 28.

As previously indicated, Plaintiffs intended on dismissing their matters, partially or completely, without prejudice, but were inadvertently excluded from the filed Dismissal Notices. The individual Plaintiffs were not responsible for this oversight, and there is no evidence, and there never will be, that they acted deliberately in a dilatory fashion. When notified by defendants, for the first time as part of this motion, Plaintiffs' counsel proposed their immediate dismissals without prejudice. *See Email*, dated May 12, 2025, attached as Exhibit "C" to *Keefe Certification*.[1] Defendants also have not suffered and will not suffer any prejudice by the Plaintiffs' inadvertent

---

[1] Notably, defendants have agreed to withdraw as to several plaintiffs, which were inadvertently or incorrectly included in their motion. *See* Exhibit "D." Thus, in a litigation of this magnitude, neither side can claim perfection in its filings.

exclusion from the previously filed Dismissal Notices, or Plaintiffs' proposed dismissals without prejudice. Defendants did not allege prejudice in their motions, and any purported prejudice claimed by defendants in their reply will be speculative, at best. Indeed, Plaintiffs were not chosen as bellwether matters and the parties have not engaged in any individual discovery, such as depositions or subpoenas.

Additionally, there is a less drastic remedy, dismissal without prejudice, which comports with one of the principal purposes of Second Amended Case Management Order No. 28: partial or complete dismissal of matters with personal injury claims that do not fall within the six litigated diseases or conditions. *See Second Amended Case Management Order No. 28*, at *1, Dkt. 4985. As the *Davis* factors weigh favorably and heavily towards Plaintiffs, the Court should not impose the harsh sanction of dismissal with prejudice but allow Plaintiffs to dismiss their actions, partially or completely, without prejudice.

Based upon the above, Plaintiffs respectfully request that the Court permit the following Plaintiffs to dismiss <u>without prejudice</u> the following matters in their entireties:

| Case Name | Docket Number | Dismissal Motion Entry No. |
| --- | --- | --- |
| Grout v. 3M Company | 2:21-cv-03551-RMG | 6980 |
| Keim v. 3M Company | 2:22-cv-00726-RMG | 6980 |
| Davis v. 3M Company | 2:22-cv-01540-RMG | 6985 |
| Fagen v. 3M Company | 2:22-cv-0525-RMG | 6985 |
| Freire v. 3M Company | 2:21-cv-03563-RMG | 6985 |
| Fugate v. 3M Company | 2:22-cv-00769-RMG | 6985 |
| Galloway v. 3M Company | 2:22-cv-01534-RMG | 6985 |
| Glisson v. 3M Company | 2:22-cv-01082-RMG | 6985 |

| Gooding v. 3M Company | 2:22-cv-01655-RMG | 6985 |
| --- | --- | --- |
| Howard v. 3M Company | 2:22-cv-01351-RMG | 6985 |
| Iradi v. 3M Company | 2:22-cv-02452-RMG | 6985 |
| Lancaster v. 3M Company | 2:22-cv-0065-RMG | 6985 |
| Linta v. 3M Company | 2:22-cv-4156-RMG | 6985 |
| Manning v. 3M Company | 2:22-cv-03766-RMG | 6985 |
| Matthews v. 3M Company | 2:22-cv-00869 RMG | 6985 |
| McMahan v. 3M Company | 2:22-cv-00413-RMG | 6985 |
| Mejorado v. 3M Company | 2:22-cv-2725-RMG | 6985 |
| Sanders v. 3M Company | 2:22-cv-0723-RMG | 6985 |
| Wroblewski v. 3M Company | 2:22-cv-4160-RMG | 6985 |

Additionally, based upon the above, Plaintiffs respectfully request that the Court permit the following Plaintiffs to dismiss their personal injuries claims, other than for kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, thyroid cancer, liver cancer, pregnancy induced hypertension, and/or high cholesterol, <u>without prejudice</u> in the following matters:

| Case Name | Docket Number | Dismissal Motion Entry No. |
| --- | --- | --- |
| Baybridge v. 3M Company | 2:22-cv-03777-RMG | 6983 |
| Flores v. 3M Company | 2:22-cv-2447-RMG | 6983 |
| Harris v. 3M Company | 2:22-cv-01223-RMG | 6983 |
| Huston v. 3M Company | 2:22-cv-04150-RMG | 6983 |

4

## II. PLAINTIFFS, JOHN MITCHELL AND BRADLEY KITCHEN, SHOULD BE GRANTED LEAVE TO AMEND THEIR COMPLAINTS FOR ULCERATIVE COLITIS AND TO DISMISS WITHOUT PREJUDICE THEIR OTHER PERSONAL INJURY CLAIMS

When defendants filed their motions to dismiss, Plaintiffs, John Mitchell, 2:21-cv-04172-RMG, and Bradley Kitchen, 2:21-cv-0865, were preparing to seek leave to amend their complaints and include their diagnoses for ulcerative colitis. In response to defendants' motions, Plaintiffs proposed to defendants that they would amend their complaints and dismiss without prejudice their non-litigation personal injury claims. *See Email*, dated May 12, 2025, attached as Exhibit "C" to *Keefe Certification*.[2] Defendants again refused Plaintiff's reasonable proposal. *See Email*, dated July 4, 2025, attached as Exhibit "D" to *Keefe Certification*.

First, pursuant to Fed. R. Civ. Proc. 15(a)(2), pleadings may be liberally amended as justice requires. Indeed, the Fourth Circuit has explained that motions to amend should be granted unless there is "bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party. . . ." *Ward v. Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987).

Here, Messrs. Mitchell and Kitchen seek to amend their complaints to include ulcerative colitis. Neither matter has been selected as a bellwether. As such, discovery remains at the earliest stages and there will be no prejudice against defendants by these amendments. The proposed amended complaints in red line are attached as Exhibits "E" and "F" to *Keefe Certification*. Accordingly, Plaintiffs, John Mitchell and Bradley Kitchen, respectfully request that the Court grant them leave to file their First Amended Complaints.[3]

---

[2]  The dismissal motion for Mr. Mitchell is Dkt. 6980 and Mr. Kitchen is Dkt. 6985.

[3]  After filing their First Amended Complaints, Plaintiffs also will amend their discovery responses to include ulcerative colitis.

5

Second, for the reasons stated in Section I of this Memorandum, Messrs. Mitchell and Kitchen also request that the Court permit them to dismiss their remaining non-litigation, meaning non-kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, thyroid cancer, liver cancer, pregnancy induced hypertension, and/or high cholesterol, personal injury claims without prejudice.

          Respectfully submitted,

**KEEFE LAW FIRM**

By: */s/ John E. Keefe, Jr.*
John E. Keefe, Jr.
2 Bridge Avenue
Bldg. 6, Floor, 2, Suite 623
Red Bank, NJ 07701
732-224-9400, ext. 202
732-224-9494 (fax)

Dated: July 21, 2025          jkeefe@keefe-lawfirm.com