IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAM PRODUCT LIABILITY LITIGATION** | **MDL No. 2:18-mn-2873-RMG**<br><br>**GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES OF DEFENDANT MOHAWK CARPET, LLC**<br><br>**This Filing Relates to:**<br>**2:25-cv-04812-RMG** |

Defendant Mohawk Carpet, LLC ("Defendant"), by undersigned counsel, hereby responds to the Complaint filed by Plaintiff and pending in the MDL ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant denies generally and specifically each and every allegation set forth in Plaintiff's Complaint, and the whole thereof, and each and every alleged cause of action therein, and Defendant demands strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Defendant further denies that Plaintiff has sufficiently alleged grounds upon which any relief could be granted. Defendant further denies that Plaintiff has sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or omission on the part of Defendant or anyone acting on its behalf. Defendant reserves its rights to assert cross-claims and/or third-party claims.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses in response to the averments in each of Plaintiff's Complaints filed in the above-captioned actions:

1

1. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Defendant.

2. Plaintiff's claims are barred or limited for lack of standing.

3. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

4. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

5. The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

6. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

7. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiff is not the real party in interest or lacks capacity to bring its claims, including claims indirectly maintained on behalf of its citizens and/or customers and claims brought as parens patriae.

8. Plaintiff's claims are not ripe and/or have been mooted.

9. Plaintiff's claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

10. Plaintiff may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

11. Plaintiff may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

12. Plaintiff may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

13. Plaintiff's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

14. Any injuries and/or damages sustained by Plaintiff may have been caused or contributed to by the negligence or actual conduct of Plaintiff and/or other persons, firms, corporations, or entities over whom Defendant had no control or right of control and for whom Defendant is not responsible.

15. Any injuries and/or damages sustained by Plaintiff are barred by the doctrines of intervening cause and/or superseding cause.

16. Plaintiff's claims are or may be barred, in whole or in part, to the extent that Defendant's products were unforeseeably misused or altered.

17. Plaintiff's claims are barred, in whole or in part, to the extent that they arose from acts or conditions constituting appropriate business operations and conforming to the state of the art or prevailing customs, standards or industry practices at the relevant time.

18. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

19. Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiff seeks to recover.

20. Plaintiff's claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

21. Plaintiff's claims are or may be barred, in whole or in part, because Defendant used proper methods in designing, testing, and manufacturing its products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

22. Plaintiff's Complaints should be dismissed against Defendant because Defendant did not design, market, sell, advertise, or distribute PFAS, and is not the successor to any corporation that may have designed, marketed, sold, advertised or distributed any PFAS.

23. Any injuries and/or damages sustained by Plaintiff may have been caused or contributed to by the negligence or actual conduct of Plaintiff and/or other persons, firms, corporations, or entities over whom Defendants had no control or right of control and for whom Defendants are not responsible.

24. Plaintiff's claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

25. Plaintiff's claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Defendant that are the subject of Plaintiff's claims. Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

26. Plaintiff's claims are barred to the extent the "permit shield" doctrine and "federally permitted release" defense applies because any leachate was discharged pursuant to lawful permits.

27. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

28. Plaintiff's claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiff's claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

29. Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendant, and in the event that Defendant is found to be liable to Plaintiff, Defendant will be entitled to indemnification, contribution, and/or apportionment.

30. Defendant asserts its rights to allocation or apportionment of fault pursuant to applicable state law, as well as its rights to a proportionate reduction of any damages found against Defendant based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

31. Plaintiff's claims against Defendant are barred or limited by the economic loss rule.

32. Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have

been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

33. Plaintiff's Complaint is barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

34. To the extent that Plaintiff has split its claims, Plaintiff's claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

35. Plaintiff's claims are barred, in whole or in part, because Defendant did not owe a legal duty to Plaintiff or, if it owed such a duty, did not breach and/or fully discharged that duty.

36. Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Defendant exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

37. Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendant proximately caused the purported injuries and damages allegedly sustained by Plaintiff.

38. Plaintiff's claim for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

39. Any damages Plaintiff may have suffered were not reasonably foreseeable by Defendant at the time of the conduct alleged.

