**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCT LIABILITY LITIGATION** | MDL NO: 2:18-mn-2873-RMG <br><br> This filing relates to: <br><br> *The Mayor and Alderman of the City of Savannah, GA v. 3M Company, et al.* <br><br> Case No. 2:25-cv-04812-RMG |

## INDUSTRIAL METAL FINISHING, INC.'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES

Defendant Industrial Metal Finishing, Inc. ("Industrial Metal"), by and through its undersigned counsel, hereby sets forth its General Denial and Preliminary Statement of Affirmative Defenses to the Complaint in Case No. 2:25-cv-04812-RMG filed in this multidistrict litigation, and any other complaints which may be filed against it herein. Industrial Metal files this statement pursuant to this Court's Case Management Order No. 20 and the other governing protocols and directives established by this Court. Industrial Metal reserves the right to file any necessary responsive pleading, motions pursuant to Federal Rule of Civil Procedure 12, as well as the right to amend or supplement this pleading when so directed or permitted by the Court.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Industrial Metal denies generally and specifically each and every allegation set forth in Plaintiff's Complaint, and the whole thereof, and each and every alleged cause of action therein, and Industrial Metal demands strict proof of the same by a preponderance of the evidence and/or clear and convincing evidence as required by applicable

law.  Industrial Metal further denies that Plaintiff has sufficiently alleged grounds upon which any relief may be granted.  Industrial Metal further denies that Plaintiff has sustained damages in any sums alleged, or any sums at all, or is entitled to relief of any type, by reason of any alleged act, breach, or omission on the part of Industrial Metal or anyone acting on its behalf.  Industrial Metal reserves its rights to assert cross-claims and/or third-party claims.

### STATEMENT OF AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint, and each cause of action or count alleged therein, fails to state a claim, in whole or in part, upon which relief may be granted under the governing substantive and procedural law.

2.      Plaintiff's Complaint fails, in whole or in part, to state a claim for relief and should be dismissed in its entirety pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure.

3.      Plaintiff's Complaint fails, in whole or in part, to join an indispensable party and should be dismissed pursuant to Rules 12(b)(7) and 19(a) of the Federal Rules of Civil Procedure.

4.       Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations and/or repose.

5.      Plaintiff's Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

6.      Plaintiff's claims are barred, in whole or in part, because they are not ripe for adjudication.

7.      Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert them.

2

8.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

9.     Plaintiff's claims may be barred, in whole or in part, because Plaintiff is not the real party in interest.

10.     Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to exhaust administrative or other remedies.

11.     Plaintiff's claims may be barred by the doctrine of unclean hands from some or all forms of relief sought in the Complaint.

12.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of estoppel and/or waiver.

13.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

14.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of election of remedies.

15.     Industrial Metal raises the defense of comparative fault, apportionment and/or setoff of damages among allegedly joint tort-feasors.  As such, any recovery against Industrial Metal must be limited to its percentage of relative fault as compared to the other defendants herein and other at-fault parties.

16.     Any alleged injuries and/or damages sustained by Plaintiff may have been caused or contributed to by the negligence, omissions or actual conduct of Plaintiff and/or other persons, firms, corporations, or entities of whom Industrial Metal has no control or right of control and for whom Industrial Metal is not responsible.

17.     Any alleged injuries and/or damages sustained by Plaintiff may be barred, in whole or in part, by the doctrines of intervening cause and/or superseding cause.

18.     Plaintiff's claims may be barred, in whole or in part, because federal, state, and/or local authorities, departments and/or agencies authorized, ratified, or were aware of and acquiesced to actions taken by Industrial Metal that are the subject of Plaintiff's claims.  Industrial Metal is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority, department or agency.

19.     Plaintiff's claims may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch.

20.     Plaintiff's damages award must be reduced by the amount of compensation Plaintiff has received, or is entitled to receive, from any other source as a result of its alleged injuries.

21.     Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on Plaintiff's part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be barred or reduced by Plaintiff's failure to mitigate damages, if any.

