IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) MDL No.: 2:18-mn-2873-RMG  CASE MANAGEMENT ORDER NO. 35  This Order Relates to All Actions |

As reflected in the Court's Order dated July 15, 2025 (Dkt. No. 7518), the Court has become aware of a large number of unfiled cases, many of which the Court understands allege one or more of the six injuries (hereinafter, the "Listed Claims")[1] that the Plaintiffs' Executive Committee ("PEC") has determined to pursue in this MDL. The existence of these unfiled claims, many of which may not be vetted, creates challenges for the Court's continued efficient management of this MDL docket. The Court also must ensure that filed cases are appropriately vetted through the processes set forth in this CMO. For these reasons, the Bellwether trial scheduled for October 20, 2025, and all related dates in CMO 26-I, are vacated until such a time as the Court deems appropriate. Given the complexity of this MDL, the Court has established the requirements of this Order for the purpose of ensuring that cases are filed and properly vetted to aid in the ongoing management of this MDL.

The PEC leadership and DCC leadership are directed to take the steps outlined in this Order to assist the Court in assessing and streamlining the docket. Specifically, within 21 days of the date

---

[1] The Listed Claims are: (1) kidney cancer, (2) testicular cancer, (3) ulcerative colitis, (4) thyroid disease, (5) liver cancer, and (6) thyroid cancer.

1

of this Order, all PEC Members[2] that the Court appointed to Plaintiffs' Leadership under CMO 2, including the most recent PEC re-appointment pursuant to CMO 34 (Dkt. No. 7754), shall file in this MDL all cases on behalf of all personal injury claimants they represent who allege one of the six injuries the PEC is pursuing in this MDL. For any case not filed in this MDL pursuant to this paragraph, the PEC Member who filed the case outside this MDL will not oppose transfer of this case to the MDL. The Court will refer to this as the "Filing Facilitation Window," or the "Window," described further below.

Of note, all plaintiffs' counsel (i.e. counsel not on the Court's appointed PEC) representing clients alleging Listed Claims are strongly encouraged to file their cases under this Filing Facilitation Window.

Any cases filed after the Filing Facilitation Window closes are subject to the requirements set forth in Section II below.

The requirements set forth in this Order are part of the Court's larger effort to ensure the orderly and efficient management of this MDL. Additional orders may follow that further effectuate these goals, including as appropriate case management orders, including additional proof requirements, and early dispositive motions.

## I. The Filing Facilitation Window

Plaintiffs' counsel are encouraged to file their clients' cases in this MDL within 21 days of this Order. In order to facilitate such filing, plaintiffs' counsel may avail themselves of the following:

### A. Tools to Facilitate Filing Within the Window

1. Direct Filing

CMO 3 (Dkt. No. 72) allows for direct filing into the MDL. The Court encourages this direct

---

[2] "PEC Member" shall mean the individual attorney appointed to the PEC pursuant to CMO 2 in their personal capacity, as well as the law firm for which the PEC Member is employed or is a partner.

2

filing to continue. In the event that a named Defendant seeks to challenge jurisdiction at some point for a case or cases directly filed in this MDL, any and all statute of limitations are deemed tolled as of the date of direct filing in the MDL. Once again, the Court wants to encourage the direct filing of cases in this MDL and minimize motion practice.

### 2. Bundling Multiple Plaintiffs

In order to encourage the filing required under this Order, the Court will permit the filing of complaints listing multiple unrelated plaintiffs on one complaint for the duration of the Filing Facilitation Window. This suspension of CMO 3, paragraph 26, will remain in effect only for the duration of the Window. Multiple unrelated plaintiffs on any given complaint must be limited to 150 said plaintiffs, which includes loss of consortium spouses. By way of example a plaintiff alleging kidney cancer and a spouse's loss of consortium claim(s), shall count as two plaintiffs for purposes of the 150-plaintiff limitation. Any cases utilizing the mass actions provision of CAFA must meet the specific pleading requirements under 28 U.S.C. Section 1332(d)(11). Plaintiffs' allegations to establish jurisdiction pursuant to 28 U.S.C. Section 1332(d)(11) shall have no bearing on the manner in which cases will be tried. As noted below, a template of such complaint is attached hereto as Exhibit A. Such complaints must list plaintiffs in alphabetical order by last name and list each plaintiff on a separate line.

