# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) MDL No.: 2:18-mn-2873-RMG  CASE MANAGEMENT ORDER NO. 36  **This Order Relates to all Cases** |

Last week, the Court entered CMO 35 as part of its effort to manage its docket, setting forth the terms to file and bring the personal injury cases before this Court. It has come to the Court's attention that certain plaintiffs alleging PFAS-related injuries have sought to avoid the MDL and/or federal jurisdiction by denying, disclaiming, or omitting allegations concerning exposure to AFFF.

As the Fourth Circuit made clear in *State of Maryland v. 3M et al.*, 130 F.4th 380 (4th Cir. 2025), such efforts are contrary to law. That is true whether a plaintiff alleges exposure to drinking water, direct exposure to AFFF, firefighter turnout gear or other products allegedly containing PFAS, or some combination. Personal injury plaintiffs may have lived in many locales over their lifetimes, consume water daily, and, in many of the cases before this Court, allege that any type of AFFF has the potential to, and do, spread through groundwater, surface water, or other media well beyond the locations where they were initially used. The record in this MDL and its related discovery has demonstrated that plaintiffs cannot, at the pleading stage, easily isolate personal injuries allegedly caused by AFFF as opposed to personal injuries allegedly caused by non-AFFF PFAS. The Court finds unconvincing artful pleading,

disclaimers, omission of AFFF exposure, and bare conclusory allegations that a personal injury was caused by exposure to PFAS, but not by exposure to AFFF.

District courts considering federal officer removal must "credit a removing defendant's theory of the case as to whether the conduct with which it has been charged is related to its federal work." *See State of Maryland v. 3M et al.*, 130 F.4th 380, 389 (4th Cir. 2025) *Gov't of Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174, 189 (1st Cir. 2024); *Baker v. Atl. Richfield Co.*, 962 F.3d 937, 945–47 (7th Cir. 2020); *Cnty. Bd. of Arlington Cnty., Virginia v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 256 (4th Cir. 2021). 3M and other defendants have consistently argued that "PFAS from its Military AFFF production and its non-AFFF production were inextricably linked," a theory that, if credited, "holds sufficient water" to substantiate federal officer removal. *See id*. at 390-91 (holding that "PFAS intermingled to the point that it is impossible to identify their source," rendering removal appropriate). Accordingly and based on the MDL Court's knowledge and experience managing this MDL, the Court finds that there exists, at the very least, a plausible basis for alleging federal jurisdiction sufficient to satisfy its initial burden on a notice of removal. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *Maryland*, 130 F.4th at 393 (vacating lower courts' remand orders despite plaintiffs disclaiming AFFF-related damages where defendant has alleged AFFF theory of exposure). At an appropriate time, the Court will establish further procedures to allow for requests for consideration of motions to remand under terms and a process to be determined at a later date.

The Court makes a suggestion and request to the JPML that all such cases, including turnout gear cases, be transferred to this Court to enable it to efficiently oversee and manage these cases.

**AND IT IS SO ORDERED.**

                                                      s/Richard Mark Gergel
                                                       Richard Mark Gergel
                                                       United States District Judge

Charleston, South Carolina
August 22, 2025