THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES OF DEFENDANT VIDEOJET TECHNOLOGIES, INC.<br><br>This Filing Relates to: Ollie, et al. v. TYCO Fire Products L.P., et. al., 2:25-cv-06199 RMG |

Defendant, VideoJet Technologies, Inc. ("VideoJet"), by and through its attorneys, Riley Safer Holmes & Cancilla LLP, in accordance with the Court's Case Management Order No. 20, hereby makes the following General Denial and Preliminary Statement of Affirmative Defenses in response to the Complaints which have been filed by any Plaintiff, Petitioner, or Third-Party Plaintiff (collectively "Plaintiffs") in the above captioned multidistrict litigation, Case No. 2:18-mn-2873-RMG ("MDL"), including subsequent Complaints filed by any other plaintiff against VideoJet in the MDL or transferred to the MDL. VideoJet reserves all rights to file motion(s) pursuant to Rule 12 of the Federal Rules of Civil procedure and to assert crossclaims, counterclaims, and third-party claims. VideoJet also reserves the right to amend or supplement this General Denial and Preliminary Statement of Affirmative Defenses.

**GENERAL DENIAL**

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendant VideoJet

1

denies each and every allegation and cause of action set forth in Plaintiffs' Complaints for damages. VideoJet demands strict proof of the same by a preponderance of the evidence and/or by clear and convincing evidence as required by appliable law. VideoJet denies that Plaintiffs have sufficiently alleged grounds upon which any relief may be granted. VideoJet denies that Plaintiffs sustained any cognizable injury, or suffered any recoverable damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any alleged act, breach, conduct, or omission on the part of VideoJet or anyone acting on its behalf.

## AFFIRMATIVE DEFENSES

Defendant VideoJet asserts the following affirmative defenses in response to the claim set forth in Plaintiffs' Complaints:

1. The Complaints, including each alleged claim therein, fail to state a claim upon which relief may be granted.

2. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks personal jurisdiction over Defendant, and the Complaints should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3. Plaintiffs' claims are barred or limited by lack of standing.

4. The Complaints, including each alleged claim contained therein, is barred, in whole or in part, by the applicable statute of limitations.

5. The Complaints, including each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

6. The Complaints, including each alleged claim contained therein, is barred, in whole or in part, by the failure to join all indispensable parties.

7. The Complaints, including each alleged claim contained therein, is barred, in

whole or in part, by the doctrine of laches.

  8.  The Complaints, including each alleged claim contained therein, is barred, in whole or in part, because Plaintiffs are not the real party in interest and lack capacity to bring their claims.

  9.  Plaintiffs' claims are not ripe and/or are moot.

  10.  The Complaints, including each alleged claim contained therein, is barred, in whole or in part, by the doctrine of unclean hands.

  11.  The Complaints, including each alleged claim contained therein, is barred, in whole or in part, by the doctrine of estoppel and/or waiver.

  12.  The Complaints, including each alleged claim contained therein, is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

  13.  The Complaints, including each alleged claim contained therein, is barred, in whole or in part, by the doctrine intervening or superseding causes.

  14.  Plaintiffs' claims are or may be barred, in whole or part, by the doctrine of election of remedies.

  15.  Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

  16.  Plaintiffs' claims against Defendant are barred or limited by the economic loss rule.

  17.  Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

  18.  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if any, were due to preexisting conditions as to which Defendant had no control.

19. Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including avoidable consequences, voluntary exposure, assumption or risk, and open and obvious risk.

20. Plaintiffs' alleged injuries, if any, were caused by Plaintiffs' own inability or failure to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, Plaintiffs may not recover for losses that could have been prevented by reasonable efforts on their part. Recovery, if any, should be reduced by Plaintiffs' failure to mitigate their own damages.

21. Plaintiffs' claims are or may be barred, in whole or in part, to the extent that the products Plaintiffs alleged were used on Defendant's premises were misused, altered, or changed by others over whom Defendant had no control.

22. Plaintiffs' alleged injuries, if any, may have been caused by or contributed to by the negligence or actual conduct of Plaintiffs, or other persons, firms, corporations, or entities over which Defendant had no control.

