IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTION LIABILITY LITIGATION | ) MDL No. 2:18-mn-2873-RMG<br>)<br>) GENERAL DENIAL AND PRELIMINARY<br>) STATEMENT OF AFFIRMATIVE DEFENSES<br>) OF NAN YA PLASTICS CORPORATION,<br>) AMERICA<br>)<br>) This Document Relates to:<br>) 2:25-cv-11180-RMG |

Defendant, Nan Ya Plastics Corporation, America, (Nan Ya) by undersigned counsel, hereby respond to the Third Amended Complaint ("Complaint") filed by Plaintiff, Grand Strand Water and Sewer Authority and pending in the MDL ("Plaintiff") as follows:

GENERAL DENIAL:

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant denies generally and specifically each and every allegation set forth in Plaintiff's Complaint, and the whole thereof, and each and every alleged cause of action therein, and Defendant demands strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Defendant further denies that Plaintiff has sufficiently alleged grounds upon which any relief could be granted. Defendant further denies that Plaintiff has sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or omission on the part of Defendant or anyone acting on their behalf. Defendant reserves their rights to assert cross-claims and/or third-party claims.

**AFFIRMATIVE DEFENSES:**

Without assuming any burden of proof it would not otherwise bear, NAN YA hereby asserts the following affirmative defenses to the Complaint:

**FIRST SEPARATE AND AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint fail, in whole or in part, to state a claim upon which relief may be granted.

**SECOND SEPARATE AND AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute(s) of limitations or other rule, regulation or doctrine requiring the institution of an action within a certain prescribed period of time or by a certain date.

**THIRD SEPARATE AND AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred, in whole or in part, by equitable doctrines, including but not limited to laches, waiver, estoppel and unclean hands.

**FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint contravene fundamental notions of public policy.

**FIFTH SEPARATE AND AFFIRMATIVE**

Plaintiff is not entitled to recover from NAN YA more than NAN YA's fair, equitable, and proportionate share, if any, of the costs and damages sought by Plaintiff or to otherwise recover from NAN YA more than the amount of such relief, if any, for which NAN YA is liable.

**SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

If Plaintiff sustains any damages, these damages were caused by acts or omissions by it or of one or more persons or entities for whose conduct NAN YA is not responsible and with whom NAN YA has no legal connection, including, but not limited to: 1) Horry County by reason of its ownership of the site of the former Myrtle Beach Air Force Base which is draining both surface water and ground water into the Atlantic Intracoastal Waterway containing extremely high concentrations of several PFAS chemicals, approximately 2.5 million parts per

trillion; 2) the fire departments of the county and municipalities in Horry County and counties upstream of Horry County which, upon information and belief, for decades discharged PFAS chemicals into the ground as part of firefighting and training exercises; 3) landfills both inside Horry County and nearby counties which, upon information and belief, contain waste that contains PFAS chemicals which are leaking from the landfills into surface waters which flow to Plaintiff's water intake points; and 4) mines and quarries both inside Horry County and in nearby counties which, upon information and belief, collect ground and surface water contaminated with PFAS chemicals which then is released into surface waters which flow to the water intake points of Plaintiff.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

If Plaintiff sustained or sustains any damages, the acts and omissions of persons or entities other than NAN YA, over whom NAN YA had no control, were intervening or supervening causes of the injuries, costs and damages alleged by Plaintiff.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

NAN YA may not be held liable under retroactive theories not requiring proof of fault or causation.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

Any legally cognizable injury or damage that Plaintiff has suffered, to the extent any was suffered, was caused either in whole or in part by the acts or omissions of Plaintiff or its agents and not as a result of any conduct by NAN YA.

### TENTH SEPARATE AND AFFIRMATIVE DEFENSE

To the extent other parties not named in the case are responsible for any alleged claims or damages by Plaintiff, such claims against NAN YA are barred by Plaintiff's failure to join such parties.

## ELEVENTH SEPARATE AND AFFIRMATIVE

At all times and places mentioned in the Complaint, NAN YA complied with all then applicable laws, regulations and standards.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims and damages, if any, against NAN YA are subject to setoff and recoupment and therefore must be reduced accordingly.

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

At all times and places mentioned in the Complaint, NAN YA was not negligent, whether by act of commission or omission, which act was the proximate cause of any alleged liability, injuries or damages sustained by Plaintiff of which it complains.

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

The claims asserted in the Complaint fail and/or are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Without admitting liability, NAN YA alleges that if it is found to have been engaged in any of the activities alleged in the Complaint, such activities were de minimis and not the cause of any damage alleged by Plaintiff, such damages being caused principally by releases of PFAS chemicals from locations including the site of the former Myrtle Beach Air Force Base, now owned by Horry County.

