IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No: 2:18-mn-2873-RMG<br><br>JUDGE RICHARD M. GERGEL<br><br>This Document Relates to:<br>All Cases |

**PLAINTIFFS' EXPEDITED MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT FIRE SERVICE PLUS, INC.,
OR, IN THE ALTERNATIVE, DISCOVERY SANCTIONS**

The Plaintiffs' Executive Committee ("PEC") submits this expedited motion for default judgment or, in the alternative, discovery sanctions against Defendant Fire Service Plus, Inc., ("FSP") based on FSP's failure to retain replacement counsel and its failure to answer long-outstanding discovery requests or otherwise participate in this litigation. The PEC further requests expedited treatment of this motion to prevent FSP from escaping liability through its clandestine pursuit of dissolution proceedings that were never disclosed to the parties or this Court.

**I.     BACKGROUND**

   A.   *FSP Is Currently Unrepresented and in Default After Its Counsel of Record Withdrew His Representation of the Company in July 2025*

FSP has been named as a defendant in more than two thousand cases in this MDL, including in at least two of the cases selected by the DCC leadership and PEC leadership to undergo discovery proceedings focused on product identification and possible advancement to a bellwether process under the Court's CMO 32. *See, e.g.*, Order, *Palm Beach County v. 3M Company et al*, No. 2:24-cv-06957-RMG (D.S.C.), Dkt. No. 7 (granting CMO 32 plaintiff leave to amend to add

1

FSP as a defendant); Order, *City of Hialeah, Florida v. 3M Company et al*, No. 2:23-cv-01484-RMG (D.S.C.), Dkt. No. 8 (same).[1]

On June 10, 2022, George Buermann, an attorney at the law firm of Goldberg Segalla LLP, filed a notice of appearance on behalf of FSP and for the next three years he represented the company in these MDL proceedings. During that time, FSP responded to a set of interrogatories and two sets of requests for production propounded by the PEC and produced two witnesses to testify at depositions that took place in November 2022 and October 2024, respectively.[2]

Because FSP was a named Defendant in cases proceeding under CMO 32, on May 23, 2025, Plaintiffs Palm Beach County ("Palm Beach") and City of Hialeah, Florida ("Hialeah") each served a set of interrogatories and requests for production on FSP in accordance with CMO 32. This discovery focused on product identification issues, namely identifying the specific AFFF products the company sold to Palm Beach and Hialeah for use at their respective fire training centers. By agreement of the parties, responses to those discovery requests were due on July 14, 2025. To date, neither the PEC, Palm Beach, nor Hialeah has received any response from FSP. In fact, on July 7, 2025, one week before those responses were due, Mr. Buermann filed a motion seeking to withdraw from representing FSP in these proceedings. Dkt. No. 7481. In his motion, Mr. Buermann affirmed that he had complied with Local Rule 83.1.07(B) by informing FSP that:

---

[1] Recent evidence discovered during the CMO 32 process has identified FSP products in two additional cases in which FSP is not currently a named defendant on the Complaint, specifically the Richard Flynn Fire Academy, *State of New Hampshire and Drinking Water and Groundwater Advisory Commission v. 3M Co., et al.* (2:19-cv-02285-RMG (D.S.C.)) and the Stow former fire station, *Commonwealth of Massachusetts v. 3M Co., et al.* (2:22-cv-01649-RMG (D.S.C.)). Plaintiffs in those cases are considering seeking leave of the Court to amend their respective complaints and add FSP as a defendant.

[2] On March 4, 2025, the PEC served a third set of requests for production on FSP that sought information concerning the company's finances. On April 4, 2025, FSP served a set of written objections to those requests, which ultimately prompted negotiations with the PEC about potential supplemental responses to those requests. In fact, on May 22, 2025, one of Mr. Buermann's colleagues indicated that the company planned to provide a written proposal of the materials it agreed to produce in response. *See* Email attached hereto as Exhibit 4. But the PEC never received that proposal from either Mr. Buermann or anyone else at FSP.

1. [FSP] may not proceed in the litigation without legal counsel;

2. Any replacement counsel need not be admitted in the Federal District Court for the District of South Carolina, but must be duly admitted to practice before any United States District Court;

3. [F]ailure to obtain replacement counsel within a reasonable time may result in default or dismissal of claims; and

4. Fire Service has a right to object to the withdrawal within seventeen (17) days of the date this motion was filed and any response to the court must be filed by counsel.

Dkt. Nos. 7481 at 1; 7481-1 at 1, and 7481-2 at 2.

