IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-02873-RMG<br><br>**This document relates to:**<br><br>*Gaffney Board of Public Works v. AGC Chemicals Americas, Inc. et al, NO. 2:25-cv-10635-RMG*<br><br>*City of Union, South Carolina v/ AGC Chemicals Americas, Inc et al. NO. 2:25-cv-11014* |

**DEFENDANT ISOTHERMAL TEXTILE SERVICES, LLC'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES**

Defendant, Isothermal Textile Services, LLC ("Isothermal"), by and through its undersigned counsel, pursuant to Case Management Order No. 20, hereby responds to the Amended Complaint filed by Plaintiff, Gaffney Board of Public Works ("GBPW") in *Gaffney Board of Public Works v. AGC Chemicals Americas, Inc et al*. Case No. 2:25-cv-10635-RMG, and Plaintiff, City of Union, South Carolina ("Union") in *City of Union, South Carolina v. AGC Chemicals Americas, Inc., et al.*, Case No. 2:25-cv-11014-RMG (each as "Plaintiff"), pending in the instant multi-district litigation, subject to further factual development and identification of additional defenses and would show unto this honorable Court:

**GENERAL DENIAL**

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Isothermal generally and specifically denies each and every allegation set forth in Plaintiff's Amended Complaints, and the whole thereof, and each and every alleged cause of action therein, and Isothermal demands strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required

1

by law. Isothermal further denies that Plaintiff have sufficiently alleged grounds upon which any relief could be granted. Isothermal further denies that Plaintiff have sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, obligation, breach, or omission on the part of Isothermal or anyone acting on its behalf. Isothermal reserves its rights to assert crossclaims and/or third-party claims and to amend or supplement this General Denial and Preliminary Statement of Affirmative Defenses.

## **AFFIRMATIVE DEFENSES**

Isothermal asserts the following affirmative defenses in response to the averments in Plaintiff's Amended Complaint filed in the above related actions:

1. Plaintiff fails to state facts sufficient to constitute a cause of action and upon which relief may be granted against Isothermal.

2. To the extent Plaintiff assert claims of intentional or willful acts against Isothermal, Plaintiff has not made any allegations with sufficient particularity to meet the pleading standards for such claims.

3. Plaintiff has alleged an injury that, as a matter of law, does not support a recovery in tort.

4. Plaintiff's claims may be barred by lack of standing.

5. The Court in which the action was filed, lacks subject matter and personal jurisdiction over Isothermal, and the Amended Complaint should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(1).

6. Plaintiff failed to join all indispensable parties and the Amended Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19(a).

7. Plaintiff's claims for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

8. Plaintiff's claims against Isothermal should be dismissed because Isothermal did not utilize products that contain or degrade into the alleged compounds nor did it discharge, or cause to be discharged, the products or contaminants that caused Plaintiff's alleged damages.

9. Plaintiff's claims are barred to the extent that Isothermals wastewater discharges were altered.

10. Plaintiff's claims are barred, in whole or in part, because Isothermal did not cause or permit PFAS to be discharged into any surface or ground waters of the United States.

11. Plaintiff's claims are barred to the extent Plaintiff cannot demonstrate that its alleged injuries were caused by the presence of PFAS allegedly contained in any products handled, used, disposed of, or discharged of by Isothermal.

12. Plaintiff's alleged damages are barred, in whole or in part, because Isothermal's discharge, if any was too removed, indefinite, de minimus and insufficient to establish a reasonable degree of probability that any such discharge caused any alleged injury, damage, or loss to Plaintiff.

13. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks privity with Isothermal.

14. Plaintiff's claims are barred, in whole or in part, because Isothermal did not owe a legal duty to Plaintiff or, if it owed such a duty, it did not breach and/or fully discharge that duty.

15. Plaintiff's claims are barred to the extent Plaintiff is not the real party in interest and lacks capacity to bring its claims.

16. Plaintiff's claims are barred, in whole or in part, because at all relevant times, Isothermal exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

17. Plaintiff's claims are barred, in whole or in part, because Isothermal acted reasonably and in good faith.

18. Plaintiff's claims for trespass and nuisance are barred, in whole or in part, because any alleged trespass or nuisance by Isothermal was unintentional, unforeseen, a necessity, and/or de minimis and therefore non-compensable.

19. Any damages Plaintiff may have suffered were not reasonably foreseeable by Isothermal at the time of the conduct alleged.

20. Plaintiff's claims are barred, in whole or in part, because Isothermal neither knew, nor should have known, that any of the substances of which Plaintiff complains were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Isothermal at all times relevant to the claims or causes of action asserted by Plaintiff.

21. Plaintiff has not alleged or sustained any actual damages caused by Isothermal or for which Isothermal is liable, or in the alternative, any actual damages that Plaintiff may have incurred are the result of the acts or omissions by individuals or entities other than Isothermal for which Isothermal is not legally responsible.

