IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) MDL No. 2:18-mn-2873-RMG )<br>)<br>) This Document Relates to All Cases )<br>) |

## ORDER TO SHOW CAUSE REGARDING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO COMPLY WITH SECOND AMENDED CMO 28

The Court entered Second Amended Case Management Order No. 28 ("CMO 28") [ECF No. 4985], which requires Plaintiffs to dismiss their Unlisted Claims[1] (or their entire case if the Unlisted Claims are the sole claim(s) being pursued) *without* prejudice under defined deadlines. If Plaintiffs did not dismiss their Unlisted Claims or their entire case pursuant to those deadlines, CMO 28 required Plaintiffs asserting Unlisted Claims to tender expert reports and provide complete medical records for the Unlisted Claims within the time period prescribed by CMO 28. Accordingly, CMO 28 mandated that the Unlisted Claims of those Plaintiffs who did not comply with the Court's Order are subject to dismissal *with prejudice* upon motion by Defendants.

On April 14, 2025, Defendants filed motions to dismiss for failure to comply with CMO 28. [ECF Nos. 6980, 6982, 6983, 6984, 6985, 6986 ("CMO 28 Motions to Dismiss")]. On July 21, 2025, after extensive efforts to meet and confer, Defendants filed Amended Motions to Dismiss, withdrawing their motion(s) to dismiss as to certain Plaintiffs. [ECF No. 7581 ("Amended Motions to Dismiss")]. The remaining Plaintiffs subject to Defendants' Amended Motions to Dismiss are

---

[1] Unlisted Claims are any personal injury claim(s) asserted by a plaintiff other than: kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, liver cancer, thyroid cancer, pregnancy induced hypertension, and/or high cholesterol.

1

identified on Exhibits A through F to those motions. [ECF No. 7581]. Defendants' Amended Motions to Dismiss sought full dismissal of 215 cases, dismissal of 158 Plaintiffs who are plaintiffs in multi-plaintiff lawsuits, and the partial dismissal of Unlisted Claims of 1,514 Plaintiffs. *Id*. Over 40 Responses in opposition have been filed, many on behalf of multiple plaintiffs. Because this piecemeal briefing became unmanageable, the Court entered an order on August 27, 2025 [ECF No. 7932] requiring consolidated briefing and vacating the prior motions. Upon further consideration and based on a joint motion submitted by the Plaintiff and Defense Co-Leads, the Court has determined that to efficiently manage the orderly dismissal of cases for failure to comply with CMO 28, an Order to Show Cause Process as set forth herein is necessary.

As set forth in further detail below, the Court hereby modifies its August 27, 2025 Order and vacates Defendants' Amended Motions to Dismiss only as to the parties who filed oppositions to enable the parties to assess the plaintiff-specific issues raised therein.

The Court reminds the parties that CMO 28 expressly provided that a dismissal for failure to comply with CMO 28 would be with prejudice. Accordingly, any Plaintiffs responding to this Order solely based upon an objection and opposition to the dismissal being with prejudice must demonstrate a plaintiff-specific circumstance demonstrating good cause for dismissal without prejudice rather than with prejudice. A plaintiff's general preference and request for a dismissal without prejudice will not suffice to avoid a dismissal with prejudice. Further, Plaintiffs subject to this Order to Show Cause shall not be permitted to unilaterally file notices of voluntary dismissal under Rule 41(a)(1)(A)(i), because Defendants have filed motions to dismiss. Additionally, because the Court has already denied motions seeking to file amended complaints or motions for leave to amend complaints to avoid or otherwise seek to cure any failures to comply with CMO 28, all Plaintiffs and their counsel should take those rulings into account before seeking to advance

