IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No: 2:18-mn-2873-RMG<br><br>JUDGE RICHARD M. GERGEL<br><br>This Document Relates to:<br>All Cases |

**SUPPLEMENT TO THE PEC'S MOTION FOR DEFAULT JUDGMENT AND SANCTIONS AGAINST DEFENDANT FIRE SERVICE PLUS, INC. (DKT NO. 7961)**

The Plaintiffs' Executive Committee ("PEC") supplements its motion for expedited relief and decision on the Motion for Default Judgment and Sanctions against Fire Service Plus, Inc. ("FSP") (the "Expedited Motion") (Dkt. No. 7961). Pursuant to this Court's Local Rules, as no opposition to the Expedited Motion has been timely filed by FSP, this Court should immediately "decide the matter on the record and such oral argument as the movant may be permitted to offer, if any." Loc. Civ. R. 7.06 D.S.C. The time has come to enter a default judgment against FSP in all cases.[1]

**I.    LOCAL CIVIL RULE 7.06 AUTHORIZES DECISION ON THE RECORD WHEN NO OPPOSITION IS FILED WITHIN FOURTEEN DAYS**

On Wednesday, September 3, 2025, the PEC filed its Expedited Motion seeking a default judgment against FSP using the CM/ECF. Dkt. No. 7961. Default judgment against FSP was justified as FSP had fired its counsel and sole legal representation and is no longer participating in

---

[1] To be clear, the opposition deadline for FSP was Thursday, September 18, 2025. The PEC was prepared to file this motion a week ago, but instead of running to the Court the second the countdown timer ran out, the PEC in good faith waited an additional seven days to see if any opposition could be forthcoming. The sound of silence speaks for itself, and the PEC now seeks this relief.

1

the MDL. Despite its own former counsel specifically advising FSP that failure to obtain substitute counsel could result in consequences up to and including default judgment, to date, no attorney has filed a Notice of Appearance on behalf of FSP. To be sure service of the Expedited Motion upon FSP was accomplished, the PEC had paper copies of the motion and all attachments served on both Ronald E. Thames, the owner and registered agent of FSP at his registered business address and on Ms. Leah McNeill, an attorney at Alston & Bird known to have represented FSP.[2] Federal Express tracking numbers confirm that both recipients signed for and were physically served with the Expedited Motion on September 4, 2025.

> As this Court has previously recognized,
>
> > Pursuant to Local Civil Rule 7.06, "[i]f no memorandum in opposition is filed within fourteen (14) days of the date of service, the Court will decide the matter on the record and such oral argument as the movant may be permitted to offer, if any." Local Civil Rule 7.06 D.S.C. Thus, the Court will rely on the record before it. [ . . . ] Courts are given broad discretion in managing an MDL docket with thousands of cases. *See*, *e.g.*, *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). Because MDLs were created by Congress to encourage efficiency, "MDL courts must be able to establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." *Id*. (internal quotations omitted). Thus, MDL courts have "greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders." *Id*.

*In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 2:14-CV-0826, 2015 WL 12844751, at *1 (D.S.C. Aug. 14, 2015) (Gergel, J.). The PEC believes that the Court should exercise its discretion to grant the Expedited Motion for FSP's failure to comply with the basic requirement of maintaining representation.

As previously noted, time is a considerable factor in this litigation, and failure to act meaningfully and decisively at this time has the potential to set off a chain reaction of delay within

---

[2] *See* Expedited Motion at 3.

the MDL. FSP is a named defendant in at least two CMO 32 cases, and discovery is set to close for those cases in less than one week. It could adversely impact the timing of CMO 32 and all its deadlines if the issue regarding FSP has not reached a resolution by October 1, 2025. The PEC believes that the appropriate resolution would be for this Court to immediately enter an Order of Default Judgment against FSP.

