THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL NO. 2:18-mn-2873-RMG <br><br> This Document Relates To: <br><br> *City of Clinton, South Carolina v. AGC Chemicals Americas Inc et al.*, No. 2:25-cv-09486-RMG <br><br> And all cases filed hereafter |

**DEFENDANT CARAUSTAR MILL GROUP, INC.'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES**

Defendant Caraustar Mill Group, Inc. ("Caraustar Mill Group"), by and through undersigned counsel, and pursuant to Case Management Order No. 20, hereby responds to the Second Amended Complaint in the above related case, *City of Clinton, South Carolina v. AGC Chemicals Americas Inc et al.*, No. 2:25-cv-09486-RMG, and to any and all Complaints filed by any and all Plaintiffs and pending in the MDL in which Caraustar Mill Group has been named as a defendant and to any other Complaint filed by any other Plaintiff against Caraustar Mill Group that becomes subject to the administration of this MDL (hereinafter all such complaints or amended complaints filed against Caraustar Mill Group are referred to collectively as "Complaint" or "Complaints" and the plaintiffs in those Complaints are referred to collectively as "Plaintiffs"), as follows:

**GENERAL DENIAL**

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Caraustar Mill Group denies each and every allegation set forth in Plaintiffs' Complaints, the Complaints as a whole, and each and every cause of action alleged in the Complaints. Caraustar Mill Group demands strict proof of those

1

causes of action by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Caraustar Mill Group also denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted; denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all; and denies that Plaintiffs are entitled to relief of any type, by reason of any act, breach, or omission on the part of Caraustar Mill Group or anyone acting on its behalf.

## **AFFIRMATIVE DEFENSES**

Caraustar Mill Group asserts the following affirmative defenses in response to the allegations in each of Plaintiffs' Complaint, or Complaints filed or consolidated in the above-captioned action:

1. The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Caraustar Mill Group.

2. Plaintiffs' claims are barred or limited for lack of standing.

3. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

4. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

5. The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

6. Plaintiffs' Complaints should be dismissed against Caraustar Mill Group because Caraustar Mill Group did not design, market, sell, advertise, distribute, or use PFAS, and is not the successor to any corporation that may have designed, marketed, sold, advertised, or distributed any PFAS.

7. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

8. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiffs are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae*.

9. Plaintiffs' claims are not ripe and/or have been mooted.

10. Plaintiffs' claims are premised on alleged conduct that is wholly past and is not likely to be repeated.

11. Plaintiffs' claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

12. Plaintiffs' claims may be barred by the doctrine of unclean hands from all forms or relief sought in the Complaint.

13. Plaintiffs' claims may be barred by the doctrines of estoppel, quasi-estoppel and/or waiver from all forms of relief sought in the Complaint.

14. Plaintiffs' Complaint is barred by and/or the relief requested is unavailable under the doctrines of consent, ratification, unjust enrichment, failure to mitigate damages, release, assumption of the risk, balancing of relative hardships and other equitable doctrines.

15. Plaintiffs' claims may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

16. Plaintiffs' claims are barred, in whole or in part, because Caraustar Mill Group did not owe a legal duty to Plaintiffs, or if it owed such a duty, did not breach and/or fully discharged that duty.

17. Plaintiffs' claims are barred in whole or in part because Plaintiffs had prior knowledge of the harms alleged, if any, and assumed the risk.

18. Plaintiffs' claims against Caraustar Mill Group are barred, in whole or in part, because any damages Plaintiffs may have suffered were not reasonably foreseeable to Caraustar Mill Group at the time of the conduct alleged.

19. Any injuries and/or damages sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Caraustar Mill Group had no control or right of control and for whom Caraustar Mill Group is not responsible.

20. Plaintiffs failed to join one or more indispensable parties.

21. Caraustar Mill Group denies, to the extent the actions alleged may have occurred, that any entity or person engaging in the activities alleged was acting as the agent or servant of Caraustar Mill Group, or at the instruction or subject to the control of Caraustar Mill Group with regard to any of the actions described in the Complaint. Accordingly, Caraustar Mill Group is not liable for any acts or omissions of such third parties as a matter of law.

