**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION**, | ) <br> ) MDL NO: 2:18-mn-2873-RMG <br> ) <br> ) This Document Relates to: <br> ) <br> ) ***City of Clinton v. AGC Chemicals Americas, Inc., et al.,*** <br> ) <br> ) **2:25-cv-09486-RMG** <br> ) <br> ) And all cases filed hereafter <br> ) |

**GENERAL DENIAL AND STATEMENT OF AFFIRMATIVE DEFENSES OF DEFENDANT HUNTSMAN INTERNATIONAL, LLC**

Defendant, Huntsman International, LLC ("Huntsman" or "Defendant"), by and through its undersigned counsel, hereby submits this general denial and these affirmative defenses in response to the Complaint filed in the above-referenced action, and to any other Complaints filed and properly served by any other Plaintiffs against Huntsman that become subject to the administration of this MDL (collectively, "Plaintiffs").

**GENERAL DENIAL**

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Huntsman denies each and every allegation set forth in Plaintiffs' Complaints, and the whole thereof, and each and every alleged cause of action therein, and Huntsman demands strict proof of the same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Huntsman further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. Huntsman further denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any alleged act, breach, or omission on the

part of Huntsman or anyone acting on its behalf. Huntsman reserves its rights to assert counterclaims, cross-claims, and/or third-party claims, and Huntsman does not waive its ability to answer or otherwise respond separately and fully to each Complaint in accordance with the Federal Rules of Civil Procedure and any scheduling order to be entered by the Court.

## **AFFIRMATIVE DEFENSES**

1.      The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Huntsman.

2.      The Court in which the action was filed, or that Plaintiffs have designated as the "Home Venue," lacks subject matter and personal jurisdiction over Huntsman, and the Complaint should therefore be dismissed under Rule 12(b)(1) and Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3.      Plaintiffs' claims are barred or limited for lack of standing.

4.      The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

5.      The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

6.      The Complaint, and each cause of action or count alleged therein, fails to join all necessary and indispensable parties.

7.      The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Huntsman is entitled to immunity from suit under the government contractor defense. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 513–14 (1988).

8.      The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

9.    The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiffs are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae*.

10.    Plaintiffs' claims are not ripe, justiciable, and/or have been mooted.

11.    Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to exhaust administrative remedies.

12.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

13.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

14.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

15.    Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

16.    Plaintiffs' claims are barred in whole or in part because any injuries and/or damages alleged to have been sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Huntsman had no control or right of control and for whom Huntsman is not responsible.

17.    Any injuries and/or damages alleged to have been sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

18.    Plaintiffs' claims are barred, in whole or in part, to the extent that Huntsman's products were unforeseeably misused or altered.

3

19.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of election of remedies.

20.    Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

21.    Plaintiffs' claims are barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

22.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to specifically allege any specific facility that is or was owned or operated by Huntsman that caused or contributed to the alleged per- and polyfluoroalkyl substances ("PFAS") presence in Plaintiffs' source water supply, property, or other similar allegations.

23.    Plaintiffs' claims against Huntsman are barred, in whole or in part, because Plaintiffs failed to specifically allege the pathway for PFAS allegedly originating from Huntsman's alleged operations to enter Plaintiffs' source water supply or other property.

24.    Plaintiffs' claims are barred, in whole or in part, because Huntsman used proper methods in designing, testing, and manufacturing its products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art practices in existence at the time the design was prepared and the products were manufactured and tested.

25.     Plaintiffs' claims are barred, in whole or in part, because any alleged levels of alleged contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

26.     Plaintiffs' claims are barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Huntsman that are the subject of Plaintiffs' claims. Huntsman is not responsible or liable for any acts or omissions undertaken by, or at the direction of, any governmental authority or agency.

27.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction.

28.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9613(h).

29.     Plaintiffs' claims against Huntsman are barred, in whole or in part, because Defendant did not control any alleged nuisance and Defendant is not liable for maintenance of a nuisance caused by another person.

30.     Plaintiffs' claims are barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

31.     Plaintiffs' warranty claims, if any, are barred, in whole or in part, because Plaintiffs lack the requisite privity of contract or relationship with Huntsman, and Plaintiffs did not provide Huntsman reasonable notice of any alleged breach.

32.     Plaintiffs' warranty claims, if any, are barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

33.     Plaintiffs' strict liability claims, if any, are barred to the extent strict liability is not (or was not during the applicable time period) recognized as a cause of action under applicable law.

34.     Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Huntsman, and in the event that Huntsman is found to be liable to Plaintiffs (which Huntsman denies), Huntsman will be entitled to indemnification, equitable indemnification, contribution, and/or apportionment.

35.     Huntsman asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its rights to a proportionate reduction of any damages found against Huntsman based on the negligence and/or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

36.     Plaintiffs' claims based on market share theories of liability fail and should be dismissed to the extent that market share liability is not available under the applicable law and/or because Huntsman's products and sales do not qualify for market share liability.

37.     To the extent Plaintiffs' alleged injuries occurred during the scope and course of their employment, Plaintiffs' exclusive remedy and right to recovery in this matter is under the applicable state or federal workers' compensation laws.

38.     There are no allegations against Huntsman stated with sufficient particularity to constitute a cause of action for fraud, fraudulent misrepresentation, concealment, intentional or willful acts or the like, which would meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure, and any such claims asserted should be dismissed.

39.     Plaintiffs' claims against Huntsman are barred or limited by the economic loss rule.

40.     Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages.  Therefore, Plaintiffs may not recover for losses that could have been prevented by reasonable efforts on their part or by expenditures which might reasonably have been made.  Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

41.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, and/or release.

