**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAM PRODUCTS LIABILITY LITIGATION | MDL Lead Case No. <u>2873</u><br><br>This filing relates to Case No.<br><u>2:25-cv-10305-RMG</u><br><br>*South Carolina Public Service Authority, a/k/a Santee Cooper, an agency of the State of South Carolina v. AGC Chemicals Americas, Inc., et al.* |

**<u>STANDARD TEXTILE CAROLINA, INC.'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES</u>**

Pursuant to Case Management Order No. 20, Defendant Standard Textile Carolina, Inc. ("Standard Textile"), by and through its undersigned counsel, hereby sets forth its General Denial and Preliminary Statement of Affirmative Defenses to the First Amended Complaint ("Complaint") filed by South Carolina Public Service Authority, a/k/a Santee Cooper, an agency of the State of South Carolina ("Plaintiff") in the above-named pending Multi-District Litigation ("MDL"), and to any other Complaint that may be filed against Standard Textile in this MDL.

**GENERAL DENIAL**

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Standard Textile denies generally and specifically each and every allegation set forth in the Complaint, and each and every alleged cause of action therein, and Standard Textile demands strict proof of the same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Any allegations not specifically admitted are hereby denied. Standard Textile further denies that Plaintiff has sufficiently alleged grounds upon which any relief could be granted. Standard Textile further denies that Plaintiff has sustained damages in any sums alleged, or any sums at all, or is entitled to relief of any type, by reason of any act, breach, or omission on the part of Standard Textile or anyone acting on its behalf. Standard Textile reserves its rights to assert cross-claims and/or third-party claims. Standard Textile also reserves the right to assert all applicable defenses, and bring any motions, under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceed, and as consistent with the Court's Case Management Orders. Finally, Standard Textile reserves the right to amend this General Denial and Preliminary Statement of Affirmative Defenses.

**AFFIRMATIVE DEFENSES**

Standard Textile asserts the following affirmative defenses in response to the allegations in the Plaintiff's Complaint filed in the above-captioned action, and to other Complaints that may be filed by additional Plaintiffs against Standard Textile in the MDL.

1. The Plaintiff's claims against Standard Textile are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

2. The Plaintiff's claims against Standard Textile are barred, in whole or in part, to the extent that any claims are based upon conduct covered by the applicable statute of limitations

or repose, and the Plaintiff's alleged damages are barred to the extent that any damages were suffered outside of the applicable statute of limitations or repose.

3. The Plaintiff's claims against Standard Textile are barred, in whole or in part, by the doctrine of laches.

4. The Plaintiff's claims against Standard Textile are barred, in whole or in part, by the doctrine of unclean hands.

5. The Plaintiff's claims against Standard Textile are barred, in whole or in part, by the doctrines of estoppel or waiver.

6. The Plaintiff's claims are barred, in whole or in part, because they are not ripe.

7. The Plaintiff's claims are barred, in whole or in part, because they are moot.

8. The Plaintiff's claims are barred because the Plaintiff is not the real party in interest.

9. The Plaintiff's claims are barred, in whole or in part, because the Plaintiff has suffered no legally cognizable injury.

10. The Plaintiff's claims are barred, in whole or in part, by the Public Services Doctrine, Free Public Services Doctrine, or municipal cost recovery rule.

11. The Plaintiff's claims against Standard Textile are barred, in whole or in part, because Standard Textile's conduct was in accordance with the applicable standards of care under all state and federal laws, all state and federal regulations, all emergency orders, all health directives, and industry practice. At all times relevant to Plaintiff's claims, Standard Textile acted in a reasonable manner and in good faith.

12. The Plaintiff's claims against Standard Textile are barred, in whole or in part, because the Plaintiff has not been damaged as a result of Standard Textile's actions, Plaintiff is unable to establish the existence of any special damages with the requisite strict proof.

13. The Plaintiff's claims against Standard Textile are barred, in whole or in part, because Standard Textile asserts as a defense, and is entitled to, a credit or set-off against the damages claimed by the Plaintiff for the settlement (and any monies paid pursuant thereto) between the Plaintiff and any other person or entity.

14. Any verdict or judgment against Standard Textile must be reduced to the extent that any damages claimed by the Plaintiff have been or will be indemnified in whole or in part from any collateral source.

15. The Plaintiff's claims are barred because, at all relevant times, Standard Textile exercised due care with respect to its operations and took reasonable precautions against foreseeable acts or omissions of others.

