**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL NO. 2:18-mn-2873-RMG <br><br> This filing relates to: <br> *South Carolina Public Service Authority, a/k/a Santee Cooper, an agency of the State of South Carolina v.* <br> *AGC Chemicals Americas, Inc., et al.* <br> Civil Action No. 2:25-cv-10305-RMG |

**GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES OF DEFENDANT PRECOAT METALS CORP.**

Defendant Precoat Metals Corp. ("Precoat"), hereby makes the following General Denial and Preliminary Statement of Affirmative Defenses in response to the Amended Complaint filed by South Caolina Public Service Authority ("Plaintiff") in the above-captioned action pending in the multidistrict litigation, Case No. 2:18-MN-02873-RMG ("MDL").[1] Precoat files this statement pursuant to the Court's Case Management Order No. 20 and other governing protocols and directives established by this Court. Precoat reserves all rights to file a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure and to assert crossclaims, counterclaims, and third-party claims. Precoat further reserves the right to amend or supplement this General Denial and Preliminary Statement of Affirmative Defenses.

**GENERAL DENIAL**

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Precoat denies, generally and specifically, each and every allegation set forth in Plaintiff's Amended Complaint filed on

---

[1] Pursuant to Case Management Order 20, this General Denial and Statement of Affirmative defenses applies to any Plaintiff, Petitioner, or Third-Party Plaintiff in any subsequently filed Complaint against Precoat in the MDL or transferred to the MDL.

1

June 5, 2025 (the "Amended Complaint"), and each and every cause of action alleged in Plaintiff's Amended Complaint. For each and every cause of action Plaintiff asserts against Precoat, Precoat demands strict proof of each element of such cause of action by the standard of proof required by applicable law. Precoat denies that Plaintiff has sufficiently alleged grounds upon which any relief may be granted. Precoat denies that Plaintiff sustained any cognizable injury or suffered any recoverable damages in any sums alleged or any sums at all, and denies that Plaintiff is entitled to relief of any type, by reason of any alleged act, breach, conduct, or omission on the part of Precoat or any party acting on its behalf.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

Without admitting or acknowledging that it bears the burden of proof and/or burden of persuasion with respect to any of the following defenses, while pleading all defenses in the alternative and while maintaining that no defense constitutes an admission that Precoat would be otherwise liable to Plaintiff, and while denying that Precoat has committed the acts or caused the consequences alleged in the Amended Complaint, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever, and reserving the right to rely on (a) any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (b) any other defenses set forth in any answer, motion, or disclosure of affirmative defenses of any defendant in the above-captioned action, and/or (c) any other defenses that may become apparent during fact or expert discovery in this matter, Precoat asserts the following affirmative defenses in response to the claims set forth in Plaintiff's Amended Complaint.

1. The Amended Complaint, and each cause of action or count alleged therein, fails to state a claim upon which relief can be granted.

2. Each of Plaintiff's alleged claims fail to state a claim against Precoat because Precoat has not discharged or released any PFAS-compound into the environment in South Carolina.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

4. Plaintiff's Amended Complaint fails to join all necessary and indispensable parties.

5. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, res judicata, collateral estoppel, estoppel, ratification, and/or unclean hands.

6. Plaintiff's claims are barred or limited for lack of standing.

7. Plaintiff's claims are barred, in whole or in part, because they are not yet ripe/or have become moot.

8. Precoat alleges that if it is found to have been engaged in any of the activities alleged in the Amended Complaint, such activities were too removed, indefinite, *de minimus* and insufficient to establish a reasonable degree of probability that any such activity caused any alleged injury, damage, or loss to Plaintiff.

9. Plaintiff's claims for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

10. Plaintiff's claims are barred, in whole or in part, to the extent that the relief sought will not redress the alleged harm.

11. Plaintiff's claims are barred, in whole or in part, because Precoat at all relevant times acted in conformity with (i) federal and state regulations, standards, and applicable laws in effect; (ii) available knowledge and research of the scientific and

industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art technology during the relevant and material time period.

12. Plaintiff's claims are barred because Precoat's alleged conduct was permitted by law at the relevant times that PFAS compounds were allegedly released.

13. Plaintiff's claims are barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

14. Precoat's conduct was lawful in all respects under the federal and state laws then applicable.

15. Plaintiff's claims are barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions that are the subject of the Plaintiff's claims.

16. Precoat is not responsible or liable for any acts or omissions undertaken by or at the direction of, or with authorization by, any governmental authority or agency, including without limitation, acts or omissions made in accordance with applicable statutes, regulations, permits, and industry standards.

