IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>*This Document Relates To*:<br><br>*City of Wausau, Wisconsin v. Georgia-Pacific LLC, et al.*,<br>No. 2:25-cv-04824-RMG (D.S.C.) |

**CITY OF WAUSSAU'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO REMAND OR FOR A SUGGESTION TO JUDICIAL PANEL ON MULTIDISTRICT LITIGATION TO REMAND THIS CERCLA LITIGATION SOLELY COMMENCED AGAINST LOCAL DEFENDANTS TO THE WESTERN DISTRICT OF WISCONSIN**

Plaintiff's motion established that this action should be remanded to the Western District of Wisconsin because it raises no common factual or legal issues with cases in the AFFF MDL. Defendants' opposition offers no legitimate reason to keep this local, site-specific CERCLA action stalled in an MDL designed for national product-liability claims against AFFF manufacturers. Their arguments rest on mischaracterizations of the JPML's prior transfer orders and this Court's Order suggesting remand in *Town of East Hampton v. Incorporated Village of East Hampton et al*, No. 2:20-cv-01665-RMG (D.S.C.) ("*Town of East Hampton II*"), Dkt. No. 47 (the "Order")[1], both in a transparent attempt to prevent Plaintiff from advancing its claims in the Western District of Wisconsin.

In their opposition, Defendants deliberately ignore the implications of the Court's Order that found remand appropriate in *Town of East Hampton II* because "(1) the Town's case only involves local entities and will not benefit from adjudication of common MDL issues and (2) there

---

[1] On October 14, 2025 this Court denied the defendants motion for reconsideration of the Order. *See Order, Town of East Hampton II* (Oct. 14, 2025) (denying reconsideration).

1

is no risk of inconsistent rulings or duplicative discovery if remand occurs." Order at 6. Like *Town of East Hampton II*, the parties and claims in this case have no connection whatsoever to the defendants or issues in any other case in the AFFF MDL. The Defendants named in this local action—none of whom are named in any other case in this MDL—are neither manufacturers of PFAS or AFFF nor an agency or branch of the federal government, meaning that, as in *Town of East Hampton II*, none of the nationwide product-liability or government-contractor issues driving the AFFF MDL are present here. Further, as has become even more apparent since the JPML's original order transferring it, this case will not benefit from further MDL coordination because neither the discovery the Court is overseeing related to CERCLA issues nor the product identification discovery it has ordered under CMO 32 are relevant to Plaintiff's claims or otherwise overlap with the discovery needed in this case. And since Plaintiff's claims involve neither a U.S. military installation nor any of the contamination sites at issue in the CMO 32 proceedings, there would be no risk of inconsistent rulings if this case were remanded to the Western District of Wisconsin. Thus, this case falls squarely within the Court's ruling in *Town of East Hampton II*, finding remand appropriate and suggesting the same to the JPML.

Defendants' attempts to distinguish this case from *Town of East Hampton II* are misguided and unpersuasive. Defendants first attempt to distinguish this case based on the overlapping water sources at issue here and in Plaintiff's earlier action in this MDL against the manufacturers of AFFF and its components. But in doing so, Defendants ignore that the contamination site at issue in *Town of East Hampton II* is the exact same as that at issue in an earlier tort action brought by the same plaintiff against the manufacturers of AFFF and its components. *See Town of East Hampton v. 3M Company et al*, No. 2:19-cv-01639-RMG (D.S.C.) ("*Town of East Hampton I*"). Defendants fare no better in their attempt to distinguish this case based on the inclusion of tort

2

claims against the named local defendants, as they conveniently ignore that the reason *Town of East Hampton II* only involved CERCLA and RCRA claims is that the plaintiff had already separately asserted tort claims against the same defendants in *Town of East Hampton I*. If anything, the facts and circumstances here present a more compelling case for remand than *Town of East Hampton II* considering that: (a) none of the defendants named in this case overlap with Plaintiff's earlier action against the manufacturers of AFFF and its components; and (b) the claims in this case focus on PFAS contamination that is unrelated to the manufacture and use of AFFF. Accordingly, for these and the other reasons discussed below, the Court should reject Defendants' arguments and grant Plaintiff's motion seeking remand or a suggestion to the JPML in favor of remand.

