**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No.: 2:18-mn-2873-RMG |
| | This Document Relates to: |
| | *Grand Strand Water and Sewer Authority v. AGC Chemicals Americas, Inc., et al., No.: 2:25-cv-11180-RMG* |
| | *And any other case filed hereafter* |

**GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE
DEFENSES OF DEFENDANT SAMPSON COUNTY DISPOSAL, LLC**

Defendant Sampson County Disposal, LLC ("Sampson County"), by its undersigned counsel, and pursuant to Case Management Order No. 20, hereby submits its General Denial and Preliminary Statement of Affirmative Defenses. This General Denial and Preliminary Statement of Affirmative Defenses does not waive Sampson County's right to separately and fully answer, file a motion, or otherwise respond to any Complaints, including Amended Complaints, which may be filed by Plaintiff. In making this Statement, Sampson County reserves all rights to file a motion under Federal Rule of Civil Procedure 12 and to assert any crossclaims, counterclaims, or other third-party actions.

**GENERAL DENIAL**

Pursuant to Rule 8(b)(3), Fed. R. Civ. P., Sampson County denies each and every material allegation and claim asserted against it in the Complaint filed against it by Grand Strand Water and Sewer Authority ("Grand Strand") and demands strict proof of all such allegations and claims as required by law. Sampson County denies that this Court may exercise personal jurisdiction

1

over it because Sampson County is a resident of North Carolina and the Complaint does not allege that Sampson County engaged in any conduct in, or directed at, South Carolina.

Sampson County further denies that Grand Strand has stated any valid claims against it. This dispute is not ripe for judicial review and Grand Strand has suffered no damages. Additionally, each of Grand Strand's causes of action fail for addition reasons, including that Sampson County is not alleged to control the source of the alleged nuisance; the alleged contamination of riverways affects the general public and cannot support a claim for private nuisance; PFAS molecules are "intangible" matter that as a matter of law cannot constitute a trespass; Grand Strand has no claim for trespass because the PFAS only allegedly entered its property as a result of its own actions; Sampson County owes no duty to Grand Strand and therefore cannot be liable for negligence; and Grand Strand does not allege that it suffered any physical injury or property damage as required for a valid negligence claim.

Sampson County reserves the right to supplement or amend this General Denial and to more fully respond to the Complaint if an Answer is required at a later date.

## PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES

Sampson County does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the below defenses. Notwithstanding its enumeration of the specific defenses below, Sampson County preserves all defenses available to it under Rules 8 and 12 of the Federal Rules of Civil Procedure. All of the enumerated defenses are pled in the alternative, and none constitutes an admission that Sampson County is liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. Sampson County reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state for which

substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

Without admitting or acknowledging that it bears the burden of proof or persuasion with respect to any of the following defenses, and while pleading all defenses in the alternative, Sampson County states the following affirmative defenses:

1.     Grand Strand's claims should be dismissed because the Court lacks personal jurisdiction over Sampson County.

2.     Grand Strand has failed to state facts sufficient to constitute a cause of action and the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3.     Grand Strand's claims are barred because it has failed to name necessary and indispensable parties in the Complaint.

4.     Grand Strand's claims are barred by the free public services doctrine.

5.     Grand Strand's claims are barred by the applicable statutes of limitations.

6.     Grand Strand's claims are barred by the applicable statutes of repose.

7.     Grand Strand's claims are barred by the doctrine of laches.

8.     Grand Strand's claims are barred by the doctrine of contributory negligence and/or comparative fault.

9.     Upon information and belief, Grand Strand's injuries, damages, or losses, if any, were directly and proximately caused by the intervening acts, superseding acts, and conduct of

others, including Grand Strand, over which Sampson County had no control, thereby precluding any recovery against Sampson County.

10.     Grand Strand's claims are barred by the doctrine of primary jurisdiction.

11.     Grand Strand's claims are barred by the economic loss rule.

12.     Grand Strand's claims are preempted or otherwise precluded by State and Federal law, including but not limited to the Safe Drinking Water Act, 42 U.S.C. §§ 300f to 300j, the Clean Water Act, 33 U.S.C. § 1251 *et seq*., the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq*., and the South Carolina Hazardous Waste Management Act, S.C. Code Ann. § 44-56-10 *et seq*.

13.     Sampson County's actions have at all times been pursuant to express permits and directives of various state and federal regulatory agencies with which Sampson County has at all relevant times and parameters been fully compliant.  Accordingly, Sampson County pleads license as an affirmative defense to Grand Strand's claims.

14.     Grand Strand's claims are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, or abstract dispute.  Grand Strand alleges that it will be required to incur costs at some future date when the State or United States Environmental Protection Agency will require it to upgrade its systems to treat PFAS.  Until these costs are incurred, Grand Strand cannot recover.

15.     Further, Grand Strand's claims are premature to the extent that neither the State nor the United States Environmental Protection Agency have set final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

16.     Grand Strand lacks standing, in whole or in part, under the United States

Constitution, the Constitution of South Carolina, state and federal statutes, and common law to bring the claims set forth in the Complaint.

17.     Grand Strand lacks standing to bring an action for trespass because Grand Strand has no ownership over and is not entitled to exclusive possession of various property and water bodies referenced in the Complaint, and because Grand Strand cannot establish unreasonable or substantial damage to the resource.

18.     Grand Strand has not demonstrated or pled a legally cognizable injury in the Complaint that is capable of redress.

19.     Grand Strand's claims for alleged injuries and damages are barred, in whole or in part, because the claims for damages are speculative and conjectural.

20.     Pursuant to S.C. Code Ann. § 15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

21.     Sampson County is entitled to a set-off and/or credit of any monies or proceeds received by or on behalf of Plaintiff as a result of the claims alleged in the Complaint, regardless of the source of such monies, prior to any dismissal of or judgment in this matter.

22.     Grand Strand's claims for punitive damages are violative of both the United States Constitution and the South Carolina Constitution, and Sampson County pleads that sections 15-32-530 *et seq.*, of the South Carolina Code provide a cap to punitive damages potentially available in this matter.

23.     To the extent a response is required to any Prayer for Relief in the Complaint, Sampson County denies that Grand Strand is entitled to any relief against Sampson County. Sampson County further denies any allegations not expressly admitted, subject to the caveats provided above.

Sampson County reserves the right to supplement or amend this Preliminary Statement of Affirmative Defenses and reserves the right to rely on any affirmative defenses stated or pleaded by any other defendant in this action or in the MDL that may be applicable to the claims against it.

**WILLIAMS MULLEN**

By: s/ John G. Tamasitis
Richard H. Willis (SC Bar No.: 6159)
John G. Tamasitis (SC Bar No.: 101875)
1230 Main Street, Suite 330
Columbia, SC 29201
Tel:  803.567.4615
Fax:  803.567.4601
rwillis@williamsmullen.com
jtamasitis@williamsmullen.com

*and*

**TAFT STETTINIUS & HOLLISTER**

Philip L. Comella (Ill. Bar No.: 6185243)
Ryan G. Rudich (Ill. Bar No.: 6310060)
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
Tel. 312.527.4000
Fax: 312.527.4011
pcomella@taftlaw.com
rrudich@taftlaw.com

*Counsel for Defendant Sampson County Disposal, LLC*

October 17, 2025
Columbia, South Carolina