# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) MDL No. 2:18-mn-2873-RMG )  ) **GENERAL DENIAL AND** ) **PRELIMINARY STATEMENT OF** ) **AFFIRMATIVE DEFENSES OF** ) **DEFENDANT AMERICHEM INC.** )  ) **This Document Relates to:** ) **2:25-cv-11725-RMG** ) |

    Defendant Americhem, Inc. ("Americhem") hereby responds to all relevant Complaints filed by all relevant Plaintiffs ("Plaintiffs") and pending in the MDL as follows:

## **GENERAL DENIAL**

    Pursuant to Federal Rule of Civil Procedure 8(b)(3), Americhem denies each and every allegation set forth in the Complaints, and the whole thereof, and each and every alleged cause of action therein, and Americhem demands strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Americhem further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. Americhem further denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or omission on the part of Americhem or anyone acting on its behalf. Americhem reserves the right to assert crossclaims and/or third-party claims.

## **AFFIRMATIVE DEFENSES**

    Americhem hereby asserts the following affirmative defenses in response to the averments in the Complaint filed in the above-captioned action:

1. The Complaint fails to state a claim upon which relief can be granted against Americhem.

2. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks subject matter and personal jurisdiction over Americhem, and the Complaint should therefore be dismissed under Rule 12(b)(1) and Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3. Plaintiffs' claims are barred or limited for lack of standing.

4. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitation.

5. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

6. The Complaint, and each cause of action or count alleged therein, fails to join all necessary and indispensable parties.

7. The Complaint fails to allege any grounds for piercing the corporate veil or otherwise imposing vicarious liability on Americhem.

8. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

9. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiffs are not the real party in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae*.

10. Plaintiffs' claims are not ripe and/or have been mooted.

11. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to exhaust administrative remedies.

12. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

13. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

14. Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata/claim preclusion and collateral estoppel/issue preclusion.

15. Any injuries and/or damages alleged to have been sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Americhem had no control or right of control and for whom Americhem is not responsible, including, but not limited to, intervening cause and/or superseding causes.

16. Plaintiffs' claims are barred, in whole or in part, by the doctrine of election of remedies.

17. Plaintiffs' claims are barred, in whole or in part, under applicable common law or statutory doctrines, including, but not limited to, avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

18. Plaintiffs' claims are barred, in whole or in part, because Americhem used proper methods in handling disposed/discharged materials in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art practices in existence at the time.

19. Plaintiffs' claims are barred, in whole or in part, because any alleged levels of alleged contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

20. Plaintiffs' claims are barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Americhem that are the subject of Plaintiffs' claims. Americhem is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

21. The claims against Americhem fail because it does not exercise sufficient control over the alleged nuisance causing property damage and do not exercise sufficient control over the instrumentality of the alleged nuisance.

22. The claims against Americhem fail because there was no intentional act by Americhem that would support a claim for trespass.

23. Plaintiffs' claims are barred, in whole or in part, under the doctrine of Federal and State Preemption and primary jurisdiction, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

24. Plaintiffs' claims are, or may be, barred to the extent the "permit shield" doctrine and "federally permitted release" defense applies, because any leachate was discharged to waste water treatment plants ("WWTPs") pursuant to lawful permits.

25. Plaintiffs' strict liability claims, if any, are barred to the extent strict liability is not (or was not during the applicable time period) recognized as a cause of action under applicable law.

26. Americhem asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its right to a proportionate reduction of any damages found against Americhem based on the negligence or conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

27. There are no allegations against Americhem stated with sufficient particularity to constitute a cause of action for fraud, fraudulent misrepresentation, concealment, intentional or willful acts or the like which would meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

28. Plaintiffs' claims against Americhem are barred or limited by the economic loss rule.

29. Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

30. Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, and/or release.

31. Plaintiffs have alleged an injury that, as a matter of law, does not support a recovery in tort.

32. To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

33. Plaintiffs' claims are barred, in whole or in part, because Americhem did not owe a legal duty to Plaintiffs or, if it owed such a duty, it did not breach and/or fully discharged that duty.

34. Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, Americhem exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

35. Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Americhem proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

36. Americhem affirmatively alleges that recipients of the disposed/discharged materials (including without limitation leachate) understood and accepted the nature/contents of the materials.

37. Plaintiffs' claims for alleged injuries and damages are barred, in whole or in part, because the claims are speculative, uncertain, and conjectural.

38. Plaintiffs' claims are barred, in whole or in part, under the doctrines of contributory negligence, comparative negligence, and/or related doctrines available under applicable law.

