IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG<br><br>**ORDER**<br><br>This Order Relates to<br>Case No. 2:20-cv-1889-RMG |

Before the Court is Plaintiff's motion to amend the complaint. (Dkt. No. 8051). The motion is authorized by Plaintiffs' Co-Lead Counsel. (*Id.* at 3).

**I.     Background**

Plaintiff seeks leave to "add property damage claims against Tyco/Chemguard and BASF solely for the PFAS contamination that exists at the Tampa Fire Rescue Training Center." (*Id.* at 2). "Pursuant to L.R. 7.02, Plaintiff's counsel conferred with counsel for Tyco/Chemguard and BASF on the relief requested in this motion. Reserving all rights and defenses, Tyco/Chemguard and BASF consent to the filing of this motion and the relief it requests.". (*Id.* at 3).

**II.    Legal Standard**

After the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The district court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). The "district court may deny a motion to amend when the amendment would be prejudicial to the

opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602-03 (4th Cir. 2010).

### III. Discussion

Having carefully reviewed the proposed amended complaint and considered the basis for its allegations, the Court finds that the permissive standard imposed by Rule 15(a) allows for amendment in these circumstances. There is no indication that amending would prejudice the current defendants. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("[A]bsence of prejudice, though not alone determinative, will normally warrant granting leave to amend."). There is similarly no reasonable basis to find that Plaintiff seeks to amend in bad faith. Accordingly, leave to amend is warranted.

### IV. Conclusion

For the foregoing reasons, the motion to amend (Dkt. No. 8051) is **GRANTED** and Plaintiff is directed to promptly file the amended complaint.

**AND IT IS SO ORDERED.**

    s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 4, 2025
Charleston, South Carolina