# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | MDL NO. 2:18-mn-2873-RMG<br><br>This Document Relates To:<br><br>***The Water Works Board of the City of Opelika, Alabama v. 3M Company et al.*, No. 2:25-cv-12928-RMG**<br><br>And all cases filed hereafter |

## DEFENDANT WEST POINT FOUNDRY AND MACHINE COMPANY'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES

Defendant West Point Foundry and Machine Company ("West Point"), by and through undersigned counsel, and pursuant to Case Management Order No. 20, hereby responds to the Verified Complaint in the above related case, *The Water Works Board of the City of Opelika, Alabama v. 3M Company et al.*, No. 2:25-cv-12928-RMG, and to any and all Complaints filed by any and all Plaintiffs and pending in the MDL in which West Point has been named as a defendant and to any other Complaint filed by any other Plaintiff against West Point that becomes subject to the administration of this MDL (hereinafter all such complaints or amended complaints filed against West Point are referred to collectively as "Complaint" or "Complaints" and the plaintiffs in those Complaints are referred to collectively as "Plaintiffs"), as follows:

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), West Point denies each and every allegation set forth in Plaintiffs' Complaints, the Complaints as a whole, and each and every cause of action alleged in the Complaints. West Point demands strict proof of those causes of action by

1

a preponderance of the evidence and/or by clear and convincing evidence as required by law. West Point also denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted; denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all; and denies that Plaintiffs are entitled to relief of any type, by reason of any act, breach, or omission on the part of West Point or anyone acting on its behalf.

## AFFIRMATIVE DEFENSES

West Point asserts the following affirmative defenses in response to the allegations in each of Plaintiffs' Complaint, or Complaints filed or consolidated in the above-captioned action:

1. The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against West Point.

2. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks personal jurisdiction over West Point, and the Complaint should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3. Plaintiffs' claims are barred or limited for lack of standing.

4. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

5. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

6. The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

7. Plaintiffs' claims against West Point should be dismissed because West Point did not design, market, sell, advertise, distribute, or use PFAS, and is not the successor to any corporation that may have designed, marketed, sold, advertised, or distributed any PFAS.

2

8. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

9. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiffs are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae*.

10. Plaintiffs' claims are not ripe and/or have been mooted.

11. Plaintiffs' claims are premised on alleged conduct that is wholly past and is not likely to be repeated.

12. Plaintiffs' claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

13. Plaintiffs may be barred by the doctrine of unclean hands from all forms or relief sought in the Complaint.

14. Plaintiffs may be barred by the doctrines of estoppel, quasi-estoppel and/or waiver from all forms of relief sought in the Complaint.

15. Plaintiffs' Complaint is barred by and/or the relief requested is unavailable under the doctrines of consent, ratification, unclean hands, unjust enrichment, failure to mitigate damages, release, assumption of the risk, balancing of relative hardships and other equitable doctrines.

16. Plaintiffs may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

17. Plaintiffs' claims are barred, in whole or in part, because West Point did not owe a legal duty to Plaintiffs, or if it owed such a duty, did not breach and/or fully discharged that duty.

18. Plaintiffs' claims are barred in whole or in part because Plaintiffs had prior knowledge of the harms alleged, if any, and assumed the risk.

19. Plaintiffs' claims against West Point are barred, in whole or in part, because any damages Plaintiffs may have suffered were not reasonably foreseeable to West Point at the time of the conduct alleged.

20. Any injuries and/or damages sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom West Point had no control or right of control and for whom West Point is not responsible.

21. West Point denies, to the extent the actions alleged may have occurred, that any entity or person engaging in the activities alleged was acting as the agent or servant of West Point, or at the instruction or subject to the control of West Point with regard to any of the actions described in the Complaint. Accordingly, West Point is not liable for any acts or omissions of such third parties as a matter of law.

22. Any injuries and/or damages sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

23. Plaintiffs' claims against West Point are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which West Point cannot be held responsible.

24. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

25. Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

26. Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

27. Plaintiffs cannot recover against West Point, because they had the last clear chance to avoid their alleged injuries and damages.

28. Plaintiffs' recovery is reduced or precluded by the doctrines of offset, setoff, and/or recoupment. West Point is entitled to a set-off or credit in the amount of any settlement or compromise reached by Plaintiffs with any other person or entity for any of Plaintiffs' alleged damages.

29. Plaintiffs' claims are or may be barred, in whole or in part, because West Point used proper methods in its operations in conformity with (i) federal and state regulations, standards specifications, and laws in effect; (ii) available knowledge and research of scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and/or (iv) the state of the art in existence at the time the design was prepared and the operations conducted.

30. Plaintiffs' claims are or may be barred, in whole or in part, because any alleged levels of contamination in any West Point discharge did not exceed any applicable laws or binding regulatory standards at the relevant times.

