IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) MDL No.: 2:18-mn-2873-RMG  CASE MANAGEMENT ORDER NO. 37  This Order Relates to All Actions |

### CASE MANAGEMENT ORDER NO. 37

Since the early days of this MDL, the Court has imposed certain basic requirements on Plaintiffs with respect to the disclosure of facts and documents relevant to their claims. As relevant to this Order, beginning with Case Management Order No. 5, the Court has required all Plaintiffs asserting personal injury claims in this MDL to submit a Personal Injury Plaintiff Fact Sheet. In late 2024, the Court determined that additional information should be provided to Defendants, resulting in the entry of Case Management Order Nos. 31, 31A, 31B (governing the submission of Plaintiff Profile Forms), and 5G (adopting an Amended Personal Injury Plaintiff Fact Sheet). At the same time, the Parties agreed, and the Court Ordered, that all Plaintiff Profile Forms and Amended Personal Injury Plaintiff Fact Sheets shall be submitted through an electronic MDL Portal maintained by Eisner Advisory Group. *See* CMO Nos. 5G & 31; Dkt. No. 6444. Finally, in August 2025, the Court issued Case Management Order No. 35, imposing additional information and documentation requirements for all Plaintiffs in this MDL asserting a personal injury claim who filed their case on or after March 1, 2025.

The Court has determined that a number of Plaintiffs asserting personal injury claims in

1

this MDL have not complied with the Applicable CMOs[1] governing the submission of Amended Personal Injury Plaintiff Fact Sheets, Plaintiff Profile Forms, and/or relevant requirements under CMO 35 and CMO 5G.  While CMO 5 established the process to challenge deficiencies, CMO 35 excluded from that process cases filed from March 1, 2025 to September 10, 2025.  Further, the Court understands that the Defendants allege continued non-compliance with CMO 5 and/or 31 requirements for cases filed before March 1, 2025. The time has now come for this Court to address such non-compliance to ensure the orderly and efficient management of this MDL.

The Court reiterates the requirements of CMOs 5G and 31 mandating that counsel of record for any plaintiffs asserting personal injury claims in this MDL must register for the MDL Portal within 60 days of direct filing or transfer into this MDL of a complaint on behalf of such plaintiff. This applies to all personal injury cases.

Accordingly, **IT IS HEREBY ORDERED THAT**:

**Non-Compliance Lists**

1.     Eisner Advisory Group ("EAG"), the MDL Portal administrator, shall as soon as possible, in consultation with PEC and Defendants' Co-Lead Counsel, implement a process by which non-compliance may be alleged, responded to and/or cured through the MDL Portal, and shall publish on the MDL Portal site technical guidance for using this process.  Defendants shall serve upon the individual plaintiff firms and the PEC via this MDL Portal process (or via email to plaintiffs' counsel of record as reflected on the Court's ECF docket if plaintiffs' counsel has not registered for the MDL Portal) Non-Compliance Lists identifying personal injury plaintiffs in this

---

[1] For cases filed on or after March 1, 2025, the "Applicable CMOs" are Case Management Order Nos. 5, 5G, & 35.  For cases filed before March 1, 2025, the "Applicable CMOs" are (i) Case Management Order Nos. 5 & 5G as to Plaintiffs who had not served a Plaintiff Fact Sheet as of December 5, 2024 and (ii) Case Management Order Nos. 5, 31, 31A, & 31B for all Plaintiffs that served a Plaintiff Fact Sheet before December 5, 2024.

MDL that that law firm represents who Defendants believe after investigation have not complied with the Applicable CMOs, and for whom prompt compliance or dismissal is needed. Non-Compliance Lists shall not be served until this process is set forth and established by EAG. The Non-Compliance Lists shall include at least the following:

    a.      Each Plaintiff's name;

    b.      The MDL docket number of the case in which the Plaintiff has been filed;

    c.      If applicable, the unique MDL Portal Number assigned to such plaintiff by the Eisner Advisory Group;

    d.      A unique "Ticket Number" specific to each Plaintiff identified on the Non-Compliance Lists, regardless of whether the Plaintiff has an existing MDL Portal Number;

