**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**ORDER AND OPINION**<br><br>**This Order Relates to Case Nos.**<br>**2:24-cv-03794-RMG**<br>**2:25-cv-00679-RMG**<br>**2:25-cv-00680-RMG**<br>**2:25-cv-00681-RMG**<br>**2:25-cv-00711-RMG**<br>**2:25-cv-00810-RMG**<br>**2:25-cv-00811-RMG**<br>**2:25-cv-00827-RMG**<br>**2:25-cv-00825-RMG** |

Plaintiffs are nine South Carolina public water providers who sued separately, inter alia, the 3M Company.  3M removed each of Plaintiffs' respective lawsuits based on the federal officer removal statute. Each Plaintiff then filed a motion to remand. (Dkt. Nos. 6959, 6961, 6962, 6964, 6969, 6970, 6978, 6987, 6998). Plaintiffs are represented by the same counsel, and their motions are almost verbatim copies of one another containing nearly no individualized argument. Given the similarities between Plaintiffs' cases, 3M filed a consolidated response in opposition to Plaintiffs' motions, (Dkt. No. 7636), to which Plaintiffs filed an omnibus reply, (Dkt. No. 7737). For the reasons set forth below, Plaintiffs' motions are denied.

## I. <u>Legal Standards</u>

### a. *Removal-Generally*

The rules governing removal to federal court provide that a defendant "shall have 30 days after receipt by or service . . . of the initial pleading or summons . . . to file the notice of removal."

28 U.S.C. § 1446(b)(2)(B). If "the case stated by the initial pleading is not removable," however, a defendant may remove the action "within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* at § (b)(3). "Under either scenario, a defendant's 30-day removal clock doesn't begin until the basis for removal jurisdiction becomes 'apparent within the four corners of the initial pleading or subsequent paper.' " *Skidmore v. Norfolk S. Ry. Co.*, 1 F.4th 206, 210 (4th Cir. 2021) (quoting *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997)).

>   b.  *Federal Officer Removal*

28 U.S.C. § 1442(a)(1) is "commonly referred to as the federal officer removal statute." *Maryland v. 3M Co.*, 130 F.4th 380, 384 (4th Cir. 2025), *cert. denied*, No. 25-517, 2026 WL 568301 (U.S. Mar. 2, 2026).  To sustain removal under § 1442(a)(1), the defendant must "plausibly allege[] '(1) that it acted under a federal officer, (2) that it has a colorable federal defense, and (3) that the charged conduct was carried out for or in relation to the asserted official authority.' " *Id.* at 388 (quoting *Anne Arundel Cnty. v. BP P.L.C.*, 94 F.4th 343, 347-48 (4th Cir. 2024)).

"[W]hen a plaintiff sues a defendant that can plausibly invoke removal under § 1442(a)(1), he relinquishes his otherwise ubiquitous power to select a state forum instead of a federal one by writing his complaint a certain way." *Id.* "[T]he federal officer removal statute 'is an exception to the well-pleaded complaint rule' insofar as it 'allows suits against federal officers to be removed despite the nonfederal cast of the complaint, and reflects a congressional policy that federal officers, and indeed the Federal Government itself, require the protection of a federal forum.' " *Id.* (quoting *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 644 n.12 (2006) (cleaned up)). "[T]he ordinary presumption against removal does not apply," meaning "[g]eneral removal principles are . . . inverted when § 1442(a)(1) is at issue." *Id.*

Importantly, the Fourth Circuit has rejected "the notion that [a plaintiff's] . . . purported disclaimers" of a defendant's federal conduct are "dispositive." *Maryland*, 130 F.4th at 389. A "plaintiff in the § 1442(a)(1) removal context is no longer the master of its complaint [and] . . . cannot preempt removal" by "gloss[ing the complaint] only in state law." *Id.* Instead, courts must "look to a defendant's well-pleaded facts of removal to see if it is entitled to a federal forum." *Id.* This is because federal courts "must credit a removing defendant's theory of the case as to whether the conduct with which it has been charged is related to its federal work." *Id.* (citing *Cnty Bd. Of Arlington Cnty., Va. v. Express Scripts Pharmacy*, 996 F.3d 243, 256 (4th Cir. 2021)).

