**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**ORDER AND OPINION**<br><br>**This Order Relates to<br>Case No.<br>2:23-cv-05979-RMG** |

Before the Court is Plaintiff the State of South Carolina's motion to remand (Dkt. No. 4281). Defendant the 3M Company filed a response in opposition, (Dkt. No. 4450), to which Plaintiff filed a reply, (Dkt. No. 4478). Initially, the Court granted Plaintiff's motion. 3M, however, appealed that decision and, by published opinion, the Court of Appeals for the Fourth Circuit vacated said order. *Maryland v. 3M Co.*, 130 F.4th 380, 384 (4th Cir. 2025), *cert. denied*, No. 25-517, 2026 WL 568301 (U.S. Mar. 2, 2026). The Fourth Circuit held that 3M had satisfied the third element for removal under the federal officer removal statute. *Id.* at 393. The Fourth Circuit remanded, however, for this Court to consider whether 3M acted under a federal officer and has a colorable federal defense. The Court now finds that 3M has satisfied all elements for federal officer removal and denies Plaintiff's motion.

## I.  Legal Standards

### a. *Removal-Generally*

The rules governing removal to federal court provide that a defendant "shall have 30 days after receipt by or service . . . of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). If "the case stated by the initial pleading is not removable," however, a defendant may remove the action "within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* at § (b)(3). "Under either scenario, a defendant's 30-day removal clock doesn't begin until the basis for removal jurisdiction becomes 'apparent within the four corners of the initial pleading or subsequent paper.' " *Skidmore v. Norfolk S. Ry. Co.*, 1 F.4th 206, 210 (4th Cir. 2021) (quoting *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997)).

b.  *Federal Officer Removal*

28 U.S.C. § 1442(a)(1) is "commonly referred to as the federal officer removal statute." *Maryland v. 3M Co.*, 130 F.4th 380, 384 (4th Cir. 2025), *cert. denied*, No. 25-517, 2026 WL 568301 (U.S. Mar. 2, 2026).  To sustain removal under § 1442(a)(1), the defendant must "plausibly allege[] '(1) that it acted under a federal officer, (2) that it has a colorable federal defense, and (3) that the charged conduct was carried out for or in relation to the asserted official authority.' " *Id.* at 388 (quoting *Anne Arundel Cnty. v. BP P.L.C.*, 94 F.4th 343, 347-48 (4th Cir. 2024)).

"[W]hen a plaintiff sues a defendant that can plausibly invoke removal under § 1442(a)(1), he relinquishes his otherwise ubiquitous power to select a state forum instead of a federal one by writing his complaint a certain way." *Id.* "[T]he federal officer removal statute 'is an exception to the well-pleaded complaint rule' insofar as it 'allows suits against federal officers to be removed despite the nonfederal cast of the complaint, and reflects a congressional policy that federal officers, and indeed the Federal Government itself, require the protection of a federal forum.' " *Id.* (quoting *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 644 n.12 (2006) (cleaned up)). "[T]he

ordinary presumption against removal does not apply," meaning "[g]eneral removal principles are . . . inverted when § 1442(a)(1) is at issue." *Id.*

Importantly, the Fourth Circuit has rejected "the notion that [a plaintiff's] . . . purported disclaimers" of a defendant's federal conduct are "dispositive." *Maryland*, 130 F.4th at 389. A "plaintiff in the § 1442(a)(1) removal context is no longer the master of its complaint [and] . . . cannot preempt removal" by "gloss[ing the complaint] only in state law." *Id.* Instead, courts must "look to a defendant's well-pleaded facts of removal to see if it is entitled to a federal forum." *Id.* This is because federal courts "must credit a removing defendant's theory of the case as to whether the conduct with which it has been charged is related to its federal work." *Id.* (citing *Cnty Bd. Of Arlington Cnty., Va. v. Express Scripts Pharmacy*, 996 F.3d 243, 256 (4th Cir. 2021)).

## II. Background

Plaintiff sued 3M alleging that it is responsible for PFAS pollution throughout South Carolina. *See, e.g.*, (Case No. 2:23-cv-5979, Dkt. No. 1-1 at 5-6). PFAS are per- and polyfluoroalkyl substances which Plaintiff alleges are harmful to the environment and human health. Plaintiff's complaint disclaims all claims related to aqueous film-forming foams ("AFFF"), which are used to fight fires. *See, e.g.*, (*id.* at 7-8). Instead, Plaintiff claimed it was only suing for PFAS "contamination caused by consumer, textile and other non-AFFF sources." (*Id.* at 8).

3M timely removed Plaintiff's action under the federal officer removal statute claiming entitlement to the government contractor immunity defense. *See* § 1442(a)(1). 3M pled that it produced AFFF according to rigorous military specifications ("MilSpec AFFF") and that specific military installations and Part 139 airports in the vicinity of Plaintiff's drinking water sources used MilSpec AFFF. *See, e.g.*, (Case No. 2:23-cv-5979, Dkt. No. 1 at 9-16); (*Id.* at 11) (noting Plaintiff alleged contamination at military facilities in South Carolina "where MilSpec AFFF would have

3

been used"); (*Id.* at 12-13) (arguing that Plaintiff seeks damages for "PFAS contamination in 'ambient surface water' " and that SCDHEC "ranked AFFF use at DoD facilities in South Carolina as among the most impactful sources of potential PFAS contamination of surface waters" and providing example); (*Id.* at 15) (explaining in detail why PFAS from MilSpec AFFF used at military facilities in South Carolina "plausibly has impacted the sites expressly referenced in the Complaint, including the 'major river basins in South Carolina' ").

