**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG<br><br>**Case Management Order No. 32A**<br><br>**This Order relates to**:<br>**CMO 32 Real Property Product ID Sites** |

**ORDER GOVERNING FURTHER PROCEEDINGS REGARDING CMO 32 SITES**

Pursuant to Case Management Order ("CMO") No. 32 (as amended by Text Order, dated October 3, 2025 [ECF No. 8136]), and the Order Regarding Parties' Designated Real Property Product ID Sites [ECF No. 6892], the Parties have been engaged in Product ID Discovery for the Real Property Product ID Sites,[1] and have now completed same. As such, in furtherance of the workup of these cases as they pertain to the Real Property Product ID Sites, the Court hereby issues the following Order setting a process for further advancing Product ID as to these sites.

This process will proceed as follows:

**A.    Report on CMO 32 Product ID Discovery & Dismissal Procedure**

1.    By May 22, 2026, the Plaintiffs for each of the twelve Real Property Product ID Sites shall serve on Defense Co-Lead Counsel a list of the Defendants (AFFF manufacturers, component part manufacturers, and tollers) for which Plaintiffs contend they have a good faith

---

[1] City of Hialeah - Fire Training Facility; City of Tampa - Tampa Fire Rescue Training Center; State of Alaska - Cold Bay Airport; State of Alaska - Deadhorse Airport; Commonwealth of Massachusetts - Stow Campus of Massachusetts Department of Fire Services; State of New Hampshire - Richard Flynn Fire Academy; Palm Beach County - Palm Beach County Fire Rescue Training Facility; Howard County - James N. Robey Public Safety Training Center; City of Monroe - Monroe Fire Department Drill Ground; City of Monroe - Monroe Regional Airport; City of Shreveport, LA - Shreveport Fire Training Academy; Town of Oxford - Oxford Fire Station.

evidentiary basis to contend they are able to establish product identification as to each Real Property Product ID Site (the "Plaintiff's Initial Product ID List").

2.      For any named Defendant not included on the list contemplated by Paragraph A.1 for a particular Real Property Product ID Site or in the Final Product ID List contemplated in Paragraph A.4, Plaintiff for that Real Property Product ID Site shall dismiss that Defendant with prejudice via a Rule 41(a)(1)(A)(ii) Stipulation (if the Real Property Product ID Site is the only site at issue in the related case) or shall amend the relevant complaint or file a mutually agreed stipulation to address the lack of product ID at the relevant site (if there are more sites at issue in the related case than the Real Property Product ID Site).  Such dismissal shall be specific to the particular Real Property Product ID Site and shall not operate as a dismissal or waiver of any claims raised by that Plaintiff with respect to other sites, if any, at issue in a case in which the Real Property Product ID Site is a part.

3.      The Parties shall meet and confer to prepare an Appendix A to this Order of Defendants on the Final Product ID list for each Real Property ID Site and agree that the Parties do not require Court intervention at this time regarding those Defendants listed on Appendix A. A Defendant's inclusion on this Appendix A does not constitute an admission or a waiver of any defense, including the defense of lack of product ID as to the same Real Property ID Site at a later stage of this litigation.  The Parties shall submit Appendix A within 6 weeks of service of the last Plaintiff's Initial Product ID List.

4.      Any Defendant that has a good faith basis to dispute its inclusion on the Plaintiff's Initial Product ID List with respect to one or more Real Property Product ID Site(s) shall promptly meet and confer with counsel representing the Plaintiff that owns such Site(s) as to

whether such defendant should be removed from the list.[2]  This meet and confer process shall be completed within 28 days of service of the last Plaintiff's Initial Product ID List. Plaintiffs shall provide Defendants with a Final Product ID List reflecting any changes resulting from the meet and confer process for each of the twelve Real Property Product ID Sites within 30 days of serving the last Plaintiff's Initial Product ID List.

**B.     Further Proceedings for CMO 32 Bellwether Sites**

5.     By no later than June 15, 2026, or eight weeks after service of the last Plaintiff's Initial Product ID List (whichever is later), the PEC and Defense Co-Leads will meet and confer to address additional procedures and/or motions practice that may be appropriate or necessary to resolve any remaining disputed product identification issues.  In particular, the PEC and Defense Co-Leads will meet and confer as to, among other possible procedures, whether further product ID-related proceedings are necessary with respect to the Real Property ID Sites or other sites.

**AND IT IS SO ORDERED:**

<u>s/Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

May 5, 2026
Charleston, South Carolina

---

[2] For the avoidance of doubt, neither the fact that (1) a Defendant chooses not to dispute its inclusion on the Initial or Final Product ID List nor (2) a Plaintiff declines to remove a Defendant from the Initial or Final Product ID List shall operate as a concession that product identification is sufficient and shall not waive or in any way prejudice the right of such Defendant to contest product identification at a later stage.