**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | **MDL No. 2:18-mn-2873-RMG**<br><br>**GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES OF DEFENDANTS MOHAWK INDUSTRIES, INC. AND ALADDIN MANUFACTURING CORPORATION**<br><br>**This Filing Relates to:**<br>**2:25-cv-11725-RMG** |

Defendants Mohawk Industries, Inc. and Aladdin Manufacturing Corporation ("Defendants"), by undersigned counsel, hereby respond to the Complaints filed by all Plaintiffs and pending in the MDL ("Plaintiffs") as follows:

**<u>GENERAL DENIAL</u>**

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny generally and specifically each and every allegation set forth in Plaintiffs' Complaints, and the whole thereof, and each and every alleged cause of action therein, and Defendants demand strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Defendants further deny that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. Defendants further deny that Plaintiffs have sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or omission on the part of Defendants or anyone acting on their behalf. Defendants reserve their rights to assert cross-claims and/or third-party claims.

1

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses in response to the averments in each of Plaintiffs' Complaints filed in the above-captioned actions:

1.      The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Defendants.

2.      Plaintiffs' claims are barred or limited for lack of standing.

3.      The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

4.      The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

5.      The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

6.      The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

7.      The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiffs are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae*.

8.      Plaintiffs' claims are not ripe and/or have been mooted.

9.      Plaintiffs' claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

10.      Plaintiffs may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

11.    Plaintiffs may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

12.    Plaintiffs may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

13.    Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

14.    Any injuries and/or damages sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Defendants had no control or right of control and for whom Defendants are not responsible.

15.    Any injuries and/or damages sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

16.    Plaintiffs' claims are or may be barred, in whole or in part, to the extent that Defendants' products were unforeseeably misused or altered.

17.    Plaintiffs' claims are barred, in whole or in part, to the extent that they arose from acts or conditions constituting appropriate business operations and conforming to the state of the art or prevailing customs, standards or industry practices at the relevant time.

18.    Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

19.    Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

20.     Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

21.     Plaintiffs' claims are or may be barred, in whole or in part, because Defendants used proper methods in designing, testing, and manufacturing their products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

22.     Plaintiffs' Complaints should be dismissed against Defendants because Defendants did not design, market, sell, advertise, or distribute PFAS, and is not the successor to any corporation that may have designed, marketed, sold, advertised or distributed any PFAS.

23.     Any injuries and/or damages sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Defendants had no control or right of control and for whom Defendants are not responsible.

24.     Plaintiffs' claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

25.     Plaintiffs' claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Defendants that are the subject of Plaintiffs' claims. Defendants are not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

26. Plaintiffs' claims are barred to the extent the "permit shield" doctrine and "federally permitted release" defense applies because any leachate was discharged pursuant to lawful permits.

27. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

28. Plaintiffs' claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

29. Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendants, and in the event that Defendants are found to be liable to Plaintiffs, Defendants will be entitled to indemnification, contribution, and/or apportionment.

30. Defendants assert their rights to allocation or apportionment of fault pursuant to applicable state law, as well as their rights to a proportionate reduction of any damages found against Defendants based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

31. Plaintiffs' claims against Defendants are barred or limited by the economic loss rule.

32. Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been

prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

33. Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

34. To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

35. Plaintiffs' claims are barred, in whole or in part, because Defendants did not owe a legal duty to Plaintiffs or, if it owed such a duty, did not breach and/or fully discharged that duty.

36. Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, Defendants exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

37. Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendants proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

38. Plaintiffs' claim for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

39. Any damages Plaintiffs may have suffered were not reasonably foreseeable by Defendants at the time of the conduct alleged.

40. Plaintiffs' claims are barred, in whole or in part, for failing to link and of their alleged exposure or alleged injuries to any of Defendants' discharges.

41. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek to retroactively impose liability for conduct that was not actionable at the time it occurred, and

Defendants may not be held liable under retroactive theories not requiring proof of fault or causation.

42.     Plaintiffs' claim is barred, in whole or in part, because Defendants neither knew, nor should have known, that any of the substances to which Plaintiffs were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Defendants at all times relevant to the claims or causes of action asserted by Plaintiffs.

43.     Plaintiffs' trespass claims are barred because PFAS molecules constitute "tangible" matter that will not support a trespass claim. *Babb v. Lee Cnty. Landfill SC, LLC*, 405 S.C. 129, 747 S.E.2d 468 480 (2013).

44.     Defendants are entitled to all of the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

45.     The Complaint fails to state a claim upon which punitive or exemplary damages may be awarded.

46.     Defendants did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

47.     Plaintiffs have failed to adequately plead and/or allege that Defendants acted with the requisite state of mind to warrant an award of punitive damages.

48.     Defendants have complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the complaint, and, therefore, to the extent that consideration is given to Plaintiffs' claims, punitive damages are unwarranted in law and fact.

49.     Punitive damages are not available because all conduct and activities of Defendants related to matters alleged in the Complaint conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

50.     Punitive damages are not available because Defendants neither knew nor should have known that the substances to which Plaintiffs were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm, and Defendant therefore lacked notice that its conduct was unlawful or subject to punishment and an award of punitive damages would violate Defendant's constitutional right to due process.

51.     Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the Unites States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and other applicable provisions of the Constitution of any other state whose laws may apply.

52.     Plaintiffs' claims against Defendants under the South Carolina Unfair Trade Practices Act are barred in whole or in part to the extent that the Act: (i) does not allow for recovery by any party who is not considered a "person" under S.C. Code Ann § 39-5-10(a) and (ii) does not govern conduct that did not occur in "trade and commerce." S.C. Code Ann. § 39-5-20(a).

53.     Defendants reserve the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

54.     Defendants adopt by reference any additional applicable defense pleaded by any other defendants not otherwise pleaded herein.

55.     Defendants adopt by reference any additional applicable defense asserted by Defendants prior to transfer in any case transferred to this MDL.

Defendants do not admit or acknowledge that they bear the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitutes an admission that Defendants are liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Defendants reserve their rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ MERRITT G. ABNEY
Merritt G. Abney
Federal Bar No. 9413
E-Mail: merritt.abney@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC  29401-2239
(843) 853-5200

*Attorneys for Defendants Mohawk Industries, Inc.*
*and Aladdin Manufacturing Corporation*

Charleston, South Carolina
May 13, 2026

9