IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No.  2:18-mn-2873-RMG<br><br>**This Document Relates to:**<br><br>All Plaintiffs Listed in Exhibit A filed at ECF Nos. 9569 and 9570 |

**DEFENDANTS' MOTION TO SEAL SELECT PORTIONS OF EXHIBITS TO DEFENDANTS' MOTIONS TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 5.2, Local Civil Rule 5.03, DSC, Case Management Order No. 17, and as required by Paragraph 8 of Case Management Order No. 4.D, Defendants move to seal select portions of their exhibits to Defendants' Motion to Dismiss With Prejudice for Failure to Comply with Case Management Order No. 37 [ECF No. 9569] and Defendants' Motion to Dismiss Without Prejudice for Failure to Comply with Case Management Order No. 37 [ECF No. 9570] (collectively "Defendants' Motions").[1]  The grounds for this Motion are as follows:

(1)     Defendants' Motions cite evidence containing confidential information, as follows:

a.     Defendants' Motions include the dates of birth for many of the Plaintiffs listed in Exhibit A to the Motions.   Pursuant to the Protective Order entered in this case, birth dates (except year) are designated CONFIDENTIAL and Federal Rule of Civil Procedure 5.2 requires birth dates (except year) to be redacted unless the court orders otherwise.

---

[1] A separate supporting memorandum is not being submitted because, under Local Civil Rule 7.04 DSC, a full explanation is set forth herein and a separate memorandum would serve no useful purpose.

1

(2)    Pursuant to paragraph 8 of the Amended Protective Order entered in this litigation, the parties agreed to redact Confidential and Highly Confidential Information from any Document filed with this Court, except that if the filing party seeks to have the Court review Confidential or Highly Confidential Information contained within the Document, the Document shall be filed under seal pursuant to this Court's Local Civil Rules. CMO No. 4.D ¶ 8 [Dkt. No. 3864].

(3)    The confidential information referenced above will become publicly available when Defendants file their Motions, if not sealed.  Therefore, in accordance with the Amended Protective Order, Defendants request that to protect the confidentiality of information contained therein, the following be filed under seal:

   a.    Select portions of Exhibit A to Defendants' Motion to Dismiss With Prejudice for Failure to Comply with Case Management Order No. 37, filed at ECF No. 9569; and

   b.    Select portions of Exhibit A to Defendants' Motion to Dismiss Without Prejudice for Failure to Comply with Case Management Order No. 37, filed at ECF No. 9570.

(4)    The proposed method is the least drastic method that affords adequate protection of Plaintiffs' confidential information.

(5)    Pursuant to Local Civil Rule 5.03(A)(4) and CMO 17, Defendants address the factors governing sealing of documents reflected in controlling case law, as follows:

   a.    There is a general presumption in favor of "public access" to documents in the files of the courts.  *In re Knight Publishing Co.*, 743 F.2d 231, 235-36 (4th Cir. 1984).  However, a district court has discretion to seal documents when the "public's right of access is outweighed by competing interests." *Id.* at 235; *see also Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253

(4th Cir. 1989) ("The presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access.").

b. Before sealing documents, district courts must: "(1) provide notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting [the] decision to seal the documents and for rejecting the alternatives." *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citations omitted).

c. Here, public notice of this request to seal and to allow interested parties a reasonable opportunity to object will be provided by the Clerk of Court pursuant to requirements set forth in Local Civil 5.03(D), DSC. Further, Defendants' non-confidential, descriptive index of the documents at issue will provide any interested party ample notice of the specific item this Motion seeks to protect.

d. As previously discussed, no less drastic alternative to sealing is believed to be adequate under the circumstances. Further, granting the request to seal is appropriate because the subject exhibits contain confidential information that, pursuant to the Amended Protective Order in this litigation, are designated Confidential. Accordingly, based upon these designations, there is a compelling interest in protecting the confidential information contained therein.

(6) As required by Local Civil Rule 5.03(B) and CMO No. 17, this Motion is accompanied by:

a. Exhibit A: a non-confidential descriptive index of the documents sought to be sealed;

b. Exhibit B: counsel's certification of compliance with Local Civil Rule 5.03, DSC, and CMO No. 17;

3

c.    Exhibit C: a placeholder sheet stating, "Confidential Documents Contemporaneously Submitted to the Court for In Camera Review in Compliance with CMO No. 17"; and

d.    Exhibit D: a proposed order.

(7)    Pursuant to CMO No. 17, Defendants are submitting for *in camera* review an unredacted copy of the Exhibits that are subject to the present Motion via email.

(8)    Pursuant to Local Civil Rule 7.02, DSC, counsel for Plaintiffs have been consulted and do not oppose the relief sought herein.

Wherefore, having complied with the requirements of Local Civil Rule 5.03, DSC, and CMO No. 17, Defendants respectfully request that the Court enter an Order sealing select portions of the Exhibits listed in Exhibit A.

Respectfully submitted,

Dated:  June 1, 2026

/s/ *Joseph G. Petrosinelli*
Joseph G. Petrosinelli
Williams & Connolly LLP
680 Maine Ave., S.W.
Washington, DC 20024
P: (202) 434-5547
F: (202) 434-5029
jpetrosinelli@wc.com

/s/*Amanda S. Kitts*
Amanda S. Kitts
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
P: (803) 255-9594
F: (803) 256-7500
amanda.kitts@nelsonmullins.com

/s/ *Daniel L. Ring*
Daniel L. Ring
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
P: (312) 923-2625
F: (312) 527-0484
dring@jenner.com

/s/ *Brian Duffy*
Brian Duffy
Duffy & Young LLC
96 Broad Street
Charleston, SC 29401
P: (843) 720-2044
F: (843) 720-2047
bduffy@duffyandyoung.com

*Co-lead Counsel for Defendants*

*Co-liaison Counsel for Defendants*

4