**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | **MDL No. 2:18-mn-2873-RMG** |
| | **CASE MANAGEMENT ORDER NO. 38** |
| | **This Order Relates to All Actions** |

## ORDER GOVERNING PERSONAL INJURY PLAINTIFFS WITH MULTIPLE FILINGS AND REPRESENTATION

The Court observes that a number of Plaintiffs in this MDL have filed more than one action asserting personal injury claims, often with different counsel representing them in each case. The Court recognizes that such filings can create unnecessary duplication and add to the administrative burden on the Court and the parties in managing this complex litigation. To promote judicial efficiency, conserve the resources of the parties and the Court, and ensure that each Plaintiff's claims are fairly and comprehensively addressed, the Court finds that each unique Plaintiff should have a single action pending before the Court that encompasses his or her entire personal injury claim.

Eisner Advisory Group (EAG), the Court-appointed Portal Administrator, is directed to promptly prepare and issue a report to the impacted Plaintiffs' Counsel identifying those Plaintiffs who appear to have two or more personal injury filings pending in this MDL. The report shall include the relevant case numbers and the names of counsel associated with each additional filing, as well as Plaintiff identification information. As soon as possible after the issuance of the Portal report, and in no event later than thirty (30) days of issuance of the report, counsel representing any such Plaintiff must attempt to confer in good faith to resolve any issues regarding

1

representation and determine which of the Plaintiff's filings will be dismissed, and which counsel will proceed as counsel of record for the one remaining filing. Once counsel have resolved these issues among themselves through the meet and confer process, outgoing counsel shall 1) file a stipulation of dismissal pursuant to the form provided in Exhibit A, and 2) provide notice to EAG of the now inactive cases in such format as EAG requires. EAG is directed to mark as inactive in the MDL Portal the case(s) being dismissed pursuant to said dismissal stipulation. The deadline for compliance with these directives is sixty (60) days of the receipt notice of multiple representation.

The Court directs counsel to promptly resolve all issues of multiple representation among themselves, consistent with the individual Plaintiff's preference and agreements of counsel, and to file the appropriate dismissals in accordance with Exhibit A as soon as practicable. Any dismissal filed pursuant to Exhibit A shall be without prejudice to the Plaintiff's right to continue litigating his or her remaining personal injury claims in this MDL, regardless of the number of dismissals filed, and no dismissal filed pursuant to this Order and in the form prescribed herein shall constitute an adjudication on the merits of the dismissed claims. Such dismissal shall not preclude outgoing counsel from asserting any proper claim for attorneys' fees or costs.

If any multiple representation issues remain unresolved within seventy-five (75) days after the Portal Administrator's notice, the following procedures shall apply: EAG shall promptly notify 1) Plaintiffs' Leadership, 2) Defendants' Leadership, and 3) Special Master John Perry and his team, including Dan Balhoff, Esq. of all Plaintiffs with unresolved multiple filings and the counsel for each such filing. Special Master Perry shall communicate with Plaintiffs' counsel for such Plaintiffs and make any recommendations to resolve such issues without the need for Court intervention. Should his guidance be needed due to an impasse sooner than seventy-five (75) days

after the Portal Administrator's notice, the impacted Plaintiffs' Counsel may seek Special Master Perry's assistance sooner.  If such issues cannot be resolved, the Special Master shall issue Report & Recommendations to the District Court to resolve remaining multiple representation issues.  Any such Report & Recommendations shall be due within one hundred and twenty (120) days of the Portal Administrator's notice.

**AND IT IS SO ORDERED.**

Dated: J u n e  3 , 2026
     Charleston, South Carolina

 s/Richard M Gergel
Hon. Richard M. Gergel
United States District Judge

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG <br><br> Notice of Voluntary Dismissal <br><br> This Document Relates to: [*insert case*] |

### NOTICE OF DISMISSAL OF DUPLICATE FILINGS BY LISTED PLAINTIFFS ONLY, AS TO LISTED ACTIONS ONLY, WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)

The undersigned counsel has learned that the Plaintiff(s) listed in Exhibit A have inadvertently filed multiple actions in this MDL the asserting the same or substantially similar claims. Such Plaintiff(s) now voluntarily dismiss the duplicate filing of the Plaintiff(s)' claims in the Docket Number listed in Exhibit A only. Such dismissal is entered pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure and is without prejudice.

Dismissal of the Plaintiff(s) from the Docket number listed in Exhibit A shall have no effect on any other actions filed by the same Plaintiff. For the avoidance of doubt, because this dismissal is entered merely to cure the double or any multiple filing, such dismissal shall not be considered an adjudication on the merits of the dismissed claims. Further, such dismissal does not preclude counsel who represented Plaintiff in the dismissed action from asserting a claim for legal fees if appropriate.

Dated: _____, 202_

Respectfully submitted,

By:/s/_____

Attorney Name
Law Firm Name
Address

5