**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Document Relates to:**<br><br>*Gaffney Board of Public Works v. AGC Chemicals Americas, Inc., et al.*, No. 2:25-cv-10635-RMG<br><br>*City of Union, South Carolina v. AGC Chemicals Americas, Inc., et al.*, No. 2:25-cv-11014-RMG<br><br>*Woodruff-Roebuck Water District v. AFL Telecommunications, LLC, et al.*, No. 2:25-cv-11043-RMG |

**DEFENDANT EIDP, INC.'S MOTION FOR EXTENSION OF
AUTOMATIC 30-DAY STAY OF EXECUTION UNDER
FEDERAL RULE OF CIVIL PROCEDURE 62(a)**

By Order dated May 7, 2026, this Court granted Plaintiffs' Motion to Remand the above-captioned actions to South Carolina state court (Dkt. No. 9363). On May 13, 2026, upon motion of Defendant EIDP, Inc., the Court issued an Order implementing the automatic, 30-day stay of execution of the Remand Order under Federal Rule of Civil Procedure 62(a). Defendant EIDP, Inc. now moves for an Order extending the stay until the Court rules on EIDP's pending Motion for Reconsideration of the Remand Order.

**ARGUMENT**

Federal Rule of Civil Procedure 62(a) presumptively imposes an automatic 30-day stay on the execution of any "judgment." *See* Fed. R. Civ. P. 62(a). Courts have recognized that it is appropriate to allow the automatic stay of Rule 62(a) to take effect after the issuance of remand orders in cases removed under Section 1442(a)(1). *See, e.g., Kansas v. Pfizer, Inc.*, 2025 WL 1548507, at *1-2 (D. Kan. May 30, 2025); *Town of Pine Hill v. 3M Co.*, 2025 WL 994187, at *1 (S.D. Ala. Apr. 2, 2025); *Maranino v. Cabrini of Westchester*, 2022 WL 17995107, at *2

(S.D.N.Y. Dec. 29, 2022); *City of Annapolis v. BP P.L.C.*, 2022 WL 4548226, at *10 (D. Md. Sept. 29, 2022); *Northrop Grumman Tech. Servs., Inc. v. Dyncorp Int'l LLC*, 2016 WL 3180775, at *2 (E.D. Va. June 7, 2016). The Court implemented the automatic stay in the present cases through its May 13, 2026 Order. The automatic stay will expire on June 8, 2026, thirty days after issuance of the Remand Order.

Rule 62(a) provides that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, *unless the court orders otherwise*" (emphasis added). The Rule "thus contemplates that a district court may issue an order modifying or extending the stay." *Glacier Bear Retreat, LLC v. Dusek*, 2023 WL 2072023, at *1 (D. Mont. Feb. 17, 2023); *see also* Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment ("Rule 62(a) expressly recognizes the court's authority to dissolve the automatic stay or supersede it by a court-ordered stay," and "[r]ather than dissolve the stay, the court may choose to supersede it by ordering a stay that lasts longer or requires security").

Good cause exists to issue a stay here. First, EIDP has made a strong showing in its Motion for Reconsideration that significant factual developments since EIDP filed its opposition to Plaintiffs' Motion for Remand further reconfirm the federal nexus underlying removal. Second, absent a stay, EIDP will suffer irreparable harm because, if these actions are transmitted to state court before the Court rules on its pending Motion, the parties may be forced into duplicative proceedings, creating inefficiency and a risk of inconsistent rulings that may not be fully remedied after the fact. Third, a brief stay will not substantially injure Plaintiffs because it merely preserves the status quo for a limited period while the Court resolves the pending Motion. Finally, the public interest favors a stay because orderly judicial administration is best served by allowing this Court

to decide the reconsideration motion before the Remand Motion is transmitted to state court. *See Glacier Bear,* 2023 WL 2072023, at \*1 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Because a short extension of the automatic stay will preserve the status quo, avoid duplicative proceedings, and allow the Court to resolve EIDP's pending Motion for Reconsideration, EIDP requests that the Court extend the Rule 62(a) stay until it rules on EIDP's Motion for Reconsideration.

## CONCLUSION

For the reasons stated, Defendant EIDP, Inc. respectfully requests that the Court extend the stay of execution of the Remand Order, and not transmit the Remand Order to the Cherokee County Court of Common Pleas (*Gaffney*), Union County Court of Common Pleas (*City of Union*), or Spartanburg County Court of Common Pleas (*Woodruff-Roebuck Water District*), pending the Court's ruling on EIDP's Motion for Reconsideration of the Remand Order.

Dated: June 5, 2026

Respectfully submitted,

*/s/ Brent Dwerlkotte*
Molly H. Craig (6671)
Molly.craig@hoodlaw.com
James. B. Hood (9130)
James.hood@hoodlaw.com
Virginia R. Floyd (12212)
Virginia.floyd@hoodlaw.com
**HOOD LAW FIRM, LLC**
172 Meeting Street
PO Box 1508
Charleston, SC 29402
(843) 577-4435

*and*

Brent Dwerlkotte (pro hac vice forthcoming)
dbdwerlkotte@shb.com
**SHOOK HARDY AND BACON LLP**
2555 Grand Blvd.
Kansas City, MO 64108

*Counsel for Defendant EIDP, Inc.*

3