**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| | ) |
| | ) |
| IN RE: AQUEOUS FILM-FORMING | ) MDL No. 2:18-mn-2873-RMG |
| FOAMS PRODUCTS LIABILITY | ) |
| LITIGATION | ) **This Document Relates to:** |
| | ) |
| | ) *See Plaintiffs Listed in Exhibit A* |
| | ) |

**<u>DEFENDANTS' FIRST CONSOLIDATED REPLY TO PLAINTIFFS' OPPOSITIONS
AND RESPONSES TO DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO
COMPLY WITH CASE MANAGEMENT ORDER NO. 37</u>**

Pursuant to Case Management Order No. 37 ("CMO 37") [ECF No. 8876], the Defense Leadership moved to dismiss approximately 8,000 plaintiffs who failed to provide a Plaintiff Profile Form or an Amended Fact Sheet as required by the applicable CMOs and, for those subject to CMO 35, also failed to provide any medical records to support their alleged claims. [ECF Nos. 9569 & 9570].

Plaintiffs identified in Exhibit A responded to Defendants' motions to dismiss and do not dispute that these required materials have not been provided. Each of the Plaintiffs, however, provide essentially the same grounds for their failure to comply with applicable CMOs. Namely, Plaintiffs' counsel report that—after having chosen to file claims on behalf of these thousands of Plaintiffs—despite consistent efforts to contact Plaintiffs, Plaintiffs have been unresponsive and thus, counsel have been unable to obtain the required Plaintiff Profile Form or Fact Sheet and, where applicable, the required medical records.[1]

---

[1] Some oppositions and responses differ in the relief requested. For example, some ask for additional time to comply while others simply note that counsel cannot dismiss their clients' claims given they cannot contact their clients for permission to do so.

Of the Plaintiffs listed in Exhibit A, fifteen filed their Complaints in 2024, before the applicability of CMO 35.  Pursuant to CMOs 5G, 31A, and 31B, their Plaintiff Profile Forms or Amended Fact Sheets were due by no later than May 12, 2025. *See* CMO 31B [ECF 6766].  The remaining Plaintiffs in Exhibit A were all included in Complaints filed between March 1, 2025 and September 10, 2025 (the end of the CMO 35 Filing Facilitation Window).  Pursuant to CMOs 5G, 31B, and 35, their Amended PFSs and medical records were due within 98 days of filing or transfer to the MDL, which means they were all due sometime before the end of 2025.  None of the Plaintiffs listed in Exhibit A complied with the applicable CMOs to provide those required materials.

In February 2026, the Court entered CMO 37 after determining that "a number of Plaintiffs asserting personal injury claims in this MDL have not complied with the Applicable CMOs governing the submission of Amended Personal Injury Fact Sheets, Plaintiff Profile Forms, and/or relevant requirements under CMO 35 and CMO 5G."  CMO 37 [ECF No. 8876].  Notably, CMO 37 specifically provided that the Court would "allow counsel to move to withdraw from representations of cases as appropriate." CMO 37 at II.  Plaintiffs' counsel for the Plaintiffs listed on Exhibit A did not move to withdraw from representations of those cases even though, according to Plaintiffs' responses, counsel were unable to contact their clients.

Pursuant to CMO 37, Defendants properly issued Notices of Non-Compliance for the Plaintiffs listed in Exhibit A during March and April 2026. Plaintiffs failed to cure their non-compliance.  Accordingly, Defendants properly moved to dismiss Plaintiffs' claims as provided by CMO 37 on June 1, 2026.  Plaintiffs still failed to cure their non-compliance or withdraw from representing these unresponsive Plaintiffs for whom they chose to file Complaints.  Under the applicable CMOs, Plaintiff Profile Forms or Amended Fact Sheets were due many months ago.

Plaintiffs have had multiple opportunities and more than sufficient time to comply with the applicable CMOs and provide Defendants with the basic and fundamental information needed to evaluate Plaintiffs' claims.  Counsel's inability to reach their clients, whether to collect this information or to effect a withdrawal, only further underscores the necessity of dismissing these claims.

Accordingly, the Court should dismiss Plaintiffs' claims pursuant to CMO 37.

Respectfully submitted,

| | |
|---|---|
| /s/ *Joseph G. Petrosinelli* | /s/*Amanda S. Kitts* |
| Joseph G. Petrosinelli | Amanda S. Kitts |
| Williams & Connolly LLP | Nelson Mullins Riley & Scarborough LLP |
| 680 Maine Ave., S.W. | 1320 Main Street, 17th Floor |
| Washington, DC 20024 | Columbia, SC 29201 |
| P: (202) 434-5547 | P: (803) 255-9594 |
| F: (202) 434-5029 | F: (803) 256-7500 |
| jpetrosinelli@wc.com | amanda.kitts@nelsonmullins.com |
| | |
| /s/ *Daniel L. Ring* | /s/ *Brian Duffy* |
| Daniel L. Ring | Brian Duffy |
| Jenner & Block LLP | Duffy & Young LLC |
| 353 N. Clark St. | 96 Broad Street |
| Chicago, IL 60654 | Charleston, SC 29401 |
| P: (312) 923-2625 | P: (843) 720-2044 |
| F: (312) 527-0484 | F: (843) 720-2047 |
| dring@jenner.com | bduffy@duffyandyoung.com |
| | |
| *Co-lead Counsel for Defendants* | *Co-liaison Counsel for Defendants* |

Dated:  July 6, 2026