**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

|  |  |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) MDL No. 2:18-mn-2873-RMG ) ) **This Document Relates to:** ) ) Response filed at ECF No. 9793 ) ) *Adam et al. v. The 3M Company, et al.*, 2:24-cv-00607-RMG ) |

**DEFENDANTS' REPLY TO PLAINTIFF LYNN ROMERO'S
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITH
PREJUDICE PURSUANT TO CMO 37**

Pursuant to Case Management Order No. 37 ("CMO 37") [ECF No. 8876], the Defense Leadership moved to dismiss approximately 8,000 plaintiffs who failed to provide a Plaintiff Profile Form or an Amended Fact Sheet as required by the applicable CMOs and, for those subject to CMO 35, also failed to provide any medical records to support their alleged claims. [ECF Nos. 9569 & 9570]. Defendants submit this Reply to Plaintiff Romero's Opposition to Defendants' Motion to Dismiss with Prejudice Pursuant to CMO 37. [ECF No. 9793].

Plaintiff's Opposition demonstrates that Defendants have been unfairly burdened by a failure of Plaintiff's counsel and now former counsel to properly withdraw from representation. When Ms. Romero advised Napoli Shkolnik in April 2024 that she intended to retain new counsel or when Ms. Romero's new counsel filed a new complaint on her behalf, Napoli Shkolnik could have withdrawn from representation and/or dismissed her original complaint. Neither occurred. Now, based upon Plaintiff's Opposition, it appears that no firm currently and properly represents

Ms. Romero. Thus, this is not a "classic example of dual-representation plaintiff, squarely within the framework governed by [CMO] 38." Opp. at 2.

Based upon Plaintiff's Opposition, the appropriate remedy here is not to deny Defendants' Motion to Dismiss, but rather to order Ms. Romero's existing claims filed by Napoli Shkolnik be dismissed without prejudice, given that *after* Ms. Romero discharged Napoli Shkolnik, another firm submitted her Personal Injury Fact Sheet and then dismissed her case without prejudice. At most, the Court could hold Defendants' Motion in abeyance while Napoli Shkolnik files a motion to withdraw and provides their former client who has – by their own admission – previously discharged them, with notice and an opportunity to appear pro se or with new counsel. In either case, Defendants should not be prejudiced by this set of circumstances that should have been resolved long ago.

Respectfully submitted,

/s/ *Joseph G. Petrosinelli*
Joseph G. Petrosinelli
Williams & Connolly LLP
680 Maine Ave., S.W.
Washington, DC 20024
P: (202) 434-5547
F: (202) 434-5029
jpetrosinelli@wc.com

/s/Amanda S. Kitts
Amanda S. Kitts
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
P: (803) 255-9594
F: (803) 256-7500
amanda.kitts@nelsonmullins.com

/s/ *Daniel L. Ring*
Daniel L. Ring
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
P: (312) 923-2625
F: (312) 527-0484
dring@jenner.com

/s/ *Brian Duffy*
Brian Duffy
Duffy & Young LLC
96 Broad Street
Charleston, SC 29401
P: (843) 720-2044
F: (843) 720-2047
bduffy@duffyandyoung.com

*Co-lead Counsel for Defendants*

*Co-liaison Counsel for Defendants*

Dated: July 6, 2026

2