**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) MDL No. 2:18-mn-2873-RMG ) ) **This Document Relates to:** ) ) Response filed at ECF No. 9792 ) |

**DEFENDANTS' REPLY TO PLAINTIFFS' CONSOLIDATED
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITHOUT
PREJUDICE PURSUANT TO CMO 37**

Pursuant to Case Management Order No. 37 ("CMO 37") [ECF No. 8876], the Defense Leadership moved to dismiss approximately 8,000 plaintiffs who failed to provide a Plaintiff Profile Form or an Amended Fact Sheet as required by the applicable CMOs and, for those subject to CMO 35, also failed to provide any medical records to support their alleged claims. [ECF Nos. 9569 & 9570]. Defendants submit this Reply to Plaintiffs' Consolidated Opposition ("Opposition") filed by Napoli Shkolnik, PLLC. [ECF No. 9792].

**I.    Plaintiffs' Response: Plaintiffs Identified in Exhibit A Have Produced Plaintiff Fact Sheets and Medical Records.**

Plaintiffs claim that since Defendants filed their Motion, 23 of the Plaintiffs identified in Exhibit A have produced a Plaintiff Fact Sheet and medical records. Opp. at 2. Defendants agree that those 23 plaintiffs appear to have now submitted a Personal Injury Fact Sheet and a medical record(s) in the MDL Portal. Accordingly, Defendants agree to withdraw their Motion to Dismiss as to these Plaintiffs without prejudice to refiling a new motion to dismiss if Defendants determine Plaintiffs' new submissions to be insufficient to comply with CMO 37. Further, Defendants

expressly reserve the right to include Plaintiffs on any future Non-Compliance Lists or motions to dismiss to the extent there are other valid grounds for inclusion as provided by CMO 37.

**II.     Plaintiffs' Response: Plaintiffs Identified in Exhibit B Produced Plaintiff Fact Sheets But No Medical Records To Date.**

Plaintiffs identified approximately 90 Plaintiffs in Exhibit B who have produced Fact Sheets but have not produced *any* medical records.  Defendants incorporate herein by reference their Second Consolidated Reply to Plaintiffs' Oppositions [ECF No. 9923].  For the reasons provided in the Second Consolidated Reply, Defendants' Motion should be granted as to these Plaintiffs.

**III.    Plaintiffs' Response: Plaintiffs Identified in Exhibit C Should Only Be Subject to Partial Dismissal of Their Personal Injury Claims.**

Plaintiffs identified 12 Plaintiffs in Exhibit C that they claim are "properly proceeding as part of medical monitoring and/or property damage frameworks, including class-based proceedings initiated prior to the formation of this MDL" and thus, because CMO 37 did not alter obligations relating to medical monitoring or property damage claims, those claims should remain and only the personal injury claims should be dismissed.

As an initial matter, Defendants dispute that any of these Plaintiffs are "properly proceeding" with medical monitoring and/or property damage claims in this MDL.  Specifically, none of these Plaintiffs have ever served a medical monitoring or property damage Plaintiff Fact Sheet in these cases as required by CMO 5.[1]  In addition, these Plaintiffs agree that they failed to

---

[1] Defendants note that Plaintiff Anthony Daguanno appears to have been a plaintiff in a prior case (*Daguanno v. 3M Company*, 2:20-cv-00506) filed by Napoli Shkolnik PLLC, which was dismissed by the Court in May 2021 for failure to serve a fact sheet (ECF No. 1575).  Mr. Daguanno subsequently served a medical monitoring and property damage fact sheet in that case *after* the dismissal and *before* he filed the present case.  Mr. Daguanno never submitted any fact sheets in the present case.

submit a personal injury Plaintiff Fact Sheet. Thus, Plaintiffs have failed to comply with the applicable CMOs. Defendants, therefore, properly moved to dismiss these Plaintiffs.

While CMO 37 does state that it does not affect the "obligations to produce Property Damage [or] Medical Monitoring" Fact Sheets, it does not state that a dismissal under CMO 37 only extends to personal injury claims. Rather, CMO 37 clearly provides that Defendants may move to dismiss any Plaintiffs subject to CMO 35 that Defendants have determined are non-compliant with the Applicable CMOs and that the Court may dismiss Plaintiffs found to have not complied with the Applicable CMOs.

Accordingly, Defendants' Motion should be granted as to these Plaintiffs because they have not complied with the requirements to submit any Plaintiff Fact Sheets despite now claiming to want to preserve property damage or medical monitoring claims.

## IV.     Plaintiffs' Response: Counsel Needs Additional Time to Secure Fact Sheets For Those Identified in Exhibit D.

Plaintiffs identified approximately 1,000 plaintiffs in Exhibit D that have not provided any Personal Injury Fact Sheet or medical records despite what counsel describes as significant efforts. Defendants incorporate herein by reference their First Consolidated Reply to Plaintiffs' Oppositions [ECF No. 9922]. For the reasons provided in the First Consolidated Reply, Defendants' Motion should be granted as to these Plaintiffs.

## V.     Plaintiffs Response: Counsel Needs Additional Time to Evaluate Plaintiffs' Claims in Exhibit E.

Plaintiffs identified approximately 40 plaintiffs in Exhibit E for whom counsel reports needing time "to determine the precise nature and viability of their claims within this MDL." Opp. at 5. Thus, Plaintiffs do not dispute they have failed to comply with the Applicable CMOs. Moreover, the nature and viability of these Plaintiffs' claims should and could have been

3

determined long before now and before any Complaints were filed.  Accordingly, Defendants'

Motion should be granted as to these Plaintiffs.

Respectfully submitted,

/s/ *Joseph G. Petrosinelli*
Joseph G. Petrosinelli
Williams & Connolly LLP
680 Maine Ave., S.W.
Washington, DC 20024
P: (202) 434-5547
F: (202) 434-5029
jpetrosinelli@wc.com

/s/ *Daniel L. Ring*
Daniel L. Ring
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
P: (312) 923-2625
F: (312) 527-0484
dring@jenner.com

*Co-lead Counsel for Defendants*

/s/*Amanda S. Kitts*
Amanda S. Kitts
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
P: (803) 255-9594
F: (803) 256-7500
amanda.kitts@nelsonmullins.com

/s/ *Brian Duffy*
Brian Duffy
Duffy & Young LLC
96 Broad Street
Charleston, SC 29401
P: (843) 720-2044
F: (843) 720-2047
bduffy@duffyandyoung.com

*Co-liaison Counsel for Defendants*

Dated:  July 6, 2026