**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG<br><br>**ORDER**<br><br>**This Order Relates to Case No. 2:25-cv-13846-RMG** |

Before the Court is the State of New Mexico's motion to remand. (Dkt. Nos. 8699, 8862). The Government opposes Plaintiff's motion. (Dkt. No. 8849). For the reasons set forth below, the motion is granted.

## I.  Background

Previously, in federal court, Plaintiff the State of New Mexico sued the Government seeking, inter alia, injunctive relief requiring the United States and Air Force to comply with the terms of a December 2018 permit which was issued to Cannon Air Force Base by New Mexico under the New Mexico Hazardous Waste Act ("NMHWA") and the Resource Conservation and Recovery Act ("RCRA") based on allegations that the Government improperly disposed of and unlawfully failed to contain the hazardous components of AFFF at CAFB. *See* (Dkt. No. 6728 at 12). After full briefing, the Court ruled in the Government's favor, finding that Plaintiff's claims for injunctive relief were barred under CERCLA's § 113(h). (*Id.* at 26-35). Because the Court lacked jurisdiction, it dismissed Plaintiff's injunctive relief claims without prejudice.

Plaintiff subsequently filed a nearly identical suit in Arizona state court based only on state law seeking enforcement of the permit. The Government removed the action to federal court and the JPML transferred the action to this MDL. (Dkt. No. 8699-1 at 13). Plaintiff now moves to remand this action, and the Government opposes.

## II.  <u>Legal Standard/Legal Analysis</u>

A civil action brought in a state court may be removed to a federal district court if the federal district court could have exercised original jurisdiction over the action. *See* 28 U.S.C. § 1441. In general, federal jurisdiction exists when a claim either (1) arises under the Constitution and laws of the United States, or (2) arises between citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332.

The Supreme Court has repeatedly held that "in order for a claim to arise 'under the Constitution, laws, or treaties of the United States,' 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.' " *Philips Petroleum Co. v. Texaco Inc.*, 415 U.S. 125, 127 (1974) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)). This essential federal element must appear in the plaintiff's own statement of its cause of action. *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983) ("For better or worse ... a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."). Whether a complaint raises a federal question is determined by use of the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive

reliance on state law." *Id.* The well-pleaded complaint rule does not permit a finding of jurisdiction "predicated on an actual or anticipated defense" or "upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

The Supreme Court's decision in *Atlantic Richfield Company v. Christian*, 140 S. Ct. 1335 (2020), is instructive. In that case, owners of Montana property that was within the boundaries of a CERCLA Superfund site brought suit in state court under state-law causes of action related to pollution damage on their property. *Id.* at 1347. They sought, in part, restoration damages meant to restore the property to the condition it was in before the pollution damage. *Id.* at 1347-48. The plaintiffs' restoration plan was stricter and more costly than a cleanup plan approved for the site under CERCLA. *Id.* Atlantic Richfield moved to dismiss the case, arguing that CERCLA § 113 stripped the state court of jurisdiction to decide claims relating to a CERCLA cleanup site. *Id.* at 1348. The Court affirmed the Montana Supreme Court's determination that § 113 did not strip the Montana state court of jurisdiction to decide the state-law claims. *Id.* at 1349. In relevant part, the Court determined that § 113(b) did not apply because the case did not "arise under" CERCLA. *Id.* at 1349-50. The Court reasoned that the grant of exclusive jurisdiction in § 113(b) was akin to the grant of federal question jurisdiction in 28 U.S.C. § 1331, which provides the district courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." *Id.* (quoting 28 U.S.C. § 1331). Thus, because the Montana property owners brought solely state law claims, their claims "arose under" Montana law rather than CERCLA, and the Montana court retained jurisdiction over the lawsuit. *Id.* at 1350; *see also City of Visalia v. Mission Linen Supply, Inc.*, No. 1:19-cv-1809 AWI EPG, 2020 WL 2556763, at *6-7 (E.D. Cal. May 20, 2020) (analyzing *Atlantic Richfield* and granting plaintiff's motion to remand under § 113(b) where plaintiff's complaint was "brought entirely under state law").

*Atlantic Richfield* dictates that Plaintiff's motion be granted. Plaintiff's claims are based in state law, not CERCLA. *See Atlantic Richfield*, 140 S. Ct. at 1349 (noting CERCLA "does not displace state court jurisdiction over claims brought under" state law). Said differently, neither CERCLA § 113(b) or (h) strips the state court of jurisdiction to decide this case and does not disturb the rule that removal jurisdiction lies only where a federal question is presented in the plaintiff's well-pleaded complaint.[1]

The Government's arguments to the contrary are unavailing and ignore *Atlantic Richfield*. For example, the Government argues that federal officer removal was proper under 28 U.S.C. § 1442(a) because Plaintiff's action would conflict with an ongoing cleanup per § 113(h). (Dkt. No. 8849 at 14-15). But the Supreme Court was clear: "§ 113(h) speaks of 'Federal Court[s],' not state courts" and "§ 113 [does not] strip[] . . . state courts[] of jurisdiction to review challenges to EPA cleanups." *See Atlantic Richfield*, 140 S. Ct. at 1348, 1350. Said simply, "There is no textual basis for [the] the argument that Congress precluded *state* courts from hearing a category of cases in § 113(b) by stripping *federal courts* of jurisdiction in cases § 113(h)." *Id.* at 1350. In sum, despite the Government's conclusory assertion otherwise, Plaintiff's action is not "a controversy arising under CERCLA." (Dkt. No. 8849 at 15). Relatedly, the Government presents no convincing "colorable federal defense" in light of *Atlantic Richfield*. *Compare* (Dkt. No. 8849 at 19) (claiming allowing Plaintiff's claims to proceed in state court would create "conflict preemption" between that action and CERCLA) *with Atlantic Richfield*, 140 S. Ct. at 1350 ("There is no textual basis

---

[1] The Government likewise claims that § 113(j)(1) "precludes judicial review of the State's complaint." (Dkt. No. 8849 at 23). Section 133(j)(1) merely states, however, that, "In any judicial action under this chapter, judicial review of any issues concerning the adequacy of any response action taken or ordered by the President shall be limited to the administrative record." Plaintiff's instant action does not arise under CERCLA. Further, the Government presents no cogent explanation for how this provision constitutes a colorable "federal defense" to Plaintiff's state law claims.

4

for [the] the argument that Congress precluded *state* courts from hearing a category of cases in §

113(b) by stripping *federal courts* of jurisdiction in cases § 113(h).").

Accordingly, the Court grants Plaintiff's motion to remand.

## IV.     Conclusion

For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 8849) is **GRANTED**.

This case is remanded to the First Judicial District Court, Santa Fe County, New Mexico.

**AND IT IS SO ORDERED.**

**s/Richard Mark Gergel**
Richard Mark Gergel
United States District Judge

July 24, 2026
Charleston, South Carolina

5