**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2873<br><br>Master Docket No. 2:18-mn-2873<br><br>**This Document Relates to:**<br><br>***The People of the State of California, ex rel. Rob Bonta, Attorney General of California v. 3M Company, et al.***<br><br>**Case No. 2:23-cv-01531-RMG** |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT</u>**

The People of the State of California, *ex rel.* Rob Bonta, Attorney General of California (the "People") submit this Memorandum of Law in Support of their Motion for Leave to File their Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

**SUMMARY OF THE NATURE OF THE CASE**

The People brought this action against Defendants for injuries to California's natural resources, property, residents, and consumers caused by Defendants' design, manufacture, formulation, marketing, promotion, distribution, and/or sale of per- and polyfluoroalkyl substances ("PFAS") and PFAS-containing products, including aqueous film-forming foam ("AFFF"), including the assumption or acquisition of such liabilities. The People now seek leave to amend their First Amended Complaint to add as a defendant Qnity Electronics, Inc. ("Qnity Electronics"), an independent, publicly traded company formed on November 1, 2025 from the spinoff of defendant DuPont de Nemours, Inc.'s electronics business, and to add factual allegations

establishing the theories of liability against the proposed defendant; to amend facts that have changed since the People filed their First Amended Complaint and add additional details; to add factual allegations relating to the DuPont Defendants' ongoing fraudulent transfer of assets and add factual allegations bolstering the People's fraudulent transfer theory of liability against the DuPont Defendants; and to correct minor typographical errors and make other minor clarifying edits.

The People's proposed amendments are meritorious, nonprejudicial, and made in good faith. Moreover, the proposed Second Amended Complaint is premised upon the same facts and circumstances as the People's First Amended Complaint.[1] Accordingly, the Court should grant the People leave to file the proposed Second Amended Complaint.

## STATEMENT OF FACTS

The People originally filed suit in the Superior Court of California, Alameda County, on November 17, 2022 (Case No. 22CV021745). Defendants 3M, Tyco/Ansul, and Chemguard removed the action to the Northern District of California (Case No. 3:22-cv-09001) on December 20, 2022. On April 12, 2023, the Judicial Panel on Multidistrict Litigation ("JPML") transferred the People's case to this multidistrict litigation.

In their original Complaint, the People asserted causes of action for: public nuisance, Cal. Civ. Code §§ 3478, 3480, and 3494; destruction of natural resources, Cal. Gov. Code § 12607; common law products liability; unlawful business practices, Cal. Bus. & Prof. Code § 17200 *et seq.*; negligence per se, under both common law and Cal. Evid. Code § 669; and fraudulent transfer under the Uniform Voidable Transactions Act, Cal. Civ. Code § 3439 *et seq.*

---

[1] The proposed Second Amended Complaint is attached as Exhibit A. The redline comparison of the amendments to the First Amended Complaint is attached as Exhibit B.

On July 25, 2023, the People served their Plaintiff Fact Sheet on Defendants pursuant to Case Management Order ("CMO") Nos. 5 and 5C. Since that time, case-specific fact discovery has not progressed, in accordance with the CMOs issued by this Court. CMO No. 5 ¶ 5. No trial date has been set for the People's claims or for the claims of any state plaintiffs.

On September 22, 2025, the People filed their First Amended Complaint to substitute in three defendants' true identities for Doe defendants: defendants United Technologies Corporation n/k/a RTX Corporation; Carrier Fire & Security Corporation; and Kidde plc, Inc. n/k/a Kidde Limited; and to amend its claims against Kidde-Fenwal, Inc.; and National Foam, Inc.; to add factual allegations establishing the theories of liability against the proposed defendants; to amend facts that had changed since the People filed their Complaint and add additional details; and to correct minor typographical errors.

The People's proposed amendments arise from the same facts alleged in their Complaint and First Amended Complaint. First, the People propose to add as a defendant Qnity Electronics, a company that was formed after the People filed their First Amended Complaint. Ex. A ¶¶ 16, 20. Also, the People propose changes to the First Amended Complaint's Factual Allegations and Claims related to this additional defendant. *Id*. ¶¶ 9, 290, 358–66, 381; Causes of Action I–VII. In addition, the People propose amendments to the PFAS Regulatory Framework and PFAS Contamination sections of the First Amended Complaint to reflect recent federal regulatory actions and to add updated information on PFAS contamination in California. *Id.* ¶¶ 87, 88, 117. The People propose additional changes to the First Amended Complaint's Factual Allegations regarding the DuPont Defendants' ongoing fraudulent transfer of assets, *id.* ¶¶ 286–89; 344–57, and corresponding changes to the Seventh Cause of Action for fraudulent transfer, *id.* ¶¶ 574–92.

