**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) | MDL No. 2:18-mn-2873-RMG<br><br>**This Document Relates to:**<br><br>All Plaintiffs Listed in Exhibits A and B |

**DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 37**

Pursuant to Case Management Order No. 37 ("CMO 37") [ECF Dkt. 8876], the Defense Leadership respectfully submits this Motion requesting that the Plaintiffs listed in Exhibits A and B have all of their claims pending in this MDL dismissed without prejudice.[1] The Defense Leadership additionally requests that such dismissals include the dismissal of any derivative loss of consortium claims for the underlying dismissed claims. The grounds for this Motion are as follows:

1. Pursuant to the Court's Orders, all counsel for plaintiffs asserting personal injury claims in this MDL are required to register for the MDL Portal on behalf of such plaintiffs. *See* CMO Nos. 5G and 31 [ECF Dkt. 6443 & 6255]. Further, the Court's Orders required plaintiffs to provide certain information to Defendants through the MDL Portal. *See* CMO Nos. 31, 31A, 31B (governing the submission of Plaintiff Profile Forms) and 5G (adopting an Amended Personal Injury Fact Sheet). [ECF Dkt. 6255, 6572, & 6766]. Finally, the Court ordered those plaintiffs

[1] For the Plaintiffs listed on Exhibits A and B, their cases were filed or transferred to the MDL on or after March 1, 2025.

asserting a personal injury claim who filed their case on or after March 1, 2025, to provide Proof Requirements, as to which the Court indicated its expectation of "strict adherence to these requirements and deadlines . . . ." *See* CMO No. 35 at IV [ECF Dkt. 7823]. The Proof Requirements required Plaintiffs to provide "Evidence of Diagnosis," which was a defined as a record or records "sufficient to establish a diagnosis of the injury(ies) alleged." CMO No. 35 at I.B.1.

2. CMO 37 required the MDL Portal Administrator, the Eisner Advisory Group ("EAG"), in consultation with the PEC and Defense Leadership, to implement a process by which non-compliance could be alleged, responded to, and/or cured through the MDL Portal. This process allowed Defendants to serve Non-Compliance Lists identifying personal injury plaintiffs in this MDL who Defendants believed after investigation had not complied with the applicable CMOs. CMO 37, ¶ 1.

3. CMO 37 further provides that after a plaintiff is identified in a Non-Compliance List, plaintiff has 14 days from service of that Non-Compliance List, plus any agreed extensions, to cure the noticed deficiencies. CMO 37, ¶¶ 4 & 13.

4. Following the expiration of this cure period, CMO 37 allows Defendants to move to dismiss non-compliant plaintiffs either: (a) <u>with prejudice</u> if they are not subject to CMO 35 (i.e., plaintiff's case was filed or transferred to this MDL before March 1, 2025); or (b) <u>without prejudice</u> if they are subject to CMO 35 (i.e., plaintiff's case was filed or transferred to this MDL on or after March 1, 2025). CMO 37, ¶¶ 7 & 16.

5. Following the entry of CMO 37 on February 25, 2026, the PEC and Defense Leadership worked with the MDL Portal Administrator to design the platform and deficiency

process required by CMO 37. The MDL Portal that was collectively designed to address CMO 37 went live on March 24, 2026.

6. On March 27, 2026, Defendants issued and served Non-Compliance Lists through the MDL Portal identifying each of the Plaintiffs listed on Exhibit A for failure to provide a Plaintiff Profile Form or an Amended Plaintiff Fact Sheet as required by the applicable CMOs and for failure to provide any medical records as required by CMO 35.

7. Between April 11, 2026 and June 26, 2026, Defendants also issued and served Non-Compliance Lists through the MDL Portal identifying each of the Plaintiffs listed on Exhibit B for failure to provide any medical records as required by CMO 35.

8. Pursuant to CMO 37, Plaintiffs had 14 days, plus any agreed upon extension, to cure their non-compliant status by submitting their Plaintiff Profile Form or Amended Plaintiff Fact Sheet into the MDL Portal and/or by submitting the required medical records. Plaintiffs listed on Exhibits A and B failed to do so. With any agreed-upon extensions, the cure period for Plaintiffs listed on Exhibits A and B expired between April 25, 2026 and July 31, 2026.

9. Therefore, in accordance with CMO 37 and the Court's Orders, Defense Leadership respectfully moves this Court for an Order dismissing all claims for those Plaintiffs listed on Exhibits A and B without prejudice.

Respectfully submitted,

/s/ *Joseph G. Petrosinelli*
Joseph G. Petrosinelli
Williams & Connolly LLP
680 Maine Ave., S.W.
Washington, DC 20024
P: (202) 434-5547
F: (202) 434-5029
jpetrosinelli@wc.com

/s/ *Daniel L. Ring*
Daniel L. Ring
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
P: (312) 923-2625
F: (312) 527-0484
dring@jenner.com

*Co-lead Counsel for Defendants*

*/s/Amanda S. Kitts*
Amanda S. Kitts
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
P: (803) 255-9594
F: (803) 256-7500
amanda.kitts@nelsonmullins.com

/s/ *Brian Duffy*
Brian Duffy
Duffy & Young LLC
96 Broad Street
Charleston, SC 29401
P: (843) 720-2044
F: (843) 720-2047
bduffy@duffyandyoung.com

*Co-liaison Counsel for Defendants*

Dated: August 11, 2026