**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG<br><br>**REPORT AND RECOMMENDATION** |

On June 15, 2026, the Court appointed the undersigned to act as Master in this multidistrict litigation ("MDL") for the purpose of preparing a Report and Recommendation addressing motions to dismiss alleging non-compliance with Case Management Orders ("CMOs") 5, 35, and/or 37 (ECF No. 9696). Relevant here are the following motions to dismiss filed by Defendants: Motion to Dismiss With Prejudice for Failure to Comply with Case Management Order No. 37 (ECF No. 9569) and Motion to Dismiss Without Prejudice for Failure to Comply with Case Management Order No. 37 (ECF No. 9570), filed June 1, 2026; and Motion to Dismiss With Prejudice for Failure to Comply with Case Management Order No. 37 (ECF No. 9830) and Motion to Dismiss Without Prejudice for failure to Comply with Case Management Order No. 37 (ECF No. 9831), filed June 25, 2026.

CMO 5 (ECF Nos. 6443 & 6255) required each personal injury Plaintiff ("Plaintiff") to serve an Amended Personal Injury Plaintiff Fact Sheet or Plaintiff Profile Form (collectively, "PFS") to provide basic information about his or her claim. CMO 35 (ECF No. 7823), among other provisions, required Plaintiffs who file complaints on or after March 1, 2025 to submit medical records to support their claims. CMO 37 (ECF No. 8876) required Defendants to issue notices of non-compliance to Plaintiffs who failed to meet the requirements of CMOs 5 and/or 35.

CMO 37 ¶ 1. Plaintiffs were granted a period to cure their noticed deficiencies, after which Defendants were authorized to move to dismiss Plaintiffs who remained deficient either *with prejudice* for Plaintiffs who filed before March 1, 2025, or *without prejudice* for Plaintiffs who filed after that date. *Id.* ¶¶ 7, 16. Defendants provided approximately 18,000 Plaintiffs notice of non-compliance as required under CMO 37. Defendants moved to dismiss approximately 54 Plaintiffs with prejudice (ECF Nos. 9569, 9830). Defendants moved to dismiss the remaining Plaintiffs without prejudice (ECF Nos. 9570, 9831).

Some Plaintiffs filed responses in opposition to Defendants' motions. In consultation with Plaintiffs' counsel, Defendants moved to withdraw their motions to dismiss as to approximately 5,000 Plaintiffs who voluntarily dismissed their claims or cured their deficiencies while the motions to dismiss were pending. *See* Defendants' Motions to Withdraw Their Motions to Dismiss as to Certain Plaintiffs found at ECF No. 9754 (filed June 19, 2020 and referencing ECF Nos. 9569, 9570); ECF No. 10804 (filed August 13, 2026 and referencing ECF Nos. 9569, 9570); and ECF No. 10805 (filed August 13, 2026 and referencing ECF Nos. 9830, 9831).

For Plaintiffs still subject to dismissal under these motions, I recommend Defendants' motions to dismiss be granted for the reasons set forth below.

## I. Legal Standard

A defendant may move to dismiss any claim against it if the plaintiff fails to prosecute, fails to comply with the Federal Rules of Civil Procedure, or fails to comply with a Court order. Fed. R. Civ. P. 41(b). "[A]dministering cases in multidistrict litigation is different from administering cases on a routine docket." *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006). To encourage efficiency, "MDL courts must be given greater

discretion to organize, coordinate and adjudicate [their] proceedings, including the dismissal of cases for failure to comply with [their] orders." *Id.*

CMO 37 cautioned Plaintiffs that "the Court may dismiss *with prejudice* all Plaintiffs found to have not complied with the Applicable CMOs" for Plaintiffs who filed before March 1, 2025 and *without prejudice* for Plaintiffs who filed after that date CMO 37 ¶¶ 10, 19). "[G]enerally, a district court does not abuse its discretion in dismissing an action when a party fails to comply with a reasonable court order after being warned of the consequences of neglecting the court's direction[.]" *Coles v. Northcutt*, 574 F. App'x 268, 269 (4th Cir. 2014)(citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)).

