**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | **MDL No. 2873**<br><br>**Master Docket No. 2:18-mn-2873**<br><br>**This Document Relates to:**<br><br>***The People of the State of California, ex rel. Rob Bonta, Attorney General of California v. 3M Company et al.***<br><br>**Case No. 2:23-cv-01531-RMG** |

**[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

This Court has reviewed the People of the State of California's ("People") Motion for Temporary Restraining Order and for Preliminary Injunction; Memorandum of Law in Support of their Motion for Temporary Restraining Order and for Preliminary Injunction; the declarations of Stephanie D. Biehl, Chiara Trabucchi, Travis Armstrong, Craig Steinmaus, Graham Fogg, Issam Najm, Adam Domanski, Benjamin Stanphill, and Paul Hinton, each sworn in September, 2026, and the exhibits annexed thereto; the Statement in Support of California's Motion for Temporary Restraining Order and for Preliminary Injunction filed on behalf of 29 supporting Sovereigns and Sub-Sovereigns; and the People's Second Amended Complaint referenced in the moving papers.

By this Order, the Court GRANTS the People's Motion for Temporary Restraining Order and issues an Order to Show Cause as to why the People's Motion for Preliminary Injunction should not be granted. This Order details the terms of the Temporary Restraining Order and the Preliminary Injunction and sets the date and time for an evidentiary hearing on the Preliminary Injunction.

It is hereby ORDERED, on _______________, 2026, at ________________ a.m./p.m. that sufficient reason having been shown, the People's Motion for Temporary Restraining Order is hereby GRANTED pending the hearing on the People's Motion for a Preliminary Injunction,

but in no event beyond 14 days from the entry of this Order, unless extended by the Court or stipulated by the parties. It is further ORDERED, that **Corteva, Inc. ("Corteva") is temporarily restrained and enjoined from**:

(1) **effectuating the October 1 closing of the "Vylor Spinoff," defined as the plan to separate Corteva into two independent, publicly traded companies through the separation of Corteva's Seed operating segment into an independent, publicly traded company, Vylor Inc. ("Vylor"), and the distribution to Corteva stockholders all of the then issued and outstanding shares of common stock of Vylor, and**

(2) **effectuating any transfers, disbursements, distributions, share repurchases, stock buybacks, dividend payments, or any other disposition of assets away from Corteva related to the Vylor Spinoff.**

It is further ORDERED that the security requirement under Federal Rule of Civil Procedure 65(c) is hereby waived, and the People shall not be required to post a bond.

It is further ORDERED that, sufficient reason has been shown that:

(i.) The People assert cognizable equitable relief involving Corteva's assets, including an abatement fund to abate the public nuisance, equitable relief to protect natural resources, restitution and other remedies for unfair competition that led to the creation of a public nuisance, and a constructive trust over fraudulently transferred assets, such that this Court possesses inherent equitable powers to order preliminary relief, in order to assure the availability of permanent relief;

(ii.) The People are likely to succeed on the merits of their equitable claims for public nuisance, violation of California Government Code section 12607, violation of California's Unfair Competition Law ("UCL"), and fraudulent transfer. The People have demonstrated a likelihood of success on the merits of their public nuisance and UCL claim by setting forth facts showing that Old DuPont promoted its PFAS products to Californians for over half a century without warning of their known toxicity, causing ubiquitous PFAS contamination and unlawfully harming Californians' health and public resources. The People are likely to succeed on their Government

Code section 12607 claim because they have shown that the DuPont Defendants' affirmative and deceptive promotion of PFAS products, despite their knowledge of PFAS toxicity, bio-persistence, and resulting contamination, has and continues to pollute, impair, and destroy California's natural resources. Finally, the People are likely to succeed on their fraudulent transfer claim because they have set forth facts showing that the DuPont Defendants have engaged in a years-long, continuing scheme of fraudulent transactions to shield their valuable assets from their PFAS liabilities;

(iii.) Corteva expressly assumed Old DuPont's PFAS-related liabilities through the 2019 DowDuPont Separation Agreement and 2019 Letter Agreement, such that the People are likely to succeed in showing that Corteva is liable for nuisance abatement, equitable relief to protect natural resources, and restitution and other remedies for unfair competition, irrespective of the merits of the People's fraudulent transfer claim;

