IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Document Relates to ALL CASES** |

**<u>REPORT AND RECOMMENDATIONS CONCERNING FEE ALLOCATION</u>**

On April 23, 2024, the Court entered an Order and Opinion awarding fees for the DuPont and 3M settlements (Dkt. No. 4885). The Court awarded the full amount requested by the plaintiffs' attorneys. In accordance with the plaintiffs' attorneys' suggestion, the Court provided that 5% of the award be held back for future settlement administration. This "5% holdback" totaled $46,740,000.00. However, the settlement payment was structured, so the funding for the fees was not available all at once.

On February 25, 2025, the undersigned filed a Report and Recommendation Concerning Fee Allocation which, among other things, recommended the allocation of fees that would be available by the end of April 2025, totaling $32,240,000.00 (Dkt. No. 6712). On March 11, 2025, the Court adopted the recommendation in full (Dkt. No. 6774).

The balance of the 5% holdback fees, $14,500,000.00, is now available to be disbursed. This filing addresses the proper allocation of those fees.

The undersigned, along with my partners Daniel J. Balhoff and John W. Perry, III, approached the fee allocation in the same manner that we employed for the previous settlements. We contacted the more than 50 potentially interested firms in an attempt to reach a fair and

amicable agreement based upon a well-reasoned methodology. When communicating with the firms, we reiterated the purpose of the 5% holdback fund; i.e., to compensate only those firms that assisted with the administration of the DuPont and 3M settlements. We also emphasized that the $32,240,000.00 disbursement in 2025 was designed to compensate time that had already been expended, whereas the present $14,500,000.00 disbursement is meant to compensate more recent time. In light of this, all but five of the firms did not make a claim for a portion of the $14,500,000.00.

In arriving at an appropriate fee allocation among the remaining five firms, we reviewed time entries, but we also performed a qualitative investigation by interviewing representatives of the firms and of the Court-appointed Claims Administrator. We were guided by "the governing principles" of CMO No. 3, which (at paragraph 17) cites the controlling jurisprudence. Among the cases cited is *In re Vioxx*, an MDL shepherded by Judge Eldon Fallon. As Judge Fallon stated: "In a case of this kind, not all types of work are created equal. … In short, there is a hierarchy of value for work that tends to have a greater impact on the litigation and generates more 'common benefit.' Such work deserves greater compensation." *In re Vioxx Prods. Liab. Litig.*, 802 F.Supp.2d 740, 772 (E.D. La. 2011), quoting *Turner v. Murphy Oil USA, Inc.*, 582 F.Supp.2d 797, 810-11 (E.D. 2008).

Utilizing the above methodology, we were able to secure commitments from each firm to accept a specific award.

If this Court should adopt the instant Report and Recommendations, the awards will be final and the fees will be ordered paid to each firm. Some of the law firms have expressed an interest in receiving some or all of their total fee award in periodic payments, rather than in a lump sum. This is solely for convenience and does not provide the plaintiffs' attorneys with any

ownership interest in any portion of the settlement other than the right to receive the fee payments in the future as specified in relevant assignment documents to be completed prior to receipt of fees by plaintiffs' attorneys. Therefore, it is recommended that Matthew Garretson, the Court-appointed Qualified Settlement Fund Administrator, be permitted to enter into such agreements and to take all steps necessary to facilitate payment of periodic payments, and further, that the Fund Administrator shall be held harmless and indemnified by the attorneys with whom the Fund Administrator enters into such agreements.

In accordance with the above, it is my recommendation that the Court allocate the funds and award payment as follows:

| Firm | Award |
|---|---|
| Baron & Budd, PC | $ 5,500,000.00 |
| Cossich, Sumich, Parsiola & Taylor, LLC | $ 1,000,000.00 |
| Douglas & London, PC | $ 5,500,000.00 |
| Motley Rice LLC | $ 1,000,000.00 |
| Napoli Shkolnik | $ 1,500,000.00 |
| **TOTAL** | **$ 14,500,000.00** |

If the Court wishes me to supplement this report or to respond to any inquiries, I am prepared to comply.

Dated: October 2, 2026

/s/ John W. Perry, Jr.

John W. Perry, Jr.
Perry, Balhoff, Mengis & Burns, LLC
2141 Quail Run Drive
Baton Rouge, LA 70808
Ph: (225) 767-7730
perry@pbmbllc.com