**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Document Relates to:**<br><br>*City of Clinton v. 3M Company*<br>No. 2:25-cv-04675-RMG<br><br>*City of Florence v. 3M Company*<br>No. 2:25-cv-04692-RMG<br><br>*Gaffney Board of Public Works v. 3M Company*<br>No. 2:25-cv-04668-RMG<br><br>*Grand Strand Water and Sewer Authority v. 3M Company*<br>No. 2:25-cv-04678-RMG<br><br>*Greenwood Commissioners of Public Works v. 3M Company*<br>No. 2:25-cv-04677-RMG<br><br>*Laurens County Water and Sewer Commission v. 3M Company*<br>No. 2:25-cv-04676-RMG<br><br>*South Carolina Public Service Authority, a/k/a Santee Cooper v. 3M Company*<br>No. 2:25-cv-04679-RMG<br><br>*City of Union v. 3M Company*<br>No. 2:25-cv-04657-RMG<br><br>*Woodruff-Roebuck Water District v. 3M Company*<br>No. 2:25-cv-04682-RMG |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR STATUS CONFERENCE**

Pursuant to Case Management Order No. 2.A ("CMO 2.A") (Dkt. No. 130), Plaintiffs in the above-captioned actions respectfully move this Court for leave to file their Motion for Status Conference (attached hereto as **Exhibit A**).[1]

Plaintiffs are nine public water utilities serving communities across South Carolina, and their water supplies have been contaminated with PFAS, impacting well over a million South Carolina residents. Leave to file the Motion for Status Conference is necessary at this time because these cases present unique, site-specific factual and legal issues that are time-sensitive and unaddressed by the current MDL structure, leaving Plaintiffs' cases at a standstill.

1. **Plaintiffs Have Opted Out of MDL Settlements**: Unlike the majority of water providers in this MDL, all nine Plaintiffs validly opted out of the nationwide class settlements with 3M and other suppliers. Instead, Plaintiffs independently seek to hold 3M responsible for the PFAS contamination in their water supplies under South Carolina tort law—as is their right.

2. **These Cases Involve Upstream Non-AFFF Industrial Discharges**: While this MDL is focused on Aqueous Film-Forming Foam ("AFFF") products, sites, and injuries, Plaintiffs' claims against 3M do not involve AFFF. Rather, Plaintiffs' claims arise from PFAS contamination originating from upstream, non-AFFF industrial facilities that used or disposed of 3M's commercial products. These actions assert tort claims exclusively under South Carolina common law.

[1] Plaintiffs' undersigned counsel conferred in good faith with Plaintiffs' Co-Lead Counsel regarding the filing of the underlying Motion for Status Conference; however, Co-Lead Counsel has declined to sign the Motion for Status Conference, necessitating this Motion for Leave. Pursuant to Local Civil Rule 7.02 (D.S.C.), undersigned counsel has also conferred with counsel for Defendant 3M Company ("3M") regarding the relief requested in the underlying motion, but 3M does not consent to the relief sought in the Motion for Status Conference.

3. **Current Case Management Orders Leave Plaintiffs Without a Path Forward**: The MDL's current case management orders do not address water providers that opted out of the settlements. Consequently, there is currently no procedural mechanism or schedule for Plaintiffs to develop their claims, conduct discovery, or resolve threshold motions, and their cases sit in limbo without any ability to move forward toward trial preparation.

4. **Coordinated MDL Discovery and Motions Practice Do Not Encompass Plaintiffs' Claims**:

- **No Relevant Legal Rulings**: Prior to transferring these cases to this MDL, 3M filed motions to dismiss in Plaintiffs' individual actions, asserting South Carolina state law defenses, including the statute of limitations and sufficiency of the pleadings—not 3M's production of MilSpec AFFF or the government contractor defense. No MDL rulings address these specific local legal issues, and the current MDL orders provide no path for resolving them.
- **No Relevant Common Discovery**: Common discovery in this MDL is tailored to AFFF products and sites. Plaintiffs require highly specific, non-AFFF discovery to identify the chemical composition, sales history, disposal communications, and transport pathways of 3M's non-AFFF commercial chemical products sold to local upstream industrial facilities. This discovery has not been, and will not be, developed in the coordinated common MDL discovery.

4. **A Separate Track is Consistent with MDL Precedent**: This Court has previously recognized that different types of cases in this MDL require separate discovery and trial tracks. Seeking a status conference is the necessary first step to establishing a separate, non-interfering

pretrial litigation track to ensure these South Carolina cases are resolved justly and efficiently, without any undue burden or inconvenience on 3M (or any other parties to this MDL).

5. **EPA Regulatory Compliance Deadlines Require Immediate Progress**: Under the Environmental Protection Agency's ("EPA") National Primary Drinking Water Regulation ("NPDWR") for PFAS, Plaintiffs are subject to strict, legally enforceable Maximum Contaminant Levels ("MCLs"). Pursuant to the current NPDWR, these utilities must implement expensive, highly complex treatment and remediation solutions to reduce PFAS levels below the MCL standard by April 26, 2029. Although the EPA issued a proposed rule on May 18, 2026, that would establish a federal exemption framework allowing eligible systems to request a two-year extension to April 26, 2031, this proposed extension is highly contingent, narrow, and requires systems to demonstrate significant technical, financial, and restructuring efforts. Whether the governing compliance deadline is 2029 or 2031, the engineering, permitting, funding, and construction of local multi-million-dollar treatment systems must begin immediately. Plaintiffs cannot design or finance these systems in a vacuum. To fund these critical capital improvements and protect local ratepayers, Plaintiffs must immediately begin progressing their tort claims against 3M. Forcing these cases to remain at a complete standstill in this MDL severely prejudices Plaintiffs' ability to meet their statutory obligations and to fulfill their fundamental purpose of providing drinking water to their customers.

For the foregoing reasons, good cause exists to permit Plaintiffs to seek the relief requested in their Motion for Status Conference, and Plaintiffs in the above-captioned actions respectfully request that the Court grant their Motion for Leave and permit the filing of the attached Motion for Status Conference.

Respectfully submitted,

*/s/ John B. White, Jr.*
John B. White, Jr. (Fed. Bar No. 4619)
Marghretta H. Shisko (Fed. Bar No. 11601)
Christopher R. Jones (Fed. Bar No. 13204)
Griffin L. Lynch (Fed. Bar No. 9580)
John B. White, Jr., P.A.
101 W. St. John St., Ste. 200
P.O. Box 2465 (29304)
Spartanburg, SC 29306
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

Frank Jerome Tapley
Brett Cooper Thompson
Robert Akira Watson
Cory Watson, P.C.
2131 Magnolia Avenue South
Birmingham, AL 35205
(205) 328-2200
jtapley@CoryWatson.com
bthompson@CoryWatson.com
awatson@corywatson.com

*Counsel for Plaintiffs*

October 6, 2026