**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**REPORT AND RECOMMENDATION** |

On June 15, 2026, the Court appointed the undersigned to act as Master in this multidistrict litigation ("MDL") for the purpose of reviewing Defendants' motions to dismiss alleging non-compliance with Case Management Orders ("CMOs") 5, 35, and/or 37. ECF No. 9696. I issued a Report and Recommendation on September 3, 2026 addressing Defendants' Motions to Dismiss With Prejudice for Failure to Comply with Case Management Order No. 37 (ECF Nos. 9569, 9830) and Motions to Dismiss Without Prejudice for Failure to Comply with Case Management Order No. 37 (ECF Nos. 9570, 9831). ECF No. 11371. The Court now has referred to me Defendants' third Motion to Dismiss Without Prejudice for Failure to Comply with Case Management Order No. 37 (ECF No. 10692). *See* ECF No. 11715.

The procedural history regarding these Motions to Dismiss is set forth in the Report and Recommendation filed September 3, 2026 and incorporated herein. Relevant here are a single Plaintiff who failed to submit a Plaintiff Profile Form ("PFS") and approximately 461 Plaintiffs who failed to submit medical records to support their claims. *See* ECF No. 10692, Exhs. A, B. Defendants state they issued and served Non-Compliance Lists in March, April, and June 2026. According to Defendants, Plaintiffs listed on Exhibits A and B to the current motion to dismiss have not cured their non-compliance, and the cure periods have expired. *Id.* at 3.

Some Plaintiffs filed responses in opposition to Defendants' motion to dismiss. *See* ECF Nos. 11146, 11155, 11157, 11165, 11169, 11170, 11171, 11173, 11174, 11175. Defendants thereafter filed consolidated replies in which they contested Plaintiffs' arguments. Defendants also acknowledged some Plaintiffs complied with CMO 37 since filing of the motion and should not be dismissed. ECF Nos. 11472, 11475, 11477. Defendants filed four motions to withdraw their motion to dismiss as to certain Plaintiffs. ECF Nos. 11138, 11480, 11749, 11788. Defendants reported these Plaintiffs submitted PFSs or an Amended Fact sheet and, where applicable, medical records. As a result, these Plaintiffs have come into compliance with CMO 37.

Other Plaintiffs have voluntarily dismissed their claims. For Plaintiffs still subject to Defendants' current motion to dismiss, I recommend Defendants' motion be granted for the reasons set forth below.

## I. <u>Legal Standard</u>

A defendant may move to dismiss any claim against it if the plaintiff fails to prosecute, fails to comply with the Federal Rules of Civil Procedure, or fails to comply with a Court order. Fed. R. Civ. P. 41(b). "[A]dministering cases in multidistrict litigation is different from administering cases on a routine docket." *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006). To encourage efficiency, "MDL courts must be given greater discretion to organize, coordinate and adjudicate [their] proceedings, including the dismissal of cases for failure to comply with [their] orders." *Id.*

CMO 37 cautioned Plaintiffs that "the Court may dismiss *with prejudice* all Plaintiffs found to have not complied with the Applicable CMOs" for Plaintiffs who filed before March 1, 2025 and *without prejudice* for Plaintiffs who filed after that date. CMO 37 ¶¶ 10, 19. "[G]enerally, a district court does not abuse its discretion in dismissing an action when a party fails to comply

with a reasonable court order after being warned of the consequences of neglecting the court's direction[.]" *Coles v. Northcutt*, 574 F. App'x 268, 269 (4th Cir. 2014)(citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)).

## II. Discussion

Plaintiffs listed on Exhibit A hereto have not met the pre-trial evidentiary requirements for the Court to efficiently manage this MDL. Plaintiffs listed in Exhibit A filed their complaints on or after March 1, 2025 and failed to provide the requisite PFSs and/or medical records necessary for the Parties and Court to assess their claims. Based on information I have reviewed, approximately 226 Plaintiffs elected not to file any response to Defendants' current motion to dismiss. These individuals are indicated as "Plaintiff Category A" on Exhibit A. I recommend Defendants' motion to dismiss be granted as to the Category A Plaintiffs for failure to prosecute and failure to comply with the Court's orders.

Separately, approximately 106 Plaintiffs filed responses indicating their counsel needed additional time to obtain the necessary information from their clients, to finish evaluating claims, or to reach their clients despite repeated attempts to do so. These individuals are indicated as "Plaintiff Category B" on Exhibit A. Counsel for Category B Plaintiffs have had months, if not years, to obtain, evaluate, and supply the Court information about their clients. For example, one Plaintiff filed a complaint on August 28, 2025, alleging she suffers from thyroid cancer. Another Plaintiff filed a complaint in state court on July 29, 2025 that was filed in this MDL case on September 2, 2025. He alleged he was diagnosed with ulcerative colitis. Neither Plaintiff has submitted medical records after a year. Typically, this information is gathered prior to the filing of a complaint. Plaintiffs who have failed to remain in contact with their counsel appear to have abandoned their claims.

As I previously suggested, each Plaintiff's failure to submit a PFS and/or medical records prejudices Defendants. "[T]he purpose of the Plaintiff's Fact Sheet [is] to give each defendant the specific information necessary to defend the case against it, and . . . without this device, a defendant [is] unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." *PPA Prod. Liab. Litig.*, 460 F.3d at 1234. Patently, this analysis extends to medical records, which are required to support the allegations of each Plaintiff's complaint. In addition, a plaintiff's delay or failure to provide a complete PFS and/or medical records may impact the other plaintiffs by diverting the time and attention of the court away from their timely claims. *See id.* To ensure the Court can efficiently move forward to resolve claims of those Plaintiffs who have complied with CMO 37, I recommend Defendants' motion to dismiss the Category B Plaintiffs be granted.

## III. <u>Conclusion</u>

For the foregoing reasons, I recommend Defendants' motion to dismiss without prejudice (ECF No. 10692) be **GRANTED**, subject to any Plaintiff's reinstatement upon the service of executed and completed PFS and/or medical records that provide evidence of the alleged injury within fourteen (14) days of any final dismissal Order pursuant to the procedures set forth in CMO 37.

**IT IS SO RECOMMENDED.**

Margaret B. Seymour
Special Master

October 13, 2026
Charleston, South Carolina