**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>This Document Relates to:<br>*See Exhibit A - Plaintiff: Abplanalp, Russell*<br>*Case Name: Abplanalp, Russell, et al. v. 3M Company, et al.*<br>*Case No. 2:25-cv-11641-RMG* |

**PLAINTIFF'S MOTION TO REINSTATE CLAIMS (EXCUSABLE NEGLECT)**

Plaintiff, by and through undersigned counsel, respectfully moves this Court for an Order reinstating the claim identified on Exhibit A, which was dismissed without prejudice on September 28, 2026. Plaintiff brings this Motion under Federal Rules of Civil Procedure 6(b)(1)(B) and 60(b)(1) on the ground that the omission of this case from Plaintiff's prior Motion to Reinstate (Dkt. No. 11808) was the product of excusable neglect caused by Hurricane Isaias, which struck counsel's office on October 9, 2026. In support, Plaintiff submits the Declaration of Wilma Rutherford and the Declaration of Douglass A. Kreis, attached as Exhibits B and C, and shows the Court as follows:

**I. Procedural and Factual Background**

1. Plaintiff filed a Complaint and Jury Demand seeking damages for personal injury resulting from exposure to aqueous film-forming foams ("AFFF") within the "Filing Facility Window" established by Case Management Order No. 35.
2. On November 28, 2025, Plaintiff served upon Defendants an executed and completed PFS.
3. On September 28, 2026, Plaintiff served upon Defendants the supporting medical records.

4. On September 28, 2026, the same date of Plaintiff's service of his medical records upon Defendants, this Court entered an Order adopting the Report and Recommendation of Special Master Margaret Seymour, Retired United States District Judge, dismissing Plaintiff's claim without prejudice for failure to serve a Plaintiff Fact Sheet ("PFS"). (Dkt. No. 11371.)
5. In Special Master Seymour's Conclusions to the underlying Report and Recommendation, Plaintiffs' counsel with cases subject to dismissal without prejudice were provided an instruction by which such cases could be reinstated upon service of an executed and completed PFS and, if applicable, medical records that provide evidence of the alleged injury within fourteen (14) days of the Court's entry of the final dismissal order.
6. Thereupon, the deadline for filing a motion to reinstate was October 13, 2026 (14 days plus an additional day to account for Columbus Day, a federal holiday).
7. The process and procedure established by the undersigned firm for identifying all cases for which reinstatement would be made included: the ongoing accumulation of signed verification pages and/or supporting medical records for all clients subject to the Court's order of dismissal; review of the underlying PFS, verification pages, and supporting medical records; service of these documents upon Defendants via the online portal; final preparation of a motion for reinstatement; service of such pleading upon both Plaintiffs' and Defendants' Leadership counsel; and filing a single comprehensive motion to reinstate for all such cases on or before October 13, 2026.
8. However, on or about October 6, 2026, the undersigned learned of the potential for hurricane landfall in or surrounding Pensacola, Florida.

9. On October 7, 2026, undersigned counsel's office began hurricane preparations in advance of Hurricane Isaias.

10. By October 7, 2026, information was communicated by local officials that schools within the Pensacola, Florida and surrounding areas were to be closed.

11. By October 8, 2026, the Board of County Commissioners of Escambia County, Florida issued an order, entitled: Evacuation Order to Reduce Vulnerability to Damage, Injury, and Loss of Life or Property Resulting from an Imminent Threat, which declared that residents within a significant portion of the County evaluate immediately. evacuation-order-hurricane-isaias.pdf

12. Between the morning of October 7, 2026, and the morning of October 9, 2026, the undersigned firm and all of its attorneys and staff undertook best efforts to complete work on projects and cases in which there were impending deadlines, including the instant AFFF MDL, in furtherance of meeting such deadlines before landfall.

13. On October 9, 2026, at 9:26 am, Eastern Standard, the undersigned filed a Motion to Reinstate on behalf of ninety-one (91) similarly situated plaintiffs. (Dkt. No. 11808.)

14. On October 9, 2026, after hours of experiencing both high sustained winds and onset of extreme wind gusts throughout Escambia County, Florida, Hurricane Isaias made landfall at 9:30 pm, Eastern Standard, as a Category II hurricane. https://www.nhc.noaa.gov/archive/2026/al09/al092026.update.10100129

15. Undersigned counsel's office was initially without electrical power and, thereafter, without internet and full case-management system access for approximately one week thereafter. *See* Declaration of Wilma Rutherford (Ex. B) ¶¶ 5, 6; Declaration of Douglass A. Kreis (Ex. C) ¶ 5.

