**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG<br><br>**This Document Relates to ALL CASES** |

# JOINT MOTION FOR LEAVE TO FILE UNDER SEAL A CONFIDENTIAL EXHIBIT

The undersigned Negotiating Plaintiffs' Counsel ("NPC"), on behalf of the Personal Injury Plaintiffs as authorized by Case Management Order No. 2B, have reached a Settlement Agreement with Defendant 3M Company ("3M"). Although the Settlement Agreement is a private agreement that otherwise would not be public, the NPC and 3M (together, the "Parties") have agreed that the great bulk of the Settlement Agreement will be made public. However, the Parties hereby move to file under seal one relatively brief Confidential Exhibit to the Settlement Agreement, pursuant to Local Civil Rule 5.03 and Case Management Order No. 17.

The Confidential Exhibit addresses specific rules and numeric values related to thresholds for Termination Rights, the Parties' expectations as to the level of participation in the agreement, and the conditions for triggering certain categories of payments and the calculation of such payments.

The Parties have agreed that the items in the Confidential Exhibit should be kept confidential and filed with the Court only under seal. The Parties agree that disclosure of these terms would seriously undermine the integrity of the Settlement Agreement should the Court require the Confidential Exhibit to be filed on the public docket.

The Parties' narrowly tailored request—not asking this Court to seal any aspects of the Settlement Agreement other than the Confidential Exhibit—is similar to requests that have been approved in many similar instances. *See, e.g.*, *In re Lyft Secs. Litig.*, No. 19-2690, 2023 U.S. Dist. LEXIS 44585, *6 (N.D. Cal. Mar. 16, 2023) (granting motion to seal the opt-out threshold, and noting that "[t]he request [was] narrowly tailored because Plaintiff [sought] to seal only the number and percentage of shares that would trigger the option to withdraw"); *In re AFFF Prods. Liab. Litig.,* No. 18-mn-2873, ECF No. 3374 (D.S.C. July 6, 2023) (granting motion to seal a confidential exhibit to public water systems' nationwide class-action settlement with 3M).

Federal courts across the United States routinely grant such narrowly tailored requests, finding that the "potential for abuse" by third parties or professional objectors "outweighs the interest in public access to this information." *Friedman v. Guthy-Renker, LLC*, No. 14-6009, 2016 U.S. Dist. LEXIS 131629 *8–9 (C.D. Cal. Sept. 26, 2016). Indeed, numeric values such as an opt-out threshold are "typically not disclosed and [are] kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out." *N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.,* 315 F.R.D. 226, 240 (E.D. Mich. 2016) (quoting *In re HealthSouth Corp. Sec. Litig*., 334 F. App'x 248, 250 n.4 (11th Cir. 2009)), *aff'd sub nom Marro v. N.Y. State Teachers' Ret. Sys., No*. 16-1821, 2017 U.S. App. LEXIS 24073 (6th Cir. Nov. 27, 2017). There are "compelling reasons to keep this information confidential," as doing so "prevent[s] third parties from utilizing it for the improper purpose of obstructing the settlement and obtaining higher payouts." *Thomas v. Magnachip Semiconductor Corp.,* No. 14-1160, 2016 U.S. Dist. LEXIS 93342, *25 (N.D. Cal. July 18, 2016); *accord In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 1:12-MD-2343, 2015 WL 1486709, at *2 (E.D. Tenn. Mar. 31, 2015) (finding good cause to seal specific settlement terms that could be exploited "by demanding

undue compensation for not scuttling the settlement") (quoting supporting declaration); *In re Lyft Secs. Litig.,* 2023 U.S. Dist. LEXIS 44585, *5 (keeping specific terms confidential "to discourage third parties with ulterior motives from soliciting class members"); *Burch v. Quest Corp.*, 2012 U.S. Dist. LEXIS 203547, *5–6 (D. Minn. June 6, 2012) (finding "a compelling basis" for sealing settlement terms when confidentiality "encourage[s] settlement and discourage[s] third-party solicitation to gain leverage in allocation of the settlement proceeds" (citation omitted)).

The Parties agree that there are no less drastic alternatives to sealing the Confidential Exhibit that will afford the Parties the same protections as ensuring that the Confidential Exhibit is not published in the public record. Thus, to the extent that Local Civil Rule 5.03(E) may apply to this Motion, it would be appropriate to suspend that Rule pursuant to Local Civil Rule 1.02 for good cause shown. *See Unger v. Furman Univ.*, No. 6:21-CV-379-TMC, 2021 WL 6206585, at *1 n.1 (D.S.C. Dec. 3, 2021) (noting that the Court had allowed parties to file settlement terms under seal pursuant to Local Civ. R. 1.02 for good cause shown and discussing only those parts of the settlement that were "readily ascertainable" from the publicly filed documents).

As required by Local Civil Rule 5.03(B) and CMO No. 17, this Motion is accompanied by:

Exhibit A: A non-confidential descriptive index of the document sought to be sealed;

Exhibit B: Counsel's certification of compliance with Local Civil Rule 5.03 and CMO No. 17;

Exhibit C: A placeholder sheet stating, "Confidential Documents Contemporaneously Submitted to the Court for In Camera Review in Compliance with CMO No. 17"; and

Exhibit D: A proposed Order.

Pursuant to CMO No. 17, the Parties are submitting for in camera review a copy of the Confidential Exhibit that is the subject of the present Motion via email.

Pursuant to Local Civil Rule 7.04, no accompanying memorandum has been submitted herewith because this Motion fully sets forth the grounds for relief, and a separate memorandum would serve no useful purpose.

Wherefore, having complied with the requirements of Local Civil Rule 5.03 and CMO No. 17, the Parties respectfully move this Court to allow them to file the Confidential Exhibit under seal.

Dated: November 3, 2026

Respectfully submitted,

/s/ Michael A. London
Michael A. London
Douglas and London PC
One State Street, 35th Floor
New York, NY 10004
P: (212)-566-7500
F: (212)-566-7501
mlondon@douglasandlondon.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
P: (214)-521-3605
ssummy@baronbudd.com

*Negotiating Plaintiffs' Counsel*

/s/ Daniel L. Ring
Daniel L. Ring
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
P: (312) 923-2625
F: (312) 527-0484
dring@jenner.com

Brian Duffy
Duffy & Young LLC
96 Broad Street
Charleston, SC 29401
P: (843) 720-2044
F: (843) 720-2047
bduffy@duffyandyoung.com

*Counsel for 3M Company*