**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | **MDL No. 2:18-mn-2873-RMG**<br><br>**CASE MANAGEMENT ORDER NO. 39**<br><br>**This Order Relates to All Actions** |

**CASE MANAGEMENT ORDER NO. 39**
**(Identification Order)**

The Court hereby enters this Case Management Order ("CMO") No. 39 (the "Identification Order" or "ID Order") in accordance with the terms of the Settlement Agreement entered between the Negotiating Plaintiffs' Counsel ("NPC") and Defendant 3M Company ("3M") on November 3, 2026 (the "3M PI MSA").[1] This Order requires all Primary Counsel for all Eligible Claimants and all *Pro Se* Eligible Claimants to provide information to the Court as set forth below by no later than November 13, 2026 (the "ID Order Response Date").

## I. BACKGROUND

"[D]istrict courts have inherent powers to manage their cases," particularly with respect to "massive litigation." *In re Asbestos Prods. Liab. Litig.* (No. VI), 718 F.3d 236, 243 (3d Cir. 2013) (citation omitted). This is particularly true in the context of multidistrict litigation. *See, e.g.*, *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 687 F. App'x 210, 214 (3d Cir. 2017); *In re Zostavax (Zoster Vaccine Live) Prod. Liab. Litig.*, No. 23-1032, 2024 WL 3423709, at *3 (3d Cir. July 16, 2024).

[1] For ease of reference, the Court uses the same defined terms herein as in the 3M PI MSA. The definitions relevant to this Order are attached hereto as Exhibit E.

Given the unprecedented complexity of this MDL, the Court will require adherence to all aspects of this Order. This Court maintains exclusive jurisdiction over all matters and decisions related to the interpretation or enforcement of this Order.

## II. REQUIREMENTS FOR IDENTIFICATION

A. All PI Counsel shall be required to submit one or both of the following ID Order Declarations pursuant to this Order:

1. Primary Counsel Declaration: PI Counsel must submit a declaration that identifies all Eligible Claimants for whom they are Primary Counsel (the "Primary Counsel Declaration"). Such Primary Counsel Declaration shall be in substantially the form set forth in Exhibit A (attached hereto) and shall include an ID Order Response containing the information set forth in Section II.D.1 below, for each Eligible Claimant for whom they are Primary Counsel.

   a. Such Declaration must identify all Eligible Claimants that Primary Counsel currently represents, whether such Eligible Claimant has a filed or an unfiled case. However, any person with a PFAS PI Claim that was dismissed with prejudice prior to the Settlement Date is not an Eligible Claimant, and no action is required on their behalf.

2. Disengaged Counsel Declaration: PI Counsel must also submit a declaration that identifies all Eligible Claimants whose claims have been dismissed without prejudice ("DWOP Plaintiff") and from whose representation PI Counsel has disengaged (the "Disengaged Counsel Declaration"). The details of this Declaration are set forth in further detail in Section II.E below.[2] Such Disengaged Counsel Declaration shall be in

[2] For the avoidance of doubt, Eligible Claimants whose case has been dismissed without prejudice

substantially the form set forth in Exhibit B (attached hereto) and shall include an ID Order Response containing the information set forth in Section II.D.2 below for each DWOP Plaintiff Eligible Claimant from whom Disengaged Counsel has disengaged.

B. Primary Counsel Declarations and Disengaged Counsel Declarations shall be submitted through the AFFF MDL Personal Injury Portal (the "Portal")[3] in accordance with procedures required by the Claims Administrator, on or before November 13, 2026 (the "ID Order Response Date"). All Eligible Claimants required to be identified on a Primary Counsel or a Disengaged Counsel Declaration must be registered in the Portal, and all PI Counsel are reminded of the requirement under CMO No. 31 to register plaintiffs asserting personal injury claims in this MDL to the Portal. CMO No. 31 [ECF 6255], Section I.C.

C. PI Counsel's obligation to identify all known Eligible Claimants on the appropriate Declaration in accordance with the rules and requirements set forth herein applies regardless of whether the Eligible Claimant(s) ultimately elects to participate in the 3M PI MSA. This obligation is to be interpreted expansively, and in the event of any ambiguity, any such ambiguity should be resolved in favor of identification of the Eligible Claimant via submission of a Declaration. PI Counsel should carefully review Section IV below which explains who is and is not Primary Counsel. If PI Counsel is unsure whether they are Primary Counsel for an Eligible Claimant, PI Counsel shall err on the side of over-identification and include that Eligible Claimant on an ID Order Response and Declaration. However, to be clear, identification on an ID Order Declaration does not require the Eligible Claimant to participate in the Settlement. Each Eligible Claimant

---

("DWOP Plaintiff") ***but*** from whose representation PI Counsel has ***no***t disengaged from representing the DWOP Plaintiff are to be placed on the Primary Counsel Declaration and the details of Section II.F below shall apply.

