**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Document Relates to:**<br><br>*The City of Columbia d/b/a Columbia Water v. 3M Company, et al.*<br><br>Case No. 2:24-cv-03794-RMG<br><br>**PLAINTIFF THE CITY OF COLUMBIA D/B/A COLUMBIA WATER'S MOTION FOR LEAVE TO CONDUCT CASE-SPECIFIC DISCOVERY** |

Plaintiff The City of Columbia d/b/a Columbia Water ("Columbia") respectfully submits this Motion for Leave to Conduct Case-Specific Discovery. As grounds, Columbia states as follows:

## BACKGROUND

### A. Introduction.

Columbia filed its Second Amended Complaint in state court on June 7, 2024, naming 53 defendants, only 6 of whom are MDL defendants (the 3M Company, DuPont Defendants, and BASF Corporation). 3M removed the case on July 1, 2024, under 28 U.S.C. § 1442 over Columbia's disclaimer of AFFF-related damages, and the case was transferred into the AFFF MDL on July 2, 2024. In the almost two and a half years since, Columbia has been unable to advance its claims.

After almost 8 years, this MDL has reached the point where common water provider discovery and related proceedings have been substantially concluded. Columbia has opted out of the water provider class settlements, believing that its interests are best served by proceeding independently, primarily because of the significant cost of complying with the drinking water standards for PFAS. Columbia has participated in the MDL process, timely serving its Plaintiff Fact Sheet. Now, however, Columbia is at the point where it must develop individualized source, pathway, and specific causation evidence to prosecute its claims. It respectfully asks this Court to allow its case-specific discovery[1] to proceed, which it can do without impeding progress in the remainder of the MDL. If Columbia cannot conduct case-specific discovery within the AFFF MDL, Columbia respectfully requests a Suggestion of Remand, or intra-district transfer.

**B. Plaintiffs' Leadership Does Not Oppose Columbia's Case-Specific Discovery.**

Before filing this motion, Columbia's counsel conferred with Plaintiffs' MDL leadership. On August 26, 2026, Columbia asked the three co-lead counsel for their position on Columbia's request to conduct case-specific discovery. (*See* PEC Correspondence, attached hereto as **Exhibit 2**.) Columbia explained that its case involved defendants engaged in industrial activities giving rise to local claims outside the MDL's common discovery program. For example, Columbia's Complaint names 48 PFAS User Defendants who used, handled, or otherwise disposed of non-AFFF commercial products containing PFAS, 47 of whom are not defendants in the AFFF MDL. Discovery concerning their local industrial operations, PFAS-containing products, and discharges has not been developed through the MDL's common discovery program, and likely will never be. Nor is it generally relevant to any other claimant within the AFFF MDL.

[1] Columbia's proposed discovery requests are attached hereto as **Exhibit 1**.

Two days after Columbia sent its request regarding this local issues discovery, the late Joe Rice, perhaps the most experienced mass tort negotiator in the nation's history, responded, "Ok with Joe." (Rice Response, attached hereto as **Exhibit 3**.) Four days later, Plaintiffs' Leadership responded as a group by first acknowledging this Court's extraordinary management of this massive MDL (with which Columbia agrees). It then added, "[t]hat said, we do not want to stand in the way of Columbia's ability to address its unique issues at this time." And while lead counsel declined to sign or initiate the discovery demands themselves, they advised, "[w]e will not stand in your way regarding the service of them on any relevant defendants." (PEC Response, attached hereto as **Exhibit 4**.) Columbia therefore respectfully requests leave from this Court's case management orders, and in particular CMOs 2, 2.A, and 3, in order to serve and pursue case-specific discovery concerning its unique, local issues. Such relief would preserve the Court's centralized management of common discovery while allowing Columbia to develop evidence that the common discovery program does not address.

Pursuant to Local Rule 7.02, Columbia conferred with Defendants' Liaison Counsel regarding their position on case-specific discovery. (*See* DCC Correspondence, attached hereto as **Exhibit 5**.) In response, Defendants replied, "[i]t is defense leadership's position that case-specific discovery of individual MDL member cases is not permitted." (DCC Response, attached hereto as **Exhibit 6**.) Under the DCC's interpretation of this Court's CMOs, Columbia cannot meaningfully advance its case without Court intervention.

