# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>This Document Relates To:<br><br>***The City of Columbia d/b/a Columbia Water v. 3M Company, Inc., et al.*, No. 2:24-cv-03794-RMG** |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS 3M COMPANY, INC., DAIKIN AMERICA, INC., DAIKIN APPLIED AMERICAS, INC., EIDP, INC. F/K/A E.I. DU PONT DE NEMOURS AND COMPANY, DUPONT DE NEMOURS, INC., CRI-TECH, INC., MDA MANUFACTURING, INC., AND THE CHEMOURS COMPANY**

**COMES NOW**, Plaintiff the City of Columbia d/b/a Columbia Water, and propounds its First Set of Interrogatories, separately and severally, on Defendants 3M Company, Inc., Daikin America, Inc., Daikin Applied Americas, Inc., EIDP, Inc. f/k/a E.I. du Pont de Nemours and Company, DuPont De Nemours, Inc., Cri-Tech, Inc., MDA Manufacturing, Inc., and The Chemours Company. Plaintiff makes the following requests:

**INSTRUCTIONS**

1. Unless otherwise indicated, these requests refer to the time, place and circumstances of the claims set forth in Plaintiff's Amended Complaint.

2. If, in answering these requests, you perceive any ambiguities in a request, instruction, or definition, set forth the matter deemed ambiguous, and the construction used in answering.

3. If any response withholds information based on a claim of privilege or confidentiality, state the factual basis for the claim, identify the parties to the communication at issue, and identify the current or last-known custodian of each document concerning, referring, or relating to that communication.

4. Where appropriate, you are to construe all references to the singular as including the plural, all references to the masculine as including the feminine or neuter, all references to the disjunctive as including the conjunctive, and vice versa.

## DEFINITIONS

**"Broad River watershed"** refers to the drainage basin including the Broad River, Green River, First Broad River, Second Broad River, Pacolet River, Tyger River, and Enoree River, as well as their tributaries and impoundments.

**"Correspondence"** refers to any oral, electronic or written communication, discussion, inquiry, inspection, visit, or request.

**"Document" or "Documents"** refers to anything contemplated by the Federal Rules of Civil Procedure, and includes all media by which information or data may be stored or obtained, including, without limitation, books, pamphlets, notes, letters, correspondence, diaries, telegrams, reports, pictures, recordings, memoranda, records, studies, extracts, working papers, charts, papers, indices, tapes, data sheets or cards, minutes, transcriptions, computer disks, diskettes, e-mail or other electronic media, and any other written, printed, reported, transcribed, punched, taped or typed materials, movies or other photographic matter, however produced or reproduced, and all mechanical or electronic sound records or transcripts thereof, in your possession, custody or control.

**"EPA"** refers to the United States Environmental Protection Agency and any of its divisions, departments, agents or employees.

**"DHEC"** refers to the South Carolina Department of Public Health and Environmental Control and any of its divisions, departments, agents or employees, or any predecessor agency.

**"Saluda River watershed"** refers to the drainage basin including the Saluda River, North, South, and Middle Saluda rivers, the Reedy River, Little Saluda River, Little River, Bush River, Oolenoy River, Twelve Mile Creek, Big Brushy Creek, as well as their tributaries, and impoundments, including but not limited to Lake Greenwood and Lake Murray.

**"SCDES"** refers to the South Carolina Department of Environmental Services and any of its divisions, departments, agents or employees.

**"Person" or "Entity"** refers to any entity of any description, including, but not limited to, a natural person, corporation, partnership, other business association or entity, government, governmental body, commission, board, or agency.

**"Plaintiff"** refers to the Plaintiff, the City of Columbia d/b/a Columbia Water.

**"PFAS"** refers to any and all perfluorochemicals, polyfluorochemicals, perfluoroalkyl substances, polyfluoroalkyl substances, related chemicals that degrade to PFAS/PFOA/PFOS, and any precursors to PFAS/PFOA/PFOS, including, but not limited to, PFOA, PFOS, GenX, HFPO-DA, NEtFOSAA, NMeFOSAA, PFBS, PFDA, PFDoA, PFHpA, PFHxS, PFNA, PFTrDA, PFTA, PFUnA, 11Cl0PF3OUdS, 9Cl-PF3ONS, ADONA, PFPeS, PFHpS, 4:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), 6:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), 8:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), PFBA, PFPeA, PFMBA, PFMPA, PFEESA, and NFDHA.

**"PFAS-Containing Product"** refers to any of Your products and/or chemicals that contain any amount of PFAS, whether the PFAS was intentionally or unintentionally included and regardless of whether You claim the PFAS is an "unintended byproduct," an "impurity" or otherwise. This includes, but is not limited to, products made, manufactured, sold, purchased, formulated or otherwise used by You.

**"You," "Your," "Defendant" and "Defendants"** refer to the individual or entity, corporate or otherwise, to which this document is addressed, as well as its agents, heirs, relatives, employees, contractors, servants, representatives, subrogors, subrogees, and, unless privileged, attorneys.

## INTERROGATORIES

1. State the name, address, job title and duties of each and every person(s) answering, aiding, or who was consulted or supplied information upon which answers to these interrogatories are based and state the place where these interrogatories are answered.

2. Identify each Defendant named in the Amended Complaint in this matter to whom this Defendant has sold, provided or supplied PFAS and/or PFAS-Containing Products.

3. For each Defendant identified in the immediately preceding interrogatory, identify:

(a) the name and type of PFAS and/or PFAS-Containing Product sold (including a detailed breakdown of the chemical makeup and/or structure of each PFAS and/or PFAS-Containing Product);

(b) the dates the PFAS and/or PFAS-Containing Products were sold;

(c) the volume or other measure of the amount of PFAS and/or PFAS-Containing Products sold on each date identified;

(d) the purpose for which the PFAS and/or PFAS-Containing Products were to be used; and

(e) where the PFAS and/or PFAS-Containing Products were delivered on each date identified.

