# EXHIBIT 5

RICHARDSON THOMAS

COLUMBIA OFFICE:
1513 HAMPTON STREET | COLUMBIA, SC 29201
803.281.8150

AMY L.B. HILL
Partner
amy@richardsonthomas.com

September 22, 2026

**Via Email Only**
Brian C. Duffy, Defendants' Co-Liaison Counsel
*bduffy@duffyandyoung.com*
Duffy & Young, LLC
96 Broad Street
Charleston, South Carolina 29401

RE: **Request to Conduct Case-Specific Discovery**
*The City of Columbia d/b/a Columbia Water v. 3M, et al.*
AFFF MDL No. 2:18-mn-2873-RMG
Member Case No. 2:25-cv-03794-RMG

Dear Brian,

We write on behalf of our client, the City of Columbia, South Carolina ("Columbia"), in the above-referenced member case. To advance its claims, Columbia now needs to engage in case-specific discovery and seeks to do this within the framework of the AFFF MDL. Columbia writes to request the Defendants' Coordination Committee's ("DCC") position on this matter. And specifically, whether the DCC reads the Court's Case Management Orders ("CMOs") to permit case-specific discovery in individual member cases that have not been initiated or signed by the Plaintiffs' Executive Committee ("PEC"). In other words, may we proceed with case specific discovery?

Columbia has prepared proposed discovery tailored to its unique posture as a water provider, which is attached for your review and consideration. We have conferred with the PEC as required by the CMOs, and while the PEC stated that it will not sign or initiate Columbia's case-specific discovery requests, the PEC also stated that it will not "stand in our way" regarding serving the attached discovery on the Defendants in this case. Accordingly, we are bringing the issue of case-specific discovery directly to the DCC before proceeding any further.

As you will see, the requested discovery is narrowly tailored not to retread on any common benefit discovery conducted in the AFFF MDL to date. Nor does our proposed discovery concern general liability issues germane to all MDL plaintiffs. Importantly, everything requested is something that Columbia would clearly be entitled to under the Federal Rules of Civil Procedure.

While we understand the MDL framework and the MDL Leadership's oversight, we need to advance our client's case. The last thing that we want to do is to run afoul of any CMOs or interfere with established MDL processes. We write to you in the spirit of cooperation to see if there is anything we can do at all to address Columbia's case-specific discovery needs before involving the Court in a discovery matter.

We are happy to meet and confer once you have had a chance to review the attached discovery to discuss relevance, scope, or anything else for that matter. Please let us know the DCC's position. If there are no objections, please let us know and we will formally serve the attached discovery requests. If we do not hear from you in fourteen (14) days, we are prepared to request authorization from the Court to serve the attached discovery.

Thanking you in advance for your time and consideration.

Sincerely,

Amy Hill

cc: *via email only*
Ed Westbrook – *ewestbrook@rpwb.com*
Terry Richardson – *terry@richardsonthomas.com*
Will Lewis – *will@richardsonthomas.com*
Dixie McCollum – *dixie@richardsonthomas.com*
Jeff Friedman – *jfriedman@friedman-lawyers.com*
Jay Friedman – *jayfriedman@friedman-lawyers.com*

Enclosures
1) Columbia's Proposed Interrogatories to PFAS Manufacturers
2) Columbia's Proposed Requests for Production of Documents to PFAS Manufacturers
3) Columbia's Proposed Interrogatories to PFAS Users
4) Columbia's Proposed Requests for Production of Documents to PFAS Users