# EXHIBIT 7

*EXECUTION COPY*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | ) | **MDL No. 2:18-mn-2873** |

**CLASS ACTION SETTLEMENT AGREEMENT**

This Settlement Agreement (including its Exhibits) is entered into, subject to Preliminary and Final Approval of the Court, as of June 30, 2023 (the "Settlement Date"), by and among (i) Class Representatives, individually and on behalf of the Settlement Class Members, by and through Class Counsel, and (ii) defendants The Chemours Company, The Chemours Company FC, LLC, DuPont de Nemours, Inc., Corteva, Inc., and E.I. DuPont de Nemours and Company n/k/a EIDP, Inc. (each, a "Settling Defendant" and collectively, "Settling Defendants").

## 1. RECITALS

1.1. WHEREAS, Class Representatives are Public Water Systems that have filed or unfiled actions against Settling Defendants and other defendants, which filed actions are currently pending in the above-captioned multi-district litigation (as further defined below, the "MDL");[1]

1.2. WHEREAS, Class Representatives have alleged that they have suffered harm resulting from the presence of PFAS in Drinking Water and that Settling Defendants are liable for damages and other forms of relief to compensate for such harm;

1.3. WHEREAS, the Parties agree and Class Counsel have a reasonable basis to believe that the Settling Defendants collectively comprise a very small share of MDL defendants' total alleged PFAS-related liabilities, on the order of approximately 3-7%;

1.4. WHEREAS, in addition to the MDL, certain other litigation is pending against Settling Defendants asserting Released Claims (collectively with the MDL, as further defined below, the "Litigation");

1.5. WHEREAS, Settling Defendants deny the allegations in the Litigation and all other allegations relating to the Released Claims, and deny that they have any liability to Class Representatives, the Settlement Class, or any Settlement Class Member for any Claims of any kind, and would assert a number of legal and factual defenses against such Claims if

[1] Terms not otherwise defined herein are defined in Section 2 of this Settlement Agreement.

(a) All Public Water Systems in the United States of America that draw or otherwise collect from any Water Source that, on or before the Settlement Date, was tested or otherwise analyzed for PFAS and found to contain any PFAS at any level; and

(b) All Public Water Systems in the United States of America that, as of the Settlement Date, are (i) subject to the monitoring rules set forth in UCMR 5 (*i.e.*, "large" systems serving more than 10,000 people and "small" systems serving between 3,300 and 10,000 people), or (ii) required under applicable federal or state law to test or otherwise analyze any of their Water Sources or the water they provide for PFAS before the UCMR 5 Deadline.

5.1.2. The following are excluded from the Settlement Class:

(a) Any Public Water System that is located in Bladen, Brunswick, Columbus, Cumberland, New Hanover, Pender, or Robeson counties in North Carolina; provided, however, that any such system listed in this Paragraph 5.1.2(a) otherwise falling within clauses (a) or (b) of Paragraph 5.1.1 will be included within the Settlement Class if it so requests.

(b) Any Public Water System that is owned and operated by a State government and cannot sue or be sued in its own name, which systems within Paragraph 5.1.1(a) or 5.1.1(b)(i) are listed in Exhibit I to this Settlement Agreement.

(c) Any Public Water System that is owned and operated by the federal government and cannot sue or be sued in its own name, which systems within Paragraph 5.1.1(a) or 5.1.1(b)(i) are listed in Exhibit J to this Settlement Agreement.

(d) In the event that a Public Water System not listed on Exhibit I or Exhibit J, including a Public Water System within Paragraph 5.1.1(b)(ii), claims that it is owned and operated by a State government or the federal government and cannot sue or be sued in its own name, the Parties will consider that claim as provided in Paragraph 5.1.3.

(e) Any privately owned well or surface water system that is not owned by, used by, or otherwise part of, and does not draw water from, a Public Water System within the Settlement Class.

5.1.3. In the event that the Parties agree that a Public Water System, including any within Paragraph 5.1.1(b)(ii), that is owned and operated by a State government or the federal government and cannot sue or be sued in its own name was omitted from Exhibit I or Exhibit J, the Parties may, at any time before Final Approval, amend such Exhibit to add such Public Water System. The Parties agree that they will act reasonably in considering any claim of such omission.