# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG<br>This Order Relates to All Actions |

**[PROPOSED] ORDER GRANTING CONTRIBUTION BAR AND JUDGMENT REDUCTION**

This matter comes before the Court on the motion of 3M Company ("3M") and for entry of an order (i) finding that the Settlement is a good-faith settlement that would bar claims by any Non-Settling Defendant against 3M for contribution, indemnity, or any other similar relief, as provided further below; and (ii) providing for a corresponding reduction of any judgment entered against a Non-Settling Defendant to account for amounts paid under the Settlement Agreement. The Negotiating Plaintiffs' Counsel ("NPC") does not oppose the entry of the relief sought, and consents to the entry of this order.

Having considered the motion, the Settlement Agreement, the record in this MDL, and the arguments of counsel, and for good cause shown, the Court finds and ORDERS as follows:

1. 3M and the NPC have entered into a Settlement Agreement dated November 3, 2026 (the "Settlement Agreement"), resolving claims asserted against 3M as specified in the Settlement Agreement (the "Released Claims").

2. The Settlement Agreement represents a good-faith, arm's-length resolution of disputed claims, was negotiated by experienced counsel, and reflects a settlement amount that is reasonable in light of 3M's proportionate share of alleged fault, the strength of the claims and defenses at issue, and the risks, expense, and delay of continued litigation.

3. The NPC has concluded—after a thorough investigation and after carefully considering the relevant circumstances, including the Claims asserted, the legal and factual defenses to those Claims, and the applicable law, and the burdens, risks, uncertainties, and expense of litigation, as well as the fair, cost-effective, and assured method of resolving the Claims—that it would be in the bests interest of Plaintiffs to enter into this Settlement Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein are obtained for Plaintiffs, and further that the NPC considers the Settlement set forth in the Settlement Agreement to be fair, reasonable, and adequate and in the best interests of the Plaintiffs.

4. 3M, while continuing to deny any violation, wrongdoing, or liability with respect to any and all Claims asserted or that could be asserted in the Litigation, has nevertheless concluded that it will enter into this Settlement Agreement in order to, among other things, avoid the expense, inconvenience, risks, uncertainties, and distraction of further litigation

5. As stated in the Settlement Agreement, it is the intent of 3M and the NPC that:

(i) the payments 3M makes under the Settlement Agreement shall be the sole payments 3M shall make to address the Released Claims;

(ii) a Claim by a Releasing Party against any Non-Settling Defendant arising out of a Released Claim should not result in any additional payment by 3M; and

(iii) the Agreement meets the requirements of the Uniform Contribution Among Tortfeasors Act and any similar state law or doctrine that reduces or discharges a released party's liability to any other parties. *See e.g.*, Unif. Contribution Among Tortfeasors Act (1955).

6. Recognition of a contribution bar with a corresponding judgment-reduction mechanism is a standard and necessary term of the Settlement, is essential to inducing 3M's participation, and serves the interests of judicial economy by facilitating the fair and efficient resolution of this MDL without prejudicing the rights of Non-Settling Defendants with respect to amounts paid in settlement.

7. The Settlement is a good-faith settlement that, under prevailing law, bars any claim, cross-claim, counterclaim, or third-party claim for contribution, indemnity (express, implied, common-law, or contractual, other than indemnity arising from a written agreement entered into in the ordinary course of business unrelated to this litigation), subrogation, or apportionment of fault or damages, however denominated, arising out of or related to the Released Claims by a Non-Settling Defendant against 3M seeking to recover any amounts paid by or awarded against that Non-Settling Defendant and paid or awarded to any Releasing Party by way of settlement, judgment, or otherwise on any claim that qualifies as a Released Claim under the Settlement Agreement.

8. Nothing in this Order shall be construed as a finding or admission of liability, fault, or wrongdoing by 3M, or as a waiver of any defense (other than the barred Contribution Claims) available to any party.

9. Nothing in this Order shall be construed as limiting 3M's ability to seek contribution from Non-Settling Defendants or others.

10. This Order does not resolve, and expressly reserves, any dispute over the allocation of the Settlement Amount among plaintiffs, which shall be governed by the Settlement Agreement and any related allocation order.

11. This Order shall apply to all actions currently part of this MDL and to any other action asserting Released Claims, and shall survive remand to any transferor court.

12. The Court retains jurisdiction over the interpretation, implementation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: ________________, 2026
Charleston, South Carolina

______________________________
Hon. Richard M. Gergel
United States District Judge