**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG<br><br>This Document Relates to All Actions |

**MOTION TO ENTER CMO 3G**

The Negotiating Plaintiffs' Counsel ("NPC") and Defendant 3M Company ("3M") entered into a Master Settlement Agreement dated November 3, 2026 (together with its exhibits, the "3M PI Settlement" or the "Settlement Agreement") in *In re: Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2:18-mn-2873, United States District Court for the District of South Carolina (the "MDL Court").[1] Plaintiff's Co-Lead Counsel now move to enter Case Management Order ("CMO") 3G as it relates to Personal Injury settlements in this MDL including the 3M PI Settlement Agreement.

In CMO No. 3, the Court set a common benefit holdback assessment of 6% allotted for common benefit attorneys' fees and 3% allotted for reimbursement of permissible common benefit costs and expenses from any settlement(s) or judgment(s) paid by defendant(s). [ECF No. 72 at ¶16-21]. In that Order, the Court noted that "[t]his holdback assessment may be subject to modification depending on the future course of litigation" and that it was being entered at that time to "put all litigants and counsel on notice of the holdback". [ECF No. 72 at ¶21]. Plaintiffs' Co-

[1] By Order entered on December 7, 2018, the United States Judicial Panel on Multidistrict Litigation (the "JPML") established MDL No. 2873 to centralize cases against defendants, including 3M, concerning injuries or damages allegedly related to PFAS contamination or exposure due to AFFF.

Lead Counsel now request the Court enter CMO 3G to modify the common benefit holdback as it relates to Personal Injury Settlements, including the 3M PI Settlement.

Proposed CMO 3G maintains the aggregate nine-percent holdback, which the Court previously established and found reasonable, but modifies the division of the holdback assessment such that there would be an eight percent (8%) holdback assessment for common benefit attorneys' fees and a one percent (1%) holdback assessment for reimbursement of permissible common benefit costs and expenses. This maintains the aggregate nine percent (9%) holdback assessment. The proposed holdback assessments will more accurately reflect the true balance between the common benefit legal work performed and the common benefit costs and expenses incurred in connection with personal injury claims.

This Court has already found that a common benefit holdback and the nine percent (9%) holdback assessment are reasonable in light of relevant caselaw. [ECF No. 72 at ¶16-21]. The Proposed Order merely adjusts the division of that previously ordered holdback assessment to reflect the reality of the way in with Personal Injury litigation has developed in this MDL since CMO 3 was entered. Accordingly Plaintiffs' Co-Lead Counsel now move the Court to enter Proposed CMO 3G.

**WHEREFORE**, undersigned Co-Lead Counsel respectfully requests that the Court enter the accompanying Proposed CMO 3G.

**DATED:** Wednesday, November 4, 2026

Respectfully submitted,

/s/*Fred Thompson III*

Fred Thompson
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
P: (843) 216-9000
fthompson@motleyrice.com

**Plaintiffs' Liaison Counsel**

Michael A. London
Douglas & London P.C.
One State Street, 35th Floor
New York, NY 10004
212-566-7500
mlondon@douglasandlondon.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
214-521-3605
ssummy@baronbudd.com

**Plaintiffs' Co-Lead Counsel**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF on this 4th day of November, 2026 and was thus served electronically upon counsel of record.

/s/ Fred Thompson, III