**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | **MDL No. 2:18-mn-2873-RMG**<br><br>**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**This Document Relates to:**<br>***Abraham, et al. v. 3M Company, et al.,***<br>**Case No.: 2:25-cv-11390-RMG.** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH CMO 37**

Plaintiff, Dezron Daniel[1], hereby responds in opposition to Defendants' October 26, 2026, Motion to Dismiss without Prejudice for Failure to Comply with Case Management Order 37 (DN 11931). In support of his opposition, Plaintiff respectfully states as follows:

Plaintiff Dezron Daniel filed this case in August 2025, alleging kidney cancer resulting from chronic exposure to PFAS-contaminated drinking water. Following the filing of this action, Plaintiff's counsel made repeated efforts to contact Plaintiff via phone calls, text messages, emails and written correspondence. Unfortunately, Plaintiff's phone appeared to have been disconnected sometime in October 2025, and counsel's subsequent attempts to reach him were unsuccessful. Counsel continued to attempt to contact Plaintiff, albeit unsuccessfully. Plaintiff was listed on the first March 25, 2026 non-compliance list for failure to submit a PFS, and subsequently included on Defendants' June 1, 2026 Motion to Dismiss without Prejudice for Failure to Comply with Case Management Order 37 (DN 9570).

[1] Plaintiff Dezron Daniel is a listed Plaintiff in *Abraham, et al. v. 3M Company, et al.*, Case No.: 2:25-cv-11390, filed on August 23, 2025 within the Filing Window and therefore, subject to CMO 35. Plaintiff Daniel's case is listed on Exhibit B to Defendants' 10/26/2026 Motion to Dismiss.

Shortly thereafter, counsel learned that Plaintiff might be incarcerated. On June 15, 2026, counsel located Plaintiff at a correctional facility in California, confirmed his incarceration, and initiated arrangements to communicate with him and collect the required discovery documents. Counsel sent Plaintiff the PFS and PFS forms to complete via FedEx on the same day. Plaintiff was later transferred to another correctional facility, requiring counsel to reschedule the call. Plaintiff opposed the 6/1/2026 Motion to Dismiss on the basis of his recent re-connection and responsiveness with counsel and the anticipated completion and submission of a substantially complete PFS (DN 9779). Despite these logistical challenges, Plaintiff submitted a substantially complete Personal Injury Plaintiff Fact Sheets through the AFFF MDL Portal on June 24, 2026, together with signed authorizations and verifications and proof of residence. Counsel successfully arranged a telephone/video conference with Plaintiff on July 7, 2026, reestablishing direct communication and addressing the remaining discovery requirements. On July 15, 2026, Defendants withdrew the 6/1/2026 Motion to Dismiss with respect to Plaintiff Dezron Daniel (DN 10110).

Counsel likewise requested Plaintiff's medical records after re-establishing contact in June 2026 and has continued to follow up with the provider since, roughly a dozen times, each time being told they are back-logged but that the request is being processed they just need a little more time. In early September, the provider rejected the submitted HIPAA authorization docusigned by Plaintiff and requested an audit trail for the electronic signature. Counsel supplied the requested audit trail that same day. On September 18, 2026, the provider issued a second rejection, indicating that it could not verify the electronic signature and required an authorization bearing Plaintiff's original handwritten signature along with copy of identification.

Counsel promptly undertook the additional steps necessary to obtain Plaintiff's handwritten signature in light of the logistical hurdles associated with obtaining documents from an incarcerated individual. Counsel successfully obtained the wet-ink authorization and resubmitted it to the provider on October 14, 2026.

As of the date of this filing, the medical records request remains pending with the provider. The latest update received on November 2, 2026 was that the provider is reviewing the re-submitted request and processing time is between two to three weeks. Since June when Plaintiff was located and contact was re-established, Counsel has diligently attempted to obtain records showing proof of Plaintiff's qualifying injuries as alleged in his PFS. Plaintiff is actively pursuing the PFAS claim and has been responsive and cooperative with Counsel in efforts to comply fully with CMO 35 and related discovery obligations. At this time, proof of a qualifying listed disease is all that is missing, and he has medical records requests pending which should be fulfilled soon. Plaintiff will upload succinct records as soon as possible. Neither Plaintiff nor his counsel intend to maintain cases on the Court's docket that do not properly belong in this MDL; should that prove to be the case here, Plaintiffs' counsel will act promptly and appropriately to address that issue.

For the foregoing reasons, Plaintiff Dezron Daniel respectfully requests that the Court deny Defendants' Motion to Dismiss and/or grant Plaintiff a sixty-day extension to allow the above identified records requests to be fulfilled and to submit succinct medical records. If granted, Plaintiff agrees to voluntarily dismiss his case without prejudice, should he be unable to produce succinct medical records in compliance with CMO 35 by the extension deadline to prevent the necessity of further motion practice on the same issue.

Dated: November 5, 2026

Respectfully Submitted,

**SHRADER & ASSOCIATES, LLP**

*/s/ A. Layne Stackhouse*
A. Layne Stackhouse
(KY#94038)
9 Greenway Plaza, Suite 2300
Houston, Texas 77046
T: (713) 782-0000
F: (713) 571-9605
layne@shraderlaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of November 2026, I electronically filed the foregoing Notice of Dismissal with the Clerk of Court using the CM/ECF system, which automatically serves all counsel of record.

*/s/ A. Layne Stackhouse*
A. Layne Stackhouse