**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | ) ) ) ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG<br><br>**NOTICE**<br><br>**This Order Relates to 2:25-cv-13846-RMG** |

Before the Court is the Government's motion for reconsideration of the Court's prior order granting Plaintiff New Mexico's motion to remand. (Dkt. No. 10930). Plaintiff opposes. (Dkt. No. 11330).

Federal Rule of Civil Procedure 59(e) permits a district court to alter, amend, or vacate a prior judgment. *See* Fed. R. Civ. P. 59(e). Rule 59(e) enables a judgment to be amended under the following circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence ...; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citation and punctuation omitted). Courts are reluctant to grant such a motion because "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). Although "there are circumstances when a motion to reconsider may perform a valuable function, ... it [is] improper to use such a motion to ask the Court to rethink what the Court ha[s] already thought through—rightly or wrongly." *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) (citation and punctuation omitted). The Government asserts the Court's remand order was clearly erroneous.

The Government argues that it had a right to remove Plaintiff's case under 28 U.S.C. § 1442, that the Court's citation to 28 U.S.C. § 1441 was thus erroneous, and that the Government has pled a colorable federal defense. As to § 1442, it permits the Government to remove an action to federal court where the "United States or any agency thereof or any officer" is a defendant. So, the Government is correct removal was effectuated under § 1442. Nevertheless, the Government has still failed to allege in a nonconclusory fashion any federal defense, much less a colorable one, to New Mexico's purely state law claims.[1] *Atlantic Richfield Co. v. Christian*, 590 U.S. 1 (2020), and the statutory scheme at issue (the Resource Conservation and Recovery Act) point to the determination that actions such as New Mexico's should be heard in state court and do not arise under CERCLA. *See* (Dkt. No. 10311 at 3-4); (Dkt. No. 8699-1 at 7-10).

For the reasons stated above, the Government's motion for reconsideration (Dkt. No. 10930) is **DENIED.**

**AND IT IS SO ORDERED**.

s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 6, 2026
Charleston, South Carolina

[1] The Government takes issue with Court's use of the adjective "convincing" in its prior order. (Dkt. No. 10930 at 20). The prior order's context makes clear that "convincing" was used as a synonym for "colorable," but it clarifies that point here to alleviate any confusion.