**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG<br><br>**ORDER**<br><br>**This Order Relates to:**<br>**ALL CASES** |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 11839) of Special Master Margaret Seymour, Retired United States District Judge, recommending rulings on Defendants' motion to dismiss without prejudice for failure to comply with CMO No. 37 (Dkt. No. 11715). Three objections to the R&R were filed. (Dkt. Nos. 11933, 11936, 11935). Defendants filed a reply to said objections. (Dkt. No. 11957). Defendants agree to withdraw the motion as to Plaintiffs Patrick Manyek (objection at Dkt. No. 11933) and Edward Wallace (objection at Dkt. No. 11936). Thus, the Court only addresses the objections at (Dkt. No. 11935).

CMO 5 (Dkt. Nos. 6443 & 6255) required each personal injury Plaintiff ("Plaintiff") to serve an Amended Personal Injury Plaintiff Fact Sheet or Plaintiff Profile Form (collectively, "PFS") to provide basic information about his or her claim. CMO 35 (Dkt. No. 7823), among other provisions, required Plaintiffs who file complaints on or after March 1, 2025, to submit medical records to support their claims. CMO 37 (Dkt. No. 8876) required Defendants to issue notices of non-compliance to Plaintiffs who failed to meet the requirements of CMOs 5 and/or 35.

The Special Master makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this

Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Special Master, or recommit the matter to the Special Master with instructions. Fed. R. Civ. P. 53; *see also* 28 U.S.C. § 636(b)(1).

The R&R recommends dismissing 461 Plaintiffs who failed to submit medical records to support their claims. (Dkt. No. 11839 at 1). Addressing various objections to these Plaintiffs' dismissal on the basis of failure to produce medical records, the R&R aptly noted that "Plaintiffs have had months, if not years, to obtain, evaluate, and supply the Court information about their clients. For example, one Plaintiff filed a complaint on August 28, 2025, alleging she suffers from thyroid cancer. Another Plaintiff filed a complaint in state court on July 29, 2025 that was filed in this MDL case on September 2, 2025. He alleged he was diagnosed with ulcerative colitis. Neither Plaintiff has submitted medical records after a year. *Typically, this information is gathered prior to the filing of a complaint.*" (*Id.* at 3) (emphasis added).

Certain Plaintiffs object to this finding. (Dkt. No. 11935). At bottom, Plaintiffs argue they should not be penalized for the acts of non-parties. (*Id.* at 3). Speaking only in generalities, Plaintiffs object that obtaining medical records depends on various entities and persons and that Plaintiffs who "diligently" work to obtain such records should not be dismissed without prejudice from this litigation. (*Id.* at 3).

The Court overrules the above objections. The objections contain no individualized argument and, tellingly, contain no rebuttal to the R&R's analysis that "[t]ypically, this information [medical records] is gathered prior to the filing of a complaint." (Dkt. No. 11839). The CMOs cited herein carefully balanced the parties' needs and those of the Court to efficiently

manage this MDL. *See* (Dkt. No. 11839 at 4) ("[E]ach Plaintiff's failure to submit a PFS and/or medical records prejudices Defendants. . . . [T]his analysis extends to medical records, which are required to support the allegations of each Plaintiff's complaint. In addition, a plaintiff's delay or failure to provide a complete PFS and/or medical records may impact the other plaintiffs by diverting the time and attention of the court away from their timely claims."). Plaintiffs' request for "alternatives" to dismissal without prejudice completely ignores these prerogatives and would subvert the orderly administration of this MDL. Accordingly, the objections at (Dkt. No. 11935) are overruled.

Thus, for the reasons stated above, the Court OVERRULES Plaintiffs' objections at (Dkt. No. 11935) and ADOPTS the R&R (Dkt. No. 11839) as the order of the Court, with the exception of Manyek and Wallance (Objections at Dkt. Nos. 11933 and 11936). The Plaintiffs listed at (Dt. No. 11957-1) are dismissed without prejudice.

**AND IT IS SO ORDERED.**

s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 16, 2026
Charleston, South Carolina