**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | **MDL No. 2:18-mn-2873-RMG**<br><br>**This Document Relates to:**<br>*The City of Columbia d/b/a Columbia Water v. 3M Company, et al.,* No. 2:24-cv-03794-RMG |

**DEFENDANTS' CO-LEAD COUNSEL'S OPPOSITION TO PLAINTIFF THE CITY OF COLUMBIA D/B/A COLUMBIA WATER'S MOTION FOR LEAVE TO CONDUCT CASE-SPECIFIC DISCOVERY**

Defendants' Co-Lead Counsel respectfully oppose the Motion for Leave to Conduct Case-Specific Discovery (ECF No. 11963) ("Mot.") filed by Plaintiff The City of Columbia d/b/a Columbia Water ("Columbia"). Having opted out of various settlements that would have provided some measure of recovery from multiple defendants for its claims, Columbia asks the Court to grant it relief from Case Management Orders 2, 2.A, and 3 so that it may serve case-specific discovery on dozens of defendants in just one MDL member case. In the alternative, Columbia asks the Court to issue a suggestion of remand or to transfer its case to the Columbia Division. Mot. at 2–3, 11–14. Columbia's request is not joined by Plaintiffs' Co-Lead Counsel, and it comes at a time when the Parties and the Court are focused on the large number of personal injury claims pending in this MDL, including the implementation of 3M's personal injury settlement entered into on November 3, 2026. To allow for the efficient overall advancement and coordination of this litigation as a whole, Columbia's request should be denied at this time.

The Court should deny Columbia's Motion for four primary reasons. First, court-supervised discovery in Columbia's case would divert the Parties and the Court from the substantial amount of work already taking place in this MDL. The Court is actively managing a range of coordinated proceedings, including a rigorous assessment of the substantial personal

injury docket under CMOs 35 and 37, expert motions regarding general causation opinions relating to liver and thyroid cancer, and proceedings toward final approval of additional public water system class actions. Adding to these proceedings, on November 3, 2026, 3M entered into a personal injury settlement potentially impacting over 100,000 plaintiffs that the Parties must now implement with the Court's guidance. *See, e.g.*, ECF Nos. 11962, 11964.

Columbia itself acknowledges that the Court and lead counsel on both sides are "occupied with weighty issues involving thousands of personal injury cases." Mot. at 12. Yet it asks the Court to open a separate discovery track now. Columbia suggests that its own counsel can handle this discovery without distracting Plaintiffs' Co-Lead Counsel. *Id.* at 6–7. But discovery directed to dozens of defendants on broad issues not unique to this one case cannot be run without oversight and coordination from Plaintiffs' Co-Lead Counsel and Defendants' Co-Lead Counsel and, when disputes arise, the Court. And Columbia's proposed requests are not narrow. It seeks, for example, all documents relating to the volume of PFAS sold "to any Defendant in this case (in any location)." *Id.* Ex. 1 at 6 (Request 3).[1] Disputes over requests of that breadth would call for the Court's attention at the same time that it is managing the personal injury process.

Second, Columbia's case is not as detached from the MDL as Columbia contends. Columbia describes itself as "on the periphery" of this MDL. Mot. at 6. But Columbia's case is here because 3M removed it under 28 U.S.C. § 1442, and Columbia concedes that AFFF is relevant to 3M's federal officer defense. *Id.* at 1, 6. Beyond this AFFF connection, Columbia's action also benefits from the coordination of extensive master discovery undertaken in this MDL concerning such broader issues as the alleged toxicity of PFOA and PFOS and their purported effects on

[1] In addition, the scope of Columbia's requested "case-specific discovery" is open-ended. Columbia defines the term only by attaching proposed written discovery directed to all defendants, yet its Motion is not limited to that written discovery.

human health, the chemical properties of these substances and their fate and transport, and the knowledge of the defendants regarding the alleged dangers of PFOA and PFOS.

Moreover, several of the defendants from which Columbia seeks discovery, including 3M, the DuPont Defendants, and BASF, are central participants in this litigation that have produced millions of pages of discovery on a broad range of issues. And although Columbia claims these are the only defendants in its case that "are MDL defendants," *id.* at 1, this merely reflects the extent to which Columbia remains unfamiliar with the proceedings in this MDL. To the contrary, many more of the defendants named in Columbia's complaint are defendants in other MDL cases, including but not limited to defendants named in other cases alleging PFAS contamination in South Carolina. In fact, Columbia appears to be unaware that some of these additional defendants, such as Daikin America, Inc. and Milliken & Company, have even responded to master discovery in this MDL. At a minimum, Columbia should first become familiar with the scope of discovery already available to it in this MDL before seeking to pursue additional discovery. In any event, Columbia's claims plainly benefit from, and remain tied to, the coordinated proceedings in this MDL.

Third, granting Columbia leave would invite similar requests from a multitude of MDL plaintiffs and fragment the coordinated proceedings. Columbia is not alone as to its claims. It notes that nine other South Carolina utilities have asked the Court for leave to seek a status conference on separate tracking for opt-out water providers, Mot. at 14 (citing ECF No. 11786-1), and it asks to participate if the Court entertains that request. *Id.* Defendants' Co-Lead Counsel have opposed the nine utilities' request. *See* ECF No. 11912. Allowing Columbia to proceed with its own discovery would effectively decide those questions in advance and would undermine the MDL. And it would invite additional plaintiffs to seek their own carve-outs from the Court's Case

Management Orders, as each would claim to have issues unique to their cases, multiplying the number of discovery tracks, disputes, and supervision demands on the Court and the Parties at a time when they are already managing numerous coordinated proceedings to benefit the litigation as a whole. That result is at odds with the purpose of centralization under 28 U.S.C. § 1407.

Finally, Columbia's alternative requests for a suggestion of remand or transfer out of MDL proceedings, *see* Mot. at 11–14, should not be decided on this Motion. Those requests seek substantively distinct relief subject to entirely different standards. As Columbia acknowledges, the question for a suggestion of remand is whether the case "will benefit from further coordinated proceedings as part of the MDL." *Id.* at 12 (citing *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 2025 WL 4072664, at *2 (D.S.C. June 24, 2025)). For the reasons above, Columbia's case continues to benefit from coordination, including as to the federal officer issues that brought it here. Moreover, as Columbia itself notes, *id.* at 14, there are at least nine similarly situated South Carolina water systems with claims also pending that provide potential for further coordination at an appropriate time within the Court's management of this MDL as a whole. Defendants' Co-Lead Counsel therefore respectfully submit that these alternative requests should also be denied at this time or, if the Court is inclined to consider them, should be addressed on a full record after Defendants have had an opportunity to respond.

**CONCLUSION**

For these reasons, Defendants' Co-Lead Counsel respectfully request that the Court deny Columbia's Motion for Leave to Conduct Case-Specific Discovery at this time.

Dated: November 18, 2026

Respectfully submitted,

/s/ *Daniel L. Ring*
Daniel L. Ring
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
P: (312) 923-2625
F: (312) 527-0484
dring@jenner.com

Joseph G. Petrosinelli
Williams & Connolly LLP
680 Maine Ave., S.W.
Washington, DC 20024
P: (202) 434-5547
F: (202) 434-5029
jpetrosinelli@wc.com

*Co-Lead Counsel for Defendants*

Brian Duffy
Duffy & Young LLC
96 Broad Street
Charleston, SC 29401
P: (843) 720-2044
F: (843) 720-2047
bduffy@duffyandyoung.com

Amanda S. Kitts
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
P: (803) 255-9594
F: (803) 256-7500
amanda.kitts@nelsonmullins.com

*Co-Liaison Counsel for Defendants*