40. Plaintiff's claims are barred, in whole or in part, for failing to link any of its alleged exposure or alleged injuries to any of Defendant's discharges.

41. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks to retroactively impose liability for conduct that was not actionable at the time it occurred, and

Defendant may not be held liable under retroactive theories not requiring proof of fault or causation.

42. Plaintiff's claims are barred, in whole or in part, because Defendant neither knew, nor should have known, that any of the substances to which Plaintiff were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Defendant at all times relevant to the claims or causes of action asserted by Plaintiff.

43. Plaintiff's claims against Defendant are barred because the conduct of the Defendant was in accordance with all applicable laws, regulations, permits, and industry practice.

44. Plaintiff's nuisance claims against Defendant are barred by the doctrine of "coming to the nuisance," the prior nuisance doctrine, the doctrine of consent, and/or the doctrine of license.

45. Defendant is not a proper party to this action because it is a holding company that does not and did not own or operate any manufacturing assets or facilities.

46. Defendant is entitled to all of the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiff's claims for compensatory and punitive damages.

47. The Complaint fails to state a claim upon which punitive or exemplary damages may be awarded.

48. Defendant did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

49. Plaintiff have failed to adequately plead and/or allege that Defendant acted with the requisite state of mind to warrant an award of punitive damages.

50.     Defendant has complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the complaint, and, therefore, to the extent that consideration is given to Plaintiff's claims, punitive damages are unwarranted in law and fact.

51.     Punitive damages are not available because all conduct and activities of Defendant related to matters alleged in the Complaint conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period. Defendant affirmatively pleads that any award of punitive damages against the Defendant would violate the Georgia and United States Constitutions, and that in any event any claim for punitive damages is subject to the limitations, cap, and protections under the law, including but not limited to O.C.G.A. § 51-12-1, et seq.

52.     Punitive damages are not available because Defendant neither knew nor should have known that the substances to which Plaintiff were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm, and Defendant therefore lacked notice that its conduct was unlawful or subject to punishment and an award of punitive damages would violate Defendant's constitutional right to due process.

53.     Plaintiff's claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the Unites States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and other applicable provisions of the Constitution of any other state whose laws may apply.

54. Any recovery by Plaintiff may be barred or reduced by the negligence, fault, conduct, or carelessness of others for whose conduct the Defendant is not responsible. Any judgment rendered against the Defendant in this action, under all theories of liability, must be limited to the fault, if any, attributable to the Defendant. If any judgment in Plaintiff's favor is entered in this matter, including against the Defendant, then said judgment must be apportioned among any and all other persons or entities, known or unknown, whether parties or non-parties, who are or could be responsible for any of Savannah's injuries or damages. See O.C.G.A. § 51-12-33.

55. Plaintiff's claims against the Defendant are barred by the doctrine of preemption because the Georgia Water Quality Control Act, its regulations, and the relevant permits issued thereunder and applicable federal statutes and regulations preempt Plaintiff's claims.

56. Defendant reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

57. Defendant adopts by reference any additional applicable defense pleaded by any other defendants not otherwise pleaded herein.

58. Defendant adopts by reference any additional applicable defense asserted by Defendant prior to transfer in any case transferred to this MDL.

Defendant does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitutes an admission that Defendant is liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. Defendant reserves its rights to (i) rely on any and all defenses and presumptions set forth herein or arising from any rule of law or statute of any state whose substantive law might

control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

        NELSON MULLINS RILEY & SCARBOROUGH LLP

        By: s/ MERRITT G. ABNEY
        Merritt G. Abney
        Federal Bar No. 9413
        E-Mail: merritt.abney@nelsonmullins.com
        151 Meeting Street / Sixth Floor
        Post Office Box 1806 (29402-1806)
        Charleston, SC 29401-2239
        (843) 853-5200

        ALSTON & BIRD, LLP

        By: s/ WILLIAM J. REPKO III
        William J. Repko III
        Ga. Bar No. 301797
        E-Mail: jay.repko@alston.com
        1201 W. Peachtree Street
        Atlanta, GA 30309
        (404) 881-7000

        *Attorneys for Defendant Mohawk Carpet, LLC.*

Charleston, South Carolina
August 1, 2025