22.     Industrial Metal and its agents and/or employees acted with due care and otherwise conducted themselves at all relevant times as reasonable people and/or entities under the circumstances.

23.     Industrial Metal has satisfied, fulfilled and performed each and every obligation and duty imposed by law, if any, to the full extent of its responsibility.

24.     Any alleged injury, damage or loss sustained by Plaintiff in connection with the subject matter of this action was not reasonably foreseeable to Industrial Metal.

25.     Plaintiff's claims may fail as a matter of substantive law and violate Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and applicable State law to the extent that Plaintiff may rely on uncertain methods of proof as to liability, causality, damages and comparative fault.  Such methods, if permitted, would deprive Industrial Metal of procedural and substantive safeguards including, but not limited to, statutory and common law defenses to liability, causality, damages and comparative fault.

26.     Plaintiff's claims may be barred for lack of proximate cause between any alleged act or omission of Industrial Metal and the claims, damages and harm alleged in Plaintiff's Complaint.

27.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot prove that its alleged injuries were caused by exposure to the substance(s) allegedly disposed of by Industrial Metal.

28.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot prove that the substance(s) allegedly disposed of by Industrial Metal has been reliably established, through scientific means, to be capable of causing Plaintiff's injuries.

29.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish, through reliable means, that Industrial Metal disposed of a sufficient concentration of any alleged substance(s) for a sufficient duration to be capable of causing any alleged injury(s) to Plaintiff.

30.     Plaintiff's purported exposure to any alleged substance(s) disposed of by Industrial Metal, if any, was too removed, indefinite, de minimus and insufficient to establish a reasonable degree of probability that any such substance caused any alleged injury, damage or loss to Plaintiff.

31.     Industrial Metal cannot be held jointly and severally liable for the acts or omissions of third parties or other parties herein because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts and omissions of Industrial Metal.

32.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks to retroactively impose liability for conduct that was not actionable at the time it occurred, and Industrial Metal may not be held liable under retroactive theories not requiring proof of fault or causation.

33.     Plaintiff's claims are barred, in whole or in part, because Industrial Metal neither knew, nor should have known, that any of the alleged substance(s) that Plaintiff was allegedly exposed to were hazardous or constituted a reasonable or foreseeable risk of harm by virtue of the prevailing state of medical, scientific, technical, and/or industrial knowledge available to Industrial Metal at all relevant times to the claims or causes of action asserted by Plaintiff.

34.     Industrial Metal is entitled to all procedural, substantive, and other protections, caps, and limitations provided by applicable state statutes and state laws regarding Plaintiff's claims for compensatory and punitive damages.

35.     Plaintiff's Complaint fails to state a claim upon which punitive damages may be awarded.  Moreover, Industrial Metal did not engage in any conduct that would permit an award of punitive damages.

36.     Plaintiff's claims against Industrial Metal may not arise out of the same transactions or occurrences as their claims against other defendants, as required for proper joinder of parties.

37.     Plaintiff's claims may be barred, in whole or in part, by the free public services doctrine and by the municipal cost recovery doctrine.

38.     Plaintiff's claims are barred to the extent that Plaintiff's alleged damages are speculative, uncertain and hypothetical.

39.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damages, or at least no damages proximately traceable to the alleged conduct of Industrial Metal.

40.     Plaintiff's damages, if any, may have been the direct and proximate result of facts and circumstances over which Industrial Metal exercises no control.

41.     Plaintiff's nuisance claims are barred, in whole or in part, because Industrial Metal did not unreasonably interfere with Plaintiff's ownership or possession of land or property.

42.     Plaintiff's nuisance claims are barred, in whole or in part, because no action of Industrial Metal involved the interference with real or personal property, the alleged nuisance would have impermissible extraterritorial reach, and the alleged conduct of Industrial Metal is too remote from the alleged injury as a matter of law and due process.