### 3. Short Form Complaint

Additionally, in the interests of judicial economy, plaintiffs are permitted to use a Short Form Complaint ("SFC") attached to this Order as Exhibit A, for the duration of the Window.

This Short Form Complaint is in an abbreviated form and briefly articulates the injury, the dates, the home state, the plaintiff's date of birth, the causes of action, without the need for detailed pleadings, and the suggested jurisdictions for remand.

Whether and when there will be a master long form complaint will be the subject of further discussions among counsel and the Court. However, a master complaint is not currently contemplated by the parties. Plaintiffs and Defendants have further stipulated and agreed that at this time and until further Order of the Court, Defendants will not assert that any SFC (1) fails to state a cognizable cause of action, (2) fails to state a claim upon which relief may be granted, (3) fails to plead allegations with sufficient particularity, or (4) any other defenses related to insufficiency of pleadings. The parties have further stipulated and agreed that until further Order of the Court, Defendants will not file motions pursuant to Rule 12(b)(6) against any filed SFC asserting a failure to plead allegations with specificity or failing to meet the requirements of Fed. R. Civ. P. 8. Motion practice on any SFC subject to this Order shall be stayed and may proceed only upon leave of Court. Plaintiffs will have a right to amend their Complaint to add elements to establish a prima facie pleading and factual allegations, subject to future Order of the Court before any motion practice.

For avoidance of doubt, Plaintiffs shall be permitted to file a traditional non-short-form complaint prior to being subject to consideration for any future bellwether pool or being subject to motion practice under Fed. R. Civ. P. 12 or Fed. R. Civ. P. 8 as provided in CMO 2 and defendants do not waive the right to bring any challenges under Rule 12 with respect to such complaint. Any such traditional non-short-form complaint shall comply with the requirements of CMO 3 limiting all complaints to a single plaintiff (and, if applicable, a loss of consortium plaintiff).

4. State and Local Filing

The Court encourages filings in this Court. However, with respect to any complaints filed in State Courts, Defendants shall remove such actions to Federal Court and file a notice of tag-along action with the Judicial Panel on Multidistrict Litigation. Plaintiffs that are filing within the Filing Facilitation Window to comply with this order shall not oppose such transfer. Any plaintiff who opposes transfer to the MDL who filed in this Window, and whose case is ultimately transferred to

this MDL, shall be subject to the requirements of Section II below, as if they had filed their action after the Filing Facilitation Window.

### B. Information Required to be Provided After Filing

All cases filed in or transferred to this MDL between March 1, 2025 and the end of the Filing Facilitation Window must provide the following information (hereinafter the "Proof Requirements") in accordance with the deadlines set forth in CMO 5G and 31A (which is 98 days after filing in or transfer to the MDL):

1. <u>Evidence of Diagnosis:</u> A succinct record or, if necessary, records sufficient to establish a diagnosis of the injury(ies) alleged including, assuming it exists, evidence of the earliest diagnosis date. If it is impracticable for counsel to provide a succinct record, counsel shall endeavor to direct Defendants to the specific page or pages on which the responsive information can be found.

2. <u>Plaintiff Fact Sheet Information</u> – A completed Amended Plaintiff Personal Injury Fact Sheet ("Amended PI PFS"), as applicable under CMOs 31 and 5G, submitted and served through the Eisner Advisory Group (EAG) portal.

3. <u>Evidence of Drinking Water Exposure:</u> A plaintiff alleging exposure to PFAS through drinking water served by a public water system and/or a private well shall provide any evidence of PFAS contamination in the drinking water in accordance with the Amended PI PFS, see Section III, Question 16(c). A plaintiff alleging exposure via a public water system shall also provide the public water system identification number ("PWSID") and/or name for such water system/s. In either instance, if a plaintiff has additional proof of PFAS contamination that has not been listed here,

5

including for example, PFAS contamination prior to diagnosis, it should be provided.