23. Plaintiffs' alleged injuries, if any, were caused by activities of, conditions created by, negligence of, or other conduct of independent contractors and/or subcontractors over which Defendant had no control.

24. Plaintiffs' claims are or may be barred, in whole or part, under the bulk supplier component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

25. Plaintiffs' claims are or may be barred, in whole or in part, to the extent that they

arose from acts or conditions that were, at the relevant time, appropriate business operations conforming to the state of the art or prevailing customs, standards, or industry practices.

26.     Plaintiffs' claims based on the theory of strict liability or liability without fault constitute a deprivation of Defendant's property without due process of law.

27.     Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by an individual on whose behalf or for whom alleged damages Plaintiffs seek to recover.

28.     Plaintiffs' claims are barred, in whole or in part, because Defendant did not manufacture any products which Plaintiffs claim caused their alleged injury.

29.     Plaintiffs' claims are barred, in whole or in part, because Defendant did not manufacture any PFAS which Plaintiffs claim caused their alleged injury.

30.     Plaintiffs' claims are barred, in whole or in part, because Defendant did not manufacture, and Plaintiff cannot establish he was exposed to, a sufficient concentration of PFAS which Plaintiffs claim caused their alleged injury.

31.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot establish scientifically that PFAS have been reliably established to be capable of causing their alleged injuries.

32.     Plaintiffs' claims are or may be barred, in whole or in part, to the extent that Defendant used proper methods in utilizing products in conformity with: federal and state regulations, specifications, and laws in effect; available knowledge and research of the scientific and industrial communities; generally recognized and prevailing industry standards; and state of the art in existence at the time the products were used.

33.     Plaintiffs' claims are or may be barred, in whole or in part, to the extent that any

alleged levels of contamination did not exceed applicable laws or regulatory thresholds at all relevant times.

34. Plaintiffs' claims are or may be barred, in whole or in part, to the extent that federal, state, and/or local authorities ratified, or were aware of and acquiesced in, actions by Defendant that are the subject of Plaintiffs' claims. Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

35. The Complaints, including each alleged claim contained therein is barred, in whole or in part, because Defendant is entitled to immunity from suit under the government contractor defense. *See Boyle v. United Technologies Corp.,* 487 U.S. 500 (1988).

36. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

37. To the extent Plaintiffs allege any claim for breach of warranty, those claims are or may be barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

38. To the extent Plaintiffs allege any claim for breach of warranty, those claims are or may be barred, in whole or in part, because Plaintiffs did not provide Defendant reasonable notice of any alleged breach.

39. To the extent Plaintiffs allege any claim for breach of warranty, those claims are

or may be barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

40. Plaintiffs' alleged injuries, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendant and, in the event that Defendant is found liable to Plaintiff, Defendant is entitled to indemnification, contribution, and/or apportionment.

41. Defendant asserts its rights to allocation or apportionment of fault pursuant to applicable state law, as well as its rights to a proportionate reduction of any damages found against Defendant based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

42. Plaintiffs' alleged injury, if any, does not support a recovery in tort.

43. Plaintiffs' claims are barred, in whole or in part, because Defendant did not owe a duty to Plaintiff. If Defendant did owe Plaintiff a duty, Defendant did not breach and/or fully discharged that duty.

44. Plaintiffs' claims are barred, in whole or in part, because Defendant exercised due care with respect to its acts and omissions and took reasonable precautions against foreseeable acts or omissions of others at all relevant times.

45. Plaintiffs' claims are barred, in whole or in part, because Defendant's acts or omissions did not proximately cause Plaintiffs' alleged injuries.

46. Plaintiffs' claims are barred, in whole or in part, because to the extent Defendant owed a duty to warn, Defendant adequately discharged such duty.

47. Plaintiffs' alleged injuries, if any, are barred because their claims are speculative and based on conjecture.

48. The relief Plaintiff seeks, in whole or in part, violates Defendant's constitutional due process rights.

49. Defendant denies liability, but if Defendant is found liable for any portion of Plaintiffs' damages, Defendant shall only be liable for its equitable share of Plaintiffs' damages.