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Sources and conditions other than NAN YA were the cause of Plaintiff's alleged damages, if any such damages being caused principally by releases of PFAS chemicals from locations including the site of the former Myrtle Beach Air Force Base, now owned by Horry County.

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

As to each and every cause of action asserted against NAN YA in Plaintiff's Complaint, NAN YA alleges that Plaintiff is guilty of comparative fault, including assumption of the risk, to such a degree as to bar or reduce any recovery to which he might otherwise be entitled.

### EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering, in whole or in part, the relief requested from NAN YA by virtue to the doctrine of avoidable consequences.

### NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

NAN YA owes and owed no duty or obligation to Plaintiff.

### TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

To the extent NAN YA owed any duty or obligation to Plaintiff, NAN YA did not breach a duty or obligation allegedly owed to Plaintiff.

### TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they seek to recover costs, damages, and expenses including, but not limited to, response, assessment, remediation cleanup and/or removal costs that Plaintiff incurred improperly, or that are not related to natural resource restoration or replacement damages.

### TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff has not suffered a legally cognizable injury in fact.

### TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

The damages sought by Plaintiff, if awarded, should be reduced by any amounts it recovers from any other sources and plaintiff is barred from any form of double recovery regardless of the nature or source of such recovery.

### TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred because no actions or inactions by NAN YA have resulted in any interim, temporary, or permanent impairment or damage to a natural resource.

### TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose retroactive liability.

### TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

At all relevant times, NAN YA exercised due care with respect to its activities and took precautions against foreseeable acts or omissions of others and consequences that could reasonably result from such acts or omissions.

### TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks equitable relief, those claims are barred by equitable and legal doctrines of accord and satisfaction.

### TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

All claims for equitable relief in Plaintiff's Complaint are barred because Plaintiff has adequate remedies at law, to the extent its claims are provable.

### TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

All claims for equitable relief in Plaintiff's Complaint are barred because equity will not exceed the rights of parties existing at law.

### THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

NAN YA did not proximately cause any of the acts, omissions, hazards or damages alleged in any claims asserted in the Complaint, such damages, if any, having been caused as alleged above by others, including by the United States government's discharge of PFAS chemicals at the Myrtle Beach Air Force Base and by the continued release of these chemicals from the site of that Base, now owned and controlled by Horry County.

### THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

Without admitting liability, if NAN YA is found to be responsible for any of the damages complained of, it is absolved from a judgment of liability by virtue of the superseding or intervening actions of others, including by the United States government's discharge of PFAS chemicals at the Myrtle Beach Air Force Base and by the continued release of these chemicals from the site of that Base, now owned and controlled by Horry County.

### THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff has failed to join all necessary and indispensable parties to this action, including, but not limited to the United States, Horry County, all municipal and county governments which operated fire departments and discharged PFAS chemicals that have or are leaching into surface waters which flow to Plaintiff's water intake points, all landfills which contain waste contaminated with PFAS chemicals and all mines and quarries which contain water contaminated with PFAS chemicals which drain into surface waters which flow to Plaintiff's water intake points.

### THIRTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

The damages Plaintiff seeks, if awarded, would result in unjust enrichment to Plaintiff.

### THIRTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

No action or inaction by NAN YA has resulted in any nuisance.

**THIRTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**

NAN YA is entitled to offset against any liability on its part, if any, for the greatest of (1) any amounts actually paid by any person or entity for any of the injuries, costs, damages, and expenses alleged in the Complaint; or (2) any amounts stipulated or otherwise agreed to in any release of or covenant not to sue any person or entity for any of the injuries, costs, damages, and expenses alleged in the Complaint; or (3) the equitable share of liability of any person or entity that received, or receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages, and expenses alleged in the Complaint.

**THIRTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

All claims for equitable relief in Plaintiff's Complaint are barred because equity will not compel action that is already being undertaken and/or is unnecessary.

**THIRTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint violates NAN YA's right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of South Carolina to the extent it seeks punitive or exemplary damages, and therefore fails to state a cause of action upon which punitive damages can be awarded.

**THIRTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint violates NAN YA's right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and in the Constitution of the State of South Carolina to the extent it seeks punitive or exemplary damages, and violates NAN YA's rights to substantive due process as provided in the Fifth and Fourteenth Amendment to the United States Constitution and the Constitution of the State of South 58 Carolina, and therefore fails to state a cause of action supporting the punitive damages claimed.

**THIRTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE**

During all relevant times, NAN YA utilized state of the art in the design and manufacture of all its products, if any, related to this action.

**FORTIETH SEPARATE AND AFFIRMATIVE DEFENSE**

If NAN YA is held liable, which liability is strictly denied, then the liability of NAN YA would be passive, imputed or secondary, while persons other than NAN YA, whether individual, corporate or otherwise and whether named or unnamed in the Complaint, would be actively and primarily liable for the alleged damages under breach of contract, negligence, strict liability, implied and express warranty theories, or otherwise, including as alleged above, the United States government, Horry County, all counties and municipalities which operate fire departments that have discharged PFAS chemicals into sites which drain into waters which flow to the Plaintiff's water intake points, and all landfills and mines and quarries which contain PFAS chemicals which drain into such surface waters.

**FORTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by the informed intermediary or sophisticated user doctrine and/or the bulk supplier doctrine.

**FORTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent plaintiffs seek recovery on the "market share" theory.

**FORTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's alleged claims are barred, in whole or in part, by the applicable repose period, including, but not limited to, those set forth in South Carolina Statutes.

**FORTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's claims for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

### FORTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

The use of South Carolina's natural resources is not being limited because of the presence of any compounds the Complaint alleges Nan Ya discharged, which discharge is denied.

### FORTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's alleged claims are barred to the extent Plaintiff's response actions will be, are or have been excessive, unnecessary, unreasonable, and/or inconsistent with statutory requirements.

### FORTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff lacks standing under the United States Constitution, the South Carolina Constitution, and state and federal statutes and common law to bring the claims set forth in the Complaint.

### FORTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and parens patriae doctrine, because the property claimed to be affected is not held in the public trust and/or is not subject to the parens patriae doctrine.

### FORTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and parens patriae doctrine, because it does not have exclusive jurisdiction over the resources at issue, or only has partial jurisdiction over such resources and has failed to join other necessary trustees in this action.

### FIFTIETH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring an action for nuisance damages.

### FIFTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's alleged nuisance claim is barred, in whole or in part, because the alleged nuisance cannot be remedied at a reasonable cost by reasonable means.

### FIFTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring an action for trespass because Plaintiff has no ownership over and is not entitled to exclusive possession of various property and water bodies referenced in the Complaint, and because Plaintiff cannot establish unreasonable or substantial damage to the res.

### FIFTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

NAN YA is not liable to Plaintiff for the manufacturing activities of other manufacturers or for any costs incurred by Plaintiff related to products and chemicals not produced by NAN YA.

### FIFTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's alleged claims are preempted by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq., to the extent such claims include, encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations or other areas listed on the United States Environmental Protection Agency's National Priority List (Superfund sites), or from which discharges or releases of materials have otherwise come to be located emanating from such facilities, sites, properties, locations or areas.

### FIFTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted or barred by CERCLA §§ 113 (b), 113(h) and 122(e), 42 U.S.C. §§ 9613(b), 9613(h) and 9622(e)(6), to the extent they are challenges to the United States Environmental Protection Agency's removal or remedial decisions with respect to sites or locations listed on the National Priorities List (Superfund sites), or that encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations, or other areas or from which discharges or releases of materials from such sites have otherwise come to be located.

### FIFTY- SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are premature or barred to the extent they are disguised claims for investigation and cleanup costs, or challenges to the EPA's remedial decisions, as CERCLA § 113(g)(1), 42 U.S.C. § 9613(g)(1) bars initiation of an action for such damages without prior notice to the United States and NAN YA prior to selection of the remedial action for the facility.

### FIFTY- SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's alleged claims are barred against NAN YA because NAN YA is not a liable party under CERCLA § 107(a), 42 U.S.C. § 9607(a), or a responsible party or liable person under CERCLA or South Carolina Statutes.

### FIFTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering costs that are not response costs that are necessary or consistent with the National Contingency Plan.

### FIFTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's alleged claims are barred to the extent they seek compensation for costs that are not response costs as defined by CERCLA § 101(25), 42 U.S.C. § 9601(25).

### SIXTIETH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they are based on contamination resulting from the alleged release of substances occurring before CERCLA was enacted on December 11, 1980. 42 U.S.C. § 9607(f)(1).

### SIXTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by CERCLA § 107(a)(4)(C), 42 U.S.C. § 9607(a)(4)(C), and/or applicable South Carolina statutes because there is no injury to natural resources "resulting from" or "caused by" a release by NAN YA.

### SIXTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, to the extent Plaintiff seeks any relief inconsistent with the applicable federal or state regulatory schemes for addressing alleged releases of contaminants.

### SIXTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted or barred by the Federal Water Pollution Control Act Amendments of 1972 (FWPCA), § 101, et seq., the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251, et seq., including, FWPCA § 301, 33 U.S.C. § 1311, FWPCA §502, § 1362(7), and 63 FWPCA § 502, §1362(12), including but not limited to and the "Waters of the United States" rule.

### SIXTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are subject to either the exclusive jurisdiction or the primary jurisdiction of the EPA or South Carolina Department of Environmental Services ("DES").

### SIXTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not investigated the cause of harm, presence of harm, or extent of harm alleged in its Complaint, and specifically has not completed a natural resource damages assessment.

## SIXTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are premature to the extent that neither the State nor EPA have set final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

## SIXTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because NAN YA's conduct was sanctioned by law at the relevant times that PFAS compounds were allegedly released.

## SIXTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

NAN YA's conduct was lawful in all respects when taken under the federal and state laws then applicable.

## SIXTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks to retroactively impose liability for conduct that was not actionable at the time it occurred.

## SEVENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, by the economic loss doctrine.

## SEVENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief because it has failed to state facts sufficient to show continuing acts, the threat of irreparable harm, or a reasonable likelihood of repetition of the alleged conduct if it were, in fact, established to be wrongful.

## SEVENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive or declaratory relief because it has a plain, common, adequate at remedy at law.

### SEVENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, to the extent Plaintiff already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised their claims relating to any of the alleged damages.

### SEVENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they are not yet ripe.

### SEVENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

The Complaint does not describe its claims or events with sufficient particularity to permit NAN YA to fully ascertain what other defenses may exist, and NAN YA presently has insufficient knowledge or information to form a belief as to whether it has additional defenses available to it. NAN YA therefore reserves the right to assert all defenses which may pertain to the Complaint once the precise nature of the claims is ascertained, and in the event discovery indicates that additional defenses would be appropriate.

### SEVENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because NAN YA acted reasonably and in good faith.

### SEVENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

NAN YA hereby incorporates by reference to the fullest extent possible all affirmative defenses of other defendants in this action to the extent such defenses would apply to claims asserted against NAN YA.

### SEVENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

The pleading of the defenses described above shall not be construed as an undertaking by NAN YA of any burden which would otherwise be the responsibility of Plaintiff.

### SEVENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

NAN YA cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of NAN YA.

### EIGHTIETH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any product(s) manufactured by NAN YA.

### EIGHTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

NAN YA pleads all applicable statutory caps on punitive damages, including but not limited to, the caps described in S.C. Code § 15-32-520 et seq., as amended.

### EIGHTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive or exemplary damages are subject to the limitations of S.C. Code § 15-33-135 in that the Plaintiff cannot demonstrate that NAN YA showed willful misconduct, malice, or reckless disregard for their rights by clear and convincing evidence.

### EIGHTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive damages, NAN YA specifically raises and incorporates by reference any and all standards or limitations regarding the enforceability of such damage awards as held in BMW v. Gore, 116 S. Ct. 1589 (1996), State Farm Mut. Auto Ins. Co. v. Campbell, 123 S. Ct. 1513 (2003), Phillip Morris USA v. Williams, 127 S. Ct. 1057 (2007), and Exxon Shipping Co. v. Baker, 128 S. Ct. 2605 (2008).

### EIGHTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

NAN YA has not acted or failed to act in such a way as to give rise to any claim for attorney's fees or expenses of litigation

### ADDITIONAL SEPARATE AND AFFIRMATIVE DEFENSE

NAN YA reserves the right to assert any additional separate and affirmative defenses that may became available or revealed to it during the course of their investigation and between now and the time that judgment, if any, is rendered in this action, based upon facts obtained during discovery and investigation and is consistent with the South Carolina Rules of Civil Procedure.

WHEREFORE, having fully answered the Plaintiff's Complaint, and having asserted these affirmative defenses, NAN YA prays that Plaintiff's Complaint be dismissed with prejudice and that they be awarded the costs and reasonable fees associated with this matter, and such other relief as the Court may deem just and proper.

Respectfully submitted,

s/ Stan Barnett

_____
Stan Barnett  SC Bar No. 533
Stan Barnett, Attorney at Law
305 North Civitas Street
Mt. Pleasant, SC 29464
843-708-4887
Stan.barnett@yahoo.com
*Counsel for Nan Ya Plastics Corporation, America*

August 29, 2025
Mount Pleasant, South Carolina