On July 18, 2025, the Court granted Mr. Buermann's motion via a text order. Dkt. No. 7565. Since then, no attorney has entered an appearance for FSP and to the PEC's knowledge the company remains without counsel in these proceedings. More than a reasonable amount of time has passed for FSP to have retained replacement counsel for Mr. Buermann, particularly considering the company's participation in the CMO 32 proceedings and outstanding discovery responses. Hoping to set a meet and confer on those responses, the PEC contacted Mr. Buermann on July 22, 2025, to get more information about his recent withdrawal and whom it should contact about the overdue discovery responses. Mr. Buermann explained that FSP had asked him to withdraw from the case and immediately cease all representation. Mr. Buermann also informed the PEC of his understanding that FSP was undergoing a "wind-down" at the state level and referred any further questions to Ms. Leah McNeill, an attorney at Alston & Bird.

Immediately following that call, the PEC emailed Ms. McNeill to inquire about the status of FSP's overdue discovery responses and when the PEC should expect to receive them. The next day, Ms. McNeill responded that she would speak with FSP about the overdue responses and report back. But despite following up on multiple occasions, the PEC has yet to hear any more from Ms.

McNeill and, as mentioned, neither she nor any other attorney has replaced Mr. Buermann by entering an appearance on behalf of FSP in this MDL.

> B.  *In Recent Months, FSP Has Clandestinely Pursued Dissolution in the State of Georgia Without Notifying the Court or Other Parties in this MDL.*

The PEC discovered that on May 13, 2025, FSP filed a Notice of Intent to Dissolve with the Secretary of State for the State of Georgia. In that notice, FSP identified its registered agent as Ronald Thames—the President and CEO of FSP, whom the PEC deposed in October 2024—and stated that the company's dissolution had been "duly approved by [FSP's] shareholders" a day earlier. Ex. 1 at 2. The notice also certified that "a request for publication of a notice of intent to voluntarily dissolve the corporation [ . . . ] has been forwarded to the official organ of the county of the registered office." *Id.* Finally, the notice was signed by Russell Braden Copeland, an attorney from the same firm (Alston & Bird) as Ms. McNeill. *Id.*

After filing its Notice of Intent to Dissolve, and in accordance with Georgia law, FSP provided notice of its intent to dissolve via publication in the Fayette County News on May 21 and May 28, 2025.[3] The publication notice, which appeared only twice in the Fayette County News, stated:

> **Dissolution of Corporation**
> NOTICE OF INTENT TO VOLUNTARILY DISSOLVE A CORPORATION
>
> Notice is given that a Notice of Intent to Dissolve FIRE SERVICE PLUS, INC., a Georgia corporation, with its registered office at 473 Divided Drive, Peachtree City, Georgia 30269, has been delivered to the Secretary of State for filing in accordance with the Georgia Business Corporation Code. Persons with claims against the corporation are requested to send their claims to the corporation c/o Kathy Norton, FIRE SERVICE PLUS, INC., 473 Divided Drive, Peachtree City, Georgia 30269. Included in any claim should be the following information: name of claimant, address of claimant, amount of claim, basis for the claim and any relevant documentation for the claim. Except for claims that are contingent at the time of

---

[3] Copies of the Notice of Intent to Dissolve filed with the Georgia Secretary of State and the legal notices published in the Fayette County News are attached hereto as Exhibit 1 and Exhibit 2, respectively.

4

the filing of the Notice of Intent to Dissolve or that arise after the filing of the Notice of Intent to Dissolve, a claim against the corporation not otherwise barred will be barred unless a proceeding to enforce the claim is commenced within two years after the publication of this notice.[4]

The PEC's understanding is that the only remaining step to finalize the dissolution of FSP under Georgia law is the filing of Articles of Dissolution with the Secretary of State, though when FSP will make such a filing to finalize its dissolution is unknown. What is known is that despite being a named defendant in more than two thousand cases pending in the MDL, FSP remains without counsel and has been non-responsive to any effort to prosecute this action for the past several months and is in default to outstanding discovery demands served on it in this MDL.

    C.    *FSP's President, CEO, and Registered Agent Appears to Have Multiple Businesses Registered in the State of Georgia at the Same Location with Similar Names*

The possibility exists that FSP's dissolution is a legal maneuver to avoid liability in this MDL. At his deposition in October 2024, FSP's President, CEO, and Registered Agent, Mr. Thames, testified that the company was in "wind-down mode," though he described that as meaning only that "no sales [were] being generated through" FSP and gave no indication of any future plans to dissolve the company under Georgia law.[5] It has been recently discovered that, less than a month after his deposition, however, Mr. Thames filed Certificates of Termination under Georgia law for two entities named Fire Service Plus Housing, LLC, and Fire Service Plus Transport, LLC, both of which identified Ronald Thames as the sole Registered Agent and listed the same business address as FSP.[6] Although the names of these entities alone suggest some connection to FSP, questions about the entities' relationship to FSP and what happened to their

---

[4] In addition to the PDF file attached hereto as Exhibit 2, the publication is also available online at the following URL: https://www.fayette-news.net/legal_notices/legal-notices-printed-may-28-2025/article_efcc85e9-479d-460f-90c8-df38ae1354f5.html (last accessed September 3, 2025).