22. Isothermal cannot be held jointly and severally liable for the acts and omissions of third parties whose acts and omissions were separate and distinct.

23. Plaintiff's claims are barred to the extent the damages alleged in the Amended Complaints were caused in whole or in part by negligence, carelessness, fault, culpable conduct, or want of care attributable to individuals or entities that Isothermal does not control.

24. Plaintiff's damages, if any, were caused by the active, direct, and proximate conduct of entities or persons other than Isothermal, and in the event that Isothermal is found to be liable to Plaintiff, Isothermal will be entitled to indemnification, contribution, and/or apportionment.

25. Plaintiff's claims may be barred, or its damages limited, by doctrines of contributory negligence, comparative negligence, or related doctrines under applicable law.

26. Plaintiff's claims are barred to the extent the damages Plaintiff alleges were proximately caused by others, including by intervening or superseding acts or omissions.

27. Plaintiff's claims are barred by a lack of proximate causation between any alleged act or omission by Isothermal and the harm alleged in the Amended Complaint.

28. Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, unclean hands, and/or laches.

29. Plaintiff's claims may be barred or reduced to the extent Plaintiff failed to exercise reasonable care and diligence to avoid loss and minimize damages.

30. Plaintiff's claims may be barred by the doctrine of assumption of risk, voluntary exposure, open and obvious risk, avoidable consequences, or any other applicable common law or statutory doctrine.

31. Plaintiff's damages are limited to the extent its own negligent conduct contributed to its alleged damages.

32. Plaintiff's claims are barred to the extent Isothermal's alleged conduct was authorized and/or not prohibited by statute, ordinance, or administrative regulation.

33. Plaintiff's claims may be barred to the extent Isothermals' discharges were in conformity with federal, state, or other regulations, standards, guidelines, specifications, and laws in effect at the time of the discharge.

34. Plaintiff's claims are barred to the extent Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time that it occurred.

35. Plaintiff's claims may be barred to the extent Isothermal's discharges were in conformity with the knowledge and research of the scientific and industrial communities, or with generally recognized industry standards, at the time the products at issue were designed, manufactured, handled, sold, distributed, used, or disposed of.

36. Plaintiff's recovery of damages is barred or diminished to the extent Plaintiff has or will receive payment for such damages from collateral sources.

37. Isothermal did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

38. The Amended Complaint fails to state a claim upon which punitive or exemplary damages may be awarded.

39. Plaintiff has failed to adequately plead and/or allege that Isothermal acted with the requisite state of mind to warrant an award of punitive damages.

40. Plaintiff's claims are barred to the extent they seek relief that violates Isothermals' constitutional rights.

41. Plaintiff's claims for punitive and exemplary damages are barred or limited to the extent they violate the due process protections under the United States Constitution, including without limitation the Fifth and Fourteenth Amendments and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and any other applicable provisions of the constitution of any state whose laws apply.

42. Plaintiff's claims are barred to the extent that they are not ripe.

43. Plaintiff's claims are premature to the extent neither the state nor the United States EPA have begun enforcement or compliance evaluations with regard to any future regulatory standards compliance deadlines.

44. Plaintiff's claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which Isothermal cannot be held responsible.

45. To the extent Plaintiff relies on market share or other aggregate proof of causation or liability, Plaintiff's claims violate the Due Process and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and is not available under applicable law.

46. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that PFAS has been reliably established, through scientific means, to be capable of causing the alleged injuries, including in specific relation to alleged amounts, if any, discharged by Isothermal.

47. Plaintiff's claims are barred in whole or in part because Isothermal has acted in compliance with applicable federal and/or state law.

48. Plaintiff's claims are barred to the extent they are preempted by applicable federal law, including by applicable statutes, regulations, or guidance.

49. Isothermal cannot be held responsible for injuries and damages that were due to preexisting conditions.

50. While denying liability, in the event Isothermal is found to have liability, Isothermal affirmatively asserts that it is entitled to offset against any such liability on its part for the greatest of (1) any amounts actually paid by any person or entity heretofore or hereafter for the injuries, costs, damages, and expenses alleged in the Amended Complaints; (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages, and expenses alleged in the Complaints; or (3) the equitable share of the liability of an person or entity that heretofore has received or hereafter receives any release from liability or covenant not to sue with respect to any of the injuries, costs, damages, and expenses alleged in the Amended Complaints.

51. Plaintiff's claims are barred by the free public services doctrine, and/or the municipal cost recovery rule.

52. There is no statutory or common law basis for Plaintiff's request for attorneys' fees or litigation costs.

53. Isothermal is entitled to all the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiff's claims for compensatory and punitive damages.