arguments the Court has already ruled upon in other cases. *See, e.g.*, ECF No. 7577 and 7931. Moreover, given that the deadlines for submitting medical records and expert reports supporting Claims for Unlisted Injuries under Paragraph 6(c) of CMO 28 have long passed for all of the Plaintiffs subject to this Order to Show Cause, such Plaintiffs shall not be permitted to avoid a dismissal with prejudice by attempting to belatedly satisfy the requirements of Paragraph 6(c) of CMO 28 as to their Claims for Unlisted Injuries. At the same time, to the extent that Plaintiffs have claims for Listed Injuries, such claims should not be extinguished because of inartful or mistaken pleadings, and the Defendants are encouraged to work with such Plaintiffs to cure inartful or mistaken pleadings or responses or procedural errors so that these claims may be decided on the merits.  In so doing, Defendants would not be waiving any defenses to such claims.

**IT IS ORDERED THAT**

A. Within 14 days, Defendants shall file with the Court a submission confirming Defendants have reviewed the Oppositions filed to their CMO 28 Motions to Dismiss, and shall include with that submission:

 1. <u>Exhibit A attachment</u>: a list of all Plaintiffs who did not file an opposition to Defendants' motions to dismiss and whose claims are to be dismissed entirely with prejudice ("Exhibit A Plaintiffs").

 2. <u>Exhibit B attachment</u>: a list of all Plaintiffs who did not file an opposition to Defendants' motions to dismiss and whose Unlisted Claims only are to be dismissed with prejudice ("Exhibit B Plaintiffs").

All Exhibit A and Exhibit B Plaintiffs' claims shall be dismissed with prejudice by this Order as of the date on which Defendants' submission is filed, because these plaintiffs are

in violation of CMO 28 and have defaulted by failing to submit any oppositions to CMO 28 Motions to Dismiss or Amended Motions to Dismiss.

B. The remaining parties to the CMO 28 Motions to Dismiss shall engage in a meet and confer process over the next 28 days.

    a. Defendants shall communicate with Plaintiffs' Counsel who filed Oppositions to the CMO 28 Motions to Dismiss to coordinate a meet and confer over the issues raised in their oppositions. To the extent helpful in explaining their position, Plaintiff's Counsel should provide any supporting materials to Defense Co-Lead Counsel in as concise a manner as possible (5 pages or less if possible) in advance of such meet and confer.

    b. Defense Leadership shall review the Oppositions to the Amended Motions to Dismiss filed by Plaintiffs, as well as any information sent by Plaintiff's Counsel in compliance with sub-paragraph (a) above, and shall engage in good faith meet and confers with Plaintiffs' Counsel. After doing so, Defense Co-Lead Counsel shall carefully consider whether dismissal is still appropriate based upon the allegation of Unlisted Injury in light of each Plaintiff's circumstances and the principles explained in this Order.

    c. Plaintiffs Co Leads may assist in and facilitate meet and confers if necessary or if requested by Defense Co-Leads or the individual Plaintiff's Counsel.

C. Within 35 days of this Order, Defendants shall file with the Court a submission confirming Defendants have conducted a good faith review and meet and confers as directed above, and shall include with that submission:

1. <u>Exhibit C attachment</u>: a list of all Plaintiffs whose claims Defendants submit should be dismissed entirely with prejudice ("Exhibit C Plaintiffs"),

2. <u>Exhibit D attachment</u>: a list of all Plaintiffs that Defendants submit should be subject to partial dismissal only of their asserted Unlisted Claims under CMO 28 ("Exhibit D Plaintiffs").

D. All claims of Exhibit C Plaintiffs are dismissed without prejudice by this Order as of the date on which Exhibit C is filed, and such Plaintiffs are **ORDERED TO SHOW CAUSE,** in accordance with Paragraph F below, within 30 days of the dismissal why such dismissal should not convert to a dismissal with prejudice.

E. Any and all Unlisted Claims asserted by Exhibit D Plaintiffs in their Complaint and/or Plaintiff Fact Sheet (including amendments thereto) are, as of the date on which Exhibit D is filed, (1) severed from all remaining Listed Claims and/or non-personal injury claims, and (2) dismissed without prejudice. Such Plaintiffs are **ORDERED TO SHOW CAUSE,** in accordance with Paragraph F below, within 30 days of the dismissal why such dismissal should not convert to a dismissal with prejudice.