II. **FSP'S FAILURE TO OPPOSE DKT. NO. 7961 CONSTITUTES WILLFUL, PERSISTENT, AND ONGOING NON-COMPLIANCE WORTHY OF DEFAULT JUDGMENT.**

Between FSP's failure to obtain counsel, its clandestine acts undertaken to administratively dissolve FSP, its ongoing refusal to engage in the discovery process, and its abject failure to respond to or even acknowledge the PEC's Expedited Motion, the circumstances are more than ripe enough for this Court to consider the motion as unopposed, take appropriate action, and grant the requested relief, specifically an Order of Default Judgment. Once a clerk enters default judgment, only a showing of "good cause," or if the judgment is final, a showing of "mistake, inadvertence, surprise, or excusable neglect," would entitle FSP to relief. Fed. R. Civ. P. 55(c), 60(b). The Fourth Circuit has long been clear that when a party seeks such relief from a default, it must show not only that it had "a meritorious defense, but also that [it] had an acceptable excuse for lapsing into default." *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (citation omitted). In *Park Corp.*, the Fourth Circuit eventually upheld the default judgment after finding that the party "failed to offer an acceptable excuse, or any excuse at all" for its failures.

In its Expedited Motion, the PEC detailed multiple failures of FSP that warrant the entry of default judgment against it. FSP failed to even acknowledge the motion despite confirmed service of said motion upon FSP's principal officer. FSP's failure to respond to the Expedited Motion goes beyond mere negligence and is far outside the realm of any acceptable excuse. Its

3

repeated inactions demonstrate a deliberate refusal by FSP to meet its most basic obligations as a litigant.

This Court previously recognized, "Generally speaking, the entry of default and default judgment is disfavored because it prevents a plaintiff's claims from being decided on the merits. However, default judgment is available **when the adversary process has been halted** because of an **essentially unresponsive party**." *Harbor Nat'l Bank v. Sea Duced*, No. 2:10-CV-02710-RMG, 2011 WL 13593336, at *2 (D.S.C. June 20, 2011) (Gergel, J.) (internal citations and omitted) (emphasis added).

FSP's failures are not excusable neglect. FSP's failure to secure counsel since July 2025, its failure to respond to discovery, and now its failure to oppose a motion for default judgment, collectively demonstrate a willful and persistent pattern of disregard for the law and this Court. By failing to oppose in a manner and period that is consistent with the Federal and Local Rules, this Court should consider the Expedited Motion as unopposed. FSP has waived any right to contest that the severe sanction of default judgment sought. To allow any further delay would be to condone and reward an unresponsive party and its ongoing, willful indifference, thereby prejudicing Plaintiffs and undermining the judicial process.

[THIS SPACE INTENTIONALLY LEFT BLANK]

### III.    CONCLUSION

For the forgoing reasons, as well as all the reasons outlined in its Expedited Motion, the PEC respectfully requests this Court to immediately rule that FSP's willful and persistent non-compliance and failure to oppose constitutes a concession that the requested relief is appropriate, and order the Clerk to enter an Order of Default Judgment against defendant FSP in all cases in which it appears in the MDL as a named defendant and/or grant such other and further relief the Court deems just and appropriate under the circumstances.

Dated:  September 26, 2025                    Respectfully submitted,

/s/ Fred Thompson, III
Fred Thompson III
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
P: (843) 216-9658
fthompson@motleyrice.com
*Plaintiffs' Liaison Counsel*
Michael London
Douglas and London PC
One State Street – 35th Floor
New York, NY 10004
P: (212)-566-7500
mlondon@douglasandlondon.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
P: (214)-521-3605
ssummy@baronbudd.com

Joseph F. Rice
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
P: (843) 216-9000
jrice@motleyrice.com

*Co-lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF on this 26th day of September, 2025 and was thus served electronically upon counsel of record.

I also certify that the below parties were served via Federal Express on September 26, 2025:

>Fire Service Plus, Inc.
>c/o Ronald E. Thames
>473 Dividend Drive
>Peachtree City, GA 30269-1940
>
>Leah Fiorenza McNeill
>Partner, ALSTON & BIRD
>1201 West Peachtree Street
>Atlanta, GA 30309-3449

>*/s/ Fred Thompson, III*
>Fred Thompson