22. Any injuries and/or damages sustained by Plaintiffs, which Caraustar Mill Group denies, are barred by the doctrines of intervening cause and/or superseding cause.

23. The damages sought by Plaintiffs are too speculative or remote.

24. Plaintiffs' claims against Caraustar Mill Group are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which Caraustar Mill Group cannot be held responsible.

25. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

26. Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

27. Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

28. Plaintiffs cannot recover against Caraustar Mill Group, because they had the last clear chance to avoid their alleged injuries and damages.

29. Plaintiffs' recovery is reduced or precluded by the doctrines of offset, setoff, and/or recoupment. Caraustar Mill Group is entitled to a set-off or credit in the amount of any settlement or compromise reached by Plaintiffs with any other person or entity for any of Plaintiffs' alleged damages.

30. Plaintiffs' claims are or may be barred, in whole or in part, because Caraustar Mill Group used proper methods in its operations in conformity with (i) federal and state regulations, standards specifications, and laws in effect; (ii) available knowledge and research of scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and/or (iv) the state of the art in existence at the time the design was prepared and the operations conducted.

31. Plaintiffs' claims are or may be barred, in whole or in part, because any alleged levels of contamination in any alleged Caraustar Mill Group discharge did not exceed any applicable laws or binding regulatory standards at the relevant times and any alleged levels of PFAS contamination at Plaintiffs' locations did not exceed any applicable laws or binding regulatory standards at the relevant times.

32. To the extent any levels of PFAS contamination in water drawn, used, or distributed by Plaintiffs exceeded any applicable laws or binding regulatory standards, no Caraustar Mill Group act or omission proximately caused such exceedance.

33. Plaintiffs' claims are barred because the injuries allegedly sustained by Plaintiffs, if any, are too removed, indefinite, *de minimis* in nature, and have not created any danger to the environment, public health and safety, or human welfare.

34. Plaintiffs' claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, licensed, permitted or were aware of and acquiesced in actions by Caraustar Mill Group that are the subject of Plaintiffs' claims. Caraustar Mill Group is not responsible or liable for any acts or omission undertaken by or at the direction of any governmental authority or agency.

35. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

36. Plaintiffs' claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, the Clean Water Act, 33 U.S.C. § 1365 *et seq.* and/or to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

37. Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Caraustar Mill Group, and in the

event that Caraustar Mill Group is found to be liable to Plaintiffs, Caraustar Mill Group will be entitled to indemnification, contribution, and/or apportionment.

38. Caraustar Mill Group asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its right to a proportionate reduction or elimination of any damages found against Caraustar Mill Group based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

39. Caraustar Mill Group cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of Caraustar Mill Group.

40. Plaintiffs' claims against Caraustar Mill Group are barred or limited by the economic loss rule.

41. Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures, which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

42. Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

43. Plaintiffs' claims are or may be barred in whole or in part under the free public services doctrine or municipal cost recovery rule.

44. Plaintiffs' claims are barred, in whole or in part, based on a lack of causation. Caraustar Mill Group did not cause the alleged injury described by Plaintiffs in the Complaint.

45.    Plaintiffs' claims are or may be barred for lack of proximate causation between any alleged act or omission of Caraustar Mill Group and their claims, damages, and harm alleged in the Plaintiffs' Complaint.

46.    Plaintiffs' trespass claims are barred because there was no physical invasion of Plaintiffs' property.

47.    Plaintiffs' claims for trespass or nuisance are or may be barred in whole or in part because any alleged trespass or nuisance was unintentional, unforeseen, a necessity, and/or *de minimis* and therefore non-compensable.

48.    Plaintiffs' claims for nuisance are or may be barred in whole or in part because Plaintiffs have not suffered an injury, if any, that is separate and distinct from the general public.

49.    Plaintiffs' claims are or may be barred in whole or in part due to a lack of privity between the Plaintiffs and Caraustar Mill Group.

50.    During the Caraustar Mill Group activities alleged by Plaintiffs in their Complaints, Caraustar Mill Group was operating in compliance within all applicable industry and government standards, regulations, and permits; consistent with industry custom and the applicable standard of care; and/or were reasonable as a matter of law.