42.     Plaintiffs' claims against Huntsman are barred, in whole or in part, under the firefighter/fireman's rule and/or public duty doctrine.

43.     Plaintiffs' claims are barred, in whole or in part, under the free public services doctrine or municipal cost recovery rule.

44.     To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

45.     Plaintiffs' claims are barred, in whole or in part, because Huntsman did not owe a legal duty to Plaintiffs, or if it owed such a duty, it did not breach and/or fully discharged that duty.

46.     Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, Huntsman exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

47.     Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Huntsman proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

48.     Plaintiffs' claims against Huntsman are barred, in whole or in part, because Plaintiffs' purported exposure to products and/or substances allegedly attributable to Huntsman, if any, is too removed, *de minimis*, indefinite, and/or insufficient to establish to a reasonable degree of probability that Huntsman's conduct caused any alleged injury, damage, or loss to Plaintiffs.

49.     Plaintiffs' claims are barred, in whole or in part, because there was not an alternative feasible design for the products at issue.

50.     Plaintiffs' claims are barred, in whole or in part, due to a lack of privity between Plaintiffs and Huntsman.

51.     Plaintiffs' failure to warn claims against Huntsman, if any, are barred because Huntsman had no duty to warn and did not breach any duty to warn Plaintiffs.  In addition, Huntsman's alleged failure to warn, which is denied, was not the proximate cause of Plaintiffs' alleged injuries or damages.

52.     Huntsman affirmatively alleges its instructions and warnings provided with its products were adequate in their content and provided appropriate information as to the proper way to handle and work with and around such products.  Notwithstanding these instructions and warnings, persons or entities other than Huntsman may have used or handled these products in a manner contrary to the express and adequate instructions and warnings, and this misuse or failure to heed warnings and following instructions bars any recovery by Plaintiffs.

53.     Plaintiffs' claims for alleged injuries and damages are barred, in whole or in part, because the claims are speculative, uncertain, and conjectural.

8

54. Plaintiffs' claims are barred, in whole or in part, under the doctrines of contributory negligence, comparative negligence, and/or related doctrines available under applicable law.

55. Huntsman denies any liability, but in the event Huntsman is found to have any liability to Plaintiffs, Huntsman is entitled to an offset against any such liability on its part for the greatest of: (i) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages, and expenses alleged in the Complaints; (ii) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages, and expenses alleged in the Complaints; or (iii) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages, and expenses alleged in the Complaints.

56. Huntsman cannot be held jointly and/or severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct, and the alleged harm is divisible from, and greater than, any harm allegedly caused by acts or omissions of Huntsman.

57. Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any product(s) manufactured or sold by Huntsman.

58. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by exposure to PFAS or from any product(s) attributable to Huntsman.

59. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that PFAS, or any other exposure alleged by Plaintiffs, has been reliably established, through scientific means, to be capable of causing their alleged injuries.

60.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that they were exposed to a sufficient concentration or amount of PFAS, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing their alleged injuries.

61.     Plaintiffs' claims are barred, in whole or in part, because Huntsman acted reasonably and in good faith.

62.     Any damages Plaintiffs may have suffered were not reasonably foreseeable by Huntsman at the time of the conduct alleged.

63.     Plaintiffs' claims are barred, in whole or in part, because Huntsman neither knew, nor should have known, that any of the substances to which Plaintiffs were allegedly exposed were allegedly hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Huntsman at all times relevant to the claims or causes of action asserted by Plaintiffs.

64.     Huntsman is entitled to all the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

65.     The Complaint fails to state a claim upon which punitive or exemplary damages may be awarded.

66.     Huntsman did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

67.     Plaintiffs have failed to adequately plead and/or allege that Huntsman acted with the requisite state of mind to warrant an award of punitive damages.

68. Huntsman has complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the Complaints, and, therefore, to the extent that consideration is given to Plaintiffs' claims, punitive damages are unwarranted in law and fact.

69. Punitive damages are not available because all conduct and activities of Huntsman related to matters alleged in the Complaints conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

70. Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute or are unconstitutional insofar as they violate the due process protections afforded by the Unites States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments, the Excessive Fines Clause, the Full Faith and Credit Clause, and any other applicable provisions of the Unites States Constitution or of any other state whose laws may apply.

71. Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which Huntsman cannot be held responsible.

72. Some or all the claims in some or all the cases may be governed by arbitration clauses and may be subject to arbitration.

73. To the maximum extent allowed by applicable law, Huntsman is entitled to recover its costs and attorneys' fees incurred in defending Plaintiffs' claims.

74. Huntsman reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceed. Huntsman does not

admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses.  All of the preceding defenses are pled in the alternative and none constitutes an admission that Huntsman is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.  Huntsman reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

## DENIAL OF CROSS-CLAIMS AND THIRD-PARTY CLAIMS

To the extent cross-claims or third-party claims have been or may be filed against Huntsman, Huntsman further denies the allegations of any and all cross-claims and third-party claims that may be asserted against it by any other party.

Respectfully submitted,

/s/ Peter A. Farrell

Peter A. Farrell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
peter.farrell@kirkland.com

ATTORNEY FOR DEFENDANT HUNTSMAN INTERNATIONAL, LLC

12

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was filed using the Court's CM/ECF system which will automatically send notice of the same to all registered counsel of record.

This the 29th day of September, 2025:

/s/ *Peter A. Farrell*

Peter A. Farrell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
peter.farrell@kirkland.com

*ATTORNEY FOR DEFENDANT HUNTSMAN INTERNATIONAL, LLC*