16. The Plaintiff's claims against Standard Textile are barred, in whole or in part, because Standard Textile did not owe any duty to the Plaintiff or, if it owed such a duty, did not breach this duty and/or fully discharged it.

17. The Plaintiff's claims against Standard Textile are barred, in whole or in part, because Standard Textile is not the actual cause, or proximate cause of any alleged damages to the Plaintiff or any property owned by the Plaintiff. Any damage allegedly sustained by the Plaintiff was caused by the acts, omissions, or conduct of others, or an intervening cause over which Standard Textile had no control, right of control, or responsibility.

18. The Plaintiff's claims against Standard Textile fail, in whole or in part, because Standard Textile is not, as Plaintiff alleges, a "continuing threat to public health, safety, and order . . . ."

19. The Plaintiff's claims against Standard Textile are barred, in whole or in part, because the presence of PFAS in water supplied to Standard Textile by municipal sources constitutes a superseding cause which severs causation.

20. Plaintiff's claims against Standard Textile are barred, in whole or in part because the presence of PFAS in South Carolina's waterways, including the waterways at issue here, predates any alleged contamination by Standard Textile and, as a result, Plaintiff cannot establish that its injuries, if any, were proximately caused by Standard Textile.

21. The Plaintiff's claims against Standard Textile are barred, in whole or in part, because any water contamination allegedly caused by Standard Textile, which Standard Textile expressly denies the existence of and responsibility for, was not a substantial factor in bringing about the Plaintiff's alleged injuries.

22. The Plaintiff's claims are barred because any alleged damages Plaintiff may have suffered were not reasonably foreseeable by Standard Textile at the time of the conduct alleged.

23. The Plaintiff's claims against Standard Textile are barred, in whole or in part, by the Plaintiff's contributory negligence or comparative negligence.

24. The Plaintiff failed or refused to exercise reasonable care and diligence to prevent, remove, or minimize PFAS contamination in its influent, and thereby avoid loss and minimize damages, despite its actual or constructive knowledge that such contamination was present in its influent, and, therefore, may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages.

25. The Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Standard Textile, including municipal

5

water suppliers who failed to remove PFAS contamination from water supplied to their customers, and in the event that Standard Textile is found to be liable to Plaintiff, it will be entitled to indemnification, contribution, and/or apportionment.

26. The Plaintiff is not entitled to recover from Standard Textile for its alleged damages, if any, to the extent that Plaintiff claims entitlement to such damages based on "decades" of alleged PFAS discharge which, if any such discharge occurred, was at least partially caused by prior owners/operators of the industrial facility located at 100 Highpoint Drive, Union, South Carolina 29379. Standard Textile did not take ownership of that industrial facility until 2004 and explicitly refuses to accept responsibility for the conduct, actions, or omissions of the facility's previous owners/operators.

27. The Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish that its alleged injuries, if any, were caused by the presence of PFAS-contaminated wastewater, if any is attributable to Standard Textile, from which PFAS could not be removed by Plaintiff's filtration equipment/technology.

28. The Plaintiff's claims against Standard Textile are barred, in whole or in part, because the Plaintiff's purported exposure to the PFAS allegedly discharged by Standard Textile, if any, was too remote, too removed, indefinite, de minimis, and insufficient to establish a reasonable degree of probability that any such discharge caused any alleged injury, damage or loss to Plaintiff.

29. The Plaintiff's claims are barred to the extent that Plaintiff seeks to retroactively impose liability for conduct that was not actionable at the time it occurred.

30. The Plaintiff's claims for public nuisance against Standard Textile are barred because the Plaintiff cannot show any injury, inconvenience, damage, or that they suffered special harm.

31. The Plaintiff's claims for public nuisance against Standard Textile are barred because Standard Textile did not conduct itself in an illegal manner, and instead, conducted itself in a lawful and proper manner and did not exercise control over the alleged nuisance.

32. The Plaintiff's claims for public nuisance against Standard Textile are barred, in whole or in part, because Standard Textile is not liable for the maintenance of a nuisance caused by another.

33. The Plaintiff's claims for private nuisance fail because the alleged nuisance, if any exists, is not limited in its injurious effects to one or a few individuals.

34. The Plaintiff's claims for nuisance, both public and private, are barred in whole or in part because any alleged nuisance was unintentional, unforeseen, a necessity, and/or de minimis and therefore non-compensable.

35. The Plaintiff's claims for abatement and/or injunction are barred because the alleged nuisance complained of is permanent and cannot be abated.