17. Plaintiff's claims are barred, in whole or in part, because Precoat did not discharge anything into reservoirs from which Plaintiff draws or drew water or into streams feeding those reservoirs, but instead discharged wastewater only into a governmentally-owned, operated, and regulated wastewater collection and treatment system (the "Intervening System"); and Precoat was at all times relevant in compliance with its Regulated Industrial Wastewater Discharge Permit from, its contract with, and regulations applicable to that Intervening System.

18. Plaintiff's claims are barred, in whole or in part, because Precoat was not and is not knowledgeable with respect to, in control of, or responsible for the actions (including treatment and discharge of wastewater) of the Intervening System, which was the only entity connected to Precoat that discharged wastewater into streams and reservoirs.

19. The relief that Plaintiff seeks, in whole or in part, violates Precoat's due process rights.

20. The claims asserted in the Amended Complaint contravene fundamental notions of public policy.

21. Plaintiff's claims are barred, in whole or in part, by the municipal cost recovery rule set forth in United States v. Standard Oil of California, 332 U.S. 301 (1947).

22. Plaintiff's claims are premature to the extent that neither the State nor the United States Environmental Protection Agency has set final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

23. The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies; and thus this Court should decline to exercise jurisdiction over these matters pursuant to the doctrines of primary jurisdiction, abstention, and/or separation of powers.

24. Plaintiff's claims are barred, in whole or in part, because Precoat did not owe a legal duty to Plaintiff or, if it owed such a duty, did not breach and/or fully discharged that duty.

25. Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Precoat; and in the event that Precoat is found to be liable to Plaintiff, Precoat will be entitled to indemnification, contribution, and/or apportionment.

26. Plaintiff failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on its part or by expenditures that it might reasonably have made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate any damages.

27. Plaintiff's claims are barred, in whole or in part, because the alleged acts or omissions of Precoat have not proximately caused any alleged injuries and damages allegedly sustained by Plaintiff.

28. Plaintiff's claims are barred, in whole or in part, to the extent that the damages alleged in the Amended Complaint were proximately caused or contributed to, in whole or in part, by the negligence, carelessness, fault, culpable conduct, and/or want of care attributable to others over whom Precoat neither had nor exercised any control, including by intervening and/or superseding acts or omissions.

29. Plaintiff's claims are barred, in whole or in part, under the doctrines of contributory negligence and/or comparative fault, and/or other applicable common law or statutory doctrines.

30. If Plaintiff sustained any damages, these damages were caused or contributed to by acts or omissions by it or by one or more persons for whose conduct Precoat is not responsible and with whom Precoat has no legal connection.

31. Sources and conditions other than Precoat were the cause of Plaintiff's alleged damages, if any.

32. Precoat is not liable for any chemicals or substances not manufactured or used by Precoat.

33. Plaintiff's claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to pre-existing conditions, for which Precoat cannot be held responsible.

34. Plaintiff's claims are barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk, and/or failure to heed any applicable warnings.

35. Precoat is not liable to Plaintiff for the manufacturing activities of other manufacturers or for any costs incurred by Plaintiff related to products and chemicals not produced or discharged by Precoat.

36. Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Precoat exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

37. Any damages Plaintiff may have suffered were not reasonably foreseeable by Precoat at the time of the alleged conduct.

38. Precoat cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct, and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of Precoat.

39. Precoat asserts its rights to allocation or apportionment of fault pursuant the South Carolina Contribution Among Tortfeasors Act, as well as its rights to a proportionate reduction of any damages found against Precoat based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff, or any non-party.

40. Plaintiff's claims are barred, in whole or in part, because of the lack of any connection or proximate causation between any of Plaintiff's allegedly harmful exposure and any product(s) or substances manufactured or discharged by Precoat.

41. Plaintiff's claims are barred, in whole or in part, because and to the extent that Plaintiff cannot establish that its alleged injuries were caused by exposure to PFAS from any product(s) or discharge(s) attributable to Precoat.

42. A specific percentage of the tortious conduct that proximately caused the injury or loss, if any, to Plaintiff is attributable to one or more persons from whom Plaintiff does not seek recovery in this action.

43. Plaintiff's claims are barred, in whole or in part, because Precoat acted reasonably and in good faith.

44. If Precoat is held liable, which liability is denied, then the liability of Precoat would be passive, imputed, or secondary, while persons other than Precoat, whether individual, corporate or otherwise and whether named or unnamed in the Amended Complaint, would be actively and primarily liable for the alleged damages under breach of contract, negligence, strict liability, implied and express warranty theories, or otherwise.

45. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks to retroactively impose liability for conduct that was not actionable at the time it occurred; and Precoat may not be held liable under retroactive theories not requiring proof of fault or causation.

46. Plaintiff's claims are barred, in whole or in part, because Precoat neither knew nor should have known that the exposure by Plaintiff to any complained-of PFAS substances, which exposure was allegedly caused by Precoat, constituted a reasonable or foreseeable risk of physical harm to, or harm to the business or properties of, Plaintiff, by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Precoat at all times relevant to the claims or causes of action asserted by Plaintiff.