**I.     The JPML's Original Transfer Decision Is Not Binding With Respect to This Court's Consideration of Whether Remand Is Appropriate**

Defendants' central premise—that the JPML's transfer order conclusively determined this case "belongs" in the MDL—rests on a fundamental misunderstanding of the law. The JPML's decision to transfer and this Court's authority to recommend remand are separate and independent inquiries governed by distinct provisions of 28 U.S.C. § 1407(a) and JPML Rule 10.1(b). The Panel's initial transfer ruling merely decides whether temporary coordination might promote efficiency; it does not preclude this Court from later determining that continued inclusion serves no purpose.

From the outset of this MDL, the JPML has acknowledged that "tag-along" transfers are provisional and that "should the transferee court determine that continued inclusion of certain actions or categories of actions in the MDL no longer is appropriate, the transferee court may recommend Section 1407 remand of those actions in advance of other actions." *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1395 (U.S. Jud. Pan. Mult. Lit.

3

2018). Indeed, if transfer alone foreclosed remand, Rule 10.1(b)—which expressly empowers this Court to issue a "suggestion of remand"—would be meaningless. Furthermore, the JPML has observed that when "considering the question of remand, the Panel has **consistently given great weight to the transferee judge's determination** that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings." *In re: Asbestos Products Liability Litigaton (No. VI)*, 545 F. Supp. 2d 1362 (J.P.M.L. April 8, 2008) (quotations and citations omitted) (emphasis added).

Here, the record is now clear that none of the nationwide product-liability or government-contractor issues driving the AFFF MDL are present in this case. The Panel's existing transfer order does not—and cannot—resolve the separate question before this Court: whether continued centralization of this case with the others pending in the AFFF MDL "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The Panel's prior order simply found enough commonality between this and the other cases in the AFFF MDL to warrant initial coordination—not permanent consolidation. And now that this Court has determined that similar actions involving CERCLA claims against local defendants "will not benefit from adjudication of common MDL issues," no justification exists for continuing to include this case in the AFFF MDL and it should be remanded to the Western District of Wisconsin.

**II.     Like *Town of East Hampton II*, This Case Will Not Benefit from Adjudication of Common MDL Issues and Presents No Risk of Inconsistent Rulings or Duplicative Discovery**

In their opposition, Defendants make three primary arguments against remand and in favor of keeping this case in the AFFF MDL. First, they argue that, notwithstanding the allegations and claims in Plaintiff's Complaint, this case concerns AFFF-related PFAS contamination of the same water sources at issue in Plaintiff's earlier action against the manufacturers of AFFF and its components. *See* Defs.' Opp'n to Pl.'s Mot. to Remand, Dkt. No. 118 (D.S.C. Oct. 6, 2025)

("Opp'n") at 3–7. Second, Defendants argue that the transfer and continued inclusion of this case in the AFFF MDL is consistent with the JPML's prior orders that "rejected attempts to evade the MDL by splitting claims involving AFFF in the same water source." *Id.* at 7. Finally, Defendants argue that the similarities between this case and Plaintiff's earlier action against the manufacturers of AFFF and its components will necessarily lead to an overlap in discovery that justifies the continued inclusion of this case in the AFFF MDL. *Id.* at 8–11. For the reasons set forth below, these arguments are meritless and fail to distinguish this case from the Court's prior ruling suggesting remand in *Town of East Hampton II*.

### A.     AFFF Is Not at Issue in this Case and Defendants' Assertions to the Contrary Do Not Distinguish This Case from *Town of East Hampton II*

Defendants try repeatedly to lump this case in with others in this MDL asserting claims for PFAS contamination resulting from the use of AFFF.[2] For example, Defendants assert this matter "purportedly does not involve AFFF manufacturers," Opp'n at 5, even though it is indisputable that none of the manufacturers of AFFF nor its components are named as defendants. As another example, Defendants assert that the City of Wausau "alleges identical causes of action" against PFAS manufacturers and non-PFAS manufactures like Defendants without explaining, for example, how AFFF contamination and releases of PFHxS are identical. *Id.* at 8.

If Defendants have an actual factual basis to believe that AFFF caused the harm to Plaintiff's water supplies rather than discharge from their local facilities, they are free to defend this action on that basis. But they must do so by relying on admissible evidence and not the speculation they present in their opposition. Of course, if after remand Defendants develop such a factual record, they are free to once again seek transfer to this MDL. But at present Defendants

---

[2] Defendants Opposition states "Plaintiff made clear in its pleadings that this case involved AFFF and AFFF manufacturers."  Opp. at 5.  The City of Wausau assumes this is a typographical error, because this case most certainly **does not** involve AFFF and AFFF manufacturers.