39. Americhem denies any liability, but in the event Americhem is found to have any liability to Plaintiffs, Americhem is entitled to offset against any such liability on its part for the greatest of: (i) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages, and expenses alleged in the Complaint; (ii) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or

hereafter for any of the injuries, costs, damages, and expenses alleged in the Complaint; or (iii) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages, and expenses alleged in the Complaint; and any payment, monies, grants, or other assistance from any federal, state, or local governmental entity or non-governmental entity related to the upgrade or improvement of Plaintiffs' water systems to remove or reduce PFAS or other such chemicals.

40. Americhem cannot be held jointly and/or severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct, and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of Americhem.

41. Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any of Americhem's disposed/discharged materials.

42. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that they were exposed to a sufficient concentration or amount of PFAS, and/or for a sufficient duration, which has been reliably established, through scientific means, to be capable of causing their alleged injuries.

43. Plaintiffs' claims are barred, in whole or in part, because Americhem acted reasonably and in good faith.

44. Plaintiffs' damages, if any, were caused or contributed to by third parties over whom Americhem has no control and no legal duty to control.

45. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek to retroactively impose liability for conduct that was not actionable at the time it occurred, and

Americhem may not be held liable under retroactive theories not requiring proof of fault or causation.

46.  Any damages Plaintiffs may have suffered were not reasonably foreseeable by Americhem at the time of the conduct alleged.

47.  Plaintiffs' claims are barred, in whole or in part, because Americhem neither knew, or should have known, that any of the substances to which Plaintiffs were allegedly exposed constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Americhem at all times relevant to the claims or causes of action asserted by Plaintiffs.

48.  Americhem is entitled to all the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

49.  The Complaint fails to state a claim upon which punitive or exemplary damages may be awarded.

50.  Americhem did not engage in any conduct which would warrant or form a valid basis for award of punitive damages.

51.  Plaintiffs have failed to plead adequately and/or allege that Americhem acted with the requisite state of mind to warrant an award of punitive damages.

52.  Americhem has complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the Complaint, and, therefore, to the extent that consideration is given to Plaintiffs' claims, punitive damages are unwarranted in law and fact.

53. Punitive damages are not available because all conduct and activities of Americhem related to matters alleged in the Complaint conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

54. Punitive damages are not available because Americhem neither knew nor should have known that the substances to which Plaintiffs were allegedly exposed constituted a reasonable or foreseeable risk of physical harm, and Americhem therefore lacked notice that its conduct was unlawful or subject to punishment and an award of punitive damages would violate Americhem's constitutional right to due process.

55. Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and any other applicable provisions of the Constitution or any other state whose laws may apply.

56. Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which Americhem cannot be held responsible.

57. Americhem does not own or operate the facility or conduct the activities that are the subject of the Complaint.

58. To the maximum extent allowed by applicable law, Americhem is entitled to recover its costs and attorneys' fees incurred in defending Plaintiffs' claims.

59. Plaintiff's claim for attorneys' fees fails because there is no contractual, statutory, or other basis for an award of attorneys' fees in this lawsuit against Americhem.

60. Plaintiff's claims are barred because Americhem does not contribute any PFAS to its discharge from its facility.

61. Americhem hereby adopts and incorporates the affirmative defenses set forth by its co-defendants in this case.

62. Americhem reserves the right to assert additional defenses based upon information learned during the course of this litigation and/or through discovery in this action.

Americhem does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative, and none constitutes an admission that Americhem is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Americhem reserves the right to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any answer or disclosure of affirmative defenses of any defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

Dated: October 28, 2025

CALFEE, HALTER & GRISWOLD LLP

*/s/ Christopher M. Ward*
CHRISTOPHER M. WARD (Ohio Bar # 0076293)
CHRISTOPHER JONES (Ohio Bar # 0046959)
1200 Huntington Center, 41 S. High Street
Columbus, Ohio 43215
Tel: 614-621-1500; Fax: 614-621-0010
cjones@calfee.com; cward@calfee.com

RONALD M. McMILLAN (Ohio Bar # 0072437)
KELSEY L. BAUGHMAN (Ohio Bar # 0101429)
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Tel: 216-622-8200; Fax: 216-241-0816
rmcmillan@calfee.com; kbaughman@calfee.com

*Counsel for Defendant Americhem, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2025, I electronically filed the foregoing with the Court's CM/ECF system, which was electronically served upon all counsel of record.

/s/ *Christopher M. Ward*
Christopher M. Ward (Ohio Bar # 0076293)

*Counsel for Defendant Americhem, Inc.*