31. To the extent any levels of PFAS contamination in water drawn, used, or distributed by Plaintiffs exceeded any applicable laws or binding regulatory standards, no West Point act or omission proximately caused such exceedance.

32. Plaintiffs' claims are barred because the injuries allegedly sustained by Plaintiffs, if any, are too removed, indefinite, *de minimis* in nature and have not created any danger to the environment, public health and safety, or human welfare.

33. Plaintiffs' claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, licensed, permitted or were aware of and acquiesced in actions by West Point that are the subject of Plaintiffs' claims. West Point is not responsible or liable for any acts or omission undertaken by or at the direction of any governmental authority or agency.

34. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

35. Plaintiffs' claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

36. Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than West Point, and in the event that West Point is found to be liable to Plaintiffs, West Point will be entitled to indemnification, contribution, and/or apportionment.

37. West Point asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its right to a proportionate reduction or elimination of any damages

found against West Point based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

38.     Plaintiffs' claims against West Point are barred or limited by the economic loss rule.

39.     Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures, which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

40.     Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

41.     Plaintiffs' claims are or may be barred in whole or in part under the free public services doctrine or municipal cost recovery rule.

42.     Plaintiffs' claims are or may be barred for lack of proximate causation between any alleged act or omission of West Point and their claims, damages, and harm alleged in the Plaintiffs' Complaint.

43.     Plaintiffs' claims for trespass or nuisance are or may be barred in whole or in part because any alleged trespass or nuisance was unintentional, unforeseen, a necessity, and/or *de minimis* and therefore non-compensable.

44.     Plaintiffs' claims for trespass or nuisance are or may be barred in whole or in part because West Point's acts and omissions, if any, were legally authorized, licensed, or permitted and in compliance with all applicable industry and government standards and regulations, and lawful actions cannot constitute a nuisance.

45. Plaintiffs' claims for nuisance are or may be barred in whole or in part because Plaintiffs have not suffered an injury, if any, that is separate and distinct from the general public.

46. Plaintiffs' claims are or may be barred in whole or in part due to a lack of privity between the Plaintiffs and West Point.

47. During the West Point activities referenced by Plaintiffs in their Complaints, West Point was operating in compliance within all applicable industry and government standards and regulations, consistent with industry custom and the applicable standard of care, and/or were reasonable as a matter of law.

48. Plaintiffs' claims for attorneys' fees fail because a bona fide controversy exists between Plaintiffs and West Point, and West Point has not acted in bad faith, been stubbornly litigious, nor caused the Plaintiffs unnecessary trouble and expense.

49. Plaintiffs' claims for punitive or exemplary damages are or may be barred or limited to the extent they violate West Point's due process and other constitutional rights under the U.S. Constitution, the Alabama Constitution, any other applicable state constitution(s), and any other applicable federal and state law.

50. West Point is entitled to all caps and limitations provided by applicable state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

51. Any injuries allegedly sustained by Plaintiffs, if any, would be adequately compensated by an award of damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable or injunctive relief.

52. Plaintiffs failed to plead the applicable elements to their stated causes of action. Therefore, their Complaint must be dismissed.

53. Plaintiffs failed to plead facts sufficient to state a claim to relief that is plausible on its face, as required by *Bell Atlanta Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Therefore, their Complaint must be dismissed.

54. West Point reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

55. West Point adopts by reference any additional applicable defense pled by any other defendants not otherwise pleaded herein.

56. West Point adopts by reference any additional applicable defense asserted by other defendants prior to transfer in any case transferred to this MDL.

## **RESERVATION OF RIGHTS**

West Point does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitutes an admission that West Point is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. West Point reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert such defenses.

West Point does not waive and expressly reserves its right to separately and fully answer Plaintiffs' Complaints, file any motion, counterclaim, cross-claims and/or third party claims, or

otherwise respond to Plaintiffs' Complaints in accordance with any Order set by this Court, or another Court in the event any of these cases are remanded.

Respectfully submitted this 8th day of December, 2025.

        **KAZMAREK MOWREY CLOUD LASETER LLP**

        /s/ D. Bart Turner
        D. Bart Turner (AL Bar No. ASB-0051-N75T)
        J. Alan Truitt (AL Bar No. ASB-5068-T82J)
        Evan A. Ward (AL Bar No. 1239L88Z)
        KAZMAREK MOWREY CLOUD LASETER LLP
        105 Office Park Drive
        Suite 101
        Birmingham, AL 35233
        T: (205) 777-7972
        bturner@kmcllaw.com
        atruitt@kmcllaw.com
        eward@kmcllaw.com

        *Counsel for Defendant West Point Foundry and Machine Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 8, 2025 a copy of the foregoing was filed electronically using the Court's Case Management/Electronic Case Filings System (CM/ECF). Notice of and access to this filing will be provided to all parties through CM/ECF.

<u>/s/ D. Bart Turner</u>
D. Bart Turner