    e.      If available, the date of birth for the injured party;

    f.      If available, the state of residence of the Plaintiff;

    g.      Plaintiff's counsel for each Plaintiff as listed in the MDL Portal or, for Plaintiffs not registered in the MDL Portal, as identified as counsel of record on the Court's ECF docket; and

    h.      Whether the Plaintiff's case was filed in or transferred to this MDL prior to March 1, 2025;

    i.      The grounds on which Defendants allege the Plaintiff to have failed to comply with the Applicable CMO(s). Solely for purposes of this Order, the valid grounds for inclusion on the Non-Compliance Lists shall be any of the following:

        i.      The Plaintiff failed to submit a Plaintiff Profile Form where

        required under CMO 31 or failed to submit an Amended Personal Injury Plaintiff Fact Sheet in accordance with the Applicable CMOs.

  ii.  The Plaintiff submitted a non-responsive Plaintiff Profile Form or Amended Personal Injury Plaintiff Fact Sheet. A Plaintiff's submission shall be considered non-responsive if it (1) failed to provide a valid name and date of birth such that the Plaintiff cannot be properly identified, (2) failed to identify at least one location of exposure with associated approximate dates of exposure, (3) was otherwise so deficient as to be completely nonresponsive,[2] or (4) is not accompanied by a signed and dated (including those dated via MDL Portal time stamp) Verification of Plaintiff.

    a.  In the event that the only non-compliance which Defendants allege in a Non-Compliance List is the failure to submit a Verification page, Defendants will automatically provide 90 days to submit the Verification before a motion to dismiss may be filed.

  iii.  Solely for Plaintiffs subject to CMO 35, the Plaintiff failed to provide any medical records as required by CMO 35.

  iv.  Solely for Plaintiffs subject to CMO 35, the Plaintiff failed to provide a medical record or records that satisfied the requirements

---

[2] Defendants shall be mindful that the Court has already directed that, with the exception of certain questions as specified in CMOs 5G and 31, only a good faith attempt to answer each question is required. *See* CMO 5G ¶ 7 and CMO 31 ¶ II(B).

identified in Paragraph I.B.1 of CMO 35 (that is, Evidence of Diagnosis). Such record or records may include any medical or insurance record that indicates that plaintiff was diagnosed with or has a past medical history of the alleged injury. Absent special circumstances or ongoing treatment records that might be obtained, it is the presumption that such record or records must have been created, i.e. already existed, prior to the day on which plaintiff filed his or her complaint.

2. The Defense Co-Leads shall serve the Non-Compliance Lists on each individual law firm and contemporaneously with PEC pursuant to Paragraph 1 as soon as is practicable and may serve them on a rolling basis.

**Alleged Non-Compliant Personal Injury Plaintiffs Filed Before March 1, 2025**

3. A Plaintiff whose case was filed in or transferred to this MDL prior to March 1, 2025 shall only be noticed on a Non-Compliance List for failing to submit a Plaintiff Profile Form or Amended Personal Injury Plaintiff Fact Sheet, or for submitting a non-responsive Plaintiff Profile Form or Amended Personal Injury Plaintiff Fact Sheet (paragraph 1(i)(i) and 1(i)(ii) above).

4. Any Plaintiff whose case was filed in or transferred to this MDL prior to March 1, 2025 (and who was therefore not subject to CMO 35) who is identified in a Non-Compliance List served by Defendants pursuant to Paragraph 1 shall have 14 days from the service of that Non-Compliance List, plus any extensions agreed ( the "Cure Period"), to cure any deficiencies noticed by Defendants by submitting compliant materials through the "Plaintiff Cure" tab of the MDL Portal.

5. Before the expiration of the Cure Period, individual Plaintiffs' counsel may reach out to the Defense Co-Leads' designee via the MDL Portal to request an extension of the Cure Period for the Plaintiffs it represents. Defendants shall respond to requests for extensions within the longer of 48 hours or the end of the next business day of request. Any such request shall be supported by a reasonable need as provided by Plaintiffs' counsel. Plaintiffs' counsel are strongly encouraged to cure or dispute alleged non-compliance within the Cure Period in lieu of requesting an extension to the extent possible. Plaintiffs' counsel should not request extensions as a matter of course. Defendants shall not unreasonably withhold reasonable requests for additional time where reasonable need exists.