## II. **Background**

Plaintiffs brought individual lawsuits in South Carolina state court against, inter alia, 3M. Each Plaintiff alleges that 3M is responsible for "PFAS pollution" which contaminated plaintiffs' respective water supplies. *See, e.g.*, (Dkt. No. 6959-1 at 3). PFAS are per- and polyfluoroalkyl substances which Plaintiffs allege are harmful to the environment and human health. Each Plaintiff's complaint disclaims all claims related to aqueous film-forming foams ("AFFF"), which are used to fight fires. *See, e.g.*, (Case No. 2:24-cv-3794, Dkt. No. 1-1 at 25). At bottom, Plaintiffs allege 3M manufactured and sold PFAS or products which degrade into PFAS to specific "PFAS Users." 3M's PFAS-containing products then released PFAS which contaminated Plaintiffs' respective drinking water sources. *See, e.g.*, (*id.* at 12, 32).

3M timely removed all of Plaintiffs' actions under the federal officer removal statute claiming entitlement to the government contractor immunity defense. *See* § 1442(a)(1). In each notice of removal, 3M pled that it produced AFFF according to rigorous military specifications ("MilSpec AFFF") and that specific military installations and Part 139 airports in the vicinity of Plaintiffs' drinking water sources used MilSpec AFFF. (Dkt. No. 7636 at 13-14). 3M further

3

alleged that because PFAS from MilSpec AFFF plausibly comingled in Plaintiffs' drinking water and wastewater with PFAS from non-AFFF sources, 3M was entitled to a federal forum to adjudicate Plaintiffs' respective claims because at least some part of Plaintiffs' injuries derived from 3M's work for the Government.

Each Plaintiff moved to remand its case to state court. Alternatively, each Plaintiff contends that even if removal was proper, none of their respective cases should be part of this MDL. 3M filed a consolidated response in opposition to Plaintiffs' motion, and Plaintiffs filed an omnibus reply.

Plaintiffs' motions to remand are fully briefed and ripe for disposition.

### III. <u>Legal Analysis</u>

To sustain removal under § 1442(a)(1), 3M must "plausibly allege[] '(1) that it acted under a federal officer, (2) that it has a colorable federal defense, and (3) that the charged conduct was carried out for or in relation to the asserted official authority.' " *Maryland*, 130 F.4th at 388 (quoting *Anne Arundel Cnty.*, 94 F.4th at 347-48).

The federal defense here is the government contractor immunity defense.  To invoke this defense, the defendant must show that: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 255–56 (4th Cir. 2017) (quoting *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988)).

In its notice of removal, 3M alleges that it produced MilSpec AFFF according to rigorous military specifications, that the U.S. military used 3M MilSpec AFFF at specific military installations in South Carolina, and that Part 139 airports likewise used 3M MilSpec AFFF per

U.S. government requirements. *See, e.g.*, (Dkt. No. 7636 at 13-14) (alleging as to City of Columbia and Berkeley County that pollution derived from use of MilSpec AFFF at Fort Jackson, McEntire Joint National Guard Base, McEntire Army Aviation Support Facility, and McCrady Training Site); (Case No. 2:24-cv-03794-RMG, Dkt. No. 1 at 19-20) (alleging Government was informed of product-related dangers like fact "AFFF constituents can migrate through the soil and potentially reach groundwater").

3M thus concludes that, to the extent MilSpec AFFF PFAS comingles with non-MilSpec AFFF PFAS, 3M is entitled to a federal forum to litigate its government contractor immunity defense. *See Maryland*, 130 F.4th at 390 (holding charged conduct was carried out for or in relation to asserted official authority because "[b]oth States plead general PFAS contamination near military bases where 3M alleges it sold Military AFFF" and "any remediation would necessarily implicate work that 3M did for the federal government"); *Id.* at 391 ("Because 3M has plausibly alleged that the PFAS intermingled to the point that it is impossible to identify their source, we can plausibly infer that 3M's Military AFFF contributed to at least a 'portion of their relevant conduct.' ") (quoting *Baker v. Atlantic Richfield Co.*, 962 F.3d 937, 945 (7th Cir. 2020)).

The Court finds that 3M has plausibly alleged it produced MilSpec AFFF under a federal officer, that it has a colorable claim to the government contractor defense, and that the charged conduct—the sale of MilSpec AFFF containing PFAS which allegedly polluted Plaintiffs' water sources—was carried out for or in relation to the asserted official authority. Said differently, 3M's notices of removal contain detailed, specific, factual allegations showing a colorable claim to the government contractor immunity defense, and 3M has easily satisfied all elements showing federal officer removal is proper.