3M further alleged that because PFAS from MilSpec AFFF plausibly comingled in Plaintiff's drinking water and wastewater with PFAS from non-AFFF sources, 3M was entitled to a federal forum because at least some part of Plaintiff's injuries derived from 3M's work for the Government.

The Court initially granted Plaintiff's motion to remand. (Dkt. No. 4580). The Fourth Circuit, however, did not credit Plaintiff's disclaimer, vacated the order granting remand, and held explicitly that 3M had demonstrated its charged conduct was carried out for or in relation to the asserted official authority. *Maryland*, 130 F.th at 393. The Fourth Circuit then remanded to this Court to consider whether 3M had satisfied the other elements for federal officer removal.

Plaintiff's motion is ripe for disposition.

### III. <u>Legal Analysis</u>

To sustain removal under § 1442(a)(1), 3M must "plausibly allege[] '(1) that it acted under a federal officer, (2) that it has a colorable federal defense, and (3) that the charged conduct was carried out for or in relation to the asserted official authority.' " *Maryland*, 130 F.4th at 388 (quoting *Anne Arundel Cnty.*, 94 F.4th at 347-48). At issue are elements (1) and (2).

The federal defense here is the government contractor immunity defense. To invoke this defense, the defendant must show that: "(1) the United States approved reasonably precise

4

specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 255–56 (4th Cir. 2017) (quoting *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988)).

To begin, the Court finds that 3M has alleged a colorable federal defense. 3M alleged with specific factual allegations that it produced MilSpec AFFF according to reasonably precise specifications which required fluorocarbon surfactants (like PFOA and PFOS). (Case No. 2:23-cv-5979, Dkt. No. 1 at 9-10). 3M also alleged that the Government used its MilSpec AFFF with knowledge of its "dangers." (*Id*. at 23-25) (noting 3M MilSpec AFFF was on DoD's Qualified Products List and that Government was aware that "AFFF constituents can migrate through the soil and potentially reach groundwater"). 3M has plausibly alleged a colorable federal defense. Thus, the only remaining question is whether 3M has plausibly alleged that it acted under a federal officer.

The Court finds that 3M has adequately alleged compliance with this last factor. As explained immediately above, 3M has plausibly alleged that it acted under the Government while producing MilSpec AFFF. *See, e.g.*, (*id.* at 18-20, 23) (alleged PFAS contamination stems in part from Government's use of MilSpec AFFF, a product used by "all branches of the U.S. armed forces" and noting "3M acted in accordance with detailed specifications, promulgated by Naval Sea Systems Command, that govern AFFF formulation").

In sum, 3M has satisfied all elements showing federal officer removal is proper. 3M is entitled to a federal forum.

Plaintiff advances two arguments in favor of remand. Neither has merit. First, Plaintiff asserts that 3M cannot establish the "acting under" prong because Plaintiff's case "disclaims

damages or any other relief related to AFFF." (Dkt. No. 4281-1 at 8-9) (arguing 3M was not under Government control when it made "different PFAS products for private consumers and commercial uses"). Little needs to be said about this argument—it directly contradicts *Maryland*. The federal officer removal statute "is an exception to the well-pleaded complaint rule." *Maryland*, 130 F.th at 388 (citing *Kircher*, 547 U.S. at 644 n.12). What matters are 3M's "well-pleaded facts of removal" and *its* "theory of the case." *Id.* at 389. Here, 3M has alleged plausibly that at least part of the PFAS contamination at issue in Plaintiff's complaint derived from the Government's use of 3M's MilSpec AFFF. *See id.* at 392. Plaintiff's AFFF disclaimer and "artful pleading do[] not trump 3M's theory for removal." *Id.* at 390.

Second and last, Plaintiff claims that 3M cannot show it has a "colorable federal defense." Plaintiff claims that 3M's government contractor defense "hinges on the speculative notion of an indistinguishable comingling of AFFF PFAS contamination with non-AFFF PFAS contamination." (Dkt. No. 4281-1 at 9-10) (further arguing that 3M did not fully disclose all PFAS-related dangers to the Government, precluding immunity under the government contractor defense).

The Court likewise rejects these arguments. The Fourth Circuit has made clear that 3M's theory *is* plausible. *Marland*, 130 F.4th at 391 ("Because 3M has plausibly alleged that the PFAS intermingled to the point that it is impossible to identify their source, we can plausibly infer that 3M's Military AFFF contributed to at least a 'portion of their relevant conduct.' ") (quoting *Baker v. Atl. Richfield Co.*, 962 F.3d 937, 945 (7th Cir. 2020) (rejecting plaintiffs' similar attempted disclaimer where the underlying dispute was a pollutant's source, because the defendant "allege[d] that its Freon-12 production [for the government] resulted in waste streams that contained lead and arsenic," which were "the two main toxins [plaintiffs] claim harmed them")). Plaintiff's remaining

6

arguments on this point are merits contentions masquerading as remand arguments. 3M's federal

defense is colorable.

## IV.     Conclusion

For the foregoing reasons, Plaintiff's motions to remand (Dkt. No. 4281) is **DENIED**.

**AND IT IS SO ORDERED.**


<u>**s/Richard Mark Gergel**</u>
Richard Mark Gergel
United States District Judge

April 1, 2026
Charleston, South Carolina

7