3

Finally, the People have made minor grammatical, punctuation, and clarifying edits throughout the proposed Second Amended Complaint.

### ARGUMENT

This Motion is governed by Federal Rule of Civil Procedure 15(a)(2), which provides that the Court "should freely give leave" to amend "when justice so requires." Rule 15(a)(2) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*).

Because of the permissive standard of Rule 15(a)(2), the Court should grant the People's motion unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). None of those circumstances apply. The Court should therefore grant the People's Motion for Leave to File their Second Amended Complaint.

First, the amendments will not prejudice Defendants. Prejudice turns on the "nature of the amendment and its timing." *Laber*, 438 F.3d at 427. The People's amendments originate from the same core facts that prompted their First Amended Complaint. Further, this case remains in an early stage pursuant to the CMOs issued in this multidistrict litigation. The parties have not filed Rule 12 or dispositive motions, no trial date has been set, and the Court has not yet entered a case scheduling order relating to the People's case. As no case-specific discovery is currently permitted, Defendants maintain the ability to conduct discovery relevant to the People's amendments. Defendants, therefore, face no prejudice. *See Oroweat Foods Co.*, 785 F.2d at 510 ("[B]asis for a finding of prejudice essentially applies where the amendment is offered shortly before or during

trial."); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("[A]bsence of prejudice, though not alone determinative, will normally warrant granting leave to amend.").

Second, the People have not acted in bad faith in seeking to amend their First Amended Complaint. The People obtained consent from the Plaintiffs' Executive Committee Co-Lead Counsel prior to filing their Motion. The People also complied with Local Civil Rule 7.02 and conferred with Defendants that have appeared in this action prior to filing their Motion; all Defendants confirmed that they will not oppose the Motion. Further, the People's proposed amendments are supported by law, consistent with the facts alleged in the First Amended Complaint, and timely pursued. Thus, there is no reasonable basis to find that the People are requesting to amend their First Amended Complaint in bad faith. *See United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 198 (4th Cir. 2022) (describing evidence needed to suggest bad faith).

Finally, the People's proposed amendments are not futile. They are not "clearly insufficient" or "frivolous." *Oroweat Foods*, 785 F.2d at 510. Rather, the People seek leave to update certain facts to reflect recent developments, add one defendant and supporting factual allegations, add allegations relating to fraudulent transfer, and correct minor typographical errors and make other minor clarifying edits.

## CONCLUSION

For all the reasons addressed above, the People respectfully request that the Court grant their Motion for Leave to file their Second Amended Complaint.

Dated: August 6, 2026

Respectfully Submitted,

ROB BONTA
Attorney General of California

*/s/ Brendan Hughes*

NICHOLAS G. CAMPINS (SBN 238022)
DIJE NDREU (SBN 251278)
BRENDAN HUGHES (SBN 333690)
Deputy Attorneys General
JEREMY BROWN (SBN 269159)
Supervising Deputy Attorney General
DENNIS BECK (SBN 179492)
Acting Senior Assistant Attorney General

California Department of Justice
Office of the Attorney General
1515 Clay Street, 20th Floor
Oakland, CA 94612
Telephone: (510) 879-0801
Fax: (510) 622-2270
Email: Nicholas.Campins@doj.ca.gov
        Dije.Ndreu@doj.ca.gov
        Brendan.Hughes@doj.ca.gov

*/s/ Stephanie D. Biehl*

MATTHEW K. EDLING
STEPHANIE D. BIEHL
ASHLEY B. CAMPBELL
MIRANDA C. HOLETON
BRITTANY M. DUTTON
**SHER EDLING LLP**
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
Telephone: (628) 231-2500
Facsimile: (628) 231-2929
Email: matt@sheredling.com
        stephanie@sheredling.com
        ashley@sheredling.com
        miranda@sheredling.com
        brittany@sheredling.com

*Attorneys for the People of the State of California, ex rel. Rob Bonta, Attorney General of California*

6