**II. <u>Discussion</u>**

Plaintiffs listed on Exhibits A and B hereto (filed contemporaneously herewith) have not met the pre-trial evidentiary requirements for the Court to efficiently manage this MDL. Plaintiffs listed in Exhibit A filed their complaints before March 1, 2025 and have failed to produce the required PFS necessary for the Parties and Court to assess their claims. Defendants seek to dismiss their claims *with* prejudice. Plaintiffs listed in Exhibit B filed their complaints on or after March 1, 2025 and have failed to provide the requisite PFS and/or medical records. Defendants seek to dismiss their claims *without prejudice.*

Based on information I have reviewed, approximately 3,471 Plaintiffs elected not to file any response to Defendants' motions to dismiss. These individuals are indicated as "Plaintiff Category A" on Exhibits A and B. I recommend Defendants' motions to dismiss be granted as to the Category A Plaintiffs for failure to prosecute and failure to comply with the Court's orders.

The remaining Plaintiffs listed in Exhibits A and B offer various reasons for failing to comply with CMO 37.

- Approximately 9,764 Plaintiffs filed responses indicating their counsel needed additional time to obtain the necessary information from their clients, to finish evaluating claims, or were unable to reach their clients despite repeated attempts to do so. These individuals are indicated as "Plaintiff Category B" on Exhibits A and B. Counsel identified in Category B on both Exhibits have had months, if not years, to obtain and supply to the Court information about their clients. To ensure the Court can efficiently move forward to resolve claims of those Plaintiffs who have complied with CMO 37, I recommend Defendants' motions to dismiss the Category B Plaintiffs be granted.

- Thirteen Plaintiffs do not dispute their failure to comply with the applicable CMOs for their personal injury claims, and they consent to dismissal of these claims. However, these Plaintiffs also are pursuing medical monitoring and/or property damage claims governed by CMO 5 and wish to ensure their interests in the medical monitoring and/or property damage claims are protected. These individuals are indicated as "Plaintiff Category C" on Exhibits A and B.

According to Defendants, the Category C Plaintiffs have not complied with the requirements of CMO 5, either. Defendants submit CMO 37 imposes essentially the same procedure and outcome -- dismissal without prejudice -- as does the dismissal process under CMO 5. *See* CMO 5, ECF No. 205 ¶ 16. Defendants assert the Category C Plaintiffs will suffer no prejudice if the Court were to address their failures to serve PFS relative to medical monitoring and property damage under CMO 37 rather than CMO 5. Stated differently, Defendants urge the Court to dismiss all the claims of the Category C Plaintiffs regardless of their classification as personal injury, medical monitoring, or property damage.

I recommend that, at the appropriate time, these Plaintiffs be given notice as required by CMO 5, after which Defendants may move to dismiss those claims in accordance with the terms

and conditions established in CMO 5. I recommend Defendants' motions to dismiss the Category C Plaintiffs' personal injury claims under CMO 37 be granted.

- Finally, three Plaintiffs claim to have filed duplicate claims with different counsel representing them in each case, and, despite the entry of CMO 38 (ECF No. 9598), these Plaintiffs' duplicate filing issues have not been resolved. These Plaintiffs are indicated as "Plaintiff Category D" on Exhibit B. In any event, a Plaintiff's being represented by more than one firm has no bearing on whether that Plaintiff has complied with CMO 37. I recommend Defendants' motions to dismiss the Category D Plaintiffs also be granted.

* * *

Each Plaintiff's failure to submit PFS and/or medical records prejudices Defendants. "[T]he purpose of the Plaintiff's Fact Sheet [is] to give each defendant the specific information necessary to defend the case against it, and . . . without this device, a defendant [is] unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." *PPA Prod. Liab. Litig.*, 460 F.3d at 1234. In addition, a plaintiff's delay or failure to provide a complete PFS and/or medical records may impact the other plaintiffs by diverting the time and attention of the court away from their timely claims. *See id.*

## III. <u>Conclusion</u>

For the foregoing reasons, and subject to the process set forth respecting the Category C Plaintiffs, it is recommended that Defendants' motions to dismiss with prejudice (ECF. Nos. 9569, 9830) and motions to dismiss without prejudice (ECF. Nos. 9570, 9831) be **GRANTED,** subject to any future adjustments granted by the Court. It is recommended the 25 claims of Plaintiffs listed in Exhibit A be **dismissed with prejudice.** It further is recommended the approximately 13,226 claims of Plaintiffs listed in Exhibit B be **dismissed without prejudice**, subject to

reinstatement upon the service of executed and completed PFSs and, if applicable, medical records that provide evidence of the alleged injury within fourteen (14) days of any final dismissal Order pursuant to the procedures set forth in CMO 37.

Margaret B. Seymour

Margaret B. Seymour
Special Master

September 3, 2026

Charleston, South Carolina