(iv.) The People have demonstrated that allowing Corteva to separate its highly profitable Seed operating segment, while stranding Old DuPont's historic PFAS and pension liabilities with its less profitable Crop Protection operating segment in the remaining "New Corteva," will result in a destabilized New Corteva that is unable to satisfy PFAS judgments, and that the planned Vylor Spinoff will materially diminish Corteva's total assets and net worth and allow New Corteva to rapidly dissipate the cash dividend it receives to shareholders post-spin, such that the People will suffer immediate and irreparable harm absent preliminary relief;

(v.) The People have presented extensive evidence demonstrating the DuPont Defendants' consistent history of asset dissipation through prior divestitures and spinoffs, such that this Temporary Restraining Order is issued without notice;

(vi.) The People have demonstrated that they are harmed by ubiquitous PFAS contamination that affects the State's waters, lands, and wildlife, and presents ongoing harm to public health, such that preserving Corteva's assets to remediate and abate the contamination caused by their wrongful conduct benefits public health and the environment, and the requested relief serves a significant public interest;

(vii.) The People have made sufficient assurances that their requested relief does not seek to stop Corteva from operating, employing workers, or manufacturing or selling products, and that they seek injunctive relief to preserve the status quo and to prevent Corteva from evading its liabilities and putting its most valuable assets permanently out of reach of creditors, such that the balance of equities tips sharply in favor of the People.

It is further ORDERED, that Corteva show cause before this Court, at 85 Broad Street, Charleston, South Carolina, 29401, on ________________, ________________ at ________________ a.m./p.m. or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure GRANTING the People's Motion for Preliminary Injunction and **enjoining Corteva during the pendency of this action from:**

(1) **effectuating the transfer, disbursement, distribution, or any other disposition of at least $22,000,000,000 worth of assets,**

(2) **shielding, through any spinoff or separation transaction, its Seed operating segment from obligations relating to historical PFAS and other environmental liabilities associated with legacy E. I. du Pont de Nemours and Company ("EIDP") businesses, including historical EIDP pension plan and PFAS obligations, and**

(3) **effectuating the transfer or other disposition by Corteva of any cash received in consideration for Corteva's Seed operating segment to pay down any debt assumed by any entity involved in the spinoff or separation of Corteva's Seed operating segment, and**

(4) **effectuating the transfer, disbursement, distribution, or any other disposition by Corteva of any cash received in consideration for Corteva's seed operating segment to the shareholders of any entity involved in the spinoff or separation of Corteva's Seed operating segment.**

It is further ORDERED, that the terms of this Court's Temporary Restraining Order will remain in place pending the hearing on the People's Motion for Preliminary Injunction as set forth above or until Corteva files a written statement of compliance on the docket in this MDL confirming it will not effectuate the planned Vylor Spinoff transaction or effectuate any transfers, disbursements, distributions, share repurchases, stock buybacks, dividend payments, or any other disposition of assets away from Corteva related to the Vylor Spinoff pending the hearing on the People's Motion for Preliminary Injunction. To the extent Corteva files such a statement of compliance, the parties will be ordered to confer regarding an alternative date and time for the evidentiary hearing on the People's Motion for Preliminary Injunction.

It is further ORDERED, that personal service of a copy of this order upon Corteva or its counsel on or before _______________, _______________ at ________________ at a.m./p.m. shall be deemed good and sufficient service thereof; and it is further ORDERED, that opposing papers, if any, shall be served by ECF and email upon the following Plaintiff's Counsel:

Nicholas G. Campins
Dije Ndreu
Brendan Huges
California Department of Justice
Office of the Attorney General
1515 Clay Street, 20th Floor
Oakland, CA 94612

Matthew K. Edling
Stephanie D. Biehl
Ashley B. Campbell
Miranda C. Holeton
Brittany Dutton
100 Montgomery Street, Suite 100
San Francisco, CA 94104

attorneys for the People, received by [his/her] office on or before _______________, _______________ at ________________ a.m./p.m.

It is HEREBY ORDERED this ______________ day, of _________________, 2026.

_______________________________________
The Honorable Richard M. Gergel
United States District Court Judge