16. Through inadvertence, Plaintiff's case was omitted from Exhibit A to the filed Motion to Reinstate. (Dkt. No. 11808.)
17. Specifically, the omission occurred because the undersigned was forced to complete all steps described in paragraph 7. above in an accelerated and hurried manner during a moment of stressful hurricane preparation.
18. On October 21, 2026, counsel received a copy of Dkt. No. 11888 from Plaintiffs' Leadership Counsel, being Defendants' Response to Plaintiffs' Motion to Reinstate and/or Vacate. Upon receipt, counsel reviewed Dkt. No. 11888, including all three (3) exhibits: Exhibit A (list of cases to be reinstated); Exhibit B (list of cases dismiss with prejudice); and Exhibit C (list of cases dismissed without prejudice).
19. Upon conducting a reconciliation of all cases identified on Exhibit A of Dkt. No. 11888 to those cases regarding which the undersigned firm had previously identified and marked for inclusion in its October 9, 2026 Motion to Reinstate (Dkt. No. 11808), the undersigned discovered the omission of the case listed on Exhibit A, hereto, promptly communicated with Defense Counsel by email regarding the omission. See Exhibit D.
20. Plaintiff's claim for personal injury has not been resolved on the merits. Defendants have been in possession of Plaintiff's completed and verified PFS and medical record proof of a qualifying injury as of September 28, 2026, fifteen (15) days prior to the October 13, 2026 deadline for Plaintiffs' counsel to file a motion to reinstate.
21. This Motion is filed two (2) days after the omission was discovered.

## II. Legal Standard

A. **Rule 6(b)(1)(B).** Federal Rule of Civil Procedure 6(b)(1)(B) provides that when an act must be done within a specified time, the court may, for good cause, extend the

time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

**B. Rule 60(b)(1).** Federal Rule of Civil Procedure 60(b)(1) permits the Court to relieve a party from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A motion under Rule 60(b)(1) must be made within a reasonable time and no more than one year after entry of the order. Fed. R. Civ. P. 60(c)(1). Because the September 28, 2026, Order dismissed Plaintiff's claim without prejudice, the Court also retains authority under Rule 54(b) to revise any interlocutory order before entry of final judgment. Fed. R. Civ. P. 54(b).

**C. The Pioneer standard.** The Supreme Court has held that the excusable neglect inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The relevant circumstances include: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* The Court made clear that the concept of "neglect" encompasses omissions caused "by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388. The *Pioneer* standard governs both Rule 6(b) and Rule 60(b)(1). *Id.* at 391-93.

**D. Fourth Circuit application.** The Fourth Circuit adopted the *Pioneer* factors in *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996), and has identified the third factor—the reason for the delay—as "the most important." *Id.*

at 534; *see also Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 219 (4th Cir. 2011) (in application to Fed. R. App. P. 4(a)(5), the first two factors ordinarily favor the movant and fourth is rarely at issue, so inquiry centers on reason for delay); *Fernandes v. Craine*, 538 F. App'x 274, 276 (4th Cir. 2013).

E. **Rule 60(b) threshold showing.** A party seeking relief under Rule 60(b) must first make a threshold showing of (1) timeliness, (2) a meritorious claim or defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances. *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). Once that showing is made, the movant must satisfy one of the six grounds in Rule 60(b). *Id.*

F. **Preference for adjudication on the merits.** The Fourth Circuit has repeatedly expressed a "strong preference" that cases be decided on their merits rather than on procedural default. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *see also Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988) (where the party is blameless and the attorney is at fault, relief from a default is favored).

## III. Argument

Each *Pioneer* factor favors reinstatement, and Plaintiff satisfies the Rule 60(b) threshold requirements.

A. **Defendants will suffer no prejudice.** Defendants have received Plaintiff's completed PFS and medical records - the very discovery whose absence prompted the dismissal. Reinstatement restores Plaintiff to the same position as the plaintiffs reinstated under Dkt. No. 11808, whose motion no Defendant opposed. Plaintiff's case is one of

thousands pending in this MDL, and no Defendant has taken any action in reliance on the dismissal. The brief interval between the dismissal and this Motion has not caused any loss of evidence, witnesses, or defenses.