[3] The Portal is accessible at www.afffmdlportal.com. The Claims Administrator shall immediately promulgate guidance on the ID Order process and make such guidance available on the Portal.

identified on an ID Order Declaration remains free to elect to participate or not to participate in the Settlement under the Registration process defined in the 3M PI MSA. The ID Order process serves only to help the Court identify Eligible Claimants, whether they ultimately elect to participate or not.

D. Whether an Eligible Claimant is identified on a Primary Counsel Declaration or on a Disengaged Counsel Declaration will determine which information below is necessary, and said information will be prompted for through the Portal and any information requested by the Claims Administrator shall be provided in the format as requested by the Claims Administrator. Such information shall include:

1. For each Eligible Claimant listed on a Primary Counsel Declaration, the ID Order Response will require the provision of the information set forth below and as requested by the Claims Administrator.

    a. Such information shall include Eligible Claimant identifying information (full name, date of birth, social security number, Primary Counsel, Primary Counsel Law Firm, and Portal ID); Derivative Claimant information (if applicable and if Primary Counsel represents or is otherwise aware of such Derivative Claimant); litigation information (filing status, court identification, and case number); and claim information (Eligible Injury/ies alleged, Dates of Diagnosis of each Eligible Injury alleged, and exposure alleged).

    b. Additionally, for all Eligible Claimants identified on a Primary Counsel Declaration who have *never* filed a case in any court, such ID Order Response shall be required to also include the date the Retainer Agreement/Fee Agreement was executed by the Eligible Claimant and the law firm; and the Retainer

Agreement/Fee Agreement may be subject to production to the Claims Administrator pursuant to Section III.A.3 below.

2. For each Eligible Claimant listed on a Disengaged Counsel Declaration, the ID Order Response will require the provision of the information set forth below and as requested by the Claims Administrator.

   a. Such information shall include Eligible Claimant identifying information (full name, date of birth, social security number, Disengaged Counsel, Disengaged Counsel Law Firm, and Portal ID), Derivative Claimant information (if applicable and if Disengaged Counsel represented or was otherwise aware of such Derivative Claimant); and litigation information, but shall not include claim information.

E. As set forth in II.A.2 above, a DWOP Plaintiff from whose representation PI Counsel has disengaged is a "Disengaged DWOP Plaintiff" and shall be identified on a Disengaged Counsel Declaration. PI Counsel that no longer represent a DWOP Plaintiff are "Disengaged Counsel." The Disengaged Counsel Declaration shall be in substantially the form set forth in Exhibit B (attached hereto) and shall require Disengaged Counsel to certify that they have terminated representation of such DWOP Plaintiff for his/her Eligible Injury/ies.

F. A DWOP Plaintiff from whose representation Primary Counsel has ***not*** disengaged is subject to the following additional requirements:[4]

1. As set forth in Section II.A.1 above, Primary Counsel must identify all DWOP Plaintiffs

[4] The Court has dismissed thousands of claims brought by plaintiffs who failed to comply with the Court's prior orders. The Court has also imposed additional requirements pursuant to CMOs 35 and 37 that would apply if any of those cases do return to this Court. While dismissal without prejudice was permitted under CMO 37, the Court reiterates Primary Counsel's obligations to properly investigate the claims alleged on behalf of Eligible Claimants from whose representation they have not disengaged. Moreover, given the history and developments of this MDL, the Court reminds Primary Counsel that there is need for increased investigation and diligence of DWOP Plaintiffs' claims.

with whom they still have an active retainer agreement and current attorney-client relationship on the Primary Counsel Declaration submitted through the Portal. The Primary Counsel Declaration shall, with respect specifically to those DWOP Plaintiffs identified therein, certify that:

a. The Primary Counsel has spoken to the DWOP Plaintiff since this ID Order was issued;

b. Since this ID Order was issued, the DWOP Plaintiff has confirmed to the Primary Counsel that the DWOP Plaintiff will produce all information pursuant to Court Order or this Settlement process (which may be confirmed by the Settlement Special Master or the Settlement Administrator); and

c. The Primary Counsel has conducted a diligent investigation concerning the DWOP Plaintiff's asserted claims since the dismissal of said claims.[5]