## ARGUMENT

### A. Regulatory Pressures and the Need to Advance This Litigation for the Benefit of All Parties Constitute Good Cause.

Through no fault of its own, Columbia faces an enormous financial burden to remediate PFAS in its drinking water. Under current federal drinking water regulations, Columbia must

reduce its PFAS levels below a federal maximum contaminant level by April 26, 2029, with a possible extension until April 26, 2031, depending on Columbia making significant progress toward its remediation efforts. *Per- and Polyfluoroalkyl Substances (PFAS): Final PFAS National Primary Drinking Water Regulation*, U.S. ENV'T PROT. AGENCY (last updated May 21, 2025), https://www.epa.gov/sdwa/and-polyfluoroalkyl-substances-pfas; PFAS National Primary Drinking Water Regulation, 89 Fed. Reg. 32532 (April 26, 2024); *see also* 91 Fed. Reg. 29425 (proposed May 20, 2026). To address these obligations, Columbia must be able to budget for this major capital expenditure, and the pace of progress in its cost recovery lawsuit is an important aspect of that process.

Without recovery in this litigation, Columbia's customers will be forced to shoulder this significant burden through rate increases, similar to what Grand Strand Water is currently experiencing. *See* Nicole Blevins, *SC Water Utility Spending $172M to Upgrade Plants. Customers are Footing the Bill.* Myrtle Beach Sun News, (Oct. 6, 2026), https://www.myrtlebeachonline.com/news/local/article317510713.html. The local discovery Columbia seeks will enable it to confirm the identities of the responsible parties, allocate fault among those parties, and move toward an eventual trial while engaging in meaningful discussions with responsible parties—all with the goal of reducing and perhaps eliminating the burden that will otherwise be borne by Columbia's customers. Without local discovery that allows Columbia to move more efficiently and quickly towards a resolution, Columbia's customers, mostly local residents and businesses, will, within the next few years, begin shouldering the cleanup required by the federal regulations, through no fault of their own.

Furthermore, case-specific local discovery will benefit defendants as well. Several defendants have expressed an interest in engaging in good-faith settlement discussions, but

Columbia is limited in its ability to participate in these discussions until it is able to verify purchase and sale records to assess apportionment— information sought in case-specific discovery. Other defendants have requested dismissal on the representation that they never purchased or used PFAS-containing products, but Columbia has no current means to test those representations. Some defendants have even served offers of judgment on the basis that they have not used PFAS-containing products, which Columbia cannot independently assess. Columbia needs the requested discovery not just to advance its own case, but to meaningfully engage with defendants. Case-specific local discovery will serve the interests of all parties to this action, not just Columbia. Taken together, these circumstances establish good cause for the requested relief.

**B. Further Consolidated Discovery Will Not Address Columbia's Localized Issues.**

A threshold reason why Columbia's local discovery will not upset the MDL is that Columbia's unique case has never been a central focus of the MDL. As every pleading in this case announces, this litigation is focused on "AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION" or "AFFF." The MDL Panel has succinctly described the basis of the case:

> This MDL involves allegations that AFFFs used at airports, military bases, or other locations to extinguish liquid fuel fires caused the release of perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA; collectively, these and other per- or polyfluoroalkyl substances are referred to as PFAS) into local groundwater and contaminated drinking water supplies . . . We subsequently expanded the scope of this litigation to include claims by firefighters alleging direct exposure to AFFF. *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873, ECF No. 3167, at 1 (J.P.M.L. Dec. 12, 2024) (internal citations omitted).

Common issues discovery has been overwhelmingly directed at AFFF, including the thousands upon thousands of personal injury claims that now dominate it. Columbia has made no claims fitting this definition, and accordingly, will not benefit from further consolidated discovery. Because further common discovery will not materially advance Columbia's claims, requiring

Columbia to await its completion serves no purpose under 28 U.S.C. § 1407. Rather, it delays the development of evidence necessary to resolve claims that are distinct from those being litigated in the broader MDL.

Columbia remains, at best, on the periphery of this AFFF MDL. AFFF is only relevant here to the extent that it pertains to 3M's purported federal officer defense. The remaining AFFF-related discovery cannot and will not materially advance what Columbia claims in its lawsuit. Without leave, Columbia's case will remain at an impasse indefinitely. This is inconsistent with the purpose of this MDL—to "promote the just and efficient conduct of such actions," 28 U.S.C. § 1407(a)—and with Federal Rule of Civil Procedure 1, which directs that the Rules be employed "to secure the just, speedy, and inexpensive determination of every action and proceeding."