4. State the name and address of each person, entity and/or manufacturing facility located in the Broad River watershed, Saluda River watershed, or any tributaries and/or waterways connected to the Broad River, Saluda River, and/or Lake Murray, to which you have ever sold, provided or supplied PFAS and/or PFAS-Containing Products.

5. For every person, entity and/or manufacturing facility identified in the immediately preceding interrogatory, identify:

(a) the name and type of PFAS and/or PFAS-Containing Product sold, provided or supplied (including a detailed breakdown of the chemical makeup and/or structure of each PFAS and/or PFAS-Containing Product);

(b) the dates the PFAS and/or PFAS-Containing Products were sold, provided or supplied;

(c) the volume or other measure of the amount of PFAS and/or PFAS-Containing Products sold, provided or supplied on each date identified;

(d) the purpose for which the products were to be used; and

(e) where the PFAS and/or PFAS-Containing Products were delivered on each date identified.

6. State with specificity all knowledge You have regarding any water testing performed on the Broad River watershed, Saluda River watershed, or any tributaries and/or waterways connected to the Broad River, Saluda River, and/or Lake Murray, including for each instance of testing:

(a) the identity of the person or entity that conducted the testing;

(b) the date(s) on which testing was performed;

(c) the specific location(s) where testing was performed;

(d) the substance(s) or contaminant(s) tested for, including whether any testing was performed for PFAS;

(e) the results of any such testing; and

(f) the identity and location of all documents relating to or reflecting such testing.

This _______day of __________, 2026.

/s/Terry E. Richardson
William C. Lewis, Fed Id No. 12076
Amy L.B. Hill, Fed Id No. 7696
Terry E. Richardson Fed ID No. 3457
Richardson Thomas, LLC
1513 Hampton Street
Columbia, South Carolina 29201
T: 803-281-8150
amy@richardsonthomas.com
will@richardsonthomas.com
terry@richardsonthomas.com

and

/s/Edward J. Westbrook
Edward J. Westbrook Fed ID No. 4590
Rogers, Patrick, Westbrook, & Brickman, LLC
1037 Chuck Dawley Blvd., Building A
P.O. Box 1007
Mount Pleasant, South Carolina 29465
(843) 727-6513
ewestbrook@rpwb.com

and

/s/Jeffrey E. Friedman
Jeffrey E. Friedman, Fed ID asb-6868-n77j
Jeffrey E. (Jay) Friedman, Jr. Fed ID asb-4804-y57j
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, Alabama 35242
T: 205-278-7057
F: 205-278-7001
jfriedman@friedman-lawyers.com
jayfriedman@friedman-lawyers.com

Attorneys for Plaintiff The City of Columbia d/b/a Columbia Water

**CERTIFICATE OF SERVICE**

I hereby certify that on ____________, a copy of the foregoing was electronically mailed to all counsel of record pursuant to CMO 3.

*/s/ Amy L.B. Hill*
OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>This Document Relates To:<br><br>***The City of Columbia d/b/a Columbia Water v. 3M Company, Inc., et al.*, No. 2:24-cv-03794-RMG** |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS 3M COMPANY, INC., DAIKIN AMERICA, INC., DAIKIN APPLIED AMERICAS, INC., EIDP, INC. F/K/A E.I. DU PONT DE NEMOURS AND COMPANY, DUPONT DE NEMOURS, INC., CRI-TECH, INC., MDA MANUFACTURING, INC., AND THE CHEMOURS COMPANY**

**COMES NOW**, Plaintiff the City of Columbia d/b/a Columbia Water, and propounds its First Set of Requests for Production, separately and severally, on Defendants 3M Company, Inc., Daikin America, Inc., Daikin Applied Americas, Inc., EIDP, Inc. f/k/a E.I. du Pont de Nemours and Company, DuPont De Nemours, Inc., Cri-Tech, Inc., MDA Manufacturing, Inc., and The Chemours Company. Plaintiff makes the following requests:

**INSTRUCTIONS**

1. Unless otherwise indicated, these requests refer to the time, place and circumstances of the claims set forth in Plaintiff's Amended Complaint.

2. If, in answering these requests, you perceive any ambiguities in a request, instruction, or definition, set forth the matter deemed ambiguous, and the construction used in answering.

3. If any response withholds information based on a claim of privilege or confidentiality, state the factual basis for the claim, identify the parties to the communication at

issue, and identify the current or last-known custodian of each document concerning, referring, or relating to that communication.

4. Where appropriate, you are to construe all references to the singular as including the plural, all references to the masculine as including the feminine or neuter, all references to the disjunctive as including the conjunctive, and vice versa.

5. If any documents requested are unavailable or have been destroyed, list each document and when and why it was destroyed or why it is unavailable.

6. If any documents requested are unavailable or have been destroyed, identify all persons who have had personal knowledge of those documents.

7. If you claim any documents requested are outside of your possession, control and custody, please state why such documents are beyond your possession, control and custody, and the current and/or last known location of said documents.

**ESI INSTRUCTIONS**

1. Format of Production: The document production will be either as (1) text-searchable images or (2) static TIFF images with an accompanying load file containing the extracted text from those images, to the extent either format is feasible for the information sought to be produced. The electronically stored information may need to be produced in native format to allow that information to be processed in a reasonable manner.

2. Searchable Text: Subject to appropriate redaction, each image produced shall reasonably convey the text of the original document. The content of each document will be extracted from the original file or created by optical character recognition (OCR) or other suitable method to a searchable text file produced with the corresponding page image(s). All documents that have text that is not searchable must be OCR'd and indexed prior to searching. If a

Defendant's Discoverable Information presents significant imaging or formatting challenges, the Party will identify the problem(s) in writing and the Parties will meet and confer in an attempt to resolve the issue.