43.     Plaintiff's trespass claim fails because Industrial Metal did not interfere with Plaintiff's right to the exclusive, peaceable possession of its property.

44.     Plaintiff's trespass claim fails because Plaintiff does not have exclusive right to the water at issue.

45.     Plaintiff's trespass claim fails because there was no intentional, unauthorized entry onto Plaintiff's property.

46.     Plaintiff's trespass claim fails because PFAS are not tangible substances.

47.     Plaintiff's tort-based claims fail because Industrial Metal does not owe Plaintiff a duty under governing law.

48.     Plaintiff's tort-based claims fail because Industrial Metal did not breach any duty allegedly owed to Plaintiff.

49.     Plaintiff's claim of attorney's fees and expenses of litigation is not supported by any statutory or contractual basis that would give Plaintiff the right to recover.  Moreover, Industrial Metal's conduct does not satisfy and statutory basis for the award of attorney's fees and expenses.

50.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of spoliation of evidence, and Industrial Metal reserves the right to raise the spoliation doctrine as a defense to Plaintiff's claims if some or all of the evidence has not been property preserved.

51.     Plaintiff's claims may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of the risk, and/or failure to heed any applicable warnings.

52.     Plaintiff's claims should be dismissed or stayed, in whole or in part, based on the primary jurisdiction doctrine. The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments and their relevant agencies, and thus, the Court should decline to exercise jurisdiction over these matters.

53.     Plaintiff's alleged claims, in whole or in part, are preempted or barred by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq*.

54.    The Complaint, and each alleged claim therein, is barred, in whole or in part, because Plaintiff is not the real party in interest or lacks capacity to bring its claims, including claims indirectly maintained on behalf of its' citizens and/or customers.

55.    Plaintiff's claims are barred, in whole or in part, to the extent they arose from acts or conditions constituting appropriate business operations and conforming to the state of the art or prevailing customs, standards, or industry practices at the relevant time.

56.    Plaintiff's claims against Industrial Metal fail because Industrial Metal did not design, market, sell, advertise, or distribute any of the allegedly hazardous substance(s) at issue, and Industrial Metal is not the successor to any entity or person who engaged in the foregoing practices.

57.    Plaintiff's claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

58.    Plaintiff's claims are barred to the extent the "permit shield" doctrine and "federally permitted release" defense applies.

59.    Plaintiff's claims may be barred, in whole or in part, by the economic loss rule.

60.    Plaintiff's claims are barred, in whole or in part, for failing to link any of their alleged exposure or alleged injuries to any of Industrial Metal's alleged discharges of substance(s).

61.    To the extent that Plaintiff has split its claims, those claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

62.    Industrial Metal adopts by reference any additional applicable defense pleaded by any other defendant not otherwise set forth herein.

63.    Industrial Metal reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceed.

## **RESERVATION OF RIGHTS**

Industrial Metal does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses.  All the preceding defenses are pleaded in the alternative and do not constitute any admission that Industrial Metal is liable to Plaintiff, that Plaintiff has been or will be injured or damages in any way, or that Plaintiff is entitled to any relief whatsoever.  Industrial Metal reserves the right to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

This 1st day of August, 2025.

 s/ Barry N. Middleton
Barry N. Middleton
Tisdale Middleton & Land Law Firm
GA Bar No./Fed ID No. 163217
207 North Belair Road
Evans, Georgia 30809
Telephone: (706) 869-1348
Email: barry@tisdalelawfirm.com

*Attorney for Defendant*
*Industrial Metal Finishing, Inc.*

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF system on this 1st day of August, 2025 and was thru served electronically upon counsel of record.

This 1st day of August, 2025.

 s/ Barry N. Middleton
Barry N. Middleton
Tisdale Middleton & Land Law Firm
GA Bar No./Fed ID No. 163217
207 North Belair Road
Evans, Georgia 30809
Telephone: (706) 869-1348
Email: barry@tisdalelawfirm.com

*Attorney for Defendant*
*Industrial Metal Finishing, Inc.*

11