4. <u>Proof of Drinking Water Exposure Address(es)</u> – For those plaintiffs alleging exposure to PFAS through contaminated drinking water, documentary evidence establishing residence before diagnosis in the address or addresses plaintiff alleges they ingested the contaminated drinking water, through *either*:

   a. Provision of a third-party resource for address history, such as a credit report that reliably and verifiably establishes proof of residency; *or*

   b. Submission of documents such as leases, deeds, other property records, utility bills, or other evidence that reliably and verifiably establishes proof of residency.

5. <u>Evidence of Exposure – Direct Exposure to AFFF</u> – A plaintiff claiming direct exposure to AFFF must establish exposure to AFFF by submitting evidence in their possession, custody, or control establishing service or employment as a firefighter, or in the military, or at another job in which he or she regularly used or was otherwise exposed to AFFF by records such as military service records, employment records and documents, or relevant tax forms establishing such service or employment. Such proof should be sufficient to establish service or employment before the claimed injury diagnosis date and throughout the course of the entire exposure period claimed.

  6. <u>Evidence of Exposure – Turnout Gear</u> – A plaintiff who is only claiming exposure to PFAS through firefighter turnout gear shall produce the required Turnout Gear Plaintiff Fact Sheet under CMO 5F.

All Proof Requirements must be provided by Plaintiffs by uploading to the portal created by the Court Appointed Portal Vendor EAG, and submitted along with Plaintiff's PPF or Amended PI PFS.

All Fact Sheets and associated documents shall be uploaded to the EAG portal as described in CMOs 5G and 31, 31A and 31B (Dkt. Nos. 6443, 6255, 6548, 6572 and 6766), available at www.afffmdlportal.com. Plaintiff's counsel are reminded of their duty to register for use of the Portal per CMO 31 (Dkt. No. 6255). Once registered, Counsel may individually register their clients directly from the portal. Counsel are reminded that any technical or practical issues preventing use of the portal should be presented to the Portal administrator by writing to Info@afffmdlportal.com. The Portal has been designed to facilitate bulk upload of information and supporting documents.

For any cases filed from March 1, 2025 to June 30, 2025, this information to the extent not already provided, shall be produced on the following schedule:

- For all cases that were already filed between March 1st and April 15, 2025 – These materials are due by **September 30, 2025**;

- For all cases that were already filed between April 16th and May 30, 2025 – These materials are due by **October 15, 2025**;

- For all cases that were already filed between May 30th and June 30, 2025 – These materials are due by **November 1, 2025**.

- For all cases filed after June 30, 2025, the deadline for submission of these materials

will be 98 days from filing in or transfer to this MDL, as set forth in CMO 5 [ECF No. 205].

Cases filed within the Window shall not, without further order of the Court, be subject to the CMO 5 deficiency process, delinquency process, or other discovery-related motions under CMO 5. As noted below, the Court will assess compliance and meet with the PEC leadership and DCC leadership to address next steps.

## II.     Filing Obligations *After* the Filing Facilitation Window Closes

The Filing Facilitation Window is being created to facilitate the filing of unfiled claims, and plaintiffs' counsel are strongly encouraged to avail themselves of it. As the Court notes above, PEC appointed counsel are directed to file their cases in this MDL within the Filing Facilitation Window, and non-PEC counsel are strongly encouraged to file cases within this Window.

The Court will allow Plaintiffs to dismiss without prejudice and/or allow counsel to move to withdraw from representations of cases as appropriate and warranted under the circumstances here. Solely as to cases filed within the Filing Facilitation Window, the Court will allow voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i). It shall be a strict condition of the Court granting such a dismissal without prejudice that, if the Plaintiff(s) seek to file a case at a later date, that case must be filed in this MDL and shall remain subject to the terms of this Order based on the date of any such re-filing of their claims. These conditions and requirements of this Order, including any attempted voluntary dismissal under Rule 41(a)(1)(A)(i), are binding on Plaintiffs individually regardless of the identity of counsel currently retained or later retained to pursue such claims.