50. Defendant denies liability, but if Defendant is found liable for any portion of Plaintiffs' damages, Defendant is entitled to an offset.

51. Defendant cannot be held jointly and severally liable for the acts or omissions of third parties over which Defendant had no control.

52. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries were not reasonably foreseeable by Defendant at the time of the alleged conduct.

53. Plaintiffs' claims are barred, in whole or in part, because Defendant neither knew, nor should have known, that any of the products to which Plaintiffs were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Defendant at all times relevant to the claims or causes of action asserted by Plaintiffs.

54. Defendant is entitled to all substantive and procedural protections, including caps and limitations provided by Illinois state statutes and other state and federal law, regarding Plaintiffs' claims for compensatory and punitive damages.

55. Defendant's alleged conduct and activities conformed to the scientific and industrial knowledge during the relevant time periods.

56. Plaintiffs' Complaints fails to state a claim upon which punitive or exemplary damages may be awarded.

57. Defendant did not manufacture PFAS or engage in any conduct that would

Warrant or form a basis for punitive damages.

58.    Plaintiffs have failed to plead or allege that Defendant acted with the requisite State of mind for an award of punitive damages.

59.    Defendant has complied with local, state, and federal government statutes and regulations with regards to the alleged conduct in Plaintiffs' Complaints, and punitive damages are unwarranted in law and fact.

60.    Plaintiffs' claims for punitive damages, if any, are not available as Defendant neither knew nor should have known that the product to which Plaintiffs allege they were exposed were hazardous or constituted a foreseeable risk of harm.

61.    Plaintiffs' claims for punitive damages, if any, are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the Unites States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and other applicable provisions of the Constitution of any other state whose laws may apply.

62.    Plaintiffs' claims are or may be barred, in whole or part, to the extent Plaintiffs failed to exhaust administrative remedies.

63.    Plaintiffs' claims are barred, in whole or in part, because applicable workers compensation laws provide exclusive remedy for Plaintiffs' alleged injuries.

64.    Plaintiffs' claims are barred by the Illinois Worker's Occupational Disease Act, 820 ILCS 310/1(f).

65.    Defendant is entitled to a credit if Plaintiffs' have settled or settle hereafter for his alleged injuries, if any. Defendant further pleads all defenses entitled based on any past or future

settlement with Plaintiff including, but not limited to, accord and satisfaction.

66. Defendant denies that Plaintiffs have valid claims against Defendant under the Illinois Deceptive Trade Practices Act and the Illinois Antitrust Act and for common law fraud, negligent misrepresentation and unjust enrichment. However, if such claims are found to exist, Defendant pleads all applicable defenses under the Illinois Deceptive Trade Practices Act, Illinois Antitrust Act, and to common law fraud, misrepresentation, and unjust enrichment.

67. Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Defendant in judicial, legislative, or administrative proceedings of any kind or at any level of government.

68. Plaintiffs' claims alleging ultrahazardous activities are barred in whole because Plaintiff has not alleged any acts or omissions of Defendants that are considered ultrahazardous or abnormally dangerous activities under Illinois law. Therefore, the Complaints should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

69. Plaintiffs' claims alleging negligence are barred in whole because Plaintiff has not alleged sufficient facts regarding any conduct by VideoJet that would support the finding of a duty owed by VideoJet to the Plaintiffs. Therefore, the Complaints should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

70. All of the preceding defenses are alleged in the alternative, and none constitutes an admission that Defendant is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Defendant does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses.

71. Plaintiffs' claims are barred, in whole or in part, with respect to any applicable affirmative defenses available under the laws of the State that controls each case.

72. Defendant adopts by reference any additional defenses asserted by any other Defendants not otherwise pled herein.

73. Defendant adopts by reference any additional defenses asserted by Defendants prior to transfer in any case to this MDL.

Dated: September 3, 2025                                    Respectfully submitted,

/s/Matthew J. Fischer
Matthew J. Fischer
Natalie N. Ellis
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200
Chicago, IL 60603
*t* (312) 471-8700
mfischer@rshc-law.com
nellis@rshc-law.com
*Attorneys for Defendant VideoJet Technologies, Inc.*