[5] Excerpts of relevant portions of Mr. Thames' deposition testimony are attached hereto as Exhibit 3.

[6] Copies of the Certificates of Termination are attached hereto as Exhibit 4.

5

respective assets and liabilities once they were terminated remain unanswered. FSP's dual failure to obtain replacement counsel for Mr. Buermann and to respond to discovery or otherwise participate in these MDL proceedings has made obtaining those answers all the more difficult.

## II.     ARGUMENT

This Court has broad discretion to enter a default judgment against FSP based on the undisputed facts that the company fired its counsel and was informed that it cannot appear or proceed in the MDL *pro se*, yet has failed to obtain counsel, respond to discovery, or inform the Court and opposing counsel of key changes to its corporate structure (i.e., dissolution).

> A.     *FSP's Failure to Have Licensed Counsel Appear on its Behalf Is Grounds for Default Judgment.*

In the time since the Court granted Mr. Buermann's motion to withdraw, FSP has improperly been without representation in this MDL. The only acceptable way for a corporation to appear before a federal district court is through retained counsel. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (citation omitted); *see also Fed. Trade Comm'n v. Pukke*, 53 F.4th 80, 106 (4th Cir. 2022) ("It is undeniable that default judgments are warranted against defendants who failed to appear or participate in the proceedings") (internal quotation marks and citations omitted); *Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d 887 (4th Cir. 1998) (unpublished decision) (Circuit court upheld default judgment where District Court ordered defendant to obtain counsel on April 4, 1996, and entered default judgment for failure to defend action on July 8, 1996); *Prime Prop. & Cas. Ins. Co. v. G Uber, LLC*, No. 2:22-914-RMG, 2023 WL 11887382, at *2 (D.S.C. May 9, 2023) (Gergel, J.) (collecting cases) (on January 1, 2023, District Judge granted former counsel's motion to withdraw and on May 9, 2023—after twice cautioning defendant that it was required to be

6

represented by counsel and defendant still failed to obtain counsel—District Court ordered Clerk of Court to enter default judgment); *United States ex rel. Rauch v. Oaktree Med. Ctr., P.C.*, No. 6:15-CV-01589-JD-JDA, 2021 WL 11745347, at *2 (D.S.C. Aug. 24, 2021) (Dawson, J.) (after counsel withdrew on April 6, 2020, and District Judge directed defendant to obtain counsel within 30 days, defendant failed to do so, and District Court ordered Clerk of Court to enter default judgment against defendant on May 21, 2020). FSP's failure to promptly obtain replacement counsel following Mr. Buermann's withdrawal is reason enough on its own to enter a default judgment against the company.

> B.　*FSP's Failure to Respond to the PEC's Discovery Requests Further Justifies Entering a Default Judgment as a Discovery Sanction Under Rule 37.*

If a party fails to obey an order to provide or permit discovery, fails to appear for a deposition, or fails to serve a response after being served with interrogatories or a request for production, the district court may order sanctions, including "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi), (d)(1)(A), (d)(3). This Court has "broad discretion . . . to supervise discovery, including the imposition of sanctions for discovery abuses, as part of [its] case-management authority." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014) (citing *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278–79 (4th Cir. 2005)). *Mey v. Phillips*, 71 F.4th 203, 218 (4th Cir. 2023), recently recognized:

> "When the sanction involved is judgment by default, the district court's 'range of discretion is more narrow' because the district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). To balance those competing interests, district courts must consider the following *Wilson* factors[7] in determining whether to sanction a party with default judgment: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary; (3) the need for

---

[7] Referring to the four factors established by the Fourth Circuit in *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503–04 (4th Cir. 1977) and summarized in *Mutual Federal Savings & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

7

deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Id. Additionally, a party is "entitled to be made aware of th[e] drastic consequence[s] of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid" the sanction. *Choice Hotels Int'l v. Goodwin & Boone*, 11 F.3d 469, 471 (4th Cir. 1993).