54. Plaintiff's claims may be barred by the doctrine of election of remedies.

55. Plaintiff's claims may be barred by the applicable statute of limitations.

56. Plaintiff's claims may be barred by the applicable statute of repose.

57. Plaintiff's claims may be barred to the extent that Plaintiff has failed to exhaust its administrative remedies.

58. Isothermal reserves the right to assert any applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) as investigation and discovery proceeds and more information becomes available.

Isothermal does not admit or acknowledge that it bears the burden of proof or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative, and none constitutes an admission that Isothermal is liable to Plaintiff, that Plaintiff has been injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. Isothermal reserves its rights to: (1) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action; (2) rely upon any applicable defenses set forth in any answer of another defendant; (3) rely on any other defense that may become apparent during discovery; and (4) amend or supplement this document to assert any such defenses.

SIGNATURE PAGE TO FOLLOW

This the 19th day of September, 2025.

                                       **JOHNSTON ALLISON & HORD, P.A.**

                                       /s/ *Amy L. Rickers*
Amy L. Rickers, N.C. Bar No.: 53067
J. Nathanial Pierce, S.C. Bar No.: 102803
arickers@jahlaw.com
npierce@jahlaw.com
1065 East Morehead Street
Charlotte, North Carolina 28204
Telephone: (704) 332-1181
Facsimile: (704) 376-1628
*Attorneys for Isothermal Textile Services, LLC*

## PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that, copies of the foregoing **General Denial and Preliminary Statement of Affirmative Defenses** was served on all registered counsel of record electronically via ECF and/ to all other parties by U.S. Mail at the last known address as indicated below, as indicated below, on September 19, 2025.

***2:25-cv-10635-RMG Gaffney Board of Public Works v. AGC Chemicals Americas, Inc. et al***

AGC Chemicals Americas, Inc.
c/o CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

Archroma U.S., Inc.
c/o CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

Arkema, Inc.
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

Carolina Cotton Works, Inc.
c/o Page Bryan Ashby, Jr.
14 Commerce Drive
Gaffney, SC 29340

Clariant Corporation
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

Corteva, Inc.
c/o CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

Daikin America, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Huntsman International, LLC
c/o Corporation Service Company
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

Solvay Specialty Polymers USA, LLC
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

The Chemours Company
c/o CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

Ultimate Textile, Inc.
c/o Anthony Guarriello
1437 Us 221 Hwy South
Rutherfordton, NC 28139

Upstate Anodize, LLC
c/o Jeffrey R. Sperber
2215 Beech Street
Gaffney, SC 29340

***2:25-cv-11014-RMG City of Union, South Carolina v. AGC Chemicals Americas, Inc. et al***

AGC Chemicals Americas, Inc.
c/o CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

Archroma U.S., Inc.
c/o CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

Arkema, Inc.
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

BASF Corporation
c/o CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

Clariant Corporation
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

Corteva, Inc.
c/o CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

Crown Health Care Laundry Services, LLC
c/o CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

Daikin America, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Everest Textile USA, LLC
c/o Po-Wen Tien
1331 W. Main Street
Forest City, NC 28043

Georgia-Pacific Corrugated, LLC
c/o United Agent Group, Inc.
6650 Rivers Avenue
North Charleston, SC 29406

Huntsman International, LLC
c/o Corporation Service Company
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

Milliken & Company
c/o CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

Santolubes Manufacturing, LLC
c/o National Registered Agents, Inc.
2 Office Park Court, Suite 103
Columbia, SC 29223

Santolubes Spartanburg Holdings, LLC
c/o National Registered Agents, Inc.
2 Office Park Court, Suite 103
Columbia, SC 29223

Santolubes, LLC
c/o National Registered Agents, Inc.
2 Office Park Court, Suite 103
Columbia, SC 29223

Solvay Specialty Polymers USA, LLC
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

Solvay USA, LLC
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

Supplyone Rockwell, Inc.
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

| | |
|---|---|
| The Chemours Company<br>c/o CT Corporation System<br>2 Office Park Court, Suite 103<br>Columbia, SC 29223 | Tietex International, Ltd.<br>c/o Cogency Global, Inc.<br>2 Office Park Court, Suite 103<br>Columbia, SC 29223 |
| Ultimate Textile, Inc.<br>Ultimate Textile, Inc.<br>c/o Anthony Guarriello<br>1437 Us 221 Hwy South<br>Rutherfordton, NC 28139 | Upstate Anodize, LLC<br>c/o Jeffrey R. Sperber<br>2215 Beech Street<br>Gaffney, SC 29340 |

JOHNSTON ALLISON & HORD P.A.

BY: */s/ Amy L. Rickers*
Amy L. Rickers (Fed ID No. 53067)
arickers@jahlaw.com
1065 East Morehead Street
Charlotte, NC 28204
Telephone: 704- 332-1181
Facsimile: 704- 376-1628
*Counsel for Isothermal Textile Services, LLC*

Charlotte, NC
September 19, 2025