F. Any Plaintiff who opposes the dismissals without prejudice under paragraphs D and/or E, above shall within 21 days of the date of the filing of the Exhibit C and D lists identified above, serve on the Defense and Plaintiff Co-Leads (but not file) a submission of no more than five pages setting forth with specificity all facts and arguments necessary to assess whether this Order should apply and/or whether their Claims subject to this Order should be reinstated (the "Show Cause Submission"). All facts stated in the Show Cause Submission shall be supported by sufficient proof as provided by the Plaintiff's individual counsel and shall take into account the provisions of this Order, including the Court's

5

guidance above as to what does and does not constitute a valid reason to avoid dismissal with prejudice under CMO 28. Within 28 days of the filing of the Exhibit C and D lists, Co-Lead Counsel will file with the Court a list of all Plaintiffs who have served a Show Cause Submission under this paragraph. Following the deadline for submission of the Show Cause Submissions, the Defense and Plaintiff Co-Leads will promptly meet and confer to fashion a procedure to efficiently present any remaining disputes to the Court, including the process by which any Plaintiffs who served their Show Cause Submissions only on the Defense and Plaintiff Co-leads can have their opposition filed and properly before the Court on the docket. To this end, the Co-Leads shall make such proposal to the Court 28 days after the filing of the Exhibit C and D Lists, and the Court shall thereafter Order further proceedings as to such Plaintiffs to permit these filings, if any, on the docket. No Plaintiff shall file an opposition on the docket until the Court issues an Order directing such further proceedings to address opposition to the Exhibit C and D designation and the Show Cause Submissions served. As to any plaintiff who serves a Show Cause Submission on Co-Lead Counsel, the Dismissal of their claim shall *not* convert to a dismissal with prejudice until the Court issues a further Order.

G. As to any dismissed Plaintiffs identified on Exhibit C or D, Plaintiffs' counsel are directed to provide a copy of this Order to the last known address of any plaintiff who is subject to dismissal. Dismissal of any Plaintiffs without prejudice under this Order will convert to a dismissal with prejudice barring further Order of the Court, as set forth above.

H. While Unlisted Claims are subject to the conditions described above and remain subject to CMO 28, nothing in this Order—including any partial dismissal of Unlisted Claims only—precludes a Plaintiff from seeking damages in any existing case in this MDL for any

secondary injury, sequela, symptom or other form of damage directly related to one of the Listed Claims (i.e. kidney cancer, testicular cancer, liver cancer, thyroid cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension or high cholesterol), even if those secondary injuries, sequelae, symptoms or other forms of damage are dismissed as an independent claim according to the processes described above.

I. For any future dismissals sought by Defendants pursuant to CMO 28:

   a. Defendants shall contact Plaintiff's counsel (or *pro se* plaintiff) before filing a motion in an attempt to meet and confer on the allegedly deficient CMO 28 issue(s), and avoid the need for unnecessary motion practice. Defendants shall provide those Plaintiff(s)' counsel (or *pro se* plaintiff) with a copy of this Order to Show Cause as well as CMO 28 as part of that process. Plaintiffs identified by Defendants in such correspondence as having failed to comply with CMO 28 shall not be permitted to unilaterally file notices of voluntary dismissals under Rule 41(a)(1)(A)(i).

   b. After at least seven days have passed since such notice, Defendants may serve on the Court a letter with accompanying exhibits as directed in ¶ B above, and the Court will consider issuing an Order to Show Cause substantially similar to this Order as to each Plaintiff named in Defendants' future submissions.

**AND IT IS SO ORDERED**

                                                            s/Richard Mark Gergel
                                                            Judge Richard Mark Gergel

September 19, 2025
Charleston, South Carolina