51.    Plaintiffs are not entitled to attorneys' fees under South Carolina law.  In any event, Plaintiffs' claims for attorneys' fees and costs of litigation should be barred because a bona fide controversy exists between Plaintiffs and Caraustar Mill Group, and Caraustar Mill Group has at no time been stubbornly litigious, acted in bad faith, or caused Plaintiffs undue trouble or expense.

52.    Although Caraustar Mill Group denies Plaintiffs are entitled to punitive damages, Caraustar Mill Group affirmatively pleads that Plaintiffs' claims for punitive or exemplary damages are or may be barred or limited to the extent they violate Caraustar Mill Group's due

process and other constitutional rights under the U.S. Constitution, the South Carolina Constitution, any other applicable state constitution(s), and any other applicable federal and state law.

53. Caraustar Mill Group is entitled to all caps and limitations provided by applicable state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

54. Caraustar Mill Group may not be found liable for punitive damages where the conditions that form the basis of Plaintiffs' claims are, and have been, the subject of state and/or federal regulatory oversight or action, and where there has been substantial compliance with the findings, orders, and directives of the responsible state and/or federal regulatory agency.

55. Caraustar Mill Group affirmatively pleads that any claim for punitive damages must comply with the South Carolina Noneconomic Damages Awards Act of 2005, S.C. Code Ann. § 15-32-200, *et seq.*, including, but not limited to, the punitive damages recovery limits imposed by S.C. Code Ann. § 15-32-530.

56. Plaintiffs' claims for special damages are not stated with sufficient specificity and therefore should be dismissed.

57. Any injuries allegedly sustained by Plaintiffs, if any, would be adequately compensated by an award of damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable or injunctive relief.

58. Plaintiffs failed to plead the applicable elements to their stated causes of action. Therefore, their Complaint must be dismissed.

59. Plaintiffs failed to plead facts sufficient to state a claim to relief that is plausible on its face, as required by *Bell Atlanta Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Therefore, their Complaint must be dismissed.

60. Caraustar Mill Group reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

61. Caraustar Mill Group adopts by reference any additional applicable defense pled by any other defendants not otherwise pleaded herein.

62. Caraustar Mill Group adopts by reference any additional applicable defense asserted by other defendants prior to transfer in any case transferred to this MDL.

## **RESERVATION OF RIGHTS**

Caraustar Mill Group does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative, and none constitutes an admission that Caraustar Mill Group is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Caraustar Mill Group reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert such defenses.

Caraustar Mill Group does not waive and expressly reserves its right to separately and fully answer Plaintiffs' Complaints, file any motion, counterclaim, cross-claims and/or third party claims, or otherwise respond to Plaintiffs' Complaints in accordance with any Order set by this Court, or another Court in the event any of these cases are remanded.

Respectfully submitted this 29th day of September, 2025.

        KAZMAREK MOWREY CLOUD LASETER LLP

        /s/ *David M. Meezan*
        David M. Meezan, Esq. (GA Bar No. 500882)
        1200 Peachtree Street, N.E.
        Suite 600
        Atlanta, GA 30309
        T: (404) 969-0733
        F: (404) 812-0845
        dmeezan@kmcllaw.com

        ROBINSON GRAY STEPP & LAFFITTE, LLC
        J. Calhoun Watson, Esq. (Fed. I.D. No. 4794)
        Sarah C. Frierson, Esq. (Fed. I.D. No. 13825)
        2151 Pickens Street, Suite 500
        Post Office Box 11449
        Columbia, SC 29211
        T: (803) 929-1400
        F: (803) 929-0300
        cwatson@robinsongray.com
        sfrierson@robinsongray.com

        *Counsel for Defendant Caraustar Mill Group, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 29, 2025 a copy of the foregoing General Denial and Preliminary Statement of Affirmative Defenses was filed electronically using the Court's Case Management/Electronic Case Filings System (CM/ECF). Notice of and access to this filing will be provided to all parties through CM/ECF.

*/s/ David M. Meezan*
David M. Meezan