36. The Plaintiff's claims are governed by the statute of limitations applicable to claims for permanent nuisance because the alleged nuisance complained of is permanent and cannot be abated.

37. The Plaintiff's claims for abatement and/or injunction are barred because its claims alleging the existence of a public and private nuisance are unfounded and, as such, Plaintiff is not entitled to an equitable remedy.

38. The Plaintiff's claims for trespass are barred in whole or in part because any alleged trespass was unintentional, unforeseen, a necessity, and/or de minimis and therefore non-compensable.

39. The Plaintiff's claims for trespass are barred in whole or in part because Standard Textile did not own or exercise control over the intruding instrumentality which Plaintiff alleges caused it injury.

40. The Plaintiff's claims are governed by the statute of limitations applicable to claims for permanent trespass because the alleged trespass complained of is permanent and cannot be abated.

41. The Plaintiff's claim for injunctive relief is barred because issuing an injunction will not serve the public interest and the Plaintiff cannot show an irreparable injury if an injunction does not issue, a likelihood of success on the merits, or lack of an adequate remedy at law.

42. The Plaintiff's claim for injunctive relief fails because the Plaintiff has an adequate remedy at law and is not entitled to injunctive relief.

43. The Plaintiff's claim for attorneys' fees is barred because Plaintiff cannot satisfy its burden of demonstrating entitlement to attorneys' fees.

44. The Plaintiff's claim for attorneys' fees is barred because Standard Textile has not acted in a way to give rise to any claim for attorneys' fees and expenses of litigation.

45. The Plaintiff's claims for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

46. There is no contractual, statutory, or common law basis for Plaintiff's request for attorneys' fees or litigation costs.

47. Standard Textile denies any negligence, culpable conduct, or liability on its part but, if it ultimately is found liable for any portion of Plaintiff's alleged damages, Standard Textile shall only be liable for its equitable share of Plaintiff's alleged damages.

48. The Plaintiff has alleged damages that, as a matter of law, are not recoverable in tort.

49. Standard Textile cannot be held jointly and severally liable for the acts or omissions of third parties because its acts or omissions were separate and distinct, and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of Standard Textile.

50. The Plaintiff's claim for punitive damages against Standard Textile fails as a matter of law because the Plaintiff is not entitled to recovery against Standard Textile in tort or otherwise, Standard Textile has not acted in a wanton, willful, reckless, or negligent manner, and the imposition of such punitive damages would violate the United States Constitution, the South Carolina Constitution, and federal common law and South Carolina tort law in general.

51. The Plaintiff's claim for punitive damages is subject to the limitations, cap, and protections under the law, including but not limited to S.C. Code. Ann. § 15-32-530.

52. Standard Textile has complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the Complaint, and, therefore, to the extent that consideration is given to Plaintiff's claims, punitive damages are unwarranted in law and fact.

53. Punitive damages are not available because all relevant conduct and activities of Standard Textile conformed to industry standards, emergency orders, and health directives which existed during the relevant and material time period.

54. Punitive damages are not available because Standard Textile neither knew nor should have known that the substances to which Plaintiff was allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm, and Standard Textile therefore lacked notice that its conduct was unlawful or subject to punishment and an award of punitive damages would violate Standard Textile' constitutional right to due process.

## RESERVATION OF RIGHTS

Standard Textile does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All the preceding defenses are pled in the alternative and do not constitute an admission that Standard Textile is liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. Standard Textile reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

## GENERAL DENIAL OF CROSS-CLAIMS

To the extent cross-claims have been or may be filed against Standard Textile, Standard Textile denies the allegations in those cross-claims and asserts the above affirmative defenses against those cross-claims.

Respectfully submitted,

*/s/ Tanya C. Nesbitt*
Tanya C. Nesbitt
Georgia Bar No. 295386
Thompson Hine LLP
3560 Lenox Road NE, Suite 1600
Atlanta, GA 30326-4266
Tanya.Nesbitt@ThompsonHine.com
404.407.3605

*Attorney for Defendant*
*Standard Textile Carolina, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the within and foregoing General Denial and Preliminary Statement of Affirmative Defenses of Standard Textile Carolina, Inc. was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 7th day of October 2025.

*/s/ Tanya C. Nesbitt*
Tanya C. Nesbitt
Georgia Bar No. 295386
Tanya.Nesbitt@ThompsonHine.com

*Attorney for Defendant*
*Standard Textile Carolina, Inc.*