47. Plaintiff has not suffered a legally cognizable injury in fact.

48. Any legally cognizable injury or damage that Plaintiff has suffered, to the extent any was suffered, was caused either in whole or in part by the acts or omissions of Plaintiff or its agents and not as a result of any alleged conduct by Precoat.

49. Plaintiff lacks standing to bring an action for public nuisance damages.

50. No alleged action or inaction by Precoat has resulted in any nuisance.

51. Plaintiff's alleged nuisance claims are barred, in whole or in part, because the alleged nuisance cannot be remedied at a reasonable cost by reasonable means.

52. Plaintiff's cause of action for private nuisance is barred because any alleged contamination of a public water body cannot form the basis of a claim for private nuisance.

53. Plaintiff's causes of action for nuisance are barred because its alleged injuries or damages, if any, are not different from those suffered by the general public, if any.

54. Plaintiff's causes of action for nuisance are barred by the doctrines of coming to the nuisance, voluntary exposure, consent, assumption of the risk, and/or open and obvious conditions.

55. Plaintiff lacks standing to bring the claims set forth in the Amended Complaint under both the public trust doctrine and *parens patriae* doctrine, because the property claimed to be affected is not held in the public trust and/or is not subject to the *parens patriae* doctrine.

56. Plaintiff lacks standing to bring the claims set forth in the Amended Complaint under both the public trust doctrine and *parens patriae* doctrine, because it does not have exclusive jurisdiction over the resources at issue, or has only partial jurisdiction over such resources and has failed to join other necessary trustees in this action.

57. Plaintiff lacks standing to bring an action for trespass because Plaintiff has no ownership over and is not entitled to exclusive possession of various property and water bodies referenced in the Amended Complaint, and because Plaintiff cannot establish unreasonable or substantial damage to the resource.

58. Plaintiff's claims are barred as PFAS particles are insufficiently tangible to interfere with the right of exclusive possession and so cannot support a trespass claim.

59. Plaintiff's claims are barred as Precoat did not undertake an intentional or unauthorized entry onto Plaintiff's property to support a cause of action for trespass and/or nuisance.

60. Plaintiff's claims are preempted or otherwise precluded by State and Federal law, including but not limited to the Safe Drinking Water Act, 42 U.S.C. §§ 300f to 300j, the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, and the South Carolina Hazardous Waste Management Act, S.C. Code Ann. § 44-56-10 *et seq.*

61. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to exhaust administrative remedies.

62. The use of South Carolina's natural resources is not being unduly limited because of the presence of PFAS compounds.

63. Plaintiff's alleged claims are barred to the extent that Plaintiff's response actions will be, are, or have been excessive, unnecessary, unreasonable, and/or inconsistent with statutory requirements.

64. Plaintiff's Amended Complaint is barred because no actions or inactions by Precoat have resulted in any interim, temporary, or permanent impairment or damage to a natural resource.

65. Plaintiff's claims are barred, in whole or in part, because, on information and belief, Plaintiff has not investigated the cause of harm, presence of harm, or extent of harm alleged in its Amended Complaint, and specifically has not completed a natural resource damages assessment.

66. Plaintiff's claims may be barred, in whole or in part, by the doctrine of spoliation of evidence, and Precoat reserves the right to raise the spoliation doctrine as a defense to Plaintiff's claims if some or all of the evidence has not been properly preserved.

67. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

68. All claims for equitable relief in Plaintiff's Amended Complaint are barred because Plaintiff has adequate remedies at law, to the extent its claims are provable.

69. All claims for equitable relief in Plaintiff's Amended Complaint are barred because equity will not compel action that is already being undertaken and/or is unnecessary.

70. The costs that Plaintiff seeks as damages would, if awarded, result in unjust enrichment to Plaintiff in that such damages have not been incurred, are speculative and depend on future regulatory action, and, if ever incurred, will be incurred in an amount that is currently unknown and unknowable, and (ii) such damages constitute costs for construction, operation, and maintenance of public water supply systems for which Plaintiff has received and receives funding from its customers and state and federal sources.

71. Plaintiff's claims are barred to the extent that they seek to recover costs, damages, and expenses including, but not limited to, response, assessment, remediation cleanup, and/or removal costs that Plaintiff incurred improperly, or that are not solely related to the alleged PFAS nuisance, trespass, and exposure causes of action asserted against Precoat.

72. In the event Precoat is found to have any liability to Plaintiff, Precoat is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts

actually paid, or ordered to be paid, by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Amended Complaint; (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Amended Complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Amended Complaint.

73. Any damages awarded to Plaintiff should be reduced by any amounts it recovers from any other sources; and Plaintiff is barred from any form of double recovery regardless of the nature or source of such recovery.