5

have given the Court no valid support for their assertion that this action concerns AFFF. Defendants unsupported mischaracterizations should not be used to justify keeping this case in the MDL.

Moreover, even if Defendants were correct that Plaintiff's claims concern AFFF-related PFAS contamination, that would not distinguish this case from *Town of East Hampton II* where this Court found remand appropriate. As the Court acknowledged in its Order suggesting remand, *Town of East Hampton II* involved claims alleging "perfluoroalkyl substances contamination from [AFFF] use at the East Hampton Airport," Order at 1, just like the earlier action the same plaintiff had filed against the manufacturers of AFFF and its components. *See, e.g.*, Second Am. Compl. ¶¶ 1, 202–226, 282–292, *Town of East Hampton I,* Dkt. No. 125 (D.S.C. Jan 17, 2024). As such, the Court's decision to suggest remand in *Town of East Hampton II* clearly did not turn on whether the PFAS contamination was or was not related to AFFF; rather, it was based on the local nature of the parties and claims at issue, which ensured that the case would not benefit "from adjudication of common MDL issues" and presented "no risk of inconsistent rulings or duplicative discovery if remand occurs." Order at 6. Thus, even if it were true that Plaintiff's claims in this case concerned AFFF-related contamination, that alone is not a sufficient basis for keeping the case in the MDL where those claims are against only local defendants not named in any other MDL cases.

### B. This Case Does Not Involve the Type of "Claim-Splitting" the Panel Has Relied on to Justify Transfer to the AFFF MDL

CERCLA's statutory framework requires separate suits: one for cost recovery (42 U.S.C. § 9607) and another for contribution (42 U.S.C. § 9613) when distinct PRPs are involved. Plaintiff is not re-litigating the same claims—AFFF manufacturers and local dischargers are different categories of responsible parties, with different defenses and proof burdens. The JPML precedents Defendants cite involved plaintiffs suing the same manufacturing defendants for the same conduct

6

in separate complaints for AFFF-related and non-AFFF PFAS contamination. Here, by contrast, there is no overlap between the defendants named in this case, all of whom are entities located in Wausau, Wisconsin, and the nationwide manufacturers of AFFF and its components that Plaintiff sued in its earlier action that is now pending in the MDL. As Plaintiff emphasized in its motion, "neither the defendant AFFF manufacturers nor the United States are named defendants" and the "contamination of drinking water due to the release of [AFFF] is not at issue in this case." Memo. of Law ISO Pl.'s Mot. to Remand at 2, Dkt. No. 110-1 (D.S.C. Sep. 8, 2025) ("Mot.").

Overlap in labels does not equal overlap in facts. CERCLA and nuisance claims arising from paper-mill discharges have no factual overlap with claims asserted against the manufacturers of AFFF and its components. Defendants rely on the correct but entirely irrelevant point that Plaintiff's causes of action include some common law tort claims as well as its CERCLA claims. They include a chart of their own design which suggests that the inclusion of general and common causes of action in tort law make this non-AFFF action overlap with Plaintiff's claims in the MDL. But they do not explain how or why the mere overlap of general principles of tort law requires coordinated litigation where the claims at issue are asserted against entirely different groups of defendants. For example, Plaintiff's inclusion of a "negligence" claim does not mean this case must be litigated along with every other negligence claim Wausau may bring in the past or future, regardless of the defendants or underlying facts.

In *Town of East Hampton II*, this Court squarely rejected Defendants' logic, holding that local contamination actions warrant remand because they "will not benefit from adjudication of common MDL issues" and present "no risk of inconsistent rulings or duplicative discovery." Order at 6. Defendants continue this sophist argument to try to distinguish this Court's ruling in *Town of East Hampton II*; this is the classic distinction without a difference. The fact that the issue of tort

7

claims was not raised in *Town of East Hampton II* does not impact the analysis the Court followed in remanding that action. The presence of general tort theories is immaterial; what matters is that their causation allegations, defendants, and evidence are unrelated to the MDL's product-liability focus.