6. Plaintiffs attempting to cure alleged non-compliance shall do so following the process to be developed by EAG as discussed above. If Defendants dispute whether Plaintiff has cured the alleged non-compliance, they shall respond as such using the EAG designed process before making any motion. To the extent Plaintiff cures the noticed basis for non-compliance, but Defendants allege another basis for non-compliance, Defendants shall issue a new notice as directed above and Plaintiff is entitled to cure the new alleged non-compliance using the same process. However, no Plaintiff is entitled to a second notice of non-compliance or a second Cure Period for non-compliance on the same grounds identified in a prior Non-Compliance List.

7. Following expiration of the Cure Period, Defendants may move to dismiss with prejudice any Plaintiffs not subject to CMO 35 that Defendants have determined to be non-compliant with the Applicable CMOs. Such motions shall be limited to five pages. Defendants shall attempt to consolidate briefing to the extent possible. Defendants shall include in such motion the same information required to be included in the Non-Compliance Lists (see Paragraph 1). Nothing herein prevents or precludes a Plaintiff from curing prior to the motion being filed or

during the pendency of the motion using the MDL Portal process. To the extent Plaintiff purports to cure during the pendency of the motion to dismiss, Defendants shall to the extent possible withdraw their motion to dismiss as to that Plaintiff without prejudice to refiling a new motion to dismiss if Defendants believe the purported cure was ineffective.

8. Within 14 days of the filing of a motion to dismiss filed pursuant to Paragraph 7, subject to any extensions agreed to by the Parties or ordered by the Court, each Plaintiff may oppose such motion by filing an opposition not to exceed five pages. Plaintiffs represented by the same counsel that are making the same or similar arguments in opposition to a motion filed pursuant to Paragraph 7 shall attempt to consolidate briefing to the extent possible. The Parties are strongly encouraged to attempt to resolve as many disputes as possible before bringing them to the Court.

9. Within 14 days of the filing of any opposition(s) pursuant to Paragraph 8 above, Defendants may file a reply to each opposition not to exceed three pages in length. To the extent Defendants are making the same or substantially similar arguments in reply to arguments made by multiple Plaintiffs, they shall attempt to consolidate such replies to the extent possible and will identify all Plaintiffs to which such arguments apply.

10. Upon consideration of Defendants' motion to dismiss filed pursuant to Paragraph 7, any responses filed pursuant to Paragraph 8, and any replies filed pursuant to Paragraph 9 above the Court may dismiss with prejudice all Plaintiffs found to have not complied with the Applicable CMOs as specified in this Order. Defendants shall confer with the PEC and shall submit a proposed order of dismissal that identifies each plaintiff to be dismissed by case number, plaintiff name, and, if available, plaintiff MDL Portal Number. Any claims dismissed pursuant to this Paragraph that are not dismissed with prejudice shall be subject to strict requirements that such claims may

only be refiled by direct filing in this MDL pursuant to Paragraphs 25-29 of CMO No. 3 (Dkt. No. 72)

11. As to any Orders of Dismissal entered pursuant to Paragraph 10, Defendants shall provide the Order(s) of dismissal containing the identity of the dismissed Plaintiffs to EAG. EAG shall mark the Plaintiff's claims dismissed in the MDL Portal and shall attach the Order of Dismissal to the Plaintiff's MDL Portal file. If there is any question as to whether the Dismissal applies to a Plaintiff, the Parties shall, after exhausting all efforts to resolve such dispute, present it to the Court for resolution.

12. Consistent with CMO 5, a Plaintiff may move to reinstate a dismissed claim within fourteen (14) days of a dismissal after submitting a compliant PFS tendered through the MDL Portal. For the avoidance of doubt, any such motion must also comply with all applicable local rules, including but not limited to Local Rule 7.02, and Defendants shall be entitled to respond pursuant to Local Rule 7.06.