5

Plaintiffs advance a few arguments in favor of remand or transfer of these cases. None have merit.

First, Plaintiffs argue that 3M cannot remove these cases to federal court because its government contractor defense is neither viable nor plausible under this Court's September 16, 2022, Order. *See, e.g.*, (Dkt. No. 6959-1 at 10-27); *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. MDL 2:18-MN-2873-RMG, 2022 WL 4291357 (D.S.C. Sept. 16, 2022) ("Prior Order").

Previously, various defendants including 3M moved for summary judgment on the government contractor defense. The Court denied each defendant's motion, including 3M's. Prior Order, 2022 WL 4291357, at *1. The Court did not rule, however, that 3M could *never* establish the defense. Rather, reading all facts in a light most favorable to the nonmoving parties, the Court found that 3M had not carried its burden of showing that it was entitled to immunity in all cases involving MilSpec AFFF. *See, e.g.*, *id.* at *6, 10, 15 ("In summary, viewing the evidence in a light most favorable to the nonmoving party, there are numerous material factual disputes in this voluminous record that make disposition of the issue of government contractor immunity by summary judgment inappropriate. These disputed issues of material fact, vigorously contested by the parties, require a full factual presentation at trial and a resolution by a final jury verdict.").

With the above in mind, the Court rejects Plaintiffs' arguments that 3M does not have a "colorable federal defense." Plaintiffs' contentions on this point rely on a misreading of the Prior Order which neither its procedural posture nor language supports. The Court could not have ruled—nor did it—that 3M *could never* establish entitlement to the government contractor defense. The Court simply ruled that material factual disputes precluded granting 3M summary judgment on its defense.

At bottom, 3M has plausibly alleged that the Government approved the MilSpec, a reasonably precise specification that required fluorocarbon surfactants (such as PFOS and PFOA), that 3M produced AFFF which complied with this specification, and that 3M warned the Government of dangers known to it but not the United States. *See, e.g.*, (Dkt. No. 7636 at 13-14). Plaintiffs' contentions to the contrary are merits contentions masquerading as remand arguments. 3M is entitled to a federal forum.

Second, Plaintiffs contend that 3M has not shown that its "charged conduct" was carried out for or in relation to the asserted federal authority. Plaintiffs argue that they are not suing 3M for MilSpec AFFF, but only 3M's manufacture and sale of *commercial* PFAS products, to specific "PFAS Users." *See, e.g.*, (Dkt. No. 6962-1 at 26) (arguing Joint Municipal's claims "arise out of the manufacture . . . of PFAS in private industry, not from PFAS allegedly used in AFFF or any other product by the federal government").

This argument is a transparent attempt to wordsmith around *Maryland*, and the Court rejects it. The federal officer removal statute "is an exception to the well-pleaded complaint rule." *Maryland*, 130 F.th at 388 (citing *Kircher*, 547 U.S. at 644 n.12). What matters are 3M's "well-pleaded facts of removal" and *its* "theory of the case." *Id.* at 389. Here, 3M has alleged plausibly that at least part of the PFAS contamination at issue in each of Plaintiffs' complaints derived from the Government's use of 3M's MilSpec AFFF. *See id.* at 392. 3M is therefore entitled to a federal forum to present its version of the facts. *Id.* at 391. Plaintiffs' AFFF disclaimers and "artful pleading[s] do[] not trump 3M's theory for removal." *Id.* at 390.

Last, Plaintiffs argue that their cases do not belong in this MDL because they do not concern AFFF. *See, e.g.*, (Dkt. No. 7737) (arguing 3M "mistakes this MDL—for AFFF—with an MDL for all cases involving PFAS"). This argument misses the mark for the same reasons noted

immediately above. Namely, what matters are 3M's notices of removal which allege plausibly that these actions *do* implicate MilSpec AFFF, entitling 3M not only to a federal forum, but access to this MDL. The Court rejects Plaintiffs' arguments to transfer.

**IV.    Conclusion**

For the foregoing reasons, Plaintiffs' motions to remand (Dkt. Nos. 6959, 6961, 6962, 6964, 6969, 6970, 6978, 6987, 6998) are **DENIED**.

**AND IT IS SO ORDERED.**

**s/Richard Mark Gergel**
Richard Mark Gergel
United States District Judge

March 31, 2026
Charleston, South Carolina