B. **The delay is short and has no impact on these proceedings.** This Motion is filed two (2) days after the dismissal Order and well within the one-year period of Rule 60(c)(1). No trial date, bellwether selection, or deadline applicable to Plaintiff's case has passed in the interim, and reinstatement will not disturb the Court's management of the MDL docket.

C. **The reason for the delay - disruption of normal firm practices and procedures in anticipation of, during, and shortly after a hurricane - was outside counsel's reasonable control.** The most important *Pioneer* factor, the reason for delay, *Thompson*, 76 F.3d at 534, decisively favors Plaintiff. The omission of this case from Dkt. No. 11808 was not the result of inattention to the Court's orders, a tactical choice, or unfamiliarity with the rules. It occurred because counsel's office was preparing for, and then recovering from, Hurricane Isaias, which struck on October 9, 2026 and left the office without power, internet, or access to its case-management systems for approximately one week. (Ex. B ¶¶ 5, 6; Ex. C ¶ 5.) *Pioneer* recognized that neglect caused by "intervening circumstances beyond the party's control" is a paradigm of excusable neglect. 507 U.S. at 388. A natural disaster that disables a law office is precisely such a circumstance. Moreover, Plaintiff personally bears no fault for the omission; the PFS was served, and the error lay solely in the administrative compilation of Exhibit A during preparations for such filing surrounding the subject hurricane. *See Augusta Fiberglass*, 843 F.2d at 811.

D. **Plaintiff and counsel have acted in good faith.** Counsel served the PFS, filed Dkt. No. 11808 on behalf of other affected plaintiffs, reconciled the dismissal list upon receipt of Dkt. 11888, identified the omission, notified Defendants, and filed this Motion promptly. There is no suggestion of bad faith, delay for advantage, or disregard of the Court's orders.

E. **Plaintiff satisfies the Rule 60(b) threshold requirements.** (1) *Timeliness*: this Motion is filed within weeks of the Order and within the one-year limit of Rule 60(c)(1). (2) *Meritorious claim*: Plaintiff alleges personal injury from AFFF exposure, has completed a PFS, and has produced medical records substantiating the claimed injury; the claim is of the same character as the thousands of personal-injury claims proceeding in this MDL. (3) *Lack of unfair prejudice*: as shown above, Defendants are in no worse position than they would have been had this case been included in Dkt. No. 11808. (4) *Exceptional circumstances*: a hurricane that disrupted counsel's office during the window in which it was undertaking to seek reinstatement is an exceptional circumstance by any measure. Having made this showing, Plaintiff is entitled to relief under Rule 60(b)(1) for excusable neglect.

F. **The Court's strong preference for merits adjudication supports reinstatement.** Dismissing a PFS-compliant personal-injury claim permanently because of a storm-related clerical omission would elevate form over substance and contravene the Fourth Circuit's "strong preference" for resolving cases on their merits. *Colleton Prep.*, 616 F.3d at 417. Reinstatement imposes no burden on the Court or Defendants and permits Plaintiff's claim to proceed on the same footing as every other compliant claim in this MDL.

**IV. Notice, Consultation, and Authorization**

22. PLEASE TAKE NOTICE that Plaintiffs counsel has notified counsel for Defendants of the instant filing and, to date, no Defendant has opposed the identical Motion to Reinstate filed at Dkt. No. 11808.

23. PLEASE TAKE FURTHER NOTICE that, pursuant to this Court's prior case management orders, Plaintiffs' Co-Lead Counsel has authorized the filing of this Motion.

**V. Conclusion**

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order (a) finding that the omission of Plaintiff's case from Dkt. No. 11808 resulted from excusable neglect under Federal Rules of Civil Procedure 6(b)(1)(B) and 60(b)(1); (b) vacating the dismissal of Plaintiff's claim as to the case listed on Exhibit A; (c) reinstating Plaintiff's claim to the active docket of MDL No. 2:18-mn-2873-RMG; and (d) granting such other and further relief as the Court deems just and proper.

Dated: October 23, 2026

Respectfully submitted,

*/s/ Douglass A. Kreis*

Douglass A. Kreis
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
dkreis@awkolaw.com
Phone: (850) 202-1010

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2026, I electronically filed the foregoing Motion to Reinstate Plaintiff's Claim, together with Exhibits A through D, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Douglass A. Kreis*
Douglass A. Kreis