## III. OTHER REQUIREMENTS

A. Filing Requirements: To effectively manage this litigation and oversee this Settlement, the Court directs Primary Counsel for any Eligible Claimant identified on a Primary Counsel Declaration under this ID Order who does not have a filed case before this MDL Court to file a lawsuit for the Eligible Claimant in this MDL Court within ten (10) days of the ID Order Response Date. The requirement to file a case in this MDL Court by the deadline applies to all unfiled or DWOP Plaintiff Eligible Claimants identified on a Primary Counsel Declaration. Such

[5] To the extent Primary Counsel continue to represent DWOP Plaintiffs for whom Primary Counsel cannot make the certification that they have spoken with their DWOP Plaintiff client by the ID Order Response Date and confirmed their commitment to provide all required information, such DWOP Plaintiffs cannot be listed on a Primary Counsel Declaration due to the DWOP Plaintiff certification required by such Declaration. Under such circumstances, Primary Counsel may achieve full compliance with the requirements of this Order by disengaging from representation of a DWOP Plaintiff and identifying such DWOP Plaintiff on a Disengaged Counsel Declaration.

requirement does not apply to Eligible Claimants who ***already*** have a pending case outside the MDL as of the date of this Order or who appear on 3M's ID Order Response.

1. To facilitate such filing, and solely for unfiled Eligible Claimants identified on a Primary Counsel Declaration to whom the filing requirement of CMO 35 did ***not*** apply,[6] the Court hereby allows the direct-filing process of Direct Filing, Bundling of Multiple Plaintiffs and use of the Short Form Complaint, as such terms are defined and governed by CMO 35, Paragraphs I.A.1 – I.A.3. Such allowance ends as of ten (10) days following the ID Order Response Date. Counsel must follow all instructions of CMO 35 in utilizing these options.

2. All other Eligible Claimants to whom this filing requirement applies, including DWOP Plaintiff Eligible Claimants, are not permitted to avail themselves of CMO 35's filing provisions. Instead, such Eligible Claimants must direct file a case into this MDL Court in accordance with the processes and procedures set forth in CMO 3.

3. For any Eligible Claimant identified on a Primary Counsel Declaration who has never filed a case in any court as of the ID Order Response Date, the Settlement Administrator may request a copy of the Eligible Claimant's Retainer/Fee Agreement with Primary Counsel. If such request is made, Primary Counsel shall produce the Retainer/Fee Agreement and any requested supporting material. Such materials shall be confidential. The Settlement Administrator shall make any report and recommendation deemed appropriate after reviewing said Retainer(s)/Fee

[6] For the avoidance of doubt, CMO 35's filing requirement did apply to those DWOP Plaintiffs who filed their now dismissed cases before or during the CMO 35 Filing Facilitation Window, and therefore they may not now take advantage of CMO 35's filing facilitation tools.

Agreements.

B. Plaintiff Fact Sheet Requirement: Any Eligible Claimant who is identified on any Primary Counsel Declaration or on a *Pro Se* Declaration (discussed in Section IV.C below) who has not already submitted a Plaintiff Profile Form or an Amended Personal Injury Plaintiff Fact Sheet (see CMOs 31 and 5G) is hereby directed to submit an Amended Personal Injury Plaintiff Fact Sheet ("PFS") within fourteen (14) days of the ID Order Response Date. The PFS must be materially complete in all respects, including with a signature duly executed by the Plaintiff that is dated after the ID Order Response Date.

1. Further, all Eligible Claimants who submit a PFS after the Settlement Date are bound by the information provided in the PFS and may not make additional substantive allegations as to either Eligible Injury/ies or exposure in a Claim Package submission should they elect to become Participating Claimants in the Settlement, but may correct good faith mistakes.

## IV. RESPONSIBILITY FOR ID ORDER COMPLIANCE

A. Primary Counsel:

1. PI Counsel shall be deemed to be Primary Counsel for any Eligible Claimant if they are counsel of record for such Eligible Claimant's case or if they have an active retainer agreement and current attorney-client relationship with such Eligible Claimant, regardless of the status of the case and regardless of whether the case is currently, or ever was, filed in any court and irrespective of whether the case has ever been dismissed without prejudice. For the avoidance of doubt, PI Counsel is not the Primary Counsel for any Eligible Claimant with whom they have disengaged from representation.

2. All PI Counsel shall take all reasonable steps necessary to identify all the Eligible Claimants for whom they are Primary Counsel. For the avoidance of doubt, an Eligible Claimant includes an individual with a PFAS PI Claim asserting an Eligible Injury represented by counsel, regardless of whether the Claims have been filed or served in this Court or any other court, or have been tolled or dismissed without prejudice from any court.