### C. Columbia's Local Issues Discovery Will Not Impede This MDL.

While Defendants provided Columbia with no reason why they opposed its local issues discovery, Columbia anticipates they will make an argument about this discovery disrupting the Court's proceedings, or Columbia trying impermissibly to "jump ahead" of other claimants in the MDL. Neither argument has merit.

First, the local issues on which Columbia seeks discovery—including local sales, use, and distribution records regarding commercial PFAS use— are not issues that Plaintiffs' Leadership has sought to examine in the past 8 years, or is likely to examine.[2] Columbia understands why Plaintiffs' lead counsel would not want to sign and serve this discovery: it is not common discovery, but purely local issues discovery unrelated to AFFF, which is the focus of the MDL's

---

[2] In late 2023 when the MDL was five years old, this Court predicted that the action might go on for three more years or even longer, and its prediction has proven to be correct. (See Order filed December 5, 2023, ECF No. 4143.) As the MDL approaches its eighth anniversary, it is fair to say that it has grown in length and complexity far beyond what anyone would have thought at the outset.

common discovery program. Under Case Management Order No. 3, Columbia's counsel has the duty to prosecute its individual case. (CMO No. 3, ECF No. 72, at 16 n.4.) With Columbia's counsel handling this discovery, these efforts will not distract Plaintiffs' lead counsel from the enormous duties they perform daily in advancing the thousands of personal injury and other claims in the MDL.

Second, an unprepared case is an unresolvable case. Columbia does not seek to "jump over" anyone by its discovery. Indeed, after sitting still for over two years, Columbia is merely seeking to prepare for the eventual proof of its case while it waits. The Court has worked diligently to try to move a large body of water provider cases to resolution by supervising and approving class action settlements within the MDL. Those settlements offer valuable resolutions for many water providers depending on their individual circumstances and level of contamination. But the Court legitimately recognized that such settlements must be Rule 23(b)(3) voluntary settlements preserving the constitutional "opt-out" right to a jury trial, a venerable right recently celebrated in this Court on Constitution Day, September 17, 2026.

Class settlements perform a valuable function to resolve large numbers of claims where claimants decide that the cost and expense of individual litigation warrant a decision to recover with other claimants from a fixed pot. Columbia, like other similarly situated utilities, carefully evaluated the proposed settlements. But Columbia's size, the substantial cost of modifying its water and wastewater systems to address PFAS contamination, and its ability to prepare an individual case tipped the balance in favor of pursuing its claims independently. The law provides for just such an opportunity, and choosing it is no affront to the valuable work done by the Court to resolve other claims through the MDL device.

A party's decision to opt out of an MDL settlement, or its exclusion from one, is no reason to regard that party negatively. Indeed, in its water provider MDL settlement, DuPont agreed to exclude from the settlement class any public water system in seven North Carolina counties unless that water system specifically requested to be included in the class. (*See* DuPont Settlement and Release Agreement, Ex. 2, ¶ 5.1.2(a), attached hereto as **Exhibit 7**.) After the class settlement, those water systems recently settled their claims outside the MDL for $380 million because they were able to advance their cases, thanks in large part to the stellar legal representation of Baron & Budd, P.C., one of Plaintiffs' Co-Lead Counsel. (Cape Fear Settlement, attached hereto as **Exhibit 8**.) The fact that DuPont would agree to deal with these water systems outside the class settlement is confirmation that MDL defendants recognize that one size does not fit all, and there is nothing wrong with individual water systems prosecuting their cases independently. Even such significant individual litigation did not upset the DuPont MDL settlement. Likewise, the eight water provider cases listed as independent settlements against 3M in its MDL settlement did not impede that MDL resolution. (List of Resolved Cases Prior to AFFF MDL, ECF No. 10-3, Ex. J, at 506, attached hereto as **Exhibit 9**.)