3. Numbering/Endorsement: All produced Discoverable Information will have a unique production number assigned, regardless of the format of the Discoverable Information. For Discoverable Information produced as text searchable images or in TIFF image format, each image will have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate or obscure any information from the source document. The Bates Numbers should also be produced as part of the metadata. The producing Defendant should be consistent in the Bates Number prefixes it uses across its productions.

4. Encrypted Files: The producing Defendant shall take reasonable efforts to ensure that all encrypted files are decrypted prior to processing, search and production.

5. Metadata Fields: When associated with any ESI produced, each document shall be provided as follows: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, PAGECOUNT, Document Date (includes date and time), File Type, Document Title or Email Subject, Author or Sender, To, Cc, Bcc, Custodian, Duplicate Custodian(s), Thread ID, Source/Original Filepath, Date Created (Date & Time) and Date Last Modified (Date & Time).

## DEFINITIONS

**"Broad River watershed"** refers to the drainage basin including the Broad River, Green River, First Broad River, Second Broad River, Pacolet River, Tyger River, and Enoree River, as well as their tributaries and impoundments.

**"Correspondence"** refers to any oral, electronic or written communication, discussion, inquiry, inspection, visit, or request.

**"Document" or "Documents"** refers to anything contemplated by the Federal Rules of Civil Procedure, and includes all media by which information or data may be stored or obtained, including, without limitation, books, pamphlets, notes, letters, correspondence, diaries, telegrams, reports, pictures, recordings, memoranda, records, studies, extracts, working papers, charts, papers, indices, tapes, data sheets or cards, minutes, transcriptions, computer disks, diskettes, e-mail or other electronic media, and any other written, printed, reported, transcribed, punched, taped or typed materials, movies or other photographic matter, however produced or reproduced, and all mechanical or electronic sound records or transcripts thereof, in your possession, custody or control.

**"EPA"** refers to the United States Environmental Protection Agency and any of its divisions, departments, agents or employees.

**"DHEC"** refers to the South Carolina Department of Public Health and Environmental Control and any of its divisions, departments, agents or employees, or any predecessor agency.

**"Saluda River watershed"** refers to drainage basic including the Saluda River, North, South, and Middle Saluda rivers, the Reedy River, Little Saluda River, Little River, Bush River, Oolenoy River, Twelve Mile Creek, Big Brushy Creek, as well as their tributaries, and impoundments, including but not limited to Lake Greenwood and Lake Murray.

**"SCDES"** refers to the South Carolina Department of Environmental Services and any of its divisions, departments, agents or employees.

**"Person" or "Entity"** refers to any entity of any description, including, but not limited to, a natural person, corporation, partnership, other business association or entity, government, governmental body, commission, board, or agency.

**"Plaintiff"** refers to the Plaintiff, the City of Columbia d/b/a Columbia Water.

**"PFAS"** refers to any and all perfluorochemicals, polyfluorochemicals, perfluoroalkyl substances, polyfluoroalkyl substances, related chemicals that degrade to PFAS/PFOA/PFOS, and any precursors to PFAS/PFOA/PFOS, including, but not limited to, PFOA, PFOS, GenX, HFPO-DA, NEtFOSAA, NMeFOSAA, PFBS, PFDA, PFDoA, PFHpA, PFHxS, PFNA, PFTrDA, PFTA, PFUnA, 11Cl0PF3OUdS, 9Cl-PF3ONS, ADONA, PFPeS, PFHpS, 4:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), 6:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), 8:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), PFBA, PFPeA, PFMBA, PFMPA, PFEESA, and NFDHA.

**"PFAS-Containing Product"** refers to any of Your products and/or chemicals that contain any amount of PFAS, whether the PFAS was intentionally or unintentionally included and regardless of whether You claim the PFAS is an "unintended byproduct," an "impurity" or otherwise. This includes, but is not limited to, products made, manufactured, sold, purchased, formulated or otherwise used by You.

**"You," "Your," "Defendant" and "Defendants"** refer to the individual or entity, corporate or otherwise, to which this document is addressed, as well as its agents, heirs, relatives, employees, contractors, servants, representatives, subrogors, subrogees, and, unless privileged, attorneys.

## REQUESTS FOR PRODUCTION

1. Please produce all documents identified in or relied upon by you in your responses to Plaintiff's First Set of Interrogatories.

2. Please produce a list identifying any person or entity to whom you have sold PFAS and/or PFAS-Containing Products in the State of South Carolina, including the person/entities' name, the product(s) sold, the quantity of products sold, the cost of the products, the

shipping/delivery address, the dates such products were sold, and the intended use of such products.

3. Please produce copies of all documents that mention, refer to, reflect or relate to the volume or other quantity of PFAS or PFAS-Containing Product sold by you to any Defendant in this case (in any location).

4. Please produce copies of any and all documents that reference, memorialize, relate to, or concern any sampling or testing performed on the Broad River watershed, Saluda River watershed, or any tributaries and/or waterways connected to the Broad River, Saluda River, and/or Lake Murray

This _______day of __________, 2026.

/s/Terry E. Richardson
William C. Lewis, Fed Id No. 12076
Amy L.B. Hill, Fed Id No. 7696
Terry E. Richardson Fed ID No. 3457
Richardson Thomas, LLC
1513 Hampton Street
Columbia, South Carolina 29201
T: 803-281-8150
amy@richardsonthomas.com
will@richardsonthomas.com
terry@richardsonthomas.com

and

/s/Edward J. Westbrook
Edward J. Westbrook Fed ID No. 4590
Rogers, Patrick, Westbrook, & Brickman, LLC
1037 Chuck Dawley Blvd., Building A
P.O. Box 1007
Mount Pleasant, South Carolina 29465
(843) 727-6513
ewestbrook@rpwb.com

and

/s/Jeffrey E. Friedman
Jeffrey E. Friedman, Fed ID asb-6868-n77j
Jeffrey E. (Jay) Friedman, Jr. Fed ID asb-4804-y57j
Friedman, Dazzio & Zulanas, P.C.