This Court trusts it does not need to remind plaintiffs' counsel of their obligations to investigate their clients' claims, both prior to and upon retention as well as throughout the course of their representation. To the extent that the large number of unfiled cases is the result of aggressive case acquisition advertising and marketing efforts, plaintiffs' counsel are reminded that they should

8

not accept more cases than they can reasonably investigate and prosecute (*see* ABA Model Rules of Professional Conduct 1.1, 1.3).

Through the Filing Facilitation Window, the Court has attempted to remove obstacles to filing, allowing for bundling of plaintiffs on one complaint, and use of a Short Form Complaint. Other processes already in place also help facilitate filing, such as direct filing as permitted under CMO 3 (Dkt. No. 72) and service of process via email as permitted under CMO 6 [ECF No. 355]. As such, the Court wants all unfiled cases to be filed within 21 days of this Order. Following this Window, the ability to bundle plaintiffs on a complaint shall be terminated.

Further, the following additional requirements will apply to any case filed in or transferred to this MDL *after* the closure of the Filing Facilitation Window:

   A.  The plaintiff shall have 90 days from the date the action is filed in or transferred to this MDL to serve (to the extent not already provided via a Plaintiff Fact Sheet) on Defendants named in the action a complete set of medical records that document the diagnosis, management, and treatment of plaintiff's alleged injury.

   B.  The plaintiff shall have 120 days from the date the action is filed in or transferred to this MDL to serve on Defendants named in the action expert disclosures compliant with Federal Rule of Civil Procedure 26(a)(2) that support plaintiff's allegation of general causation and specific causation for the specific disease(s) or condition(s) he or she alleges.

For the avoidance of doubt, the above requirements are applicable only to cases filed in or transferred to this MDL *after* the closure of the Filing Facilitation Window and are in addition to and do not supplant the existing requirements regarding (1) Plaintiff Profile Forms and Fact Sheets as set forth in CMO No. 5, 5G and 31 and (2) the Proof Requirements set forth above.

In addition, to the extent any plaintiffs subject to this Order have alleged an "Unlisted Claim" as defined in Second Amended CMO 28 ("CMO 28"), those plaintiffs shall remain subject to the terms of CMO 28, as amended, for any such claims.

### III.   Rule 702 Proceedings

On June 20, 2025, the Court conducted a Science Day on liver and thyroid cancer. As to those injuries, the existing deadlines for the parties' exchange of expert reports on August 11, 2025 (plaintiffs' general causation reports) and September 29, 2025 (defendants' responsive general causation reports) will remain in place.

As previously ordered, by October 24, 2025, the parties shall submit a proposed schedule for discovery and Rule 702 motions on experts who opine on liver/thyroid cancer general causation. The Court may then schedule a hearing on those motions.

The Court will consider proposals raised by Defense Co-Leads and PEC Co-Leads for a hearing(s) on any motion that will impact the effective management of the personal injury cases in this MDL.

### IV.   Further Orders and Proceedings

The Court expects strict adherence to these requirements and deadlines, absent agreement of the parties or leave of the Court. Unless and until a plaintiff complies with all requirements of this Order, all other proceedings in his/her action shall be stayed absent order of Court. With the input of the Plaintiff and Defense Co-Leads, the Court may enter further orders relating to the remedies for non-compliance with this Order.

While the Court has adjourned the current Bellwether trials, the Court anticipates that the Defendants shall diligently review the case filings and discovery materials referenced herein. The PEC leadership and DCC leadership are directed to report to the Court after 30 days and 60 days of entry of this Order on the status of filings and compliance with this Order. The Court will then

assess, and determine what further reporting and other case management tools or orders may be necessary to further vet or test cases, if any, and which may include potentially resuming bellwether proceedings as to *Donnelly, Spears*, and/or *Voelker*, and/or different personal injury bellwether plaintiffs against any or all Defendants.

**AND IT IS SO ORDERED.**

s/Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

Charleston, South Carolina  
August 15, 2025