While the Fourth Circuit has previously "emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction, an explicit warning is not always necessary." *Id*. (citing *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995). "There are circumstances . . . where the entry of default judgment against a defendant for systemic discovery violations is the natural next step in the litigation, even without an explicit prior warning from the district court." *Id*.

The PEC submits that entry of default judgment against FSP is the natural next step in this MDL litigation and completely warranted under the circumstances. Despite being a named defendant in more than two thousand cases pending in this MDL, FSP has in recent months failed to comply with its discovery obligations—including with respect to critical requests concerning product identification at two of the sites subject to CMO 32—and has otherwise declined to participate in these proceedings. Even more alarming is FSP's decision to start the process of dissolving itself under Georgia law *without telling or providing notice to either the Court or any of the other parties in the MDL*.[8] That the dissolution process itself requires publishing a notice to potential creditors is of little comfort to the PEC considering that FSP chose to publish its notice in a local newspaper unlikely to be seen any plaintiffs in this MDL with pending claims against

---

[8] Under Fed. R. Civ. P. 26(e), parties have an ongoing duty to supplement initial disclosures. A corporate dissolution is a material change that directly impacts the defendant's ability to satisfy a judgment and its ongoing participation in the litigation. This information should have been supplemented to all parties and the Court, regardless of state-law public notice requirements.

8

it—a decision that only amplifies the PEC's concerns about the company's intent in pursuing a dissolution under Georgia law.

> C. At a Minimum, Discovery Sanctions Against FSP Are Warranted Should the Court Decline to Enter a Default Judgment.

Federal Rule of Civil Procedure 37 authorizes imposing sanctions against the defendant and granting relief, such as the orders listed in in Rule 37(b)(2)(A)(i)-(vi), to the plaintiff under circumstances like this. "Rule 37 addresses itself with particularity to the consequences of a failure to make discovery by listing a variety of remedies which a court may employ as well as by authorizing any order which is 'just.'" *Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 207 (1958). Under Rule 37(a), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Under Rule 37(b), a district court may impose sanctions, including dismissal of claims, for a party's failure to comply with the court's discovery orders. Fed. R. Civ. P. 37(b)(2)(A); *see also Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) ("[T]he express terms of Rule 37 permit a trial court to impose sanctions when 'a party fails to obey an order to provide or permit discovery.'" (quoting Fed. R. Civ. P. 37(b)(2))).

Here, a defendant named in a significant number of cases in this MDL has fired its counsel, stopped responding to discovery demands or otherwise participating in these proceedings, and, without notice to any party or the Court, began dissolution proceedings under the laws of its own state. One potential remedy would be for this Court to Order that pursuant to Rule 26(e)(1)(B), FSP supplement its discovery responses with information about its pursuit of dissolution under Georgia law, as well as up-to-date and comprehensive information about its finances and the finances of all of Mr. Thames' other companies. At a minimum, FSP should be compelled to obtain counsel within an expedited timeframe and provide expedited responses to the outstanding

9

discovery requests that Palm Beach and Hialeah served on the company in the CMO 32 proceedings. Considering that the discovery deadline in the CMO 32 proceedings is less than a month away, the PEC specifically requests that FSP be compelled to respond to Palm Beach's and Hialeah's discovery requests within five days of the Court's ruling on this motion; as well as be compelled to produce any witnesses required for deposition under CMO 32, within 10 days of noticing.

### III. CONCLUSION

For the forgoing reasons, the PEC respectfully requests this Court enter default judgment against defendant FSP in all cases in which they appear as a named defendant and without counsel at this time within the MDL. In the alternative, the PEC asks this Court for all meaningful relief it finds appropriate to sanction FSP for its conduct, including but not limited to an order requiring that the company obtain counsel, supplement its financial disclosures, respond to Palm Beach's and Hialeah's outstanding discovery requests—all on an expedited basis—and show cause why further sanctions—including a default judgment—are not appropriate under the circumstances, and grant such other and further relief the Court deems just and appropriate under the circumstances.

Dated: September 3, 2025

Respectfully Submitted,

*s/ Fred Thompson, III*
Fred Thompson III
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
P: (843) 216-9658
fthompson@motleyrice.com
*Plaintiffs' Liaison Counsel*

s/Michael A. London
Michael A. London
Douglas and London PC

10

One State Street, 35th Floor
New York, NY 10004
P: 212-566-7500
mlondon@douglasandlondon.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
P: 214-521-3605
ssummy@baronbudd.com

Joseph F. Rice
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
P: (843) 216-9118
jrice@motleyrice.com

*Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF on this 3rd day of September, 2025 and was thus served electronically upon counsel of record.

*/s/ Fred Thompson, III*
Fred Thompson