74. Plaintiff is not entitled to recover from Precoat more than Precoat's fair, equitable, and proportionate share, if any, of the costs and damages actually incurred by Plaintiff or to otherwise recover from Precoat more than the amount of such relief, if any, for which Precoat is liable.

75. Precoat is entitled to all of the procedural, substantive, and other protections, caps, and limitations provided by state statutes and other state and federal law regarding Plaintiff's claims for compensatory and punitive damages, including but not limited to state tort reform measures and statutes that, although not affirmative defenses, preclude or limit Plaintiff's ability to pursue compensatory and punitive damages, limit the amount of damages available, and/or provide procedural requirements and protections to a defendant.

76. Plaintiff's claims fail to state a claim upon which punitive or exemplary damages may be awarded.

77. Precoat did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

78. Plaintiff has failed to adequately plead and/or allege that Precoat acted with the requisite state of mind to warrant an award of punitive damages.

79. Precoat has complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the Amended Complaint; and, therefore, to the extent that consideration is given to Plaintiff's claims, punitive damages are unwarranted in law and fact.

80. Punitive damages are not available because all alleged conduct and activities of Precoat related to matters alleged in the Amended Complaint conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

81. Punitive damages are not available because Precoat neither knew nor should have known that the alleged exposure by Plaintiff to any PFAS substances, which exposure was allegedly caused by Precoat, constituted a reasonable or foreseeable risk of physical harm to, or harm to the business or properties of, Plaintiff; and Precoat therefore lacked notice that its alleged conduct was unlawful or subject to punishment; and an award of punitive damages would violate Precoat's constitutional right to due process.

82. Plaintiff's claims for punitive or exemplary damages are barred or reduced by applicable law or statute or are unconstitutional insofar as they violate the due process

protections under the U.S. Constitution and/or of South Carolina or any other state whose laws may apply.

83. No statute or contract provision authorizes an award of attorneys' fees to Plaintiff; and therefore such an award is barred.

84. Some or all of the claims asserted by Plaintiff may be governed by arbitration agreements binding on Plaintiff and may be subject to arbitration.

85. The Amended Complaint does not describe claims or events with sufficient particularity to permit Precoat to fully ascertain what other defenses may exist, and Precoat presently has insufficient knowledge or information to form a belief as to whether it has additional defenses available to it. Precoat therefore reserves the right to assert all defenses which may pertain to the Amended Complaint once the precise nature of the claims is ascertained, and in the event discovery indicates that additional defenses would be appropriate.

## INCORPORATION BY REFERENCE

Precoat hereby incorporates by reference any affirmative defense that any other Precoat pleads in this action to the extent the affirmative defense applies to any claim against Precoat in whole or in part.

## RESERVATION OF DEFENSES

Precoat does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. Precoat pleads all of the preceding defenses in the alternative; and none constitutes an admission that Precoat is liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. Precoat reserves its right to (i) rely on any and all defenses and presumptions set forth

in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any other defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses. Precoat presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, defenses to the Amended Complaint and/or counterclaims, cross-claims, or third-party claims against any entity. Precoat reserves the right to assert additional defenses and claims as it becomes aware that such defenses or claims may be available.

## **PRAYER FOR RELIEF**

To the extent a response is required to any Prayer for Relief in the Amended Complaint, Precoat denies that Plaintiff is entitled to any relief against Precoat. Precoat further denies any allegations not expressly admitted above, subject to the caveats provided above.

**WHEREFORE**, Defendant Precoat Metals Corp. denies that Plaintiff is entitled to any relief, in any form, against Defendant Precoat Metals Corp. and hereby requests:

a. That judgment be entered in its favor and against Plaintiff;

b. That the Amended Complaint and all claims against Precoat be dismissed with prejudice;

c. For an award of Precoat's attorneys' fees and court costs; and

d. or such further relief to which it may be entitled or that this Court may deem appropriate.

Respectfully submitted,

                                          **HAYNSWORTH SINKLER BOYD, P.A.**

                                          By: s/Steve A. Matthews
                                                  Steve A. Matthews
                                                  Federal ID No. 5119
                                                  smatthews@hsblawfirm.com
                                        1201 Main Street (29201-3226)
                                        P.O. Box 11889 (29211-1889)
                                        Columbia, South Carolina
                                        803.540.7827

                                        By:     s/Sarah A. Hodges
                                                   Sarah Addy Hodges
                                                   Federal ID No. 14234
                                        1201 Main Street (29201-3226)
                                        P.O. Box 11889 (29211-1889)
                                        Columbia, South Carolina
                                        803.540.7857
                                        shodges@hsblawfirm.com

                                        *Counsel for Defendant Precoat Metals Corp.*

October 7, 2025

17