If anything, this case presents facts and circumstances that provide an even stronger basis for remand than those that existed in *Town of East Hampton II*. That case alleged contamination from AFFF use at the East Hampton Airport, a site which presumably *could* have been impacted by the product identification discovery this Court ordered in CMO 32. Here, the Plaintiff does ***not*** allege any AFFF-related PFAS contamination—let alone any such contamination at an airport that could have been impacted by CMO 32-related discovery—but has instead brought claims against a paper mill, paperboard companies, a metal scrap yard and shredder, and a landfill, among others, for releases of various types of PFAS from their facilities, not just PFOA and PFOS from AFFF use. Moreover, Plaintiff's decision to do so was not a "tactical effort to split its claims" but merely reflects that the group of PFAS detected in Plaintiff's drinking water system is broader than the two PFAS at issue in the MDL.

      **C.**    **There is Little Chance Of Overlapping Discovery Between This Action and Any Future Proceedings In the AFFF MDL**

Defendants' argument that the discovery in this this case will necessarily overlap with discovery being done in the MDL fundamentally misunderstands the MDL's intended scope. Although Plaintiff has a separate action against the manufacturers of AFFF and its components, that does not mean every claim Plaintiff has arising from PFAS contamination—even against unrelated industrial polluters—belongs in the AFFF MDL. As this Court recognized in *Town of East Hampton II*, the "global issues being adjudicated in this MDL" include "the government contractor defense, AFFF product identification, manufacturer knowledge of AFFF/PFAS harms,

8

United States government knowledge of AFFF/PFAS harms, manufacturer warnings of AFFF, and the United States government use of AFFF." Order at 4. But like *Town of East Hampton II*, Plaintiff's claims in this case neither invoke nor require discovery concerning any of those "global" issues. Rather, discovery in this case will concern local operations, permits, and disposal practices, uniquely documented under Wisconsin DNR and EPA Region 5 files—not national AFFF manufacturing records. Defendants' attempt to characterize this as "fungible PFAS" ignores that CERCLA imposes site-specific strict liability, making this case inherently *sui generis*.

Most egregious is Defendants' suggestion that this action may overlap with the product identification discovery this Court ordered in CMO 32. As the Court is aware, that discovery is designed to identify which of the manufacturing defendants' products were used at sites where the plaintiff is alleging that AFFF use has resulted in PFAS contamination. Specifically, the Court explained the parameters of the CMO 32 cases as follows:

> These sites will include sites in this complex MDL where the owner of the site alleges damages to real property where Aqueous Film-Forming Foam ("AFFF") is alleged to have been released or discharged (hereinafter referred to as "Real Property Product ID Site"). It is presumed that these Real Property Product ID Sites shall primarily include airports and certain fire training centers and/or other locations where AFFF was used. The Real Property Product ID Sites shall only include sites on which AFFF was alleged to have actually been used and, conversely, shall not include sites where the source of alleged PFAS contamination is from a different location or locations.

CMO 32 at 1, Dkt. No. 6571 (D.S.C. Jan. 15, 2025).

Defendants offer nothing to suggest that Plaintiff's property has or will be selected as a CMO 32 site. Indeed, none of the sites selected for CMO 32 discovery are located in the State of Wisconsin, nor do any selected sites have any connection to Plaintiff's claims in this case. *See* Order Regarding Parties' Designated Real Property Product ID Sites, Dkt. No. 6892 (D.S.C. Apr. 1, 2025). Thus, there is no discovery to be conducted in those proceedings that would impact

9

Plaintiff's claims against local defendants who are not involved in the manufacture of AFFF or its components.

Neither will the MDL's coordinated CERCLA proceedings affect Plaintiff's claims against such local defendants. As this Court knows, while there are pending CERCLA claims being actively litigated in this MDL, at present they only include CERCLA claims brought against the United States government for the use of AFFF at military installations. Indeed, as this Court found in *Town of East Hampton II*, "none of the CERCLA discovery at those sites will be relevant to the [City of Wausau's] claims against local Defendants or overlap with discovery in this member case." Order at 5. Moreover, CERCLA itself has built in measures for Defendants to seek contribution if they feel others are also at fault. *See* CERCLA § 113(f), 42 U.S.C. § 9613(f). In fact, Defendants have already utilized this tool; recently, certain defendants filed counterclaims for CERCLA contribution under 42 U.S.C. § 9613(f).