**Alleged Non-Compliant Personal Injury Plaintiffs Filed On Or After March 1, 2025**

13. Any Plaintiff whose case was filed in or transferred to this MDL on or after March 1, 2025 who is identified in a Non-Compliance List served by Defendants pursuant to Paragraph 1 shall have 14 days from the service of that Non-Compliance List, plus any extensions agreed to ("Cure Period"), to cure any deficiencies noticed by Defendants by submitting compliant materials through the "Plaintiff Cure" tab of the MDL Portal.

14. Before the expiration of the Cure Period, individual Plaintiffs' counsel may reach out to the Defense Co-Leads' designee via the MDL Portal to request an extension of the Cure Period for the Plaintiffs it represents. Defendants shall respond to requests for extensions within the longer of 48 hours or the end of the next business day of request. Any such request shall be

supported by a reasonable need as provided by Plaintiffs' counsel. Plaintiffs' counsel are strongly encouraged to cure or dispute alleged non-compliance within the Cure Period in lieu of requesting an extension to the extent possible. Plaintiffs' counsel should not request extensions as a matter of course. Defendants shall not unreasonably withhold reasonable requests for additional time where reasonable need exists.

15.    Plaintiffs attempting to cure alleged non-compliance shall do so following the process to be developed by EAG as discussed above. If Defendants dispute whether Plaintiff has cured the alleged non-compliance, they shall respond as such using the EAG designed process before making any motion. To the extent Plaintiff cures the noticed basis for non-compliance, but Defendants allege another basis for non-compliance, Defendants shall issue a new notice as directed above and Plaintiff is entitled to cure the new alleged non-compliance using the same process. However, no Plaintiff is entitled to a second notice of non-compliance or a second Cure Period for non-compliance on the same grounds identified in a prior Non-Compliance List.

16.    Following expiration of the Cure Period, Defendants may move to dismiss without prejudice any Plaintiffs subject to CMO 35 that Defendants have determined to be non-compliant with the Applicable CMOs. Such motions shall be limited to five pages. Defendants shall attempt to consolidate briefing to the extent possible. Defendants shall include in such motion the same information required to be included in the Non-Compliance Lists (see Paragraph 1). Nothing herein prevents or precludes a Plaintiff from curing prior to the motion being filed or during the pendency of the motion using the MDL Portal process. To the extent Plaintiff purports to cure during the pendency of the motion to dismiss, Defendants shall to the extent possible withdraw their motion to dismiss as to that Plaintiff without prejudice to refiling a new motion to dismiss if Defendants believe the purported cure was ineffective.

17. Within 14 days of the filing of a motion to dismiss filed pursuant to Paragraph 16, subject to any extensions agreed to by the Parties or ordered by the Court, each Plaintiff may oppose such motion by filing an opposition not to exceed five pages. Plaintiffs represented by the same counsel that are making the same or similar arguments in opposition to a motion filed pursuant to Paragraph 16 shall attempt to consolidate briefing to the extent possible. The Parties are strongly encouraged to attempt to resolve as many disputes as possible before bringing them to the Court.

18. Within 14 days of the filing of any opposition(s) pursuant to Paragraph 17 above, Defendants may file a reply to each opposition not to exceed three pages in length. To the extent Defendants are making the same or substantially similar arguments in reply to arguments made by multiple Plaintiffs, they shall attempt to consolidate such replies to the extent possible and will identify all Plaintiffs to which such arguments apply.

19. Upon consideration of Defendants' motion to dismiss filed pursuant to Paragraph 16, any responses filed pursuant to Paragraph 17, and any replies filed pursuant to Paragraph 18 above the Court may dismiss without prejudice all Plaintiffs found to have not complied with the Applicable CMOs as specified in this Order. Defendants shall confer with the PEC and shall submit a proposed order of dismissal that identifies each plaintiff to be dismissed by case number, plaintiff name, and, if available, plaintiff MDL Portal Number. All claims dismissed pursuant to this Paragraph shall be subject to strict requirements that such claims may only be refiled by direct filing in this MDL pursuant to Paragraphs 25-29 of CMO No. 3 (Dkt. No. 72)

20. As to any Orders of Dismissal entered pursuant to Paragraph 19, Defendants shall provide the Order(s) of dismissal containing the identity of the dismissed Plaintiffs to EAG. EAG shall mark the Plaintiff's claims dismissed in the MDL Portal and shall attach the Order of

Dismissal to the Plaintiff's MDL Portal file. If there is any question as to whether the Dismissal applies to a Plaintiff, the Parties shall, after exhausting all efforts to resolve such dispute, present it to the Court for resolution.