3. Each Eligible Claimant should have only one Primary Counsel. All PI Counsel shall undertake reasonable efforts to determine whether their client(s) has/have additional PI Counsel, although the Court understands the vast majority of these situations have been resolved pursuant to CMO 38. For the avoidance of doubt, if multiple PI Counsel are counsel of record for an Eligible Claimant by virtue of a co-counsel agreement or arrangement, only one shall be the Primary Counsel and shall be responsible for fulfilling the obligations set forth in this Order.

    a. If PI Counsel are aware of any such circumstance in which an Eligible Claimant has additional PI Counsel, they shall attempt to confer with each other to determine which PI Counsel shall be deemed Primary Counsel.

    b. If two or more PI Counsel are aware that they represent the same Eligible Claimant, and mutually agree on the proper Primary Counsel, only that Counsel shall be considered Primary Counsel for said Eligible Claimant. If there is no mutual agreement as of the ID Order Response Date, all PI Counsel shall act as if they are Primary Counsel for purposes of complying with this Order. And as set forth below, there will be a process to identify and resolve those Eligible Claimants who are listed on more than one

Declaration such that each Eligible Claimant shall appear only once on the Final ID Order Report.

B. However, PI Counsel need not provide a Disengaged Counsel Declaration as to any Eligible Claimant with another Primary Counsel. For example, a PI Counsel who filed a dismissal under CMO 38 on behalf of a plaintiff who had multiple lawyers representing him/her need not list the dismissed Eligible Claimant on a Disengaged Counsel Declaration, as that plaintiff will be listed by their Primary Counsel on the Primary Counsel Declaration they submit.

C. *Pro Se* Eligible Claimants: *Pro se* plaintiffs asserting personal injury claims for Eligible Injuries against 3M in this Court as part of this MDL shall be deemed *Pro Se* Eligible Claimants and are required to identify themselves on a *Pro Se* Eligible Claimant Declaration in substantially the form set forth in Exhibit C (attached hereto) by the ID Order Response Date.

D. 3M obligations: 3M shall separately have the right to submit its own ID Order Responses and Declaration in response to this ID Order in substantially the form set forth in Exhibit D (attached hereto) by the ID Order Response Date identifying Eligible Claimants outside the MDL to whom 3M plans to offer the Settlement Program. 3M shall first contact counsel for such Eligible Claimants to explain the terms of the MSA and request that Primary Counsel provide an ID Order Response for such Eligible Claimants and submit a Primary Counsel Declaration accordingly, as discussed above. If any such counsel does not submit a Primary Counsel Declaration, 3M shall submit ID Order Responses providing as much of the information required by this Order as 3M is able to provide, and execute a 3M Declaration attaching an exhibit listing all such Eligible Claimants. Failure of the Eligible

Claimants or 3M to provide all information required in an ID Order Response, as outlined above, does not make any entry in 3M's ID Order Declaration deficient. Notwithstanding the availability of the MSA to such Eligible Claimants and the effort to collect relevant information from such Eligible Claimants, nothing in this Order is an assertion of jurisdiction over such Eligible Claimants that both (1) have filed cases outside the MDL and (2) appear on 3M's ID Order Declaration. To the extent that such Eligible Claimants elect to participate in the MSA's Settlement Program, they shall be required to submit all necessary documentation as part of an Election Form and Complete Claim Package.

E. Obligations of Counsel Representing Derivative Claimants: In addition to the requirement to provide Derivative Claimant information pursuant to Sections II.D.1.a and II.D.2.a above, any counsel who represents a Derivative Claimant but does not also represent the associated Eligible Claimant must provide an ID Order Response on behalf of the Derivative Claimant containing all applicable information required by the Claims Administrator.

## V. ADMINISTRATIVE OVERSIGHT

1. If any Plaintiff, any Plaintiff's counsel, 3M, 3M's counsel, or the Claims Administrator believes that a Declaration submitted, filed, or served pursuant to this Order is in violation of such Order, he or she shall promptly notify the Settlement Administrator and provide the Settlement Administrator with any information or documents that may establish the violation. If the Settlement Administrator determines that there has been a willful violation of this Order, as outlined above, such violation may be referred to the MDL Court for appropriate action.

**IT IS SO ORDERED.**

s/Richard M. Gergel
Hon. Richard M. Gergel
United States District Judge

Dated: November 4, 2026
Charleston, South Carolina