This Court knows from its trial lawyer experience that "one size does not fit all" for claims of a similar nature, but different circumstances. Columbia, as one of the largest water providers in the state, sits in a different position regarding claim valuation than smaller providers. Columbia filed its case with the firm intention to have it expertly prepared and fully ready for trial as promptly as possible, consistent with Rule 1's directive for a "just, speedy, and inexpensive determination" of its claim. To that end, Columbia retained as counsel not only leading South Carolina mass tort counsel but also associate counsel with vast experience in PFAS water provider cases.

Associate counsel Friedman Dazzio has served as lead counsel in numerous municipal drinking water PFAS actions and has taken the lead outside the MDL in hundreds of fact, corporate-representative, and expert depositions concerning PFAS manufacture, sale, use, discharge, fate, transport, contamination, treatment, and damages. Counsel's experience outside of the MDL includes *Johnson v. 3M Company*, *et al.*, No. 4:20-cv-00008 (N.D. Ga. Jan. 10, 2020) ("City of Rome"), which involved more than 150 depositions and more than 30 expert depositions, as well as *West Morgan-East Lawrence Water and Sewer Authority v. 3M Company*, No. 5:2015-cv-01750 (N.D. Ala. 2020) ("*WMEL*"); *City of Guin Water & Sewer Board v. 3M Company*, No. 6:2022-cv-00285 (N.D. Ala. Mar. 4, 2022); *Colbert County*, *Ala. v. 3M et al.*, No. CV-2022-900151 (Cir. Ct. Colbert Cnty., Ala. Aug. 2, 2022); *City of Muscle Shoals*, *Ala. v. 3M et al.*, No. CV-2023-900020 (Cir. Ct. Colbert Cnty., Ala. Feb. 2023); *City of Calhoun v. 3M Company*, *et al.*, No. 24-CV-73929 (Ga. Super. Ct. April 1, 2024); and *Earl Parris, Jr. v. 3M Company, et al.*, No. 4:21-CV-40 TWT (N.D. Ga. 2021) ("Summerville"), among many others.

Of the cases identified in Exhibit J to the 3M Settlement Agreement as settling PFAS claims against 3M outside the MDL, Columbia's counsel were the lead counsel for three of these successful settlements—City of Guin; City of Rome, Georgia; and the West Morgan-East Lawrence Water & Sewer Authority. (ECF No. 10-3, Ex. J, at 506, Ex. 10.) Each of those settlements was achieved only after the plaintiff had fully prepared its case. In fact, *Rome* and *WMEL* were settled on the courthouse steps.

Columbia's counsel is also advancing other cases toward trial outside the MDL. The Calhoun and Summerville cases have advanced through expert discovery and the summary judgment stage, with pre-trial hearings and mediations proceeding. The Summerville case is set for a January 11, 2027 trial and Calhoun is set for trial in March 2027. These results show that

individual cases can advance and be resolved without any discernible effect on this Court's efforts to deal with other aspects of the MDL. With the limited case-specific discovery Columbia now seeks, it can be trial ready in short order without adversely affecting the Court's management of the broader AFFF litigation.

**D. Allowing Columbia to Pursue Local Issues Discovery Aligns with the Overall Goal of This MDL and the Federal Rules.**

MDL courts have discretion to permit plaintiffs "to serve their own, case-specific discovery requests." *Marlin v. Boston Scientific Corp.*, No. 8:20-cv-181, 2021 WL 424440, at *1 (D. Neb. Feb. 8, 2021) (permitting plaintiffs to serve case-specific interrogatories, requests for production, and requests for admission, as well as to disclose and depose fact witnesses, treating physicians and expert witnesses). Columbia's narrowly tailored requests seek the basic case-specific evidence necessary to develop its claims. (*See* Ex. 1.)

What remains for Columbia to be trial ready is to determine which PFAS-containing products were used at facilities within Columbia's watershed, who manufactured and supplied those products, how PFAS left those facilities, and whether those discharges reached the Broad River, Saluda River, Lake Murray, or Columbia's drinking water intakes. These are local, specific factual questions Columbia must address to prosecute its claims that will remain unanswered regardless of the progress made in unrelated MDL personal injury or property damage cases.

The disconnect between this MDL and Columbia's case is particularly pronounced with respect to Columbia's PFAS User Defendants, *i.e.*, those who used commercial, non-AFFF PFAS products. Of the 48 PFAS User Defendants named, only BASF is a defendant in the AFFF MDL, and BASF has resolved its liability to participating water providers through an MDL class

settlement. Thus, the ongoing MDL proceedings cannot be reasonably expected to develop the facility-specific evidence Columbia requires from 47 of 48 of its named PFAS User Defendants.