3800 Corporate Woods Drive
Birmingham, Alabama 35242
T: 205-278-7057
F: 205-278-7001
jfriedman@friedman-lawyers.com
jayfriedman@friedman-lawyers.com

Attorneys for Plaintiff The City of Columbia d/b/a Columbia Water

**CERTIFICATE OF SERVICE**

I hereby certify that on __________, 2026, a copy of the foregoing was electronically mailed to all counsel of record pursuant to CMO 3.

*/s/ Amy L.B. Hill*
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>This Document Relates To:<br><br>***The City of Columbia d/b/a Columbia Water v. 3M Company, Inc., et al.*****, No. 2:24-cv-03794-RMG** |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS BASF CORPORATION, BURLINGTON INDUSTRIES, INC., CINTAS CORPORATION NO. 2 D/B/A CINTAS CLEANROOM CORPORATION, CONE MILLS RECEIVER, LLC, COMP X, LLC, COMPX INTERNATIONAL, INC., COMPX MARINE, INC., COMPX SECURITY PRODUCTS, INC., CPJ TECHNOLOGIES, INC., JAN-CHEM, LTD., ULTERION INTERNATIONAL, LLC, ULTERION INTERNATIONAL EXPORTS, II, INC., MASHA, LLC, DAYSTRONG RUBBER PRODUCTS, LLC, DODGE INDUSTRIAL, INC. F/K/A DODGE MECHANICAL POWER TRANSMISSION COMPANY, INC., ELEVATE TEXTILES, INC. F/K/A SAFETY COMPONENTS INTERNATIONAL, INC. F/K/A INTERNATIONAL TEXTILE GROUP, INC., FIBERTEX NONWOVENS, INC., FUJIFILM HOLDINGS AMERICA CORPORATION, FUJIFILM MANUFACTURING U.S.A., INC., GE GAS TURBINES (GREENVILLE), L.L.C., GREIF PACKAGING, LLC, HOLLY OAK CHEMICAL, INC., MILLIKEN & COMPANY, MITSUBISHI CHEMICAL AMERICA, INC., NICCA USA, INC., OPPERMANN WEBBING, INC., QUALAWASH HOLDINGS, LLC, ROLL TECHNOLOGY CORPORATION F/K/A CAROLINA PLATING COMPANY, INC., ROYAL ADHESIVES & SEALANTS, LLC, SAATI ADVANCED CHEMICALS, LLC, SAATI AMERICAS CORPORATION, SAFETY COMPONENTS FABRIC TECHNOLOGIES, INC., SHAW INDUSTRIES GROUP, INC., SOLVAY SPECIALTY POLYMERS USA, LLC, SAINT-GOBAIN ABRASIVES, INC., T & S BRASS AND BRONZE WORKS, INC., TEIJIN CARBON AMERICA, INC., TIETEX INTERNATIONAL, LTD, TORAY COMPOSITE MATERIALS AMERICA, INC., TORAY INDUSTRIES (AMERICA), INC., UNICHEM SPECIALTY CHEMICALS, LLC, UNIFIRST CORPORATION, AND VLS PIEDMONT, LLC**

**COMES NOW**, Plaintiff the City of Columbia d/b/a Columbia Water, and propounds its First Set of Interrogatories, separately and severally, to Defendants BASF CORPORATION, BURLINGTON INDUSTRIES, INC., CINTAS CORPORATION NO. 2 D/B/A CINTAS

CLEANROOM CORPORATION, CONE MILLS RECEIVER, LLC, COMP X, LLC, COMPX INTERNATIONAL, INC., COMPX MARINE, INC., COMPX SECURITY PRODUCTS, INC., CPJ TECHNOLOGIES, INC., JAN-CHEM, LTD., ULTERION INTERNATIONAL, LLC, ULTERION INTERNATIONAL EXPORTS, II, INC., MASHA, LLC, DAYSTRONG RUBBER PRODUCTS, LLC, DODGE INDUSTRIAL, INC. F/K/A DODGE MECHANICAL POWER TRANSMISSION COMPANY, INC., ELEVATE TEXTILES, INC. F/K/A SAFETY COMPONENTS INTERNATIONAL, INC. F/K/A INTERNATIONAL TEXTILE GROUP, INC., FIBERTEX NONWOVENS, INC., FUJIFILM HOLDINGS AMERICA CORPORATION, FUJIFILM MANUFACTURING U.S.A., INC., GE GAS TURBINES (GREENVILLE), L.L.C., GREIF PACKAGING, LLC, HOLLY OAK CHEMICAL, INC., MILLIKEN & COMPANY, MITSUBISHI CHEMICAL AMERICA, INC., NICCA USA, INC., OPPERMANN WEBBING, INC., QUALAWASH HOLDINGS, LLC, ROLL TECHNOLOGY CORPORATION F/K/A CAROLINA PLATING COMPANY, INC., ROYAL ADHESIVES & SEALANTS, LLC, SAATI ADVANCED CHEMICALS, LLC, SAATI AMERICAS CORPORATION, SAFETY COMPONENTS FABRIC TECHNOLOGIES, INC., SHAW INDUSTRIES GROUP, INC., SOLVAY SPECIALTY POLYMERS USA, LLC, SAINT-GOBAIN ABRASIVES, INC., T & S BRASS AND BRONZE WORKS, INC., TEIJIN CARBON AMERICA, INC., TIETEX INTERNATIONAL, LTD, TORAY COMPOSITE MATERIALS AMERICA, INC., TORAY INDUSTRIES (AMERICA), INC., UNICHEM SPECIALTY CHEMICALS, LLC, UNIFIRST CORPORATION, and VLS PIEDMONT, LLC. Plaintiff makes the following requests:

## INSTRUCTIONS

1. Unless otherwise indicated, these requests refer to the time, place and circumstances of the claims set forth in Plaintiff's Amended Complaint.