Finally, with respect to Plaintiff's earlier claims against the manufacturers of AFFF and its components, there is no meaningful chance of discovery in that case overlapping with discovery in this case. For one thing, Plaintiff has resolved its claims against a number of the major defendants in that case via settlement. But even its claims against non-settling manufacturers of AFFF and its components are unlikely to be the subject of any future discovery that would overlap with this case. Specifically, at a status conference held on July 19, 2024, the Court said:

> Now, I want the parties to understand a couple of things. Organization of a -- scheduling of a bellwether is a strategic call. It takes a great deal of the Court's time as well as the lawyer's time. And it's for a purpose. And we did -- we had a bellwether for the 3M and Dupont cases. And then we had a bellwether for the telomer cases. And the major telomer manufacturers, the large ones, have now reached a water district settlement.
>
> I want people to understand that I'm not going to do another bellwether on these -- for these defendants, telomer defendants on a water district case. We're moving on, folks. We've got PI cases. We've got sovereign

10

>immunity cases. We've got government – we've got sovereign cases. We've got government immunity cases. We've got lots of things, as they say here, a lot of fish to fry.

July 19, 2024 Status Conf. Tr. at 5:6-21, attached to this reply brief as Exhibit A.

Now, Defendants have attempted to throw another fish on the grill, to use the Court's metaphor. They do so knowing that the Court has no intention of conducting further discovery in Plaintiff's pending case, or any other water provider claim. Yet they claim the possibility that some putative discovery process might affect those water provider actions, and that this should prevent these unrelated defendants from ever having to face accountability for their actions. The Court need not and should not allow non-AFFF defendants like those named in this case to use this Court as a shield to delay the pursuit of justice against them. Accordingly, this case should be remanded to the Western District of Wisconsin. *See In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, No. 08-CV-5440, 2011 WL 1046162, at *4.

## III.  CERCLA's Statutory Purpose Favors Prompt Local Adjudication

CERCLA's "chief aim" is "the quick and efficient cleanup of hazardous materials." Keeping this local remediation case in an MDL designed for AFFF product litigation frustrates CERCLA's goals and burdens municipal ratepayers. Remand allows immediate progression toward remedial design, cost recovery, and contribution cross-claims among local parties—all essential to the cleanup effort in Wausau. The longer the stay in the MDL persists, the longer the contamination remains unresolved, directly contravening *Key Tronic Corp. v. United States*, 511 U.S. 809 (1994) and *Atl. Research Corp.*, 551 U.S. 128 (2007).

This Court's time should remain devoted to bellwether and global-settlement AFFF cases, not site-specific Wisconsin disputes. If such purely local cases remain, "the docket could continue to expand as similar CERCLA cases are filed and transferred," undermining the MDL's efficiency. Decentralizing liability by holding local polluters accountable reduces systemic pressure on AFFF

11

manufacturers, addressing the concern the Court itself raised at the July 19, 2024 status conference. All defendants reside in or near the Western District of Wisconsin, making that district the natural forum under 28 U.S.C. § 1391.

## **CONCLUSION**

For the reasons set for above and in the City's motion, good cause exists for the Court to **recommend and suggest to the JPML** that it remove the City's case from the MDL and REMAND it to the Western District of Wisconsin, together with such other and further relief the Court deems just and proper. Finally, if for any reason the Court declines to remand this action, Plaintiff request the Court direct the parties to submit a Case Management Order regarding discovery in this action so that Plaintiff will not be prejudiced by further delay.

Dated: October 14, 2025                                  Respectfully submitted,

                                                                              */s/ James L. Simpson*
                                                                              James L. Simpson, Esq.
                                                                              Andrew W. Croner, Esq.
                                                                              Nicholas H. Mindicino, Esq.
                                                                              **NAPOLI SHKOLNIK**
                                                                              360 Lexington Avenue, 11th Floor
                                                                              New York, New York 10017
                                                                              Tel. (212) 397-1000
                                                                              jsimpson@NapoliLaw.com
                                                                              acroner@napolilaw.com
                                                                              nmindicino@napolilaw.com

                                                                              Paul J. Napoli, Esq.
                                                                              Hunter J. Shkolnik, Esq.
                                                                              Coral M. Odiot, Esq.
                                                                              **NAPOLI SHKOLNIK**
                                                                              1302 Avenida Ponce de León
                                                                              Santurce, Puerto Rico 00907
                                                                              Tel. (833) 271-4502
                                                                              pnapoli@nsprlaw.com
                                                                              hunter@nsprlaw.com
                                                                              codiot@nsprlaw.com