21. Consistent with CMO 5, a Plaintiff may move to reinstate a dismissed claim within fourteen (14) days of a dismissal after submitting a compliant PFS tendered through the MDL Portal. For the avoidance of doubt, any such motion must also comply with all applicable local rules, including but not limited to Local Rule 7.02, and Defendants shall be entitled to respond pursuant to Local Rule 7.06.

**Voluntary Dismissals of Personal Injury Plaintiffs**

22. Under CMO 35, any plaintiff who filed during the Filing Facilitation Window is expressly authorized to dismiss without prejudice, subject to the requirements and mandates of CMO 35. Any personal injury Plaintiff in this MDL who voluntarily dismisses his or her claim(s) after the entry of this Order shall use the appropriate Notice of Dismissal attached hereto as Exhibit A or Exhibit B. Any Plaintiff who voluntarily dismisses his or her claim as to a particular injury (but does not dismiss their entire claim) shall do so by filing an amendment to their Plaintiff Profile Form or Amended Personal Injury Plaintiff Fact Sheet prior to an Order deciding the motion to dismiss. All claims dismissed pursuant to this Paragraph, regardless of whether a Plaintiff uses the appropriate Notice of Dismissal as required, shall be subject to requirements that such claims may only be refiled by direct filing in this MDL pursuant to Paragraphs 25-29 of CMO No. 3 (Dkt. No. 72) and subject to all requirements and mandates of CMO 35. These requirements are personal and binding on the individual Plaintiff regardless of the law firm retained by that Plaintiff.

**Continuing Jurisdiction Over Dismissed Claims**

23. All claims dismissed pursuant to this Order shall be subject to strict requirements

that such claims may only be refiled by direct filing in this MDL pursuant to CMO 35 and the Direct Filing Requirements of Paragraphs 25-29 of CMO No. 3 (Dkt. No. 72), absent a subsequent Order and assuming this MDL continues to be active or another process is put in place. These requirements are personal and binding on the individual Plaintiff regardless of the law firm retained by that Plaintiff.

24. The Court continues to retain jurisdiction over all claims previously asserted in this MDL and dismissed under this Order, regardless of the nature of the dismissal.

25. If a Plaintiff refiles any previously asserted claim(s) that were dismissed without prejudice pursuant to this Order but fails to adhere to the conditions set by this Court for such refiling, the Court shall, on motion of any Defendant named as a party in both the MDL action and the later-filed action and subject to Local Rule 7.06, convert such dismissal to a dismissal with prejudice.

**Additional Provisions**

26. Plaintiffs or their counsel who allege unusual and/or extraordinary circumstances have prevented them from complying with the Court's Orders are encouraged to serve on Defendant a Statement of Hardship (explaining the circumstances which led to non-compliance). Defendants may consider such information in deciding when or how to move under this Order, and the Court may consider such information in deciding whether to grant motions to dismiss.

27. Nothing in this Order is intended to alter the rights, duties or obligations as to any other Case Management Orders and/or fact sheets called for in this MDL other than the Plaintiff Profile Form and Amended Personal Injury Plaintiff Fact Sheet. For the avoidance of doubt, this Order has no effect on the obligations to produce Property Damage, Medical Monitoring, Water Provider, or Turnout Gear Plaintiff Fact Sheets, nor to any Defense Fact Sheets.

**AND IT IS SO ORDERED.**

Charleston, South Carolina, this 25th day of February, 2026.

s/Richard Mark Gergel<br>
Richard M. Gergel<br>
UNITED STATES DISTRICT JUDGE