The local issues discovery Columbia seeks is not only in accordance with the orderly process of trial preparation under the Federal Rules of Civil Procedure but can also be a valuable aid to case resolution. In another context in this MDL, this Court has already recognized that case-specific discovery is an important tool for moving a dispute toward resolution. On February 27, 2025, this Court issued its Order denying without prejudice a defense motion to dismiss an MDL property contamination claim and ordered the parties to undertake site-specific jurisdictional discovery to aid in resolution of the motion. (ECF No. 6730.) In accordance with the Court's Order, the parties engaged in written discovery for five months, which led them into settlement negotiations in July 2025. In a recent report to the Court on October 1, 2026, the parties reported that they were continuing to evaluate settlement and case disposition options and expected to resume active negotiations in the near future, expressing appreciation for "the Court's continued patience while their negotiations progress." (Status Report, attached hereto as **Exhibit 10**.)

**E. In the Alternative, Columbia Respectfully Requests Suggestion of Remand or Transfer If It May Not Advance its Case in the AFFF MDL.**

**1. Suggestion of Remand.**

While Columbia is certainly willing to conduct case-specific discovery in any manner the Court directs, a Suggestion of Remand is appropriate here because Columbia will not benefit from further centralization, and good cause exists to suggest remand.

This Court recently addressed the circumstances warranting a Suggestion of Remand in East Hampton. *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. 2:18-MN-2873-RMG, 2025 WL 4072664, at *1 (D.S.C. June 24, 2025), reconsideration denied, No. 2:18-MN-2873-RMG, 2025 WL 4072671 (D.S.C. Oct. 14, 2025). There, as here, the critical question was whether

continued participation in the MDL would materially advance the member's case. 2025 WL 4072664, at *2-3. The Town requested remand because its case involved primarily local parties and issues, and the broader, global issues being litigated in the MDL did not apply to its case. *Id.* at *2. Likewise, at this juncture the individualized work that remains in Columbia's case is tied to particular South Carolina facilities, discharges, and waterways. The question now is not whether Columbia's case should ever have been transferred to the MDL, but "whether the case will benefit from further coordinated proceedings as part of the MDL." *Id.* at *2 (quoting *In re Merrill Lynch Auction Rate Sec. Litig.*, No. 09-MD-2030, 2010 WL 2541227, at *2 (S.D.N.Y. June 11, 2010)). This Court recognized that it should also consider whether "remand will best serve the expeditious disposition of the litigation." *Id.* (quoting Manual for Complex Litigation, § 20.133 (4th Ed. Sept. 2024 Update)).

With the Court and lead counsel on both sides occupied with weighty issues involving thousands of personal injury cases and large property damage claims, allowing Columbia to pursue its local discovery in a local court makes sense. As in *East Hampton*, ongoing coordinated MDL discovery does not provide a reason to retain an individual action when the MDL discovery concerns different sites and issues and therefore would neither be relevant to the local claims nor overlap with discovery necessary in the individual case. *Id.* at *3. Under the Defendants' interpretation of the Court's CMOs, continued centralization provides Columbia with none of the benefits of coordinated discovery, while preventing it from undertaking *any* discovery necessary to prepare its case for trial. Accordingly, continued centralization no longer serves the purposes of 28 U.S.C. § 1407. This weighs strongly in favor of permitting case-specific discovery, or, alternatively, suggesting remand under *East Hampton*.

Further, there is little risk of inconsistent rulings or duplicative discovery in the event of remand. The common issues generally applicable to water providers have already been substantially addressed in this proceeding. The issues that remain in Columbia's case are locally focused. Columbia does not intend to duplicate any common issues discovery already accomplished in the MDL. Its counsel has developed a significant liability case independently of the MDL and needs only case-specific discovery to be ready for trial. In fact, as noted, armed with that work, associate counsel has already taken water provider cases to the eve of trial and has others set in the upcoming months.[3] General liability discovery is not what Columbia seeks to advance by its discovery.