2. If, in answering these requests, you perceive any ambiguities in a request, instruction, or definition, set forth the matter deemed ambiguous, and the construction used in answering.

3. If any response withholds information based on a claim of privilege or confidentiality, state the factual basis for the claim, identify the parties to the communication at issue, and identify the current or last-known custodian of each document concerning, referring, or relating to that communication.

4. Where appropriate, you are to construe all references to the singular as including the plural, all references to the masculine as including the feminine or neuter, all references to the disjunctive as including the conjunctive, and vice versa.

## DEFINITIONS

**"Broad River watershed"** refers to the drainage basin including the Broad River, Green River, First Broad River, Second Broad River, Pacolet River, Tyger River, and Enoree River, as well as their tributaries and impoundments.

**"Correspondence"** refers to any oral, electronic or written communication, discussion, inquiry, inspection, visit, or request.

**"Document" or "Documents"** refers to anything contemplated by the Federal Rules of Civil Procedure, and includes all media by which information or data may be stored or obtained, including, without limitation, books, pamphlets, notes, letters, correspondence, diaries, telegrams, reports, pictures, recordings, memoranda, records, studies, extracts, working papers, charts,

papers, indices, tapes, data sheets or cards, minutes, transcriptions, computer disks, diskettes, e-mail or other electronic media, and any other written, printed, reported, transcribed, punched, taped or typed materials, movies or other photographic matter, however produced or reproduced, and all mechanical or electronic sound records or transcripts thereof, in your possession, custody or control.

**"EPA"** refers to the United States Environmental Protection Agency and any of its divisions, departments, agents or employees.

**"DHEC"** refers to the South Carolina Department of Public Health and any of its divisions, departments, agents or employees, or any predecessor agency.

**"Saluda River watershed"** refers to the drainage basin including the Saluda River, North, South, and Middle Saluda rivers, the Reedy River, Little Saluda River, Little River, Bush River, Oolenoy River, Twelve Mile Creek, Big Brushy Creek, as well as their tributaries, and impoundments, including but not limited to Lake Greenwood and Lake Murray.

**"SCDES"** refers to the South Carolina Department of Environmental Services and any of its divisions, departments, agents or employees.

**"Person" or "Entity"** refers to any entity of any description, including, but not limited to, a natural person, corporation, partnership, other business association or entity, government, governmental body, commission, board, or agency.

**"Plaintiff"** refers to the Plaintiff, the City of Columbia d/b/a Columbia Water.

**"PFAS"** refers to any and all perfluorochemicals, polyfluorochemicals, perfluoroalkyl substances, polyfluoroalkyl substances, related chemicals that degrade to PFAS/PFOA/PFOS, and any precursors to PFAS/PFOA/PFOS, including, but not limited to, PFOA, PFOS, GenX, HFPO-DA, NEtFOSAA, NMeFOSAA, PFBS, PFDA, PFDoA, PFHpA, PFHxS, PFNA, PFTrDA, PFTA,

PFUnA, 11Cl0PF3OUdS, 9Cl-PF3ONS, ADONA, PFPeS, PFHpS, 4:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), 6:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), 8:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), PFBA, PFPeA, PFMBA, PFMPA, PFEESA, and NFDHA.

**"PFAS-Containing Product"** refers to any of Your products and/or chemicals that contain any amount of PFAS, whether the PFAS was intentionally or unintentionally included and regardless of whether You claim the PFAS is an "unintended byproduct," an "impurity" or otherwise. This includes, but is not limited to, products made, manufactured, sold, purchased, formulated or otherwise used by You.

**"You," "Your," "Defendant" and "Defendants"** refer to the individual or entity, corporate or otherwise, to which this document is addressed, as well as its agents, heirs, relatives, employees, contractors, servants, representatives, subrogors, subrogees, and, unless privileged, attorneys.

**INTERROGATORIES**

1. State the name, address, job title and duties of the person(s) answering, aiding, or who was consulted or supplied information upon which answers to these interrogatories are based and state the place where these interrogatories are answered.

2. Identify each manufacturing facility currently or formerly owned or operated by You that discharged or otherwise disposed of wastewater, whether directly or indirectly through a wastewater treatment plant, landfill or other method, into the Broad River watershed, Saluda River watershed, Lake Murray, or any tributaries and/or waterways connected to the Broad River, Saluda River, and/or Lake Murray, including the name of the facility, the address of the facility and the dates of Your ownership and/or operation.

3. With regard to the facilities identified in the previous Interrogatory, please identify:

(a) the name of each PFAS and/or PFAS-Containing Product purchased, used or utilized by You at this facility;

(b) the name of the manufacturer of each PFAS and/or PFAS-Containing Product purchased, used or utilized by You at this facility;

(c) the type of products that You manufactured using these PFAS and/or PFAS-Containing Products;

(d) the inclusive dates during which any PFAS and/or PFAS-Containing Products were purchased, used or utilized by You at this facility;

(e) the location where Your wastewater is discharged, including but not limited to an impoundment, landfill, wastewater facility, body of water, or otherwise;

(f) whether wastewater resulting from Your manufacturing process was pre-treated prior to disposal or discharge and describe in detail any such process used to pre-treat wastewater at each facility;

(g) whether wastewater resulting from Your manufacturing process was treated for PFAS prior to disposal or discharge and describe in detail any such process used to treat and/or filter out PFAS in Your wastewater at each facility;

(h) any and all permits or regulations related to Your wastewater and/or wastewater discharges at this facility, including but not limited to industrial user permits, NPDES permits and/or other federal, state and/or local regulatory permits;

(i) whether You have entered into any contract or other agreement with any wastewater treatment system provider and/or other entity to pre-treat, treat, or haul

your industrial wastewater, and, if so, identify the entity and the timeframe that the entity pre-treated, treated and/or hauled your industrial wastewater;

(j) whether any waste and/or wastewater from this facility has been discharged to the environment in any manner, describing with specificity and detail the nature and extent of any such discharge(s);

(k) the person(s) at Your company who was/were responsible for purchasing PFAS and/or PFAS-Containing Products used/utilized by You at this facility;

(l) the person(s) responsible for overseeing the use and/or utilization of PFAS and/or PFAS-Containing Products at this facility;

(m) the person(s) at Your company responsible for environmental compliance;

(n) the person(s) at Your company responsible for environmental compliance at this specific facility; and

(o) the entity/entities that provide(d) You with water for your manufacturing process(es) at this facility, and the volumes of water utilized by You, per year, at this facility.