**2. Contingent Request to Transfer.**

If the Court believes for any reason that allowing limited case-specific discovery in the MDL will either distract the Court from its major focus on AFFF-related issues or somehow impact lead counsel's ability to perform their respective functions and good cause does not exist for a Suggestion of Remand, Columbia respectfully requests that the Court transfer its case to the Columbia Division of the South Carolina federal district court, or to a different docket, or track, which this Court may do administratively. *See* 28 U.S.C. § 1404(b). Columbia understands that, as the Court has previously noted, such a transfer may put it low on the Columbia Division docket. (*See* Order, Ex. 7 at 1.) But Columbia is willing to accept that fate as it will be able to serve its discovery, receive responses, review any objections, confer with opposing counsel and hopefully

[3] *See, e.g.*, *Earl Parris, Jr. v. 3M Company, et al.*, No. 4:21-CV-40 TWT (N.D. Ga. 2021) ("Summerville") (set for trial January 11, 2027); *City of Calhoun v. 3M Company*, *et al.*, No. 24-CV-73929 (Ga. Super. Ct. April 1, 2024) (trial setting in March 2027); *Johnson v. 3M Company*, *et al.*, No. 4:20-CV-00008 (N.D. Ga. Jan. 10, 2020) ("City of Rome") (resolved); *West Morgan-East Lawrence Water and Sewer Authority v. 3M Company*, No. 5:2015-cv-01750 (N.D. Ala. 2020) (resolved).

resolve discovery issues as it moves up the docket. Columbia acknowledges that this Court makes decisions of great magnitude and breadth regularly in this MDL and has no desire to distract the attention of the Court with local issues discovery disputes that can be readily handled by judges not burdened with the enormous responsibilities of this nationwide MDL.

## LOCAL RULE CERTIFICATION

Pursuant to Local Rule 7.02 (D.S.C.), counsel for Columbia certifies that it conferred with the PEC and DCC regarding the relief requested in this Motion, as reflected herein. The PEC declined to sign or initiate Columbia's discovery but stated that it did "not want to stand in the way of Columbia's ability to address its unique issues at this time." The DCC opposes this Motion.

## REQUEST FOR HEARING

Columbia respectfully requests that the Court entertain a request for a hearing at which Columbia will be pleased to answer any questions the Court may have and address any defense objections to service of its discovery. Columbia is aware that nine other South Carolina utilities requested a Rule 16 status conference to discuss separate case tracking for opt-out water providers and a case schedule. (ECF No. 11786-1.) If it would please this Court and should this Court grant that request, Columbia requests to participate.

## CONCLUSION

Columbia respectfully seeks permission from this Court to serve its local issues discovery so it may prepare its case for trial. It is willing to proceed with that discovery in any manner the Court directs, whether it be in this MDL through case-specific discovery, the transferor court via a Suggestion of Remand, separate case tracking, or intra-district transfer. Columbia appreciates the enormous amount of work this Court undertakes on a daily basis handling major issues of widespread applicability to thousands of AFFF claims and does not wish to complicate the Court's

tasks. Should the Court be willing, Columbia would be pleased to pursue its discovery in any manner this Court deems best.

Respectfully submitted,

This 4th day of November, 2026

/s/Edward J. Westbrook
Edward J. Westbrook Fed ID No. 4590
Rogers, Patrick, Westbrook, & Brickman, LLC
1037 Chuck Dawley Blvd., Building A
P.O. Box 1007
Mount Pleasant, South Carolina 29465
(843) 727-6513
ewestbrook@rpwb.com

and

/s/Terry E. Richardson
Terry E. Richardson Fed ID No. 3457
Amy L.B. Hill, Fed Id No. 7696
William C. Lewis, Fed Id No. 12076
Richardson Thomas, LLC
1513 Hampton Street
Columbia, South Carolina 29201
T: 803-281-8150
terry@richardsonthomas.com
amy@richardsonthomas.com
will@richardsonthomas.com

and

/s/Jeffrey E. Friedman
Jeffrey E. Friedman, Fed ID asb-6868-n77j
Jeffrey E. (Jay) Friedman, Jr. Fed ID asb-4804-y57j
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, Alabama 35242
T: 205-278-7057
F: 205-278-7001
jfriedman@friedman-lawyers.com
jayfriedman@friedman-lawyers.com

***Attorneys for Plaintiff The City of Columbia d/b/a Columbia Water***