4. Identify the entity/entities that provide(d) You with water for your manufacturing process(es) at the facility or facilities identified by You previously, and the volumes of water utilized by You at each facility.

5. Please identify all insurance policies under which you are or may be insured for liability with respect to the occurrences complained of in this action, including for each policy:

(a) the name of the insurance company;

(b) the policy number;

(c) the effective dates and expiration dates of coverage;

(d) the type and limits of coverage;

(e) whether any reservation of rights has been issued by the insurer, and if so, the date of such reservation and the grounds stated therein.

This _______day of __________, 2026.

/s/Terry E. Richardson
William C. Lewis, Fed Id No. 12076
Amy L.B. Hill, Fed Id No. 7696
Terry E. Richardson Fed ID No. 3457
Richardson Thomas, LLC
1513 Hampton Street
Columbia, South Carolina 29201
T: 803-281-8150
amy@richardsonthomas.com
will@richardsonthomas.com
terry@richardsonthomas.com

and

/s/Edward J. Westbrook
Edward J. Westbrook Fed ID No. 4590
Rogers, Patrick, Westbrook, & Brickman, LLC
1037 Chuck Dawley Blvd., Building A
P.O. Box 1007
Mount Pleasant, South Carolina 29465
(843) 727-6513
ewestbrook@rpwb.com

and

/s/Jeffrey E. Friedman
Jeffrey E. Friedman, Fed ID asb-6868-n77j
Jeffrey E. (Jay) Friedman, Jr. Fed ID asb-4804-y57j
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, Alabama 35242
T: 205-278-7057
F: 205-278-7001
jfriedman@friedman-lawyers.com
jayfriedman@friedman-lawyers.com

Attorneys for Plaintiff The City of Columbia d/b/a Columbia Water

**CERTIFICATE OF SERVICE**

I hereby certify that on __________, a copy of the foregoing was electronically mailed to all counsel of record pursuant to CMO 3.

*/s/ Amy L.B. Hill*
OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>This Document Relates To:<br><br>***The City of Columbia d/b/a Columbia Water v. 3M Company, Inc., et al.*, No. 2:24-cv-03794-RMG** |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS BASF CORPORATION, BURLINGTON INDUSTRIES, INC., CINTAS CORPORATION NO. 2 D/B/A CINTAS CLEANROOM CORPORATION, CONE MILLS RECEIVER, LLC, COMP X, LLC, COMPX INTERNATIONAL, INC., COMPX MARINE, INC., COMPX SECURITY PRODUCTS, INC., CPJ TECHNOLOGIES, INC., JAN-CHEM, LTD., ULTERION INTERNATIONAL, LLC, ULTERION INTERNATIONAL EXPORTS, II, INC., MASHA, LLC, DAYSTRONG RUBBER PRODUCTS, LLC, DODGE INDUSTRIAL, INC. F/K/A DODGE MECHANICAL POWER TRANSMISSION COMPANY, INC., ELEVATE TEXTILES, INC. F/K/A SAFETY COMPONENTS INTERNATIONAL, INC. F/K/A INTERNATIONAL TEXTILE GROUP, INC., FIBERTEX NONWOVENS, INC., FUJIFILM HOLDINGS AMERICA CORPORATION, FUJIFILM MANUFACTURING U.S.A., INC., GE GAS TURBINES (GREENVILLE), L.L.C., GREIF PACKAGING, LLC, HOLLY OAK CHEMICAL, INC., MILLIKEN & COMPANY, MITSUBISHI CHEMICAL AMERICA, INC., NICCA USA, INC., OPPERMANN WEBBING, INC., QUALAWASH HOLDINGS, LLC, ROLL TECHNOLOGY CORPORATION F/K/A CAROLINA PLATING COMPANY, INC., ROYAL ADHESIVES & SEALANTS, LLC, SAATI ADVANCED CHEMICALS, LLC, SAATI AMERICAS CORPORATION, SAFETY COMPONENTS FABRIC TECHNOLOGIES, INC., SHAW INDUSTRIES GROUP, INC., SOLVAY SPECIALTY POLYMERS USA, LLC, SAINT-GOBAIN ABRASIVES, INC., T & S BRASS AND BRONZE WORKS, INC., TEIJIN CARBON AMERICA, INC., TIETEX INTERNATIONAL, LTD, TORAY COMPOSITE MATERIALS AMERICA, INC., TORAY INDUSTRIES (AMERICA), INC., UNICHEM SPECIALTY CHEMICALS, LLC, UNIFIRST CORPORATION, AND VLS PIEDMONT, LLC**

**COMES NOW**, Plaintiff the City of Columbia d/b/a Columbia Water, and propounds its First Set of Requests for Production, separately and severally, to Defendants BASF CORPORATION, BURLINGTON INDUSTRIES, INC., CINTAS CORPORATION NO. 2

D/B/A CINTAS CLEANROOM CORPORATION, CONE MILLS RECEIVER, LLC, COMP X, LLC, COMPX INTERNATIONAL, INC., COMPX MARINE, INC., COMPX SECURITY PRODUCTS, INC., CPJ TECHNOLOGIES, INC., JAN-CHEM, LTD., ULTERION INTERNATIONAL, LLC, ULTERION INTERNATIONAL EXPORTS, II, INC., MASHA, LLC, DAYSTRONG RUBBER PRODUCTS, LLC, DODGE INDUSTRIAL, INC. F/K/A DODGE MECHANICAL POWER TRANSMISSION COMPANY, INC., ELEVATE TEXTILES, INC. F/K/A SAFETY COMPONENTS INTERNATIONAL, INC. F/K/A INTERNATIONAL TEXTILE GROUP, INC., FIBERTEX NONWOVENS, INC., FUJIFILM HOLDINGS AMERICA CORPORATION, FUJIFILM MANUFACTURING U.S.A., INC., GE GAS TURBINES (GREENVILLE), L.L.C., GREIF PACKAGING, LLC, HOLLY OAK CHEMICAL, INC., MILLIKEN & COMPANY, MITSUBISHI CHEMICAL AMERICA, INC., NICCA USA, INC., OPPERMANN WEBBING, INC., QUALAWASH HOLDINGS, LLC, ROLL TECHNOLOGY CORPORATION F/K/A CAROLINA PLATING COMPANY, INC., ROYAL ADHESIVES & SEALANTS, LLC, SAATI ADVANCED CHEMICALS, LLC, SAATI AMERICAS CORPORATION, SAFETY COMPONENTS FABRIC TECHNOLOGIES, INC., SHAW INDUSTRIES GROUP, INC., SOLVAY SPECIALTY POLYMERS USA, LLC, SAINT-GOBAIN ABRASIVES, INC., T & S BRASS AND BRONZE WORKS, INC., TEIJIN CARBON AMERICA, INC., TIETEX INTERNATIONAL, LTD, TORAY COMPOSITE MATERIALS AMERICA, INC., TORAY INDUSTRIES (AMERICA), INC., UNICHEM SPECIALTY CHEMICALS, LLC, UNIFIRST CORPORATION, and VLS PIEDMONT, LLC. Plaintiff makes the following requests:

## INSTRUCTIONS

1. Unless otherwise indicated, these requests refer to the time, place and circumstances of the claims set forth in Plaintiff's Amended Complaint.

2. If, in answering these requests, you perceive any ambiguities in a request, instruction, or definition, set forth the matter deemed ambiguous, and the construction used in answering.

3. If any response withholds information based on a claim of privilege or confidentiality, state the factual basis for the claim, identify the parties to the communication at issue, and identify the current or last-known custodian of each document concerning, referring, or relating to that communication.

4. Where appropriate, you are to construe all references to the singular as including the plural, all references to the masculine as including the feminine or neuter, all references to the disjunctive as including the conjunctive, and vice versa.

5. If any documents requested are unavailable or have been destroyed, list each document and when and why it was destroyed or why it is unavailable.

6. If any documents requested are unavailable or have been destroyed, identify all persons who have had personal knowledge of those documents.

7. If you claim any documents requested are outside of your possession, control and custody, please state why such documents are beyond your possession, control and custody, and the current and/or last known location of said documents.

## ESI INSTRUCTIONS

1. Format of Production: The document production will be either as (1) text-searchable images or (2) static TIFF images with an accompanying load file containing the

extracted text from those images, to the extent either format is feasible for the information sought to be produced. The electronically stored information may need to be produced in native format to allow that information to be processed in a reasonable manner.

2. Searchable Text: Subject to appropriate redaction, each image produced shall reasonably convey the text of the original document. The content of each document will be extracted from the original file or created by optical character recognition (OCR) or other suitable method to a searchable text file produced with the corresponding page image(s). All documents that have text that is not searchable must be OCR'd and indexed prior to searching. If a Defendant's Discoverable Information presents significant imaging or formatting challenges, the Party will identify the problem(s) in writing and the Parties will meet and confer in an attempt to resolve the issue.

3. Numbering/Endorsement: All produced Discoverable Information will have a unique production number assigned, regardless of the format of the Discoverable Information. For Discoverable Information produced as text searchable images or in TIFF image format, each image will have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate or obscure any information from the source document. The Bates Numbers should also be produced as part of the metadata. The producing Defendant should be consistent in the Bates Number prefixes it uses across its productions.

4. Encrypted Files: The producing Defendant shall take reasonable efforts to ensure that all encrypted files are decrypted prior to processing, search and production.

5. Metadata Fields: When associated with any ESI produced, each document shall be provided as follows: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, PAGECOUNT, Document Date (includes date and time), File Type, Document Title or Email Subject, Author or

Sender, To, Cc, Bcc, Custodian, Duplicate Custodian(s), Thread ID, Source/Original Filepath, Date Created (Date & Time) and Date Last Modified (Date & Time).

## DEFINITIONS

**"Broad River watershed"** refers to the drainage basin including the Broad River, Green River, First Broad River, Second Broad River, Pacolet River, Tyger River, and Enoree River, as well as their tributaries and impoundments.

**"Correspondence"** refers to any oral, electronic or written communication, discussion, inquiry, inspection, visit, or request.

**"Document" or "Documents"** refers to anything contemplated by the Federal Rules of Civil Procedure, and includes all media by which information or data may be stored or obtained, including, without limitation, books, pamphlets, notes, letters, correspondence, diaries, telegrams, reports, pictures, recordings, memoranda, records, studies, extracts, working papers, charts, papers, indices, tapes, data sheets or cards, minutes, transcriptions, computer disks, diskettes, e-mail or other electronic media, and any other written, printed, reported, transcribed, punched, taped or typed materials, movies or other photographic matter, however produced or reproduced, and all mechanical or electronic sound records or transcripts thereof, in your possession, custody or control.

**"EPA"** refers to the United States Environmental Protection Agency and any of its divisions, departments, agents or employees.

**"DHEC"** refers to the South Carolina Department of Public Health and Environmental Control any of its divisions, departments, agents or employees, or any predecessor agency.

**"Saluda River watershed"** refers to the drainage basin including the Saluda River, North, South, and Middle Saluda rivers, the Reedy River, Little Saluda River, Little River, Bush River,

Oolenoy River, Twelve Mile Creek, Big Brushy Creek, as well as their tributaries, and impoundments, including but not limited to Lake Greenwood and Lake Murray.

**"SCDES"** refers to the South Carolina Department of Environmental Services and any of its divisions, departments, agents or employees.

**"Person" or "Entity"** refers to any entity of any description, including, but not limited to, a natural person, corporation, partnership, other business association or entity, government, governmental body, commission, board, or agency.

**"Plaintiff"** refers to the Plaintiff, the City of Columbia d/b/a Columbia Water.

**"PFAS"** refers to any and all perfluorochemicals, polyfluorochemicals, perfluoroalkyl substances, polyfluoroalkyl substances, related chemicals that degrade to PFAS/PFOA/PFOS, and any precursors to PFAS/PFOA/PFOS, including, but not limited to, PFOA, PFOS, GenX, HFPO-DA, NEtFOSAA, NMeFOSAA, PFBS, PFDA, PFDoA, PFHpA, PFHxS, PFNA, PFTrDA, PFTA, PFUnA, 11Cl0PF3OUdS, 9Cl-PF3ONS, ADONA, PFPeS, PFHpS, 4:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), 6:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), 8:2 FTS (1H, 1H, 2H, 2H,-perfluorohexane sulfonic acid), PFBA, PFPeA, PFMBA, PFMPA, PFEESA, and NFDHA.

**"PFAS-Containing Product"** refers to any of Your products and/or chemicals that contain any amount of PFAS, whether the PFAS was intentionally or unintentionally included and regardless of whether You claim the PFAS is an "unintended byproduct," an "impurity" or otherwise. This includes, but is not limited to, products made, manufactured, sold, purchased, formulated or otherwise used by You.

**"You," "Your," "Defendant" and "Defendants"** refer to the individual or entity, corporate or otherwise, to which this document is addressed, as well as its agents, heirs, relatives,

employees, contractors, servants, representatives, subrogors, subrogees, and, unless privileged, attorneys.

**REQUESTS FOR PRODUCTION**

1. Please produce all documents identified in or relied upon by you in your responses to Plaintiff's First Set of Interrogatories.

2. Please produce a list identifying any person or entity from whom you have ever purchased PFAS and/or PFAS-Containing Products, identifying the products purchased, the quantities purchased and the intended use of such products that were used or utilized at Your facilities identified in response to Interrogatory #2.

3. Please produce copies of all documents that mention, refer to, reflect or relate to the volume or other quantity of PFAS and/or PFAS-Containing Products purchased, used or utilized by you in any manner at Your facilities identified in response to Interrogatory #2 (including but not limited to any and all documents that you typically generate, receive, and/or keep relating to your acquisition, purchase, use, and/or disposal of PFAS and/or PFAS-Containing Products). If you have any documentation that aggregates your PFAS and/or PFAS-Containing Product purchases, please identify this document specifically by Bates Number.

4. Please produce copies of any and all documents that reference, memorialize, relate to, or concern any sampling or testing related to PFAS performed on the wastewater discharged from Your facilities identified in response to Interrogatory #2.

5. Please produce copies of any and all documents that reference, memorialize, relate to, or concern the volume of wastewater discharged from Your facilities identified in response to Interrogatory #2.

6. Please produce copies of any and all documents that reference, memorialize, relate to, or concern your knowledge of any water testing performed into the Broad River watershed, Saluda River watershed, Lake Murray, or any tributaries and/or waterways connected to the Broad River, Saluda River, and/or Lake Murray.

7. Produce copies of any and all permits, permit applications, and/or regulations related to the discharge of wastewater from Your facilities identified in response to Interrogatory #2.

8. Please produce copies of all insurance policies, including any reservations of rights that you may have already received, under which you are or may be insured for liability with respect to the occurrences complained of in this action.

9. Please produce a copy of any and all insurance, indemnity, joint defense, hold harmless, cooperative, or other related agreements by whatever name called, entered into by you or on your behalf related to the claims and/or defenses in this action.

This _______day of __________, 2026.

/s/Terry E. Richardson
William C. Lewis, Fed Id No. 12076
Amy L.B. Hill, Fed Id No. 7696
Terry E. Richardson Fed ID No. 3457
Richardson Thomas, LLC
1513 Hampton Street
Columbia, South Carolina 29201
T: 803-281-8150
amy@richardsonthomas.com
will@richardsonthomas.com
terry@richardsonthomas.com

and

/s/Edward J. Westbrook
Edward J. Westbrook Fed ID No. 4590
Rogers, Patrick, Westbrook, & Brickman, LLC
1037 Chuck Dawley Blvd., Building A
P.O. Box 1007
Mount Pleasant, South Carolina 29465

(843) 727-6513
ewestbrook@rpwb.com

and

/s/Jeffrey E. Friedman
Jeffrey E. Friedman, Fed ID asb-6868-n77j
Jeffrey E. (Jay) Friedman, Jr. Fed ID asb-4804-y57j
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, Alabama 35242
T: 205-278-7057
F: 205-278-7001
jfriedman@friedman-lawyers.com
jayfriedman@friedman-lawyers.com

Attorneys for Plaintiff The City of Columbia d/b/a Columbia Water

**CERTIFICATE OF SERVICE**

I hereby certify that on __________, a copy of the foregoing was electronically mailed to all counsel of record pursuant to CMO 3.

*/s/ Amy L.B. Hill*
OF COUNSEL